## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | Case No. 3:17-cv-00072-NKM |
| Plaintiffs, | Hon. Norman K. Moon |
| v. | |
| **JASON KESSLER, ET AL.,** | |
| Defendants. | |

**BRYAN J. JONES (VSB 87675)**
106 W. South St., Ste. 211
Charlottesville, VA 22902
(P): (540) 369-2012
(F): (434) 381-4397
(E): bryan@bjoneslegal.com
*Attorney for Michael Hill, Michael Tubbs,*
*and League of the South*

**KAPLAN & COMPANY, LLP**
Roberta A. Kaplan
350 Fifth Ave., Ste. 7110
New York, NY 10118
(P): (212) 763-0883
(E): rkaplan@kaplanandcompany.com
(E): jfink@kaplanandcompany.com
*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Philip M. Bowman
575 Lexington Ave.
New York, NY 10022
(P): (212) 446-2300
(F): (212) 446-2350
(E): pbowman@bsfllp.com
*Attorneys for Plaintiffs*

**COOLEY LLP**
Robert T. Cahill (VSB 38562)
11951 Freedom Dr., 14th Fl.
Reston, VA 20190
(P): (703) 456-8000
(F): rcahill@cooley.com
(E): rcahill@cooley.com
*Attorneys for Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**
Karen L. Dunn
William A. Isaacson
1401 New York Ave. NW
Washington, DC 20005
(P): (202) 237-2727
(F): kudunn@bsfllp.com
(E): wisaacson@bsfllp.com
*Attorneys for Plaintiffs*

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF MICHAEL HILL, MICHAEL TUBBS, AND LEAGUE OF THE SOUTH

## TABLE OF CONTENTS

I.  INDEX OF AUTHORITIES .................................................................................................... 3

II.  STATEMENT OF ISSUE PRESENTED ............................................................................. 5

III.  STANDARD OF REVIEW ................................................................................................. 6

IV.  STATEMENT OF FACTS .................................................................................................. 7

V.  LAW & ARGUMENT......................................................................................................... 10

    A.  THE SPEECH OF HILL, TUBBS, AND LOTS IS PROTECTED BY THE FIRST
        AMENDMENT TO THE UNITED STATES CONSTITUTION .....................................10

    B.  HILL, TUBBS, AND LOTS CANNOT BE HELD LIABLE FOR THE
        MISCONDUCT OF THIRD-PARTIES WHO HAPPEN TO PROTEST AT THE
        SAME RALLY...................................................................................................................12

    C.  HILL, TUBBS, AND LOTS ARE PRIVILEGED BY RIGHT TO CARRY
        WEAPONS IN PUBLIC ..................................................................................................14

VI.  CONCLUSION.................................................................................................................... 16

VII.  PROOF OF SERVICE ...................................................................................................... 17

## I.  INDEX OF AUTHORITIES

**CASE LAW**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................................6

*Robinson v. American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (2009)...............6

*Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)…………………….....................6

*Brandenburg v. Ohio* 395 U.S. 444 (1969).......................................................................13

*Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016) ..........................................................16

*Kessler v. City of Charlottesville*, 3:17-cv-00056..........................................................12

*Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 484 S.E.2d 892 (1997) ................14

*District of Columbia v. Heller*, 554 U.S. 570 (2008)........................................................15

*Gelber v. Glock*, 800 S.E.2d 800 (2017)..........................................................................14

*McDonald v. Chicago*, 561 U.S. 742 (2010) ..................................................................15

*R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992) ................................................................12

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) .......................7

*Virginia v. Black*, 538 U.S. 343 (2003)..............................................................................13

**STATUTORY AND CONSTITUTIONAL LAW**

42 U.S.C. § 1985(3) ............................................................................................................9

42 U.S.C. § 1986..................................................................................................................9

First Amendment to the United States Constitution................................................11-13, 17

Second Amendment to the United States Constitution....................................10, 11, 15-17

*Snyder v. Phelps*, 562 U.S. 443 (2011)............................................................................12

Virginia Code § 8.01-42.1 .................................................................................................9

**COURT RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................6, 17

## II.  STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiffs' claims against Defendants Michael Hill, Michael Tubbs, and League of the South should be dismissed pursuant to Fed. R. Civ. 12(b)(6).

      Plaintiffs' Response:     No.

      Defendants' Response:   Yes.

## III.  STANDARD OF REVIEW

A motion invoking Fed. R. Civ. P. 12(b)(6) is made if the plaintiff fails "to state a claim

upon which relief can be granted[.]"

Said the Fourth Circuit in *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012), about

the standard for reviewing a motion to dismiss made per Fed. R. Civ. P. 12(b)(6):

> The Supreme Court's decision in *Twombly* incorporated "[t]wo working
> principles." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. First, although a court must
> accept as true all factual allegations contained in a complaint, such deference is not
> accorded to legal conclusions stated therein. Id. The mere recital of elements of a
> cause of action, supported only by conclusory statements, is not sufficient to
> survive a motion made pursuant to Rule 12(b)(6). Id.
>
> Second, to survive such a motion, a complaint must state a "plausible claim for
> relief." Id. The determination whether a complaint adequately states a plausible
> claim is a "context-specific task," id. at 679, 129 S.Ct. 1937, in which the factual
> allegations of the complaint must be examined to assess whether they are sufficient
> "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555,
> 127 S.Ct. 1955.
>
> To satisfy this standard, a plaintiff need not "forecast" evidence sufficient to prove
> the elements of the claim. Robertson, 679 F.3d at 291. However, the complaint must
> allege sufficient facts to establish those elements. Id. Thus, while a plaintiff does
> not need to demonstrate in a complaint that the right to relief is "probable," the
> complaint must advance the plaintiff's claim "across the line from conceivable to
> plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If an allegation is capable of more than one inference, this Court must construe it in the

plaintiff's favor. *Robinson v. American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (2009).

Although this is a liberal standard of review, the plaintiff still must do more than merely assert

bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential

allegations respecting all the material elements to sustain a recovery under some viable legal

theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations

and emphasis omitted).

6

## IV.  STATEMENT OF FACTS

The following information is derived solely from Plaintiffs' Complaint, which must be accepted as true by the Court for the instant Motion.

During August 11 and 12, 2017, hundreds of political activists visited Charlottesville, Virginia, to engage in a protest.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).  Protesters embraced and espoused "racist, anti-Semitic, sexist, homophobic, and xenophobic ideologies."  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 3).

Michael Hill ("Hill") is the co-founder and president of the League of the South.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 35).  Hill attended the Charlottesville rally.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).

Michael Tubbs ("Tubbs") is the chief of staff of the League of the South.  (Dckt # 1 – Plaintiffs' Complaint, ¶ 36).  Tubbs attended the Charlottesville rally.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).

League of the South ("LOTS") is a corporate entity that advocates for Confederate interests.  (Dckt # 1 – Plaintiffs' Complaint, ¶ 37).  Members of LOTS attended the Charlottesville rally.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).

Hill, Tubbs, and LOTS rallied with torches, chanted, and otherwise participated in political discourse.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).  Some of the protesters and counter-protesters engaged in violence, but Plaintiff's Complaint lacks a succinct averment of fact which alleges that Hill, Tubbs, or LOTS personally directly and proximately caused physical injury to Plaintiffs.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).

The Complaint makes only conclusory legal allegations—without averring any facts in support thereof—that Hill, Tubbs, or LOTS personally directly and proximately caused tortious

injury through their affiliation and networking with other co-defendants.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).   For example, Hill is alleged to have "encouraged League of the South followers to attend by urging them not to 'miss out of the fun' in dealing with their purported enemies."  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 89).

LOTS and Hill are alleged to have "marched with coordinated shields and flags and carried rods and other weapons."  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 183).  Plaintiffs' Complaint notes that "One member of the League of the South explained that he attended the United the Right 'rally' because:  'I intend to stand for the South and die for it if need be.  They will not replace us."  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 184).  Nowhere is it succinctly alleged how the carrying of a shield, flag, rod, or weapon is actionable in and of itself.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ *passim*).

Hill, Tubbs, and LOTS, are alleged—in a conclusory manner only—to have acted in a manner to tortiously injure the dignity of "black and Jewish residents of Virginia."  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 284).  Hill was "featured in the promotional poster for the Unite the Right 'rally.'"  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 299).

Hill, Tubbs, and LOTS are sued via 42 U.S.C. §§ 1985(3), 1986, common law civil conspiracy, and statutory violations of Virginia Code § 8.01-42.1.  (Dckt. # 1 – Plaintiffs' Complaint, ¶¶ 308-325, and 334-337).

For the reasons set forth in the following section of this Brief, Plaintiffs have failed to state a claim against Hill, Tubbs, and LOTS for which relief can be granted, because Plaintiffs only allege that said defendants exercised their right to free speech by engaging in politically incorrect speech which can be characterized as offensive—but not illegal in and of itself.  Furthermore, Plaintiffs have not explained how Hill, Tubbs, and LOTS are legally liable for the illegal conduct

of third-parties who happen to espouse the same political views as Hill, Tubbs, and LOTS, and who happened to have protested with them.  Lastly, with regards to the claim that Hill, Tubbs, and LOTS, carried weapons, such is not actionable in and of itself insofar as such behavior is privileged by right pursuant to the Second Amendment to the United States Constitution.

Plaintiffs' claims against Hill, Tubbs, and LOTS are invalid as a matter of constitutional law.

## V.  LAW & ARGUMENT

The fundamental right to free speech guaranteed by the First Amendment to the United States Constitution protects emotionally offensive speech. Plaintiffs cannot sue Hill, Tubbs, or LOTS for engaging in such speech. Furthermore, although third-parties at the Unite the Right rally acted in a violent manner, Plaintiffs have not pled any averments of fact that Hill, Tubbs, or LOTS personally acted in a concerted manner with these tortfeasors.  Hill, Tubbs, and LOTS cannot be held liable for the actions of third-parties who happened to attend the same event as Hill, Tubbs, and LOTS. Lastly, although Hill, Tubbs, or LOTS are alleged to have carried weapons at the Unite the Right rally, Plaintiffs cannot sue for such conduct because the Second Amendment to the United States Constitution protects such conduct.

### A.  THE SPEECH OF HILL, TUBBS, AND LOTS IS PROTECTED PER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

Insofar as Plaintiffs only allege that Hill, Tubbs, and LOTS, exercised their fundamental right to free speech and Plaintiffs made only conclusory and factually unsubstantiated claims of a conspiracy, Plaintiffs have failed to state a claim against Hill, Tubbs, and LOTS for which relief can be granted.

In the instant case, the misconduct alleged by Plaintiffs to have occurred at the hands of Hill, Tubbs, and LOTS is not actionable pursuant to the First Amendment to the United States Constitution, which states,

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances

Hill, Tubbs, and LOTS exercised their right to free speech at a public forum.[1]

Hill, Tubbs, and LOTS, have a First Amendment-guaranteed right to be permitted to speak in a politically incorrect and/or offensive manner.  See *Snyder v. Phelps*, 562 U.S. 443 (2011) (holding that speech on a matter of public concern, on a public street, cannot be the basis of liability for a tort of emotional distress, even in the circumstances that the speech is viewed or interpreted as offensive or outrageous).

In the instant case, Plaintiffs allege that Hill, Tubbs, and LOTS, embraced and espoused "racist, anti-Semitic, sexist, homophobic, and xenophobic ideologies." (Dckt. # 1 – Plaintiffs' Complaint, ¶ 3).  The statements made by Hill, Tubbs, and LOTS may be offensive and/or outrageous, but such is privileged by right.  If Plaintiffs' claims against Hill, Tubbs, and LOTS are not dismissed summarily, then the Court would be sanctioning content discrimination of speech at best and viewpoint discrimination of speech at worst—and both forms of discrimination are unconstitutional.

Plaintiffs also complain that Hill, Tubbs, and LOTS carried torches with other people to promote their ideology.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 1).  Although Plaintiffs may have been offended or outraged upon learning about the torches being carried by Hill, Tubbs, and LOTS[2], such is privileged by right as a shared expression of Defendants' political ideology.  See *Virginia v. Black*, 538 U.S. 343 (2003); *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992).  Hill,

---

[1] The Unite the Right rally occurred at Emancipation Park only after Hon. Glen E. Conrad of the United States District Court for the Western District of Virginia issued a preliminary injunction on First Amendment grounds to compel the City of Charlottesville to let the rally move forward as planned.  See *Kessler v. City of Charlottesville*, 3:17-cv-00056.  *Res judicata* bars Plaintiffs from arguing that Hill, Tubbs, and LOTS did not enjoy a First Amendment right to participate with the Unite the Right rally.

[2] There is no factual allegation within Plaintiffs' Complaint that one of the plaintiffs even personally saw Hill, Tubbs, or LOTS carrying a torch. (Dckt. # 1 – Plaintiffs' Complaint, *passim*).

Tubbs, and LOTS have a First Amendment guaranteed right to carry torches—which constitutes expressive conduct no different than when a person burns an American flag[3]—and speak their minds in the public square.  Plaintiffs cannot sue Hill, Tubbs, and LOTS for exercising their constitutional rights.

Plaintiffs complain that Hill, Tubbs, and LOTS engaged in bravado online.  (Dckt. # 1 – Plaintiffs' Complaint, ¶ 184) ("One member of the League of the South explained that he attended the United the Right 'rally' because: 'I intend to stand for the South and die for it if need be.  They will not replace us.'"); (Dckt. # 1 – Plaintiffs' Complaint, ¶ 89) (Hill is alleged to have "encouraged League of the South followers to attend by urging them not to 'miss out of the fun' in dealing with their purported enemies.").  Such speech—which does not advocate imminent criminal activity— is not actionable.  *Brandenburg v. Ohio* 395 U.S. 444 (1969) (holding that inflammatory speech cannot be punished unless it is "directed to inciting or producing imminent lawless action and is likely to incite or produce such action.").

In the instant case, Hill, Tubbs, and LOTS said offensive and/or outrageous things at a public forum—which is their right.   Nothing in Plaintiffs' Complaint alleges actionable misconduct—as far as the First Amendment to the United States Constitution is concerned—on the part of Hill, Tubbs, and LOTS.

## B.  HILL, TUBBS, AND LOTS CANNOT BE HELD LIABLE FOR THE MISCONDUCT OF THIRD-PARTIES WHO HAPPEN TO PROTEST AT THE SAME RALLY

Plaintiffs fail to allege sufficient facts to support a legal finding that Hill, Tubbs, and LOTS are legally liable for the illegal conduct of third-parties who happen to have protested at the same rally as Hill, Tubbs, and LOTS.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).  In effect, Plaintiffs'

---

[3] *Texas v. Johnson*, 491 U.S. 397 (1989).

legal theory is that Hill, Tubbs, and LOTS can be held liable for the misconduct of third-parties who happened to protest at the same event as them.  Plaintiffs' liable-by-association claim is legally baseless. A liable-by-association legal doctrine which Plaintiffs desire for the Court to create would result in people not exercising their free speech rights for fear of being sued for what a third-party may do at such a rally.

Plaintiffs' Complaint lacks any specific factual allegations that Hill, Tubbs, or LOTS conspired to engage in criminal conduct.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).  Although third-parties are alleged to have discussed hypothetical violence before the rally, such statements cannot be imputed to Hill, Tubbs, or LOTS to establish that Hill, Tubbs, or LOTS conspired to act in an illegal manner. Plaintiffs cannot survive a Rule 12(b)(6) motion by relying on factually unsupported legal conclusions.

In Virginia, a common law claim of civil conspiracy requires proof that an underlying actionable tort was committed.  *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892 (1997).  Said the Virginia Supreme Court in *Gelber v. Glock*, 800 S.E.2d 800, 820-821 (2017):

> "A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Commercial Bus. Sys., Inc. v. BellSouth Servs., Inc.*, 249 Va. 39, 48, 453 S.E.2d 261, 267 (1995). "The foundation of a civil action of conspiracy is the damage caused by the acts committed in furtherance of the conspiracy." *Id.; see also Gallop v. Sharp*, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942) ("The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means."). Therefore, "to sustain an action [for civil conspiracy] special damage must be proved." *Werth v. Fire Cos' Adjustment Bureau, Inc.*, 160 Va. 845, 854, 171 S.E. 255, 258-59 (1933). "No cause of action exists without the resulting injury, and the damage produced must arise as the effective result of the conspiracy." *Gallop*, 179 Va. at 338, 19 S.E.2d at 86.

In the instant case, for the reasons set forth in this Brief, Hill, Tubbs, and LOTS did not engage in actionable conduct against Plaintiffs as far as the First and Second Amendments are concerned.   Furthermore, the allegations made against Hill, Tubbs, and LOTS by Plaintiffs are conclusory and not well-pleaded with averments of fact:  Hill, Tubbs, and LOTS are accused by Plaintiffs—in effect—of exercising their First and Second Amendment rights at a public rally at which some attendees expressed with bravado an interest in committing hypothetical acts of violence beforehand.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).  Hill, Tubbs, and LOTS simply being at the same rally as these other individuals does not constitute an actionable conspiracy in and of itself, and Hill, Tubbs, and LOTS are therefore not liable for what these third-parties may have or may not have done.

## C.  HILL, TUBBS, AND LOTS ARE PRIVILEGED BY RIGHT TO CARRY WEAPONS IN PUBLIC

With regards to the claim that Hill, Tubbs, and LOTS, carried weapons at the Unite the Right rally, such is not tortious in and of itself because such behavior is privileged by the Second Amendment to the United States Constitution, which states,

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

The Second Amendment guarantees an individual right to keep and bear arms.  *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010).  What constitutes an "arm" is not limited to firearms, but rather, constitutes all common weapons of offense and defense and their lineal descendants.  *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016).

LOTS and Hill are alleged to have "marched with coordinated shields and flags and carried rods and other weapons." (Dckt. # 1 – Plaintiffs' Complaint, ¶ 183).  The carrying of such arms

is not actionable in and of itself, and Plaintiffs' Complaint lacks an averment of fact that Hill, Tubbs, or LOTS personally used a weapon against one of the plaintiffs in an illegal manner.  (Dckt. # 1 – Plaintiffs' Complaint, *passim*).

## VI.  CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Hill, Tubbs, and LOTS cannot be sued by Plaintiffs for engaging in offensive speech. Hill, Tubbs, and LOTS cannot be sued by Plaintiffs for carrying weapons. Plaintiffs have not alleged the weapons carried by Hill, Tubbs and LOTS were used against Plaintiffs in an illegal manner. Hill, Tubbs, and LOTS cannot be sued by Plaintiffs for merely participating at a protest in which third-parties may have tortiously injured Plaintiffs.

Hill, Tubbs, and LOTS did not act in an actionable manner as far as the conclusory, factually unsubstantiated claims of Plaintiffs' Complaint are concerned.

Plaintiffs should seek justice from the tortfeasors who injured Plaintiffs.  However, justice cannot be obtained by Plaintiffs suing Hill, Tubbs, and LOTS, because said defendants are alleged by Plaintiffs to merely have exercised their First and Second Amendment rights at a rally at which third-parties engaged in violence.

Respectfully submitted,


/s/ Bryan J. Jones
Bryan J. Jones (VSB 87675)
106 W. South St., Ste. 211
Charlottesville, VA 22902
(P):  (540) 369-2012
(F):  (434) 381-4397
(E):  bryan@bjoneslegal.com
*Attorney for Michael Hill, Michael Tubbs,*
*and League of the South*


Dated:  November 10, 2017

16

## VII.  PROOF OF SERVICE

I, Bryan J. Jones, affirm that I am an attorney of record for a party to the above-captioned

civil action, and on November 10, 2017, I served a true and accurate copy of this document upon

all attorneys of record who have registered to receive service of process via the Court's Electronic

Filing System by submitting said documents to said System.

/s/ Bryan J. Jones
Bryan J. Jones (VSB 87675)
106 W. South St., Ste. 211
Charlottesville, VA 22902
(P):  (540) 369-2012
(F):  (434) 381-4397
(E):  bryan@bjoneslegal.com
*Attorney for Michael Hill, Michael Tubbs,*
*and League of the South*

Dated:  November 10, 2017-

17