IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

ELIZABETH SINES ET AL.   :   Case No. 3:17-CV-72

    Plaintiff   :   Judge MOON

        -v-   :

JASON KESSLER ET AL.   :

    Defendants   :

_____

**Memorandum in support of Matt Parrott's Motion to Dismiss**
_____

1. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," <u>Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).</u> It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979)</u>.

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights

1

that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Matt Parrott tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Matthew Parrott.

2. **State law claims**

The Plaintiffs have not stated sufficient factual allegations to sustain either state law claims against Mr. Parrott. Parrott is specified in only 11 of Plaintiffs 347 Complaint paragraphs.

In paragraph 32 Mr. Parrott is accused of belonging to the Traditionalist Worker's Party. A different member of that organization is alleged to have made favorable comments about Adolph Hitler.

In paragraph 33 Mr. Parrott is alleged to have written an article after the rally in question describing what he saw that day.

In paragraph 34 Mr. Parrott is mentioned but not accused of doing anything other than belonging to the Traditionalist Workers Party.

In paragraph 63 Mr. Parrott is accused of taking unspecified actions to engage in unspecified "unlawful acts".

In paragraph 71 Mr. Parrott is accused of taking unspecified acts or making unspecified statements in order to "incite" unspecified unlawful and violent acts.

In paragraph 172 Mr. Parrott is accused of unspecified "participation" in "violent acts of the day."

In paragraph 185 Mr. Parrott is accused of "marching with" Traditionalist Workers Party.

In paragraph 194 Mr. Parrott is accused of reporting what he saw happen that day. This paragraph specifically does not accuse Mr. Parrott or even the organization Traditionalist Workers Party of doing anything other than marching.

In paragraph 196 Mr. Parrott is accused of making a statement about what he saw or what his group was doing.

In paragraph 209 Mr. Parrott is accused of helping other people, walking through persons who are not named as plaintiffs in this lawsuit, and then failing to obey a police order.

Finally, in paragraph 294 Mr. Parrott is accused of participating in an online discussion in an unspecified way in order to "incite" unspecified unlawful acts.

Allegations against Mr. Parrott's organization, the "TWP" or Traditionalist Workers Party, are similarly vague and non-specific. The Plaintiffs have failed to state, with any specificity whatsoever, what Mr. Parrott, or even the organization to which he belongs, did to cause any of their alleged damages.

Accordingly, Counts 3 and 5 of the plaintiff's Complaint must be dismissed as against Mr. Parrott.

For the reasons stated, all claims against defendant Matthew Parrott must be dismissed.

Respectfully Submitted,

s/ Elmer Woodard_____
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail on October 26, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

s/ Elmer Woodard
_____
E. Woodard (VSB 27734)