IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-00072 |
| **Plaintiff** | : | Judge MOON<br>Mag. Judge Hoppe |
| | : | |
| -v- | | |
| JASON KESSLER ET AL. | : | |
| | : | |
| **Defendants** | | |

_____

**Memorandum in support of Nationalist Front's Motion to Dismiss**
_____

1. <u>**Nationalist Front is not an entity that can be sued**</u>

Plaintiffs have alleged that Nationalist Front ("NF") "is an unincorporated association pursuant to Virginia Code § 8.01-15".[1] The declaration of Mr. Jeff Schoep is attached and incorporated by reference herein.

Mr. Schoep declares facts that establish that NF is merely a website that advertises the existence of certain "Alt-Right" groups should anyone be interested in learning more or contacting an individual organization. The NF also contains a list of aspirations for interested groups to attempt to adhere to.

---
[1] Complaint at ¶ 40.

Virginia Code § 8.01-15 defines unincorporated associations as those which are commonly known or called by a name under which they do business. It also provides for judgments to attach the real and personal property of an unincorporated association "as if it were a corporation."

Mr. Schoep's declaration establishes that NF has no property nor is it capable of holding property. It conducts no business, for profit or otherwise. In short, NF does not meet the Virginia statutory definition of an unincorporated association.

Further, the Plaintiffs have not alleged any facts that would establish NF is an unincorporated association. Rather, Plaintiffs merely make a conclusory allegation that NF is an "umbrella organization" consisting of unspecified groups together with certain other party defendants to this action.[2] This allegation, standing alone, is insufficient to establish NF as an unincorporated association under Virginia law. It is further insufficient to establish that NF may be sued under "it's common name" under federal law.

Therefore, pursuant to FRCP 17(b)(3) NF must be dismissed from this lawsuit as other party defendants already sued are the appropriate parties in interest.

2. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).

---

[2] Complaint at ¶40.

2
Case 3:17-cv-00072-NKM-JCH Document 105 Filed 11/14/17 Page 2 of 6 Pageid#: 488

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Nationalist Front tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Nationalist Front.

3. **State law claims**

The Plaintiffs have not stated sufficient factual allegations to sustain either state law claims against Nationalist Front ("NF"). NF is specified in only 11 of Plaintiffs 347 Complaint paragraphs.

3

In paragraph 32 NF is identified but not alleged to have done anything. In paragraph 33 NF is again identified but not accused of doing anything.

In paragraph 38 NF is mentioned as being thanked for being "warriors" along with a laundry list of other groups but not alleged to have taken any specific action whatsoever.

In paragraph 40 NF is accused of being a uniting thread whose unspecified "members" took unspecified actions to engage in unspecified "unlawful acts".

In paragraph 45 NF is accused of conspiring to organize and participate in violence. No specifics whatsoever are attached to these conclusory allegations.

In paragraph 63 NF is again accused of conspiring with a phone book full of people, both named and unnamed, to commit to "organize, promote, and commit unlawful acts. No hint of how NF did any of this is offered by Plaintiffs.

In paragraph 64 NF is accused of expanded it's conspiracy to include "other allies" for purposes of an unlawful "joint operation." Who these allies were and what the joint operation or how NF participated in same is not fleshed out by Plaintiffs other than with the conclusory "violent and unlawful acts" language.

In paragraph 172 NF is accused of "participat(ing) in the violent events of the day" with co-conspirators. How NF did this is not explained in any way.

In paragraph 181 NF is accused of marching in formation toward the rally location and nothing more. In paragraph 186 NF is accused of being present while others shouted obscenities at citizens on the street. It is not clear from this paragraph whether NF is accused of shouting or merely being present during the shouting.

4

In paragraph 187 NF is not specifically accused of doing anything. In paragraph 194 NF is accused of forming or helping to form "shield walls" for "the fight".

Finally, in paragraph 291 NF is once again accused of conspiring with "other allies" to perpetrate unspecified unlawful acts against unspecified persons.

Allegations against "Defendants" throughout the complaint either appear to not include NF or are so vague and non-specific as not link NF to any wrongful conduct whatsoever.

The plaintiffs have not brought negligence causes of action. Virginia law therefore requires them to "allege all facts necessary to establish the cause of action" that Plaintiff wishes to proceed under. Russo v. White, 400 SE 2d 160, 163 (1991.) Plaintiff has manifestly failed to do so as to defendant NF.

Accordingly, Counts 3 and 5 of the plaintiff's Complaint must be dismissed as against NF.

For the reasons stated, all claims against defendant NF must be dismissed.

Respectfully Submitted,

s/ Elmer Woodard
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail on November 14, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

s/ Elmer Woodard

_____
E. Woodard (VSB 27734)
