IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

ELIZABETH SINES ET AL.    :    Case No. 3:17-CV-72

    Plaintiff    :    Judge MOON

                                                                :

  -v-

JASON KESSLER ET AL.    :

                                                                :

    Defendants

_____

**Memorandum in support of Christopher Cantwell's Motion to Dismiss**
_____

1. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," <u>Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).</u> It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979)</u>.

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights

1

that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Matt Parrott tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Matthew Parrott.

2. **State law claims**

The Plaintiffs have not stated sufficient factual allegations to sustain either state law claims against Mr. Cantwell. Cantwell is specified in only 24 of Plaintiffs 347 Complaint paragraphs.

2

In paragraph 23 Mr. Cantwell is accused of merely being charged with crimes related to use of "tear gas". What Mr. Cantwell did to justify these charges is left unexplained.[1]

In paragraph 63 Mr. Cantwell is alleged to have organized with named unnamed conspirators to "organize…unlawful acts". What they did or how they did it is not explained.

In paragraph 64 Mr. Cantwell is alleged to have conspired with some other defendants as well as unspecified "other allies" to plan and direct a "joint operation." What they did or how they did it is not explained.

In paragraph 71 Mr. Cantwell is alleged to have engaged in an online chat room for more nonspecific planning of more nonspecific violence against more unidentified people.

In paragraph 102 Mr. Cantwell is accused encouraging the carrying of concealed firearms. How he did this or to who is unexplained.

In paragraph 71 Mr. Parrott is accused of taking unspecified acts or making unspecified statements in order to "incite" unspecified unlawful and violent acts.

In paragraph 117 Mr. Cantwell is accused of soliciting monetary donations on his internet radio show thereby damaging the plaintiffs in some mysterious and unexplained way.

In paragraph 133 Mr. Cantwell is accused of merely organizing a "torchlight" march with named and unnamed co-conspirators.

---

[1] On November 9, 2017 two of the referenced charges were dismissed after a state court found no probable cause following a preliminary hearing.

3

In paragraph 141 Mr. Cantwell is accused of speaking to a reporter, discussing his exercise regimen, and claiming he was present in Charlottesville to spread ideas.

In paragraphs 146 and 148 Mr. Cantwell is accused of "issuing orders" to marchers to stay in "formation".

In paragraph 158 Mr. Cantwell is accused of attacking "the protestors" with mace. Just which plaintiff or plaintiffs he attacked, or that his attack collaterally damaged are not specified. The only plaintiff to claim being pepper sprayed ("attacked with a caustic substance") is an African American John Doe at paragraph 13. This plaintiff cannot be a person victimized by Mr. Cantwell, as Plaintiffs helpfully included an action picture of Mr. Cantwell depicting him in the act of spraying a non-African American person at paragraph 158. There is therefore no plaintiff who claims to have been "attacked with a caustic substance" by Mr. Cantwell.

In paragraph 172 Mr. Cantwell is allegedly back with his fellow conspirators plotting in an unspecified way to commit more unspecified violent acts.

In paragraph 207 Mr. Cantwell is accused of merely getting into a van. In paragraph 208 Mr. Cantwell is mentioned by not alleged to have done a single thing.

In paragraph 254 Mr. Cantwell is accused of making insensitive, but not inculpatory, statements to a reporter after the relevant events had occurred.

In paragraph 280 Mr. Cantwell is again accused of making statements but not of doing anything.

In paragraph 288 Mr. Cantwell is accused of unspecified planning of unspecified acts.

In paragraph 289 Mr. Cantwell is accused of personally attending a meeting to engage in unspecified planning of unspecified acts.

In paragraph 294 Mr. Cantwell is alleged to have been a participant in an internet chat room where unspecified persons "incited" unlawful acts including the illegal use of weapons. How Mr. Cantwell did this or even if Mr. Cantwell himself made any comment encouraging illegality is left un-alleged.

In paragraph 295 Mr. Cantwell is alleged to have "advised" people to bring weapons. It is important to note that this allegation is separated from the above generic allegation in paragraph 294. While Plaintiff again fails to state just what Cantwell did to so advise anybody, plaintiff also deletes the allegation of illegal use of weapons found in paragraph 294. Virginia is an "open-carry" state and so merely "bringing weapons" without more is insufficient to assist plaintiffs in making their claims as it is not necessarily unlawful behavior.

In paragraph 298 Mr. Cantwell is accused of raising funds and arranging travel for unnamed persons who subsequently engaged in unspecified violence against unspecified persons or property. Plaintiffs also do not specify how or when Mr. Cantwell did any of this.

In paragraph 299 Mr. Cantwell is not accused of doing anything. In paragraph 300 Mr. Cantwell is again alleged to have engaged in unspecified

5

planning to engage in unspecified threatening or harassing acts against unspecified persons.

In paragraph 301 Mr. Cantwell is accused of giving unspecified directions to unspecified persons in order to engage in unspecified acts of violence against unspecified persons.

Finally, in paragraph 302 Mr. Cantwell is accused of assaulting with a caustic substance, unspecified "peaceful protestors" on August 11. This paragraph utterly fails to state which plaintiff or plaintiffs accuse Mr. Cantwell of caustically assaulting them.

The Plaintiffs Complaint as to defendant Cantwell would be lucky to be found to be conclusory. Not one plaintiff alleges Cantwell did anything to them nor articulates how they were injured by Cantwell.

The plaintiffs have not brought negligence causes of action. Virginia law therefore requires them to "allege all facts necessary to establish the cause of action" that Plaintiff wishes to proceed under. Russo v. White, 400 SE 2d 160, 163 (1991.) Plaintiff has manifestly failed to do so as to defendant Cantwell.

Accordingly, Counts 3 and 5 of the plaintiff's Complaint must be dismissed as against Mr. Cantwell.

For the reasons stated, all claims against defendant Christopher Cantwell must be dismissed.

Respectfully Submitted,

s/ Elmer Woodard _____

6
Case 3:17-cv-00072-NKM-JCH   Document 112   Filed 11/15/17   Page 6 of 7   Pageid#: 507

ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail on November 15, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

s/ Elmer Woodard
_____
E. Woodard (VSB 27734)

7
Case 3:17-cv-00072-NKM-JCH   Document 112   Filed 11/15/17   Page 7 of 7   Pageid#: 508