IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-00072 |
| Plaintiff | : | Judge MOON<br>Mag. Judge Hoppe |
| | : | |
| -v- | | |
| JASON KESSLER ET AL. | : | |
| | : | |
| Defendants | | |

_____

**Memorandum in support of National Socialist Movement's Motion to Dismiss**
_____

1. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," <u>Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).</u> It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979)</u>.

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights

1

that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Nationalist Socialist Movement tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Nationalist Socialist Movement.

 2. **State law claims**

The Plaintiffs have not stated sufficient factual allegations to sustain either state law claims against National Socialist Movement ("NSM"). NSM is specified in only 15 of Plaintiffs 347 Complaint paragraphs.

In paragraph 32 NSM is alleged to belong to an organization and nothing more. In paragraph 33 NSM is alleged to have been mentioned in an internet article as creating a "shield wall" and nothing more.

2

In paragraph 38 an NSM member is described as "participating actively" in some unspecified way in the actions Plaintiff's complain of.

In paragraph 39 NSM is accused of being a politically incorrect organization whose members sell politically incorrect fashion accessories and whose members "participated in the violence" complained of in some unspecified way.

In paragraph 63 NSM is accused of conspiring in an unspecified way to commit unspecified violence in an unspecified way against unspecified plaintiffs and random non parties to this lawsuit. No specifics whatsoever are attached to these conclusory allegations.

In paragraph 64 NSM is again accused of conspiring with a phone book full of people, both named and unnamed, to commit to "organize, promote, and commit unspecified unlawful acts in an unspecified way against unspecified "Charlottesville citizens" No hint of how NSM did any of this or to who is offered by Plaintiffs.

On page 39 at footnote 6 NSM is alleged to be a successor organization to a 1960s era group called the American Nazi Party and nothing more.

In paragraph 172 NSM is accused of "participat(ing) in the violent events of the day" with co-conspirators. How NSM did this is or who they did it to is not explained in any way.

In paragraph 173 NSM is mentioned but not alleged do have done anything. In paragraph 181 NSM is accused of meeting with other Unite the Right protestors in order to proceed to their legally authorized protest location together and nothing more.

In paragraph 194 NSM is accused of forming or helping to form "shield walls" for "the fight" and nothing more.

3

In paragraph 196 NSM is possibly accused of "pushing and shoving" unspecified "protestors" No mention of injury to these unidentified protestors is alleged.

In paragraph 212 NSM is accused of sending out a "tweet" describing NSM members moving "through Antifa and police interference". There is no mention of the Plaintiffs or any injuries to them in this paragraph.

In paragraph 252 an NSM member is accused of sending out a tweet calling defendants and some others "true warriors" and nothing more.

Finally, in paragraph 291 NSM is once again accused of conspiring with "other allies" to perpetrate unspecified unlawful acts against unspecified persons.

Allegations against "Defendants" throughout the complaint either appear to not include NSM or are so vague and non-specific as not link NSM to any wrongful conduct whatsoever.

The plaintiffs have not brought negligence causes of action. Virginia law therefore requires them to "allege all facts necessary to establish the cause of action" that Plaintiff wishes to proceed under. <u>Russo v. White, 400 SE 2d 160, 163 (1991.)</u> Plaintiff has manifestly failed to do so as to defendant NSM.

Accordingly, Counts 3 and 5 of the plaintiff's Complaint must be dismissed as against NSM.

For the reasons stated, all claims against defendant NF must be dismissed.

Respectfully Submitted,

s/ Elmer Woodard
ELMER WOODARD (VSB 27734)
5661 US Hwy 29

4
Case 3:17-cv-00072-NKM-JCH   Document 114   Filed 11/15/17   Page 4 of 5   Pageid#: 514

Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail on November 15, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

s/ Elmer Woodard
_____
E. Woodard (VSB 27734)