IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-00072 |
| Plaintiff | : | Judge MOON<br>Mag. Judge Hoppe |
| | : | |
| -v- | | |
| JASON KESSLER ET AL. | : | |
| | : | |
| Defendants | | |

_____

**Memorandum in support of Jeff Schoep's Motion to Dismiss**
_____

1. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," <u>Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).</u> It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979)</u>.

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights

1

that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Mr. Schoep tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Jeff Schoep.

2. **State law claims**

The Plaintiffs have not stated sufficient factual allegations to sustain either state law claim against Jeff Schoep. Schoep is specified in only 9 of Plaintiffs 347 Complaint paragraphs.

In paragraph 32 Mr. Schoep is alleged to belong to an organization and nothing more. In paragraph 38 Mr. Schoep is alleged to be a leader of an organization, admiring Adolph Hitler, and sending out a post rally tweet and nothing more.

2

In paragraph 39 Mr. Schoep is accused of being a leader of a politically incorrect organization whose members sell politically incorrect fashion accessories and whose members also "participated in the violence" complained of in some unspecified way.

In paragraph 40 Mr. Schoep is accused of being a leader of an organization. Unidentified members of said organization are alleged to have engaged in an unspecified violence against unspecified "citizens of Charlottesville." No specifics whatsoever are attached to these conclusory allegations.

In paragraph 63 Mr. Schoep is accused of conspiring with a phone book full of people, both named and unnamed, to "organize, promote, and commit unspecified unlawful acts in an unspecified way against unspecified Plaintiffs and "countless others" No hint of how Mr. Schoep did any of this or to whom is offered by Plaintiffs.

On page 39 at footnote 6 Mr. Schoep is alleged to belong to a successor organization to a 1960s era group called the American Nazi Party and nothing more.

In paragraph 196 Mr. Schoep is accused of being a leader of a group who had recently "charged through" unspecified protestors and were sticking with an unspecified "original plan." How this is linked to any particular plaintiff is not alleged.

In paragraph 209 Mr. Schoep is alleged to have attacked "protestors" in an unspecified way and to have "marched through Antifa." Once again none of these vague and conclusory allegations are linked to any particular plaintiff.

Finally, in paragraph 212 Mr. Schoep is accused of moving "through Antifa and police interference" in some unspecified way. There is no mention of the Plaintiffs or any injuries to them in this paragraph.

Allegations against "Defendants" throughout the complaint either appear to not include Mr. Schoep or are so vague and non-specific as not link Schoep to any wrongful conduct whatsoever.

The plaintiffs have not brought negligence causes of action. Virginia law therefore requires them to "allege all facts necessary to establish the cause of action" that Plaintiff wishes to proceed under. Russo v. White, 400 SE 2d 160, 163 (1991.) Plaintiff has manifestly failed to do so as to defendant Schoep.

Accordingly, Counts 3 and 5 of the plaintiff's Complaint must be dismissed as against Mr. Schoep.

For the reasons stated, all claims against defendant Jeff Schoep must be dismissed.

Respectfully Submitted,

s/ Elmer Woodard
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail on November 15, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

                                                          s/ Elmer Woodard
                                                          _____
                                                          E. Woodard (VSB 27734)