UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, JOHN DOE, JANE DOE 1, JANE DOE 2, and JANE DOE 3,<br><br>      Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>      Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT MICHAEL PEINOVICH FROM RECORDING PARTIES' DISCOVERY NEGOTIATIONS**

# PRELIMINARY STATEMENT

Since this Court entered the parties' consent motion setting forth a briefing schedule for the motions to dismiss and a November 29, 2017 deadline to conduct a Rule 26(f) conference, Plaintiffs and certain Defendants have reached agreement concerning the time and manner of parties' Rule 26(f) conference. However, one Defendant has refused to participate in the Rule 26(f) conference unless he is permitted to record the conference call, in apparent violation of state law. Although Plaintiffs have offered accommodations aimed at addressing the professed concerns of Mr. Michael Peinovich, a key figure in the events surrounding and including the August 12 rally in Charlottesville, he has steadfastly refused to accept such accommodations. Plaintiffs now respectfully request that the Court prohibit Mr. Peinovich from recording parties' Rule 26(f) conference, or in the alternative, permit the conference to be held in open court or before a court reporter.

# FACTS

At the close of a telephonic conversation yesterday, November 28, between Michael Peinovich, a Defendant proceeding *pro se* in this action, and Christopher B. Greene, counsel for Plaintiffs, Mr. Peinovich stated that he records all his phone conversations, including the discussion that had already taken place. Following that phone conversation, counsel for Plaintiffs wrote Mr. Peinovich to request that he confirm that he would not record the parties' upcoming Rule 26(f) conference and noted Plaintiffs' objection to his recording the call. Mr. Peinovich refused to do so, indicating that he would "not promise not to record until I am sure the law requires me to." (Ex. A.) Mr. Peinovich further responded by expressing his "belief as a pro-se defendant [that] I have the right to record hearings that are relevant to my case." (*Id.*) However, Mr. Peinovich indicated that "[if] the judge tells me that recording is against the rules, then I won't." (*Id.*)

In response to Mr. Peinovich's insistence that he would take the unusual step of unilaterally recording parties' Rule 26(f) conference, and in light of Mr. Peinovich's professed interest in having a record of his case, Plaintiffs proposed to Mr. Peinovich that the conference instead proceed by email. Mr. Peinovich refused, stating that he'd like "to record [the call] for my own records or whatever use I may see fit." (*Id.*) Plaintiffs again informed Mr. Peinovich of their preference to proceed by email and advised him that one of Plaintiffs' counsel would be joining the call from Connecticut, a state in which "two-party consent" is required for the recording of phone conversations. Plaintiffs further advised Mr. Peinovich that if he continued to insist upon recording the Rule 26(f) conference, Plaintiffs would raise the issue with the Court. At 11:41 a.m. EST, Mr. Peinovich indicated he would not consent to our proposal. (*Id.*)

## ARGUMENT

### I. MR. PEINOVICH SHOULD BE PROHIBITED FROM RECORDING PARTIES' NEGOTIATIONS AND DISCUSSION

Plaintiffs object to Mr. Peinovich's insistence that he record the Rule 26(f) conference over their objection. Meet and confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power* v. *Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).[1] Such a frank exchange is threatened when one party seeks to unilaterally record a discovery negotiation, particularly when that party has been offered a way of proceeding that protects both parties' ability to preserve and consult the record. This is particularly true when the party attempting to

---

[1] Moreover, this Court's Local Rules recognize the deleterious effect that recording may have on judicial proceedings. Local Rule 5 prohibits the audio or video recording of any "session of court," in order to "insulate[] . . . all court personnel, lawyers, and litigants *from all prejudicial influences*." (L.R. 5 (emphasis added).)

3

record the conversation wants to record it so that he may use the recording for "whatever use [he] may see fit." (Ex. A.)

The uses to which Mr. Peinovich could put these recordings are neither trivial nor hypothetical. Mr. Peinovich hosts a podcast entitled The Daily Shoah—an apparent play on the Comedy Central news show and the Hebrew term for the Holocaust. On that podcast, he hosts guests who, among other things, occasionally do what's described as a "Hebrew dump" in which the guest describes in a German accent the minutes from his "Death Camp." The podcast also frequently utilizes a jarring audio reverb effect to identify for Mr. Peinovich's listeners which individuals being discussed on the podcast are Jewish. Among other things, Plaintiffs are concerned that recordings of counsel—who during the frank exchange of information required to avoid dispute may disclose information about their clients that they otherwise would not want widely publicized—would become the subject of Mr. Peinovich's hateful podcast or otherwise be publicized by Mr. Peinovich. This concern is particularly heightened at this stage of the litigation, where the Court has not yet entered a confidentiality order, which will be a subject of discussion at the Rule 26(f) conference.

4

Moreover, at least one of Plaintiffs' counsel who will be participating in today's Rule 26(f) conference will be taking the call from Connecticut, a state in which the recording of a phone conversation is prohibited unless "given prior authority by all parties to such communication." Conn. Gen. Stat. Ann. § 53a-187 (West). Courts have previously prohibited parties from recording meet and confer sessions where an applicable state law, like this one, precluded the recording of conversations without all parties' consent. Order Re: Motion to Stay, *Capital Records, Inc. et al* v. *Alaujan*, No. 03 Civ. 11661, ECF No. 759 (Feb. 23, 2009); *compare* Conn. Gen. Stat. Ann. § 53a-187 (West) and Mass. Gen. Laws Ann. ch. 272, § 99 (West) (the statute applied in *Capital Records*). Mr. Peinovich was advised of this fact and was offered another opportunity to proceed by email, but insisted upon recording the call anyway. (Ex. A.)

Finally, there is no need for Mr. Peinovich to record the call for his own defense. Any agreements reached at the Rule 26(f) conference will be memorialized in writing in a filing for the Court. If Mr. Peinovich disagrees with anything contained in the proposed filing, he can submit his objection to the Court in writing and raise any concerns with the Court at the Rule 16 Conference.

We raise this issue with the Court now because the scope of Mr. Peinovich's expressed intent does not appear limited to today's Rule 26(f) conference. Rather, his stated practice is to record every phone conversation he has with anyone, regardless of the state in which his counterparty is located. (*See* Ex. A.) Plaintiffs therefore respectfully request that the Court issue an order prohibiting Mr. Peinovich from making unilateral, non-consensual, recordings of today's Rule 26(f) conference and provide guidance concerning the recording of any future interactions with Plaintiffs and Plaintiffs' counsel.

5

## II. IN THE ALTERNATIVE, THE RULE 26 CONFERENCE SHOULD BE HELD IN OPEN COURT OR BEFORE A COURT REPORTER

Permitting one party to possess, and potentially distribute or alter, a version of a recording of discovery negotiations to which Plaintiffs lack access would be unnecessary, counter-productive, and inconsistent with the Federal Rules. Should the Court credit Mr. Peinovich's request for a recording, Plaintiffs submit that a more appropriate resolution would be to conduct the Rule 26(f) conference in open Court or otherwise before a court reporter whose transcript would be made available to all participating parties. Although this may require a brief extension of parties' deadline to complete their Rule 26(f) conference, it would address Mr. Peinovich's professed concerns regarding transcription of the conference. Proceeding in this manner, or by email as Plaintiffs have proposed, would allow Mr. Peinovich to maintain a record of parties' communication while maintaining the ability of counsel and the parties to have a frank exchange of information and views without the risk that one party would use a "record" of such negotiations for "whatever use [he] may see fit," including by altering or otherwise misusing the recording.

## CONCLUSION

For the foregoing reasons, the Court should prohibit Mr. Peinovich from recording parties' Rule 26(f) conference or, in the alternative, permit parties to conduct the Rule 26(f) conference in open Court or otherwise before a court reporter whose transcript would be made available to all participating parties, and prohibit future recording of interactions among counsel or pro se parties without consent.

Dated:  November 29, 2017

Respectfully submitted,

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727

Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 29, 2017, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc., and Christopher Cantwell*

9

Case 3:17-cv-00072-NKM-JCH   Document 126   Filed 11/29/17   Page 9 of 10   Pageid#: 579

I further hereby certify that on November 29, 2017, I also served the following non-ECF participant, via e-mail:

Michael Peinovich (*pro se*)
a/k/a Michael "Enoch" Peinovich
519 E. 82nd Street, Apt 2C
New York, NY 10028
mpeinovich@gmail.com

I further hereby certify that on November 29, 2017, I also served the following non-ECF participant, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of Invisible Empire Inc.
c/o Registered Agent
United States Corporation Agents, Inc.
6135 Park South Drive
Charlotte, NC 28210

      *s/ Robert T. Cahill*
      Robert T. Cahill (VSB 38562)
      COOLEY LLP
      11951 Freedom Drive, 14th Floor
      Reston, VA 20190-5656
      Telephone: (703) 456-8000
      Fax: (703) 456-8100
      Email: rcahill@cooley.com

      *Counsel for Plaintiffs*

155622013

10

Case 3:17-cv-00072-NKM-JCH   Document 126   Filed 11/29/17   Page 10 of 10   Pageid#: 580