IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

ELIZABETH SINES ET AL.          :     Case No. 3:17-CV-72

    **Plaintiff**                   :     Judge MOON

                                    :

  -v-

JASON KESSLER ET AL.            :

                                :

    **Defendants**

_____

**MEMORANDUM IN SUPPORT *Jason Kessler's* MOTION TO DISMISS**
_____

1. **Federal Claims**

42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).

In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights

1

that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

Though Plaintiffs Complaint rambles on for 96 pages and includes 347 numbered paragraphs it contains no colorable allegation defendant Jason Kessler tried to, or conspired to, impair any of the Plaintiff's rights to travel or to be free of involuntary servitude. As such the § 1985 claim must fail.

Similarly, the 42 USC § 1986 claim must also fail as since Plaintiffs failed to state a § 1985 claim than it is not possible for them to pursue a claim based on knowingly failing to stop or attempt to stop a legally non-actionable § 1985 conspiracy.

Accordingly, Counts 1 and 2 of the Plaintiff's Complaint must be dismissed as against defendant Jason Kessler.

   **2. State law claims**

     a. Civil claims based on criminal code not allowed in Virginia

Virginia law does not allow for a civil cause of action based on violations of criminal statutes. *Vansant & Gusler, Inc. v. Washington* 245 Va. 356, 429 S.E.2d 31 (1993). Federal Courts have recognized this prohibition. *Pace v. Medco* 2013 WL 3233469 *4 (E.D. Ky).

Actions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious. Dunlap v. Cottman Transmission Systems, LLC, 754 SE 2d 313, 317 (Va. 2014); "[I]n Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed." Almy v. Grisham, 273 Va. 68, 80, 639 S.E.2d 182, 188 (2007) "Civil conspiracy is merely a method of establishing joint liability for the underlying tort."

Accordingly, all of Plaintiffs allegations derived from Title 18 of the Virginia Code must be dismissed as against Jason Kessler, as they are all defined as crimes under Virginia law[1] and are therefore not civilly actionable.

    b. <u>Remainder of Plaintiffs complaint fails to state a claim against moving defendants</u>

Conclusory and speculative allegations are insufficient to state a claim under federal law. Painter's Mill Grille, LLC v. Brown, 716 F. 3d 342, 349 (4th Cir. 2013.) The standard is the same in Virginia state courts. Squire v. Virginia Housing Dev. Auth., 758 SE 2d 55, 66 (Va. 2014.)

The Plaintiffs, collectively, failed to state sufficiently specific factual allegations against Jason Kessler. Rather the complaint is peppered with conclusory generalizations such as that Kessler had a discriminatory intent[2], was a chat room moderator[3] or that Kessler and others "all agreed and coordinated with, and among each other to plan, organize, promote, and commit the unlawful acts that injured Plaintiffs and countless

---

[1] As against moving defendant, Plaintiffs criminal code claims are located at Complaint ¶ 323.
[2] Complaint ¶50
[3] Complaint ¶70

3

others in Charlottesville. They also coordinated with numerous unnamed and named co-conspirators."[4]

Plaintiffs fail, throughout their complaint, to put any factual meat on these conclusory bones. Importantly, Plaintiffs never explain specifically how Kessler personally did anything to them nor how Kessler "conspired" with anybody other to do anything other than the same. Individual Plaintiffs allegations fair no better.

1. **Plaintiff Elizabeth Sines**

Plaintiff Sines alleges only that she "observed"[5], or "witnessed"[6] various events until the Complaint deals with the vehicular incident involving defendant James Fields. Plaintiffs have been ethical enough not to try to blame all rally participants for the actions of James Fields.

Ms. Sines specifically does not allege that she was victimized in any way except by the vehicular incident. She only describes any damages as flowing from the vehicular incident.[7] Accordingly, Sines has failed to state any claim against defendant Kessler.

2. **Plaintiff Seth Wispelwey**

Plaintiff Wispelwey makes no specific allegations whatsoever against Jason Kessler. At Complaint paragraphs 192 through 194 Wispelwey describes being knocked down by "heavily armed militiamen and extremists" but nowhere does the Complaint allege that Kessler answers to that description. Nor do plaintiffs specifically allege whether or how Kessler conspired with such heavily armed men to knock Wispelwey or

---

[4] Complaint ¶63.
[5] Complaint ¶147
[6] Complaint ¶157
[7] Complaint ¶271

4

anyone else to the ground. Accordingly, Wispelwey has failed to state any claim against Kessler.

### 3. Plaintiff Marissa Blair

Plaintiff Blair makes no allegations whatsoever against Jason Kessler. All her claimed damages flow from the vehicular incident.[8] Accordingly, Blair has failed to state any claim against Kessler.

### 4. Plaintiff Tyler Magill

Plaintiff Magill claims that unidentified persons threw lighter fluid on him.[9] He then claims that unidentified persons threw torches and that defendant Robert Ray yelled a sentence.[10] Magill specifically does not claim torches were thrown at him or that Ray or anybody else threatened him personally.

Magill then claims, astonishingly, that he suffered a stroke no less than four days later that he wishes to claim as damages. Aside from the extreme unlikelihood of Magill being able to successfully link his stroke to a four-day old event, Magill never explains how Kessler was in any way personally responsible for the actions he complains of nor how he conspired with others to perpetrate any of the things he complains of. Accordingly, Magill has failed to state any claim against Jason Kessler.

### 5. Plaintiff April Muniz

Plaintiff Muniz claims she was intimidated and harassed in a non-specified way by non-specified persons.[11] Her other factual claims are exclusively about the vehicular incident. Though Plaintiff Muniz claims she was the victim of "countless" tortious acts

---

[8] Complaint ¶264
[9] Complaint ¶156
[10] Id.
[11] Complaint at ¶12 and 203

other than the vehicular incident[12], she fails to specifically describe those acts anywhere in the complaint.

Muniz also fails to specify how Kessler conspired with others to, or personally, perpetrated any of the acts she complains of. Accordingly, Muniz has failed to state any claim against Jason Kessler.

### 6. Plaintiff Hannah Pearce

Plaintiff Pearce claims that she and family members pictures were taken and posted to the internet but specifically not by Kessler.[13] She goes on to claim that her synagogue moved some religious items for reasons she does not link to moving defendants[14], and to claim she was intimidated by unidentified persons who wore uniforms, carried "semi-automatic" weapons, carried signs attacking her religion and shouted words she found intimidating and/or offensive. [15] Pearce then alleges that a "foul smelling liquid" was later thrown at her and hit one of her legs.[16]

Plaintiff Pearce also complains that she witnessed other people fighting and so had to relocate herself, and that her son, long after the relevant events, was given a writing prompt at school that he answered with reference to "Nazis". [17]

Pearce fails to link Jason Kessler either with uniforms and weapons, with signs and shouting outside her synagogue, with the throwing of liquid, or with writing prompts. Pearce specifically fails to allege that Kessler did anything at all to her or specifically

---

[12] Complaint ¶269.
[13] Complaint ¶14.
[14] Complaint ¶128.
[15] Complaint ¶187.
[16] Complaint ¶202.
[17] Complaint ¶203 and 272.

6

how he conspired to get others to do any of the things she complains of. Accordingly, Pearce has failed to state any claim against Jason Kessler.

### 7. Plaintiff Marcus Martin

Plaintiff Martin makes no allegations whatsoever against Kessler. All his claimed damages flow from the vehicular incident.[18] Accordingly, Martin has failed to state any claim against Jason Kessler.

### 8. Plaintiff John Doe

Plaintiff John Doe claims he was victimized during the alleged torch throwing incident at the Rotunda.[19] John Doe never identifies Kessler as assaulting or otherwise mistreating him. Nor does Doe ever allege specifically how Kessler conspired to have anybody do any of the thing Doe complains of.

Accordingly, John Doe has failed to state any claim against Jason Kessler.

### 9. Plaintiffs Jane Doe 1, 2, and 3.

Plaintiff Jane Does make the same or similar various and sundry allegations as the above Plaintiffs and those allegations fail as they suffer from the same legally insufficient and conclusory based defects as listed above.

The Jane Does other damages all stem from the vehicular incident. Like the other Plaintiffs the Jane Does do not even allege that Jason Kessler had anything to do with the vehicular incident nor do they allege how Kessler conspired to have James Fields do anything.

Accordingly, the Jane Does have failed to state any claim against Jason Kessler.

---

[18] Complaint ¶264
[19] Complaint ¶152-157

For the reasons stated, all claims against defendant Jason Kessler must be dismissed.

Respectfully Submitted,

s/ **Elmer Woodard**
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

S/ **James E. Kolenich** (PHV)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati OH 45249
Phone: 513.444.2150
Fax: 513.297.6065
e-mail: Jek318@gmail.com

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via the Court's ECF system on December 7, 2017 upon:

All parties of record. One party is entitled to or has requested service by other means and said party has been served by regular US mail as follows:
Mr. Michael Enoch Peinovich
PO Box 1069
Hopewell Junction, NY 12533

s/ **Elmer Woodard**
_____
E. Woodard (VSB 27734)