UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, JOHN DOE, JANE DOE 1, JANE
DOE 2, AND JANE DOE 3,

           Plaintiffs,

v.                                         Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES ALEX
FIELDS, JR., VANGUARD AMERICA,
ANDREW ANGLIN, MOONBASE
HOLDINGS, LLC, ROBERT "AZZMADOR"
RAY, NATHAN DAMIGO, ELLIOTT
KLINE a/k/a ELI MOSELEY, IDENTITY
EVROPA, MATTHEW HEIMBACH, MATTHEW
PARROTT a/k/a DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS, LEAGUE
OF THE SOUTH, JEFF SCHOEP, NATIONAL
SOCIALIST MOVEMENT, NATIONALIST
FRONT, AUGUSTUS SOL INVICTUS,
FRATERNAL ORDER OF THE ALT-KNIGHTS,
MICHAEL "ENOCH" PEINOVICH, LOYAL
WHITE KNIGHTS OF THE KU KLUX KLAN,
and EAST COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF THE
TRUE INVISIBLE EMPIRE,

           Defendants.

MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED
UNDER PSEUDONYMS

1

COMES NOW the Defendant, James Alex Fields, Jr., ("Fields"), by counsel, and for his Memorandum in Opposition to Plaintiffs' Motion to Proceed Under Pseudonyms states as follows:

## INTRODUCTION

While Fields has no choice in his identity being public and associated with the multitude of co-Defendants with which he had no contact prior to the rally, Plaintiffs seek to avoid their identity being associated with this suit. The allegations of the Complaint and Plaintiffs unsupported accusations that Defendants intended or conspired to cause violence and harassment in Charlottesville need not be taken as true for purposes of this motion. Plaintiffs filed this suit against Defendant and a number of individuals and groups that attended the rally in Charlottesville, Virginia. They are seeking serious redress and making numerous damaging allegations against Fields and co-Defendants. For purposes of this motion to keep their identities a secret, the only consideration should be the five factors laid out in *James v. Jacbson*, 6 F.3d 233 (1993) and progeny as properly supported by factual allegations before this Court by affidavits. The relief sought by Plaintiffs is extraordinary relief and should not be granted in this case.

## ARGUMENT

The five factors for this Court to consider are appropriately documented in Plaintiffs' motion. In shorthand, Fields summarizes them as follows:

1) Is a pseudonym needed to preserve privacy in a matter of sensitive and highly personal nature?

2) Does identification pose a risk of retaliatory physical or mental harm to the requesting party?

3) The ages of persons whose privacy interest are sought to be protected.

4) Whether the actions is against a governmental or private party.

5) The risk of unfairness to the opposing party.

*See, James v. Jacboson*, 6F.3d 233, 238 (4th Cir. 1993)

In reviewing Plaintiffs' motion, Fields argues only the second factor in any way supports Plaintiffs arguments in this case, and it is substantially outweighed by prejudice to Defendants.

Factor one is inapplicable to all Does, but particularly to John Doe. As to Jane Does 1, 2, and 3, the argument appears to be that they do not want anyone to associate them with their religion. Merely identifying them by name would not disclose their religion, and many people attended meetings at Congregation Beth Israel prior to the rally according to the allegations of Plaintiff's complaint. So mere physical presence at that synagogue, which Plaintiff's alleged in the Complaint would not identify their religion.

Factor three is inapplicable as per the Exhibits all are adults.

Factor four is in applicable as this suit is against private parties and entities.

This Court is left to balance the Plaintiffs' risk of further retaliatory harm against the prejudice to Fields and other Defendants. Plaintiffs' arguments as to the expectation of

3

retaliatory physical harm amount to restating their version of the events of the incident sued upon, which are very much in dispute. The facts alleged can be summed up as follows: Plaintiffs were present when Fields was involved in an automobile accident and when co-Defendants exercised their First Amendment rights during a rally on August 12; and Plaintiffs apparently are aware of every post on social media or every podcast of all co-Defendants including ones they allege, without support, incite violence. The balance of allegations are of past encounters during a highly publicized political rally that Plaintiffs voluntarily attended to protest. None of these allegations support an assumption that Plaintiffs are in danger of any such interactions without making the personal decision to attend another political rally involving Defendants to engage in protest, counter or otherwise, in the future. Further, Plaintiffs' summary allegations that "Defendants are well-known for publicly revealing and disseminating the identities of people who speak out against them, encouraging and eliciting further threats of violence, and potentially acts of violence, against innocent people – such as the Doe Plaintiffs – who oppose Defendants race-based hatred" is wholly unsupported by any facts or evidence. Fields also notes that as to John Doe, upon information and belief from news coverage, Marcus Martin – a named Plaintiff in this suit - also appears to be an African-American male.

As to the risk of unfairness and prejudice to Defendants and Fields in particular, Plaintiffs allege physical injuries and emotional harms as a result of the alleged actions. Fields must be permitted to conduct discovery into all Plaintiffs measures of damages to provide an adequate defense and evaluate the merits of Plaintiffs' cases. This discovery

4

must include subpoenas for claimed and prior medical and psychiatric records of Plaintiffs and potentially electronic discovery of social media accounts and actions of Plaintiffs in the weeks and months leading up to the rally. Denying Fields access to these discovery tools for even a limited period of time hampers his investigation and defense of these serious claims and allegations against him. Without knowing the identities of Plaintiffs, Fields cannot conduct adequate discovery.

Finally, to the extent Plaintiffs argue this memorandum is untimely, Fields directs the Court to *Jacboson*, 6 F.3d at 238 stating "there is a judicial duty to inquire in to the circumstances of particular cases" for this determination. Said another way, the right to proceed under a pseudonym or fictitious name should not be granted automatically even if no opposing party objected.

Wherefore, Defendant JAMES ALEX FIELDS, JR. requests this Court deny Plaintiffs Does' motion to Proceed under a pseudonym as granting this motion would prejudice Fields and other Defendants defense of the case and would violate the crucial interests served by open judicial proceedings.

Respectfully submitted,

/s/ David L. Campbell
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, DAVIS & GRAVATT, P.C.
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that on 28ᵀᴴ day of December, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Robert T. Cahill, Esquire
>Cooley, LLP
>11951 Freedom Drive, 14th Floor
>Reston, Virginia 20190-5656
>*Counsel for Plaintiff*
>
>Roberta A. Kaplan, Esquire
>Julie E. Fink, Esquire
>Kaplan & Company, LLP
>350 Fifth Avenue, Suite 7110
>New York, New York 10118
>
>Karen L. Dunn, Esquire
>William A. Isaacson, Esquire
>Boies Schiller Flexner LLP
>1401 New York Ave, NW
>Washington, DC 20005
>Philip M. Bowman, Esquire
>Boies Schiller Flexner LLP
>575 Lexington Avenue
>New York, New York 10022
>
>Alan Levine, Esquire
>Cooley LLP
>1114 Avenue of the Americas, 46th Floor
>New York, New York 10036
>
>David E. Mills, Esquire
>Cooley LLP
>1299 Pennsylvania Avenue, NW
>Suite 700
>Washington, DC 20004

Brian Jeffrey Jones, Esq.
106 W. South Street, Suite 211
Charlottesville, Virginia 22902
*Attorney for Defendants Michael Hill, Michael Tubbs, and the League of the South*

Elmer Woodard, Esquire
5661 US Hwy. 29
Blairs, Virginia 24527
*Attorney for Defendants Christopher Cantwell, Nathan Damigo, Matthew Heimbach, Identity Europa, Jason Kessler, Elliot Kline, National Socialist Movement, Nationalist Front, Matthew Parrott, Jeff Schoep, Traditionalist Worker Party, Vanguard America, and Robert Ray*

And I hereby certify that I served the documents by U.S. mail to the following non-filing users:

Michael Peinovich, Defendant *pro se*
PO Box 1069
Hopewell Junction, NY 12533

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
PO Box 54
Pellham, N.C. 27311

Richard Spencer, Defendant pro se
1001-A King Street
Alexandria, VA 22314

/s/ David L. Campbell
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, DAVIS & GRAVATT, P.C.
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

7

8