IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-72 |
| **Plaintiff** | : | Judge MOON |
| | : | |
| -v- | | |
| JASON KESSLER ET AL. | : | |
| | : | |
| **Defendants** | | |

_____

**MEMORANDUM IN SUPPORT OF MOVING DEFENDANTS MOTION TO DISMISS**
_____

1. **Federal Claims**

   a. **Applicable Law**

   42 U.S.C. § 1985(3) is not intended to serve as a "general federal tort law," Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). It therefore "does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979).

   In order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege that "the conspiracy was: (1) motivated by a

class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

The Supreme Court has recognized only two rights that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. Bray, 506 U.S. at 278; Tilton, 6 F.3d at 686-87.

The Thirteenth Amendment has been interpreted to encompass "the badges and incidents of slavery"[1]. Said Amendment also authorizes 42 U.S.C. § 1982 which statute provides that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property". [2]

To establish a cause of action for conspiracy under Section 1985, the plaintiff must prove the following: 1) a conspiracy of two or more persons, (2) who are motivated by a specific class based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Simmons v. Foe, 47 F.3d. 1370, 1376 (citing Buschi v.

---

[1] [s]urely Congress has the power under the Thirteenth Amendment rationally to determine what are the badges and the incidents of slavery, and the authority to translate that determination into effective legislation." Jones v. Alfred H. Mayer Co. 392 US 409, 440 (1968).

[2] § 1982 "bars all racial discrimination, private as well as public, in the sale or rental of property, and that the statute, thus construed, is a valid exercise of the power of Congress [under Section Two] to enforce the Thirteenth Amendment." Id. at 413; the Thirteenth Amendment "include[s] the power to eliminate all racial barriers to the acquisition of real and personal property." Id. at 439. See also Frazier v. Cooke 2017WL5560864 (E.D. VA) case holding sustained campaign of racial harassment at plaintiff's residence stated a §1982 "hold property" claim.

2

Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985). The plaintiff must show an agreement or a "meeting of the minds." Id. at 1377. It is well settled that where a conspiracy is alleged, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, similarly do not suffice." A Society Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011). The plaintiff must plead facts that amount more than "parallel conduct and a bare assertion of conspiracy," and must plausibly suggest agreement rather than being merely consistent with it. Id.

Plaintiffs "need not produce direct evidence of a meeting of the minds", they must present "specific circumstantial evidence that **each member** of the alleged conspiracy shared the same conspiratorial objective." (emphasis added) Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). A § 1985(3) claim is insufficient if "the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Simmons 47 F.3d at 1377.

If Plaintiffs fail to plead a § 1985 claim then their 42 USC § 1986 claim fails as a matter of law. Barr v. Virginia Alcohol Beverage Control (E.D. VA case#3:17-cv-326 7/28/17.)

### b. **Plaintiffs failed to plead a § 1982 claim**

To succeed on a 42 USC §1982 claim, a plaintiff must demonstrate that defendant impeded or restricted the use of his or her property on the basis of their race. See Bradley v. Carydale Enter., 730 F. Supp. 709, 717 (E.D. Va. 1989) (citing City of Memphis v. Greene, 451 U.S. 100, 120, (1981)). Impeding the peaceful holding of the property, at least over a sufficient period of time and through repeated unlawful incidents, states a §1982 claim. Frazier v. Cooke (2017 WL 5560864; ED VA 2017.)

3

In their "short and plain" 112 page Amended Complaint, Plaintiffs have, with one exception, failed to allege that any moving Defendant, or anyone else, impacted their acquisition or use of real or personal property.

The sole exception is Plaintiff Hannah Pearce. Ms. Pearce alleges[3] that three unidentified persons wearing uniforms and carrying "semi-automatic rifles" noticed her synagogue and proceeded to mock it with Nazi era language.

She then alleges that moving Defendant Robert Ray carried a banner containing anti-Semitic language, told an unidentified woman to put on a "burka" and mentioned the word "sharia", and stated ""Hitler did nothing wrong."[4]

Plaintiff Pearce goes on to allege that her synagogue has instituted new security procedures since the Unite the Right rally including the stationing of policemen to guard the property and that she now fears for her and her family's safety while at the synagogue.[5]

Plaintiffs do not claim any of the moving defendants were the men with guns. They do not claim that any of the pre-event discussions involved a synagogue or locating a synagogue and harassing it's attendees. They do not claim Robert Ray spoke to the men with guns, that he said or did anything to any Plaintiff, or that he even knew he was outside a synagogue. And, they do not specify the race of the unidentified woman Ray allegedly harassed.

Further, taking every word Ms. Pearce says as true, this was a one-off incident that lasted for a very short time. 42 U.S.C §1982 protects against race discrimination in acquisition, sale, or peaceful enjoyment of property. Defendants can locate no case where

---

[3] at Amended Complaint p.65 ¶202 (DE 175)
[4] Id.
[5] Id. at ¶ 205.

a transient, one off incident such as Plaintiff describes, has stated a "hold property" §1982 claim. In fact, it has been held that a single incident between neighbors, albeit egregious, was insufficient to state a Fair Housing Act claim.[6]

Here, Plaintiffs cannot even allege that any moving defendant is the synagogues neighbor. Accordingly, Plaintiffs have failed to state a 42 U.S.C. §1982 claim.

### c. Plaintiffs have failed to state a "badges and incidents of slavery" claim

While "badges and incidents of slavery" is not the clearest of legal doctrines, there does seem to be agreement that "racially motivated violence" is a badge or incident of slavery. US v. Cannon, 750 F. 3d 492, 501 (5th Cir. 2014).

Plaintiffs complaint is long on coarse internet language regarding non-whites and short on allegations of racial violence perpetrated by any moving defendant. The Amended Complaint identifies only Plaintiffs Muniz, John Doe, Romero, Martin, Blair and Pearce as non-White. Of these Muniz, Martin, and Blair only claim to have been assaulted during the vehicular incident involving defendant James Fields.[7]

Plaintiffs Romero and Doe allege they were assaulted by unidentified persons at a Rotunda by torch wielding Whites.[8] The Plaintiffs allege moving Defendants Kessler, Cantwell, Elliott Kline (aka "Mosley") and Robert Ray were among the torch wielding crowd. However, the only allegation made against these defendants was that they "directed and incited physical assaults and violence, the use of open flames, and the intimidation of minority residents and those who advocate for equal rights for minority

---

[6] Walton v. Claybridge Homeowners Ass'n, Inc., 191 Fed. App'x 446 (7th Cir. 2006). (case holding that a single incident where a white neighbor told a black neighbor "there is more than one way to lynch a nigger" was insufficient to state a §3617 Fair Housing Act claim.
[7] Fields is not a moving defendant relative to this motion.
[8] Amended Complaint at ¶165 et seq.

citizens." (Amended Complaint at ¶329.) There is no detail whatever added to those conclusory allegations.

Doe and Romero claim they were doused in flammable liquid and then had lit torches thrown at them by unidentified persons. They do not claim they were actually burned or that anyone or anything caught fire. Romero alleges she was spit on and had helmets swung at her. Plaintiff Sines claims to have witnessed all of this.

Yet Plaintiffs fail to allege any moving defendant participated in any of these violent behaviors. Plaintiffs do not allege that anyone made any racial comments before the assaults, nor that they were the only ones assaulted, or even that they were targeted because of their race.

Despite claiming the named moving defendants were part of the torch bearing crowd, Plaintiffs fail to accuse them of any assault or even of encouraging same with the exception of an allegation that moving defendant Cantwell deployed mace onto an unidentified person who is specifically not alleged to be one of the Plaintiffs.

Plaintiff Pearce claims she had a foul smelling liquid thrown at her, which hit one of her legs, by an unidentified person.[9] Pearce does not allege that any moving defendant threw the liquid.

Therefore, Plaintiffs have failed to state a badges and incidents of slavery claim against moving defendants.

d.  **Plaintiffs have failed to state a §1985 conspiracy claim**

As stated above Plaintiffs must do more than allege "parallel conduct and a bare assertion of conspiracy," and must plausibly suggest agreement rather than acts being

---

[9] Amended Complaint at ¶221. Pearce claims she was wearing a pin identifying her as Jewish at the time.

merely consistent with a conspiracy. And, Plaintiffs must do so for each member of the alleged conspiracy.[10]

Far from succeeding, Plaintiffs Amended Complaint is the very definition of conclusory. Though the word "conspire" or some version of it appears at least 185 times throughout the Amended Complaint no plausible allegation of a conspiracy either to commit racial violence or to interfere with housing or property rights for racial reasons makes an appearance.

A typical example is Amended Complaint ¶ 60 where Plaintiffs allege that "Defendants and their co-conspirators conspired to incite Violence and to threaten, intimidate, and harass the civilian population of Charlottesville, and in particular, racial, ethnic or religious minorities, and to commit other unlawful acts as described herein". Plaintiffs Amended Complaint is full of such conclusory language.

The Plaintiffs spend a lot of time detailing racially insulting language on the internet. Apparently, the Court is meant to conclude that this language is equivalent to a conspiracy to commit race-based violence or other actionable misconduct. But the Plaintiffs have failed to link moving defendants, as opposed to other parties and non parties, most of whom remain anonymous, to even much of the online banter much less an agreement to commit unlawful actions.

There is simply no plausible allegation in the Amended Complaint that moving defendants agreed to throw liquids at anyone, spit on anyone, throw torches at anyone, drive a car into anyone, otherwise assault anyone, or interfere with anyone's property rights.

---

[10] See p.3 above

Indeed, Plaintiffs Amended Complaint itself contains allegations that disprove the idea that racially insulting language equals a conspiracy to perpetrate racial violence or a foreseeability of the same happening. Amended Complaint ¶ 57-58 contains an allegation by Plaintiff Romero that she "peacefully protested" a "white supremacist" rally in Charlottesville about one month prior to the events complained of in this action.

The "white supremacists" in question are claimed to have been "Klansmen" known as Loyal White Knights. Said Knights carried signs with racially provocative language on them. Yet Romero does not allege she was assaulted or threatened or even frightened at this "white supremacist" march. She does not mention any violence at all.

Therefore, plaintiffs Amended Complaint, taken as true, alleges that it is possible to belong to a "racist" organization and show up in Charlottesville to march around with "racist" signs prominently displayed, and yet for violence not to occur. Thus, through Plaintiffs own words, saying racially insulting things and carrying racially insulting signs in Charlottesville does not inevitably or foreseeably equal violence or other illegality.

Accordingly, Plaintiffs have failed to state a 42 U.S.C. §1985 claim. Since that is true plaintiffs have also failed to state the derivative §1986 claim. All federal claims against all moving defendants must be dismissed.

**State Law Claims**

    a. **Plaintiffs fail to state a claim for Virginia civil conspiracy**

Civil claims based on criminal code not allowed in Virginia

Virginia law does not allow for a civil cause of action based on violations of criminal statutes. *Vansant & Gusler, Inc. v. Washington* 245 Va. 356, 429 S.E.2d 31

(1993). Federal Courts have recognized this prohibition. *Pace v. Medco* 2013 WL 3233469 *4 (E.D. Ky).

Accordingly, all of Plaintiffs allegations derived from Title 18 of the Virginia Code must be dismissed as against moving defendants, as they are all defined as crimes under Virginia law[11] and are therefore not civilly actionable.

### Plaintiffs fail to properly plead a conspiracy

In Virginia, "The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the **formed conspiracy** and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means." (emphasis added) Gelber v. Glock, 800 SE 2d 800, 820 - Va: Supreme Court 2017. The object of a civil conspiracy claim is to spread liability to persons other than the primary tortfeasor. Id. at 821.

As is their way, Plaintiffs have failed to make any credible allegation that any moving defendant came to any agreement with anybody, to do anything, other than march and chant in Charlottesville. Plaintiffs state that a lot of things happened, but fail to establish how any moving defendant planned any of those things, or anything that could foreseeably lead to any of those things, prior to the occurrence of a complained of event.

Plaintiffs have failed to properly allege any formed conspiracy, nor have they identified any primary tortfeasor[12] whose liability they wish to spread. Accordingly, the Virginia civil conspiracy claim must be dismissed against the moving defendants.

---

[11] See Virginia Code 18.2 Crimes and Offenses Generally
[12] With the exception of their weak attempt to claim moving defendants conspired with defendant James Fields to drive his car into a crowd of people.

9

**Plaintiffs fail to properly allege a conspiracy with James Fields**

Plaintiffs allege, frivolously, that moving defendants conspired with defendant James Fields to drive Fields car into a crowd of pedestrians. [13] The amended complaints attempt at this allegation consists entirely of 1) moving defendant Heimbach telling a police officer to "step on the gas" when the officer slowed for protestors in the street[14], Fox News and Daily Caller posting articles about persons pushing protestors out of the way with their cars around the country[15], and an unidentified person whom Plaintiffs do not even allege is one of the moving defendants posting internet memes about running down protestors with fictional equipment.[16]

Nowhere do Plaintiffs allege any moving defendant gave so much as a thumbs up emoji in response to any of these internet postings. As such, any part of the Complaint alleging liability for anyone other than James Fields as to the fatal traffic incident must be dismissed as against the moving defendants.

**Plaintiffs fail to properly allege a violation of Virginia Code 8.01-42.1**

Plaintiffs Count V is not pled as a conspiracy count but a generic state tort. The only moving defendants attacked by Count V are Elliott Kline (aka Mosely), Kessler, Ray, and Cantwell.

Plaintiff Wispelwey complains only about a non-moving defendant accosting him on the street about his religious denomination. Plaintiff Magill claims he was attacked at the Rotunda but does not identify any moving defendant as attacking him nor verbally harassing him. Plaintiff Muniz complains only about the James Fields vehicular incident.

---

[13] Amended Complaint at ¶23
[14] Amended Complaint at p. 74
[15] Id.
[16] Id. at pgs. 75-76.

Plaintiff John Doe claims he was attacked at the Rotunda but does not identify any moving defendant as attacking him. Plaintiff Sines claims she heard unidentified marchers chanting harassing slogans and witnessed the attack at the Rotunda but does not claim any moving defendant chanted any slogan nor attacked her at the Rotunda.

Plaintiffs Blair, Martin, and Alvarado complain only about the James Fields vehicular incident. Lastly, Plaintiff Romero complains primarily about the James Fields vehicular incident but also complains she was attacked at the Rotunda. Ms. Romero does not identify any moving defendant as attacking her or saying any harassing thing to her as opposed to merely being present.

**Conclusion**

For the reasons stated, all claims against all moving defendants must be dismissed.

Respectfully Submitted,

s/ **Elmer Woodard**
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

S/ **James E. Kolenich** (PHV)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati OH 45249
Phone: 513.444.2150
Fax: 513.297.6065
e-mail: Jek318@gmail.com

11

## CERTIFICATE OF SERVICE

I hereby certify the above was served via the Court's ECF system on January 26, 2018 upon:

All parties of record. One party is entitled to or has requested service by other means and said party has been served by regular US mail/ electronic mail as follows:
Mr. Michael Enoch Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

s/ **Elmer Woodard**
_____
E. Woodard (VSB 27734)