Case 3:17-cv-00072-NKM-JCH   Document 222   Filed 02/13/18   Page

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

02/13/2018

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on the Doe Plaintiffs' Motion to Proceed Under Pseudonyms, ECF No. 98, and Motion to Strike Defendant James Fields's response in opposition as untimely filed, ECF No. 164.[1] The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the parties' filings and a hearing would not aid the decisional process. The Doe Plaintiffs' motion to strike, ECF No. 164, is hereby **DENIED**, and the Court will consider Defendant Fields's response in opposition, ECF No. 162, to Plaintiffs' motion to proceed pseudonymously.

"Federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). District courts evaluating a plaintiff's request to proceed pseudonymously should consider: (1) whether the plaintiff has a sensitive and personal privacy interest; (2) whether identification poses a risk of retaliatory harm; (3) the ages of persons whose privacy interests are sought to be protected; (4) whether the plaintiff challenges a government entity versus a private party; and (5) the risk of unfairness to the defendant. *See id.*

---

[1] In their reply brief, Plaintiffs note that the three Jane Does decided to withdraw as plaintiffs from the lawsuit. Pls.' Reply Br. 2 n.1, ECF No. 174; *see also* Am. Compl., ECF No. 175.

1

at 238. Having considered the parties' arguments, *see* ECF Nos. 98, 162, 174, the Court finds that John Doe should be permitted to proceed pseudonymously. The potential for retaliatory harm or harassment against named parties in this case is particularly pressing and, unlike Defendant Fields, John Doe's identity is not associated in the general public with the alleged events underlying this lawsuit. Accordingly, the Doe Plaintiffs' Motion to Proceed Under Pseudonyms, ECF No. 98, is hereby **GRANTED** and the Court **DIRECTS** that John Doe may continue to proceed under a fictitious name.

It is so ORDERED.

ENTER: February 13, 2018

Joel C. Hoppe
United States Magistrate Judge