# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, ET AL., | Case No. 3:17-cv-00072-NKM |
| Plaintiffs, | Hon. Norman K. Moon |
| v. | |
| JASON KESSLER, ET AL., | |
| Defendants. | |

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
FEB 14 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

## DEFENDANT MICHAEL PEINOVICH'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS

Defendant Michael Peinovich, Pro Se, submits this memorandum in support of his motion to stay discovery pending resolution of his motion to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

Intimidate. Overwhelm. Bankrupt. Silence. Destroy. These are the manifest goals of plaintiffs' hectoring lawsuit. A major weapon – perhaps the primary weapon – in the plaintiffs' armory for accomplishing their goals is broad, invasive, and expensive discovery. And plaintiffs, represented by more than a dozen big firm attorneys, have the resources to use this weapon to great effect against the defendants, many of them indigent, many forced to proceed pro se, and all decried as haters and racists in the mainstream media.

Plaintiffs have wasted no time in implementing their coordinated attack to overwhelm the defendants. After filing a 110 page amended complaint on January 5, 2018, plaintiffs served broad and invasive document requests and interrogatories (discussed below) on Peinovich and other defendants less than two weeks later, on January 18, 2018. They did so even though Peinovich and the other defendants had filed motions to dismiss plaintiffs' initial complaint and,

1

as plaintiffs surely knew, intended to file, and have now filed, motions to dismiss the amended complaint.

The motions to dismiss filed by Peinovich and the other defendants present compelling arguments grounded in basic First Amendment and *Twombly* pleading jurisprudence for the dismissal of plaintiffs' harassing amended complaint in its entirety. Moreover, the burdens on Peinovich and the other defendants to respond to plaintiffs' broad and invasive discovery are extreme, and there is no urgency requiring the parties to proceed to discovery while the motions to dismiss are pending. Further, merely allowing plaintiffs' lawfare-style discovery to proceed despite the pending motions to dismiss in itself has a chilling effect on First Amendment freedoms of the defendants, indeed all Americans. For these and other reasons set forth below, Peinovich respectfully requests that discovery in this case be stayed pending resolution of his and the other defendants' motions to dismiss.

## BACKGROUND

Plaintiffs filed their initial complaint on October 11, 2017 (Docket Entry # 1). Within a month numerous defendants had filed motions to dismiss (e.g., DE ## 93, 99, 104, 111). Peinovich filed his motion to dismiss and supporting memorandum, pro se, on November 21, 2017 (DE ## 117, 118). Plaintiffs responded to the motions to dismiss by filing an amended complaint on January 5, 2008 (DE #175). Numerous defendants then filed motions to dismiss the amended complaint (e.g., DE ## 201, 204, 206, 207, 209). Peinovich filed a motion to dismiss the amended complaint and supporting memorandum on January 31, 2018 (DE ## 212, 213).

On January 25, 2018, plaintiffs served document requests and interrogatories on the defendants. Among other document requests were the following:

2

**REQUEST FOR PRODUCTION NO. 1**:

All Documents and Communications concerning the Events, including without limitation all documents and communications:

i. concerning any preparation, planning, transportation to, or coordination for, the Events, including receipts, bills and credit card statements reflecting costs for transportation, lodging, apparel, gear, or any other material purchased for the Events;

ii. concerning any instructions or coordination relating to the Events, including security details, what to wear, what to bring, when to meet, where to meet, what to say, and any other logistical information or arrangements;

iii. that are Social Media documents concerning the Events;

iv. you created during the Events, including Social Media, text messages, video, and photographs;

v. concerning African Americans, Jewish individuals, or other religious, racial, or ethnic minorities that relate in any way to the Events;

vi. concerning any statement or action attributed to You in the Amended Complaint; or

vii. concerning any allegation of an altercation, violent act, injury, or instance of intimidation or harassment that occurred during the Rally, including but not limited to James Fields' vehicular incident; or

viii. concerning any funding of the Events, including for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or the planning thereof).

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way.

* * * *

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence.

**REQUEST FOR PRODUCTION NO. 5:**

For any Social Media account You had from January 1, 2015, to the present:

i. Documents and Communication sufficient to show the account home page, and all uses of Social Media for that account that reference or concern the Events or Defendants in any way.

ii. Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events.

The interrogatories comprised the following:

1. Identify all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of

4

communication, identify all names, aliases, e-mail addresses, phone numbers, and Social Media Handles you used in connection with such communications, including the 18-digit account identifier associated with any Discord account used by You. Means of communications include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social Media, email, SMS messages, podcasts, and online video.

2. Identify any "channel" or "server" on Discord to which you had access.
3. Identify all persons (natural or non-natural) with whom you communicated concerning the Events, whether before, during, or after the Events.
4. Identify all Electronic Devices used by you to communicate concerning the Events, whether before, during, or after the Events.

Plaintiffs have also announced their intention to serve broad document requests via subpoena on Twitter, Inc. and numerous other persons and entities.

## ARGUMENT

Pursuant to Fed.R.Civ.26(c), the Court has discretion to stay discovery upon a showing of "good cause." In determining whether good cause exists, courts should weigh competing interests. *See, e.g., Landis v. North Am. Co.*, 248, 255 (1936); *McMillian v. North Carolina Central Prison*, 2011 WL 4433816 at * 1-2 (E.D.N.C. Sep. 22, 2011); *Spencer Trask Software and Information Services, LLC. V. RPost International, LTD*, 206 F.R.D. 367, 367 (S.D.N.Y. 2002); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076 at * 1 (S.D.N.Y. Sep. 1, 2009) (holding that in deciding whether good cause exists to stay discovery pending resolution of a motion to dismiss, courts have considered the breadth

of discovery sought, the burden of responding to it, and the strength of the pending motion to dismiss). Courts repeatedly have stayed discovery where a motion to dismiss raises meritorious arguments that would dispose of the entire action because such a stay promotes efficiency and preserves judicial economy. *See, e.g., Chaudhry v. Mobil Oil Co.,* 186 F.3d 502, 509 (4th Cir. 1999) (affirming trial court's stay of discovery pending resolution of motion to dismiss); *Rutherford v. City of Newport News*, 919 F. Supp. 885, 888 (E.D. Va. 1996) (discovery previously stayed pending resolution of a dispositive motion); *Tilley v. United States*, 270 F.Supp.2d 731, 734 (M.D.N.C. 2003) (stay of discovery pending resolution of dispositive motion), *aff'd*, 85 F. App'x 333 (4th Cir. 2004); *Anderson v. United States Attorneys Office*, 1992 WL 159186 at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending"); *Picture Patents LLC v. Terra Holdings LLC*, 2008 WL 5099947 at *2 (S.D.N.Y. Dec. 3, 2008) (staying discovery pending Rule 12(b)(1) motion to dismiss); *United States v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (concluding that stay should issue because "the cost of discovery, coupled with the diversion of employees' time and attention from [defendant's] business to focus on retrieval of discovery . . . would be an unnecessary expense in the event that [defendant's] motion to dismiss is ultimately granted.").

The factors relevant to a determination of good cause in this case all weigh decisively in favor of a stay of discovery.

**Burdens.** As noted above, plaintiffs' discovery requests are blatantly overbroad and oppressive, e.g., requesting, *inter alia,* "[a]ll Documents and Communications concerning the Events, including . . . all documents and communications: . . . that are Social Media documents

6

concerning the Events . . . concerning African Americans, Jewish individuals, or other religious, racial, or ethnic minorities that relate in any way to the Events . . . concerning any funding of the Events, including for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or the planning thereof). . . concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence. . . Documents and Communication sufficient to show the account home page, and all uses of Social Media for that account that reference or concern the Events or Defendants in any way. . . Documents and Communication sufficient to show all Your 'friends' and/or 'social connections' maintained on Your account, including their names, addresses, and social network usernames or handles. . . all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of communication, identify all names, aliases, e-mail addresses, phone numbers, and Social Media Handles you used in connection with such communications, including the 18-digit account identifier associated with any Discord account used by You. Means of communications include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social Media, email, SMS messages, podcasts, and online video."

The burden on Peinovich, and the other defendants, to respond to such harassing and highly objectionable discovery requests is tremendous. By contrast, the burden on plaintiffs to wait until after resolution of Peinovich's motion to dismiss is minimal, indeed nonexistent.

**Judicial Efficiency.** Plaintiffs' document requests and interrogatories are flagrantly abusive. Peinovich, accordingly, will have no option other than to challenge them, involving the

Court and the parties in contentious and lengthy discovery disputes. A stay of discovery will thus not only conserve the parties' resources but the Court's resources as well, as the Court will not be called upon to address discovery issues that may ultimately be moot if the motion to dismiss is granted. Just as courts have recognized that parties should not waste their resources on discovery pending a motion to dismiss, *see, e.g., Spencer Trask Software,* 206 F.R.D at 368, the same considerations should apply to the Court's resources.

**Merit of Motion to Dismiss**. As explained in Peinovich's motion to dismiss, Plaintiffs' amended complaint egregiously contravenes basic pleading standards under the Supreme Court's *Twombly* and *Iqbal* cases, fundamental First Amendment principles under the Supreme Court's *Snyder v. Phelps*, 562 U.S. 443 (2011), *Terminiello v. City of Chicago*, 337 U.S. 934 (1949), *Brandenburg v. Ohio*, 395 U.S. 444 (1969) cases, and the heckler's veto doctrine as explicated in the Sixth Circuit's recent *Bible Believers, et al. v. Wayne County, Michigan*, 805 F.3d 228 (6th Cir. 2015) case. Peinovich's motion is substantial and meritorious.

**First Amendment Context**. As plaintiffs know well, the mere fact of being subject to discovery requests as sweeping and invasive as plaintiffs have propounded has a chilling effect on defendants' willingness to exercise their First Amendment rights. Indeed, any person holding controversial and unpopular views will think twice about expressing them if discovery abuses such as plaintiffs are now attempting are not restrained.

**Agreement by Other Defendants**. Peinovich has contacted all but one of the other defendants in the case (one he was unable to contact) and all agreed to this motion to stay discovery.

## CONCLUSION

8

A stay of discovery pending resolution of a motion to dismiss "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979 (citations omitted) (discovery stayed pending resolution of dispositive motion). *See also Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609 at * 2 (E.D.N.Y. Feb. 26, 2009) (granting stay where "defendants have substantial arguments that would dispose of all the claims at issue in this action"). Accordingly, Peinovich respectfully requests that the Court enter an Order staying all discovery obligations in this case until after the Court has ruled on Peinovich's motion to dismiss.

Dated: February 9, 2018

Respectfully submitted,

Michael Peinovich, Pro Se

## CERTIFICATE OF SERVICE

On this 9th day of February, 2018, I Michael Peinovich certify that I mailed copies of this memorandum in support and the accompanying motion to:

Alan Levine Cooley LLP 1114 Avenue of the Americas, 46th Floor New York, NY 10036;

Christopher Bradford Greene, Julie Eden Fink, Roberta Ann Kaplan, Seguin Layton Strohmeier, Kaplan & Company, LLP 350 Fifth Avenue, Suite 7110 New York, NY 10118;

9

David E. Mills, Cooley LLP 1299 Pennsylvania Avenue, NW, Suite 700 Washington, DC 20004;

Joshua James Libling, Philip Matthew Bowman, Yotam Barkai, Boies Schiller Flexner, LLP 575 Lexington Avenue, 7th Floor New York, NY 10022;

Karen Leah Dunn, William Anthony Isaacson, Boies Schiller Flexner, LLP 1401 New York Avenue, NW Washington, DC 20005;

Robert T. Cahill, Cooley LLP 11951 Freedom Drive Reston, VA 20190;

Elmer Woodard, 5700 US Hwy 29 Blairs, VA 24527;

Justin Saunders Gravatt, Duane, Hauck, Davis & Gravatt, P.C. 100 West Franklin Street, Suite 100 Richmond, VA 23220;

Bryan Jeffrey Jones, Bryan J. Jones, Attorney at law 106 W. South Street, Suite 211 Charlottesville, VA 22902;

Richard Spencer, 1001A King Street, Alexandria, VA 22314.

/s/ Michael Peinovich

Michael Peinovich