UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ELIZABETH SINES, ET AL.,

Plaintiffs,

| v. |

JASON KESSLER, ET AL.,

Defendants. |

Case No. 3:17-cv-00072-NKM |

| Hon. Norman K. Moon

### DEFENDANT MICHAEL PEINOVICH'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENAS TO TWITTER, GODADDY, CLOUDFLARE, AND HATREON

Defendant Michael Peinovich, Pro Se, submits this memorandum in support of his motion to quash plaintiffs' subpoenas to Twitter, Inc., Godaddy.com, LLC, Cloudflare, LLC, and Hatreon, and for a protective order, pursuant to Fed. R. Civ. P. 45

### ARGUMENT

Rule 45 governs the issuance of subpoenas. To protect parties or non-parties from potential abuse of the subpoena power, a federal district court is empowered to grant a motion to quash or modify a subpoena. Rule 45(c)(3). The decision to quash or modify a subpoena is within the court's discretion; the court is under no obligation to employ the lesser remedy of modification before it may quash. *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (district court's decision to quash subpoena, rather than ordering modification, was within court's sound discretion).

Plaintiffs, in utter disregard of basic principles of free expression and relevancy, are attempting by means of broad subpoenas to Twitter, Inc. (Attached as Exhibit A), Godaddy.com.

1

LLC (Exhibit B), Cloudflare, Inc. (Exhibit C), and Hatreon (Exhibit D) to destroy Peinovich's talk show and vocation. The information plaintiffs seek is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have issued the subpoenas as a major step in their lawfare tactics to intimidate, silence, conduct surveillance on, and destroy Peinovich and the other defendants.

1. **Background**

Peinovich is the host of a podcast on therightstuff.biz that has tens of thousands of weekly listeners and is Peinovich's means of support.

Plaintiffs have issued subpoenas to the above-listed third parties seeking information that includes but is not limited to personally identifiable information on hundreds of thousands of private citizens who have done nothing more than visit a website. Plaintiffs are seeking personally identifiable information on visitors to dailystormer.com, alright.com and therightstuff.biz for the dates August 1 to August 19, 2017, as well as a multitude of other documents concerning the free speech rally on August 12, any tweets with particular hashtags, and personally identifiable information about any twitter users that tweeted using those hashtags.

Plaintiffs have served similarly overbroad and harassing discovery requests on Peinovich and other defendants, even though Peinovich and other defendants have filed well-grounded motions to dismiss plaintiffs' SLAPP-like amended complaint. Peinovich has filed a motion to stay plaintiffs' discovery pending resolution of the motions to dismiss.

2. **Peinovich Has Standing to Oppose Plaintiffs' Subpoenas.**

Although the subpoenas are not directed to him, Peinovich has a personal right and privilege with respect to the subject matter of the subpoenas. Peinovich hosts a podcast on a

website in which the privacy and security of visitors are important. Allowing plaintiffs' subpoenas would cause irreparable harm to Peinovich, as visitors to his website would no longer feel they can browse this entirely legal, politically controversial, free speech oriented content without fear of a political witch hunt the likes of which plaintiffs are attempting to carry out through the Court. The loss of visitors and users due to the release of personal information of this type would irreparably damage Peinovich's reputation and ability to earn a living.

### 3. Plaintiffs' Subpoenas Are Overbroad, Harassing, and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

The subpoena requests to the above-listed third parties are extremely broad and ask for information that has no relevance to the case at hand. The information requested, in particular the request for traffic logs to the websites dailystormer.com, altright.com and therightstuff.biz for the dates of August 1 to August 19, 2017, cannot reasonably be seen as attempts to secure evidence that would help the plaintiffs' lawfare complaint, which fails to state any credible allegations or valid causes of action against defendants. The request for visitor logs to these three websites, including personally identifiable information such as IP and MAC addresses for all visitors, can only be seen as an intelligence gathering operation in which plaintiffs are seeking targets for intimidation and harassment.

Plaintiffs cannot reasonably sift through the personally identifiable information of hundreds of thousands of website visitors and find anything of relevance to their complaint. What would they hope to find? That among the hundreds of thousands of visitors to these websites there were likely other attendees to the Unite the Right rally and other defendants named in this lawsuit? This is something that can already be reasonably inferred, and not

something any defendants would be likely to dispute. Peinovich freely acknowledges that between August 1 and August 19, 2017 he visited all three of the websites above. What information relevant to plaintiffs' complaint is revealed by this? If this information does not enhance plaintiffs' case as to Peinovich alone, which it obviously does not, how could it further their case when it comes to any of the other individuals that have visited these sites? Plaintiffs themselves were likely visitors to these websites during the timeframe in question. There is nothing illegal or conspiratorial about simply browsing a website, no matter how much plaintiffs wish that were not the case.

## CONCLUSION

These subpoena requests are not innocent and have in fact tipped the plaintiffs' hand as to their true intentions. They know their complaint contravenes basic First Amendment principles and do not expect to win this case. Rather, they hope to use the Court's subpoena power to gather intelligence on individuals they disagree with politically in order to target them for harassment. Not only is the information requested not necessary or relevant to the plaintiffs' case but its release risks harming numerous people, including Peinovich, if granted. It also will injure risk the privacy rights of hundreds of thousands of individuals and the reputations of the various companies named above, all of whom would likely suffer reduced subscriber and user counts because the individuals cannot trust that their information will be kept private by these companies. It would also have a chilling effect on free speech generally as individuals who would like to consume or produce politically incorrect, conservative, pro-Trump, pro-white, right wing, or other controversial content would feel they may be subject to doxing, intimidation, and harassment.

These information requests are a part of a larger pattern of plaintiffs' behavior that reveals their true intention is to gather information on defendants and their associates, friends, family and fans in an effort to subject them to harassment. This case is a political witch hunt, not a serious case attempting to redress thus far unspecified damages or rights violations, and permitting these subpoenas would represent the only victory plaintiffs can hope to achieve, as well as a loss for basic privacy rights and free speech. The subpoenas cannot possibly help plaintiffs' case and would irreparably harm Peinovich, the companies that were subpoenaed, hundreds of thousands of private internet users, and the cause of free speech itself.

For the foregoing reasons, Peinovich respectfully requests that the Court quash plaintiffs' subpoenas to Twitter, GoDaddy, Cloudflare, and Hatreon and grant Peinovich's Motion for a Protective Order.

Dated: February 14, 2018

Respectfully submitted,

Michael Peinovich, Pro Se