UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

                    Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

                    Defendants.

**Civil Action No.** 3:17-cv-00072-NKM

**PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO TWITTER, INC.**

1

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 1999 Harrison Street, Suite 900, Oakland, CA 94612, within 30 days of service, as provided under the Federal Rules of Civil Procedure. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2. The present tense shall be construed to include the past tense and vice-versa. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

4. The word "any" shall be construed to include "all" and vice-versa.

5. The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

6. The terms "communication" and "communications" are defined to include any tweet or direct message on Twitter, and incorporate any image or audiovisual media included in the tweet or direct message.

7. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

8. A draft of a non-identical copy is considered a separate document.

9. The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

10. The terms "you" and "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

11. The term "including" shall be construed as "including, but not limited to."

12. You should construe negative terms to include the positive, and vice-versa. For example, you should construe the word "preference" to mean "preference or lack of preference."

13. The term "Topics" refers to all phrase or words that immediately follow "#" or the hashtag, including, but not limited to, the following: #UniteTheRight, #Charlottesville, #KKK, #HeatherHeyer, #AltRight, #RadicalAgenda, #DailyStormer, #UTR, #BackToCharlottesville, #ChrisCantwell, #Cantwell, #FreeCantwell, and #ItsOkayToBeWhite. The case of the lettering used in the Topic is immaterial; any Topics that include these letters presented in that order, whether lowercase or uppercase, should be produced as responsive. For the avoidance of doubt, "#KKK" is the same as "#kkk" and the same as "#kKk."

14. The term "Twitter handle" begins with "@" followed by the handle made up of letters and numbers.

15. The term "Active Users" refers to any accounts that can still send tweets as of the date of the production.

16. The term "Inactive Users" refers to any accounts that can no longer send tweets as of the date of the production of the responsive data whether because the account has been deleted or because a search for the account on Twitter results in the message "**Account suspended** This account has been suspended. Learn more about why Twitter suspends accounts, or return to your timeline."

17. The term "User" refers to all Active Users and all Inactive Users.

18. The term "account" refers to the data associated with a Twitter handle, including the Twitter handle following, the Twitter handle it follows, the tweets from that Twitter handle, the timeline associated with that Twitter handle, the direct messages associated with the Twitter

4

handle, and any data such as the user name, location, or associated website for that Twitter handle.

19. The term "Primary Users" refers to the accounts associated with the following Twitter handles regardless of whether the account in question is an Active or Inactive User: @TheMadDimension, @RichardBSpencer, @DrDavidDuke, @NathanDomigo, @IdentityEvropa, @MatthewParrott, @EmperorInvictus, @ProudBoysUSA, @FOAKUSA, @mikeenochsback, @Eric_StrikerDS, @ProudBoysFOAK, @Azzmador, @EliMosleyIE, @ThatEliMosley, @MatthewHeimbach, @TradWorker, @TradYouth, @michaelhill51, @VanAmAmerica, @dixinetdotorg, @natfrontunity, @realdrkneuss, and @nsm88.

20. The term "Secondary Users" means any User that communicated with the Primary Users between June 1, 2017 and August 19, 2017.

21. A communication is considered sent to a Twitter handle when it includes that Twitter handle.

22. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original. In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

23. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts,

5

revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

24. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors, and franchisees; each other person directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

25. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

26. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

27. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

28. Documents attached to each other should not be separated.

29. If identical copies of a document are in the possession, custody, or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

30. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

31. If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

32. If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

33. To the extent you object to producing any document under the Stored Communications Act, you should identify the nature of the document and the basis for your

objection, and preserve such document pending our obtaining any consent required to enable you to produce such document.

34. The time period to which these Requests refer is from January 1, 2015 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

35. These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

36. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All documents and communications concerning any rally or event on August 12, 2017 in Charlottesville, Virginia, including all communications related to the Topics, by any of the Primary Users.

### Document Request No. 2

All documents and communications concerning any rally or event on August 11, 2017 in Charlottesville, Virginia, including all communications related to the Topics, by any of the Primary Users.

### Document Request No. 3

All documents and communications concerning any rally or event on July 8, 2017 in Charlottesville, Virginia, including all communications related to the Topics, by any of the Primary Users.

**Document Request No. 4**

All documents and communications concerning any rally or event on May 13, 2017 in Charlottesville, Virginia, including all communications related to the Topics, by any of the Primary Users.

**Document Request No. 5**

All communications made on any of the Topics from February 1, 2017 to the date of production by any of the Primary Users.

**Document Request No. 6**

All documents and data sufficient to identify the accounts of all Secondary Users.

**Document Request No. 7**

All communications between or among the Primary and Secondary Users between June 1, 2017 and August 19, 2017.

**Document Request No. 8**

All communications by any of the Primary Users in 2017 concerning the following entities:

    a.    The Daily Stormer (including the Daily Stormer's "book clubs");

    b.    Vanguard America;

    c.    Moonbase Holdings, LLC;

    d.    Identity Europa a/k/a Identity Evropa;

    e.    Traditionalist Worker Party;

    f.    League of the South;

    g.    National Socialist Movement;

    h.    Nationalist Front;

i. Fraternal Order of the Alt-Knights;

j. Loyal White Knights of the Ku Klux Klan; and

k. East Coast Knights of the Ku Klux Klan a/k/a East Coast Knights of the True Invisible Empire.

Dated: January 30, 2018
New York, New York

/s/ Philip M. Bowman
Philip M. Bowman
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: pbowman@bsfllp.com

*Attorney for Plaintiffs*

## **Text of Federal Rule of Civil Procedure 45(d) and (e)**

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.