# Kaplan & Company, LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

February 1, 2018

*Via FedEx*

Richard Spencer
PO Box 1676
Whitefish, MT 59937

1001A King St.
Alexandria, VA 22314

    *Re:*   *Sines* v. *Kessler et al.*, 16 Civ. 0072 (NKM)

Dear Mr. Spencer:

        I represent the Plaintiffs in the above-referenced case brought in the Western District of Virginia (Charlottesville).  This letter, together with any response you may make, is intended to satisfy the parties' mutual obligations under Federal Rule of Civil Procedure 26(f) to "confer as soon as practicable" in order to "consider the nature and basis of [the parties'] claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1)-(2).

        On November 14, 2017, the Court entered a Pretrial Order that invited the parties to propose amendments to the deadlines contained therein after their Rule 26(f) conference.  I have enclosed a copy of that order.  Thereafter, Plaintiffs conferred with the Defendants who had then appeared and the parties submitted a joint report proposing new deadlines.  That joint report is also enclosed.  Plaintiffs propose that, as between Plaintiffs and yourself, we agree to the proposals in the joint report other than as follows.

1.      Confidentiality (paragraph 3 of the joint report) is already governed by a January 3, 2018 Protective Order, which is enclosed.  Please review the Protective Order and sign the enclosed Agreement to Respect Confidential Information by no later than February 9, 2018.

Kaplan & Company, LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

2.      The deadline to exchange Rule 26(a)(1) disclosures (paragraph 1 of the joint report) shall be February 15, 2018.  However, in no event will Plaintiffs transmit their Rule 26(a)(1) disclosures before you have signed the Agreement to Respect Confidential Information.

As to paragraphs 2, 4, 6, 7, and 8, Plaintiffs' position remains as expressed in the joint report.  If you have a different position, please let us know by February 9, 2018, and we will include it in a supplemental filing updating the Court on our conference.  We intend to file that supplement on February 15, 2017, in accordance with Rule 26(f)(2) which requires a written report "within 14 days" after conferral.  If we do not hear from you by February 9, we will assume you have no objection.

Finally, please let us know what email address is best for us to reach you so that we may communicate with you more efficiently in the future.  If you would like to discuss anything in this letter, please contact me at the phone number above, or by e-mail at cgreene@kaplanandcompany.com.

Regards,

Christopher B. Greene

cc:     Counsel of Record (via email)



CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
11/14/2017

JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **ELIZABETH SINES, et al.** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 3:17-cv-00072 |
| | ) | |
| **JASON KESSLER, et al.** | ) | **PRETRIAL ORDER** |

*The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests changes within 10 days, it will constitute the scheduling order in this case. The court may amend the order on its own motion, or **the parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f).***

### Summary

| | |
|---|---|
| **TRIAL DATE:** | **Contact Heidi Wheeler, scheduling clerk, at (434) 296-9284, within 14 days of this order for the purpose of setting a trial date.** |
| **PLACE:** | **UNITED STATES DISTRICT COURT**<br>**255 West Main Street**<br>**Charlottesville, VA 22902** |
| **FED.R.CIV.P.26(f) CONFERENCE:** | **14 days from this order** |
| **INITIAL DISCLOSURES UNDER FED.R.CIV.P.26(a):** | **30 days from this order** |
| **PLAINTIFF(S) INITIAL EXPERT DISCLOSURE:** | **75 days from this order** |
| **DEFENDANT(S) INITIAL EXPERT DISCLOSURE:** | **90 days from this order** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **90 days before trial date** |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS:** | **75 days before trial date** |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS:** | **45 days before trial date** |

## Trial and Settlement

1.      This case is set for a jury trial.

2.      Proposed jury instructions and special interrogatories must be filed with the clerk of the court at least 7 days prior to trial, with copies provided to opposing counsel.

3.      Motions in limine must be filed with the clerk of court at least 14 days prior to trial, with copies provided to opposing counsel.  Opposition briefs to any motion in limine must be filed with the clerk of the court at least 7 days prior to trial.

4.      If the case settles before trial and the court does not receive a proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice.

## Motions

5.      All dispositive motions must be filed no later than 75 days before trial and must be heard or submitted for decision no later than 45 days before trial.  If the parties agree that a dispositive motion is appropriate for decision without oral argument they must file a stipulation no later than 45 days before trial stating that the motion is ripe for decision.

6.      A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.  If a motion that is not unopposed has been filed before this order without legal argument to support it, the movant must file a supporting brief within 14 days of the date of this order or the motion will be dismissed.

7.      If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within 14 days of the date of service of the movant's brief (or within 14 days of this order if a motion and supporting brief were served before this order).  Except for good cause

2

shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed. If a moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion. A surreply brief may not be filed without prior leave of the court.

8.    Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

9.    When a dispositive motion, together with its supporting brief and exhibits (or any other brief combined with exhibits), consists of 50 or more pages, the filing party must send a paper courtesy copy of the documents to the chambers of the presiding District Judge at 1101 Court Street, Room 390, Lynchburg, VA 24504.

10.    No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of W.D. Va. Gen. R. 9. The requirements of Rule 9 may not be modified by a stipulated protective order or other agreement of the parties. *See* W.D. Va. Gen. R. 9(g).

11.    If any party desires a hearing on any dispositive or nondispositive motion, then no later than 14 days after the filing of the last brief on the motion, that party must contact Heidi Wheeler, scheduling clerk, to set a hearing date. If no hearing on the motion is necessary, the moving party must file a notice that the motion is ripe for decision, no later than 14 days after the filing of the last brief on the motion. In any event, if within 45 days of the filing of any dispositive or nondispositive pretrial motion, no party has scheduled the motion for hearing or advised the court that the motion is ripe for decision, the court may deny the motion with or without prejudice.

12.     Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation or modification.

13.     All nondispositive pretrial motions and issues, including any requested changes in this order, are hereby referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1)(A).

## Discovery

14.     Unless the parties stipulate otherwise, within 14 days of the date of this Order, the parties must confer and develop a discovery plan as required by Rule 26(f).

15.     Unless the parties stipulate otherwise, initial disclosures as required by Rule 26(a)(1) must be made within 30 days of the date of this Order.

16.     All discovery must be completed at least 90 days prior to trial.  This schedule requires that written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

17.     Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties **must** file, the parties are not to file discovery and disclosure material unless and until actually used in the proceeding.

## Expert Witnesses

18.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must submit the written report of each expert not later than 75 days from the date of this order, and the defendant

4

must submit the written report of each expert no later than 90 days from the date of this order. Supplemental and additional reports may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

19.     With respect to expert witnesses who are not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician or clinician, the plaintiff must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than 75 days from the date of this order, and the defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than 90 days from the date of this order.  Supplemental and additional disclosures may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

20.     Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

21.     The parties shall exchange lists of the witnesses they expect to call at trial no later than 21 days prior to trial.  For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

5

## Mediation

22.     At the request of any party, the court will refer the case to the magistrate judge to conduct mediation.

## Joinder of Other Parties

23.     The court shall consider motions to join other parties in accordance with Rules 19, 20, and 21 of the Federal Rules of Civil Procedure.  Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order.

## Amendment of Pleadings

24.     The court shall consider a party's motion to amend pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure.  Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order.

## Integrated Pretrial Order

25.     No later than 7 days before trial the parties shall jointly file a proposed pretrial order briefly summarizing the following:

- any contested issues of law that require a ruling before trial;

- the essential elements that a party must prove to establish any meritorious claims remaining for adjudication, and the damages or other relief sought;

- the essential elements that a party must prove to establish any meritorious defenses;

- the material facts and theories of liability or defense;

- the issues of fact contested by each party;

- any contested issues of law that do not require a ruling before trial;

- any stipulations; and

6

- any special voir dire questions.

For those items, if any, on which the parties are unable to agree, each party shall briefly summarize its position in a separately filed addendum to the joint proposed pretrial order.

It is so **ORDERED**.

ENTERED this ___14th___ day of November, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

7

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

|  |  |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, JOHN DOE, JANE DOE 1, JANE DOE 2, and JANE DOE 3,<br><br>                    Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                    Defendants. | Civil Action No. 3:17-cv-00072-NKM |

## JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a telephone conference

was held on November 29, 2017 by and between counsel for Plaintiffs and counsel for

Defendants Michael Hill, Michael Tubbs, League of the South, James Fields, Matthew Parrott,

1

Nationalist Front, Christopher Cantwell, National Socialist Movement, Jeff Schoep, Elliot Kline (a/k/a Eli Mosely), Jason Kessler, Traditionalist Working Party, Nathan Damigo, Vanguard America, Robert Ray, Matthew Heimbach, and Identity Evropa. Defendant Michael Peinovich participated by email. Defendant Loyal White Knights of the KKK has been served but has not entered an appearance, and so did not participate in the conference. Remaining Defendants Andrew Anglin, Moonbase Holdings, LLC, Richard Spencer, East Coast Knights of the KKK, Augustus Sol Invictus, and Fraternal Order of the Alt-Knights have not yet been served. The following is the Rule 26(f) schedule and report, which the parties jointly prepared.

1.  <u>Pre-Discovery Disclosure Orders</u>: The parties discussed extending the deadline for Rule 26(a)(1) initial disclosures but were unable to come to agreement as to how long to extend. The Parties' positions are as follows.

    a.  <u>Plaintiffs' Position</u> – Plaintiffs propose that disclosures be submitted by December 20, 2017, or seven (7) days following the entry by the Court of a confidentiality order, whichever is later. The parties will file a proposed confidentiality order, or competing proposed orders, by December 11, 2017. This provides parties with a one week extension to the deadline provided for in this Court's pre-trial order. Such an extension would provide parties with nearly two months since the filing of the complaint to identify the information required to be disclosed by Rule 26(a)(1). At this juncture, Plaintiffs believe there is no reason to halt discovery, and Defendants have identified no reason why they will be unable to provide the necessary disclosures within the time provided for by Plaintiffs' proposal. Moreover, should Defendants come into possession of additional information called for by Rule 26, they can supplement their

disclosures. That additional information may eventually be discovered is no reason not to begin discovery in such a significant litigation.

b.    <u>Defendants' Position</u> –

    i.    Defendants Christopher Cantwell, Nathan Damigo, Matthew Heimbach, Identity Europa, Jason Kessler, Elliot Kline, National Socialist Movement, Nationalist Front, Matthew Parrott, Jeff Schoep, Traditionalist Worker Party, Vanguard America, Robert Ray, James Fields, and Michael Peinovich agree to an initial disclosure date of December 20, 2017 and to a proposed confidentiality order date of December 11, 2017.

    ii.    Defendants League of the South, Michael Hill and Michael Tubbs object to the December 20 date for initial disclosures because of the volume of potential discovery. Also, defendants League of the South, Michael Hill, and Michael Tubbs have filed a Rule 12(b)(6) motion so they are unaware of what defenses they may or may not assert. Delaying initial disclosures until January 15, 2018 would save the parties' resources and save the need for significant supplemental disclosures. Defendants League of the South, Michael Hill and Michael Tubbs further request a stay on depositions and interrogatories until the court has ruled on their Rule 12(b)(6) motion.

2.    <u>Discovery Plan/Case Schedule</u>: The parties have agreed to confer upon a trial date within six months of the Rule 26(f) conference. Additionally, the parties have agreed upon the following discovery schedule:

a.    Close of Fact Discovery: 150 Days Prior to trial

b.    Opening Expert Reports: 120 Days Prior to trial

c.      Rebuttal Expert Reports: 90 Days Prior to trial

d.      Complete Expert Discovery: 75 Days prior to trial

All other deadlines in the Court's pre-trial order would remain in effect.  At this time, the parties have not agreed upon any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Western District of Virginia Local Rules but have agreed to meet and confer as discovery proceeds to determine if any changes will need to be made.  The parties further have the following positions concerning the depositions of certain parties:

a.      <u>Defendants' Position</u> – Defendants propose that any and all depositions of Defendants facing criminal charges related to the incidents sued upon shall occur after the criminal case has been tried or a plea agreement has been accepted by the Court as to that Defendant.

b.      <u>Plaintiffs' Position</u> – Plaintiffs propose that all depositions for all defendants proceed pursuant to the schedule set forth in this paragraph.

3.      <u>Issues of Confidentiality</u>: The parties intend to meet and confer concerning a confidentiality order to be entered by the Court, which will include provisions for the handling of privileged or otherwise protected information.  The parties will submit a proposed confidentiality order, or competing proposed orders, by December 11.

4.      <u>Electronically Stored Information ("ESI") Discovery</u>: As this case will involve the collection and exchange of a large volume of electronic communications, the parties intend to meet and confer to establish a robust ESI protocol to be entered by the Court.

5.      <u>Magistrate Jurisdiction</u>: The parties do not unanimously consent to the jurisdiction of and entry of judgment by the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

4

6.   Prospect of Settlement: The parties have discussed settlement and do not believe that this

case is in a posture where it can be settled.  Parties will continue to consider settlement as

the case progresses.

7.   Mediation: The parties do not believe that mediation would be productive at this time.

8.   Other Necessary Orders the Court Should Issue Under Rule 26(c) or under Rule 16(b)

and (c): Counsel have not identified any such orders at this time.

Dated:  December 6, 2017

SEEN AND AGREED:

ATTORNEYS FOR PLAINTIFFS

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000

Roberta A. Kaplan
Julie E. Fink
Christopher B. Greene
Seguin L. Strohmeier
KAPLAN & COMPANY, LLP
250 Fifth Avenue
New York, NY 10118
Telephone: (212) 763-0883

Karen L. Dunn
William A. Isaacson
BOIES SCHILLER FLEXNER, LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727

Philip M. Bowman
Joshua J. Libling
BOIES SCHILLER FLEXNER, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
Telephone: (212) 446-2300

ATTORNEYS FOR DEFENDANTS

/s/ Elmer Woodard
Elmer Woodard (VSB 27734)
5661 US Hwy. 29
Blairs, VA 24527
(434) 878-3422
isuecrooks@comcast.net

*Attorney for Defendants Christopher
Cantwell, Nathan Damigo, Matthew
Heimbach, Identity Europa, Jason Kessler,
Elliot Kline, National Socialist Movement,
Nationalist Front, Matthew Parrott, Jeff
Schoep, Traditionalist Worker Party,
Vanguard America, and Robert Ray*

/s/ Bryan J. Jones
Bryan J. Jones (VSB 87675)
106 W. South St. Suite 211
Charlottesville, VA 22902
540-623-6952 (phone)
434-381-4397 (fax)
bryan@bjoneslegal.com

*Attorney for Defendants Michael Hill,
Michael Tubbs, and the League of the South*

5

Alan Levine
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260

David E. Mills
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Attorneys for Plaintiffs*

/s/ *Justin S. Gravatt*
Justin S. Gravatt
100 West Franklin Street
Richmond, VA 23220
804-644-7400 (phone)
804-303-8911 (fax)
jgravatt@dhdglaw.com

*Attorney for Defendant James Fields*

/s/ *Michael Peinovich*

*Defendant*

6

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/03/2018

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, JOHN DOE, JANE DOE 1, JANE DOE 2, and JANE DOE 3,<br><br>                              Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                              Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

~~[PROPOSED]~~ **ORDER FOR THE PRODUCTION OF DOCUMENTS**
**AND EXCHANGE OF CONFIDENTIAL INFORMATION**

With the Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED as follows:

1) <u>Scope of Order</u> – This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Discovery").

2) <u>Designation of Discovery</u> – Either party may designate Discovery, whether written, documentary, or testamentary, in connection with this action as "confidential" or "highly confidential" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3) <u>Definitions</u> – As used herein:

    a) "Confidential Information" shall mean all Discovery, and all information contained therein, designated as confidential.  A Producing Party may designate as Confidential any information that the Producing Party, in good faith, believes should be protected from public disclosure.

    b) "Highly Confidential Information" shall mean all Discovery, and all information contained therein, designated as highly confidential. A Producing Party may designate as Highly Confidential any information including, but not limited to, personal information such as Social Security numbers, home addresses, telephone numbers, tax returns, non-party surnames and medical, investment, credit and banking information of any person, that the Producing Party, in good faith,

believes should be protected from disclosure to those not permitted to receive Highly Confidential Information.

c)      "Producing Party" shall mean the parties to this action and any third parties producing Confidential or Highly Confidential Information, or the party asserting the confidentiality privilege, as the case may be.

d)      "Receiving Party" shall mean the party to this action and/or any non-party receiving Confidential or Highly Confidential Information.

4)      <u>Disclosure Prohibited</u> – Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a)      Parties and personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein who have been advised of their obligations hereunder and have first executed the undertaking contained in Exhibit A to this Stipulation;

b)      counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c)      expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, and who have been advised by counsel of their obligations

hereunder and have first executed the undertaking contained in Exhibit A to this Stipulation;

d)      trial or deposition witnesses;

e)      stenographers and videographers used at a deposition and who have been advised by counsel of their obligations hereunder;

f)      the Court and Court personnel; and

g)      any other person agreed to in writing by the Parties.

5)      Treatment of Highly Confidential Information – Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to those identified in sub-paragraphs 4(b), (c), (e), (f), and (g), as well as to trial or deposition witnesses if that witness sent, received, authored, or viewed the document or information outside the context of this litigation.  For the avoidance of doubt, any person or entity identified in sub-paragraphs 4(c), 4(e), and 4(g) receiving Highly Confidential Information shall first execute the undertaking contained in Exhibit A to this Stipulation.

6)      Retention of Confidentiality Agreements – Outside counsel for the Party that obtains the signed undertaking contained in Exhibit A shall retain them for six (6) months following the final termination of this litigation, including any appeals, and shall make them available to other Parties upon good cause shown.

7)      Storage of Confidential Information – Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential or Highly Confidential Information.  A person with custody of documents designed Confidential or Highly Confidential

shall maintain them in a manner that limits access to those persons entitled under this Stipulation to examine the documents so designated.

8)  Filing Under Seal – Any Party wishing to file Confidential or Highly Confidential Information with the Court shall, wherever possible, alert the Producing Party to the specific documents or information they wish to file sufficiently in advance of the filing to permit the Producing Party to file a motion to seal in accordance with the Court's Local Rules, Title I, Rule 9 ("Local Rule 9").  Upon being informed that the Producing Party will file such a motion, the filing party shall file the relevant documents and information under seal.  Where such advance notice is not possible, the filing party will file any Confidential or Highly Confidential Information under seal and will also file a motion to seal in accordance with Local Rule 9 requesting that the document be held under seal until such time as the Producing Party can file a motion to seal, which the Producing Party shall do within seven days.

9)  Limitations on Use – Confidential and Highly Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this action, including any appeals, and for no other purposes.

10)  Presumption of Confidentiality – All testimony shall presumptively be treated as Confidential Information and subject to this Stipulation during the testimony and for a period of thirty (30) days after a transcript of said testimony is received by counsel for each of the parties. At or before the end of such thirty day period, the testimony shall be classified appropriately.

11)  Restrictions of Use of Confidential Information – Any person receiving Confidential or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12)   <u>Inadvertent Misdesignation</u> – Any document or information that may contain Confidential or Highly Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as confidential or highly confidential within a reasonable time following the discovery that the document or information has been produced without such designation.

13)   <u>Extracts and Summaries</u> – Extracts and summaries of Confidential or Highly Confidential Information shall also be treated as confidential or highly confidential in accordance with the provisions of this Stipulation.

14)   <u>No Waiver of Confidentiality</u> – The production or disclosure of Confidential or Highly Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15)   <u>Duration</u> – The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

16)   <u>No Waiver of Privilege</u> – Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.  In the event of an inadvertent disclosure of allegedly privileged information, the Producing Party may provide notice in writing to the Receiving Party or Parties advising of the inadvertent disclosure, requesting return of the allegedly privileged information, and asserting the basis of the clawback request. Upon such notice, the Receiving Party or Parties shall make no further use of the allegedly privileged information, shall immediately segregate the information in a manner that will prevent any

further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of receiving the notice of inadvertent disclosure, the Receiving Party shall return all allegedly privileged information in its possession, custody, or control, or shall provide written confirmation that such information has been deleted. Within twenty (20) days of providing the notice of inadvertent disclosure, or as otherwise agreed, the Producing Party shall provide the Receiving Party or parties with a privilege log identifying the allegedly privileged information that was inadvertently disclosed and the asserted grounds for privilege, as required by the Federal Rules of Civil Procedure and applicable court rules.

17)    <u>Subpoenas in Other Actions</u> – In the event a Receiving Party having possession, custody, or control of any Confidential or Highly Confidential Information produced in this action received a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the Producing Party and shall furnish those attorneys with a copy of said subpoena or other process or order. The Receiving Party shall not produce the requested Confidential or Highly Confidential Information unless and until a court of competent jurisdiction so directs, except if the Producing Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Confidential or Highly Confidential Information prior to the date designated for production of the subpoenaed information, in which event the Receiving Party may produce on the designated production date, but no earlier. The purpose of requiring the Receiving Party to wait until the designated production date for producing the Confidential or Highly Confidential Information is to afford the Producing Party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the

discovery request, subpoena, or order is issued.  The Producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order.  The person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Producing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

18)     Return or Destruction of Confidential Information – Within sixty (60) days after the final termination of this action by settlement or exhaustion of all motions or appeals, all Confidential or Highly Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, except that internal counsel and internal staff shall not retain any copies or summaries of Highly Confidential Information.  This stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

19)     Modification – This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from, or modification of, any of its

provisions, or to seek or agree to different or additional protection for any particular material or information.

20)   <u>Headings</u> – The headings herein are provided only for the convenience of the Parties, and are not intended to define or limit the scope of the express terms of this Stipulation.


Dated: 1/3/18


**SO ORDERED**

_____
Hon. Joel C. Hoppe, M.J.

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, JOHN DOE, JANE DOE 1, JANE DOE 2, and JANE DOE 3,

Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

Civil Action No. 3:17-cv-00072-NKM

**EXHIBIT A: AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I, _____ , state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4.     I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled Action on _____.

5.     I have carefully read and understand the provisions of the Order.

6.     I will comply with all of the provisions of the Order.

7.     I will hold in confidence, will not disclose to any one not qualified under the Order, and will use only for purposes of this litigation, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is disclosed to me.

8.     Within sixty (60) days after conclusion of this litigation, or as otherwise agreed, I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

9.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Action.

Signature: _____

Date: _____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, AND JOHN DOE,

                                   Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSLEY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                                   Defendants.

**Civil Action No. 3:17-cv-00072-NKM**


**AGREEMENT TO RESPECT
CONFIDENTIAL INFORMATION**

I, Richard Spencer, state that:

       1.      I am defendant in the above-captioned litigation.

2.      I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled Action on January 3, 2018 at Dkt. No. 167.

3.      I have carefully read and understand the provisions of the Order.

4.      I will comply with all of the provisions of the Order.


Signature: _____

Date: _____

2