# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

ELIZABETH SINES, ET AL.,　　　　　　　　　Case No. 3:17-cv-00072-NKM │

**Plaintiffs,**　　　　　　　　　　　　　　│ Hon. Norman K. Moon

│ v. │

JASON KESSLER, ET AL.,

 **Defendants.** │

### DEFENDANT MICHAEL PEINOVICH'S MOTION TO REQUIRE PLAINTIFFS' FULL COMPLIANCE WITH FED. R. CIV. P. 45(A)(4) AND (B)(4) OR IN THE ALTERNATIVE TO QUASH; AND MEMORANDUM IN SUPPORT

Defendant Michael Peinovich, Pro Se, moves to require plaintiffs' full compliance with Fed. R. Civ. P. 45(a)(4) and 45(b)(4). In the alternative, Peinovich moves to quash plaintiffs' subpoenas. He presents the following memorandum in support of his motion.

### ARGUMENT

Peinovich submits to the Court that plaintiffs have engaged in unethical gamesmanship with respect to the subpoenas they apparently recently served on Twitter, Inc., Godaddy.com, LLC, Cloudflare, LLC, and Hatreon. Plaintiffs failed to fully comply with Fed. R. Civ. P. 45(a)(4) and (b)(4) as to these subpoenas, with the apparent intention of prejudicing the ability of Peinovich and other defendants to forestall Twitter and the other subpoenaed third parties from producing huge amounts of information to the plaintiffs that, as explained in Peinovich's motion to quash (ECF 226), will harm Peinovich and which plaintiffs have no right to obtain.

Rule 45(a)(4) of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things ...

1

then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Rule 45(a)(4)'s prior notice requirement "has important underpinnings of fairness and efficiency." *Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01 Civ. 877, 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002). Notice allows other parties "an opportunity to object to the production or inspection, or to serve a demand for additional documents and things." *Id*. (citation omitted); *see also Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 411 (S.D.N.Y.2000). Accordingly, the notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena. *Cootes Drive*, 2002 WL 424647, at *2 (reiterating order quashing subpoena "solely on the lack of prior notice"); *Schweizer*, 93 F.Supp. 2d at 412 (footnote omitted) ("the subpoena, had it not been withdrawn, would properly be quashed"). Rule 45(b)(4) provides: "*Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server."

Despite the underlying fairness rationale of Rule 45(a)(4), that rule's requirement that a "copy of the subpoena must be served on each party," and Rule 45(b)(4)'s indication that "a statement showing the date and manner of service and the names of the persons served" should be filed with the Court, plaintiffs on or about January 30, 2018 and February 1, 2018 sent Peinovich and other defendants notices of intention to serve subpoenas on Twitter, GoDaddy, Cloudflare, and Hatreon (Exhibits A, B and C to this memorandum), to which plaintiffs attached the subpoenas themselves (see Exhibits A, B, C, and D to Peinovich's motion to quash, ECF 226), that lacked critical information, namely: 1) when the subpoenas were served (if they were), and 2) the specific address to which or whom they were sent.

2

Information as to when the subpoenas were served is necessary so that Peinovich and other defendants may ascertain whether plaintiffs properly served the subpoenas *after* the notice of intent to serve, as Rule 45(a)(4) requires.

The specific address to which the subpoenas were sent is necessary under the circumstances of this case because Peinovich and the other defendants have only a very short time to apprise Twitter, GoDaddy, Cloudflare, and Hatreon of Peinovich's objections to the subpoenas, as manifested in Peinovich's motion to quash, before these third parties' improper production of information damaging to Peinovich becomes a fait accompli. It is no easy matter locating the right persons within these companies, especially given the Silicon Valley culture of not publically posting telephone numbers, except general telephone numbers with automated responses that never lead to a living person. The plaintiffs, by contrast, undoubtedly have quick and easy access to the persons at the companies who handle subpoenas. GoDaddy, for example, on information and belief is a client of Cooley, LLP, one of the law firms representing the plaintiffs.

Given the ambiguity of plaintiffs' notices of intent to serve with their attached subpoenas, Peinovich contacted Christopher Greene, counsel for plaintiffs, requesting clarification of whether Twitter and the other third parties had been served, if so when, and at what specific address. Mr. Greene refused to provide this information. (See email exchange attached as Exhibit D). Mr. Greene did indicate he would send Peinovich's motion to quash to the third parties, but, as Peinovich made clear in the email exchange, Peinovich should not be required to depend on his adversaries, who are seeking to destroy him, to exercise his legal rights. Peinovich does acknowledge that on February 16, 2018, he received, via email, a purported

"updated document subpoena to Cloudflare" that contained the relevant information regarding Cloudflare (but not the other third parties) (Exhibit E).

Peinovich respectfully asserts that he is entitled to learn from the plaintiffs if they have served subpoenas on Twitter, GoDaddy, and Hatreon; if so, when; and if so, the particular contact or addressee to whom the subpoenas were sent.

Dated: February 20, 2018

Respectfully submitted,

Michael Peinovich, Pro Se