UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE

        Plaintiffs,

v.                                          Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES ALEX
FIELDS, JR., VANGUARD AMERICA,
ANDREW ANGLIN, MOONBASE
HOLDINGS, LLC, ROBERT "AZZMADOR"
RAY, NATHAN DAMIGO, ELLIOTT
KLINE a/k/a ELI MOSELEY, IDENTITY
EVROPA, MATTHEW HEIMBACH, MATTHEW
PARROTT a/k/a DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS, LEAGUE
OF THE SOUTH, JEFF SCHOEP, NATIONAL
SOCIALIST MOVEMENT, NATIONALIST
FRONT, AUGUSTUS SOL INVICTUS,
FRATERNAL ORDER OF THE ALT-KNIGHTS,
MICHAEL "ENOCH" PEINOVICH, LOYAL
WHITE KNIGHTS OF THE KU KLUX KLAN,
and EAST COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF THE
TRUE INVISIBLE EMPIRE,

        Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING OUTCOME OF CRIMINAL CASE

COMES NOW JAMES ALEX FIELDS, by and through Counsel, files this, his memorandum in support of his motion to stay all discovery in this matter pending the outcome of Fields' criminal cases arising from the same incidents alleged in the civil complaint, and in support thereof, states as follows:

## FACTUAL BASIS FOR MOTION

Plaintiffs filed the present lawsuit on October 11, 2017, alleging many facts and multiple causes of action in an over 100 page Complaint. Thereafter, on January 5, 2018, Plaintiff filed an Amended Complaint also over 100 pages in length and alleging seven separate causes of action. While many allegations particularly in regard to the conspiracy counts focus on acts prior to the Unite the Right Rally (the "Rally") in Charlottesville, Virginia on August 12, 2017, the focus of the Complaint is this events surrounding the Rally. Plaintiffs' allegations include that Fields' car accident on August 12, 2017, was related to this Rally and frequently allege this accident was pre-planned and intentional. See generally Plaintiffs' Complaint and Amended Complaint.

While denying these allegations, Fields avers that the car accident and events surrounding it are central, or at minimum central to the negligence count, to this civil suit as to him. As a result of this accident, Fields has been indicted and charged in Charlottesville City Circuit Court of Virginia with the following felonies: First Degree Murder (CR1700296-01), five counts of Malicious Wounding (CR17000296-02, 03, 04, 09, 10), Failure to Stop at Scene of Accident Causing Injury/Death (CR17000296-06), two counts of Assault: Malice (CR17000296-07, and 08). These cases are set for a three week jury trial beginning on November 26, 2018, in Charlottesville Circuit Court. Fields is incarcerated awaiting trial and presumably will remain so.

## LEGAL BASIS FOR MOTION

The Fourth Circuit has held "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Maryland v. Universal Elections, Inc., 79 F.3d 370, 379 (4th Cir. 2013). This determination is in the sound discretion of the Court. United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977).

In Blanda v. Martin & Seibert, L.C., the Southern District of West Virginia provided the most recent summation of the 4th Circuit's position on this question. Blanda v. Martin & Seibert,

L.C. 2017 U.S. Dist. LEXIS 2169 (S.D.W.V. 2017). In that case, the Court pointed out the Fourth Circuit has not explicitly endorsed any test to decide whether to stay civil actions pending criminal proceedings but pointed to some reliance on the five factor test outlined in Keating v. OTS, 45 F.3d 322 (9th Cir. 1995). In Keating, the Court outlined the following five factors, to which the Blanda Court added the relatedness of the underlying facts or nexus between the proceedings: (1) The interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiffs of a delay, (2) the burden imposed on the defendant, (3) the convenience of the court in managing cases and the efficient use of judicial resources, (4) the interest of persons not parties to the civil litigation, and (5) the interest of the public in the pending civil and criminal litigation. Keating, 45 F. 3d 322, 325 (9th Cir. 1995).

## ARGUMENT

With the concurrence of Fields' criminal legal counsel, undersigned counsel hereby moves this Court to stay all discovery in the present case until the criminal cases are resolved either by trial or plea agreement. Fields' criminal case is set for trial beginning November 26, 2018, so counsel is not asking for a stay of uncertain duration, nor a stay in a case where indictments have not been issued, as is the case in some authority cited wherein stays were denied.

Taking the factors in order:

**Relatedness**: The underlying facts in the criminal cases are essentially the same as here, as most of the allegations in the Complaint and Amended Complaint as to Fields relate to or arise from the car accident on August 12, 2017.

**Prejudice to Plaintiff of Delay**: Plaintiff will not be prejudiced as to any potential financial recovery as Defendant Fields financial situation us highly unlikely to materially change in the next 10 months. He will not obtain any additional assets while incarcerated pending trial, nor lose any assets he may currently have – though counsel is unaware of any significant assets. Further, any

attempts to enjoin his future activity will not be altered while he is incarcerated. Fields certainly cannot partake in any political activity at present nor in the foreseeable future until a resolution is reached in the criminal cases.

**Burden on Defendant**: As noted in multiple cases cited herein, there is a very real fear for a penalty in the form of an adverse inference should Defendant invoke his Fifth Amendment privilege, which upon information and belief he would be instructed to do so by his criminal counsel, as well as concern over impermissibly aiding the prosecution in the criminal case. "The refusal to answer questions may be used as an adverse inference against them in a civil proceeding, and the invocation of the privilege would damage their ability to prevail in this case." Blanda, 2017 U.S. Dist. LEXIS 2169, *13. "The strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." SEC v. Dresser, 628 F.2d 1368, 1378-76 (U.S. App. D.C. 1980). There is no doubt Fields is under indictment for multiple serious offenses and that the fears and concerns outlined by the Court in Dresser are present in this case.

**Convenience to the Court**: While granting the requested stay may cause a temporary delay to this Court's civil docket, a trial date has been set for Fields' criminal trial beginning November 26, 2018. The term of the delay is not unknown, indefinite, or unpredictable as is the case when other courts have declined to stay discovery. Further, resolution of the criminal case may well

streamline discovery in the civil case and would likely permit Fields to give substantive responses to interrogatories and to deposition questions.

**Interests of persons not parties to litigation**: Third parties who are not defendants in this lawsuit may be asked to submit evidence or provide testimony that could be used against them in a potential criminal proceeding. See e.g. Blanda, 2017 U.S. Dist. LEXIS 2169, *17.

**Public's Interest**: As to Fields, the public has no interest in the outcome of this case that would be impacted by a discovery stay until the criminal charges are resolved. Even to the extent Plaintiffs might argue that the public has an interest in the injunctive relief sought in this case, Fields is currently incarcerated and shall presumably remain so until the resolution of the criminal cases.

Wherefore, Fields asks this Court exercise its discretion and stay all discovery in this case until the criminal cases pending against Fields are resolved following his criminal trial in Charlottesville Circuit Court, Virginia, which is set for a three week trial to begin on November 26, 2018, or earlier, if a resolution as to all charges is reached by plea agreement.

Respectfully submitted,

JAMES ALEX FIELDS, JR.

By Counsel

_____/S/_____
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that on __23__ <sup>RD</sup> day of February, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Robert T. Cahill, Esquire
>Cooley, LLP
>11951 Freedom Drive, 14th Floor
>Reston, Virginia 20190-5656
>*Counsel for Plaintiff*
>
>Roberta A. Kaplan, Esquire
>Julie E. Fink, Esquire
>Christopher B. Greene
>Kaplan & Company, LLP
>350 Fifth Avenue, Suite 7110
>New York, New York 10118
>
>Karen L. Dunn, Esquire
>William A. Isaacson, Esquire
>Boies Schiller Flexner LLP
>1401 New York Ave, NW
>Washington, DC 20005
>
>Philip M. Bowman, Esquire
>Boies Schiller Flexner LLP
>575 Lexington Avenue
>New York, New York 10022
>
>Alan Levine, Esquire
>Cooley LLP
>1114 Avenue of the Americas, 46th Floor
>New York, New York 10036
>
>David E. Mills, Esquire
>Cooley LLP
>1299 Pennsylvania Avenue, NW
>Suite 700
>Washington, DC 20004

Kenneth D. Bynum, Esquire
BYNUM & JENKINS, PLLC
1010 Cameron Street
Alexandria, VA 22314

Pleasant S. Brodnax, III, Esquire
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Bryan Jones, Esquire
106 W. South St., Suite 211
Charlottesville, VA 22902
*Counsel for Defendants Michael Hill, Michael Tubbs, and Leagues of the South*

Elmer Woodard, Esquire
5661 US Hwy 29
Blairs, VA 24527

and

James E. Kolenich, Esquire
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
*Counsel for Defendants Schoepp, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc., and Christopher Cantwell*

I further certify that on February 22, 2018, I also served the following non-ECF participants, via U.S. mail, First class and postage prepaid as follows:

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
PO Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314

Michael Peinovich
PO Box 1069

Andrew Anglin
6827 N. High Street, Suite 121
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o LegalCorp Solutions, LLC

Hopewell Junction, NY 12533

Moonbase Holdings
6827 N. High Street, Suite 121
Worthington, OH 43085

11 Broadway, Suite 615
New York, NY 10004

Augustus Sol Invictus
206 N. Mills Ave.
Orlando, FL 32801

/S/
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*