# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>  Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>  Defendants. | **Civil Action No. 3:17-cv-00072-NKM**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT PEINOVICH'S MOTION TO STAY DISCOVERY**

## PRELIMINARY STATEMENT

Rather than respond to Plaintiffs' duly served discovery requests, and more than two months after the parties filed their Joint Report of the Parties Pursuant to Rule 26(f) ("Joint 26(f) Report"), ECF No. 135, Defendant Michael Peinovich now asks the Court to stay discovery pending the resolution of his motion to dismiss the First Amended Complaint ("FAC"). He does so without having conferred with Plaintiffs in good faith, as required by Federal Rule of Civil Procedure 26(c), thereby burdening the Court with an unripe dispute. But even if Defendant Peinovich had properly pursued a stay of discovery, he has plainly failed to meet his burden of establishing the "good cause" necessary to obtain that stay: he makes no attempt to establish his conclusory claim of burden, he exaggerates the strength of his motion to dismiss the FAC, and he ignores the prejudice to Plaintiffs that would result from issuance of the stay he requests. Accordingly, for these reasons, and as set forth in more detail below, Defendant Peinovich's motion to stay discovery ("Motion"), ECF Nos. 224–225, should be denied and he should be ordered to timely respond to Plaintiffs' discovery requests.

## FACTS

Plaintiffs filed their Complaint on October 11, 2017. ECF No. 1. The parties held a Rule 26(f) conference by phone on November 29, 2017. *See* ECF No. 135. During that Rule 26(f) conference and the discussions that followed, with only limited exceptions, the parties reached broad agreement as to the schedule to be entered in this case. *See id.* In the Joint 26(f) Report that was filed with the Court on December 6, 2017, Defendants Hill, Tubbs, and League of the South requested "a stay on depositions and interrogatories until the court has ruled on their Rule 12(b)(6) motion," *id.* at 1.b.ii, and Defendants collectively proposed "that any and all depositions of Defendants facing criminal charges related to the incidents sued upon shall occur after the criminal

case has been tried or a plea agreement has been accepted by the Court as to that Defendant," *id.* at 2.a. Defendant Peinovich did not propose any other stay of discovery in the Rule 26(f) Report. *See* ECF No. 135.

Plaintiffs amended their Complaint on January 5, 2018, ECF No. 175, and served Plaintiffs' First Set of Interrogatories to All Defendants and Plaintiffs' [Corrected] First Set of Requests for Production of Documents to All Defendants on January 25, 2018. Defendant Peinovich moved to dismiss the FAC on January 31, 2018. ECF No. 212. On February 14, 2018, more than two months after the filing of the Joint 26(f) Report, and without attempting to confer with Plaintiffs in good faith as required by Rule 26(c), *see infra* note 2, Defendant Peinovich filed this Motion. ECF Nos. 224–225. While Defendant Peinovich asserts that all other Defendants except one unnamed Defendant that Peinovich was unable to contact "agreed to this motion to stay discovery," ECF No. 225 at 8, only Defendant Richard Spencer has purported to join in the filing, *see* ECF Nos. 224–225.[1]

## ARGUMENT

Motions to stay discovery are "generally disfavored." *Bennett* v. *Fastenal Co.*, No. 7:15-cv-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (internal quotation marks omitted); *see also Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. Apr. 7, 1988). In considering motions to stay discovery, a court "needs to remain mindful of its responsibility to expedite discovery and minimize delay. Disruption or prolongation of the discovery scheduling is normally in no one's interest." *Kron Med. Corp.*, 119 F.R.D. at 637–38 (citation omitted).

---

[1] Plaintiffs received by mail a copy of Defendant Richard Spencer's "Joinder in and Adoption of Defendant Peinovich's Motion to Stay Discovery," which has not been electronically filed with the Court. Defendant Fields separately moved to stay discovery as to himself for reasons distinct from those set forth in Defendant Peinovich's Motion. ECF Nos. 233–234.

The Federal Rules of Civil Procedure permit parties to serve discovery after parties engage in their Rule 26(f) conference, FED. R. CIV. P. 26(d)(1), as Plaintiffs have done here. A party resisting this default rule, like Defendant Peinovich, must satisfy the requirements of Rule 26(c). *Wilson* v. *First Class Patrol Officers Michael Slager*, No. 2:15-cv-02170, 2016 WL 1253179, at *3 (D.S.C. Mar. 31, 2016) (a motion to stay "in reality, seeks a protective order pursuant to FED. R. CIV. P. 26(c)" (citation omitted)). As the moving party, Defendant Peinovich "bears the burden of showing good cause and reasonableness" for granting a discovery stay. *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *accord United States* v. *Any & All Assets of That Certain Bus. Known as Shane Co.*, 147 F.R.D. 99, 101 (M.D.N.C. 1992). In determining whether to grant a stay, courts in the Fourth Circuit consider issues of prejudice and burden, as well as the potential for a dispositive motion to terminate all the claims in the case, the strength of the dispositive motion, and the relevancy of the discovery to the dispositive motion. *See, e.g.*, *Lismont* v. *Alexander Binzel Corp.*, No. 2:12-cv-00592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14, 2014); *Kron Med. Corp.*, 119 F.R.D. at 638.

For the reasons set forth below, Defendant Peinovich has failed to overcome the "rather high hurdle" of good cause embedded within Rule 26(c). *Wilson*, 2016 WL 1253179, at *4 (quoting *Baron Fin. Corp.* v. *Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)).[2]

---

[2] Rule 26(c) also requires that the motion "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." As discussed above, Defendant Peinovich made no such attempt to confer with Plaintiffs prior to filing his Motion and therefore, not surprisingly, has failed to include the certification required by Rule 26(c). *See* ECF Nos. 224–225. On this basis alone, the Motion should be denied. *See, e.g.*, *Wilson* v. *Liberty Ins. Underwriters, Inc.*, No. 2:07-cv-0478, 2008 WL 11380096, at *1 (S.D.W. Va. June 18, 2008).

### I. DEFENDANT PEINOVICH HAS FAILED TO DEMONSTRATE ANY BURDEN CAUSED BY PLAINTIFFS' DISCOVERY REQUESTS

Defendant Peinovich argues that a stay is warranted because, in his view, Plaintiffs' discovery requests are broad. *See* ECF No. 225 at 6–7. As one court has explained, however:

> The moving party may not rely upon stereotyped and conclusory statements, to establish good cause; rather, the moving party must present a particular and specific demonstration of fact as to why a protective order [staying discovery] should issue. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.

*Wilson*, 2016 WL 1253179, at *3 (internal quotation marks and citations omitted, alteration in original); *accord Kron Med. Corp.*, 119 F.R.D. at 638. Defendant Peinovich has made no "particular and specific demonstration of fact" to support his Motion. Rather, he merely refers to excerpts of Plaintiffs' discovery requests and baldly asserts that the burden of responding is "tremendous." ECF No. 225 at 7.

On its face, Defendant Peinovich's burden argument is nothing more than an objection to the scope of Plaintiffs' discovery requests. While such an objection—itself unfounded—could be raised as part of his responses and objections to Plaintiffs' discovery requests, *see* FED. R. CIV. P. 33 & 34, it alone is not a basis for a stay of discovery. Indeed, by filing this Motion rather than responding to Plaintiffs' discovery requests (in addition to failing to confer in good faith prior to filing this Motion), Defendant Peinovich is wasting the very judicial resources he purports to concern himself with in his Motion. *See* ECF No. 225 at 7–8.

Defendant Peinovich's burden argument fails for the additional reason that discovery from him will be required regardless of whether he succeeds on his motion to dismiss. Where, as here, a potential dismissal may not fully dispose of the case, a stay is "rarely appropriate." *Simpson*, 121 F.R.D. at 263. Plaintiffs' FAC includes seven separate causes of action, including for conspiracy, against twenty-five different Defendants. *See* ECF No. 175. Accordingly, it is likely

4

that at least some, if not all, of Plaintiffs' claims will proceed beyond the motion to dismiss stage regardless of the Court's decision on Defendant Peinovich's motion to dismiss. Because Defendant Peinovich is a key co-conspirator of the other Defendants, even if the claims against him *were* dismissed (and they should not be), he will still be subject to third party discovery as an alleged co-conspirator. Accordingly, there is no additional burden on Defendant Peinovich to answering discovery at this stage of the case.

For all these reasons, Defendant Peinovich has failed to show that responding to Plaintiffs' discovery requests would impose upon him any undue burden. Regardless, as set forth in Section III below, the burden associated with Plaintiffs' discovery requests, if any, would be far outweighed by the concrete prejudice Plaintiffs would suffer.

## II.   DEFENDANT PEINOVICH HAS NOT DEMONSTRATED A LIKELIHOOD OF DISMISSAL

Defendant Peinovich's argument that the merits of his motion to dismiss the FAC rise to the level of "good cause" to stay discovery is similarly unavailing. Although the likelihood of dismissal is a factor that courts may consider when deciding a motion to stay discovery, it is dispositive only if there "appears to be an *immediate and clear possibility* that [the motion to dismiss] will be granted." *Bennett*, 2016 WL 10721816, at *1 (internal citations omitted, emphasis added). Seeking dismissal of all claims on legal grounds is not sufficient to satisfy the burden for demonstrating good cause. *Fed. Ins. Co.* v. *S. Lithoplate, Inc.*, No. 5:12–cv–793, 2013 WL 4045924, at * 1 n.2 (E.D.N.C. Aug. 8, 2013). If it were, courts would be required to stay discovery in *every case* in which a party filed a motion to dismiss pursuant to Rule 12(b)(6). Clearly, that is not the standard; courts in the Fourth Circuit routinely deny motions to stay discovery while a motion to dismiss is pending. *See, e.g.*, *Penguin Restoration Inc.* v. *Nationwide Mut. Ins. Co.*, No.

5

5:13-cv-00063, 2013 WL 12164640, at *2 (E.D.N.C. July 24, 2013); *Bennett*, 2016 WL 10721816, at *1; *Fed. Ins. Co.*, 2013 WL 4045924, at *1; *Simpson*, 121 F.R.D. at 263.[3]

Here, there is no "immediate and clear possibility" that Defendant Peinovich's motion to dismiss will be granted. As set forth more fully in Plaintiffs' Memorandum in Opposition to Defendants' Motions to Dismiss, ECF No. 231, there is no basis for the Court to dismiss Plaintiffs' FAC. Specifically, Defendant Peinovich's arguments on the motion to dismiss ignore the allegations in the FAC, improperly ask for inferences in his favor, and misstate the relevant legal standard applicable to Plaintiffs' claims. *See id.*

### III. PLAINTIFFS WOULD BE PREJUDICED BY A STAY OF DISCOVERY

Finally, the prejudice to Plaintiffs of a stay outweighs any burden on Defendant Peinovich. As set forth in the FAC, ECF No. 175, Defendant Peinovich—along with the other Defendants and numerous unnamed co-conspirators—formed, oversaw, and executed a common plan to

---

[3] The decisions cited by Defendant Peinovich do not hold otherwise. Rather, those decisions involve different legal considerations or circumstances in which the balancing of the relevant factors weighed in favor of a stay. For example, in three of those decisions, the cases presented issues of qualified immunity, which generally counsel in favor of a stay pending a motion to dismiss. *See McMillian* v. *N.C. Cent. Prison*, No. 5:10-ct-03037, 2011 WL 4433816, at *1 (E.D.N.C. Sept. 22, 2011); *Rutherford* v. *City of Newport News, Va.*, 919 F. Supp. 885, 888 n.3 (E.D. Va. 1996); *Anderson* v. *U.S. Attorneys Office*, No. 1:91-cv-02262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992). Three other decisions cited by Defendant Peinovich concern Rule 12(b)(1) motions, rather than 12(b)(6) motions. *See Picture Patents, LLC* v. *Terra Holdings LLC*, Nos. 07-cv-5465, 07-cv-5567, 2008 WL 5099947, at *1, *3, *3 n.2 (S.D.N.Y. Dec. 3, 2008); *U.S.* v. *Cty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); *Coastal States Gas Corp.* v. *Dep't of Energy*, 84 F.R.D. 278 (D. Del. 1979). Other decisions cited by Defendant Peinovich are inapposite. *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 257 (1936) (finding the length of a stay unreasonable where the court stayed one proceeding pending a decision in another proceeding involving the same statute); *Josie-Delerme* v. *Am. Gen. Fin. Corp.*, No. 1:08-cv-03166, 2009 WL 497609 (E.D.N.Y. Feb. 26, 2009) (granting unopposed motion to stay discovery where agreement to arbitrate was at issue); *Spencer Trask Software & Info. Servs., LLC* v. *RPost Int'l, Ltd.*, 206 F.R.D. 367, 368, 368 n.1 (S.D.N.Y. 2002) (granting stay pending motion to dismiss where the expense and possible injury to defendants' ongoing business negotiations could be "irreparabl[e]").

engage in acts of targeted violence and intimidation. And, as further evidenced by the FAC's allegations, there are unquestionably relevant documents, including extensive electronic communications among Defendants and their co-conspirators, that Plaintiffs have a right to discover in this case. *See* FED. R. CIV. P. 26(b)(1). The collection of these and other responsive documents is critical, and the requested delay would cause prejudice to Plaintiffs, who are seeking relief for the severe physical and emotional injuries they have suffered.[4]

Courts are mindful of minimizing delays in discovery. *See, e.g.*, *Kron Med. Corp.*, 119 F.R.D. at 637. For one thing, as the time for responding to discovery requests is pushed off, "matters of importance may be mislaid." *Id.* at 638. Indeed, in today's world of electronic discovery, *see* FED. R. CIV. P. 34(a)(1)(A), considerations of loss or deletion of electronically stored information, as well as the costs of preserving and hosting potentially responsive electronically stored information over extended periods of time, counsel strongly against a stay of discovery as prejudicial. There can be no guarantee that, during the pendency of Defendant Peinovich's requested stay, critical evidence would not be mislaid or deleted—whether inadvertently or otherwise. Consequently, the costs of continued preservation, and the related risk that critical evidence in this case may be forever lost, substantially outweigh the generalized, undefined "burden" claimed by Defendant Peinovich. *See supra* Section I.

---

[4] Plaintiffs are seeking, among other things, injunctive relief to enjoin Defendants from forming, overseeing, and executing any common plan to engage in additional targeted acts of racially-motivated violence and intimidation, like the events that are at the heart of this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Peinovich's Motion and order him to timely respond to Plaintiffs' discovery requests.[5]

Dated: February 26, 2018

Respectfully submitted,

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

---

[5] Plaintiffs reserve the right to seek reasonable expenses, including attorney's fees, if Defendant Peinovich's Motion is denied. *See* FED. R. CIV. P. 37(a)(5).

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on February 26, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se*

I further hereby certify that on February 26, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*