Case 3:17-cv-00072-NKM-JCH   Document 245   Filed 02/27/18   Page 1

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/27/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al.,<br>    Plaintiff, | )<br>) |
| | ) Civil Action No. 3:17cv00072 |
| v. | ) ORDER |
| | ) |
| JASON KESSLER, et al., | ) By:   Joel C. Hoppe |
|     Defendants. | ) United States Magistrate Judge |

This matter is before the Court on two motions submitted anonymously by Movant "Non-party John Doe," who seeks to appear pro se to oppose "third party subpoenas seeking production of Movant's identifying and personal information believed to have been served in connection with this case." Mot. for Leave to Proceed Anonymously, ECF No. 241; *see* Mot. to Quash, ECF No. 242. The motions and supporting documents are all signed, "/s/ John Doe, *Pro Se*," and Movant has not provided this Court with any information from which it could determine that Movant is who he purports to be. ECF Nos. 241, 242, 243, 244; *see* Fed. R. Civ. P. 11(a).

In the first motion, which was improperly submitted "ex parte," the pro se non-party Movant seeks leave to litigate under a pseudonym in order to protect "its First Amendment privilege to engage in anonymous speech and political association." ECF No. 241, at 1. "Federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). "While a party who wishes to proceed anonymously may overcome this presumption by filing a well-reasoned motion to proceed anonymously, 'it is the exceptional case in which a party may proceed under a fictitious name.'" *K-Beech, Inc. v. Does 1–29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)

(alterations omitted)). The Court will not reach the merits of the pro se Movant's request to proceed anonymously or to quash the subpoenas, however, because the pro se Movant's submissions fail to meet a threshold requirement for filing. The pro se Movant seeks not merely to proceed anonymously, but to submit filings and litigate anonymously. Allowing even a third-party to proceed in that fashion would create numerous practical problems and undermine the Court's inherent authority over litigants who appear before it. *Cf. K-Beech, Inc.*, 826 F. Supp. 2d at 905–06 (striking a pro se "John Doe" defendant's motion to dismiss as improperly filed under Rule 11(a) of the Federal Rules of Procedure).

Accordingly, the Clerk is directed to **STRIKE** the anonymous pro se Movant's motions, ECF Nos. 241, 242, and supporting documents, ECF Nos. 243, 244, as improperly filed. The pro se Movant's additional request for "anonymous ECF credentials" is hereby **DENIED** because this Court's local rules and administrative procedures do not authorize participants to electronically file documents under a pseudonym. *See* W.D. Va. Gen. R. 7(a)–(d); *Administrative Procedures for Filing, Signing & Verifying Pleadings & Papers by Electronic Means* § C(5) (W.D. Va. 2015).

It is so **ORDERED**.

The Clerk shall send a copy of this Order to the anonymous pro se non-party Movant and to the parties.

ENTER: February 27, 2018

Joel C. Hoppe
United States Magistrate Judge