UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | Case No. 3:17-cv-00072-NKM |
| **Plaintiffs,** | Hon. Norman K. Moon |
| v. | |
| **JASON KESSLER, ET AL.,** | |
| **Defendants.** | |

### DEFENDANT MICHAEL PEINOVICH'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS

Defendant Michael Peinovich, Pro Se, submits this reply memorandum in further support of his motion to stay discovery pending resolution of his motion to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### ARGUMENT

Plaintiffs make a number of assertions in their opposition memorandum that are remarkably at odds with reality.

First, Plaintiffs assert that their discovery requests do not present "any burden" on Peinovich. As Peinovich explained in detail in his initial memorandum, however, plaintiffs seek a wide array of extremely broad and invasive information. Merely reading the requests exposes their burdensome nature. To present one example among many that could be offered, plaintiffs' Request for Production Number 5 demands:

> For any Social Media account You had from January 1, 2015, to the present:
> i. Documents and Communication sufficient to show the account home page, and all uses of Social Media for that account that reference or concern the Events or Defendants in any way.

1

> ii. Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

No reasonable and fairminded person would deny that asking Peinovich to set forth the "names, addresses, and social network usernames or handles" of all his "'friends' and /or 'social connections'" for the last two plus years is highly invasive and problematic to Peinovich's circle of friends, acquaintances, and listeners and imposes a burden of great magnitude on Peinovich. And this is but one of many similar discovery requests plaintiffs have submitted.

Plaintiffs' assertion that their document requests are not burdensome because Peinovich can object to them flips reality upside down. Plaintiffs would not acquiesce in Peinovich's objections, and so motions, oppositions, and replies would ensue. This would burden not only Peinovich but the Court.

Second, plaintiffs essentially assert that the motions to dismiss filed by Peinovich and other defendants will have little bearing on discovery. Not so at all. Peinovich and other defendants have presented carefully crafted arguments well supported in Supreme Court, Fourth Circuit, and other precedents that expose plaintiffs amended complaint for what it is: an anomalous, unprecedented, implausible, inadequately pleaded SLAPP suit. The defendants have every right to expect plaintiffs' lawfare claims to be dismissed in their entirety, which will obviate discovery entirely. At a minimum, some of plaintiffs' claims will be dismissed, a point acknowledged by plaintiffs themselves in their response, which will greatly affect the proper scope of plaintiffs' discovery.

Third, plaintiffs assert that they will be prejudiced by the stay. But the stay will be for only a short time. Just today Peinovich filed his reply memorandum in support of his motion to

dismiss, and consequently his motion is ripe for decision by the Court. The other defendants' motions to dismiss are in a similar posture. A decision on the motions to dismiss is imminent. Apparently realizing the weakness of their claims to prejudice, plaintiffs in an email to the Court on Friday, March 2, 2018, took the desperate and inappropriate step of accusing Peinovich of destroying documents. But as Peinovich explained in a responsive email that same day, he has not destroyed any documents and has no intention of doing so. It is plaintiffs who are destroying documents, such as Tweets from Ms. Roberta Kaplan that openly proclaim that plaintiffs' lawsuit is directed at shutting down the messages some of the defendants have expressed.

Fourth, plaintiffs assert that Peinovich has not established that other defendants will agree to a stay. It is improbable in the extreme that any other defendant would want plaintiffs' harassing discovery to proceed. In any event, as Peinovich stated in his initial memorandum, he obtained the consent of nearly all the other defendants to the stay (a few defendants he was not able to contact). An email chain reflecting Peinovich's contacts is attached as Exhivbit 1.

Finally, plaintiffs assert that Peinovich's motion to stay should be dismissed because he did not confer with plaintiffs' counsel prior to filing the motion. Peinovich will be more attentive to this requirement in the future. But under the circumstances here at issue, such a conference would have accomplished nothing. Plaintiffs' opposition memorandum makes crystal clear that they have no intention whatever of voluntarily staying discovery. To the contrary, plaintiffs have gone so far as to threaten Peinovich with attorney's fees merely for filing his motion. Plaintiffs also assert that Peinovich refused to confer with them in good faith regarding Rule 26 initial disclosure negations, but again this is exactly the opposite of the truth. Peinovich was and is more than willing to engage in good faith negotiations with plaintiffs, it is they who refused to

confer with him based on the thin pretext that Peinovich's reasonable request to record any such discussion for purposes of his defense was intolerable.

Peinovich would emphasize again, as he did in his initial memorandum, the First Amendment context of this case in general and plaintiffs' discovery requests in particular. The mere fact of being subject to discovery requests as sweeping and invasive as plaintiffs have propounded has a chilling effect on defendants' willingness to exercise their First Amendment rights. Indeed, any person holding controversial and unpopular views will think twice about expressing them if discovery abuses such as plaintiffs are now attempting are not restrained.

Accordingly, Peinovich respectfully requests that the Court enter an Order staying all discovery in this case until after the Court has ruled on Peinovich's motion to dismiss.

Dated: March 5, 2018

Respectfully submitted,

Michael Peinovich, Pro Se

**CERTIFICATE OF SERVICE**

On this 5th day of March, 2018, I Michael Peinovich certify that I served electronically or

mailed copies of this reply memorandum to:

Christopher Greene <cgreene@kaplanandcompany.com>,
David Campbell <DCampbell@dhgclaw.com>,
Elmer Woodard <isuecrooks@comcast.net>,
James Kolenich <jek318@gmail.com>,
Bryan Jones <bryan@bjoneslegal.com>,
Roberta Kaplan <rkaplan@kaplanandcompany.com>,
Julie Fink <jfink@kaplanandcompany.com>,
Gabrielle Tenzer <gtenzer@kaplanandcompany.com>,
Alan Levince <alevine@cooley.com>,
Karen Dunn <KDunn@bsfllp.com>,
Philip Bowman <pbowman@bsfllp.com>

Michael Peinovich