Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

February 13, 2018

Honorable Judge Norman K. Moon
U.S. District Court
Western District of Virginia
P.O. Box 657
Lynchburg, VA 24505
and
1101 Court Street, Suite A66
Lynchburg, VA 24504

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 0 6 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

3:17CV00072

Dear Honorable Judge Moon,

Pursuant to your January 11 and 31, 2018, Orders (ECF 177, 211), I am reporting that I have diligently searched and tried to find adequate, affordable local counsel in Virginia and have been unsuccessful in doing so.

This legal roadblock has not been unique to just myself. Individual defendant Richard Spencer[1] also reported having this issue and is representing himself pro se in this matter. (ECF 209 at 11 ("Spencer ... has searched for legal help, and has not been able to find a lawyer licensed in Virginia to take his case ... .")). While Spencer can proceed in this matter pro se to preserve his rights, the Fraternal Order of Alt-Knights (FOAK) cannot be represented pro se due to a common law that "a corporation [including artificial entities] may appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202-03 (1993). Although federal courts have typically followed this precedent, this is a general rule and not absolute. In certain situations, such as here, the district court can make exceptions. *See*

---

[1] Richard Spender is allegedly very wealthy with a net wealth of $185M. People With Money, *the 100 Most Powerful List*, 2018, https://en.mediamass.net/people/richard-spencer/highest-paid.html.

*United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970) (per curiam) and *In re Holliday's Tax Services, Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), and cited by *Rowland*, 506 U.S. at n.5.

For example, in a North Carolina District Court matter, the court noted this exception and allowed a religious corporation to proceed *in forma pauperis* for a limited purpose of a frivolity review. *Moorish Holy Temple of Sci. of the World v. City of Raleigh Police Dep't*, No.5:10-CV-00548-BO, 2011 U.S. Dist. LEXIS 94535 (E.D.N.C. Feb. 18, 2011). *See also People v. NYTAC Corp.*, 783 N.Y.S.2d 775, 779-81, n.2 &4 (2004) ("any state statute requiring corporate defendants to appear by counsel denies them equal protection under the law"); *United States v. Priority Products, Inc.*, 615 F. Supp. 593, 596 (1985) ("when a corporation is the 'alter ego' of an individual or is closely held, there is a narrow exception to the almost absolute rule requiring attorney representation of a corporation in litigation"); *Pension Benefit Guar. Corp. v. Viking Food Serv., Inc.*, No. 93-CV-6837, 1994 U.S. Dist. LEXIS 17846, 1994 WL 702042, at *1-2 (S.D.N.Y. Dec. 14, 1994) (allowing plaintiffs, who were sole proprietors of defunct and/or insolvent corporate defendants to appear pro se in cross-complaint); *Phillips v. Amana Collection Servs.*, No. 89-CV-1152, 1992 U.S. Dist. LEXIS 13558, 1992 WL 227839, at *3-4 (W.D.N.Y. Aug. 25, 1992) (court noted pro se corporate defendant was "extremely cooperative, acted professionally and expressed a sincere desire not to unduly burden plaintiffs and this Court" and allowed him to continue to remain pro se until resolution of the pending motions).

To determine whether an exception is warranted, this Court may consider the following facts and circumstances.

(1) FOAK is a grass root social media Facebook Group and/or Twitter handle; it is not an incorporated entity or otherwise (Declaration of Kyle Chapman in Support of FOAK's

Motion to Dismiss (Chapman Decl.) ¶¶ 3-8) (ECF 203). It does not have any type of corporate or hierarchical business structure.

(2) Plaintiffs seeks declaratory, injunctive, compensatory, statutory and punitive relief against FOAK (First Amended Complaint (FAC), Prayer ¶¶ 371-375).

(3) I dispute plaintiffs' complaint has any legal merits. Even if it did (which it does not), I further dispute any liability that can be imputed to FOAK can be binding on any members of FOAK's Facebook Group and/or Twitter handle, including myself.

(4) Since FOAK does not conduct business for profit or otherwise, does not collect dues or payments, does not hold any property, does not hold anything of monetary value, or capable of generating any income, it does not have the financial resources to vigorously defend this lawsuit.

(5) I, myself, am of very modest financial means.

(6) I have been unable to locate any counsel in Virginia that is willing to take on the case on affordable terms for FOAK or myself.

(7) It would be an extreme perversion of justice if plaintiffs are allowed to prevail in this matter, not by the merits of their case, but through a default judgment because FOAK cannot be represented pro se. In the interest of justice, FOAK should be able to defend itself, even on a pro se basis.

(8) I should not have to wait until there is an adverse ruling, including a default judgment be taken, when plaintiffs will likely try to impute liability to individuals, including myself, and possibly open us up to unknown crippling financial liability.

3 of 6

Case 3:17-cv-00072-NKM-JCH   Document 254   Filed 03/06/18   Page 3 of 6   Pageid#: 1629

(9) My request to represent FOAK pro se would be for a limited purpose, that is to represent it through the conclusion of its motion to dismiss, and that would, if granted, effectively result in the end of plaintiffs' action against FOAK.

(10) FOAK has already shown that it is capable of legally maneuvering and understanding the legal system as represented by the already filed Motion to Dismiss (ECF 202-204).

(11) Allowing FOAK to be presented pro se by myself will not cause any undue delays or concerns of pleadings awkwardly drafted and motions inarticulately presented.

(12) In the event FOAK's motion to dismiss is not granted then I will attempt to retain adequate, affordable legal counsel for the duration of the action.

For the foregoing reasons, I respectfully request the Court grant me the opportunity to represent FOAK pro se for the limited purpose of the duration in bringing and defending FOAK's motion to dismiss.

Sincerely,
Kyle Chapman

*/s/ Kyle Chapman*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2018, a true and correct copy of:

- February 13, 2018, letter from Kyle Chapman to Honorable Judge Norman K. Moon

Have been forwarded by first class U.S. mail to counsel of record:

Alan Levine
Cooley LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036

*Counsel for Plaintiffs*

Elmer Woodard
5661 US HWY 29
Blairs, VA 24527

*Counsel for Defendant Kessler, Cantwell, Vanguard America, Ray, Damigo, Kline, Identity Evropa, Heimbach, Parrott, Traditionalist Worker Party, Schoep, National Socialist Movement, Nationalist Front*

David Leon Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220

*Counsel for Defendant Fields*

Bryan Jeffrey Jones
Bryan J. Jones, Attorney at law
106 W. South Street, Suite 211
Charlottesville, VA 22902

*Counsel for Hill, Tubbs & League of the South*

Michael Enoch Peinovich
PO Box 1069
Hopewell Junction, NY 12533

*Pro Se*

Richard Spencer

1001-A King Street
Alexandria, VA 22314

*Pro Se*

Dated: January 26, 2018

*Kyle Chapman* (signature)

In Pro Se
Kyle Chapman
c/o Fraternal Order of Alt-Knights
52 Lycett Circle
Daly City, CA 94015
kyleschapman@yahoo.com