**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE,

                          Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSELY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                          Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' OPPOSITION TO DEFENDANT JAMES A. FIELDS, JR.'S MOTION TO**
**STAY DISCOVERY PENDING OUTCOME OF CRIMINAL CASE**

Plaintiffs hereby respectfully request that the Court deny the Motion to Stay Discovery Pending Outcome of Criminal Case ("Motion," ECF No. 233-234) filed by Defendant James A. Fields, Jr.

## PRELIMINARY STATEMENT

Fields' Motion to stay all discovery for all parties, based solely on the pendency of his own criminal case, should be denied. Plaintiffs appreciate that Fields is facing a criminal trial and may elect to assert his Fifth Amendment rights in connection with certain discovery in this civil litigation. But it would be inappropriate to stay all discovery for an indefinite duration based on the possibility that one Defendant might refuse to answer certain questions, where there are numerous additional Defendants and Plaintiffs, and where Fields himself has already answered the complaint, admitted certain facts, promulgated discovery requests on Plaintiffs, provided initial disclosures and responded to discovery–all without once invoking his Fifth Amendment privilege.

Fields' Fifth Amendment rights can and would be fully protected without the need for a stay of discovery in this case. As shown below, and as the case law makes clear, Fields can obviously assert his Fifth Amendment rights in response to specific discovery requests. Fields has already demonstrated that this would not impose an undue burden on him as he has already admitted certain facts and presumably would assert his Fifth Amendment privilege if and when he felt it was necessary.

In short, a blanket stay applicable to all parties for an indefinite duration fails to satisfy the factors courts in this Circuit use to evaluate such motions. Given that, and Fields' ability to protect his rights without a stay of discovery, the Motion should be denied.

2

## FACTS

The Complaint was filed on October 11, 2017, (ECF No. 1), and Fields filed his Answer on November 9, 2017. (ECF No. 88.)  Fields did not invoke (or even mention) the Fifth Amendment in response to any allegations in the Complaint.  In response to paragraph 24, for example, which alleges the conduct for which Fields has been charged with murder, Fields admitted "that the front of his Dodge Challenger collided with the rear of another vehicle" and that "he has been charged with the crimes related to the collision. Otherwise denied."  (*Id.* at ¶ 24.)

The parties held a Rule 26(f) teleconference on November 29, 2017.  (*See* ECF No. 135.)  In the Joint 26(f) Report filed on December 6, 2017, Fields agreed to an initial disclosure date of December 20, 2017, and a close of fact discovery deadline 150 days prior to trial, and he requested only that depositions of defendants facing criminal charges for conduct at issue in this action be scheduled "after the criminal case has been tried or a plea agreement has been accepted by the Court as to that Defendant."  (*Id.* at 4.)  Per this schedule, Fields served his initial disclosures on December 20, 2017, without asserting a Fifth Amendment privilege on any of the topics requiring disclosure.   Nowhere in the Joint 26(f) Report did Fields state that he was seeking a stay of all discovery based on his Fifth Amendment privilege.

Plaintiffs amended their Complaint on January 5, 2018, (ECF No. 175), and Fields filed his Answer on January 18, 2018 (ECF No. 196).  In his Answer to the Amended Complaint, Fields did not assert a Fifth Amendment privilege in response to any allegations.

On February 20, 2018, Fields served on all ten Plaintiffs his first Requests for Production ("RFPs") and Interrogatories.  Fields' discovery seeks from Plaintiffs, among other things, "any and all documents reports or records which confirm, document, support or do not support the

Plaintiff's claims of permanent injury and/or impairment/disability and/or future expenses, if any"
(RFP 6) and answers that "specify the injuries including, but not limited to, mental and physical
complaints, which you claim resulted from the incident alleged in your Complaint" (Interrogatory
3).

On February 23, 2018, Fields served his Responses and Objections to Plaintiffs' First RFPs
and First Set of Interrogatories, asserting objections on the grounds of relevance, overbreadth, and
attorney-client privilege, among other bases.  Fields' Responses and Objections do not include any
objections based on his Fifth Amendment rights or the pendency of his criminal trial, and he did
not assert a privilege or intention to withhold responsive information on that basis.

Also on February 23, 2018, Fields filed the instant Motion, asking the Court to "stay all
discovery in the present case until the criminal cases are resolved either by trial or plea agreement."
(Mot. at 3.)  Fields alleges that his criminal trial currently is scheduled to begin on November 26,
2018.  *Id*.  As of this filing, no other Defendant has joined in Fields's Motion.

## ARGUMENT

Motions to stay discovery are "generally disfavored," *Bennett v. Fastenal Co.*, No. 7:15-
CV-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016), and "[t]he proponent of a stay
bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see also
Williford v. Armstrong World Indus., Inc*., 715 F.2d 124, 127 (4th Cir. 1983) ("The party seeking
a stay must justify it by clear and convincing circumstances outweighing potential harm to the
party against whom it is operative.").  In evaluating a motion to stay, federal "courts have generally
used the balancing test set in *Landis* that weighs the hardship to the moving party against the

4

prejudice to the opposing party." *Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp.*, No. Civ-A-07-306, 2007 WL 2481291, at *1 (E.D. Va. Aug. 27, 2007).

Although the Fourth Circuit has not ruled on the standard for evaluating a criminal defendant's request to stay a related civil matter, district courts in the Fourth Circuit generally consider five factors: "(1) [i]nterest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay; (2) burden on defendant; (3) convenience to the [C]ourt; (4) interests of persons not party to the civil litigation; and (5) the public interest." *Skinner v. Armet Armored Vehicles, Inc*., No. 4:12-cv-00045, 2015 WL 540156, at *4 (W.D. Va. Feb. 10, 2015) (citing *In re Mid-Atl. Antitrust Litig*., 92 F.R.D. 358, 359 (D. Md. 1981)); *Avalonbay Cmtys., Inc*., 2007 WL 2481291, at *2; *see also U.S. v. Georgia Pac. Corp*., 562 F. 2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)).

### A.     Fields's Criminal Trial Alone Does Not Justify A Stay Of Discovery.

The only ground Fields asserts to justify a blanket stay of discovery is the pendency of his criminal trial,[1] but that alone does not require a stay of this civil action. "Because of the frequency with which civil and regulatory laws overlaps with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel

---

[1]     Defendant Peinovich filed a Motion to Stay Discovery asserting that discovery ought to await the outcome of Defendants' motions to dismiss.  Plaintiffs opposed that motion as failing to articulate good cause to justify a stay, as set forth in Plaintiffs' Memorandum in Opposition to Defendant Peinovich's Motion to Stay Discovery.  (ECF No. 240.)

proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." *Maryland v. Universal Elections, Inc.,* 729 F.3d 370, 379 (4th Cir. 2013) (citation omitted).  Indeed the Supreme Court has repeatedly held "*[t]hat the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against self-incrimination.*"  *U.S. v. Rylander*, 460 U.S. 752, 759 (1983) (citation omitted); *see also Skinner*, 2015 WL 540156, at *3 ("Although Defendant faces a choice in deciding what questions to answer, that choice does not violate his rights or force him to waive his rights in separate, subsequent criminal proceedings.").

Rather than the blunt instrument of a complete and indefinite stay of discovery,[2] the appropriate method to protect a defendant's rights (and the rights of other parties) in a case like this is to assert the Fifth Amendment right on a question-by-question basis with "sufficient particularity" for the Court to rule on the objection.  *See Skinner*, 2015 WL 540156, at *3 ("for one to invoke the Fifth Amendment privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim"

---

[2]      Fields requests a stay until the conclusion of his criminal trial but does not indicate whether it would remain in effect through post-trial motions and appeals.  (*See* Mot. at 3.)  Even if a stay were appropriate here (and it is not), any stay should apply solely to Fields and should be limited in duration.  *See Blanda v. Martin & Seibert, L.C.*, No. 2:16-0957, 2017 WL 63027, at *8 (S.D. W. Va. Jan. 5, 2017) (granting stay as to some defendants but denying as to another because it did not have a Fifth Amendment privilege and "granting a stay [as to that defendant] would prejudice plaintiff without advancing any opposing Fifth Amendment concerns."); *see Maracich v. Spears*, No. 7:09-1651-HMH, 2010 WL 358128, at *3 (D.S.C. Jan. 25, 2010) (limiting stay to six months because the Supreme Court has held that a stay should "'not [be] immoderate in extent and not oppressive in its consequence.'" (quoting *Landis*, 299 U.S. at 256); *Skinner*, 2015 WL 540156, at *4-5 (declining to impose a limited or indefinite stay "until the criminal case has concluded [because] [t]hat process could take years (including trial, appeal and collateral attacks).").

(citing *N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987)); *see also, U.S. v. Woods*, 5:05-CR-131-FL, 2009 WL 8755602, at \*3 (E.D.N.C. Dec. 28, 2009) ("[d]efendants are minded that the privilege may be asserted and preserved in the course of civil discovery proceedings, but only in specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question") (citation omitted); *U.S. v. Scambos*, No. 3:07-mc-00011, 2008 WL 3895956, at \*3 (W.D. Va. Aug. 19, 2008), *aff'd*, 318 F. App'x 221 (4th Cir. 2009) (noting that the defendant "cannot avoid answering questions merely because he declares that in so doing he would incriminate himself—his say-so does not itself establish the hazard of incrimination" and holding that defendant failed to assert the Fifth Amendment privilege with sufficient particularity for the court to make an informed ruling on his claim) (citation omitted).[3]  By proposing to stay all proceedings, rather than invoking on a request-by-request basis, Fields seeks to elide the clear requirement that he establish his entitlement to Fifth Amendment protection for each discovery request.  That is not permitted, s*ee Woods*, 2009 WL 8755602, at \*3, and severely hinders a civil case that involves many more parties and interests than his alone.

---

[3]     A defendant who properly invokes his Fifth Amendment right still may face adverse inferences as a result.  *Skinner*, 2015 WL 540156, at \* 3 ("[Defendant] is free to claim the protections of the Fifth amendment at any time he and his able attorneys see fit.  In the context of a civil proceeding, however, [Defendant] is not free from an adverse inference as a result of his silence.");  *Baxter*, 425 U.S. at 318-19 ("the prevailing rule [is] that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them").

**B.     The Balance Of Factors Weighs Heavily Against A Stay Of Discovery.**

Not only does the pendency of Fields' criminal trial alone fail to justify the relief requested, but all five of the factors routinely applied to such a motion in this Circuit weigh against granting a stay in this case.  *See Skinner*, 2015 WL 540156, at *4.

**1.     Plaintiffs' Interests In Proceeding Weigh Heavily Against A Stay.**

This is precisely the type of civil action where a stay of discovery would have a significant adverse impact on Plaintiffs' case.  *See In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 559-60 (E.D. Va. 1995) (denying stay in part because "[a] party is not entitled to delay resolution of a civil action, even to accommodate her Fifth Amendment interests, if her adversary's case will deteriorate as a result of the stay").  While the civil case certainly includes Fields' conduct on August 12, 2017 (the subject of his criminal case), the conduct relevant to Plaintiffs' claims is substantially broader and includes twenty-four other defendants, none of whom have invoked Fifth Amendment protection.

Indeed, this case presents particular concerns because Plaintiffs need to preserve, collect, and analyze a large body of electronic evidence from social media sites, email, and other sources, much of which requires collection from third parties, and all of which presents a danger of spoliation.  There are also numerous Plaintiffs and Defendants, and their memories of the critical events are essential to the case.  *See In re Mid-Atl. Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981) (denying motion to stay and finding prejudice to plaintiff from delay because "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end").

A stay based on the pendency of Fields' criminal proceeding would be of uncertain duration given the possibility of trial delays, post-trial motions, and appeals.  That alone would constitute prejudice to Plaintiffs because it would effectively prevent Plaintiffs from taking testimony or obtaining documents from anyone involved with the events in Charlottesville until January 2019, if not substantially longer.  *See Avalonbay Cmtys., Inc*., 2007 WL 2481291, at *2 ("Plaintiff will be prejudiced by the undeterminable time length of any criminal prosecution because this makes it more likely that (1) documents will be misplaced; (2) memories will fade and (3) [d]efendants will have fewer monetary resources available for [p]laintiff to collect on any financial judgment.").

### 2.    Civil Discovery Will Not Substantially Burden Fields.

Fields has had several opportunities to assert his Fifth Amendment privilege and request a stay since this case was initiated almost five months ago—including a Rule 26(f) conference, two answers, initial disclosures, and responses and objections to discovery—but declined to do so. This weighs against granting a stay.  *See In re Anderson*, 349 B.R. 448, 459 (E.D. Va. 2006) (affirming bankruptcy court's denial of motion to stay in part because defendant had been under indictment for more than nine months when he consented to scheduling order and therefore "should have been aware of the Fifth Amendment dilemma he might face").  Indeed, by failing to invoke his Fifth Amendment rights in his answers, initial disclosures, and discovery responses to date, Fields has already waived that privilege on numerous occasions.  *See U.S. v. $43,660.00 in U.S. Currency and $4,000.00 in U.S. Currency*, No. 1:15-CV-208, 2016 WL 1629284, at *5

(M.D.N.C. Apr. 22, 2016) (failure to claim Fifth Amendment privilege in response to discovery requests results in waiver).[4]

There is also no merit to Fields' vague arguments that proceeding with discovery will undermine his Fifth Amendment privilege, expand criminal discovery, or expose the basis of his defense to the prosecution in advance of his criminal trial.  (*See* Mot. at 4 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980)).)  None of these concerns are present in this case, nor were they credited as a reason to stay discovery in *Dresser*, the case upon which Fields relies.  *Id.* at 1376-79 (denying appeal of order requiring compliance with discovery).

Fields' Fifth Amendment privilege will not be undermined by proceeding with discovery here. "The fact that 'an adverse inference can be drawn against litigants who assert their Fifth Amendment rights in a civil proceeding' [] does not justify staying this action.  If it did, there would be no need for the plethora of case law on the Fifth Amendment in the civil context; courts would simply stay every case in which a defendant's Fifth Amendment rights may be implicated." *Skinner*, 2015 WL 540156, at *5 (quoting *Avalonbay Cmtys., Inc*., 2007 WL 2481291, at *2). Indeed, Fields is free to "exercise his right against self-incrimination at any stage of a civil proceeding to which he is a party or a witness," so long as he does so "with sufficient particularity . . . to provide the court with a record upon which to decide whether the privilege has been property asserted as to each question."  *Skinner*, 2015 WL 540156, at *3 (citing *accord*, *N. River Ins. Co., Inc.*, 831 F.2d at 486-87).

---

[4]     And, rather than abide by his own effort to stay discovery, Fields has also propounded discovery on every Plaintiff.

10

Fields also offers no reason to conclude that proceeding will expose the basis of his criminal defense or intrude upon his rights with respect to criminal discovery. Unlike other cases where courts have credited these reasons as weighing in favor of a stay, *see U.S. Tobacco Inc. v. Big S. Wholesale of Va., LLC*, No. 5:13-CV-527-F, 2014 WL 4923627, at *2 (E.D.N.C. Sept. 30, 2014) (granting government's motion to intervene and stay discovery), the criminal prosecutor here has not sought to intervene in this case, and Fields has identified no discovery requests that would be impermissible under the Federal Rules of Criminal Procedure. In addition, he is able to assert his Fifth Amendment right if and when a question is posed that would reveal his defense.

For these reasons, any purported burden on Fields is insufficient to require a stay of all discovery in this action. *Skinner*, 2015 WL 540156, at *5 (denying motion to stay despite contemporaneous criminal action against defendants because defendant "is free to exercise his Fifth Amendment rights [and] [d]oing so places him at no greater disadvantage than every other litigant who wishes to protect his rights. If he chooses to testify, he has competent and able counsel to guide him.").

### 3. The Interests Of The Court Are Not Served by an Indefinite Delay.

Although Fields claims otherwise, he is requesting a stay of indeterminate length. It cannot be known, nor can Fields reliably predict, when his criminal liability will have been conclusively determined and discovery could recommence. A grant of his Motion would therefore run directly contrary to the Court's "policy of efficient and expeditious resolution of cases." *Skinner*, 2015 WL 540156, at *5 (citation omitted); *see also Bennett,* 2016 WL 10721816, at *1 (motions to stay discovery are "generally disfavored."); *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988) (in considering motions to stay, a court "needs to remain mindful of its

responsibility to expedite discovery and minimize delay. Disruption or prolongation of the discovery schedule is normally in no one's interest." (internal citation omitted)).

### 4.    The Interests Of Non-Parties Do Not Favor A Stay.

There are no substantial third-party interests that weigh in favor of a stay, and Fields identifies none. The outcome of Fields' criminal case, and his related Fifth Amendment rights, will not affect third parties' obligations to respond to discovery requests. Moreover, although Fields argues generally that third party interests support a stay because their evidence or testimony could be used against them in a theoretical criminal proceeding (Mot. at 5), neither he nor the unnamed third parties to which he refers have articulated a viable threat of criminal liability to anyone other than Fields. *See In re Mid-Atl. Toyota Antitrust Litig.*, 92 F.R.D at 360 (denying stay despite claim that non-parties will claim Fifth Amendment privilege because "the Court can rule on individual assertions of Fifth Amendment privilege if and when such assertions occur"). And, as explained above, if any discovery request actually implicates a third party's right against self-incrimination, that third party may raise the Fifth Amendment privilege, just as Fields can.

### 5.    The Public Interest Weighs Against A Stay.

"[T]he public has an interest in seeing a resolution of this action," granting relief to Plaintiffs if they are successful, and determining whether defendants "acted squarely within the law." *Skinner*, 2015 WL 540156, at *5. This is particularly the case for Plaintiffs' claims under the Ku Klux Klan Act, which was enacted to reflect congressional intent to provide "a means of redress for persons victimized by the Klan's acts of terror and intimidation." *Bergman v. U.S.*, 551 F. Supp. 407, 413 (W.D. Mich. 1982). To the extent Plaintiffs prevail and obtain an injunction, the public will have a further interest in preventing the enjoined behavior. These public interests

12

disfavor a stay regardless of whether Fields remains incarcerated.  (*See* Mot. at 5.)  For these reasons, the public interest would be served by denying a stay and permitting this case to proceed through discovery.

## CONCLUSION

WHEREFORE, for the reasons stated above, it is requested that this Court deny Fields' Motion to Stay Discovery.

Dated: March 8, 2018                                   Respectfully submitted,

                                                                      *s/ Robert T. Cahill*
                                                                      Robert T. Cahill (VSB 38562)
                                                                      COOLEY LLP
                                                                      11951 Freedom Drive, 14th Floor
                                                                      Reston, VA 20190-5656
                                                                      Telephone: (703) 456-8000
                                                                      Fax: (703) 456-8100
                                                                      rcahill@cooley.com

                                                                      Of Counsel:

                                                                      Roberta A. Kaplan (*pro hac vice*)
                                                                      Julie E. Fink (*pro hac vice*)
                                                                      Christopher B. Greene (*pro hac vice*)
                                                                      Seguin L. Strohmeier (*pro hac vice*)
                                                                      Joshua A. Matz (*pro hac vice*)
                                                                      KAPLAN & COMPANY, LLP
                                                                      350 Fifth Avenue, Suite 7110
                                                                      New York, NY 10118
                                                                      Telephone: (212) 763-0883
                                                                      rkaplan@kaplanandcompany.com
                                                                      jfink@kaplanandcompany.com
                                                                      cgreene@kaplanandcompany.com
                                                                      sstrohmeier@kaplanandcompany.com
                                                                      jmatz@kaplanandcompany.com

13

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se Defendant*

I further hereby certify that on March 8, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

_s/ Robert T. Cahill_
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*