UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>      Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>      Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY DAVID DUKE'S MOTION TO QUASH** |

Plaintiffs hereby respectfully request that the Court deny the Motion to Quash Subpoena ("Mot.," "Motion," or "Motion to Quash") filed by non-party David Duke.  (ECF No. 235.)

## BACKGROUND

Duke's Motion to Quash relates to a non-party subpoena (the "Subpoena") that Plaintiffs served on Duke on January 26, 2018, in order to gather evidence related to Defendants' coordination and planning for the Unite the Right rally in Charlottesville, Virginia, on August 12, 2017.  (*See* Ex. A (Subpoena); Ex. B (Affidavit of Service).)

The Subpoena seeks documents and communications concerning the organization and planning of the Unite the Right rally, including documents and communications sufficient to identify Duke's accommodations on the night of August 12, 2017, Duke's transportation to and from the rally, and entities with which Duke is affiliated that financially supported or assisted in organizing the rally.  (Ex. A at Doc. Request Nos. ("Requests") 3-5.)  The Subpoena also seeks documents and communications concerning precursors to the Unite the Right rally involving many of the same individuals and entities, including the torch-lit march in Charlottesville on August 11, 2017; the Ku Klux Klan rally in Charlottesville in July 2017; and the "Charlottesville 1.0" rally in May 2017.  (*Id.* at Requests 6, 7, 9, 10.)  The Subpoena further seeks documents and communications concerning meetings to plan the Unite the Right rally, as well as donations and efforts to solicit donations for Duke or others related to any of these rallies or events.  (*Id.* at Requests 8, 11-12.)  The Subpoena also seeks documents and communications between Duke and the individuals and entities named as Defendants in the lawsuit.  (*Id.* at Requests 13-14.)  The Subpoena provides a time period for all Requests of "January 1, 2015 to the present."  (*Id.* at Defs. & Instrs. ¶ 29.)

Duke's deadline to serve objections on Plaintiffs was 14 days from service, *i.e.*, February 9, 2018. *See* Fed. R. Civ. P. 45(d)(2)(B). Duke's deadline to comply with the Subpoena was 30 days from service, *i.e.*, February 26, 2018. (*See* Ex. A at 1; Ex. B at 1-2.)

On February 26, 2018, Duke filed his Motion to Quash. (ECF Nos. 235, 236.) On the same day, Duke also filed a set of objections to the Subpoena. (ECF No. 237.) Duke did not meet and confer with Plaintiffs, or provide Plaintiffs with his objections, prior to filing the Motion to Quash.

On March 7, 2018, Plaintiffs contacted Duke and proposed a meet-and-confer to attempt to resolve Duke's objections without the Court's intervention. (Ex. C (Bowman Ltr. to Duke).) On March 12, 2018, Plaintiffs' deadline to oppose Duke's Motion to Quash, Duke informed Plaintiffs that he was not available to meet and confer until March 13. (Ex. D (Duke Email to Bowman).)

## ARGUMENT

Pursuant to Rule 45, a motion to quash must be raised in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B). Compliance is not required in this District for the Subpoena, which was returnable in Louisiana. (Ex. A at 1; Ex. B at 1-2.) Nevertheless, Plaintiffs do not object to this Court treating Duke's Motion as a motion for a protective order under Rule 26 and deciding the Motion on that basis. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").

The standards for evaluating the Motion are the same under Rules 26 and 45. *See JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at \*9 (S.D.W. Va. May 22, 2015) ("The protections conferred by Rule 26 are incorporated in Rule 45(d)(3) . . . . 'Although Rule 45[d] sets forth additional grounds on which a subpoena against a third party

3

may be quashed[,] . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.'"); *Stoney Glen, LLC v. S. Bank & Tr. Co.*, No. 2:13CV8-HCM-LRL, 2013 WL 5514293, at *4 (E.D. Va. Oct. 2, 2013) ("regardless of whether Defendant seeks to quash the subpoenas under Rule 45 or to have the Court issue a protective order preventing the production of the subpoenaed material under Rule 26, the Court should utilize the same standard in deciding Defendant's Motion").

## I. Duke Did Not Attempt to Meet and Confer with Plaintiffs, as Required Prior to Filing a Motion For a Protective Order.

To the extent that the Court treats this Motion as a motion for a protective order, the Motion should be denied. Rule 26 provides that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Duke did not attempt to meet and confer with Plaintiffs prior to filing, instead simply filing his Motion on February 26, 2018 (Mot. at 1)—the date on which compliance with the Subpoena was required (Ex. A at 1; Ex. B at 2). Nonetheless, after receiving Duke's Motion, Plaintiffs contacted Duke and proposed a meet-and-confer. (Ex. C.) However, Duke was not available to meet and confer until after Plaintiffs' deadline to file this brief. (Ex. D.)

Because Duke did not attempt to meet and confer to Plaintiffs prior to filing his Motion, the Motion should be denied. *See Flame S.A. Glory Wealth Shipping Pte Ltd. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 12551212, at *2 (E.D. Va. May 29, 2014) (denying motion to quash because movant "failed to certify that it attempted to confer in good faith with [the party that had served non-party subpoenas] before filing this motion"). Indeed, as shown below in Part III, a meet-and-confer process could have resolved some of Duke's objections and concerns.

4

## II. Duke's Objections to the Subpoena are Untimely.

Duke's objections to the Subpoena were not timely, and the Motion should be denied on that basis, whether treated as a motion to quash or a motion for a protective order. Objections must be served on the party that served the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Because Duke was served on January 26, 2018 (Ex. B at 1), his objections were due on February 9, but they were not filed until February 26 (Mot. at 1). As Duke acknowledges (*see id.* at 2), "Ordinarily, the failure to make timely objection to a subpoena duces tecum pursuant to this rule will waive any objection." *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999). Thus, Duke has waived any objections to the Subpoena, and the motion to quash should be denied. *See id.*; *Angell v. Shawmut Bank Conn. Nat'l Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994) (it is "reasonable to construe the new time limits more strictly so that failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena").

Duke asserts that the Court should excuse his failure to file timely objections because this case features "unusual circumstances," including that the Subpoena is "overbroad on its face" and "would impose significant expense" on Duke. *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. at 349 (cited at Mot. at 2). As an initial matter, there is nothing "unusual" about a subpoena that the recipient believes to be overbroad. Indeed, those are precisely the circumstances for which timely objections, and a meet-and-confer process, are designed. Duke has offered no excuse for his lack of timeliness. Moreover, the Subpoena was proper, as discussed below.

### III. Even If Duke's Objections to the Subpoena Were Timely, the Court Should Deny the Motion.

Duke's Motion should be denied because he cannot establish any of the narrow grounds for quashing a subpoena pursuant to Rule 45. A subpoena must be quashed, upon timely motion, if it (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter," or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Duke focuses on the first and fourth prongs, arguing that the Subpoena "fails to allow a reasonable time to comply" and subjects Duke to "undue burden." (Mot. at 3 (citing Fed. R. Civ. P. 45(d)(3)(A)).) Duke cannot establish either ground.

#### A. Duke Fails to Show That the Subpoena "Fails to Allow a Reasonable Time to Comply."

The Subpoena gave Duke 30 days to respond. (Ex. A at 2; Ex. B at 2.) Duke cites no authority supporting the argument that 30 days is not "reasonable" under Rule 45. To the contrary, the case law supports the proposition that 30 days is a sufficient amount of time within which to respond to a subpoena. *See, e.g.*, *Vaughan Furniture Co. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125 (M.D.N.C. 1994) (finding 20 days to be acceptable). Duke also gives no factual reason to believe that 30 days is an unreasonable deadline in this particular situation.

When Duke does attempt to explain why he needs more time, he misstates the burden placed upon him by the Subpoena. Duke claims that responding to the Requests "would require listening very closely for hundreds of hours" and "would take many lifetimes of effort" (Mot. at 3-4), but those statements are based on Duke's failure to appreciate the date-and-scope limitations provided in the Subpoena (explained further below), as well as the ability to filter and search his data in response to those limitations.

In any event, quashing the Subpoena for this reason would be improper. To the extent that Duke were willing in good faith to produce documents but required longer than 30 days—or to the extent that searching for certain subject matter would be particularly difficult, as Duke suggests (*id.* at 4)—Plaintiffs are available to meet and confer regarding reasonable extensions, and to that end Plaintiffs proposed a meet-and-confer via letter prior to filing this brief. (Ex. C.)[1] Furthermore, even if the Court found 30 days to be too limited, the solution is not to quash the Subpoena but to modify the Subpoena to allow more time in which to respond. *See Vaughan Furniture Co.*, 156 F.R.D. at 125 (extending a deadline to respond from two to 20 days).

### B. Duke Fails to Show That the Subpoena Subjects Duke to an "Undue Burden."

"In determining whether a request is overly broad or unduly burdensome, the Court will balance the burden on the objecting party against the benefit to the discovering party of having the information." *JAK Prods.*, 2015 WL 2452986, at *7; *see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."). In this analysis, the Court considers the relevance of the information, whether analyzing the Subpoena under Rule 26 or 45. *See JAK Prods.*, 2015 WL 2452986, at *9; *accord In re: Monitronics Int'l, Inc.*, No. MDL 1:13-MD-2493, 2014 WL 12623046, at *4 (N.D.W. Va. June 19, 2014) ("the subpoena duces tecum is reviewed under the relevancy standards set forth in Rule 26(b)"); *Union First Mkt. Bank v. Bly*, No. 3:13-CV-598, 2014 WL 66834, at *3 (E.D. Va. Jan. 6, 2014); *Stoney Glen*, 2013 WL 5514293, at *2-3.

---

[1] For example, Plaintiffs are amenable to meeting and conferring with Duke regarding his response to Request 8 (seeking documents concerning a meeting on August 11, 2017): "Movant can produce the requested documents if given sufficient time to search his records." (Movant's Objections at Document Request No. 8.)

Here, despite Duke's arguments otherwise, compliance with the Subpoena would not impose undue burden or significant expense on Duke. By contrast, the documents sought by the Subpoena are relevant and would confer great benefit on Plaintiffs. This case therefore does not present "unusual circumstances" excusing the lateness of Duke's objections, *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. at 349, or justify quashing the Subpoena under Rule 45 or granting a protective order under Rule 26.

### 1. The Subpoena Contains Appropriate Limitations on Time and Scope.

Duke's main assertion in support of the alleged overbreadth of the Subpoena is that "many of the requests aimed at Movant are not limited in scope or time period." (Mot. at 3.) Duke is wrong.

The Subpoena limits the time period for all Requests to "January 1, 2015 to the present." (Ex. A at Defs. & Instrs. No. 29.) Duke's Motion simply ignores this paragraph. His statements that the requests "are not limited in . . . time period" and that Request 12 is "[c]onspicuously missing . . . a time window of any kind" (Mot. at 3) are incorrect.

Moreover, the Subpoena requests documents and communications concerning the subject matter, individuals, and entities involved in the litigation—namely, those who planned and participated in the Unite the Right rally in Charlottesville. Duke focuses on three Requests (12, 13, and 14) in alleging an overly broad subpoena.

First, Request 12 was intended to be limited in scope to those donations received by Duke from January 1, 2015, to the present relating to the subject matter, individuals, and entities involved in the litigation. It was not Plaintiffs' intention to request "any donations received *at any time*," as Duke appears to believe. (Mot. at 3.) Of course, any confusion regarding the scope of Request 12 does not necessitate the Court granting the Motion to Quash. Plaintiffs have proposed to meet and confer with Duke regarding Duke's objections to the scope of the

8

Subpoena (Ex. C), including the scope of Request 12, and the Court has discretion to modify the Requests if it finds modification necessary.

Similarly, Requests 13 and 14 are not "blatant" in their overbreadth. (Mot. at 3.) In fact, those Requests seek communications with and regarding the individuals and entities that are Defendants in this lawsuit. Plaintiffs reasonably believe that all such communications are likely to relate to the subject matter of this lawsuit. If Duke has a good-faith basis for disagreeing, he has not explained it in his Motion. Again, the meet-and-confer process would be the proper venue for such a discussion.

The Subpoena in this case is therefore unlike subpoenas that courts have found to be overbroad due to a lack of limitations on time and/or scope. For example, in *In re Subpoena Duces Tecum to AOL, LLC*, the court found a subpoena to be "overbroad because it does not limit the e-mails requested to those containing subject matter relevant to the underlying action or sent to or from employees connected to the litigation." 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Here, the requests *are* limited to the "subject matter relevant to the underlying action" and *are* limited to emails "sent to or from [individuals] connected to the litigation." *Id.* Due to this fundamental mischaracterization of the Requests, Duke fails to show that the Subpoena "would impose an undue burden and a significant expense" on him. (Mot. at 2.)

### 2. Duke Fails to Substantiate His Conclusory Claims of Burden and Expense.

Equally fatal to his Motion, Duke fails to substantiate his conclusory assertions that compliance with the Subpoena would impose on him unreasonable burden and expense. "Regardless of whether a motion is made under Rule 26(c) or Rule 45(d), the party opposing discovery has the obligation to submit evidence supporting its claims that the discovery is unduly burdensome, oppressive, or irrelevant. To prevail on the grounds of burdensomeness or breadth,

the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments." *JAK Prods.*, 2015 WL 2452986, at *10.

Duke's Motion lacks such evidence. Duke contends that he "does hundreds of hours of radio programming every year," such that responding to the Requests "would require listening very closely for hundreds of hours." (Mot. at 3.) Duke also states that he "receives hundreds of thousands of emails," such that identifying correspondence with Defendants "would take many lifetimes of effort." (*Id.* at 3-4.) But Duke does not support these conclusory statements with the required support. Nor does Duke attempt to quantify the expenses that would be involved. Moreover, Duke's estimates do not take into account the time-and-scope limitations given in the Subpoena. For example, the total size of "text data that Movant uses in his academic research" (*id.* at 3-4) is simply irrelevant, because Plaintiffs have not requested all of Duke's data, and Duke ignores the possibility of using search terms, transcription software, and other technology to filter and search his data. Indeed, it is routine in federal litigation for far larger databases to be searched, even by non-parties, once appropriate discovery parameters have been negotiated.

Thus, Duke "did not support [his] objection or motion with any showing, such as through affidavits, which sets out in detail the expenses which would be involved, as [he] was required to do." *Vaughan Furniture Co.*, 156 F.R.D. at 125; *see Stoney Glen*, 2013 WL 5514293, at *6 (granting motion to compel and denying motion to quash because "Plaintiffs failed to supply the Court with facts to support these objections [concerning overbreadth and undue burden], as required"). Duke's claim that he would suffer "undue burden and a significant expense" from the Subpoena fails.

### 3. Duke Entirely Ignores the Benefit to Plaintiffs of This Relevant Information.

Duke's motion should also be denied because any burden to him is outweighed by the "benefit to the discovering party of having the information." *JAK Prods.*, 2015 WL 2452986, at *7. The benefit to Plaintiffs of obtaining the relevant information in Duke's possession would be significant and would outweigh the burden to Duke. *See id.*; Fed. R. Civ. P. 26 (considering "whether the burden or expense of the proposed discovery outweighs its likely benefit"); *accord In re: Monitronics Int'l*, 2014 WL 12623046, at *3; *Union First Market Bank*, 2014 WL 66834, at *3; *Stoney Glen*, 2013 WL 5514293, at *3.

The documents requested would be of great benefit in discovering the full extent of the conspiracy to plan and commit violence in Charlottesville. As alleged in the First Amended Complaint ("FAC") (ECF No. 175), Duke attended meetings with members of the conspiracy, including Defendants Robert "Azzmador" Ray, Christopher Cantwell, and Elliot Kline a/k/a Eli Mosley, to plan the violent events of August 11 and 12, 2017. (FAC ¶¶ 66, 317.) Duke solicited donations on behalf of members of the conspiracy in order to help them attend the Unite the Right rally on August 12. (*Id.* ¶ 128.) And Duke encouraged others to attend the torch-lit march on August 11, at which several Plaintiffs were injured. (*Id.* ¶ 187.) The FAC thus alleges that Duke was a co-conspirator of Defendants and intimately involved in organizing the violent events that harmed Plaintiffs and gave rise to this lawsuit.

The documents sought in the Subpoena are targeted to obtain relevant information in Duke's possession. For example, Duke objects to Request 3, which requests "documents and communications concerning any rally or event on August 12, 2017 in Charlottesville, Virginia," including communications that "anticipated, planned, publicized, reported on, or otherwise concern such rally or event." (Ex. A at Request 3.) The planning of the rally is the central

subject matter of the lawsuit, and information in Duke's possession concerning the rally's organization is highly relevant.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Duke's Motion to Quash.

Dated:  March 12, 2018                                    Respectfully submitted,

*/s/ Philip M. Bowman*
Philip M. Bowman (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
jlibling@bsfllp.com
ybarkai@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se*

I further hereby certify that on March 12, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

David Duke
240 Garden Avenue
Mandeville, LA 70471

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

*/s/ Philip M. Bowman*
Philip M. Bowman (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com

*Counsel for Plaintiffs*

3