# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No. 3:17-cv-00072-NKM**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT FRATERNAL ORDER OF THE ALT-KNIGHT'S RESPONSE TO THE COURT'S JANUARY 11 AND 31, 2018 ORDERS AND FOR AN ENTRY OF DEFAULT**

Plaintiffs respectfully submit this motion to strike Defendant Fraternal Order of the Alt-Knights' response to the Court's January 11 and 31, 2018 orders and for an entry of default.

## PRELIMINARY STATEMENT

On January 31, 2018, after Defendant Fraternal Order of the Alt-Knights ("FOAK") purported to file a response to Plaintiffs' Complaint *pro se*, this Court ordered that FOAK must appear in this action through licensed counsel by no later than February 14, 2018, or risk default (the "Order"). (ECF No. 210.) In violation of the Order, FOAK, once again proceeding *pro se*, submitted a letter to the Court (the "Response"), asking that the Court permit Kyle Chapman to represent FOAK "for the limited purpose of the duration in bringing and defending FOAK's motion to dismiss." (ECF No. 254 at 4.) Accordingly, and for the reasons set forth below, the Court should strike FOAK's improper Response and enter an order of default.

## FACTS

Plaintiffs filed their Complaint on October 11, 2017. (ECF No. 1.) FOAK was served on December 11, 2017. (ECF No. 149.) Rather than retaining counsel and responding to Plaintiffs' Complaint, Kyle Chapman, a non-attorney purporting to represent FOAK, sent a letter to the Court requesting additional time to find "adequate legal counsel in Virginia." (ECF No. 176.) The Court denied FOAK's letter motion as moot, as Plaintiffs had in the meantime amended their Complaint (the "FAC"). (ECF Nos. 175, 177.)

Following this denial, FOAK again proceeded *pro se* and filed a purported motion to dismiss the FAC on January 26, 2018. (ECF Nos. 202-204.) Five days later, the Court *sua sponte* struck that filing, finding that because FOAK is an artificial entity, Chapman—who is not licensed to practice law—may not represent it. (ECF No. 210.) The Court therefore directed FOAK to "retain a licensed attorney and have that attorney note an appearance in this matter and file a proper

responsive pleading within fourteen (14) days of entry of this Order." (*Id.*) The Court further wrote that "[f]ailure to comply with this Order will result in default being entered against Defendant Fraternal Order of the Alt-Knights." (*Id.*) Finally, the Court granted in part FOAK's letter motion for extension of time to file a response to the FAC. (*Id.*)

Rather than requesting an additional extension to respond to the FAC, FOAK—once again proceeding *pro se* in violation of the Court's Order—sent the Court a letter dated February 13, 2018, informing the Court that FOAK still had not retained counsel. (ECF No. 254.) In its Response, FOAK requested that, instead of retaining counsel as required by federal law and this Court's Order, Kyle Chapman be permitted to "represent FOAK pro se for the limited purpose of the duration in bringing and defending FOAK's motion to dismiss." (*Id.* at 4.)[1]

### ARGUMENT

The Court has already held that as a non-attorney, Mr. Chapman cannot represent FOAK in this case. (ECF No. 210.) As acknowledged by the Court in its Order, the law is clear that "corporations, partnerships, or associations" may not "appear in federal court other[] than through a licensed attorney." *Rowland* v. *Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); Va. R. S. Ct., pt. 6 § 1, UPC 1–3 (stating that a "corporation can be represented only by a lawyer before a tribunal, with respect to matters involving legal conclusions, examination of witnesses or preparation of briefs or pleadings").

---

[1]     In addition, on March 7, 2018, Kyle Chapman, again purporting to represent FOAK, served upon Plaintiffs voluminous discovery requests. Because FOAK has not yet properly appeared in this case, and Mr. Chapman—who signed the discovery requests—is not permitted to represent FOAK, Plaintiffs do not intend to respond to those discovery requests without further guidance from the Court.

Accordingly, for the same reasons set out in this Court's January 31, 2018 Order, the Court should strike FOAK's second improper *pro se* Response. *See Office Parks of Lynchburg, LLC* v. *Wells Fargo Bank, N.A.*, No. 6:12-cv-00034, 2012 WL 4325567, at *3 (W.D. Va. Sept. 20, 2012) (Moon, J.) (striking organizational plaintiff's complaint because it lacked standing to proceed *pro se*); *see also Allied Colloids, Inc.* v. *Jadair, Inc.*, 139 F.3d 887, 1998 WL 112719, at *1 (4th Cir. 1998) (affirming default judgment following district court's order that "[u]nless [the organizational defendant] files a proper response" through duly authorized counsel, "it will be found in default").

To the extent the Court is inclined to consider the content of FOAK's improper Response (and for the reasons set forth in the Court's Order, it should not), the decisions FOAK cites do not absolve FOAK of the obligation to appear by counsel. Rather, FOAK relies on two decisions characterized by the Supreme Court as not following "federal precedent," other decisions that rely upon those same two outlier decisions, or decisions that are themselves inapposite.

Acknowledging that "courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney," the Supreme Court in *Rowland* characterized both *U.S.* v. *Reeves*, 431 F.2d 1187 (9th Cir. 1970) and *In Re Holliday's Tax Servs., Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), *aff'd sub nom. Holliday's Tax Servs., Inc.* v. *Hauptman*, 614 F.2d 1287 (2d Cir. 1979)— two decisions upon which FOAK relies—as "aberrant" for permitting an artificial entity to be represented by a non-attorney. 506 U.S. at 202 n.5 (noting that *Reeves* and *Holliday's Tax Services* "neither follow federal precedent, nor have themselves been followed"); *id.* (citing *Eagle Assocs.* v. *Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) and *Jones* v. *Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) for the proposition that partnerships and corporations, respectively, must appear in federal court with a licensed attorney); *accord State* v. *Settle*, 523 A.2d 124, 129

3

(N.H. 1987) (Souter, J.) ("*Reeves* was an analytical sport, without persuasive claim to be followed."). Several of the other decisions on which FOAK relies in turn rely on the faulty holding in *Holliday's Tax Services*, often pre-date the Supreme Court's decision in *Rowland*, involve a limited exception—not applicable here—where an agent of the artificial entity is a party to the action along with the entity, and are from outside the Fourth Circuit. *See, e.g.*, *Pension Benefit Guar. Corp.* v. *Viking Food Serv., Inc.*, No. 93 Civ. 6837, 1994 WL 702042, at *1–2 (S.D.N.Y. Dec. 14, 1994) (citing *Holliday's Tax Services* and invoking the exception where an agent is a party to the action along with the corporation); *Phillips* v. *Amana Collection Servs.*, Nos. 89-CV-1152S, 90-CV-149S, 1992 WL 227839, at *4 (W.D.N.Y. Aug. 25, 1992) (pre-dating *Rowland* and citing *Holliday's Tax Services* as the sole basis for its decision to permit a corporation to proceed *pro se* for the limited purpose of ruling on fully submitted and already argued motions, where the plaintiffs had not originally objected to the defendant appearing *pro se*); *U.S.* v. *Priority Prods., Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985) (pre-dating *Rowland* and citing *Holliday's Tax Services* in support of its recognition of the "narrow exception to the almost absolute rule requiring attorney representation of a corporation in litigation" where an "agent is a party to the action along with the corporation").

The two remaining decisions cited by FOAK are inapposite. In *Moorish Holy Temple of Science of the World, Temple 2* v. *City of Raleigh Police Department*, the court granted the unrepresented plaintiff organization's application to proceed *in forma pauperis* "solely for the limited purpose of conducting frivolity review" under 28 U.S.C. § 1915(e)(2) and, in the same decision, dismissed the case. No. 5:10-cv-00548-BO (E.D.N.C. Feb. 18, 2011), *report and*

*recommendation adopted*, No. 5:10-cv-00548-BO (E.D.N.C. Apr. 4, 2011).[2]  *People* v. *NYTAC*

*Corp.* was a criminal case implicating rights not at issue here.  783 N.Y.S.2d 775, 780 (Dist. Ct.

2004).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike FOAK's

Response (ECF. No. 254) and enter default against FOAK.


Dated:  March 12, 2018                              Respectfully submitted,


                                                    *s/ Robert T. Cahill*
Roberta A. Kaplan (*pro hac vice*)                  Robert T. Cahill (VSB 38562)
Julie E. Fink (*pro hac vice*)                      COOLEY LLP
Christopher B. Greene (*pro hac vice*)              11951 Freedom Drive, 14th Floor
Seguin L. Strohmeier (*pro hac vice*)               Reston, VA 20190-5656
KAPLAN & COMPANY, LLP                               Telephone: (703) 456-8000
350 Fifth Avenue, Suite 7110                        Fax: (703) 456-8100
New York, NY 10118                                  rcahill@cooley.com
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

---

[2]     The same plaintiffs filed a "nearly identical" case a year later, with one difference being
that only the two individual plaintiffs—and not the organization—filed applications to proceed *in
forma pauperis*. *Moorish Holy Temple of Sci. of the World* v. *Terry*, No. 5:12-cv-00134-FL, 2012
WL 2576782, at *2 (E.D.N.C. May 11, 2012), *report and recommendation adopted,* No. 5:12-cv-
134-FL, 2012 WL 2576219 (E.D.N.C. July 3, 2012).  Here, the court explained that because "the
Moorish Holy Temple of Science of the World is an 'artificial entity' and, therefore, may not
proceed *in forma pauperis* . . . to the extent Plaintiffs are seeking to proceed *in forma pauperis* on
behalf of the Moorish Holy Temple of Science of the World, that request is DENIED."  *Id.* at *1
(citing *Rowland*).

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se*

I further hereby certify that on March 12, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*