CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/15/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al.,<br>　　Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br>　　Defendants. | Civil Action No. 3:17cv00072<br><br>**ORDER**<br><br>By:　Joel C. Hoppe<br>　　　United States Magistrate Judge |

　　This matter is before the Court on a letter motion made by Kyle Chapman on behalf of Defendant Fraternal Order of the Alt-Knights, ECF No. 254, and Plaintiffs' Motion to Strike and For an Entry of Default, ECF No. 262. The nondispositive motions are before me by referral under 28 U.S.C. § 636(b)(1)(A), and may be resolved without further briefing. ECF No. 101.

　　Plaintiffs' original Complaint asserted claims against several Defendants arising out of events that occurred in Charlottesville on August 11 and 12, 2017. ECF No. 1. The Complaint identified Defendant Fraternal Order of the Alt-Knights ("FOAK") as an unincorporated association that is subject to suit under Virginia Code § 8.01-15. Compl. ¶ 42; *see* Fed. R. Civ. P. 9(a), 17(b)(3). Plaintiffs later filed a process server's affidavit showing that on December 21, 2017, the process server personally delivered a copy of the Complaint and summons addressed to Defendant "Fraternal Order of the Alt-Knights c/o Kyle Sean Chapman," which Mr. Chapman was "authorized to accept," to Mr. Chapman in Oakland, California. ECF No. 215; *see* Fed. R. Civ. P. 4(h)(1), (*l*)(1), (m). Defendant FOAK had until January 11, 2018, to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i).

　　On January 8, the Court received a letter motion from Mr. Chapman asking for more time to find an attorney in Virginia so that FOAK could respond to the Complaint. *See* ECF No. 176. The presiding District Judge denied Mr. Chapman's motion as moot because Plaintiffs had

1

recently filed their first Amended Complaint, ECF No. 175, and the federal rules automatically gave Defendant FOAK fourteen days from the date of service to file any required response. *See* Order of Jan. 11, 2018, at 1, ECF No. 177; Fed. R. Civ. P. 15(a)(3); *see also* Am. Compl. ¶ 41 (naming FOAK as a Defendant). In early February, Plaintiffs filed a process server's affidavit showing that on January 23, 2018, the process server personally delivered a summons and copy of the Amended Complaint to Mr. Chapman, which Mr. Chapman was "authorized to accept." ECF No. 216. *Id.*; *see* Fed. R. Civ. P. 5(a)–(b). Defendant FOAK had until February 6, 2018, to respond to the Amended Complaint. Fed. R. Civ. P. 15(a)(3); *see also* Order of Jan. 11, 2018, at 1. In late January, the Court received a second letter motion from Mr. Chapman, purportedly filed on FOAK's behalf, in which he requested another three weeks to find counsel in Virginia. ECF No. 208. Additionally, Mr. Chapman "went ahead and filed a motion to dismiss [the Amended Complaint], a declaration in support of that motion to dismiss, and a brief in support of that motion to dismiss." Order of Jan. 31, 2018, at 1 (docket citations omitted), ECF No. 210; *see* ECF Nos. 202 to 204. Mr. Chapman, "who is not a defendant in his personal capacity, personally filed all of these documents on behalf of Defendant [FOAK]." Order of Jan. 31, 2018, at 1.

On January 31, the presiding District Judge entered an Order striking Mr. Chapman's Rule 12 motion and supporting documents, and directing Defendant FOAK to retain a licensed attorney and to have that attorney note his or her appearance in this matter and file a proper responsive pleading to the Amended Complaint within fourteen days. *Id.* (citing W.D. Va. Gen. R. 6(a)–(d), (i)). The Order explained that "'artificial entities'" such as Defendant FOAK "'may appear in the federal courts only through licensed counsel,'" and that Mr. Chapman "may not represent [FOAK] in this Court because he does not appear to be a licensed attorney." *Id.* (quoting *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202–03 (1993)). The Order also

2

expressly warned that the failure to comply within the time allowed "will result in default being entered against Defendant [FOAK]." *Id.* at 2. As of today's date, FOAK has neither retained an attorney nor properly filed any responsive pleadings.

The Court received Mr. Chapman's pending letter motion on March 6, 2018. ECF No. 254. In this motion, Mr. Chapman asks the Court to "grant [him] the opportunity to represent FOAK pro se for the limited purpose of the duration in bringing and defendant FOAK's motion to dismiss." Chapman Mot. 4. Mr. Chapman points out a few examples where lower federal courts have allowed an individual party to appear pro se when the individual represents both himself and his closely held or alter-ego corporation as a co-party, and he asks the court to apply this "exception" to *Rowland* in FOAK's case. *Id.* at 1–2 (collecting cases). Plaintiffs moved to strike Mr. Chapman's letter motion as improperly filed and for entry of Defendant FOAK's default. ECF No. 262.

Although individuals "may plead and conduct their own cases" in federal court, 28 U.S.C. § 1654, an organization that is a party to a lawsuit "cannot appear pro se as an artificial entity in *any* federal court litigation," *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 n.2 (W.D. Va. 2009) (emphasis added). And, because Mr. Chapman apparently concedes that he is not an attorney, *see* Order of Jan. 31, 2018, at 1, Mr. Chapman cannot properly sign, file, or serve any documents on Defendant FOAK's behalf in this case. *Freedom Hawk Kayak v. Ya Tai Elec. Appliances Co.*, 908 F. Supp. 2d 763, 766 n.2 (W.D. Va. 2012) (disregarding "corporation's pro se filings" submitted by non-attorney individual purporting to be the corporate defendant's "sole owner" because "[a] corporation may not appear pro se"); *see also* Fed. R. Civ. P. 11(a), 26(g)(1). Finally, while there are rare examples of an individual party being allowed to appear pro se when he represents both himself *and* his closely held or alter-ego corporation as a

co-party in federal litigation, Mr. Chapman "is not a defendant in his personal capacity" to this lawsuit, Order of Jan. 31, 2018, at 1, and he does not claim to be FOAK's alter ego or sole proprietor, *see* Chapman Mot. 1–3. Moreover, all but one of Mr. Chapman's cited cases predate the Supreme Court's decision in *Rowland*, which makes clear that federal law "does not allow" corporations and other "artificial entities" to appear in federal court except through a licensed attorney. 506 U.S. at 202 (citing 28 U.S.C. § 1654). The other cited case involved unopposed requests by three unrepresented plaintiffs, two individuals and their "religious corporation," to file a lawsuit without prepaying required fees and court costs. *Moorish Holy Temple of Sci. of the World v. City of Raleigh Police Dep't*, No. 5:10cv548, 2011 U.S. Dist. LEXIS 94535, at *2 (E.D.N.C. Feb. 18, 2011), *adopted by* 2011 U.S. Dist. LEXIS 95626 (E.D.N.C. Apr. 2, 2011). The magistrate judge noted that the corporate plaintiff "must be represented by licensed counsel in federal court," but he allowed the matter to proceed "solely for the purpose" of recommending that the action be summarily dismissed as frivolous under 28 U.S.C. § 1915(e)(2). *Id.* at *2 (citing *Rowland*, 506 U.S. at 201–02); *see id.* at *11–12. Thus, *Moorish Holy Temple* does not support Mr. Chapman's request to represent Defendant FOAK pro se on any forthcoming motion to dismiss.

The record in this matter shows that Defendant FOAK was served with a summons and copy of the Amended Complaint, and that, despite being on notice of its obligation to do so, FOAK "has failed to plead or otherwise defend" against this lawsuit, Fed. R. Civ. P. 55(a), within the time allowed. *See Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14cv14, 2014 WL 3748249, at *4 (W.D. Va. July 29, 2014) ("[R]eturns of service like those present on this record act as *prima facie* evidence of valid service."); *Tweedy*, 611 F. Supp. 2d at 605 n.2 ("[T]he clerk did not acknowledge the [pro se] response as an answer and properly entered

4

RCAM's default pursuant to Rules 12(a)(1)(A)(i) and 55(a)."); Order of Jan. 31, 2018, at 2; Order of Jan. 11, 2018, at 1 (citing Fed. R. Civ. P. 15(a)(3)). Subsequent to Chapman filing the letter motion and Plaintiffs filing their opposition, Plaintiffs moved for default. ECF No. 265. The Clerk then entered default against FOAK. ECF No. 270.

Accordingly, Mr. Chapman's letter motion, ECF No. 254, is hereby DENIED, and Plaintiffs' Motion, ECF No. 262, is hereby GRANTED. Because the Clerk has already entered default against FOAK, the Plaintiffs' request for entry of default, although proper at the time it was made, is now moot.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record and to Kyle Chapman.

ENTER: March 15, 2018

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge