CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/15/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al., ) | |
|     Plaintiffs, ) | Civil Action No. 3:17cv00072 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JASON KESSLER, et al., ) | By:    Joel C. Hoppe |
|     Defendants. ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' Motion to Strike Defendant Loyal White Knights of the Ku Klux Klan's ("LWK") Response to the Court's January 3, 2018 Order and For an Entry of Default. ECF No. 248; *see* Def. LWK's Pro Se Resp. to Order 1, ECF No. 228; Order of Jan. 3, 2018, at 1–3, ECF No. 166. Defendant LWK has not filed a response to Plaintiffs' motion.

Plaintiffs' original Complaint asserted claims against several Defendants arising out of events that occurred in Charlottesville on August 11 and 12, 2017. ECF No. 1. The Complaint identified Defendant LWK as an unincorporated association, Va. Code § 8.01-15, based in Pelham, North Carolina. Compl. ¶ 44. Plaintiffs timely filed a process server's affidavit showing that on October 24, 2017, a summons and copy of the Complaint were served on LWK's registered agent in Charlotte, North Carolina. ECF No. 56; *see* Fed. R. Civ. P. 4(h)(1), (*l*)(1), (m). Defendant LWK had until November 14, 2017, to file a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). On December 11, non-party Amanda Barker filed a "Response to Summons," purportedly on LWK's behalf, denying the allegations in the Complaint. ECF No. 146. Mrs. Barker identified herself as "Imperial Kommander" of the LWK, but she did not indicate that she was a licensed attorney, and she did not note her appearance as an attorney on LWK's behalf in this matter. ECF No. 146-1; *see* Order of Jan. 3, 2018, at 1; W.D. Va. Gen. R. 6(a)–(b), (d), (i).

1

On January 3, 2018, the Court entered an Order directing Defendant LWK to retain a licensed attorney and to have that attorney note his or her appearance in this matter and file a proper responsive pleading to the Complaint within fourteen days. Order of Jan. 3, 2018, at 1–2; *see also* Pls.' First Mot. to Strike 1–5, ECF No. 155. The Order explained that "'artificial entities'" such as Defendant LWK "'may appear in the federal courts only through licensed counsel,'" and that Mrs. Barker could "not represent LWK in this Court" because "she does not appear to be a licensed attorney." *See* Order of Jan. 3, 2018, at 1 (quoting *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202–03 (1993)). The Order also expressly warned that the failure to comply within the time allowed would result in the pro se "Response to Summons" being stricken and default being entered against Defendant LWK. *See id.* at 2.

Plaintiffs filed their first Amended Complaint on January 5, 2018. ECF No. 175. The Amended Complaint again identified Defendant LWK as an unincorporated association that is subject to suit under Virginia Code § 8.01-15. Am. Compl. ¶ 43; *see* Fed. R. Civ. P. 9(a), 17(b)(3). In late February, Plaintiffs filed a process server's affidavit showing that on February 1, 2018, the process server personally delivered a summons addressed to Defendant LWK and a copy of the Amended Complaint to an individual identified as "Christopher Barker, Leader, authorized to accept service." ECF No. 239; *see* Fed. R. Civ. P. 5(a)–(b). Defendant LWK had fourteen days from the date of service (i.e., until February 15, 2018) to properly respond to the Amended Complaint. Fed. R. Civ. P. 15(a)(3); *see also* Order of Jan. 3, 2018, at 1–2. On February 15, the Court received a letter from Mrs. Barker, again purportedly filed on LWK's behalf, indicating that Defendant LWK would neither comply with the Court's Order nor properly file a responsive pleading within the time allowed:

> We have received your letter, dated 1/3/18, concerning our representation. If this action proceeds to trial we will, of course, arrive with appropriate counsel. The

> law, as we understand it, states that organizations and corporations should have legal counsel in federal court. And it specifically states (In) court. We are not in a court of law at this time, and only responding to motions and orders as they are issued. Further, we have—and may exercise—our full rights to representation, as The Loyal White Knights consist of only myself, Amanda Barker, and my husband Chris Barker . . . . We are, as stated above, two individuals, who will appear as individuals at all appropriate times. We also ask at this time that you dismiss the entire action against us . . . .

Def. LWK's Pro Se Resp. to Order 1 (paragraph breaks omitted). Amanda and Chris Barker are not named in their personal capacities as "individual" defendants to this action. *See generally* Am. Compl. 1, 8–18. As of today's date, a licensed attorney has neither entered an appearance nor filed a responsive pleading on behalf of Defendant LWK. Plaintiffs have moved to strike the pro se "response" letter as improperly filed and for entry of Defendant LWK's default.

Although individuals "may plead and conduct their own cases" in federal court, 28 U.S.C. § 1654, an organization that is a party to a lawsuit "cannot appear pro se as an artificial entity in *any* federal court litigation," *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 n.2 (W.D. Va. 2009) (emphasis added). And, because Mrs. Barker apparently concedes that she is not an attorney, *see* Order of Jan. 3, 2018, at 1–2, she cannot properly sign or file any documents on Defendant LWK's behalf in this case. *Freedom Hawk Kayak v. Ya Tai Elec. Appliances Co.*, 908 F. Supp. 2d 763, 766 n.2 (W.D. Va. 2012) (disregarding "corporation's pro se filings" submitted by non-attorney individual purporting to be the corporate defendant's "sole owner" because "[a] corporation may not appear pro se"); *see also* Fed. R. Civ. P. 11(a). The record in this matter shows that Defendant LWK was served with a summons and copy of the Amended Complaint, and that, despite being on notice of its obligation to do so, LWK "has failed to plead or otherwise defend" against this action within the time allowed. Fed. R. Civ. P. 55(a); *see Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14cv14, 2014 WL 3748249, at *4 (W.D. Va. July 29, 2014) ("[R]eturns of service like those present on this record act as *prima*

3

*facie* evidence of valid service."); *Tweedy*, 611 F. Supp. 2d at 605 n.2 ("[T]he clerk did not acknowledge the [pro se] response as an answer and properly entered RCAM's default pursuant to Rules 12(a)(1)(A)(i) and 55(a)."); Order of Jan. 3, 2018, at 1–2.

Accordingly, Plaintiffs' Motion, ECF No. 248, is hereby GRANTED. The Clerk is DIRECTED to STRIKE Defendant LWK's pro se responses, ECF Nos. 146, 228, from the docket as improperly filed, and to ENTER Defendant LWK's default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record and to Amanda and Christopher Barker.

ENTER: March 15, 2018

Joel C. Hoppe
United States Magistrate Judge

4