IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al., ) | |
| Plaintiffs, ) | Civil Action No. 3:17cv00072 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JASON KESSLER, et al., ) | By:   Joel C. Hoppe |
| Defendants. ) | United States Magistrate Judge |

This matter is before the Court on Defendant Michael Peinovich's Motion for a gag order and sanctions against Plaintiffs' counsel Roberta Kaplan. ECF No. 258. The motion is before me by referral under 28 U.S.C. § 636(b)(1)(A), and can be resolved without further briefing or argument. ECF No. 101; Pls.' Resp. in Opp'n, ECF No. 273. Mr. Peinovich, appearing pro se, alleges that Ms. Kaplan "has been conducting an aggressive campaign" in public and on social media through which she has "repeatedly . . . disparag[ed] the defendants" and presented the case "in a tendentious, non-neutral, pro-plaintiff light." Peinovich Mot. 1. He asks the Court to exercise its "inherent authority" to sanction Ms. Kaplan's extrajudicial statements by dismissing the Amended Complaint, or, in the alternative, to issue a pretrial order directing counsel "to cease her publicity campaign against the defendants." *Id.* at 16, 18 (citing Fed. R. Civ. P. 16(c)(2)(P)). Plaintiffs respond that Ms. Kaplan's public comments about this case "have all been consistent with the norms of attorney speech" in civil proceedings, as well as with her professional "duty of zealous advocacy on behalf of the men and women she represents." Pls.' Resp. in Opp'n 1.

Federal courts do "have inherent power" to sanction a party or its counsel for misconduct "that offends the legal process." *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 620 (E.D. Va. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "Because of

1

their very potency," however, such "inherent powers must be exercised with restraint and discretion," and usually only after the court determines that no applicable statutes or rules "are up to the task," *Chambers*, 501 U.S. at 50. *See, e.g.*, 28 U.S.C. § 1927; Fed. R. Civ. P. 11(c), 37(e); W.D. Va. Gen. R. 6(h). "Discretion includes crafting a sanction appropriate to remedy the harm caused by a party's abuse of the judicial process," *Beach Mart, Inc., v. L&L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014), "and then only to the extent necessary" to achieve that end, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Dismissing an action is "the most extreme sanction" available and should be reserved for when a party or counsel "deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer Equip. Co.*, 11 F.3d at 462. Here, while it is clear that Mr. Peinovich takes umbrage at Ms. Kaplan's public comments about this case, the Court is not persuaded that counsel contravened any applicable statute or rule—let alone that Ms. Kaplan's statements might justify dismissing her clients' lawsuit. *See id.* at 462–63 (outlining the six factors a court must consider before dismissing an action, and "recognizing that we seldom dismiss claims against blameless clients").

Mr. Peinovich is also correct that federal courts often issue pretrial orders to "facilitat[e] the just, speedy, and inexpensive disposition of [an] action," Fed. R. Civ. P. 16(c)(2)(P), such as the one already issued in this case, ECF No. 101. But "[b]road gag orders" like the one Mr. Peinovich asks for here "are restraints on expression and raise First Amendment concerns." *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 568 (E.D. Va. 2010); *cf. Hirschkop v. Snead*, 594 F.2d 356, 373 (4th Cir. 1979) (en banc) (holding that portions of Virginia Supreme Court's rule restricting attorneys' extrajudicial comments about pending civil litigation violated the First and Fourteenth Amendments). "In the Fourth Circuit, district courts may restrict

2

extrajudicial statements by parties and counsel only if those comments present a 'reasonable likelihood' of prejudicing a fair trial," such as by tainting the jury pool. *Prince*, 753 F. Supp. 2d at 568 (quoting *In re Russell*, 726 F.2d 1007, 1010 (4th Cir. 1984)); *see Am. Sci. & Eng'g*, 606 F. Supp. 2d at 625–26 ("Courts may disallow prejudicial extrajudicial statements by [civil] litigants that risk tainting or biasing the jury pool."). Although Mr. Peinovich contends that Ms. Kaplan's public statements have "fatally undermined" his "right . . . to a fair trial in this case," Peinovich Mot. 18, "nothing presented thus far suggests" counsel's statements "present a 'reasonable likelihood' of tainting the jury pool," *Prince*, 753 F. Supp.2d at 568. Notably, Ms. Kaplan's comments do not directly attribute any of the third-party statements, of which Mr. Peinovich objects, to the Defendants, and restating a Defendant's own public comments, as in the case of Matthew Heimbach, cannot be considered unfairly prejudicial.

    Accordingly, Defendant Peinovich's motion, ECF No. 258, is hereby DENIED.

    It is so ORDERED.

    The Clerk shall deliver a copy of this Order to counsel of record and to Defendant Peinovich.

    ENTER: March 22, 2018

*/s/ Joel C. Hoppe*
Joel C. Hoppe
United States Magistrate Judge