CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/26/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER, et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Defendant Michael Enoch Peinovich's Motion to Stay Discovery. ECF No. 224. Peinovich, appearing pro se, asks the Court to stay all discovery in this matter pending the resolution of his Rule 12(b)(6) motion to dismiss the Amended Complaint. Def. Peinovich's Br. in Supp. 1, ECF No. 225. The motion to stay has been fully briefed, Pls.' Br. in Opp'n, ECF No. 240; Def. Peinovich's Reply Br., ECF No. 252, and both parties had an opportunity to address the motion at a hearing on March 16, 2018.

Although this Court "has broad discretion to stay discovery pending resolution of a motion to dismiss," granting a stay on that basis is "'generally disfavored because delaying discovery may cause case management problems as the case progresses.'" *Bennett v. Fastenal Co.*, No. 7:15cv543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) (quoting *Fed. Ins. Co. v. S. Lithoplate, Inc.*, No. 5:12cv793, 2013 WL 4045924, at *1 (E.D.N.C. Aug. 8, 2013)). A litigant seeking an order that postpones or curtails discovery must show good cause, Fed. R. Civ. P. 26(c), by "present[ing] a 'particular and specific demonstration of fact' as to why a protective order staying discovery should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Wright & Arthur Miller, Federal Practice & Procedure § 2035 (2d ed. 1994)); *see* 8A Wright & Miller, Federal Practice & Procedure § 2037 (3d ed. 2012) (noting that Rule 26(c)'s good cause standard applies to a request to stay discovery pending the

resolution of a motion to dismiss). "Rule 26(c)'s good cause requirement 'creates a rather high hurdle' for the moving party." *Wilson v. First Class Patrol Officers*, No. 2:15cv2170, 2016 WL 1253179, at *4 (D.S.C. Mar. 31, 2016) (quoting *Baron Fin. Corp.*, 240 F.R.D. at 202).

Here, Peinovich's brief offers only "conclusory statements" and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," to support his stay request. *Baron Fin. Corp.*, 240 F.R.D. at 202 (quotation marks omitted) (explaining that such statements and allegations do not establish good cause to delay discovery). For example, Peinovich asserts that "the burdens on [himself] . . . to respond to [P]laintiffs' broad and invasive discovery [requests] are extreme, and there is no urgency requiring the parties to proceed to discovery while the motions to dismiss are pending," but he does not articulate any concrete facts explaining these assertions. Def. Peinovich's Br. in Supp. 2; *see generally id.* at 3–6, 7 (quoting excerpts from Plaintiffs' first set of interrogatories and requests for production, and asserting that "[t]he burden on Peinovich . . . to respond to such harassing and highly objectionable discovery requests is tremendous"); Def. Peinovich's Reply Br. 1–4. While the former concern might provide legitimate grounds for Peinovich to challenge *specific* discovery requests, Fed. R. Civ. P. 26(b)(2), 33(b)(4), 34(b)(2), it does not establish good cause for staying *all* discovery pending the resolution of his motion to dismiss, Fed. R. Civ. P. 26(c). *See generally Wilson*, 2016 WL 1253179, at *3; *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637–38 (M.D.N.C. 1988).

Moreover, the fact that Peinovich's Rule 12(b)(6) motion, if granted, could dispose of all claims against him is not reason enough to delay discovery, *Fed. Ins. Co.*, 2013 WL 4045924, at *1 n.2, because Plaintiffs say they would seek relevant discovery from Peinovich even if he is dismissed as a named defendant, Pls.' Br. in Opp'n 4–6. *See Bell, Inc. v. GE Lighting, LLC*, No. 6:14cv12, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014) (noting that the scope of discovery

2

from a non-party under a subpoena duces tecum is "the same as the scope of a discovery request made upon a party to the action, and a party is entitled to information that is relevant to a claim or defense in the matter at issue" (quotation marks omitted)); *cf. Owens v. Mayor & City Council of Baltimore*, Civil Case No. 11-3295, 2015 WL 6082131, at *3 (D. Md. Oct. 13, 2015) (denying motion to stay defendant's deposition because plaintiff would "nevertheless seek to dispose him as a fact witness" even if his "Rule 12 motion is successful and he is granted absolute immunity"). Accordingly, for these reasons and those stated on the record during the March 16 hearing, Defendant Peinovich's Motion to Stay Discovery, ECF No. 224, is hereby DENIED.

At the hearing, Plaintiffs' counsel informed the Court that Peinovich's and the other Defendants'[1] responses to Plaintiffs' first set of discovery requests served on January 25, 2018, are now past due, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and that pro se Defendant Richard Spencer, who was also present at the hearing, had not yet provided his required initial disclosures, *see* Fed. R. Civ. P. 26(a)(1). Plaintiffs' counsel asked that, if the Court denied Peinovich's motion to stay discovery, its written order also impose a deadline by which the Defendants and Spencer must comply with their outstanding discovery obligations. Accordingly, the Defendants are DIRECTED to answer, respond, or object to Plaintiffs' first set of discovery requests, Pls.' Br. in Opp'n 2, within twenty-one (21) days from the date of this Order. *See* Fed. R. Civ. P. 33(b)(3)–(4), 34(b)(2)(B)–(C). Defendant Spencer and Plaintiffs are DIRECTED to exchange required initial disclosures within fourteen (14) days from the date of this Order. Fed. R. Civ. P. 26(a)(1).

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record and any unrepresented parties who have appeared in the case.

---

[1] A separate order entered this day addresses discovery responses from Defendants Cantwell and Fields.

ENTER: March 26, 2018

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge