CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/26/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER, et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Defendant James Alex Fields's Motion to Stay Discovery. ECF No. 233. The motion has been fully briefed, and both parties addressed the motion at a hearing on March 16, 2018. Fields, appearing through counsel, asks the Court "to stay all discovery in this matter pending the outcome of [his] criminal cases arising from the same incidents" as alleged in the Amended Complaint. Def. Fields's Br. in Supp. 1, ECF No. 234. His jury trial in Charlottesville City Circuit Court is set to begin on November 26, 2018, and is scheduled to last for three weeks. *Id.* at 2. Plaintiffs oppose the motion. Pls.' Br. in Opp'n, ECF No. 257.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A civil litigant seeking an order that postpones or curtails discovery must show good cause, Fed. R. Civ. P. 26(c), by "present[ing] a 'particular and specific demonstration of fact' as to why a protective order staying discovery should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Wright & Arthur Miller, Federal Practice & Procedure § 2035 (2d ed. 1994)); *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637–38 (M.D.N.C. 1988). The fact that the moving party is a defendant in parallel criminal proceedings, without more, is

1

not good cause to stay discovery in a civil case. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). In determining whether to grant or deny a stay, district courts in the Fourth Circuit consider factors including: (1) whether the criminal and civil proceedings "involve substantially similar issues"; (2) the plaintiffs' interest in "proceeding expeditiously with [the] litigation or any particular aspect of it" versus "the potential prejudice to plaintiffs of a delay"; (3) the burden on the defendants in being required to go forward in "any particular aspect of the proceedings"; and (4) the court's interest in managing its caseload and "the efficient use of judicial resources." *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005); *accord Skinner v. Armet Armored Vehicles, Inc.*, No. 4:12cv45, 2015 WL 540156, at *4 (W.D. Va. Feb. 10, 2015) (citing *In re Mid-Atl. Trust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981)).

Noting the similarity between the allegations in his criminal case and in the Amended Complaint, Defendant Fields seeks to stay discovery in this case primarily because his counsel might advise him to invoke his Fifth Amendment right against compelled self incrimination during discovery, and he fears that his "refusal to answer questions may be used as an adverse inference against [him] . . . , and the invocation of the [constitutional] privilege would damage [his] ability to prevail in this case." Def. Fields's Br. in Supp. 4 (quoting *Blanda v. Martin & Seibert, L.C.*, Civil Action No. 2:16-957, 2017 WL 63027, at *5 (S.D. W. Va. Jan. 5, 2017)). At the hearing, counsel for Defendant Christopher Cantwell, who is also facing state-court charges related to the alleged events underlying this lawsuit, raised similar objections to allowing discovery to proceed on schedule.[1] An individual "is free to exercise his right against self-incrimination at any stage of a civil proceeding to which he is a party or a witness," including

---

[1] Cantwell's state criminal charges concern events of August 11, 2017, and his trial is scheduled for August 2018. Seeming to contradict his request for a stay of discovery as a defendant in this case, Cantwell, this time as plaintiff, has filed a lawsuit arising from events on August 11, *Cantwell v. Gorcenski, et al.*, 3:17cv89, and in that case he has not requested a stay of discovery.

during discovery, but he "is not free from an adverse inference as a result of his silence." *Skinner*, 2015 WL 540156, at *3 (citing *Baxter v. Parmigiano*, 425 U.S. 308, 318 (1976)). Thus, allowing discovery to proceed in this case will force Fields and Cantwell "into a situation where [each] may choose to exercise his Fifth Amendment rights, [and] his rights will be implicated." *Id.* at *4.

Contrary to Defendants' suggestion, however, staying discovery in this case until their parallel criminal cases are resolved "is not the only way to preserve [their] Fifth Amendment rights." *Id.*; *see* Def. Fields's Br. in Supp. 4–5. Rather, the "primary prophylactic is to [affirmatively] invoke one's rights . . . . 'in specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question'" or request. *Skinner*, 2015 WL 540156, at *3 (quoting *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987)). Fields and Cantwell are each "free to exercise his Fifth Amendment rights in this case," and "[d]oing so places him at no greater disadvantage than every other litigant who wishes to protect his rights." *Id.* at *5. "The fact that an adverse inference can be drawn against" him in this civil proceeding if he invokes his constitutional privilege is not reason enough to suspend his discovery obligations under Rule 26(c). *Cf. id.* (denying motion to stay civil action) (quoting *Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.*, Civil Action No. 07-306, 2007 WL 2481291, at *2 (E.D. Va. Aug. 27, 2007))).

Second, the Court shares Plaintiffs' concern that civil discovery would be stayed indefinitely. *See* Pls.' Br. in Opp'n 8–9. For example, although Fields notes that his state-court jury trial should conclude in late December 2018, *see* Def. Fields's Br. in Supp. 3–5, the Fifth Amendment right against compelled self-incrimination affords "the same protection in the sentencing phase of any criminal case" as it does "in the trial phase of the same case," *Mitchell v.*

3

*United States*, 526 U.S. 314, 329 (1999) (quotation marks omitted). Thus, if Fields is convicted on any state-court charges, discovery in this case would be postponed at least until after his sentencing hearing. *Cf. Skinner*, 2015 WL 540156, at *4 (noting that, although defendants ostensibly sought a stay for between 60 and 90 days, there was "no reason to think that the criminal case will be concluded in that amount of time, or that any of the Fifth Amendment concerns they assert will have abated at the conclusion of a two-or three-month delay"). Indefinite stays undermine this Court's ability to manage discovery and to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, on its civil docket. *See Skinner*, 2015 WL 540156, at *5 (noting that indefinite stays are "contrary to" this Court's "'policy of efficient and expeditious resolution of cases'" (quoting *Avalonbay*, 2007 WL 2481291, at *4)); *Kron Med. Corp.*, 119 F.R.D. at 637–38 (noting that a "case becomes more of a management problem [for] the Court when it leaves the normal trial track" and that a court considering a request to stay discovery under Rule 26(c) must remember "its responsibility to expedite discovery and minimize delay").

Finally, Plaintiffs aver that Defendants' "memories of the critical events are essential to [Plaintiffs'] case," and they express concern that staying discovery would inevitably limit their ability to present the case because "memories fade" over time. Pls.' Br. in Opp'n 8 (quoting *In re Mid-Atl. Trust Litig.*, 92 F.R.D. at 359). Fields did not address this concern in his brief, and instead argued that staying discovery for "the next 10 months" would not prejudice Plaintiffs' ability to enforce a judgment against him if they ultimately prevailed on the merits. Def. Fields's Br. in Supp. 3–4. While the Court agrees with Plaintiffs that any stay of discovery in this case would be indefinite and most likely prolonged, it finds Plaintiffs' concern that their "case will deteriorate as a result of the stay" to be overstated because discovery could go forward against all

4

other Defendants, albeit to a lesser extent against Cantwell, except Fields and Cantwell. *See* Pls.' Br. in Opp'n 8 (quoting *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 559 (E.D. Va. 1995) ("A party is not entitled to delay resolution of a civil action, even to accommodate her Fifth Amendment interests, if her adversary's case will deteriorate as a result of the stay."))). More persuasive is Plaintiffs' interest in proceeding expeditiously with their civil claims against Fields and Cantwell considering that an indefinite stay would likely last for years rather than several months. This factor weighs against staying discovery pending the resolution of Defendant Fields's and Cantwell's state-court criminal cases.

Accordingly, for these reasons and those stated on the record during the March 16 hearing, Defendant Fields's Motion to Stay Discovery, ECF No. 233, is hereby DENIED. At the hearing, Plaintiffs noted that Defendants discovery responses are past due. Accordingly, Defendants shall respond to Plaintiffs' discovery requests within twenty-one (21) days.

At the March 16 hearing, Plaintiffs' counsel indicated that they were willing to take the state-court criminal matters' schedules into account when scheduling Defendant Fields's and Defendant Cantwell's depositions in this case. Although the Court finds that staying discovery pending the resolution of these Defendants' parallel criminal matters is not necessary at this time, the Court strongly encourages counsel to coordinate discovery in an effort to mitigate or avoid any Fifth Amendment concerns.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record.

ENTER: March 26, 2018

Joel C. Hoppe
United States Magistrate Judge