# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | Civil Action No. 3:17-cv-00072-NKM <br><br> **JURY TRIAL DEMANDED** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS MATTHEW PARROTT AND TRADITIONALIST WORKER PARTY SHOULD NOT BE SANCTIONED FOR SPOLIATION AND ORDERED TO PERMIT PLAINTIFFS TO CONDUCT A FORENSIC EXAMINATION OF INFORMATION SYSTEMS**

Plaintiffs respectfully submit this Reply Memorandum in Further Support of Plaintiffs' Emergency Motion for an Order to Show Cause Why Defendants Matthew Parrott and Traditionalist Worker Party Should Not be Sanctioned for Spoliation and Ordered to Permit Plaintiffs to Conduct a Forensic Examination of Information Systems (the "Motion"), ECF No. 272.

**ARGUMENT**

Defendant Matthew Parrott's opposition confirms the need for the forensic examination sought in Plaintiffs' Motion. On March 13, Defendant Parrott announced online that he intended to permanently delete and destroy TWP's membership information. In his own words: "All of [TWP's] information systems are completely air-gapped and will be destroyed . . . in order to guarantee all membership information literally no longer exists anywhere." (ECF No. 272-2.) On March 14, Defendant Parrott confirmed that he executed upon that promise, stating "the information was scrubbed on account of widespread concern about the data's security." (ECF No. 272-5.)

In his one-paragraph opposition and accompanying declaration, Defendant Parrott does not deny – and indeed admits – the existence (or, at least, the existence at one time) of the records he claimed to destroy, the relevance of those records to the litigation, and his obligation to preserve those records. He does not deny having publicly stated that he destroyed those records. Indeed, he barely even acknowledges the plain meaning of what he posted online. Instead, Defendant Parrott relies entirely on his own uncorroborated, self-serving declaration that directly contradicts his prior statements (ECF No. 289-1), stating only that he is aware of his legal obligations and has not "deleted or otherwise concealed . . . any electronically stored records of the TWP." (ECF No. 289-1 at ¶ 5.)

1

This declaration, albeit under oath, is insufficient under the circumstances for the Court to conclude that no spoliation occurred.[1] *See, e.g.*, *IHFC Props., LLC* v. *APA Mktg., Inc.*, No. 1:10CV568, 2014 WL 197801, at *9 n.20 (M.D.N.C. Jan. 14, 2014) (acknowledging that "a factfinder is entitled to reject self-serving statements, even if uncontradicted"), *aff'd sub nom, IHFC Props., LLC* v. *Whalen Furniture Mfg., Inc.*, 614 F. App'x 623 (4th Cir. 2015); *Bland* v. *House of Raeford Farms, Inc.*, No. 6:10-CV-00928-JMC, 2012 WL 1458192, at *1 (D.S.C. Apr. 27, 2012) (considering scope of spoliation after court had ordered forensic examination of alleged spoliator's computers); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 476–78 (E.D. Va. 2011) (same).  The decision in *Rudolph* v. *Beacon Independent Living, LLC* from this Circuit is particularly illustrative.  No. 3:11-CV-617-FDW-DSC, 2012 WL 2804114 (W.D.N.C. July 10, 2012).  There, after evidence came to light that a third party had deleted relevant emails at the defendant's direction, the third party submitted a declaration stating that he had been able to recover all of the deleted emails, and had provided those recovered emails to opposing counsel.  *Id.* at *1; *see also* Joseph M. Meldrich Sr. Aff. dated July 3, 2012 at 2, *Rudolph*, No. 3:11-cv-617-FDW-DSC, ECF No. 122-1 (attached as Exhibit A).  Unpersuaded by the third party's assurances that no information had been lost, the court ordered the third party to submit to

---

[1] Although Defendant Parrott's Declaration was filed on March 27, 2018, it was signed on March 14, 2018, the *same day* that Defendant Parrott confirmed that the "the information was scrubbed" and that Plaintiffs' Motion was filed. (*Compare* ECF No. 289-1 *with* ECF No. 272-5.)  Defendant Parrott offers no explanation for why he waited almost two weeks to respond to Plaintiffs' Motion, which served only to unnecessarily delay the Court's adjudication of the Motion.  This delay is particularly troubling given that Defendant Parrott has, on numerous prior occasions, failed to confirm that he is preserving documents potentially relevant to this litigation, including:  (1) failing to respond to Plaintiffs' discovery requests, including a request concerning the preservation of relevant information, which responses were due by no later than February 26, 2018 (ECF No. 272-7 at 5); (2) failing to respond to Plaintiffs' March 2, 2018 email to the Court, in which Plaintiffs brought to the Court's attention Defendant Parrott's encouragement of others to disable their social media (ECF No. 272-4); and (3) refusing to confirm in writing that he is complying with his preservation obligations in response to Plaintiffs' March 9, 2018 email to Defendants Parrott and TWP's counsel, in which Plaintiffs called attention to Defendants' failure to respond to Plaintiffs' discovery requests and requested that they confirm in writing that they were complying with their obligations.

a forensic examination of his computer, and further ordered that the defendant—who had directed the third party to delete the emails—bear the cost of the examination. *Rudolph*, 2012 WL 2804114, at *2.

In *Rudolph*, the court had before it a self-serving, uncorroborated—although uncontradicted—declaration assuring the court and the parties that no information had been lost. The circumstances here are of course quite different: now before the Court are two competing and ***directly inconsistent*** statements by Defendant Parrott concerning whether ESI unquestionably relevant to this litigation was destroyed, and no concrete evidence whatsoever that the ESI in question was not destroyed. Defendant Parrott has not provided the Court with any *evidence* that he preserved and did not destroy relevant records—evidence which only Defendant Parrott has the ability to provide. Indeed, before submitting his declaration, Defendant Parrott steadfastly refused to provide information showing that he was complying with his preservation obligations, notwithstanding multiple requests by Plaintiffs that he do so. (ECF Nos. 272-4, 272-7, 272-9; *see also supra* note 1.) Without more than Defendant Parrott's declaration, there is no reason for the Court to conclude that Defendant Parrott did not delete TWP's ESI, as he previously stated he intended to do and confirmed he had done.[2]

What is more, neither Defendant Parrott nor Defendant TWP has produced a single document in this case, notwithstanding that responses to Plaintiffs' discovery requests were due over one month ago. Accordingly, the only way that Plaintiffs could possibly "prove that spoliation of evidence has occurred" (ECF No. 289) would be if Plaintiffs are permitted to forensically inspect Defendants Parrott and TWP's electronic devices, as requested in Plaintiffs'

---

[2]  To the extent the Court chooses to consider Defendant Parrott's declaration, Plaintiffs respectfully submit that they should be provided with the opportunity to conduct a brief deposition of Defendant Parrott limited to the issue of spoliation and preservation of documents and information relevant to this litigation.

3

Motion and as ordered by other courts in similar circumstances. *See, e.g.*, *Rudolph*, 2012 WL 2804114 at *2; *Klipsch Grp., Inc.* v. *Big Box Store Ltd.*, No. 12 Civ. 6283(VSB)(MHD), 2014 WL 904595, at *6-7 (S.D.N.Y. Mar. 4, 2014) (ordering forensic examination of defendant's computer systems as the "mildest of available remedies" where plaintiff put forth evidence of potential spoliation), *aff'd sub nom. Klipsch Grp., Inc.* v. *ePRO E-Commerce Ltd.*, 880 F.3d 620 (2d Cir. 2018). Should the forensic inspection sought by Plaintiffs disclose further evidence of spoliation, Plaintiffs would then be entitled to an adverse inference, costs, and any other relief the Court deems just and reasonable. *See, e.g.*, *Vodusek* v. *Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Victor Stanley, Inc.* v. *Creative Pipe, Inc.*, 269 F.R.D. 497, 535-37 (D. Md. 2010).[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and order the relief sought therein.

Dated: April 3, 2018

Respectfully submitted,

*/s/ Robert T. Cahill*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
gtenzer@kaplanandcompany.com
cgreene@kaplanandcompany.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

---

[3] At the Court's direction, *see* Transcript of Telephonic Conference Call, at 28 (ECF No. 282), Plaintiffs are working on a proposed preservation order to share with Defendants that may obviate the need for the Court's intervention with respect to any prohibition on Defendant Parrott's further destruction of relevant evidence. For the reasons set forth in the Motion and this Reply, however, Plaintiffs respectfully submit that they are entitled to the other relief being sought, including a forensic examination of Defendants Parrott and TWP's electronic devices.

4

sstrohmeier@kaplanandcompany.com

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533

*Pro Se Defendant*

1

I further hereby certify that on April 3, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*