Case: 3:17cv72

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

APR 05 2018

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

John Doe
98 West 1st Street
Yuma, AZ 85364

---

```
NIXIE          851  SE 1         0104/01/18
            RETURN TO SENDER
          ATTEMPTED - NOT KNOWN
            UNABLE TO FORWARD
BC: 22982585879      2104N091102-01358
```

MIME-Version:1.0 From:ecfnoticing@vawd.uscourts.gov To:vawd_ecf_nef@vawd.uscourts.gov Bcc: Message-Id:<3019242@vawd.uscourts.gov>Subject:Activity in Case 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al Order on Motion for Miscellaneous Relief Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

Western District of Virginia

**Notice of Electronic Filing**
The following transaction was entered on 3/22/2018 at 10:54 AM EDT and filed on 3/22/2018

| | |
|---|---|
| **Case Name:** | Sines et al v. Kessler et al |
| **Case Number:** | 3:17-cv-00072-NKM-JCH |
| **Filer:** | |
| **Document Number:** | 284 |

**Docket Text:**
ORDER denying as moot [126] Motion for Prohibition of recording parties' discovery negotiations. Signed by Magistrate Judge Joel C. Hoppe on 3/22/18. (jcj)

**3:17-cv-00072-NKM-JCH Notice has been electronically mailed to:**
Elmer Woodard     isuecrooks@comcast.net
Robert T. Cahill     rcahill@cooley.com, droelofs@cooley.com, ebolton@cooley.com, jvanbenten@cooley.com, slappin@cooley.com
David E. Mills     dmills@cooley.com
David Leon Campbell     dcampbell@dhdglaw.com
Bryan Jeffrey Jones     bryan@bjoneslegal.com
Roberta Ann Kaplan     rkaplan@kaplanandcompany.com
Alan Levine     alevine@cooley.com
Julie Eden Fink     jfink@kaplanandcompany.com
Christopher Bradford Greene     cgreene@kaplanandcompany.com, ebyoung@kaplanandcompany.com, jgreene@kaplanandcompany.com, rtuchman@kaplanandcompany.com
Seguin Layton Strohmeier     sstrohmeier@kaplanandcompany.com, kmagun@kaplanandcompany.com, tbland@kaplanandcompany.com
Yotam Barkai     ybarkai@bsfllp.com
Philip Matthew Bowman     pbowman@bsfllp.com
Joshua James Libling     jlibling@bsfllp.com
Karen Leah Dunn     kdunn@bsfllp.com

William Anthony Isaacson    wisaacson@bsfllp.com
Joshua Adam Matz    jmatz@kaplanandcompany.com
Gabrielle E. Tenzer    gtenzer@kaplanandcompany.com
Michael Enoch Peinovich    mpeinovich@gmail.com

**3:17-cv-00072-NKM-JCH Notice has been delivered by other means to:**

David Duke
240 Garden Avenue
Mandeville, LA 70471

James Edward Kolenich
Kolenich Law Office
9435 Waterstone Blvd., Suite 140
Cincinnati, OH 45249

John Doe
98 West 1st Street
Yuma, AZ 85364

Richard Spencer
1001-A King Street
Alexandria, VA 22314

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1052918722 [Date=3/22/2018] [FileNumber=3019240-0
] [5cb8287649994167e6a8dfb970540b980be9096593286b7f64c2d84e4f5e735406f
9b9a91c00986289d22ca062872b4208a355e4fcbe95857da77aae2a29b333]]

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/22/2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER, et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' Motion to Preclude Defendant Michael Peinovich from Recording the Parties' Discovery Negotiations. ECF No. 126. Peinovich filed a response in opposition, ECF No. 134, and both parties addressed the motion at a hearing and scheduling conference on March 16, 2018. At the hearing, the Court reminded all counsel and self-represented parties that they must adhere to the spirit and purpose of the federal rules governing civil discovery, which require cooperation and "communication rather than confrontation," *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008). *See generally* Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. The Court asked Peinovich not to record his conversations with Plaintiffs' counsel, and Peinovich agreed. Moreover, during the scheduling conference, the Court and the parties addressed the topics set forth in Rule 26(f) of the Federal Rules of Civil Procedure. Accordingly, for these reasons and those stated on the record during the hearing, Plaintiffs' motion, ECF No. 126, is hereby DENIED as moot.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record and to Defendant Peinovich.

ENTER: March 22, 2018

1

Joel C. Hoppe
United States Magistrate Judge

MIME-Version:1.0 From:ecfnoticing@vawd.uscourts.gov To:vawd_ecf_nef@vawd.uscourts.gov Bcc: Message-Id:<3019248@vawd.uscourts.gov>Subject:Activity in Case 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al Order on Motion for Sanctions Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Western District of Virginia

**Notice of Electronic Filing**
The following transaction was entered on 3/22/2018 at 10:57 AM EDT and filed on 3/22/2018

| | |
|---|---|
| **Case Name:** | Sines et al v. Kessler et al |
| **Case Number:** | 3:17-cv-00072-NKM-JCH |
| **Filer:** | |
| **Document Number:** | 285 |

**Docket Text:**
ORDER denying [258] Motion for Sanctions. Signed by Magistrate Judge Joel C. Hoppe on 3/22/18. (jcj)

**3:17-cv-00072-NKM-JCH Notice has been electronically mailed to:**
Elmer Woodard    isuecrooks@comcast.net
Robert T. Cahill    rcahill@cooley.com, droelofs@cooley.com, ebolton@cooley.com, jvanbenten@cooley.com, slappin@cooley.com
David E. Mills    dmills@cooley.com
David Leon Campbell    dcampbell@dhdglaw.com
Bryan Jeffrey Jones    bryan@bjoneslegal.com
Roberta Ann Kaplan    rkaplan@kaplanandcompany.com
Alan Levine    alevine@cooley.com
Julie Eden Fink    jfink@kaplanandcompany.com
Christopher Bradford Greene    cgreene@kaplanandcompany.com, ebyoung@kaplanandcompany.com, jgreene@kaplanandcompany.com, rtuchman@kaplanandcompany.com
Seguin Layton Strohmeier    sstrohmeier@kaplanandcompany.com, kmagun@kaplanandcompany.com, tbland@kaplanandcompany.com
Yotam Barkai    ybarkai@bsfllp.com
Philip Matthew Bowman    pbowman@bsfllp.com
Joshua James Libling    jlibling@bsfllp.com
Karen Leah Dunn    kdunn@bsfllp.com

William Anthony Isaacson    wisaacson@bsfllp.com
Joshua Adam Matz    jmatz@kaplanandcompany.com
Gabrielle E. Tenzer    gtenzer@kaplanandcompany.com
Michael Enoch Peinovich    mpeinovich@gmail.com

**3:17-cv-00072-NKM-JCH Notice has been delivered by other means to:**

David Duke
240 Garden Avenue
Mandeville, LA 70471

James Edward Kolenich
Kolenich Law Office
9435 Waterstone Blvd., Suite 140
Cincinnati, OH 45249

John Doe
98 West 1st Street
Yuma, AZ 85364

Richard Spencer
1001-A King Street
Alexandria, VA 22314

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1052918722 [Date=3/22/2018] [FileNumber=3019246-0
] [34e1d203d2b69fe212b702f82886c1d4d2152ce639e1e1b11f0ff19e2a47114e785
dfaff18d5b2f1a23b269594a9a6da4d65c47f82b5182b3349cb2b80d9ccf2]]

03/22/2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER, et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Defendant Michael Peinovich's Motion for a gag order and sanctions against Plaintiffs' counsel Roberta Kaplan. ECF No. 258. The motion is before me by referral under 28 U.S.C. § 636(b)(1)(A), and can be resolved without further briefing or argument. ECF No. 101; Pls.' Resp. in Opp'n, ECF No. 273. Mr. Peinovich, appearing pro se, alleges that Ms. Kaplan "has been conducting an aggressive campaign" in public and on social media through which she has "repeatedly . . . disparag[ed] the defendants" and presented the case "in a tendentious, non-neutral, pro-plaintiff light." Peinovich Mot. 1. He asks the Court to exercise its "inherent authority" to sanction Ms. Kaplan's extrajudicial statements by dismissing the Amended Complaint, or, in the alternative, to issue a pretrial order directing counsel "to cease her publicity campaign against the defendants." *Id.* at 16, 18 (citing Fed. R. Civ. P. 16(c)(2)(P)). Plaintiffs respond that Ms. Kaplan's public comments about this case "have all been consistent with the norms of attorney speech" in civil proceedings, as well as with her professional "duty of zealous advocacy on behalf of the men and women she represents." Pls.' Resp. in Opp'n 1.

Federal courts do "have inherent power" to sanction a party or its counsel for misconduct "that offends the legal process." *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 620 (E.D. Va. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "Because of

1

their very potency," however, such "inherent powers must be exercised with restraint and discretion," and usually only after the court determines that no applicable statutes or rules "are up to the task," *Chambers*, 501 U.S. at 50. *See, e.g.*, 28 U.S.C. § 1927; Fed. R. Civ. P. 11(c), 37(e); W.D. Va. Gen. R. 6(h). "Discretion includes crafting a sanction appropriate to remedy the harm caused by a party's abuse of the judicial process," *Beach Mart, Inc., v. L&L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014), "and then only to the extent necessary" to achieve that end, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Dismissing an action is "the most extreme sanction" available and should be reserved for when a party or counsel "deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer Equip. Co.*, 11 F.3d at 462. Here, while it is clear that Mr. Peinovich takes umbrage at Ms. Kaplan's public comments about this case, the Court is not persuaded that counsel contravened any applicable statute or rule—let alone that Ms. Kaplan's statements might justify dismissing her clients' lawsuit. *See id.* at 462–63 (outlining the six factors a court must consider before dismissing an action, and "recognizing that we seldom dismiss claims against blameless clients").

Mr. Peinovich is also correct that federal courts often issue pretrial orders to "facilitat[e] the just, speedy, and inexpensive disposition of [an] action," Fed. R. Civ. P. 16(c)(2)(P), such as the one already issued in this case, ECF No. 101. But "[b]road gag orders" like the one Mr. Peinovich asks for here "are restraints on expression and raise First Amendment concerns." *United States ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 568 (E.D. Va. 2010); *cf. Hirschkop v. Snead*, 594 F.2d 356, 373 (4th Cir. 1979) (en banc) (holding that portions of Virginia Supreme Court's rule restricting attorneys' extrajudicial comments about pending civil litigation violated the First and Fourteenth Amendments). "In the Fourth Circuit, district courts may restrict

extrajudicial statements by parties and counsel only if those comments present a 'reasonable likelihood' of prejudicing a fair trial," such as by tainting the jury pool. *Prince*, 753 F. Supp. 2d at 568 (quoting *In re Russell*, 726 F.2d 1007, 1010 (4th Cir. 1984)); *see Am. Sci. & Eng'g*, 606 F. Supp. 2d at 625–26 ("Courts may disallow prejudicial extrajudicial statements by [civil] litigants that risk tainting or biasing the jury pool."). Although Mr. Peinovich contends that Ms. Kaplan's public statements have "fatally undermined" his "right . . . to a fair trial in this case," Peinovich Mot. 18, "nothing presented thus far suggests" counsel's statements "present a 'reasonable likelihood' of tainting the jury pool," *Prince*, 753 F. Supp.2d at 568. Notably, Ms. Kaplan's comments do not directly attribute any of the third-party statements, of which Mr. Peinovich objects, to the Defendants, and restating a Defendant's own public comments, as in the case of Matthew Heimbach, cannot be considered unfairly prejudicial.

Accordingly, Defendant Peinovich's motion, ECF No. 258, is hereby DENIED.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record and to Defendant Peinovich.

ENTER: March 22, 2018

Joel C. Hoppe
United States Magistrate Judge