CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/06/2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on non-party David Duke's Motion to Quash Plaintiffs' Subpoena under Rule 45(d)(3) of the Federal Rules of Civil Procedure. ECF No. 235. The challenged subpoena issued from the U.S. District Court for the Western District of Virginia on January 24, 2018, and directed Mr. Duke to produce certain "documents and communications" that Plaintiffs contend are "related to Defendants' coordination and planning" for the events underlying the civil action pending in this Court. Pls.' Br. in Opp'n 2, ECF No. 261; *see* Pls.' Br. in Opp'n Ex. B, at 2–3, ECF No. 261-1. On January 26, a process server personally delivered the subpoena to Mr. Duke at his residence in Mandeville, Louisiana. Pls.' Br. in Opp'n Ex. B, at 2. The subpoena directed Mr. Duke to produce the designated documents and electronically stored information at a business address in New Orleans, Louisiana, on February 26, 2018. *Id.* at 3.

On the date set for compliance with the subpoena, this Court received and filed Mr. Duke's pro se motion to quash, as well as his supporting brief, ECF No. 236, and list of specific objections, ECF No. 237. Mr. Duke seeks to quash Plaintiffs' subpoena on the grounds that it "fails to allow a reasonable time to comply" and subjects him "to undue burden." Movant's Br. in Supp. 3 (quoting Fed. R. Civ. P. 45(d)(3)(A)(i), (iv)). Plaintiffs responded that Mr. Duke filed his motion in the wrong federal district court, that his objections are untimely, and that the motion to quash should be denied on the merits. Pls.' Br. in Opp'n 3–4, 5, 6–11 (citing Fed. R. Civ. P.

1

45(d)(2), (3)). The Court declines to consider the motion's timeliness or to reach the merits of the parities' dispute because Rule 45 expressly and unambiguously instructs that "the court for the district where compliance is required" has primary authority over all subpoena-related motions made under that rule. Fed. R. Civ. P. 45(d), (e), (f), (g) (2017).

Before December 2013, Rule 45 required that a subpoena for the production of documents or electronically stored information issue "from the court for the district where the production or inspection [was] to be made." Fed. R. Civ. P. 45(a)(2)(C) (2012). The issuing court "ha[d] exclusive jurisdiction" to modify, quash, or enforce the subpoena, and any subpoena-related motion made under Rule 45 had to be filed in the issuing court, "rather than the court where the underlying action [was] pending." *First Time Videos, LLC v. Doe*, No. 2:11cv690, 2012 WL 1134736, at *1 (E.D. Va. Apr. 4, 2012) (citing Fed. R. Civ. P. 45(c)(3) (2011)); *see Buyer's Direct, Inc. v. Belk, Inc.*, No. 5:10cv65, 2011 WL 6749828, at *2 (E.D.N.C. Dec. 23, 2011) (concluding that the district court where the civil action is pending "lacks jurisdiction" to resolve a motion to compel compliance with a subpoena issued from another federal judicial district (citing Fed. R. Civ. P. 45(c)(2) (2011)); *City of Ann Arbor Emps. Retirement Sys. v. Sonoco Prods. Co.*, Civil Action No. 4:08-2348, 2010 WL 11534402, at *1–2 (D.S.C. Oct. 19, 2010) (concluding that the district court where the civil action is pending "lacks jurisdiction to quash" a subpoena issued from another federal judicial district (citing Fed. R. Civ. P. 45(c)(3) (2009)).

"After the 2013 amendments, subpoenas must be issued from the court where the action is pending." *Ellis v. Arrowood Indem. Co.*, No. 2:14mc146, 2014 WL 4365273, at *2 (S.D. W. Va. Sept. 2, 2014); *see* Fed. R. Civ. P. 45(a)(2) (2017). Any subpoena-related motion made under Rule 45, however, must still be filed in the "court for the district where compliance is required,"

Fed. R. Civ. P. 45(d)–(e), because that court has primary responsibility for modifying, quashing, or enforcing subpoenas directed to persons within its jurisdiction under Rule 45(c), which sets certain geographic limits on the Rule 45 subpoena power. *See Ellis*, 2014 WL 4365273, at *2; Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment ("Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."). That court can resolve the dispute itself or, if the court where compliance is required did not also issue the subpoena, "the compliance court[] may then, either with the consent of the nonparty or under 'exceptional circumstances,' transfer the motion to the issuing court." *United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 45(f)). "[T]he court where the action is pending will decide the motion" only after it has been transferred by the compliance court under Rule 45(f). Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment; *see In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, 2018 WL 454440, at *1–2 (S.D. Cal. Jan. 17, 2018) (rejecting a party's argument that the court where the civil action was pending "should ignore the [Rule's] plain language" and decide a misfiled Rule 45(d) motion on the merits "because the court of compliance likely would transfer the matter to th[at] Court under Rule 45(f)").

"Most courts look to the subpoena to determine where compliance is required" in order to identify "the proper court to resolve a motion to quash" that subpoena. *Ellis*, 2014 WL 4365273, at *3; *see* Fed. R. Civ. P. 45(c)(2)(A). Plaintiffs' subpoena to Mr. Duke required compliance in New Orleans, Louisiana, Pls.' Br. in Opp'n Ex. B, at 3, which is located in the Eastern District of Louisiana, 28 U.S.C. § 98(a). Thus, Mr. Duke should have filed his Rule 45 motion in the U.S.

District Court for the Eastern District of Louisiana and not in the U.S. District Court for the Western District of Virginia, where the civil action is pending. *See* Fed. R. Civ. P. 45(d)(3). Plaintiffs, who pointed out this critical defect, note that they "do not object to this Court treating" Mr. Duke's Rule 45 motion to quash "as a motion for a protective order under Rule 26 and deciding the [m]otion on that basis." Pls.' Br. in Opp'n 3; *see* Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."). But Mr. Duke expressly brought his motion "pursuant to Rule 45(d)(3)(A)," and he has not stipulated to Plaintiffs' suggested approach. *See* Mot. to Quash Subpoena 1; Movant's Br. in Supp. 1–3. Accordingly, the Court declines Plaintiffs' invitation to recharacterize Mr. Duke's motion without his consent. *See* Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment; *cf. City of Ann Arbor Emps. Retirement Sys.*, 2010 WL 11534402, at *2 (denying a party's motion to quash a subpoena issued from another judicial district "for lack of jurisdiction under [Rule] 45" and declining that party's "invitation to issue an order addressing the matter under [Rule] 26, as to do so would circumvent the purpose of Rule 45").

For the foregoing reasons, Mr. Duke's Motion to Quash Subpoena, ECF No. 235, is hereby **DENIED without prejudice** for lack of jurisdiction under Rule 45(d)(3) of the Federal Rules of Civil Procedure. If Mr. Duke wants to pursue his objections to Plaintiffs' subpoena under Rule 45(d)(3), he may file a motion to quash the subpoena in the U.S. District Court for the Eastern District of Louisiana, the court where compliance is required.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties and to Mr. Duke.

ENTER: April 6, 2018

*/s/*

Joel C. Hoppe
United States Magistrate Judge