UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT MICHAEL PEINOVICH'S OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 22, 2018 ORDER**

Plaintiffs submit this Memorandum in Response to Defendant Michael Peinovich's Objections to Magistrate Judge Hoppe's March 22, 2018 Order.

## PRELIMINARY STATEMENT

Mr. Peinovich knowingly conspired with the other defendants to plan, supervise, and execute a brutal campaign of racial and religious terror in Charlottesville, Virginia. As intended, the defendants' unlawful conspiracy drew widespread national attention. In October 2017, the plaintiffs filed this lawsuit to hold the defendants accountable for their illegal, injurious acts. Understandably, there is strong public and journalistic interest in the case. Accordingly, as lawyers often do in civil matters, Roberta Kaplan has publicly explained the factual background, legal theory, relief sought, and broader context of this litigation. Her statements have all been consistent with rules and norms of attorney speech—and with Ms. Kaplan's duty of zealous advocacy on behalf of the men and women she represents. *See* Model Rules of Prof'l Conduct r. 1.3 cmt.1 (Am. Bar Ass'n 2016).

On March 10, 2018, Mr. Peinovich filed a sanctions motion against Ms. Kaplan, citing a grab-bag of professional rules in support of his request for dismissal or a gag order. ECF No. 258. On March 14, 2018, Ms. Kaplan filed a detailed response setting forth why her conduct was proper and did not justify the relief sought. ECF No. 273 ("Br."). After reviewing Mr. Peinovich's reply brief filed on March 21, Judge Hoppe denied his sanctions motion on March 22, 2018. ECF No. 285 ("Order").

Mr. Peinovich has a peculiar view of the First Amendment. He believes that it protects people who conspire to plot and perpetrate acts of violence, while offering no shelter to peaceful attorney speech about claims in civil litigation. Mr. Peinovich is wrong. Judge Hoppe correctly

held that the First Amendment, as well as the applicable rules of conduct and Fourth Circuit law, require that his motion for sanctions be denied.

## ARGUMENT

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b). For non-dispositive matters such as this one, "the district court will modify or set aside the magistrate judge's order only if it 'is clearly erroneous or is contrary to law.'" *Wyatt* v. *Owens*, No. 7:14-Civ-492, 2016 WL 6651410, at *1 (W.D. Va. Nov. 10, 2016) (Moon, J.) (quoting Rule 72(a)). "A ruling is 'clearly erroneous' only when the totality of the record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'" *Id.* at *2 (citations omitted). A ruling is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted). "The leading treatise on federal practice and procedure describes altering a magistrate's nondispositive orders as 'extremely difficult to justify.'" *Id.* (quoting 12 Wright & Miller, *Federal Practice and Procedure* § 3069 (2d ed. 1997)). Mr. Peinovich cannot possibly satisfy Rule 72's demanding standard here.

As Judge Hoppe made clear, there is no merit whatsoever to Mr. Peinovich's allegations: "the Court is not persuaded that counsel contravened any applicable statute or rule." Order at 2. Judge Hoppe added that "nothing presented thus far suggests counsel's statements present a reasonable likelihood of tainting the jury pool." *Id.* at 3 (citation omitted, internal quotation marks omitted). In arriving at this conclusion, Judge Hoppe emphasized the First Amendment concerns raised by broad gag orders as well as the fact that Ms. Kaplan has not imputed prejudicial statements to Mr. Peinovich. *Id.* at 2–3.

In his objections to Judge Hoppe's order, Mr. Peinovich abandons nearly every argument he made below—including his request for dismissal of the case. He clings only to a single claim: that Ms. Kaplan should be subjected to a wide-ranging prior restraint on speech due to alleged violations of New York Rule 3.6 and ABA Rule 3.6, neither of which actually apply here. See Judge Glen E. Conrad, *In Re: Amendment to Rule IV—Standards for Professional Conduct of Federal Rules of Disciplinary Enforcement* (June 16, 2016), available at http://www.vawd.uscourts.gov/media/11951394/amendment-to-rule-iv-for-attorneys.pdf (providing that the Western District of Virginia's Rules of Disciplinary Enforcement, which concern standards for professional conduct, now incorporate the Virginia Rules of Professional Conduct). To support that position, Mr. Peinovich reiterates his unsubstantiated claim that Ms. Kaplan has taken "actions aimed at turning the public, including the public in the Western District of Virginia, against [him] and the other defendants." Br. at 7.

Mr. Peinovich's objections, however, could not possibly provide this Court with the "definite and firm conviction" required to conclude "that a mistake has been committed." *Wyatt*, 2016 WL 6651410, at *1. While Mr. Peinovich attempts to manufacture ambiguity about the legal and factual basis for Judge Hoppe's order in his objections, *see* Br. at 5–6, Judge Hoppe could not have been clearer: he denied the request for a gag order by applying Fourth Circuit law (including First Amendment protections) to a factual record devoid of evidence that Ms. Kaplan has tainted the jury pool.[1] *See* Order at 2–3. Mr. Peinovich offers no evidence that Ms. Kaplan's comments have caused the negative consequences he describes. *See* Br. 7–8. Similarly, Mr. Peinovich does not identify any legal rule that Judge Hoppe misapplied in concluding that

---

[1] For the record, Ms. Kaplan has fewer than 4,665 Twitter followers. It is safe to assume that only a small fraction of them live in the Western District of Virginia—and that only a fraction of that fraction even saw the tweets about which Mr. Peinovich complains (none of which crossed the lines set by applicable rules of professional conduct).

Ms. Kaplan has complied with all applicable standards of attorney speech. Instead, he alternates at random between the New York Rules, the ABA Rules, and "a substantially similar standard[]," all the while tacitly conceding that Virginia's rules (and highly relevant precedents) are the only rules that apply here and do not support his position. *See* Br. 5-7. Nevertheless, as Ms. Kaplan explained in her original response to Mr. Peinovich—a filing that she incorporates by reference here—her remarks were fully consistent with New York Rule 3.6 and are shielded by the First Amendment. *See* Dkt. 273 at 13–15; *see also Hirschkop* v. *Snead*, 594 F.2d 356, 373 (4th Cir. 1979) (en banc); *U.S. ex rel. Davis* v. *Prince*, 753 F. Supp. 2d 561, 568 (E.D. Va. 2010); *Matter of Sullivan*, 185 A.D.2d 440, 445 (N.Y. App. 3d Dep't 1992); *Jane Doe No. 1* v. *Zeder*, 782 N.Y.S.2d 349, 354 (N.Y. Sup. Ct. 2004).

## CONCLUSION

For the foregoing reasons, Defendant Peinovich's objections to Magistrate Judge Hoppe's March 22, 2018 order should be denied.

Dated: April 19, 2018

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
gtenzer@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

6

CERTIFICATE OF SERVICE

       I hereby certify that on April 19, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533

*Pro Se Defendant*

1

I further hereby certify that on April 19, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*

2