CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/20/2018
JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JASON KESSLER et al., | ) | By:    Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on two motions filed by Defendant Michael Enoch Peinovich. First, Peinovich asks the Court to "quash the subpoenas [P]laintiffs have served, or intend to serve, on Twitter, Inc., Go[D]addy.com, LLC, Cloudflare, LLC, and Hatreon," which are not parties to this civil action, "and [to issue] a protective order." Mot. to Quash Plaintiffs' Subpoenas, ECF No. 226. Second, Peinovich "moves to require [P]laintiffs' full compliance" with Rules 45(a)(4) and (b)(4) of the Federal Rules of Civil Procedure or, in the alternative, to quash the subpoenas mentioned in his first motion. Mot. to Require Pls.' Full Compliance with Fed. R. Civ. P. 45, ECF No. 229 ("Rule 45 Mot."). The motions have been fully briefed, ECF Nos. 226-1, 249, 255, and are ripe for review.

Peinovich, appearing pro se, challenges subpoenas for the production of documents and electronically stored information ("ESI") that Plaintiffs issued to Twitter, Inc.; GoDaddy.com, LLC; Cloudflare, LLC; and Hatreon, in an effort "to gather evidence related to Defendants' and their co-conspirators' coordination of and planning for" events underlying the civil action pending in this Court. Pls.' Br. in Opp'n to Mots. 2, ECF No. 249. Peinovich specifically objects to the requests that GoDaddy.com and Cloudflare produce "traffic logs to the websites dailystormer.com, altright.com[,] and therightstuff.biz for the dates of August 1 to August 19, 2017," because he contends that the logs will contain "personally identifiable information such

as IP and MAC addresses" about "hundreds of thousands of private citizens who have done nothing more than visit a website." Def.'s Br. in Supp. of Mot. to Quash 2–3, ECF No. 226-1; *see* Def.'s Br. in Supp. of Mot. to Quash Ex. B, at 7–8 (GoDaddy.com), ECF No. 226-3; *id.* Ex. C, at 7–8 (Cloudflare), ECF No. 226-4. He also broadly alleges that the subpoenas seek "huge amounts of information," Def.'s Mem. in Supp. of Rule 45 Mot. 1, ECF No. 229, that "cannot possibly help the [P]laintiffs' case" and "would irreparably harm Peinovich, the companies that were subpoenaed, hundreds of thousands of private internet users, and the cause of free speech itself" if disclosed in pretrial discovery. Def.'s Br. in Supp. of Mot. to Quash 5; *see* Def.'s Reply Br. in Supp. of Mots. 3–5, 7, ECF No. 255.

A.  *Motion to Quash & For Protective Order*

The Court must address two preliminary issues before it may consider this motion on the merits. First, Plaintiffs object that Peinovich should not have filed the motion in the U.S. District Court for the Western District of Virginia because each subpoena directs the target company to produce the information at a location outside this judicial district, and a "motion to quash may only be made in 'the district where compliance is required.'" Pls.' Br. in Opp'n to Mots. at 4 (quoting Fed. R. Civ. P. 45(d)(3)). Rule 45 does give "the court for the district where compliance is required," and not the litigation court from which a subpoena must issue, primary authority over disputes about subpoenas directed at nonparties located within the compliance court's territorial jurisdiction. *See* Fed. R. Civ. P. 45(a)–(g) (2017); Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment; *United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016); *Ellis v. Arrowood Indem. Co.*, No. 2:14mc146, 2014 WL 4365273, at *2 (S.D. W. Va. Sept. 2, 2014). However, Rule 26 also provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where

2

the action is pending," and that the litigation "court may, for good cause, issue an order to protect [the] party . . . from annoyance, embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c)(1). While Peinovich labeled his filing "a motion to quash . . . pursuant to" Rule 45, he also repeatedly asks the Court "for a protective order" quashing the subpoenas on the ground that Plaintiffs' "overbroad" requests for "irrelevant" documents and ESI impose an undue burden on himself and others. Def.'s Br. in Supp. of Mot. to Quash 3, 5; *see also* Def.'s Reply Br. in Supp. of Mots. 1, 5–7; Pls.' Br. in Opp'n to Mots. 4 n.2, 6–7. Accordingly, the Court will consider this motion under Rule 26(c), and not under Rule 45(d). *Cf. Sirpal v. Fengrong Wang*, Civil No. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. July 12, 2012) ("[T]he Court could consider the [plaintiff's] motion [to quash a third-party subpoena] as one for a protective order, and consider the Rule 26 factors, including relevance, in deciding the motion.").

Second, Plaintiffs argue that Peinovich lacks standing to challenge the subpoenas because they do not seek discovery from him personally and Peinovich "does not even attempt to show" a personal stake in the requested information. Pls.' Br. in Opp'n to Mots. 5. Peinovich concedes that Plaintiffs' subpoenas are not directed to him, but asserts that he "has a personal right and privilege with respect to the subject matter of the subpoenas." Def.'s Br. in Supp. of Mot. to Quash 3. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam). The district courts in this circuit have held that the party "need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party," even if the claimed interest is "minimal or exceedingly small." *Third Degree Films, Inc. v. Does*

3

*1–108*, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) (quotation marks omitted) (collecting cases).

Peinovich argues that he has a personal right to protect "the privacy and security" of unnamed individuals who visit his podcast website, therightstuff.biz, because his "reputation and ability to earn a living" will be "irreparably damage[d]" if those visitors "no longer feel they can browse" the website's "politically controversial" content without fear that their "personally identifiable information" will be disclosed in litigation. Def.'s Br. in Supp. of Mot. to Quash 2–3; *see also* Def.'s Reply Br. in Supp. of Mots. 3–5. This rationale is too tenuous to support a finding that Peinovich has any protected interest in whatever information Twitter, GoDaddy.com, Cloudflare, and Hatreon have about persons other than Peinovich himself. Contrary to Plaintiffs' assertion that the subpoenas seek only "information [about] unnamed non-parties," Pls.' Br. in Opp'n to Mots. 6 n.4, the Court finds that portions of all four subpoenas request ESI about Peinovich's (or his podcast's) online presence and activity, including non-public information such as direct messages and deleted content. *See* Pls.' Br. in Opp'n to Mots. 2–4; Def.'s Br. in Supp. of Mot. to Quash Ex. A, at 4–5, 8–9 (Twitter), ECF No. 226-2; *id.* Ex. B, at 4, 7–8 (GoDaddy.com); *id.* Ex. C, at 4, 7–9 (Cloudflare); *id.* Ex. D, at 4–5, 8 (Hatreon), ECF No. 226-5. These specific requests show that Peinovich claims some personal right in the information held by these companies and that, as a result, he has "standing to quash or modify [the] subpoenas on the grounds that [they] require[] disclosing potentially privileged or otherwise protected matter." *CineTel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 554–55 (D. Md. 2012) (citing *Third Degree Films*, 2012 WL 669055, at *2). Accordingly, the Court can resolve this motion on the merits.

Rule 26 allows "[a] party . . . from whom discovery is sought" to move for a protective order, and the rule authorizes the court, "for good cause" shown, to issue such an "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c)(1). "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that [the party] will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Rule 26(c)'s "good cause" element further requires the resisting party to "present a 'particular and specific demonstration of fact[]' as to why a protective order should issue," *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Wright & Arthur Miller, Federal Practice & Procedure § 2035 (2d ed. 1994)), taking into account that the requesting party generally is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). *See Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997) (noting that the federal rules "favor broad pretrial discovery" and "have been interpreted to allow maximum discovery" within certain well-defined boundaries).

Plaintiffs argue that Peinovich has not shown the subpoenas impose an undue burden because they do not seek discovery from Peinovich personally and they request information about matters that are relevant to Plaintiffs' claims in this case. *See* Pls.' Br. in Opp'n to Mots. 2–4, 6–7. Peinovich counters that the alleged risk of "[h]arm to [his] vocation and business is manifestly an 'undue burden.' So too is [the] disclosure to Plaintiffs of information having no legitimate bearing on this case." Def.'s Reply Br. in Supp. of Mots. 5 (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012)); *see also* Def.'s Br. in Supp. of Mot. to Quash 3–5. Plaintiffs have the better argument on the record currently before the Court.

5

First, Peinovich "cannot claim any hardship, let alone undue hardship," because he has "no obligation to produce any information under the subpoenas issued" to Twitter, GoDaddy.com, Cloudflare, and Hatreon. *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 338 (D.D.C. 2011). Furthermore, he has not made any specific showing of undue hardship that will be wrought by compliance with the subpoena. The alleged risk of harm to Peinovich's reputation or online business, for example, is too speculative to show good cause why the Court should quash any of the subpoenas. *Cf. Baron Fin. Corp.*, 240 F.R.D. at 202 (noting that Rule 26(c)'s "good cause requirement creates a rather high hurdle" for the party resisting discovery, and that the party "may not rely upon stereotyped or conclusory statements" to meet its burden (quotation marks omitted)). Second, while Peinovich is correct that the "undue burden category 'encompasses situations where the subpoena seeks information irrelevant to the case,'" *Singletary*, 289 F.R.D. at 241 (quoting *Cook v. Howard*, 484 F. App'x 805, 812 n. 7 (4th Cir. 2012)), he has failed to show that any of the subpoenas are overbroad or irrelevant. On the contrary, Plaintiffs' subpoenas are limited in scope to particular topics, persons, and entities related to the alleged events underlying this lawsuit and seek documents or ESI covering a relatively short period. Accordingly, Peinovich's request for protective order and Motion to Quash Plaintiffs' Subpoenas, ECF No. 226, is hereby **DENIED**.

B.     *Rule 45 Motion*

Peinovich asserts that Plaintiffs violated Rule 45(a)(4) and (b)(4) "with respect to the subpoenas they apparently recently served" on Twitter, GoDaddy.com, Cloudflare, and Hatreon because they failed to provide adequate notice and "critical information" about whether, and if so, on whom, the subpoenas were actually served. Def.'s Mem. in Supp. of Rule 45 Mot. 1–2. Documents attached to Peinovich's motion show that Plaintiffs complied with their obligations

6

under Rule 45(a)(4) by serving "a notice and a copy of the subpoena" on Defendant Peinovich *before* attempting to serve any challenged subpoena "on the person to whom it is directed." Fed. R. Civ. P. 45(a)(4); *see* Def.'s Mem. in Supp. of Rule 45 Mot. Exs., ECF Nos. 229-1 to 229-3. Rule 45(b)(4) requires proof of service only "when necessary," such as to support a motion to compel compliance with a subpoena or to hold a nonparty in contempt of court, and Peinovich "has shown no need for proof of service" in this case. *Plastic the Movie Ltd. v. Doe*, No. 3:15cv385, 2015 WL 12856114, at *1 (M.D. Fla. Nov. 24, 2015); *see* Fed. R. Civ. 45(b)(4), (d)(2), (g). Accordingly, Peinovich's Motion to Require Plaintiffs' Full Compliance with Fed. R. Civ. P. 45, ECF No. 229, is hereby **DENIED**.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTER: April 20, 2018

Joel C. Hoppe
United States Magistrate Judge