# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

# CHARLOTTESVILLE DIVISION

**ELIZABETH SINES, ET AL.,**  Case No. 3:17-cv-00072-NKM

**Plaintiffs,**  Hon. Norman K. Moon

**v.**

**JASON KESSLER, ET AL.,**

**Defendants.**

### DEFENDANT MICHAEL PEINOVICH'S REPLY
### MEMORANDUM IN FURTHER SUPPORT OF HIS OBJECTIONS
### TO MAGISTRATE JUDGE'S MARCH 22, 2018 ORDER

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure, Defendant Michael Peinovich respectfully submits the following reply memorandum in further support of his objections to certain portions of Magistrate Judge Hoppe's order issued on March 22, 2018 denying Peinovich's motion to restrain Roberta Kaplan, Esq. and Kaplan and Company LLP from improper and unethical extrajudicial statements and for sanctions. This reply will address plaintiffs' memorandum in opposition to Peinovich's objections.

    I.    **Plaintiffs' Opposition Memorandum Rests on False Factual Predicates**.

Plaintiffs begin their opposition memorandum by stating: "Mr. Peinovich knowingly conspired with the other defendants to plan, supervise, and execute a brutal campaign of racial and religious terror in Charlottesville, Virginia." Such unproven, hyperbolic, sensationalist allegations should not be accepted as the factual basis for resolving the ethical issues Peinovich's motion to restrain raises. These absurd claims are not only inappropriate in this context, they

1

underscore the fact that plaintiffs' strategy in this case relies on a "big lie" technique of constant repetition of extreme, bloodcurdling allegations designed to elicit an emotional response. The pursuit of this strategy, which relies on propaganda rather than evidence, sheds some light on Roberta Kaplan's unusual and unethical behavior. Plaintiffs' allegations are not only unproven but manifestly untrue. In filing their SLAPP suit against Peinovich and others as a lawfare tactic to harass, silence and intimidate, plaintiffs improperly disregarded compelling evidence, known to them, that Peinovich was never involved in organizing violence against the plaintiffs or anyone else. This evidence includes:

- *Independent Review of the 2017 Protest Events in Charlottesville*, prepared by Timothy Heaphy of Hunton & Williams LLP and his Review Team and published on November 24, 2017 (available at this link: http://apps.washingtonpost.com/g/documents/local/report-reviewing-protest-related-events-in-charlottesville/2654/), an independent review for which Mr. Heaphy and his team reviewed over 500,000 documents, 2,000 photos, and 300 hours of video footage, states the following on page 78:

  > Unite The Right speaker Mike Enoch [Peinovich] was not involved in the planning for the event, but he noted that, because it was "one of the largest" Alt Right events ever held, rally planners recognized the need to be organized.

  Nowhere in the exhaustive 212 page Heaphy Independent Review do the authors remotely suggest that Peinovich had any involvement whatever in organizing violence against anyone. Plaintiffs deliberately and improperly ignored the Heaphy Independent Review in including Peinovich in their lawfare complaint.

- Plaintiffs in their complaint and amended complaint cited a misleadingly excerpted segment from a speech Peinovich gave at the August 12, 2017 events described in the complaints. Here is a video of Peinovich's entire speech: https://www.youtube.com/watch?v=siPD7O1vAzQ. As the video makes clear, although Peinovich was rightfully critical of the violence threatened and inflicted by the counter-protestors, his speech emphasized the importance of the pro-monument demonstrators peacefully exercising their First Amendment rights.

## II. Peinovich Presented Ample Evidence of Ms. Kaplan's Ethical Violations.

Plaintiffs' argument that Ms. Kaplan's statements and actions "have all been consistent with rules and norms of attorney speech," (Opp. Memo. at 2), has two basic aspects. The first is that "Mr. Peinovich does not identify any legal rule that Judge Hoppe misapplied in concluding that Ms. Kaplan has complied with all all applicable standards of attorney speech. Instead he . . . tacitly conced[es] that Virginia's rules (and highly relevant precedents) are the only rules that apply here and do not support his position." (Opp. Memo. at 4-5). The second is that Peinovich's contention is "unsubstantiated" that Ms. Kaplan has taken actions aimed at turning the public, including the public in the Western District of Virginia, against him and the other defendants. (Opp. Memo. at 4). Both aspects are flagrantly incorrect.

Peinovich did not concede, tacitly or otherwise, that Virginia's ethical rules are the only applicable rules. As a matter of fact, even Judge Hoppe did not assert this. Peinovich's position has been and remains that while this Court will look initially and primarily to the Virginia ethical rules, in the exercise of its inherent authority it is not circumscribed from supplementing or departing from those rules where basic fairness to the litigants requires it. The contrary view, which plaintiffs advocate, leads to dangerous absurdities. It would leave persons such as plaintiffs completely free to use their enormous public relations networks to generate emotional, sensationalistic, and prejudicial pretrial publicity. There must be some limits on a party's actions in generating pretrial publicity in civil cases, and the New York and ABA versions of Rule 3.6 provide appropriate sources of guidance.

Plaintiffs' assertion that Peinovich's claims are unsubstantiated is equally off the rails. Peinovich has substantiated at length and in detail Ms. Kaplan's improper actions in generating

3

sensationalistic pretrial publicity, including falsely linking defendants -- which of course includes Peinovich – to Nikolas Cruz, the suspected murderer of 17 school children, stirring up religious animus against Peinovich and the other defendants by characterizing them as "modern day Hamans," linking Peinovich and the other defendants to offensive Internet posts by someone or some entity calling himself, herself, or itself the "American Identitarian Party," an entity or person with which Peinovich had no association whatever and that may have been a troll or a shill that is hostile to the defendants, and analogizing the defendants to anti-abortion protestors who murder doctors.

Plaintiffs have never attempted to defend these actions because they are indefensible. Instead, plaintiffs repeat over and over the bland and false statement that Ms. Kaplan has merely "publicly explained the factual background, legal theory, relief sought, and broader context of this litigation." (Opp. Memo. at 2). Insinuating a nonexistent connection between Peinovich and Nikolas Cruz cannot be explained by any of these things, and can only be understood as a blatant attempt to taint the public mood against Peinovich and other defendants. Judge Hoppe's ruling below has given Ms. Kaplan and other plaintiffs' counsel carte blanche to continue these outrageous actions. It sets an unfortunate precedent for other cases. At a minimum, Ms. Kaplan should be admonished that her actions are inappropriate and should not be continued.

As Peinovich noted in his initial memorandum, the Magistrate's statement that "'nothing presented thus far suggests' counsel's statements 'present a reasonable likelihood of tainting the jury pool'" unfairly places a virtually impossible burden on Peinovich and the other defendants. We live now in a new age of social media, of tweets and retweets, of postings on Facebook and similar media that are circulated and recirculated in unknown ways. In this new environment,

4

the appropriate approach is not to place an impossible burden on Peinovich but to ask whether Ms. Kaplan's pretrial publicity campaign actions raise significant risks of prejudicing Peinovich and the other defendants. This is surely the case, given the inflammatory nature of her actions, the nature of the media she has chosen to use, and the issues involved. She should, accordingly, be restrained.

## CONCLUSION

For the reasons stated, Peinovich respectfully requests that the Magistrate's March 22, 2018 order be reversed and that Ms. Kaplan be instructed to cease her unethical and prejudicial extrajudicial statements, as manifested by her actions described in Peinovich's initial motion and reply memorandum.

Dated: April 26, 2018.

Respectfully submitted,

Michael Peinovich, Pro Se

## CERTIFICATE OF SERVICE

On this 26th day of April, 2018, I Michael Peinovich certify that I served electronically or mailed copies of this reply memorandum to:

Christopher Greene <cgreene@kaplanandcompany.com>,
David Campbell <DCampbell@dhgclaw.com>,
Elmer Woodard <isuecrooks@comcast.net>,
James Kolenich <jek318@gmail.com>,
Bryan Jones <bryan@bjoneslegal.com>,
Roberta Kaplan <rkaplan@kaplanandcompany.com>,
Julie Fink <jfink@kaplanandcompany.com>,
Gabrielle Tenzer <gtenzer@kaplanandcompany.com>,
Seguin Strohmeier <sstrohmeier@kaplanandcompany.com>,
Alan Levince <alevine@cooley.com>,
Karen Dunn <KDunn@bsfllp.com>,
Philip Bowman <pbowman@bsfllp.com>,
Richard Spencer <richardbspencer@gmail.com>

_____

Michael Peinovich