```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF VIRGINIA
                      CHARLOTTESVILLE DIVISION

ELIZABETH SINES, et al.,
                                        No. 3:17-cv-72
            Plaintiffs,
                                        Charlottesville, Virginia
    vs.                                 April 19, 2018
                                        3:04 p.m.
JASON KESSLER, et al.,

            Defendants.

               TRANSCRIPT OF TELEPHONIC HEARING
              BEFORE THE HONORABLE JOEL C. HOPPE
                 UNITED STATES MAGISTRATE JUDGE.
```

APPEARANCES:

For the Plaintiffs:

| | |
|---|---|
| ROBERTA ANN KAPLAN | ALAN LEVINE |
| Kaplan & Company, LLP | Cooley LLP |
| 350 Fifth Avenue, Suite 7110 | 1114 Avenue of the Americas |
| New York, NY 10118 | New York, NY 10036 |
| 212-763-0883 | 212-479-6260 |
| | |
| PHILIP MATTHEW BOWMAN | J. BENJAMIN ROTTENBORN |
| Boies Schiller Flexner, LLP | Woods Rogers |
| 575 Lexington Avenue, 7th Floor | 10 South Jefferson Street |
| New York, NY 10022 | Roanoke, VA 24011 |
| 212-446-2300 | 540-983-7600 |

For the Defendants:

| | |
|---|---|
| JAMES EDWARD KOLENICH | RICHARD SPENCER, PRO SE |
| Kolenich Law Office | 1001-A King Street |
| 9435 Waterstone Blvd., Suite 140 | Alexandria, VA 22314 |
| Cincinnati, OH 45249 | |
| 513-444-2150 | |

```
Transcribed by:    Carol Jacobs White
                   Registered Diplomate Reporter
                   PO Box 182
                   Goode, VA 24556
                   Carol.jacobs.white@gmail.com

    Proceedings recorded by FTR; computer-assisted transcription.
```

```
 1          (Call to Order of the Court at 3:04 p.m.)
 2              THE COURT:  Hi.  This is Joel Hoppe.
 3              Who is on the line for the plaintiffs?
 4              MS. KAPLAN:  Hey, Judge.  It is Roberta Kaplan from
 5   Kaplan & Company.  And I'm here with a bunch of other folks,
 6   including Phil Bowman, Boise Schiller.
 7              MR. LEVINE:  And Alan Levine from Cooley, Your Honor.
 8              THE COURT:  All right.  Good afternoon.
 9              MR. ROTTENBORN:  John Rottenborn, Woods Rogers, Your
10   Honor.
11              THE COURT:  All right.
12              All right.  Who do we have on the line for the
13   defendants?  And I don't know that we are going to have everybody,
14   but can you just go ahead and identify yourselves.
15              MR. SPENCER:  This is Richard Spencer.
16              THE COURT:  All right.
17              MR. KOLENICH:  Jim Kolenich, Your Honor, for defendants
18   Parrott, Traditionalist Worker Party.
19              THE COURT:  Anybody else?
20         (No response.)
21              THE COURT:  All right.  Well, Mr. Kolenich and
22   Mr. Spencer, good afternoon to you.
23              Ms. Kaplan, were you expecting anyone else on the phone
24   for the defendants?
25              MS. KAPLAN:  Not necessarily, Your Honor.  No.
```

```
 1                THE COURT:  Okay.  All right.
 2                Well, what issues do we need to take up today?  I have
 3   seen your emails that you have sent to the Court.  And I think that
 4   all of the defendants were cc'd on those.  What do we have to
 5   address?
 6                MS. KAPLAN:  Okay, Your Honor.  We sent the email today
 7   because I'm not sure we do have much to address.  We still don't
 8   have any written responses from defendant Mosely.  But I'm not sure
 9   whether he's currently represented by anyone on the phone, so I'm
10   not sure what we can do about that.  And maybe we should just
11   proceed to file some kind of a sanctions motion with respect to
12   that.
13                With respect to the other issues, the defendants have all
14   now, subsequent to our email, complied.  And the issues now are far
15   more substantive, which have to do with their lack of a response or
16   failure to have any documents or to have done anything to preserve
17   documents.
18                But on that score, as we said in our email, we think the
19   more efficient thing for us to do would be to supplement our
20   already pending order to show cause to kind of address these new
21   defendants and new issues.
22                THE COURT:  Yeah.  And probably the first thing to do on
23   that -- well, I understand the concerns that you stated that could
24   impact your issues raised in the motion to show cause, but it does
25   seem like -- as to the responses to your discovery, that, you know,
```

```
 1  the first thing to do is to confer and do a deficiency letter and
 2  so forth, but you know all of that.
 3              MS. KAPLAN:  Absolutely, Your Honor.  We will do that.
 4              THE COURT:  All right.
 5              Mr. Spencer -- so it doesn't sound like there's anything
 6  that we really need to take up today at this point, from your
 7  viewpoint, Ms. Kaplan; is that correct?
 8              MS. KAPLAN:  No, Your Honor.  I mean, if there were any
 9  attorney for Mr. Mosely on the phone, I would want Your Honor to
10  tell that person that he should comply.  But I'm not sure if
11  Mr. Kolenich still represents Mr. Mosely, so that's my being
12  careful.
13              THE COURT:  Yeah.
14              MR. KOLENICH:  Your Honor, yes, I do represent -- his
15  real name is Mr. Kline, Elliott Kline.  But he online goes by the
16  name Mosely.  I do technically represent him.  And I don't know if
17  the Court wants to get into that, since there's no motion pending
18  at this point, or not.
19              THE COURT:  Well, I think I do, because I think it is
20  better to try and address this, you know, informally, if we can.
21              So, as I understand it, Mr. Kolenich, that your client
22  hasn't responded at all to the discovery?
23              MR. KOLENICH:  Well, let me try to fully explain his
24  situation.  Since very early on in this litigation I have had an
25  inability to communicate with Mr. Kline.  And I have communicated
```

```
 1   with him through members of the group Identity Evropa.  And they
 2   recently have had difficulty communicating with him as well.  And
 3   neither I, nor they, have been able to get him to participate in
 4   this litigation.
 5             I have requested permission to withdraw -- you know,
 6   from -- their permission to file a motion to withdraw from
 7   representing Mr. Kline.  They have a contract with him which makes
 8   that problematic.  And they are taking it up with the attorney who
 9   drafted that contract.  So I may be moving to withdraw from the
10   representation, but I cannot today, because I haven't heard back
11   from them.
12             And we just have had no communication with him at all.
13   It is not as if we haven't tried.  He's just not participating.
14             THE COURT:  Okay.  All right.  Well, I understand -- I
15   understand your situation.
16             Ms. Kaplan, is there anything that you want to address
17   -- I'm not sure that there's much that we can address on this issue
18   today, given --
19             MS. KAPLAN:  Well, I think that's right, Your Honor.
20             THE COURT:  Yeah.  All right.
21             Well, I'll leave it up to you-all to figure out how you
22   want to proceed concerning Mr. Kline and the discovery.
23             All right.
24             All right.  And, Mr. Spencer, just for future
25   reference -- and just, you know, my expectations are well -- you
```

know, I'm sure Mr. Kolenich and Ms. Kaplan are aware of this. And since -- I know that you are not an attorney by trade, but, you know, if I set a deadline in an order and if for some reason, even if it is, you know, an agreed reason, you are not going to be able to make that deadline, the steps that you really need to take are, one, to confer with opposing counsel and see what their position is on it. And if they don't oppose an extension of the deadline, then you-all would need to file a joint motion, getting that extension. And if they oppose it, then, you know, it is really your obligation to still file a motion and show good cause for the extension. But you can't just not make a deadline.

MR. SPENCER: I would like to apologize to you and the Court for missing the deadline. I am a layman. And I am trying my best. And I am going to be a lot better. So I would just like to apologize.

And I actually did contact the plaintiff's counsel and they were not willing to grant a deadline. But I recognize the obligations on me. And I -- I promise to do better in the future.

THE COURT: Okay. Well, thank you, Mr. Spencer. I just wanted to mention it, just so that we're all on the same page about that.

MR. SPENCER: Uh-huh.

THE COURT: All right.

MS. KAPLAN: Your Honor, to be clear, what happened is the deadline expired. We contacted Mr. Spencer to ask him where

```
 1  his submission was.  And then he asked us for the extension.  And
 2  we said it was past the deadline.  But, as Your Honor has already
 3  said, I think that's now moot, so we can move on.
 4          THE COURT:  Okay.
 5          All right.  Well, is there anything else that we need to
 6  address today, then?
 7          MS. KAPLAN:  I don't think so, Your Honor.  I think we
 8  intend to get some more papers, unfortunately, in front of you on
 9  these document retention and inspection issues very promptly,
10  because we really want to move forward as quickly as possible with
11  depositions.  There's a deposition in May, but we really need to
12  get this show on the road.  So we're going to try to press ahead
13  with that.
14          THE COURT:  All right.
15          All right.  Mr. Spencer or Mr. Kolenich, anything else
16  that you would have to say?
17          MR. KOLENICH:  Nothing from me, Your Honor.  This is
18  Mr. Kolenich.
19          MR. SPENCER:  No, Your Honor.
20          THE COURT:  All right.  Well, then, thank you-all and
21  have a good day.
22          MS. KAPLAN:  Thank you, Your Honor.
23          MR. SPENCER:  Thank you.
24          MR. KOLENICH:  Thank you.
25       (Thereupon, these proceedings were adjourned at 3:13 p.m.)
```

1   I, court-approved transcriber, certify that the foregoing is a
2   correct transcript from the official electronic sound recording of
3   the proceedings in the above-entitled matter.
4
5
        /s/ Carol Jacobs White            April 30, 2018
6   Signature of Approved Transcriber         Date