# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br><br>Plaintiffs,<br><br>v.<br><br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br><br>Defendants. | **Civil Action No. 3:17-cv-00072-NKM**<br><br><br>**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT MICHAEL PEINOVICH** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs

hereby request that Defendant Michael Peinovich answer under oath the Second Set of

Interrogatories ("Interrogatories") set forth below within the time specified in Rule 33, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

## DEFINITIONS

In each Definition, the singular shall include the plural and the plural shall include the singular. Terms used herein shall have the following meanings:

1. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media postings, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of social media), are forms of communication.

2. "Court Filings" refers to any and all filings made by you, now or in the future, in this action, including: Motion to Dismiss of Defendant Michael Peinovich (ECF No. 117); Memorandum in Support of Motion to Dismiss of Defendant Michael Peinovich (ECF No. 118);

Defendant Michael Peinovich's Motion for Permission to Participate in Electronic Filing (ECF No. 133); Defendant Michael Peinovich's Opposition to Plaintiffs' Motion to Preclude Him from Recording the Parties' Discovery Negotiations (ECF No. 134); Motion to Dismiss by Defendant Michael Peinovich (ECF No. 212); Memorandum in Support of Motion to Dismiss by Defendant Michael Peinovich (ECF No. 213); Motion to Stay Discovery by Defendant Michael Peinovich (ECF No. 224); Defendant Michael Peinovich's Memorandum in Support of Motion to Stay Discovery Pending Motion to Dismiss (ECF No. 225); Defendant Michael Peinovich's Motion to Quash Plaintiffs' Subpoenas to Twitter, GoDaddy, Cloudflare, and Hatreon (ECF No. 226); M Defendant Michael Peinovich's Motion to Require Plaintiffs' Full Compliance with Fed. R. Civ. P. 45(A)(4) and (B)(4) or in the Alternative to Quash; and Memorandum in Support (ECF No. 229); Defendant Michael Peinovich's Reply Memorandum in Further Support of His Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 251); Defendant Michael Peinovich's Reply Memorandum in Further Support of His Motion to Stay Discovery Pending Motion to Dismiss (ECF No. 252); Defendant Michael Peinovich's Reply Memorandum in Further Support of His 1) Motion To Quash Plaintiffs' Subpoenas to Twitter, Godaddy, Cloudflare, and Hatreon, and 2) Motion to Require Plaintiffs' Full Compliance with Fed. R. Civ. P. 45(A)(1)(D)(4) and (B)(4) or in the Alternative to Quash (ECF No. 255); Defendant Michael Peinovich's Motion to Restrain Roberta Kaplan, Esq. and Kaplan and Company LLP from Further Improper and Unethical Extrajudicial Statements and for Sanctions; and Memorandum in Support (ECF No. 258); Defendant Michael Peinovich's Reply Memorandum in Further Support of His Motion to Restrain Roberta Kaplan, Esq. and Kaplan And Company LLP from Further Improper and Unethical Extrajudicial Statements and for Sanctions (ECF No. 283).

3.    "Document" or "Documents" means documents broadly defined in Rule 34 of the FRCP, and includes (i) papers of all kinds, including but not limited to, originals and copies,

3

however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, or any other use of Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

4.      "You," "Your," or "Yours" refers to Defendant Peinovich and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, attorneys, as well as any entities over which Defendant Peinovich has control.

## **INSTRUCTIONS**

A.      Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

B.      These Interrogatories are continuing in nature.  If, after making initial responses, Defendant obtains or becomes aware of any further Documents or information responsive to the Interrogatories, Defendant is required to supplement his responses and provide such Documents or information pursuant to Rule 26(e) of the FRCP.

C.      When the term "identify" is used in these Interrogatories, please supply the following information as context requires:

i. when used in reference to a natural person, state the person's full name, present or last known business and residential addresses, present or last known telephone numbers or other contact information, and present or last known employment position or business affiliation;

ii. when used in reference to any person who is not a natural person, state the full name, present or last known address, and present or last known telephone number or other contact information;

iii. when used in reference to an object, state the nature, type, and location of the object and identify the person (natural or non-natural) who has custody or control over the object.

D. If, in responding to any of the following Interrogatories, You encounter any ambiguity or confusion in construing either an Interrogatory or a Definition or Instruction relevant to an Interrogatory, set forth the matter deemed ambiguous, select a reasonable interpretation that You believe resolves the ambiguity, respond to the Interrogatory using that interpretation, and explain with particularity the construction or interpretation selected by You in responding to the Interrogatory.

E. If You believe that an Interrogatory calls for production of a Document or Communication, or requires disclosure of information, over which You claim attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, furnish a list identifying the Documents, Communications, or information for which the protection is claimed together with the following (if applicable): the type of Document or Communication; the date or dates of the Document or Communication; the name, position and address of each person who participated in the Document or Communication, to whom the Document or

5

Communication was addressed, or to whom the Document or Communication or the contents thereof have been communicated by any means; the general subject matter of the Document, Communication, or information; the specific basis for nonproduction or non-disclosure; and a description that You contend is adequate to support Your contention that the Document, Communication, or information may be withheld from production and/or disclosure. If a Document or Communication is withheld on the ground of attorney work product, also specify whether the Document or Communication was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based.

F.      References to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

G.      If You object to answering a specific Interrogatory, You shall state with particularity the basis for all objections with respect to such Interrogatory.  You should respond to all portions of that Interrogatory that do not fall within the scope of Your objection.  If You object to an Interrogatory on the ground that it is overly broad, provide such Documents and information that are within the scope of production that You believe is appropriate.  If You object to an Interrogatory on the ground that to provide responsive Documents or information would constitute an undue burden, provide such responsive Documents or information as You believe can be supplied without undertaking an undue burden.

H.      If the answer to all or part of an Interrogatory is that You lack knowledge of the requested information, set forth such remaining information as is known to You and describe all efforts made by you or by your attorneys, accountants, agents, representatives, or experts, or by any professional employed or retained by You, to obtain the information necessary to answer the Interrogatory. If any approximation can reasonably be made in place of unknown information,

6

also set forth your best estimate or approximation, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate or approximation is made.

I. In answering each Interrogatory, You shall identify each Document relied upon that forms the basis for your answer or in any way corroborates Your answer or the substance of your answer.

J. A response identifying Documents falling within the scope of these Interrogatories shall state that the Documents have or will be produced, unless the Interrogatory is objected to, in which event the reasons for objection shall be specifically stated.

K. References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

L. The use of the singular form of any word includes the plural and vice versa.

M. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each Interrogatory all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

N.      The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O.      The word "all" means "any and all"; the word "any" means "any and all."

P.      The term "including" means "including, without limitation."

Q.      The masculine includes the feminine and neutral genders.

## **INTERROGATORIES**

5.      Identify the name, address, email address, educational and professional background (including whether they have graduated from or are currently attending law school), and relationship to you of any person who assisted or advised you in preparing, including conducting legal research for, drafting, or commenting on drafts of, or with whom you shared or exchanged drafts in advance of filing with the Court, each of the Court Filings.

Dated:   March 23, 2018
         New York, NY

                                    */s/ Gabrielle E. Tenzer*
                                    Gabrielle E. Tenzer (*pro hac vice*)
                                    Roberta A. Kaplan (*pro hac vice*)
                                    Julie E. Fink (*pro hac vice*)
                                    Christopher B. Greene (*pro hac vice*)
                                    Seguin L. Strohmeier (*pro hac vice*)
                                    KAPLAN & COMPANY, LLP
                                    350 Fifth Avenue, Suite 7110
                                    New York, NY 10118
                                    Telephone: (212) 763-0883
                                    gtenzer@kaplanandcompany.com
                                    rkaplan@kaplanandcompany.com
                                    jfink@kaplanandcompany.com
                                    cgreene@kaplanandcompany.com
                                    sstrohmeier@kaplanandcompany.com

                                    Robert T. Cahill (VSB 38562)
                                    COOLEY LLP
                                    11951 Freedom Drive, 14th Floor

Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Philip M. Bowman (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
Yotam Barkai (pro hac vice)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
jlibling@bsfllp.com
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, I caused the foregoing to be served on the following ECF participants, via email, addressed as follows:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

*Pro Se*

10

I further hereby certify that on March 23, 2018, I caused the foregoing to be served on the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Richard Spencer
1001-A King Street
Alexandria, VA 22314
-and-
P.O. Box 1676
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

/s/ Gabrielle E. Tenzer
Gabrielle E. Tenzer (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
gtenzer@kaplanandcompany.com

11