# EXHIBIT C

# Kaplan & Company, LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

May 10, 2018

**Via Email**

Michael Peinovich
a/k/a Michael "Enoch" Peinovich
PO Box 1069
Hopewell Junction, NY 12533
mpeinovich@gmail.com

        *Re:*    *Sines* v. *Kessler*, 17 Civ. 0072 (NKM) (W.D. Va.)

Dear Mr. Peinovich:

      I write on behalf of Plaintiffs in the above-captioned action regarding your responses and objections, served on April 24, 2018 ("Response"), to Plaintiffs' Second Set of Interrogatories to Defendant Peinovich ("Second Interrogatories") served on March 23, 2018.[1] For the reasons set forth below, your Response is deficient and should be revised. While reserving all rights, including the right to seek relief from the Court, Plaintiffs look forward to receiving your revised Response by no later than May 17, 2018, and are amenable, if necessary, to meeting and conferring regarding your Response at your soonest possible convenience.

      Although you refuse to disclose the identity of the "consulting lawyer" you admit to rely on, (Response at 7), Plaintiffs are entitled to know who that counsel is and whether he or she intends to represent you in this case. *See Stewart* v. *Angelone*, 186 F.R.D. 342, 344 (E.D. Va. 1999) (ordering party who has "essentially admitted" that he "has used counsel to advise and perhaps even 'ghostwrite' for him" to identify the counsel and declare whether such counsel intended to represent him in the case). Your disclosure that you have an attorney assisting you in this matter also gives rise to a concern that Plaintiffs may be required to communicate with that attorney rather than with you directly. *See* N.Y. Rules of Prof'l Conduct r. 4.2; Va. Rules of Prof'l Conduct r. 4.2.[2]

---

[1] Plaintiffs note that your Response was untimely and that you did not obtain, much less seek, an extension of your time to respond. As the Court has explained, if a party is not going to be able to make a deadline, the first step is to confer with opposing counsel and see if they will agree to an extension. (*See* Apr. 19, 2018 Tr. at 6:4–11.)

[2] In your Response, you write that "there is nothing unethical about" proceeding *pro se* while consulting with an attorney. At least with respect to your "consulting attorney," that is false. *Gholson* v. *Benham*, No. 3:14-CV-622-JAG, 2015 WL 2403594, at *1 n.2 (E.D. Va. May 19, 2015) (stating "this Opinion serves as a warning to that attorney that his or her actions may be unethical and could serve as a basis for sanctions" for ghost-writing); *Bush* v. *Adams*, No. CIV.A. 3:09CV674, 2010 WL 1253990, at *3 (E.D. Va. Mar. 24, 2010) ("The Court noted . . . that the Plaintiff's

Kaplan & Company, LLP                                                                       2

At heart, a "*pro se* [party who] enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without the benefit of counsel . . . places the opposing party at an unfair disadvantage, interferes with the efficient administration of justice, and constitutes a misrepresentation to the Court." *Laremont-Lopez* v. *Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077–78 (E.D. Va. 1997); *see also Deforest* v. *Johnny Chisholm Glob. Events, LLC*, No. 3:08CV498MCREMT, 2010 WL 1792094, at *5 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 3:08CV498/M CR/EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010) ("[D]efendant would receive an unfair advantage in that his pleadings would be construed liberally while those filed by Plaintiff would be held to a higher level of scrutiny; this advantage could affect other aspects of the litigation as well."). You and your consulting attorney also are deliberately evading the certification requirement of Rule 11 that applies to almost all other parties in this action. *Laremont-Lopez*, 968 F. Supp. at 1078–79; *see also* Fed. R. Civ. P. 11; *Johnson* v. *Bd. of Cty. Commr's for Cty. of Fremont*, 868 F. Supp. 1226, 1231 (D. Colo. 1994), *aff'd in part, disapproved in part*, 85 F.3d 489 (10th Cir. 1996) ("[G]host-writing has been condemned as a deliberate evasion of the responsibilities imposed on counsel by Rule 11.").

Moreover, while admitting to having a "consulting lawyer" assisting you as you proceed *pro se* in this action, (Response at 7), you have put forth no legitimate objection in support of your refusal to identify that attorney. To the extent that you identify any objection at all, it is based on a mischaracterization of Plaintiff Seth Wispelwey's purported conduct, which, in all events, is entirely irrelevant. Although you go on for several pages about Mr. Wispelwey's purported activities, none of that alters Plaintiffs' entitlement to the information being sought in the Second Interrogatories.

In your Response, you also state that you will respond "only after agreement with plaintiffs' counsel as to the application of the parties' confidentiality agreement to the responses." (Responses at 2.) No such agreement is necessary. The parties agreed to, and the Court entered, the Order for the Production of Documents and Exchange of Confidential Information, dated January 3, 2018. (ECF No. 167.) Similarly, your objection that the "interrogatory is not reasonably calculated to lead to the discovery of admissible evidence" is without merit. *See* Fed. R. Civ. P. 26(b)(1) ("Information within the scope of discovery need not be admissible in evidence to be discoverable."). Finally, your verification does not comport with 28 U.S.C. § 1746, which requires that you verify your response "under penalty of perjury." Accordingly, when you supplement your Response, it should be appropriately verified.

*****

---

pleadings have not been typical of most *pro se* pleadings, suggesting the possibility that they may have been "'ghost-written" by an attorney. . . . the Court's Order served as a warning to that attorney that his actions may be unethical and could serve as a basis for sanctions.").

Kaplan & Company, LLP                                                                 3

   Plaintiffs look forward to receiving your revised Response by no later than May 17, 2018, and, if needed, to scheduling a meet and confer at your soonest possible convenience. Plaintiffs continue to reserve all rights with respect to the Second Interrogatories and your Response.

               Sincerely,

               Christopher B. Greene

cc:  Plaintiffs' Counsel of Record

Case 3:17-cv-00072-NKM-JCH   Document 330-3   Filed 06/21/18   Page 4 of 4   Pageid#: 2436