# EXHIBIT D

# Christopher Greene

| | |
|---|---|
| **From:** | Mike Peinovich <mpeinovich@gmail.com> |
| **Sent:** | Friday, May 18, 2018 4:59 PM |
| **To:** | Christopher Greene; alevine@cooley.com; Rottenborn, Ben; bryan@bjoneslegal.com; David Campbell; Mills, David; Gabrielle Tenzer; isuecrooks@comcast.net; James Kolenich; Julie Fink; Karen Dunn; pbowman@bsfllp.com; richardbspencer@icloud.com; Roberta Kaplan |
| **Subject:** | Response |

This responds to your letter of May 10, 2018 regarding my responses and objections ("Response") to Plaintiffs' Second Set of Interrogatories.  I take issue with every key point in your letter.

You first assert that my Response, served on April 24, 2018, was untimely.  My Response was, at most, a few hours late.  You have not articulated, and cannot articulate, any prejudice from such a trifling delay.  With regard to timing, you requested my response to your May 10 letter by May 17.  This was unreasonable given, among other things, the power outage in my area.  Moreover, you took 16 days to prepare your May 10 letter in response to my April 24 Response.

Citing three Eastern District of Virginia cases, you assert that it is unethical to proceed pro se while consulting with an attorney and that plaintiffs are entitled to know who that attorney is.  But in 2007 the American Bar Association, in its Formal Opinion 07-446, approved legal ghostwriting without disclosure, an ethics opinion that was essentially adopted in 2014 in Virginia Legal Ethics Opinion 1874.  As many commentators have noted, the recent trend among courts and ethics committees greatly favors the ABA's view.  *See, e.g.,* Blake George Tanase, *Give Ghosts a Chance:  Why Federal Courts Should Cease Sanctioning Every Legal Ghostwriter*, 48 Ga. L. Rev. 661 (2014).  The Eastern District of of Virginia cases you cite are not controlling on the Court in our present case, and I believe in good faith that our Court will adopt the ABA's view if the issue is presented to it.

You assert that as a pro se party I am enjoying a less stringent standard which supposedly places you at a disadvantage.  But I have neither requested nor received in any of my pleadings a less stringent standard.  Moreover, the ABA opinion explicitly and appropriately rejected this argument.  As to your Rule 11 contention, the *Give Ghosts a Chance* law review article refutes it.

You assert that I "have put forth no legitimate objection in support of" my position.  In my Response, however, I presented abundant evidence of AntiFa's openly avowed intentions to harass attorneys who represent clients AntiFa castigates as "racists" or "fascists" and of Mr. Wispelweys' links to and expressed admiration for AntiFa and its *in terrorem* tactics of violence and intimidation.  I will be glad to provide additional evidence on this point, including an instance in which's AntiFa's harassment of an attorney and his family resulted in the death of the attorney's wife, and abundant documentation of Antifa's openly and brazenly declared intent to do violence to everyone and anyone they consider an enemy.

I add that under Rule 1.6(a) of the Rules of Professional Conduct, I may request that an attorney's representation remain confidential.  I have made that request to my consulting attorney and he is ethically obligated to comply with it.

Your reference to the Confidentiality Agreement lacks any unequivocal assurance that plaintiffs will respect a highly confidential designation as to the identity of my consulting attorney. Given your clients' connections to violent terrorist groups, the threadbare legal basis of your complaint and the absurdity of the allegations you have made against me, which are in direct contradiction to facts readily available to you, it seems to me that the only purpose for including me in this lawsuit is to use the Court as a vehicle to force me to reveal my friends, family and associates so they can be targeted for harassment and intimidation and possibly even violence. You have not done anything so far that would assure me this is not the case.

You assert that my verification on my Response fails to comply with 28 U.S.C. 1746.  For the avoidance of all doubt, I hereby supplement that Response with the following:  "I declare under penalty of perjury that the foregoing is true and correct."

I will be glad to meet and confer with you regarding these matters.  Please give me alternative dates and times.

Sincerely,

Michael Peinovich