# EXHIBIT F

Case 3:17-cv-00072-NKM-JCH   Document 330-6   Filed 06/21/18   Page 2 of 2   Pageid#: 2472

## Christopher Greene

| | |
|---|---|
| **From:** | Christopher Greene |
| **Sent:** | Friday, March 2, 2018 4:01 PM |
| **To:** | 'hoppe.ecf@vawd.uscourts.gov'; 'KarenD@vawd.uscourts.gov' |
| **Cc:** | 'David Campbell'; isuecrooks@comcast.net; 'James Kolenich'; bryan@bjoneslegal.com; 'Mike Peinovich'; Roberta Kaplan; Julie Fink; Gabrielle Tenzer; 'Levine, Alan'; Karen Dunn; Philip Bowman |
| **Subject:** | Sines v. Kessler - Case No. 17 Civ. 72 |
| **Attachments:** | Exhibit A.pdf; Exhibit B.pdf |

Dear Judge Hoppe,

Plaintiffs in the above-captioned matter write concerning a pressing discovery issue that has recently arisen. For the reasons set forth below, Plaintiffs respectfully request that the Court: (1) deny Defendant Michael Peinovich's motion to stay discovery, ECF No. 224; and (2) order Defendants to (a) respond to Plaintiffs' discovery requests by a date certain (with the exception of Defendant James Alex Fields – see below); and (b) preserve information relating to this action and confirm in writing that they are in compliance with their obligation to do so. Plaintiffs also respectfully request that, to ensure that Defendants are complying with their preservation obligation going forward, the Court order Defendants to immediately: (1) take all necessary steps to have any of Defendants' computers, mobile devices, and other electronic devices and data, including webmail, social media, and cloud storage accounts, that may contain information relating to this action imaged by a third party vendor agreed upon by Plaintiffs; and (2) stop the deletion of and immediately recover any social media accounts or data containing information relating to this action that Defendants have deleted or attempted to delete. Plaintiffs understand that certain social media platforms permit users to reverse account deletion if the request is made by the user within days of the initial deletion.

This week, Defendants Michael Peinovich and David Parrott have each made public, on-line statements stating either that they may have deleted relevant information relating to this case that has been requested in discovery, that they intend to do whatever is necessary to prevent disclosure, or that others should take similar or related actions. Evidence of those statements is attached. In Exhibit A (found on Gab, a Twitter-like social media site), Defendant Peinovich states, among other things, that he had begun the process of deleting his Facebook account (although he later "resurrected" it), would "do whatever [he] can to not have to produce" materials from his Facebook account, and "do[es] not expect to ever turn over this info." In Exhibit B (found on Twitter), Defendant Parrott encourages others "involved in any altercation in Cville" to disable their social media. In addition, with the exception of Defendant Fields (who has filed his own motion to stay discovery, ECF No. 233), Defendants have failed to timely respond or object to Plaintiffs' January 25, 2018 discovery requests. Plaintiffs therefore have serious concerns about the loss or deletion of information relating to this case, as previously expressed in Plaintiffs' opposition to Defendant Peinovich's motion to stay discovery. See ECF No. 240 at 7.

Plaintiffs are submitting this email based on the understanding from Your Honor's courtroom deputy, Ms. Karen Dotson, that the Court prefers to address discovery disputes without the filing of formal motions. We defer to the Court's direction on how best to proceed.

Respectfully submitted,

Christopher B. Greene
Kaplan & Company, LLP
(929) 294-2528

1