# EXHIBIT G

# Christopher Greene

| | |
|---|---|
| **From:** | Mike Peinovich <mpeinovich@gmail.com> |
| **Sent:** | Wednesday, May 30, 2018 8:55 PM |
| **To:** | Christopher Greene |
| **Cc:** | Roberta Kaplan; Julie Fink; Gabrielle Tenzer; Karen Dunn; Philip Bowman; Levine, Alan |
| **Subject:** | Re: Response |

Chris,

As I said to you in my last email, I have just gotten my hands on the 11 documents that are your responses and objections to my document requests and interrogatories. That's a lot of work to deal with, and I'm not going to be able to get back to you on any of this in the short period of time between now and June 1. Unlike your side I don't have a highly paid team of lawyers working full time on this. I've been responsive to you guys and have been dealing in good faith with you the whole way along here. I am happy to respond to your letter and provide you with a revised and signed version of my responses, but not on such an obviously unreasonable and punitive timeline as you are setting forth here.

Just relax. We'll get through this.

Mike

On Wed, May 30, 2018 at 8:08 PM, Christopher Greene <cgreene@kaplanandcompany.com> wrote:

> Mr. Peinovich,
>
> This email is to respond to your email of May 24, 2018, which provided a partial response to Plaintiffs' May 11 letter. Although it appears that we are at an impasse as to most of the issues identified in our May 11 letter, Plaintiffs provide this response in an effort to narrow the issues requiring the Court's attention. Plaintiffs note at the outset that, contrary to your assertion below, Plaintiffs' timely responded on May 14 to your First Set of Interrogatories to All Plaintiffs and First Set of Documents Requests to All Plaintiffs, each dated April 13, 2018.
>
> **Plaintiffs' First Set of Requests for Production**
>
> Your response below fails to address numerous issues identified in our May 11 letter, and Plaintiffs intend to raise such issues with the Court. For example, you again fail to comply with Rule 34(b)(2)(C), which requires that an objection "state whether any responsive materials are being withheld on the basis of that objection." You also continue to object to Plaintiffs' requests on the ground that they are "not reasonably calculated to lead to the discovery of admissible evidence." This is not an appropriate objection, and was explicitly removed from the Federal Rules three years ago.
>
> With respect to Request for Production Nos. 3, 4, 5, and 6, Plaintiffs are willing to meet and confer concerning the scope of the request. Plaintiffs are also willing to confer telephonically to discuss the logistics of your production of documents responsive to Plaintiffs' discovery requests. Please let us know when you are available for such a conference.

**Plaintiffs' First Set of Interrogatories**

With respect to your revised responses to Interrogatories No. 2 and 4, an unverified supplementation of your interrogatory responses is not sufficient.  As Plaintiffs have previously explained, interrogatory responses must be signed and verified by the party making them.  *See* Fed. R. Civ. P. 33(b)(5).  Accordingly, please provide revised, verified responses to Plaintiffs' First Set of Interrogatories.  Moreover, in your email you provide no further information responsive to Interrogatory No. 3.  Please provide such a response, or confirm that no further response is forthcoming, by June 1.  Should you not provide an appropriately verified response by then, Plaintiffs will raise the issue with the Court.

Regards,

Christopher B. Greene

Kaplan & Company, LLP

(929) 294-2528

---

**From:** Mike Peinovich <mpeinovich@gmail.com>
**Sent:** Thursday, May 24, 2018 8:43:55 PM
**To:** alevine@cooley.com; Rottenborn, Ben; bryan@bjoneslegal.com; David Campbell; Mills, David; Gabrielle Tenzer; isuecrooks@comcast.net; James Kolenich; Julie Fink; Karen Dunn; pbowman@bsfllp.com; richardbspencer@icloud.com; Roberta Kaplan
**Subject:** Response

Dear Ms. Tenzer,

This responds to your letter of May 10, 2018 regarding my responses and objections ("Response") to Plaintiffs' First Set of Interrogatories.  I take issue with several key points in your letter.

As to my production of responsive documents, I will do so in accordance with the Confidentiality Order, although I intend to seek revision of that Order as it is unfair to me to be deprived of access to documents plaintiffs choose to designate as Highly Confidential.   We should confer telephonically on the logistics of my production.  An issue to be addressed in such a conference is plaintiffs' failure to respond to my interrogatories and document requests.  Those discovery requests were served April 13 [?], 2018 and are now eleven [?] days late.   It is hardly fair or reasonable to expect me to produce my discovery responses when plaintiffs fail to do so.   I will be available Friday, May 25 or Monday, May 28 for such a conference.

As to my invocation of attorney client privilege and work product doctrine and preparation of a privilege log, I have addressed this question in my email to Mr. Greene dated May 18, 2018.  My expectation is that this question will require resolution by the Court, as I assume plaintiffs do not agree with the position I set out in my email.  I hasten to add, however, that I do not believe plaintiffs' discovery requests properly request information or documents  protected by attorney client privilege or work product doctrine that are otherwise discoverable.

As to why I object to the requests on grounds that the information is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, I direct your attention to my initial and reply memoranda in support of my motion to dismiss.

In interrogatory number 2 concerning discord servers you say my response is insufficient because I do not list the name of any discord server I am aware of nor do I list the channels on the server to which I had access. I am not a regular user of Discord, and have only used it sparsely. I answered that I had access to the "Unite the Right" discord server because I vaguely recall being sent an invitation to this server by defendant Kessler at some point. This is the same server that you have talked about in your amended complaint as far as I know, though I can't be sure. I never used this server and did not post any comments in it. I do not know what channels were on the server or if I had access to any of them, because I never participated in it. No posts of mine from this server or any server have been listed in the amended complaint or in any of the leaked discord logs provided by Unicorn Riot. I am simply not a Discord user, and as someone not involved in the planning of the Unite the Right rally I saw no reason to log on to this server despite being sent an invitation. So to answer your interrogatory, I simply don't know the correct name for this server or for any subchannels. Nor do I know the names of any other servers or any other channels to which I had access.

In interrogatory number 4 you want the type of devices I own. I have an Apple Macbook Pro and an LG V20.

I do not agree with your assertion, citing *United States v. Duke Energy Corp.*, 218 F.R.D. 468 (M.D.N.C. 2003), that the First Amendment does not provide a basis for me to object to plaintiffs' discovery requests.  The key language in the statement from *Duke Energy* that you cite is that the First Amendment does not "prohibit discovery into legitimate, relevant matters."  Plaintiffs' discovery requests do not seek discovery into "legitimate, relevant matters."

In document request number 4 you ask for all documents related to advocacy against white genocide or for a white ethnostate. Discussion of these political topics is a major theme of my political commentary and has been for years. You are effectively asking me to produce every political document I have ever produced over several years of activity. All such documents are publicly available and can easily be viewed on my website.

I have confirmed repeatedly that I have taken steps to preserve Documents and Communications relevant to this litigation.

I will use page numbers in future discovery-related documents.  My prior failure to do so was inadvertent.

Sincerely,

3

Michael Peinovich

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*