UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT MICHAEL PEINOVICH'S (1) SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 22, 2018 ORDER AND (2) EMERGENCY MOTION TO REQUIRE REMOVAL OF INFLAMMATORY AND PREJUDICIAL VIDEO POSTED BY ROBERTA KAPLAN**

## INTRODUCTION

Defendant Peinovich seeks "emergency" relief to censor a short video (the "June 21 Video") in which Ms. Kaplan describes the nature of this lawsuit and recounts Plaintiffs' theory of the case. But there is no emergency here. Nor has Ms. Kaplan engaged in impropriety of any kind: her statements in the June 21 Video are fully consistent with the rules of attorney conduct. *See* ECF Nos. 273 & 301 (describing the rules of professional conduct applicable to this civil case).

Indeed, Mr. Peinovich's motion offers no reason for concluding otherwise. It covers no new ground. It does not cite a single case. And it adds nothing to Mr. Peinovich's previously-filed objections to Judge Hoppe's March 22, 2018 decision, which rejected arguments essentially identical to those advanced here. Accordingly, this motion should be dismissed with prejudice— and Mr. Peinovich's continued efforts to impugn Ms. Kaplan's integrity should be disregarded.

## STANDARD OF REVIEW

To the extent Mr. Peinovich has filed this motion in further support of his objections to Judge Hoppe's opinion, review is governed by Federal Rule of Civil Procedure 72, which permits a party to submit objections to a magistrate's ruling to the district court. *See* Fed. R. Civ. P. 72. For non-dispositive matters, "the district court will modify or set aside the magistrate judge's order only if it 'is clearly erroneous or is contrary to law.'" *Wyatt v. Owens*, No. 14-CV-00492, 2016 WL 6651410, at *1 (W.D. Va. Nov. 10, 2016) (Moon, J.) (quoting Rule 72(a)).[1]

To the extent Mr. Peinovich seeks an order sanctioning Ms. Kaplan, the Court may rely upon "inherent power" to sanction only upon finding a violation of "the legal process." *Am. Sci.*

---

[1] "A ruling is 'clearly erroneous' only when the totality of the record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'" *Wyatt*, 2016 WL 6651410, at *2. A ruling is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*.

& *Eng'g, Inc.* v. *Autoclear, LLC*, 606 F. Supp. 2d 617, 620 (E.D. Va. 2008) (citing *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 46 (1991)). "Because of their very potency," however, "inherent powers must be exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, and usually only after the court determines that no applicable statutes or rules "are up to the task," *id*. at 50.

## ARGUMENT

There is nothing new here. On March 22, 2018, Judge Hoppe issued an opinion denying Mr. Peinovich's request to sanction Ms. Kaplan. Judge Hoppe stated unequivocally that he was "not persuaded that counsel contravened any applicable statute or rule." ECF No. 285 at 2. Since then, the parties have fully briefed Mr. Peinovich's objections to Judge Hoppe's decision. *See* ECF Nos. 296, 301 & 307. Although styled as a brief "in further support" of those objections, this filing offers no "support" at all. It cites no new legal authority. It does not address the statements reviewed by Judge Hoppe. And it does not even attempt to explain how the June 21 Video is improper under the legal standard articulated and carefully applied by Judge Hoppe. Thus, even disregarding Mr. Peinovich's violation of established procedure in filing a sur-reply to his own reply brief, this motion comes nowhere close to showing that Judge Hoppe's denial of sanctions "is clearly erroneous or is contrary to law." *Wyatt*, 2016 WL 6651410, at *1.

Similarly, this motion does not offer a sound—let alone urgent—basis for the Court to censor Ms. Kaplan under its inherent powers. *See Chambers*, 501 U.S. at 50. We have already described the relevant legal principles and will not reprise that discussion here. *See* ECF Nos. 273 & 301. As measured against the rules of attorney conduct, Ms. Kaplan's statements in the June 21 Video are beyond reproach. She merely explains the factual background, legal theory, and broader context of the case. Speech like this is a standard, unremarkable occurrence in high-profile civil litigation. The fact that the producers of the video added music and images is irrelevant: no

3

applicable rule confines attorney speech to the written word (or to a dry recitation of facts against a drab background). By the same token, no applicable rule prohibits attorneys from making statements suggesting that their "client's claims are 100% valid." Br. at 3. Despite Mr. Peinovich's adamant insistence otherwise, lawyers in civil matters are not forbidden from articulating their view of what happened or explaining why the law supports their position.[2]

Lacking any basis for censoring Ms. Kaplan, Mr. Peinovich advances two speculative arguments. First, he asserts that the June 21 Video is prejudicing the jury pool in the District. Remarkably, he offers no evidence *at all* to support that crucial claim. Moreover, he admits that any potential for case-specific bias can be cured by striking prospective jurors where appropriate. *Id.* at 6. Second, Mr. Peinovich challenges Ms. Kaplan's remark in the June 21 Video regarding a meeting at Trump Tower. *Id*. at 6-7. But this particular statement merely repeats an allegation set forth in the First Amended Complaint, ECF No. 175 ¶ 64, and fully supported by all available facts.

At bottom, notwithstanding the existence of rules that speak to this very situation (none of which has been violated), Mr. Peinovich asks the Court to exercise its inherent power—on an emergency basis—to restrain constitutionally protected attorney speech. That is an extraordinary request and must be supported by extraordinary proof. Instead, Mr. Peinovich points only to a brief video in which Ms. Kaplan describes Plaintiffs' allegations. He offers no evidence of prejudice, no reason to think that any imaginable prejudice is incurable, and no basis for his

---

[2] Mr. Peinovich relies solely on New York and ABA Ethical Rule 3.6. Br. at 2. Although Ms. Kaplan has complied with those rules, they do not apply here. *See* ECF No. 301 at 4-5. This likely explains why Judge Hoppe neither cited nor applied any of the non-Virginia rules invoked by Mr. Peinovich. And there can be no doubt that Ms. Kaplan's statements are *fully* permissible under Virginia law—as Mr. Peinovich has all but conceded.

insulting claims about Ms. Kaplan's motives. Given these substantial errors in his position, Mr. Peinovich cannot satisfy the requirements necessary to obtain the relief he has requested.

## CONCLUSION

For the foregoing reasons, Defendant Peinovich's motion should be denied.


Dated: June 28, 2018                                              Respectfully submitted,

                                                                  /s/ *Robert T. Cahill*
Roberta A. Kaplan (*pro hac vice*)                                Robert T. Cahill (VSB No. 38562)
Julie E. Fink (*pro hac vice*)                                    COOLEY LLP
Gabrielle E. Tenzer (*pro hac vice*)                              11951 Freedom Drive, 14th Floor
Christopher B. Greene (*pro hac vice*)                            Reston, VA 20190-5656
Seguin L. Strohmeier (*pro hac vice*)                             Telephone: (703) 456-8000
KAPLAN & COMPANY, LLP                                             Fax: (703) 456-8100
350 Fifth Avenue, Suite 7110                                      rcahill@cooley.com
New York, NY 10118
Telephone: (212) 763-0883                                         J. Benjamin Rottenborn (VSB No. 84796)
rkaplan@kaplanandcompany.com                                      WOODS ROGERS PLC
jfink@kaplanandcompany.com                                        10 South Jefferson Street, Suite 1400
gtenzer@kaplanandcompany.com                                      Roanoke, Virginia 24011
cgreene@kaplanandcompany.com                                      Telephone: (540) 983-7600
sstrohmeier@kaplanandcompany.com                                  Facsimile: (540) 983-7711
                                                                  brottenborn@woodsrogers.com


Philip M. Bowman (*pro hac vice*)                                 Karen L. Dunn (*pro hac vice*)
Yotam Barkai (pro hac vice)                                       William A. Isaacson (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)                                BOIES SCHILLER FLEXNER LLP
BOIES SCHILLER FLEXNER LLP                                        1401 New York Ave, NW
575 Lexington Ave.                                                Washington, DC 20005
New York, NY 10022                                                Telephone: (202) 237-2727
Telephone: (212) 446-2300                                         Fax: (202) 237-6131
Fax: (212) 446-2350                                               kdunn@bsfllp.com
pbowman@bsfllp.com                                                wisaacson@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (*pro hac vice*)  
COOLEY LLP  
1114 Avenue of the Americas, 46th Floor  
New York, NY 10036  
Telephone: (212) 479-6260  
Fax: (212) 479-6275  
alevine@cooley.com  

David E. Mills (*pro hac vice*)  
COOLEY LLP  
1299 Pennsylvania Avenue, NW  
Suite 700  
Washington, DC 20004  
Telephone: (202) 842-7800  
Fax: (202) 842-7899  
dmills@cooley.com  

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on June 28, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Justin Saunders Gravatt<br>David L. Hauck<br>David L. Campbell<br>Duane, Hauck, Davis & Gravatt, P.C.<br>100 West Franklin Street, Suite 100<br>Richmond, VA 23220<br>jgravatt@dhdglaw.com<br>dhauck@dhdglaw.com<br>dcampbell@dhdglaw.com<br><br>*Counsel for Defendant James A. Fields, Jr.* | Bryan Jones<br>106 W. South St., Suite 211<br>Charlottesville, VA 22902<br>bryan@bjoneslegal.com<br><br>*Counsel for Defendants Michael Hill,*<br>*Michael Tubbs, and League of the South* |
| James E. Kolenich<br>Kolenich Law Office<br>9435 Waterstone Blvd. #140<br>Cincinnati, OH 45249<br>jek318@gmail.com<br><br>*Counsel for Defendants Jeff Schoep,*<br>*Nationalist Front, National Socialist*<br>*Movement, Matthew Parrott, Matthew*<br>*Heimbach, Robert Ray, Traditionalist Worker*<br>*Party, Elliot Kline, Jason Kessler, Vanguard*<br>*America, Nathan Damigo, Identity Europa,*<br>*Inc. (Identity Evropa), and Christopher*<br>*Cantwell*<br><br>Defendant Michael Peinovich (*pro se*) | John A. DiNucci, Esq.<br>8180 Greensboro Drive<br>Suite 1150<br>McLean, Virginia 22102<br>dinuccilaw@outlook.com<br><br>*Counsel for Defendant Richard Spencer* |

1

I further hereby certify that on June 28, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of the
Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*

2