**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

**CHARLOTTESVILLE DIVISION**

**ELIZABETH SINES, ET AL.,**                   **Case No. 3:17-cv-00072-NKM**

**Plaintiffs,**                                   **Hon. Norman K. Moon**
**v.**

**JASON KESSLER, ET AL.,**

 **Defendants.**

**DEFENDANT MICHAEL PEINOVICH'S (1) REPLY SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HIS OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 22, 2018 ORDER AND (2) REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS EMERGENCY MOTION TO REQUIRE REMOVAL OF INFLAMMATORY AND PREJUDICIAL VIDEO POSTED BY ROBERTA KAPLAN**

Defendant Michael Peinovich, pro se, respectfully submits this reply memorandum in response to plaintiffs' memorandum in opposition ("Opposition Memorandum") to Peinovich's (1) supplemental memorandum in further support of his objections to Magistrate Judge Hoppe's order issued on March 22, 2018 denying Peinovich's motion to restrain Roberta Kaplan, Esq. and Kaplan and Company LLP from improper and unethical extrajudicial statements and for sanctions, and (2) emergency motion to require Ms. Kaplan to remove an inflammatory and prejudicial video that she, or persons or entities under her control, posted on or about June 21, 2018.

**ARGUMENT**

In its brief three pages, plaintiffs' Opposition Memorandum makes a startling number of incorrect assertions. Foremost among them is plaintiffs' oft-repeated contention that Peinovich's

1

Supplemental Memorandum and Emergency Motion and the June 21 Video on which they focus present "nothing new." Related assertions are that "there is no emergency here," that "Ms. Kaplan's statements in the June 21 Video are beyond reproach," that Peinovich "offers no evidence at all" to support his claim that the June 21 Video is prejudicing the jury pool in the Western District, and that Judge Hoppe has already resolved all the pertinent issues presented by Peinovich's memorandum and emergency motion. Plaintiffs are not only wrong, but flagrantly wrong, at every point.

Without conceding that Kaplan's previous unethical actions were insufficient to warrant sanction by the Court, this video adds quite a bit that is new on top of her previous flagrant disregard for propriety. The video is a full 5 minutes of nonstop inflammatory propaganda against the defendants and Peinovich. It is a significant escalation over previous actions in her unethical publicity campaign, which took the form of tweets, interviews and speeches at various events. This video includes images of people with Nazi swastikas flags and images of hooded KKK klansmen marching while making reference to the defendants. Just as she previously attempted to link defendants to school shooter and mass murderer Nikolas Cruz, Kaplan is attempting to form a guilt by association link in the minds of her viewers with defendants, including Peinovich, and these people.

The video includes several things that are not and have no chance of being admitted as evidence in this case. New York rule 3.6 dictates that any pretrial publicity by an attorney is likely to be prejudicial if it includes "information the lawyer knows or reasonably should know is likely to be inadmissible at trial and would, if disclosed, create a substantial risk of prejudicing an impartial trial." Ms. Kaplan's video includes many examples of such information. Most

glaring is her inclusion of a clip of Richard Spencer giving a press conference and pointing at images on a wall. These images are not and have no chance of being admissible evidence in this case. Moreover, the voiceover of this segment of video strongly implies that what is going on is not a public press conference, but rather a secret meeting held at Trump Tower. Kaplan alleges in the video, with no evidence at all, that this meeting was held in order to plan violence relating to Unite the Right, the clear implication being that the images Spencer is pointing at are diagrams for a violent plan. The only evidence relating to this meeting in possession of the plaintiffs is a bar tab, which proves absolutely nothing about what was discussed. One would think that the other patrons of the bar at Trump Tower on that date would have noticed if Spencer and his associates were, rather than drinking, talking and having a good time, drawing up diagrams for a violent plan on the walls. This is a conscious and deliberate effort to deceive the public as to the defendants generally and Mr. Spencer in particular that is using information that is not admissible evidence in this case. Similarly, the images of various people with swastika flags, or archive footage of marching KKK klansmen are not evidence in this case, and there are no allegations that link Peinovich or other defendants to these people or images. Their inclusion is for effect only, and are obviously intended to create an impression in the minds of viewers.

And create an impression they did. Plaintiffs also absurdly argue that Peinovich has shown no evidence that a jury pool has been tainted by this video. On the contrary, Peinovich provided in his motion a small sample out of hundreds of comments and tweets made in reaction to the video where individuals that had viewed it not only presumed the guilt of Peinovich and other defendants, but also called for violence against them. As of this date the video on Facebook has been viewed over 685,000 times and on Twitter it has been retweeted over 500 times,

potentially reaching an audience of millions. Given the effect the video has already had on those viewing it, and the extreme unlikelihood that not a single person from the Western District of Virginia has viewed it, the prejudicial nature of the video is an already accomplished fact.

Plaintiffs assert that Magistrate Judge Hoppe has already resolved the pertinent issues related to Peinovich's motion in his order denying Peinovich's previous motion. This is also false. Judge Hoppe's order failed to address one of Peinovich's most salient points, which was the intentional linking by Kaplan of the defendants and Peinovich to Nikolas Cruz. Kaplan has made no allegation to the Court and presented no evidence of any links between the defendants and Cruz, yet she felt free to make such an association to the public, knowing the prejudicial effect such an association would have. Kaplan also accuses Peinovich and other defendants of being behind harassing social media posts made by unknown individuals. Kaplan has made no allegations of connections between such individuals and Peinovich or other defendants, and presented no evidence of any such links. Kaplan similarly in this latest video links defendants and Peinovich to people carrying Nazi flags and to marching klansmen, yet has made no allegations of a connection between any defendants and any such people pictured. Such links would be irrelevant in any case, since carrying a Nazi flag is not a crime, but using such an image in this video is clearly meant to incite viewers against Kaplan's targets, the defendants and Peinovich.

One wonders what the purpose of such a video is if not to prejudice the public against the defendants? Why make such a biased and provocative piece of propaganda in the first place? The only logical reason would be to taint the Jury pool and whip up a frenzied mob against the defendants so as to make a fair trial impossible. The reactions to the video shown by Peinovich

in his motion are exactly the reactions Kaplan is seeking. If this type of outrageous pretrial publicity is not worthy of sanction by the Court, then what limits are there on how an attorney can publicly attack and defame his or her opponents in a civil case?

## CONCLUSION

For the reasons stated, Peinovich respectfully requests that the Magistrate's March 22, 2018 order be reversed, that Ms. Kaplan be instructed to cease her unethical and prejudicial extrajudicial statements as manifested by her actions described in Peinovich's initial motion and reply memorandum; and that Ms. Kaplan be ordered to remove immediately her June 21, 2018 video.

Dated: July 5, 2018.

Respectfully submitted,

Michael Peinovich, Pro Se

# CERTIFICATE OF SERVICE

On this 5th day of July, 2018, I Michael Peinovich certify that I served electronically or

mailed copies of this objection and memorandum to:

Christopher Greene <cgreene@kaplanandcompany.com>,
David Campbell <DCampbell@dhgclaw.com>,
Elmer Woodard <isuecrooks@comcast.net>,
James Kolenich <jek318@gmail.com>,
Bryan Jones <bryan@bjoneslegal.com>,
Roberta Kaplan <rkaplan@kaplanandcompany.com>,
Julie Fink <jfink@kaplanandcompany.com>,
Gabrielle Tenzer <gtenzer@kaplanandcompany.com>,
Seguin Strohmeier <sstrohmeier@kaplanandcompany.com>,
Alan Levince <alevine@cooley.com>,
Karen Dunn <KDunn@bsfllp.com>,
Philip Bowman <pbowman@bsfllp.com>,
John DiNucci <dinuccilaw@outlook.com>,
David Mills <dmills@cooley.com>,
Joshua Libling <jlibling@bsfllp.com>

Michael Peinovich