CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 12 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ELIZABETH SINES, *Et al.*,

v.  Case No. 3:17-cv-72

JASON KESSLER, *Et. al.*,

## ORDER

Defendant James Alex Fields, Jr., has moved the court pursuant to 18 U.S.C. § 3006A(c) to appoint counsel to represent him in this case as an ancillary matter to his criminal case currently pending in this district, Case No. 3:18-cr-11. Fields has been determined to be indigent, and the Federal Public Defender for the Western District of Virginia was appointed to represent him in this criminal proceeding on July 5, 2018, at his initial appearance.

A person for whom counsel is appointed is entitled to be represented at every stage of the proceedings, "including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). In determining whether representation in ancillary matters is appropriate to the proceedings, "the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." *Guide to Judiciary Policy, Vol 7, Defender Services, Part A*, § 210.20.30(b).

The ancillary civil case is a parallel proceeding that is closely related to the same facts, circumstances and issues of law surrounding the principal criminal charge, as both are based on events that occurred in Charlottesville on August 12, 2017, associated with the "Unite the Right" protest and counter-protest.

Also, in determining whether representation in the ancillary matter is appropriate to the proceedings, "the court should consider whether such representation is reasonably necessary to accomplish, among other things, one of the following objectives: (1) to protect a Constitutional right. . . ." *Guide to Judiciary Policy, Vol 7, Defender Services, Part A,* § 210.20.30(c).

As a defendant in a civil action, Fields is subject to discovery disclosures, including answering interrogatories and requests for admission, responding to requests for document production, and being deposed. In any of these circumstances he may invoke his Fifth Amendment privilege against self-incrimination, and the advice of counsel is reasonably necessary to protect this Constitutional right. Although Fields is currently represented by counsel in the civil action, the Court finds that the appointment of criminal defense counsel is reasonably necessary in this circumstance. Accordingly, it is

ORDERED, that the Federal Public Defender for the Western District of Virginia is appointed to represent James Alex Fields, Jr., in this ancillary

proceeding for the purpose of advising Fields in the exercise of his Fifth Amendment rights.

ENTERED: July 12, 2018.

*United States District Judge*