**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**Charlottesville Division**

ELIZABETH SINES, *et al.*,          :
                                     :
   Plaintiffs,               :
                                     :   Case No. 3:17-cv-00072-NKM
     v.                   :
                                     :
JASON KESSLER, *et al.*,             :
                                     :
   Defendants.               :

**ANSWER AND GROUNDS OF DEFENSE**

**COMES NOW** Defendant Richard B. Spencer, by counsel, and states the following Answer and Grounds of Defense to the First Amended Complaint of Plaintiff Elizabeth Sines, *et al*.

<u>FIRST DEFENSE</u>

1.  Denied.

2.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 2 and, therefore, demand strict proof thereof.

3.  Denied.

4.  Defendant denies the allegations of the first four sentences of Paragraph 4.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 4 and, therefore, demands strict proof thereof.

5.  Denied.

1

6. Defendant denies the allegations of the first sentence of Paragraph 6. Defendant lacks sufficient information to admit or deny the allegations of the second sentence of Paragraph 6 and, therefore, demands strict proof thereof.

7. Defendant is not required to admit or deny the allegations of the first and second sentences of Paragraph 7 because they merely characterize the First Amended Complaint. Defendant lacks sufficient information to admit or deny the allegations of the third sentence of Paragraph 7 and, therefore, demands strict proof thereof.

8. Defendant is not required to admit or deny the allegations of Paragraph 8 because they merely state legal conclusions.

9. Defendant is not required to admit or deny the allegations of Paragraph 9 because they merely state legal conclusions.

10. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 10 and, therefore, demands strict proof thereof.

11. Defendant denies the allegations of the sixth sentence of Paragraph 11 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 11 and, therefore, demands strict proof thereof.

12.    Defendant denies the allegations of fourth sentence of Paragraph 12 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 12 and, therefore, demands, therefore, strict proof thereof.

13.    Defendant lacks sufficient information to admit or deny the allegations of Paragraph 13 and demands, therefore, strict proof thereof.

14.    Defendant denies any allegation that he planned the events of August 12, 2017.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 14 and, therefore, demands strict proof thereof.

15.    Defendant denies any allegation that he planned the events of August 12, 2017.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph and, therefore, demands strict proof thereof.

16.    Defendant denies the allegations of the last sentence of Paragraph 16 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 16 and, therefore, demands strict proof thereof.

17.    Defendant denies the allegations of the last sentence of Paragraph 17 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining

3

allegations of Paragraph 17 and, therefore, demands, therefore, strict proof thereof.

18. Defendant denies the allegations of third sentence of Paragraph 18 to the extent that they include any allegation that he planned the events of August 12, 2017. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 18 and, therefore, demands strict proof thereof.

19. Defendant denies the allegations of the third sentence of Paragraph 19 to the extent that they include any allegation that he planned the events of August 12, 2017. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 19 and, therefore, demands strict proof thereof.

20. Defendant is not required to admit or deny the allegations of Paragraph 20 because they are not directed to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 20 and, therefore, demands strict proof thereof.

21. Defendant denies the following allegations of Paragraph 21: (a) that he is a resident of the Commonwealth of Virginia; (b) those set forth in the third sentence; (c) those set forth in the fourth sentence; and (d) those set forth in the fifth sentence. Defendant admits the following allegations in

4

Paragraph 21: (a) that he attended the University of Virginia; (b) that he is the president of the National Policy Institute; and (c) that he co-created "altright.com."

22. Defendant is not required to admit or deny the allegations of Paragraph 22 because they are not directed to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 22 and, therefore, demands strict proof thereof.

23. Defendant denies those allegations in the second sentence of Paragraph 23 that allege he was part of a conspiracy. Defendant is not required to admit or deny the remaining allegations of Paragraph 23 because they are not directed to him. In addition, Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 23 and, therefore, demands strict proof thereof.

24. Defendant is not required to admit or deny the allegations of Paragraph 24 because they are not directed to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 24 and, therefore, demands strict proof thereof.

25. Defendant is not required to admit or deny the allegations of Paragraph 25 because they are not directed to him. In addition, Defendant lacks sufficient information to

admit or deny the allegations of Paragraph 25 and, therefore, demands strict proof thereof.

26.  Defendant is not required to admit or deny the allegations of Paragraph 26 because they do not apply to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 26 and, therefore, demands strict proof thereof.

27.  Defendant is not required to admit or deny the allegations of Paragraph 27 because they are not directed to him.  In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 27 and, therefore, demands strict proof thereof.

28.  Defendant is not required to admit or deny the allegations of the first and second sentences of Paragraph 28 because they are not directed to him.  In addition, Defendant lacks sufficient information to admit or deny said allegations of Paragraph 28 and, therefore, demands strict proof thereof. Defendant admits the allegations of the third sentence of Paragraph 28.

29.  Defendant admits that he and Defendant Mosley co-founded "Operation Homeland," but denies all remaining allegations of the second sentence of Paragraph 29.  Defendant is not required to admit or deny the allegations of the first, third, fourth and fifth sentence of Paragraph 29 because they

are not directed to him.  In addition, Defendant lacks

sufficient information to admit or deny said allegations and

therefore, demands strict proof thereof.

30.  Defendant denies the allegations of the last sentence

of Paragraph 30 to the extent that they apply to Defendant.

Defendant is not required to admit or deny the allegations of

the remaining allegations of Paragraph 30 because they are not

directed to him.  In addition, Defendants lack sufficient

information to admit or deny the remaining allegations of

Paragraph 30 and, therefore, demand strict proof thereof.

31.  Defendant is not required to admit or deny the

allegations of Paragraph 31 because they are not directed to

him.  In addition, Defendant lacks sufficient information to

admit or deny the allegations of Paragraph 31 and, therefore,

demands strict proof thereof.

32.  Defendant is not required to admit or deny the

allegations of Paragraph 32 because they are not directed to

him.  In addition, Defendant lacks sufficient information to

admit or deny the allegations of Paragraph 32 and, therefore,

demands strict proof thereof.

33.  Defendant is not required to admit or deny the

allegation of Paragraph 33 because they are not directed to him.

In addition, Defendant lacks sufficient information to admit or

deny the allegations of Paragraph 33 and, therefore, demands
strict proof thereof.

34. Defendant is not required to admit or deny the
allegations of Paragraph 34 because they do not apply to him.
In addition, Defendant lacks sufficient information to admit or
deny the allegations of Paragraph 34 and, therefore, demands
strict proof thereof.

35. Defendant is not required to admit or deny the
allegations of Paragraph 35 because they do not apply to him.
In addition, Defendant lacks sufficient information to admit or
deny the allegations of Paragraph 35 and, therefore, demands
strict proof thereof.

36. Defendant denies the allegations of the last sentence
of Paragraph 36 to the extent that it might allege that he
participated in any violence. Defendant is not required to
admit or deny the remaining allegations of Paragraph 36 because
they do not apply to him. In addition, Defendant lacks
sufficient information to admit or deny the remaining
allegations of Paragraph 36 and, therefore, demands strict proof
thereof.

37. Defendant is not required to admit or deny the
allegations of Paragraph 37 because they are not directed to
him. In addition, Defendant lacks sufficient information to

admit or deny the allegations of Paragraph 37 and, therefore, demands strict proof thereof.

38.   Defendant is not required to admit or deny the allegations of Paragraph 38 because they do not apply to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 38 and, therefore, demands strict proof thereof.

39.   Defendant is not required to admit o deny the allegations of Paragraph 39 because they do not apply to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 39 and, therefore, demands strict proof thereof.

40.   Defendant admits that he participated in drafting the referenced statement.  Defendant is not required to admit or deny the remaining allegations of Paragraph 40 because they do not apply to him.  In addition, Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 40 and, therefore, demands strict proof thereof.

41.   Defendant is not required to admit or deny the allegations of Paragraph 41 because they do not apply to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 41 and therefore, demands strict proof thereof.

42.  Defendant admits that he has appeared at events with Defendant Peinovich and that, on August 12, 2017, he spoke in McIntyre Park.  To the extent that any other allegations in Paragraph 42 apply to him, Defendant denies them.  Defendant is not required to admit or deny the remaining allegations of Paragraph 42 because they do not apply to him.  In addition, Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 42 and, therefore, demands strict proof thereof.

43.  Defendant is not required to admit or deny the allegations of Paragraph 43 because they do not apply to him. In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 43 and, therefore, demands strict proof thereof.

44.  Defendant denies the allegations of the last sentence of Paragraph 44 to the extent that they apply to him.  Defendant is not required to admit or deny the remaining allegations of Paragraph 44 because they do not apply to him.  In addition, Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 44 and, therefore, demands strict proof thereof.

45.  Denied.

Captions I and A on page 19:  Defendant denies the allegations set forth in Caption I and Caption A on page 19.

10

Defendant lacks sufficient information to admit or deny the allegation about Defendant Anglin and, therefore, demands strict proof thereof.

46. Denied.

47. Defendant denies the allegations of the first sentence of Paragraph 47 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations in said sentence and, therefore, demands strict proof thereof. Defendant admits the allegations of the second sentence of Paragraph 47.

48. Denied.

49. Denied.

50. Defendant admits that participated in planning and organizing the referenced event, that he participated in the referenced rally, and that he did carry a torch. Defendant lacks sufficient information to admit or deny the remaining allegations of the first, second sentences and third sentences of Paragraph 50 and, therefore, demands strict proof thereof. Defendant is not required to admit or deny the allegations of the fourth, fifth and sixth sentences of Paragraph 50 because they do not constitute allegations of fact, but merely opinions.

51. Defendant denies the allegations of the first and third sentences of Paragraph 51. Defendant lacks sufficient information to admit or deny the allegations of the second

sentence of Paragraph 51 and, therefore, demands strict proof thereof.

52. Defendant denies the allegations of Paragraph 52 to the extent that they allege he was a conspirator. Defendant admits the remaining allegations of Paragraph 52, except the allegation that Defendant Kessler was on the podium.

53. Defendant denies the allegations of the first sentence of Paragraph 53 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 53 and, therefore, demands strict proof thereof.

54. Defendant denies that he has been a conspirator in any matter. Defendant admits that, after the fact, persons have referred to the events of May 13 as "Charlottesville 1.0"

55. Defendant denies the allegations of the first sentence of Paragraph 55 to the extent that they apply to him. Defendant admits that Defendant Kessler submitted a permit application for August 12, 2017. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 55 and, therefore, demands strict proof thereof.

56. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 56 (including those in the footnote) and, therefore, demands strict proof thereof.

57. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 57 and, therefore, demands strict proof thereof.

58. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 58 and, therefore, demands strict proof thereof.

59. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 59 and, therefore, demands strict proof thereof.

Caption B at page 23: Defendant denies the allegations contained in Caption B on page 23. Defendant lacks sufficient information to admit or deny that Defendant Anglin made the quoted statements and, therefore, demands strict proof thereof.

60. Denied.

61. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 61 that relate to the content of the referenced permit application. Defendant denies the remaining allegations of Paragraph 61.

62. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 62 and, therefore, demands strict proof thereof.

63. Denied.

64.  Defendant admits that he met with Evan McClaren at the Trump Hotel in Washington, D.C.  Defendant denies all remaining allegations of Paragraph 64.

65.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 65 and, therefore, demands strict proof thereof.

66.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 66 and, therefore, demands strict proof thereof.

67.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 67 and, therefore, strict proof thereof.

68.  Defendant denies the allegations of Paragraph 68 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny all remaining allegations of Paragraph 68 and, therefore, demands strict proof thereof.

69.  Defendant denies the allegations of Paragraph 69 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 69 and, therefore, demands strict proof thereof.

70.  Defendant denies the allegations of the first, second and third sentences of Paragraph 70 to the extent that they apply to him.  Defendant does not recall making the statement alleged in the fourth sentence of Paragraph 70 and, therefore,

14

demands strict proof thereof.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 70 and, therefore, demands, therefore, strict proof thereof.

71.  Defendant denies the allegations of Paragraph 71 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 71 and, therefore, demands strict proof thereof.

72.  Defendant denies the allegations of Paragraph 72 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 72 and, therefore, demands strict proof thereof.

73.  Defendant denies any allegation that he "moderated, reviewed, directed and managed" the referenced forum, any allegation that he was a "moderator" of the referenced group, any allegation that he was a conspirator and any allegation that he had any access to and/or used said forum due to said alleged status.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 73 and, therefore, demands strict proof thereof.

74.  Defendant denies the allegations of Paragraph 74 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 74 and, therefore, demands strict proof thereof.

15

75.   Defendant denies the allegations of Paragraph 75 to the extent that they apply to him, including any allegation that he was a conspirator or used Discord.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 75 and, therefore, demands strict proof thereof.

76.   Defendant denies any allegation that he set up any of said channels.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 76 and, therefore, demands strict proof thereof.

77.   Defendant denies the allegations of Paragraph 77 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 77 and, therefore, demands strict proof thereof.

78.   Defendant denies the allegations of the first, third and fourth sentences of Paragraph 78 to the extent they apply to him.  Defendant admits that "Caerulus Rex" has been identified as a bodyguard of his.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 78 and demands strict proof thereof.

79.   Defendant lacks sufficient information to admit or deny the allegations of Paragraph 79 and, therefore, demands strict proof thereof.

80.  Defendant denies the allegations of Paragraph 80 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 80 and, therefore, demands strict proof thereof.

81.  Defendant denies the allegations of Paragraph 81 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 81 and, therefore, demands strict proof thereof.

82.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 82 and, therefore, demands strict proof thereof.

83.  Defendant denies any allegation in Paragraph 82 that he was a conspirator.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 83 and, therefore, demands strict proof thereof.

84.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 84 and, therefore, demands strict proof thereof.

85.  In response to the first sentence of Paragraph 85, Defendant: (a) admits that he participated in drafting the referenced document; (b) admits that he posted it on "Altright.com,"  and (c) states that he is not required to admit or deny the remaining allegations of said sentence because they merely characterize a document that speaks for itself.

17

Defendant admits the allegations of the second sentence of Paragraph 85. Defendant is not required to admit or deny the allegations of the third sentence of Paragraph 85 because they merely characterize a document that speaks for itself.

Caption C at page 29: Defendant denies the allegations contained in Caption C at page 29. Defendant lacks sufficient information to admit or deny the allegations, if any are made, with respect to the quotation.

86. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 86 and, therefore, demands strict proof thereof.

87. Defendant admits that an article containing the quoted material was posted on the website "altright.com." Defendant denies that the referenced website is his and denies any allegation that he wrote the article. Defendant is not required to admit or deny the remaining allegations of Paragraph 87 because they merely characterize a document that speaks for itself.

88. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 88 and, therefore, demands strict proof thereof.

89. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 89 and, therefore, demands strict proof thereof.

90.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 90 and, therefore, demands strict proof thereof.

91.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 91 and, therefore, demands strict proof thereof.

92.  Defendant lacks sufficient information to admit or deny the allegations of the first and second sentences of Paragraph 92 and, therefore, demands strict proof thereof. Defendant admits that a writer made the quoted remark on the website "altright.com," but denies that said website is his.

93.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 93 and, therefore, demands strict proof thereof.

94.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 94 and, therefore, demands strict proof thereof.

95.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 95 and, therefore, demands strict proof thereof.

96.  Defendant denies the allegations of the first sentence of Paragraph 96 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining

allegations of Paragraph 96 and, therefore, demands strict proof thereof.

97.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 97 and, therefore, demands strict proof thereof.

98.  Defendant denies the allegations of Paragraph 98 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 98 and, therefore, demands strict proof thereof.

99.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 99 and, therefore, demands strict proof thereof.

100.  Defendant is not required to admit or deny the allegations of Paragraph 100 because they merely characterize a document that speaks for itself.  In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 100 and, therefore, demands strict proof thereof.

101.  Defendant is not required to admit or deny the allegations of Paragraph 101 because they merely characterize a document that speaks for itself.  In addition, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 101 and, therefore, demands strict proof thereof.

102.  Defendant denies the allegations of Paragraph 102 to the extent that they apply to him.  Defendant lacks sufficient

information to admit or deny the remaining allegations of Paragraph 102 and, therefore, demands strict proof thereof.

103. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 103 and, therefore, demands strict proof thereof.

104. Defendant denies the allegations of Paragraph 104 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 104 and, therefore, demands strict proof thereof.

105. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 105 and, therefore, demands strict proof thereof.

106. Defendant denies the allegations of Paragraph 106 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 106 and, therefore, demands strict proof thereof.

107. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 107 and, therefore, demands strict proof thereof.

108. Defendant denies any allegation that he was a conspirator, an organizer or "behind this" (whatever "this" was). Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 108 and, therefore, demands strict proof thereof.

109.  Defendant denies the allegations of Paragraph 109 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 109 and, therefore, strict proof thereof.

110.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 110 and, therefore, demands strict proof thereof.

111.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 111 and, therefore, demands strict proof thereof.

112.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 112 and, therefore, demands strict proof thereof.

113.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 113 and, therefore, demands strict proof thereof.

114.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 114 and, therefore, demands strict proof thereof.

115.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 115 and, therefore, demands strict proof thereof.

Case 3:17-cv-00072-NKM-JCH   Document 342   Filed 07/23/18   Page 22 of 69   Pageid#: 2947

116. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 116 and, therefore, demands strict proof thereof.

117. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 117 and, therefore, demands strict proof thereof.

118. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 118 and, therefore, demands strict proof thereof.

119. Defendant denies the allegations of Paragraph 119 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 119 and, therefore, demands strict proof thereof.

120. Defendant denies the allegations of the first, second and third sentences of Paragraph 120 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of said sentences and, therefore, demands strict proof thereof. Defendant denies the allegations in the fifth sentence, as phrased. Defendant lacks sufficient information to admit or deny the allegations of the sixth sentence of Paragraph 120 and, therefore, demands strict roof thereof. Alternatively, Defendant is not required to admit or deny the allegations of said sixth sentence because they merely characterize a publication that speaks for itself.

121.  Defendant denies the allegations of the first sentence of Paragraph 121 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 121 and, therefore, demands strict proof thereof.

122.  Defendant denies the allegations of the first sentence of Paragraph 122 to the extent that they purport to apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 122 and, therefore, demands strict proof thereof.

123.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 123 and, therefore, demands strict proof thereof.  Alternatively, Defendant is not required to admit or deny said allegations because they merely characterize a document that speaks for itself.

Caption D at page 44:  Defendant denies the allegations in Caption D at page 44 to the extent that they purport to apply to him.

124.  Defendant denies the allegations of Paragraph 124 to the extent that they purport to apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 124 and, therefore, demands strict proof thereof.

125. Defendant denies the allegations of Paragraph 124 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 125 and, therefore, demands strict proof thereof, including the allegations in footnote 8.

126. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 126 and, therefore, demands strict proof thereof.

127. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 127 and, therefore, demands strict proof thereof.

128. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 128 and, therefore, demands strict proof thereof.

129. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 129 and, therefore, demands strict proof thereof.

130. Defendant denies the allegations of the first sentence of Paragraph 130 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 130 and, therefore, demands strict proof thereof.

Caption E on page 46: Defendant denies the allegations of Caption E on page 46 to the tent that they apply to hm.

Defendant lacks sufficient information to admit or deny the remaining allegations of this caption and, therefore, demands strict proof thereof.

131. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 131 and, therefore, demands strict proof thereof.

132. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 132 and, therefore, demands strict proof thereof.

133. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 133 and, therefore, demands strict proof thereof.

134. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 134 and, therefore, strict proof thereof.

135. Defendant denies the allegations of Paragraph 135 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 135 and, therefore, demands strict proof thereof.

136. Defendant denies any allegation that he was a conspirator. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 136 and, therefore, strict proof thereof.

137. Defendant denies the allegations of the first sentence of Paragraph 137 to the extent that they apply to him any allegation. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 137 and, therefore, demands strict proof thereof.

138. Defendant denies the allegations of the first and second sentences of Paragraph 138 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 138 and, therefore, demands strict proof thereof.

139. Defendant denies the allegations of the first sentence of Paragraph 139 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of this Paragraph 139 and, therefore, demands strict proof thereof.

140. Defendant denies the allegations of the second sentence of Paragraph 140 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 140 and, therefore, demands strict proof thereof.

141. Defendant admits the allegations of the fourth sentence of Paragraph 141, but denies any allegation that he so tweeted for any improper, tortious or illegal purpose. Defendant lacks sufficient information to admit or deny the

remaining allegations of Paragraph 141 and, therefore, demands strict proof thereof.

142. Defendant denies the allegations of the first sentence of Paragraph 142 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 142 and, therefore, demands strict proof thereof.

Caption II on page 50: Defendant denies the allegations in Caption II on page 50 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations therein and, therefore, demands strict proof thereof.

143. Defendant denies that he organized the referenced march. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 143 and, therefore, demands strict proof thereof.

144. Defendant lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 144 and, therefore, demands strict proof thereof. Defendant admits that the parade was not disclosed to the public.

145. Defendant denies the allegations of Paragraph 145 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 145 and, therefore, demands strict proof thereof.

admits that the referenced parade resulted from planning, that attendees were asked to bring torches, and that the event was to be secret. Defendant denies all remaining allegations of Paragraph 145.

146. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 146 and, therefore, demands strict proof thereof.

147. Defendant denies any allegation that he was "instructed" to do anything and any allegation that he was a conspirator. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 147 and, therefore, demands strict proof thereof.

148. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 148 and, therefore, demands strict proof thereof.

149. Defendant denies the allegations of the first sentence of Paragraph 149 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 149 and, therefore, demands strict proof thereof.

150. Defendant denies the allegations of the first, second and third sentences of Paragraph 150 to the extent that they apply to him. Defendant lacks sufficient information to admit

or deny the remaining allegations of Paragraph 150 and, therefore, demands strict proof thereof.

151. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 151 and, therefore, demands strict proof thereof.

152. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 152 and, therefore, demands strict proof thereof.

153. Defendant admits the allegations of the last sentence of Paragraph 153. Defendant denies he is a Neo-Nazi or white supremacist and denies any allegation that he was a conspirator. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 153 and, therefore, demands strict proof thereof.

154. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 154 and, therefore, demands strict proof thereof.

155. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 155 and, therefore, demands strict proof thereof.

156. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 156 and, therefore, demands strict proof thereof.

157.  Defendant denies any allegation in Paragraph 157 that he was a conspirator.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 157 and therefore, demands strict proof thereof.

158.  Defendant denies the allegations of Paragraph 158 to the extent that they apply to him, including any allegations that he was a conspirator or that he "intended to threaten, intimidate and harass as many bystanders as possible." Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 158 and, therefore, demands strict proof thereof.

159.  Defendant denies the allegations of Paragraph 159 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 159 and, therefore, demands strict proof thereof.

160.  Defendant denies any allegation that he selected guards "for their willingness to 'get physical' with counterprotesters."  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 160 and, therefore, demands strict proof thereof.

161.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 161 (which concern alleged observations by Plaintiffs) and, therefore, demands strict proof thereof.

162.   Defendant denies the allegations of Paragraph 162 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 162.

163.   Defendant denies the allegations of Paragraph 163 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 163 and, therefore, strict proof thereof.

164.   Defendant admits the allegations of the first sentence of Paragraph 164.  Defendant denies the allegations of the second sentence of Paragraph 164 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 164, as phrased, and, therefore, demands strict proof thereof.

165.   Defendant denies the allegations of the first and second sentences of Paragraph 165 to the extent that they apply to him  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 165 and, therefore, demands strict proof thereof (except that Defendant admits that he heard the phrases "blood and soil" and "you will not replace us."

166.   Defendant denies the allegations of the first sentence of Paragraph 166 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the

32

allegations of the second or third sentences of Paragraph 166 and, therefore, demands strict proof thereof. Defendant admits the allegations of the last sentence of Paragraph.

167. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 167 and, therefore, demands strict proof thereof.

168. Defendant denies the allegation of the first sentence of Paragraph 168 to the extent that they apply to him and denies any allegation that he was a conspirator. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 168 and, therefore, demands strict proof thereof.

169. Defendant denies the allegations of the first and third sentences of Paragraph 169 to the extent that they apply to him. Defendant also denies that he was a conspirator. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 169 and, therefore, demands strict proof thereof.

170. Defendant denies any allegation that he threw fuel or tiki torches at anyone. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 170 (which concern a Plaintiff's alleged observations) and, therefore, demands strict proof thereof.

171.    Defendant denies the allegations of Paragraph 171 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 171 and, therefore, demands strict proof thereof.

172.    Defendant denies the allegations of Paragraph 172 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 172 and, therefore, demands strict proof thereof.

173.    Defendant denies the allegations of Paragraph 173 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 173 and, therefore, demands strict proof thereof.

174.    Defendant denies any allegation that he was a conspirator or that he sprayed mace on any person.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 174 and, therefore, demands strict proof thereof.

175.    In response to the allegations of the first sentence of Paragraph 175, Defendant denies that he was a conspirator, but admits the remaining allegations thereof.  Defendant admits the allegations of the second of Paragraph 175.  Defendant lacks sufficient information to admit or deny the allegations of the third sentence of Paragraph 175 and, therefore, demands strict proof thereof.  Defendant is not required to admit or deny the

34

allegations of the fourth sentence of Paragraph 175 because they merely state an opinion; to the extent that any response to said remaining allegations is required, however, Defendant denies them to the extent that they apply to him.

176. Defendant is not required to admit or deny the allegations of Paragraph 176 because they merely state opinions. To the extent that any response is required, Defendant denies the allegations of Paragraph 176 to the extent that they apply to him and states that, because he lacks sufficient information to admit or deny said remaining allegations, he is unable to answer them and demands strict proof thereof.

177. Defendant denies the allegations of Paragraph 177 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 177 and, therefore, demands strict proof thereof.

178. Defendant denies the allegations of Paragraph 178 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 178 and, therefore, demands strict proof thereof.

179. Defendant denies the allegations of Paragraph 179 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 179 and, therefore, demands strict proof thereof.

180.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 180 and, therefore, demands strict proof thereof.

181.  Defendant denies the allegations of Paragraph 181 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 181 and, therefore, demands strict proof thereof.

182.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 182 and, therefore, demands strict proof thereof.

Caption (4) at page 59:  Defendant lacks sufficient information to admit or deny the allegations of said caption because they are ambiguous and, therefore, demands strict proof thereof.

183.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 183 and, therefore, demands strict proof thereof.

184.  Defendant denies any allegation in Paragraph 184 that he was a conspirator.  Defendant admits that he that he re-tweeted the referenced tweet by Defendant Kessler.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 184, and, therefore, demands strict proof thereof.

185.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 185 and, therefore, demands strict proof thereof.

186.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 186 and, therefore, demands strict proof thereof.

Caption B(1) on page 61:  Defendant denies the allegations in said caption.

187.  Defendant denies the allegations of Paragraph 187 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 187 and, therefore, demands strict proof thereof.

188.  Defendant denies the allegations of Paragraph 188 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 188 and, therefore, demands strict proof thereof.

189.  Defendant denies the allegations of Paragraph 189 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 189 and, therefore, demands strict proof thereof.

190.   Defendant lacks sufficient information to admit or deny the allegations of Paragraph 190 and, therefore, demands strict proof thereof.

191.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 191 and, therefore, demands strict proof thereof.

192.  Defendant denies the allegations of Paragraph 192 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 192 and, therefore, demands strict proof thereof.

193.  Denied.

Caption (2) at page 62:  Denied.

194.  Defendant denies the allegations of Paragraph 194 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 194 and, therefore, demands strict proof thereof.

195.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 195 and, therefore, demands strict proof thereof.

196.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 196 and, therefore, demands strict proof thereof.

197.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 197 and, therefore, demands strict proof thereof.

198.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 198 and, therefore, demands strict proof thereof.

199.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 199 and, therefore, demands strict proof thereof.

200.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 200, therefore, demands strict proof thereof.

201.  Defendant denies the allegations of Paragraph 201 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 201 and, therefore, demands strict proof thereof.

202.  Defendant denies the allegations of Paragraph 202 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 202 and, therefore, demands strict proof thereof.

203.  Defendant denies the allegations of Paragraph 203 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 203 and, therefore, demands strict proof thereof.

204.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 204 and, therefore, demands strict proof thereof.

205. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 205 and, therefore, strict proof thereof.

206. Defendant denies the allegations of Paragraph 206 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 206 and, therefore, demands strict proof thereof.

207. Defendant denies the allegations of Paragraph 207 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 207 and, therefore, strict proof thereof.

208. Defendant denies the allegations of Paragraph 208 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 208 and, therefore, strict proof thereof.

209. Defendant denies the allegations of Paragraph 208 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 209 and, therefore, demands strict proof thereof.

210. Defendant denies the allegations of Paragraph 210 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 210 and, therefore, demands strict proof thereof.

211.  Defendant denies the allegations of Paragraph 211 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 211 and, therefore, demands strict proof thereof.

212.  Defendant denies the allegations of Paragraph 212 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 212 and, therefore, demands strict proof thereof.

213.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 213 and, therefore, demands strict proof thereof.

214.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 214 and, therefore, demands strict proof thereof.

215.  Defendant denies the allegations of Paragraph 215 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 215 and, therefore, demands strict proof thereof.

216.  Defendant denies the allegations of Paragraph 216 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 216 and, therefore, demands strict proof thereof.

217.  Defendant denies the allegations of Paragraph 217 to the extent that they apply to him.  Defendant lacks sufficient

information to admit or deny the remaining allegations of Paragraph 217 and, therefore, demands strict proof thereof.

218. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 218 and, therefore, demands strict proof thereof.

219. Defendant denies the allegations of Paragraph 219 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 219 and, therefore, demands strict proof thereof.

220. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 220 and, therefore, demands strict proof thereof.

221. Defendant denies the allegations of Paragraph 221 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 221 and, therefore, demands strict proof thereof.

222. Defendant denies the allegations of Paragraph 222 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 222 and, therefore, demands strict proof thereof.

Caption (3) on page 71: Defendant denies the allegations of said caption to the extent that they apply to him.

223. Defendant is not required to admit or deny the allegations of Paragraph 223 to the extent that they consist of

a statement of law. Defendant admits that an unlawful assembly was declared, but denies all remaining allegations of Paragraph 223.

224. Defendant admits that Governor McAuliffe declared a state of emergency and made the quoted statement. Defendant denies all remaining allegations of Paragraph 224.

225. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 225 and, therefore, demands strict proof thereof.

226. Defendant denies the allegations of Paragraph 226 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 226 and, therefore, demands strict proof thereof.

227. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 227 and, therefore, demands strict proof thereof.

228. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 228 and, therefore, demands strict proof thereof.

229. In response to the first sentence of Paragraph 229, Defendant admits that he and former Defendant Peinovich went to McIntire Park, but denies all remaining allegations thereof. Defendant lacks sufficient information to admit or deny the

remaining allegations of Paragraph 229 and, therefore, demands strict proof thereof.

230.  Defendant admits that he and former Defendant Peinovich spoke at McIntire Park, but states that he lacks sufficient information to admit or deny the allegation that Mr. Peinovich referred to persons as "savages" and, therefore, demands strict proof thereof.  Defendant denies all remaining allegations of Paragraph 230.

231.  Defendant denies the allegations of Paragraph 231 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 231 and, therefore, demands strict proof thereof.

232.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 232 and, therefore, demands strict proof thereof.

233.  Denied.

234.  Defendant denies the allegations of Paragraph 234 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 234 and, therefore, demands strict proof thereof.

235.  Defendant denies the allegations of Paragraph 234 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 235 and, therefore, demands strict proof thereof.

236. Defendant denies the allegations of Paragraph 236 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 236 and, therefore, demands strict proof thereof.

237. Defendant denies the allegations of Paragraph 237 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 237 and, therefore, demands strict proof thereof.

238. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 238 and, therefore, demands strict proof thereof.

239. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 239 and, therefore, demands strict proof thereof.

240. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 240 and, therefore, demands strict proof thereof.

241. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 241 and, therefore demands strict proof thereof.

242. Defendant denies the allegations of  Paragraph 242 (including that any alleged act of Defendant Fields was "in furtherance of" any alleged conspiracy) to the extent that they apply to him. Defendant lacks sufficient information to admit

45

or deny the remaining allegations of Paragraph 242 and, therefore, demands strict proof thereof.

243. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 243 and, therefore, demands strict proof thereof.

244. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 244 and, therefore, demands strict proof thereof.

245. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 245 and, therefore, demands strict proof thereof.

246. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 246 and, therefore, demands strict proof thereof.

247. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 247 and, therefore, demands strict proof thereof.

248. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 248 and, therefore, demands strict proof thereof.

249. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 249 and, therefore, demands strict proof thereof.

250.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 250 and, therefore, demands strict proof thereof.

251.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 251 and, therefore, demands strict proof thereof.

252.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 252 and, therefore, demands strict proof thereof.

253.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 253 and, therefore, demands strict proof thereof.

254.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 254 and, therefore, demands strict proof thereof.

255.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 255 and, therefore, demands strict proof thereof.

256.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 256 and, therefore, demands strict proof thereof.

257.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 257 and, therefore, demands strict proof thereof.

258.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 258 and, therefore, demands strict proof thereof.

259.  Defendant denies the allegations of Paragraph 259 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 259 and, therefore, demands strict proof thereof.

260.  Defendant admits the allegations of the first sentence of Paragraph 260, except that he denies any allegation about the time of the referenced tweet.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 260 and, therefore, demands strict proof thereof.

261.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 261 and, therefore, demands strict proof thereof.

Caption (5) on page 81:  Denied.

262.  Defendant denies the allegations of Paragraph 262 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 262 and, therefore, demands strict proof thereof.

48

263.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 263 and, therefore, demands strict proof thereof.

264.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 264 and, therefore, demands strict proof thereof.

265.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 265 and, therefore, demands strict proof thereof.

266.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 266 and, therefore, demands strict proof thereof.

267.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 267 and, therefore, demands strict proof thereof.

268.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 268 and, therefore, demands strict proof thereof.

269.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 269 and, therefore, demands strict proof thereof.

270.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 270 and, therefore, demands strict proof thereof.

271. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 271 and, therefore, demands strict proof thereof.

272. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 272 and, therefore, demands strict proof thereof.

273. Defendant admits that he made the statement referenced in the first sentence of Paragraph 273. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 273 and, therefore, demands strict proof thereof.

274. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 274 and, therefore, demands strict proof thereof.

275. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 275 and, therefore, demands strict proof thereof.

276. Defendant denies the allegations of Paragraph 276 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 276 and, therefore, demands strict proof thereof.

277. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 277 and, therefore, demands strict proof thereof.

Caption III on page 87:  Denied.

Caption (A) on page 87:  Denied.

278.  Defendant denies the allegations of Paragraph 278 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 278 and, therefore, demands strict proof thereof.

279.  Defendant denies the allegation of Paragraph 79 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 279 and, therefore, demands strict proof thereof.

280.  Defendant denies the allegations of Paragraph 280 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 280 and, therefore, demands strict proof thereof.

281.  Defendant denies the allegations of Paragraph281 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 281 and, therefore, demands strict proof thereof.

282.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 282 and, therefore, demands strict proof thereof.

Caption (2) on page 88:  Defendant lacks sufficient information to admit or deny the allegations of said caption and, therefore, demands strict proof thereof.

283. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 283 and, therefore, demands strict proof thereof.

284. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 284 and, therefore, demands strict proof thereof.

285. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 285 and, therefore, demands strict proof thereof.

286. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 286 and, therefore, demands strict proof thereof.

287. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 287 and, therefore, demands strict proof thereof.

288. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 288 and, therefore, demands strict proof thereof.

289. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 289 and, therefore, demands strict proof thereof.

290. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 290 and, therefore, demands strict proof thereof.

291.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 291 and, therefore, demands strict proof thereof.

292.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 292 and, therefore, demands strict proof thereof.

293.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 293 and, therefore, demands strict proof thereof.

294.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 294 and, therefore, demands strict proof thereof.

295.  Defendant denies the allegations of Paragraph 295 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 295 and, therefore, demands strict proof thereof.

Caption (B) on page 94:  Denied.

296.  Defendant denies the allegations of Paragraph 296, as phrased, to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 296 and, therefore, demands strict proof thereof.

297.  Admitted.

298.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 298 and, therefore, demands strict proof thereof.

299.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 299 and, therefore, demands strict proof thereof.

300.  Defendant admits the allegations of the first sentence of Paragraph 300.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 300 and, therefore, demands strict proof thereof.

301.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 301 and, therefore, demands strict proof thereof.

302.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 302 and, therefore, demands strict proof thereof.

303.  Defendant denies the allegations of the first sentence to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 303 and, therefore, demands strict proof thereof.

304.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 304 and, therefore, demands strict proof thereof.

54

305.  Defendant admits that the referenced person published to referenced article, which speaks for itself.  Defendant denies all remaining allegations of Paragraph 305 to the extent that they apply to him.

306.  Defendant denies any allegation in Paragraph 306 that he was a conspirator, that he has encouraged or condoned or does condone any tortious or illegal act or acts.  Defendant admits that he was  Charlottesville that day, that he was at an event that has been called "Charlottesville 3.0," that he carried a torch, that he did say "we will be back."  Defendant lack sufficient information to admit or deny the remaining allegations of Paragraph 306 and, therefore, demands strict proof thereof.

307.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 307 and, therefore, demands strict proof thereof.

Caption (C) on page 96:  Denied.

308.  Defendant denies the allegations of Paragraph 308 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 308 and, therefore, demands strict proof thereof.

309.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 309 and, therefore, demands strict proof thereof.

310.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 310 and, therefore, demands strict proof thereof.

311.  Defendant admits the allegations of the first sentence of Paragraph 311.  Defendant admits that he appeared with Messrs. Mosley and Damigo on the referenced program, but denies that he solicited donations.

312.  Denied.

313.  Denied.

314.  Denied.

315.  Defendant admits that he met Mr. McLaren, but denies all remaining allegations of Paragraph 315.

316.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 316 and, therefore, demands strict proof thereof.

317.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 317 and, therefore, demands strict proof thereof.

318.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 318 and, therefore, demands strict proof thereof.

319.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 319 and, therefore, demands strict proof thereof.

320.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 320 and, therefore, demands strict proof thereof.

321.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 321 and, therefore, demands strict proof thereof.

322.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 322 and, therefore, demands strict proof thereof.

323.  Defendant denies the allegations of Paragraph 323 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 323 and, therefore, demands strict proof thereof.

324.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 324 and, therefore, demands strict proof thereof.

325.  Defendant denies the allegations of Paragraph 325 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 325 and, therefore, demands strict proof thereof.

326.  Defendant denies the allegations of Paragraph 326 to the extent that they apply to him.   Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 326 and, therefore, demands strict proof thereof.

327.  Defendant admits that an image of him was shown on an advertising poster.

328.  Defendant denies the allegations of Paragraph 328 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 328 and, therefore, demands strict proof thereof.

329.   Defendant admits that the referenced persons "attended and participated" in a torchlight parade, but denies all remaining allegations of Paragraph 329.

330.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 330 and, therefore, demands strict proof thereof.

331.  Defendant denies the allegations of Paragraph 331 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 331 and, therefore, demands strict proof thereof.

332.  In response to the first sentence of Paragraph 332, Defendant admits that he attended and participated in some aspect of the rally on August 12, but denies all remaining allegation of said sentence.  Defendant lacks sufficient information to admit or deny the allegations of the second sentence of Paragraph 332 and, therefore, demands strict proof thereof.

333.  Defendant denies the allegations of Paragraph 333 to the extent that they apply to him.  Defendant lack sufficient information to admit or deny the remaining allegations of Paragraph 333 and, therefore, demands strict proof thereof.

334.  Defendant denies the allegations of Paragraph 334 to the extent that they apply to him.  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 334 and, therefore, demands strict proof thereof.

335.  Defendant lacks sufficient information to admit or deny the allegations of Paragraph 335 and, therefore, demands strict proof thereof.

336.  Defendant incorporates herein by reference his responses to Paragraphs 1 through 335 of the First Amended Complaint as if said responses were fully set forth herein.

337.  Denied.

338.  Denied.

339.  Denied.

340.  Denied.

341.  Denied.

342.  Denied, including with respect to the allegation that, pursuant to the 13th Amendment to the United States Constitution, Plaintiffs have "rights to be free of the badges and incidents of slavery."  Absent enactment by Congress of legislation under Section 2 of the 13th Amendment by which the

Congress bans some badge or incident of slavery, there is no civilly enforceable right to be free or such a badge or incident and, therefore, no cause of action exist under 42 U.S.C. Section 1985(3) or 42 U.S.C. Section 1986.

343. Denied.

344. Defendant incorporates herein by reference his responses to Paragraphs 1 through 343 of the First Amended Complaint as if said responses were fully set forth herein.

345. Denied.

346. Denied.

347. Denied.

348. Denied.

349. Denied.

350. Defendant incorporates herein by reference his responses to Paragraphs 1 through 349 of the First Amended Complaint as if said responses were fully set forth herein.

351. Denied.

352. Denied.

353. Denied.

354. Defendant incorporates herein by reference his responses to Paragraphs 1 through 353 of the First Amended Complaint as if said responses were fully set forth herein.

355 through 361. Defendant is not required to admit or deny the allegations of Paragraphs 355 through 361 because they

are not directed to him.  If, however, any response is required
Defendant states as follows: (a) he lacks sufficient information
to admit or deny the factual allegations of said paragraphs and,
therefore, demands strict proof thereof; and (b) he is not
required to admit or deny the remaining allegations because they
merely constitute statements of law.

362.  Defendant incorporates herein by reference his
response to Paragraphs 1 through 362 of the First Amended
Complaint as if said responses were fully set forth herein.

363.  Defendant is not required to admit or deny the
allegations of Paragraph 363 because they merely state a legal
conclusion.

364.  Defendant denies the allegations of Paragraph 364 to
the extent that they apply to him.  Defendant lacks sufficient
information to admit or deny the remaining allegations of
Paragraph 364 and, therefore, demands strict proof thereof.

365.  Defendant denies the allegations of Paragraph 365 to
the extent that they are directed to him.  Defendant lacks
sufficient information to admit or deny the remaining
allegations of Paragraph 365 and, therefore, demands strict
proof thereof.

366.  Defendant incorporates herein by reference the his
responses to Paragraphs 1 through 365 of the First Amended
Complaint as if said responses were fully set forth herein.

367. Defendant denies the allegations in Paragraph 367 to the extent that they apply to him. Defendant lacks sufficient information to admit or deny the remaining allegations Paragraph 367 and, therefore, demands strict proof thereof.

368. Defendant incorporates herein by reference his responses to Paragraphs 1 through 367 of the First Amended Complaint as if said responses were fully set forth herein.

369. Defendant is not required to admit or deny the allegations of Paragraph 369 because they are not directed to him.

370. Defendant is not required to admit or deny the allegations of Paragraph 370 because they are not directed to him.

371 through 375. No response to said Paragraphs is required because they do not allege facts. Notwithstanding said reservation, but without waiving it, Defendant denies Plaintiffs are entitled to the relief requested.

<u>SECOND DEFENSE</u>

376. The First Amended Complaint fails to state a claim for which relief can be granted, in part, because:

a. Plaintiffs do not allege the violation of any right protected against infringement by private actors.

b. The United States Congress has not enacted any legislation proscribing, or creating a private cause of action

62

with respect to, the putative badges and incidents of slavery alleged herein (such as a putative right to be free of racially motivated violence).

c. Those Plaintiffs who are not African-American do not have any rights under the 13th Amendment to the United States Constitution to be free from alleged badges and incidents of slavery.

d. Section 8.01-42.1, Code of Virginia, is overly broad and unduly vague and, therefore, violates the 1st, 5th and 14th Amendments to the United States Constitution and Article I, Sections 11 and 12 of the Constitution of Virginia.

e. Plaintiffs have not adequately pleaded either statutory conspiracy under Section 1985(3) or common law conspiracy under Virginia law.

<u>THIRD DEFENSE</u>

377. Any allegation not expressly and unequivocally admitted herein is hereby denied.

<u>FOURTH DEFENSE</u>

378. Defendant did not conspire with any person.

<u>FIFTH DEFENSE</u>

379. Defendant did engage in any tortious or illegal acts; Defendant did not encourage or incite any tortious or illegal acts; and Defendant did not conspire to effect the commission of any tortious or illegal acts.

63

380.  All alleged statements by Defendant are forms of speech protected under the 1st and 14th Amendments to the United States Constitution and under Article I, Section 12 of the Constitution of Virginia.

SEVENTH DEFENSE

381.  Any communications, including meetings, between Defendant and any other alleged conspirator are forms of association protected under the 1st and 14th Amendments to the United States Constitution and Article I, Section 12 of the Constitution of Virginia.

EIGHTH DEFENSE

382.  Defendant did not know of any alleged wrongs about to be committed pursuant to the alleged conspiracies.

NINTH DEFENSE

383.  Defendant did not have the power to prevent or aid in the prevention of any alleged wrongs about to be committed pursuant to the alleged conspiracies.

TENTH DEFENSE

384.  Defendant did not have the power to prevent or aid in the prevention and/or termination of the alleged conspiracies.

ELEVENTH DEFENSE

385.  Plaintiffs assumed the risk of the injuries of which they complain and, therefore, their claims are barred.

## TWELFTH DEFENSE

386.  Plaintiffs were contributorily negligent and, therefore, their claims are barred.

## THIRTEENTH DEFENSE

387.  Any injuries allegedly sustained by Plaintiffs were proximately caused by persons other than Defendant and over whom Defendant had no control or for whom Defendant does not have any legal responsibility (such as Plaintiffs themselves, Defendant Fields and/or one or more law enforcement agencies).  On or more of said other causes constitute(s) a superseding cause.

## FOURTEENTH DEFENSE

388.  Any alleged injuries to Plaintiffs are not as severe or extensive as alleged by Plaintiffs.

## FIFTEENTH DEFENSE

389.  One or more causes of injury to Plaintiffs and/or injuries to Plaintiffs were not reasonably foreseeable by Defendant.

## SIXTEENTH DEFENSE

390.  The alleged acts of Defendant Fields were not reasonably foreseeable by Defendant.

## SEVENTEENTH DEFENSE

391.  Any alleged acts of Defendant Fields and any acts of violence other than those in self-defense were not objects of any alleged conspiracy.

EIGHTEENTH DEFENSE

392.  Any injunctive relief against Defendant would constitute an unconstitutional prior restraint on protected speech.

NINETEENTH DEFENSE

393.  Defendant reserves the right to assert any other defense, whether affirmative or otherwise, and herby notifies Plaintiffs that he will invoke any other defense supported by the facts, whether now know or adduced in discovery and/or at trial.

**WHEREFORE,** the premises considered, Defendant Richard B. Spencer requests the following relief:

a.  entry of a judgment in favor of Defendant against each Plaintiff and dismissal of the First Amended Complaint with prejudice;

b.  an award of all taxable costs; and

c.  an award of such other or further relief as this Court might deem just and proper.

Respectfully submitted,

RICHARD B. SPENCER

66

```
                    By:  /s/ John A. DiNucci
                         John A. DiNucci (VSB No. 29270)
                         8180 Greensboro Drive
                         Suite 1150
                         McLean, Virginia 22102
                         tel.: (703) 821-4232
                         fax:  (703) 790-9863
                         e-mail: dinuccilaw@outlook.com
```

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 23, 2018, I filed the foregoing Answer and Grounds of Defense with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing of this pleading to all counsel of record, including the following:

```
                    Philip M. Bowman, Esq.
                    Boies, Schiller, Flexner
                    575 Lexington Avenue
                    New York, New York 10022
                    pbowman@bsfllp.com

                    Robert T. Cahill, Esq.
                    Cooley, LLP
                    11951 Freedom Drive
                    14th Floor
                    Reston, Virginia 20190
                    rcahll@cooley.com

                    Roberta Kaplan, Esq.
                    Kaplan & Company, LLP
                    350 Fifth Avenue, Suite 7110
                    New York, New York 10118
                    rkaplan@kaplanandcompany.com

                    Karen L. Dunn, Esq.
                    Boies, Schiller, Flexner
                    1401 New York Avenue, N.W.
                    Washington, D.C. 20005
                    kdunn@bsfllp.com
```

67

Alan Levine, Esq.
Cooley, LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004
alevine@cooley.com

Justin Sanders Gravatt, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220
jgravatt@dhdglaw.com

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902
bryan@bjoneslegal.com

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527
isuecrooks@comcast.net

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429.
jek318@gmail.com

I also certify that I mailed a copy to the following

person:

Michael Peinovich
P.O. Box 1069
Hopewell Junction, New York 12533

/s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive, Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

68

69