**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | **Case No. 3:17-cv-00072-NKM** |
| **Plaintiffs,** | **Hon. Norman K. Moon** |
| v. | |
| **JASON KESSLER, ET AL.,** | |
| Defendants. | |

**MICHAEL PEINOVICH'S RESPONSE TO COURT'S JULY 12, 2018 ORDER**

In the Court's July 12, 2018 Order, the Court stated: "the Plaintiffs and Defendant Peinovich are ORDERED to confer about (1) whether the Court's order dismissing Defendant Peinovich changes the scope of relevant information that may be sought by Plaintiffs' subpoenas, and (2) whether any supplemental briefing is needed to address this change or the posture of the motion. These parties are ORDERED to confer within seven (7) days of this order, and file any supplemental briefing or notices concerning the status of this motion within fourteen (14) days of this order." The parties have conferred as the Court instructed but did not reach agreement. Peinovich, accordingly, respectfully submits this supplemental brief.

The dismissal of Peinovich from plaintiffs' complaint does not, in his judgement, alter the scope or importance of his motion to quash plaintiffs' subpoenas. Peinovich's motion to quash, denied by the Magistrate, fully substantiated the grave risk to him and the anonymous followers of his podcasts from malicious doxxing and cyber vigilantism resulting from plaintiffs' broad and invasive subpoenas. Peinovich showed that plaintiffs had no legitimate interest in the massive

1

and irrelevant information they sought and that the Constitutional balance weighs decisively in favor of quashing or at a minimum greatly modifying the subpoenas. Peinovich's dismissal from this lawsuit does not eliminate the risks to which he and his supporters are subject nor undermine the validity of his invocation of associational privileges and related Constitutional doctrines, as set forth in the Supreme Court's decision in *NAACP v. Patterson*, 357 U.S. 449 (1957), and subsequent cases. Peinovich made a strong prima facie case, which remains valid, for infringement of his and his supporters' associational rights, and the Magistrate Judge clearly erred in ruling that Peinovich's showing was "too speculative." Peinovich agued in his initial motions and his objections to magistrate Judge Hoppe's order that the danger to himself and his associates was not speculative, but an accomplished fact. This remains true.

Not only does Peinovich retain the standing to quash these subpoenas, the scope of information that can be sought by plaintiffs should be limited given the fact that this Court found that the plaintiffs' allegations against Peinovich were deficient and did not meet the standard of a cause of action. The ability of plaintiffs to seek information about Peinovich's website and his users that could harm him or his users should be restricted. The Court should not tolerate the attempt by plaintiffs to use it as a vehicle for their political vendetta against Peinovich and his followers.

In their response to Peinovich's objection to Judge Hoppe's order, plaintiffs acknowledged the validity of the *NAACP vs Patterson* standard and stated that:

> The Subpoenas are not directed at associations or groups, as in the cases cited by Peinovich, and they do not seek "identities of rank and file members," "mailing lists and

lists of conference attendees," "contributor lists," "past political activities," "internal policy or campaign communications," or "membership lists."

If this is the case, then plaintiffs should have no trouble simply letting the subpoenas be quashed or modified as Peinovich requests. No only is there is no other kind of information that could possibly be gotten from these subpoenas, but plaintiffs have themselves said the subpoenas are not directed at this sort of information. Given this, the subpoenas should be rendered moot on their face and simply disposed of. Plaintiffs have failed to state a valid cause of action against Peinovich. Their absurd and hyperbolic claims that Peinovich was involved in planning violence or that his website was used as a platform to do so have been found inadequate by this Court. Peinovich was not involved in planning any violence, nor were any of his listeners or supporters. Plaintiffs have failed to state any credible allegations that Peinovich or his supporters were involved in any violence whatsoever. No information relevant to this case is to be found from any of these subpoenas as regards to Peinovich. Plaintiffs are simply continuing to try to use the Court as a vehicle to harass Peinovich and his fans and supporters. They should not be allowed to do so. Peinovich's motions remain valid, the subpoenas should be quashed and this outrageous attempt by the plaintiffs to abuse the Court further should be halted directly in its tracks.

## Conclusion

For the reasons stated, Peinovich respectfully requests that the Magistrate's April 20, 2018 order be reversed and that the subpoenas in question be quashed or, at a minimum, modified so as not to require disclosure of personally identifiable information of visitors and supporters of Peinovich's website and podcasts.

Dated:  July 26, 2018.

Respectfully submitted,

Michael Peinovich, Pro Se

## CERTIFICATE OF SERVICE

On this 26th day of July, 2018, I Michael Peinovich certify that I served electronically or

mailed copies of this objection and memorandum to:


Christopher Greene <cgreene@kaplanandcompany.com>,
David Campbell <DCampbell@dhgclaw.com>,
Elmer Woodard <isuecrooks@comcast.net>,
James Kolenich <jek318@gmail.com>,
Bryan Jones <bryan@bjoneslegal.com>,
Roberta Kaplan <rkaplan@kaplanandcompany.com>,
Julie Fink <jfink@kaplanandcompany.com>,
Gabrielle Tenzer <gtenzer@kaplanandcompany.com>,
Seguin Strohmeier <sstrohmeier@kaplanandcompany.com>,
Alan Levince <alevine@cooley.com>,
Karen Dunn <KDunn@bsfllp.com>,
Philip Bowman <pbowman@bsfllp.com>,
John DiNucci <dinuccilaw@outlook.com>,
David Mills <dmills@cooley.com>,
Joshua Libling <jlibling@bsfllp.com>

Michael Peinovich

4