UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>                Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PERMIT INSPECTION
AND IMAGING OF ELECTRONIC DEVICES**

Plaintiffs move this Court pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure to compel Defendants, with the exception of Defendant Fields, to submit electronic devices and social media that contain potentially relevant information to a neutral, third-party vendor for imaging and preservation of evidence; to enter Plaintiffs' Proposed Stipulation and Order for the Imaging, Preservation, and Production of Documents ("Proposed Stipulation"); and for such other relief as the Court deems necessary and appropriate (the "Motion").

## PRELIMINARY STATEMENT

Since Plaintiffs served their first request for documents on January 25, 2018—more than eight months ago—Defendants (with the exception of Defendant Fields, to whom this motion does not apply) have failed to comply with their obligations to preserve and produce relevant information. Plaintiffs are justifiably concerned about document preservation and production and ask the Court to order Defendants to take the minimal and fundamental steps necessary to preserve documents and comply with their discovery obligations—steps Plaintiffs have already taken without the necessity of the Court's intervention.

It came to Plaintiffs' attention this spring that certain Defendants publicly indicated that they had destroyed or had attempted to destroy evidence relevant to the issues in this case. Plaintiffs immediately contacted the Court. Pursuant to the Court's direction during the April 19, 2018 conference, on June 13, 2018, Plaintiffs attempted to meet and confer with Defendants in good faith and to prevent further spoliation, and provided the Proposed Stipulation for Defendants' consideration. The Proposed Stipulation will facilitate the preservation and production of relevant evidence by creating and preserving images of Defendants' electronic devices and safeguarding them with a neutral third-party vendor, steps Plaintiffs have already taken.

The Proposed Stipulation is necessary to ensure all discoverable, relevant evidence is preserved and to avoid the irreparable harm to Plaintiffs that would result if relevant evidence is destroyed. Plaintiffs have alleged a conspiracy among the Defendants to commit racially motivated violence based in part on electronic communications by and among those Defendants. In what little discovery Plaintiffs have already received from Defendants, it is clear Defendants contacted one another by phone and email before, during, and after the August 11 and 12 "rallies." Moreover, their productions to date have been incomplete, untimely, and do not comply with the Federal Rules of Civil Procedure. For example, communications sent by one Defendant to another frequently do not appear in both Defendants' productions, several Defendants disclosed in verified interrogatories that they used cell phones to communicate about the rallies yet they failed to produce any records from those cell phones, and relevant documents produced in parallel litigation are not in the productions here. Critical evidence is therefore contained on the devices Defendants have refused to image, and the proposed imaging is entirely justified. Defendants should bear the cost of such imaging, just as Plaintiffs have with respect to their own production.

Finally, the documents should be produced in their native format with metadata intact. Producing documents in this format is critical where there may be disputes as to the authenticity of documents and where, as here, there has been evidence of bad faith or tampering with evidence.

## FACTUAL BACKGROUND

Since the onset of discovery, Defendants' production of documents has been untimely, deficient, and do not comply with the discovery rules for federal litigation. Certain Defendants have publicly threatened to destroy evidence and several Defendants have repeatedly refused to

2

Case 3:17-cv-00072-NKM-JCH   Document 354   Filed 10/02/18   Page 3 of 20   Pageid#: 3170

respond to Plaintiffs' request that they explain the steps they have taken to preserve information relevant to Plaintiffs' claims.

## I. Defendants Produced Few Documents

On January 25, 2018, Plaintiffs served their First Set of Requests for Production of Documents to All Defendants. *See* Ex. 1 (Plaintiffs' [Corrected] First Set of Requests for Production of Documents to All Defendants ("Discovery Requests")). With the exception of Defendant Fields, every other Defendant failed to respond timely to Plaintiffs' Discovery Requests, without Plaintiffs' consent or leave of Court.[1]

More significantly, many of Defendants' eventual responses to Plaintiffs' Discovery Requests were deficient both in substance and in production format. *See* Exs. 17 (May 10 Letter

---

[1] *See* Ex. 2 (March 2 Email from C. Greene to Judge Hoppe); Ex. 3 (April 17 Email from C. Greene to Judge Hoppe); Ex. 4, p. 1 (March 9 Letter from J. Fink to E. Woodard and J. Kolenich); Ex. 5, p. 1 (March 9 Letter from J. Fink to B. Jones). Defendants' deadline to respond was February 26. Fed. R. Civ. P. 34. Roughly a month and a half *after* the deadline to respond, Defendant Cantwell responded to Plaintiffs' Discovery Requests, on April 6 (*see* Ex. 6 (Cantwell's Discovery Responses)), Defendants Damigo, Identity Evropa, National Socialist Movement, Nationalist Front, and Schoep, responded on April 9 (*see* Exs. 7 (April 9 Email from J. Kolenich to Y. Barkai and S. Strohmeier regarding Damigo's and Identity Evropa's Responses); 8 (National Socialist Movement's Responses); 9 (Nationalist Front's Responses); 10 (Schoep's Responses)); Defendant Kessler responded on April 11 (*see* Ex. 11 (April 11 Email from J. Kolenich to Y. Barkai and S. Strohmeier regarding Kessler's Responses)); and Defendant Heimbach responded April 13 (*see* Ex. 12 (Heimbach's responses)). Even later, Defendants Ray, Spencer, Parrott, Traditionalist Workers Party ("TWP"), and Vanguard America responded on April 18, nearly two months after the deadline. *See* Exs. 13 (April 18 Email from J. Kolenich to Y. Barkai and S. Strohmeier regarding Ray's and Vanguard America's Responses); 14 (Spencer's Responses); 15 (April 18 Email from J. Kolenich to Y. Barkai, S. Strohmeier, and C. Greene regarding Parrott's and TWP's Responses). These Defendants provided no legitimate explanation for their failure to respond timely to Plaintiffs' Discovery Requests. *See* Ex. 16 (April 9 Email from J. Kolenich to Y. Barkai and S. Strohmeier). We have omitted the attachments to Exs. 7, 11, 13, and 15 from this public filing because counsel for Defendants designated them as Highly Confidential pursuant to the Confidentiality Order. Plaintiffs omit these attachments without waiver of any objection to Defendants' designation. Should the Court wish to review the omitted attachments, Plaintiffs are prepared to file them under seal or in another manner the Court prefers.

to J. Kolenich and E. Woodward re Responses); 18 (May 10 Letter to R. Spencer re Responses). In the past six months, only Defendants Cantwell, Kessler, Parrott, Spencer, and Damigo have produced documents. Defendants Vanguard America, Ray, Mosley, Identity Europa, Heimbach, TWP, Schoep, National Socialist Movement, and Nationalist Front have ***not produced a single document in this case***. During meet and confers since the onset of discovery, Defendants have offered little by way of explanations for the state of their productions other than to baldly assert that they are adequate.

## II.     Defendants Have Produced Documents in the Wrong Format

For those documents that Defendants have produced, they have done so in contravention of Plaintiffs' Discovery Requests and the Federal Rules of Civil Procedure as interpreted by federal courts. For example, as is all but uniform in federal cases, Plaintiffs' Discovery Requests required Defendants produce each document in its entirety including all attachments. Rather than abiding by this requirement, however, Defendant Spencer produced a single, manually-created document that combined partial screenshots of texts, text copied from emails without the standard headers, text copied from tweets, and other documents. So, too, did Defendant Parrott, whose production amounted to a single PDF file of apparent screenshots from a chat messaging program and screenshots from an online forum. Virtually none of the documents produced by Defendants contain metadata—such as sender, recipient, and date sent—for the files provided. It is therefore not clear when these files were sent, where they were hosted, who sent them, and who may have received them.

4

### III. Defendants Publicly Expressed Their Intention to Spoliate Evidence

Certain Defendants have made several statements that they have destroyed or disabled relevant evidence, or will do so. Defendant Parrott posted on Facebook that "[i]f you were involved in any altercation in Cville, and you haven't disabled your social media, you should do so." *See* Ex. 2 (March 2 Email from C. Greene to J. Hoppe). Defendant Parrott thereafter tweeted that "[a]ll of the [TWP] information systems are completely air-gapped and will be destroyed within a few hours in order to guarantee all membership information literally no longer exists anywhere." Ex. 19 (March 13 Email from J. Fink to J. Kolenich and E. Woodward). Although he subsequently submitted a self-serving declaration wherein he denied destroying any documents, Defendant Parrott has since posted on Gab, a Twitter-like social media service, that "[t]here are reports going around that the [Defendant TWP] membership rolls have been handed over to either 'the government' or to leftist attorneys. Neither of these claims are true." Exs. 20, 21. In a follow-up comment, Defendant Parrott again reassured his followers that he refused to disclose evidence. Exs. 20, 21.

### IV. Plaintiffs Have Attempted to Reach Agreement Concerning Parties' Imaging

Pursuant to the Court's instructions during the March conference, the parties have spent the last three months attempting to reach a resolution on preserving documents and evidence, but have been unable to come to an agreement.

Defendants have objected to the Proposed Stipulation because they erroneously argue that the requirement to submit their electronic devices to a third-party vendor is not reciprocal to Plaintiffs, that certain provisions in the Proposed Stipulation would allow for the disclosure of irrelevant or privileged documents, and that Defendants should not have to bear the cost of their

5

own discovery. *See* Exs. 22 (June 25 Fax from J. DiNucci to C. Greene); 23 (June 25 Email from J. Kolenich to C. Greene). Since that time, Defendants Kessler and Parrott have indicated a willingness to image certain devices in their possession, and Plaintiffs have worked to help produce documents, including by providing to them proposed search terms to apply to the collected information. However, since providing those terms, Plaintiffs have not received any documents responsive to their terms from either Defendant. Indeed, though he informed Plaintiffs he would have his devices imaged, Defendant Parrott has still not done so. (Ex. 24.) According to his counsel, Defendant Kessler has had certain of his electronic devices imaged, but Plaintiffs have thus far received only a search term hit report, and not any production of documents from the purported imaging. Finally, Plaintiffs attempted a final time last week to secure Defendants' consent to the Proposed Stipulation. (Ex. 25.) Though Plaintiffs requested a response by Friday, September 28, not one Defendant responded.

Accordingly, Plaintiffs now propose that the Court enter the Proposed Stipulation to address these issues. *See* attached Proposed Stipulation. The Proposed Stipulation requires Defendants to take the same approach Plaintiffs *have already* taken with their own electronic devices. It sets forth a process for Defendants to image their electronic devices—ensuring the data is preserved and not deleted—and for reviewing and producing the data collected through the imaging. *See id.*, p. 2.

### PROPOSED STIPULATION

To ensure all electronically stored information ("ESI") is properly collected and preserved, Plaintiffs' Proposed Stipulation requires that a neutral third-party discovery vendor collect and preserve ESI from Defendants' electronic devices, including computers, smartphones, tablet

computers, and gaming devices, as well as from Defendants' social media accounts, including Facebook, Snapchat, and Instagram. Proposed Stipulation, pp. 2-3, 6-7. Defendants would hire—at their own expense—the third-party vendor, and Plaintiffs would identify the electronic devices and social media accounts that the third-party vendor would image and collect. *Id.*, p. 7. Defendants would then review the results of the ESI the third-party vendor collects (as Defendants would review documents ordinarily in discovery) and produce non-privileged documents responsive to Plaintiffs' Discovery Requests. *Id.*, pp.7-8. So there is no confusion on how documents should be produced, the Proposed Stipulation also includes the specific format Defendants must use to produce documents (including producing metadata). *Id.*, pp. 8-11.[2] Plaintiffs presented the Proposed Stipulation to Defendants and attempted to meet and confer concerning its contents.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 34(a), parties are permitted to request that another party "produce and permit the requesting party. . . to inspect, copy, test, or sample . . . any . . . electronically stored information." Fed. R. Civ. P. 34(a). Courts routinely find this rule provides for a third-party vendor to image a party's electronic devices where the party's production has inconsistencies or there is evidence of potential spoliation. *See, e.g.*, *Procaps S.A.* v. *Patheon Inc.*, No. 12-24356-CIV, 2014 WL 800468, at *3 (S.D. Fla. Feb. 28, 2014) (ordering plaintiff to retain a "neutral, third-party forensic examiner" to image plaintiff's electronic devices and collect

---

[2] Two Defendants—Kessler and Parrott—have undertaken to have their cell phones imaged, although they have not provided to Plaintiffs information necessary to assess the sufficiency of the collection. Nor have they produced any documents responsive to search terms provided by Plaintiffs in mid-July. (*See* Email from C. Greene to J. Kolenich, dated July 19, 2018, Ex. 26.)

7

plaintiff's ESI where there was evidence of potential spoliation); *Orrell* v. *Motorcarparts of Am., Inc.*, No. 3:06CV418-R, 2007 WL 4287750, at *6-8 (W.D.N.C. Dec. 5, 2007) (holding defendant was "entitled to conduct a forensic examination" of plaintiff's home computer where plaintiff alleged her home computer "crashed"); *Hardin* v. *Belmont Textile Mach. Co.*, No. 3:05CV492-MU, 2007 WL 2300795, at *4-5 (W.D.N.C. Aug. 7, 2007) (ordering imaging of a home computer where there were inconsistencies in the evidence produced during discovery); *Antioch Co.* v. *Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652-53 (D. Minn. 2002) (granting motion to compel and appointing a neutral expert to image defendants' computer equipment where data from a defendant's computer was deleted). Even if Defendants have not yet actually destroyed evidence, this Court can order Defendants to image their electronic devices where "electronic evidence is at issue." *Physicians Interactive* v. *Lathian Sys., Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *10 (E.D. Va. Dec. 5, 2003) (ordering expedited discovery and imaging of defendant's computer data where "electronic evidence [was] at issue" in a case alleging cyber-attacks); *see also Balboa Threadworks, Inc.* v. *Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *4 (D. Kan. Mar. 24, 2006) (ordering mirror imaging of defendants' computers despite no evidence of spoliation because the alleged infringement was "claimed to have occurred through the use of [these] computers").

## ARGUMENT

I. **Imaging of Defendants' Electronic Devices Is Warranted Because Defendants' Productions Have Been Inadequate and Defendants Threatened to Destroy and Withhold Relevant Evidence.**

Imaging is warranted in this case not only because Defendants' document production has been inadequate—indeed, nearly non-existent—in response to Plaintiffs' multiple attempts over the past five months to facilitate the discovery process, *see Hardin*, 2007 WL 2300795, at *4, but

also because several Defendants have openly admitted that they intend to delete evidence, and may have *already* deleted evidence relevant to this case. *See* Exs. 2, 4, 20, 21.

It is well-established that parties in litigation must preserve evidence that may be relevant to that litigation. *See, e.g.*, *Orrell*, 2007 WL 4287750, at *6 (citing *Silvestri* v. *GMC*, 271 F.3d 583, 591 (4th Cir. 2001)). If Defendants in this case fail to preserve relevant evidence, Plaintiffs will unquestionably suffer irreparable harm because a key element of their claims is demonstrating a conspiracy by and among the Defendants to commit racially motivated violence. *See Humphrey* v. *Sallie Mae, Inc.*, No. 3:10-cv-01505-JFA, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010) (granting request for expedited discovery on cell phone data where there was a risk of Verizon purging the electronic data, causing plaintiff "irreparable harm"); *see also* Memorandum Opinion, ECF No. 335, at 39, 31, 36 (crediting allegations of communications among Defendants as supporting the Court's conclusion that Plaintiffs have plausibly alleged an unlawful conspiracy).

Here, the facts fully justify the Court's entering of the Proposed Stipulation. Plaintiffs have good cause to believe Defendants failed to preserve and are likely to destroy (or fail to prevent the destruction of) relevant evidence. *See* Exs. 2, 4, 20, 21. Defendants publicly threatened to delete relevant documents and encouraged others to do so. *See id.* Moreover, Plaintiffs are aware of documents in Defendants' possession that they have failed to produce, including documents that Defendant Kessler produced in litigation against the City of Charlottesville and the TWP membership rolls that Defendant Parrott repeatedly assures his followers will not be produced.

Importantly, to the extent Defendants have already deleted relevant documents, imaging may help retrieve the deleted documents, *see, e.g.*, *Orrell*, 2007 WL 4287750, at *6-8 (forensic examination of computer where computer had crashed); *Antioch*, 210 F.R.D. at 652-53 (computer

9

equipment subject to imaging where data was deleted); *Procaps S.A.*, 2014 WL 800468 (forensic examination and attempt to recover deleted files where plaintiff may have spoliated evidence), and help Plaintiffs determine whether and to what extent any documents have been deleted. Moreover, imaging Defendants' electronic devices will ensure they do not delete potentially relevant evidence in the future, thus preventing irreparable harm to Plaintiffs. *Cf. .Humphrey*, 2010 WL 2522743.

**II. The Imaging of Defendants' Electronic Devices Is Warranted Because Electronic Communications Among the Defendants and Their Co-Conspirators Are a Key Factual Component of This Litigation.**

This Court may order a party's electronic devices to be imaged when the electronic data is a key aspect of the litigation. *See Physicians Interactive*, 2003 WL 23018270, at *10; *Balboa Threadworks*, 2006 WL 763668, at *4. Here, critical evidence is likely contained on Defendants' electronic devices. Defendants communicated extensively through electronic means concerning the events of August 11 and 12, 2017. *See* Amended Compl. (ECF No. 175) at ¶¶ 68-142. Moreover, based on Defendants' limited production thus far, it is clear that Defendants used their cell phones and computers to plan, coordinate, and discuss the August 11 and 12 "rallies." Indeed, they have admitted as much. Specifically, Defendants Damigo, Heimbach, Hill, Tubbs, Schoep, Ray, Vanguard America, and Parrott indicated in their interrogatory responses that they used cell phones to communicate concerning the events of August 11 and 12. Yet not one of those

10

Defendants has produced a single text message or phone record responsive to Plaintiffs' Discovery Requests.[3]

An important source of proof for Plaintiffs' conspiracy allegations is the communications among Defendants and their co-conspirators manifesting their unlawful objective. *See, e.g.*, Memorandum Opinion, ECF No. 335 at 39, 31, 36 (crediting allegations of communications among Defendants as supporting the Court's conclusion that Plaintiffs have plausibly alleged an unlawful conspiracy). Consequently, the electronic evidence of such communications is plainly "at issue," *Physicians Interactive*, 2003 WL 23018270, at *10, is "particularly important" here, *Balboa Threadworks*, 2006 WL 763668, at *4, and the Court should order Defendants to image and produce it.

### III. The Court Has the Authority to Compel the Production of Documents in Their Native Format with Metadata.

The Proposed Stipulation would also preserve and maintain critical metadata information. Metadata contains substantial information that is critical in litigation, such as "information describing the history, tracking or management of an electronic file," and may assist in the authentication of documents. *Kleppinger* v. *Tex. Dep't of Transp.*, No. L-10-124, 2012 WL 12893654, at *9 (S.D. Tex. Aug. 23, 2012) (quoting Fed. R. Civ. P. 26 advisory committee notes, 2006 Amendment). It also can provide information such as when and to whom communications

---

[3] And where Defendants have produced text messages, they only serve to highlight the deficiency of their co-Defendants' production. For example, Defendant Cantwell communicated by text with Defendants Invictus, Spencer, and Mosley concerning the Events, yet not *one* of the texts in Defendant Cantwell's production appears in the corresponding "production" from the Defendants with whom Defendant Cantwell is communicating.

11

were sent. Because there are serious and legitimate concerns of bad faith tampering or deletion of relevant files, and due to the nature of Plaintiffs' claims, the use of metadata in this case is vital.

With limited exceptions, Defendants have failed to produce any metadata. That failure is not remotely justified. To proceed as Defendants have, they must show that "undue hardship and expense" justifies the production of their documents without "producing metadata." *See id.* (citing *Romero* v. *Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D. Pa. 2010)). Defendants have not come close to meeting this burden. There is no "undue hardship" where the documents are kept in "accessible" format, like "[m]achine-readable data" from "online, near-line, or offline data in storage or archives." *See id.* at *3 (citation omitted). Here, Defendants' electronic data—outlined in the Proposed Stipulation—*should* be kept in accessible format (unless Defendants intentionally tampered with documents) because the data is from computers and cell phones.

Defendants have also waived any objection to producing documents with metadata because they failed to timely object. *See Wellin* v. *Wellin*, Nos. 2:13-cv-1831-DCN, 2:13-cv-3595-DCN, 2014 WL 3496514, at *4 (D.S.C. July 14, 2014) ("time to object" to producing electronic data with metadata had "long since passed" where subpoenaed parties failed to serve "written objections" in their responses). Plaintiffs have been asking for the production of documents in their native format since Plaintiffs served their Discovery Request eight months ago, and Defendants have not objected in any of their Discovery Responses. *See* Ex. 1; *see generally* Exs. 6-15 (discovery responses).

Because metadata is critical to Plaintiffs' claims and Defendants cannot show there is an undue burden associated with producing it, the Court should order Defendants to produce their documents in the form specified by the Proposed Stipulation.

12

**IV.     Defendants Should Bear the Costs of Imaging Their Own Devices.**

In discovery, "the presumption is that the producing party should bear the cost of responding to properly initiated discovery requests." *TBC, Inc.* v. *DEI Sales, Inc.*, No. CCB-14-3644, 2017 WL 4151261, at *7 (D. Md. Sept. 19, 2017) (citation omitted); *see also Jones* v. *Bank of Am., N.A.*, No. 3:14-cv-11531, 2015 WL 1808916, at *7 (S.D. W. Va. Apr. 21, 2015) (producing party required to bear the cost of responding to discovery where there was no "good cause for a reallocation"). Indeed, where a party "could have avoided some of the document collection and production costs if it had *simply complied* with the Rules of Civil Procedure," there is no good cause to reallocate the costs of responding to discovery to the requesting party. *Jones*, 2015 WL 1808916, at *7 (emphasis added).[4]

Defendants' objections to bearing the cost of their own preservation and production of documents should be rejected. *First*, Defendants cannot show the costs here are unduly burdensome; indeed, they are instead commensurate with the significance of this litigation. *See, e.g.*, *Ashmore* v. *Allied Energy, Inc.*, No. 8:14-cv-00227-JMC, 2016 WL 301169, at *3 (D.S.C. Jan. 25, 2016)*,* (no good cause to shift cost to comply with discovery order where defendant failed to provide evidence of cost or its financial condition) (citing *Convertino* v. *U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008))). "Conclusory or factually unsupported assertions by counsel that the discovery of electronic materials should be denied because of burden or expense can be expected to fail." *Thompson* v. *U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 98 (D. Md. 2003); *see also Wagoner* v. *Lewis Gale Med. Ctr., LLC*, No. 7:15 cv 570, 2016 WL 3893135,

---

[4]     This is particularly relevant for any Defendants claiming that the forensic restoration of their files will be too burdensome since such costs could have been avoided had Defendants taken appropriate steps to preserve information last October when the lawsuit was filed.

13

at *2-3 (W.D. Va. July 14, 2016) (refusing to shift costs onto the moving party simply because the non-moving party would be forced to contract with an expensive outside vendor).

*Second*, it is especially appropriate for Defendants to bear the cost of their own imaging because they have failed to "simply compl[y] with the Rules of Civil Procedure." *Jones*, 2015 WL 1808916, at *7. In particular, Defendants have provided inadequate productions and have threatened to destroy—or have actually destroyed—relevant evidence. *See id.; see also supra* pp. 2-5. Even without the established presumption that Defendants should bear the cost of their own document production, Defendants' behavior throughout the discovery process justifies the Proposed Stipulation requiring them to bear the cost of imaging.

### V. Defendants' Arguments Against the Proposed Stipulation Are Unpersuasive.

#### a. The Proposed Stipulation Recognizes and Adequately Protects from Disclosure to Plaintiffs Any Privileged and Non-Responsive Information.

The Proposed Stipulation protects privileged and non-responsive information, which obviates any legitimate confidentially concerns. Before Plaintiffs are ever permitted to view the documents collected from Defendants' devices, Defendants and their counsel are permitted to review the collected documents and produce to Plaintiffs only those "non-privileged Documents that are responsive to the Discovery Requests." Proposed Stipulation at 7-8. Accordingly, Plaintiffs will only receive responsive documents that have been deemed non-privileged by Defendants. *See id.* at 7. Defendants' misimpression that the Proposed Stipulation permits the sharing of privileged or non-responsive documents is contradicted by the language of the Proposed Stipulation itself. Furthermore, all confidential information is already protected under the Protective Order entered on January 3, 2018. *See* ECF No. 167.

14

Several courts, in the face of privilege and responsiveness concerns raised by objecting parties, have approved imaging procedures that are nearly identical to that in the Proposed Stipulation. *See, e.g.*, *Procaps S.A.*, 2014 WL 800468, at *5 (third-party forensic expert ordered to image plaintiff's electronic devices, give documents to plaintiffs to identify privileged documents, and all other documents to be produced to defendant); *Ferron* v. *Search Cactus, L.L.C.*, No. 2:06-CV-327, 2008 WL 1902499, at *4 (S.D. Ohio Apr. 28, 2008) (non-independent expert was permitted to image plaintiffs' hard drives and "remove the information claimed as privileged" before turning over to the defendants); *Antioch*, 210 F.R.D. at 653-54 (permitting imaging of defendants' devices where defendants and court received copies of the data and defendants would "sift through the data . . . to locate any relevant documents" to turn over to plaintiff). Therefore, Defendants' objection to the Proposed Stipulation on privilege or responsiveness grounds is without merit.

### b. The Proposed Stipulation Requires Only That Defendants Satisfy Their Unfulfilled Obligations to Preserve and Produce Documents, as Plaintiffs Are Doing.

Defendants' accusations of asymmetry in the Proposed Stipulation are likewise without merit. To the contrary, Plaintiffs have gone above and beyond what Defendants are willing to do *with no prompting* from Defendants or this Court. In particular, Plaintiffs hired a third-party vendor at the commencement of this litigation, at their own expense, and had that vendor image Plaintiffs' devices. The Proposed Stipulation would formalize an obligation Defendants already have but refuse to fulfill: to collect, preserve, and produce documents responsive to Plaintiffs' Discovery Requests.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion, compel Defendants to proceed with the imaging and inspection of their electronic devices as per the Proposed Stipulation, enter the Proposed Stipulation, and order such other relief as the Court deems necessary and appropriate.

Dated: October 2, 2018

Respectfully submitted,

*s/* Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
cgreene@kaplanhecker.com
sstrohmeier@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP

New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com
jlibling@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

I further hereby certify that on October 2, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

                                                       *s/* Robert T. Cahill
                                                       Robert T. Cahill (VSB 38562)
                                                       COOLEY LLP

                                                       *Counsel for Plaintiffs*