UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>　　　　　　　　　　　Defendants. | **Civil Action No.** 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] STIPULATION AND ORDER FOR THE
IMAGING, PRESERVATION, AND PRODUCTION OF DOCUMENTS**

1

WHEREAS the Plaintiffs having engaged a discovery vendor to image, preserve, and produce information relevant to the Action in a manner consistent with the Federal Rules of Civil Procedure; and

WHEREAS certain Defendants have expressed an inability to image, preserve, and produce Electronically Stored Information ("ESI") in a manner consistent with the Federal Rules of Civil Procedure; and

WHEREAS the Plaintiffs and Defendants Christopher Cantwell, Nathan Damigo, Matthew Heimbach, Michael Hill, Identity Evropa, Jason Kessler, League of the South, Eli Mosley, Nationalist Front, National Socialist Movement, Matthew Parrott, Robert Ray, Jeff Schoep, Richard Spencer, Traditionalist Worker Party, Michael Tubbs, and Vanguard America (collectively, the "Defendants," and with Plaintiffs, the "Parties") having stipulated and agreed to the terms set forth herein;

IT IS hereby ORDERED as follows:

I. **GENERAL PROVISIONS AND DEFINITIONS**

1. <u>Scope of Order</u>: This Stipulation and Order governs the Parties' agreement to permit the Third Party Discovery Vendor to collect and preserve evidence from Defendants' Electronic Devices that is potentially relevant to this litigation and/or responsive to Plaintiffs' Discovery Requests.

2. <u>Definitions</u>: As used herein:

   i. "Action" refers to the above-captioned litigation, *Sines, et al. v. Kessler, et al.*, No. 17-cv-00072 (W.D. Va.).

   ii. "Discovery Requests" refers to Plaintiffs' [Corrected] First Set of Documents Requests, dated January 25, 2018; Plaintiffs First Set of

Interrogatories, dated January 25, 2018; and any other discovery requests served by Plaintiffs in this Action.

 iii. "Document" shall be construed broadly to include any original, reproduction or copy of written or documentary material, ESI (as defined below), howsoever stored, or drafts thereof, including, but not limited to, correspondence, memoranda, and other communications. The term "Document" shall also encompass the use of the term "Documents" as contemplated by Fed. R. Civ. P. 34(a) including, without limitation, Documents maintained in paper form. The term "Document" as used in this Stipulation and Order is synonymous with "file."

 iv. "Electronic Device" shall be construed to include computer networks, mainframe computers, desktop computers, laptop computers, smartphones, tablet computers, gaming devices, hard drives and/or electronic storage systems and/or devices (whether accessed via a network or locally). For purposes of clarification, storage devices include external hard drives, portable jump or thumb drives, CDs, DVDs, and any other electronic data storage device.

 v. "Electronically Stored Information" or "ESI" shall be construed to mean all digital or analog electronic files, including 'deleted' files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including phones, tablets, laptops, desktop computers, and any hard drives or backup media used by the Defendants (e.g., other external hard drives, backup drives or tapes, flash drives, or

any other storage media used for storing backups) or otherwise, whether such files have been reduced to paper printouts or not. This includes all e-mails, both sent and received; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts, and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of smartphones or any other mobile smart device including Personal Data Assistants ("PDA's"); all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all internet and web-browser-generated history files, caches and "cookies" files; and any and all other files generated through the use of computers, video, audio recording, image, instant messages, posts to social media, text messages, gaming and collaboration web services or information and/or telecommunications, including but not limited to voice mail and cloud storage. ESI shall not include any file created by a machine or any files necessary for the normal operation of a computer system. The term "ESI" as used in this Stipulation and Order shall also encompass the meaning of "electronically stored information" as used in Fed. R. Civ. P. 34(a).

vi. The act of creating an "image" or "imaging" as used herein refers to creating an electronic copy that captures all ESI related to that device or account without the alteration of metadata associated with that account.

vii. "Metadata" refers to the fields set forth below to the extent that such fields are available in the source Document.

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a Document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| DocTitle | Document title as stored in file metadata |
| Custodian | Full name of all applicable custodians |
| Author | Document author information for non-email |
| From | Email FROM |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business |
| DateCreated | File date created MM/DD/YYYY |
| DateModified | File date modified MM/DD/YYYY |
| DateSent | Date sent MM/DD/YYYY |
| TimeSent | Time sent HH:MM:SS AM/PM |
| DateReceived | Date received MM/DD/YYYY |
| TimeReceived | Time received HH:MM:SS AM/PM |
| DateStarted | Date started MM/DD/YYYY |
| DateEnded | Date ended MM/DD/YYYY |
| FileName | Name of the file as maintained in the ordinary course of business with extension |
| MD5Hash | The Computer-generated MD5 Hash value for each document |

| NativePath | The path to the native-format file corresponding to each Document on the delivery media, including the file name (if a native-format file is provided) |
|---|---|
| TextPath | The path to the corresponding text file for each Document on the delivery media, including filename |

    viii. "Producing Party" refers to the Party producing Documents.

    ix. "Protective Order" refers to the "Order for the Production of Documents and Exchange of Confidential Information," ECF No. 167.

    x. "Social Media Account" shall mean an account on any forum, website, application, or other platform on which persons can create, transmit, share, communicate concerning, or comment upon any information, ideas, or opinions, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are social media platforms: email, comment sections of websites, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, Youtube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, or Skype. Without limiting the foregoing in any manner, and by way of example only, the following are methods of using social media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

    xi. "Third Party Discovery Vendor" shall mean a company capable of undertaking the obligations set forth herein that is in the business of conducting forensic examinations of Electronic Devices for the purposes

6

Case 3:17-cv-00072-NKM-JCH   Document 354-1   Filed 10/02/18   Page 6 of 14   Pageid#: 3193

of collecting and preserving ESI, as well as determining whether any ESI has been deleted or lost.[1]

## II. COLLECTION AND IMAGING OF DOCUMENTS[2]

3. <u>Engagement of a Third Party Discovery Vendor</u>: Within 21 days of the entry of this Stipulation and Order, Defendants—whether collectively or individually—shall engage, at their own expense, a Third Party Discovery Vendor to conduct the collection and production required by this Stipulation and Order.

4. <u>Identification of Sources of Documents</u>: Within 14 days of the entry of this Stipulation and Order, Defendants shall complete the Certification attached as Exhibit A (the "Certification"), and provide such Certification to counsel for Plaintiffs.

5. <u>ESI</u>: Within 7 days of receipt of the Defendants' Exhibit A's, Plaintiffs shall identify those Electronic Devices and Social Media Accounts that the Third Party Discovery Vendor shall image and collect. Within 28 days of the entry of this Stipulation and Order, Defendants shall make available to the Third Party Discovery Vendor for imaging and collection any Electronic Device or Social Media Account identified on Exhibit A and selected by Plaintiffs pursuant to this paragraph.

6. <u>Identification of Responsive Documents</u>: Following the imaging and collection of the Documents contained on Electronic Devices and Social Media Accounts identified on Exhibit A and selected by Plaintiffs, Defendants shall review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery

---

[1] Examples of such companies include, but are not limited to: Epiq Systems, Inc.; RVM Enterprises, Inc.; KLDiscovery; kCura; and FTI Consulting.
[2] Due to his current incarceration, the deadlines in Section II shall not apply to Defendant Fields. Plaintiffs and Defendant Fields will enter into a separate stipulation and proposed order as to the timing to be applied to Defendant Fields.

Requests in the manner set forth in Paragraphs 7-15 below.  Prior to conducting the review of the results of the collection, Defendants shall disclose to Plaintiffs any search terms or date ranges used to limit the review population.  Should Plaintiffs have an objection to the search terms or date ranges applied by Defendants, Plaintiffs shall note such objection by email and Parties shall confer within one week to attempt to resolve any dispute.  In the event that a dispute between the Parties remains following the meet and confer, the Parties shall submit to the Court a joint email setting forth the nature of the dispute for the Court's resolution.

### III. **FORMAT OF PRODUCTION OF DOCUMENTS**

7. When producing Documents responsive to Parties' discovery requests, Producing Parties shall produce such Documents in the following manner:

8. Production Format:

   i. For word processing files (e.g., Microsoft Word):  Comments, "tracked changes," and any similar in-line editing or hidden content will be produced.  Such files must be produced in native format with the only alteration being the addition of Bates numbers, unless the file can be produced as a pdf or TIFF file in a manner that preserves the metadata of the original word processing file.

   ii. For presentation files (e.g., Microsoft PowerPoint):  Speaker notes, comments, and all other hidden content will be produced.  Such files must be produced in native format with the only alteration being the addition of Bates numbers, unless the file can be produced as a pdf or TIFF file in a manner that preserves the metadata of the original presentation file.

iii. For spreadsheet files (e.g., Microsoft Excel): Hidden columns, rows, and sheets, comments, "tracked changes," and any similar in-line editing or hidden content will be produced. Such files must be produced in native format with the only alteration being the addition of a Bates number to the file name.

iv. Text messages, instant messages, e-mails, and social media postings (e.g., Facebook activity): Such files will be produced as pdf or TIFF files with optical character recognition ("OCR"). The Bates number will be affixed at the lower right-hand corner of the PDF or TIFF files.

v. Media files, including audio, videos and photographs: Such files may be produced in native format with the only alteration being the addition of a Bates number to the file name.

vi. For PDFs: Such files will be produced as PDF or TIFF files with optical character recognition ("OCR") and Bates numbers.

vii. For hard-copy documents: Such files will be produced as PDF or TIFF files with OCR and Bates numbers.

viii. For any and all ESI, Documents shall be produced with all metadata intact to the maximum extent possible. Where necessary to preserve metadata that cannot be produced as a result of the production formats listed above, or that cannot be produced with the Document for any other reason, the Producing Party will affix as the final page of the Document a description of the metadata.

9. <u>Segregation of Documents</u>: Documents to be produced that are segregated or separated from other Documents, whether because the Documents were located in binders, separate files, segregated by dividers, tabs, or clips or otherwise segregated or separated, will be produced in a manner that reflects these divisions. Without limiting the foregoing, the Parties specifically agree that:

    i. In scanning paper documents, distinct documents should not be merged into a single Document, and single documents should not be split into multiple Document (i.e., paper documents should be logically unitized as found in the source Document). The Parties will make their best efforts to unitize documents correctly and agree promptly to address situations where there are improperly unitized documents.

    ii. Parent-child relationships (the association between an attachment and its parent Document) should be preserved and appropriately reflected in the metadata if identified in the source Document. Bates numbering of a parent Document and any attachments shall be sequential such that a parent Document has the lowest value Bates number when compared to its attachment(s).

    iii. If any portion of a Document is responsive, the entire Document should be produced.

10. <u>Bates Numbering</u>: Documents shall be produced Bates-stamped. Bates numbers shall be unique IDs with a prefix that can be readily attributed to the Producing Party. Bates numbering should be sequential. The Parties agree to use placeholders (e.g., "intentionally left

blank" pages), rather than skipping Bates numbers in production. Bates numbers shall be provided on the lower right-hand of each page.

11. <u>Treatment of Attachments</u>: Where attachments to Documents are produced, they shall be attached in the same manner as found in the original Document. Where Documents are produced and all attachments thereto are not included, the Producing Party shall identify the missing attachments by means of a one-page "place holder" document for each missing document and assign a Bates number to that page, consistent with the Bates number protocol in this Stipulation. For each missing attachment, the Producing Party shall provide a description of the attachment, type of document, title, number of pages, and explain the reason for its non-production, with information sufficient to allow the Party requesting the production of the Document to understand the basis for the non-production and to challenge it in Court, if appropriate.

## IV. **REDACTION OF DOCUMENTS**

12. Producing Parties may only redact the content of documents to the extent the content is: (a) subject to the attorney-client privilege, work-product doctrine, or any other privilege; (b) information that is not responsive to any discovery request.

13. To the extent that a document is produced in redacted form, any redactions shall be clearly indicated on the face of the document and each page of the document from which information is redacted shall bear a designation that it has been redacted and the reason for the redaction. As an example, "Redacted for Privilege," "Highly Confidential – Redacted" when producing documents to Pro Se Parties, or "Redacted as Non-Responsive." Where a responsive document contains both redacted and non-redacted content, the Producing Party shall produce the remainder of the non-redacted portions of the document. Only where redactable content is predominant in a document and no potentially relevant unredacted material responsive to a

discovery request for production remains in the document shall a Party be exempted from producing the document in redacted form (i.e., the Party can withhold the document in its entirety).

14. Documents that are to be produced in a native format but require redactions may be produced with the relevant text replaced with "[REDACTED]" or black overlay concealing those portions of the document.

15. The production of a document in redacted form does not affect the Producing Party's obligation to properly document and substantiate the assertion of privilege over the content on a privilege log. Any Party that produces documents containing redactions for privilege or withholds documents on the basis of privilege shall create a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26. All redactions must be logged by the Producing Party on the privilege log.

### V. MISCELLANEOUS

16. Except as specifically set forth herein, this Stipulation does not alter or affect the applicability of the Federal Rules of Civil Procedure or Local Rules for the Western District of Virginia to this matter. Nor does this Stipulation address, limit, affect, determine, or have any bearing on the relevance, discoverability, or admissibility as evidence of any Document (as defined below), regardless of whether the Document is to be preserved, is preserved, or is produced pursuant to the terms of this Stipulation.

17. All obligations in this Stipulation and Order are continuing obligations. As such, for every new email address, mobile phone device, computer, external storage, social media account, or other communication platform created or obtained during this Action, the relevant obligations in this Stipulation and Order apply and require an updated Certification from each Party confirming that they have completed their obligations under this Stipulation and Order.

18. This Stipulation and Order does not alter any obligations or rights that may be contained in the Protective Order.

19. Nothing in this Stipulation and Order shall be deemed a waiver of any Party's right to object to the production of any Document on the basis of relevance, materiality, privilege, overbreadth, burden, proportionality, or any other recognized objection to discovery.

20. Nothing in this Stipulation and Order shall be deemed to either diminish or eliminate the general obligation to identify and preserve potentially relevant information, nor as a waiver of any Party's right to seek any appropriate relief for spoliation or any failure to preserve or to otherwise seek appropriate relief from this Court.

21. Any Party may seek a modification to this Stipulation and Order from the Court for good cause shown.

22. Any obligation to preserve Documents or ESI contained in this Stipulation and Order shall continue throughout the pendency of this litigation, including during the pendency of any appeals or time in which a Party may appeal.

So Ordered:

_____          _____
Magistrate Judge Hoppe                                  Date

13
Case 3:17-cv-00072-NKM-JCH   Document 354-1   Filed 10/02/18   Page 13 of 14   Pageid#: 3200

# EXHIBIT A TO STIPULATION AND ORDER FOR THE
# IMAGING, PRESERVATION, AND PRODUCTION OF DOCUMENTS

Consistent with the obligations under the "Stipulation and Order for the Imaging, Preservation, and Production of Documents," I certify that:

1. The following are all the Social Media Accounts, as defined in ¶ 2(xi) of the Stipulation and Order, that contain potentially relevant Documents:

| Username | Provider/Platform | Nature of Responsive Documents on Account |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

2. The following are all the Electronic Devices, as defined in ¶ 2(vi) of the Stipulation and Order, that I have possessed since January 1, 2017 that may contain any potentially relevant Documents or ESI:

| Device Type (e.g., iPhone 7) | Size (e.g., 32 GB) | Nature of Responsive Documents on Device |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____.

_____

Defendant