# EXHIBIT 4

# Kaplan & Company, LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

March 9, 2018

**By E-MAIL**

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

    Re: *Sines* v. *Kessler, et al.*, Case No. 3:17-cv-00072

Dear Counsel:

  We write concerning the failure of Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell ("Defendants") to timely respond to Plaintiffs' outstanding discovery requests, and to obtain confirmation that Defendants are, and have been, complying with Defendants' respective obligations to preserve any and all Communications and Documents relevant to this litigation.[1]

## Failure to Respond to Plaintiffs' Discovery Requests

  On January 25, 2018, Plaintiffs served Defendants with Plaintiffs' [Corrected] First Set of Requests for Production of Documents to All Defendants ("First RFPs") and Plaintiffs' First Set of Interrogatories to All Defendants ("First Interrogatories," and collectively with the First RFPs, the "First Discovery Requests"). Defendants' deadline to respond to the First Discovery Requests was February 26, 2018. *See* FED. R. CIV. P. 34(b)(2)(A).[2] Since you have not timely

---

[1]  Capitalized terms used in this letter have the same meaning as in Plaintiffs' [Corrected] First Set of Requests for Production of Documents to All Defendants, served on counsel for all Defendants on January 25, 2018, including the definitions of "Communications," "Documents," and "Social Media."

[2]  Defendant Peinovich's and Defendant Fields' motions to stay discovery do not relieve any Defendant of the obligation to respond. *See, e.g., Alston* v. *Becton, Dickinson & Co.*, No. 1:12-cv-452, 2014 WL 338804, at *2 (M.D.N.C. Jan. 30, 2014) ("the mere filing of a motion to stay does not effect a stay").

objected to Plaintiffs' First RFPs, please confirm by no later than March 15, 2018, that you will begin producing documents responsive to the First RFPs by no later than March 23, 2018, and provide a reliable estimate of when you expect to complete your production. If we do not hear back from you by March 15, 2018, we will seek relief from the Court.

Similarly, with respect to Plaintiffs' First Interrogatories, if we do not hear from you by March 15, 2018, that we will receive your belated responses by March 23, 2018, we will also seek relief from the Court.

### *Preservation of Relevant Information*

Last week, it came to Plaintiffs' attention that one Defendant was encouraging anyone "involved in any altercation in Cville" to disable their social media accounts in order to avoid "getting a ride," and another Defendant "began the process of deleting [his] FB acct" in response to Plaintiffs' document requests. *See* Mar. 2, 2018 email from Pls. to Magistrate Judge Hoppe. Any such deletion of relevant Communications or Documents, including Social Media, would be in violation of the duty to preserve documents.[3]

Accordingly, Plaintiffs request that by no later than March 15, 2018, each Defendant provide written confirmation that Defendant: (1) is (and has been) complying with the obligation to preserve any and all Communications and Documents relevant to this litigation; (2) agrees to take all necessary steps to have Defendant's computers, mobile devices, and other electronic devices and data, including webmail, Social Media, and cloud storage accounts, that may contain information relating to this action imaged by a third party vendor agreed upon by Plaintiffs; and (3) agrees to stop the deletion of and immediately recover any Social Media accounts or data containing information relating to this action that Defendant has deleted or attempted to delete.

*****

Plaintiffs look forward to receiving your timely response to this letter, including Defendants' responses to Plaintiffs' First Discovery Requests, and reserve all rights with respect thereto. Should you wish to discuss these requests, Plaintiffs are available to meet and confer by phone at your soonest convenience.

Sincerely,

Julie E. Fink

cc:  Karen Dunn (via e-mail)
     Alan Levine (via e-mail)
     Roberta Kaplan (via e-mail)

---

[3]  *See, e.g., Silvestri* v. *Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) (a party has a duty to preserve evidence as soon as a party "reasonably should know that the evidence may be relevant to anticipated litigation"); *Jenkins* v. *Woody*, No. 3:15CV355, 2017 WL 362475, at *14 (E.D. Va. Jan. 21, 2017) (observing that the duty to preserve evidence "is triggered, *at the latest*, when the defendant is served with the complaint") (citations omitted, emphasis added).