# EXHIBIT 14

**From:** richard@richardbspencer.com
**Subject:** Spencer's Response to Document Request and Interrogatories
**Date:** Wednesday, April 18, 2018 3:40:04 PM
**Attachments:** Spencers Response to Doc Request v1.pdf
Spencer Response to Interrogatories.pdf

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

Plaintiffs,

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

## Civil Action No. 3:17-cv-00072-NKM

DEFENDANT RICHARD SPENCER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS

Defendant Richard Spencer, Pro Se, in accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to plaintiffs' First Request for Documents as follows:

# Preliminary Objections

Richard Spencer objects to the document request on the grounds that it was not signed by an attorney admitted in the U.S. District Court for the Western District of Virginia and that, therefore, the request is a nullity.

Spencer's investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, his right to rely on other facts or documents at trial.

By making the accompanying responses and these objections to plaintiffs' requests for production, Spencer does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Spencer makes the responses and objections herein without in any way implying that he considers the requests or responses thereto relevant or material to the subject matter of this action.

Spencer will produce responsive documents only to the extent such documents are in his possession, custody, or control.

Spencer expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

Spencer provides document responses under the agreement with plaintiffs' counsel as to the application of the parties' confidentiality agreement to the responses. Agreement on the confidentiality agreement is particularly critical in light of the open and avowed intentions of persons and groups linked to and including plaintiffs to harass, dox, and intimidate Spencer and anyone else whom these persons or groups perceive as remotely associated with or sympathetic to Spencer.

Spencer objects to each instruction, definition, and document request to the extent it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

Spencer objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Spencer objects to plaintiffs' instructions and each document request to the extent that it calls for production of a privilege log. As will be further explained in Spencer's response to plaintiffs' second set of interrogatories, plaintiffs are improperly seeking to use inquiries into Spencer's communications and relationships with attorneys, which have no prospect to leading to discoverable evidence, to undermine and prevent such communications and relationships. As plaintiffs are aware, Antifa organizations, with which plaintiffs closely cooperated in the Events

described in plaintiffs' complaint, openly proclaim their intentions to harass and incite violence against attorneys who represent persons toward whom Antifa has antipathy. See, e.g., https://torchantifa.org/?p=687.

Spencer objects to each definition, instruction, and document requests, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Spencer occur, it is inadvertent and shall not constitute a waiver of any privilege.

Spencer objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to plaintiffs from their own files.

Spencer incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Spencer does not waive his right to amend his responses.

# Request For Production No. 1

All Documents and Communications concerning the Events, including without limitation all documents and communications:

i. concerning any preparation, planning, transportation to, or coordination for, the Events, including receipts, bills and credit card statements reflecting costs for transportation, lodging, apparel, gear, or any other material purchased for the Events;

ii. concerning any instructions or coordination relating to the Events, including security details, what to wear, what to bring, when to meet, where to meet, what to say, and any other logistical information or arrangements;

iii. that are Social Media documents concerning the Events;

iv. you created during the Events, including Social Media, text messages, video, and photographs;

v. concerning African Americans, Jewish individuals, or other religious, racial, or ethnic minorities that relate in any way to the Events;

vi. concerning any statement or action attributed to You in the Amended Complaint; or

vii. concerning any allegation of an altercation, violent act, injury, or instance of intimidation or harassment that occurred during the Rally, including but not limited to James Fields' vehicular incident; or

viii. concerning any funding of the Events, including for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or the planning thereof).

# Spencer's Response

Spencer objects to this request on the grounds of attorney-client privilege. He is withholding from production on that basis documents that are subject to attorney-client privilege, such as

1. written communications (including electronic communications) between you and any attorney from whom you have obtained advice or assistance in connection with this case;

2. notes made by you during any discussions with any such attorney;

3. notes any such attorney made during any such discussions.

Spencer objects on the grounds of work-product privilege. He is withholding from production on that basis documents that are subject to work-product privilege, such as

1. notes made by any attorney with whom you have conferred about the case

2. memoranda by any such attorney

3. legal research by any such attorney

4. drafts of any pleadings that you have filed

5. compilations of any documents that any attorney has prepared in connection with providing any advice or assistance to you in connection with this case

Spencer is providing social media (tweets, photographs, and videos from Periscope and YouTube) and text messages from the days surrounding it, as well as receipts for lodging and travel. See Appendices.

# Request For Production No. 2

All Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way.

## Spencer's Response

Spencer makes the same objections as he did for Request No. 1.

Spencer is providing social media (tweets, photographs, and videos from Periscope and YouTube) and text messages from the days surrounding it, as well as receipts for lodging and travel. See Appendices.

# Request For Production No. 3

All Documents concerning and all Communications concerning or with East Coast Knights of the Ku Klux Klan (or East Coast Knights of the True Invisible Empire), Fraternal Order of the Alt- Knights, Identity Europa (or Identity Evropa), League of the South, Loyal White Knights of the Ku Klux Klan (or Loyal White Knights Church of the Invisible Empire Inc.), Moonbase

Holdings, LLC, Nationalist Socialist Movement, Nationalist Front (or Aryan National Alliance), Traditionalist Worker Party, Vanguard America, or any such other social group or organization that has as part of its agenda a racial, religious, or ethnic objective.

## Spencer's Response

Spencer makes the same objections as he did for Request No. 1. Spencer objects on the grounds of the patent ambiguity and vagueness in the use of the phrase "any such other social group or organization that has as part of its agenda a racial, religious or ethnic objective."

Spencer is providing social media (tweets, photographs, and videos from Periscope and YouTube) and text messages from the days surrounding it. See Appendices.

## Request For Production No. 4

All Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence.

## Spencer's Response

Spencer makes the same objections as he did for Request No. 1.

Spencer is an identitarian activist and publisher; he has never engaged in political violence nor ordered or encouraged other to do so; quite to the contrary, he has engaged

in convincing other of the rightness of his ideas through publishing, speeches, and legal activism.

Spencer is providing the complete text of his remarks at the 2013 American Renaissance conference, "Facing The Future As A Minroity," as well as a video of his speech.

With regard to "ethnic cleansing" and the "white ethno-state," here are the relevant passages:

> But we should remember that in the last century, racially defined nation-building was a major "progressive" cause. We now think that the so-called "liberal elites" have always been dedicated to multiculturalism and race-mixing. This is not quite the case, as liberals have a history of adopting "national determination" and even "ethno-nationalism" as their causes. In 1919, following the Great War, the world's statesman met in Paris to (for lack of a better term) re-map the world after the dissolution of the defeated empires. New countries were invented (the Kingdom of Croats, Serbs, Slovenes), old ones were reborn (Poland), and ethnicities got their day in the Sun (Czechoslovakia). Related to this process was the Balfour Declaration and British mandate for a homeland for the Jews in Palestine. Nationalists of many stripes captured the hearts and minds of political actors.
>
> Today, in the public imagination, "ethnic-cleansing" has been associated with civil war and mass murder (understandably so). But this need not be the case. 1919 is a real example of successful ethnic redistribution—done by fiat, we should remember, but done peacefully.

Apropos the Ethno-State:

> Like the nationalists of a century ago, we need a cause—and one that's different, greater, and more advanced than the conservative "hot button" issues that are fading into irrelevance. We need to be more than mere "reactionaries," who spasmodically ignite in the face of some new liberal innovation—all the while being gradually pushed in their enemies' direction, towards accepting their

enemies' assumptions, towards defeat. We need a telos, an outcome or end goal —something that we are working towards, that channels our energies. We need an ideal. And ideals are greatest when they at first seem "impossible."

The ideal I advocate is the creation of a White Ethno-State on the North American continent.

Vis-a-vis most contemporary states that are putatively based on the Rights of Man and "democracy," our project would be a new kind of political and social order. It would be a state for the 21 century—or 22nd: reflecting advances in communication and transportation, it would be a home for Germans, Latins, and Slavs from around the world. On one level, it would be a reconstitution of the Roman Empire. The Ethno-State would be, to borrow the title of a novel by Theodor Herzl (one of the founding fathers of Zionism), an Altneuland—an old, new country.

* * *

I'm sure there's no shortage of people, most likely even people in this room, who'd inform me that an Ethno-State would be beautiful but, alas, "infeasible." In the face of this, we need to remember something very important: the creation of a White Ethno-State on the American continent is perfectly feasible. Indeed, it is a modest project in comparison to brining democracy to the Middle East, narrowing the SAT score gap, or inspiring young women to become mathematicians, or countless other looney and infantile trillion-dollar initiative with which the American government is currently engaged.

We shouldn't forget that before the current government dedicated its resources to equalizing mankind, it channelled billions—created industries, created whole cities—for the goal of space exploration. (It has since given up this project in favor of boosting the Muslim world's self-esteem.)

When I travelled to my hometown recently, I noted that the wealthy Whites of Dallas, Texas, have dedicated their disposable income to a charity hospital skyscraper, built in the hopes of taking care of other peoples' children and other peoples' problems. (It's hard to get them to give 100 bucks to AmRen or NPI.)

Action is, in a way, the easy part.

Channelling action, setting a goal, identifying a telos—saying yes and saying no —that is what is difficult.

In this way, our challenge is one of the spirit.

Our task is to capture the imaginations of our people (or the best of our people) and shock them out of their current assumption of what they think is possible. The means of doing this is not to promise a 20-percent reductions in immigration or sales taxes—or the narrowing of the scope of government. To the contrary, we need to offer our people what Herzl called "the voluptuous idea."

We need an ethno-state so that our people can "come home again," can live amongst family, and feel safe and secure. But we also need an Ethno-state so that Whites can again reach the stars. Before the onset of the "equality" sclerosis, Europeans had a unique ability to risk everything for ends that are super-human. We must give up the false dreams of equality and democracy—not so that we could "wake up" to reality; reality is boring—but so that we can take up the new dreams of channelling our energies and labor towards the exploration of our universe, towards the fostering of a new people, who are healthier, stronger, more intelligent, more beautiful, more athletic. We need an ethno-state so that we could rival the ancients.

In Altneuland, Herzl wrote, referring to his "utopian" plan for a Jewish state in Palestine: "If you wish it, it is no fairy tale. . . If you don't wish it, it is a fairly tale and will remain one."

Or, to quote another historical figure: "I have a dream."

# Request For Production No. 5

For any Social Media account You had from January 1, 2015, to the present:

i. Documents and Communication sufficient to show the account home page, and all uses of

Social Media for that account that reference or concern the Events or Defendants in any way.

ii. Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

## Spencer's Response

With respect to (i) and (ii), Spencer object on the grounds that information being sought is not admissible and is not reasonably calculated to lead to the discovery of admissible evidence.

With respect to (ii), Spencer objects on the basis that some or many of the names and connections might be of persons who have no relation to the events alleged in this case.

## Request For Production No. 6

All Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events.

## Spencer's Response

Spencer makes the same objections as he did for Request No. 1. Spencer has provided relevant iMessages in the Appendix.

# Request For Production No. 7

All Documents and Communications concerning any lawsuits, claims of violence, or arrests relating to or arising out of racially, ethnically, or religiously motivated conduct by You or any Defendant named in the Amended Complaint.

## Spencer's Response

Spencer makes the same objections as he did for Request No. 1.

Spencer is not involved in any additional lawsuits. He has not been arrested for violent activity nor is he aware of any claim of violence directed at him.

# Request For Production No. 8

All Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

## Spencer's Response

Spencer objects on grounds of attorney-client privilege. Spencer has not engaged in any destruction of documents related to this case.

Sincerely,

Richard Spencer

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

**ELIZABETH SINES, ET AL.,**                    Case No. 3:17-cv-00072-NKM

**Plaintiffs,**                                 Hon. Norman K. Moon

**v.**

**JASON KESSLER, ET AL.,**

 **Defendants.**

## DEFENDANT RICHARD SPENCER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Richard Spencer, Pro Se, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiffs' First Set of Interrogatories as follows.

## PRELIMINARY STATEMENT

1.   Spencer's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, his right to rely on other facts or documents at trial.

2.   By making the accompanying responses and objections, Spencer does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Spencer makes the responses and objections herein without in any way implying that he considers the interrogatories and his responses relevant or material to the subject matter of this action.

3.   Spencer reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.   Spencer will make certain of his responses available only after agreement with plaintiffs' counsel as to the application of the parties' confidentiality agreement to the responses. Agreement on the confidentiality agreement is particularly critical in light of the open and avowed intentions of persons and groups linked to and including plaintiffs to harass, doxx, and intimidate Spencer and anyone else who these persons or groups perceive as remotely associated with or sympathetic to Spencer.

## GENERAL OBJECTIONS

1.   Spencer objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.   Spencer objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.   Spencer objects to each instruction, definition, and interrogatory to the extent it seeks documents protected from disclosure by the attorney client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Spencer occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.   Spencer objects to each instruction, definition, and interrogatory to the extent it calls for production of a privilege log.  As will be further explained in Spencer's response to plaintiffs' second set of interrogatories, plaintiffs are improperly seeking to use inquiries into Spencer's communications and relationships with attorneys, inquiries which have no prospect to leading to

discoverable evidence, to undermine and prevent such communications and relationships. As plaintiffs are aware, Antifa organizations, with which plaintiffs closely cooperated in the Events described in plaintiffs' complaint, openly proclaim their intentions to harass and incite violence against attorneys who represent persons toward whom Antifa has antipathy. See, e.g., https://torchantifa.org/?p=687.

5. Spencer objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information or documents that are publicly available or readily or more accessible to plaintiffs from their own files and documents.

6. Spencer incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Spencer does not waive his right to amend his responses.

## SPENCER'S OBJECTIONS AND RESPONSES

**Plaintiffs' Interrogatory No. 1:**

Identify all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of communication, identify all names, aliases, e-mail addresses, phone numbers, and Social Media Handles you used in connection with such communications, including the 18-digit account identifier associated with any Discord account used by You. Means of communications include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social Media, email, SMS messages, podcasts, and online video.

**Spencer's Response**

Spencer objects to this interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, means of communication properly responsive to this interrogatory include in-person conversations, texts via a smart phone (iOS iMessages app), telephone calls, emails, podcasts, Facebook, and a Discord account.

The 18- digit account identifier for his Discord account is: 296362780217573377. The email address he used is: richardbspencer@gmail.com.

**Plaintiffs' Interrogatory No. 2**

Identify any "channel" or "server" on Discord to which you had access.

**Spencer's Response**

The Discord "channel" or "server" responsive to this interrogatory to which Spencer had access was: IRL Networking Events (Discord ID: 292507825253646336). Spencer was invited by its administrators but did not participate in any discussions to his knowledge. Though the Charlottesville rally was frequently mentioned and discussed, no direct planning took place on this server. Spencer had no access to the Unite The Right Discord server, nor was he invited to participate.

**Plaintiffs' Interrogatory No. 3:**

Identify all persons (natural or non-natural) with whom you communicated concerning the Events, whether before, during, or after the Events.

**Spencer's Response**

Spencer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. There were thousands of persons at the Events described in plaintiffs' complaint and those Events were the subject of widespread and continued discussion after the Events occurred, intensified by plaintiffs' baseless and harassing lawsuit and the efforts of plaintiffs and their counsel to generate favorable publicity for it. Without waving this objection, non-attorney persons responsive to this interrogatory include:

Gregory Conte

Evan McLaren

Nathan Damigo

Eli Mosely

Jason Kessler

Elle Reeve

Joe Heim

Rosie Grey

Sarah Posner

Spencer has participated in podcasts on which he discussed the Events or this lawsuit.

Spencer has spoken to personal friends and family members, including his wife, mother, and father, about the event and this case.

**Plaintiffs' Interrogatory No. 4:**

Identify all Electronic Devices used by you to communicate concerning the Events, whether before, during, or after the Events.

**SPENCER'S RESPONSE:**

Spencer uses smartphone (iPhone), desktop (iMac) laptop (Macbook) for all communications.

I, Richard Spencer, state under oath that these answers are true and accurate.

Richard Spencer