# EXHIBIT 18

# Kaplan & Company, LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

May 10, 2018

**Via Email**

Richard Spencer
1001-A King Street
Alexandria, VA 22314

                 Re:      *Sines* v. *Kessler*, 17 Civ. 0072 (NKM) (W.D. Va.)

Dear Mr. Spencer:

       I write on behalf of Plaintiffs in the above-captioned action regarding your responses and objections to Plaintiffs' First Set of Interrogatories ("Interrogatories") and Plaintiffs' [Corrected] Requests for Production ("RFPs"), served on January 26, 2018.[1] For the reasons set forth below, your Responses are deficient. Plaintiffs look forward to receiving your response to this letter by no later than May 17, 2018, and are available to meet and confer regarding your Responses at your soonest possible convenience over the next week.

## Initial Matters

***Defendant Is Bound by the Confidentiality Order Entered by the Court and Cannot Withhold Confidential Information***: In your Objections and Responses to the Interrogatories ("Interrog. Responses"), you state that you will make certain responses "only after agreement as to the application of the parties' confidentiality agreement to the responses." *See, e.g.*, Interrog. Responses, Preliminary Statement at 4. But no "agreement on the confidentiality agreement" is required. The Order for the Production of Documents and Exchange of Confidential Information, entered January 3, 2018 (ECF No. 167, "Confidentiality Order"), is an order of the Court and binding on you, Plaintiffs, and all other Defendants. The Confidentiality Order permits parties to designate information and documents as "Confidential" or "Highly Confidential" in accordance with its terms, and parties and/or counsel who receive documents or information so marked are obligated to abide by the Order's restrictions on disclosure. Accordingly, your demand for an agreement on the application of the Confidentiality Order is unwarranted and any information that you are withholding on this basis should be immediately produced.

***Defendant Cannot Withhold Information Based on the Attorney-Client Privilege:*** In your Objections and Responses to the RFPs ("RFP Responses"), for RFP Nos. 1–4 and 6–8, you claim that you are withholding information based on the attorney-client privilege and the work product doctrine. At this time, you claim to be representing yourself *pro se*. As a *pro se* litigant you cannot claim attorney-client privilege. *See Deakins* v. *Pack*, No. 1:10-cv-01396, 2012 WL

---

[1] Capitalized terms used in this letter have the same meaning as in the Interrogatories and RFPs.

242859, at *29 (S.D.W. Va. Jan. 25, 2012) ("Plaintiffs' objection based upon attorney-client privilege is unfounded as the Plaintiffs are acting *pro se*."). You may assert privilege under the work-product doctrine to withhold Documents you have prepared in anticipation of litigation. *See Smith* v. *James C. Hormel Sch. of the Va. Inst. of Autism*, No. 08-cv-00030, 2010 WL 3702528, at *6 (W.D. Va. Sept. 14, 2010) (recognizing that plaintiffs proceeding *pro se* should have submitted a privilege log in response to the document request in order to assert work-product protection). If you assert such a privilege, you must produce an adequate privilege log. *Id.*

Moreover, in your Objections to RFP Nos. 1–4 and 6–8, you specifically state that you are withholding from production Documents subject to the attorney-client privilege and/or work-product doctrine that pertain to communication *with an attorney*, such as, for example, "written communications (including electronic communications) between you and any attorney from whom you have obtained advice or assistance in connection with this case," or "notes made by you during any discussions with such attorney" or "notes any such attorney made during any such discussions." This suggests that you have consulted with an attorney with regards to this litigation and calls into question your status as a *pro se* litigant. We reserve all rights, and will address this issue in separate correspondence concerning your Response to Plaintiffs' Second Set of Interrogatories, in which you object to identifying any person who assisted or advised you in preparing your Court Filings.

***Defendant Is Required to Provide a Privilege Log:*** In your Interrog. and RFP Responses, you state that you "object to each instruction, definition, and interrogatory to the extent it calls for production of a privilege log." When otherwise discoverable information is withheld pursuant to a claim of privilege, pursuant to the Federal Rules of Civil Procedure, the party withholding the information "must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(a)(5)(A). In other words, to the extent that you can claim any privilege under the attorney-client privilege or work-product doctrine, *see supra*, you, as the withholding party, must provide a privilege log. *See Smith*, 2010 WL 3702528, at *6. Plaintiffs request that you produce the information being withheld as purportedly privileged or provide a privilege log forthwith.

***Defendant's Document Production Is Improper in Form:*** As to the Documents and Communications you have produced, they have been produced improperly. The RFPs contain instructions as to how Documents should be produced, including RFP Instruction I, which requires each Document be produced "in its entirety including with all attachments or other matters affixed thereto" and RFP Instruction J, which requires each Document "be produced in accordance with the specifications described in Exhibit A attached hereto." Exhibit A provides clear and detailed specifications. The materials you have produced, which appear to be produced as a single, manually-created document that combines partial screenshots of texts, text copied from emails without the standard headers, text copied from tweets, and other documents, do not come close to meeting the requirements of a proper Document production. *See, e.g.*, Amanda E. Gordon, *The E-Usual Course of Business: ESI Application to Rule 34 Requirements*, American Bar Association (June 16, 2016), http://apps.americanbar.org/litigation/committees/businesstorts/articles/spring2016-0616-the-e-usual-course-of-business-esi-application-to-usual-course-of-business-requirement.html ("ESI

should be produced, organized, and labeled, and, if appropriate, indexed, just as the ESI is maintained by the producing party."). Plaintiffs therefore request that you re-produce all Documents in the proper format and that all future Document productions be made in the proper format.

### Interrog. Responses

***Interrogatory No. 1:*** Interrogatory No. 1 requests that each Defendant identify all means of communication used by the Defendant to communicate concerning the Events and all of the names, aliases, phone numbers, and Social Media Handles used in connection with those communications. Your responses are incomplete as you (1) omit means of communication used to communicate regarding the Events, and (2) fail to provide full account information—including names, aliases, phone numbers, email addresses, and Social Media Handles—associated with each means of communication identified.

By way of example only, you did not respond that you used Twitter as a means of communication and failed to provide your Twitter handle, but your initial document production contains references to several Tweets about the Events. As another example, you state that you used "texts via smart phone (iOS iMessages app)" and "telephone calls" to communicate about the Events but then fail to provide a phone number.

Plaintiffs request that you supplement your Interrog. Responses to include *each and every* means of communication used to communicate regarding the Events. For each of these means of communication, including those previously disclosed, you should provide *all* names, aliases, email addresses, phone numbers, and Social Media Handles used in connection with those communications, even if those accounts were subsequently suspended or deleted.

***Interrogatory No. 3:*** Interrogatory No. 3 requests that each Defendant identify all persons with whom the Defendant communicated concerning the Events. Your response is incomplete beyond noncompliance with Instruction D. First, you state that you have provided "non-attorney" persons responsive to the Interrogatory, but give no basis as to why you limit your response to "non-attorney" persons. To the extent that you are withholding the names of any attorneys on a belief that such information falls under the attorney-client privilege, you are mistaken. Under Fourth Circuit law, the attorney-client privilege does not protect from disclosure the existence of an attorney-client relationship absent special circumstances, which do not apply here. *See, e.g., U.S. v. Under Seal (In re Under Seal)*, 204 F.3d 516, 520 (4th Cir. 2000). Second, based on the limited number of Documents you have produced in this case, as well as other Defendants' productions, Plaintiffs have reason to believe that you have had Communications with individuals not included in your response to Interrogatory No. 3, including, by way of example only, Kyle Bristow, Sam Dickson, and Michael Peinovich. Finally, Plaintiffs note that you state that you have spoken to "personal friends and family members, including [your] wife, mother, and father" and have "participated in podcasts," but fail to provide specific names.

Accordingly, based on the foregoing, Plaintiffs request that you supplement your response to Interrogatory No. 3.

*Interrogatory No. 4:* For all Electronic Devices listed in response to Interrogatory No. 4, you are requested to state the type of device, location of the device, and identify the person (natural or non-natural) who has custody or control over the device, consistent with Instruction D.iii.

## RFP Responses

***Plaintiffs' Requests Have Been Adequately Signed:*** You object to the RFPs "on the grounds that it was not signed by an attorney admitted in the U.S. District Court for the Western District of Virginia." This objection is without merit. Philip Bowman, who signed the requests, was admitted to the United States District Court for the Western District of Virginia *pro hac vice* prior to signing and serving the RFPs. *See* ECF No. 83; *see also* W.D. Va. Civ. R. 6(d).

***Defendant Has Not Complied with Rule 34(b)(2)(C):*** Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure requires that an objection "state whether any responsive materials are being withheld on the basis of that objection." In several instances, you have objected without so stating, in violation of Rule 34(b)(2)(C). *See, e.g.*, Response to RFP Nos. 3, 5, and 8. While Plaintiffs believe that your objections are meritless, if you intend to withhold Documents based on any objection, Plaintiffs request that you revise your objections to comply with the requirements of Rule 34(b)(2)(C).

***RFP No. 1:*** RFP No. 1 requests that each Defendant produce all Documents and Communications concerning the Events. Plaintiffs have reason to believe that your production in response to RFP No. 1 is incomplete. By way of example only, a preliminary review of certain other Defendants' productions discloses over 100 text messages with you that are responsive to this RFP that do not appear in your production. Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 1.

***RFP No. 2:*** RFP No. 2 requests all Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way. As 78 of the text messages referenced above with respect to RFP No. 1 pre-date August 11, 2017, Plaintiffs have reason to believe that your production in response to RFP No. 2 is incomplete. Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 2.

***RFP No. 3:*** RFP No. 3 requests all Documents and all Communications concerning or with any social group or organizations that has as part of its agenda a racial, religious, or ethnic objective. For the same reasons stated above with respect to RFP Nos. 1 and 2, Plaintiffs believe that your production in response to RFP No. 3 is incomplete. Additionally, Plaintiffs find your statement that you are "providing social media . . . and text messages from the days surrounding it" confusing, since we do not know what "it" is or how this is relevant to the request. Plaintiffs also are not in receipt of the "videos from Periscope and YouTube" that you claim to have produced in response to RFP No. 3. Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 3. Although Plaintiffs do not agree with your objection that RFP No. 3 is ambiguous and vague, Plaintiffs are willing to meet and confer concerning this objection if you are withholding or intend to withhold Documents based on the objection.

***RFP No. 4:*** RFP No. 4 requests all Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small-scale violence. In response, you claim to have provided the text and video of one speech you gave in 2014, but have not produced any other Documents related to this speech, or the video itself. Plaintiffs have further reason to believe that this production is incomplete, as Plaintiffs are aware of other speeches you have given that would be responsive to RFP No. 4. *See, e.g.*, Jonathan Oosting, *Violent Clashes Accompany Spencer Speech at MSU*, THE DETROIT NEWS (Mar. 15, 2018 11:04 PM), https://www.detroitnews.com/story/news/local/michigan/2018/03/05/richard-spencer-speech-michigan-state-university/111114352/ (reporting Spencer stated "[i]t is a war against the white race, but it is a war nonetheless" in speech at MSU); Betsy Woodruff, *Alt-Right Leader: We Aren't Racist, We Just Hate Jews*, THE DAILY BEAST (Sept. 9. 2016 8:25 PM), https://www.thedailybeast.com/alt-right-leaders-we-arent-racist-we-just-hate-jews (describing press conference with Spencer and others and explaining that "Spencer made it clear that white-only means Jews aren't invited"). Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 4.

***RFP No. 5:*** RFP No. 5 requests all Documents and Communications for any Social Media account you had from January 1, 2015 to the present sufficient to show: (i) the account home page, all uses of Social Media for that account that reference or concern the Defendants in any way and (ii) all your friends and/or social connections maintained, including their names, addresses and social network usernames or handles. Your objection that the information being sought is "not admissible" and "not reasonably calculated to lead to the discovery of admissible evidence" is not a legitimate objection. *See* Fed. R. Civ. P. 26(b)(1) ("Information within [the] scope of discovery need not be admissible in evidence to be discoverable."). Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 5. While Plaintiffs do not agree with your objection on the basis that "some or many of the names and connections might be of persons who have no relation to the events," Plaintiffs are willing to meet and confer concerning this objection if you are withholding or intend to withhold Documents based on this objection.

***RFP No. 6:*** RFP No. 6 requests all Documents concerning and all Communications concerning or with any Plaintiff or Defendant named in the Amended Complaint, and any other person who attended, planned, or was involved in the events. For the same reasons discussed with respect to your productions in response to RFP Nos. 1 and 2, Plaintiffs have reason to believe your production in response to RFP No. 6 is incomplete. Accordingly, Plaintiffs request that you supplement your production in response to RFP No. 6.

***RFP No. 8:*** RFP No. 8 requests that Defendants produce "[a]ll Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests." In response, you state that you have not "engaged in any destruction of documents related to this case"; however, RFP No. 8 asks that you provide "Documents and Communications concerning the steps you have taken to *preserve* Documents." (Emphasis added.) Plaintiffs therefore request that you immediately confirm in writing whether or not you: (1) have taken steps to preserve Documents and Communications relevant to this litigation; and (2) are in possession,

custody, or control of any Documents or Communications concerning steps taken to preserve Documents and Communications relevant to this litigation.

*****

Again, Plaintiffs look forward to receiving your response to this letter by no later than May 17 and, if needed, to scheduling a meet and confer at your soonest possible convenience. Plaintiffs reserve all rights with respect to the Interrogatories and RFPs and your Responses thereto.

Sincerely,

Gabrielle E. Tenzer

cc:     Plaintiffs' Counsel of Record