# EXHIBIT 22

# JOHN A. DiNUCCI
COUNSELOR & ATTORNEY AT LAW
8180 GREENSBORO DRIVE, SUITE 1150
McLEAN, VIRGINIA 22102

ADMITTED IN VIRGINIA, MARYLAND,
DISTRICT OF COLUMBIA AND NEW YORK

TELEPHONE (703) 821-4232
TELECOPIER (703) 790-9863
DINUCCILAW@VERIZON.NET

## TELECOPIER TRANSMISSION COVER SHEET

TO: 1) Christopher B. Greene, Esq.   (212) 564-0883
    2) David Campbell, Esq.           (804) 303-8911
    3) Bryan Jones, Esq.              (434) 381-4397
    4) James E. Kolenich, Esq.        (513) 297-6065

FAX NO:

FROM: John A. DiNucci

RE: Sines v. Kessler

DATE: 6/25/18

NO. OF PAGES: header + 3

Message:

This communication is confidential and privileged pursuant to attorney-client privilege and/or work-product privilege and is intended only for the use of the addressee(s) of this transmittal. If you are not the intended recipient(s), or the employee(s) or agent(s) thereof responsible for delivering it to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, fax or e-mail and return the original message to us at the above address via the United States Postal service. We will reimburse you for the cost of return mail.

**JOHN A. DINUCCI**
COUNSELOR & ATTORNEY AT LAW
8180 GREENSBORO DRIVE, SUITE 1150
McLEAN, VIRGINIA 22102

ADMITTED IN VIRGINIA, MARYLAND,
DISTRICT OF COLUMBIA AND NEW YORK

TELEPHONE (703) 821-4232
TELECOPIER (703) 790-9863
DINUCCILAW@VERIZON.NET

June 25, 2018

Christopher B. Greene, Esq.
Kaplan & Company, LLP
350 Fifth Avenue
Suite 7110
New York, New York 10118

    Re: *Sines, et al. vs. Kessler, et al.*

Dear Mr. Greene:

    I take this opportunity to address the proposed Stipulation and Order for the Imaging, Preservation and Production of Documents that you have circulated to Defendants.

    I offer my comments in the order in which I find provisions of concern.

    1. On page 2, the second recital indicates that "certain Defendants have expressed an inability to image, preserve, and produce Electronically Stored Information ... in a manner consistent with the Federal Rules of Civil Procedure."

    Please me know if you have had any communications with Mr. Spencer prior to my appearance in which he has expressed any such sentiment.

    2. On page 2, you state that "[t]his Stipulation and Order governs the Parties' agreement to permit Third Party Discovery Vendor to collect and preserve  evidence from Defendants' Electronic Devices that is potentially relevant to this litigation and/or responsive to Plaintiffs' Discovery Requests."

    Is this an indication that some agreement was previously reached and would simply be embodied in the proposed order or is this draft an effort to obtain agreement to the concepts reflected in it?

    3. The definition of ESI beginning on page 3 is incredibly broad and would encompass, it appears, every bit (no pun intended) of electronically stored information that Mr. Spencer

Christopher B. Greene, Esq.
June 25, 2018
Page 2

has no matter how irrelevant and no matter how personal and confidential.

Thus, you are seeking an agreement that a third party vendor be permitted to review information that is entirely unrelated to this case and that might well be personal and confidential.

What is the necessity for that requirement?

4. On page 7, Paragraph II(3) would obligate Defendants to submit their electronic devices to a third party vendor, but would not obligate Plaintiffs to do the same.

Why should not any such requirement be reciprocal?

5. On page 7, Paragraph II(4) would require Defendants to provide the referenced certification, but would not require Plaintiffs to do the same.

Why should any such requirement not be reciprocal?

6. On page 7, Paragraph II(5) would require Defendants to make electronic devices "available to the Third Party Discovery Vendor," but does not identify the third party discovery vendor to which it refers.

Are you referring to the "discovery vendor" referenced in the first recital (on page 2) or to the discovery vendor(s) chosen by Defendants?

7. On page 7, Paragraph II(6) would require Defendants to "produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests ..."

Such a requirement would be too broad because it fails to account for the fact that, in some instances, Plaintiffs seek or might seek information the production of which is objected to on grounds other than privilege (such as relevance, undue burden, overbreadth, etc.).[1]

8. Beginning on page 8, Paragraph III sets forth technical requirements with which, unfortunately, I am not conversant.

---

[1] In addition, the langue is not reciprocal.

Christopher B. Greene, Esq.
June 25, 2018
Page 3

Before I can comments on them, I need to confer with the third party discovery vendor in Fairfax County, Virginia to whom I have been referred by a colleague of mine in the Fairfax County Bar. (I expect to speak with him in the next several days.)

As you might imagine, I am concerned about the potential burden and cost of such technical requirements.

9. On page 11, Paragraph III(11) would require Defendants, in certain instances, to provide Plaintiffs with certain information, including descriptions and explanations.

It seems to me that the information Plaintiff seek is information that is more appropriately sought from Defendants either in interrogatories or in depositions.[2]

10. On page 11, Paragraph IV(12) would permit Defendants to redact only such information as is subject to privilege or that is non-responsive. It would not permit Defendants to redact information that is irrelevant or that is subject to such other objections as undue burden, overbreadth, etc.

Please let me have your thoughts.

Very truly yours,

John A. DiNucci

cc: Mr. Spencer (w/ encl.)
    David L. Campbell, Esq.
    Bryan Jones, Esq.
    James E. Kolenich, Esq.
    Mr. Michael Peinovich
    Elmer Woodard, Esq.

---

[2] In addition, it is not reciprocal.