IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **ELIZABETH SINES ET AL.,** | Case No. 3:17-CV-72 |
| Plaintiffs, | (Judge MOON) |
| v. | |
| **JASON KESSLER ET AL.,** | **RESPONSE IN OPPOSITION TO MOTION TO COMPEL INSPECTION AND IMAGING OF ELECTRONIC DEVICES** |
| Defendants. | |

Defendants Jason Kessler, Vanguard America, Nathan Damigo, Identity Evropa, Matt Parrott, Traditionalist Worker Party, Jeff Schoep, Nationalist Front, and National Socialist Movement[1], oppose the Plaintiffs motion to compel inspection and imaging of their electronic devices (DE 354) for the reasons set forth below.

### I. Defendants cannot afford to pay for third party ESI vendors.

The plaintiffs have cited this Court to *Ashmore v. Allied Energy, Inc.* 2016 WL 301169. That document is a district court order denying an attempt to shift or avoid costs of ESI discovery. Responding Defendants join in citing that ruling to this Court, specifically the discussion located at p. 5. therein where the Court observed that certain basic factual support for the parties attempt to demonstrate undue burden was missing and therefore the Court could not grant the requested relief.

As stated in *Ashmore*, the basic factual support mandated for an FRCP 26 undue burden analysis in an ESI context requires some showing of "cost/financial information" so

---

[1] Undersigned have separately moved to withdraw from the representation of Robert Ray, Christopher Cantwell, and Matthew Heimbach.

that the Court can properly "take into account financially weak litigants when issuing discovery orders." *Id.* at 5.

   a. <u>The Responding Defendants have provided sufficient factual support to demonstrate undue burden based on lack of funds</u>

Each responding defendant has filed a declaration attached to this pleading averring that they cannot afford to pay for third party ESI imaging of their electronic devices. The declarations include a basis for the expected cost of the imaging based on one responding defendant having already gone through the process in separate litigation.

Therefore, this Court has sufficient information before it to conclude that none of the responding can afford third party ESI and it is accordingly unduly burdensome for them to be requested or ordered to do so.

## II. **The plaintiffs proposed stipulation is grossly prejudicial as it does impose any reciprocal obligations on the party plaintiffs**

The defendants objected, among other reasons, when plaintiffs initially proposed an ESI order because the order is entirely one sided. That is, it imposed no obligation whatsoever on the party plaintiffs to comply with the conditions they want defendants to agree to. As such it would grossly unfair and inequitable for the Court the enter the proposed order without amending it to impose reciprocal obligations upon all parties. Further, the plaintiffs have no case for support of their request that the Court do so.

## III. **The alleged special case of Matt Parrott and TWP**

The Matt Parrott spoliation issue has been separately briefed and is pending (DE 272 and 289). In short, Mr. Parrott denies any spoliation, online blather notwithstanding. Since it

has not yet been ruled upon by the Court, it cannot serve as a factual predicate in support of the instant motion.

IV. **Conclusion**

Defendants do not allege that the ESI at issue is not properly subject to discovery. Rather, they object that they are financially unable to bear the cost of third party ESI.

Therefore, responding Defendants request the Court to 1) deny the pending motion to compel; and 2) order the parties to again meet and confer to see if there is an agreeable way to engage in the necessary electronic discovery without recourse to third party ESI vendors whose business model and price structure is geared toward large businesses or government entities.

s/ James E. Kolenich PHV
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
jek318@gmail.com

s/ **Elmer Woodard**
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
Trial Attorney for Defendant

## CERTIFICATE OF SERVICE

A true copy of the foregoing was served via the Court's CM/ECF system on October 16, 2018 as listed below:

*All parties of record*

No one entitled to service has requested or is need of service by other means.

s/ James E. Kolenich  PHV

_____
James E. Kolenich (OH #77084)
