UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

**Charlottesville Division**

| | | |
|---|---|---|
| SINES, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | Case No. 3:17-cv-00072-NKM |
| KESSLER, et al., | : | |
| Defendants. | : | |

**DEFENDANTS MICHAEL HILL, MICHAEL TUBBS, AND LEAGUE OF THE SOUTH'S OPPOSITION TO MOTION TO COMPEL INSPECTION AND ELECTRONIC IMAGING OF ELECTRONIC DEVICES**

I. **Introduction**

Defendants Michael Hill, Michael Tubbs, and League of the South hereby oppose Plaintiffs' Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices.

II. **Facts**

Defendants have provided documents in response to Plaintiffs' discovery requests. At no time have Plaintiffs filed any motion to compel based on any alleged deficiency in Defendants' Responses. Instead, Plaintiffs have filed the instant Motion, arguing that they believe Defendants possess additional responsive communications and that they did not produce the referenced electronic communications in the format requested.

III. **Argument**

A. *There is No Need for Imaging of Defendants' Devices.*

1. *Plaintiffs Do Not Allege Any Misconduct by Defendants Hill, Tubbs, or League of the South. Defendants Hill, Tubbs, and League of the South Have Not Threatened to Destroy Evidence.*

Plaintiffs argue that imaging of Defendants' electronic devices is warranted because "Defendants threatened to destroy and withhold relevant evidence." Yet, although Plaintiffs recite threats by Defendant Parrott to destroy evidence, they do not cite any alleged such threats by Hill, Tubbs, or League of the South.

> B. *If the Court Orders Generalized ESI Imaging by a Third-Party Vendor, Plaintiffs Should Bear the Cost.*
>
> 1. *Miscellaneous Factors Bearing on Allocation of Cost*
>
> a. *Plaintiffs' Requests Are Vague and Overbroad.*

Various of Plaintiffs' requests are overbroad and vague. See, e.g., Request No. 4 (documents "concerning violence, intimidation or harassment of Person on the basis of race, religion or ethnicity ..."); Request No. 6 ("[a]ll documents concerning and communications concerning or with any Plaintiff or Defendant ...").

> b. *Likelihood of Finding Relevant Information*

As argued above, Plaintiffs have not demonstrated that imaging likely will lead to discovery of relevant information. Defendants have provided responses to Plaintiffs discovery requests.

> c. *Plaintiffs Have Not Made any Showing of Relative Benefit.*

Plaintiffs have not made any concrete showing of any tangle benefit to them of third-party imaging of Hill, Tubbs, or League of the South's electronic devices. For example, as argued above, Plaintiffs do not even argue that Defendants have threatened to destroy or have destroyed evidence; nor have they demonstrated any likelihood that there is further responsive information.

> d. *The Cost of Imaging is Much More Easily Borne by Plaintiffs.*
>
> 1. *Plaintiffs, Whose Case is Being Financed by a Well- Funded Charity, Will Not*

*Sustain Any Economic Hardship.*

Plaintiffs, Defendants believe, are not paying for legal representation. Instead, as stated in a press release issued on October 12, 2017 by an organization called "Integrity First for America," this lawsuit is being financed by that organization. And one source of funds that Integrity First for America uses to finance this lawsuit is on-line contributions by donors.

Thus, there would be no economic hardship imposed on Plaintiffs if the Court did not impose on Defendants the costs of any third-party imaging.

        2.    *Economic Hardship to Defendants Hill, Tubbs, and League of the SOuth*

If Defendants Hill, Tubbs, and League of the South are constrained to pay for imaging by a third-party vendor, they would have to divert economic resources from maintaining legal counsel to hiring an information technology (IT) expert whose function would be to provide Plaintiffs with unnecessary information.

### III.    Conclusion

For the foregoing reasons, the Motion should be denied.

Alternatively, if the Court orders electronic imaging, it should not enter the Stipulation and Order submitted by Plaintiffs but should make various material modifications to it (which modifications Defendants will detail at oral argument).

        Respectfully submitted,

        _/s/ Bryan Jones_
        Bryan Jones (VSB No. 87675)
        106 W. South St. Suite 211
        Charlottesville, VA 22902
        tel.: (434) 260-7899
        fax: (434) 381-4397
        e-mail: bryan@bjoneslegal.com

# CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2018, I filed the foregoing Opposition with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

Philip M. Bowman, Esq. Boies, Schiller
Flexner, LLP
575 Lexington Avenue New York,
New York 10022

Robert T. Cahill, Esq. Cooley,
LLP
11951 Freedom Drive 14th
Floor
Reston, Virginia 20190

Roberta Kaplan, Esq. Kaplan
& Company, LLP
350 Fifth Avenue Suite
7110
New York, New York 10118

Karen L. Dunn, Esq.
Boies, Schiller, Flexner, LLP 1401 New
York Avenue. N.W. Washington, D.C.
20005

Alan Levine, Esq.
Cooley, LLP
1114 Avenue of the Americas 46th
Floor
New York, New York 10036

David E. Mills, Esq. Cooley,
LLP
1299 Pennsylvania Avenue, N.W. Suite 700
Washington, D.C. 20004

David Campbell, Esq.
Duane, Hauck, Davis & Gravatt

100 West Franklin Street Suite 100
Richmond, Virginia 23220

John A. DiNucci
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

Elmer Woodard, Esq. 5661
U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq. 9435
Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

Lisa M. Lorish, Esq.
Federal Public Defenders Office Western
District of Virginia
40 East Market Street Suite
106
Charlottesville, Virginia 22902

I also certify that, on October 16, 2018, I served the following persons with a copy of the foregoing Opposition by mail, first-class, postage-prepaid:

Loyal White Knights of the Ku Klux Klan c/o Chris and
Amanda Baker
P.O. Box 54
Pelham, North Carolina 27311

Moonbase Holdings, LLC c/o
Andrew Anglin
P.O. Box 208 Worthington, Ohio
43085

Andrew Anglin
P.O. Box 208 Worthington, Ohio
43085

East Coast Knights of the Ku Klux Klan

26 South Pine Street
Red Lion, Pennsylvania 17356

Fraternal Order of the Alt-Knights c/o Kyle
Chapman
52 Lycett Circle
Daly City, California 94015

Augustus Sol Invictus 9823 4th
Avenue
Orlando, Florida 32824

    /s/ Bryan Jones
Bryan Jones (VSB No. 87675)
106 W. South St. Suite 211
Charlottesville, VA 22902
tel.: (434) 260-7899
fax: (434) 381-4397
e-mail: bryan@bjoneslegal.com