CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

10/22/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17cv00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER et al., | ) | By:  Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on the Motion to Withdraw as Counsel for Defendants Robert Ray, Christopher Cantwell, and Matthew Heimbach ("Motion to Withdraw"), ECF No. 357, and the "Motion to Deem Christopher Cantwell as Having Joined in the Response in Opposition Filed at [ECF No. 356]" ("Motion to Deem Filed"), ECF No. 362. In the Motion to Withdraw, counsel assert as grounds to withdraw that their clients have not paid their legal bills. Counsel note that a response to Plaintiffs' motion to compel, ECF No. 354, is coming due and request that the Court allow their clients additional time to respond after counsel have been granted leave to withdraw. In the Motion to Deem Filed, counsel advise the Court that Cantwell has now paid his legal bills.[1] They ask that Cantwell be allowed to join in the response to Plaintiffs' motion to compel and that his affidavit, which is attached to the Motion to Deem Filed, be considered part of that response.

The Court finds that Cantwell's tardy payment of his legal fees does not provide good cause for extending his time to respond to the motion to compel. *See* Fed. R. Civ. P. 6(b). Nevertheless, the Court finds that Cantwell would suffer undue prejudice if a brief extension were not allowed. Accordingly, the Motion to Deem Filed, ECF No. 362, is GRANTED, and

---

[1] On the same day that counsel filed their Motion to Deem Filed, they also filed a Notice purporting to withdraw their Motion to Withdraw as it concerned Christopher Cantwell. ECF No. 361.

1

Cantwell is deemed to have joined the response in opposition to Plaintiffs' motion to compel filed at ECF No. 356. The Motion to Withdraw as to Christopher Cantwell is DEEMED MOOT.

Turning to the Motion to Withdraw as it relates to Robert Ray and Matthew Heimbach, the first problem is that it does not cite to any rule or authority why the Court should permit them to withdraw on the grounds asserted. *See* ECF Nos. 357, 358. Nevertheless, Rule 1.16 of the Virginia Rules of Professional Conduct provides guidance for the situation set forth in the motion:

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer …

Va. Rules of Prof'l Conduct 1.16(b) (2018). Furthermore, under this District's Local Rules, counsel may only withdraw for good cause and with the Court's consent. W.D. Va. Gen. Rule 6(i) ("No attorney of record shall withdraw from any cause pending in this Court, except with the consent of the Court for good cause shown.").

Based on the representations of counsel, it appears that Robert Ray and Matthew Heimbach have not fulfilled their obligations to pay their lawyers for work on this case. Of course, counsel are not obligated to represent Robert Ray or Matthew Heimbach without compensation, but the timing of their withdrawal from representation should not be prejudicial to their clients. *See, e.g.*, *In re Schley*, No. 09-34182, 2012 WL 1616817, at *3 (Bankr. E.D. Va. May 9, 2012) (denying a motion to withdraw where an approaching deadline would not provide clients adequate time to retain other counsel). Coming on the deadline to respond to Plaintiffs'

motion to compel, the Motion to Withdraw is not well taken. The responses to Plaintiffs' motion to compel previously filed by counsel for Christopher Cantwell and the other Defendants are short and of very limited scope. *See* ECF Nos. 356, 359, 363. Thus, the Court finds it unlikely that counsel will incur an unreasonable financial burden in responding to the motion on behalf of Robert Ray or Matthew Heimbach. Furthermore, extending the time to respond by thirty days will unreasonably delay the Court's consideration of the motion to compel.

Accordingly, the Motion to Withdraw, ECF No. 357, is DENIED WITHOUT PREJUDICE. Not later than October 26, 2018, counsel shall file a response to the motion to compel on behalf of Robert Ray and Matthew Heimbach. After responding to the motion to compel, counsel may renew their request to withdraw.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to counsel of record.

ENTER: October 22, 2018

Joel C. Hoppe
United States Magistrate Judge