UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | Civil Action No. 3:17-cv-00072-NKM <br><br> JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DEFENDANTS TO PERMIT INSPECTION
AND IMAGING OF ELECTRONIC DEVICES**

## INTRODUCTION

Plaintiffs first requested that Defendants produce documents relevant to the claims in this case nearly ten months ago, in January 2018. Since that time, nine of the remaining eighteen non-defaulted Defendants have failed to produce *a single document*.[1] The eight Defendants who have produced documents have made incomplete productions that are woefully deficient in both form and substance. Nevertheless, despite months of sustained, diligent effort by Plaintiffs to meet and confer with Defendants on their discovery deficiencies, Defendants ask this Court to deny Plaintiffs' Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices (the "Motion," ECF 354).[2]

Defendants assert, without citing any authority, that the imaging of their devices is either too costly and/or not necessary. With respect to the first issue, in the interest of time and efficiency, Plaintiffs are willing to cover the costs of imaging, and are currently seeking to ascertain the most cost-effective vendor to be approved by the Court, while Defendants attempt to make the required showing that such costs should be completely shifted to Plaintiffs. As for the second issue, in light

---

[1] This includes Defendants Identity Evropa, Jeff Schoep, Matthew Heimbach, Nationalist Front ("NF"), National Socialist Movement ("NSM"), Robert "Azzmador" Ray, Traditionalist Worker Party ("TWP"), and Vanguard America. Defendant James Alex Fields, Jr. also has not produced any documents, but Plaintiffs have not pressed him to do so at this time given his current incarceration. Plaintiffs reserve all rights to obtain documents from Defendant Fields at the appropriate time.

[2] *See* ECF 355 (Defendant Spencer); ECF 356 (Defendants Kessler, Vanguard America, Nathan Damigo, Identity Evropa, Matthew Parrott, TWP, Jeff Schoep, NF, and NSM); ECF 360 (Defendants Hill, Tubbs, and League of the South ("LOS")). Defendants Ray, Cantwell, and Heimbach did not file any opposition, but through counsel moved for additional time to oppose the Motion because their counsel has a pending motion to withdraw. *See* ECF 356 at n.1. Counsel for Defendant Cantwell subsequently withdrew their motion to withdraw, *see* ECF 361, and then moved to deem Defendant Cantwell as having joined in the joint opposition filed by Defendant Kessler and others. ECF 362. In an Order issued October 22, 2018, the Court deemed Defendant Cantwell to "have joined the response to Plaintiffs' motion to compel filed at ECF No. 356." ECF No. 364. The Court further gave Defendants Ray and Heimbach a new deadline of October 26, 2018, to file a response to Plaintiffs' Motion. If Defendant Ray or Heimbach files an opposition, Plaintiffs reserve the right to respond. Plaintiffs at this time have been unable to serve Defendant Kline with the Motion on account of Defendants' counsel failure to comply with this Court's July 25, 2018 order directing them to provide Defendant Kline's contact information to the Court. ECF No. 347.

of the dramatic deficiencies in Defendants' preservation and production of documents to date, this Court should grant the Motion to ensure that evidence at the heart of this case is preserved and made available to Plaintiffs, consistent with the requirements of the Federal Rules of Civil Procedure.

## ARGUMENT

I. **Plaintiffs Are Willing to Pay for the Cost of Imaging of Defendants' Electronic Devices on an Interim Basis at this Time.**

Defendants' primary argument is that, because of their own claimed financial difficulties, they should not be required to pay for the imaging called for by the Proposed Stipulation. *See* ECF 355 at 9–10; ECF 356 at 1–2; ECF 360 at 2–3. By making this argument, Defendants are asking this Court to depart from the ordinary presumption that a producing party is required to bear the cost of responding to discovery as long as there is no "good cause for a reallocation." *See Jones v. Bank of Am., N.A.*, No. 3:14-cv-11531, 2015 WL 1808916, at *7 (S.D. W. Va. Apr. 21, 2015). Defendants have not made the requisite showing necessary to depart from that presumption. *However, in order to finally put this issue to rest and in an effort to get discovery in this case moving forward expeditiously, Plaintiffs are willing to cover the costs of the imaging while Defendants attempt to make a showing to the Court that such costs should be completely shifted to Plaintiffs.* This response alone should put the majority of Defendants' objections to rest.

In order to make the requisite showing, however, a defendant refusing to produce requested discovery because of unreasonable burden or expense has "an affirmative duty . . . to particularize with facts, not conclusory statements, the basis for these objections." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000). "Thus, conclusory assertions of burden or cost are insufficient." *Id.* At a minimum, a party opposing a discovery request on these grounds must "allege specific facts which indicate the nature and extent of the burden, usually by affidavits

2

or other reliable evidence." *Jackson* v. *Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997); *accord Thompson* v. *U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 98 (D. Md. 2003). Here, Defendants Spencer, Ray, Mosley, Heimbach, Hill, Tubbs, and LOS have not submitted any affidavits or other evidence to substantiate their claim that paying for their devices to be imaged is too costly.

Although some Defendants (Damigo, Patrick Casey (on behalf of Defendant Identity Evropa), Dillon Hopper (on behalf of Defendant Vanguard America), Tony Hovator (on behalf of Defendant TWP), Kessler, Parrott, NF, NSM, and Schoep) did submit declarations to support their claim of burden, their self-serving conclusory and speculative declarations, standing alone, are insufficient.[3] *See Coker* v. *Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998); *Jackson*, 173 F.R.D. at 528–29. More specifically, the Defendants' declarations provide no details whatsoever about their financial resources or the number of devices they believe would need to be imaged, etc.[4] Further, where a party "could have avoided some of the document collection and production costs if it had simply complied with the Rules of Civil Procedure" by preserving his documents, there is no good cause to reallocate the costs of responding to discovery to the requesting party. *Jones*, 2015 WL 1808916, at *7 (emphasis added). This is particularly true for Defendants like Mr. Hill who claim that the forensic restoration of their files will be too burdensome since such

---

[3] Defendants' declarations filed in support of their opposition brief were unsigned and therefore have "no evidentiary force or value." *United States* v. *Witasick*, No. 4:07-CR-00030-001, 2014 WL 1355433, at *4 (W.D. Va. Apr. 7, 2014); *see* ECF 356 Exs. 1–6; ECF 359, Exs. 1–2; ECF 363, Ex. 1.

[4] Defendant Spencer states that "it might prove impossible to find a third-party vendor willing to assist in this matter." ECF 355 at n.29. This is mere speculation. Defendant Spencer has apparently only spoken with one imaging vendor, who happens to have a conflict, and two others failed to respond to his inquiries. *Id.* That is not sufficient to show that it would be impossible for Defendant Spencer to fulfill his discovery obligations if so ordered by the Court.

3

costs could have been avoided had Mr. Hill and the other Defendants taken appropriate steps to preserve information when this lawsuit was filed.

## II. The Court-Ordered Imaging of Defendants' Electronic Devices Is Warranted Under the Circumstances.

Here, Defendants have not produced documents in their native format with metadata, or even as they would otherwise appear, but rather have retyped or cut-and-pasted certain content of select communications into other documents. *See* Ex. A (providing a detailed listing of deficiencies in Defendants' productions). In doing so, Defendants are—whether unintentionally or otherwise—eliminating information from the documents that, as explained in Plaintiffs' opening brief, is critical to Plaintiffs' claims in this case. *See* Pls.' Br. at 11–12.

The significance of metadata was recognized by the drafters of the Federal Rules of Civil Procedure, who anticipated that a party may request metadata in a request for production:

> For example, production may be sought of information automatically included in electronic files but not apparent to the creator or to readers. Computer programs may retain draft language, editorial comments, and other deleted matter (sometimes referred to as "embedded data" or "embedded edits") in an electronic file but not make them apparent to the reader. Information describing the history, tracking, or management of an electronic file (sometimes called "metadata") is usually not apparent to the reader viewing a hard copy or a screen image.

Fed. R. Civ. P. 26, committee's notes on 2006 amendment. Thus, an email produced in its native electronic format with metadata would show anyone who was "bcc'ed" on the same email, even though that information would not otherwise be discernible from the face of the email. But here, Defendant Spencer, instead, retyped or cut-and-pasted certain emails into a document with "homemade" captions at the top of each page that do not necessarily provide the full name or email address of all of the email's recipients (including any "cc" or "bcc"), among other information. *See, e.g.*, ECF 355, Ex. 2, at 42 (referring to "Richard" without providing the email recipient's full name or email address, or any "cc" or "bcc" to the email), attached hereto as Exhibit B. Without

4

the Court's intervention and the imaging of Defendants' electronic devices so that documents can be produced in their native format and with metadata, Plaintiffs will have no way of verifying whether Defendant Spencer's "homemade captions" are accurate.[5]

Even if Defendants had made a successful, good-faith effort to produce responsive documents in an agreed upon electronic format (and they have not), imaging Defendants' devices would still be necessary in order to recover any previously deleted files and to ensure the preservation of files that Defendants may have missed or the relevance of which may become evident as the litigation proceeds. *See* Pls.' Br. at 9–10. It is telling that not a single Defendant opposed this Motion on the basis that they had adequately preserved all electronically stored information potentially relevant to this case. This is consistent with several Defendants' prior statements acknowledging that they had taken "no special steps" to preserve documents relevant to this litigation. *See* Def. Identity Evropa's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 4; Def. Vanguard America's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 3; Def. TWP's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 4; *see also* Def. NF's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 3 (indicating no steps taken to preserve documents and communications); Def. Robert Ray's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 4 (same). Indeed, according to counsel, Defendants deleted many of their electronic communications regarding the events at issue in this litigation and admittedly cannot recover

---

[5] While Defendant Spencer argues that metadata is unnecessary because any information contained in the metadata is already in Plaintiffs' possession or otherwise available, *see* ECF 355 at 7, information of the kind contained in metadata is not available to Plaintiffs unless the communications and the accompanying metadata are produced by Defendants. And despite Defendant Spencer's contrary contention, *see id.* at n.16, he did not timely object to the production of metadata. As set forth above, a request for metadata does not exceed the limits of the Federal Rules. *See* Fed. R. Civ. P. 26, 34. Moreover, to properly object, Defendant Spencer was required to specifically "object[] to a requested form for producing electronically stored information" and to "state the form or forms [Defendant Spencer] intend[ed] to use." Fed. R. Civ. P. 34 (b)(2)(D). He failed to do so.

5

them without professional assistance. In two meet-and-confer calls among Plaintiffs' counsel and Defendants' counsel James Kolenich in May 2018, Mr. Kolenich told Plaintiffs' counsel that a number of his clients had deleted or archived their text messages and emails relating to the events at issue in this litigation and could not retrieve them from their devices without professional assistance.

### III. Defendants' Other Arguments Are Without Merit.

Plaintiffs' Motion accords with this Court's instructions and is procedurally proper. *Cf.* ECF 355 at 2; ECF 360 at 1. The Court previously directed Plaintiffs to propose a stipulation regarding preservation and production of electronically stored information for Defendants' consideration, and to meet and confer with Defendants on the proposed stipulation. *See* Apr. 19, 2018 Tr. (ECF 308) at 3–4. Plaintiffs did exactly that. *See* Pls.' Br. at 5–6. Yet Defendants failed to timely propose modifications to Plaintiffs prior to the filing of this Motion. Defendants Hill, Spencer, Tubbs, and LOS apparently now intend to propose at oral argument on this Motion modifications to the Proposed Stipulation, *see* ECF 355 at 11; ECF 360 at 3, while other Defendants call for the parties to again meet and confer on this same issue. *See* ECF 356 at 3. At this point in the proceedings, however, the time for a meet and confer and proposed modifications has long since passed.

Finally, Defendants' assertion that they should not be required to image their electronic devices because they have not threatened to destroy documents, *see* ECF 355 at 5; ECF 360 at 1–2, obviously misses the point. As Plaintiffs explained in their opening brief, Defendants need not have actually destroyed evidence in order for the Court to order the imaging of their electronic devices. *See* Pls.' Br. at 9.[6]

---

[6] The assertion by Defendants Kessler, Vanguard America, Damigo, Identity Evropa, Parrott, TWP, Schoep, NF, and NSM that Defendant Parrott's threatened spoliation "cannot serve as a factual predicate in support of the instant motion" since the issue has "been separately briefed and is

6

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion, compel Defendants to proceed with the imaging and inspection of their electronic devices as per the Proposed Stipulation, enter the Proposed Stipulation, and order such other relief as the Court deems necessary and appropriate.

Dated: October 23, 2018

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
cgreene@kaplanhecker.com
sstrohmeier@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

---

pending," ECF 356 at 2–3, is without merit. That earlier motion was previously dismissed without prejudice to the filing of the instant Motion. *See* ECF 353.

7

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

      I further hereby certify that on October 23, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

                                        /s/ Robert T. Cahill
                                        Robert T. Cahill (VSB 38562)
                                        COOLEY LLP

                                        *Counsel for Plaintiffs*