# EXHIBIT A

**EXHIBIT A:**

**EXAMPLES OF DEFICIENCIES IN DEFENDANTS' PRODUCTIONS**

**Defendants Heimbach, Identity Evropa, Mosley, NF, NSM, Ray, Schoep,**
**TWP, and Vanguard America**

- No documents produced. Defendants Heimbach, Ray, NF, and Vanguard America implausibly claim to have no responsive documents.[1] *See* Matthew Heimbach's Resp. to First Set of Interrogs. & Req. for Produc. of Docs. at 2–3; Robert Ray's Resp. to First Set of Interrogs. & Req. for Produc. of Docs. at 2–4; NF's Resp. to First Set of Interrogs. & Req. for Produc. of Docs. at 2–3; Vanguard America's Resp. to First Set of Interrogs. & Req. for Produc. of Docs. at 2–3.

**Defendant Parrott**

- Failed to produce any communications via Facebook, Twitter, or personal email, all of which he identified as means of communications relevant to this litigation in his response to Plaintiffs' Interrogatory No. 1. *See* Matt Parrott's Resp. to Pls.' First Set of Interrogs. & Req. for Produc. of Docs. at 1–2.

- Failed to produce Defendant TWP's "membership rolls," which Defendant Parrott has repeatedly and publicly assured his followers that he will not produce in this litigation. *See, e.g.*, ECF 354 at 5.

- Failed to produce text message exchanges with Defendant Kessler from October and November 2017 that Defendant Kessler produced, demonstrating that Defendant Parrott's document preservation, collection, and production are incomplete.

**Defendants Hill, Tubbs, & LOS**

- Produced only a single PDF file on behalf of all three Defendants which appears to be a compilation of numerous documents such as e-mails and images, copied and pasted from their source files, and without identifying the custodian of each individual document.

- Failed to produce any communications via Twitter or Facebook, call logs, or podcasts, all of which these Defendants identified as means of communications relevant to this litigation in their responses to Plaintiffs' Interrogatory No. 1. *See* LOS's First Suppl. to Answer to Pls.' First Set of Interrogs. to All Defs. at 8; Michael Hill's First Suppl. to His Answer to Pls.' First Set of Interrogs. to All Defs. at 8; Michael Tubbs's First Suppl. to His Answer to Pls.' First Set of Interrogs. to All Defs. at 8.

---

[1] Again, Defendant Fields also has not produced any documents, but has not been pressed to do so to date because of his current incarceration. *See* Motion, n.1.

- Defendant Hill failed to produce a text message exchange with Defendant Kessler from June–July 2017 regarding promotion of the Unite the Right "rally" that Defendant Kessler produced, demonstrating that Defendant Hill's document preservation, collection, and production are incomplete.

## Defendant Cantwell

- Produced copies of emails that do not reflect the recipients of the emails.

- Failed to produce any relevant communications via Gab, Facebook, or Twitter, as well as material from his personal websites, all of which he identified as means of communications relevant to this litigation in his response to Plaintiffs' Interrogatory No. 1. *See* Def. Christopher Cantwell's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 1.

- Failed to produce December 2017 text message exchanges with Defendant Kessler that Defendant Kessler produced, demonstrating that Defendant Cantwell's document preservation, collection, and production are incomplete.

## Defendant Damigo

- Produced a single screenshot of a one-page text message exchange with an unnamed person on an unknown date at an unknown time.

- Failed to produce any communications via Twitter, Slack, or personal email (and only a single screenshot of a text message exchange, *see supra*), all of which he identified as means of communications relevant to this litigation in his response to Plaintiffs' Interrogatory No. 1. Def. Nathan Damigo's Resps. to Pls.' First Interrogs. & Req. for Produc. of Docs. at 1.

- Failed to produce text messages with Defendants Spencer and Kessler from June, July, and August 2017 regarding plans for the Unite the Right "rally" that Defendants Spencer and Kessler produced, demonstrating that Defendant Damigo's document preservation, collection, and production are incomplete.

## Defendant Kessler

- Produced a report listing the materials that were imaged from his cell phone that Plaintiffs understand hit on the search terms provided by Plaintiffs, without providing the actual electronic files (*e.g.*, a list of the audio files that were copied without providing the actual audio files so that they can be listened to by Plaintiffs' counsel).[2]

---

[2] On October 19, 2018, Plaintiffs contacted Defendant Kessler to alert him to this deficiency in his October 1, 2018 production. Should Defendant Kessler supplement that production to include all documents obtained through the imaging of Defendant Kessler's cell phone (and application of relevant search terms), Plaintiffs would withdraw as moot their request to image that cell phone. Plaintiffs

**Defendant Spencer**

- Produced a screenshot of a text message exchange with Defendant Kessler reflecting the exchange of image files and videos without producing the actual image files and videos.

- Produced a document with retyped Twitter posts referring to non-produced videos and lacking the time of day the posts were published, the preceding posts to which he was responding, and the responses, if any.

- Failed to produce July–August 2017 text messages with Defendant Cantwell that Defendant Cantwell produced, and August 14, 2017 text messages with Defendants Kessler and Invictus concerning post-"rally" press that Defendant Kessler produced, demonstrating that Defendant Spencer's document preservation, collection, and production are incomplete.

- Failed to produce any communications via Facebook, Skype, or Slack, call logs, podcasts, or material from personal websites, all of which he identified as means of communications relevant to this litigation in his response to Plaintiffs' Interrogatory No. 1. Def. Richard Spencer's Objs. & Resps. to Pls.' First Set of Interrogs. at 4.

---

would continue, however, to pursue court-ordered imaging of any other electronic device used by Defendant Kessler to communicate about the events at issue in this litigation.