UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

ELIZABETH SINES, *et al.*,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　Plaintiffs,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　　　　　: Case No. 3:17-cv-00072-NKM
　　　　　　　　　　　　　　　　　　　　　　:
JASON KESSLER, *et al.*,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　Defendants.　　　　　　　　　　　　　　:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SPENCER'S TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

### I.　Introduction

This Court should grant Defendant Richard B. Spencer's Motion to Compel Production of Documents (hereinafter the "Motion") because Plaintiffs have failed to produce a single responsive document or thing and, in their Responses and Objections to Defendant Richard Spencer's First Request for Production of Documents to All Plaintiffs (hereinafter "Response") Plaintiffs fail to state when they will produce any responsive documents and things.[1]

Thus, under Rule 37(a)(4), Fed. R. Civ. P., Plaintiffs' "Response" should be treated as a failure to respond and, *inter*

---

[1] In response to approximately eleven (11) individual requests, Plaintiffs have also asserted various non-privilege-based objections and stated that they will withhold documents, "if any," from production on the basis of privilege. Mr. Spencer does not address those objections in the Motion or this Memorandum because, given the use of the phrase "if any," he cannot determine whether, in fact, responsive documents exist and will be withheld. He reserves the right to address these objections (and other objections) in a subsequent motion to compel once Plaintiffs serve a proper response and responsive documents. Only then would Mr. Spencer be able to ascertain whether Plaintiffs' objections are meaningful or merely *pro forma*.

1

*alia*, Plaintiffs should be ordered to produce all non-privileged responsive documents or things forthwith.

## II. Facts

### A. Lack of Proper Response and Any Actual Document Production

On June 20 2018, Mr. Spencer served his First Request for Production of Documents to All Plaintiffs (hereinafter the "Request").[2]  The Request set forth with particularity 121 discrete requests for documents and things and specifically asked each Plaintiff to serve his or her own separate response and production.[3]  It also requested that each Plaintiff produce the requested documents and things "within thirty (30) days after service of this Request..."[4]

On July 23, 2018, Plaintiffs collectively served the Response.[5]  None served an individual response.

In nearly every discrete response in which Plaintiffs indicated that they will produce responsive documents or things, they qualified their statement by indicating that they will produce responsive documents **"if any"** (without stating whether responsive documents actually exist).[6]

---

[2] *See* Exhibit 1.
[3] *See* Exhibit 1 at p. 1, Instruction No. 1.
[4] *See* Exhibit 1 at pp. 1-2, Instruction No 1.
[5] *See* Exhibit 2.
[6] Emphasis added.

Plaintiffs did not produce a single document or thing. Instead, they merely stated that "Plaintiffs will produce documents on a rolling basis..."[7]

On August 10, 2018, counsel for Mr. Spencer sent a letter to counsel for Plaintiffs, indicating, in part, that: (a) "no plaintiff filed his or her own response"; (b) "[n]one of your clients produced any documents or things in response to the Request"; (c) "your clients merely indicate that they will produce documents" and "do not say when they will produce documents or where they will produce documents."[8]

Not having received any response from Plaintiffs, Mr. Spencer's counsel wrote to Plaintiffs' counsel on October 22, 2018, again noting those deficiencies and asking him to "advise ... of your clients' intentions in this matter."[9]

As of this writing, counsel for Mr. Spencer has not received from Plaintiff's counsel any response to these letters.

By Mr. Spencer's calculation, the discovery cut-off in this case is February 8, 2019.

### III. Applicable Legal Principles

#### A. Rule 34(b)(2)(B), Fed. R. Civ. P.

Rule 34(b)(2)(B) provides as follows:

> For each item or category, the response must

---

[7] *See* Exhibit 2 at p. 6, General Responses and Objections No. 21.
[8] *See* Exhibit 3.
[9] *See* Exhibit 4.

> either stare that inspection and related acti-
> vities will be permitted as requested or state
> with specificity the grounds for objecting to
> to the request, including the reasons.  The
> responding party may state that it will pro-
> duce copies of documents or of electronically
> stored information instead of permitting in-
> spection.  The production must ... be completed
> within no later than the time for inspection
> specified in the request or another reasonable
> time specified in the response.

The requirement of Rule 34(b)(2)(B) is not satisfied when a responding party merely states that it will produce responsive documents.  *See Association of American Physicians and Surgeons, Inc. vs. Clinton*, 837 F. Supp. 454, 457 (D.D.C. 1993)(stating that "the court condemns this litigation tactic" of providing incomplete responses and supplementing them "whenever it pleased").

Nor is this requirement satisfied when a responding party states that it will produce documents "on a rolling basis."  *See Alexander vs. Federal Bureau of Investigation*, 186 F.R.D. 6, 9 (D.D.C. 1998)(rejecting as "improper" responding party's statement that it would produce responsive documents "on a rolling and ongoing basis").  *See also Woodmen of the World Life Insurance Society*, 2012 WL 1637246 at pp 11-12 (D. Neb. 2012).

This is true notwithstanding the fact that document production can be burdensome and time-consuming.  As stated in *U.S. Legal Support, Inc. vs. Hofioni*, 2015 WL 5916692 at p. 5 (E.D. Cal. 2015):

4

> ... [P]laintiff may not reserve the right to produce documents "on a rolling basis" because of the volume of discovery in this matter. While the court is aware that discovery can, at times, prove a burdensome and lengthy enterprise, that fact does not justify what would effectively be a period of endless discovery.

Indeed, a response that a party will produce documents on a rolling basis does not constitute a "response" at all. As stated in *Kinetic Concepts, Inc. vs. Convatec, Inc.*, 268 F.R.D. 226, 240-241 (M.D.N.C. 2010):

> "a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to [the provision now codified at Rule 37(a)(4)] is treated as a failure to answer or respond."

(quoting *Jayne H. Lee, Inc. vs. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997)(brackets in original).

Thus, if a responding party wishes to produce documents "on a rolling basis" if must first "[s]pecify ... when production will begin and when it will be concluded." *Fischer vs. Forrest*, 2017 WL 773694 at p. 1 (S.D.N.Y. 2017)(court announcing that it was issuing "a discovery wake-up call to the Bar").

### B. Rule 34(a)

Rule 34(a) provides that "[a] party may serve on **any other party** a request within the scope of Rule 26(b)..." (emphasis supplied).

5

### III. Argument

#### A. Plaintiffs Have Not Served a Proper Response.

##### 1. Plaintiffs Did Not State When a Production Will Occur.

All that Plaintiffs stated was that they would produce documents on a "rolling basis." They entirely failed to state when any such production would commence and when it would end.[10]

By serving Mr. Spencer with an evasive and incomplete response, Plaintiffs, then, simply have failed to respond.

##### 2. Plaintiffs Have Not Produced a Single Responsive Document.

What's more, not only did Plaintiffs not produce a single responsive document or thing at the time they served the Response, they still have not produced any responsive materials as of this writing -- over two (2) months later.

#### B. Each Plaintiff Should Serve a Separate Response/Production.

The Request specifically asked that each Plaintiff serve a separate response. Plaintiffs, however, "object[ed] to Instruction No. 1 to the extent it purports to require each Plaintiff to [sic] individually serve written responses to the Requests."

Rule 34 provides that "[a] party may serve on *any other party* a request within the scope of Rule 26(b)" (emphasis supplied). In other words, Mr. Spencer is permitted to serve a

---

[10] Nor did they state in the Response any reason why production could not be accomplished at one time.

request on each plaintiff and to receive from each plaintiff a separate response.

### IV.   Conclusion

For the foregoing reasons and those to be advanced at oral argument, the Motion should be granted.

                      Respectfully submitted,

                       /s/ John A. DiNucci
                      John A. DiNucci (VSB No. 29270)
                      8180 Greensboro Drive
                      Suite 1150
                      McLean, Virginia 22102
                      tel.: (703) 821-4232
                      fax:  (703) 790-9863
                      e-mail: dinuccilaw@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 26, 2018, I filed the foregoing Memorandum with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

>Philip M. Bowman, Esq.
>Boies, Schiller Flexner, LLP
>575 Lexington Avenue
>New York, New York 10022
>
>Robert T. Cahill, Esq.
>Cooley, LLP
>11951 Freedom Drive
>14th Floor
>Reston, Virginia 20190
>
>Roberta Kaplan, Esq.
>Kaplan & Company, LLP
>350 Fifth Avenue
>Suite 7110
>New York, New York 10118
>
>Karen L. Dunn, Esq.
>Boies, Schiller, Flexner, LLP
>1401 New York Avenue. N.W.
>Washington, D.C. 20005
>
>Alan Levine, Esq.
>Cooley, LLP
>1114 Avenue of the Americas
>46th Floor
>New York, New York 10036
>
>David E. Mills, Esq.
>Cooley, LLP
>1299 Pennsylvania Avenue, N.W.
>Suite 700
>Washington, D.C. 20004

```
David Campbell, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

Lisa M. Lorish, Esq.
Federal Public Defenders Office
Western District of Virginia
40 East Market Street
Suite 106
Charlottesville, Virginia 22902
```

/s/  John A. DiNucci
John A. DiNucci
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax:  (703) 790-9863
e-mail: dinuccilaw@outlook.com