# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

## Charlottesville Division

SINES, *et al.*,                          :
                                          :
    Plaintiffs,        :
                                          :  Case No. 3:17-cv-00072-NKM
    vs.                :
                                          :
KESSLER, *et al.*,                        :
                                          :
    Defendants.        :

## DEFENDANT SPENCER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFFS

Defendant Richard B. Spencer, by counsel, states the following First Request for Production of Documents to Plaintiffs Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muniz, Hannah Pearce, Marcus Martin, Natalie Romero, Chelsea Alvarado and John Doe pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

Plaintiff Spencer incorporates herein by reference all applicable rules, instructions, and definitions contained in the Federal Rules of Civil Procedure and, for the purposes of this Request, the following Instructions and Definitions also apply:

1. Each Plaintiff individually is required to serve a separate written response to this Request, as well as to produce the requested documents and things at the Law Office of John A. DiNucci, 8180 Greensboro Drive, Suite 1150, McLean, Virginia

DEFENDANT'S EXHIBIT 1

Blumberg No. 5114

1

22102, within thirty (30) days after service of this Request for Production of Documents. Each Plaintiff's response shall state, with respect to each item or category of documents, that the documents are being produced or that copying and inspection shall be permitted as requested.

2. If you object to any particular request or part thereof, state the request or part thereof to which you object and the basis for such objection.

3. The documents requested include any in the possession, custody, or control of you or any agent, representative, or attorney for you.

4. As used herein, the terms "you" and "yours" refer to Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muñiz, Hannah Pearce, Marcus Martin, Natalie Romero, Chelsea Alvarado, and John Doe, and any employee, agent, attorney, or representative for any of said persons, including, but not limited to, Roberta A. Kaplan, Esq., and any person employed for the purposes of this litigation by Kaplan & Company, L.L.P., Cooley, L.L.P., and Boies, Schiller, Flexner, L.L.P.

5. As used herein, the term "documents and things" mean, *inter alia*, any and all writing or other form of record, in whatever medium, whether hard or electronic, including, but not limited to, letters, memoranda, handwritten notes, notepads,

2

calendars, diaries, telephone logs, telephone notepads, telephone messages, reports, notices, books, ledgers, tapes, photographs, drawings, diagrams, video or audio recordings of any form, computer disks (whether hard drives, floppy disks, or other form of disk or drive), e-mails and any and all attachments thereto, SMS correspondence, logs or transcripts of internet chat or dialogue, any and all media of computer- or electronic storage of information and any and all matters included in the definition of "Document" or "Documents" contained in Plaintiffs' [Corrected] First Set of Request for Production of Documents to All Defendants (which definition is incorporated herein by reference).

6. "Complaint" means any complaint that you have filed in this lawsuit, including, but not limited to, the original Complaint, the First Amended Complaint and any later iteration of the Complaint.

7. "Communication" or "communications" means those matters enumerated in the definition of "communications" set forth in Plaintiffs' [corrected] First Set of Requests for Production of Documents to All Defendants (which definition is incorporated herein by reference).

8. If you object to any particular request or part thereof on the grounds of any privilege, and if you withhold documents

3

on the basis of such objection, please state each of the following:

    a. the particular request or part thereof to which you object;

    b. the privilege asserted;

    c. the name of the document or thing in question, i.e., whether a letter, memorandum, report, photograph, recording, etc.;

    d. the date(s) of the document(s) or thing(s);

    e. the person(s) who generated or created such document or thing;

    f. the person(s) to whom such document or thing was (were) sent, provided, conveyed, communicated, or otherwise disseminated;

    g. the person(s) with possession, custody, or control of such document or thing; and

    h. the subject-matter of the document or thing.

## REQUESTS

1. All health care records relating to any injuries (including physical injuries, psychiatric injuries, psychological injuries, emotional injuries or dental injuries) that you allege you have sustained as a result of the acts and omissions alleged in your complaint.

4

2. If you contend that you have missed school as a result of any such injuries and/or that your academic performance has suffered as a result of any such injuries, please produce the following:

a. any documents evidencing that you as missed school;

b. transcripts of your classes and grades therein for 2016, 2017 and 2018.

3. All health care bills relating to any injuries (including physical injuries, psychiatric injuries, psychological injuries, emotional injuries or dental injuries) that you allege you have sustained as a result of the acts and omissions alleged in your complaint.

4. All reports of any health care provider from whom you will elicit an expert opinion about your injuries or condition at any hearing or trial in this case.

5. All photographs or video recordings of any injuries that you allege you have sustained as a result of the acts and omissions alleged in the complaint.

6. All records relating to any claim by you that you have sustained and/or will in the future sustain any loss of income as a result of the acts and omission alleged in the complaint, including, but not necessarily limited to, the following:

a. federal income tax returns for the tax years from 2012 to date;

5

b. paystubs for the period from January 1, 2017 to date;

c. salary and/or wage statements for the period from January 1, 2017 to date;

d. any resume and/or curriculum vitae that you have had during the period from January 1, 2012 to date; and

e. any job application that you have submitted to any employment agency, employment service or prospective employer at any time from January 1, 2012 to date.

7. Any resume or *curriculum vitae* that you have maintained at any time from January 1, 2012 to date.

8. Any calendar that you have maintained at any time from August 1, 2017 to date, including any manual calendar, any paper calendar and any electronic or digital calendar.

9. Any diary, log or similar document that you have maintained at any time from August 1, 2017 to date, including any manual calendar, any paper calendar and any electronic or digital calendar.

10. All written, electronic or digital communications by you relating to the injuries that you allege you have sustained as a result of the acts and omissions that you have transmitted to any person since August 11, 2017, including, but not limited to, any letters, notes, e-mails, text messages, tweets, chats, Social Media communications, other electronic communications, and other digital communications.

6

11.  All publications by you (whether in paper form, electronic form or digital form) that relate to the events you alleged in the complaint, including, but not limited to, any newspaper articles, magazine articles, newsletter articles, internet postings, internet blogs, and any other form of publication.

12.  Copies of all publications in which you are quoted in any way or to any extent about the events and/or injuries you allege in the complaint, including, but not limited to, any newspaper articles, magazine articles, newsletter articles, internet postings, internet blogs, press releases, and any other form of publication.

13.  Copies of all publications in which any other plaintiff is quoted about the events and/or injuries alleged in the complaint.

14.  Recordings and transcripts of any video interview or audio interview of you that relates in any way to the events and/or injuries that you allege in the complaint.

15.  Recordings and transcripts of any video interview or audio interview of any other plaintiff that relates in any way to the events and/or injuries alleged in the complaint.

16.  All video recordings of any kind that show Richard B. Spencer (Mr. Spencer) at any time on August 11, 2017 and/or August 12, 2017.

7

17.  All video recordings of any kind of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

18.  All photographs of Mr. Spencer taken at any time on August 11, 2017 and/or August 12, 2017.

19.  All photographs of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

20.  All audio recordings of Mr. Spencer made at any time on August 11, 2017 and/or August 12, 2017.

21.  All audio recordings of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

22.  All reports and/or analyses of the events of August 11, 2017 and/or August 12, 2017 that you allege in the complaint that were prepared by or on behalf of any of the following entities:

   a.  Albermarle County Police Department;

   b.  Charlottesville Police Department;

   c.  City of Charlottesville;

   d.  University of Virginia police;

   e.  Virginia Department of Emergency Management; and

   f.  Virginia State Police.

23.  All plans, operational plans, action plans, contingency plans or similar documents prepared by or on behalf

8

of any of the following entities in anticipation of the events of August 11, 2017 and/or August 12, 2017:

    a.  Albemarle County Police Department;

    b.  Charlottesville Police Department (including any Operational Plan);[1]

    c.  City of Charlottesville;

    d.  University of Virginia police;

    e.  Virginia Department of Emergency Management (including any Incident Action Plan;[2]

    f.  Virginia State Police (including any Operational Plan).[3]

    24.  All intelligence reports or analyses prepared by any public authority in anticipation of the planned events of August 11, 2017 and/or August 12, 2017, including, but not limited to, any prepared by any of the following entities:

    a.  Albemarle County Police Department

    b.  Charlottesville Police Department;

    c.  City of Charlottesville;

    d.  Federal Bureau of Investigation;[4]

    e.  University of Virginia police;

    f.  Virginia Department of Public Safety;

    g.  Virginia State Police.

---

[1] Final Report -- Independent Review of the 2017 Protest Events in Charlottesville, Virginia (hereinafter the "Report") at p. 5.
[2] Report at p. 16.
[3] Report at p. 16.
[4] Such as the "private threat assessment" alleged in Paragraph 119 of the First Amended Complaint.

25. Any "after-action" reports or similar documents of the events of August 11, 2017 and/or August 12, 2017 prepared by any public agency, including, but not limited to, the following:

    a. Charlottesville Police Department;

    b. City of Charlottesville;

    c. Federal Bureau of Investigation;

    d. University of Virginia police;

    e. Virginia Department of Public Safety;

    f. Virginia State Police.

26. Any photographs, audio recordings and/or video recordings of any aspect of the events of August 11, 2017 and/or August 12, 2017 by or from any law enforcement agency and/or other public agency, including, but not limited to, any from police officers' body cameras and any from traffic control devices (such as traffic cameras).

27. Any documents or things that you or anyone acting on your behalf provided to Hunton & Williams in connection with the Report on the events of August 11, 2017 and/or August 12, 2017.

28. Any documents or things that Hunton & Williams provided to you in connection with the Report.

29. Any notes reports, memoranda or recordings made by any Plaintiff or any other person interviewed by Hunton & Williams in connection with the Report.

30.  All documents and/or things that, on which you base any contention that:

a.  that Mr. Spencer "embrace[s] and espouse[s] racist, anti-Semitic, sexist, homophobic and xenophobic ideologies";[5]

b.  that Mr. Spencer "call[s] for an ethnic cleansing";[6]

c.  that Mr. Spencer has "as [part of [his] mission to engage in racial, religious and ethnically motivated violence, threats, intimidation and harassment."[7]

31.  All documents or things that you contend evidence Mr. Spencer espousing violence and/or inciting violence against any member of a racial minority, any member of a religious minority, women, and/or members of the lesbian/bi-sexual/gay/transgender community, including, but not limited to, publications (whether paper, electronic or digital) by Mr. Spencer, speeches by Mr. Spencer, videos of Mr. Spencer, and/or any other communications by Mr. Spencer (whether paper, electronic or digital).

32.  All documents or things that on which you base the allegation that "Spencer planned and led the violent torchlight rally at his alma mater" on August 11, 2017[8] and/or that Mr. Spencer "organized a torchlight march through campus [sic] ... on August 11 at the Grounds at UVA."[9]

---

[5] Par. 3 of First Amended Complaint.
[6] Par. 21 of First Amended Complaint.
[7] Par. 45 of First Amended Complaint.
[8] Par. 21 of First Amended Complaint.
[9] Par. 143 of First Amended Complaint.

11

33. All documents or things on which you base the allegation fact that "Spencer actively promoted the Unite the Right "rally" on [August 12, 2017] to his numerous followers on social media and encouraged and incited intimidation and violence based on racial, religious and ethnic animosity."

34. All documents or things on which you base any contention that the August 11, 2017 torchlight parade "was the result of weeks of planning" by or involving Mr. Spencer.[10]

35. All documents or things that evidence when and how any Plaintiff learned that said torchlight parade might or would occur.[11]

36. All documents or things containing any statements by Mr. Spencer at or during the time of said torchlight march.[12]

37. All photographs, video recordings and/or audio recordings of Mr. Spencer during said torchlight march, including, but not limited to, any on which you base any contention that:

a. Mr. Spencer "charged toward a small group of fewer than 30 people ... who had locked arms around the statue of Thomas Jefferson";[13]

---

[10] Par. 145 of First Amended Complaint.
[11] Pars. 155 -157 of First Amended Complaint.
[12] Pars. 157, 159 and 161 of First Amended Complaint.
[13] Par. 164 of First Amended Complaint.

b. Mr. Spencer "began to kick and punch the protesters around the statute, using their torches as weapons, and to beat individuals onto the ground;"[14]

c. Mr. Spencer "threw an unidentified fluid at the peaceful protesters around the statue ...";[15]

d. Mr. Spencer "threw their lit torches through the air, aimed and directed at many of the protesters around the statue";[16]

e. Mr. Spencer threw "fuel and tiki torches at the peaceful protesters around the statute";[17]

f. Mr. Spencer removed a helmet and swung it at protesters;[18]

g. Mr. Spencer spit on Plaintiff Romero;[19]

h. Mr. Spencer "attacked the protesters with mace";[20]

i. Mr. Spencer "engaged in acts of intimidation, harassment and violence" on August 11, 2017.[21]

38. All documents or things on which you base any contention that, on August 11, 2017, Mr. Spencer "directed and incited physical assaults and violence, the use of open flames,

---

[14] Par. 168 of First Amended Complaint.
[15] Par. 169 of First Amended Complaint.
[16] Par. 169 of First Amended Complaint.
[17] Par. 170 of First Amended Complaint.
[18] Par. 171 of First Amended Complaint.
[19] Par. 171 of First Amended Complaint.
[20] Par. 172 of First Amended Complaint.
[21] Par. 329 of First Amended Complaint.

13

and the intimidation of minority residents and those who advocate for equal rights for minority citizens."[22]

39. All photographs, video recordings and/or audio recordings of any aspect of said torchlight march.

40. Any maps, plats, diagrams, visual recreations or other depictions of the events of said torchlight march.

41. Any "time line" of events of said torchlight march.

42. All documents or things that disclose the identity of the "one white supremacist, Defendants' co-conspirator" whom you allege was within St. Paul's Memorial Church on August 11, 2017.[23]

43. Any photographs or video recordings of the "one white supremacist."[24]

44. Any video recordings of the interfaith service on August 11, 2017.[25]

45. Any photographs or video recordings of "co-conspirators carrying baseball bats and torches -- carried for the purpose of threatening, intimidating and harassing residents."[26]

---

[22] Par. 329 of First Amended Complaint.
[23] Par. 177 of First Amended Complaint.
[24] Par. 177 of First Amended Complaint.
[25] Par. 177 of First Amended Complaint.
[26] Par. 181 of First Amended Complaint.

14

46. Any photographs or video recordings of Mr. Spencer carrying a baseball bat and/or torch in the circumstances referenced in Request No. 44.

47. All documents or things on which you base any contention that Mr. Spencer:

a. "participated in violent events of the day ..."[27];

b. "threatened, intimidated, and harassed protesters and minority residents, and incited and engaged in violence" on August 12, 2017;[28]

c. "directed and incited acts of violence and intimidation at the Unite the Right 'rally' on August 12," 2017;[29]

d. "engaged in acts of intimidation, harassment and violence" on August 12, 2017;[30]

48. All documents or things evidencing:

a. any alleged assault by Mr. Spencer on August 12, 2017;

b. any alleged battery by Mr. Spencer on August 12, 2017;

c. any alleged malicious wounding by Mr. Spencer on August 12, 2017;

d. any other alleged criminal act by Mr. Spencer on August 12, 2017.[31]

---

[27] Par. 187 of First Amended Complaint.
[28] Par. 332 of First Amended Complaint.
[29] Par. 333 of First Amended Complaint.
[30] Par. 334 of First Amended Complaint.
[31] ask the same for 8/11

15

49.  All photographs, video recordings and audio recordings of Mr. Spencer made at any time on August 12, 2017.

50.  All photographs, video recordings and/or audio recordings of the events of August 12, 2017.

51.  All photographs, video recordings and/or audio recordings of any Plaintiff made at any time on August 12, 2017.

52.  Any maps, plats, diagrams, visual recreations or other depictions of the events of August 12, 2017.

53.  Any "timeline" of the events of August 12, 2017.

54.  Any documents or things evidencing the whereabouts of Mr. Spencer on August 12, 2017.

55.  All documents or things on which you base any contention that, on August 12, 2017, Mr. Spencer "also encouraged violence by others."[32]

56.  All documents or things on which you base any contention that throwing "an open bottle fill with a foul liquid" is "a common tactic of" Mr. Spencer.[33]

57.  All documents or things on which you base any contention that Mr. Spencer "had encouraged others to '[p]ee in balloons and throw them at communists ...'" and/or to "'urinate or defecate on our nearest antifa terrorist faggot pussy.'"[34]

---

[32] Par. 217 of First Amended Complaint.
[33] Par. 221 of First Amended Complaint.
[34] Par. 221 of First Amended Complaint.

16

58. All documents or things on which you base any contention that Mr. Spencer "attacked people with clubs, smoke bombs, and pepper spray, in fulfillment of their premeditated strategy of inflicting injury."[35]

59. All documents or things on which you base any contention that Mr. Spencer "directed the mob to move to McIntire Park."[36]

60. All documents or things (including any video recordings and/or any audio recordings) that evidence any statements made by Mr. Spencer at McIntire Park on August 12, 2017.[37]

61. All documents or things on which you base any contention that, at McIntire Park, Mr. Spencer "discussed returning to Emancipation Park in defiance of police orders."[38]

62. All documents or things on which you base any contention that Mr. Spencer "stayed in the parks while others dispersed and began to terrorize residents in the downtown area of Charlottesville, near the pedestrian mall."[39]

---

[35] Par. 222 of First Amended Complaint.
[36] Par. 226 f First Amended Complaint.
[37] Par. 230 of First Amended Complaint.
[38] Par. 231 of First Amended Complaint.
[39] Par. 234 of First Amended Complaint.

17

63. All documents and things on which you base any contention that, "[o]n the mall," Mr. Spencer and "co-conspirators again brought violence."[40]

64. All documents or things evidencing that Mr. Spencer:

a. knew or knew of Defendant Fields before the events of August 12, 2017;

b. communicated with Defendant Fields in any way before the events of August 12, 2017;

c. had engaged in any communication with any other Defendant or alleged unnamed co-conspirator with respect to the notion of "running protesters over with a car";[41]

d. had written and/or spoken about the notion of "running protesters over with a car";[42]

e. had posted and/or viewed any materials and/or imagery about "running protesters over with a car";[43]

f. had in any way expressed approval of and/or sanctioned "running protesters over with a car."[44]

65. All documents or things on which you base any contention that, on August 12, 2017, Mr. Spencer "celebrated,"[45]

---

[40] Par. 235 of First Amended Complaint.
[41] Par. 236 of First Amended Complaint at footnote 10.
[42] Id.
[43] Id.
[44] Id.
[45] Par. 259 of First Amended Complaint.

"celebrated what they believed was their 'victory,'" and "mocked the death of Heather Heyer."[46]

66. All documents or things on which you base the following contentions:[47]

a. "Defendants and their co-conspirators conspired to incite violence and to threaten, intimidate, and harass the civilian population of Charlottesville and, in particular, racial, ethnic, or religious minorities, and to commit other unlawful acts as described herein."

b. "For weeks, Defendants acted on the basis of racial, religious, and/or ethnic animus, and with the intention to deny Jewish people and people of color, as well as people advocating for the rights of Jewish people and people of color, equal protection and other rights that they are guaranteed under state and federal law."

67. All documents or things on which you base the contention that Defendants, including Mr. Spencer, "all agreed and coordinate with and among each other to plan, organize, promote and commit the unlawful acts that injured Plaintiffs and countless others in Charlottesville."[48]

68. All documents and things on which you base any contention that Mr. Spencer "plotted, coordinated and executed a

---

[46] Par. 262 of First Amended Complaint.
[47] Par. 60 of First Amended Complaint.
[48] Par. 63 of First Amended Complaint.

common plan to engage in violence and intimidation in the streets of Charlottesville."[49]

69. All documents and things on which you base any contention that Mr. Spencer "combined together and combined with one or more other persons to accomplish through the concerted action described above, unlawful and tortious acts ..."[50]

70. All documents or things on which you base the contention that "Defendant Spencer and co-conspirator Evan McLaren ... met in person at the Trump Hotel ... to organize and direct the 'rally' in Charlottesville, with the purpose ... of committing acts of violence, intimidation and harassment against the citizens of Charlottesville."[51]

71. All documents or things on which you base any contention that Mr. Spencer and any other defendant "frequently coordinated the illegal acts planned for the Unite the Right event online."[52]

72. All documents or things on which you base any contention that Mr. Spencer used "the chat platform Discord" in connection with the events of August 11, 2017 and August 12, 2017.[53]

---

[49] Par. 338 of First Amended Complaint.
[50] Par. 351 of First Amended Complaint.
[51] Par 64 of First Amended Complaint.
[52] Par. 68 of First Amended Complaint.
[53] Pars. 71 and 72 of First Amended Complaint.

20

73. All documents and things on which you base any contention that Mr. Spencer and any alleged co-conspirator "coordinated by posting articles on their own websites, and by using social media to send and share messages for the 'rally' and to encourage attendance and commission of illegal acts."[54]

74. All documents and things on which you base any contention that Mr. Spencer and any alleged co-conspirator "interviewed one another about the plans for the 'rally' and shares those messages on podcast or other video-streaming services."[55]

75. All documents or things on which you base any contention that Mr. Spencer and any co-Defendant and/or unnamed alleged co-conspirator "gave orders to each other, co-conspirators, and followers in advance of the Unite the Right weekend, including what weapons to bring, what protective armor to wear and instructions for uniforms."[56]

76. All photographs of Mr. Spencer "posing with automatic weapons and tactical gear."[57]

77. All documents or things on which you base any contention that Mr. Spencer "boasted about the weapons they were bringing."[58]

---

[54] Par. 70 of First Amended Complaint.
[55] Par. 70 of First Amended Complaint.
[56] Par. 106 of First Amended Complaint.
[57] Par. 109 of First Amended Complaint
[58] Par. 109 of First Amended Complaint.

78. All documents or things on which you base any contention that Mr. Spencer "and co-conspirators told each other to bring shields, uniforms, flags, and signs decorated with iconography that would instill fear along racial and religious lines, while also identifying rallygoers with the hate groups to which they belong."[59]

79. All documents or things on which you base any contention that Mr. Spencer "also discussed and intended for followers to come with paraphernalia bearing racist and anti-Semitic imagery."[60]

80. All documents or things on which you base any contention that Mr. Spencer and any "co-conspirators also coordinated travel for the day of the 'rally' on Saturday."[61]

81. All documents or things on which you base any contention that Mr. Spencer "posted various photographs on Discord and provided names and identifying information of individuals planning to protest in Charlottesville, as well as the community groups organizing the protest."[62]

82. All documents or things on which you base any contention that, "[b]y identifying these businesses," Mr.

---

[59] Par. 121 of First Amended Complaint.
[60] Par. 122 of First Amended Complaint.
[61] Par. 130 of First Amended Complaint.
[62] Par. 137 of First Amended Complaint.

22

Spencer "intended that ... co-conspirators and followers would threaten these businesses."[63]

83. All documents or things on which you base any contention that Mr. Spencer "took no steps to prevent any violence."[64]

84. All documents or things on which you base any contention that Mr. Spencer "possessed actual knowledge of the Section 1985(3) anti-civil rights conspiracy described in the complaint..."[65]

85. All documents or things on which you based any contention that Mr. Spencer possessed actual knowledge of any conspiracy to use lethal violence at the Unite the Right Rally or thereafter.[66]

86. All documents or things on which you base any contention that Mr. Spencer was "in a position and had the power to have stopped the anti-civil rights conspiracy or to aid in stopping it."

87. All documents or things on which you base any contention that Mr. Spencer was in a position and had the power to have stopped Defendant Fields from using his motor vehicle to harm anyone.[67]

---

[63] Par. 142 of First Amended Complaint.
[64] Par. 98 of First Amended Complaint.
[65] Par. 345 of First Amended Complaint.
[66] Par. 345 of First Amended Complaint.
[67] Par. 346 of First Amended Complaint.

23

88. All documents or things that evidence or tend to evidence the identity of any unnamed co-conspirator.

89. Any documents or things on which you base any contention that any person who is not named as a defendant was a co-conspirator of any Defendant or group of Defendants.

90. Any documents of things on which you base any contention that "[c]o-conspirators whose identities are not known committed numerous additional acts in furtherance of the conspiracy to violate Plaintiffs' rights, including those alleged herein."[68]

91. Any documents or things on which you base any contention that any person who is not named as a Defendant did any of the following things:

a. "plotted, coordinated, and executed a common plan to engage in violence and intimidation in the streets of Charlottesville";[69] and/or

b. combined, concerted, conspired, coordinated, plotted and/or agreed to commit any of the acts alleged in the complaint.

92. Any documents or things that evidence to tend to evidence the identity of each person who committed any of the following types of act of which you complain:

---

[68] Par. 340 of First Amended Complaint.
[69] Par. 337 of First Amended Complaint.

24

a. violence;

b. intimidation;

c. harassment;

d. criminal act.

93. Any documents or things on which you base any contention that any Plaintiff "suffered injuries to their ...property."[70]

94. All communications *via* any medium between you and any other party to this lawsuit that relates to the Events, whether made before, during, or in the aftermath of the Events.

95. All communications *via* any medium between you and any other person that relates to the Events, whether made before, during or after the Events.

96. All communications *via* any medium between you and any person associated with Congregate Charlottesville (such as any member thereof) that relates to the Events, whether made before, during, or after the Events.

97. All documents and things created by or on behalf of Congregate Charlottesville before and/or in anticipation of the Events that evidences and/or constitutes planning, preparation and/or similar conduct by Congregate Charlottesville for or with respect to the Events.

---

[70] Par. 342 of First Amended Complaint. *See also* Par. 343 of First Amended Complaint.

98. All communications *via* any medium between you and any person associated with Unite Charlottesville (such as any member thereof) that relates to the Events, whether made before, during or after the Events.

99. All documents or things created by or on behalf of Unite Charlottesville before and/or in anticipation of the Events that evidences and/or constitutes planning, preparation and/or similar conduct by Unite Charlottesville for or with respect to the Events.

100. All communications *via* any medium between you and any person associated with Unite Charlottesville (such as any member thereof) that relates to the Events, whether made before, during or after the Events.

101. All documents or things that document or evidence your alleged subjection to acts of intimidation, harassment, or violence by any person on August 11, 2017 and/or August 12, 2017, including, but not limited to, any Defendant. or thwart said conspiracy.

102. Any applications (including documents or things submitted therewith) for use of "McGuffey Park and Justice Park for the periods during which the Unite the Right 'rally' was to take place."[71]

---

[71] Par. 132 of First Amended Complaint.

Case 3:17-cv-00072-NKM-JCH   Document 369-2   Filed 10/26/18   Page 26 of 32   Pageid#: 3527

103. Any applications (including documents or things submitted therewith) for use of emancipation Park for the period during any part of which the Unite the Right Rally was to take place.

104. Any documents or things relating to the planning for "an interfaith service for August 11 at St. Paul's Memorial Church on University Avenue... the night before Defendants' permit to gather in Emancipation Park."[72]

105. If you contend that Defendant James Alex Fields, Jr. (Mr. Fields) conspired with one or more other Defendants or non-defendants, all documents and/or things on which you base that contention, including, but not limited to:

a. all communications between Mr. Fields and any other Defendant (including Mr. Spencer) or non-defendant;

b. all documents relating to any access to, or use by Mr. Fields of, any "websites, social media (including Twitter, Facebook, 4chan and 8chan), chat rooms, radio, videos and podcasts" (including, but not limited to "Discord");[73] and

c. any statement by or any document embodying any statement by Mr. Fields.

---

[72] Par. 134 of First Amended Complaint.
[73] Par. 68 of First Amended Complaint.

27

106. All documents relating to the "numerous trainings in non-violent protest for residents of Charlottesville leading up to the event of August 11 and 12."[74]

107. All documents or things[75] relating to any education, training, preparation, planning and/or coordination which you received and/or in which you engaged in anticipation of and/or preparation for the events of August 11, 2017 and/or August 12, 2017.

108. All documents or things on which you base any contention that "Plaintiffs suffered injuries to their ... properties ..."[76]

109. All documents or things on which you base any contention that any acts of Defendants constituted:

a. "vandalism at a person's real or personal property";[77]

b. "[m]aliciously causing another person bodily injury by use of any explosive or fire in violation of Virginia Code Section 18.2-32";[78]

c. "[b]urning an object with the intent to intimidate on the private property of another without permission, in violation of Virginia Code Section 18.2-423.01";[79]

---

[74] Par. 11 of First Amended Complaint.
[75] define this to include audio and video
[76] Pars. 342-343 of First Amended Complaint.
[77] Par. 351(c) of First Amended Complaint.
[78] Par. 351(i) of First Amended Complaint.
[79] Par 351 (k) of First Amended Complaint.

110. All documents or things that set forth or reveal the identity of any "unnamed coconspirator."[80]

111. All settlement agreements with any defendant in this case or with any unnamed co-conspirator.

112. All releases provided by any plaintiff or plaintiffs to any defendant in this case or any unnamed co-conspirator.

113. All documents or things evidencing that any Plaintiff and/or other counter-protester "began mobilizing for [the Unite the Right Rally] and similarly recruited a range of left-wing groups to come to Charlottesville to confront the racist ideology of the Unite the Right groups."[81]

114. All documents or things evidencing information obtained by the Charlottesville Police Department (CPD) regarding expected attendance at the Unite the Right Rally, whether by participants n said rally or by counter-protesters.[82]

115. Any documents or things that evidence preparations by counter-protesters or potential counter-protesters for the Unite the Right Rally and/or any counter-protester, including, but not limited to:

a. any prepared by or on behalf of Congregate Charlottesville;

b. Solidarity Charlottesville; and/or

---

[80] Par. 63 of First Amended Complaint.
[81] Final Report -- Independent Review of the 2017 Protest Events in Charlottesville, Virginia (hereinafter the "Report").
[82] Report at p. 4.

29

c. "[l]ocal anti-racist groups [who] prepared to disrupt the events and hinder law enforcement response to specific theat."[83]

116. All documents and things that evidence any communications and/or coordination between any Plaintiff and any other counter-protester (including, but not limited to, members of the "Antifa") with respect to the events of August 11, 2017 and/or August 12, 2017.

117. All documents and things that evidence that "anti-racist activists successfully penetrated Discord and developed significant intelligence about the August 11 event."[84]

118. All documents and things that evidence that "it was common knowledge among activists that Kessler planned to hold an event with torches on August 11."[85]

119. Any notes, memoranda prepared by you that elate in any to the 9events that you alleged in the complaint.

120. All documents or things that evidence the basis for your request that the Court grant "injunctive relief enjoining Defendants from future violations of rights guaranteed by state and federal law."[86]

---

[83] Report at p. 4.
[84] Report at p. 111.
[85] Report at p. 111 (referencing Plaintiff Seth Wispelwey).
[86] Par. 372 of First Amended Complaint.

121. All documents and/or things that you obtain pursuant to any subpoena *duces tecum* issued in this case and/or in any related case, including, but not limited to:

a. any documents and/or things produced in response to the subpoena duces tecum relating to "Discord"; and

b. any documents and/or things produced in response to the subpoena *duces tecum* relating to David Duke.

Respectfully submitted,

**RICHARD B. SPENCER**

By: _____
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I served a copy of this First Request for Production of Documents on the following persons, by mail, first-class, postage prepaid:

Philip M. Bowman, Esq.
Boies, Schiller, Flexner
575 Lexington Avenue
New York, New York 10022

Robert T. Cahill, Esq.
Cooley, LLP
11951 Freedom Drive
14th Floor
Reston, Virginia 20190

31

Roberta Kaplan, Esq.
Kaplan & Company, LLP
350 Fifth Avenue
Suite 7110
New York, New York 10118

Justin Sanders Gravatt, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

Michael Peinovich
P.O. Box 1069
Hopewell Junction, Virginia 12533

John A. DiNucci