attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 58:**

All documents or things on which you base any contention that Mr. Spencer "attacked people with clubs, smoke bombs, and pepper spray, in fulfillment of their premeditated strategy of inflicting injury."[35]

**Response to Request No. 58:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

---

[35] Par. 222 of First Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 59:**

All documents or things on which you base any contention that Mr. Spencer "directed the mob to move to McIntire Park."[36]

**Response to Request No. 59:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[36] Par. 226 f First Amended Complaint.

**Request No. 60:**

All documents or things (including any video recordings and/or any audio recordings) that evidence any statements made by Mr. Spencer at McIntire Park on August 12, 2017.[37]

**Response to Request No. 60:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 61:**

All documents or things on which you base any contention that, at McIntire Park, Mr. Spencer "discussed returning to Emancipation Park in defiance of police orders."[38]

**Response to Request No. 61:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further

---

[37] Par. 230 of First Amended Complaint.

[38] Par. 231 of First Amended Complaint.

object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 62:**

All documents or things on which you base any contention that Mr. Spencer "stayed in the parks while others dispersed and began to terrorize residents in the downtown area of Charlottesville, near the pedestrian mall."[39]

**Response to Request No. 62:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[39] Par. 234 of First Amended Complaint.

**Request No. 63:**

All documents and things on which you base any contention that, "[o]n the mall," Mr. Spencer and "co-conspirators again brought violence."[40]

**Response to Request No. 63:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 64:**

All documents or things evidencing that Mr. Spencer:

a.      knew or knew of Defendant Fields before the events of August 12, 2017;

b.      communicated with Defendant Fields in any way before the events of August 12, 2017;

---

[40] Par. 235 of First Amended Complaint.

    c.        had engaged in any communication with any other Defendant or alleged unnamed co-conspirator with respect to the notion of "running protesters over with a car";[41]

    d.        had written and/or spoken about the notion of "running protesters over with a car";[42]

    e.        had posted and/or viewed any materials and/or imagery about "running protesters over with a car";[43]

    f.        had in any way expressed approval of and/or sanctioned "running protesters over with a car."[44]

**Response to Request No. 64:**

Plaintiffs object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[41] Par. 236 of First Amended Complaint.

[42] Id.

[43] Id.

[44] Id.

**Request No. 65:**

All documents or things on which you base any contention that, on August 12, 2017, Mr. Spencer "celebrated,"[45] "celebrated what they believed was their 'victory,'" and "mocked the death of Heather Heyer."[46]

**Response to Request No. 65:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 66:**

All documents or things on which you base the following contentions:[47]

---

[45] Par. 259 of First Amended Complaint.

[46] Par. 262 of First Amended Complaint.

[47] Par. 60 of First Amended Complaint.

a.  "Defendants and their co-conspirators conspired to incite violence and to threaten, intimidate, and harass the civilian population of Charlottesville and, in particular, racial, ethnic, or religious minorities, and to commit other unlawful acts as described herein."

b.  "For weeks, Defendants acted on the basis of racial, religious, and/or ethnic animus, and with the intention to deny Jewish people and people of color, as well as people advocating for the rights of Jewish people and people of color, equal protection and other rights that they are guaranteed under state and federal law."

**Response to Request No. 66:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 67:**

All documents or things on which you base the contention that Defendants, including Mr. Spencer, "all agreed and coordinate with and among each other to plan, organize, promote and commit the unlawful acts that injured Plaintiffs and countless others in Charlottesville."[48]

**Response to Request No. 67:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 68:**

All documents and things on which you base any contention that Mr. Spencer "plotted, coordinated and executed a common plan to engage in violence and intimidation in the streets of Charlottesville."[49]

---

[48] Par. 63 of First Amended Complaint.

[49] Par. 338 of First Amended Complaint.

**Response to Request No. 68:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 69:**

All documents and things on which you base any contention that Mr. Spencer "combined together and combined with one or more other persons to accomplish through the concerted action described above, unlawful and tortious acts ..."[50]

**Response to Request No. 69:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the

---

[50] Par. 351 of First Amended Complaint.

attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 70:**

All documents or things on which you base the contention that "Defendant Spencer and co-conspirator Evan McLaren … met in person at the Trump Hotel … to organize and direct the 'rally' in Charlottesville, with the purpose … of committing acts of violence, intimidation and harassment against the citizens of Charlottesville."[51]

**Response to Request No. 70:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

---

[51] Par. 64 of First Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 71:**

All documents or things on which you base any contention that Mr. Spencer and any other defendant "frequently coordinated the illegal acts planned for the Unite the Right event online."[52]

**Response to Request No. 71:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[52] Par. 68 of First Amended Complaint.

**Request No. 72:**

All documents or things on which you base any contention that Mr. Spencer used "the chat platform Discord" in connection with the events of August 11, 2017 and August 12, 2017.[53]

**Response to Request No. 72:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control, including, but not limited to, Defendant Spencer's undated Objections and Responses to Plaintiffs' First Set of Interrogatories and Defendant Spencer's Supplemental Answers to Plaintiffs' First Set of Interrogatories to All Defendants, dated June 19, 2018.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[53] Pars. 71 and 72 of First Amended Complaint.

**Request No. 73:**

All documents and things on which you base any contention that Mr. Spencer and any alleged co-conspirator "coordinated by posting articles on their own websites, and by using social media to send and share messages for the 'rally' and to encourage attendance and commission of illegal acts."[54]

**Response to Request No. 73:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[54] Par. 70 of First Amended Complaint.

**Request No. 74:**

All documents and things on which you base any contention that Mr. Spencer and any alleged co-conspirator "interviewed one another about the plans for the 'rally' and shares those messages on podcast or other video-streaming services."[55]

**Response to Request No. 74:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 75:**

All documents or things on which you base any contention that Mr. Spencer and any co-Defendant and/or unnamed alleged co-conspirator "gave orders to each other, coconspirators,

---

[55] Par. 70 of First Amended Complaint.

and followers in advance of the Unite the Right weekend, including what weapons to bring, what protective armor to wear and instructions for uniforms."[56]

**Response to Request No. 75:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 76:**

All photographs of Mr. Spencer "posing with automatic weapons and tactical gear."[57]

**Response to Request No. 76:**

Plaintiffs object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.

---

[56] Par. 106 of First Amended Complaint.

[57] Par. 109 of First Amended Complaint.

Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 77:**

All documents or things on which you base any contention that Mr. Spencer "boasted about the weapons they were bringing."[58]

**Response to Request No. 77:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[58] Par. 109 of First Amended Complaint.

**Request No. 78:**

All documents or things on which you base any contention that Mr. Spencer "and co-conspirators told each other to bring shields, uniforms, flags, and signs decorated with iconography that would instill fear along racial and religious lines, while also identifying rallygoers with the hate groups to which they belong."[59]

**Response to Request No. 78:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[59] Par. 121 of First Amended Complaint.

**Request No. 79:**

All documents or things on which you base any contention that Mr. Spencer "also discussed and intended for followers to come with paraphernalia bearing racist and anti-Semitic imagery."[60]

**Response to Request No. 79:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 80:**

All documents or things on which you base any contention that Mr. Spencer and any "co-conspirators also coordinated travel for the day of the 'rally' on Saturday."[61]

---

[60] Par. 122 of First Amended Complaint.

[61] Par. 130 of First Amended Complaint.

**Response to Request No. 80:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 81:**

All documents or things on which you base any contention that Mr. Spencer "posted various photographs on Discord and provided names and identifying information of individuals planning to protest in Charlottesville, as well as the community groups organizing the protest."[62]

**Response to Request No. 81:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the

---

[62] Par. 137 of First Amended Complaint.

attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 82:**

All documents or things on which you base any contention that, "[b]y identifying these businesses," Mr. Spencer "intended that ... co-conspirators and followers would threaten these businesses."[63]

**Response to Request No. 82:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

---

[63] Par. 142 of First Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 83:**

All documents or things on which you base any contention that Mr. Spencer "took no steps to prevent any violence."[64]

**Response to Request No. 83:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[64] Par. 98 of First Amended Complaint.

**Request No. 84:**

All documents or things on which you base any contention that Mr. Spencer "possessed actual knowledge of the Section 1985(3) anti-civil rights conspiracy described in the complaint ... "[65]

**Response to Request No. 84:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 85:**

All documents or things on which you based any contention that Mr. Spencer possessed actual knowledge of any conspiracy to use lethal violence at the Unite the Right Rally or thereafter.[66]

---

[65] Par. 345 of First Amended Complaint.

[66] Par. 345 of First Amended Complaint.

**Response to Request No. 85:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 86:**

All documents or things on which you base any contention that Mr. Spencer was "in a position and had the power to have stopped the anti-civil rights conspiracy or to aid in stopping it."

**Response to Request No. 86:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 87:**

All documents or things on which you base any contention that Mr. Spencer was in a position and had the power to have stopped Defendant Fields from using his motor vehicle to harm anyone.[67]

**Response to Request No. 87:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 88:**

All documents or things that evidence or tend to evidence the identity of any unnamed co-conspirator.

---

[67] Par. 346 of First Amended Complaint.

**Response to Request No. 88:**

Plaintiffs object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 89:**

Any documents or things on which you base any contention that any person who is not named as a defendant was a co-conspirator of any Defendant or group of Defendants.

**Response to Request No. 89:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

68

**Request No. 90:**

Any documents of things on which you base any contention that "[c]o-conspirators whose identities are not known committed numerous additional acts in furtherance of the conspiracy to violate Plaintiffs' rights, including those alleged herein."[68]

**Response to Request No. 90:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.  Plaintiffs construe "document of things" to be a typographical error and interpret the Request as if it instead included the phrase "documents or things."

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

---

[68] Par. 340 of First Amended Complaint.

**Request No. 91:**

Any documents or things on which you base any contention that any person who is not named as a Defendant did any of the following things:

    a.  "plotted, coordinated, and executed a common plan to engage in violence and intimidation in the streets of Charlottesville";[69] and/or

    b.  combined, concerted, conspired, coordinated, plotted and/or agreed to commit any of the acts alleged in the complaint.

**Response to Request No. 91:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[69] Par. 337 of First Amended Complaint.

**Request No. 92:**

Any documents or things that evidence to tend to evidence the identity of each person who committed any of the following types of act of which you complain:

    a.  violence;

    b.  intimidation;

    c.  harassment;

    d.  criminal act.

**Response to Request No. 92:**

Plaintiffs object to the Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined phrase "types of acts of which you complain." Plaintiffs further object to the Request as seeking documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case insofar as the Request is in no way tied to the allegations of the Amended Complaint, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request and relevant to the allegations in the Amended Complaint, if any.

**Request No. 93:**

Any documents or things on which you base any contention that any Plaintiff "suffered injuries to their... property."[70]

**Response to Request No. 93:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 94:**

All communications via any medium between you and any other party to this lawsuit that relates to the Events, whether made before, during, or in the aftermath of the Events.

**Response to Request No. 94:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined term "Events." Plaintiffs will interpret the term "Events" as meaning the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the

---

[70] Par. 342 of First Amended Complaint. See also Par. 343 of First Amended Complaint.

attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 95:**

All communications via any medium between you and any other person that relates to the Events, whether made before, during or after the Events.

**Response to Request No. 95:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined term "Events." Plaintiffs will interpret the term "Events" as meaning the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 96:**

All communications via any medium between you and any person associated with Congregate Charlottesville (such as any member thereof) that relates to the Events, whether made before, during, or after the Events.

**Response to Request No. 96**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "Congregate Charlottesville" and the phrase "any person associated with Congregate Charlottesville (such as any member thereof)." Plaintiffs will construe the term "Congregate Charlottesville" to refer to "Congregate," as referred to in Paragraphs 11, 134, 135 and 179 of the Amended Complaint.  Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined term "Events." Plaintiffs will interpret the term "Events" as meaning the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request as it has been construed directly above, if any, to the extent Plaintiffs are producing documents responsive to Request No. 95.

**Request No. 97:**

All documents and things created by or on behalf of Congregate Charlottesville before and/or in anticipation of the Events that evidences and/or constitutes planning, preparation and/or similar conduct by Congregate Charlottesville for or with respect to the Events.

**Response to Request No. 97:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined terms "Congregate Charlottesville" and "Events." Plaintiffs will construe the term "Congregate Charlottesville" to refer to "Congregate," as referred to in Paragraphs 11, 134, 135 and 179 of the Amended Complaint.  Plaintiffs will construe the term "Events" as meaning the occurrences and activities described in Paragraphs 45

to 335 of the Amended Complaint.  Plaintiffs further object to this Request to the extent it seeks documents that are outside Plaintiffs' possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control responsive to the Request, if any, as it is construed directly above.

**Request No. 98:**

All communications via any medium between you and any person associated with Unite Charlottesville (such as any member thereof) that relates to the Events, whether made before, during or after the Events.

**Response to Request No. 98:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "Unite Charlottesville" and the phrase "any person associated with Unite Charlottesville (such as any member thereof)."  Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined term "Events." Plaintiffs will interpret the term "Events" as meaning the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request as it is construed directly above, if any, to the extent they are producing documents responsive to Request No. 95.

**Request No. 99:**

All documents or things created by or on behalf of Unite Charlottesville before and/or in anticipation of the Events that evidences and/or constitutes planning, preparation and/or similar conduct by Unite Charlottesville for or with respect to the Events.

**Response to Request No. 99:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "Unite Charlottesville," and will withhold documents responsive to this Request, if any, based on this objection.

**Request No. 100:**

All communications via any medium between you and any person associated with Unite Charlottesville (such as any member thereof) that relates to the Events, whether made before, during or after the Events.

**Response to Request No. 100:**

Plaintiffs object to this Request as it is exactly the same as, and therefore duplicative of, Request No. 98 and refer Defendant Spencer to the Response to Request No. 98.

**Request No. 101:**

All documents or things that document or evidence your alleged subjection to acts of intimidation, harassment, or violence by any person on August 11, 2017 and/or August 12, 2017, including, but not limited to, any Defendant. or thwart said conspiracy.

**Response to Request No. 101:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this

objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control. Plaintiffs construe the phrase "or thwart said conspiracy" to be a typographical error and therefore do not consider it as part of the Request.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 102:**

Any applications (including documents or things submitted therewith) for use of "McGuffey Park and Justice Park for the periods during which the Unite the Right 'rally' was to take place."[71]

**Response to Request No. 102:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 103:**

Any applications (including documents or things submitted therewith) for use of emancipation Park for the period during any part of which the Unite the Right Rally was to take place.

---

[71] Par. 132 of First Amended Complaint.

**Response to Request No. 103:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 104:**

Any documents or things relating to the planning for "an interfaith service for August 11 at St. Paul's Memorial Church on University Avenue ... the night before Defendants' permit to gather in Emancipation Park."[72]

**Response to Request No. 104:**

Subject to and without waiver of the foregoing General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 105:**

If you contend that Defendant James Alex Fields, Jr. (Mr. Fields) conspired with one or more other Defendants or nondefendants, all documents and/or things on which you base that contention, including, but not limited to:

    a.  all communications between Mr. Fields and any other Defendant (including Mr. Spencer) or non-defendant;

---

[72] Par. 134 of First Amended Complaint.

b.  all documents relating to any access to, or use by Mr. Fields of, any "websites, social media (including Twitter, Facebook, 4chan and 8chan), chat rooms, radio, videos and podcasts" (including, but not limited to "Discord");[73] and

c.  any statement by or any document embodying any statement by Mr. Fields.

**Response to Request No. 105:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 106:**

All documents relating to the "numerous trainings in non-violent protest for residents of Charlottesville leading up to the event of August 11 and 12."[74]

---

[73] Par. 68 of First Amended Complaint.

[74] Par. 11 of First Amended Complaint.

**Response to Request No. 106:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 107:**

All documents or things[75] relating to any education, training, preparation, planning and/or coordination which you received and/or in which you engaged in anticipation of and/or preparation for the events of August 11, 2017 and/or August 12, 2017.

**Response to Request No. 107:**

Plaintiffs construe the footnote to Request No. 107 to be a typographical error and therefore do not consider it as part of the Request.  Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non- documents responsive to the Request, if any.

---

[75] define this to include audio and video

**Request No. 108:**

All documents or things on which you base any contention that "Plaintiffs suffered injuries to their... properties..."[76]

**Response to Request No. 108:**

Plaintiffs object to this Request as it is almost exactly the same as, and therefore duplicative of, Request No. 93 and refer Defendant Spencer to the Response to Request No. 93.

**Request No. 109:**

All documents or things on which you base any contention that any acts of Defendants constituted:

    a.   "vandalism at a person's real or personal property";[77]

    b.   "[m]aliciously causing another person bodily injury by use of any explosive or fire in violation of Virginia Code Section 18. 2-32";[78]

    c.   "[b]urning an object with the intent to intimidate on the private property of another without permission, in violation of Virginia Code Section 18. 2-423. 01";[79]

**Response to Request No. 109:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the

---

[76] Pars. 342-343 of First Amended Complaint.

[77] Par. 351(c) of First Amended Complaint.

[78] Par. 351(i) of First Amended Complaint.

[79] Par. 351 (k) of First Amended Complaint.

attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 110:**

All documents or things that set forth or reveal the identity of any "unnamed coconspirator."[80]

**Response to Request No. 110:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

---

[80] Par. 63 of First Amended Complaint.

**Request No. 111:**

All settlement agreements with any defendant in this case or with any unnamed co-conspirator.

**Response to Request No. 111:**

Plaintiffs object to this Request as overly broad and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, including to the extent the Request seeks "all settlement agreements," regardless of any connection to this lawsuit, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to any privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 112:**

All releases provided by any plaintiff or plaintiffs to any defendant in this case or any unnamed co-conspirator.

**Response to Request No. 112:**

Plaintiffs object to this Request as overly broad and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, including to the extent the Request seeks "all releases," regardless of any connection to this lawsuit, and will withhold documents responsive to this request, if any, based on this objection. Plaintiffs further object to this Request to the extent it calls for the production of documents

subject to any privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 113:**

All documents or things evidencing that any Plaintiff and/or other counter-protester "began mobilizing for [the Unite the Right Rally] and similarly recruited a range of left-wing groups to come to Charlottesville to confront the racist ideology of the Unite the Right groups."[81]

**Response to Request No. 113:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions of fact. Plaintiffs further object to this Request as vague and ambiguous to the extent it is based on a quotation from a separate, third-party document that has been taken out of context, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined term "counter-protestor." Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, including to the extent the Request is seeking documents or things concerning "any . . . other counter-protestor," and will withhold documents responsive to

---

[81] Final Report—Independent Review of the 2017 Protest Events in Charlottesville, Virginia (hereinafter the "Report").

this request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are outside Plaintiffs' possession, custody, or control.

**Request No. 114:**

All documents or things evidencing information obtained by the Charlottesville Police Department (CPD) regarding expected attendance at the Unite the Right Rally, whether by participants n said rally or by counter-protesters.[82]

**Response to Request No. 114:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions of fact. Plaintiffs further object to this Request as vague and ambiguous to the extent it is based on a separate, third-party document that has been taken out of context, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined term "counter-protestors." Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are outside Plaintiffs' possession, custody, or control.

**Request No. 115:**

Any documents or things that evidence preparations by counter-protesters or potential counter-protesters for the Unite the Right Rally and/or any counter-protester, including, but not limited to:

---

[82] Report at p. 4.

    a.   any prepared by or on behalf of Congregate Charlottesville;

    b.   Solidarity Charlottesville; and/or

    c.   "[l]ocal anti-racist groups [who] prepared to disrupt the events and hinder law

        enforcement response to specific theat."[83]

**Response to Request No. 115:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions

of fact.  Plaintiffs further object to this Request as vague and ambiguous to the extent it is based

on a quotation from a separate, third-party document that has been taken out of context, and will

withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further

object to this Request as vague and ambiguous to the extent it uses the undefined terms

"preparations," "counter-protestor," "Congregate Charlottesville," and "Solidarity

Charlottesville."  Plaintiffs will construe the term "Congregate Charlottesville" to refer to

"Congregate," as referred to in Paragraphs 11, 134, 135 and 179 of the Amended Complaint.

Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for

documents that are not relevant to the claims or defenses of any party and not proportional to

the needs of the case, and will withhold documents responsive to this Request, if any, based on

this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are

outside Plaintiffs' possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing

Specific and General Objections, Plaintiffs will each produce documents in their possession,

---

[83] Report at p. 4.

custody, or control that are responsive to subparts (a) and (b) of the Request, if any, as construed directly above.

**Request No. 116:**

All documents and things that evidence any communications and/or coordination between any Plaintiff and any other counter-protester (including, but not limited to, members of the "Antifa") with respect to the events of August 11, 2017 and/or August 12, 2017.

**Response to Request No. 116:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions of fact. Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined phrases "counter-protestor" and "members of the 'Antifa.'"

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any, to the extent Plaintiffs are producing documents responsive to Request No. 95.

**Request No. 117:**

All documents and things that evidence that "antiracist activists successfully penetrated Discord and developed significant intelligence about the August 11 event."[84]

**Response to Request No. 117:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions of fact. Plaintiffs further object to this Request as vague and ambiguous to the extent it is based on a quotation from a separate, third-party document that has been taken out of context, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further

---

[84] Report at p. 111.

object to this Request as vague and ambiguous to the extent it uses the undefined phrase

"antiracist activists." Plaintiffs further object to this Request as overly broad, unduly

burdensome, and calling for documents that are not relevant to the claims or defenses of any

party and not proportional to the needs of the case, and will withhold documents responsive to

this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent

it seeks documents that are outside Plaintiffs' possession, custody, or control.

**Request No. 118:**

All documents and things that evidence that "it was common knowledge among activists

that Kessler planned to hold an event with torches on August 11."[85]

**Response to Request No. 118:**

Plaintiffs object to this Request to the extent it contains express or implied assumptions

of fact. Plaintiffs further object to this Request as vague and ambiguous to the extent it is based

on a quotation from a separate, third-party document that has been taken out of context, and will

withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further

object to this Request as vague and ambiguous to the extent it uses the undefined terms

"activists." Plaintiffs further object to this Request as overly broad, unduly burdensome, and

calling for documents that are not relevant to the claims or defenses of any party and not

proportional to the needs of the case, and will withhold documents responsive to this Request, if

any, based on this objection. Plaintiffs further object to this Request to the extent it seeks

documents that are outside Plaintiffs' possession, custody, or control.

---

[85] Report at p. 111 (referencing Plaintiff Seth Wispelwey).

**Request No. 119:**

Any notes, memoranda prepared by you that elate in any to the events that you alleged in the complaint.

**Response to Request No. 119:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs construe the reference to "elate in any to the events" to be a typographical error and will interpret the Request as if it included the phrase "relate in any way to the events."

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 120:**

All documents or things that evidence the basis for your request that the Court grant "injunctive relief enjoining Defendants from future violations of rights guaranteed by state and federal law."[86]

**Response to Request No. 120:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

---

[86] Par. 372 of First Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 121:**

All documents and/or things that you obtain pursuant to any subpoena duces tecum issued in this case and/or in any related case, including, but not limited to:

    a.  any documents and/or things produced in response to the subpoena duces tecum relating to "Discord"; and

    b.  any documents and/or things produced in response to the subpoena duces tecum relating to David Duke.

**Response to Request No. 121:**

Plaintiffs object to the Request as vague, ambiguous, and overly broad to the extent it seeks documents and/or things that Plaintiffs obtain pursuant to any subpoena duces tecum issued in "any related case," where the phrase "any related case" is undefined, and will withhold documents responsive to the Request, if any, based on this objection. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to any privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

90

Dated:  July 23, 2018

Roberta A. Kaplan (pro hac vice)
Julie E. Fink (pro hac vice)
Gabrielle E. Tenzer (pro hac vice)
Christopher B. Greene (pro hac vice)
Seguin L. Strohmeier (pro hac vice)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
cgreene@kaplanhecker.com
sstrohmeier@kaplanhecker.com

Philip M. Bowman (pro hac vice)
Yotam Barkai (pro hac vice)
Joshua J. Libling (pro hac vice)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Alan Levine (pro hac vice)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

David E. Mills (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, I provided copies of the foregoing via email to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

Counsel for Defendant James A. Fields, Jr.

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Counsel for Defendants Jeff Schoep,
Nationalist Front, National Socialist
Movement, Matthew Parrott, Matthew
Heimbach, Robert Ray, Traditionalist Worker
Party, Elliot Kline, Jason Kessler, Vanguard
America, Nathan Damigo, Identity Europa,
Inc. (Identity Evropa), and Christopher
Cantwell

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South

John A. DiNucci, Esq.
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
dinuccilaw@outlook.com

Counsel for Defendant Richard Spencer

s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

Counsel for Plaintiffs

1