# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUÑIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE,

                                    Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSLEY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                                    Defendants.

Civil Action No. 3:17-cv-00072-NKM

JURY TRIAL DEMANDED

DEFENDANT'S
EXHIBIT
2
Blumberg No. 5114

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT RICHARD SPENCER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL PLANTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muñiz, Hannah Pearce, Marcus Martin, Natalie Romero, Chelsea Alvarado, and John Doe (collectively, "Plaintiffs"), by their undersigned counsel, hereby respond and object as follows ("Responses and Objections") to Defendant Richard Spencer's First Request for Production of Documents, dated June 20, 2018 (the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs incorporate the following General Responses and Objections into each specific response and objection:

1.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they purport to impose any obligations or requirements beyond the scope of the Federal Rules of Civil Procedure, the Local Rules, or case law interpreting the same.

2.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they seek documents that are not within Plaintiffs' possession, custody, or control.

3.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent that they: (a) are improper; (b) are overly broad or unduly burdensome; (c) are vague or ambiguous; (d) are unreasonably cumulative or duplicative; or (e) seek documents that are not relevant to the claims or defenses of any party or are not proportional to the needs of the case, having regard to the matters set out in Federal Rule of Civil Procedure 26(b)(1) or any other applicable law or any order entered by the Court applicable to the above-captioned action.

4.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they seek information that has already been or will be provided through other means of

discovery, and/or can be obtained from other sources that are more convenient, less burdensome, or less expensive.

    5.      Plaintiffs object to the Requests to the extent they are duplicative of each other or otherwise overlap in scope.

    6.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they purport to call for information that: (a) constitutes attorney work product; (b) was prepared in anticipation of or in connection with litigation; (c) discloses the mental impressions, conclusions, opinions, or legal theories of any attorneys for Plaintiffs or for persons having a joint or common interest with Plaintiffs; (d) is subject to the attorney-client privilege; (e) is otherwise protected from disclosure under applicable privileges, law, or rules; or (f) contains information protected from disclosure based on common interest or a similar privilege.

    7.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they improperly call for Plaintiffs to marshal and/or summarize the evidence at this stage of the litigation.

    8.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they call for the creation of new documents, reports, spreadsheets, or data compilations.

    9.      Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they seek information that will be the subject of expert analysis and disclosure.

    10.    Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent they seek opinions or contentions relating to fact, or the application of law to fact, as to which discovery has yet to be completed, and where providing a response would require Plaintiffs to anticipate or assume factual information that may be forthcoming during discovery.

11.     Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent the documents sought contain information protected by federal or state law.  Plaintiffs will not produce any documents in violation of federal or state law, except to the extent permitted by an applicable exception or court order.

12.     Plaintiffs object to the Requests, and to each instruction and definition therein, to the extent the documents sought are dated prior to January 1, 2017.  Unless otherwise specified, Plaintiffs will produce documents dated January 1, 2017, to January 5, 2018.

13.     Plaintiffs object to Instruction No. 1 to the extent it purports to require each Plaintiff to individually serve written responses to the Requests.

14.     Plaintiffs object to Instruction No. 4 to the extent it defines "you" or "yours" as anything other than each individual Plaintiff.  For the purpose of these Responses and Objections, Plaintiffs will interpret "you" and "yours" as meaning each Plaintiff.

15.     Plaintiffs object to Instruction No. 5 to the extent the definition of "documents and things" purports to open-ended by using the phrase "inter alia."  For the purpose of these Responses and Objections, Plaintiffs will interpret the meaning of "documents and things" to be as defined in Instruction No. 5 as if the phrase "inter alia" was not included in the definition.

16.      The fact that Plaintiffs have responded to a particular Request shall not be interpreted as implying either that responsive information or documents exist or that Plaintiffs acknowledge the propriety of that Request.

17.     Plaintiffs' Responses and Objections are not intended to be, and shall not be construed as, an agreement or concurrence with Defendant's characterization of any facts, circumstances, and/or legal obligations. Plaintiffs reserve the right to contest any such

characterization as inaccurate. Plaintiffs object to the Requests to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

18.     Plaintiffs' Responses and Objections are not intended to waive or prejudice any objections or defenses Plaintiffs may assert now or in the future, including, without limitation, objections to the relevance of the subject matter of the Requests, or to the admissibility of any response or category of responses at trial.

19.     Plaintiffs expressly reserve all rights and privileges under the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law or rule. The failure to assert such rights and privileges or the inadvertent disclosure by Plaintiffs of information protected by such rights or privileges shall not constitute a waiver thereof, either with respect to these Responses and Objections or with respect to any future discovery responses or objections. If a document that is privileged or exempt from disclosure is produced by a Plaintiff, it will have been produced through inadvertence and shall not constitute a waiver of privileges or exemptions applicable to that or any other document, pursuant to Federal Rule of Evidence 502 and otherwise. Plaintiffs reserve all rights to demand the return of any document and all copies thereof that are protected by any privilege or exemption, including under Federal Rule of Civil Procedure 26.

20.     Plaintiffs' provision of any information herein shall not be construed as an admission of the relevance or admissibility of any such information, or as a waiver or abridgement of any applicable objection. Plaintiffs' Responses reflect the present state of Plaintiffs' knowledge, information, and belief concerning the information requested in the Requests. Plaintiffs' investigation remains ongoing, and Plaintiffs will amend the Responses accordingly when and if Plaintiffs acquire additional relevant knowledge or information. Plaintiffs submit these Responses and Objections without conceding the relevancy, materiality,

or admissibility of the subject matter of any information requested by the Requests and Plaintiffs reserve the right to: (a) supplement, amend, clarify, modify, or correct all or any part of their Responses and Objections in accordance with Federal Rule of Civil Procedure 26(e)(1); and (b) object to the relevance or admissibility in evidence of any information produced in response to the Requests.

21.    Plaintiffs will produce documents on a rolling basis consistent with (1) these Responses and Objections, (2) the Court's Order for the Production of Documents and Exchange of Confidential Information (ECF No. 167), and (3) any stipulation for the production of electronically stored information that may be entered by the parties and ordered by the Court.

22.    Plaintiffs are available to meet and confer with Defendant in an effort to resolve any disputes that may arise concerning these Responses and Objections.

23.    All of these General Responses and Objections apply to Plaintiffs' specific responses and objections below (the "Specific Responses and Objections"). The restatement of certain General Objections should not be construed as, and is not intended to be, a waiver of any General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS*

* Footnotes 1 through 86 are reproduced as they appear in the Requests.

**Request No. 1:**

All health care records relating to any injuries (including physical injuries, psychiatric injuries, psychological injuries, emotional injuries or dental injuries) that you allege you have sustained as a result of the acts and omissions alleged in your complaint.

**Response to Request No. 1:**

Subject to and without waiver of the foregoing General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 2:**

If you contend that you have missed school as a result of any such injuries and/or that your academic performance has suffered as a result of any such injuries, please produce the following:

    a.  any documents evidencing that you as missed school;

    b.  transcripts of your classes and grades therein for 2016, 2017 and 2018.

**Response to Request No. 2:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the phrase "any such injuries." Plaintiffs will interpret the phrase "any such injuries" to mean "any injuries (including physical injuries, psychiatric injuries, psychological injuries, emotional injuries or dental injuries) that each Plaintiff claims s/he has sustained as a result of the acts and omissions alleged in the Complaint."

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, to the extent any Plaintiff claims to have missed school and/or that their academic performance has suffered as a result of their injuries, such Plaintiff will produce documents sufficient to show that s/he has missed school and/or that their academic performance has suffered, if any, in response to the Request as it has been construed directly above.

**Request No. 3:**

All health care bills relating to any injuries (including physical injuries, psychiatric injuries, psychological injuries, emotional injuries or dental injuries) that you allege you have sustained as a result of the acts and omissions alleged in your complaint.

**Response to Request No. 3:**

Subject to and without waiver of the foregoing General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 4:**

All reports of any health care provider from whom you will elicit an expert opinion about your injuries or condition at any hearing or trial in this case.

**Response to Request No. 4:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined term "reports." Plaintiffs will interpret the term "reports" as referring to "expert reports" as that term is used in ECF No. 329. Plaintiffs further object to this Request on the basis that it is premature, and will withhold documents responsive to this Request, if any, based on this objection. Under ECF No. 329, expert reports are not due to be served until March 11, 2019. See also Fed. R. Civ. P. 26(a)(2)(D).

**Request No. 5:**

All photographs or video recordings of any injuries that you allege you have sustained as a result of the acts and omissions alleged in the complaint.

**Response to Request No. 5:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 6:**

All records relating to any claim by you that you have sustained and/or will in the future sustain any loss of income as a result of the acts and omission alleged in the complaint, including, but not necessarily limited to, the following:

    a.  federal income tax returns for the tax years from 2012 to date;

    b.  paystubs for the period from January 1, 2017 to date;

    c.  salary and/or wage statements for the period from January 1, 2017 to date;

    d.  any resume and/or curriculum vitae that you have had during the period from January 1, 2012 to date; and

    e.  any job application that you have submitted to any employment agency, employment service or prospective employer at any time from January 1, 2012 to date.

**Response to Request No. 6:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, including on the basis that the categories of documents sought and timeframes for which they are sought extend beyond documents relevant to any Plaintiff's loss of income as a result of the acts and omissions alleged in the Amended Complaint. Plaintiffs will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, to the extent any Plaintiff claims a loss of income, such

Plaintiff will produce documents sufficient to show that they have sustained a loss of income as a result of the allegations in the Amended Complaint, if any, including paystubs and/or salary and/or wage statements for the period beginning January 2017.

**Request No. 7:**

Any resume or curriculum vitae that you have maintained at any time from January 1, 2012 to date.

**Response to Request No. 7:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case, and will withhold documents responsive to this Request, if any, on this basis.

**Request No. 8:**

Any calendar that you have maintained at any time from August 1, 2017 to date, including any manual calendar, any paper calendar and any electronic or digital calendar.

**Response to Request No. 8:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case on the basis that the Request seeks calendar entries that are irrelevant to the allegations in the Amended Complaint. Plaintiffs will withhold documents responsive to this Request, if any, on this basis.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce calendar entries responsive to the Request that are relevant to the allegations in the Amended Complaint, if any.

**Request No. 9:**

Any diary, log or similar document that you have maintained at any time from August 1, 2017 to date, including any manual calendar, any paper calendar and any electronic or digital calendar.

**Response to Request No. 9:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined phrase "log or similar document." Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case on the basis that the Request seeks documents that are irrelevant to the allegations in the Amended Complaint, and Plaintiffs will withhold documents responsive to this Request, if any, on this basis. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request that are relevant to the allegations in the Amended Complaint, if any.

**Request No. 10:**

All written, electronic or digital communications by you relating to the injuries that you allege you have sustained as a result of the acts and omissions that you have transmitted to any person since August 11, 2017, including, but not limited to, any letters, notes, e-mails, text messages, tweets, chats, Social Media communications, other electronic communications, and other digital communications.

**Response to Request No. 10:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 11:**

All publications by you (whether in paper form, electronic form or digital form) that relate to the events you alleged in the complaint, including, but not limited to, any newspaper articles, magazine articles, newsletter articles, internet postings, internet blogs, and any other form of publication.

**Response to Request No. 11:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "publications." Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 12:**

Copies of all publications in which you are quoted in any way or to any extent about the events and/or injuries you allege in the complaint, including, but not limited to, any newspaper

articles, magazine articles, newsletter articles, internet postings, internet blogs, press releases, and any other form of publication.

**Response to Request No. 12:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "publications." Plaintiffs further object to the Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 13:**

Copies of all publications in which any other plaintiff is quoted about the events and/or injuries alleged in the complaint.

**Response to Request No. 13:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "publications." Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 14:**

Recordings and transcripts of any video interview or audio interview of you that relates in any way to the events and/or injuries that you allege in the complaint.

**Response to Request No. 14:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "interview."  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 15:**

Recordings and transcripts of any video interview or audio interview of any other plaintiff that relates in any way to the events and/or injuries alleged in the complaint.

**Response to Request No. 15:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague, and ambiguous to the extent it uses the undefined term "interview."  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.

14

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 16:**

All video recordings of any kind that show Richard B. Spencer (Mr. Spencer) at any time on August 11, 2017 and/or August 12, 2017.

**Response to Request No. 16:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 17:**

All video recordings of any kind of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

**Response to Request No. 17:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 18:**

All photographs of Mr. Spencer taken at any time on August 11, 2017 and/or August 12, 2017.

**Response to Request No. 18:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 19:**

All photographs of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

**Response to Request No. 19:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 20:**

All audio recordings of Mr. Spencer made at any time on August 11, 2017 and/or August 12, 2017.

16

**Response to Request No. 20:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 21:**

All audio recordings of any of the events of August 11, 2017 and August 12, 2017 that you allege in the complaint.

**Response to Request No. 21:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to this Request, if any.

**Request No. 22:**

All reports and/or analyses of the events of August 11, 2017 and/or August 12, 2017 that you allege in the complaint that were prepared by or on behalf of any of the following entities:

a. Albermarle County Police Department;

b. Charlottesville Police Department;

c. City of Charlottesville;

   d.   University of Virginia police;

   e.   Virginia Department of Emergency Management; and

   f.   Virginia State Police.

**Response to Request No. 22:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody, or control, that are publicly available, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 23:**

All plans, operational plans, action plans, contingency plans or similar documents prepared by or on behalf of any of the following entities in anticipation of the events of August 11, 2017 and/or August 12, 2017:

   a.   Albemarle County Police Department;

   b.   Charlottesville Police Department (including any Operational Plan);[1]

   c.   City of Charlottesville;

   d.   University of Virginia police;

---

[1] Final Report—Independent Review of the 2017 Protest Events in Charlottesville, Virginia (hereinafter the "Report") at p. 5.

    e.   Virginia Department of Emergency Management (including any Incident Action Plan;[2]

    f.   Virginia State Police (including any Operational Plan).[3]

**Response to Request No. 23:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody or control, are publicly available, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 24:**

All intelligence reports or analyses prepared by any public authority in anticipation of the planned events of August 11, 2017 and/or August 12, 2017, including, but not limited to, any prepared by any of the following entities:

    a.   Albemarle County Police Department

    b.   Charlottesville Police Department;

    c.   City of Charlottesville;

    d.   Federal Bureau of Investigation;[4]

---

[2] Report at p. 16.

[3] Report at p. 16.

[4] Such as the "private threat assessment" alleged in Paragraph 119 of the First Amended Complaint.

    e.  University of Virginia police;

    f.  Virginia Department of Public Safety;

    g.  Virginia State Police.

**Response to Request No. 24:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody, or control, are publicly available, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 25:**

Any "after-action" reports or similar documents of the events of August 11, 2017 and/or August 12, 2017 prepared by any public agency, including, but not limited to, the following:

    a.  Charlottesville Police Department;

    b.  City of Charlottesville;

    c.  Federal Bureau of Investigation;

    d.  University of Virginia police;

    e.  Virginia Department of Public Safety;

    f.  Virginia State Police.

**Response to Request No. 25:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody, or control, are publicly available, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 26:**

Any photographs, audio recordings and/or video recordings of any aspect of the events of August 11, 2017 and/or August 12, 2017 by or from any law enforcement agency and/or other public agency, including, but not limited to, any from police officers' body cameras and any from traffic control devices (such as traffic cameras).

**Response to Request No. 26:**

Plaintiffs object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody, or control, are publicly available, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 27:**

Any documents or things that you or anyone acting on your behalf provided to Hunton & Williams in connection with the Report on the events of August 11, 2017 and/or August 12, 2017.

**Response to Request No. 27:**

Plaintiffs object to the Request to the extent it uses the undefined term "the Report." Plaintiffs will interpret the Request to refer to "the Report on the events of August 11, 2017 and/or August 12, 2017" that was prepared by Hunton & Williams. Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged responsive to this Request, if any, as the Request has been construed directly above.

**Request No. 28:**

Any documents or things that Hunton & Williams provided to you in connection with the Report.

**Response to Request No. 28:**

Plaintiffs object to the Request to the extent it uses the undefined term "the Report." Plaintiffs will interpret the Request to refer to "the Report on the events of August 11, 2017 and/or August 12, 2017" that was prepared by Hunton & Williams. Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged responsive to this Request, if any, as the Request has been construed directly above.

**Request No. 29:**

Any notes reports, memoranda or recordings made by any Plaintiff or any other person interviewed by Hunton & Williams in connection with the Report.

**Response to Request No. 29:**

Plaintiffs object to the Request to the extent it uses the undefined term "the Report." Plaintiffs will interpret the Request to refer to "the Report on the events of August 11, 2017 and/or August 12, 2017" that was prepared by Hunton & Williams. Plaintiffs further object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks documents that are not within Plaintiffs' possession, custody or control. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to this Request, if any, as the Request has been construed directly above.

**Request No. 30:**

All documents and/or things that, on which you base any contention that:

a.   that Mr. Spencer "embrace[s] and espouse[s] racist, anti-Semitic, sexist, homophobic and xenophobic ideologies";[5]

b.   that Mr. Spencer "call[s] for an ethnic cleansing";[6]

c.   that Mr. Spencer has "as [part of [his] mission to engage in racial, religious and ethnically motivated violence, threats, intimidation and harassment."[7]

**Response to Request No. 30:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[5] Par. 3 of First Amended Complaint.

[6] Par. 21 of First Amended Complaint.

[7] Par. 45 of First Amended Complaint.

**Request No. 31:**

All documents or things that you contend evidence Mr. Spencer espousing violence and/or inciting violence against any member of a racial minority, any member of a religious minority, women, and/or members of the lesbian/bi-sexual/gay/transgender community, including, but not limited to, publications (whether paper, electronic or digital) by Mr. Spencer, speeches by Mr. Spencer, videos of Mr. Spencer, and/or any other communications by Mr. Spencer (whether paper, electronic or digital).

**Response to Request No. 31:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 32:**

All documents or things that on which you base the allegation that "Spencer planned and led the violent torchlight rally at his alma mater" on August 11, 2017[8] and/or that Mr. Spencer "organized a torchlight march through campus [sic] on August 11 at the Grounds at UVA."[9]

**Response to Request No. 32:**

Plaintiffs object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 33:**

All documents or things on which you base the allegation fact that "Spencer actively promoted the Unite the Right "rally" on [August 12, 2017] to his numerous followers on social media and encouraged and incited intimidation and violence based on racial, religious and ethnic animosity."

---

[8] Par. 21 of First Amended Complaint.

[9] Par. 143 of First Amended Complaint.

**Response to Request No. 33:**

Plaintiffs object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 34:**

All documents or things on which you base any contention that the August 11, 2017 torchlight parade "was the result of weeks of planning" by or involving Mr. Spencer.[10]

**Response to Request No. 34:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

---

[10] Par. 145 of First Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 35:**

All documents or things that evidence when and how any Plaintiff learned that said torchlight parade might or would occur.[11]

**Response to Request No. 35:**

Plaintiffs object to the Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight parade." Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 36:**

All documents or things containing any statements by Mr. Spencer at or during the time of said torchlight march.[12]

**Response to Request No. 36:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight march." Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint. Plaintiffs further

---

[11] Pars. 155-157 of First Amended Complaint.

[12] Pars. 157, 159 and 161 of First Amended Complaint.

object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 37:**

All photographs, video recordings and/or audio recordings of Mr. Spencer during said torchlight march, including, but not limited to, any on which you base any contention that:

    a.    Mr. Spencer "charged toward a small group of fewer than 30 people ... who had locked arms around the statue of Thomas Jefferson";[13]

    b.    Mr. Spencer "began to kick and punch the protesters around the statute, using their torches as weapons, and to beat individuals onto the ground;"[14]

    c.    Mr. Spencer "threw an unidentified fluid at the peaceful protesters around the statue...";[15]

    d.    Mr. Spencer "threw their lit torches through the air, aimed and directed at many of the protesters around the statue";[16]

---

[13] Par. 164 of First Amended Complaint.

[14] Par. 168 of First Amended Complaint.

[15] Par. 169 of First Amended Complaint.

[16] Par. 169 of First Amended Complaint.

e.     Mr. Spencer threw "fuel and tiki torches at the peaceful protesters around the statute";[17]

f.     Mr. Spencer removed a helmet and swung it at protesters;[18]

g.     Mr. Spencer spit on Plaintiff Romero;[19]

h.     Mr. Spencer "attacked the protesters with mace";[20]

i.     Mr. Spencer "engaged in acts of intimidation, harassment and violence" on August 11, 2017.[21]

**Response to Request No. 37:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight march." Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession,

---

[17] Par. 170 of First Amended Complaint.

[18] Par. 171 of First Amended Complaint.

[19] Par. 171 of First Amended Complaint.

[20] Par. 172 of First Amended Complaint.

[21] Par. 329 of First Amended Complaint.

custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 38:**

All documents or things on which you base any contention that, on August 11, 2017, Mr. Spencer "directed and incited physical assaults and violence, the use of open flames, and the intimidation of minority residents and those who advocate for equal rights for minority citizens."[22]

**Response to Request No. 38:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint. Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

---

[22] Par. 329 of First Amended Complaint.

**Request No. 39:**

All photographs, video recordings and/or audio recordings of any aspect of said torchlight march.

**Response to Request No. 39:**

Plaintiffs object to this Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight march." Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available, already within Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 40:**

Any maps, plats, diagrams, visual recreations or other depictions of the events of said torchlight march.

**Response to Request No. 40:**

Plaintiffs object to the Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight march." Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint. Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will

withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 41:**

Any "time line" of events of said torchlight march.

**Response to Request No. 41:**

Plaintiffs object to the Request as vague and ambiguous to the extent it uses the undefined phrase "said torchlight march."  Plaintiffs will interpret the phrase to mean the August 11, 2017 torchlight march or parade referenced in the Amended Complaint.  Plaintiffs further object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 42:**

All documents or things that disclose the identity of the "one white supremacist, Defendants' co-conspirator" whom you allege was within St. Paul's Memorial Church on August 11, 2017.[23]

**Response to Request No. 42:**

Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents responsive to the Request, if any.

**Request No. 43:**

Any photographs or video recordings of the "one white supremacist."[24]

**Response to Request No. 43:**

Subject to and without waiver of the foregoing General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 44:**

Any video recordings of the interfaith service on August 11, 2017.[25]

---

[23] Par. 177 of First Amended Complaint.

[24] Par. 177 of First Amended Complaint.

[25] Par. 177 of First Amended Complaint.

**Response to Request No. 44:**

Plaintiffs object to this Request to the extent it seeks documents that can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents responsive to the Request, if any.

**Request No. 45:**

Any photographs or video recordings of "coconspirators carrying baseball bats and torches -- carried for the purpose of threatening, intimidating and harassing residents."[26]

**Response to Request No. 45:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 46:**

Any photographs or video recordings of Mr. Spencer carrying a baseball bat and/or torch in the circumstances referenced in Request No. 44.

**Response to Request No. 46:**

Plaintiffs construe the reference to "Request No. 44" to be a typographical error and will interpret the Request as if it were referring to "Request No. 45."  Plaintiffs object to this Request

---

[26] Par. 181 of First Amended Complaint.

to the extent it seeks documents that are publicly available or already within Defendant

Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing

Specific and General Objections, Plaintiffs will each produce documents in their possession,

custody, or control that are responsive to the Request, if any, as the Request has been construed

directly above.

**Request No. 47:**

All documents or things on which you base any contention that Mr. Spencer:

a.   "participated in violent events of the day…"[27]

b.   "threatened, intimidated, and harassed protesters and minority residents, and incited and

engaged in violence" on August 12, 2017;[28]

c.   "directed and incited acts of violence and intimidation at the Unite the Right 'rally' on

August 12," 2017;[29]

d.   "engaged in acts of intimidation, harassment and violence" on August 12, 2017;[30]

**Response to Request No. 47:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts.

Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint

out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further

object to this Request to the extent it calls for the production of documents subject to the

---

[27] Par. 187 of First Amended Complaint.

[28] Par. 332 of First Amended Complaint.

[29] Par. 333 of First Amended Complaint.

[30] Par. 334 of First Amended Complaint.

attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 48:**

All documents or things evidencing:

a.    any alleged assault by Mr. Spencer on August 12, 2017;

b.    any alleged battery by Mr. Spencer on August 12, 2017;

c.    any alleged malicious wounding by Mr. Spencer on August 12, 2017;

d.    any other alleged criminal act by Mr. Spencer on August 12, 2017.[31]

**Response to Request No. 48:**

Plaintiffs construe the footnote to Request No. 48 to be a typographical error and consequently do not consider it as part of the Request.   Plaintiffs object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection. Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

---

[31] ask the same for 8/11

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any, as the Request has been construed directly above.

**Request No. 49:**

All photographs, video recordings and audio recordings of Mr. Spencer made at any time on August 12, 2017.

**Response to Request No. 49:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 50:**

All photographs, video recordings and/or audio recordings of the events of August 12, 2017.

**Response to Request No. 50:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available, already in Defendant Spencer's possession, custody, or control, and/or can be obtained from other sources that are more convenient or less burdensome.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 51:**

All photographs, video recordings and/or audio recordings of any Plaintiff made at any time on August 12, 2017.

**Response to Request No. 51:**

Plaintiffs object to this Request as overly broad, unduly burdensome, and calling for documents that are not relevant to the claims or defenses of any party and not proportional to the needs of the case on the basis that the Request seeks documents that are irrelevant to the allegations in the Amended Complaint, and Plaintiffs will withhold documents responsive to this Request, if any, on this basis.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce documents in their possession, custody, or control that are responsive to the Request and relevant to the allegations in the Amended Complaint, if any.

**Request No. 52:**

Any maps, plats, diagrams, visual recreations or other depictions of the events of August 12, 2017.

**Response to Request No. 52:**

Plaintiffs object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 53:**

Any "timeline" of the events of August 12, 2017.

**Response to Request No. 53:**

Plaintiffs object to the Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 54:**

Any documents or things evidencing the whereabouts of Mr. Spencer on August 12, 2017.

**Response to Request No. 54:**

Plaintiffs object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Response to Request No. 56:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection, and will withhold documents responsive to this Request, if any, based on this objection.  Plaintiffs further object to this Request to the extent it seeks documents that are publicly available or already within Defendant Spencer's possession, custody, or control.

Notwithstanding the foregoing, and subject to and without waiver of the foregoing Specific and General Objections, Plaintiffs will each produce non-privileged documents in their possession, custody, or control that are responsive to the Request, if any.

**Request No. 57:**

All documents or things on which you base any contention that Mr. Spencer "had encouraged others to '[p]ee in balloons and throw them at communists'" and/or to "'urinate or defecate on our nearest antifa terrorist faggot pussy.'"[34]

**Response to Request No. 57:**

Plaintiffs object to this Request to the extent it seeks a contention relating to facts. Plaintiffs further object to the Request to the extent it takes quotes from the Amended Complaint out of context or mischaracterizes the allegations of the Amended Complaint.  Plaintiffs further object to this Request to the extent it calls for the production of documents subject to the

---

[34] Par. 221 of First Amended Complaint.

42