UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>                Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO DEFENSE COUNSEL'S MOTION TO WITHDRAW**

Plaintiffs respectfully submit this memorandum in opposition to the motion of Elmer Woodard and James Kolenich ("Defense Counsel") to withdraw as counsel for Defendants Robert Ray and Matthew Heimbach (ECF Nos. 372–73).

## PRELIMINARY STATEMENT

While courts typically permit counsel to withdraw from representations in civil matters, the Fourth Circuit has recognized that denial of a request to withdraw is appropriate where counsel is essential to the administration of justice and withdrawal will be disruptive to the litigation. That case is present here.

Defendants Ray and Heimbach are key Defendants: they planned for violence on August 11 and 12 in Charlottesville; they coordinated with each other and other co-Defendants to ensure violence would occur; they were present in Charlottesville on August 11 and 12; and they performed violent and/or threatening actions in Charlottesville that are directly at issue in this case. Nonetheless, both Defendants have failed to meaningfully engage in discovery, requiring Plaintiffs to seek the Court's assistance. Indeed, neither Defendant Ray nor Defendant Heimbach has produced a single document in response to Plaintiffs' document requests, which were served in January.

Enforcing compliance with the Court's orders and conducting orderly discovery in this case would be rendered impossible without Defense Counsel. Pursuant to the Court's recent order on Plaintiffs' motion to compel, Defendants Ray and Heimbach must turn over their devices and have their data reviewed and produced. The parties will, over the course of the next several months, take dozens of depositions, including significant third-party discovery. Absent Defense

Counsel, it is doubtful that Defendants Ray and Heimbach can meaningfully participate in discovery without significantly delaying the litigation.

Moreover, this case is of a highly sensitive nature. That is one of the reasons this Court granted John Doe status to one of the Plaintiffs and why the parties have all acknowledged the need to maintain certain documents and information as attorneys' eyes only. The case will be rendered significantly more difficult to administer without Defense Counsel to maintain that confidentiality.

For these reasons, as set out further below, Plaintiffs respectfully submit that Defense Counsel's motion to withdraw should not be granted if that means Defendants Ray and Heimbach would be proceeding *pro se*.

## BACKGROUND

Defendants Ray and Heimbach are key members of the violent conspiracy alleged by Plaintiffs. Defendant Ray, a writer for Daily Stormer, repeatedly encouraged others to attend the "Unite the Right" rally on August 11 and 12. (Am. Compl. ¶ 62.) To help coordinate their violent plans, Defendant Ray set up "meet ups" and chat rooms through Daily Stormer that Defendants and their co-conspirators were instructed to use throughout the weekend. (*Id.* ¶ 84; *see also* Mem. & Op. Granting and Den. in Part Defs.' Mot. to Dismiss, ECF No. 335 at 5.) Speaking on behalf of Defendants, Defendant Ray explained during the August 11 "tiki torch" rally that their goal was to "stop" the "usurp[ation]" of "our country" "by a foreign tribe called the Jews." (Am. Compl. ¶ 88.) Defendant Ray directed his followers to bring tiki torches, pepper spray, flag poles, flags and shields to the August 11 and 12 events. (*Id.* ¶ 118; *see also* Mem. & Op. Granting and Den. in Part Defs.' Mot. to Dismiss, ECF No. 335 at 30.)

2

As the chairman of Defendant Traditionalist Worker Party ("TWP"), and co-chairman of Defendant Nationalist Front, Defendant Heimbach was also a key leader of the conspiracy. (Am. Compl. ¶ 31.) Featured on the poster promoting the "Unite the Right" rally (*id.* ¶ 327), Defendant Heimbach marched with and led Defendants TWP and League of the South during the August 12 rally (*id.* ¶ 200). Both Defendants Ray and Heimbach were active participants on Discord and participated in the violence that occurred on August 11 and 12. (*Id.* ¶ 74.)

Notwithstanding their critical role in the conspiracy, neither Defendant Ray nor Defendant Heimbach has produced a *single* document in this case (*see* ECF No. 365-1 at 2), and neither timely served their responses to Plaintiffs' discovery requests (*see* ECF No. 354 at 3). Most recently, the Court ordered that Defendants, including Ray and Heimbach, turn over their devices so that they can be imaged and the data collected, reviewed, and produced.

On October 16, 2018, Defense Counsel moved the Court to withdraw as attorneys for Defendants Robert Ray, Christopher Cantwell, and Matthew Heimbach (ECF No. 357), stating that they were "no longer willing to represent defendants Ray, Cantwell, or Heimbach." (ECF No. 358.) The only purported justification Defense Counsel gave for their proposed withdrawal was that Defendants were "each in breach of their contractual obligation to pay attorney fees" and that each Defendant "was contacted and expressed either an inability or an unwillingness to pay the amounts due." (*Id.* at 1.) On October 19, 2018, Defense Counsel recalled their motion to withdraw for Defendant Cantwell after he brought "his account current." (ECF No. 361.)

By Order dated October 22, 2018, the Court denied Defense Counsel's motion to withdraw without prejudice as to Defendants Ray and Heimbach. (ECF No. 364.) Noting that the motion to withdraw was filed on "the deadline to respond to Plaintiffs' motion to compel," the Court stated that "the Motion to Withdraw [was] not well taken." (*Id.* at 2–3.) While the Court acknowledged

3

that Defense Counsel were "not obligated to represent Robert Ray and Matthew Heimbach without compensation," the Court found the timing of their withdrawal to be prejudicial. (*Id.*) Thus, the Court denied Defense Counsel's motion without prejudice and ordered Defense Counsel to respond to the motion to compel on behalf of Defendants Ray and Heimbach. The Court allowed Defense Counsel to renew their request to withdraw after responding to the motion to compel. (*Id.* at 3.)

On November 5, 2018, Defense Counsel submitted a renewed motion to withdraw as attorneys for Defendants Ray and Heimbach that was identical to their first motion to withdraw. (ECF No. 372.) As before, the only purported justification Defense Counsel gave for their motion was that Defendants were "each in breach of their contractual obligation to pay attorney fees" and that each Defendant "was contacted and expressed either an inability or an unwillingness to pay the amounts due." (ECF No. 373 ("Motion" or "Mot.") at 1.) Counsel have provided the Court with no indication whether Defendants Ray and Heimbach intend to assume their own defense or retain new counsel upon Defense Counsel's withdrawal.

## ARGUMENT

I. **The Court Should Consider Denying the Motion at This Juncture Because Withdrawal Would Have a Significant Disruptive Impact on this Litigation.**

In the Fourth Circuit, district courts considering a motion to withdraw must determine whether "the attorney's presence is . . . essential to the administration of justice." *Towns* v. *Morris*, 50 F.3d 8, 1995 WL 120687, at *2 (4th Cir. Mar. 22, 1995) (unpublished table decision) (per curiam) (citations omitted). A district court may also "consider the disruptive impact the withdrawal would have." *Patterson* v. *Gemini Org., Ltd.*, 238 F.3d 414, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000) (unpublished table decision) (per curiam). While withdrawal at some

4

later point may not be as disruptive, Plaintiffs respectfully submit that the disruptive impact of withdrawal in this discovery stage of the litigation warrants denial of the motion at this time.

Since the outset of this litigation, issues have arisen concerning Defendants Ray and Heimbach's discovery responses that the parties would not have been able to resolve without the participation of Defense Counsel. For example, when Defendant Heimbach was arrested and imprisoned in March of this year for assaulting his wife and Defendant Parrott, *see* Marwa Eltagouri and Avi Selk, *How a white nationalist's family came to blows over a trailer tryst*, WASH. POST (Mar. 14, 2018), https://www.washingtonpost.com/news/post-nation/wp/2018/03/13/white-nationalist-leader-matthew-heimbach-arrested-for-domestic-battery/?utm_term=.c9aab21cc1ac, he failed to respond to Plaintiffs' discovery requests. Plaintiffs only learned that Mr. Heimbach was incarcerated through Defense Counsel, who was able to reach him in prison. (June 13, 2018 Email from J. Kolenich to C. Greene.)[1] Had Defendant Heimbach been unrepresented, Plaintiffs would not have known whether Defendant Heimbach had received their deficiency letter, whether he intended to respond, or the timeline of any anticipated response.

The participation of Defense Counsel is particularly critical at this time because Defendants Ray and Heimbach have failed to produce even a single document and have missed important deadlines. Defense Counsel will be integral if the Court's interference continues to be necessary to enforce Defendants' discovery obligations. (*See, e.g.*, ECF No. 379; ECF No. 354, n.1; *id.* at 4; *see also* ECF No. 365-1 (detailing deficiencies in, *inter alia*, Defendant Ray and Heimbach's

---

[1] We have omitted this e-mail from this public filing because counsel for Defendants designated its contents as Highly Confidential pursuant to the Confidentiality Order. Plaintiffs omit this e-mail without waiver of any objection to Defendants' designation. Should the Court wish to review the omitted e-mail, Plaintiffs are prepared to file it under seal or in any manner the Court prefers.

production).) Indeed, it is a reasonable expectation that the absence of Defense Counsel will only further delay discovery in this case.

Moreover, because of the highly sensitive nature of this case, the parties and the Court agreed eleven months ago to a carefully designed confidentiality order. (*See* January 3, 2018 Order for the Production of Documents and Exchange of Information ECF No. 167.) Under that Order, documents designated "highly confidential" (which could include, for example, Plaintiffs' medical records or sensitive communications with loved ones that contain identifying information about Plaintiffs and third parties) may be shared only with a circumscribed set of individuals that includes Defense Counsel but does not include Defendants. Accordingly, the protections thoughtfully put in place by the Parties and the Court would become much more difficult to implement if Defendants were to represent themselves *pro se*. *See Diedrich* v. *City of Newport News, Va.*, No. CIV.A.4:04CV9, 2004 WL 3436073, at *2 (E.D. Va. Nov. 29, 2004) (denying motion to withdraw and noting "the Court will not allow Plaintiff to proceed *pro se* in certain aspects of the case, granting him the deferential treatment such status requires, and to retain counsel for others").

Significantly, Defense Counsel have given no indication whether Defendants Heimbach and Ray are willing and able to represent themselves *pro se* or to find replacement counsel. District courts in this Circuit have repeatedly expressed concern over allowing parties to proceed *pro se* after they have been represented. *See Schock* v. *S.C. Johnson & Son, Inc.*, No. 6:06CV020, 2007 WL 2405730, at *2 (W.D. Va. Aug. 2, 2007); *Diedrich*, 2004 WL 3436073, at *2; *cf. Amazon Web Servs., Inc.* v. *Glob. Equity Mgmt., S.A.*, No. 3:16CV619, 2017 WL 4052381, at *9 (E.D. Va. Sept. 13, 2017) (denying defense counsel's motion to withdraw without prejudice "until substitute counsel makes an appearance"); *In re Schley*, No. 09-34182-DOT, 2012 WL 1616817, at *2 (Bankr. E.D. Va. May 9, 2012) (denying motion to withdraw and "allow[ing] debtors sufficient

time to retain other counsel"). Accordingly, even if the Court were to consider granting the motion to withdraw, such withdrawal should only be permitted to occur in an orderly manner that permits Defendants to find replacement counsel. *See Schock*, 2007 WL 2405730, at *2; *Diedrich*, 2004 WL 3436073, at *2; *Clayton* v. *Dickens*, No. 7:08-CV-00592, 2009 WL 4928057, at *1–2 (W.D. Va. Dec. 18, 2009).[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consider denying Defense Counsel's motion.

Dated: November 19, 2018

Respectfully submitted,

*/s/* Robert T Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

---

[2] In their four-sentence "brief" in support of their renewed motion to withdraw, Defense Counsel provide no explanation for their motion beyond Defendants' "inability or unwillingness to pay" outstanding attorney fees. (ECF No. 372.) But this Court has already held that such bare-bones reasoning is insufficient. (*See* ECF No. 364 at 2 ("Turning to the Motion to Withdraw as it relates to Robert Ray and Matthew Heimbach, the first problem is that it does not cite to any rule or authority why the Court should permit them to withdraw on the grounds asserted.").) Accordingly, denial of the motion is further warranted.

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
cgreene@kaplanhecker.com
sstrohmeier@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

I further hereby certify that on November 19, 2018, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
P.O. Box 54
Pelham, NC 27311

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

I further hereby certify that on November 19, 2018, I also served the following non-ECF participant via email based upon a representation by Defendant Kline's prior counsel that Defendant Kline can be reached at the e-mail address indicated below:

Elliot Kline
eli.f.mosley@gmail.com

          */s/* Robert T. Cahill
          Robert T. Cahill (VSB 38562)
          COOLEY LLP

          *Counsel for Plaintiffs*