# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES et al.** | : | **CASE: 3:17-CV-72** |
| Plaintiffs, | : | **JUDGE MOON** |
| v. | : | **REPLY IN SUPPORT OF MOTION TO WITHDRAW** |
| | : | |
| **JASON KESSLER et al.** | | |
| Defendants. | : | |
| | : | |

Attorneys Elmer Woodard and James Kolenich hereby reply in support of their motion to withdraw as Counsel for defendants Robert Ray and Matthew Heimbach. The motion should be granted for the reasons that follow.

**I. The applicable legal standard allows for withdrawal**

Rule 1.16 of the Virginia Rules of Professional Conduct provides guidance for the situation set forth in the motion:

a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer …

1

As the motion to withdraw demonstrates, the Client's have failed to pay their attorney fee bills. The Court has already found that "counsel are not obligated to represent Robert Ray or Matthew Heimbach without compensation" (DE 364 at p. 2) Therefore, the law allows for withdrawal in the absence of some reasonable justification for it's denial.

**II. Plaintiffs attempt to demonstrate a reasonable justification fails**

The plaintiffs have opposed undersigned Counsel's motion to withdraw because they are concerned about an alleged "disruptive impact of withdrawal in this discovery stage of the litigation". (DE 384 at p. 5)

In support of this objection Plaintiffs detail discovery problems that Plaintiffs attorneys claim they would have or would have had if Counsel are permitted to withdraw. (Id. at p. 5). But this objection ignores the Court order already issued regarding this motion. (see DE 364) Therein, the Court specified one discrete task that Counsel was ordered to perform before filing to withdraw. (DE 364 at p. 3) As stated in the second motion, and as appears on the docket of this case, that task has been completed.

**III. A denial of the motion to withdraw will inevitably unduly burden the moving Attorneys**

Plaintiffs allow that "withdrawal at some later point may" (DE 384 at 4-5) be acceptable to them but they don't specify when. Are undersigned to work for free through depositions? Who will pay for those depostions? Will we work through motion practice? How about the month long jury trial and subsequent appeals?

The plaintiffs have, of course, not asked that Counsel be detained that long. Rather, their argument focuses on the discovery process. In other words it focuses solely on the convenience of the plaintiffs attorneys. It does so while neatly ignoring 4th Circuit

2

case law allowing withdrawal for undue financial burden[1] as well as ignoring this Court's own order allowing for a second motion after completing a single task the Court explicitly found to be non-burdensome. (DE 364.)

In order to detain undersigned any longer, this Court will have to find that numerous hours dedicated to discovery process and depositions, as well as thousands of dollars in court reporter fees are not legally burdensome to Attorneys. Moreover, the Court will have to overrule itself regarding the explicit permission as to timing of the second motion to withdraw found in DE 364.

Contrary to plaintiffs assertions, now is the most reasonable time for Counsel to withdraw. Dragging this out any further runs the very real risk of substantial time and financial burdens wrongfully being imposed on undersigned Counsel. It further runs the risk of disruption of the proceedings as undersigned litigate whether or not they are entitled to an interlocutory appeal of this issue. Sanford v. Maid-Rite Corp., 816 F. 3d 546 , (8th Cir. 2016), Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537 (7th Cir. 2002).

Accordingly, the motion to withdraw should be granted forthwith.

    Respectfully Submitted,
 s/ James E. Kolenich  PHV
    James E. Kolenich (0077084)
**Kolenich Law Office**
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
Telephone: 513-444-2150
Facsimile:  513-2976065
Jek318@gmail.com
*Attorney for Movants*

---

[1] *Heinzman v. Fine, Fine, Legum &Fine*, 234 S.E.2d 282, 285 (Va. 1977), *Calkins v. Pacel Corp.*, 602 F. Supp. 2d 730, 732-33 (W. D. Va. 2009).

s/ **Elmer Woodard**
_____
5661 US Hwy 29
Blairs, VA 24527
Phone: 434-878-3422
Email : isuecrooks@comcast.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served as indicated below on November 26, 2018:

All parties of record were served via the Court's ECF system except as detailed below:

Robert Ray via electronic mail at REDACTED
Matthew Heimbach via electronic mail at REDACTED

s/ **James E. Kolenich** PHV
_____
J. E. Kolenich #0077084

4