# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF TYLER MAGILL'S MOTION TO WITHDRAW AND VOLUNTARILY DISMISS HIS CLAIMS WITHOUT PREJUDICE**

Plaintiff Tyler Magill respectfully submits this memorandum in support of his motion to withdraw and voluntarily dismiss his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

In January 2019, attorneys for Plaintiffs informed Mr. Magill that a conflict had arisen between their representation of Mr. Magill and their representation of the other Plaintiffs, and that as a result, they could no longer represent him. (*See* Magill Aff. ¶ 2.) Mr. Magill was encouraged to consult with separate counsel to decide whether he wanted to continue to be involved as a plaintiff in this litigation. Mr. Magill subsequently sought counsel from a separate attorney regarding proceeding with the matter. (*Id.* ¶ 3.) After careful consideration and consultation with that attorney, Mr. Magill has determined that he wishes to withdraw from this case and voluntarily dismiss his claims. (*Id.* ¶ 4.)

Given that Mr. Magill seeks to withdraw before his deposition has even been scheduled and long before a motion for summary judgment has been filed, it is hard to imagine a colorable argument that Defendants will be prejudiced by Mr. Magill's withdrawal at this stage in any way. Accordingly, the Court should grant the instant motion permitting Mr. Magill to voluntarily withdraw.

## ARGUMENT

### A. Legal Standard

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).[1]

---

[1] While we recognize that voluntary dismissal is also available without court order by filing "a stipulation of dismissal signed by *all* parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added), as the Court is aware, there are numerous *pro se* Defendants who have been unresponsive at every stage of this litigation. Although Plaintiffs have no reason to believe any defendant would object to this particular motion, we believed it to be more

According to the United States Court of Appeals for the Fourth Circuit, the purpose of Rule 41(a)(2) is to freely "allow voluntary dismissals unless the parties will be unfairly prejudiced. … [T]hus, a district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant,'" *Bridge Oil, Ltd.* v. *Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations omitted). In this regard, the prejudice must be substantial — "[a] defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion … or that it faces the prospect of a subsequent lawsuit." *Id.* (internal citations and quotations omitted). As a result, the factors that a district court should consider in ruling on such motions include: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a motion for summary judgment is pending." *Gross* v. *Spies*, 133 F.3d 914 at *5 (4th Cir. 1998) (table decision).

### B.  Defendants Will not be Prejudiced by Mr. Magill's Withdrawal.

As discussed below, each of the *Gross* factors weigh heavily in favor of granting the instant motion allowing Mr. Magill to withdraw and voluntarily dismiss his claims.

First, this case involves multiple plaintiffs, each with identical claims against the defendants. While Defendants have responded to Plaintiffs' claims in the litigation, it is hard to imagine how Mr. Magill's presence in the case as one of ten plaintiffs asserting the same causes of action has led to any significant marginal increase in time and effort by Defendants to date, particularly in light of the fact that Mr. Magill's deposition has not been scheduled. In other words, Defendants' efforts would likely have been performed even without Mr. Magill's presence in this case. *See Bridge Oil*, 321 F. App'x at 245–46 ("[A]lthough some discovery had taken place, it

---

efficient to seek this order directly from the Court, rather than attempt to obtain stipulations from parties who have been uncooperative.

2

was minimal and would have occurred in the multi-party litigation even without the presence of Bridge Oil's … claim."). This clearly is not a situation where "voluntary dismissal potentially unravels the effect of an earlier legal ruling," *RMD Concessions, L.L.C.* v. *Westfield Corp., Inc.*, 194 F.R.D. 241, 243 (E.D. Va. 2000), or where discovery has closed and a dispositive order is "imminent," *Miller* v. *Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004); *see also Howard* v. *Inova Health Care Servs.,* 302 F. App'x 166, 178–80 (4th Cir. 2008) (noting "plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date … with motivation for the motion appeared to be to circumvent a discovery ruling, which counsel could have avoided by deposing the witness within the discovery period" (citing *Francis v. Ingles*, 1 F. App'x 152, 154 (4th Cir. 2001) (internal quotations omitted))).

Second, Mr. Magill moved diligently to voluntarily dismiss within weeks of learning that his attorneys had a conflict in representing him. In that time, he expeditiously connected and consulted with separate counsel before deciding to withdraw. This motion is being filed shortly after Mr. Magill made that decision. *See Fid. Bank PLC* v. *N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007) ("Fidelity was not dilatory in making its motion; it moved immediately …."). Indeed, Mr. Magill "has diligently participated in this litigation, and thus, has not caused excessive delay or lack of diligence." *Vosburgh* v. *Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 387 (S.D.W. Va. 2003).

Third, Mr. Magill has adequately explained his reasons for withdrawal: namely, after a conflict arose between him and co-Plaintiffs' counsel,[2] he consulted separate legal counsel and decided to withdraw from the case. (*See* Block Aff.; Magill Aff.) The courts have previously

---

[2] The nature of the conflict is the subject of privileged, attorney-client communications. *See, e.g., Marketel Media, Inc.* v. *Mediapotamus, Inc.*, No. 5:13-CV-427-D, 2015 WL 3650765, at *4 (E.D.N.C. June 11, 2015) ("[T]he fact that an *attorney* has a conflict of interest does not mean that the *client* forfeits the benefit of the attorney-client privilege." (emphasis and alterations in original) (internal citation omitted)).

3

recognized the existence of a conflict as constituting an adequate basis for withdrawal. *See, e.g., Blake* v. *Rubenstein*, No. CV 2:08-0906, 2016 WL 5660355, at *6 (S.D.W. Va. Apr. 5, 2016) (granting motion to withdraw where Plaintiff affirmed that "conflict[s] have arisen between me and some of the co-plaintiffs."); *Chidester* v. *McCormick*, No. CIV.A.5:06-CV-00173, 2008 WL 4279377, at *1 (S.D.W. Va. Sept. 11, 2008) (granting motion to withdraw where "Plaintiff states that 'due to interpersonal conflicts' he is unable to prosecute his cause of action").

Finally, Mr. Magill does not submit this motion in order to avoid a ruling on a dispositive motion, since no dispositive motions, including motions for summary judgment have been filed. *Contra Howard*, 302 F. App'x at 178–80 (affirming denial of motion to withdraw after summary judgment motions had been filed); *True* v. *Seppala*, No. 2:13-CV-2228 DCN, 2015 WL 4937298, at *3–4 (D.S.C. Aug. 17, 2015) (denying motion to withdraw after Plaintiff failed to respond to motion for summary judgment). Accordingly, Defendants will not be prejudiced in granting Mr. Magill's motion to withdraw and voluntarily dismiss his claims.

## CONCLUSION

For the foregoing reasons, Mr. Magill respectfully request that the Court grant his motion to withdraw and voluntarily dismiss his claims without prejudice pursuant to Rule 41(a)(2).

Dated: February 7, 2019

Respectfully submitted,

/s/
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

4

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
cgreene@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, the foregoing was filed with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jeff Schoep, Nationalist Front, National Socialist Movement, Matthew Parrott, Robert Ray, Traditionalist Worker Party, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

I further hereby certify that on February 7, 2019, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
2634 U.S. HWY 158 E
Yanceyville, NC 27379

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

I further hereby certify that on February 7, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

Elliott Kline
eli.f.mosley@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
Email: rcahill@cooley.com

*Counsel for Plaintiffs*