CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/19/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *ET AL.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *ET AL.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Michael Peinovich's objections to U.S. Magistrate Judge Hoppe's opinion denying Peinovich's motion to quash Plaintiffs' subpoenas to Twitter, GoDaddy.com, Cloudflare, and Hatreon, (dkt. 226), as well as Peinovich's motion to require Plaintiffs' compliance with Fed. R. Civ. P. 45. (Dkt. 229). After this Court dismissed Peinovich from this action without prejudice, (dkt. 335 at 41), the parties advised the Court that Peinovich's status as a non-party did not moot his objections. (Dkts. 348, 349). This matter has been fully briefed and is ripe for decision.[1] Having considered Judge Hoppe's opinion and Peinovich's objections, the Court concludes that Judge Hoppe's opinion is not clearly erroneous or contrary to law. Thus, the Court will overrule Peinovich's objections and deny Peinovich's motions to quash and require compliance with Rule 45.

## I. LEGAL STANDARD

Fed. R. Civ. P. 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the magistrate judge's order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b). Where, as here, a party objects to a magistrate judge's ruling on a nondispositive matter, the district court will modify or set aside the magistrate judge's order only

---

[1] Peinovich requested a hearing on his objections. (Dkt. 309 at 14). Under Local Rule 11(b) and Fed. R. Civ. P. 78(b), the Court has discretion to determine a motion without an oral hearing. After reviewing the briefing in this matter, the Court finds that oral argument will not aid the decisional process.

1

if it is "clearly erroneous or is contrary to law."[2]  Fed. R. Civ. P. 72(a).  "A ruling is 'clearly erroneous' only when the totality of the record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'"  *Franklin v. Liberty University, Inc.*, No. 6:16-cv-00065, 2017 WL 3026049, at *1 (W.D. Va. April 26, 2017) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id*.  "[A]ltering a magistrate's nondispositive orders [is] extremely difficult to justify."  *Id*. (internal quotation and citation omitted).

## II.  FACTS & PROCEDURAL HISTORY

Plaintiffs issued four subpoenas to non-parties "to gather evidence related to Defendants' and their co-conspirators' coordination of and planning for racially-motivated violence" they allegedly committed at the "Unite the Right" rally in Charlottesville, Virginia on August 11–12, 2017.  (Dkt. 249 at 2; dkt. 226-2–5).  The non-parties subpoenaed were (1) GoDaddy.com, a web services company that allegedly provided services to two websites operated and used by certain

---

[2]  Peinovich concedes that the applicable standard of review is technically the "clear error" or "contrary to law" standard established by Rule 72(a).  Nevertheless, he argues that "given the critical First Amendment issues" he raises, "the Court should conduct an independent, *de novo* review."  (Dkt. 309 at 8).  Peinovich cites two out-of-circuit decisions where district courts reviewed a magistrate judge's order *de novo* after defendants raised First Amendment objections.  *See, e.g., Kriss v. Bayrock Group, LLC*, No. 10-cv-3959, 2016 WL 406375, at *1 (S.D. N.Y. Feb. 1, 2016) (applying *de novo* standard of review "in the fullness of caution" but recognizing "clear error" or "contrary to law" as normal standard).  Although it is true that *appellate courts* must review "cases raising First Amendment issues" *de novo*, *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 499 (1984), Rule 72(a) imposes a distinct standard for district courts reviewing magistrate judges' non-dispositive decisions.  *See N.C. State Conference v. McCrory*, No. 1:13-cv-658,  2015 WL 12683665, at *3 (M.D. N.C. Feb. 4, 2015) (applying "clear error" or "contrary to law" standard in reviewing magistrate judge's order on motions to compel and quash, where defendants raised First Amendment objections); *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 830 F.Supp.2d 114, 122–27 (E.D. Va. 2011) (same).  Accordingly, the Court will evaluate Judge Hoppe's opinion under a "clear error" or "contrary to law" standard of review.

2

defendants, (*id*. at 2–3); (2) Cloudflare, a web services company that allegedly provided services to Peinovich's website and the two aforementioned websites also serviced by GoDaddy.com, (*id*. at 3); (3) Hatreon, a crowd-funding site allegedly used to raise money for bail following one defendant's arrest in Charlottesville for conduct committed in connection with the "Unite the Right" rally, (*id*. at 4); and (4) Twitter, a social media platform allegedly used by various defendants to "disseminate information about the [Unite the Right] rally" and to "encourage others" to attend the rally. (*Id*.).

Peinovich, then a defendant in this case, challenged the subpoenas in two related motions: first, in a motion to quash the subpoenas under Fed. R. Civ. P. 45(d) and to issue a "protective order," (dkt. 226); and second, in a motion to compel Plaintiffs' "full compliance" with Rules 45(a)(4) and (b)(4) or, alternatively, to quash the subpoenas. (Dkt. 229). Specifically, Peinovich objected to requests that GoDaddy.com and Cloudflare produce "traffic logs to the websites dailystormer.com, altright.com[,] and therightstuff.biz for the dates of August 1 to August 19, 2017," because he argued these logs would contain "personally identifiable information such as IP and MAC addresses" about "hundreds of thousands of private citizens who have done nothing more than visit a website." (Dkt. 226-1 at 3). More broadly, Peinovich argued that the subpoenas seek "huge amounts of information," (dkt. 229 at 1), that "cannot possibly help the [P]laintiff's case" and "would irreparably harm Peinovich, the companies that were subpoenaed, hundreds of thousands of private internet users, and the cause of free speech." (Dkt. 255 at 3–5, 7).

Peinovich's motions were referred to U.S. Magistrate Judge Hoppe, who construed the

motion to quash as a motion for a protective order under Fed. R. Civ. P. 26[3] and denied both of Peinovich's motions. (Dkt. 304). The Court now turns to Peinovich's objections to Judge Hoppe's opinion.

### III. ANALYSIS

Peinovich objects to Judge Hoppe's (1) denial of a protective order under Rule 26, and (2) denial of his motion to compel Plaintiffs' compliance with Rule 45. Both objections fail.

### A. Judge Hoppe's Denial of a Rule 26 Protective Order

Rule 26 allows "[a] party . . . from whom discovery is sought" to move for a protective order, and the rule authorizes the court, "for good cause" shown, to issue such an "order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Parties seeking protective orders under Rule 26(c) must demonstrate that they "will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Moreover, a party seeking a protective order must "present a particular and specific demonstration of fact as to why a protective order should issue" as part of Rule 26(c)'s "good cause" requirement. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation and citation omitted).

After construing Peinovich's motion to quash as a motion for a protective order under Rule 26, Judge Hoppe found that Peinovich could not "claim any hardship, let alone undue hardship" since he has "no obligation to produce any information under the subpoenas issued to" third parties Twitter, GoDaddy.com, Cloudfare, and Hatreon. (Dkt. 304 at 6 (citing *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 338 (D. D.C. 2011)). Additionally, Judge Hoppe

---

[3] Peinovich does not object to Judge Hoppe's decision to construe his motion to quash as a motion for a protective order, or Judge Hoppe's decision that Peinovich has standing to challenge the subpoenas, (dkt. 304 at 2–4), and the Court finds nothing clearly erroneous or contrary to law in Judge Hoppe's decision on these matters.

4

determined that Peinovich had made no "specific showing of [any] undue hardship" he would experience by complying with the subpoenas because the "alleged risk of harm to Peinovich's reputation or online business" was "too speculative." (*Id*.). Finally, Judge Hoppe concluded that Peinovich had "failed to show that any of the subpoenas are overbroad or irrelevant." (*Id*.). Judge Hoppe found that, "[o]n the contrary, Plaintiffs' subpoenas are limited in scope to particular topics, persons, and entities related to the alleged events underlying this lawsuit and seek documents or ESI covering a relatively short period." (*Id*.).

Peinovich first argues that Judge Hoppe was wrong to deny a protective order against Plaintiffs' subpoenas under Rule 26 because the subpoenas in question infringe on "his and his supporters' associational rights" under the First Amendment. (Dkt. 309 at 11). Peinovich contends that has received "anxious communications from listeners [of his podcast] concerned about being doxed as a result of the subpoenas and has lost regular listeners as a result of these concerns,"[4] and that many visitors to the online forum *The Right Stuff* have "cancelled their accounts and stopped visiting the site." (*Id*.). Plaintiffs argue that Peinovich has waived his arguments regarding First Amendment associational rights because he never raised this argument before Judge Hoppe. (Dkt. 312 at 6–7). Plaintiffs further contend that Peinovich's associational privilege argument is substantively without merit, since the subpoenas in question do not target "associations or groups," "membership lists," or other entities and materials courts have found to implicate First Amendment associational rights. (*Id*. at 7).

Plaintiffs are correct that Peinovich did not raise his associational privilege argument before Judge Hoppe. Although Peinovich asserted in his initial motion that users may be "subject to doxing, intimidation, and harassment" as a result of enforcing the subpoenas, and

---

[4] Plaintiffs define "doxing" as an "Internet practice in which someone's private personal information is published in an effort to punish or shame the target." (Dkt. 312 at 4).

5

further stated that the subpoenas would "have a chilling effect on free speech generally," he raised these concerns in support his argument that the subpoenas imposed an "undue burden" on him because of the harm such a chilling effect might have on his business. (Dkt. 226 at 4; *see also* Dkt. 255 at 5). Peinovich only developed his associational privilege argument once Judge Hoppe had already ruled on his motions.

Generally, a "magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Zen42 LLC v. Washington and Lee University*, No. 6:17-cv-00053, 2018 WL 4625627, at *6 (W.D. Va. Sep. 26, 2018) (quoting *Contravest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D. S.C. 2017)). *See also Baird v. CCDC/CCSCC*, No. 2:08-00044, 2008 WL 4999252, at *2 (S.D. W. Va. Nov. 20, 2008) (noting that a "district court's Rule 72(a) review is further limited in that issues not raised before the magistrate should not be considered"). However, "it appears most districts in the Fourth Circuit" have "followed the holding in *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)," which held that a "district court must consider objections to the magistrate judge's ruling, even if the objections are new arguments on an issue." *Zen42 LLC*, 2018 WL, at *6. Thus, the Court must assess Peinovich's associational privilege argument.

Peinovich's associational privilege argument is without merit. The subpoenas at issue here do not seek information courts have previously found covered by the First Amendment's associational privilege, such as the "identities of rank and file members" of an advocacy organization, "mailing lists and lists of conference attendees," "contributor lists," or "past political activities" of the members of an organization. *Sexual Minorities of Uganda v. Lively*, No. 3:12-30051, 2015 WL 4750931, at *3 (D. Mass. Aug. 10, 2015) (collecting cases). *See also NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) (noting that the associational

6

privilege covers "[c]ompelled disclosure of *membership in an organization* engaged in advocacy of particular beliefs" (emphasis added)). Peinovich cites no decision extending First Amendment associational privileges to the type of information Plaintiffs seek, namely data regarding "individuals who updated and accessed" various websites relevant to ongoing civil litigation. (Dkt. 312 at 7).

To the extent that Peinovich's objection is simply a restatement of his contention before Judge Hoppe that enforcement of Plaintiffs' subpoenas would impose an "undue burden" on his business, the Court finds nothing clearly erroneous or contrary to law in Judge Hoppe's determination that Peinovich's arguments were too "speculative." (Dkt. 304 at 6). Although Peinovich asserts in his objections that he has continued to "receive anxious communications from listeners concerned about being doxed as a result of the subpoenas," such assertions are no more concrete or well-supported than the near-identical assertions Judge Hoppe considered and rejected as too speculative. *See Baron Fin. Corp.*, 240 F.R.D. at 202 (noting that a party seeking a protective order must "present a particular and specific demonstration of fact as to why a protective order should issue" as part of Rule 26(c)'s "good cause" requirement).

### B. Judge Hoppe's Denial of Rule 45 Motion

Peinovich raises a cursory objection to Judge Hoppe's denial of his motion to compel Plaintiffs' compliance with Fed. R. Civ. P. 45(a)(4) and (b)(4). Rule 45(a)(4) provides that if a subpoena "commands the production of documents" or electronically stored information, a "notice and a copy of the subpoena must be served on each party" before the subpoena "is served on the person to whom it is directed." Rule 45(b)(4) requires proof of service only "when necessary." Judge Hoppe found that documents "attached to Peinovich's motion show that Plaintiffs complied with their obligations under Rule 45(a)(4) by serving 'a notice and a copy of

7

the subpoena'" on Peinovich before serving the subpoenas on the third parties to whom they were directed. (Dkt. 304 at 7). Judge Hoppe further found that Peinovich had made no concrete showing that "proof of service" under Rule 45(b)(4) was necessary, such as "to support a motion to compel compliance with a subpoena or to hold a nonparty in contempt of court." (*Id.* (citing *Plastic the Movie Ltd. v. Doe*, No. 3:15-cv-385, 2015 WL 125856114, at *1 (M.D. Fla. Nov. 24, 2015)).

Peinovich objects to Judge Hoppe's ruling, arguing that Plaintiffs have "concealed" information required by Rule 45 and thereby deprived him of "fair notice" to "oppose the subpoenas." (Dkt. 309 at 14). Peinovich offers no specific argument that undermines Judge Hoppe's finding that Plaintiffs complied with Rule 45(a)(4), and Peinovich again presents no concrete showing that proof of service under Rule 45(b)(4) was necessary. Moreover, Peinovich's contention that he has been deprived of fair notice to oppose the subpoenas rings hollow, since Peinovich has now had two opportunities to challenge Plaintiffs' subpoenas: first before Judge Hoppe, followed by a second bite at the apple with his present objections. Finding nothing plainly erroneous or contrary to law in Judge Hoppe's denial of Peinovich's motion to compel compliance with Rule 45, the Court overrules Peinovich's objection.

### IV. CONCLUSION

Peinovich's objections are not well-taken and will therefore be overruled. Judge Hoppe's opinion denying Peinovich's motions to quash Plaintiffs' subpoenas and to compel compliance with Rule 45 is neither plainly erroneous nor contrary to law. An accompanying order will issue.

Entered this 19th day of February, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

8