IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES et al.** | : | Case No. 3:17-cv-00072 |
| Plaintiffs | : | Judge MOON |
| | : | |
| -v- | | |
| | : | |
| **JASON KESSLER et al.** | : | |
| | : | |
| Defendants | | |

**RESPONSE IN OPPOSITION TO PLAINTIFF TYLER MAGILL'S MOTION TO TO VOLUNTARILY DISMISS HIS CLAIMS WITHOUT PREJUDICE**

Under Rule 41 (a)(1), a plaintiff may voluntarily dismiss an action without a court order only by filing a notice of dismissal before an answer or a motion for summary judgment has been served by the opposing party, or by stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). In this case, defendants signing this pleading have filed answers and have not signed a stipulation of dismissal.

When voluntary dismissal under Rule 41(a)(1) is not available, voluntary dismissal is still available to a plaintiff under Rule 41(a)(2), which provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v.

1

USX Corp., 819 F.2d. 1270, 1273 (4th Cir. 1987). "Typically, such a motion is granted unless there is 'substantial prejudice' or 'plain legal prejudice' to the defendant." Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989,991 (E.D. Va. 1998). In considering a motion for voluntary dismissal, the Court "must focus primarily on protecting the interests of the defendant." Davis, 819F.2dat 1273.

The Fourth Circuit has identified four general factors that should be considered in deciding a Rule 41(a)(2) motion:

(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation;

Teck, 28 F. Supp. 2d at 991 (quoting Gross v. Spies, 133 F.3d 914,1998 WL 8006, at 5 (4th Cir.1998) (unpublished per curiam table decision). The Court may also consider any additional factors it finds relevant under the particular circumstances of the specific case. Teck, 28 F. Supp. 2d at 991 n.5 (citing Gross).

Plaintiff Magill filed his amended complaint on January 5, 2018[1]. Therein, Magill alleged that he "collapsed at his place of work and suffered a trauma-induced stroke…spent two days in the hospital and may never fully recover from the resulting brain injuries.. [and] has not been able to return to his job at the UVA library."[2]

This being the case Magill, arguably, should have provided his medical records as part of his initial disclosures. Failing that, Magill was required to timely respond to discovery requests from the defendants he has sued. Instead, Magill has failed to provide medical records to support his fantastical claims despite it being eight months since being served with

---

[1] DE 175.
[2] Id. at p. 4 ¶ 10, see also p. 88 ¶ 283

discovery and despite letters from Counsel in December 2018 and January 2019 demanding the records be produced.[3]

In light of the above, Magill 's assertion that he has "has diligently participated in this litigation, and thus, has not caused excessive delay or lack of diligence"[4] rings very false. Accordingly, Magill cannot argue that his deposition hasn't been scheduled yet when the reason[5] it hasn't been scheduled yet is that Magill has not adequately made even basic discovery responses.

For the reasons set out above, Plaintiff Magill's motion to voluntarily dismiss without prejudice must be denied until such time as he has fully complied with his obligations regarding pending discovery. In the alternative Magill's motion may be granted on condition that he be prohibited from re-filing his claims in any jurisdiction, whether federal or state, until he has provided his full, complete, and unredacted medical records to the defendants herein.

Respectfully Submitted,

s/ Elmer Woodard
Elmer Woodard (VSB No. 27734)
5661 US Hwy 29
Blairs, VA 24527
Phone: 434-878-3422
Email : isuecrooks@comcast.net
Attorney for Jason Kessler, Identity Evropa, Traditionalist Worker Party, Vanguard America, Matt Parrott, Nathan Damigo, Christopher Cantwell, Robert Ray

---

[3] Letters from Mr. DiNucci to Plaintiff's counsel attached.
[4] Plaintiff Magill's motion to voluntarily dismiss DE 406 at p.3
[5] Declaration of John A. DiNucci

s/ James E. Kolenich_PHV_<br>
James E. Kolenich (OH 77084)<br>
KOLENICH LAW OFFICE<br>
9435 Waterstone Blvd. #140<br>
Cincinnati, OH 45249<br>
Phone: 513-444-2150<br>
Fax: 513-444-2099<br>
Email: Jek318@gmail.com<br>
Attorney for Jason Kessler, Identity Evropa, Traditionalist Worker Party, Vanguard America, Matt Parrott, Nathan Damigo, Christopher Cantwell, Robert Ray

s/ John DiNucci<br>
John A. DiNucci (VSB 29270)<br>
Law Office of John A. DiNucci<br>
8180 Greensboro Drive, Suite 1150<br>
McLean VA 22102<br>
dinuccilaw@outlook.com<br>
Attorney for Richard Spencer

## CERTIFICATE OF SERVICE

I certify the above was served on February 21, 2019 by the Court's CM/ECF system and that the following non ECF participants were served by alternative means as listed below:

Loyal White Knights of the Ku Klux Klan
a/k/a Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker
2634 U.S. HWY 158 E
Yanceyville, NC 27379

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Elliott Kline eli.f.mosley@gmail.com
Matthew Heimbach matthew.w.heimbach@gmail.com

Jeff Schoep commander@newsaxon.org
James Stern jamesstern@thejamesstern.com

                                                <u>s/ James E. Kolenich PHV</u>
                                                James E. Kolenich