CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

02/22/2019

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 3:17-cv-00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER, et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) |        United States Magistrate Judge |

This matter is before the Court on a notice filed by non-party James Hart Stern on behalf of Defendant National Socialist Movement ("NSM"). ECF No. 413. The Court construes this filing as a pro se motion by Mr. Stern asking for leave to excuse NSM's current counsel of record and to "substitut[e]" Mr. Stern as the entity's "new legal representative." *Id.*

Plaintiffs' Amended Complaint asserts claims against several Defendants arising out of events that occurred in Charlottesville on August 11 and 12, 2017. ECF No. 175. The pleading identifies Defendant NSM as an unincorporated association based in Michigan that is subject to suit under Virginia Code § 8.01-15. *See* Am. Compl. ¶ 38. Mr. Stern is not an individual defendant to the action. In the motion, Mr. Stern identifies himself Defendant NSM's "President/Director," but he does not indicate that he is a licensed attorney.

Although individuals "may plead and conduct their own cases" in federal court, 28 U.S.C. § 1654, an organization that is a party to a lawsuit "cannot appear pro se as an artificial entity in any federal court litigation," *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 n.2 (W.D. Va. 2009). Rather, they can "appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202–03 (1993). This rule "applies equally to all artificial entities," *id.*, including unincorporated associations. Because Mr. Stern does not appear to be a licensed attorney, he cannot represent NSM in this Court. Nor does he

himself, as he is neither an attorney nor a party, have authority to file a motion to remove Defendant NSM's current counsel of record from the cause. *See* W.D. Va. Gen. R. 6(e), (i).

Accordingly, Mr. Stern's non-party motion, ECF No. 413, is hereby DENIED without prejudice.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to all counsel of record and to James Hart Stern at his address listed on the motion.

ENTER: February 22, 2019

Joel C. Hoppe
United States Magistrate Judge