# EXHIBIT 4

**Kaplan & Company, LLP**

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanandcompany.com

April 24, 2018

**Via Email**

James E. Kolenich, Esq.
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard, Esq.
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

Re:   *Sines* v. *Kessler*, 17 Civ. 0072 (NKM) (W.D. Va.)

Dear Mssrs. Kolenich and Woodard:

I write on behalf of Plaintiffs in the above-captioned action regarding the responses and objections ("Responses") of Defendants Cantwell, Damigo, Heimbach, Identity Evropa, Kessler, National Socialist Movement ("NSM"), Nationalist Front, Parrott, Ray, Schoep, Traditionalist Worker Party ("TWP"), and Vanguard America (collectively, "Defendants") to Plaintiffs' [Corrected] First Set of Requests for Production of Documents, served on January 25, 2018 ("RFPs").[1]  While reserving all rights as to any deficiencies in Defendants' Responses, Plaintiffs write pursuant to the Court's direction during the April 19, 2018 telephonic conference that the parties meet and confer concerning the issues set forth in Plaintiffs' April 19, 2018 email to the Court. Plaintiffs look forward to receiving Defendants' response to this letter by no later than May 1, 2018, and are available to meet and confer regarding Defendants' Responses at your soonest possible convenience over the next week.

**Defendants Have Waived Any Objections to the RFPs**

With the exception of Defendants Identity Evropa and TWP, Defendants have not objected to any of the RFPs and therefore have waived any objections. *See, e.g., Southampton Pointe Prop. Owners Ass'n, Inc.* v. *OneBeacon Ins. Co.*, No. 2:12-cv-03035-RMG, 2013 WL 12241830, at *2 (D.S.C. Aug. 27, 2013) (finding plaintiff waived objection by failing to raise in response to RFP); *see also Hall* v. *Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) ("[I]mplicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer . . . ."). Defendants TWP and Identity Evropa object to Plaintiffs' RFPs solely on the ground that "to comply without third party permission or a court order violates the Stored Communications Act 18 USC §2701 et seq." This is not a legitimate objection (see below), and Defendants TWP and Identity Evropa have waived all other objections.

---

[1]   Capitalized terms used in this letter have the same meaning as in the RFPs.

Kaplan & Company, LLP						2

## Defendants' Responses Are Inadequate

***Plaintiffs Request that Defendants Confirm They Have No Responsive Documents:*** Several Defendants, including Defendants Heimbach, Nationalist Front, Ray, and Vanguard America, responded that there were no documents responsive to any of Plaintiffs' RFPs, or "none in [their] possession." Plaintiffs request that by no later than May 1, 2018, any Defendant who answered "none" or some variant thereof to any RFP confirm that for each RFP, there are no responsive Documents or Communications in that Defendant's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); RFP Instr. H. Defendants are reminded that "possession, custody, or control" is not limited to Documents or Communications in the physical possession of a Defendant, but rather extends to materials over which each Defendant has custody or control. *See, e.g., Terry* v. *Modern Inv. Co.*, No. 3:04-CV-00085, 2006 WL 2434264, at *6 n.15 (W.D. Va. Aug. 21, 2006) ("'Control' is defined as the legal right to obtain the document on demand."); *United States* v. *2012 GMC Savannah Van VIN: 1GDS7DC40C1145561*, No. 2:13 cv 18, 2014 WL 2215933, at *2 (W.D.N.C. May 29, 2014) ("A party is obligated to produce her account records when she has the legal right to those records even though the party does not have a copy of the records.").

Similarly, for those Defendants who responded to any of the RFPs with the response "See Attached," "None except as listed above," or some variant thereof, Plaintiffs request that by no later than May 1, 2018, each Defendant clarify their Responses so that Plaintiffs can discern whether each Defendant is producing Documents and Communications in response to each RFP or, alternatively, claiming that they are not in possession, custody, or control of any Documents or Communications responsive to the RFP. *See, e.g., Porreca* v. *Mitchell L. Morgan Mgmt., Inc.*, Civ. No. JFM 08−1924, 2009 WL 400626, at *6–7 (D. Md. Feb. 13, 2009) (ordering plaintiffs to provide "full and complete responses" to RFPs when plaintiffs "merely respond[ed] 'see attached documents' for every request").

In addition, Defendants Identity Evropa and TWP have objected to Plaintiffs' RFPs solely on the ground that "to comply without third party permission or a court order violates the Stored Communications Act 18 USC §2701 et seq."; neither Identity Evropa nor TWP provides any further basis for its refusal to produce *any* documents in response to Plaintiffs' RFPs. Accordingly, Plaintiffs request that by no later than May 1, 2018, Defendants Identity Evropa and TWP confirm that they do not have in their possession, custody, or control any responsive documents such as emails, text messages, receipts, hard copy documents, pictures, videos, audio recordings, phone records, or any other kind of Document or Communication, the production of which would not be affected by the Stored Communications Act ("SCA"). For example, the contract between Defendants Identity Evropa and Eli Mosley, to which Mr. Kolenich referred during the April 19 telephonic conference with the Court and described as governing the relationship between those parties, would be responsive—based on Mr. Kolenich's description alone—to at least RFP Nos. 3 and 6 and would not be affected by the SCA.

***Plaintiffs Request that Defendants Confirm They Will Provide SCA Consents:*** Certain Defendants, including Damigo, Heimbach, and Ray, suggest in their Responses that they would have had responsive documents but for their deletion by sites such as Twitter, Facebook, and the Daily Stormer. Deactivation or deletion of Social Media accounts or posts does not, however, shield otherwise relevant material from discovery. *See, e.g., Romano* v. *Steelcase Inc.*, 30 Misc.

Kaplan & Company, LLP                                                                                          3

3d 426, 435 (N.Y. Sup. Ct. 2010) (ordering plaintiff to deliver to defendant a consent and authorization as required by social media website operators to gain access to plaintiff's social media records "including any records previously deleted or archived by said operators"). Moreover, the SCA provides no basis for Identity Evropa, TWP, or any other Defendant to refuse to produce Documents and Communications. While the SCA may limit the ability of electronic communications and remote computing services to produce certain communications without the consent of the relevant user, *see* 18 U.S.C. § 2702(b)(3) (2012), the SCA does not prevent any Defendant from satisfying its discovery obligations, s*ee, e.g.*, *Flagg* v. *City of Detroit*, 252 F.R.D. 346, 363 (E.D. Mich. 2008) (ordering defendants to give consent for retrieval of information subject to the SCA from an internet service provider); s*ee also Al Noaimi* v. *Zaid,* No. 11–1156–EFM, 2012 WL 4758048, at *3 (D. Kan. Oct. 5, 2012) (finding the court need not resolve motion to quash where it could order the plaintiff to execute a consent to third party that satisfies the SCA); *supra* regarding "control" of documents.

Plaintiffs request that by no later than May 1, 2018, each Defendant confirm that they will provide by no later than May 4, 2018, the necessary SCA consents to permit the providers of electronic communication services and remote computer services to provide documents responsive to the RFPs. *See* RFP Instr. H.

**Defendants Have Taken No Steps to Preserve Responsive Information**

RFP No. 8 requests that Defendants produce "[a]ll Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests." In response to this Request, Defendants interpose a variety of answers suggesting that no steps were taken to preserve relevant information. For example, Defendants Identity Evropa, TWP, and Vanguard America all respond that they had taken "no special steps" to preserve relevant Documents and Communications. TWP's response is particularly troubling given the issues raised in Plaintiffs' Emergency Motion for an Order to Show Cause Why Defendants Matthew Parrott and Traditionalist Worker Party Should Not Be Sanctioned for Spoliation and Ordered to Permit Plaintiffs to Conduct a Forensic Examination of Information Systems. (ECF No. 272.) The other Defendants all responded "none" or a variation of "[n]one other than items responsive to above requests," but none of the documents produced to date have provided information about the steps taken to preserve Documents and Communications relevant to the lawsuit.

Plaintiffs request that by no later than May 1, 2018, each Defendant confirm whether or not they: (1) have taken steps to preserve Documents and Communications relevant to this litigation; and (2) are in possession, custody, or control of any Documents or Communications concerning steps taken to preserve Documents and Communications relevant to this litigation.[2]

---

[2] To reiterate, Plaintiffs reserve all rights with respect to other aspects of Defendants' Responses. By way of example only, certain Defendants, including Schoep and NSM, improperly direct Plaintiffs to websites that purportedly contain, among other material, information responsive to Plaintiffs' RFPs. Defendants are required to collect responsive material and produce it to Plaintiffs; Defendants cannot simply point Plaintiffs to entire websites and expect Plaintiffs to know which information Defendants are

Kaplan & Company, LLP                                                                                                  4

*****

   Defendants are presumed to be in possession, custody, or control of relevant and responsive Documents, despite the inadequacies in Defendants' Responses set forth above. Accordingly, in addition to taking the steps requested above, and consistent with the Court's direction at the March 16, 2018 telephonic conference, Plaintiffs propose that the parties enter into the attached Proposed Order and Stipulation for the Production of Electronically Stored Information and Proposed Evidence Preservation Stipulation and Order. Please let us know by May 1, 2018, if Defendants are prepared to enter into the attached stipulations or if you have any comments on the attached.

   Plaintiffs look forward to receiving Defendants' response to this letter by no later than May 1, 2018. Plaintiffs continue to reserve all rights with respect to their RFPs and Defendants' Responses.

Sincerely,<br><br>Gabrielle E. Tenzer

cc: Plaintiffs' Counsel of Record

(Attachments)

---

referring to as responsive to the RFPs. Plaintiffs will address this and other deficiencies in Defendants' Responses in future correspondence.