CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/04/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., ) | |
| Plaintiffs, ) | Civil Action No. 3:17-cv-00072 |
| ) | |
| v. ) | ORDER |
| ) | |
| JASON KESSLER et al., ) | By:     Joel C. Hoppe |
| Defendants. ) | United States Magistrate Judge |

This matter is before the Court on a motion by James Kolenich, Esq., and Elmer Woodard, Esq., to withdraw as counsel of record for Defendants Jeff Schoep, Nationalist Front, and National Socialist Movement. ECF No. 420. Mr. Schoep also filed a pro se motion seeking to represent himself in this matter. ECF No. 418. On March 1, 2019, the Court held a conference call on the record, at which Mr. Kolenich, Mr. Schoep, and counsel for Plaintiffs appeared. Non-party movant James Hart Stern also appeared in his capacity as the current "President/Director" of Defendant National Socialist Movement. *See* ECF Nos. 413, 427, 430. For the reasons stated on the record during the hearing, it is hereby ORDERED:

1. Defendant Schoep's motion, ECF No. 418, is **GRANTED**. At the hearing, Mr. Schoep indicated that he planned to retain new counsel. Accordingly, the Court grants Mr. Schoep until the end of the day on **Monday, March 18, 2019**, to: (1) retain a licensed attorney; and (2) have that attorney enter his or her appearance on Mr. Schoep's behalf in this matter. Counsel must be admitted to practice before the United States District Court for the Western District of Virginia. *See* W.D. Va. Gen. 6(a)–(d), (i). Mr. Schoep is currently proceeding pro se, and, unless and until counsel enters an appearance on his behalf, Mr. Schoep is solely responsible for conducting his defense in accordance with all rules, court orders, and deadlines in this case.

1

2. The motion to withdraw as counsel, ECF No. 420, is **GRANTED** in its entirety. The Clerk is directed to terminate Mr. Kolenich and Mr. Woodard as counsel of record for Defendants Schoep, Nationalist Front, and National Socialist Movement.

3. Plaintiffs allege that Defendants Nationalist Front and National Socialist Movement are unincorporated associations subject to suit under Virginia law. Am. Compl. ¶¶ 38, 39, ECF No. 175. Unlike individuals, artificial entities may "appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 202–03 (1993). This "rule applies equally to all artificial entities," *id.*, including unincorporated associations. Accordingly, Defendant Nationalist Front and Defendant National Socialist Movement are each directed, by the end of the day on **Monday, March 18, 2019**, to: (1) retain a licensed attorney; and (2) have that attorney enter his or her appearance on the Defendant entity's behalf in this matter. Counsel must be admitted to practice before the United States District Court for the Western District of Virginia. *See* W.D. Va. Gen. 6(a)–(d), (i). **Either Defendant's failure to comply with this order may result in an order directing that Defendant to show cause why it should not be held in contempt of court.**

* * *

At the March 1 hearing, the Court addressed certain discovery-related issues raised by Plaintiffs' counsel in correspondence sent to the Court and to all Defendants or their counsel on February 27, 2019. The issues concern ongoing problems and delays that the Court repeatedly has addressed in conference calls held on the record with counsel for all parties that have entered an appearance in this matter. *See* ECF Nos. 385, 400, 419, 429. As counsel well know, discovery in this case has been exceptionally protracted. The Court has had to address numerous disagreements between the parties and to impose special deadlines for Defendants to meet their

existing discovery obligations—with limited success. Accordingly, the Court establishes the following deadlines:

- Defendants Schoep, Nationalist Front, and Nationalist Socialist Movement must sign the third-party vendor contract by the end of the day on **Monday, March 4, 2019**.

- All Defendants covered by the Stipulation & Order, ECF No. 383, must produce their electronic devices and social media account credentials to access electronically stored information ("ESI") to the third-party vendor by the end of the day on **Friday, March 8, 2019**.

- For good cause shown, the deadline to produce initial expert reports is stayed pending further order of the Court.

- During the week of March 11, 2019, the Court will hold a status conference call with counsel for the parties, as well as any self-represented individual defendants, to set a schedule for Defendants to review and produce their ESI to Plaintiffs' counsel, and to discuss other deadlines, including a new trial date.

It is so ORDERED.

ENTER: March 4, 2019

Joel C. Hoppe
U.S. Magistrate Judge