CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/20/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., <br> Plaintiffs, <br> v. <br> JASON KESSLER et al., <br> Defendants. | Civil Action No. 3:17-cv-00072 <br><br> **ORDER TO SHOW CAUSE** <br><br> By: Joel C. Hoppe <br> United States Magistrate Judge |

On November 13, 2018, the Court entered an order granting Plaintiffs' motion to compel the production and inspection by a third-party vendor of discoverable electronically stored information, ECF No. 354, as a necessary and appropriate step to manage discovery in this case, ECF No. 379. On November 19, the Court adopted and entered the parties' Stipulation and Order for the Imaging, Preservation, and Production of Documents. ECF No. 383. The Stipulation and Order expressly instructed that, within twenty-eight days from the date of entry, Defendant **VANGUARD AMERICA**, as well as the other Defendants that had "stipulated and agreed to" the document's terms, "shall make available to the Third Party Discovery Vendor for imaging and collection any Electronic Device or Social Media Account identified . . . and selected by Plaintiffs" in accordance with the parties' agreement. *See* Stip. & Order 2, 8.

On March 1, 2019, the Court held a telephonic hearing on an unrelated motion filed by James Kolenich, Esq., and Elmer Woodard, Esq., who also represent Defendant **VANGUARD AMERICA** in this matter. At this hearing, the Court addressed certain discovery concerns raised by Plaintiffs' counsel in correspondence sent to the Court and to all defense counsel on February 27, 2019, including that the Third Party Discovery Vendor had not yet received a single electronic device from any Defendant as required by the Stipulation and Order entered on November 19, 2018. On March 4, 2019, the Court issued an Order directing that

1

> All Defendants covered by the Stipulation & Order, ECF No. 383, must produce their electronic devices and social media account credentials to access electronically stored information ("ESI") to the third-party vendor by the end of the day on **Friday, March 8, 2019**.

Order of Mar. 4, 2019, at 2, ECF No. 440. On March 18, the Court held another status and discovery conference with counsel for the parties, at which Mr. Kolenich appeared by telephone. *See* ECF No. 450. At this hearing, it became clear that, despite being on notice of their obligation to do so, the officers, directors, or managing agents of Defendant **VANGUARD AMERICA** had not made any effort to comply with the Court's orders directing Defendant to permit or provide discovery by March 8, 2019, at the absolute latest.

Accordingly, it is hereby **ORDERED** that, within fourteen (14) days from the date of this Order, Defendant **VANGUARD AMERICA** shall file a written response showing cause why it should not be held in contempt of court for its failure to obey, Fed. R. Civ. P. 37(b)(2)(A)(vii), this Court's orders to permit or provide discovery entered on November 19, 2018, and March 4, 2019, ECF Nos. 383, 440.

It is so ORDERED.

ENTER: March 20, 2019

Joel C. Hoppe
U.S. Magistrate Judge