CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

04/04/2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17-cv-00072 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON KESSLER et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

During hearings over the past few months, the Court has discussed with the parties the case schedule and the status of discovery. Because of the complicated nature of discovery in this case and the related delays, the parties are not able to meet the case deadlines. Accordingly, the trial date is **CONTINUED**. The Court is aware that a number of discovery disputes and other matters are pending, although some are not yet ripe. The Court will contact the parties shortly to schedule hearings to address all discovery and case scheduling matters.

Another issue in this case is the representation of Defendant National Socialist Movement ("NSM"). James Hart Stern previously sought to substitute himself as the "legal representative" for NSM, ECF No. 413, an organization over which he claims to have recently assumed leadership. The Court denied his motion, noting that Mr. Stern is not a licensed attorney. ECF No. 427. At that time, James Kolenich, Esq., and Elmer Woodard, Esq., still represented NSM, and Defendant Jeff Schoep had been acting as NSM's representative. In a written motion, Mr. Schoep asked to terminate his counsel's representation. ECF No. 418. Messrs. Kolenich and Woodard then moved to withdraw from representing Mr. Schoep, the NSM, and Defendant Nationalist Front. ECF No. 420. After a hearing on March 1, 2019, the Court granted both motions and directed NSM, Nationalist Front, and Mr. Schoep to secure counsel by March 18, 2019. ECF No. 440. During a hearing on March 18, 2019, both Mr. Schoep and Mr. Stern were

1

accompanied by counsel, neither of whom had entered an appearance in the case, and both expressed an interest in having their counsel enter an appearance on behalf of NSM. Mr. Stern requested a five-day extension to have counsel on his behalf enter an appearance for NSM, and the Court granted the extension. The next day, William Edward ReBrook IV, Esq., entered an appearance in this case for Mr. Schoep, the Nationalist Front, and NSM. ECF No. 451. No attorney acting at Mr. Stern's direction has entered an appearance for NSM.

The Court has advised Mr. Stern that, as a non-attorney, he cannot represent NSM in these court proceedings and has directed him to hire a lawyer who is admitted to practice in this District. ECF No. 427. Despite multiple extensions, Mr. Stern has not complied with the Court's directions, and no lawyer has entered an appearance on Mr. Stern's behalf for NSM. In exercising its case management responsibilities, the Court cannot have two people, who apparently hold opposing goals, claiming to act on behalf of the same defendant entity in this litigation. Finding that Mr. Stern cannot represent NSM himself and that he has not complied with the Court's orders, the Court hereby **BARS** him from further participation in this litigation on behalf of NSM. Furthermore, the Court accepts the notice of appearance of Mr. ReBrook on behalf of NSM.

It is so ORDERED.

The Clerk shall send a copy of this Order to the parties and Mr. Stern.

ENTER: April 4, 2019

Joel C. Hoppe
U.S. Magistrate Judge

2