# EXHIBIT 32

| From: | Michael Bloch |
|---|---|
| To: | hoppe.ecf@vawd.uscourts.gov; karend@vawd.uscourts.gov |
| Cc: | isuecrooks@comcast.net; "James Kolenich"; "Bryan Jones"; "John DiNucci"; lisa_lorish@fd.org; Roberta Kaplan; Julie Fink; "Levine, Alan"; "Mills, David"; "Bowman, Philip M."; "Rottenborn, Ben"; "Karen Dunn"; "Jessica Phillips"; "William Isaacson"; dcampbell@dhdgclaw.com; commander@newsaxon.org; jeffschoep@gmail.com; Gabrielle E. Tenzer |
| Subject: | Sines v. Kessler, Case No. 17 Civ. 72 |
| Date: | Monday, March 18, 2019 10:53:10 AM |
| Attachments: | 2019.03.18_iDS Status Report2.pdf |

Dear Judge Hoppe:

In advance of our conference this afternoon, we are submitting to the Court the latest status report from the third-party vendor, detailing the extent of Defendants' compliance with their discovery obligations as of today. As Your Honor will note, while Defendants have made some progress, there are a number of social media accounts and electronic devices that have yet to be provided to the vendor, ten days after the date by which Your Honor ordered "all devices and social media account credentials provided to the vendor." (3/1/19 Transcript at 19.) Additionally, what may not be evident from the face of the report is that **six** defendants (Parrot, Ray, Kessler, Hill, Tubbs, and Identity Evropa) failed to disclose certain of their social media accounts that contained responsive documents in their sworn discovery certifications, only confirming the existence of such accounts once Plaintiffs or the vendor brought the undisclosed accounts to the attention of Defendants' attorneys. As reflected in the attached report, the following Defendants continue to withhold certain social media accounts and electronic devices:

- **Matthew Parrott** – Defendant Parrot has not provided three electronic devices – his cell phone, one laptop and one server.

- **Vanguard America ("VA")** – Defendant VA has not provided the cell phone associated with the organization or full credentials to one of the associated email accounts.

- **Identity Evropa ("IE")** – As noted in Plaintiffs' March 12 letter to the Court, Defendant IE failed to disclose multiple Discord servers on their sworn certifications and interrogatory responses. Subsequently, at Plaintiffs' request, Mr. Patrick Casey, the current leader and authorized representative of IE, provided an SCA consent for one of his Discord handles that may give Plaintiffs access to those servers, which Plaintiffs are attempting to confirm with Discord.

- **Robert "Azzmador" Ray** – Defendant Ray has not provided one of his laptops or full credentials for three social media accounts: Gab.ai, Krypto Report (a podcast), and the comment section of the Dailystormer website, stating that he "does not remember" either certain usernames or passwords associated with those accounts.

- **Matthew Hill** – Defendant Hill has not provided credentials for a VK account, and multiple Twitter accounts, which he also failed to disclose on his sworn certification.

- **Michael Tubbs** – Defendant Tubbs has not provided credentials to a VK account, which he failed to disclose on his sworn certification.

Additionally, although Defendant Schoep provided his cell phone to the vendor (on March 11, 2019, three days past the Court's deadline), the vendor was unable to obtain any information from the device due to water damage. Mr. Schoep reported that the phone "fell in the toilet last year."

The Stipulation and Order for the Imaging, Preservation, and Production of Documents was signed by Your Honor on November 19, 2018, nearly four months ago. According to that order, Defendants were given 28 days from the entry of that order to make their electronic devices and social media accounts available to the third-party vendor for imaging. (ECF 383 at 8.) While negotiation of the vendor contract took months, Defendants were certainly on notice at that point that their devices and credentials needed to be provided in short order. On February 12, 2019, Your Honor inquired of each defense counsel whether their clients would have any problem providing access to their electronic devices and social media accounts at the time the contract was entered into, which Your Honor ordered was to be done by February 15, 2019. (2/12/19 Transcript at 12-15.) The Defendants had no objections to that. On March 1, after more delays, Your Honor made clear that all devices and accounts must be provided by March 8. (3/1/19 Transcript at 19.) Given the number and clarity of Your Honor's rulings that continue to go unheeded, as well as how far away we remain from full compliance, we respectfully suggest that a daily financial penalty may be in order at this point for each day any particular Defendant continues to withhold relevant discovery. *See, e.g., In re TJN, Inc.*, 207 B.R. 495, 498 (Bankr. D.S.C. 1996)(enforcing a prior sanctions order which stated that "[f]ailure to comply with this Order shall result in sanctions against the Defendants . . . at a rate of $2,500 per day, said amount to continue to accrue daily, including weekends and holidays, up to the day and time that full and complete responses to Plaintiff's Discovery Requests and the Order are submitted to the Plaintiff."). We are, of course, willing to brief that issue more fully if the Court would prefer. We look forward to discussing this and other matters on the upcoming conference.

Respectfully submitted,

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com