CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/16/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *ET AL.*, <br><br>          *Plaintiffs,* <br><br> v. <br><br> JASON KESSLER, *ET AL.*, <br><br>          *Defendants.* | CASE NO. 3:17-CV-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff Tyler Magill's motion to withdraw and voluntarily dismiss his claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Dkt. 406). Magill avers that his attorneys informed him in January 2019 "that a conflict had arisen between their representation of [him] and their representation of other Plaintiffs, and that as a result, they could no longer represent him." (*Id*. at 2). After securing and consulting with new counsel, Magill seeks to voluntarily dismiss his claims and withdraw from the case. (*Id*.).

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." "[T]he purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," and a district court should thus "grant a Rule 41(a)(2) motion absent plain legal prejudice to the defendant." *Bridge Oil, Ltd. v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (quotations and citations omitted). "In deciding a motion to dismiss without prejudice under Rule 41(a), a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for voluntarily dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178–79 (4th Cir. 2008).

Considering these factors, the Court finds that granting Plaintiff's motion will not

unfairly prejudice Defendants. With respect to Defendants' effort and expense in preparing for trial, Plaintiff correctly notes that "this case involves multiple plaintiffs, each with identical claims" against Defendants. (Dkt. 406 at 2). Thus, any effort and expense Defendants have expended in response to Plaintiff Magill's claims would have been undertaken "even without Mr. Magill's presence in this case." (*Id*.). *See also Bridge Oil*, 321 F. App'x at 245–46 ("[A]lthough some discovery had taken place, it was minimal and would have occurred in the multi-party litigation even without the presence of [Plaintiff's claim]."). With respect to Plaintiff's diligence, Plaintiff avers in a sworn affidavit that he sought the advice of his new counsel in January 2019, (dkt. 406-1 at 2), and this motion to withdraw followed shortly thereafter, on February 7, 2019, (dkt. 406 at 5). Moreover, apart from Defendants' contention that Plaintiff has supposedly failed to produce certain medical records, it appears that Plaintiff has so far diligently participated in this litigation.

Regarding the sufficiency of Plaintiff's explanation of the need for voluntary dismissal, Plaintiff states only that "a conflict arose between him and co-Plaintiffs' counsel." (*Id*. at 4). Although this explanation is somewhat cryptic, it is not so cryptic as to dictate denial of Plaintiff's motion to voluntarily dismiss his claims, as Plaintiff avers that the nature of this conflict is "the subject of privileged, attorney-client communications." (*Id*. at n.2). Lastly, with respect to the present state of litigation, the Court notes that discovery is not complete, no motion for summary judgment has been filed, and Plaintiff Magill's deposition has not been scheduled.

In response to Plaintiff's motion, Defendants opine that Plaintiff "should have provided his medical records as part of his initial disclosures" given his claim in the amended complaint that he "collapsed at his place of work and suffered a trauma-induced stroke." (Dkt. 422 at 2). Defendants argue that Plaintiff's motion should be denied "until such time as he has" produced his medical records. (*Id*. at 3). Defendants offer no legal support for this contention and, more importantly, no concrete argument for how dismissing Plaintiff before he has produced his

2

medical records would unfairly prejudice them in this litigation.

Considering the totality of the factors relevant to the Rule 41(a)(2) analysis, and finding good cause to do so, the Court hereby **GRANTS** Plaintiff's motion to voluntarily dismiss his claims without prejudice and withdraw from the case.

It is so **ORDERED.**

The Clerk of the Court is hereby directed to send a certified copy of this Order to Mr. Magill and all counsel of record.

Entered this 16th day of April, 2019.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE