UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

ELIZABETH SINES, et al.,          :
                                   :
    Plaintiffs,                    :
                                   :
vs.                                : Case No. 3:17-cv-00072-NKM
                                   :
JASON KESSLER, et al.,             :
                                   :
    Defendants.                    :

**DEFENDANT SPENCER'S OPPOSITION TO MOTION FOR SANCTIONS AGAINST DEFENDANTS KLINE AND HEIMBACH**

## I. Introduction

Plaintiffs' Motion for Sanctions Against Defendants Elliot Kline a/k/a Eli Mosley (Kline) and Matthew Heimbach (Heimbach) should be denied to the extent that it seeks sanctions that would adversely affect the defense of Defendant Richard B. Spencer (Mr. Spencer). Mr. Spencer has not violated any court order, is not the subject of any motion for sanctions and should not be saddled with the consequence of any alleged defiance of this Court's orders by Defendants Kline and Heimbach.

## II. Facts

Plaintiffs accuse Heimbach and Kline of defying this Court's discovery-related orders.[1] Nowhere, however, do they accuse Mr. Spencer of any such defiance.

---

[1] Memorandum of Law In Support of Plaintiffs' Motion for Sanctions Against Defendants Elliot Kline a/k/a Eli Mosley and Matthew Heimbach (hereinafter "Memorandum") at pp. 1-3 and 5-12.

1

Yet Plaintiffs seek sanctions that are not tailored to Defendants Heimbach and Kline, but instead seek sanctions that would apply to all Defendants, including Mr. Spencer.

Plaintiffs seek the following:

1. "[t]hat the Court deem the facts listed in the attached Exhibit 1 established for purposes of this action";

2. "[th]at the Court deem 'authentic' for purposes of satisfying Rule 901 of the Federal Rules of Evidence any documents Plaintiffs have a good faith basis to believe were in fact created by Defendants Kline or Heimbach, including, but not limited to, all documents from the social media accounts listed in Exhibit 1";

3. "[t]hat the Court instruct the jury that ... such documents contain evidence that Defendant Kline and Heimbach conspired to plan racially-motivated violence at the Unite the Right event."[2]

In Exhibit 1, Plaintiffs list various "facts" that they want the Court to deem established "for purposes of this action" and various categories of documents -- none attached or otherwise identified[3] -- that they want the Court to deem authentic.[4]

---

[2] Memorandum at p. 2.
[3] For example, Plaintiffs do not identify any documents by Bates numbers, so Mr. Spencer does not even know whether any of the referenced documents were produced, let alone know what their content is.
[4] Exhibit 1 at p. 1.

2

Plaintiffs do not in any way limit the proposed findings of fact to their cases against Heimbach and Kline. Nor do they limit any determination of authenticity to their cases against those Defendants.

### III. Argument

#### A. The Purpose of Rule 37 is to Authorize Sanctions Against a Non-Compliant Party.

Rule 37, Fed. R. Civ., provides, in pertinent part, that,

> [i]f a party ... fails to obey and order to provide or permit discovery ... the court where the action is pending may issue further just order.

Rule 37(b(2).

Thus, sanctions may be levied under Rule 37 only against a party that fails to obey an order or to permit discovery. *See Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)("Rule 37(d) ... gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

#### B. Sanctions Against a Non-Compliant Party Should Not Adversely Affect Another Party.

In determining what sanctions to impose on a non-compliant party, the Court should consider the impact of such sanctions on another party that either is not in violation of a court order or, although in violation of an order, is not as culpable as another non-compliant party. *Cf. Li vs. A Perfect Day*

3

*Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012)(court denied request for entry of default judgment against various defendants that were "not equally culpable for the discovery violations that have occurred," observing that "[e]ntering default judgments against all Defendants except Jin Qiu would be an over-inclusive remedy, and would potentially allow Plaintiffs to obtain a windfall without ever reaching the merits of the wage and hour claims").

*Analysis*

*1. Mr. Spencer Has Met His Discovery Obligations.*

Although Plaintiffs are wont to refer to Defendants collectively when criticizing a particular allegedly recalcitrant Defendant, they have not alleged that Mr. Spencer has failed to meet his discovery-related obligations.

*2. Yet Plaintiffs Impermissibly Seek Findings of Fact That Would Eviscerate Mr. Spencer's Defenses.*

Plaintiffs seek determinations that would negate Mr. Spencer's defenses.

For example, Plaintiffs ask this Court to find that Defendant Heimbach and Kline:

1. "entered into an agreement with one or more co-conspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017;"[5]

---

[5] Exhibit 1 at pp. 1-2 at Items 3 and 16..

4

2. "entered into an agreement with one or more co-conspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017" and on August 12, 2017;[6]

3. were "motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017 in Charlottesville, Virginia";[7]

4. "[i]t was reasonably foreseeable to [them] and intended by [them] that co-conspirators would commit acts of racially-motivated violence and intimidation at the torch light event in Charlottesville, Virginia on August 11, 2017" and August 12, 2017;[8]

5. "[i]t was reasonably foreseeable to [them] and intended by [them] that a co-conspirator would engage in racially-motivated violence by intentionally ramming a car into a crowd of counterprotesters on August 12, 2017."[9]

In short, they ask the Court to find as follows:

a. that a conspiracy existed;

b. that the conspiracy consisted of an agreement to engage in racially, ethnically and religiously motivated violence; and

---

[6] Exhibit 1 at pp. 1-2 at Items 4-5 and 17-18..
[7] Exhibit 1 at pp. 1-2 at Items 6 and 19.
[8] Exhibit 1 at pp. 1-2 at Items 7-8 and 20-21.
[9] Exhibit 1 at pp. 1-2 at items 9 and 22.

5

c. that it was foreseeable that a co-conspirator would commit racially motivated violence, including driving a car into counter-protesters.

All such findings are so broad as to sweep Mr. Spencer within their ambit and would result in Mr. Spencer being deprived of his rights to due process and trial by jury.[10]

No such instructions -- indeed, no instruction that adversely affects Mr. Spencer-- is permissible under Rule 37 because Mr. Spencer is not even accused of any wrongdoing.

### 3. Plaintiffs Seek to Deny Mr. Spencer the Ability to Object to Evidence.

Plaintiffs also ask the Court to disregard the Federal Rules of Evidence and treat various unidentified (and, perhaps, unproduced) documents as authentic -- including as against Defendants other than Heimbach and Kline.

Indeed, they appear to go so far as to ask the Court to treat as authentic **anything they believe** could have been created by those Defendants -- without identifying the referenced documents with specificity (such as that found in Rule 26 disclosures or exhibit lists), without setting forth some

---

[10] *Cf. Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F..2d 88, 92 (4th Cir. 1989)(assessment of nature of sanction is affected by defendants "right to a trial by jury and a fair day in court")(citing *Wilson vs. Volkswagen of America, Inc.*, 561 F.2d, 494, 503-504 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)).

Query, too, whether Plaintiffs will ask the Court to instruct the jury of these proposed determinations. If any such determinations were announced to the jury they would cause the jury to conclude that not only was there a conspiracy of the sort that Plaintiffs allege, but that other persons, including Mr. Spencer, must have been part of it.

6

foundation as to why they believe that Heimbach or Kline created the documents and without explaining why non-recalcitrant Defendants, such as Mr. Spencer, can be deprived of the right to cross-examine a witness through whom such a document is to be introduced and thereby challenge the alleged authenticity of the documents.[11]

In so asking, Plaintiffs seek to deprive Mr. Spencer of his right to due process, including his right to have the Court rule on the authenticity of documents and his right to cross-examine witnesses.

### 4. There are Alternative Sanctions that Would Not Result in a Deprivation of Mr. Spencer's Rights.

If this Court finds that sanctions against Heimbach and Kline are warranted, this Court can appropriately sanction them without depriving Mr. Spencer of his constitutional rights. For example, the Court could "prohibit ... [them] from ... opposing designated claims ... or from introducing designated matters in evidence"[12] or it could "render .. a default judgment against [them]."[13]

---

[11] Plaintiffs' request also implicates Fed. R. Civ. P. 801. Plaintiffs themselves argue that, without Heimbach and Kline cooperating in discovery, they cannot ascertain who created the referenced documents; thus, they impliedly acknowledge that the documents might have been created by someone who is not a defendant and who is not an alleged co-conspirator. If the Court were to deem the documents as authentic ( because putatively they were created by Defendant Heimbach and Defendant Kline), when in fact a non-party or non-conspirator created them, the Court would be admitting hearsay. Mr. Spencer submits that this would deprive him of his right to a fair trial.

[12] Rule 37(b)(A)(ii).
[13] Rule 37(b)(A)(vi).

7

## III. Conclusion

For these reasons and those to be advanced at oral argument herein, the Motion should be denied.

Respectfully submitted,

RICHARD B. SPENCER

By: /s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 17, 2019, I filed the foregoing Opposition with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

Philip M. Bowman, Esq.
Boies, Schiller Flexner, LLP
575 Lexington Avenue
New York, New York 10022

Robert T. Cahill, Esq.
Cooley, LLP
11951 Freedom Drive
14th Floor
Reston, Virginia 20190

Roberta Kaplan, Esq.
Kaplan & Company, LLP
350 Fifth Avenue
Suite 7110
New York, New York 10118

Karen L. Dunn, Esq.
Boies, Schiller, Flexner, LLP
1401 New York Avenue. N.W.
Washington, D.C. 20005

Alan Levine, Esq.
Cooley, LLP
1114 Avenue of the Americas
46th Floor
New York, New York 10036

David E. Mills, Esq.
Cooley, LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004

David Campbell, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

Lisa M. Lorish, Esq.
Federal Public Defenders Office
Western District of Virginia
40 East Market Street
Suite 106
Charlottesville, Virginia 22902

William E. Rebrook, IV, Esq.
The Rebrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015

I further certify that, on April 17, 2019, I served the following non-ECF participants by the means indicated:

Elliot Kline
117 Mesa Drive
Reading, Pennsylvania 19608
@ eli.f.mosley@gmail.com
(e-mail and mail, first-class, postage-prepaid)

Matthew Heimbach
matthew.w.heimbach@gmail.com
(by e-mail only)

/s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

10