UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | : |
| Plaintiffs, | : |
| vs. | : Case No. 3:17-cv-00072-NKM |
| JASON KESSLER, *et al.*, | : |
| Defendants. | : |

**DEFENDANT SPENCER'S OPPOSITION TO MOTION FOR SANCTIONS AGAINST DEFENDANT VANGUARD AMERICA**

## I. Introduction

Plaintiffs' Motion for Sanctions Against Defendant Vanguard America (Vanguard) should be denied to the extent that it seeks sanctions that would adversely affect the defense of Defendant Richard B. Spencer (Mr. Spencer). Mr. Spencer has not violated any court order, is not the subject of any motion for sanctions and should not be saddled with the consequence of any alleged defiance of this Court's orders by Vanguard.

## II. Facts

Plaintiffs accuse Vanguard of defying this Court's discovery-related orders.[1] Nowhere, however, do they accuse Mr. Spencer of any such defiance.

---

[1] Plaintiffs' Motion for Sanctions Against Defendant Vanguard America (hereinafter "Motion") at pp. 6-13.

1

Yet Plaintiffs seek sanctions that are not tailored to Vanguard, but instead seek sanctions that would apply to all Defendants, including Mr. Spencer.

Plaintiffs seek the following:

1. "[t]hat the Court deem the facts listed in the attached Exhibit 1 established for purposes of this action";[2]

2. "[th]at the Court deem 'authentic' for purposes of satisfying Rule 901 of the Federal Rules of Evidence any documents Plaintiffs have a good faith basis to believe were in fact created by Defendant VA, including, but not limited to, all documents from the social media accounts listed in Exhibit 1";

3. "[t]hat the Court instruct the jury that ... such documents contain evidence that Defendant VA conspired to plan racially-motivated violence at the Unite the Right event."[3]

In Exhibit 1, Plaintiffs list various "facts" that they want the Court to deem established "for purposes of this action" and various categories of documents -- none attached or otherwise identified[4] -- that they want the Court to deem authentic.[5]

Plaintiffs do not in any way limit the proposed findings of fact to their case against Vanguard; they specifically request

---

[2] Motion at p. 2.
[3] *Id.*
[4] For example, Plaintiffs do not identify any documents by Bates numbers, so Mr. Spencer does not even know whether any of the referenced documents were produced, let alone know what their content is.
[5] Exhibit 1 at p. 1.

2

that the putative facts be "established for purposes of this action."[6]

Nor do they propose to limit any determination of authenticity to their case against Vanguard.

### III. Argument

#### A. The Purpose of Rule 37 is to Authorize Sanctions Against a Non-Compliant Party.

Rule 37, Fed. R. Civ., provides, in pertinent part, that,

> [i]f a party ... fails to obey and order to provide or permit discovery ... the court where the action is pending may issue further just order.

Rule 37(b(2).

Thus, sanctions may be levied under Rule 37 only against a party that fails to obey an order or to permit discovery. *See Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)("Rule 37(d) ... gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

#### B. Sanctions Against a Non-Compliant Party Should Not Adversely Affect Another Party.

In determining what sanctions to impose on a non-compliant party, the Court should consider the impact of such sanctions on

---

[6] In Plaintiffs' Reply to Defendant Spencer's Opposition to Motion for Sanctions Against Defendants Kline and Heimbach (hereinafter the "Kline Response"), Plaintiffs argue that "the requested sanctions are each limited by their terms to apply exclusively to Kline and Heimbach" -- an argument they likely would make in connection with the instant motion -- but the fact is that, in both Motions, Plaintiffs do not, on the face of their argument, ask that sanctions be limited in effect to the allegedly recalcitrant Defendants. Instead, they say, broadly, that their desired findings of fact be deemed established "for purposes of this action."

3

another party that either is not in violation of a court order or, although in violation of an order, is not as culpable as another non-compliant party. *Cf. Li vs. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012)(court denied request for entry of default judgment against various defendants that were "not equally culpable for the discovery violations that have occurred," observing that "[e]ntering default judgments against all Defendants except Jin Qiu would be an over-inclusive remedy, and would potentially allow Plaintiffs to obtain a windfall without ever reaching the merits of the wage and hour claims").

*Analysis*

*1. Mr. Spencer Has Met His Discovery Obligations.*

Although Plaintiffs are wont to refer to Defendants collectively when criticizing a particular allegedly recalcitrant Defendant, they have not alleged that Mr. Spencer has failed to meet his discovery-related obligations.

*2. Yet Plaintiffs Impermissibly Seek Findings of Fact That Would Eviscerate Mr. Spencer's Defenses.*

Plaintiffs seek determinations that would negate Mr. Spencer's defenses.

For example, Plaintiffs ask this Court to find that Vanguard:

4

1. "entered into an agreement with one or more co-conspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017;"[7]

2. "entered into an agreement with one or more co-conspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017" and on August 12, 2017;[8]

3. was "motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017 in Charlottesville, Virginia";[9]

4. "[i]t was reasonably foreseeable to [it] and intended by [it] that co-conspirators would commit acts of racially-motivated violence and intimidation at the torch light event in Charlottesville, Virginia on August 11, 2017" and on August 12, 2017;[10]

5. "[i]t was reasonably foreseeable to [it] and intended by [it] that a co-conspirator would engage in racially-motivated violence by intentionally ramming a car into a crowd of counterprotesters on August 12, 2017."[11]

In short, they ask the Court to find as follows:

---

[7] Exhibit 1 at p. 1 at Item 1.
[8] Exhibit 1 at p. 1 at Items 2-3.
[9] Exhibit 1 at pp 1 at Item 4.
[10] Exhibit 1 at p. 1 at Items 5-6.
[11] Exhibit 1 at p. 2 at Item 7. In addition, they ask the Court to find, "for purposes of this action," that Vanguard committed certain acts "in furtherance of the conspiracy." Exhibit 1 at p. 2, Items 8-11.

5

a.  that a conspiracy existed;

b.  that the conspiracy consisted of an agreement to engage in racially, ethnically and religiously motivated violence; and

c.  that it was foreseeable that a co-conspirator would commit racially motivated violence, including driving a car into counter-protesters.

All such findings are so broad as to sweep Mr. Spencer within their ambit and would result in Mr. Spencer being deprived of his rights to due process and trial by jury.[12]

No such instructions -- indeed, no instruction that adversely affects Mr. Spencer -- is permissible under Rule 37 because Mr. Spencer is not even accused of any wrongdoing.[13]

---

[12] *Cf. Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F..2d 88, 92 (4th Cir. 1989)(assessment of nature of sanction is affected by defendants "right to a trial by jury and a fair day in court")(citing *Wilson vs. Volkswagen of America, Inc.*, 561 F.2d, 494, 503-504 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)).

Query, too, whether Plaintiffs will ask the Court to instruct the jury of these proposed determinations. If any such determinations were announced to the jury they would cause the jury to conclude that not only was there a conspiracy of the sort that Plaintiffs allege, but that other persons, including Mr. Spencer, must have been part of it.

[13] In the Kline Response, Plaintiffs argue that the "particular facts [that Plaintiffs want to be deemed established] have no impact on whether [Mr.] Spencer -- or any other Defendant -- entered into, or had any involvement with, any such agreement." Such an argument (which one presumes will be made in this matter) simply overlooks the powerful impact on a jury of the Court's informing it that a conspiracy existed and that the conduct in issue was motivated by racial animus.

(Mr. Spencer will address Plaintiffs' argument about limiting instructions at oral argument.)

In addition, in the Kline Response, although Plaintiffs observe that "it may be preferable that a jury hear that evidence [of a racial-motivated conspiracy] through Kline and Heimbach themselves," Plaintiffs argue that, because "it is Kline's and Heimbach's willful disobedience that has deprived us all of that possibility," the Court should give short shrift to Mr. Spencer's arguments about prejudice. (Kline Response at p. 6.) Presumably, Plaintiffs would make the same argument in connection with the instant motion.

6

### 3. Plaintiffs Seek to Deny Mr. Spencer the Ability to Object to Evidence.

Plaintiffs also ask the Court to disregard the Federal Rules of Evidence and treat various unidentified (and, perhaps, unproduced) documents as authentic -- including as against Defendants other than Vanguard.

Indeed, they appear to go so far as to ask the Court to treat as authentic **anything they believe** could have been created by those Defendants -- without identifying the referenced documents with specificity (such as that found in Rule 26 disclosures or exhibit lists), without setting forth some foundation as to why they believe that Vanguard created the documents and without explaining why non-recalcitrant Defendants, such as Mr. Spencer, can be deprived of the right to cross-examine a witness through whom such a document is to be introduced and thereby challenge the alleged authenticity of the documents.[14]

---

Plaintiffs are wrong. They can, for example, subpoena any Defendant for a deposition and obtain the testimony they contend they otherwise would elicit from him. Such a method would both permit Plaintiffs to "make their case" and allow Defendants to cross-examine witnesses whose testimony might be injurious to them (whether directly or inferentially).

Indeed, it is Plaintiffs who would receive a windfall. Plaintiffs would be able to forego subpoenaing and examining recalcitrant Defendants as adverse witnesses -- which they are still able to do notwithstanding the alleged discovery abuses of those Defendants. And Defendants would be deprived of the ability to cross-examine those Defendants.

[14] Plaintiffs' request also implicates Fed. R. Civ. P. 801. Plaintiffs themselves argue that, without Vanguard cooperating in discovery, they cannot ascertain who created the referenced documents; thus, they impliedly acknowledge that the documents might have been created by someone who is not a defendant and who is not an alleged co-conspirator. If the Court were to deem the documents as authentic ( because putatively they were

7

In so asking, Plaintiffs seek to deprive Mr. Spencer of his right to due process, including his right to have the Court rule on the authenticity of documents and his right to cross-examine witnesses.[15]

### 4. There are Alternative Sanctions that Would Not Result in a Deprivation of Mr. Spencer's Rights.

If this Court finds that sanctions against Vanguard are warranted, this Court can appropriately sanction them without depriving Mr. Spencer of his constitutional rights. For example, the Court could "prohibit ... [them] from ... opposing designated claims ... or from introducing designated matters in evidence"[16] or it could "render .. a default judgment against [them]."[17]

---

created by Vanguard), when in fact a non-party or non-conspirator created them, the Court would be admitting hearsay. Mr. Spencer submits that this would deprive him of his right to a fair trial.

[15] In the Kline Response, Plaintiffs argue that Defendants could introduce evidence that a referenced document is not authentic and could still object to introduction of a referenced document on other grounds. (Kline Response at p. 8). Presumably, Plaintiffs would advance the same arguments here.

Notwithstanding any such potential, Plaintiffs would receive a windfall as against other Defendants if they obtain the relief they seek. They would be relieved of the burdens of going forward and of proof with respect to the authenticity of a proffered document; and, as noted, co-Defendants effectively would be deprived of a hearsay objection because, in Plaintiffs' scenario, the Court would deem the referenced documents as having been authored by a co-Defendant even absent proof of such authorship -- that is, "in-court" proof which other Defendants could challenge.

Finally, Mr. Spencer submits that the issue of any document's authenticity should be left to the trial judge, in part because we do not know to what particular documents Plaintiffs refer and because of the innate complexity of such evidentiary issues.

[16] Rule 37(b)(A)(ii).
[17] Rule 37(b)(A)(vi).

Ironically, although Plaintiffs argue that "severe sanctions are warranted,"[18] they decline to ask for the most severe sanction -- a default judgment. Instead, they ask for a **lesser** sanction -- that the Court "deem certain facts established that Plaintiffs have a good faith basis to believe they would in fact establish if VA had produced its documents and devices as required in this case."[19]

In arguing for such lesser sanctions, Plaintiffs effectively argue that, in so doing, they seek adversely to affect other Defendants, such as Mr. Spencer. For example, they argue that

> any sanction that does not impose a **case-related consequence** would allow **Defendants** to avoid accountability entirely simply by opting out of the process. **Defendants** should not be awarded for their disobedience.[20]

### III. Conclusion

For these reasons and those to be advanced at oral argument herein, the Motion should be denied.

Respectfully submitted,

RICHARD B. SPENCER

---

[18] Motion at p. 22.
[19] *Id.*
[20] Motion at p. 23 (emphases added).

9

By: /s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 25, 2019, I filed the foregoing Opposition with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

Philip M. Bowman, Esq.
Boies, Schiller Flexner, LLP
575 Lexington Avenue
New York, New York 10022

Robert T. Cahill, Esq.
Cooley, LLP
11951 Freedom Drive
14th Floor
Reston, Virginia 20190

Roberta Kaplan, Esq.
Kaplan & Company, LLP
350 Fifth Avenue
Suite 7110
New York, New York 10118

Karen L. Dunn, Esq.
Boies, Schiller, Flexner, LLP
1401 New York Avenue. N.W.
Washington, D.C. 20005

10

Alan Levine, Esq.
Cooley, LLP
1114 Avenue of the Americas
46th Floor
New York, New York 10036

David E. Mills, Esq.
Cooley, LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004

David Campbell, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

Lisa M. Lorish, Esq.
Federal Public Defenders Office
Western District of Virginia
40 East Market Street
Suite 106
Charlottesville, Virginia 22902

William E. Rebrook, IV, Esq.
The Rebrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015

I further certify that, on April 17, 2019, I served the following non-ECF participants by the means indicated:

>Elliot Kline
>117 Mesa Drive
>Reading, Pennsylvania 19608
>@ eli.f.mosley@gmail.com
>(e-mail and mail, first-class, postage-prepaid)
>
>Matthew Heimbach
>matthew.w.heimbach@gmail.com
>(by e-mail only)

>/s/ John A. DiNucci
>John A. DiNucci (VSB No. 29270)
>8180 Greensboro Drive
>Suite 1150
>McLean, Virginia 22102
>tel.: (703) 821-4232
>fax: (703) 790-9863
>e-mail: dinuccilaw@outlook.com