CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

04/29/2019

JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES, et al.,   ) | | |
|     Plaintiffs,   ) | Civil Action No. 3:17-cv-00072 | |
| )  | | |
| v.   ) | **ORDER** | |
| )  | | |
| JASON KESSLER, et al.,   ) | By:   Joel C. Hoppe | |
|     Defendants.   ) |         United States Magistrate Judge | |

This matter is before the Court on Plaintiffs' Motion for Rule 37 Sanctions Against Defendant Jeff Schoep. ECF No. 432. Schoep did not file a brief in opposition to this motion. On April 26, 2019, the Court held a telephonic hearing at which the parties appeared by counsel to address the motion and Schoep's outstanding discovery obligations. Schoep also appeared and participated, although the Court twice cautioned Schoep that he should consult with his attorney before speaking.

For the reasons stated on the record at the hearing, it is hereby ORDERED that Plaintiffs' motion, ECF No. 432, is **GRANTED IN PART**. Within **seven (7) days** from the entry of this Order, Schoep shall produce the following devices and electronically stored information, as required by the Court's Orders of November 19, 2018, ECF No. 383, and March 4, 2019, ECF No. 440, to the third-party discovery vendor:

1. The laptop computer identified in counsel's email correspondence and discussed at the April 26, 2019 hearing.

2. All credentials (or other information) required to access any non-public content within Schoep's control on the Bitchute channel identified in Answer 1, "Defendant Jeff Schoep's Responses to [Plaintiffs'] First Interrogatories and Request for Production of Documents." ECF No. 432-3, at 2 ("Answer 1").

1

3. All credentials (or other information) required to access the suspended Twitter account identified in Answer 1.

4. All credentials (or other information) required to access any non-public content within Schoep's control at the domain names nsm88.org and nsm88records.com.

5. All credentials required to access the two email accounts identified in counsel's email correspondence and discussed at the April 26 hearing.

Plaintiffs' request for attorney's fees is **TAKEN UNDER ADVISEMENT** pending further Order of the Court. All other relief requested in Plaintiffs' motion is denied without prejudice.

Separately, on April 6, 2018, Schoep signed a sworn statement attesting that he personally "used" the Bitchute channel identified in Answer 1 as a means "to communicate concerning the Events" described in Plaintiffs' first request for production of documents. *See* ECF No. 432-3, at 2, 6. At the April 26, 2019 hearing, Schoep and his counsel of record informed the Court that Schoep had not used this platform to communicate about the Events. Counsel also indicated that Schoep had never heard of Bitchute. Accordingly, **within seven (7) days** from the date of this Order, Schoep shall supplement his response in Answer 1, ECF No. 432-3, at 2, either reaffirming his earlier statements as complete and accurate to the best of his knowledge, or, if his answers have changed, explaining any factual discrepancies between his response in Answer 1 and his statements to the Court at the April 26, 2019 hearing.

ENTER: April 29, 2019

Joel C. Hoppe
United States Magistrate Judge