# EXHIBIT 1

REDACTED PURSUANT TO

APRIL 25, 2019 ORDER (ECF NO. 477)

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | Case No. 3:17-cv-00072-NKM |
| **Plaintiffs,** | Hon. Norman K. Moon |
| v. | |
| **JASON KESSLER, ET AL.,** | |
| **Defendants.** | |

## DEFENDANT RICHARD SPENCER'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Richard Spencer, Pro Se, in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiffs' First Set of Interrogatories as follows.

## PRELIMINARY STATEMENT

1. Spencer's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, his right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections, Spencer does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Spencer makes the responses and objections herein without in any way implying that he considers the interrogatories and his responses relevant or material to the subject matter of this action.

3. Spencer reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Spencer will make certain of his responses available only after agreement with plaintiffs' counsel as to the application of the parties' confidentiality agreement to the responses. Agreement on the confidentiality agreement is particularly critical in light of the open and avowed intentions of persons and groups linked to and including plaintiffs to harass, doxx, and intimidate Spencer and anyone else who these persons or groups perceive as remotely associated with or sympathetic to Spencer.

## GENERAL OBJECTIONS

1. Spencer objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Spencer objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Spencer objects to each instruction, definition, and interrogatory to the extent it seeks documents protected from disclosure by the attorney client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Spencer occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Spencer objects to each instruction, definition, and interrogatory to the extent it calls for production of a privilege log. As will be further explained in Spencer's response to plaintiffs' second set of interrogatories, plaintiffs are improperly seeking to use inquiries into Spencer's communications and relationships with attorneys, inquiries which have no prospect to leading to

discoverable evidence, to undermine and prevent such communications and relationships. As plaintiffs are aware, Antifa organizations, with which plaintiffs closely cooperated in the Events described in plaintiffs' complaint, openly proclaim their intentions to harass and incite violence against attorneys who represent persons toward whom Antifa has antipathy. See, e.g., https://torchantifa.org/?p=687.

5. Spencer objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information or documents that are publicly available or readily or more accessible to plaintiffs from their own files and documents.

6. Spencer incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Spencer does not waive his right to amend his responses.

## SPENCER'S OBJECTIONS AND RESPONSES

**Plaintiffs' Interrogatory No. 1:**

Identify all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of communication, identify all names, aliases, e-mail addresses, phone numbers, and Social Media Handles you used in connection with such communications, including the 18-digit account identifier associated with any Discord account used by You. Means of communications include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social Media, email, SMS messages, podcasts, and online video.

**Spencer's Response**

Spencer objects to this interrogatory on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, means of communication properly responsive to this interrogatory include in-person conversations, texts via a smart phone (iOS iMessages app), telephone calls, emails, podcasts, Facebook, and a Discord account.

The 18- digit account identifier for his Discord account is: ███████
The email address he used is: ███████

**Plaintiffs' Interrogatory No. 2**

Identify any "channel" or "server" on Discord to which you had access.

**Spencer's Response**

The Discord "channel" or "server" responsive to this interrogatory to which Spencer had access was: ███████ Spencer was invited by its administrators but did not participate in any discussions to his knowledge. Though the Charlottesville rally was frequently mentioned and discussed, no direct planning took place on this server. Spencer had no access to the ███████ Discord server, nor was he invited to participate.

**Plaintiffs' Interrogatory No. 3:**

Identify all persons (natural or non-natural) with whom you communicated concerning the Events, whether before, during, or after the Events.

**Spencer's Response**

Spencer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. There were thousands of persons at the Events described in plaintiffs' complaint and those Events were the subject of widespread and continued discussion after the Events occurred, intensified by plaintiffs' baseless and harassing lawsuit and the efforts of plaintiffs and their counsel to generate favorable publicity for it. Without waving this objection, non-attorney persons responsive to this interrogatory include:

███
███

Nathan Damigo

Eli Mosely

Jason Kessler

███
███
███
███

Spencer has participated in podcasts on which he discussed the Events or this lawsuit.

Spencer has spoken to personal friends and family members, including his wife, mother, and father, about the event and this case.

**Plaintiffs' Interrogatory No. 4:**

Identify all Electronic Devices used by you to communicate concerning the Events, whether before, during, or after the Events.

**SPENCER'S RESPONSE:**

Spencer uses smartphone ▉, desktop ▉ laptop ▉ for all communications.

I, Richard Spencer, state under oath that these answers are true and accurate.

*[signature]*

Richard Spencer