UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' PETITION REGARDING RECOVERABLE ATTORNEYS' FEES**

## TABLE OF CONTENTS

PROCEDURAL BACKGROUND ............................................................................................... 1

FEES REQUEST ..................................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.     The Applicable Legal Standard ................................................................................ 3

II.     Plaintiffs' Requested Fees Are Reasonable ............................................................ 4

    A.     The Hourly Rates Being Applied Are Reasonable ................................... 5

    B.     Plaintiffs Devoted a Reasonable Number of Hours to the Sanctions Motions ....... 8

    C.     The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment ...... 11

CONCLUSION ....................................................................................................................... 12

Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure and this Court's instruction during oral argument on June 3, 2019, that Plaintiffs make a submission to the Court on attorneys' fees, Plaintiffs hereby submit this Petition identifying the reasonable expenses, including attorneys' fees, that Plaintiffs incurred in connection with the preparation, filing, and argument of Plaintiffs' successful Motion for Sanctions Against Defendants Elliot Kline a/k/a Eli Mosley and Matthew Heimbach (ECF No. 457) and Plaintiffs' successful Motion for Sanctions Against Defendant Vanguard America (ECF No. 465) (collectively, the "Sanctions Motions").

## PROCEDURAL BACKGROUND

Plaintiffs' efforts to obtain discovery from Defendants Kline, Heimbach, and Vanguard America (collectively, "Defendants") has been an 18-month saga, as recounted in Plaintiffs' prior submissions to this Court. (*See* ECF Nos. 457, 463, 465, 475, and 489.) As part of that saga, on April 3, 2019, Plaintiffs filed their Sanctions Motion against Defendants Kline and Heimbach. (ECF No. 457.) About a week later, on April 11, 2019, Plaintiffs filed their Sanctions Motion against Defendant Vanguard America. (ECF No 465.) Plaintiffs filed a supplemental brief and two reply briefs in further support of the Sanctions Motions. (ECF Nos. 463, 475, and 489.) In total, Plaintiffs submitted to the Court 72 pages of legal briefing, along with 72 exhibits totaling 650 pages of supporting documentation. (*See* ECF Nos. 457, 463, 465, 475, and 489.)

Argument on the Sanctions Motions was heard before this Court in Charlottesville, VA, on June 3, 2019. At the conclusion of the hearing, the Court stated that the sanction of attorneys' fees was "appropriate at this time" and invited Plaintiffs "to present something on your attorney's fees" within one week. (June 3, 2019 Hr'g Tr. ("Hr'g Tr.") at 31:18-32:1.) This submission now follows.

1

# FEES REQUEST

As set forth in the Declaration of Michael L. Bloch in support of this Petition, dated June 10, 2019 ("Bloch Declaration" or "Bloch Decl."), Plaintiffs devoted 247.3 hours of attorney and paralegal time to the Sanctions Motions, totaling $67,735.65 in fees and expenses, including researching and drafting the briefs in support of the Sanctions Motions, compiling dozens of exhibits demonstrating Defendants' willful noncompliance with this Court's prior orders, and preparing for and participating in the oral argument on the Sanctions Motions held before this Court at the federal courthouse in Charlottesville, VA.

The attorney hours expended in connection with each Sanctions Motion and with the June 3 hearing on the Motions are set forth in further detail in Exhibits A through C to the Bloch Declaration, which include the following total amounts for time and expenses:

| Exhibit | Item | Amount |
|---|---|---|
| A | Motion for Sanctions Against Defendants Elliot Kline a/k/a Eli Mosley and Matthew Heimbach | $27,565.00 |
| B | Motion for Sanctions Against Defendant Vanguard America | $16,372.50 |
| C | Oral Argument on the Sanctions Motions | $23,798.15 |
| | TOTAL | $67,735.65 |

Plaintiffs request that the fees associated with the Motion for Sanctions Against Defendants Kline and Heimbach be apportioned equally between those two Defendants, and that the time devoted to preparing for and participating in the oral argument on the Sanctions Motions be allocated pro rata among the three Defendants, thereby resulting in the following allocation of fees and expenses among the three Defendants:

2

Case 3:17-cv-00072-NKM-JCH   Document 505   Filed 06/10/19   Page 4 of 17   Pageid#: 5316

| Defendant | Motion Amount | Oral Argument Amount | Total Sanction |
|---|---|---|---|
| Kline | $13,782.50 | $7,932.72 | $21,715.21 |
| Heimbach | $13,782.50 | $7,932.72 | $21,715.21 |
| Vanguard America | $16,372.50 | $7,932.71 | $24,305.21 |

## ARGUMENT

I. **The Applicable Legal Standard**

In this Circuit, "the Court considers the reasonableness of the fees requested" by applying a three-step analysis. *VT Milcom, Inc.* v. *PAT USA, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 3 (W.D. Va. Jan. 26, 2018) (Hoppe, M.J.) (citing *McAfee* v. *Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)), *report and recommendation adopted* ECF No. 82 (W.D. Va. Feb. 16, 2018). First, the Court determines the lodestar figure by multiplying the number of reasonable hours by the applicable reasonable hourly rate. *Id.*; *see also Broccoli* v. *Echostart Commc'ns Corp.*, 229 F.R.D. 506, 512 (D. Md. 2005) (noting the lodestar method is appropriately applied to fee awards under Rule 37). The reasonableness of both the number of hours and the hourly rates requested is evaluated using the 12 factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors").[1] *McAfee*, 738 F.3d at 88 n.5. The twelve *Johnson* factors are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8)

---

[1] As the Bloch Declaration explains, Plaintiffs are also requesting Mr. Bloch's reasonable travel expenses to attend oral argument on the Sanctions Motions. *See, e.g.*, *EEOC* v. *Bardon, Inc.*, No. CIV.A RWT-08-1883, 2010 WL 989051, at *3 (D. Md. Mar. 12, 2010) (explaining that under the Federal Rules "'[a]ttorneys' fees' pertains to fees paid to attorneys for their time and services. 'Expenses' are the additional costs such as filing, copying, travel, etc.").

3

the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Id.*

Second, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 88 (quoting *Robinson* v. *Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). Finally, the court "awards a percentage of the remaining amount to the prevailing party, depending on the degree of success of the prevailing party's claims." *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 4.

## II. Plaintiffs' Requested Fees Are Reasonable

As set forth in more detail below, Plaintiffs have taken a deliberately conservative approach in their fee request that easily satisfies all relevant *Johnson* factors and provides no basis for reduction. Represented by experienced and able counsel, Plaintiffs pursued undisputedly justified Sanctions Motions against three Defendants who have each entirely ignored this Court's prior orders and shown complete disregard for the judicial process. (*See, e.g.*, Hr'g Tr. at 13:16-17 (The Court: "[T]hese defendants, really, they haven't been cooperating, haven't been providing discovery as required."); *id.* at 20:10-11 (The Court: "I think you're right that the conduct is clearly sanctionable up to this point.").) The rates being requested are reasonable; indeed, they are Charlottesville market rates previously approved by this Court. The number of hours being requested is also reasonable, containing only the hours (and expenses) of certain attorneys and one paralegal directed specifically at researching, drafting, preparing, filing, and arguing the Sanctions Motions. Accordingly, the Court should award Plaintiffs the lodestar amount as to each Defendant as set forth above.

4

### A. The Hourly Rates Being Applied Are Reasonable

In determining the reasonableness of the hourly rates being applied, this Court is instructed to consider and weigh, to the extent pertinent, the *Johnson* factors. *See supra* at 3-4. Because this application for fees arises in the context of the resolution of a discovery dispute, rather than at the conclusion of the litigation on the merits, Plaintiffs submit that "the customary fee for like work" and "the experience, reputation and ability of the attorneys" are the *Johnson* factors appropriately considered in assessing the reasonableness of Plaintiffs' claimed hourly rates here. *See, e.g.*, *Scott* v. *Clarke*, No. 3:12-CV-00036, 2014 WL 1463755, at *4 (W.D. Va. Apr. 15, 2014) (Moon, J.) (awarding fees based on submission that specifically addressed three of twelve *Johnson* factors); *Lismont* v. *Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 450 (E.D. Va. 2014) (finding numerous *Johnson* factors inapposite "[b]ecause this matter involve[d] a discovery motion rather than the complete disposition of a case after trial")); *SunTrust Bank* v. *Nik*, No. 1:11-CV-343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012), *report and recommendation adopted*, No. 1:11-CV-343, 2012 WL 1344376 (E.D. Va. Apr. 17, 2012) (same).

#### 1. Plaintiffs Are Applying the Customary Fee for Like Work in This Jurisdiction

In seeking an award of attorneys' fees, Plaintiffs bear the burden of "produc[ing] specific evidence of the 'prevailing market rates in the relevant community' for the type of work" performed. *Depaoli* v. *Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (quoting *Spell* v. *McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). "Typically, this means an attorney will demonstrate the market rate for services in the geographic jurisdiction of the litigation." *Newport News Shipbuilding & Dry Dock Co.* v. *Holiday*, 591 F.3d 219, 227 (4th Cir. 2009) (citation omitted); *accord Rum Creek Coal Sales, Inc* v. *Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) ("The relevant market for determining the prevailing rate is ordinarily the community in which the court

5

Case 3:17-cv-00072-NKM-JCH   Document 505   Filed 06/10/19   Page 7 of 17   Pageid#: 5319

where the action is prosecuted sits." (citation omitted)). Although there are strong arguments here for applying prevailing New York market rates—all of the lawyers who devoted time to the Sanctions Motions work at Kaplan Hecker & Fink LLP ("KHF") in New York, *see Quesenberry* v. *Volvo Grp. N. Am., Inc.*, No. 1:09-CV-00022, 2010 WL 2836201, at *9 (W.D. Va. July 20, 2010), *report and recommendation adopted*, No. 1:09-CV-00022, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010) (awarding fees based on where attorneys practiced rather than where the case was heard)—Plaintiffs nevertheless request that for the purpose of this application, the following prevailing Charlottesville market rates (which are substantially lower than the prevailing New York market rates normally received by Plaintiffs' counsel) be used for determining the lodestar for this application:

- Michael L. Bloch (Counsel)        $400;
- Alexandra Conlon (Associate)      $225;
- Martha Fitzgerald (Associate)     $225; and
- Emma Buckland Young (Paralegal)   $100.

This is in accordance with rates that courts in this jurisdiction have deemed appropriate in recent cases. *See, e.g.*, *Scott*, 2014 WL 1463755, at *6 (Moon, J.) (awarding $400 per hour for experienced attorneys and $225 per hour for less experienced attorneys); *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 5 (awarding $365 per hour for experienced attorneys and $275 per hour for less experienced attorneys, as requested in Pl.'s Br. Ex. A, ECF No. 75-1); *Kindred* v. *McLeod*, No. 3:08-CV-00019, 2010 WL 4814360, at *12 n.14 (W.D. Va. Nov. 19, 2010) (Moon, J.) (awarding $375 per hour for experienced attorneys and $225 per hour for less experienced attorneys); *Project Vote/Voting for Am., Inc.* v. *Long*, 887 F. Supp. 2d 704, 713 (E.D. Va. 2012) (awarding a range of $225 to $400 per hour for attorneys); *Randle* v. *H&P Capital, Inc.*, No. 3:09-

CV-608, 2010 WL 2944907, at *8 (E.D. Va. July 21, 2010) (awarding $450 and $425 per hour to experienced attorneys). In applying these rates, Plaintiffs have endeavored to ensure that their request falls well within the parameters of reasonable fees in this Court and this Circuit, notwithstanding the higher hourly rates that Plaintiffs' counsel would normally receive for the type of work undertaken here.[2]

### 2. Plaintiffs' Attorneys Are Able and Experienced

Together with co-counsel, Plaintiffs are represented by KHF, a New York litigation boutique whose attorneys have extensive experience litigating civil rights issues. Since its formation in 2017, KHF has represented clients in constitutional challenges to Mississippi's anti-LGBT religious freedom law, *Barber* v. *Bryant*, 138 S. Ct. 652, 199 L. Ed. 2d 531 (2018), and the City of Starkville, Mississippi's refusal to provide a permit for a gay pride parade, *Starkville Pride* v. *City of Starkville*, No. 1:18-CV-00032 (N.D. Miss., filed Feb. 26, 2018), as well as in *Masterpiece Cakeshop, Ltd.* v. *Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018), *Trump* v. *International Refugee Assistance Project*, 137 S. Ct. 2080 (2017), and *Trump* v. *Hawaii*, 138 S. Ct. 2392 (2018).

As set forth in the Bloch Declaration, the KHF attorneys who worked on the Sanctions Motions have significant prior experience in complex and civil rights litigation:

- Michael L. Bloch, Counsel at KHF who devoted 111.9 hours to the Sanctions Motions, is an experienced criminal and civil litigator, having tried more than a dozen cases to verdict during his 10-year legal career. Prior to joining KHF in December 2018, Mr. Bloch spent over seven years as a public defender at the Bronx Defenders and three years as a litigation associate at Williams & Connolly LLP. He also clerked for the Honorable Chief Judge Helen Ginger Berrigan on the U.S. District Court for the Eastern District of Louisiana and subsequently for the Honorable Diane P. Wood on the U.S. Court of Appeals for the Seventh Circuit. (*See* Bloch Decl. ¶ 4.)

---

[2] Plaintiffs reserve the right to request the actual rates of their counsel and paralegals in future fee applications in this case.

- Alexandra K. Conlon, an associate at KHF who devoted 41.5 hours to the Sanctions Motions, has extensive trial experience through her five years in practice. Prior to joining KHF in August 2018, she served as a public defender at the Bronx Defenders, where she tried over fifteen felony and misdemeanor cases to verdict. (*See* Bloch Decl. ¶ 5.)

- Martha E. Fitzgerald, an associate at KHF who devoted 24.5 hours to the Sanctions Motions, has litigated complex civil matters in federal court for four years. Prior to joining KHF in October 2018, she clerked for the Honorable Thomas L. Ambro in the United States Court of Appeals for the Third Circuit and spent two years litigating conspiracy matters in federal civil cases at Cravath, Swaine & Moore LLP. (*See* Bloch Decl. ¶ 6.)

### B. Plaintiffs Devoted a Reasonable Number of Hours to the Sanctions Motions

In determining the reasonableness of the hours expended, this Court should once again consider and weigh the relevant *Johnson* factors. *See supra* at 3-4. Those factors are "the time and labor expended" and "the novelty and difficulty of the questions raised." *See, e.g.*, *Alexander S. By and Through Bowers* v. *Boyd*, 929 F. Supp. 925, 939 (D.S.C. 1995) (per curiam) (applying the first and second *Johnson* factors), *aff'd sub nom. Burnside* v. *Boyd*, 89 F.3d 827 (4th Cir. 1996); *AD ex rel. SD* v. *Bd. of Pub. Educ. of City of Asheville*, 99 F. Supp. 2d 683, 690 (W.D.N.C. 1999) (same). Applying those factors to the analysis, Plaintiffs' hours are reasonable and should be credited in total.

#### 1. The Time and Labor Expended Was Warranted

"A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Group, Inc.* v. *LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) (citing authorities); *accord Beyond Sys., Inc.* v. *World Ave. USA, LLC*, No. CIV.A. PJM-08-921, 2011 WL 2038545, at *4-5 (D. Md. May 24, 2011) (similar). Excerpts from KHF's electronic invoicing system, reflecting the record of the work performed in connection with the researching, briefing, and argument of the Sanctions Motions, are being submitted as Exhibits A through C to the Bloch Declaration.

8

As set forth in those Exhibits, Plaintiffs' counsel devoted 247.3 hours of attorney and paralegal time to the Sanctions Motions, including researching, drafting, and compiling the briefs and associated exhibits in support of the Motions, as well as preparing for and participating in the oral argument on the Motions in Charlottesville. Plaintiffs are excluding from their request, in a further effort to be reasonable and in the exercise of the sound professional billing judgment that courts expect to be applied by the award-seeking attorney in this context,[3] among other things, the attorney and paralegal hours and expenses devoted to the following work relating to the Sanctions Motions:

- Plaintiffs' repeated attempts to obtain any discovery from Defendants in the nearly 18 months since serving Plaintiffs' discovery requests (*see generally* ECF Nos. 354, 457, and 465);

- Plaintiffs' successful Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices (ECF No. 354);

- Plaintiffs' repeated attempts to induce Defendants' compliance with this Court's Order granting that Motion to Compel (ECF No. 379);

- All time and expenses of Plaintiffs' counsel and paralegals other than Mr. Bloch, Ms. Conlon, Ms. Fitzgerald, and Ms. Buckland Young;[4] and

- All time and expenses of Plaintiffs' counsel expended on this Petition.[5]

(*See* Bloch Decl. ¶ 15.) Plaintiffs submit that the time included for researching, briefing, preparing, filing, and arguing the Sanctions Motions directed at three different Defendants relating to

---

[3] *See generally Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* . . . .'" (quoting *Copeland* v. *Marshall*, 641 F.2d 880, 891 (1980) (en banc)); *see also Rum Creek Coal Sales*, 31 F.3d at 174-75 (noting fees claimed must reflect the application of "billing judgment").

[4] By way of example only, although Gabrielle E. Tenzer and Erin Ashwell appeared on behalf of the Plaintiffs at the June 3, 2019 oral argument on the Sanctions Motions, the time that they expended preparing for and attending the oral argument is not included in this Petition.

[5] *See, e.g.*, *Paice, LLC* v. *Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3819204, at *27 (D. Md. June 27, 2014) (noting the added liability to the sanctioned party of fees for preparing the fee petition itself).

9

discovery misconduct spanning nearly 18 months is reasonable. The novelty and difficulty of the issues presented, *see* Section II.B.2 *infra*, and the Defendants' refusal to engage in meet and confers that could have narrowed the issues in dispute, fully support the time devoted to the Sanctions Motions. In the ordinary course, parties are usually able to narrow the issues that warrant the Court's intervention, at least to some degree. Here, Defendants entirely ignored Plaintiffs' efforts, thereby forcing Plaintiffs to place before the Court the multiple bases for sanctions—and multiple forms of relief—to which they were entitled. (*See* ECF No. 457, 465.)

### 2. The Questions Raised Were Novel and Difficult

The novelty and difficulty of the questions raised in the Sanctions Motions arise from the unique disregard displayed by the Defendants for this Court and the judicial process as a whole. (*See* Hr'g Tr. at 22:23-23:24 (defense counsel explaining how these Defendants "don't care" and describing the Defendants' "disrespect for the judicial process").) To put the matter simply, there is little precedent for the kind of conduct the Defendants have engaged in here and, accordingly, there was little "off the shelf" research and analysis that could be brought to bear. This is reflected in the sanction that the Court referred to during the June 3 hearing: issuing a bench warrant for each Defendant and holding them "until they comply with their obligations that every party has to comply with in every single case." (*Id.* at 15:2-4; *see also id.* at 10:1-11.)

Moreover, the nature of Plaintiffs' claims complicated the question of appropriate sanctions for Defendants' unwillingness to participate in discovery. Unlike the ordinary case, in which default may be a straightforward penalty for failure to participate in discovery, here the Defendants possess critical evidence pertaining not only to their own liability, but to the liability of their co-conspirators and to the scope of the alleged conspiracy as a whole. (*See generally* ECF No. 457 at 2-6; ECF No. 465 at 3-5, 8-9.) Under the circumstances present here, the question of the appropriate and necessary remedies that would sufficiently compensate Plaintiffs for this

10

deprivation of conspiracy evidence is a complex one, and significant legal research was required to understand and pursue the appropriate sanctions to fill the evidentiary gap caused by Defendants' utter lack of participation in the discovery process. (*See* Hr'g Tr. at 9:10 (The Court: "[W]hat's the appropriate sanction is the issue.").) This included the work needed to draft carefully worded adverse inferences and facts deemed admitted to propose to the Court for its consideration, as well as to identify key social media accounts for authentication, which, when combined, could potentially remedy the nature and severity of the Defendants' discovery misconduct in this case.[6]

## C. The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment

Where, as here, Plaintiffs succeeded on their Sanctions Motions (*see* Hr'g Tr.), there is no basis to reduce the lodestar amount of $73,575.65 to account "for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). Indeed, the Court unambiguously decided that the "first three [factors supporting sanctions] are abundantly laid out" in Plaintiffs' filings and that the only question is "what[] the appropriate sanction" is for Defendants' misconduct. (Hr'g Tr. at 9:7-10.) The Court further observed that the misconduct complained of in the Sanctions Motions is "clearly sanctionable." (*Id.* at 20:10-11.) Although the Court has not yet imposed the exact sanctions requested by Plaintiffs in their Motions, it nevertheless discussed awarding severe sanctions against the three Defendants and noted that the sanctions requested by Plaintiffs "certainly could be appropriate at some point." (*See id.* at 30:5-10; *see also id.* at 18:16-18 (The Court: "I think that there's something else that we can do to see if you all can get the information that you're really entitled to."); *id.* at 21:3-8 (The Court: "[A] lot of those remedies, I'm not finding that they aren't appropriate but just that

---

[6] In view of the novel and difficult questions raised by Defendants' conduct, the third *Johnson* factor—"the skill required to properly perform the legal services rendered"—should also be considered. When considering this factor, "the trial judge should closely observe the attorney's work product, his preparation, and general ability before the court." *Johnson*, 488 F.2d at 718.

perhaps at this time there's something else that can be done in the interim.").)  Accordingly, there is no basis to award only "a percentage of the remaining amount to the prevailing party." *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 4.  Rather, the full lodestar amount of $67,735.65 is the appropriate award.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award Plaintiffs' reasonable attorneys' fees and expenses in the amount of $67,735.65, to be divided among Defendants Kline, Heimbach, and Vanguard America as set forth above, and order such other relief as the Court deems necessary and appropriate.

Dated:  June 10, 2019                                        Respectfully submitted,

*/s/*
David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

| | Of Counsel: |

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
cgreene@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Matthew Parrott, Robert Ray, Traditionalist Worker Party, Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), and Christopher Cantwell*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

William Edward ReBrook , IV
The Rebrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on June 10, 2019, I also served the following non-ECF participants, via U.S. mail, First Class and postage prepaid, addressed as follows:

Loyal White Knights of the Ku Klux Klan
a/k/a : Loyal White Knights Church of
the Invisible Empire, Inc.
c/o Chris and Amanda Barker 2634 U.S.
HWY 158 E
Yanceyville, NC 27379

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the
True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Moonbase Holdings, LLC
c/o Andrew Anglin
P.O. Box 208
Worthington, OH 43085

Augustus Sol Invictus
9823 4th Avenue
Orlando, FL 32824

Fraternal Order of the Alt-Knights
c/o Kyle Chapman
52 Lycett Circle
Daly City, CA 94015

I further hereby certify that on June 10, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

Elliot Kline
eli.f.mosley@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

                        /s/
                        David E. Mills (*pro hac vice*)
                        COOLEY LLP

                        *Counsel for Plaintiffs*