CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/21/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., ) | |
|    Plaintiffs, ) | Civil Action No. 3:17-cv-00072 |
| ) | |
| v. ) | ORDER |
| ) | |
| JASON KESSLER et al., ) | By:   Joel C. Hoppe |
|    Defendants. ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' Motion for Sanctions Against Defendants Elliot Kline (a.k.a. Eli Mosley) and Matthew Heimbach, ECF No. 457; Motion for Sanctions Against Defendant Vanguard America, ECF No. 465; and Petition Regarding Recoverable Attorney's Fees, ECF No. 505. *See* Fed. R. Civ. P. 37(b)(2). Defendants Kline and Heimbach are representing themselves in this matter. ECF Nos. 347, 397. Dillon Hopper, Defendant Vanguard America's authorized representative in this litigation, has been directed to obtain new counsel and have the attorney enter an appearance on Defendant's behalf by June 25, 2019. ECF No. 497.

I.

Plaintiffs' requests for sanctions against Defendants Kline, Heimbach, and Vanguard America ("Defendants") are well taken. Indeed, Defendants have not filed briefs in opposition to the motions against them, *see* ECF No. 101, and both Kline and Heimbach failed to appear at the motion hearing on June 3, 2019. As explained at the hearing, however, the Court finds that it would be premature to impose the requested evidentiary sanctions. Accordingly, Plaintiffs' motions for sanctions, ECF Nos. 457, 465, are hereby **TAKEN UNDER ADVISEMENT** pending further order of the Court.

II.

1

Plaintiffs have asked the Court to award their reasonable costs and attorney's fees caused by Defendants' failures to obey prior orders directing them to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(C). Accordingly, each Defendant is hereby **DIRECTED** to file a written response to Plaintiffs' Petition Regarding Recoverable Attorney's Fees, ECF No. 505, **on or before July 5, 2019**. Responses must be filed by mail addressed to:

> Clerk of Court
> U.S. District Court for the Western District of Virginia
> 255 W. Main Street, Room 304
> Charlottesville, VA 22902

Except for good cause shown, if a brief in opposition is not timely filed by a Defendant, the Court will consider Plaintiffs' petition to be unopposed by that Defendant. ECF No. 101.

III.

In the coming weeks, the Court will hold a telephonic hearing on the record with Plaintiffs' counsel, Defendant Kline, Defendant Heimbach, and Mr. Hopper and any counsel for Defendant Vanguard America[1] in order to: (1) identify each Defendant's outstanding discovery obligations; (2) set a schedule for each Defendant to satisfy those obligations; and (3) discuss other procedural matters. Additional copies of the Court's prior orders explaining Defendants' discovery obligations are available on the case docket at ECF Nos. 287, 379, 383, 440, and ECF No. 282, at 23–24. The Court expects that each of the above Defendants will appear at this hearing and make a good faith effort to provide or permit prompt and complete discovery responses, as required by the Federal Rules of Civil Procedure and this Court's prior orders.

The Clerk will schedule this hearing. Defendants must confirm to the Court that they will appear and participate as directed.

At this hearing, Defendants should be prepared to:

---

[1] The other Defendants may participate as well.

- Discuss whether they have preserved any potentially relevant evidence in their possession, custody, or control, as required by the Court's oral Order of March 16, 2018, ECF No. 282, at 23–24;

- Provide complete and accurate written answers or responses[2] to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, as required by the Court's Order of March 26, 2018, ECF No. 224;

- Give Plaintiffs' counsel a complete and accurate Stored Communications Act ("SCA") consent form allowing Discord to produce any discoverable documents or electronically stored information ("ESI") in response to Plaintiffs' subpoenas, as required by the Court's Order of November 13, 2018, ECF No. 379;

- Complete SCA consent forms giving Plaintiffs' counsel access to any other social media accounts (e.g., Facebook, Twitter, Gab) that Defendant used to communicate about the Events at issue in this lawsuit, regardless of whether those accounts have been disabled, suspended, or deleted; and

- Comply immediately with each of the following provisions in the Stipulation and Order for the Imaging, Preservation, and Production of Documents, ECF No. 383 ("Imaging Order"), as required by the Court's Orders of November 19, 2018, ECF No. 383, and March 4, 2019, ECF No. 440:
    - Execute the Third Party Discovery Vendor contract;

---

[2] Each Defendant has waived the right to object to Plaintiffs' proper discovery requests on any ground other than that the requested material or information is privileged. *See* Fed. R. Civ. P. 26(b), 33(b)(4), 34(b)(2). If a Defendant intends to withhold any requested material or information on privilege grounds, he must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii).

- o Complete and provide to Plaintiffs' counsel the Certification Form attached as Exhibit A to the Imaging Order, ECF No. 383, at 16; and
- o Make available to the Third Party Discovery Vendor for imaging and collection any Electronic Devices or Social Media Account identified in the Defendant's Certification Form.
- Additionally, Mr. Hopper should be prepared to discuss his efforts to obtain new counsel for Defendant Vanguard America, as required by the Court's Order of June 3, 2019, ECF No. 497.

IV.

Defendant Kline, Defendant Heimbach, and Mr. Hopper for Defendant Vanguard America shall each sit for a deposition by Plaintiffs' counsel devoted exclusively to that Defendant's conduct in pretrial discovery, including their efforts to preserve any documents, information, or materials that are potentially relevant to this litigation. Defendants and Mr. Hopper should be prepared to answer questions about their respective Electronic Devices and Social Media Accounts listed in Exhibit 1 to Plaintiffs' Motions for Sanctions, ECF Nos. 457-1, 465-1. These depositions shall be held on the following dates:

```
Mr. Hopper:          July 30, 2019
Defendant Kline:     August 7, 2019
Defendant Heimbach:  August 9, 2019
```

Depositions regarding the preservation of potentially discoverable information are necessary to address the significant deficiencies to date in these Defendants' discovery responses. Plaintiffs are given leave to depose these Defendants in subsequent depositions on the merits of Plaintiffs' allegations. Fed. R. Civ. P. 30(a)(2)(A)(ii).

4

The Clerk shall send a copy of this Order to the parties and to Mr. Hopper at his address of record.

It is so ORDERED.

ENTER: June 21, 2019

Joel C. Hoppe
U.S. Magistrate Judge