# EXHIBIT 14

**VIRGINIA: IN THE CIRCUIT COURT OF THE COUNTY OF ALBEMARLE**

**COMMONWEALTH OF VIRGINIA**

v.   CR17-784, CR17-845

**CHRISTOPHER CHARLES CANTWELL**

    **Defendant**

**COMMONWEALTH'S MOTION TO REVOKE OR MODIFY BOND**

COMES NOW the Commonwealth of Virginia, through her counsel, and respectfully moves this Honorable Court to revoke or modify bond. In support of this Motion, the Commonwealth states as follows:

1) On August 11, 2017, Defendant was present at the torch lit "Unite the Right" rally at the University of Virginia in Albemarle County.

2) Also present at the rally was a group of approximately 50 counter-protestors. Prior to the arrival of the members of "Unite the Right," the counter-protestors encircled the Jefferson statute at the Rotunda at the University of Virginia.

3) During the subsequent interaction between protestors and counter-protestors, Defendant sprayed and emptied a can of pepper spray, mace, or other noxious gas or chemical at the counter-protestors.

4) On August 31, 2018, the Albemarle General District Court released the Defendant on a $25,000 secured bond. This decision was appealed by the Commonwealth and this Court held the Defendant without bond pending trial.

5) On December 4, 2017, the Defendant was indicted by an Albemarle County grand jury for two counts of malicious use of tear gas, phosgene and other gases in violation of Virginia Code § 18.2-312. Following service of this indictment, this Court modified the Defendant's terms of bond, requiring GPS monitoring, confiscation of firearms, a prohibition on out of state travel, residence in a non-hotel setting, and no contact with Emily Gorcenski and Kristopher Goad. The Court further modified the terms of bond to permit the Defendant to travel to and from northern Virginia and to move more freely in the city of residence.

8) On several occasions, the Commonwealth instructed the Defendant through counsel to refrain from direct or indirect contact with the primary victims in this case, Emily Gorcenski and Kristopher Goad.

9) Some of these warnings pertained to the Defendant's decision to re-post on social media inflammatory and offensive messages from others regarding a victim in this case.

10) After earlier warnings, counsel for the Defendant directed the Defendant to remove these posts and to not engage in further direct or indirect discussion of the victims of this case.

11) Notwithstanding multiple requests from the Commonwealth, the Defendant continued to engage in online communication intended to harass and potentially intimidate victims in this matter.

12) Based on Defendant's conduct, the Commonwealth filed a motion to amend or modify Defendant's bond.

13) In its bond motion, the Commonwealth stated that "The right of victims in pending cases to prepare for trial free of harassment or intimidation is essential to the administration of justice."

13) On April 26, 2018, this Court held a hearing on the Commonwealth's motion and amended and clarified bond conditions.

15) Amended bond conditions directed, inter alia, that the Defendant have "No contact direct or indirect with the victims, including but not limited to using names or identifying them by specific characteristics which identify them on social media or radio broadcast."

16) Following this hearing, the Defendant continued to engage in online and on-air communications inconsistent with amended bond conditions entered by this Court. Specifically, the Defendant referred to one of the victims in this matter by name on a radio broadcast and repeatedly referred to one victim by identifying characteristics on social media on multiple occasions.

17) The Commonwealth now requests this Court to revoke or further modify Defendant's bond to prevent future harassment and to ensure against additional violations of the Defendant's conditions of bond.