UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

     Plaintiffs,

v.

JASON KESSLER, et al.,

     Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MATTHEW HEIMBACH'S MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................. 4

ARGUMENT ....................................................................................................................... 5

    I.    Heimbach's Second Motion to Dismiss Should Be Denied under the Law of the Case ..................................................................................................... 5

    II.    Heimbach's Second Motion to Dismiss Is Untimely .................................. 8

    III.    Converting Heimbach's Motion into a Motion for Summary Judgment Would Be Premature ................................................................................... 10

    IV.    Plaintiffs Are Entitled to Attorneys' Fees ................................................. 12

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*,
   606 F. Supp. 2d 617 (E.D. Va. 2008) .......................................................................12

*Arizona v. California*,
   460 U.S. 605 (1983)......................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................4

*Batton v. Commc'n Workers of Am., AFL-CIO*,
   618 F. App'x 175 (4th Cir. 2015) .................................................................................9

*Batton v. Commc'ns Workers of Am., AFL-CIO*,
   No. 2:13CV426, 2014 WL 5742409 (E.D. Va. Aug. 4, 2014) .....................................9

*Beach Mart, Inc. v. L & L Wings, Inc.*,
   302 F.R.D. 396 (E.D.N.C. 2014) ................................................................................12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................4

*Blue v. U.S. Dep't of Army*,
   914 F.2d 525 (4th Cir. 1990) ......................................................................................12

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)......................................................................................................12

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988)..................................................................................................5, 8

*City of Charleston v. Hotels.com*,
   520 F. Supp. 2d 757 (D.S.C. 2007)...............................................................................7

*Diane Von Furstenberg Studio v. Snyder*,
   No. 1:06CV1356 (JCC), 2007 WL 1835276 (E.D. Va. June 25, 2007) .......................9

*Gay v. Wall*,
   761 F.2d 175 (4th Cir. 1985) ......................................................................................11

*In re MI Windows & Doors, Inc. Prod. Liab. Litig.*,
   No. 2:11-cv-00167-DCN, 2012 WL 5408563 (D.S.C. Nov. 6, 2012)..........................7

*Morris v. Fletcher*,
   No. 7:15-cv-00675, 2017 WL 1161888 (W.D. Va. Mar. 27, 2017) .......................4, 10

*Smith v. Look Cycle USA*,
  933 F. Supp. 2d 787 (E.D. Va. 2013) ...................................................................... 8, 9

*Stevens v. Showalter*,
  458 B.R. 852 (D. Md. 2011) ..................................................................................... 9

*Streett v. United States*,
  25 F. Supp. 2d 721 (W.D. Va. 1998) ........................................................................ 7

*TFWS, Inc. v. Franchot*,
  572 F.3d 186 (4th Cir. 2009) ............................................................................. 5, 7, 8

*U.S. ex rel. Staley v. Columbia/HCA Healthcare Corp.*,
  587 F. Supp. 2d 757 (W.D. Va. 2008) ...................................................................... 7

*United States v. Andrews*,
  No. 1:12CR100-1, 2015 WL 1345380 (N.D.W. Va. Mar. 23, 2015) ......................... 5

*United States v. Aramony*,
  166 F.3d 655 (4th Cir. 1999) ............................................................................. 5, 7, 8

*United States v. Chidester*,
  No. 2:14-CR-05-3, 2014 WL 2040060 (N.D.W. Va. May 19, 2014) ......................... 5

**Statutes**

42 U.S.C. § 1985 ............................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12 ............................................................................................ 4, 7, 9, 10

Fed. R. Civ. P. 56 .................................................................................................. 10, 11

Plaintiffs respectfully submit this memorandum of law in opposition to Defendant Matthew Heimbach's Motion to Dismiss (the "Second Motion to Dismiss," "Second Motion," or "Motion"), filed with the Court on July 11, 2019. ECF No. 520.

## PRELIMINARY STATEMENT

Well over a year ago, on January 26, 2018, Heimbach, a leader in the white supremacy movement and one of the architects of the violent, racially-motivated conspiracy that led to Plaintiffs' injuries, moved to dismiss Plaintiffs' First Amended Complaint ("FAC"). As with the similar motions to dismiss brought by his fellow Defendants, this Court largely denied Heimbach's first motion to dismiss. On July 9, 2018, the Court held that Plaintiffs had plausibly alleged that Defendants, including Heimbach, had entered into a conspiracy to commit racially-motivated violence at the Unite the Right events in Charlottesville in August 2017, and that Defendants could not, on a motion to dismiss, seek cover under the First Amendment or avoid responsibility by blaming others for Plaintiffs' injuries. Now, after months of inaction—including ignoring his discovery obligations, flouting the Court's orders, and repeatedly failing to appear at court conferences—Heimbach has finally reappeared and, now *pro se*, brings the Second Motion to Dismiss, asserting the same arguments that he and his fellow Defendants already made 18 months ago and on which the Court ruled over a year ago. The law-of-the-case doctrine prohibits a second bite at that apple. The Court should deny Heimbach's frivolous and vexatious Motion and award Plaintiffs' attorneys' fees and costs for opposing his Second Motion to Dismiss.

## BACKGROUND

On January 5, 2018, Plaintiffs filed the FAC in this action. ECF No. 175. Pursuant to a consent motion to which all non-defaulted Defendants, including Heimbach, agreed, the deadline to file motions to dismiss the FAC was January 26, 2018—nearly 18 months ago. ECF Nos. 186, 187.

On or around January 26, 2018, a majority of the Defendants moved to dismiss the FAC in six separate motions.[1] ECF Nos. 95, 201–09, 212–13. Heimbach, who was at the time represented by attorneys Elmer Woodard and James E. Kolenich, was among the defendants who moved to dismiss the FAC. ECF Nos. 205–06.[2] Heimbach's motion to dismiss argued, *inter alia*, that Plaintiffs had failed to state a claim under 42 U.S.C. § 1985(3) because they had not plausibly alleged "an agreement to commit unlawful actions," and that Defendants had merely engaged in "racially insulting language" rather than "a conspiracy to commit race-based violence." ECF No. 206 at 6–7. Heimbach's co-Defendants' motions to dismiss additionally argued, *inter alia*, that the First Amendment protected their actions; that the police and "antifa," rather than Defendants, were responsible for the violence that occurred in Charlottesville; and that Defendants had obtained a legal permit for the rally. *E.g.*, ECF No. 95 at 10–13 (motion to dismiss filed by Defendants Hill, Tubbs, and League of the South); ECF No. 204 at 7–10 (Defendant Fraternal Order of the Alt-Knights); ECF No. 209 at 6–18 (Defendant Spencer); ECF No. 213 at 5–19 (Defendant Peinovich). The motions to dismiss were fully briefed on March 6, 2018, and argument was heard on May 24, 2018. ECF Nos. 231, 251, 253, 316.

On July 9, 2018, the Court largely denied the motions to dismiss.[3] ECF Nos. 335, 336. The Court summarized certain of the allegations relating to Heimbach in part as follows:

---

[1] Defendants Fields, Anglin, Moonbase Holdings, LLC, Invictus, Loyal White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan did not move to dismiss.

[2] At the time, Woodard and Kolenich represented and moved to dismiss on behalf of Christopher Cantwell, Nathan Damigo, Matthew Heimbach, Identity Evropa, Jason Kessler, Elliot Kline, National Socialist Movement, Nationalist Front, Matthew Parrott, Robert Azzmador Ray, Jeff Schoep, Traditionalist Worker Party, and Vanguard America. ECF No. 205.

[3] The Court granted without prejudice (1) Defendant Michael Peinovich's motion to dismiss; (2) Defendants' motions to dismiss claims by one Plaintiff; and (3) Defendants' motions to dismiss certain claims brought under Virginia state law. ECF No. 336. The Court otherwise denied Defendants' motions to dismiss. *Id.*

2

Case 3:17-cv-00072-NKM-JCH   Document 521   Filed 07/15/19   Page 6 of 19   Pageid#: 5574

> Defendants Matthew Heimbach and Matthew Parrott are leaders of Defendant Traditionalist Worker Party, an anti-Semitic organization with around 500 members. These Defendants . . . allegedly engaged in many of the most specific acts of violence in furtherance of the conspiracy. . . . In addition to planning, and as mentioned above, a member of co-Defendant Vanguard America used Discord to distribute a drawing of Defendant Heimbach with "kill tallies" of communists, the words "nigger killer," and drawing of decapitated black men.
>
> On the morning of the 12th, members of Defendant Traditionalist Worker Party met with members from Defendants Nationalist Front, League of the South, and National Socialist Movement "at a pre-set location in order to march to Emancipation Park in formation." Defendants Parrott, Heimbach, and other Traditionalist Worker Party members then marched behind Defendant League of the South. Defendants in these formations "charged through the peaceful clergy when they arrived at the park . . . and Plaintiff Wispelwey was knocked into a bush."

ECF No. 335 at 34–35 (citations omitted).

Based on these and other allegations, the Court held that Plaintiffs had "plausibly allege[d]" that Heimbach had "joined the conspiracy to commit racial violence." *Id.* at 35. Furthermore, the Court explained, "As with other Defendants, the First Amendment does not prevent the imposition of liability for the acts of violence alleged here." *Id.*

On July 23, 2018, while still represented by counsel, Heimbach answered the FAC. ECF No. 343.

In January 2019, after six months of failing to participate in or respond to discovery, Heimbach fired his attorneys, explicitly forbidding them from "tak[ing] any actions on his behalf." ECF No. 457-23 at 14 (Jan. 4, 2019 Hr'g Tr. at 14:08–13); *see also* ECF No. 457 at 9–11 (Plaintiffs' motion for sanctions summarizing Heimbach's non-compliance with discovery). After becoming *pro se*, Heimbach continued to ignore his discovery obligations throughout the first half of 2019, including failing to appear at at least six court conferences, and refusing to answer more

3

than ten email, physical mail, and voicemail communications from the Court and Plaintiffs.  ECF No. 457 at 12–13.  Only after Plaintiffs were forced to file a motion for sanctions against Heimbach did Heimbach suddenly resurface in June 2019 and begin participating in the litigation.  *See* ECF Nos. 457, 494, 512, 515, 519.

On July 11, 2019, Heimbach filed with the Court the Second Motion to Dismiss.  ECF No. 520.  The Motion argues that Plaintiffs failed plausibly to allege that Heimbach had participated in a conspiracy to commit violence; that the First Amendment protected his actions; that the violence that erupted in Charlottesville was the fault of the Charlottesville police and violent "antifa" counter-protesters; and that the Unite the Right participants had a legal permit to hold the rally on August 12, 2017.  *See generally id.*  Heimbach also asserts throughout the Motion that various allegations in the FAC are factually incorrect or "lie[s]."  *See generally id.*

## STANDARD OF REVIEW

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim[.]"  *Morris v. Fletcher*, No. 7:15-cv-00675, 2017 WL 1161888, at *1 (W.D. Va. Mar. 27, 2017) (Moon, J.).  "In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff."  *Id.*  To survive, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

4

**ARGUMENT**

**I.  Heimbach's Second Motion to Dismiss Should Be Denied under the Law of the Case.**

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *accord TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation and internal quotation marks omitted). Critically, "when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue." *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999); *accord United States v. Andrews*, No. 1:12CR100-1, 2015 WL 1345380, at *9 (N.D.W. Va. Mar. 23, 2015) (where court "has already dismissed [one defendant's] substantially similar argument, . . . the law of the case doctrine must apply to dismiss [another defendant's] argument as well"); *United States v. Chidester*, No. 2:14-CR-05-3, 2014 WL 2040060, at *3 (N.D.W. Va. May 19, 2014) (denying motion filed by defendant because court had already rejected argument with respect to co-defendant).

Here, Heimbach's Second Motion to Dismiss must be denied because it rehashes exactly the same arguments that he and his co-Defendants have already made and that the Court has already decided adversely to him. For example:

- The Second Motion argues that Plaintiffs' conspiracy allegations are defective, and that "the claim by the plaintiffs that he engaged in conspiracy to commit violence is absurd." ECF No. 520 at 9; *see also, e.g.*, *id.* at 10–11. This is an argument that Heimbach already made regarding the same pleading, *e.g.*, ECF No. 205 at 6-7, and that the Court

5
Case 3:17-cv-00072-NKM-JCH   Document 521   Filed 07/15/19   Page 9 of 19   Pageid#: 5577

already rejected, ECF No. 335 at 35 (holding that Plaintiffs "plausibly allege[d] that [Heimbach] joined the conspiracy to commit racial violence").

- The Second Motion argues that the First Amendment requires dismissal of the FAC. *E.g.*, ECF No. 520 at 1, 3–4, 7–8, 11–12. This is again an argument that Defendants have already made regarding the FAC. *E.g.*, ECF No. 95 at 10–12; ECF No. 209 at 6–15; ECF No. 213 at 5–19.[4] The Court explicitly rejected this argument, including with respect to Heimbach. ECF No. 335 at 35 ("As with other Defendants, the First Amendment does not prevent the imposition of liability for the acts of violence alleged here.").

- The Second Motion argues that the violence in Charlottesville was not Heimbach's fault but "was due to the inaction of law enforcement," and that "[l]iability lies with the Charlottesville Police Department and violent counter-protesters." ECF No. 520 at 3–4. This is also a defense that was previously raised with respect to the FAC, ECF No. 209 at 17–18; ECF No. 213 at 5, 9–10,[5] and rejected, ECF No. 335 at 58–59 (noting that "other potential causes of violence mentioned by [the Heaphy Report] do not undermine Plaintiffs' allegations about these Defendants' conspiracy to commit violence"). In fact, the Court held that all Plaintiffs (with one exception) had plausibly

---

[4] The Court granted Peinovich's motion to dismiss without prejudice due to a lack of "plausible allegations that he joined the conspiracy to commit racial violence," ECF No. 335 at 41, not on First Amendment grounds, and his dismissal thus does not undermine the application of the law of the case here against Heimbach.

[5] Again, the Court did not grant Peinovich's motion to dismiss on the theory that the Charlottesville police and antifa were responsible for the violence rather than Defendants, *see* ECF No. 335 at 41, so the law of the case still applies here against Heimbach.

6

"alleged they suffered injuries that were caused by an overt act in furtherance of the moving Defendants' conspiracy," which Heimbach had joined. ECF No. 335 at 35, 45.

- The Second Motion argues that Heimbach and other Defendants had a legal permit to march. *E.g.*, ECF No. 520 at 2–4, 6–7, 10. Yet again, Defendants previously raised this argument. ECF No. 204 at 7, ECF No. 213 at 7. Indeed, the Court acknowledged that Defendants received a permit to hold the rally, but explained that the granting of the permit "*ex ante*" was "completely different" than the "*ex post* consideration of whether Defendants violated specific laws," including "by conspiring to commit violence." ECF No. 335 at 57 n.7; *see also id.* at 4–5, 21–22, 53 n.6.

Because the Court has already decided each of the arguments made in Heimbach's Second Motion adversely to him, the Motion should be denied under the law of the case. *See, e.g.*, *TFWS*, 572 F.3d at 191 ("we decline to revisit our prior holdings on these points" under law of the case); *Aramony*, 166 F.3d at 661 ("we are precluded from addressing the argument a second time" under law of the case); *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:11-cv-00167-DCN, 2012 WL 5408563, at *3 (D.S.C. Nov. 6, 2012) (denying motion to dismiss under law of the case because "issues were 'decided explicitly or by necessary implication in the previous disposition'"); *U.S. ex rel. Staley v. Columbia/HCA Healthcare Corp.*, 587 F. Supp. 2d 757, 759 (W.D. Va. 2008) (denying motion to reconsider dismissal of claims because prior decision "is the law of the case, and should be upheld for that reason alone"); *City of Charleston v. Hotels.com*, 520 F. Supp. 2d 757, 757 (D.S.C. 2007) (denying Rule 12(b)(6) motion to dismiss under law of the case because "the court decided these same issues mere months ago under an identical standard of review" and no new material facts had been raised); *Streett v. United States*, 25 F. Supp. 2d 721, 723 (W.D. Va. 1998) (affirming magistrate judge's denial of motion under law of the case because motion

7

did not "do anything except restate [previous arguments] in another form") (citation and internal quotation marks omitted).

Although a "court has the power to revisit prior decisions of its own, . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson*, 486 U.S. at 817. In general, a court may depart from the law of the case where "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS*, 572 F.3d at 191 (quoting *Aramony*, 166 F.3d at 661).

Heimbach has not attempted to show that any such exception applies here. The exception for a "trial produc[ing] substantially different evidence" does not apply to a motion to dismiss; Heimbach has pointed to no "controlling authority" that was not before the Court on the original motions to dismiss, and Plaintiffs are aware of none; and Heimbach has not argued that "the prior decision was clearly erroneous"; instead, he has simply reiterated the same points that were previously raised and rejected. *See id.*

## II. Heimbach's Second Motion to Dismiss Is Untimely.

The Court should further deny Heimbach's Second Motion to Dismiss because it is untimely, and no justification for the delay has been shown. Pursuant to a consent motion to which Heimbach agreed, the deadline to file a motion to dismiss was January 26, 2018—18 months ago. ECF Nos. 186, 187. Heimbach did not file the Second Motion until July 11, 2019. ECF No. 520.[6]

---

[6] Heimbach did not seek an extension of his time to file the Second Motion (or acknowledge either his prior motion or the prior deadline anywhere in his Second Motion). *See generally* ECF No. 520. Even if he had sought such an extension, he would not satisfy the high bar needed to receive such an extension of time. "Where a party seeks an extension of time after the Rule 6(b) deadline for filing has passed, courts must find excusable neglect before granting the motion. This standard is a very high bar, applicable to only the extraordinary cases where injustice would otherwise result." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 791 (E.D. Va. 2013) (citations omitted). "Relevant circumstances for determining excusable neglect are the danger of prejudice,

Furthermore, a defendant must make a Rule 12(b) motion before filing an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Here, Heimbach filed an answer to the FAC on July 23, 2018. ECF No. 343. Because the deadline to file a motion to dismiss has long passed, because Heimbach has filed an answer, and because Heimbach fails to justify the delay (let alone the repetitive motion), the Second Motion should be denied as untimely. *See, e.g.*, *Stevens v. Showalter*, 458 B.R. 852, 856 (D. Md. 2011) ("Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer."); *Diane Von Furstenberg Studio v. Snyder*, No. 1:06CV1356 (JCC), 2007 WL 1835276, at *2 (E.D. Va. June 25, 2007) ("Defendants answered the complaint on January 8, 2007, and waited until four months later to file a motion to dismiss. Accordingly, Defendants' motion is untimely and will be denied."); *cf. Batton v. Commc'ns Workers of Am., AFL-CIO*, No. 2:13CV426, 2014 WL 5742409, at *8–11 (E.D. Va. Aug. 4, 2014) (striking untimely summary judgment opposition), *aff'd sub nom. Batton v. Commc'n Workers of Am., AFL-CIO*, 618 F. App'x 175 (4th Cir. 2015); *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) (striking untimely opposition briefs).[7]

---

length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 790. (citations omitted).

[7] Even if the Court construed Heimbach's Motion to Dismiss as a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure, which may be brought after the pleadings are closed, that motion should be denied under the law of the case, as explained above.

9

### III. Converting Heimbach's Motion into a Motion for Summary Judgment Would Be Premature.

Throughout his Motion, Heimbach asserts that various allegations in the FAC are incorrect or false and presents his own "facts," without citing or attaching any evidence or exhibits. *See, e.g.*, ECF No. 520 at 1 (Plaintiffs' allegations "are the opposite of what Respondent Heimbach actually did during those two days in August of 2017"), 4 ("The research put forward in the complaint is shoddy, creating a narrative which puts forward a false image of Respondent Heimbach."), 9 (referring to "the provable fact" that the conspiracy to commit violence "didn't happen"), 11 ("In conclusion, the complaint against Respondent Heimbach is factually incorrect in many places . . . ."). In several instances, Heimbach calls Plaintiffs' allegations "lie[s]." *E.g.*, *id.* at 3, 9–10.

As an initial matter, the Court should not credit Heimbach's factual assertions on a motion to dismiss. Rather, "[i]n considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Morris*, 2017 WL 1161888, at *1. Applying that standard, the Court has already held that "Plaintiffs have plausibly alleged the Defendants," including Heimbach, "formed a conspiracy to commit the racial violence that led to the Plaintiffs' varied injuries." ECF No. 335 at 1.

In certain circumstances, a Rule 12 motion may be converted into a motion for summary judgment. Specifically, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, if the Court does convert a motion to dismiss into a summary judgment motion, "[a]ll parties must be given a reasonable

10
Case 3:17-cv-00072-NKM-JCH   Document 521   Filed 07/15/19   Page 14 of 19   Pageid#: 5582

opportunity to present all the material that is pertinent to the motion." *Id.*; *accord Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

In this case, conversion of Heimbach's Second Motion to Dismiss into a motion for summary judgment and deciding the Motion on that basis would be premature. Plaintiffs must be "given a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d), but they cannot be given that opportunity here as the bulk of discovery has still not occurred in this case. *See Gay*, 761 F.2d at 177–78 (reversing and remanding for further proceedings where motion to dismiss had been treated as summary judgment and plaintiff had not been afforded opportunity for reasonable discovery). Heimbach has spent almost an entire year evading his discovery obligations, and only recently began participating in discovery after Plaintiffs were forced to move for sanctions against him. *See* ECF Nos. 457, 494, 512, 515, 519. Magistrate Judge Hoppe recently set deadlines under which Heimbach will be required, *inter alia*, to produce his responsive documents, turn over his electronic devices to a third-party discovery vendor for imaging and production to Plaintiffs, and sit for a deposition regarding his conduct in discovery. ECF No. 515. It will take months before Plaintiffs are able to obtain all relevant documents from Heimbach and the other Defendants, hold depositions, and otherwise complete the discovery needed to prove Plaintiffs' case. Converting Heimbach's Motion into a motion for summary judgment and deciding it as such a motion would therefore be premature.[8]

---

[8] Even if converted into a motion for summary judgment, Heimbach's Motion would be meritless even on the current evidentiary record. "[G]enuine dispute[s]" as to "material fact[s]" precluding summary judgment, Fed. R. Civ. P. 56(a), already exist regarding many of the factual assertions in Heimbach's Motion. For example, Heimbach's claim that he "has always opposed violence, racial hatred, or the view of White supremacy," ECF No. 520 at 8, is contradicted by his previous encouragement of a police car to run over protesters as well as a "violent drawing of Defendant Heimbach wearing a shirt bearing Nazi and Defendant TWP symbols and the words 'nigger killer' above a tally of 'communists killed,' smiling in front of decapitated black men wearing logos associated with anti-fascist movements." ECF No. 335 at 28, 42–43. As the Court

11

**IV.     Plaintiffs Are Entitled to Attorneys' Fees.**

Pursuant to its inherent powers, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (affirming award of attorneys' fees) (citations and internal quotation marks omitted); *accord Blue v. U.S. Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014); *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 620 (E.D. Va. 2008).  Here, the Court should use its inherent powers to require Heimbach to pay Plaintiffs' attorneys' fees and costs for opposing the Second Motion to Dismiss.  Heimbach's complete non-participation in discovery followed by filing a motion asserting exactly the arguments that have already been made and rejected is the type of "bad faith" and "vexatious" behavior meriting an award of fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Heimbach's Second Motion to Dismiss and order Heimbach to pay Plaintiffs' attorneys' fees and costs.

Dated: July 15, 2019                                              Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

---

has already held, the interpretation of this evidence is a question for the jury.  *Id.* at 28 ("While this could potentially be[] taken as very dark hyperbole in some instances, in the light of the later events it plausibly alleges a plan for violence.").

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Christopher Cantwell, Robert Ray, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on July 15, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

Elliot Kline a/k/a Eli Mosley
117 Mesa Drive
Reading, PA 19608
eli.f.mosley@gmail.com

Matthew Heimbach
3099 Buchanan Road, SE
#411
Cleveland, TN 37323
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
383 Hazzard Street
Scottsburg, IN 47170
dillon_hopper@protonmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*