UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>                      Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>                      Defendants. | Civil Action No. 3:17-cv-00072-NKM |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR SANCTIONS
AGAINST DEFENDANTS ELLIOTT KLINE
A/K/A ELI MOSLEY AND MATTHEW HEIMBACH

Plaintiffs respectfully submit this Supplemental Memorandum of Law in Further Support of Their Motion for Sanctions against Defendants Elliott Kline a/k/a Eli Mosley and Matthew Heimbach ("Motion for Sanctions," "Motion," or "Mot.," ECF No. 457).

BACKGROUND

In Plaintiffs' Motion for Sanctions, which the Court took under advisement, Plaintiffs argued that due to their egregious misconduct in discovery and willful contempt for the Court's Orders, "Defendants Kline and Heimbach must be sanctioned to remedy the prejudice they have inflicted on Plaintiffs, to restore order to this judicial process, and to deter other Defendants from disobeying this Court's rules and orders." Mot. 2. Specifically, Plaintiffs requested, among other relief, that the Court deem certain facts established, that the Court deem certain documents

authentic, that the Court instruct the jury that they may draw adverse inferences from Kline and Heimbach's conduct, and reasonable fees and expenses. *Id.*

On June 3, 2019, at a hearing on Plaintiffs' Motion, the Court agreed that Kline and Heimbach's "conduct is clearly sanctionable up to this point," and noted that Plaintiffs' requested remedies "may be an appropriate sanction at some point." Hr'g Tr. 18:15–16, 20:10–11, June 3, 2019, ECF No. 504; *see id.* at 20:24–25, 30:08–10 ("[T]hese other sanctions that you've proposed, you know, I think they certainly could be appropriate at some point too."). Even Kline and Heimbach's former counsel, James E. Kolenich, stated that, with regard to his former clients' flagrant disregard of their discovery obligations, "I can't even believe I'm saying this, but I'm going to side with the plaintiffs' lawyers here." *Id.* at 22:16–19; *see id.* at 22:23–23:02 (Kolenich describing Defendants' conduct as "disrespect for the judicial process" that "must be very frustrating" for Plaintiffs' counsel). However, the Court also remarked that, while the Plaintiffs were "entitled to" the information being sought, the immediate remedy for Kline and Heimbach's misconduct "really need[ed] to be directed towards what you all are trying to get, and it seems to me that what you really want is information." *Id.* at 18:16–18, 20:14–16.

The Court explained accordingly that it would order Kline and Heimbach, among other steps, to "produce their devices and account information or produce the documents themselves," and that the Court would "also have a certain date set for them to appear for a deposition here in the district court." *Id.* at 31:01–05. The Court explained, "[I]f they don't show up, then that would trigger – you know, trigger me certifying contempt proceedings to Judge Moon, and identifying different actions that he can take, including recommending that a bench warrant would be issued for their arrest." *Id.* at 31:06–10; *see id.* at 9:24–10:11 (describing possible steps to enforce compliance, including that "a bench warrant could be issued for each one of them"); *id.* at 14:14–

17 ("[I]f they don't show up, you know, I can certainly recommend to Judge Moon that he would issue a bench warrant for them, bring them here, y'all can ask them, ask them questions.").

On June 21, 2019, the Court issued an Order taking Plaintiff's Motion under advisement. While finding Plaintiffs' request for sanctions "well taken," the Court found that "it would be premature to impose the requested evidentiary sanctions." Order (June 21, 2019) at 1, ECF No. 508 ("June 21 Order"). The Court further indicated that it would hold a telephonic hearing with Defendants Kline and Heimbach to identify their outstanding discovery obligations and set a schedule for satisfying those obligations. *Id.* at 2–4. The Court ordered that, at the upcoming hearing, Kline and Heimbach "should be prepared to," among other steps:

- Provide written responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents;
- Provide Plaintiffs with consent forms pursuant to the Stored Communications Act ("SCA");
- Execute the Third-Party Discovery Vendor Contract;
- Provide Plaintiffs with the Certification Form attached as Exhibit A to the Imaging Order; and
- Make available to the Third-Party Discovery Vendor for imaging and collection any Electronic Devices or Social Media Account identified in the Certification Form.

*Id.* The Court also ordered that Defendant Kline appear for a deposition on August 7, 2019. *Id.* at 4.

On July 1, 2019, Plaintiffs' counsel sent an email to Kline, in addition to other Defendants, laying out step-by-step what Kline had to do to comply with the June 21 Order, including attaching the relevant Orders and the SCA consent forms and Certification Form that Kline was required to complete. Declaration of Jessica E. Phillips ("Phillips Decl.") ¶ 6, Ex. C (Bloch Email to Kline, July 1, 2019). Kline did not respond. Phillips Decl. ¶ 6.

On July 2, 2019, the Court held a telephonic hearing, in which Kline participated *pro se*. *See* Hr'g Tr. 3:01-02, July 2, 2019, ECF No. 519. Kline acknowledged that he understood that he

was required to comply with his discovery obligations and to appear at court hearings. *Id.* at 13:03–18. Kline further stated that he was in a possession of an "old cell phone" that "should work" and that had "all of the text messages and things like that." *Id.* at 19:01–06. Kline also stated that he was "totally fine" and "more than happy to go through with" identifying and producing the contents of his social media accounts. *Id.* at 19:22–20:10. Kline also conceded that he had received Plaintiffs' July 1 email documenting the steps required to comply with his discovery obligations. *Id.* at 21:14–19; *see id.* at 31:25–32:07 ("[Y]es, I have received that."). Kline agreed that a week would give him sufficient time to execute the SCA consent and identify his social media accounts and electronic devices. *Id.* at 32:25–34:02.[1] Also on July 2, 2019, the Third-Party Discovery Vendor emailed Kline the Third-Party Discovery Vendor Contract. *See* Phillips Decl. ¶ 7, Ex. D (Vendor Email to Kline, July 23, 2019).

On July 3, 2019, the Court issued an Order to Kline. ECF No. 516 ("July 3 Order"). The Court described Kline's outstanding discovery obligations, provided deadlines for compliance with those discovery obligations, and ordered, "Kline ***shall*** comply with the following steps and deadlines[.]" *Id.* at 1 (emphasis added). Specifically, the Court ordered Kline to:

- By July 10, 2019, provide Plaintiffs with SCA consent forms;
- By July 10, 2019, execute the Third-Party Discovery Vendor Contract;
- By July 10, 2019, provide Plaintiffs with the Certification Form attached to the Imaging Order;
- By July 17, 2019, make their Electronic Devices and Social Media Account credentials available to the Third-Party Discovery Vendor;
- By July 24, 2019, provide written responses to Plaintiffs' Interrogatories and Requests for Production of Documents; and

---

[1] On June 7, 2019, Mr. Kolenich confirmed to Plaintiffs' counsel that Kline "has been fully informed of the discovery/ESI expectations." Phillips Decl. Ex. B (Kolenich Email to Bloch, June 26, 2019). Furthermore, on June 26, 2019, Kline confirmed, again via Mr. Kolenich, that Eli.F.Mosley@gmail.com—the address that Mr. Kolenich had previously provided to Plaintiffs' counsel and at which Plaintiffs' counsel have continuously attempted to reach him—was the correct address. Phillips Decl. ¶¶ 5, 6, 10, Ex. A (Kolenich Email to Tenzer, Nov. 9, 2018), Ex. B.

4

- On August 7, 2019, sit for a deposition by Plaintiffs' counsel.

*Id.* at 1–3.

Kline failed to meet the July 10, 2019, deadlines in the July 3 Order: he did not provide Plaintiffs with SCA consent forms or the Certification Form, and did not execute the Third-Party Discovery Vendor Contract provided to him by the Vendor. Phillips Decl. ¶¶ 7, 8, Ex. D, Ex. E (Vendor Email to Bloch, July 11, 2019), Ex. G (Vendor Email to Bloch, July 18, 2019). On July 12, 2019, Plaintiffs' counsel called Kline and left him a voicemail regarding his discovery obligations and logistics for his upcoming deposition on August 7. Phillips Decl. ¶ 9. Kline did not respond to that voicemail. *Id.*[2]

On July 15, 2019, Plaintiffs' counsel emailed Kline regarding his non-compliance with the discovery deadlines ordered by the Court that had already passed, and reminded Kline of his upcoming deadlines. *Id.* ¶ 10, Ex. F (Phillips Email to Kline, July 15, 2019). Kline did not respond. Phillips Decl. ¶ 10.

Kline did not make his Electronic Devices and Social Media Account credentials available to the Third-Party Discovery Vendor by July 17, 2019, as he was ordered to do. *Id.* ¶¶ 11, 12. On July 18, 2019, the Vendor confirmed that Kline had not signed the Vendor contract or sent any materials to the Vendor, and stated that the Vendor had "not received any communications from Elliot Kline." *Id.* ¶ 12, Ex. G. On July 23, 2019, the Vendor again contacted Kline to follow up on Kline's signature, and stated, "All parties except for you have signed the contract. It was emailed to you through DocuSign on July 2, 2019." Ex. D.

---

[2] Kline also did not file a response to Plaintiffs' Petition Regarding Recoverable Attorneys' Fees (ECF Nos. 505–06) by July 5, 2019, despite being ordered to do so by the Court. *See* ECF No. 508. Plaintiffs' Petition should therefore be deemed unopposed.

5

Given that Kline has ignored the numerous July 10 deadlines and the July 17 deadline set by the July 3 Order, Plaintiffs have every reason to believe that Kline will continue to flout the proscribed deadlines, including attending his Court-ordered deposition on August 7. Plaintiffs have begun arrangements to hold the deposition on that day at a federal district courthouse in or near Harrisburg, Pennsylvania, pursuant to Mr. Kolenich's representation that Kline informed Mr. Kolenich that he is located in Harrisburg. Phillips Decl. ¶ 15, Ex. J. Plaintiffs' counsel will be present for the deposition even if they receive no confirmation from Kline. Phillips Decl. ¶ 15.

## ARGUMENT

Plaintiffs had hoped that their Motion for Sanctions and the Court's Orders would have had the desired effect on Defendants, including causing Defendants to comply with their long-outstanding discovery obligations and ensuring that Plaintiffs finally receive the discovery and information to which the Court has confirmed they are entitled. *See, e.g.*, Hr'g Tr., June 3, 2019, 18:16–18. Unfortunately, at least with regard to Kline—a critical member of the conspiracy alleged in Plaintiffs' Complaint—the Court's Orders have not had the intended impact or in any way induced his compliance with his discovery obligations. Kline has never responded to a single discovery request in this case and has never complied with a single Order requiring him to participate in discovery. By this Supplemental Memorandum of Law, Plaintiffs inform the Court that Kline continues, egregiously and willfully, to evade his discovery obligations and disregard the Court's Orders, and Plaintiffs request that the Court grant the relief requested in their original Motion.

Despite making an appearance at the July 2, 2019, telephonic hearing, during which Kline confirmed his ability to meet various deadlines, Kline has subsequently ignored each of the deadlines that the Court mandated in its July 3 Order. Kline failed to provide Plaintiffs with SCA consent forms, execute the Third-Party Discovery Vendor Contract, or provide the Certification

Form by July 10.  *See* July 3 Order 1–2; Phillips Decl. ¶¶ 3, 8, 12, 13, Exs. D–G.  After several attempted reminders from Plaintiffs' counsel, Kline failed to make his Electronic Devices or Social Media Account credentials available to the Third-Party Vendor by July 17.  *See* July 3 Order 2; Phillips Decl. ¶¶ 3, 9–12, Ex. G.

Kline has failed to provide any justification whatsoever for his noncompliance.  Indeed, he has failed to respond to a single telephone call or email from Plaintiffs' counsel.  Phillips Decl. ¶¶ 4, 5.  Plaintiffs' counsel have repeatedly emailed Kline at the email address that his former counsel provided to Plaintiffs (and that Kline himself confirmed was correct), repeatedly called Kline at the telephone number that his former counsel provided, and repeatedly left Kline voicemails, each of which Kline has ignored.  *Id.* ¶¶ 4–6, 9–10, 12, 14; *see id.* Ex. A (Kolenich Email to Tenzer, Nov. 9, 2018), Ex. B (Kolenich Email to Bloch, June 26, 2019).  Meanwhile, although Kline has ignored all communications from Plaintiffs, he has continued to communicate with his former counsel, Mr. Kolenich, via the very same phone number and regarding the same subjects.  *See, e.g.*, Phillips Decl. ¶ 12, Ex. H (Bloch Emails to Kline, June 25 and 26, 2019), Ex. I (Kolenich Email to Bloch, June 27, 2019), Ex. J (Kolenich Email to Bloch, July 12, 2019).[3]

Kline's continued willful disobedience makes clear that the sanctions sought by Plaintiffs' Motion are appropriate under the relevant factors for assessing Rule 37 sanctions.  *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) ("(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that

---

[3]  Although Kline appeared at the July 2, 2019, conference, he ignored multiple emails from Plaintiffs' counsel leading up that hearing, and told only Mr. Kolenich that he planned to attend.  Phillips Decl. Exs. H, I.

noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would be effective").[4]

*First*, Kline has acted in bad faith in ignoring his discovery obligations despite the Court's explicit Orders (and even after representing to the Court that he would cooperate). No specialized legal knowledge is required to respond to phone calls and emails, sign forms, or turn over devices. Kline has simply refused to do so. That is the epitome of bad faith.

*Second*, Plaintiffs have been and continue to be prejudiced by Kline's failure to produce documents. Plaintiffs have continued to expend considerable time and resources attempting to bring Kline into compliance with his discovery obligations, to no avail. Despite these efforts, to this day, Kline has still never responded to a single discovery request or Court Order in this case. That fact alone warrants sanctions. But it is made all the more egregious by Kline's concessions to the Court that he has relevant discovery in his possession and that he understands his obligations. *See* Hr'g Tr. 13:03–18, 19:01–06, 19:22–20:10, 21:14–19, 31:25–32:07, 32:25–34:02, July 2, 2019, ECF No. 519. The only reason for Kline's refusal to participate in this litigation is to disrupt the judicial process and prejudice Plaintiffs.

*Third*, deterrence is required given that "to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (defendants'

---

[4] Sanctions are also appropriate under the similar factors considered in determining whether to sanction parties under the Court's inherent authority. *See Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373–74 (4th Cir. 2013) ("(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that [the court] seldom dismiss[es] claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest") (citation and internal quotation marks omitted).

"noncompliance and their haphazard compliance of three very specific discovery orders" was "pattern of indifference and disrespect to the authority of the court"). This is a real concern since some of the other Defendants only very recently began complying with their own discovery obligations and could at any time decide to follow Kline's example if it is permitted to succeed with no consequences.

Finally, lesser sanctions would not be effective given that Kline has continued to flout even the most recent orders from the Court. *See Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 931 (E.D. Va. 2011) (granting requested sanctions, including injunctive relief and fees, where "defendants have been extended every opportunity to cure deficiencies in their conduct of discovery, defaults, and other missteps in the litigation of this case" and "nonetheless failed to honor their fundamental obligation to the institution of the Court").[5]

Plaintiffs' concern that even the Court's recent Orders would fail to induce Defendants' compliance with their discovery obligations were entirely founded as to Kline. *See* Hr'g Tr., June 3, 2019, 10:20–22 (noting Plaintiffs' "concerns about whether [these sanctions] would actually induce any sort of compliance"). The time for second and third chances has long since passed. Given Kline's continued disobedience and non-compliance, the point has come for "other sanctions." Hr'g Tr. 30:07–10, July 2, 2019, ECF No. 519. Specifically, in addition to (again) ordering Kline to comply with his discovery obligations and to attend his August 7 deposition, Plaintiffs request that the Court deem the facts listed in the attached Exhibit 1 established for purposes of this case; that the Court deem "authentic" for purposes of satisfying Fed. R. Evid. 901

---

[5] Indeed, the only threatened sanction that has proven to be an effective motivator for Kline is the threat of an arrest. See Ex. B (Kolenich informing Plaintiffs, "The word 'arrest' has had a near magical effect on my former clients. . . . [Kline] has been fully informed of the discovery/ESI expectations").

any documents that Plaintiffs have a good-faith basis to believe were created by Kline; and that the Court instruct the jury that they may draw adverse inferences from the fact that Kline chose intentionally to withhold his documents. *See* Mot. 2.

## CONCLUSION

For these reasons, as well as those provided in Plaintiffs' earlier briefs and at argument, *see* ECF Nos. 457, 475, 504, Plaintiffs respectfully request that this Court grant the Motion in its entirety, and order such other relief as the Court deems just and proper.

Dated: July 23, 2019

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Christopher Cantwell, Robert Ray, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Lisa M. Lorish
Federal Public Defenders Office
Western District of Virginia - Charlottesville
401 E Market Street, Suite 106
Charlottesville, VA 22902
lisa_lorish@fd.org

*Fifth Amendment Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on July 23, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Elliot Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com | Matthew Heimbach<br>matthew.w.heimbach@gmail.com |
| Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com | |

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*