UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | : |
| Plaintiffs, | : |
| vs. | : Case No. 3:17-cv-00072-NKM |
| JASON KESSLER, *et al.*, | : |
| Defendants. | : |

**DEFENDANT SPENCER'S OPPOSITION TO MOTION FOR SANCTIONS AGAINST DEFENDANT ELLIOTT KLINE A/K/A ELI MOSLEY**

## I. Introduction

Defendant Richard B. Spencer (Mr. Spencer) submits this Opposition to Plaintiffs' Supplemental Memorandum of Law in Further Support of Their Motion for Sanctions Against Defendants Elliott Kline a/k/a Eli Mosley and Matthew Heimbach.

Plaintiffs' Motion should be denied to the extent that it seeks sanctions that would adversely affect the defense of Mr. Spencer.

Mr. Spencer has not violated any court order, is not the subject of any motion for sanctions and should not be saddled with the consequence of any alleged defiance of this Court's orders by Kline.

In addition, there are lesser measures that the Court can employ to ensure that Kline complies with this Court's orders and/or that he is punished for his defiance thereof.

1

## II. Facts

Plaintiffs accuse Kline of defying this Court's discovery-related orders. Nowhere, however, do they accuse Mr. Spencer of any such defiance.

Yet Plaintiffs seek sanctions that are not tailored to Kline, but instead still seek sanctions that would apply to all Defendants, including Mr. Spencer.[1]

Plaintiffs do not in any way limit the proposed findings of fact to their case against Kline. Nor do they limit any determination of authenticity to their case against Kline.

## III. Argument

### A. The Purpose of Rule 37 is to Authorize Sanctions Against a Non-Compliant Party.

Rule 37, Fed. R. Civ., provides, in pertinent part, that,

> [i]f a party ... fails to obey and order to provide or permit discovery ... the court where the action is pending may issue further just order.

Rule 37(b(2).

Thus, sanctions may be levied under Rule 37 only against a party that fails to obey an order or to permit discovery. *See Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)("Rule 37(d)

---

[1] Plaintiffs' Supplemental Memorandum of Law in Further Support of Their Motion for Sanctions Against Defendants Elliott Kline A/K/A/Eli Mosley and Matthew Heimbach ("Plaintiffs' Memorandum") at pp. 9-10.
2

... gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

> B. *Sanctions Against a Non-Compliant Party Should Not Adversely Affect Another Party.*

In determining what sanctions to impose on a non-compliant party, the Court should consider the impact of such sanctions on another party that either is not in violation of a court order or, although in violation of an order, is not as culpable as another non-compliant party. *Cf. Li vs. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 392 (N.D. Cal. 2012)(court denied request for entry of default judgment against various defendants that were "not equally culpable for the discovery violations that have occurred," observing that "[e]ntering default judgments against all Defendants except Jin Qiu would be an over-inclusive remedy, and would potentially allow Plaintiffs to obtain a windfall without ever reaching the merits of the wage and hour claims").

> *Analysis*

> *1. Mr. Spencer Has Met His Discovery Obligations.*

Although Plaintiffs are wont to refer to Defendants collectively when criticizing a particular allegedly recalcitrant Defendant, they have not alleged that Mr. Spencer has failed to meet his discovery-related obligations.

> *2. Yet Plaintiffs Impermissibly Seek Findings of Fact That Would Eviscerate Mr. Spencer's Defenses.*

3

Plaintiffs seek determinations that would negate Mr. Spencer's defenses.

For example, in the Memorandum of Law in Support of Plaintiffs' Motion for Sanctions Against Defendant Elliott Kline a/k/a Eli Mosley and Matthew Heimbach (hereinafter "Plaintiff's First Memorandum"), Plaintiffs asked this Court to find that Kline:

1. "entered into an agreement with one or more co-conspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017;"[2]

2. "entered into an agreement with one or more co-conspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017" and on August 12, 2017;[3]

3. were "motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017 in Charlottesville, Virginia";[4]

4. "[i]t was reasonably foreseeable to [them] and intended by [them] that co-conspirators would commit acts of racially-motivated violence and intimidation at the torch light event in

---

[2] Exhibit 1 at pp. 1-2 at Item 3..
[3] Exhibit 1 at pp. 1-2 at Items 4-5.
[4] Exhibit 1 at pp. 1-2 at Items 6 .

4

Charlottesville, Virginia on August 11, 2017" and August 12, 2017;[5]

5. "[i]t was reasonably foreseeable to [them] and intended by [them] that a co-conspirator would engage in racially-motivated violence by intentionally ramming a car into a crowd of counterprotesters on August 12, 2017."[6]

In short, they ask the Court to find as follows:

a. that a conspiracy existed;

b. that the conspiracy consisted of an agreement to engage in racially, ethnically and religiously motivated violence; and

c. that it was foreseeable that a co-conspirator would commit racially motivated violence, including driving a car into counter-protesters.

All such findings are so broad as to sweep Mr. Spencer within their ambit and would result in Mr. Spencer being deprived of his rights to due process and trial by jury.[7]

---

[5] Exhibit 1 at pp. 1-2 at Items 7-8.
[6] Exhibit 1 at pp. 1-2 at item 9.

[7] *Cf. Mutual Federal Savings and Loan Association vs. Richards & Associates, Inc.*, 872 F..2d 88, 92 (4th Cir. 1989)(assessment of nature of sanction is affected by defendants "right to a trial by jury and a fair day in court")(citing *Wilson vs. Volkswagen of America, Inc.*, 561 F.2d, 494, 503-504 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)).

Query, too, whether Plaintiffs will ask the Court to instruct the jury of these proposed determinations. If any such determinations were announced to the jury they would cause the jury to conclude that not only was there a conspiracy of the sort that Plaintiffs allege, but that other persons, including Mr. Spencer, must have been part of it.

5

No such instructions -- indeed, no instruction that adversely affects Mr. Spencer -- is permissible under Rule 37 because Mr. Spencer is not even accused of any wrongdoing.

      3. *Plaintiffs Seek to Deny Mr. Spencer the Ability to Object to Evidence.*

Plaintiffs also ask the Court to disregard the Federal Rules of Evidence and treat various unidentified (and, perhaps, unproduced) documents as authentic -- including as against Defendants other than Kline.

Indeed, they appear to go so far as to ask the Court to treat as authentic **anything they believe** could have been created by Kline -- without identifying the referenced documents with specificity (such as that found in Rule 26 disclosures or exhibit lists), without setting forth some foundation as to why they believe that Kline created the documents and without explaining why non-recalcitrant Defendants, such as Mr. Spencer, can be deprived of the right to cross-examine a witness through whom such a document is to be introduced and thereby challenge the alleged authenticity of the documents.[8]

In so asking, Plaintiffs seek to deprive Mr. Spencer of his right to due process, including his right to have the Court rule

---

[8] Plaintiffs' request also implicates Fed. R. Civ. P. 801. Plaintiffs themselves argue that, without Kline cooperating in discovery, they cannot ascertain who created the referenced documents; thus, they impliedly acknowledge that the documents might have been created by someone who is not a defendant and who is not an alleged co-conspirator. If the Court were to deem the documents as authentic ( because putatively they were created by Kline), when in fact a non-party or non-conspirator created them, the Court would be admitting hearsay. Mr. Spencer submits that this would deprive him of his right to a fair trial.

6

on the authenticity of documents and his right to cross-examine witnesses.

### 4. There are Alternative Sanctions that Would Not Result in a Deprivation of Mr. Spencer's Rights.

If this Court finds that sanctions against Kline are warranted, it can appropriately sanction Kline without depriving Mr. Spencer of his constitutional rights. It can, for example, issue a bench warrant for the arrest of Kline and effectively force him to comply with this Court's orders. And, for example, the Court could "prohibit ... [Kline] from ... opposing designated claims ... or from introducing designated matters in evidence"[9] or it could "render ... a default judgment against [Kline]."[10]

The alternative to which Plaintiffs have referred – a limiting instruction to the jury[11] -- would not be sufficient to cure the prejudice to Mr. Spencer. *See Krulewitch vs. United States*, 336 U.S. 440, 453 (1949)(Justice Jackson concurring: "The naïve assumption that prejudicial effects can be overcome by instructions to the jury … all practicing lawyers know to be unmitigated fiction.")[12]

---

[9] Rule 37(b)(A)(ii).
[10] Rule 37(b)(A)(vi).

[11] Plaintiffs' Reply to Defendant Spencer's Opposition to Motion for Sanctions Against Defendant Kline and Heimbach at pp. 4-6.
[12] Counsel for Mr. Spencer recognizes that courts often issue limiting instructions, but also notes that, under Rule 37(b)(2) (which provides that, after a discovery order has been disobeyed, a court "may issue further just orders"),

7

## III. Conclusion

For these reasons and those to be advanced at oral argument herein,[13] the Motion should be denied.

                    Respectfully submitted,

                    RICHARD B. SPENCER

            By: /s/ John A. DiNucci
                John A. DiNucci (VSB No. 29270)
                8180 Greensboro Drive
                Suite 1150
                McLean, Virginia 22102
                tel.: (703) 821-4232
                fax:  (703) 790-9863
                e-mail: dinuccilaw@outlook.com

---

a court has considerable discretion with respect to the type of sanction it imposes. In these circumstances, it would be unjust to the defendants other than Kline to impose the sanctions sought by Plaintiffs; the efficacy of limiting instructions being questionable, the potential harm to the defendants being great, the availability of other sanctions tailored toward Kline (such as a default judgment) that are more punitive toward Kline (and less punitive towards the other defendants) suggest that the sanctions sought by Plaintiffs are unfair to the other defendants.

    The question also arises whether Plaintiffs' motion for these particular sanctions is premature. Query, for example, whether Plaintiffs will discover means, other than through Kline, to prove the existence of a conspiracy and to authenticate the documents to which they allude.

[13] Mr. Spencer requests oral argument because of the significance of this issue.

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 6, 2019, I filed the foregoing Opposition with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

>Philip M. Bowman, Esq.
>Boies, Schiller Flexner, LLP
>575 Lexington Avenue
>New York, New York 10022
>
>Robert T. Cahill, Esq.
>Cooley, LLP
>11951 Freedom Drive
>14th Floor
>Reston, Virginia 20190
>
>Roberta Kaplan, Esq.
>Kaplan & Company, LLP
>350 Fifth Avenue
>Suite 7110
>New York, New York 10118
>
>Karen L. Dunn, Esq.
>Boies, Schiller, Flexner, LLP
>1401 New York Avenue. N.W.
>Washington, D.C. 20005
>
>Alan Levine, Esq.
>Cooley, LLP
>1114 Avenue of the Americas
>46th Floor
>New York, New York 10036
>
>David E. Mills, Esq.
>Cooley, LLP
>1299 Pennsylvania Avenue, N.W.

Suite 700
Washington, D.C. 20004

David Campbell, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

Lisa M. Lorish, Esq.
Federal Public Defenders Office
Western District of Virginia
40 East Market Street
Suite 106
Charlottesville, Virginia 22902

William E. Rebrook, IV, Esq.
The Rebrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015

I further certify that, on August 7, 2019, I served the following non-ECF participants by the means indicated:

Elliot Kline
117 Mesa Drive
Reading, Pennsylvania 19608
@ eli.f.mosley@gmail.com
(e-mail and mail, first-class, postage-prepaid)

Matthew Heimbach

10

Case 3:17-cv-00072-NKM-JCH    Document 534    Filed 08/06/19    Page 10 of 11    Pageid#: 5986

matthew.w.heimbach@gmail.com
(by e-mail only)

Dillon Hopper
Dillon_hopper@protonmail.com
(by e-mail only)

/s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com