Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 1 of 18   Pageid#: 6030

Sines, et al. vs. Kessler, et al. - 3:17CV00072         1

```
                    IN THE UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF VIRGINIA
                          HARRISONBURG DIVISION

****************************************************************

ELIZABETH SINES, et al.,          CIVIL CASE NO.: 3:17CV00072
                                  AUGUST 8, 2019
                                  HARRISONBURG, VIRGINIA
          Plaintiffs,             TELEPHONIC STATUS CONFERENCE
     vs.

JASON KESSLER, et al.,            Before:
                                  HONORABLE JOEL C. HOPPE
                                  UNITED STATES MAGISTRATE JUDGE
          Defendants.             WESTERN DISTRICT OF VIRGINIA

****************************************************************
APPEARANCES:

For the Plaintiffs (By telephone):

     GABRIELLE E. TENZER, ESQUIRE
     MICHAEL LOW BLOCH, ESQUIRE
     KAPLAN HECKER & FINK LLP
     350 Fifth Avenue, Suite 7110
     New York, New York 10118
     212-763-0883
     gtenzer@kaplanhecker.com
     mbloch@kaplanhecker.com

     JESSICA E. PHILLIPS, ESQUIRE
     BOIES, SCHILLER FLEXNER, LLP
     1401 New York Avenue, NW
     Washington, DC 20005
     202-237-2727
     jphillips@bsfllp.com


_____
                   Mary J. Butenschoen, RPR, CRR
                210 Franklin Road, S.W., Room 540
                     Roanoke, Virginia  24011
                     540-857-5100, Ext. 5312

PROCEEDINGS TAKEN BY FTR TRANSCRIBED BY OFFICIAL COURT
REPORTER USING COMPUTER-AIDED TRANSCRIPTION.
```

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 2 of 18 Pageid#: 6031

Sines, et al. vs. Kessler, et al. - 3:17CV00072    2

```
 1    APPEARANCES (Continued):

 2         YOTAM BARKAI, ESQUIRE
           BOIES SCHILLER FLEXNER, LLP
 3         55 Hudson Yards
           New York, New York 10001
 4         212-446-2300
           ybarkai@blfllp.com
 5
           ALAN LEVINE, ESQUIRE
 6         COOLEY LLP
           1114 Avenue of The Americas
 7         46th Floor
           New York, New York 10036
 8         212-479-6260
           alevine@cooley.com
 9

10    For the Defendant (By Telephone):

11         ELLIOT KLINE, PRO SE

12    ///

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (The proceedings commenced at 3:35 p.m.)
2              THE COURT:  Hi, this is Joel Hoppe.  Who is on the
3      line for the plaintiffs?
4              Mr. Kline, are you on the line?
5              MR. KLINE:  Yes, Your Honor.
6              THE COURT:  All right.  Good afternoon.
7              MR. KLINE:  Good afternoon.
8              THE COURT:  I didn't hear anyone respond for the
9      plaintiffs.  Do we have anyone on the line for the plaintiffs?
10             All right.  Is anybody else on the line?
11             LAW CLERK:  Judge, Ben and I are here.
12             THE COURT:  All right.  I think that's my law
13     clerk.
14             THE CLERK:  And I'm here, Your Honor.  This is
15     Karen.
16             THE COURT:  All right. Ms. Dotson, the courtroom
17     deputy, who is making a recording.
18             UNIDENTIFIED SPEAKER:  We also have the call up in
19     our courtroom here in Charlottesville.
20             THE COURT:  All right.  Well, Ms. Dotson, can you
21     try and get word to the plaintiffs about the -- about the
22     call.
23             THE CLERK:  Yes, sir.
24             THE COURT:  Make sure that they call in.
25             Mr. Kline, why don't we give -- give a minute for

Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 4 of 18   Pageid#: 6033

Sines, et al. vs. Kessler, et al. - 3:17CV00072                4

1  Ms. Dotson to try and get counsel for the plaintiffs on the
2  phone.
3            THE CLERK:  Okay.  One moment, please.
4            MR. KLINE:  No problem.
5            THE COURT:  All right, thank you.
6            (Brief interruption).
7            THE COURT:  Hi, this is Joel Hoppe.  Did somebody
8  just call in?
9            MS. TENZER:  Hi, Your Honor.  It's Gabrielle Tenzer
10 from Kaplan Hecker & Fink on behalf of the plaintiffs.
11           THE COURT:  All right.  Good afternoon, Ms. Tenzer.
12 We do have Mr. Kline on the phone and our courtroom deputy,
13 who is recording the call, and I think my law clerk is on the
14 line as well.  It sounds like we have a few other people who
15 just called in, too.
16           MR. BLOCH:  Judge, hi.  This is Mike Bloch from
17 Kaplan Hecker & Fink on behalf of the plaintiffs.  Sorry for
18 the confusion.  We had a different dial-in, and I think we
19 have figured it out.  So that probably explains all the new
20 entries.
21           THE COURT:  All right.  That's okay.  I know we're
22 kind of switching systems, so we're working through kind of
23 the growing pains of that.
24           Did anyone else just call in?
25           MR. BARKAI:  Good afternoon, Your Honor.  This is

Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 5 of 18   Pageid#: 6034

Sines, et al. vs. Kessler, et al. - 3:17CV00072        5

1  Yotam Barkai from Boies Schiller Flexner also for the
2  plaintiffs.
3          MS. PHILLIPS:  Jessica Phillips from Boies Schiller
4  Flexner here also for the plaintiffs.
5          THE COURT:  All right, good afternoon.
6          Thank you-all for calling in.  This is really sort
7  of a status update about -- about an order that I entered upon
8  July 3rd.  We, Mr. Kline and plaintiff's counsel and some of
9  the other defendants, were -- participated in a conference
10 call on July 2nd where we discussed certain outstanding
11 discovery, and Mr. Kline expressed a willingness to comply
12 with discovery requirements and to make some productions.  And
13 I entered an order the following day, on July 3rd, setting out
14 a schedule for -- for that discovery to be produced and a
15 number of things that Mr. Kline would need to do.
16         On July 23rd, the plaintiffs filed a brief and a
17 declaration indicating that Mr. Kline had not met any of those
18 deadlines up to that point.  And so I wanted to get you-all on
19 the phone and see where we are, see what Mr. Kline had to say
20 about that.
21         Ms. Tenzer or Mr. Bloch, do you want to just bring
22 me up to speed and tell me if there have been any -- well,
23 what's happened since you made your filing on July 23rd.
24         MR. BLOCH:  Sure.  Thanks, Judge.  So there has been
25 some compliance, although not -- I think there's still a long

Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 6 of 18   Pageid#: 6035

Sines, et al. vs. Kessler, et al. - 3:17CV00072          6

1  way to go.  Mr. Kline signed a vendor contract and did
2  participate in the deposition yesterday.  While we were at the
3  deposition he signed a -- an SCA consent as well as some
4  Twitter forms for consent to get his Twitter contents.  There
5  were -- that I think is the extent of the compliance since we
6  filed the motion.
7          What is still outstanding is he has not yet, to my
8  knowledge, unless it happened today, turned over any
9  electronic devices, including a cell phone that he -- he
10 actually brought the cell phone to the deposition yesterday
11 and assured us that it would be turned over to the vendor in
12 short order, such as this week.  So we don't yet have
13 electronic devices.  He has not yet responded to the discovery
14 that we have propounded thus far, the RFPs, requests for
15 production, as well as interrogatories.
16         And I will say there were a number of
17 representations made yesterday at the deposition that I think
18 will require some follow-up discovery.  We intend to propound
19 additional document requests and potentially interrogatories
20 to follow up on some of the representations made yesterday
21 about -- about other discovery that we believe may be out
22 there that we don't yet have.
23         So I think that is the extent of everything that has
24 happened since we filed our supplemental motion.
25         THE COURT:  Okay.  And has there been -- has

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 7 of 18 Pageid#: 6036

Sines, et al. vs. Kessler, et al. - 3:17CV00072                7

1  Mr. Kline submitted a certification form to a third-party
2  vendor?
3              MR. BLOCH: He did. He signed a certification
4  yesterday also at the deposition, which we submitted this
5  morning, to the vendor.
6              THE COURT: All right. Mr. Kline, it sounds like
7  you've done some of the things on the -- that are required in
8  the order, but there's still a few things that are
9  outstanding. So can you -- can you address those? And we can
10 just start with the cell phone that you had at the
11 deposition.
12             MR. KLINE: Yes, Your Honor. I have my -- so I had
13 to use my cell phone for the GPS to get out. I already have a
14 new phone set up and everything like that, so I'll be -- I'll
15 be ready to hand this phone in tomorrow. I just got a new
16 phone so that I'm able to switch the contacts over and
17 everything like that before I turn the phone in. So I'll be
18 ready to do that tomorrow.
19             THE COURT: Okay. And have you had contact with the
20 third-party vendor and gotten some instructions from it?
21             MR. KLINE: No. I was actually going to email
22 Mr. Kaplan after this phone call and ask him what I would need
23 to do to get that turned in tomorrow.
24             THE COURT: Okay. And as I understand it, that's
25 something that is arranged through the third-party --

```
 1    third-party vendor; is that right?  Mr. Bloch?
 2            MR. BLOCH:  That's right, Judge.  It's Mr. Bloch.
 3    Yes, that's correct.
 4            THE COURT:  All right.  Mr. Kline, I think the
 5    third-party vendor will provide you instructions on how to do
 6    that.
 7            MR. KLINE:  Okay, yeah.  If they just send it to me
 8    I can go ahead and do that, like I said, tomorrow when I get
 9    the phone switched over today.
10            THE COURT:  And do you have a contact with the
11    third-party vendor?
12            MR. KLINE:  I have one of their emails, I think.
13    Let me -- let me look for it real quick.  I think it -- is
14    that the Kinkay (phonetic) person?
15            MR. BLOCH:  Yes.
16            MR. KLINE:  Okay, yes, I have their contacts,
17    Judge.
18            THE COURT:  Okay.  All right.  Well, you'll need to
19    make sure that you correspond with that person to get
20    instructions for submitting -- submitting your cell phone.
21    And then any -- are there some social media account
22    credentials that -- that are also outstanding, Mr. Bloch?
23            MR. BLOCH:  Judge, there are -- there's at least
24    another FDA consent that we're going to need from Mr. Kline
25    for representations he made yesterday about Google documents,
```

Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 9 of 18   Pageid#: 6038

Sines, et al. vs. Kessler, et al. - 3:17CV00072            9

1    which we can send to him.  You know, we -- it's -- it's

2    obviously his responsibility to have disclosed everything that

3    he believes has relevant communication on the certification,

4    and I think we will -- we will certainly check that and follow

5    up to see whether there are additional accounts out there that

6    we believe he has not disclosed.

7             One other thing I would mention from yesterday is

8    that Mr. Kline made reference to two emails that he sent --

9    that he said he received from Discord.  I believe it was one

10   email he said he received from Discord and a response that he

11   made to Discord about his attempts to get his documents from

12   Discord.  We asked him yesterday to produce those two emails.

13   He made a representation to us that -- in the deposition that

14   he would do so by today.  So I wanted to make sure that those

15   are part of his production as well.

16             MR. KLINE:  So I -- Your Honor, I looked for those

17   emails through my email addresses, both of the ones that I use

18   for Discord, and I cannot find those emails.  I -- I -- almost

19   all of my emails in my inbox right now have the word "Discord"

20   in them somewhere just because of the court case and things

21   like that, so I -- you know, it's kind of hard for me -- it's

22   kind of hard for me to find it, but I wasn't able to find it

23   anywhere.  I looked like from emails that were sent from

24   Discord and things like that, but I -- I wasn't able to find

25   it.

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 10 of 18 Pageid#: 6039

Sines, et al. vs. Kessler, et al. - 3:17CV00072        10

```
 1              THE COURT:  All right.
 2              MR. BLOCH:  Judge, could I just ask -- I'm sorry.
 3   It's actually not my understanding.  I don't believe,
 4   actually, that a lot of the email communication in this case
 5   includes the word "Discord" in it, I'm not sure why it would,
 6   and I would just inquire as to what efforts Mr. Kline made to
 7   track down those two emails.
 8              MR. KLINE:  I've been looking through the -- I've
 9   been looking through the email inbox, both the deplorable
10   truth emails and the Eli F. Mosley emails.  And if I search
11   the word "Discord" in mail, on the Eli F. Moseley Discord
12   there's 37 emails, and on the deplorable truth emails there's
13   63.  So I've thumbed through those emails, and I was not able
14   to find the email I was looking for.
15              THE COURT:  All right.  Are either of those -- are
16   those the accounts that you -- that you've used?
17              MR. KLINE:  Yes, Your Honor.
18              THE COURT:  All right.  And are you -- are you
19   turning over information from those accounts as part of the
20   discovery in this case?
21              MR. KLINE:  Yes.  I believe that was in reference to
22   the other release or at the time they are saying
23   (indiscernible).  It's from my -- my gmail accounts.
24              THE COURT:  All right.  Mr. Bloch, should those
25   emails -- it sounds like they will probably turn up in the
```

1    third-party vendor's search, I would think.
2                MR. BLOCH:  Judge, I -- yeah, I think if they exist
3    they -- they ought to.  These are emails that Mr. Kline
4    represented both on a court call as well as -- as well as
5    under oath yesterday existed.  I -- I believe, if I remember
6    correctly, that he represented yesterday he had seen them
7    somewhat recently.  They are important for us to be able to
8    understand his level of compliance in this case, which is why
9    we asked for them yesterday.  So I -- I don't know if -- I
10   guess we will see if they are in the production, but as of now
11   it sounds like Mr. Kline is not able to produce them today as
12   he represented he could yesterday.
13               THE COURT:  All right.  Mr. Kline, do you remember
14   when you sent those emails to Discord?  Was it recently?
15               MR. KLINE:  No, Your Honor, I'm not -- it was -- it
16   was a while ago.  It was a couple months ago.  So I don't
17   really remember when I had received or sent back an email.
18               THE COURT:  All right.  Well, after we get off this
19   call, do look through those again.  I'm going to require that
20   you look through those again, and if you can find them and
21   turn them over to Mr. Bloch in the next -- in the next couple
22   of days, all right?
23               MR. KLINE:  Yes, Your Honor.
24               MR. BLOCH:  Judge, I just had a couple of follow-up
25   requests.  One is if Your Honor would consider a very

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 12 of 18 Pageid#: 6041

Sines, et al. vs. Kessler, et al. - 3:17CV00072    12

1  short-ordered deadline for both the phone and those emails, we
2  would appreciate it, as well as -- as well as, as you noted,
3  Mr. Kline to give us the new phone number so that we're able
4  to reach him.
5           THE COURT:  Okay.
6           MR. BLOCH:  I'm sorry, as well as the interrogatory
7  responses and requests for production.
8           THE COURT:  Right.  And I do want to ask about --
9  about those next.
10          So Mr. Kline, you know, I think -- I think it is
11 important to have some deadlines set.  It's going to be
12 somewhat dependent on the third-party vendor providing you
13 instructions, but -- but I certainly think that, you know, by
14 next -- by next Wednesday, you know, you should provide the --
15 these emails, the Discord emails, to plaintiffs' counsel and
16 then your phone to third-party vendor.  I think that would be
17 more than enough time.  And I do want to make sure that you're
18 being proactive in contacting the vendor to get the
19 information so that you can send the vendor your phone.
20          MR. KLINE:  (Indiscernible).
21          THE COURT:  All right. Now, Mr. Kline, how about
22 the -- your responses to the interrogatories and the requests
23 for production of documents?  Are you working on those?
24          MR. KLINE:  Oh, sorry, my phone was muted.  Yes,
25 that's one of the things I was given to look through

1  yesterday. I haven't been able to complete those for them
2  yet, or send them over. That might take me a little bit
3  longer just to get done and sent over to them. But like I
4  said -- like they said earlier, I completed all the other
5  forms they had from yesterday. I (indiscernible) the
6  discovery form.
7        THE COURT: Have you been working on the
8  interrogatories and the requests for production?
9        MR. KLINE: All I've done today is been looking
10 through those emails, those emails after yesterday. I've only
11 had like an hour lunch break, so I looked through those emails
12 during my lunch break, but I should be able to get those
13 interrogatories done fairly -- fairly soon.
14       THE COURT: All right. Well, you know, I want you
15 to start working on those today, and I'll give you until next
16 Friday to -- you know, to get those responses.
17       MR. KLINE: That's definitely doable. That's
18 definitely doable.
19       THE COURT: All right.
20       MR. BLOCH: Judge, if I may, with respect to the
21 interrogatories and the requests for production, obviously, we
22 served them more than a year and a half ago, and I would just
23 ask that Mr. Kline, in answering them, focus on documents and
24 devices, et cetera, that he believes existed as of the time of
25 Unite the Right and not necessarily what he believes still

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 14 of 18 Pageid#: 6043

Sines, et al. vs. Kessler, et al. - 3:17CV00072     14

1  exist.

2       There were questions that we had raised in
3  deposition yesterday about preservation efforts that we will
4  likely follow up about, but -- but we would like to get an
5  understanding from him about content and devices and accounts,
6  et cetera, that he believes exists during the relevant time
7  period called for in the requests and not necessarily what he
8  believes still remain.

9       THE COURT:  All right.  Mr. Kline, do you understand
10 that?

11      MR. KLINE:  Yes, I do, Your Honor.

12      THE COURT:  Okay.  All right.  The responses
13 certainly should cover, you know, what devices and accounts
14 existed as of August 2017, okay?

15      MR. KLINE:  Yes.

16      THE COURT:  All right.

17      MR. BLOCH:  I'd also note, Judge, that it's my
18 understanding the vendor has reached out at least twice and
19 maybe more to Mr. Kline.  I don't know that the holdup on
20 devices is on their end, so I would just ask that he respond
21 promptly.  He ought to have multiple emails from them.

22      THE COURT:  All right.

23      MR. KLINE:  Yes, I'm just going to -- I'll talk to
24 Kinkay (phonetic) about getting my cell phone out to them then
25 for tomorrow.

Case 3:17-cv-00072-NKM-JCH Document 543 Filed 08/16/19 Page 15 of 18 Pageid#: 6044

Sines, et al. vs. Kessler, et al. - 3:17CV00072    15

1    THE COURT: Okay. All right. And Mr. Kline, do the
2    plaintiffs attorneys have -- have a good cell phone number and
3    email address for you and one that you will respond to?
4    MR. KLINE: Yes. Yes, Your Honor. They have both a
5    good phone number and a good email address. However, my phone
6    number will be changing as of tomorrow, so I'm going to reply
7    all to one -- one of those email strings with them giving them
8    my new phone number, as well as the Court.
9    THE COURT: Okay. All right. Do you know what that
10   number is now?
11   MR. KLINE: No, I -- no, Your Honor, I don't know
12   what it is right now. I'll know tonight when I get home.
13   THE COURT: Okay. All right. Well, what I'm going
14   to do is order that no later than tomorrow, so August 9, that
15   you provide that new phone number to plaintiffs' counsel and
16   to the Court's clerk's office, all right?
17   MR. KLINE: That makes sense, Your Honor, yes.
18   MR. BLOCH: Judge, if I may, just one issue that
19   just occurs to me. Mr. Kline made reference to transferring
20   content from, I presume, the phone that he's got now to the
21   new phone. I don't know if he has the new phone or he forgot
22   to get the new phone. I have some concern about the loss of
23   any contents in the transfer process, whatever that means.
24   I'm not entirely sure how to handle that, other than to say it
25   may make sense for Mr. Kline to have his phone imaged before

1  he undertakes some sort of process by which content is
2  transferred.  It's been my experience that contents don't
3  transfer --
4          MR. KLINE:  The only --
5          MR. BLOCH:  -- completely or perfectly.
6          MR. KLINE:  -- just my contacts.  It's just my
7  contacts.
8          MR. BLOCH:  Well, like I said, Judge, I do have some
9  concerns.  There were concerns raised yesterday, to say least,
10 with regard to preservation efforts generally, and another
11 electronic transfer process concerns me.  And I might ask that
12 the phone be imaged before it gets -- before any contents
13 transferred.
14         THE COURT:  All right. And Mr. Kline, are you --
15 are you just manually entering these contacts or are you going
16 to have them transferred a different way?
17         MR. KLINE:  Yes.  Yes, Your Honor.  I'm literally
18 manually bringing over the contacts into the new -- into the
19 new phone.
20         THE COURT:  All right.  If you are doing that, there
21 shouldn't be any loss of information, but -- and so I'm going
22 to require that if you -- if you're transferring -- you can't
23 -- you can't get rid of any information on that phone or
24 transfer -- use any program to transfer information to a --
25 you know, to a different phone.  If you are doing it --

Case 3:17-cv-00072-NKM-JCH   Document 543   Filed 08/16/19   Page 17 of 18   Pageid#: 6046

Sines, et al. vs. Kessler, et al. - 3:17CV00072            17

```
 1              MR. KLINE:  I understand.
 2              THE COURT:  All right.  Mr. Bloch, anything else?
 3              MR. BLOCH:  I think that's it from our end, unless
 4     any of my colleagues have anything to add.
 5              MR. LEVINE:  Your Honor, it's Alan Levine.  I've
 6     been on the phone since the middle of the conference, Your
 7     Honor.  I have -- I have nothing to add.
 8              THE COURT:  Okay.  Thank you, Mr. Levine.
 9              Mr. Kline, do you have any questions or anything
10     that you want to raise?
11              MR. KLINE:  No, Your Honor.
12              THE COURT:  Okay.  All right.  Well, what I'm going
13     to do is just have a short order with these -- with the
14     deadlines for the -- you know, the interrogatories and
15     requests for production and then also the -- also the cell
16     phone and --
17              And Mr. Kline, you know, you'll need to be in touch
18     with the vendor really no later than tomorrow and then by next
19     Wednesday get that -- get your cell phone to them.
20              MR. KLINE:  I understand.
21              THE COURT:  All right.
22              All right.  Well, if there's nothing further, then
23     thank you-all for calling in and have a good day.
24              MR. BLOCH:  Thanks so much, Judge.
25              MS. TENZER:  -- Judge
```

```
 1              THE COURT:  All right, thank you.  Bye.
 2              (The proceedings concluded at 4:02 p.m.)
 3                            CERTIFICATE
 4         I, Mary J. Butenschoen, do hereby certify that the
    foregoing is a correct transcript of my stenographic notes of
 5  the FTR recording in the above-entitled matter.

 6                    _____/s/_____
                      Mary J. Butenschoen, RPR, CRR
 7                    Federal Official Court Reporter
                            August 16, 2019
 8  ///
```