# EXHIBIT 6

| | |
|---|---|
| From: | Michael Bloch |
| To: | edward@rebrooklaw.com |
| Cc: | Gabrielle E. Tenzer; Christopher Greene |
| Subject: | Sines v. Kessler |
| Date: | Monday, April 8, 2019 6:05:33 PM |

Mr. ReBrook,

We understand that you now represent Jeff Schoep, the National Socialist Movement (NSM), and the National Front (NF). Prior to your involvement in the case, on November 19, 2018, the Court ordered each Defendant to disclose in a sworn certification all social media accounts and electronic devices that contained potentially relevant documents or ESI (ECF 379, 383) so that those accounts and devices could be submitted to a third-party vendor for imaging and collection of responsive documents.  Plaintiffs believe your clients failed to disclose in those certifications numerous social media accounts and electronic devices that we believe contain information responsive to Plaintiffs' discovery requests. I am writing to ask that each Defendant you represent fill out a supplemental certification listing all social media accounts and electronic devices that contain potentially relevant documents or ESI. If you believe, for any reason, that such accounts or devices need not have been included on the sworn certifications, please let us know that as well. Once Defendants provide us with updated, complete certifications, we will provide those certifications to the third-party vendor for imaging and collection.

Below is a list of Defendants' social media accounts and electronic devices that Plaintiffs believe contain information responsive to Plaintiffs' discovery requests that the Defendants failed to include in their original certifications.  Many of these were identified by the Defendants themselves in sworn interrogatory responses.  If Defendants are aware of additional accounts and devices that contain information responsive to Plaintiffs' discovery requests, Defendants are obligated, as part of their continuing discovery obligations, to include those accounts and devices in these supplemental certifications as noted by the Court in the most recent status conference.

Additionally, both NSM and NF identified Jeff Schoep as the sole custodian of documents in the possession of each of those entities.  To the extent there are additional custodians from either of those entities who possess accounts and devices with information responsive to Plaintiffs' discovery requests, those custodians should also be disclosed to Plaintiffs so that their documents can be produced.  Please let us know if there are any such additional custodians.

Lastly, as noted in an e-mail sent by Caitlin Fila on March 26, 2019, the third-party vendor needs confirmation as to Mr. Schoep's e-mail account in order to access his documents from Twitter.  The address they have is effschoep@nsm88, which seems like it may include a typographical error.  Please confirm for the vendor the correct e-mail address so that Mr. Schoep's Twitter account can be collected and produced.

We request that you provide us (1) a supplemental certification; (2) the names of any additional custodian(s) for NSM and NF; and (3) confirmation as to the email address associated with Mr. Schoep's Twitter account by Thursday, April 11, 2019.  Thanks very much for your consideration.

Plaintiffs believe the following electronic devices and social media accounts may contain

potentially relevant information to this case:

- Gateway desktop computer

    - This was disclosed to Plaintiffs in an email on June 13, 2018 from Mr. Schoep's former attorney, Mr. Kolenich, to Christopher Greene as an electronic device used by Mr. Schoep/NSM that contains potentially relevant documents.

- E-mail accounts: commander@newsaxon.org, jeffschoep@gmail.com, commander@newsects.org

    - Although the commander@newsaxon.org account was included in Mr. Schoep's certification, Mr. Schoep identified this only as the account associated with his VKontakte (BK) account, so the contents of this e-mail address are not currently being collected by the vendor. Plaintiffs believe this account was used to communicate information concerning the events at issue in this case and therefore ask that this account be included in Mr. Schoep's forthcoming certification so that the contents of the account may be captured in the ESI collection.

- Websites: nsm88.org, NSMradio.org; nsmmedia.org, nsm88records.com
- Bitchute account: NSMMedia
- Twitter account: @NSM88, @NSM_Media, @natfrontunity
- Youtube account: Identified in Mr. Schoep's response to interrogatories as "NSM media or something similar"
- Website: www.nfunity.org

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com