# EXHIBIT 8

**From:** Michael Bloch
**Sent:** Tuesday, April 9, 2019 5:03 PM
**To:** 'Edward ReBrook, ESQ' <rebrooklaw@gmail.com>
**Cc:** Gabrielle E. Tenzer <gtenzer@kaplanhecker.com>; Christopher Greene <cgreene@kaplanhecker.com>
**Subject:** RE: Sines v. Kessler

Mr. ReBrook,

Thank you for your prompt response.  I am one of the attorneys at Kaplan Hecker & Fink.  We, along with attorneys at Boies Schiller Flexner LLP as well as Cooley LLP, represent all of the Plaintiffs.

We understand that you have been newly retained by Mr. Schoep, so I have provided below a brief status of the parties' discovery disputes, as the issues that you raise below have already been resolved.  We also suggest that, for a complete understanding, you review the filings and rulings already made in this case, which cover most of the issues you now raise.  I have included below citations to some of the key documents on these issues.  Plaintiffs' discovery requests have been outstanding for more than a year, and, apart from credentials to a single VK account, Mr. Schoep has failed to produce any documents.  The parties (including Mr. Schoep) have now litigated discovery disputes for several months, which has resulted in a number of court orders that, among other things:  (1) direct the production of documents and information; (2) require that the parties provide their electronic devices and social media accounts to a third party vendor for imaging (ECF 379, 383); and (3) certify, under oath, all electronic devices and social media accounts they had that contained potentially relevant documents, so that those devices and accounts could be collected and imaged by the vendor.  Mr. Schoep filled out the certifications on behalf of himself and the two entity Defendants (NF and NSM), but we believe he failed to disclose numerous accounts and the gateway computer, which we understand have responsive documents.  Under the Court's orders, all electronic devices and social media accounts were required to be produced by March 8, 2019 (ECF 441), but it appears that your clients have failed to identify, and thus produce, all relevant accounts and devices.  In short, Mr. Schoep is already in violation of court orders by continuing to withhold a computer and credentials to multiple social media accounts believed to contain potentially responsive documents.  Mr. Schoep's failure to even identify all relevant devices and accounts may be the subject of a further motion (there is already a motion for sanctions pending against your client).  We would also note that your client cannot avoid discovery because of the temporary inconvenience of not having his computer for a short period of time, particularly after the Court has already ordered all defendants to produce these items.

Further, as Judge Hoppe has already recognized, given that this is a conspiracy case, any objection to producing documents from before the official announcement of the rally, or discussions post-announcement, is meritless; documents and communications about the events at issue are highly relevant, whenever they were created.  While we are not able to extend the deadline imposed by the Court – which already passed one month ago – we understand that you are new to the case and traveling.  Accordingly, please confirm for us that Mr. Schoep will update his certification and produce the electronic devices and account credentials by Friday, April 19.  Please also let us know by April 19 if your client will, as suggested by your email, object to producing any communications prior to the announcement of UTR or after the date of UTR, and your availability for an immediate call with the magistrate in that event, as we will seek immediate relief from the Court.

Finally, as for additional custodians, NSM and NF, as entities, are legally required to turn over all documents in their possession that are relevant and responsive to our document requests, even if those documents are in the possession of custodians other than Mr. Schoep.  As a large, well-established entity (at least with respect to NSM), it is difficult to imagine there were not others in the organization who were communicating on its behalf about the events at issue in

this case. If that is the case, those documents need to be produced as well. See, e.g., Selee Corp. v. McDanel Advanced Ceramic Techs., LLC, No. 1:15-CV-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) ("The Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond to interrogatories and document requests.")(citation and internal quotation marks omitted); accord Hickman v. Wal-Mart Stores, Inc., 152 F.R.D. 216, 223 (M.D. Fla. 1993) (affirming that a company has a duty to make a reasonable search of its business records and a reasonable inquiry of its employees and agents, in order to obtain the information sought in discovery). We understand that these entities are also your clients. Accordingly, please let us know if it is your position that there is nobody else in either NSM or NF in possession of potentially responsive documents.

I am happy to discuss these issues further at any time.

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Tuesday, April 9, 2019 11:17 AM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Subject:** Re: Sines v. Kessler

Mr. Block:

I will review these requests with my client and get back to you; however, I am concerned that much of what you're requesting is overly broad, duplicative, irrelevant, and/or privileged. My client - Jeff Schoep - cannot afford to relinquish his computer, as he needs it for work, to communicate with me, and to prepare for Sines v. Kessler and other lawsuits. Also, I believe that any request for electronic communications **before** the Unite the Right Rally was announced and **after** the Rally ended are irrelevant. Obviously, one cannot incite violence in the past. Moreover, many of the things you are asking for are not under the control or ownership of my client. He cannot give you what he doesn't have. I also have no power to make persons unrelated to this litigation and not under the control of Mr. Schoep give me anything. Since Mr. Schoep is the only named defendant for the NSM and the "Nationalist Front" (which was never a real, functioning entity), only materials within his possession and control are subject to discovery.

Also, even if I did not have any objections to your requests, I am unsure if your demand can be met in the timeframe you have requested. I am on family vacation from this evening through next Tuesday and will have very limited access to email, if any, during that time.

Lastly, please forgive my ignorance, but who are you again? I imagine you are a plaintiff's attorney, which plaintiff?


Best regards,

**W. EDWARD REBROOK, IV**
Attorney & Counselor at Law
**THE REBROOK LAW OFFICE**
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

On Mon, Apr 8, 2019 at 6:05 PM Michael Bloch <mbloch@kaplanhecker.com> wrote:

Mr. ReBrook,

We understand that you now represent Jeff Schoep, the National Socialist Movement (NSM), and the National Front (NF). Prior to your involvement in the case, on November 19, 2018, the Court ordered each Defendant to disclose in a sworn certification all social media accounts and electronic devices that contained potentially relevant documents or ESI (ECF 379, 383) so that those accounts and devices could be submitted to a third-party vendor for imaging and collection of responsive documents. Plaintiffs believe your clients failed to disclose in those certifications numerous social media accounts and electronic devices that we believe contain information responsive to Plaintiffs' discovery requests. I am writing to ask that each Defendant you represent fill out a supplemental certification listing all social media accounts and electronic devices that contain potentially relevant documents or ESI. If you believe, for any reason, that such accounts or devices need not have been included on the sworn certifications, please let us know that as well. Once Defendants provide us with updated, complete certifications, we will provide those certifications to the third-party vendor for imaging and collection.

Below is a list of Defendants' social media accounts and electronic devices that Plaintiffs believe contain information responsive to Plaintiffs' discovery requests that the Defendants failed to include in their original certifications. Many of these were identified by the Defendants themselves in sworn interrogatory responses. If Defendants are aware of additional accounts and devices that contain information responsive to Plaintiffs' discovery requests, Defendants are obligated, as part of their continuing discovery obligations, to include those accounts and devices in these supplemental certifications as noted by the Court in the most recent status conference.

Additionally, both NSM and NF identified Jeff Schoep as the sole custodian of documents in the possession of each of those entities. To the extent there are additional custodians from either of those entities who possess accounts and devices with information responsive to Plaintiffs' discovery requests, those custodians should also be disclosed to Plaintiffs so that their documents can be produced. Please let us know if there are any such additional custodians.

Lastly, as noted in an e-mail sent by Caitlin Fila on March 26, 2019, the third-party vendor needs confirmation as to Mr. Schoep's e-mail account in order to access his documents from Twitter. The address they have is effschoep@nsm88, which seems like it may include a typographical error. Please confirm for the vendor the correct e-mail address so that Mr. Schoep's Twitter account can be collected and produced.

We request that you provide us (1) a supplemental certification; (2) the names of any additional custodian(s) for NSM and NF; and (3) confirmation as to the email address associated with Mr. Schoep's Twitter account by Thursday, April 11, 2019. Thanks very much for your consideration.

Plaintiffs believe the following electronic devices and social media accounts may contain potentially relevant information to this case:

- Gateway desktop computer

  - This was disclosed to Plaintiffs in an email on June 13, 2018 from Mr. Schoep's former attorney, Mr. Kolenich, to Christopher Greene as an electronic device used by Mr. Schoep/NSM that contains potentially relevant documents.

- E-mail accounts: commander@newsaxon.org, jeffschoep@gmail.com, commander@newsects.org

  - Although the commander@newsaxon.org account was included in Mr. Schoep's certification, Mr. Schoep identified this only as the account associated with his VKontakte (BK) account, so the contents of this e-mail address are not currently being collected by the vendor. Plaintiffs believe this account was used to communicate information concerning the events at issue in this case and therefore ask that this account be included in Mr. Schoep's forthcoming certification so that the contents of the account may be captured in the ESI collection.

- Websites: nsm88.org, NSMradio.org; nsmmedia.org, nsm88records.com
- Bitchute account: NSMMedia
- Twitter account: @NSM88, @NSM_Media, @natfrontunity
- Youtube account: Identified in Mr. Schoep's response to interrogatories as "NSM media or something similar"
- Website: www.nfunity.org

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

4

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*