# EXHIBIT 11

**From:** Michael Bloch
**Sent:** Friday, May 3, 2019 12:28 PM
**To:** 'Edward ReBrook, ESQ' <rebrooklaw@gmail.com>
**Subject:** RE: Sines v. Kessler

Mr. ReBrook,

Nice speaking with you. Just to confirm what we discussed, I re-read the Court's Imaging order (ECF 383), which states that Mr. Schoep should fill out the certification attached as Exhibit A and provide it to us. We will forward it on to the vendor. My understanding is that it does not need to be filed with the Court. Your client's account credentials and devices should go straight to the vendor. As I mentioned, we are happy to discuss potential date limitations once we have a sense of the volume of documents.

I have also attached the list of search terms that Plaintiffs' requested be run against the Defendants' accounts and devices.

Please let me know at your earliest convenience whether you have made a determination as to whether there are any additional custodians in possession of responsive documents for the entities you represent.

Have a nice weekend.

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Thursday, May 2, 2019 4:49 PM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Subject:** Fwd: Sines v. Kessler

Dear Mr. Bloch:

My clients has mailed his computer to the vendor. Forgive my ignorance, but should I be sending the vendor the usernames/passwords to the various accounts that my client does have? For example, I know we discussed removing customer information from orders on the NSM88 Records site, but I'm not sure how to do this and still be in compliance. Moreover, I want to remove all privileged emails, so does that mean that I'm not giving you the codes/passwords, or are we just taking everyone's word for it that you're only going to read things you deem relevant? Please advise.

Lastly, this is my first foray into Federal Practice. Do you know if I am supposed to file anything with the court regarding the documents, computers, accounts, passwords, etc.? Do I need to file something by tomorrow, or is handing over the requested information to you and/or the vendor make us compliant?

Thank you for your time.

Best regards,

**W. EDWARD REBROOK, IV**
Attorney & Counselor at Law
**THE REBROOK LAW OFFICE**
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

---------- Forwarded message ---------
From: **Edward ReBrook, ESQ** <rebrooklaw@gmail.com>
Date: Tue, Apr 23, 2019 at 12:33 PM
Subject: Re: Sines v. Kessler
To: Michael Bloch <mbloch@kaplanhecker.com>

Mr. Bloch:

Thank you for the reply. This email is long, and I apologize for that.

A few things trouble me here - firstly, I don't believe for a second that this lawsuit is about a conspiracy regardless of what the complaint says. If it were, you wouldn't be asking for info from NSM records. It's clear to me that what your plaintiffs want is to expose NSM's members and/or donors so that they can be doxed for all time.

Further, no member of the NSM has been charged criminally for the actions in Charlottesville. You don't like them, and I get that. They're a bunch of racists. But suing them doesn't give you or your plaintiffs carte blanche permission to eviscerate my Client's 4th Amendment rights to be secure in his person and effects. Moreover, the computer you're seeking has communications between myself and Mr. Schoep and his previous lawyers. This is Privileged.

As I've mentioned, simply naming the "National Front" as a defendant doesn't make it any more real. Where are they headquartered or incorporated? They aren't because there is no National Front. It was a temporary, voluntary alliance between these groups, but it is not a functioning or ongoing entity. How can I have a defunct, temporary entity that no longer exists fill out a form for you? I'm really asking.

Lastly, I maintain that I cannot give you what I don't have, even if you really want me to. Mr. Schoep - my only flesh & blood, human client - literally does not control several of the things you are requesting (**see below**). And entities which are not named defendants in this suit are not subject to your discovery requests.

Regardless, below is a point by point explanation of the each of the things you are requesting and the problem with handing it over to you:

WEBSITES:
   -**NSM88.ORG:** There is no communication that occurs through this website. Any and all information that may potentially be needed from this website/domain can be found by going online and directly going to the website itself. The website is open to the general public and therefore may be viewed by anyone.

   -**NSMRADIO.ORG**: This isn't even a purchased or active domain. Neither NSM nor Jeff Schoep own or operate this website.

   -**NSMMEDIA.ORG:** This domain is not owned or operated by the NSM or Jeff Schoep. It is an independently owned website/domain outside of the NSM or Jeff Schoep and the custodian of the site us unknown to the NSM and Jeff Schoep.

   -**NFUNITY.ORG**: This domain/website is not and has never been owned/operated by the NSM or Jeff Schoep.  It was an independent website/domain outside of the NSM and Jeff Schoep. It's custodian is believe to be either Matthew Parrot or Matthew Heimbach. It's webmaster was believed to be Matthew Parrot. Mr. Heimbach is no longer affiliated with NSM and I have no way of reaching him or Mr. Parrot. Perhaps you'd have better luck trying to go through their attorneys.

   -**NSM88RECORDS.COM** - This domain is a general merchandise online store. It is not owned by the NSM nor it is affiliated with the National Socialist Movement. It is independently owned by an LLC outside of the NSM and has no *direct* affiliation with the NSM other than the fact that it does carry some NSM merchandise. However, anything that would be deemed "potentially relevant" may be seen from simply going to the website itself. It is a public domain where anyone from the public may go and shop for merchandise or collectible items of their choosing. No communication is done through this site. It is an online store and access to the site would be a violation of customer privacy *eg:*
  **PRESERVATION OF PERSONAL PRIVACY (EXCERPT)**
*Act 378 of 1988*
*445.1712 Record or information concerning purchase, lease, rental, or borrowing of books or other written materials, sound recordings, or video recordings; disclosure of customer identification prohibited; exception.*
*Sec. 2.*
(1) Subject to subsection (2) and except as provided in section 3 or as otherwise provided by law, a person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not knowingly disclose to any person, other than the customer, a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed those materials from the person engaged in the business.

Also, NSM88RECORDS.COM is owned by NSM88 Records LLC, is not a named defendant, and is completely independent of the NSM. It is an online merchandise and collectibles store independent of NSM. To provide third-party access to this domain/website would be a violation of consumer privacy and is protected under both state and federal laws. There is nothing pertaining to the development of Unite the Right Rally, before, during, or after, related to this website. It is a website open to all the public and therefore can be viewed publicly by visiting the domain online.

**-Social Media Accounts:**
  **-TWITTER:**
**@NSM_Media** - Neither the NSM nor Jeff Schoep is/was the custodian of this suspended twitter account.

**- @NSM88** - commander@newsaxon.org is believed to be the custodian's email for this account - the account has been suspended - this we believe was Mr. Schoep's old twitter account that the plaintiffs were inquiring about. It has not been active since 2017.

**- @natfrontunity** - neither the NSM nor Jeff Schoep was the custodian of this account and have no knowledge of who the custodian is/was for this twitter account.

   **- Bitchute Account:**
**NSMMedia** - Neither NSM nor Mr. Schoep is/was the custodian of this Bitchute account and do not have any access to this BitChute account. We don't even know what a Bitchute account is.

   **-YouTube Account:**

3

**NSM Media :** The NSM Media YouTube account is independent of the NSM and Jeff Schoep. The custodian of this account is unknown by NSM and Jeff Schoep and therefore is unable to be produced.

**EMAIL ADDRESSES:**
JEFFSCHOEP@GMAIL.COM / COMMANDER@NEWSAXON.ORG - is used to communicate with both current and former attorneys in the Sines v. Kessler lawsuit as well as other privileged matters. We object in the basis of privilege.

COMMANDER@NEWSECTS.ORG - **Neither** NSM nor Mr. Schoep has ever been a custodian of this email address. Jeff Schoep has no idea who or what the custodian of this email address may be as they have never seen this email before now.

**GATEWAY COMPUTER:**
  -**Owned by NSM88RECORDS LLC -** Defendants cannot produce this computer as it is owned by NSM88 Records LLC - not a named Defendant - and contains private customer information. To hand this over would be an infringement of consumer rights to privacy by having it imaged by a third party and its contents are more prejudicial than probative.

Best regards,

**W. Edward ReBrook, IV**
Attorney & Counselor at Law
**The ReBrook Law Office**
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

On Apr 23, 2019, at 11:22, Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Dear Mr. ReBrook:
>
> I never heard back from you on these issues.
>
> In anticipation of our upcoming conference with the Court, please let me know whether or not Mr. Schoep intends to produce his laptop or credentials to the accounts listed below. Please also let me know whether or not NSM or NF intend to produce documents in the possession of any other custodian.
>
> If I do not hear from you by close of business tomorrow, I will assume that your clients are unwilling to provide any further discovery. Thanks.

**Michael Bloch** | **Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Tuesday, April 9, 2019 11:17 AM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Subject:** Re: Sines v. Kessler

Mr. Block:

I will review these requests with my client and get back to you; however, I am concerned that much of what you're requesting is overly broad, duplicative, irrelevant, and/or privileged. My client - Jeff Schoep - cannot afford to relinquish his computer, as he needs it for work, to communicate with me, and to prepare for <u>Sines v. Kessler</u> and other lawsuits. Also, I believe that any request for electronic communications **before** the Unite the Right Rally was announced and **after** the Rally ended are irrelevant. Obviously, one cannot incite violence in the past. Moreover, many of the things you are asking for are not under the control or ownership of my client. He cannot give you what he doesn't have. I also have no power to make persons unrelated to this litigation and not under the control of Mr. Schoep give me anything. Since Mr. Schoep is the only named defendant for the NSM and the "Nationalist Front" (which was never a real, functioning entity), only materials within his possession and control are subject to discovery.

Also, even if I did not have any objections to your requests, I am unsure if your demand can be met in the timeframe you have requested. I am on family vacation from this evening through next Tuesday and will have very limited access to email, if any, during that time.

Lastly, please forgive my ignorance, but who are you again? I imagine you are a plaintiff's attorney, which plaintiff?

Best regards,

**W. E**DWARD **R**E**B**ROOK**, IV**
Attorney & Counselor at Law
**T**HE **R**E**B**ROOK **L**AW **O**FFICE
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com

5

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

On Mon, Apr 8, 2019 at 6:05 PM Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Mr. ReBrook,
>
> We understand that you now represent Jeff Schoep, the National Socialist Movement (NSM), and the National Front (NF). Prior to your involvement in the case, on November 19, 2018, the Court ordered each Defendant to disclose in a sworn certification all social media accounts and electronic devices that contained potentially relevant documents or ESI (ECF 379, 383) so that those accounts and devices could be submitted to a third-party vendor for imaging and collection of responsive documents.  Plaintiffs believe your clients failed to disclose in those certifications numerous social media accounts and electronic devices that we believe contain information responsive to Plaintiffs' discovery requests. I am writing to ask that each Defendant you represent fill out a supplemental certification listing all social media accounts and electronic devices that contain potentially relevant documents or ESI. If you believe, for any reason, that such accounts or devices need not have been included on the sworn certifications, please let us know that as well. Once Defendants provide us with updated, complete certifications, we will provide those certifications to the third-party vendor for imaging and collection.
>
> Below is a list of Defendants' social media accounts and electronic devices that Plaintiffs believe contain information responsive to Plaintiffs' discovery requests that the Defendants failed to include in their original certifications.  Many of these were identified by the Defendants themselves in sworn interrogatory responses.  If Defendants are aware of additional accounts and devices that contain information responsive to Plaintiffs' discovery requests, Defendants are obligated, as part of their continuing discovery obligations, to include those accounts and devices in these supplemental certifications as noted by the Court in the most recent status conference.
>
> Additionally, both NSM and NF identified Jeff Schoep as the sole custodian of documents in the possession of each of those entities.  To the extent there are additional custodians from either of those entities who possess accounts and devices with information responsive to Plaintiffs' discovery requests, those custodians should also be disclosed to Plaintiffs so that their documents can be produced.  Please let us know if there are any such additional custodians.

Lastly, as noted in an e-mail sent by Caitlin Fila on March 26, 2019, the third-party vendor needs confirmation as to Mr. Schoep's e-mail account in order to access his documents from Twitter. The address they have is effschoep@nsm88, which seems like it may include a typographical error. Please confirm for the vendor the correct e-mail address so that Mr. Schoep's Twitter account can be collected and produced.

We request that you provide us (1) a supplemental certification; (2) the names of any additional custodian(s) for NSM and NF; and (3) confirmation as to the email address associated with Mr. Schoep's Twitter account by Thursday, April 11, 2019. Thanks very much for your consideration.

<u>Plaintiffs believe the following electronic devices and social media accounts may contain potentially relevant information to this case:</u>

- Gateway desktop computer

    o This was disclosed to Plaintiffs in an email on June 13, 2018 from Mr. Schoep's former attorney, Mr. Kolenich, to Christopher Greene as an electronic device used by Mr. Schoep/NSM that contains potentially relevant documents.

- E-mail accounts: commander@newsaxon.org, jeffschoep@gmail.com, commander@newsects.org

    o Although the commander@newsaxon.org account was included in Mr. Schoep's certification, Mr. Schoep identified this only as the account associated with his VKontakte (BK) account, so the contents of this e-mail address are not currently being collected by the vendor. Plaintiffs believe this account was used to communicate information concerning the events at issue in this case and therefore ask that this account be included in Mr. Schoep's forthcoming certification so that the contents of the account may be captured in the ESI collection.

- Websites: nsm88.org, NSMradio.org; nsmmedia.org, nsm88records.com
- Bitchute account: NSMMedia
- Twitter account: @NSM88, @NSM_Media, @natfrontunity
- Youtube account: Identified in Mr. Schoep's response to interrogatories as "NSM media or something similar"

7

- Website: www.nfunity.org

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*