# EXHIBIT 17

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Monday, June 17, 2019 12:50:33 PM
**To:** Michael Bloch
**Subject:** Re: Compliance

Mr. Bloch:

Let me clarify - my client does not have a desktop computer. He has not had a desktop computer for years. He won't be giving the vendor a desktop because he has no desktop to give. He has provided his laptop, the only computer he has.

As for deposition dates, my only bad dates currently are July 9 and 17. Feel free to tell anyone you like.

If you have specific, human persons I am expected to query for discoverable information other than my only human client, Jeff Schoep, please let me know. I believe there have been hundreds if not thousands of NSM members over the years, so in order to avoid a vagueness objection, I'm going to need to know who you expect me to contact.

This email evidences my substantial effort to be cooperative with you. Let's see if you can cooperate with me.

Best regards,


**W. EDWARD REBROOK, IV**
Attorney & Counselor at Law
**THE REBROOK LAW OFFICE**
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com


This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

On Jun 16, 2019, at 18:44, Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Mr. ReBrook:
>
> I am not sure I understand your e-mail and we have received different information from the vendor. It is our understanding that the vendor has received a laptop computer from Mr. Schoep, not a desktop.  Do you dispute that?  Please let us know the make and model of the computer Mr. Schoep says he produced to the vendor so we can clarify this discrepancy.
>
> Beyond what I have already offered, I cannot advise further as to how to conduct an investigation for responsive documents.

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Thursday, June 13, 2019 12:20 PM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Subject:** Re: Compliance

Mr. Bloch:

Thank you for the information. My client has turned over his one and only computer (a desktop) to the vendor for imaging. I'm not sure what Mr. Kolenich said or wrote about a desktop, but it was likely a type. Mr. Schoep has not had a laptop for many years.

Do you have a complete list of persons I am expected to query for information, or is it up in the air?


Best regards,



**W. EDWARD REBROOK, IV**
Attorney & Counselor at Law
**THE REBROOK LAW OFFICE**
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.


On Wed, Jun 12, 2019 at 5:26 PM Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Mr. ReBrook,
>
>
>
> Thanks for your response. Please let us know no later than COB on Thursday whether Mr. Schoep intends to produce his desktop computer to the vendor. If we do not have an answer on that issue by then, we will presume he intends to withhold it.
>
>
>
> Regarding your entity clients, for whom you entered a notice of appearance on March 19, 2019, I would refer you to the cases we cited in our earlier correspondence: "[t]he Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond to interrogatories and document requests." Selee Corp. v. McDanel Advanced Ceramic Techs., LLC, No. 1:15-CV-00129-MR,

2

2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) (citation and internal quotation marks omitted); accord Hickman v. Wal-Mart Stores, Inc., 152 F.R.D. 216, 223 (M.D. Fla. 1993) (affirming that a company has a duty to make a reasonable search of its business records and a reasonable inquiry of its employees and agents, in order to obtain the information sought in discovery).  At a minimum, Brian Culpepper, who was a spokesman for the NSM around the time of the events in Charlottesville and made statements on behalf the organization, would therefore be in possession of responsive documents that we believe Plaintiffs are entitled to. We would appreciate a response by COB Thursday as to whether you will be producing documents for Mr. Culpepper or any other custodians for those two entities that you believe have responsive documents after reasonable investigation. Thanks.

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

---

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Wednesday, June 12, 2019 3:07 PM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Subject:** Re: Compliance

Mr. Bloch:

The only actual human person I have a relationship with is Mr. Schoep. I do not know any of these other people. My relationship with NSM and NF (which I'm not sure is an actual organization) is derivative of my relationship with Mr. Schoep. Am I being asked to develop new relationship's with additional natural persons?

Best regards,

**W. EDWARD REBROOK, IV**

Attorney & Counselor at Law

**THE REBROOK LAW OFFICE**

6013 Clerkenwell Court

Burke, Virginia 22015

Mobile: 571-215-9006

3

Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

On Jun 11, 2019, at 13:00, Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Mr. ReBrook,
>
> I have not heard back from you on these issues. Please let us know by 1:00 p.m. tomorrow whether Mr. Schoep intends to produce his desktop computer to the vendor, and whether there are any custodians beyond Mr. Schoep who will be producing documents on behalf of NSM or NF. Thanks.
>
> **Michael Bloch | Kaplan Hecker & Fink LLP**
> Counsel
> 350 Fifth Avenue | Suite 7110
> New York, New York 10118
> (W) 929.367.4573 | (M) 646.398.0345
> mbloch@kaplanhecker.com
>
> **From:** Michael Bloch
> **Sent:** Monday, May 13, 2019 1:47 PM
> **To:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
> **Cc:** akirra_boss@pm.me; jeffschoep@gmail.com
> **Subject:** RE: Compliance
>
> Mr. ReBrook,
>
>     Thank you for your e-mail.  With respect to Mr. Schoep's compliance, it appears from the latest vendor report that there may still be certain items outstanding, as detailed below:

4

- Gateway desktop computer – While I note that Mr. Schoep produced a Compaq Presario laptop, it does not appear that he has produced his Gateway desktop, the computer that Mr. Kolenich identified in June 2018 as a device containing potentially responsive documents. I e-mailed you about this item last week and did not hear back. Please let us know whether he will be producing that device to the vendor.

- E-mail accounts – it appears that the e-mail address associated with Mr. Schoep's Bitchute account was one which we were previously unaware of: nsm88media2@protonmail.com. If that account contains potentially relevant documents, that too needs to be imaged by the vendor. Please let us know whether Mr. Schoep will be producing credentials associated with that account to the vendor.

- Websites: According to the latest vendor report, Mr. Schoep appears to have produced credentials to a single website, for which the username was "spectra." We requested credentials to multiple websites, although we recognize that the Court's order only required that Mr. Schoep provide credentials required to access non-public content of certain websites. Please confirm that it is your position that there is no content on any of the websites referenced in my April 8 e-mail that is inaccessible to the public.

With respect to NSM and NF, it remains our position that there must be custodians beyond Mr. Schoep that that possess content responsive to our document requests, particularly with respect to NSM. By way of example only, Brian Culpepper, was a spokesman for the NSM around the time of the events in Charlottesville and made statements on behalf the organization. It is difficult to imagine that he, among others, does not have potentially relevant content on his electronic devices and social media accounts. As you know, "[t]he Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond to interrogatories and document requests." Selee Corp. v. McDanel Advanced Ceramic Techs., LLC, No. 1:15-CV-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) (citation and internal quotation marks omitted); accord Hickman v. Wal-Mart Stores, Inc., 152 F.R.D. 216, 223 (M.D. Fla. 1993) (affirming that a company has a duty to make a reasonable search of its business records and a reasonable inquiry of its employees and agents, in order to obtain the information sought in discovery). Please let us know whether you will be producing documents from custodians other than Mr. Schoep for NSM and NF.

Regards,

**Michael Bloch | Kaplan Hecker & Fink LLP**

Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

---

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Sent:** Monday, May 13, 2019 8:10 AM
**To:** Michael Bloch <mbloch@kaplanhecker.com>
**Cc:** akirra_boss@pm.me; jeffschoep@gmail.com
**Subject:** Compliance

Mr. Bloch:

I am just writing to verify if we're in compliance. We've sent the computer for imaging and provided our access to all the accounts we could find. I have not heard yet about receiving anything back from the vendor. In any case, if anything further is required please do not hesitate to let me know.

Sincerely,

**W. EDWARD REBROOK, IV**

Attorney & Counselor at Law

**THE REBROOK LAW OFFICE**

6013 Clerkenwell Court

Burke, Virginia 22015

Mobile: 571-215-9006

Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

6

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*