# EXHIBIT 19

**From:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>

**Sent:** Wednesday, August 28, 2019 11:20 AM

**To:** hoppe.ecf@vawd.uscourts.gov

**Cc:** KarenD@vawd.uscourts.gov; Roberta Kaplan; Julie Fink; Levine, Alan; Mills, David; Bowman, Philip M.; Rottenborn, Ben; Karen Dunn; Jessica Phillips; William Isaacson; Gabrielle E. Tenzer; John DiNucci; Bryan Jones; David Campbell; James Kolenich; eli.f.mosley@gmail.com; dillon_hopper@protonmail.com; matthew.w.heimbach@gmail.com; Michael Bloch

**Subject:** Re: Sines v. Kessler, Case No. 17 Civ 72

Dear Judge Hoppe:

I am writing to update you on the status of my client's compliance with the plaintiff's discovery requests. Attached to this email, please find our supplemental discovery response, per the Plaintiff's request. I will also submit it on the ECF system once I have my password reconstituted.

Firstly, I would like to respectfully remind the Court that I have only one actual, human client, Mr. Jeff Schoep. This Honorable Court decided prior to my involvement with this case that Mr. Schoep was responsible for finding an attorney for himself, the NSM, and the National Front. He did as ordered and retained me. At the time, I did not fully appreciate or understand that Mr. Schoep had no control of the National Front and would soon be leaving the NSM. I was told that I had to submit a Praecipe for all three defendants (Schoep, NSM, and NF), but in truth, I only have privity of contract with Mr. Schoep.

The Honorable Mr. Bloch contends that I: "have not fulfilled [my] obligation to conduct a reasonable investigation of the entities [I] represent to respond fully to . . . discovery requests." With respect, this is simply not true. As I've stated, the only human client I have is Mr. Schoep, and he has provided everything he's been asked to provide that is within his control. Obviously he cannot provide things that he does not control or own. Mr. Bloch has mentioned two other persons to me in his correspondence, including Mr. Burt Colucci and Mr. Brian Culpepper. I have attempted to reach these individuals through my client without success.

I do not know what more is expected of me regarding the reasonableness of my inspection into these matters. The National Front has no address, no phone number, no headquarters, and as far as I can tell, no leadership or members. From what my client tells me, the National Front was a temporary, voluntary alliance between various white nationalist groups (all of whom area already named defendants) but it is no longer a functioning entity. In light of these facts, I respectfully ask

the court to either remove me as counsel for the National Front or remove the National Front as a defendant in this matter.

In regard to the other items ordered by the court, I provide the following answers to each in turn:

·   **LAPTOP COMPUTER:**  Mr. Schoep turned over his laptop that he had used before, during and after the Charlottesville Unite the Right Rally to the Vendor, as he was ordered to do by the Court. The non-privileged documents returned by the plaintiff's queries are being uploaded via the system provided to us this week.

·   **TWITTER:** Mr. Schoep has given all credentials or other information required to access the suspended Twitter account.

·   **WEBSITES:**  Mr. Schoep has given iDS all credentials (or other information) required to access any non-public content of websites that are within his control.

·   **BITCHUTE:**  To clarify with the Bitchute account and the first set of interrogatories  The BitChute account was the NSM's account. Mr. Schoep was not personally responsible for it and never had access to the account. Mr. Schoep's first set of interrogatories that his former attorney, Mr. Kolenich, submitted to the court was exactly identical to the interrogatories that were submitted for NSM. The BitChute account should not have been included in Mr. Schoep's interrogatory responses.

In email correspondence Mr. Schoep made it known that the only social media accounts he personally had was a Twitter account and a VK account.  Mr. Schoep did tell his former attorney that the NSM had a BitChute account, but it was NOT his personal account. Mr. Schoep's first set of interrogatories should have only stated his personal Twitter account and his VK profile.

Instead of distinguishing the answers and submitting them accordingly, Mr. Kolenich submitted the exact same answers for both the NSM and Mr. Schoep.  This was inaccurate. The NSM did have a BitChute account and Mr. Schoep was able to obtain the credentials for this account, which he gave to the third party vendor for imaging.

In Mr. Schoep's email correspondence with Mr. Kolenich, he specifies the Twitter account, his VK account and email that was used before and after Unite the Right.  He specified that NSM had a Bitchute account and that is all.  This is where the confusion came in and why Mr. Schoep did not initially have any credentials for the NSM's BitChute account.

·   **NSM & NF:**  With respect to NSM, Mr. Schoep retired from the NSM in March of 2019. This was made public on the NSM website, NSM88.ORG, in his press release dated March 6, 2019. Mr. Schoep no longer has any access to organizational information or relevant points of contact within the organization. According to Mr. Schoep, Mr. Brian Culpepper has not been a member of the NSM for some time and they have not had any personal contact with one another since Mr. Culpepper left. Mr. Schoep has made attempts

to reach out to Mr. Culpepper with no response. Mr. Schoep cannot produce documents from any current custodians of NSM since he is no longer a part of the NSM.

As mentioned above, after thoroughly enquiring into the matter, I do not believe that the National Front is a functional entity capable of answering discovery requests. It does not, in my opinion, exist.

The NSM exists, and likely has members all over the country. The problem here is that the only privity of contract I have with anyone ever associated with NSM is with Mr. Schoep. I have not been able to get information from anyone else or about anyone else, nor do I imagine that this organization wants to be particularly helpful.

As such, I am hoping that NSM and NF can be dropped as defendants in this matter or, failing that, that I be relieved as their counsel and be only counsel of record for Mr. Schoep in this matter.

Best regards,


**W. EDWARD REBROOK, IV**

Attorney & Counselor at Law

**THE REBROOK LAW OFFICE**

6013 Clerkenwell Court

Burke, Virginia 22015

Mobile: 571-215-9006

Email: edward@rebrooklaw.com


This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.


On Wed, Jun 19, 2019 at 8:55 PM Michael Bloch <mbloch@kaplanhecker.com> wrote:

> Dear Judge Hoppe:

We are writing to alert Your Honor to messages recently posted on social media by Defendant Christopher Cantwell, threatening Plaintiffs' counsel, Roberta Kaplan.

Yesterday, Mr. Cantwell posted the following in reference to Ms. Kaplan: "After this stupid kike whore loses this fraudulent lawsuit, we're going to have a lot of fucking fun with her." A screenshot of his post is attached.

At a minimum, this sort of conduct obviously undermines the integrity of the judicial process, and we intend to submit a more formal request for appropriate relief shortly. In the meantime, because this implicates the security concerns that we have previously raised and that we expect will be a continuing issue throughout this litigation, we wanted to bring this to Your Honor's immediate attention. We will be prepared at the next conference to discuss additional security measures that we believe will be necessary as this case proceeds toward trial.

Respectfully submitted,

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*