# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

Civil Action No. 3:17-cv-00072-NKM

## PLAINTIFFS' MOTION SEEKING LEAVE TO DEPOSE THOMAS RYAN ROUSSEAU AS AN AUTHORIZED REPRESENTATIVE OF VANGUARD AMERICA

Plaintiffs respectfully submit this Motion seeking the Court's leave to depose Thomas Ryan Rousseau as an authorized representative of Vanguard America in order to ascertain Vanguard America's compliance with its discovery obligations, and without prejudice as to a second deposition on the merits.

## FACTS

On August 13, 2019, Plaintiffs took the deposition of Dillon Hopper pursuant to your Honor's Order of July 3, 2019, requiring that Mr. Hopper "sit for a deposition by Plaintiffs' counsel devoted exclusively to both his and Vanguard America's conduct in pretrial discovery." [ECF No. 517.] As discussed during the hearing before the Court on July 2, 2019, Plaintiffs suspected that another individual, Thomas Ryan Rousseau, may have relevant information concerning Vanguard America's compliance with discovery in this case. [ECF No. 519.] Indeed, during this hearing,

Mr. Hopper maintained that "Thomas Russo [sic] . . . had created all of [Vanguard America's] social media accounts," and that Mr. Rousseau controlled those accounts during the events at issue. [*Id.*] As Plaintiffs contemplated, during the course of Mr. Hopper's deposition it became increasingly clear that, given Mr. Hopper's limited involvement in planning the Unite the Right rally and running Vanguard America in the months leading up to the rally, he was unable to shed meaningful light on the deposition topics.

Mr. Hopper testified that he was not directly involved with, and did not attend, Unite the Right. [*See* Ex. 1 at 87:15-16 ["No. I was not involved in Charlottesville 2.0."].] Mr. Hopper instead made clear that Mr. Rousseau ousted him from his leadership role in Vanguard America months before Unite the Right, and took over primary responsibility for planning the rally on behalf of Vanguard America. [*Id.* at 114:25-115:6 ["Whenever I basically got kicked out of Vanguard and Thomas took over, I just like -- I lost it. I was just like, You [sic] know what? Forget all this nonsense. I don't even want to be a part of it."].] Mr. Hopper was therefore unable to provide even basic information concerning Vanguard America's documents, social media accounts, and the passwords to those accounts. For example, Mr. Hopper repeatedly testified that he "didn't have those passwords or anything to like the Twitter . . . or the website, things like that," [*Id.* at 107:11-13], and that he could not even recall the names of Discord servers utilized by Vanguard America. [*See id.* at 32:10-15 ["Q. [W]hat was the Discord server that you used? A. Oh, goodness. I can't remember exactly the exact name. It was probably something like Vanguard something. I have no idea."].]

Mr. Hopper did testify that Mr. Rousseau was the "key individual" who was "mainly in charge" of Vanguard America before, during, and after the events of United the Right. [*Id.* at 30:19; 77:18; *see also id.* at 51:2-5 ["Q. Who went from Vanguard America to Charlottesville 1.0?

2

A. That was all Thomas Rousseau and all of those guys[.]"]; 207:6-11 ["Q. Who else besides . . . Mr. Rousseau was representing Vanguard at the Unite the Right rally? A. At that point, Mr. Rousseau would have been the senior guy in charge of Vanguard, so he would have been the head representative[.]"].] Mr. Hopper further confirmed that he did not have access to a myriad of Vanguard America's social media accounts, because those were controlled and/or moderated by Mr. Rousseau. [*See id.* at 30:18-20 ["His name was Thomas Rousseau. And he was the key individual that I assigned as moderator for many of the channels."]; 204:18-21 ["I mean, that would have to go through Mr. Rousseau because he was the one in charge of the vetting servers and the vetters and all of that."].] Despite the fact that Mr. Rousseau was plainly the most knowledgeable member of Vanguard America regarding the possession and preservation of relevant documents, Mr. Hopper testified that he never consulted Mr. Rousseau regarding the responses to Plaintiffs' discovery requests. [*Id.* at 205:9-13 ["Q. So there wasn't a conversation between you and Mr. Rousseau about this complaint from the day it was filed until today; isn't that right? A. That's right."].] Finally, Mr. Hopper testified that he has attempted to contact Mr. Rousseau on numerous occasions to discuss this case, but has had no success. Indeed, given his central importance to the planning of Unite the Right on behalf of Vanguard America, Plaintiffs served Mr. Rousseau a subpoena for documents in October 2018. Mr. Rousseau still has not complied with the subpoena.

## ARGUMENT

Accordingly, as the Court contemplated in the July 2, 2019 hearing, another individual, namely Mr. Rousseau, is the "proper person to go to" in order to obtain information on Vanguard America's compliance with its discovery obligations in this case. [ECF No. 519.] Plaintiffs therefore intend to notice an additional deposition of Mr. Rousseau as a representative of Vanguard America in order to determine the organization's compliance with the discovery process. *See*

3

*Quality Aero Tech., Inc.* v. *Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) ("Further, there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition."); *see also Selee Corp.* v. *McDanel Advanced Ceramic Techs., LLC*, No. 1:15-cv-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) ("The Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond to interrogatories and document requests." (citation and internal quotation marks omitted)). Plaintiffs respectfully request leave to do so without prejudice as to any second deposition on the merits. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court grant the Motion in its entirety, and order such other relief as the Court deems just and proper.

Dated: September 5, 2019

Respectfully submitted,

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

4

Of Counsel:

| | |
|---|---|
| Roberta A. Kaplan (*pro hac vice*) | Karen L. Dunn (*pro hac vice*) |
| Julie E. Fink (*pro hac vice*) | Jessica E. Phillips (*pro hac vice*) |
| Gabrielle E. Tenzer (*pro hac vice*) | William A. Isaacson (*pro hac vice*) |
| Joshua A. Matz (*pro hac vice*) | BOIES SCHILLER FLEXNER LLP |
| Michael L. Bloch (*pro hac vice*) | 1401 New York Avenue, NW |
| KAPLAN HECKER & FINK LLP | Washington, DC 20005 |
| 350 Fifth Avenue, Suite 7110 | Telephone: (202) 237-2727 |
| New York, NY 10118 | Fax: (202) 237-6131 |
| Telephone: (212) 763-0883 | kdunn@bsfllp.com |
| rkaplan@kaplanhecker.com | jphillips@bsfllp.com |
| jfink@kaplanhecker.com | wisaacson@bsfllp.com |
| gtenzer@kaplanhecker.com | |
| jmatz@kaplanhecker.com | |
| mbloch@kaplanhecker.com | |
| | |
| Yotam Barkai (*pro hac vice*) | Philip Bowman (*pro hac vice*) |
| BOIES SCHILLER FLEXNER LLP | COOLEY LLP |
| 55 Hudson Yards | 55 Hudson Yards |
| New York, NY 10001 | New York, NY 10001 |
| Telephone: (212) 446-2300 | Telephone: (212) 479-6260 |
| Fax: (212) 446-2350 | Fax: (212) 479-6275 |
| ybarkai@bsfllp.com | pbowman@cooley.com |
| | |
| David E. Mills (*pro hac vice*) | Robert T. Cahill (VSB 38562) |
| COOLEY LLP | COOLEY LLP |
| 1299 Pennsylvania Avenue, NW | 11951 Freedom Drive, 14th Floor |
| Suite 700 | Reston, VA 20190-5656 |
| Washington, DC 20004 | Telephone: (703) 456-8000 |
| Telephone: (202) 842-7800 | Fax: (703) 456-8100 |
| Fax: (202) 842-7899 | rcahill@cooley.com |
| dmills@cooley.com | |
| | |
| | J. Benjamin Rottenborn (VSB 84796) |
| | WOODS ROGERS PLC |
| | 10 South Jefferson St., Suite 1400 |
| | Roanoke, VA 24011 |
| | Telephone: (540) 983-7600 |
| | Fax: (540) 983-7711 |
| | brottenborn@woodsrogers.com |

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Christopher Cantwell, Robert Ray, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

Case 3:17-cv-00072-NKM-JCH   Document 551   Filed 09/05/19   Page 6 of 7   Pageid#: 6236

I further hereby certify that on September 5, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

Elliot Kline a/k/a Eli Mosley
117 Mesa Drive
Reading, PA 19608
eli.f.mosley@gmail.com

Matthew Heimbach
3099 Buchanan Road, SE
#411
Cleveland, TN 37323
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
383 Hazzard Street
Scottsburg, IN 47170
dillon_hopper@protonmail.com

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
COOLEY LLP

*Counsel for Plaintiffs*

7

Case 3:17-cv-00072-NKM-JCH Document 551 Filed 09/05/19 Page 7 of 7 Pageid#: 6237