**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, ET AL. ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | **Civil Action No.** |
| v. ) | **3:17-cv-00072-NKM** |
| ) | |
| JASON KESSLER, ET AL. ) | |
| *Defendants*. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS
AGAINST DEFENDANTS JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT
AND NATIONALIST FRONT.**

Defendants Jeff Schoep, the National Socialist Movement ("NSM"), and the
Nationalist Front, by and through counsel, respectfully submit this memorandum
in opposition to Plaintiff's motion for sanctions for non-compliance with the
Court's discovery order and motion to compel the National Socialist Movement.

**PRELIMINARY STATEMENT**

In this motion, Plaintiffs are requesting an order that Defendant National
Socialist Movement ("NSM") be compelled to disclose custodians of responsive
documents and to also make a representative available to be deposed on the
issue of NSM's conduct in discovery. Plaintiffs' motion states that Defendants fail
to "conduct any meaningful investigation to determine which other custodians
within NSM possess responsive documents" and have failed to comply with the
Court's orders. While Plaintiffs' motions are impressively thick and filled with
attachments, it does not place the factual content and the subject discovery

1

requests and responses in their full context. In their motion, Plaintiffs' assumptions and opinions are presented as circumstantial facts in an attempt to gain favor with the court. An examination of the circumstances surrounding this motion demonstrates that Plaintiffs' motion and the relief sought is unwarranted and unnecessary.

It is Defendants' position that they have complied with the discovery order to the full extent of their ability to do so. Defendant Schoep cannot produce discovery for items of which he has no control. Further, it is well established that discovery sanctions are intended not to provide a weapon for punishment, but rather to prevent abuse of the discovery process and correct the problems presented. Moreover, constitutional due process requires that sanction awards go no further than necessary to accomplish the purpose of discovery.

**STATEMENT OF THE CASE**

**1. <u>ELECTRONIC DEVICES, SOCIAL MEDIA, WEBSITE, AND EMAIL ACCOUNTS:</u>**

Defendant Schoep produced his iPhone 6 to the third-party discovery vendor in March 2019. In May 2019, Mr. Schoep's laptop was also produced and imaged by the third- party vendor for discovery. In addition to his phone and computer, Defendant Schoep has also provided all credentials for his social media and email accounts to the third-party discovery vendor.

According to Mr. Bloch's email on October 16, 2019, "Defendant Schoep has not produced a single document to Plaintiffs" (Ex. 2) Plaintiffs have consistently accused Defendant Schoep of purposefully failing to comply with discovery, however, Defendant's counsel contacted Mr. Bloch on August 18, 2019 inquiring

on how to submit the reviewed documents imaged by the vendor to the Plaintiffs. In response to Defendant's counsel on August 21, 2019, Mr. Bloch wrote:

> We typically send and receive documents from the defendants in an electronic format. We can arrange for our vendor, Epiq, to send you a link with instructions on how to upload the documents electronically to Epiq. There should be no cost associated with this. Please let us know promptly whether you'd like us to make those arrangements. (Ex.3)

Arrangements were made for the Epiq system and all non-privileged documents were uploaded to Epiq on September 18, 2019. (Ex. 4) It was not until October 17, 2019, that Defendant and his counsel learned the documents would be automatically sent to the Plaintiffs once they had been marked reviewed. All documentation has since been marked reviewed in the third-party vendor's program. Regardless, Defendant Schoep did indeed provide all documentation to Plaintiffs via their request that all documentation be uploaded to Epiq. Defendant Schoep has and continues to comply with the orders of the Court to the best of his ability to do so. According to his email to your honor on March 1, 2019, Defendant Schoep explains how he authorized his former attorney, James Kolenich, to sign off on the third-party vendor but did not ever receive communication back regarding that matter or any other matter. (Ex. 5) In this same email, Mr. Schoep also explains that his former attorney was not fired before he was supposed to sign for discovery. Court records from the plaintiffs (Exhibit 9 Document 432-9) clearly show that on February 16, 2019, Mr. Kolenich asked Jennifer Brennan of idsinc.com to remove Jeff Schoep's name

from the docu-sign agreement since he no longer represented him. However, it was not until February 17, 2019 that Defendant Schoep fired his former attorney.

Plaintiff's attorneys have inquired about any other custodians within NSM that may possess content responsive to their document requests. With respect to NSM, Mr. Schoep retired from the NSM back in March of 2019. This was made public on the NSM website, NSM88.ORG, in his press release dated March 6, 2019. After a reasonable investigation and responsible inquiries Mr. Schoep does not know of any custodians that may possess content responsive to Plaintiffs' document requests. The Plaintiffs' have made mention of Brian Culpepper a numerous times and Defendants have attempted to contact him with no response. Reasonable inquiries have been made in an attempt to identify additional custodians of possibly responsive document or ESI and there continues to be little to no cooperation or response from the current NSM. Recently Defendant's counsel was given a list of NSM email accounts and credentials belonging to the NSM during the time of Unite The Right. These accounts along with the associated credentials have been provided to the third-party vendor and the appropriate certification has also been given to the Plaintiffs' counsel. Defendant Schoep has complied and given everything that is within his "possession, custody, or control" over to iDS, the third-party vendor, for discovery. "'Control' is defined as the legal right, authority or ability to obtain documents upon demand." *U.S. Int'l Trade Comm'n v. ASAT, Inc.,* 411 F.3d 245, 254 (D.C. Cir. 2005).

2. __BITCHUTE SUPPLEMENTAL RESPONSE TO DISCOVERY REQUEST:__

Defendants wish to clarify their previously submitted interrogatory answer regarding the Bitchute Account. Although the BitChute account was the NSM's account, Mr. Schoep was not personally responsible for it and never had access to the account. Mr. Schoep's first set of interrogatories that his former attorney, James Kolenich, submitted to the court was exactly identical to the interrogatories that were submitted for NSM. The BitChute account should not have been included in Mr. Schoep's interrogatory responses and this was done in error. In email correspondence, Mr. Schoep made it known that the only social media accounts he personally had were a Twitter account and a VK account. Mr. Schoep told his former attorney that NSM had a BitChute account, but <u>it was NOT his personal account nor did he ever have the credentials or log in information for this account</u>. Mr. Schoep's first set of interrogatories should have **only** stated his personal Twitter account and his VK profile.

Instead of distinguishing the answers and submitting them accordingly, Mr. Kolenich submitted the exact same answers for both the NSM and Mr. Schoep. This was inaccurate. The NSM did have a BitChute account and Mr. Schoep was able to obtain the credentials for this account, which he gave to the third party vendor for imaging.

In Mr. Schoep's email correspondence with Mr. Kolenich, he specifies the twitter account, his VK account and email that was used before and after Unite the Right. He specified that NSM had a bitchute account and that is all. This is where the confusion came in and why Mr. Schoep did not initially have any credentials for the NSM's BitChute account.

### 3. NSM and NF Entities

In regards to the National Socialist Movement (NSM), the organization was a non-profit corporation based in the State of Michigan. The NSM non-profit corporation was officially dissolved as of June 18, 2019. This move was approved by the board of directors of the non-profit and was also approved by the Michigan state Attorney General, which has to approve the dissolution of any non-profit corporation. Defendant Schoep, left the NSM in March 2019 and has had no affiliation with the group since then and did his part, prior to leaving the group in March, to attempt to make contact with other members of the NSM and no one has any relevant information to Charlottesville. It is highly doubtful anyone would have saved emails, or text messages from over two years ago. Furthermore, prior to leaving the NSM, Defendant Schoep spent 27 years attending and often organizing public rallies all over the country. Not one time was ANY member of the NSM criminally charged for violence at a rally, not before Charlottesville, not in Charlottesville, and he even attended rallies after Charlottesville in which no NSM members were ever arrested. In 27 years there was never even ONE arrest of an NSM member at a rally. Mr. Schoep is no longer active in the white nationalist movement at all now, and his past track record shows clearly that he did not engage in violence anywhere. Moreover, the NSM nor Mr. Schoep were organizers of Charlottesville, in fact he was not even on the speakers list. Defendant Jeff Schoep was named in this suit for one reason, and one reason alone, he was a known public figure, a highly visible spokesperson for the NSM, and that reason alone does not make him guilty, nor does it make him

an organizer of Charlottesville. If Defendant Schoep had been an organizer, would he not have been a featured speaker at the event? The NSM, a non-profit Michigan corporation, which Jeff Schoep once led is now dissolved. NSM's former Chief of Staff, Burt Colucci, incorporated a new group under the name The National Socialist Movement Corporation in the state of Florida. According to Mr. Colucci, The National Socialist Movement Corporation is an entirely new and different entity. The NSM named in the Plaintiff's complaint is referred to as an unincorporated association, which in reality was a domestic non-profit corporation in the state of Michigan and now ceases to exist. Currently the new NSM and its leadership refuse cooperation with Defendant Schoep or Defendant's counsel.

Regarding the Nationalist Front. According to Defendant Schoep, his former attorney, James Kolenich, advised him that he was the one who had to answer for Nationalist Front. Defendant Schoep denies he was the leader of the Nationalist Front, and as previously stated the Nationalist Front was never an actual organization. Mr. Schoep does not and never has owned the domain of the Nationalist Front website. This domain/website, nfunity.org, is not and has never been owned/operated by Defendants Schoep or NSM. As stated in the Declaration of Jeff Schoep (November 14, 2017), the website nfunity.org was not owned by the NF, but by the Traditionalist Workers Party. The custodian was believed to be either Defendants Matthew Parrot or Matthew Heimbach. The NF was only an agreement, NOT a functional entity. There never was a leader of the NF, the NF specifically had no leader, it was only an agreement that various

groups participate together, yet maintain their own separate leadership, maintain their separate organizational structures, and not be under any one leader, this was always the agreement of the NF, it never had a leader, so asking my client to answer for an organization that never existed, and was only an agreement to work together while maintaining each organizations individual structure. Jeff Schoep admits he was the President of the NSM during the time of Charlottesville, but he was never the leader or a leader of the Nationalist Front. The NF did not have a leader or members of its own, as it was only an agreement between different separate organizations which chose to remain separate. In reality, Nationalist Front was more a peace treaty between various organizations. Further explanation of this ten different ways will not change the fact that NF was never an organization or unincorporated association of any kind.

## Conclusion

In accordance with the order of this court, all credentials (or other information) within Defendant Schoep's control for electronically stored information was produced to the third-party discovery vendor along with devices ordered by the court. For the forgoing reasons, Defendants Schoep, NSM and NF respectfully request that the court recognize their substantial compliance with the Court's discovery order within the bounds of their ability to do so and further respectfully request that the court not grant Plaintiff's motion for sanctions.

Respectfully Submitted,

JEFF SCHOEP
By Counsel

By: ___/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS AGAINST DEFENDANTS JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT AND NATIONALIST FRONT has been filed with the Clerk of Court through the CM/ECF System, which will send a notice of electronic filing of this pleading to all counsel of record, including:

Roberta A. Kaplan (pro hac vice)
Julie E. Fink (pro hac vice)
Gabrielle E. Tenzer (pro hac vice)
Joshua A. Matz (pro hac vice)
Michael L. Bloch (pro hac vice)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
Jessica Phillips (pro hac vice)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727

Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Yotam Barkai (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

Alan Levine (pro hac vice)
Philip Bowman (pro hac vice)
COOLEY LLP
1114 Avenue of the Americas, 46th
Floor New
York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com
*Counsel for Plaintiff*

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields,
Jr.*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com
*Counsel for Defendants Matthew
Parrott,
Robert Ray, Traditionalist Worker
Party,*

*Jason Kessler, Nathan Damigo, Identity
Europa, Inc. (Identity Evropa), and
Christopher Cantwell*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com
*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com
*Counsel for Defendant Richard Spencer*

10

I further hereby certify that on October 18, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

Elliot Kline
eli.f.mosley@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com


                              By:      /s/ W. Edward ReBrook, IV
                                       W. Edward ReBrook, IV (VSB 84719)
                                       The ReBrook Law Office
                                       6013 Clerkenwell Court
                                       Burke, VA 22015
                                       Mobile: 571.215.9006
                                       Email: Edward@ReBrookLaw.com