CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/28/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., ) | |
|     Plaintiffs, ) | Civil Action No. 3:17-cv-00072 |
| ) | |
| v. ) | ORDER |
| ) | |
| JASON KESSLER et al., ) | By:   Joel C. Hoppe |
|     Defendants. ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' Motion to Compel Defendant National Socialist Movement to Disclose Custodians of Discoverable Documents and Information, ECF No. 547, and other discovery matters. Defendant National Socialist Movement ("NSM") did not file its brief in opposition within the fourteen days allowed by the Scheduling Order, ECF No. 101. *See* Def. NSM's Resp. in Opp'n to Pls.' Mot. to Compel (Oct. 18, 2019), ECF No. 575. On October 18, 2019, the Court held a status conference to discuss several Defendants' outstanding discovery obligations and to set a timeline for the parties to complete pretrial discovery. Counsel for Plaintiffs and all represented Defendants, as well as pro se Defendants Christopher Cantwell, Matthew Heimbach, and Vanguard America (by Dillon Hopper), appeared by telephone. Pro se Defendant Elliot Kline (a.k.a. Eli Mosley) received notice of the conference call, but he did not appear. For the reasons stated on the record during the conference, it is hereby **ORDERED** that:

    1.    Plaintiffs' motion to compel, ECF No. 547, is **GRANTED**. Plaintiffs' request for attorney's fees is withdrawn per counsel's representations at the status conference.

    2.    **BURT COLUCCI**, who has been identified as the leader of both Defendant NSM and non-party "National Socialist Movement Corporation," is **ORDERED** to appear for a deposition by Plaintiffs' counsel devoted exclusively to Mr. Colucci's and/or Defendant NSM's conduct in pretrial discovery, including their efforts to locate and preserve any documents,

1

information, or materials that are potentially relevant to this lawsuit. Fed. R. Civ. P. 30(b)(6). The Court expects that Mr. Colucci will appear and participate in good faith as required by the Federal Rules of Civil Procedure and this Court's prior discovery orders. Plaintiffs are given leave to depose Mr. Colucci in subsequent depositions on the merits of their allegations against Defendant NSM. *See* ECF No. 517 (citing Fed. R. Civ. P. 30(a)(2)(A)(ii)).

3. Within **seven (7) days** of this Order, each Defendant shall contact the Third Party Discovery Vendor (the "Vendor") to determine what specific information, if any, the Vendor needs to access that Defendant's identified social media accounts and devices.

4. Within **fourteen (14) days** of this Order, each Defendant shall give the Vendor the last known credentials used to access the identified social media accounts, regardless of whether the Defendant currently has access to the platform, or whether an account is active, inactive, or inaccessible. The parties and any Rule 30(b)(6) representatives—including **BURT COLUCCI** for Defendant NSM and **THOMAS RYAN ROUSSEAU** for Defendant Vanguard America, ECF No. 553—shall work together to provide information to access any social media account and to provide any Defendant's or its representative's consent to access stored electronic communications and other account information to a social media provider. Each Defendant is responsible for providing complete and accurate credentials (or consent) to access any social media accounts within the Defendant's control that may contain discoverable information.

5. Within **fourteen (14) days** of this Order, Defendant Identity Evropa shall identify each individual in the organization who has control over documents that are responsive to Plaintiffs' discovery requests.

6. Within **fourteen (14) days** of this Order, the parties shall confer and jointly file a proposed schedule for completing discovery. The proposed schedule should include specific

2

deadlines for: (a) the Vendor to provide each Defendant access to that Defendant's imaged electronically stored information; (b) each Defendant to review the imaged information and produce all discoverable material to Plaintiffs' counsel in accordance with the Stipulation and Order for the Imaging, Preservation, and Production of Documents, ECF No 383; and (c) the parties to complete pretrial discovery. If the parties cannot agree on these proposed deadlines, they should note the different proposals in their joint filing.

7. The Court will hold another status conference call in November.

The Clerk shall send a copy of this Order to the parties and to non-party representatives Mr. Hopper, Mr. Colucci, and Mr. Rousseau.

ENTER: October 28, 2019

Joel C. Hoppe
U.S. Magistrate Judge