CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
10/30/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., ) | Civil Action No. 3:17-cv-00072 |
|     Plaintiffs, ) | |
| ) | **ORDER FOR ELLIOT KLINE TO** |
| v. ) | **SHOW CAUSE & CERTIFICATION** |
| ) | **UNDER 28 U.S.C. § 636(e)(6)(B)(iii)** |
| JASON KESSLER et al., ) | |
|     Defendants. ) | By:   Joel C. Hoppe |
| ) |        United States Magistrate Judge |

This matter is before the Court on Plaintiffs' second motion for sanctions against Defendant Elliot Kline (a.k.a. Eli Mosley). ECF No. 565 ("Pls.' Second Mot. for Sanctions"). Kline, who is representing himself, ECF No. 347, did not file a brief opposing this motion within the fourteen days allowed by the Scheduling Order, ECF No. 101. On October 18, 2019, I held a hearing at which counsel for Plaintiffs and all represented Defendants, as well as several other pro se Defendants, appeared by telephone. ECF No. 579. At 1:56 that morning, Kline emailed my Chambers and acknowledged he had received notice of the hearing. He did not appear during that afternoon's two-hour conference call. *See* ECF No. 581.

Plaintiffs contend that Kline has disobeyed multiple Court orders directing him to provide or permit discovery of materials and information that go to the heart of this lawsuit. *See* Pls.' Second Mot. for Sanctions 5–23.[1] They also assert that, although Kline did attend a court-ordered deposition about his conduct in pretrial discovery, his testimony was evasive, "internally inconsistent[,] and contradicted by the evidence produced by others in the case." *Id.* at 8; *see* Second Order to Def. Kline (Aug. 2, 2019), ECF No. 533; Order to Def. Kline (July 3, 2019), ECF No. 516. Kline's testimony also "strongly suggested that he has withheld and continues to

---

[1] Pinpoint citations to documents electronically filed with this Court, except for transcripts of court proceedings and depositions, use the footer page numbers generated by CM/ECF. Pinpoint citations to transcripts use the page numbers printed on the upper right-hand corner of the document.

1

withhold, if he has not outright destroyed, documents and electronic devices central to this litigation." Pls.' Second Mot. for Sanctions 8. Plaintiffs ask the Court to levy a daily fine against "Kline for each day that he remains in contempt" of the Court's prior discovery orders, issue a bench warrant for Kline's immediate arrest and detention until he complies with those orders, impose certain evidentiary sanctions to be enforced against Kline at trial, and award reasonable attorney's fees and costs. *Id.* at 4; *see* Fed. R. Civ. P. 37(b)(2)(A).

## I. The Legal Framework

Rule 37(b)(2) of the Federal Rules of Civil Procedure grants the district court where an action is pending broad discretion to impose sanctions whenever "a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A).[2] *See Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). This rule "contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). "Rule 37 sanctions must be applied diligently," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980), "both as a matter of justice in the individual case and 'to deter others who might be tempted to similar conduct,'" *Lee v. Max Int'l*, 638 F.3d 1318, 1320 (10th Cir. 2011) (Gorsuch, J.) (brackets omitted) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427

---

[2] Federal courts also have inherent power to sanction conduct that offends the legal process, including a party's "fail[ure] to preserve or produce" discoverable information for another's use in litigation. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004); *see Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497–99 (D. Md. 2000). In this case, Rule 37(b)(2)(A)(vii) and 28 U.S.C. § 636(e)(6)(B)(iii) provide an adequate framework for sanctioning Kline's repeated failures to obey court orders directing him to provide or permit discovery. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than [its] inherent power. But if in the informed discretion of the court, neither [a] statute or the Rules are up to the task, the court may safely rely on its inherent power.").

2

U.S. 639, 643 (1976)). *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533–34 (D. Md. 2010) (explaining that Rule 37 sanctions serve both normative and compensatory functions). The sanctions listed in Rule 37(b)(2)(A) are "flexible, selective, and plural. The district court may, within reason, use as many and as varied sanctions as are necessary," 8B Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2284 (3d ed. 2002), to achieve these goals in a particular case. Specific options include orders deeming certain facts established, allowing or requiring an adverse inference, and entering default judgment against the disobedient party. *See Victor Stanley*, 269 F.R.D. at 533–34 (citing Fed. R. Civ. P. 37(b)(2)(A)). The court may also "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii).

The Federal Magistrates Act, 28 U.S.C. § 636, defines a magistrate judge's contempt authority where an act of civil contempt "occur[s] outside of the magistrate judge's presence, and not in a proceeding where the magistrate judge [is] presiding" with the parties' consent under § 636(c). *Wallace v. Kmart Corp.*, 687 F.3d 86, 92 (3d Cir. 2012) (capitalization altered); *see* 28 U.S.C. § 636(e)(6). A magistrate judge "overseeing pretrial proceedings," *Wallace*, 687 F.3d at 92, who is "faced with an act that 'constitutes a civil contempt, . . . shall forthwith certify the facts to a district judge,'" *Defrees v. Kirkland*, No. CV 11-4272, 2016 WL 4595937, at *2 (C.D. Cal. Mar. 1, 2016) (quoting 28 U.S.C. § 636(e)(6)(B)(iii)). The magistrate judge also

> may serve or caused to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6). "The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

3

The magistrate judge's role in certifying facts under § 636(e)(6) is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (citing *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987)). To establish civil contempt, a movant must produce "clear and convincing evidence" showing:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by [his or her] conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that the movant suffered harm as a result.

*JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) (cleaned up). Where the contemnor had "at least constructive" knowledge that he or she violated a specific court order, *id.*, "[t]he absence of willfulness [should] not relieve from civil contempt," *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). *See McLean v. Cent. States, Se. & Sw. Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) ("[G]ood faith alone does not immunize a party from a civil contempt sanction for non-compliance with a court order." (citing *McComb*, 336 U.S. at 191)).

## II. Certified Facts

The undersigned hereby CERTIFIES the following facts to the Honorable Norman K. Moon, Senior United States District Judge. 28 U.S.C. § 636(e)(6)(B). A more detailed summary of this case's procedural history can be found in my Memorandum Opinion of August 9, 2019, ECF No. 539.

1. On January 25, 2018, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Interrogatories on Kline through his counsel of record. *See* Mem. Op. of Aug. 9, 2019, at 12 (citing Pls.' Mot. for Sanctions Against Defs. Kline & Heimbach 5–6, 10–11, ECF No. 457). The requests asked Kline to produce "all

4

documents and communications concerning the events" described in the Amended Complaint, including any emails, text messages, recordings, or social media content related to the "preparation, planning, transportation to, or coordination for" those events. *Id.* (citing Pls.' Mot. for Sanctions Against Defs. Kline & Heimbach Ex. 8, ECF No. 457-8). The interrogatories asked Kline to "identify, among other things, all means of communication used to discuss the events, . . . as well as the [specific] electronic devices used for such communications." *Id.* (citing Pls.' Mot. for Sanctions Against Defs. Kline & Heimbach Ex. 9, ECF No. 457-9). Kline's proper responses or objections were due by February 26, 2018. *Id.* (citing Fed. R. Civ. P. 33(b)(2), 34(b)(2)).

2. On March 16, I instructed the parties that it was "incumbent upon everyone to preserve any potentially relevant evidence" and that I took "everyone's obligation to preserve this evidence very seriously." Tr. of Mar. 16, 2018 Conf. Call 24, ECF No. 282.

3. On March 26, I entered an Order giving Kline (and all Defendants) an additional twenty-one days to answer, respond, or object to Plaintiffs' written discovery requests. *See* Order of Mar. 26, 2018, ECF No. 287.

4. On June 5, Kline's counsel stated on the record that Kline "steps in and out of participating in the litigation at his leisure." Tr. of June 5, 2018 Conf. Call 16, ECF No. 327. Kline was "not resisting discovery so much as just not participating at all at [that] point." *Id.* On July 23, defense counsel informed the Court that Kline had stopped communicating with them after they asked him "more than once[] to let [them] know . . . a convenient time and place" for Plaintiffs' counsel to schedule Kline's deposition. ECF No. 345.

5. On July 25, I granted defense counsel's motion to withdraw from representing Kline in this matter. ECF No. 347. He has been representing himself since that time.

6. On November 9, Kline failed to appear for a telephonic hearing on Plaintiffs' motion to compel, ECF No. 354, as well as their request that Kline sign a Stored Communications Act ("SCA") form allowing Discord, an online content provider, to respond to Plaintiffs' subpoena duces tecum. *See* Mem. Op. of Aug. 9, 2019, at 18 (citing Tr. of Hr'g on Pls.' Mot. to Compel, ECF No. 385).

7. I granted Plaintiffs' Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices. Order of Nov. 13, 2018, ECF No. 379. Ten months had passed, Defendants still had not produced the vast majority of the requested documents, Tr. of Hr'g on Pls.' Mot. to Compel 8, and there were still concerns that "some relevant information may have been lost," *id.* at 27. Thus, "ordering the parties to submit their electronic devices to a third-party vendor for imaging [was] necessary and appropriate to manage discovery in this action." Order of Nov. 13, 2018, at 1.

8. On November 19, I entered a "Stipulation and Order for the Imaging, Preservation, and Production of Documents." ECF No. 383. The Order gave Kline (and other Defendants) twenty-eight days—i.e., until December 17, 2018—to "make available to the Third Party Discovery Vendor for imaging and collection any Electronic Devices or Social Media Account" credentials identified on his sworn certification form. Mem. Op. of Aug. 9, 2019, at 19–20. Kline did not comply with this Order. *Id.* at 20 (citing ECF No. 400).

9. Between January 4 and March 18, 2019, Kline missed five scheduled court conferences. *See* Mem. Op. of Aug. 9, 2019, at 20–22 (describing the Deputy Clerk's efforts to contact Kline by telephone and email before scheduling each hearing and sending notices of the

6

scheduled hearings to Kline's voicemail, email, and physical mailing address of record) (citing ECF Nos. 388, 400, 401, 402, 407, 409, 414, 425, 429).

10. On March 4, I entered an Order that "[a]ll Defendants covered by the Stipulation & Order, ECF No. 383, must produce their electronic devices and social media account credentials . . . to the third-party vendor by the end of the day on Friday, March 8, 2019." Order of Mar. 4, 2019, ECF No. 440 (emphasis omitted). Kline did not comply with this Order.

11. On June 3, I held a hearing on Plaintiffs' first motion for sanctions against Kline and another pro se Defendant. *See* Tr. of Hr'g on Pls.' Mots. for Sanctions, ECF No. 504. The Deputy Clerk of Court sent three notices to Kline, but he did not appear at the hearing or acknowledge the Court's communications. Mem. Op. of Aug. 9, 2019, at 26.

12. At the June 3 hearing, I explained that Kline's "conduct to date was 'clearly sanctionable' and that I intended to award costs and reasonable attorney's fees caused by [his] failure to comply with my discovery orders." Mem. Op. of Aug. 9, 2019, at 26 (quoting Tr. of Hr'g on Pls.' Mots. for Sanctions 20). In my view, production was still preferable to Plaintiffs' requested evidentiary sanctions at that point in the litigation. *See id.* (citing Tr. of Hr'g on Pls.' Mots. for Sanctions 9–10, 18).

13. I proposed that the Court direct the United States Marshals Service ("USMS") to serve a written order on Kline that: (i) "identified specifically the ESI accounts and devices" he must produce; (ii) told Kline that he "must personally appear for a deposition in this federal courthouse on a date certain, and must bring the identified ESI accounts and devices with him to the deposition"; and (iii) clearly explained that if Kline "failed in any way to comply with the Order, the Court could immediately issue a bench warrant

7

directing the USMS to arrest him, transport him to this judicial district, and hold him in custody until he purged himself of civil contempt." Mem. Op. of Aug. 9, 2019, at 26–27 (citing Tr. of Hr'g on Pls.' Mots. for Sanctions 10). This step appeared necessary because Kline had ignored similar "orders telling [him] to do this before." *Id.* at 27 (citing Tr. of Hr'g on Pls.' Mots. for Sanctions 14).

14. On June 7, Plaintiffs' counsel informed the Court that Kline had reached out to his former attorney after seeing social-media reports about the June 3 hearing. *See* Email from M. Bloch to J. Hoppe et al. (June 7, 2019 4:08 PM). According to Kline's former counsel, "The word 'arrest' . . . had a near magical effect on" Kline. Email from J. Kolenich to M. Bloch (June 7, 2019), ECF No. 566-1. Kline's former counsel gave Plaintiffs' counsel a phone number where they could reach Kline and noted that he had "been fully informed of the discovery/ESI expectations." *Id.*

15. On June 21, I issued an Order taking Plaintiffs' first motion for sanctions under advisement. Order of June 21, 2019, ECF No. 508. The Order outlined five discovery-related issues that Kline should be prepared to discuss at an upcoming conference call with the Court and Plaintiffs' counsel, *id.* at 2–4, and explained the Court's expectation that Kline would "appear at this hearing and make a good faith effort to provide or permit prompt and complete discovery responses, as required by the Federal Rules . . . and this Court's prior orders," *id.* at 2.

16. Kline did appear as directed. *See* Tr. of July 2, 2019 Disc. Hr'g, ECF No. 519. At the hearing, Kline indicated that he was "willing to participate in the litigation from now on." Mem. Op. of Aug. 9, 2019, at 28; *see* Tr. of July 2, 2019 Disc. Hr'g 13, 19–21, 33–34. Kline also confirmed on the record that he "received each of the Orders, discovery

8

requests, and . . . consent forms that explain[ed] his outstanding discovery obligations."
Order to Def. Kline 1; *see* Tr. of July 2, 2019 Disc. Hr'g 21, 31–37. He did not have any
questions about the Court's expectations of him. Tr. of July 2, 2019 Disc. Hr'g 39–40.

17. On July 3, I issued an Order directing Kline "to comply with certain 'steps and deadlines' over the next twenty-one days," Mem. Op. of Aug. 9, 2019, at 28 (quoting Order to Def. Kline 1), which we had discussed in detail at the hearing one day earlier, *see* Tr. of July 2, 2019, at 34–37. This Order set out Kline's still-outstanding discovery obligations at issue in my Orders of June 21, 2019, March 4, 2019, November 19, 2018, and March 26, 2018. *See* Mem. Op. of Aug. 9, 2019, at 28 n.10.[3]

18. My Orders of June 21 and July 3 also directed Kline to sit for a scheduled deposition by Plaintiffs' counsel devoted exclusively to Kline's conduct in pretrial discovery, including his efforts to preserve any documents, information, or materials that are potentially relevant to this litigation. Order of June 21, 2019, at 4; Order to Def. Kline 2–3. Letting Plaintiffs depose Kline about "the preservation of potentially discoverable information [was] necessary to address the significant deficiencies" in his discovery responses to date. Order of June 21, 2019, at 4. I also made clear that I expected Kline to "participate in

---

[3] Specifically, I gave Kline (i) seven days from the Order to "[g]ive Plaintiffs' counsel complete and accurate SCA consent forms" allowing certain social media providers to produce responsive ESI, to execute the Third Party Discovery Vendor contract, and to "[c]omplete and give to Plaintiffs' counsel the Certification Form attached as Exhibit A to the Stipulation and Order; (ii) fourteen days from the Order to "[m]ake available to the Third Party Discovery Vendor for imaging and collection any Electronic Devices or Social Media Account credentials" identified on that Defendant's Certification form; and (iii) twenty-one days from the Order to "[p]rovide complete and accurate" written answers or responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production, and to "produce or permit inspection of any requested documents or ESI that were not collected by the Discovery Vendor." Order to Def. Kline 1–2 (citing Order of June 21, 2019, at 3 & n.2; Order of Mar. 4, 2019, at 2–3; Order of Nov. 13, 2018, at 2; Order of Mar. 26, 2018, at 3).

good faith" during this deposition. Order to Def. Kline 3; *see* Fed. R. Civ. P. 30(d), 37(a)(4).

19. On July 23, Plaintiffs' counsel informed me that Kline had not complied with any of the deadlines in the July 3 Order. ECF No. 528. Kline finally executed the Vendor contract on August 1, three weeks after the final deadline to do so. *See* Decl. of J. Phillips 2, ECF No. 566.

20. On August 2, I directed Kline and Plaintiffs' counsel to attend a conference call the following week to discuss Kline's compliance. *See* Second Order to Def. Kline 1. I also "expect[ed] a report on Kline's good-faith participation at his deposition" on August 7. *Id.* (citing ECF Nos. 508, 516). I had previously explained to Kline that I expected him to testify truthfully and demonstrate that he took his discovery obligations seriously. *See, e.g.*, Tr. of July 2, 2019 Disc. Hr'g 7, 12–13, 18–21, 31–34.

21. Kline attended the deposition on August 7 as directed. He finally signed the SCA consent forms, which I had ordered him to provide to Plaintiffs' counsel on or before July 9, 2019. *See* Pls.' Second Mot. for Sanctions 7–8; Order to Def. Kline 1–2. Kline also filled out a Certification form, but he did not list all of his email addresses, passwords for his social media accounts, or a number for one of his phones. *See* Decl. of J. Phillips 4.

22. Most of Kline's answers during the August 7 deposition were evasive, internally inconsistent, or simply not believable. *See generally* Pls.' Second Mot. for Sanctions 8–17. For example, Kline repeatedly admitted that both the Court and Plaintiffs' counsel had contacted him at the correct email address, phone number, and physical address. *See, e.g.*, E. Kline Dep. Tr. 35–36, 38, 269–71, 293–98, 302 (Aug. 7, 2019), ECF No. 566-3. Yet, Kline testified that he "didn't know" which Court conferences he "was supposed to

10

attend," *id.* at 267, and that he "wasn't given a means" to provide requested discovery, *id.* at 140. *See also id.* at 138, 141–42, 203–08, 239, 250–51, 266, 291–92, 295–97, 299–301, 303, 305, 318. Or, if he received this information, he just never bothered to do anything with it. *See id.* at 203, 204–08, 291–92, 301, 303, 305.

23. Kline admitted that he had responsive information and documents in his possession, he understood his obligation to produce those materials to Plaintiffs, and his former counsel had explained that he must preserve potentially relevant evidence for discovery. Kline never took any steps to preserve this information, such as backing up his emails or the contents of his phones. *See generally* E. Kline Dep. Tr. 82, 91–92, 139, 209–10, 214–17, 219–21, 225–26, 229–33, 244–45, 273.

24. On August 8, I held a conference call with Kline and Plaintiffs' counsel to discuss Kline's non-compliance with the July 3 Order. ECF No. 543. The same day, I issued another Order for Kline to satisfy his discovery obligations. *See* Third Order to Def. Kline 1–2, ECF No. 538. He was supposed to provide all electronic devices and social-media credentials to the Vendor by August 14 and respond to Plaintiffs' written discovery requests by August 16. *Id.* Kline missed these deadlines. *See* Email from J. Bloch to J. Hoppe et al. (Oct. 16, 2019, 11:16 PM).

25. On October 18, I held a status and motion hearing at which counsel for Plaintiffs and all represented Defendants, as well as several pro se Defendants, appeared by telephone. ECF No. 579. Just before 2:00 a.m., Kline (using his online alias "Eli Mosley") emailed my Chambers and acknowledged that he had received notice of the hearing, as well as Plaintiffs' counsel's October 16 email to Chambers and all parties. *See* Email from E. Mosley to J. Hoppe et al. (Oct. 18, 2019, 1:56 AM). He asked the Court or "someone" to

11

call him "with any issues or questions" about his discovery obligations. Kline did not appear during that afternoon's two-hour conference call.

### III. Order to Appear

The facts certified above, in my opinion, show that Kline disobeyed seven court orders requiring him to provide or permit discovery of relevant materials and information for Plaintiffs' use in this litigation. ECF Nos. 287, 383, 397, 440, 508, 516, 538. Accordingly, it is hereby **ORDERED** that Defendant Elliot Kline (a.k.a. Eli Mosley) **SHALL APPEAR** before the Honorable Norman K. Moon, Senior United States District Judge, on **MONDAY, NOVEMBER 25, 2019, AT 1:00 P.M. EST** at the United States Courthouse in Charlottesville, Virginia, to **SHOW CAUSE** why he should not be adjudged in contempt by reason of the facts so certified. 28 U.S.C. § 636(e)(6); *see Proctor*, 830 F.2d at 521. Judge Moon may consider additional "evidence from the parties either to challenge the accuracy of the facts certified by the [undersigned] magistrate [judge] or to establish the existence of other relevant facts" in determining "whether . . . a finding of contempt [is] warranted." *Proctor*, 830 F.2d at 522.

### IV. Recommended Sanctions

Whether Kline's conduct "constitutes contempt and any sanctions therefore are committed to discretion of the" presiding district judge. *Church*, 35 F. Supp. 2d at 217; *see also JTH Tax, Inc.*, 359 F.3d at 705. "Upon certification" under § 636(e)(6), however, the "magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt." *Church*, 35 F. Supp. 2d at 217. Based on my familiarity with the protracted pretrial discovery in this case generally, and Kline's "[c]ontinued contumacious behavior" in particular, Mem Op. of Aug. 9, 2019, at 33 (quoting *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 765 (E.D. Va. 2014)), I respectfully recommend that the presiding district judge **GRANT IN**

12

**PART** Plaintiffs' motion, ECF No. 565, and impose the following graduated sanctions to coerce Kline's compliance with my prior discovery orders:

1. For the first week of contempt, order Kline to pay Plaintiffs $100 per day of noncompliance;
2. For the second week of contempt, order Kline to pay Plaintiffs $250 per day of noncompliance;
3. For the third week of contempt, order Kline to pay Plaintiffs $500 per day of noncompliance;
4. In the fourth week of contempt, issue a capias directing the United States Marshal Service to arrest Kline, transport him to this judicial district, and hold him in custody until he purges himself of contempt.

*See* Pls.' Second Mot. for Sanctions 4 ¶¶ 1–2. Kline should have an "opportunity to reduce or avoid" any indefinite fines and, if necessary, imprisonment by completing each affirmative step set out in my prior discovery orders. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828–29 (1994); *see In re Gen. Motors Corp.*, 110 F.3d 1003, 1015–18 & n.16 (4th Cir. 1997); *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 617 (D. Md. 2017).

Plaintiffs' renewed requests for evidentiary sanctions under Rule 37(b)(2), *see* Pls.' Second Mot. for Sanctions 4 ¶¶ 3–5, are hereby **TAKEN UNDER ADVISEMENT** pending the resolution of Kline's civil contempt proceedings before Judge Moon, *see* Mem. Op. of Aug. 9, 2019, at 24–25, 34–35; Order of Aug. 9, 2019, ECF No. 540. The Court will determine the amount of reasonable attorney's fees to award Plaintiffs, *see* ECF No. 505, in a separate Order. The Court notes that Kline did not file a brief opposing the fee petition by the Court's extended deadline, *see* ECF No. 508.

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to Kline at his addresses of record and to the parties.

ENTER: October 30, 2019

*Joel C. Hoppe*

Joel C. Hoppe
U.S. Magistrate Judge