UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL,
APRIL MUNIZ, HANNAH PEARCE,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                       Plaintiffs,

v.

JASON KESSLER, et al.,

                       Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' RESPONSE TO JUDGE HOPPE'S
ORDER AND CERTIFICATION**

At the Court's invitation, Plaintiffs respectfully submit this Response to Judge Hoppe's October 30, 2019, Order for Elliot Kline to Show Cause & Certification under 28 U.S.C. § 636(e)(6)(B)(iii), ECF No. 584 ("Show Cause Order"), which ordered Defendant Elliott Kline a/k/a Eli Mosley to appear before the Court on Monday, November 25, 2019, at 1:00 p.m. to show cause why he should not be adjudged in contempt by reason of the facts certified by Judge Hoppe. *See* Show Cause Order 12; Order, Nov. 14, 2019, ECF No. 587.

      **I.   The Certified Facts**

Plaintiffs agree entirely with the facts certified by Judge Hoppe. *See* Show Cause Order 4–12, ¶¶ 1–25. In Plaintiffs' view, these facts more than establish a pattern of intentional and malicious disobedience, noncompliance, and deception on Kline's part that clearly and

1

unequivocally meets the standard for civil contempt. *See JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) (stating the civil contempt standard).

Moreover, Kline has done nothing since Judge Hoppe issued the Show Cause Order to remotely redeem his "[c]ontinued contumacious behavior[.]" Mem. Op. 33, Aug. 9, 2019, ECF No. 539 ("Sanctions Order") (first alteration in original, internal quotation marks omitted). Rather, Kline has continued his willful defiance of ***seven*** discovery orders from Judge Hoppe. *See* Show Cause Order 12.[1] Indeed, Kline recently violated yet another discovery order (his eighth), which obligated all defendants, including Kline, to contact the third-party vendor by November 4, 2019, to determine what information the third-party vendor needed to access that Defendant's social media accounts and devices. *See* Order 2, ¶ 3, Oct. 28, 2019, ECF No. 582. Kline ignored that order.

On November 14, 2019, this Court ordered Kline to produce all electronic devices and social media credentials and to respond to Plaintiffs' discovery requests by today, November 21, 2019. Show Cause Order at 1–2, ¶¶ 1–2, Nov. 14, 2019, ECF No. 588. To Plaintiffs' knowledge, Kline has taken no steps to comply with this Court's order—the ninth discovery order that Kline has disregarded. Kline has not responded to Plaintiffs' discovery requests, has failed to provide his email passwords or his social media credentials to the vendor, and has still not produced a single document.[2]

---

[1] Judge Hoppe found that the facts certified "show that Kline disobeyed seven court orders requiring him to provide or permit discovery of relevant materials and information for Plaintiffs' use in this litigation." Show Cause Order 12 (citing Orders at ECF Nos. 287, 383, 397, 440, 508, 516, 538). In addition to the seven discovery orders specifically identified by Judge Hoppe, Plaintiffs note that Kline also violated Judge Hoppe's July 25, 2018, order requiring Kline to answer the First Amended Complaint by August 8, 2018. *See* Order, July 25, 2018, ECF No. 347.

[2] Although Kline finally provided Plaintiffs with the passcode to his iPhone, the single device that he has turned over to the third-party vendor, because he has still failed to provide his email passwords or his social media credentials (despite six different orders requiring him to do

2

Case 3:17-cv-00072-NKM-JCH   Document 592   Filed 11/21/19   Page 2 of 16   Pageid#: 7539

Instead of complying with this Court's order, at 1:25 a.m. today, Kline emailed Plaintiffs' counsel and Judge Hoppe stating that he is "currently in upstate New York and will be until after Thanksgiving" and that he does "not think I could make the 25th." Email from Elliott Kline to Michael Bloch, Nov. 21, 2019 (attached as Ex. A). Kline's email, making bogus excuses and empty promises on the eve of a Court-ordered obligation that he does not intend to fulfill, is par for the course.[3]

Kline's latest excuse for his absence from the litigation is that he was allegedly "unable to access this email address [eli.f.mosley@gmail.com] regularly because Google requires 2 factor authentication on the email address using my previous phone that is currently still being processed with discovery," but that he was now "somehow" able to get access to his email address using a prepaid Walmart phone. *Id.* This excuse, like the many before it, is spurious. First, Kline repeatedly told Judge Hoppe, Plaintiffs, and even his own former counsel that this was the email address at which he could be reached. *See* Kline Dep. Tr. at 126, Aug. 7, 2019 (attached as Ex. B) ("Q. And you still have access to Eli.F.Mosley@Gmail.com? A. Yes."); 270-71 ("Q. Is there any e-mail address that we should be using to contact you, besides Eli.F.Mosley@Gmail.com? A. No, that is the best one. Q. You are able to log into that account? A. Yes. Q. You receive e-mails at that account? A. Yes. Q. Do you read those e-mails? A. Yes."); Hr'g Tr. 15, Aug. 8, 2019, ECF No. 543 ("THE COURT: . . . Mr. Kline, do the plaintiffs attorneys have -- have a good cell phone number and email address for you and one that you will respond to? MR. KLINE: Yes. Yes, Your

---

so), the vendor's access to Kline's iPhone is meaningless. Plaintiffs still have no documents from that phone.

[3] Kline took the same approach on October 18, 2019, when he sent an email at 1:56 a.m. asking "someone" to call him with "issues or questions" about his discovery obligations, but failed to attend the two-hour telephonic hearing Judge Hoppe had ordered all defendants to attend that day. Show Cause Order 11–12, ¶ 25 (internal quotation marks omitted).

3

Honor. They have both a good phone number *and a good email address*.") (emphasis added); Email from James Kolenich to Michael Bloch, June 26, 2019, ECF No. 566-1 ("Kline responded. Said [eli.f.mosley@gmail.com] email is correct and he will check it when he gets home.").

Second, Kline testified about the Walmart phone at his deposition on August 7, 2019, and admitted that he still possessed it and knew where to find it. *See* Ex. B at 96–97. If Kline could use the Walmart phone to access his emails at 1:25 a.m. on the day of a Court-ordered deadline, he could have used it to access his emails at any time over the three-and-a-half months since his deposition (or the last 22 months, for that matter).

Finally, Google provides simple and clear instructions regarding how to access an account protected by two-factor authentication without the primary phone tied to the account, as well as how to switch the primary phone tied to an account. *See Common issues with 2-Step Verification*, GOOGLE ACCOUNT HELP, https://support.google.com/accounts/answer/185834?hl=en (last accessed Nov. 21, 2019) (explaining alternate ways to access accounts); *see also Using a new phone to receive 2-Step Verification codes*, GOOGLE ACCOUNT HELP, https://support.google.com/accounts/troubleshooter/4430955?hl=en&ref_topic=7189195 (last accessed Nov. 21, 2019) (explaining how to switch the primary phone used for 2-step authentication to a different phone). It is simply not credible to believe that an individual who planned and organized every detail of a rally attended by hundreds of neo-Nazis and white supremacists by setting up an entire social media server with dozens of different channels is somehow stymied by Google's two-factor authentication.

The Court should take no comfort in Kline's most recent promises to participate in the litigation and specifically his suggestion that he "would like to turn in [the Walmart phone] for discovery." Ex. A. Kline testified on August 7, 2019, that he used the Walmart phone during the

4

Case 3:17-cv-00072-NKM-JCH Document 592 Filed 11/21/19 Page 4 of 16 Pageid#: 7541

relevant time period, that he possessed and knew where to find the Walmart phone, and that the Walmart phone may have responsive material. No fewer than four orders from Judge Hoppe have required Kline to make available to the vendor all of his devices with responsive material on them. *See generally* Show Cause Order 4–12, ¶¶ 1–25. However, when Kline turned over his iPhone to the vendor he failed to submit his Walmart phone. Now, three-and-a-half months later, in a patent effort to stave off sanctions, Kline has represented that although he has not previously turned over his Walmart phone, he "would like to" do so.

Plaintiffs have heard these promises before. Over and over again at his deposition, Kline conceded that he had not complied with a discovery obligation, but stated that he "would like to." *See* Ex. B at 208 ("Q. You haven't produced a document to Plaintiffs before -- A. No. But I am more than happy -- ***I am more than happy to***.") (emphasis added), 209 ("Q. . . . [Y]ou have not produced a document to Plaintiffs, correct? A. ***No. I would like to***.") (emphasis added), 218 ("Q. You have never produced any of those to Plaintiffs, right? A. ***No. But I would like to***, using the PDF or whatever you guys have that looks like from this e-mail.") (emphasis added), 226 ("Q. You have not made any efforts to enable the production of those documents before? A. ***No, but I would like to***.) (emphasis added), 238 ("Q. You have not done that, have you? A. ***No, but I can***. I mean, it is really easy . . . .") (emphasis added), 242 ("Q. But you haven't done it before? A. ***No, but I would like to***." (emphasis added)), 245 ("Q. You have not done that in the past, have you? A. ***No, but I would like to***. I have my cell phone ready to do that. Not today. But literally, like, tomorrow or even tonight I would send it out. It doesn't matter.") (emphasis added), 278–79 (agreeing to take certain identified steps to produce documents to Plaintiffs). None of these promises has come to fruition.

5

Kline has been given nine opportunities to make good on his discovery obligations. He has failed at every turn and he must be held accountable. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) (Gorsuch, J.) ("How many times can a litigant ignore his discovery obligations before his misconduct catches up with him? . . . [*N*]*o one, we hold, should count on more than three chances to make good on a discovery obligation*.") (emphasis added).

There can be no question that Plaintiffs have been prejudiced by and "suffered harm as a result" of Kline's conduct. *See JTH Tax*, 359 F.3d at 705. As Judge Hoppe has found, Kline's conduct has "shifted everyone's focus from the merits to the collateral and needless and stalled the litigation's progress" for almost two years. *See* Sanctions Order 2 (internal quotation marks omitted). Kline's repeated and ongoing discovery misconduct has caused "significant procedural . . . prejudice to Plaintiffs' ability to resolve their claims in a just, speedy, and inexpensive manner." *Id.* at 33 (ellipsis in original, internal quotation marks omitted). In addition to having the original trial date (July 8, 2019) continued indefinitely, *see* Order 1, Apr. 4, 2019, ECF No. 461, Plaintiffs have been forced to spend additional time, effort, and resources on substantial additional motion practice, including multiple motions to compel and motions for sanctions, just to get routine access to the discovery to which every civil litigant is entitled. *See, e.g.*, Pls.' Mot. to Compel Defs. to Permit Inspection and Imaging of Electronic Devices, Oct. 2, 2018, ECF No. 354; Pls.' Mot. for Rule 37 Sanctions against Def. Schoep, Feb. 27, 2019, ECF No. 432; Pls.' Mot. for Sanctions against Defs. Kline and Heimbach, Apr. 3, 2019, ECF No. 457 ("First Sanctions Motion"); Pls.' Mot. for Sanctions against Def. Vanguard America, Apr. 11, 2019, ECF No. 465; Pls.' Mot. to Compel Def. Nat'l Socialist Movement to Disclose Custodians of Discoverable Documents and Information, Sept. 3, 2019, ECF No. 547; Pls.' Mot. for Sanctions against Def. Kline, Sept. 26, 2019, ECF No. 565 ("Second Sanctions Motion"). More importantly, however, Kline's failure to

6

participate in discovery has resulted in textbook prejudice by denying Plaintiffs access to myriad communications, documents, and ESI that go to the heart of the civil conspiracy claims alleged in this case. The facts more than establish Kline's civil contempt.

## II. The Recommended Sanctions

Judge Hoppe's Show Cause Order recommended that the presiding district court judge impose certain graduated sanctions to coerce Kline's compliance with Judge Hoppe's prior discovery orders. Show Cause Order 12–13. Specifically, Judge Hoppe recommended that Kline be ordered to pay $100 per day of noncompliance for the first week of contempt; $250 per day of noncompliance for the second week of contempt; $500 per day of noncompliance for the third week of contempt; and "[i]n the fourth week of contempt, issue a capias directing the United States Marshal Service to arrest Kline, transport him to this judicial district, and hold him in custody until he purges himself of contempt." *Id.* at 13. Judge Hoppe also noted that "Plaintiffs' renewed requests for evidentiary sanctions under Rule 37(b)(2) are hereby taken under advisement pending the resolution of Kline's civil contempt proceedings before Judge Moon." *Id.* (internal citation and alterations omitted).

Respectfully, and especially in light of Kline's communication today, Plaintiffs do not believe that the recommended sanctions go far enough. There is no reason to believe that the graduated fines alone will have any impact on Kline's willingness to participate in the litigation. Kline has not been consistently employed since 2016 and has no source of meaningful income. *See* Ex. B at 49–50, 112, 396. He resides intermittently with his parents but has no home of his own. *See id.* at 47–48. Most recently, Kline has represented that he does not have enough money to travel to Charlottesville for his own civil contempt hearing. *See* Ex. A. Plaintiffs accordingly have no reason to believe that a monetary fine alone will compel Kline to engage in the litigation

7

and provide Plaintiffs the discovery to which they are entitled. Indeed, Judge Hoppe's prior grant of attorney's fees, *see* Order, Aug. 9, 2019, ECF No. 540, had no effect on Kline's behavior whatsoever. If the Court grants Judge Hoppe's recommended sanctions, Plaintiffs fear that they will be forced to wait three more weeks while Kline continues to refuse to fulfill his basic obligations to the Court and to Plaintiffs.

To date, only the threat of arrest has had any impact on Kline's willingness to engage with Plaintiffs, the Court, and this litigation, albeit briefly and superficially. *See* Show Cause Order 8 ¶ 14 ("According to Kline's former counsel, 'The word "arrest" . . . had a near magical effect on' Kline." (ellipsis in original)). After 22 months of stonewalling Plaintiffs on discovery and repeated warnings and multiple chances to course-correct from Judge Hoppe, Plaintiffs respectfully suggest that the time has come to issue a bench warrant for Kline's arrest. *See, e.g.*, *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) ("[T]he Court will order that a warrant be issued for Defendant's immediate arrest and that he be held in jail as a coercive sanction for civil contempt, unless and until he purges himself of contempt . . . .").

Finally, and particularly in light of Kline's latest attempt to avoid his discovery obligations, while Judge Hoppe has taken Plaintiffs' renewed request for evidentiary sanctions under Rule 37(b)(2) under advisement, Plaintiffs respectfully urge that such sanctions are warranted now. As early as June 3, 2019, at the hearing on Plaintiffs' First Sanctions Motion, against Kline (and two other defendants), Judge Hoppe acknowledged that evidentiary sanctions "may be an appropriate sanction at some point," but hesitated to award them until after the Court and Plaintiffs took interim steps (including deposing Kline) to "see if you all can get the information that you're really entitled to." Hr'g Tr. 18, June 3, 2019, ECF No. 504. Judge Hoppe made clear during that hearing that "I'm not finding that [evidentiary sanctions] aren't appropriate but just that perhaps at this time

8

there's something else that can be done in the interim. ***But if this isn't effective, then I think that those other—those other sanctions would certainly be—I think they would be mature at that time***." *Id.* at 21 (emphasis added).

In the August 9, 2019 Sanctions Order granting in part Plaintiffs' First Sanctions Motion, Judge Hoppe noted, "Plaintiffs' requested evidentiary sanctions—including the adverse inference and an order deeming some of their proposed facts established—would be available, and certainly could be appropriate in this case, if Kline . . . fail[s] to produce the discovery from this point forward." Sanctions Order 34. Judge Hoppe reiterated, "Should [Defendants, including Kline] not follow through, the Court will likely have run out of options other than to impose significant evidentiary sanctions." *Id.* at 35.

As Judge Hoppe's Show Cause Order and certified facts make clear, since the August 9 Sanctions Order, Kline has ignored repeated communications from the Court, Plaintiffs, and the third-party vendor; failed to answer the Second Amended Complaint; failed to respond to Plaintiffs' Second Sanctions Motion against him; violated two more discovery orders; failed to appear before Judge Hoppe at a telephonic hearing on October 18, 2019; made clear that he has no intent of appearing before the Court on November 25, 2019; and still has not produced to Plaintiffs a single document. *See* Show Cause Order at 11–12, ¶ 25.

Kline's misconduct over the past year-and-a-half—including his willingness to lie under oath and his failure to take any steps to preserve the responsive information that he has admitted under oath that he possessed, *see* Show Cause Order 10–11, ¶¶ 22–23—makes it difficult to believe that Plaintiffs will ever get any meaningful discovery from Kline. Kline's "continued contumacious behavior" thus leaves Plaintiffs with an evidentiary gap for one of the leaders of the conspiracy that led directly to the violence in Charlottesville in August 2017. *See* Sanctions Order

9

7–9 (describing Kline's pivotal role in the conspiracy). Evidentiary sanctions are warranted to fill that gap. *See* Fed. R. Civ. P. 37(b)(2).

Accordingly, Plaintiffs reiterate their prior evidentiary requests, including that the Court deem certain facts listed in Appendix A to this Response established; that the Court deem authentic for purposes of Rule 901 of the Federal Rules of Evidence any documents that Plaintiffs have a good-faith basis to believe that Kline created, including all documents from the social media accounts listed in Appendix A; and that the Court instruct the jury that Kline chose to intentionally withhold his documents, and that the jury may draw adverse inferences from that fact, including that Kline chose to withhold such documents because he was aware that such documents contained evidence that Kline conspired to plan racially motivated violence at Unite the Right. *See* First Sanctions Motion; Second Sanctions Motion.

| | |
|---|---|
| Dated: November 21, 2019 | Respectfully submitted, |
| | */s/ Robert T. Cahill*<br>Robert T. Cahill (VSB 38562)<br>COOLEY LLP<br>11951 Freedom Drive, 14th Floor<br>Reston, VA 20190-5656<br>Telephone: (703) 456-8000<br>Fax: (703) 456-8100<br>rcahill@cooley.com |

*Of Counsel:*

| | |
|---|---|
| Roberta A. Kaplan (*pro hac vice*)<br>Julie E. Fink (*pro hac vice*)<br>Gabrielle E. Tenzer (*pro hac vice*)<br>Joshua A. Matz (*pro hac vice*)<br>Michael L. Bloch (*pro hac vice*)<br>KAPLAN HECKER & FINK LLP<br>350 Fifth Avenue, Suite 7110<br>New York, NY 10118<br>Telephone: (212) 763-0883<br>rkaplan@kaplanhecker.com<br>jfink@kaplanhecker.com | Karen L. Dunn (*pro hac vice*)<br>Jessica E. Phillips (*pro hac vice*)<br>William A. Isaacson (*pro hac vice*)<br>BOIES SCHILLER FLEXNER LLP<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Fax: (202) 237-6131<br>kdunn@bsfllp.com<br>jphillips@bsfllp.com<br>wisaacson@bsfllp.com |

gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin B. Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

# APPENDIX A

## I.  Facts to Be Deemed Established

Plaintiffs respectfully request that the following facts be established for purposes of this action:

1. Defendant Kline was a member of Identity Evropa from April 2017 through at least August 2017.

2. Defendant Kline was one of the leaders of Identity Evropa from April 2017 through at least August 2017.

3. Defendant Kline entered into an agreement with one or more co-conspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017.

4. Defendant Kline entered into an agreement with one or more co-conspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017.

5. Defendant Kline entered into an agreement with one or more co-conspirators to engage in racially motivated violence at the Unite the Right event in Charlottesville, Virginia on August 12, 2017.

6. Defendant Kline was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017 in Charlottesville, Virginia.

7. It was reasonably foreseeable to Defendant Kline and intended by him that co-conspirators would commit acts of racially motivated violence and intimidation at the torchlight event in Charlottesville, Virginia on August 11, 2017.

8. It was reasonably foreseeable to Defendant Kline and intended by him that co-conspirators would commit acts of racially motivated violence and intimidation at the Unite the Right event in Charlottesville, Virginia on August 12, 2017.

9. It was reasonably foreseeable to Defendant Kline and intended by him that a co-conspirator would engage in racially motivated violence by intentionally driving a car into a crowd of counter-protestors on August 12, 2017.

10. Defendant Kline committed multiple overt acts in furtherance of the conspiracy he entered into to commit racially motivated violence at the Unite the Right event in Charlottesville, Virginia on August 12, 2017.

11. Defendant Kline attended the torchlight march on August 11, 2017 and committed acts of intimidation and violence in furtherance of the conspiracy.

12. Defendant Kline attended the Unite the Right event on August 12, 2017 and committed acts of intimidation and violence in furtherance of the conspiracy.

13. After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Kline ratified the racially motivated violence that occurred at the event.

## II. Documents to Be Deemed Authentic

Plaintiffs respectfully request that all documents Plaintiffs have a good-faith basis to believe were in fact created by Defendant Kline be deemed "authentic" for purposes of satisfying Rule 901 of the Federal Rules of Evidence. In particular, Plaintiffs have a good-faith basis to believe that the following social media accounts, identified by the platform name, followed by the handle (or username), belong to Defendant Kline. Plaintiffs respectfully request that all documents

from the following social media accounts be deemed "authentic" for purposes of satisfying Rule 901 of the Federal Rule of Evidence:

1. Discord - Eli Mosley#5269
2. Discord - Sayer
3. Discord - Sayer#5269
4. YouTube - Eli Mosley
5. Facebook - Eli Mosley
6. Facebook - Elliott Kline
7. Twitter - @EliMosley
8. Twitter - @EliMosleyIE
9. Twitter - @ThatEliMosley
10. Twitter - @EliMosleyOH
11. Twitter - @EliMosleyIsBack
12. Twitter - @Sheli_Shmosley
13. Twitter - @Eli_Mosley_
14. Twitter - @NotEliMosley
15. Gab - @EliMosley

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2019, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on November 21, 2019, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Christopher Cantwell<br>christopher.cantwell@gmail.com | Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com |
| Robert Azzmador Ray<br>azzmador@gmail.com | Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com |
| Matthew Heimbach<br>matthew.w.heimbach@gmail.com | |

/s/ *Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*