CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
11/27/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>*Defendants*. | CASE NO. 3:17-cv-00072<br><br>ORDER FINDING ELLIOTT KLINE IN CIVIL CONTEMPT<br><br>JUDGE NORMAN K. MOON |

This matter is before this Court on U.S. Magistrate Judge Hoppe's Order for Defendant Elliott Kline to Show Cause & Certification Under 28 U.S.C. § 636(e)(6)(B)(iii), issued on October 30, 2019 ("Certification Order"). Dkt. 584. Therein, Judge Hoppe recommends this Court grant in part Plaintiffs' Motion for Sanctions Against Defendant Elliott Kline. Dkt. 565.

After months of hearings, sanctions motions by Plaintiffs, and numerous court orders, all of which failed to coerce Kline into compliance with his discovery obligations, Judge Hoppe documented certified facts that, "in [his] opinion, show that Kline disobeyed seven court orders requiring him to provide or permit discovery of relevant materials and information for Plaintiffs' use in this litigation." Dkt. 584 at 12. Judge Hoppe ordered Kline to appear before this Court on November 25, 2019, to show cause why he should not be adjudged in contempt by reason of the facts laid out in the Certification Order.

In anticipation of the Contempt Hearing on November 25, this Court issued a further Show Cause Order to Kline, which directed him to complete outstanding discovery obligations prior to his Contempt Hearing. Dkt. 588. Kline did not avail himself of that off-ramp; he failed to complete his outstanding discovery obligations before the Contempt Hearing.

1

At the Contempt Hearing, this Court heard testimony from Kline and argument from the parties. This Court finds Kline's excuses for non-compliance with a multitude of court orders unbelievable, contradictory, and at odds with the plain facts in the record. Put simply, Kline's long-running practice of trying to duck his obligations to the Court and to Plaintiffs in this case must come to an end.

Upon this Court's review of the Certification Order, the testimony and argument and the record, and for the reasons stated at the Contempt Hearing and otherwise set forth below, this Court finds Kline in contempt of court.

To coerce Kline into compliance with court orders, this Court will impose upon Kline (and in favor of Plaintiffs) a remedial fine of $200 per day of his non-compliance, which fine will be suspended until December 2, 2019, to be incurred at 5:00 P.M. EST on that date and on each following day of non-compliance, until Kline purges himself of contempt.

This Court has scheduled another hearing on this matter on **December 16, 2019** at **11:00 A.M. EST** at the United States Courthouse in Charlottesville, Virginia. Kline has been and hereby is **ORDERED** to attend that hearing. If Kline remains in non-compliance on that date, this Court is prepared to hold him in custody until he purges himself of his contempt.

Background

1. This Court has considered the Certification Order issued by Judge Hoppe on October 30, 2019, and the certified facts therein. Dkt. 584 at 4–12 (¶¶ 1–25). The certified facts are not binding on this Court. *See Proctor v. State Gov't of North Carolina*, 830 F.2d 514, 521–22 (4th Cir. 1987). They do, however, establish in this Court's view a *prima facie* case of contempt.

*See id.* at 521. And in this Court's assessment, the certified facts reflect a thorough examination of the record and are persuasive.

2. On November 14, 2019, this Court afforded Kline and Plaintiffs the opportunity to respond to the certified facts or the issues raised in the Certification Order, by November 21, 2019. *See* Dkt. 587, 588. This Court's Order also advised Kline that, "[a]t the hearing before this Court on November 25, 2019, Kline shall be prepared to address the facts certified by Judge Hoppe, as well as the recommended sanctions." Dkt. 588 at 3.

3. Plaintiffs' response stated, in relevant part: "Plaintiffs agree entirely with the facts certified by Judge Hoppe." Dkt. 592 at 1.

4. Early in the morning of November 21, 2019, Kline emailed the Court and Plaintiffs' counsel, alleging: he had difficulties in various forms of communication with the Court and in securing transportation to the hearing on November 25; that he had only just learned of the hearing; that he intended to remain in New York until after Thanksgiving; and that he intended to comply with his discovery obligations. Dkt. 591-1.

5. Later that day, this Court issued a further Show Cause Order to Kline reiterating that the contempt hearing would not be postponed. The Order also afforded Kline an extension until November 22 to "submit any brief or response to the facts certified in the issues raised in Judge Hoppe's Order that Kline would like this Court to consider before the show cause hearing on Monday, November 25, 2019." Dkt. 591 at 3.

6. On November 22, 2019, Kline emailed a response to the Court, which this Court has considered, and which will be added to the Court's docket. Kline did not directly challenge any of Judge Hoppe's certified facts or assert that they did not amount to civil contempt. His email did address a few issues that touched on Judge Hoppe's certified facts, namely: (a) why Kline had

3

not provided his Walmart phone to the Third Party Discovery Vendor; Kline alleged he had only just gotten access to it; (b) that Kline could not access his social media accounts, and so could not turn over credentials to the Third Party Discovery Vendor; (c) that Kline had not received a copy of Plaintiffs' discovery requests; and (d) that he had difficulties communicating with counsel or the Court through the email address he provided.

7. This Court has independently reviewed the record, the submissions of the parties before the Contempt Hearing on November 25, 2019, Kline's testimony at the hearing and the other evidence presented by Plaintiffs' counsel in her examination of Kline; and the arguments of the parties at the hearing.

8. Upon conducting such review, this Court **ADOPTS** and **ENTERS AS FACTUAL FINDINGS** the certified facts listed by Judge Hoppe in his Certification Order, Dkt. 584 at 4–12 (¶¶ 1–25) (attached hereto). These pages of facts will not be recounted here except to say that they document a pattern of Kline's repeated failures to respond to discovery or discovery orders, since Plaintiffs served their interrogatories and document production requests on Kline on January 25, 2018, and those failures continue to this day.

9. This Court makes the following additional findings of fact.

10. On November 14, 2019, this Court had ordered Kline to certify by email to this Court and to Plaintiffs, no later than November 21, 2019, that he had provided all relevant social media account credentials and electronic devices to the Third Party Discovery Vendor; and that he had provided Plaintiffs with written answers to their interrogatories and requests for production of documents. Dkt. 588 at 2. Kline failed to do so, as required by this Court's Order of November 14, 2019.

4

11.     On November 21, 2019, this Court inquired with counsel for Plaintiffs and Kline what evidence or testimony they intended to offer at the Contempt Hearing. Plaintiffs' counsel timely responded to this inquiry the following day; Mr. Kline did not.

12.     This Court finds that Kline's representations about his inability to access his "Eli F Mosley" email account are not credible. Kline has claimed that he is "unable to access this email address regularly," because the two-step verification procedures require confirmation from his old iPhone that he provided to the Third Party Discovery Vendor. Dkt. 591-1 (Nov. 21, 2019 Email to Court). However, Kline testified at his August 7 deposition that he did have access to and was able to log into the account,[1] and he confirmed to his former lawyer in June 2019 that email account was correct and Kline could check it. Dkt. 566-1. Significantly, even after sending the Third Party Discovery Vendor his iPhone on August 14, 2019, Kline sent emails from his purportedly inaccessible "Eli F Mosley" account periodically over the next few months to Plaintiffs' counsel,[2] the Third Party Discovery Vendor,[3] and the Court.[4] Moreover, Kline has represented that he was able to access the account while his iPhone was with the Third Party Discovery Vendor, by using his Walmart phone, but he further admitted that he simply failed to pay for the minutes or data to keep that phone operational.[5] And Kline testified that he was able to access and send emails from

---

[1] *See, e.g.*, Dkt. 592-2 (Dep. 270–71) ("Q. Is there any e-mail address that we should be using to contact you, besides that [Eli F Mosley account]? A. No, that is the best one. Q. You are able to log into that account? A. Yes. Q. You are able to receive e-mails at that account? A. Yes. Q. Do you read those e-mails? A. Yes.").

[2] *See* Dkt. 566-11 (Email from Kline at "Eli F Mosley" account to Plaintiffs' Counsel) (Aug. 14, 2019) (stating, "I just got my new phone up and running," and "I sent out my old phone for discovery"); Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:16-18 p.m. (discussing Oct. 18, 2019 email to Plaintiffs' counsel from Kline's "Eli F Mosley" account).

[3] *See* Dkt. 566-10 (Email from Kline at "Eli F Mosley" account to Third Party Discovery Vendor (Aug. 14, 2019) ("I just wanted to let you know that I sent out the phone this afternoon during lunch.").

[4] *See* Dkt. 591-1 (Email from Kline at "Eli F Mosley" account to J. Hoppe's Chambers) (Nov. 21, 2019).

[5] *See id.* ("I've once again somehow gotten access to my email account using my old phone (the Walmart phone …)". *See also* Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:18 p.m. (arguing that he did not

5

that account on an old computer at his parents' house on a number of occasions.[6] Accordingly, this Court attributes responsibility for any difficulties in communication with Kline through his "Eli F Mosley" account to rest squarely on Kline's own shoulders. This Court also assessed Kline's demeanor during his testimony at the Contempt Hearing, and during his responses to this Court's questions and Plaintiffs' counsel's questions. Kline's responses regarding his inability to access his "Eli F Mosley" account were not credible.

13. This Court also finds not credible Kline's representations that he had not received a copy of Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories before the Contempt Hearing. *See* Kline's Email Nov. 22, 2019. To the contrary, Plaintiffs' served those discovery requests on Kline's then-counsel of record on January 25, 2018. Dkt. 584 at 5 (¶ 1). Kline's then-counsel moved to withdraw in part because Kline was "just not participating at all" in discovery at that point, and Kline had stopped communicating with them. *See id*. at 5-6 (¶¶ 4, 5). This Court inquired of Kline about his difficulties communicating with his attorneys. *See* Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:52-55 p.m. This Court did not find Kline's responses to be credible—he continued to deflect blame off himself and onto others, at bottom, based upon excuses that he was too busy to respond. Moreover, Kline testified under oath at his deposition on August 7, 2019, that he had received Plaintiffs' discovery requests and he intended to respond to them, *id.* at 1:07-12 p.m. (also referencing a July 1, 2019 email from Plaintiffs' counsel to Kline). And Kline also informed Judge Hoppe the following day at a status

---

have access to his "Eli F Mosley" account on his Walmart phone because "I had to actually buy time to get into it, like, individually, by the minute. So it wasn't fully charged. Like, it didn't have all the minutes on it to be able to get into the e-mail.").

[6] Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:22 p.m. ("I was able to get into a family computer, and I was able to get in to the Eli F Mosley account still"); *id.* at 1:33 p.m. (explaining that he was able to access the account from his family computer "[o]nly once or twice. Then it started kicking me out again"); *id.* at 1:34 (he accessed that account through the computer "two or maybe three times").

6

conference that he had received the requests and intended to respond to them by August 16, 2019. *See id.* at 1:12-14 p.m. He did not do so. Accordingly, this Court finds that Kline had received these discovery requests 22 months ago, and that Plaintiffs provided them to him directly on numerous subsequent occasions.

14. Following the Contempt Hearing on November 25, 2019, Kline was again provided with a paper copy of these discovery requests by Plaintiffs in the presence of the Clerk of the Court.

Applicable Law

15. Rule 37(b)(2) of the Federal Rules of Civil Procedure provide the Court the ability to impose sanctions whenever "a party … fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii).

16. Moreover, "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

17. "A court may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004) (quoting *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)). The "essence" of civil contempt "is to coerce future behavior." *Consol. Coal Co. v. Local 1702, United Mineworkers of Am.*, 683 F.2d 827, 830 (4th Cir. 1982).

18. A movant must establish the following elements by clear and convincing evidence in order to secure a finding of civil contempt:

> (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;

7

(2) That the decree was in the movant's favor;

(3) That the alleged contemnor by their conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and

(4) That the movant suffered harm as a result.

*JHT Tax v. H&R Block E. Tax Servs.*, 359 F.3d 699, 705 (4th Cir. 2004). *See also Redner's Markets, Inc. v. Joppatowne G.P. Ltd. P'ship*, 608 F. App'x 130, 131 (4th Cir. 2015) (unpublished).

19. Potential remedies for civil contempt include the ability to award damages and attorney's fees to the aggrieved party, or to imprison the contemnor until he purges himself of contempt. *See, e.g.*, *Rainbow School v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 537 (D. Md. 2010) (citing authorities). But "in selecting sanctions, a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990).

20. When a magistrate judge is designated to determine a pretrial matter and is faced with conduct that constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

21. At that contempt hearing, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before the district judge." 28 U.S.C. § 636(e)(6).

22. The "certificate of facts forwarded by the magistrate to the district court shall be considered the statement of a prima facie case" of contempt. *Proctor*, 830 F.2d at 521. The district

8

court should then allow any party the opportunity to introduce evidence upon request, and "[i]n the event such evidence is taken, the Court should proceed to consider that evidence together with the facts previously certified by the magistrate in determining whether a finding of contempt can be sustained." *Id.* at 522.

Findings of Contempt

23. Upon consideration of the facts certified by Magistrate Judge Hoppe and adopted by this Court, as well as the testimony from Kline and arguments of the parties before and during the Contempt Hearing, and for the reasons set forth herein and at the Contempt Hearing, this Court finds Kline to be presently in contempt of court, and that each of the elements of civil contempt have been shown by clear and convincing evidence. *See JHT Tax*, 359 F.3d at 705.

Failure to Respond to Discovery Requests

24. Numerous valid orders issued by Judge Hoppe, including those dated July 3 and August 8, 2019, and that issued by this Court on November 14, 2019, all required Kline to respond fully and in writing to Plaintiffs' discovery requests, namely, Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.[7]

25. Kline had actual and constructive knowledge of these Orders.[8]

---

[7] *See, e.g.*, Dkt. 516 at 2 (July 3, 2019) (Hoppe, J.) ("Within twenty-one (21) days from the date of this Order: (a) Provide complete and accurate written answers to Plaintiffs' First Set of Interrogatories … (b) Provide complete and written responses to Plaintiffs' Requests for Production of Documents …"); Dkt. 538 at 2 (Aug. 8, 2019) (Hoppe, J.) ("On or before Friday, August 16, 2019, Kline shall provide complete and accurate written answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents."); Dkt. 588 at 2 (Nov. 14, 2019) (Moon, J.) ("Kline shall, no later than Thursday, November 21, 2019 at 5:00 P.M. EST, provide to Plaintiffs' counsel full and complete written answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents."). *See also* Dkt. 584 at 9 (¶ 17 & n.3); *id.* at 11 (¶ 24).

[8] The August 8 and November 14, 2019 Orders were sent both to Kline's address of record and his "Eli F Mosley" email account, and the July 3, 2019 Order was sent at least to his address of record—and there is no question he received all of them, much less had constructive knowledge of them. Indeed, on July

9

26. These Orders were in Plaintiffs' favor. Plaintiffs were entitled to timely responses by Kline to Plaintiffs' interrogatories and requests for product of documents, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

27. In violation of such Orders, Kline still has not responded to Plaintiffs' First Set of Interrogatories or Requests for Production of Documents—some 22 months after they were first served on Kline through his then-counsel.[9]

28. Plaintiffs have suffered harm as a result of Kline's continued violation of those Orders. As Plaintiffs' counsel attested, and this Court's review of the record demonstrates, Plaintiffs' counsel had to spend an enormous amount of time, effort, and resources over the past 22 months trying to get discovery to which they were entitled. The delays in discovery caused by Kline (as well as other Defendants), have contributed to delays in the trial, which had been set for July 8, 2019, and which has not been rescheduled.

<u>Failure to Turn Over Social Media Credentials, Passwords, and Electronic Devices</u>

29. Numerous valid orders issued by Judge Hoppe, including those dated July 3 and August 8, 2019, and that issued by this Court on November 14, 2019, all required Kline to provide

---

2, 2019, Kline confirmed that he had received each of the orders, discovery requests, and consent forms thus far. Dkt. 584 at 8-9 (¶ 16). Kline confirmed that he has been receiving paper copies of Court documents that were sent to his parents' house. *See, e.g.*, Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:52 p.m. As this Court found above, Kline also demonstrated his ability to access his "Eli F. Mosley" email account. Moreover, Kline discussed with Judge Hoppe his obligations to respond to these discovery requests at several hearings, and those obligations discussed on the record were further memorialized in these orders. *See, e.g.*, Dkt. 584 at 8-12 (¶¶ 15-25).

[9] Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:36-37 p.m. (Kline's testimony: "Q. … you have not submitted any answers to the interrogatories served on you, actually 22 months to the day, January 25, 2018; is that correct?  A. Correct."; "Q. But you haven't [] actually answered any of the requests for production, correct?  A. Correct …"); *id.* at 3:25 p.m. (Plaintiffs' counsel: "We don't have any of the interrogatories or the [requests for production]."); *id.* at 3:29 p.m. (Kline's testimony: "So the only thing I have left to do, if we leave here today, would be the requests for interrogatories, the Twitter privacy form, and the request for production form …"). *See also* Dkt. 584 at 4 (¶ 1) ("On January 25, 2018, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Interrogatories on Kline through his counsel of record.").

10

to "the Third Party Discovery Vendor for imaging and collection <u>any</u> electronic devices (including [Kline's] old cell phone) and social media credentials identified on [Kline's] Certification Form."[10] Moreover, while Kline filled out the Certification Form, he had done so in an incomplete manner, as he "did not list all of his email addresses, passwords for his social media accounts, or a number for one of his phones." Dkt. 584 at 10 (¶ 21). The July 3, 2019 Order and earlier orders also specifically required Kline to give Plaintiffs' counsel "complete and accurate SCA consent form(s) allowing Discord, Twitter, and any other social media provider to produce any discoverable documents or electronically stored information ('ESI') requested by Plaintiffs' counsel in this lawsuit." Dkt. 516 at 1 (citing earlier orders).

30. Kline had actual and constructive knowledge of these Orders.[11]

31. These Orders were in Plaintiffs' favor. These Orders were a first and necessary step to ensure the collection of potentially discoverable information from Kline, and to guard against concerns of spoliation of discoverable information.

32. In violation of such Orders, Kline has not to date provided the Third Party Discovery Vendor for imaging and collection all "Electronic Devices or Social Media Account credentials identified on [his] Certification Form," *e.g.*, Dkt. 588 at 1; Dkt. 538 at 1; Dkt. 516 at 2, as Kline only provided a working password for one of his (four) email addresses, has not provided

---

[10] *See* Dkt. 588 at 1(quoting Order of Aug. 8, 2019 (Dkt. 538) (Hoppe, J.)) (emphasis added); Dkt. 538 (citing Orders of July 3, June 21, and Mar. 4, 2019) (Hoppe, J.)).

[11] *See supra* para. 12 & fn.8. In fact, upon learning of Kline's failure to comply with the July 3, 2019 Order, Judge Hoppe issued another Order to Kline on August 2, 2019, directing Kline appear for a discovery conference to discuss Kline's compliance with the July 3, 2019 Order. Dkt. 533. Kline appeared at and participated in that discovery conference. Dkt. 543 at 5 (J. Hoppe: "This is really sort of a status update … about an order that I entered upon July 3. … On July 23rd, the plaintiffs filed a brief and a declaration indicating that Mr. Kline had not met any of those obligations up to that point."). That same day, August 8, Judge Hoppe entered another order giving Kline until August 14, 2019, to provide all electronic devices and social media credentials to the Third Party Discovery Vendor. He did not do so. Dkt. 584 at 11 (¶ 24).

11

account credentials for his other Social Media Account listed on his Certification Form, and he has not turned over his computer in Redding, Pennsylvania, which Kline testified he had used to access his "Eli F Mosley" email account. Kline also has provided Plaintiffs' counsel only one SCA form for Twitter and has not provided Plaintiffs' counsel complete and accurate SCA forms for any other social media provider.[12]

33. Plaintiffs-Movants have suffered harm as a result of Kline's continued violation of those Orders. This Court finds the harm Plaintiffs have suffered to be self-evident, but such financial harm and harm and delay to their ability to timely develop and present Plaintiffs' case was ably articulated by Plaintiffs' counsel. *See* Contempt Hr'g Nov. 25, 2019, Draft Tr. at 3:37-39 p.m.

\* \* \*

34. It is therefore **ORDERED** that Defendant Elliott Kline (a/k/a Eli Mosley) is hereby **FOUND IN CONTEMPT** of Judge Hoppe's Orders of July 3, August 8, and this Court's Order of November 14, 2019. *See* Dkt. 588, 538, 516.

Civil Contempt Sanctions

35. This Court has considered the graduated financial sanctions recommended by Judge Hoppe in his Certification Order. Dkt. 584, at 12–13.

36. This Court has also considered the arguments of Plaintiffs' counsel seeking more stringent sanctions than those recommended by Judge Hoppe, Dkt. 592 at 8 (seeking issuance of a

---

[12] *See* Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:37 p.m. ("Q. And you have not submitted the privacy form to Twitter, correct? A. Correct."); *see also id.* at 1:32 (recounting explanation from Judge Hoppe that Kline would "identify all of the social media accounts and then allow consents" for the social media companies to respond to Plaintiffs' inquiries; and Kline's response, "I'm totally fine with going through that.").

12

bench warrant), and renewing Plaintiffs' request for evidentiary sanctions, Dkt. 592 at 8–10; Contempt Hr'g Nov. 25, 2019, Draft Tr. at 3:34 p.m. This Court has further considered Kline's testimony at the Contempt Hearing, in particular as it relates to the effectiveness of any monetary sanction imposed in coercing Kline into compliance with these orders.

37. This Court will impose upon Kline a fine of $200 per day of non-compliance, which will be payable to Plaintiffs. This Court will suspend the imposition of sanctions such that the first $200 fine would be incurred on Monday, December 2, 2019, at 5:00 P.M. EST, if Kline should remain in non-compliance on that date and time; and each subsequent daily $200 fine will be incurred at 5:00 P.M. EST, on each following day of non-compliance, and continuing until Kline purges himself of contempt.

38. This Court finds the imposition of this monetary sanction is appropriate and tailored at this time to coerce Kline into complying with this Court's and Judge Hoppe's discovery orders, using the "least possible power adequate to the end proposed." *Spallone*, 493 U.S. at 276. Should the imposition of such daily fines prove insufficient to achieve this end, this Court is prepared to impose a more severe sanction in order to coerce Kline into compliance with these orders, namely, to incarcerate Kline until he purges himself of contempt.[13]

39. At this time, this Court will postpone its consideration of Plaintiffs' request for evidentiary sanctions. By December 6, 2019, Plaintiffs will file any brief renewing their request for such sanctions, which should address steps taken by Kline to date to purge himself of contempt. This Court will give Kline and other parties the opportunity to respond to Plaintiffs' request for

---

[13] In advance of the December 16, 2019 hearing, this Court will inquire with Kline again about the status of his active efforts to secure counsel should Kline not purge himself of contempt before that hearing and in view of the possibility of incarceration.

evidentiary sanctions after this Court's hearing on December 16, 2019. In the interim, Kline's efforts should demonstrate a single-minded focus on purging himself of contempt.

Steps to Purge Himself of Contempt

40. Kline will have an "opportunity to reduce or avoid" any fines and, if ultimately necessary, imprisonment, by purging himself of contempt by completing each affirmative step set forth in Judge Hoppe's and this Court's prior discovery orders. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828–29 (1994).

41. As this Court explained to Kline at the Contempt Hearing, he must complete the following steps in order to purge himself of contempt.

> a. Kline must respond in writing fully and completely to Plaintiffs' First Set of Interrogatories and Plaintiffs' Requests for Production of Documents. When those are complete, Kline must send them to Plaintiffs and email them to this Court's Chambers account (moon.ecf@vawd.uscourts.gov) as well as that of Judge Hoppe (hoppe.ecf@vawd.uscourts.gov).
>
> b. Kline must provide the Third Party Discovery Vendor his email and social media credentials, including his passwords, for every account he identified on his Certification Form, or that should have been included on such Form originally.
>
>> i. Kline must further conduct a diligent search of his electronic and any other records to confirm that the list of credentials he included on his Certification Form is complete, and to uncover his credentials (including passwords), to any of these accounts.
>>
>> ii. For any and all accounts to which Kline confirms he does not have the credentials, he will submit a declaration under oath and under penalty of perjury, to that effect, and which states with specificity the reasons why such credentials are unavailable to Kline.

> c. Kline must provide his Walmart phone he described, as well as his home computer that he identified, to the Third Party Discovery Vendor for imaging.
>
> d. Kline must sign and provide to the Third Party Discovery Vendor the privacy and consent forms required by Twitter, as well as such forms required by the social media companies for the other accounts Kline listed or should have listed on his Certification Form. Plaintiffs' counsel shall promptly re-send any missing forms to Kline for execution, and no later than Friday, November 29, 2019 at 12:00 p.m.

42. Kline should promptly inform the Court and Plaintiffs upon completion of each of the aforementioned steps toward purging himself of contempt.

43. This Court reminds Kline that, because he has not participated meaningfully in discovery so far, even upon completion of the aforementioned steps, there have been substantial delays in discovery and this case as a result of his and others' failure to comply with their obligations to the Court and to Plaintiffs. Kline is **ADVISED** that completing the aforementioned steps and purging himself of contempt does not mark the end of Kline's obligations in this case; it marks the beginning. Kline's testimony at the Contempt Hearing was that he "essentially" has "been trying to comply with the discovery since the deposition [he] gave in August [2019]," Contempt Hr'g Nov. 25, 2019, Draft Tr. at 1:52. But that wholly failed to recognize that Kline had not been trying to comply at all the year prior. Going forward, this Court further **ADVISES** Kline that even if he should purge himself of contempt promptly, he will not be afforded numerous chances to comply with obligations to the Court, or he otherwise may find himself in another contempt proceeding at a future date.

## Conclusion

This Court has and hereby **FINDS** Elliott Kline in **CONTEMPT** of Judge Hoppe's Orders of July 3, August 8, and this Court's Order of November 14, 2019. *See* Dkt. 588, 538, 516.

15

This Court will impose upon Kline a fine of **$200 per day of non-compliance**, which will be payable to Plaintiffs, in order to coerce Kline into compliance with these Court orders.

This Court will suspend the imposition of sanctions such that the first $200 fine would be incurred on Monday, December 2, 2019, at 5:00 P.M. EST, if Kline should remain in non-compliance on that date and time; with each subsequent daily $200 sanction to be incurred at 5:00 P.M. EST, on each following day of non-compliance, and continuing until Kline purges himself of contempt.

Plaintiffs' Motion for Sanctions (Dkt. 565) is **GRANTED in part**, as set forth above, and otherwise **TAKEN UNDER ADVISEMENT**.

Kline can at any time reduce or avoid fines and any more severe sanction including imprisonment by timely taking each specific step set forth above in paragraph 41.

**It is so ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, including Mr. Kline at his two email addresses he has provided the Court as well as his address of record.

Entered this  27th   day of November, 2019.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE