UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
HANNAH PEARCE, MARCUS MARTIN,
NATALIE ROMERO, CHELSEA
ALVARADO, JOHN DOE, and
THOMAS BAKER,

          Plaintiffs,

v.

JASON KESSLER, et al.,

          Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' RESPONSE TO THE COURT'S DECEMBER 31, 2019, ORDER REGARDING DEFENDANT ELLIOTT KLINE A/K/A ELI MOSLEY**

As invited by the Court in its Order dated December 31, 2019, ECF No. 611, Plaintiffs respectfully submit this Response documenting Defendant Elliott Kline a/k/a Eli Mosley's continued failure to purge himself of civil contempt and to participate in discovery meaningfully and in good faith.

**I.    Kline's Deficient Discovery Responses**

On December 30, 2019, Plaintiffs received emailed discovery responses from Kline—nearly two years after discovery requests were first served. *See* Kline Email to Phillips *et al.*, Dec. 30, 2019 (attached hereto as Exhibit A). Notwithstanding "this Court's clear instructions" to Kline on numerous occasions, Kline's discovery responses are deficient in at least the following respects. *See* Order Finding Elliott Kline Remains in Civil Contempt 1, Dec. 23, 2019, ECF No. 610 ("Dec. 23 Order") (citing Order Finding Elliott Kline in Civil Contempt, Nov. 27, 2019, ECF No. 599 ("Contempt Order")).

*First*, Kline's responses to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories, despite minor revisions, remain "materially deficient in both form and substance." Dec. 23 Order 9.[1] For example, Kline's revised response to Interrogatory No. 3 (which asked Kline to "[i]dentify all persons (natural or non-natural) with whom [he] communicated concerning" Unite the Right), still does not identify the Charlottesville Police Department or any of its members, *see* Ex. A at 6, even after the Court explicitly mentioned this deficiency, *see* Dec. 23 Order 10.[2] Kline's revised response to Interrogatory No. 4 (which asked Kline to "[i]dentify all Electronic Devices used by [him] to communicate concerning the Events, whether before, during, or after the events"), similarly fails to disclose or otherwise address a phone associated with a (347) phone number, *see* Ex. A at 6, despite this Court's express instruction that "Kline should have in the interest of completeness included any such explanation in his response to Interrogatory 4, given the documentation linking him with that (347) number," Dec. 23 Order 11. In short, Kline's revised interrogatory responses continue to raise "the substantial prospect that Kline omitted other material information from his discovery responses." *Id.* Furthermore, in his responses to Plaintiffs' Requests for Production, Kline continues to claim, wholly implausibly, that he has no responsive documents other than the single "Operation Unite the Right 2.0" document that Kline produced on December 5, 2019, *see* Ex. A at 3–4—a claim that this Court has already found "incredible," *see* Dec. 23 Order 11.

---

[1] Kline emailed his responses to Judge Hoppe and to Plaintiffs, *see* Ex. A at 2, but did not email his responses to this Court, despite this Court's repeated orders to do so, *see* Dec. 23 Order 4, 9, 13.

[2] Kline's response to Interrogatory No. 3 is also inconsistent with his responses to Plaintiffs' Second Set of Interrogatories, submitted just three days later (and discussed further below), which state that he "spoke with 2 different law enforcement agents related to Unite the Right. One was a male detective in Charlottesville before the rally and the other was a female UVA university cop before the torch rally." Kline Email to Phillips *et al.* 4, Jan. 2, 2020 (attached hereto as Exhibit B).

*Second*, Kline has failed to fulfill his obligations with regard to searching for and disclosing account credentials. Specifically, despite repeated orders, Kline still has "simply failed to submit any declaration under oath stating with specificity the reasons why he had been unable to access credentials for any email and social media account." Dec. 23 Order 12–13; *see id.* at 4. Similarly, Kline has failed to "promptly inform the Court and Plaintiffs upon completion of each of the aforementioned steps toward purging himself of contempt," as well as to specifically "address how and when he satisfied each of the discovery obligations set forth in paragraph 41 of this Court's Order Finding Elliott Kline in Civil Contempt." *Id.* at 5–6, 12. Instead, Kline's response states only generally, "I believe I have completed all the court and Plaintiffs have asked to the best of my ability." Ex. A at 2.

*Third*, Kline has altogether ignored the Court's repeated orders to "Kline to advise the Court on the status of his previously-mentioned efforts to secure counsel." Dec. 23 Order 5–6. It appears that Kline's representation to the Court that he was "trying to find new counsel to represent" him, Hr'g Tr. 48, Nov. 25, 2019, ECF No. 600, was yet another empty promise, made in an apparent last-ditch attempt to avoid sanctions.

These deficiencies confirm that Kline, even now, has not "made a real, good-faith effort at purging himself of contempt." Dec. 23 Order 13.

## II. Kline's Outstanding Discovery Obligations

In addition to Kline's failure to purge himself of his civil contempt as outlined above, Kline's ongoing non-compliance with his discovery obligations—even having been found in civil contempt—further confirms that Kline "has not changed his contumacious behavior." Dec. 23 Order 14.

*First*, on January 2, 2020, Kline finally responded to Plaintiffs' Second Set of Interrogatories, which Plaintiffs first served on Kline via email on October 30, 2019; of which

3

Plaintiffs provided Kline a paper copy on November 25, 2019, and an additional electronic copy on December 30, 2019; and to which responses were due on November 29, 2019. *See* Kline Email to Phillips *et al.*, Jan. 2, 2020 (attached hereto as Exhibit B). Thus, yet again, "Where Kline did act, he did not do so with haste." Dec. 23 Order 1. Kline apparently blames Plaintiffs for his failure to respond to the Interrogatories in a timely fashion. *See* Ex. B at 2. Yet the Court has already dismissed Kline's implausible claim, which Kline made yet again in today's submission, that he "do[es] not have access to" the eli.f.mosley@gmail.com account to which Plaintiffs first served the Second Set of Interrogatories in October 2019. *See* Contempt Order 5 ("This Court finds that Kline's representations about his inability to access his 'Eli F Mosley' email account are not credible."). And Kline's email entirely ignores that, as the Court already found, "at the First Civil Contempt Hearing, a copy of the document was provided to Kline." Dec. 23 Order 14. Kline's much belated response to the Interrogatories—for which he blames Plaintiffs rather than takes any responsibility—"undermines Kline's ability to assert that he has had a change of heart or that he is now acting in good faith to comply with his outstanding discovery obligations." *Id.*

*Second*, although the third-party discovery vendor has repeatedly attempted to contact Kline to address the two-factor authentication required to access Kline's email accounts, Kline has still failed to respond to those numerous requests. *See* Kim Email to Kline *et al.*, Dec. 16, 2019 (attached hereto as Exhibit C). As a result, despite Kline's few steps to comply with his long-overdue discovery obligations—which Kline undertook only under threat of imprisonment—Plaintiffs *still* have no access to the contents of Kline's multiple Gmail accounts.

In short, not only has Kline failed to purge himself of civil contempt, but "Kline's halfhearted and sluggish efforts" in discovery even now, after having been found in civil contempt,

4

Case 3:17-cv-00072-NKM-JCH   Document 612   Filed 01/02/20   Page 4 of 8   Pageid#: 7908

"offer little indication that he intends to meaningfully participate in discovery or in this case going forward." Dec. 23 Order 2.

Dated: January 2, 2020

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

| | |
|---|---|
| David E. Mills (*pro hac vice*) | J. Benjamin Rottenborn (VSB 84796) |
| Joshua M. Siegel (VSB 73416) | Erin B. Ashwell (VSB 79538) |
| COOLEY LLP | WOODS ROGERS PLC |
| 1299 Pennsylvania Avenue, NW | 10 South Jefferson St., Suite 1400 |
| Suite 700 | Roanoke, VA 24011 |
| Washington, DC 20004 | Telephone: (540) 983-7600 |
| Telephone: (202) 842-7800 | Fax: (540) 983-7711 |
| Fax: (202) 842-7899 | brottenborn@woodsrogers.com |
| dmills@cooley.com | eashwell@woodsrogers.com |
| jsiegel@cooley.com | |

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on January 2, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on January 2, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*