CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

01/03/2020

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br> ORDER FOR ELLIOTT KLINE TO SURRENDER TO CUSTODY OF THE U.S. MARSHAL <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court further to this Court's Order Finding Elliott Kline in Civil Contempt, issued on November 27, 2019 (Dkt. 599), and this Court's Order Finding Elliott Kline Remains in Civil Contempt and Order for Elliott Kline to Surrender to Custody of the U.S. Marshal, issued on December 23, 2019 (Dkt. 610).

In this Court's December 23, 2019 Order, this Court ordered Kline to appear at the United States Courthouse in Charlottesville, Virginia, on Monday, January 6, 2020, at 12:00 P.M. EST, and surrender himself to the custody of the United States Marshals Service. Dkt. 610 at 2. This Court wrote that "Kline will have the opportunity to reduce his fines, and if necessary, imprisonment, by purging himself of contempt by completing the steps set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order." *Id.* at 16. But, "[a]bsent further written order from this Court, he shall surrender himself as directed on January 6, 2020." *Id.*

This Court has considered the additional submissions from Plaintiffs and Kline, since this Court's December 23, 2019 Order. These include Kline's e-mail of December 30, 2019—to Judge Hoppe's Chambers and Plaintiffs' counsel—in which Kline communicated that he had that day mailed the court-ordered remedial fine of $600 to Plaintiffs. Dkt. 612-1. Kline also attached new

1

responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. *Id.* This Court has further considered Kline's e-mail of January 2, 2020—again to Judge Hoppe's Chambers and Plaintiffs' counsel—in which Kline attached responses to Plaintiffs' Second Set of Interrogatories. Dkt. 612-2. Kline stated in that e-mail, "As of now, I believe I have completed all the discovery obligations that was discussed at the previous hearing. However, if there is anything else that I need to complete I am willing and able to do so expediently." *Id*. at 2.

This Court has further considered Plaintiffs' Response to the Court's December 31, 2019, Order Regarding Defendant Elliott Kline a/k/a Eli Mosley. Dkt. 612. Therein, Plaintiffs submitted the response "documenting Defendant Elliot Kline['s] continued failure to purge himself of civil contempt and to participate in discovery meaningfully and in good faith." *Id.* at 1. This Court has also considered Plaintiffs' response thereto, e-mailed to the Court this morning, and the responses to this Court's inquiry regarding the status of the Third Party Discovery vendor's ability to collect potentially relevant documents from Kline's email accounts.

Kline has taken some steps to purge himself of his civil contempt. For one, he submitted to Plaintiffs his long-outstanding responses to Plaintiffs' first set of discovery requests, and they were signed and under oath, as was required. *See* Dkt. 610 at 9 (¶¶ 22, 23). He added some more detail to his responses as well. *Compare* Dkt. 612-1 at 5 (describing in various degrees of detail Discord, Twitter, Gab, Facebook and e-mail accounts), *with* Dkt. 601-7 at 16 (including only Discord and Twitter accounts). Kline paid the $600 remedial fine to Plaintiffs, which represented three days of his civil contempt fines accumulated to date. Dkt. 612-1. The tracking number shows it was delivered on January 2, 2020. And Kline submitted (late) responses to Plaintiffs' Second Set of Interrogatories. Dkt. 612-2.

But the inquiry at this very late stage of non-compliance—indeed, at the 11th hour before he has been ordered to report to the U.S. Marshal—is not whether Kline has taken *some* steps to purge himself of contempt. Rather, Kline, as the "violating party[,] must show that [he] took *all reasonable steps to ensure compliance.*" *Schwartz v. Rent-a-Wreck of Am.*, 261 F. Supp. 3d 607, 615 (D. Md. 2017); *see also United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 755 (4th Cir. 1989)) (emphasis added).

Still, Kline inexplicably has not been promptly informing *this Court* as directed with each step he has taken to purge himself of contempt. *See, e.g.*, Dkt. 611 at 1–2 (requiring Kline to send response to this Court's and Judge Hoppe's Chambers e-mail accounts); Dkt. 602 at 2 (same); Dkt. 599 at 14 (¶ 41(a)), 15 (¶ 42).

Still, Kline inexplicably has not "fully and completely" responded to Plaintiffs' first set of discovery requests. Indeed, he has failed to correct several of the specific deficiencies noted in this Court's prior order. *See* Dkt. 612 at 2; *compare* Dkt. 612-1, at 6, *with* Dkt. 610 at 10–11 (¶¶ 31, 32). This Court continues to find that such omissions are not only significant in their own right, but further, "in conjunction with Kline's other omissions and failures to follow court orders, further demonstrate that Kline did not take serious his obligation to respond to Plaintiffs' first set of discovery requests, raising the substantial prospect that Kline omitted other material information from his discovery responses." Dkt. 610 at 11 (¶ 32).

And perhaps more significantly, Kline continues to assert that there is just *one* document that is within his possession that is responsive to Plaintiffs' Request for Production of Documents. Indeed, this Court already found "unbelievable [Kline's] explanations why he had only one responsive document," and did not "credit Kline's assertion that he conducted a reasonable and diligent search through all available accounts, electronic devices, and sources of records." Dkt.

610 at 11 (¶ 33). Inexplicably, Kline waited until *today*, the last business day before he has been ordered to surrender to the custody of the U.S. Marshal, to respond to the Third Party Discovery vendor's December 12, 2019 e-mail (and follow-up December 16, 2019 e-mail), asking Kline to assist in bypassing Google's 2-factor authentication security so that the vendor could even *begin* to collect documents from Kline's three e-mail accounts. *See* Dkt. 612-3 at 2–3 ("[W]e cannot proceed with any of the collections for your three email accounts ([deplorabletruth@gmail.om](mailto:deplorabletruth@gmail.om); [eli.f.mosley@gmail.com](mailto:eli.f.mosley@gmail.com); [eli.r.kline@gmail.com](mailto:eli.r.kline@gmail.com)) without your assistance to bypass the 2-factor authentication security set up for these Gmail accounts.").

Plaintiffs are entitled through discovery to test Kline's assertions whether he has any relevant documents. That is true as a matter of course, and it bears real salience here, given Kline's nearly two-year track-record of trying to shirk his discovery obligations.

By just providing the e-mail passwords—while stonewalling (or ignoring) the vendor's requests to disable the e-mail security measure until today—Kline has prevented Plaintiffs and the Court from concluding that he has responded "in writing fully and completely" to Plaintiffs' discovery requests. *See* Dkt. 599 at 14 (¶ 41(a)). The fact that today, Kline was able to give the Third Party Discovery vendor access to at least two of the three e-mail accounts does not relieve Kline of his obligation to show that he has "fully and completely" responded to Plaintiffs' discovery requests, that he has conducted the requisite thorough search, and that he has produced any and all responsive documents (including, e-mail, electronic chats, instant messages, text messages, uploads, posts, status updates, comments, and the list goes on). Dkt. 610 at 11 (¶ 33).

In short, Kline has not shown that he has taken "all reasonable steps to ensure compliance" with this Court's and Judge Hoppe's orders, and to purge himself of civil contempt. Nor has he shown he is otherwise unable to comply with such orders. *See* Dkt. 610 at 7–8. Indeed, this Court

continues to find that Kline remains in civil contempt, and that he has not fulfilled the "steps to purge himself of contempt," set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. *See* Dkt. 599 at 14 (¶ 41); *see also* Dkt. 610 at 4 (¶ 6), at 16 (¶ 47 (holding that Kline still has not "completed the steps set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order").

\* \* \*

Kline has been and hereby is **ORDERED** to appear at the United States Courthouse in Charlottesville, Virginia, on **Monday**, **January 6, 2020** at **12:00 P.M. EST**, and surrender himself to the custody of the United States Marshals Service. Kline shall bring with him any and all documents, electronic devices, credentials to access e-mail and social media accounts, and materials he would need to purge himself of contempt. To be clear, this Court is not requiring Kline to wait until the results of the Third Party Vendor's document collection to verify whether he has fulfilled his obligations to fully and completely respond to Plaintiffs' discovery requests and to produce any and all relevant documents. It is within Kline's power to substantiate and document his search, review, and ultimately responses to Plaintiffs' discovery requests. He has not done so to date. Kline shall remain in the custody of the United States Marshals Service until Kline fulfills his obligations set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order, and thereby purges himself of contempt.

This Court continues to find that these sanctions and measures are necessary, and no harsher than necessary, to compel Kline's compliance with this Court's and Judge Hoppe's discovery orders. *See* Dkt. 610 at 15–16 (¶¶ 45, 47).

5

Case 3:17-cv-00072-NKM-JCH   Document 613   Filed 01/03/20   Page 5 of 6   Pageid#: 7936

This Court continues to impose upon Kline (and in favor of Plaintiffs) a remedial fine of $200 per day for his non-compliance.

Kline shall continue to have the opportunity to reduce his fines, and if necessary, imprisonment, by purging himself of contempt by completing the steps set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. But absent further written order from this Court, he shall surrender himself as directed on January 6, 2020.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this   3rd    day of January, 2020.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE