CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 06 2020

JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

NO. ___ Civil Action No. 3:17-cv-00072-NKM ___

| PETITIONER: | IN THE DISTRICT COURT |
| --- | --- |
| ELIZABETH SINES, et al | UNITED STATES DISTRICT COURT |
| | FOR THE WESTERN DISTRICT OF VIRGINIA |
| DEFENDANT: | Charlottesville Division |
| CHRISTOPHER CANTWELL | |

# Motion For Extension
## To Object to Plaintiffs' Motion for Evidentiary Sanctions

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendant Cantwell respectfully moves this Court for an enlargement of time, up to and including January 13th, 2020, in which to respond to Plaintiffs' motion for evidentiary sanctions against Defendant Kline.

Were this motion granted, it would irreparably and unjustifiably harm Cantwell, since the inferences Plaintiffs request be made of Kline's contempt, would necessarily reflect a similar light upon Defendant Cantwell, who has not defied this Court.

Defendant Cantwell has, very recently, been left without the services of an attorney, at this late stage of these proceedings. This state of affairs was caused by Plaintiffs' meritless motion to enjoin Defendant Cantwell, as well as relentless threats, harassment, and slander by Plaintiffs' associates, financiers, and counsel, which have had their intended impact of sabotaging Cantwell's business dealings, and leaving him in great financial peril.

Without those services, or training as an attorney, getting and staying up to speed with all that is going on here has proved a substantial cognitive burden. The sheer volume of distortions involved in Plaintiffs' various filings, combined with the fortunate fact that there is ample evidence to disprove them, has served to make a cruel master of the clock and the calendar.

Briefly, Plaintiffs' have moved the court to infer from Kline's contempt, that he hides or has destroyed evidence, which proves the conspiracy theory upon which their complaint rests. This motion should not be granted, because all evidence aside from Kline's contempt, contradicts this inference.

To clarify, Defendant Cantwell supports, quite literally *any*, and all means available to this Court, which might coerce Kline into compliance with his obligations. The objection being raised is only against Plaintiffs' attempt to obtain through Kline's non-compliance, that which they cannot obtain through exposure of the truth.

Defendant Cantwell has been busy compiling a document which currently stands at 382 pages, and includes 139 exhibits totaling 10.7GB of data. Anyone who reviews the material contained therein, will very clearly understand why Plaintiffs are having so much trouble finding any evidence of their claims. That document, incomplete though it is, has been included with this on a USB thumb drive, along with all the exhibits. It is here provided only as proof of the work in progress, and should not be viewed as anything else, unless this motion is denied, in which case Cantwell requests it be considered in opposition to Plaintiffs' motion for evidentiary sanctions.

Specifically, Plaintiffs' claims are not only false, they are precisely the inverse of the truth. Kline's contempt is the closest thing they have to a straw at which to grasp, because it is the Plaintiffs and their associates, not the Defendants, who conspired to commit a crime in August of 2017. Plaintiffs' counsel have, *at best*, shielded their eyes from the truth in this, as they have at their disposal plenty of evidence to disprove their own claims. Sanctions against them are certainly in order, and that was the original purpose of the document Cantwell has been compiling, before the motion for evidentiary sanctions was filed.

Kline's contempt is more easily explained by factors other than those the Plaintiffs assert. People who are exposed as being involved in Defendants' political and social circles, face threats of violence, meritless legal harassment, career derailment, and countless other serious consequences, for perfectly legal activity.

Plaintiffs know their discovery demands cannot discover that which they are certain is never occurred, and these demands are made in the hopes of exposing just such individuals. This lawsuit was filed improperly, to harass and terrify

people for political reasons, and all of the Defendants are keenly aware of this fact. Kline most likely seeks to protect identities of persons not yet exposed, and while this does not excuse his contempt, it explains his non-compliance far more convincingly than the assertion of the Plaintiffs.


Christopher Cantwell 2019-12-27