CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/07/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

After this Court's rulings that Defendant Elliott Kline is and remains in civil contempt for failure to comply with numerous discovery orders, and after less stringent sanctions failed to secure his compliance, this Court ordered Kline to surrender himself to the United States Marshals Service to be incarcerated until he purges himself of civil contempt. Dkt. 613, 610, 599. On January 6, 2020, Kline did so and surrendered himself into the custody of the United States Marshals Service. Dkt. 616. This Court promptly held a hearing in the afternoon of January 6, in which the Court heard testimony from Kline, and considered argument on recent filings by Kline and Plaintiffs relating to the issue whether Kline remains in contempt. Dkt. 618. This Court has further received and considered post-hearing e-mails from Kline and the Third Party Discovery vendor, which state that yesterday Kline provided the vendor access to his "eli.r.kline" e-mail account.

As this Court clearly explained in paragraph 41 of its Civil Contempt Order and reiterated regularly since that Order, Kline is required to take certain "steps to purge himself of contempt." Dkt. 610 at 4 (¶ 6) (citing Civil Contempt Order ¶ 41). These include:

   a. Kline must respond in writing fully and completely to Plaintiffs' First Set of Interrogatories and Plaintiffs' Requests for Production of Documents. When those are complete, Kline must send them to Plaintiffs and email them to this

> Court's Chambers account (moon.ecf@vawd.uscourts.gov) as well as that of Judge Hoppe (hoppe.ecf@vawd.uscourts.gov).
>
> b. Kline must provide the Third Party Discovery Vendor his email and social media credentials, including his passwords, for every account he verified on his Certification Form, or that should have been included on such Form originally.
>
>> i. Kline must further conduct a diligent search of his electronic and other records to confirm that the list of credentials he included on his Certification Form is complete, and to uncover his credentials (including passwords), to any of these accounts.
>>
>> ii. For any and all accounts to which Kline confirms he does not have the credentials, he will submit a declaration under oath and under penalty of perjury, to that effect, and which states with specificity the reasons why such credentials are unavailable to Kline.

Dkt. 610 at 4 (¶ 6) (citing Dkt. 599 at 14–15 (¶ 41). Kline previously satisfied the Court he had substantially complied with certain other steps required to purge himself of contempt. *See* Dkt. 610 at 12–13 (¶¶ 36, 37).

The question before this Court is whether Kline has demonstrated that he is presently unable to comply with the order or has substantially complied with the provisions in paragraph 41(a) and (b) of this Court's Civil Contempt Order. To demonstrate substantial compliance, Kline must show he has taken "all reasonable steps to ensure compliance." *See* Dkt. 610 at 7–8 (¶ 17); *United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 755 (4th Cir. 1989).

This Court finds that yesterday, Plaintiffs raised an as-yet-unanswered, substantial question whether Kline has "fully and completely" responded to Plaintiffs' discovery requests or otherwise provided the Third Party Discovery vendor account credentials for "every" social media or email account which may contain discoverable information, as required in by paragraph 41 of this Court's Civil Contempt Order. Specifically, Plaintiffs identified a social media communication that appears to have been sent from Kline soliciting relevant photographic or other evidence about

the Unite the Right rally to be sent to a "CvilleReports" email address. *See* Dkt. 615-1 at 2–3. This Court finds that email address falls within the scope of the Court's Civil Contempt Order, and Kline must follow the steps set forth in paragraph 41 of that Order with respect to this account, and to demonstrate there are no other remaining accounts omitted by Kline. To be abundantly clear, the Court expects the following of Kline:

1. Kline must conduct a diligent search of any and all accounts to which he has access to uncover credentials for that "CvilleReports" email account. *See* Civil Contempt Order ¶ 41(b)(i).

2. If Kline is unable to locate such credentials for that "CvilleReports" account following a diligent search, Kline must submit "a declaration under oath and under penalty of perjury, to that effect, and which states with specificity the reasons why such credentials are unavailable to Kline." Civil Contempt Order ¶ 41(b)(ii). Kline should include in the declaration all pertinent information about the accounts he searched and the scope and manner of his search. The declaration can be handwritten.

3. The declaration should also document the steps that Kline has taken and his search for all available accounts for any other, as-yet undisclosed social media or email accounts.

This Court FINDS that, while in the U.S. Marshals' custody, Kline has the present ability to comply with such steps in order to purge himself of contempt.

This Court will review and promptly consider any submission from Kline. This Court will afford Plaintiffs' counsel the opportunity to respond to any submission by Kline.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, and to the United States Marshals Service.

Entered this \_\_7th\_\_ day of January, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE