UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
HANNAH PEARCE, MARCUS MARTIN,
NATALIE ROMERO, CHELSEA
ALVARADO, JOHN DOE, and
THOMAS BAKER,

       Plaintiffs,

v.

JASON KESSLER, et al.,

       Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' RESPONSE TO DEFENDANT ELLIOTT KLINE
A/K/A ELI MOSLEY'S JANUARY 7, 2020 SUBMISSION**

   As invited by the Court's January 7, 2020, Order, ECF No. 626, Plaintiffs file this Response to Defendant Elliott Kline a/k/a Eli Mosley's January 7, 2020, filing, ECF No. 625, regarding the fifth email address – CvilleReports@gmail.com – apparently used by Kline in 2017 and withheld from Plaintiffs for the entirety of this litigation. Since the January 6, 2020, Court hearing, Plaintiffs have uncovered compelling evidence that, yet again, Kline was lying under oath when he strenuously denied knowledge of the existence of this highly relevant email account. In fact, as detailed below, that email address was indeed Kline's account, which means that he is likely the only person with the ability to provide access to its contents and that he will go to great lengths to prevent that from happening. Kline has demonstrated that his capacity for deceit knows no bounds. While in the custody of United States Marshals, with his freedom on the line, confronted with compelling documentary evidence that he was the owner and user of the

CvilleReports@gmail.com email address, Kline chose instead to lie about it and thereby continue to hide its contents.

Kline's continued contemptuous behavior has made two things abundantly clear: (1) Plaintiffs are unlikely to receive the emails that Kline possessed in his CvilleReports@gmail.com address; and (2) Kline cannot be trusted to participate in this discovery process in good faith. Plaintiffs do not believe that any further time spent in jail by Kline will resolve this interminable saga and move the case forward. Instead, Plaintiffs respectfully request that the Court find that Kline has forfeited any right to review whatever documents the third-party discovery vendor collects from his devices and accounts prior to their production to Plaintiffs. Plaintiffs request that any documents that contain the presumptively responsive search terms previously agreed upon by the parties be produced directly from the vendor to Plaintiffs, so that Plaintiffs will at least receive in a timely fashion the set of documents that Kline did not (yet) succeed in withholding.

### I. Kline Lied Repeatedly About the CvilleReports@gmail.com Address

As the Court knows, Plaintiffs' submission on January 6, 2020, drew the Court's attention to several Twitter posts by Kline in 2017 in which Kline actively solicited "evidence," including videos and photos, responsive to Plaintiffs' discovery requests and advised attendees to the rally to email that evidence to CvilleReports@gmail.com. *See* Pls.' Supp. Br. Regarding Def. Elliott Kline a/k/a Eli Mosley, Jan. 6, 2020, ECF No. 615. During the hearing with the Court later that day, Kline repeatedly insisted that he was unaware of this email address and that he believed that he had just circulated the email address on Twitter on behalf of some unidentified individual from Discord. In his submission filed in response to the Court's January 7, 2020, Order, Kline doubled down on this position. *See* ECF No. 625. Kline declared under oath that "this account is not one that I had access to, and the social media post refrencing [sic] it was to spread the word for someone

else." *Id.* at 1. Plaintiffs, however, have identified documentation that confirms (contrary to Kline's representations under oath) that the email address—CVilleReports@gmail.com—was indeed registered to Kline. Specifically, as the attached August 2017 email shows, the email address "cvillereports@gmail.com" was registered to "Eli Mosley," and Kline has conceded that this was his alias during the relevant period. *See* Exhibit A. Indeed, this single email that Plaintiffs were able to uncover demonstrates that at least one person (and likely others) responded to the request that rally attendees send evidence of what happened at Unite the Right to Kline at that email account.

In addition, Google's "account recovery" feature seems to demonstrate that the CVilleReports@gmail.com address was linked to **both** a phone number **and** an email address that Kline concedes belong to him. When a person loses or forgets the password associated with a given account, Google provides several user-friendly options to recover a password and thereby gain access to the account. Those options include having a verification code sent to the phone number associated with the account to enable the user to reset the unknown password. If that is not possible for whatever reason, the verification code can be sent to another email address associated with the account.

Kline claimed in his January 7, 2020, filing that "[i]t does not appear that this account is associated with my phone number." ECF No. 625 at 1. This appears to be wrong as well. Google's "account recovery" feature shows that the phone number registered with "cvillereports@gmail.com" ended in the digits 29—which are the same as the last two digits of the phone number that Kline has admitted using in 2017.[1] *See* Exhibit B; *see* Responses to First

---

[1] Google's account recovery feature only reveals the last two digits of the phone number associated with the email account one is looking to recover and requires an individual seeking to recover the password to enter the full phone number. Presumably only the actual account holder would have

3

Case 3:17-cv-00072-NKM-JCH   Document 631   Filed 01/08/20   Page 3 of 10   Pageid#: 8000

Set of Interrogatories at Interrogatory No. 4, Jan. 6, 2020, ECF No. 617-1 ("The primary communication device I used before, during and after the event was the 610-406-2229 iPhone that has already been sent in for discovery."). This evidence strongly suggests that Kline associated his "primary" phone number with the CvilleReports@gmail.com email account.

Kline additionally claimed in his January 7, 2020, filing that "[y]ou can enter a recovery email for a forgotten password. I tried all 3 of my email addresses as the recovery email, and they did not work to recover anything." ECF No. 625 at 1. This, too, appears to be likely incorrect or untrue. Google's "account recovery" feature shows that the email address associated with CvilleReports@gmail.com begins with the same three letters and contains the same total number of characters as Kline's primary email address, deplorabletruth@gmail.com.[2] *See* Exhibit C. This evidence strongly suggests that Kline associated his deplorabletruth@gmail.com account with the CvilleReports@gmail.com email account. One would imagine that if Kline had actually gone through the process of trying to gain access to his CvilleReports@gmail.com account using the recovery email address process, as he claimed to have done, he would have had no problem entering his alternate email address and recovering his password.

Kline represented during the telephonic hearing that if he had registered CVilleReports@gmail.com, he would have used one of the passwords that he provided to the third-party discovery vendor for his other email accounts. Kline testified under oath that he "tried using the passwords I used at that time which were associated with the other 3 gmail accounts" and that

---

access to the entirety of the phone number associated with an email account one is trying to recover.

[2] Google's account recovery feature only reveals the first three characters and total number of characters of an email address associated with the email account one is looking to recover and requires an individual seeking to recover the password to enter the full email address. Presumably only the actual account holder would have access to the entirety of an email address associated with an email account one is trying to recover.

"[t]hose passwords did not work." ECF No. 625 at 1. Plaintiffs asked the third-party discovery vendor to attempt to access this newly-discovered email address using those previously disclosed passwords as well, and the vendor was likewise unsuccessful.

In short, all indications are that Kline registered this email address and actively sought attendees to the Unite the Right rally to send highly relevant evidence in this case to him at this email address. He nevertheless failed to disclose the existence of this email address to Plaintiffs, and repeatedly lied under oath about it. As a result, it now appears that Plaintiffs will be denied access to this trove of important evidence. Plaintiffs plan to raise this evidence in further support of Plaintiffs' December 6, 2019, Motion for Evidentiary Sanctions against Kline. *See* ECF No. 601.

**II. Kline Has Forfeited Any Right to Review Documents Recovered by the Third-Party Discovery Vendor**

In November 2018, Judge Hoppe granted Plaintiffs' Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices. *See* ECF No. 354. In connection with that motion, Judge Hoppe ordered a process whereby Defendants are required to submit their electronic devices and social media accounts to a third-party discovery vendor for the collection of Electronically Stored Information ("ESI"). *See* ECF No. 383. The parties agreed upon search terms and date ranges to limit the population of documents to be reviewed from the ESI collected by the vendor. Judge Hoppe then ordered that the vendor would provide to each Defendant the responsive documents, and that Defendants would "review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests." *Id.* at 9. Even for compliant Defendants represented by counsel, the review process has taken months. Some represented Defendants chose to forego any extensive review in return for Plaintiffs' representation that Plaintiffs would return any documents that appeared to be privileged, consistent

5

with their ethical obligations to do so. Because the parties agreed upon search terms, the documents containing such terms are presumptively relevant and responsive to Plaintiffs' document requests. Accordingly, the only basis to withhold any such documents from production is, generally speaking, privilege.

As a result of Kline's deceptive and contemptuous conduct, Plaintiffs submit that Kline has forfeited any right to review any documents that can be recovered from his accounts and devices by the vendor, and Plaintiffs request that the Court order that any such documents be produced to Plaintiffs directly from the vendor. Furthermore, Plaintiffs request that the Court order that the third-party discovery vendor is authorized to attempt to obtain access to CvilleReports@gmail.com, to image the contents of that email address as well, and to produce such documents directly to Plaintiffs.

Simply put, the review process is one that requires both honor and efficiency by the reviewer in order for Plaintiffs to receive all responsive documents in a timely fashion. But here, Kline has repeatedly demonstrated an utter lack of both qualities throughout this discovery process. The Court's new deadline for the production of all ESI to Plaintiffs is February 5, 2020. *See* ECF No. 597 at 1. At this point, it is fanciful to believe that Kline can be trusted to diligently review documents and honestly produce all responsive documents in time to meet the upcoming final deadline.[3] Because the documents will be limited by date range and search terms, what will be produced to Plaintiffs will consist entirely of presumptively responsive documents, and Plaintiffs

---

[3] The outside vendor has represented to Plaintiffs and Kline that over 45,000 documents collected from Kline's iPhone and email accounts hit on the agreed-upon search terms. Ex. D. It is highly unlikely that Kline will prioritize reviewing that number of documents to meet the February 5, 2020, court-ordered deadline. Moreover, even if he were to undertake any review, in light of his persistent and dubious claim that he only generated a single document in connection with Unite the Right, there is great reason to doubt Kline will produce all responsive documents in good faith.

would of course honor their ethical obligation to return to Kline any purportedly privileged documents. Plaintiffs accordingly request that to put an end to this months-long contempt process the Court order immediate production to Plaintiffs of all documents from Kline's devices and accounts that hit on the agreed-upon search terms so that Plaintiffs can finally move forward with the merits of this case.

Dated: January 8, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

| | |
|---|---|
| David E. Mills (*pro hac vice*) | J. Benjamin Rottenborn (VSB 84796) |
| Joshua M. Siegel (VSB 73416) | Erin B. Ashwell (VSB 79538) |
| COOLEY LLP | WOODS ROGERS PLC |
| 1299 Pennsylvania Avenue, NW | 10 South Jefferson St., Suite 1400 |
| Suite 700 | Roanoke, VA 24011 |
| Washington, DC 20004 | Telephone: (540) 983-7600 |
| Telephone: (202) 842-7800 | Fax: (540) 983-7711 |
| Fax: (202) 842-7899 | brottenborn@woodsrogers.com |
| dmills@cooley.com | eashwell@woodsrogers.com |
| jsiegel@cooley.com | |

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on January 8, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Christopher Cantwell<br>christopher.cantwell@gmail.com | Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com |
| Robert Azzmador Ray<br>azzmador@gmail.com | Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com |
| Matthew Heimbach<br>matthew.w.heimbach@gmail.com | |

/s/ *Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*