CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/08/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

ELIZABETH SINES, *et al.*,

    *Plaintiffs*,

v.

JASON KESSLER, *et al.*,

    *Defendants.*

CASE NO. 3:17-cv-00072

ORDER

JUDGE NORMAN K. MOON

    This matter is before the Court further to this Court's numerous Orders finding Elliott Kline in civil contempt and that he remains in civil contempt as a result of his non-compliance with a multitude of court discovery orders, and further ordering that he surrender himself to custody of the U.S. Marshal until he purges himself of contempt. *See* Dkt. 621, 613, 610, 599.

    On January 3, 2020, this Court explained that Kline has not fulfilled the "steps to purge himself of contempt" set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. Dkt. 613 at 4–5 (citing Dkt. 599 at 14 (¶ 41)). At that time, Kline had not shown that he had taken "all reasonable steps to ensure compliance" with this Court's and Judge Hoppe's orders, nor that he had "fully and completely" responded to Plaintiffs' discovery requests. *Id.* at 4. Accordingly, this Court ordered Kline to surrender himself to the custody of the United States Marshals Service, where would remain "until Kline fulfills his obligations set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order, and thereby purges himself of contempt." *Id.* at 5.

    On January 6, 2020, this Court promptly conducted a hearing after Kline surrendered himself to the custody of the U.S. Marshal, and on January 7, issued an Order further explaining the steps Kline must take to purge himself of civil contempt. Dkt. 621. Specifically, this Court held

1

that Kline must: conduct the necessary search and review of his records related to the "CvilleReports" email account identified by Plaintiffs and provide any account credentials to the Third Party Discovery vendor; if he was unable to find such credentials, to submit a declaration under oath and under penalty of perjury demonstrating his efforts and the reasons why such credentials are unavailable; and document the steps he has taken to search for any other as-yet disclosed social media or email accounts. *See* Dkt. 621.

This Court has received and considered Kline's handwritten, signed declaration which he submitted in response to that Order, in which Kline asserts that: (1) he attempted to log in to the CvilleReports email account using certain known passwords, to no avail; (2) he could not access the CvilleReports email account using his phone number as requisite verification; (3) he tried using "all 3 of [his] email addresses as the recover email, and [ ] they did not work to recover anything." As a result, Kline wrote that he "must conclude that this account is not the one that I had access to, and the social media post referencing it"—the post which Plaintiffs identified, *see* Dkt. 615-1, 615-2—"was to spread the word for someone else." Dkt. 625. Kline also wrote that he has while in custody "searched for other possible email and social media accounts," searching Twitter and Facebook, and "by all the means I know how for any potential additional social media or email accounts and have been unable to find anything else." *Id.*

This Court has also considered Plaintiffs' response filed earlier today. Dkt. 631. Therein, Plaintiffs write that they "have uncovered compelling evidence that, yet again, Kline was lying under oath when he strenuously denied knowledge of the existence of this highly relevant email account," even when he was in custody and his freedom was on the line. *Id.* at 1–2. At this stage, Plaintiffs write that they "do not believe that any further time spent in jail by Kline will resolve this interminable saga and move this case forward." *Id.* at 2. Instead, Plaintiffs seek two forms of

relief in their filing. First, Plaintiffs request that "any documents that contain the presumptively responsive search terms previously agreed upon by the parties be produced directly from the vendor to Plaintiffs, so that Plaintiffs will at least receive in a timely fashion the set of documents that Kline did not (yet) succeed in withholding." *Id.* Second, Plaintiffs request that this Court issue an order permitting the Third Party Discovery vendor to attempt to obtain access to the CvilleReports email account using Kline's credentials.

This Court has a range of measures at its disposal as potential remedies for civil contempt, and since November 2019, this Court has imposed escalating sanctions upon Kline including fines and ultimately incarceration, in order to secure Kline's compliance with the discovery orders of this Court and Judge Hoppe. Kline had long stonewalled Plaintiffs' legitimate attempts to secure discovery needed to prosecute their case. Kline has now been compelled to respond to Plaintiffs' discovery requests and provide credentials for several email accounts, which Plaintiffs will be able to use to test Kline's assertions and develop their factual case.

Nonetheless, Plaintiffs' assertions at this stage are grave—that Kline has persisted in lying to this Court under oath and under penalty of perjury, even while being held in incarceration for civil contempt. And Plaintiffs have provided documentation and evidence in support. *See* Dkt. 631. Kline shall file any response to Plaintiffs' submission (Dkt. 631) by **January 10, 2020**. This Court intends to promptly rule on Plaintiffs' requests for discovery measures therein. In the interim, Kline is **ORDERED** not to take any steps to impair the Third Party Discovery vendor's access to any of his email accounts.

In addition to Plaintiffs' Motion for Evidentiary Sanctions (Dkt. 601), and their requests for discovery measures raised in their filing today (Dkt. 631), this Court is considering and will consider additional sanctions against Kline in the civil contempt context needed to coerce his

3

compliance with this Court's and Judge Hoppe's discovery orders, as well as sanctions pursuant to this Court's powers over the discovery process and pursuant to Rule 37 of the Federal Rules of Civil Procedure. This Court will also consider whether Elliott Kline should be referred to the U.S. Attorney's Office for potential initiation of criminal contempt proceedings, as a result of his contemptuous conduct to date. Plaintiffs and Kline are **DIRECTED** to file briefs addressing any steps Kline has taken to either purge himself of contempt or any such additional measures or sanctions sought by Plaintiffs stemming from Kline's contumacy, by **January 29, 2020**.

To be clear, Kline remains in civil contempt. Kline has not yet proven to this Court that he has purged himself of contempt, that he is presently unable to comply with this Court's orders, or that he has taken "all reasonable steps to ensure compliance" in order to have "substantially complied" with this Court's orders. *See Schwartz v. Rent-a-Wreck of Am.*, 261 F. Supp. 3d 607, 615 (D. Md. 2017); Dkt. 610 at 7–8 (citing cases). Kline has not yet demonstrated that he has responded "fully and completely" to Plaintiffs' discovery requests, nor that he has turned over or provided access to any and all potentially relevant e-mail and social media accounts. Dkt. 599 at 14 (¶¶ 41(a), (b)).

"But "in selecting sanctions, a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990). Upon considering the parties' submissions and noting Plaintiffs' determination that their requested additional discovery measures—rather than additional jail time for Kline—will best "move this case forward" on the merits, this Court **FINDS** that, at this time, other measures besides further incarceration will most effectively secure Kline's compliance with this Court's and Judge Hoppe's orders.

Accordingly, this Court **ORDERS** that Kline will be and hereby is **RELEASED** from the custody of the U.S. Marshal. This Court **SUSPENDS** the imposition of any further remedial daily

4

fines of $200 per day of non-compliance beyond the date of this Order. Taking into account the $600 payment Kline has already made, Kline has incurred and owes remedial fines of **$5,200.00**, which are payable to Plaintiffs.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, and to the U.S. Marshals Service, who shall transmit the Order to Kline forthwith.

Entered this   8th   day of January, 2020.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE