CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/10/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17-cv-00072 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

The Court is in receipt of an email from Dillon Hopper, Defendant Vanguard America's nonparty representative, seeking guidance about Defendant's discovery obligations in this case. In federal court, the litigants and their counsel are primarily responsible for conducting discovery, ideally "without the need for constant judicial intervention." *Poole ex. rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) (quotation marks omitted). Accordingly, the Court instructs the parties and their nonparty representatives to communicate, or confer, before asking the Court to resolve a discovery question or dispute. *See* Fed. R. Civ. P. 26(c)(1). In conferring, the parties must provide enough information to allow each side to determine whether the responding party has access to the requested discovery material. If good-faith efforts to resolve the dispute fail, then the affected party or person may file a formal motion for the Court's determination. *See* Fed. R. Civ. P. 7(b), 26(c), 37(a).

IT IS SO ORDERED.

The Clerk shall send a copy of this Order to the parties and Mr. Hopper.

ENTER: January 10, 2020

Joel C. Hoppe
U.S. Magistrate Judge