CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/22/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>　　　　　　　　　*Defendants.* | CASE NO. 3:17-cv-00072<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

　　　　This matter is before the Court on Plaintiffs' request for prompt and direct access to certain documents that were collected from Defendant Elliott Kline and that are in possession of the Third-Party Discovery Vendor. *See* Dkt. 631.

　　　　Plaintiffs' request arises from Kline's pattern of ignoring discovery requests and orders in this case. By way of background, this Court found Kline in civil contempt at his Contempt Hearing on November 25, 2019, for failure to comply with numerous discovery orders of this Court and U.S. Magistrate Judge Joel Hoppe. *See* Dkts. 600, 599. This Court imposed an escalating set of sanctions, including fines and ultimately incarceration, until Kline complied with orders requiring him to fully respond to Plaintiffs' discovery requests. *See* Dkts. 621, 613, 610. As a result of these measures, Kline was compelled to respond to Plaintiffs' discovery requests and provide credentials for several of Kline's email accounts that may contain responsive documents. Dkt. 634 at 3. This Court ultimately released Kline from custody, but to be clear, Kline remains in civil contempt. Kline had not then and still has not proven to this Court that he has purged himself of contempt; or that he has "fully and completely" responded to Plaintiffs' discovery requests; or that he has

turned over and provided access to any and all potentially relevant email and social media accounts. *Id.* at 3–4.

Faced with Kline's continued non-compliance, Plaintiffs have sought discovery measures in order to "move this case forward." Dkt. 631 at 2. In particular, Plaintiffs request that this Court "find that Kline has forfeited any right to review whatever documents the third-party discovery vendor collects from his devices and accounts prior to their production to Plaintiffs." *Id.* Judge Hoppe had ordered a process whereby Defendants were required to submit their electronic devices and social media accounts to the Third-Party Discovery Vendor for collection of electronically stored information or "ESI." *See* Dkt. 383. The Third-Party Discovery Vendor would apply search terms and date ranges to the ESI collected. The Vendor would then provide that limited subset of documents to each Defendant, who would "review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests." *Id.* at 9. Plaintiffs represent that this process has taken months even for those Defendants who have been complying with their discovery obligations. Dkt. 631 at 5.

This Court finds that Kline's track-record of failing to fulfill his discovery obligations in a timely manner, and unless and until forced to do so by court order and significant sanctions, make him uniquely ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith compliance with discovery obligations. This Court afforded Kline the opportunity to respond to Plaintiffs' request for immediate access to documents collected by the Third-Party Discovery Vendor. Dkt. 634 at 3. Kline has not responded.

Accordingly, this Court **GRANTS** Plaintiffs' request. The Third-Party Discovery Vendor shall provide directly to Plaintiffs' counsel any and all documents collected from Elliott Kline that contain the agreed-upon search terms within the applicable date range. In affording Plaintiffs this

2

relief, this Court further notes that Plaintiffs' counsel have represented that they "would of course honor their ethical obligation to return to Kline any purportedly privileged documents." Dkt. 631 at 7.

    It is so **ORDERED**.

    The Clerk of the Court is directed to send a certified copy of this Order to the parties.

    Entered this   22nd   day of January, 2020.

                                                  NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE