# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' RESPONSE TO THE COURT'S JANUARY 8, 2020, ORDER REGARDING DEFENDANT ELLIOTT KLINE A/K/A ELI MOSLEY**

As directed by the Court's January 8, 2020, Order, Plaintiffs respectfully submit this Response to "address[] any steps Kline has taken to either purge himself of contempt or any such additional measures or sanctions sought by Plaintiffs stemming from Kline's contumacy." Order at 4, Jan. 8, 2020, ECF No. 634. As the Court knows, Kline has repeatedly lied to the Court, violated Court orders, and ignored his discovery obligations. However, despite being held in and still today remaining in contempt of Court, Kline has done nothing since his release from custody to bring himself into compliance. Kline cannot be permitted to simply opt out of this litigation at Plaintiffs' expense. Yet it is clear that civil contempt sanctions cannot compel his compliance. Nevertheless, the prejudice Kline's noncompliance has caused can still be remedied by evidentiary sanctions. Plaintiffs respectfully request that the Court grant Plaintiffs' December 6, 2019, Motion for Evidentiary Sanctions, ECF No. 601 ("Second Sanctions Motion"), and April 3, 2019, Motion for Sanctions, ECF No. 457 ("First Sanctions Motion"), including granting Plaintiffs' request for an adverse inference instruction, to address Kline's flagrant disobedience and remedy the prejudice Plaintiffs have suffered.

**I.      Kline Has Failed to Take Any Steps toward Purging Himself of Contempt**

Since Kline's release from custody on January 8, 2020, he has taken no steps to purge himself of contempt. In its Order, the Court clearly explained that, to purge his contempt, Kline must at least "demonstrate[] that he has responded 'fully and completely' to Plaintiffs' discovery requests" and "that he has turned over or provided access to any and all potentially relevant e-mail and social media accounts." Order at 4, ECF No. 634. Despite the Court's instructions, neither Plaintiffs nor the third-party discovery vendor has received a single communication from Kline. Indeed, Kline appears to have again disappeared from the litigation altogether.

*First*, Kline did not respond to Plaintiffs' January 8, 2020, Response showing that Kline had lied about the CvilleReports@gmail.com email address apparently used by Kline in 2017 and withheld from Plaintiffs for the entirety of this litigation. *See generally* Pls.' Resp. to Def. Elliott Kline a/k/a Eli Mosley, Jan. 8, 2020, ECF No. 631.  As the Court knows, Kline had claimed that "this account is not one that [he] had access to" and that he could not use his phone number and other email addresses to recover the credentials.  *See* Kline Resp. at 1, Jan. 7, 2020, ECF No. 625.  But Plaintiffs' Response provided compelling evidence that Kline had lied, and that the CvilleReports@gmail.com account *was* associated with Kline's phone number and email address. *See* Pls.' Resp. at 3–4, ECF No. 631.  Kline simply never responded.  This failure to respond is particularly egregious because it appears that the account was used to obtain "evidence" responsive to Plaintiffs' discovery requests.  *See id.* at 2–3.

Kline also did not respond to Plaintiffs' request in their January 8, 2020, Response for immediate access to documents collected by the third-party discovery vendor. *See* Pls.' Resp. 5–7, ECF No. 631.  Indeed, the Court noted, in granting Plaintiffs' request, that it had "afforded Kline the opportunity to respond," but that Kline had failed to do so, and that Kline has a "track-record of failing to fulfill his discovery obligations in a timely manner, and unless and until forced to do so by court order."  Order at 2, Jan. 22, 2020, ECF No. 638.

*Second*, Kline did not respond to Plaintiffs' Second Sanctions Motion by the deadline of January 21, 2020, despite the Court's clear invitation to "***Kline*** and any other defendant wishing to be heard" to file a response by that date.  Order at 1, Jan. 7, 2020, ECF No. 622 (emphasis added).

*Third*, Kline has ignored communications from the third-party discovery vendor—sent to three email addresses that Kline has acknowledged using—asking Kline to review reports of data

2

collected from his phone and email account, so that the vendor could proceed with enabling Kline to review and produce his documents to Plaintiffs.  *See* **Exhibit A**.

In sum, Kline has been held and remains in civil contempt after multiple hearings and opportunities to purge himself of contempt; he has incurred daily fines amounting to almost $6,000; and he has served time in jail for contempt.  Nonetheless, Kline refuses to come into compliance with the Court's discovery orders.  Discovery has now been ongoing for almost two years.  Indeed, the Court noted that it has already "spent more time on [this] discovery issue than on all the other cases" it has had in over twenty years.  Hr'g Tr. at 31–32, Jan. 6, 2020, ECF No. 632.  However, as Plaintiffs explained, "this is not the end of [Kline's] discovery obligations.  This is just the beginning, and [Plaintiffs are] incredibly concerned that we're going to continue to have to come down and appear before [the Court] at every step of the way over the course of the next five to six months as Mr. Kline fights tooth and nail to do what he is required to do under the federal rules."  *Id.* at 37.  Plaintiffs' concern of Kline's continued intransigence appears to have been justified: Kline has done nothing to purge his contempt since his release from jail.  Instead, he has disappeared.  As Plaintiffs stated at the January 8 hearing, "[e]nough is enough."  *Id.*

## II.    Kline's Stonewalling Warrants Adverse Inferences

Kline's disobedience of Court orders, refusal to participate in discovery, and failure to preserve and provide access to critical evidence warrant adverse inferences in order to remedy the prejudice Plaintiffs have suffered, as described fully in the First and Second Sanctions Motions.[1]

---

[1] In its January 8 Order, the Court stated that it intended to "also consider whether Elliott Kline should be referred to the U.S. Attorney's Office for potential initiation of criminal contempt proceedings, as a result of his contemptuous conduct to date."  Order at 4, ECF No. 634.  It is within the Court's discretion to make such a referral where a contemnor's compliance cannot be obtained through civil contempt sanctions. *See Yates v. United States*, 355 U.S. 66, 75 (1957); *Cascade Capital, LLC v. DRS Processing LLC*, No. 3:1-7-CV-00470 RJC-DSC, 2019 WL 5468635, at *5 (W.D.N.C. Oct. 24, 2019).

Even if Kline were to finally purge himself of contempt—and even though the Court has granted Plaintiffs' request for certain discovery measures, *see* Order, ECF No. 634—it is highly unlikely that Plaintiffs will ever obtain even close to full discovery of Kline's documents. *See* Second Sanctions Motion 6. Specifically, and as fully explained in the Second Sanctions Motion, Kline has admitted that he failed to preserve documents; he used "burner" email address that he can no longer access or remember; the integrity of Kline's devices is highly questionable; and evidence strongly suggests that Kline continues to conceal relevant devices and social media accounts—including, now, the CvilleReports@gmail.com address. *See id.* at 6–12.

Courts routinely order adverse inferences due to misconduct in discovery. For example, in *F.T.C. v. Asia Pacific Telecom, Inc.*, the court granted adverse inferences as a sanction for the defendants' deletion of a critical email account. 788 F. Supp. 2d 779, 791 (N.D. Ill. 2011). The court found that the deletion of the email account not only violated a court order, but "subsequent false testimony" regarding the deletion "underscore[d the] bad faith." *Id.* at 790. The court concluded that adverse inferences were the appropriate sanction because they held the defendants "to account for whatever communications" the email account contained, and while the lost evidence might have been exculpatory, the sanction forced the defendants "to bear the uncertainty" they created. *Id.* at 791; *see Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 555 (6th Cir. 2010).

Kline's misconduct in discovery—failing to preserve and withholding evidence, and continuing to deceive the Court and Plaintiffs regarding critical sources of discovery—similarly calls for adverse inferences. Kline's contumacious conduct has prejudiced Plaintiffs' ability to develop their case, and the adverse inferences requested in Plaintiffs' Sanctions Motions will compensate Plaintiffs by helping fill the evidentiary gap and facilitating Plaintiffs' case. *See Asia Pac. Telecom*, 788 F. Supp. at 791 (holding that adverse inferences that helped facilitate plaintiff's

4

case were a "properly 'remedial' civil contempt sanction"); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947) (one purpose of civil contempt sanctions is to "compensate the complainant for losses sustained"). Evidentiary sanctions are also warranted to deter misconduct by other Defendants. *See* Second Sanctions Motion 19. If a finding of civil contempt, thousands of dollars in fines, and incarceration could not compel Kline to comply and cure the prejudice Plaintiffs have suffered, no less drastic sanction will lead to different results. *See Pruitt v. Bank of Am., N.A.*, No. 8:15-cv-01310, 2016 WL 7033972, at *3 (D. Md. Dec. 2, 2016). This Court should not permit Kline to avoid accountability by stonewalling his discovery obligations nor reward him for his continued disobedience.

\* \* \* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' First and Second Sanctions Motions.

Dated: January 29, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727

5

Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin B. Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on January 29, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Christopher Cantwell<br>christopher.cantwell@gmail.com | Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com |
| Robert Azzmador Ray<br>azzmador@gmail.com | Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com |
| Matthew Heimbach<br>matthew.w.heimbach@gmail.com | |

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*