CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/07/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court further to Plaintiffs' request seeking prompt and direct access to certain discovery from Defendant Elliott Kline. Dkt. 631. Specifically, Plaintiffs seek a court order authorizing the Third-Party Discovery Vendor to try to access and collect discovery from an e-mail address believed to be Kline's. *Id.* at 6.

Plaintiffs' request stems from Kline's pattern of ignoring discovery requests and orders in this case, which have been catalogued in numerous prior orders from this Court. *See, e.g.*, Dkts. 638, 634, 621, 613, 610, 600, 599.

By way of background, this Court found Kline in civil contempt at his Contempt Hearing on November 25, 2019, for failure to comply with numerous discovery orders of this Court and U.S. Magistrate Judge Joel Hoppe. *See* Dkts. 600, 599. This Court imposed an escalating set of sanctions, including fines and ultimately incarceration, until Kline complied with orders requiring him to fully respond to Plaintiffs' discovery requests. *See* Dkts. 621, 613, 610. As a result of these measures, Kline was compelled to respond to Plaintiffs' discovery requests and provide credentials for several of Kline's email accounts that may contain responsive documents. Dkt. 634 at 3. This Court ultimately released Kline from custody, but to be clear, Kline remains in civil contempt.

Kline had not then and still has not proven to this Court that he has purged himself of contempt. He has not proven that he has "fully and completely" responded to Plaintiffs' discovery requests; or that he has provided Plaintiffs or the Third-Party Discovery Vendor access to all potentially relevant email and social media accounts. *Id.* at 3–4.

Faced with Kline's continued non-compliance, Plaintiffs have sought several discovery measures in order to "move this case forward." Dkt. 631 at 2. This Court has already granted one such request by Plaintiffs—that the Third-Party Discovery Vendor produce directly to Plaintiffs' counsel any and all documents collected from Elliott Kline's accounts to which the Vendor does have access, which documents contain agreed-upon search terms within the applicable date range. Dkt. 638.

Another request by Plaintiffs is presently before the Court. It concerns the "CvilleReports" email address, which Plaintiffs contend was "apparently used by Kline in 2017 and withheld from Plaintiffs for the entirety of this litigation." Dkt. 631 at 1. While Kline was in custody for his civil contempt, the Court ordered him to, among other things, provide Plaintiffs access to the CvilleReports email account, as it appeared to contain potentially relevant and discoverable information. If Kline was unable to provide Plaintiffs such access, the Court required him to submit a declaration under oath and penalty of perjury demonstrating his efforts to do so. Dkt. 634 at 1–2. Kline submitted such a declaration stating that he did not believe the CvilleReports email account was one that he had access to; and that he had attempted to log into the CvilleReports email account using known passwords, and his phone number and three of his other email addresses for verification, all to no avail. *See* Dkt. 634 at 2; Dkt. 625.

After Kline submitted that declaration, Plaintiffs filed a response providing documentation to support their assertion that the CvilleReports email account was, indeed, registered to Kline.

Dkt. 631 at 3 & Ex. A. Plaintiffs also provided evidence that, contrary to Kline's statements under oath, the CvilleReports email account likely *could* be accessed via an "account recovery" feature using a phone number Kline described as his "primary" phone number or the "DeplorableTruth" email account that Kline currently uses. *See* Dkt. 631 at 3–4 & Exs. B, C. Plaintiffs argued that "all indications are" that Kline has "repeatedly lied under oath about [the CvilleReports email address]," and that there was a risk "Plaintiffs will be denied access to this trove of important evidence." Dkt. 631 at 5.

This Court found that "Plaintiffs' assertions at this stage are grave—that Kline has persisted in lying to this Court under oath and under penalty of perjury, even while being held in incarceration for civil contempt. And Plaintiffs have provided documentation and evidence in support" of those assertions. Dkt. 634 at 3.

Plaintiffs therefore requested certain discovery orders to try to move the case forward. One such request is that the Court issue an order that the Third-Party Discovery vendor be "authorized to attempt to obtain access" to the CvilleReports email address, "to image the contents of that email address as well, and to produce such documents directly to Plaintiffs." Dkt. 631 at 6. This Court has already found that "Kline's track-record of failing to fulfill his discovery obligations in a timely manner, and unless and until forced to do so by court order and significant sanctions, make him uniquely ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith compliance with discovery obligations." Dkt. 638 at 2. Further still, Plaintiffs presented evidence and argument—to which Kline has not responded though afforded the opportunity (Dkt. 634 at 3)—that even when faced with severe sanctions and incarceration, he still may have lied under oath about this email account. On this record, and weighing the evidence presented, the Court concludes that it cannot simply accept Kline's word on the matter.

3

The Court therefore concludes that Plaintiffs have demonstrated that an order authorizing the Third-Party Discovery Vendor to attempt to access the CvilleReports email address is warranted. The Court finds that the CvilleReports email account is likely to contain discoverable information that is important to the development of Plaintiffs' case. The Court also finds that Plaintiffs have a right to test Kline's assertions that he was unable to access the CvilleReports email account. Furthermore, the Court finds that the means identified by Plaintiffs to do so—*i.e.*, that the Third-Party Discovery Vendor itself will attempt to access the CvilleReports accounts, as by using any credentials, accounts, or devices from Kline—is not only a reasonable but also likely the least burdensome means of accomplishing this end for all parties involved.

The Court therefore **GRANTS** Plaintiffs' request (Dkt. 631), and **ORDERS** that the Third-Party Discovery Vendor may attempt to access the CvilleReports email address, image the contents of that email address, and produce such documents directly to Plaintiffs' counsel, subject to the same terms concerning purportedly privileged documents as in this Court's Order of January 22, 2020 (Dkt. 638 at 3).

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this ___7th___ day of February, 2020.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE