

EXHIBIT 2

**VIRGINIA: IN THE GENERAL DISTRICT COURT**
**FOR THE CITY OF CHARLOTTESVILLE**

**COMMONWEALTH OF VIRGINIA,**

**V.**

**JAMES A. FIELDS,**
        **Defendant.**

## ORDER

THIS DAY came the Defendant, James A Fields, by counsel, and requested the appointment of John I. Hill, Esq. as co-counsel along with Denise Y. Lunsford, Esq.. On information received and there being no objection thereto, this Court finds that John I. Hill, Esq. has demonstrated to the Court's satisfaction an appropriate level of training and experience as provided by Virginia Code Annotated §19.2-159(D). Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that John I. Hill, Esq. be and hereby is appointed to act as co-counsel for James A. Fields along with Denise Y. Lunsford, Esq.

ENTERED: _[signature]_

DATED: 9/5/17

I ask for this:

_[signature]_
Denise Y. Lunsford, Esq.
414 East Market Street, Suite C
Charlottesville, Va. 22902
(434)328-8798
d@lunsford-law.com
Counsel for James Alex Fields

## Open File Agreement
## Commonwealth v. James A. Fields

We, Denise Lunsford, Esq. and John Hill, Esq., as counsel appointed to represent James A. Fields in the General District, and Circuit Courts for the City of Charlottesville, recognize that Virginia's discovery requirements are governed by the Rules of Virginia Supreme Court, specifically Rule 3A:11 for Circuit Court, Rule 7C:5 for General District Court.

We agree that, with the exception of those materials described in Rule 3A:11 and Rules 7C:5, and the requirement that the Commonwealth disclose any and all exculpatory evidence, the Commonwealth is not required to provide us with copies of any evidentiary materials or to allow us to copy any evidentiary materials not identified by Rules 3A:11, 7C:5, or identified as exculpatory.

In consideration of the Commonwealth providing us with copies or allowing us to copy evidentiary materials other than those described in Rule 3A:11 and Rule 7C:5, we agree that we will not allow these additional materials or any copy thereof to leave our possession or control.

While we understand that we have the right and are encouraged to share and show to our client the contents of any and all evidentiary materials provided, we agree to not give evidentiary materials, except the materials disclosed as exculpatory or described in Rule 3A;11 (b)(1) and Rule 7C:5, to our client nor make them a part of our client's file. We agree that this specifically includes but is not limited to copies of search warrants and inventories currently under seal in the Office of the Clerk of Court.

_____
Denise Y. Lunsford

_____
John I. Hill

I understand the above information after it was explained to me. I agree that materials provided to my attorneys in this case will not be given to me and will not be made a part of my client file except as set forth above.

_____
James A. Fields




IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE
AT CHARLOTTESVILLE, VA
FILED

FEB 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE FEDERAL CIVIL RIGHTS | ) | |
| INVESTIGATION INTO VEHICULAR | ) | Misc No.: _____ |
| ATTACK ON AUGUST 12, 2017 IN | ) | |
| CHARLOTTESVILLE, VIRGINIA | ) | **UNDER SEAL** |
| | ) | |

### ORDER

Pursuant to Federal Rules of Criminal Procedure 6(e) and 16(d), and the authority of this Court to administer its proceedings, and on motion of the United States and defense counsel's consent, it is **ORDERED** that:

1. The United States is permitted to disclose to counsel for the defense as part of voluntary discovery, grand jury materials, criminal histories, medical records, witness interview reports, and other materials;

2. Any material provided by the United States Attorney's Office to defense counsel shall be covered by this Order and shall be defined as "original material" for purposes of this Order;

3. The United States and defense counsel may use this material for the prosecution and defense of this case, respectively, and make such further disclosures as may be necessary for, and for the sole purpose of, prosecuting and defending this case;

4. Counsel for the defense may only use this material solely for the defense of the case, may not copy any of the material except as needed for defense of the case (any copy is governed by this Order as if it were the original) and may not remove or allow the removal of any of this material from the office of defense counsel unless kept in the personal possession of defense counsel at all times;

5. Before a defendant views any of the material, defense counsel shall provide the defendant a copy of this Order;

6. A defendant may not be in possession of any of the material unless in the presence of defense counsel;

7. Defense counsel shall diligently protect from unnecessary dissemination any of the information in the materials, including but not limited to: grand jury materials, criminal histories, medical records, witness interview reports, materials covered by the Privacy Act, social security numbers, dates of birth, financial account numbers, or home addresses. While defense counsel may disclose such information if necessary for the defense, defense counsel shall not allow defendant to possess any documentation of such information;

8. If defense counsel does not wish to receive the above-described materials, defense counsel:
    a. Shall so advise, in writing, the Court and the United States Attorney's Office and its counsel upon receipt of this Order;
    b. Shall not view, nor allow anyone else to view, any of the materials; and
    c. Forthwith shall return all materials to the United States Attorney's Office and shall destroy all copies (electronic or otherwise) of the materials;

9. If defense counsel is removed from the case, defense counsel shall return forthwith all original and copied material to the United States Attorney's Office;

10. This Order and its provisions continue beyond the conclusion of this case and continue to apply to any defense counsel who is removed from the case;

11. Notwithstanding interpretations of Virginia Rule of Professional Conduct 1.16(e) or any other provision of law or ethical rule, defense counsel may never provide the materials to a defendant for use by the defendant to prepare a petition pursuant to 18 U.S.C. § 2255.

Unauthorized disclosure of grand jury information is a violation of federal law. Unauthorized disclosure of any of the material could endanger witnesses, subject them to intimidation, chill their candor, violate their privacy, impede future investigations and have other negative consequences. Witness intimidation, threatening, and tampering are criminal acts and are subject to punishment accordingly. Violation of this Order also may be deemed a contempt of Court pursuant to 18 U.S.C. § 401.

It is **ORDERED** that the Clerk of this Court shall certify copies of this Order to the United States Attorney's Office.

It is further **ORDERED** that this Order, the accompanying motion, and any other materials associated with the motion shall be maintained UNDER SEAL until further Order of this Court or an indictment is returned, whichever occurs first.

ENTERED this 23rd day of February, 2018.

*/s/ Joel C. Hoppe*
HONORABLE JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

A TRUE COPY TESTE:
[signature]
DEPUTY CLERK