# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 3:17-cv-00072-NKM-JCH |

## PLAINTIFFS' MOTION FOR DIRECT ACCESS TO CERTAIN DISCOVERY OF DEFENDANT VANGUARD AMERICA

Plaintiffs respectfully submit this Motion requesting that the Court order the Third Party Discovery Vendor to directly provide Plaintiffs with certain discovery produced by Dillon Ulysses Hopper ("Hopper") in his capacity as a corporate representative of Defendant Vanguard America ("Vanguard").

After more than *two years* since Plaintiffs first served Vanguard with their initial discovery requests, more than *one year* since the Court granted Plaintiffs' motion to compel, and more than *six months* after Hopper represented his intention to submit his current mobile device to Third Party Discovery Vendor at his court-ordered deposition, Hopper finally provided his current mobile device to the Third Party Discovery Vendor for imaging on or about January 23, 2020—a

mere 14 days before the February 5, 2020, deadline for the parties to produce their documents.[1] (*See* Ex. 2 (Email from K. Kim to D. Roy dated January 24, 2020)); Ex. 3 (Excerpt of Hopper Deposition Transcript).) This interminable delay comes as no surprise. As the Court previously recognized in granting in part Plaintiffs' motion for sanctions against Vanguard, Vanguard has "continually failed to fulfil even [its] most basic obligations to this Court, [its] counsel, and other parties to this case," and Vanguard's calculated "refusal to meaningfully participate in discovery . . . despite repeated court orders directing [it] to do so" has effectively "stalled" this litigation, to Plaintiffs' severe detriment. (Dkt. 539 at 2.) Based on Vanguard's record of "clearly sanctionable" conduct throughout the entirety of the discovery process, and especially Hopper's repeated pattern of endless obfuscation and delay, Plaintiffs simply have no basis to believe that Hopper will suddenly undertake a good faith effort to timely review documents from his mobile device before producing them to Plaintiffs.[2] (*Id.*) Moreover, Plaintiffs are faced with a compressed timeframe in which to prepare for party depositions, which must be completed by July 17, 2020, per the Court's Order of November 27, 2019. (Dkt. 597.) Plaintiffs simply cannot afford additional delay while Hopper purportedly reviews documents which may be necessary to Plaintiffs' preparation for party depositions.

As the Court is aware, Judge Hoppe has instituted a "process whereby Defendants were required to submit their electronic devices and social media accounts to the Third-Party Discovery Vendor for collection of electronically stored information or 'ESI.'" (Dkt. 638 at 2; *see also* Dkt.

---

[1] Hopper previously submitted his old mobile device to the Third Party Discovery Vendor, but the Third Party Discovery Vendor determined that the device was completely inoperable and its data unrecoverable. (Ex. 1 (Email from K. Kim to D. Roy dated December 5, 2019).)

[2] Plaintiffs note that Hopper the parties' February 5, 2020 deadline to complete productions has now since passed. It is accordingly of even greater import that Plaintiffs are able to access Hopper's documents swiftly and directly in order to "move this case forward." (Dkt. 628 (quotation marks and citation omitted).)

383.)  Once submitted, "[t]he Third-Party Discovery Vendor would apply search terms and date ranges to the ESI collected.  The Vendor would then provide that limited subset of documents to each Defendant, who would review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests." (Dkt. 638 at 2 (internal quotation marks and citations omitted).)  Vanguard's flagrant misconduct to date has undermined the integrity of the discovery process, which is necessarily "predicated upon one's prompt and good faith compliance with discovery obligations."  (Dkt. 638 at 2; *see also Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) ("The rules of discovery must necessarily be largely self-enforcing. The integrity of the discovery process rests on the faithfulness of parties and counsel to the rules—both the spirit and the letter."); *Soler v. Staffmark E., LLC*, 2006 WL 8438609, at *2 (E.D.N.C. June 22, 2006).)  Plaintiffs accordingly submit that Hopper has "forfeited any right to review whatever documents the third-party discovery vendor collects from his devices and accounts prior to their production to Plaintiffs," and respectfully request that the Court order the Third Party Discovery Vendor "to provide directly to Plaintiffs' counsel any and all documents collected from [Hopper] that contain the agreed-upon search terms within the applicable date range." (Dkt. 638 at 2 (quotation marks and citation omitted).)  Plaintiffs further represent that they will comport with their ethical obligations and undertake to return any privileged documents to Hopper.

Dated: February 12, 2020

Respectfully submitted,

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260

3

Fax: (212) 479-6275
alevine@cooley.com

*Of Counsel*:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
jlibling@bsfllp.com
ybarkai@bsfllp.com

J. Benjamin Rottenborn (VSB No. 84796)
Erin B. Ashwell (VSB No. 79538)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel:  (540) 983-7600
Fax:  (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, the foregoing was filed with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants National Socialist Movement, Nationalist Front and Jeff Schoep*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party, Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

I further hereby certify that on February 12, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

5

/s/ Alan Levine
Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

*Counsel for Plaintiffs*