**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

Plaintiffs,

v.

JASON KESSLER, et al.,

Defendants.

**Civil Action No. 3:17-cv-00072-NKM-JCH**

**PLAINTIFFS' MOTION FOR DIRECT ACCESS TO CERTAIN DISCOVERY OF DEFENDANT KESSLER**

Plaintiffs respectfully submit this Motion requesting that the Court order the Third Party Discovery Vendor to directly provide Plaintiffs with any and all documents derived from two email accounts disclosed by Defendant Kessler ("Kessler") more than ***two years*** after Plaintiffs served him with their initial discovery requests. Plaintiffs further submit that Kessler's outrageous conduct has irredeemably prejudiced Plaintiffs, who must now either sit idly by while Kessler purports to undertake a good faith review of these documents before turning them over to Plaintiffs, or undertake an expeditious review of these documents to prepare for upcoming party depositions after the production deadline of February 5, 2020 has come and past.

On or about January 25, 2018, Plaintiffs initially served Kessler with Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Production of Documents. (Declaration of A. Levine ("Levine Declaration") ¶ 3.) Kessler failed to respond to Plaintiffs discovery requests

for more than two months before finally deigning to do so on or about April 11, 2018. (*Id.* ¶ 4; Ex. 3.) In his untimely response, Kessler identified only a single email account as containing communications relevant to Plaintiffs discovery requests, [redacted]. (*Id.* ¶ 4; Ex. 3) Moreover, at his subsequent deposition conducted on May 15 and 16, 2018, Kessler further testified only as to his use of this singular email account, and did not otherwise disclose the existence of any additional email accounts during his more than two days of sworn testimony. (Levine Declaration ¶ 5; Ex. 4.)

After repeated and material delays in Defendants' production of documents, on October 2, 2019, Plaintiffs filed a motion to compel requesting that the Court order the inspection and imaging of Defendants' electronic devices and social media accounts. (Levine Declaration ¶ 6.) As the Court is well aware, Judge Hoppe granted Plaintiffs' motion to compel, and established a process for the review of Defendants' documents. (*Id.* ¶ 7.) Under this process, Defendants were required to submit complete and accurate ESI Certifications to Plaintiffs within 14 days of the entry of the Court's Order, after which Defendants were required to "make available to the Third Party Discovery Vendor for imaging and collection any Electronic Device or Social Media Account identified on Exhibit A and selected by Plaintiffs pursuant to this paragraph" within 28 days. (*Id.*) Following Defendants' submissions, the Third Party Discovery Vendor would image the electronic devices and/or social media accounts applying mutually agreed search parameters, after which Defendants would "review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests." (*Id.*)

Kessler untimely provided Plaintiffs with his ESI Certification on or about December 5, 2018. (*Id.* ¶ 8; Ex. 5.) Once again, Kessler disclosed in his ESI certification only the single email account he had previously identified. (*Id.*) On April 10, 2019, however, after more than ***four***

***months*** had passed since Kessler submitted his original ESI Certification, and well ***over one year*** since Plaintiffs first served him with their discovery requests, Kessler submitted a Supplemental ESI Certification that suddenly disclosed the existence of two additional email accounts: [REDACTED] and [REDACTED]. (*Id.* ¶ 9; Ex. 6.) This was not the end of Kessler's deficient disclosures of his relevant email and social media accounts. On October 18, 2019, Kessler's counsel contacted Plaintiffs and informed them that he had inadvertently failed to disclose multiple social media accounts that Kessler had identified to him ***four months prior***. (*Id.* ¶ 10; Ex. 7.) On that same day, Kessler's counsel forwarded Plaintiffs an email from Kessler dated June 17, 2019. (*Id.*; Ex. 8.) In this email, Kessler disclosed the existence of multiple accounts on the Russian social media platform VK, which were registered with the username [REDACTED]. Kessler also identified a now-defunct Facebook account registered with the username [REDACTED]. Neither of these email addresses were disclosed to Plaintiffs. (*Id.*)

On January 24, 2020, with the Court imposed deadline for production of February 5, 2020, rapidly approaching, Plaintiffs sent Kessler's counsel a detailed letter identifying Kessler's numerous discovery deficiencies and violations. (*Id.* ¶ 12; Ex. 9.) On January 30, 2020, ***less than one week*** from that Court imposed deadline, over ***one year*** since the Court granted Plaintiffs' motion to compel, and ***two years*** since Plaintiffs first served Kessler with their discovery requests, Kessler's counsel disclosed and provided the relevant credentials for two additional email accounts flagged by Plaintiffs, [REDACTED] and [REDACTED]. (*Id.* ¶ 13; Ex. 10.)

This eleventh hour disclosure demonstrates Kessler's intentional and consistent undermining of the discovery process, which is necessarily "predicated upon one's prompt and good faith compliance with discovery obligations." (Dkt. 638 at 2; *see also Poole ex rel. Elliott v.*

*Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) ("The rules of discovery must necessarily be largely self-enforcing. The integrity of the discovery process rests on the faithfulness of parties and counsel to the rules—both the spirit and the letter."); *Soler v. Staffmark E., LLC*, 2006 WL 8438609, at *2 (E.D.N.C. June 22, 2006).) Kessler's failure to accurately disclose his email accounts over more than a ***two year period*** in violation of numerous Court Orders[1] leaves Plaintiffs without any basis upon which to trust that Kessler will engage in a good faith and timely review of documents from these email accounts. (Levine Declaration ¶ 15.) In any case, Plaintiffs have been severely prejudiced by Kessler's outrageous conduct. Plaintiffs are forced to either simply wait for Kessler to purportedly undertake his review, or must themselves rapidly conduct a review of these to prepare for numerous party depositions, which must be completed by July 17, 2020. (*Id.* ¶ 16.) This is all the more true considering Kessler's self-described role as a leader of the efforts to organize the Unite the Right rally in Charlottesville. (*See id.*; Ex. 11 at 131:13-15 ("Q. And you wanted to be the leader, the organizer, of that rally. A. Yes, sir.")

Accordingly, and having willfully chosen to withhold relevant email accounts from Plaintiffs until the final hour in violation of numerous Court Orders, Plaintiffs submit that Kessler, like his co-Defendant Kline, has "forfeited any right to review whatever documents the third-party discovery vendor collects from his devices and accounts prior to their production to Plaintiffs." (Dkt. 638 at 2 (quotation marks and citation omitted).) Plaintiffs respectfully request that the Court order the Third Party Discovery Vendor to provide directly to Plaintiffs' counsel any and all

[1] *See, e.g.*, Dkt. 383 (November 19, 2018 Order providing that "Defendants shall make available to the Third Party Discovery Vendor for imaging and collection any Electronic Device or Social Media Account identified on Exhibit A and selected by Plaintiffs pursuant to this paragraph" within 28 days); Dkt. 582 (October 28, 2019 Order directing all Defendants to "give the Vendor the last known credentials used to access the identified social media accounts," and "provide any Defendant's or its representative's consent to access stored electronic communications and other account information to a social media provider" within 14 days).

documents collected from these two email accounts that contain the agreed-upon search terms within the applicable date range. Plaintiffs further represent that they will comport with their ethical obligations and return any purportedly privileged documents to Kessler.

Dated: February 12, 2020

Respectfully submitted,

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

*Of Counsel*:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
jlibling@bsfllp.com
ybarkai@bsfllp.com

J. Benjamin Rottenborn (VSB No. 84796)
Erin B. Ashwell (VSB No. 79538)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2020, the foregoing was filed with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants National Socialist Movement, Nationalist Front and Jeff Schoep*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party, Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

I further hereby certify that on February 12, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

*Counsel for Plaintiffs*