Matthew Heimbach
PO Box 278
Steubenville, OH 43592

605

MIME-Version:1.0 From:ecfnoticing@vawd.uscourts.gov To:vawd_ecf_nef@vawd.uscourts.gov Bcc: Message-Id:<3442514@vawd.uscourts.gov>Subject:Activity in Case 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al Order Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Western District of Virginia

**Notice of Electronic Filing**

The following transaction was entered on 12/13/2019 at 4:42 PM EST and filed on 12/13/2019

| | |
|---|---|
| **Case Name:** | Sines et al v. Kessler et al |
| **Case Number:** | 3:17-cv-00072-NKM-JCH |
| **Filer:** | |
| **Document Number:** | 605 |

**Docket Text:**

ORDER : Court has scheduled a second civil contempt hearing concerning Defendant Elliott Kline, which has been and remains set for Monday, December 16, 2019 at 11:00 A.M. EST, at the United States Courthouse in Charlottesville, Virginia, the Court finds that Kline has not shown good cause to delay the hearing on December 16 or to permit him to appear telephonically. Signed by Senior Judge Norman K. Moon on 12/13/19. (hnw)

**3:17-cv-00072-NKM-JCH Notice has been electronically mailed to:**

Elmer Woodard (Terminated)    isuecrooks@comcast.net

Robert T. Cahill    rcahill@cooley.com, droelofs@cooley.com, ebolton@cooley.com, efiling-notice@ecf.pacerpro.com, jvanbenten@cooley.com, slappin@cooley.com

David E. Mills    dmills@cooley.com

David Leon Campbell    dcampbell@dhdglaw.com

Erin Boyd Ashwell    eashwell@woodsrogers.com

John Benjamin Rottenborn    brottenborn@woodsrogers.com

Bryan Jeffrey Jones    bryan@bjoneslegal.com

James Edward Kolenich (Terminated)    Jek318@gmail.com

Joshua Michael Siegel    jsiegel@cooley.com

Roberta Ann Kaplan    rkaplan@kaplanandcompany.com

Alan Levine    alevine@cooley.com, efiling-notice@ecf.pacerpro.com, hector-gonzalez-3380@ecf.pacerpro.com

Julie Eden Fink    jfink@kaplanandcompany.com

Christopher Bradford Greene    cgreene@kaplanandcompany.com, aconlon@kaplanhecker.com,

ebyoung@kaplanandcompany.com, jgreene@kaplanandcompany.com,
rtuchman@kaplanandcompany.com
Seguin Layton Strohmeier    sstrohmeier@kaplanandcompany.com, jkay@kaplanhecker.com,
kmagun@kaplanandcompany.com, tbland@kaplanandcompany.com
Yotam Barkai    ybarkai@bsfllp.com
Philip Matthew Bowman    pbowman@bsfllp.com
Joshua James Libling    jlibling@bsfllp.com
Karen Leah Dunn    kdunn@bsfllp.com
William Anthony Isaacson    wisaacson@bsfllp.com
Joshua Adam Matz    jmatz@kaplanandcompany.com
Gabrielle E. Tenzer    gtenzer@kaplanhecker.com
John A. DiNucci    dinuccilaw@outlook.com, dinuccilaw@verizon.net
Jessica E. Phillips    jphillips@bsfllp.com
Michael Low Bloch    mbloch@kaplanhecker.com
William Edward ReBrook, IV.    edward@rebrooklaw.com
**3:17-cv-00072-NKM-JCH Notice has been delivered by other means to:**
Vanguard America
c/o Dillon Hopper
Christopher Cantwell
David Duke(Terminated)
240 Garden Avenue
Mandeville, LA 70471
James Hart Stern(Terminated)
12625 Frederick Street
Suite I-5
Moreno Valley, CA 92553
John Doe(Terminated)
98 West 1st Street
Yuma, AZ 85364
Matthew Heimbach
P.O. Box 278
Steubenville, OH 43592
Michael Enoch Peinovich(Terminated)
P.O. Box 1069
Hopewell Junction, NY 12533
Robert Azzmador Ray

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1052918722 [Date=12/13/2019] [FileNumber=3442512-
0] [68add70b646da3ecdacbbfc624a11545cfd9241bea19c050571dda9301e5a70ec2
67a961cb0855446041e8d864c2f06ca0006c86ded0297d91ffb0d2c27440aa]]

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

**12/13/2019**

JULIA C. DUDLEY, CLERK
BY: /s/ N. Humston
DEPUTY CLERK

# United States District Court
## Western District of Virginia
### Charlottesville Division

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This Court has scheduled a second civil contempt hearing concerning **Defendant Elliott Kline**, which **has been and <u>remains</u>** set for **Monday, December 16, 2019** at **11:00 A.M. EST**, at the United States Courthouse in Charlottesville, Virginia.

This Court is in receipt of a request by Kline dated today, December 13, 2019, asking that the Court either postpone the hearing on December 16, 2019 or allow him to make a telephonic appearance. Kline made a similar 11th-hour request before the hearing in which this Court found Kline to be in civil contempt.

The hearing on December 16, 2019 has been scheduled for weeks. This Court advised Kline of the hearing on November 25, 2019 and again in the Court's Order Finding Kline in Civil Contempt on November 27, 2019. *See* Dkt. 600 at 80; Dkt. 599 at 2. Given the nature and stage of the civil contempt proceedings and considering Kline's request, the Court finds that Kline has not shown good cause to delay the hearing on December 16 or to permit him to appear telephonically.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties. The Clerk of the Court is further directed to send a certified copy of this Order to Elliott Kline at both email addresses he has provided as well as by mail to his address of record.

Entered this __13th__ day of December, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

613

CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

01/03/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | ORDER FOR ELLIOTT KLINE TO SURRENDER TO CUSTODY OF THE U.S. MARSHAL |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court further to this Court's Order Finding Elliott Kline in Civil Contempt, issued on November 27, 2019 (Dkt. 599), and this Court's Order Finding Elliott Kline Remains in Civil Contempt and Order for Elliott Kline to Surrender to Custody of the U.S. Marshal, issued on December 23, 2019 (Dkt. 610).

In this Court's December 23, 2019 Order, this Court ordered Kline to appear at the United States Courthouse in Charlottesville, Virginia, on Monday, January 6, 2020, at 12:00 P.M. EST, and surrender himself to the custody of the United States Marshals Service. Dkt. 610 at 2. This Court wrote that "Kline will have the opportunity to reduce his fines, and if necessary, imprisonment, by purging himself of contempt by completing the steps forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order." *Id.* at 16. But, "[a]bsent further written order from this Court, he shall surrender himself as directed on January 6, 2020." *Id.*

This Court has considered the additional submissions from Plaintiffs and Kline, since this Court's December 23, 2019 Order. These include Kline's e-mail of December 30, 2019—to Judge Hoppe's Chambers and Plaintiffs' counsel—in which Kline communicated that he had that day mailed the court-ordered remedial fine of $600 to Plaintiffs. Dkt. 612-1. Kline also attached new

1

responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents. *Id.* This Court has further considered Kline's e-mail of January 2, 2020—again to Judge Hoppe's Chambers and Plaintiffs' counsel—in which Kline attached responses to Plaintiffs' Second Set of Interrogatories. Dkt. 612-2. Kline stated in that e-mail, "As of now, I believe I have completed all the discovery obligations that was discussed at the previous hearing. However, if there is anything else that I need to complete I am willing and able to do so expediently." *Id.* at 2.

This Court has further considered Plaintiffs' Response to the Court's December 31, 2019, Order Regarding Defendant Elliott Kline a/k/a Eli Mosley. Dkt. 612. Therein, Plaintiffs submitted the response "documenting Defendant Elliot Kline['s] continued failure to purge himself of civil contempt and to participate in discovery meaningfully and in good faith." *Id.* at 1. This Court has also considered Plaintiffs' response thereto, e-mailed to the Court this morning, and the responses to this Court's inquiry regarding the status of the Third Party Discovery vendor's ability to collect potentially relevant documents from Kline's email accounts.

Kline has taken some steps to purge himself of his civil contempt. For one, he submitted to Plaintiffs his long-outstanding responses to Plaintiffs' first set of discovery requests, and they were signed and under oath, as was required. *See* Dkt. 610 at 9 (¶¶ 22, 23). He added some more detail to his responses as well. *Compare* Dkt. 612-1 at 5 (describing in various degrees of detail Discord, Twitter, Gab, Facebook and e-mail accounts), *with* Dkt. 601-7 at 16 (including only Discord and Twitter accounts). Kline paid the $600 remedial fine to Plaintiffs, which represented three days of his civil contempt fines accumulated to date. Dkt. 612-1. The tracking number shows it was delivered on January 2, 2020. And Kline submitted (late) responses to Plaintiffs' Second Set of Interrogatories. Dkt. 612-2.

But the inquiry at this very late stage of non-compliance—indeed, at the 11th hour before he has been ordered to report to the U.S. Marshal—is not whether Kline has taken *some* steps to purge himself of contempt. Rather, Kline, as the "violating party[,] must show that [he] took *all reasonable steps to ensure compliance*." *Schwartz v. Rent-a-Wreck of Am.*, 261 F. Supp. 3d 607, 615 (D. Md. 2017); *see also United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 755 (4th Cir. 1989)) (emphasis added).

Still, Kline inexplicably has not been promptly informing *this Court* as directed with each step he has taken to purge himself of contempt. *See, e.g.*, Dkt. 611 at 1–2 (requiring Kline to send response to this Court's and Judge Hoppe's Chambers e-mail accounts); Dkt. 602 at 2 (same); Dkt. 599 at 14 (¶ 41(a)), 15 (¶ 42).

Still, Kline inexplicably has not "fully and completely" responded to Plaintiffs' first set of discovery requests. Indeed, he has failed to correct several of the specific deficiencies noted in this Court's prior order. *See* Dkt. 612 at 2; *compare* Dkt. 612-1, at 6, *with* Dkt. 610 at 10–11 (¶¶ 31, 32). This Court continues to find that such omissions are not only significant in their own right, but further, "in conjunction with Kline's other omissions and failures to follow court orders, further demonstrate that Kline did not take serious his obligation to respond to Plaintiffs' first set of discovery requests, raising the substantial prospect that Kline omitted other material information from his discovery responses." Dkt. 610 at 11 (¶ 32).

And perhaps more significantly, Kline continues to assert that there is just *one* document that is within his possession that is responsive to Plaintiffs' Request for Production of Documents. Indeed, this Court already found "unbelievable [Kline's] explanations why he had only one responsive document," and did not "credit Kline's assertion that he conducted a reasonable and diligent search through all available accounts, electronic devices, and sources of records." Dkt.

3

610 at 11 (¶ 33). Inexplicably, Kline waited until *today*, the last business day before he has been ordered to surrender to the custody of the U.S. Marshal, to respond to the Third Party Discovery vendor's December 12, 2019 e-mail (and follow-up December 16, 2019 e-mail), asking Kline to assist in bypassing Google's 2-factor authentication security so that the vendor could even *begin* to collect documents from Kline's three e-mail accounts. *See* Dkt. 612-3 at 2–3 ("[W]e cannot proceed with any of the collections for your three email accounts (deplorabletruth@gmail.om; eli.f.mosley@gmail.com; eli.r.kline@gmail.com) without your assistance to bypass the 2-factor authentication security set up for these Gmail accounts.").

Plaintiffs are entitled through discovery to test Kline's assertions whether he has any relevant documents. That is true as a matter of course, and it bears real salience here, given Kline's nearly two-year track-record of trying to shirk his discovery obligations.

By just providing the e-mail passwords—while stonewalling (or ignoring) the vendor's requests to disable the e-mail security measure until today—Kline has prevented Plaintiffs and the Court from concluding that he has responded "in writing fully and completely" to Plaintiffs' discovery requests. *See* Dkt. 599 at 14 (¶ 41(a)). The fact that today, Kline was able to give the Third Party Discovery vendor access to at least two of the three e-mail accounts does not relieve Kline of his obligation to show that he has "fully and completely" responded to Plaintiffs' discovery requests, that he has conducted the requisite thorough search, and that he has produced any and all responsive documents (including, e-mail, electronic chats, instant messages, text messages, uploads, posts, status updates, comments, and the list goes on). Dkt. 610 at 11 (¶ 33).

In short, Kline has not shown that he has taken "all reasonable steps to ensure compliance" with this Court's and Judge Hoppe's orders, and to purge himself of civil contempt. Nor has he shown he is otherwise unable to comply with such orders. *See* Dkt. 610 at 7–8. Indeed, this Court

4

continues to find that Kline remains in civil contempt, and that he has not fulfilled the "steps to purge himself of contempt," set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. *See* Dkt. 599 at 14 (¶ 41); *see also* Dkt. 610 at 4 (¶ 6), at 16 (¶ 47 (holding that Kline still has not "completed the steps set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order").

\* \* \*

Kline has been and hereby is **ORDERED** to appear at the United States Courthouse in Charlottesville, Virginia, on **Monday, January 6, 2020** at **12:00 P.M. EST**, and surrender himself to the custody of the United States Marshals Service. Kline shall bring with him any and all documents, electronic devices, credentials to access e-mail and social media accounts, and materials he would need to purge himself of contempt. To be clear, this Court is not requiring Kline to wait until the results of the Third Party Vendor's document collection to verify whether he has fulfilled his obligations to fully and completely respond to Plaintiffs' discovery requests and to produce any and all relevant documents. It is within Kline's power to substantiate and document his search, review, and ultimately responses to Plaintiffs' discovery requests. He has not done so to date. Kline shall remain in the custody of the United States Marshals Service until Kline fulfills his obligations set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order, and thereby purges himself of contempt.

This Court continues to find that these sanctions and measures are necessary, and no harsher than necessary, to compel Kline's compliance with this Court's and Judge Hoppe's discovery orders. *See* Dkt. 610 at 15–16 (¶¶ 45, 47).

5

This Court continues to impose upon Kline (and in favor of Plaintiffs) a remedial fine of $200 per day for his non-compliance.

Kline shall continue to have the opportunity to reduce his fines, and if necessary, imprisonment, by purging himself of contempt by completing the steps set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. But absent further written order from this Court, he shall surrender himself as directed on January 6, 2020.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this __3rd__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

6

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

616

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/06/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs,* | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

On January 3, 2020, this Court ordered Defendant Elliott Kline to appear at the United States Courthouse in Charlottesville, Virginia, on Monday, January 6, 2020 at 12:00 p.m. EST, to surrender himself to the custody of the United States Marshals Service. Dkt. 613. This Court further ordered Kline to "bring with him any and all documents, electronic devices, credentials to access e-mail and social media accounts, and materials he would need to purge himself of contempt." Dkt. 613 at 5. On this date and before 12:00 p.m. EST, as directed, Kline surrendered himself to the custody of the United States Marshals Service. Finding it just and appropriate to do so, this Court hereby **ORDERS** the Clerk's Office to retain and hold any and all materials and devices brought by Kline during any periods of his incarceration.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, and to the United States Marshal's Service.

Entered this ___6th___ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

621, 622

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/07/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs,* | CASE No. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

After this Court's rulings that Defendant Elliott Kline is and remains in civil contempt for failure to comply with numerous discovery orders, and after less stringent sanctions failed to secure his compliance, this Court ordered Kline to surrender himself to the United States Marshals Service to be incarcerated until he purges himself of civil contempt. Dkt. 613, 610, 599. On January 6, 2020, Kline did so and surrendered himself into the custody of the United States Marshals Service. Dkt. 616. This Court promptly held a hearing in the afternoon of January 6, in which the Court heard testimony from Kline, and considered argument on recent filings by Kline and Plaintiffs relating to the issue whether Kline remains in contempt. Dkt. 618. This Court has further received and considered post-hearing e-mails from Kline and the Third Party Discovery vendor, which state that yesterday Kline provided the vendor access to his "eli.r.kline" e-mail account.

As this Court clearly explained in paragraph 41 of its Civil Contempt Order and reiterated regularly since that Order, Kline is required to take certain "steps to purge himself of contempt." Dkt. 610 at 4 (¶ 6) (citing Civil Contempt Order ¶ 41). These include:

a. Kline must respond in writing fully and completely to Plaintiffs' First Set of Interrogatories and Plaintiffs' Requests for Production of Documents. When those are complete, Kline must send them to Plaintiffs and email them to this

Court's Chambers account (moon.ecf@vawd.uscourts.gov) as well as that of Judge Hoppe (hoppe.ecf@vawd.uscourts.gov).

b.  Kline must provide the Third Party Discovery Vendor his email and social media credentials, including his passwords, for every account he verified on his Certification Form, or that should have been included on such Form originally.

      i.  Kline must further conduct a diligent search of his electronic and other records to confirm that the list of credentials he included on his Certification Form is complete, and to uncover his credentials (including passwords), to any of these accounts.

      ii.  For any and all accounts to which Kline confirms he does not have the credentials, he will submit a declaration under oath and under penalty of perjury, to that effect, and which states with specificity the reasons why such credentials are unavailable to Kline.

Dkt. 610 at 4 (¶ 6) (citing Dkt. 599 at 14–15 (¶ 41). Kline previously satisfied the Court he had substantially complied with certain other steps required to purge himself of contempt. *See* Dkt. 610 at 12–13 (¶¶ 36, 37).

The question before this Court is whether Kline has demonstrated that he is presently unable to comply with the order or has substantially complied with the provisions in paragraph 41(a) and (b) of this Court's Civil Contempt Order. To demonstrate substantial compliance, Kline must show he has taken "all reasonable steps to ensure compliance." *See* Dkt. 610 at 7–8 (¶ 17); *United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 755 (4th Cir. 1989).

This Court finds that yesterday, Plaintiffs raised an as-yet-unanswered, substantial question whether Kline has "fully and completely" responded to Plaintiffs' discovery requests or otherwise provided the Third Party Discovery vendor account credentials for "every" social media or email account which may contain discoverable information, as required in by paragraph 41 of this Court's Civil Contempt Order. Specifically, Plaintiffs identified a social media communication that appears to have been sent from Kline soliciting relevant photographic or other evidence about

the Unite the Right rally to be sent to a "CvilleReports" email address. *See* Dkt. 615-1 at 2–3. This

Court finds that email address falls within the scope of the Court's Civil Contempt Order, and

Kline must follow the steps set forth in paragraph 41 of that Order with respect to this account,

and to demonstrate there are no other remaining accounts omitted by Kline. To be abundantly

clear, the Court expects the following of Kline:

1. Kline must conduct a diligent search of any and all accounts to which he has access to

   uncover credentials for that "CvilleReports" email account. *See* Civil Contempt Order

   ¶ 41(b)(i).

2. If Kline is unable to locate such credentials for that "CvilleReports" account following

   a diligent search, Kline must submit "a declaration under oath and under penalty of

   perjury, to that effect, and which states with specificity the reasons why such

   credentials are unavailable to Kline." Civil Contempt Order ¶ 41(b)(ii). Kline should

   include in the declaration all pertinent information about the accounts he searched and

   the scope and manner of his search. The declaration can be handwritten.

3. The declaration should also document the steps that Kline has taken and his search for

   all available accounts for any other, as-yet undisclosed social media or email accounts.

This Court FINDS that, while in the U.S. Marshals' custody, Kline has the present ability

to comply with such steps in order to purge himself of contempt.

This Court will review and promptly consider any submission from Kline. This Court will

afford Plaintiffs' counsel the opportunity to respond to any submission by Kline.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, and to the United States Marshals Service.

Entered this __7th__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/07/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs,* | |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' Motion for Evidentiary Sanctions against Defendant Elliott Kline a/k/a Eli Mosley, filed December 6, 2019 (Dkt. 601). This matter is also before the Court on Defendant Christopher Cantwell's "Motion for Extension to Object to Plaintiffs' Motion for Evidentiary Sanctions," filed on January 6, 2020 (Dkt. 614), in which Cantwell has sought an extension of time until January 13, 2020, to respond to Plaintiffs' Motion for Evidentiary Sanctions.

Finding it just and appropriate to do so, this Court hereby sets the following briefing schedule on such motion.

Kline and any other defendant wishing to be heard on Plaintiffs' Motion for Evidentiary Sanctions (Dkt. 601) shall file any response thereto by **January 21, 2020**.

Plaintiffs shall file any reply in further support of their Motion for Evidentiary Sanctions by **January 28, 2020**.

Accordingly, Cantwell's Motion for Extension (Dkt. 614) is **GRANTED IN PART** to the extent that this Court has afforded him until January 21, 2020 to respond to Plaintiffs' Motion.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this __7th__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

634

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/08/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs,* | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court further to this Court's numerous Orders finding Elliott Kline in civil contempt and that he remains in civil contempt as a result of his non-compliance with a multitude of court discovery orders, and further ordering that he surrender himself to custody of the U.S. Marshal until he purges himself of contempt. *See* Dkt. 621, 613, 610, 599.

On January 3, 2020, this Court explained that Kline has not fulfilled the "steps to purge himself of contempt" set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order. Dkt. 613 at 4–5 (citing Dkt. 599 at 14 (¶ 41)). At that time, Kline had not shown that he had taken "all reasonable steps to ensure compliance" with this Court's and Judge Hoppe's orders, nor that he had "fully and completely" responded to Plaintiffs' discovery requests. *Id.* at 4. Accordingly, this Court ordered Kline to surrender himself to the custody of the United States Marshals Service, where would remain "until Kline fulfills his obligations set forth in paragraph 41(a) and (b) of this Court's Civil Contempt Order, and thereby purges himself of contempt." *Id.* at 5.

On January 6, 2020, this Court promptly conducted a hearing after Kline surrendered himself to the custody of the U.S. Marshal, and on January 7, issued an Order further explaining the steps Kline must take to purge himself of civil contempt. Dkt. 621. Specifically, this Court held

that Kline must: conduct the necessary search and review of his records related to the "CvilleReports" email account identified by Plaintiffs and provide any account credentials to the Third Party Discovery vendor; if he was unable to find such credentials, to submit a declaration under oath and under penalty of perjury demonstrating his efforts and the reasons why such credentials are unavailable; and document the steps he has taken to search for any other as-yet disclosed social media or email accounts. *See* Dkt. 621.

This Court has received and considered Kline's handwritten, signed declaration which he submitted in response to that Order, in which Kline asserts that: (1) he attempted to log in to the CvilleReports email account using certain known passwords, to no avail; (2) he could not access the CvilleReports email account using his phone number as requisite verification; (3) he tried using "all 3 of [his] email addresses as the recover email, and [ ] they did not work to recover anything." As a result, Kline wrote that he "must conclude that this account is not the one that I had access to, and the social media post referencing it"—the post which Plaintiffs identified, *see* Dkt. 615-1, 615-2—"was to spread the word for someone else." Dkt. 625. Kline also wrote that he has while in custody "searched for other possible email and social media accounts," searching Twitter and Facebook, and "by all the means I know how for any potential additional social media or email accounts and have been unable to find anything else." *Id.*

This Court has also considered Plaintiffs' response filed earlier today. Dkt. 631. Therein, Plaintiffs write that they "have uncovered compelling evidence that, yet again, Kline was lying under oath when he strenuously denied knowledge of the existence of this highly relevant email account," even when he was in custody and his freedom was on the line. *Id.* at 1–2. At this stage, Plaintiffs write that they "do not believe that any further time spent in jail by Kline will resolve this interminable saga and move this case forward." *Id.* at 2. Instead, Plaintiffs seek two forms of

2

relief in their filing. First, Plaintiffs request that "any documents that contain the presumptively responsive search terms previously agreed upon by the parties be produced directly from the vendor to Plaintiffs, so that Plaintiffs will at least receive in a timely fashion the set of documents that Kline did not (yet) succeed in withholding." *Id.* Second, Plaintiffs request that this Court issue an order permitting the Third Party Discovery vendor to attempt to obtain access to the CvilleReports email account using Kline's credentials.

This Court has a range of measures at its disposal as potential remedies for civil contempt, and since November 2019, this Court has imposed escalating sanctions upon Kline including fines and ultimately incarceration, in order to secure Kline's compliance with the discovery orders of this Court and Judge Hoppe. Kline had long stonewalled Plaintiffs' legitimate attempts to secure discovery needed to prosecute their case. Kline has now been compelled to respond to Plaintiffs' discovery requests and provide credentials for several email accounts, which Plaintiffs will be able to use to test Kline's assertions and develop their factual case.

Nonetheless, Plaintiffs' assertions at this stage are grave—that Kline has persisted in lying to this Court under oath and under penalty of perjury, even while being held in incarceration for civil contempt. And Plaintiffs have provided documentation and evidence in support. *See* Dkt. 631. Kline shall file any response to Plaintiffs' submission (Dkt. 631) by **January 10, 2020**. This Court intends to promptly rule on Plaintiffs' requests for discovery measures therein. In the interim, Kline is **ORDERED** not to take any steps to impair the Third Party Discovery vendor's access to any of his email accounts.

In addition to Plaintiffs' Motion for Evidentiary Sanctions (Dkt. 601), and their requests for discovery measures raised in their filing today (Dkt. 631), this Court is considering and will consider additional sanctions against Kline in the civil contempt context needed to coerce his

compliance with this Court's and Judge Hoppe's discovery orders, as well as sanctions pursuant to this Court's powers over the discovery process and pursuant to Rule 37 of the Federal Rules of Civil Procedure. This Court will also consider whether Elliott Kline should be referred to the U.S. Attorney's Office for potential initiation of criminal contempt proceedings, as a result of his contemptuous conduct to date. Plaintiffs and Kline are **DIRECTED** to file briefs addressing any steps Kline has taken to either purge himself of contempt or any such additional measures or sanctions sought by Plaintiffs stemming from Kline's contumacy, by **January 29, 2020.**

To be clear, Kline remains in civil contempt. Kline has not yet proven to this Court that he has purged himself of contempt, that he is presently unable to comply with this Court's orders, or that he has taken "all reasonable steps to ensure compliance" in order to have "substantially complied" with this Court's orders. *See Schwartz v. Rent-a-Wreck of Am.*, 261 F. Supp. 3d 607, 615 (D. Md. 2017); Dkt. 610 at 7–8 (citing cases). Kline has not yet demonstrated that he has responded "fully and completely" to Plaintiffs' discovery requests, nor that he has turned over or provided access to any and all potentially relevant e-mail and social media accounts. Dkt. 599 at 14 (¶¶ 41(a), (b)).

"But "in selecting sanctions, a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990). Upon considering the parties' submissions and noting Plaintiffs' determination that their requested additional discovery measures—rather than additional jail time for Kline—will best "move this case forward" on the merits, this Court **FINDS** that, at this time, other measures besides further incarceration will most effectively secure Kline's compliance with this Court's and Judge Hoppe's orders.

Accordingly, this Court **ORDERS** that Kline will be and hereby is **RELEASED** from the custody of the U.S. Marshal. This Court **SUSPENDS** the imposition of any further remedial daily

fines of $200 per day of non-compliance beyond the date of this Order. Taking into account the $600 payment Kline has already made, Kline has incurred and owes remedial fines of **$5,200.00**, which are payable to Plaintiffs.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, and to the U.S. Marshals Service, who shall transmit the Order to Kline forthwith.

Entered this ___8th___ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

5

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

635, 636

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/10/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | |
| Plaintiffs, | ) | Civil Action No. 3:17-cv-00072 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | By:   Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

The Court is in receipt of an email from Dillon Hopper, Defendant Vanguard America's

nonparty representative, seeking guidance about Defendant's discovery obligations in this case.

In federal court, the litigants and their counsel are primarily responsible for conducting

discovery, ideally "without the need for constant judicial intervention." *Poole ex. rel. Elliott v.*

*Textron, Inc.*, 192 F.R.D. 494, 507 (D. Md. 2000) (quotation marks omitted). Accordingly, the

Court instructs the parties and their nonparty representatives to communicate, or confer, before

asking the Court to resolve a discovery question or dispute. *See* Fed. R. Civ. P. 26(c)(1). In

conferring, the parties must provide enough information to allow each side to determine whether

the responding party has access to the requested discovery material. If good-faith efforts to

resolve the dispute fail, then the affected party or person may file a formal motion for the Court's

determination. *See* Fed. R. Civ. P. 7(b), 26(c), 37(a).

IT IS SO ORDERED.

The Clerk shall send a copy of this Order to the parties and Mr. Hopper.

ENTER: January 10, 2020

Joel C. Hoppe
U.S. Magistrate Judge

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/10/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | ORDER |
| JASON KESSLER, *et al.*, | JUDGE NORMAN K. MOON |
| *Defendants*. | |

This matter is before the Court on Plaintiff Hannah Pearce's "Motion to Withdraw and Voluntarily Dismiss Her Claims Without Prejudice," filed on January 7, 2020. Dkt. 629. Any party wishing to be heard on this Motion shall file their response by **January 16, 2020**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this ___10th___ day of January, 2020.

_Norman K. Moon_
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

638, 639

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/22/2020
JULIA C. DUDLEY, CLERK
BY: ./s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' request for prompt and direct access to certain documents that were collected from Defendant Elliott Kline and that are in possession of the Third-Party Discovery Vendor. *See* Dkt. 631.

Plaintiffs' request arises from Kline's pattern of ignoring discovery requests and orders in this case. By way of background, this Court found Kline in civil contempt at his Contempt Hearing on November 25, 2019, for failure to comply with numerous discovery orders of this Court and U.S. Magistrate Judge Joel Hoppe. *See* Dkts. 600, 599. This Court imposed an escalating set of sanctions, including fines and ultimately incarceration, until Kline complied with orders requiring him to fully respond to Plaintiffs' discovery requests. *See* Dkts. 621, 613, 610. As a result of these measures, Kline was compelled to respond to Plaintiffs' discovery requests and provide credentials for several of Kline's email accounts that may contain responsive documents. Dkt. 634 at 3. This Court ultimately released Kline from custody, but to be clear, Kline remains in civil contempt. Kline had not then and still has not proven to this Court that he has purged himself of contempt; or that he has "fully and completely" responded to Plaintiffs' discovery requests; or that he has

turned over and provided access to any and all potentially relevant email and social media accounts. *Id.* at 3–4.

Faced with Kline's continued non-compliance, Plaintiffs have sought discovery measures in order to "move this case forward." Dkt. 631 at 2. In particular, Plaintiffs request that this Court "find that Kline has forfeited any right to review whatever documents the third-party discovery vendor collects from his devices and accounts prior to their production to Plaintiffs." *Id.* Judge Hoppe had ordered a process whereby Defendants were required to submit their electronic devices and social media accounts to the Third-Party Discovery Vendor for collection of electronically stored information or "ESI." *See* Dkt. 383. The Third-Party Discovery Vendor would apply search terms and date ranges to the ESI collected. The Vendor would then provide that limited subset of documents to each Defendant, who would "review the results of the collection and produce to Plaintiffs those non-privileged Documents that are responsive to the Discovery Requests." *Id.* at 9. Plaintiffs represent that this process has taken months even for those Defendants who have been complying with their discovery obligations. Dkt. 631 at 5.

This Court finds that Kline's track-record of failing to fulfill his discovery obligations in a timely manner, and unless and until forced to do so by court order and significant sanctions, make him uniquely ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith compliance with discovery obligations. This Court afforded Kline the opportunity to respond to Plaintiffs' request for immediate access to documents collected by the Third-Party Discovery Vendor. Dkt. 634 at 3. Kline has not responded.

Accordingly, this Court **GRANTS** Plaintiffs' request. The Third-Party Discovery Vendor shall provide directly to Plaintiffs' counsel any and all documents collected from Elliott Kline that contain the agreed-upon search terms within the applicable date range. In affording Plaintiffs this

relief, this Court further notes that Plaintiffs' counsel have represented that they "would of course honor their ethical obligation to return to Kline any purportedly privileged documents." Dkt. 631 at 7.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this _22nd_ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/22/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

ELIZABETH SINES, *et al.*,

Plaintiffs,

v.

JASON KESSLER, *et al.*,

Defendants.

CASE NO. 3:17-cv-00072

ORDER

JUDGE NORMAN K. MOON

This matter is before the Court on Plaintiff Hannah Pearce's "Motion to Withdraw and Voluntarily Dismiss Her Claims Without Prejudice," filed on January 7, 2020. Dkt. 629. On January 10, 2020, this Court entered an Order directing any party wishing to be heard on this Motion to file their response by January 16, 2020. Dkt. 636. No responses were filed.

Finding the relief requested appropriate, this Court hereby **GRANTS** Plaintiff Hannah Pearce's Motion (Dkt. 629), and **DISMISSES** Plaintiff Hannah Pearce's claims *without prejudice*, pursuant to Fed. R. Civ. P. 41(a)(2).

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this __22nd__ day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

644

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/07/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court further to Plaintiffs' request seeking prompt and direct access to certain discovery from Defendant Elliott Kline. Dkt. 631. Specifically, Plaintiffs seek a court order authorizing the Third-Party Discovery Vendor to try to access and collect discovery from an e-mail address believed to be Kline's. *Id.* at 6.

Plaintiffs' request stems from Kline's pattern of ignoring discovery requests and orders in this case, which have been catalogued in numerous prior orders from this Court. *See, e.g.*, Dkts. 638, 634, 621, 613, 610, 600, 599.

By way of background, this Court found Kline in civil contempt at his Contempt Hearing on November 25, 2019, for failure to comply with numerous discovery orders of this Court and U.S. Magistrate Judge Joel Hoppe. *See* Dkts. 600, 599. This Court imposed an escalating set of sanctions, including fines and ultimately incarceration, until Kline complied with orders requiring him to fully respond to Plaintiffs' discovery requests. *See* Dkts. 621, 613, 610. As a result of these measures, Kline was compelled to respond to Plaintiffs' discovery requests and provide credentials for several of Kline's email accounts that may contain responsive documents. Dkt. 634 at 3. This Court ultimately released Kline from custody, but to be clear, Kline remains in civil contempt.

1

Kline had not then and still has not proven to this Court that he has purged himself of contempt. He has not proven that he has "fully and completely" responded to Plaintiffs' discovery requests; or that he has provided Plaintiffs or the Third-Party Discovery Vendor access to all potentially relevant email and social media accounts. *Id.* at 3–4.

Faced with Kline's continued non-compliance, Plaintiffs have sought several discovery measures in order to "move this case forward." Dkt. 631 at 2. This Court has already granted one such request by Plaintiffs—that the Third-Party Discovery Vendor produce directly to Plaintiffs' counsel any and all documents collected from Elliott Kline's accounts to which the Vendor does have access, which documents contain agreed-upon search terms within the applicable date range. Dkt. 638.

Another request by Plaintiffs is presently before the Court. It concerns the "CvilleReports" email address, which Plaintiffs contend was "apparently used by Kline in 2017 and withheld from Plaintiffs for the entirety of this litigation." Dkt. 631 at 1. While Kline was in custody for his civil contempt, the Court ordered him to, among other things, provide Plaintiffs access to the CvilleReports email account, as it appeared to contain potentially relevant and discoverable information. If Kline was unable to provide Plaintiffs such access, the Court required him to submit a declaration under oath and penalty of perjury demonstrating his efforts to do so. Dkt. 634 at 1–2. Kline submitted such a declaration stating that he did not believe the CvilleReports email account was one that he had access to; and that he had attempted to log into the CvilleReports email account using known passwords, and his phone number and three of his other email addresses for verification, all to no avail. *See* Dkt. 634 at 2; Dkt. 625.

After Kline submitted that declaration, Plaintiffs filed a response providing documentation to support their assertion that the CvilleReports email account was, indeed, registered to Kline.

2

Dkt. 631 at 3 & Ex. A. Plaintiffs also provided evidence that, contrary to Kline's statements under

oath, the CvilleReports email account likely *could* be accessed via an "account recovery" feature

using a phone number Kline described as his "primary" phone number or the "DeplorableTruth"

email account that Kline currently uses. *See* Dkt. 631 at 3–4 & Exs. B, C. Plaintiffs argued that

"all indications are" that Kline has "repeatedly lied under oath about [the CvilleReports email

address]," and that there was a risk "Plaintiffs will be denied access to this trove of important

evidence." Dkt. 631 at 5.

This Court found that "Plaintiffs' assertions at this stage are grave—that Kline has persisted

in lying to this Court under oath and under penalty of perjury, even while being held in

incarceration for civil contempt. And Plaintiffs have provided documentation and evidence in

support" of those assertions. Dkt. 634 at 3.

Plaintiffs therefore requested certain discovery orders to try to move the case forward. One

such request is that the Court issue an order that the Third-Party Discovery vendor be "authorized

to attempt to obtain access" to the CvilleReports email address, "to image the contents of that email

address as well, and to produce such documents directly to Plaintiffs." Dkt. 631 at 6. This Court

has already found that "Kline's track-record of failing to fulfill his discovery obligations in a timely

manner, and unless and until forced to do so by court order and significant sanctions, make him

uniquely ill-suited to participate in a discovery process that is predicated upon one's prompt and

good faith compliance with discovery obligations." Dkt. 638 at 2. Further still, Plaintiffs presented

evidence and argument—to which Kline has not responded though afforded the opportunity (Dkt.

634 at 3)—that even when faced with severe sanctions and incarceration, he still may have lied

under oath about this email account. On this record, and weighing the evidence presented, the

Court concludes that it cannot simply accept Kline's word on the matter.

3

The Court therefore concludes that Plaintiffs have demonstrated that an order authorizing the Third-Party Discovery Vendor to attempt to access the CvilleReports email address is warranted. The Court finds that the CvilleReports email account is likely to contain discoverable information that is important to the development of Plaintiffs' case. The Court also finds that Plaintiffs have a right to test Kline's assertions that he was unable to access the CvilleReports email account. Furthermore, the Court finds that the means identified by Plaintiffs to do so—*i.e.*, that the Third-Party Discovery Vendor itself will attempt to access the CvilleReports accounts, as by using any credentials, accounts, or devices from Kline—is not only a reasonable but also likely the least burdensome means of accomplishing this end for all parties involved.

The Court therefore **GRANTS** Plaintiffs' request (Dkt. 631), and **ORDERS** that the Third-Party Discovery Vendor may attempt to access the CvilleReports email address, image the contents of that email address, and produce such documents directly to Plaintiffs' counsel, subject to the same terms concerning purportedly privileged documents as in this Court's Order of January 22, 2020 (Dkt. 638 at 3).

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this ___7th___ day of February, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Matthew Heimbach
PO Box 278
Steubenville, OH 43592

655, 656, 658, 660

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

02/13/2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUNIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOTT KLINE a/k/a ELI MOSLEY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, LOYAL WHITE KNIGHTS
OF THE KU KLUX KLAN, and EAST·
COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF
THE TRUE INVISIBLE EMPIRE,

Defendants.

Civil Action No. 3:17-cv-00072-NKM

## ORDER

This matter has come before the Court on the motion of Erin B. Ashwell, counsel for

Plaintiffs, requesting leave to withdraw as counsel of record.  Based on the reasons cited in the

{2684466-1, 119188-00001-01}

655

Motion, the Court finds that there is good cause for counsel's request. The Motion is therefore GRANTED, and Ms. Ashwell is permitted to withdraw as counsel of record for the Plaintiffs.

ENTERED this __13th__ day of __February__, 2020.

_____

United States Magistrate Judge

02/13/2020

JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                      Plaintiffs,

v.

JASON KESSLER, et al.,

                      Defendants.

Civil Action No. 3:17-cv-00072-NKM

JURY TRIAL DEMANDED

## ORDER SEALING EXHIBIT TO SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTIONS FOR EVIDENTIARY SANCTIONS AGAINST DEFENDANT ELLIOTT KLINE A/K/A ELI MOSLEY

WHEREAS, on February 7, 2020, Plaintiffs filed a Supplemental Brief in Further Support of Their Motions for Evidentiary Sanctions against Defendant Elliott Kline a/k/a Eli Mosley (the "Supplemental Brief"), ECF No. 645, and did not publicly file Exhibit A in accordance with Google LLC's designation of the exhibit as containing "Confidential and Proprietary" information,

WHEREAS, Plaintiffs have provided unredacted copies of Exhibit A to the Court and moved, pursuant to Local Rule 9, for those exhibits to be sealed,

IT IS HEREBY ORDERED that Exhibit A to Plaintiffs' Supplemental Brief, ECF No. 645, is hereby sealed pursuant to Local Rule 9.

Dated: February 13, 2020

SO ORDERED.

_____
Hon. Joel C. Hoppe, M.J.

656

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 13 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUNIZ, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, THOMAS BAKER and JOHN
DOE,

                Plaintiffs,

v.

JASON KESSLER, et al.,

                Defendants.

Civil Action No. 3: 17-cv-00072-NKM

## ORDER SEALING EXHIBITS TO PLAINTIFFS' MOTION FOR DIRECT ACCESS TO CERTAIN DISCOVERY OF DEFENDANT VANGUARD AMERICA

**WHEREAS,** on February 12, 2020, Plaintiffs filed a Motion for Direct Access to Certain Discovery of Defendant Vanguard America and did not publicly file supporting Exhibit 3 in accordance with Plaintiffs' position that this Exhibit contains Confidential or Highly Confidential information pursuant to the Order for the Production of Documents and Exchange of Confidential Information entered on January 3, 2018 (ECF No. 167);

**WHEREAS,** Plaintiffs have provided an unredacted copy of this Exhibit to the Court and moved, pursuant to Local Rule 9, for this Exhibit to be sealed.

**IT IS HEREBY ORDERED** that Exhibit 3 to Plaintiffs' Motion for Direct Access to Certain Discovery of Defendant Vanguard America be sealed pursuant to Local Rule 9.

658

Dated: February 13, 2020

SO ORDERED

Hon. Joel C. Hoppe, M.J.

2

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

FEB 1 3 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

|  |  |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE, |  |
| Plaintiffs, | Civil Action No. 3: 17-cv-00072-NKM |
| v. |  |
| JASON KESSLER, et al., |  |
| Defendants. |  |

## ORDER SEALING EXHIBITS TO PLAINTIFFS' MOTION FOR DIRECT ACCESS TO CERTAIN DISCOVERY OF DEFENDANT KESSLER

**WHEREAS,** on February 12, 2020, Plaintiffs filed a Motion for Direct Access to Certain Discovery of Defendant Kessler and did not publicly file supporting Exhibits. Exhibits 3, 4, 5, 6, 7, 8, 9, 10 and 11 in accordance with Plaintiffs' position that these exhibits contain Confidential or Highly Confidential information pursuant to the Order for the Production of Documents and Exchange of Confidential Information entered on January 3, 2018 (ECF No. 167);

**WHEREAS,** Plaintiffs have provided unredacted copies of these exhibits to the Court and moved, pursuant to Local Rule 9, for these exhibits to be sealed.

**IT IS HEREBY ORDERED** that Exhibits 3, 4, 5, 6, 7, 8, 9, 10 and 11 to Plaintiffs' Motion for Direct Access to Certain Discovery of Defendant Kessler be sealed pursuant to Local Rule 9.

660

Dated: February 13, 2020

SO ORDERED

Hon. Joel C. Hoppe, M.J.