# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>V.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br><br>**PLAINTIFFS' [CORRECTED] FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendants produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 575 Lexington Avenue, New York, NY 10022, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

1

The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

## **DEFINITIONS**

In each Definition, the singular shall include the plural and the plural shall include the singular. Terms used herein shall have the following meanings:

1. "Amended Complaint" means the amended complaint filed in the above-captioned litigation as ECF docket entry number 175.

2. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages,  instant messages,  social media postings, telegrams,  invoices,  telephone  conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of correspondence, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

3. "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, referring to, alluding to, confirming, constituting, comprising, containing, commenting upon, responding to, discussing,  describing,  embodying,  evaluating,  evidencing,  identifying,  in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to,

regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to in the Request.

4.     "Document" or "Documents" means documents broadly defined in FRCP Rule 34, and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, or any other use of Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

5.     "Events" means the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

6.     "Person" means a natural person or individual, and any corporation, partnership, limited liability company, unincorporated association, governmental body or agency, or any other form of organization, group, or entity.

7.     "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate concerning, or comment upon any information, ideas, or opinions, or otherwise engage in social networking.  Without limiting the foregoing in any manner, and by way of

example only, the following are social media platforms:  comment sections of websites, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, Youtube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, or Skype. Without limiting the foregoing in any manner, and by way of example only, the following are methods of using social media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

8.      "You," "Your," or "Yours" refers to the Defendants to whom the Interrogatories are addressed and includes any persons or entities acting for them or on their behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, attorneys, as well as any entities over which any of the Defendants have control.

## **INSTRUCTIONS**

A.      These Requests are issued to each Defendant, and each individual Defendant must fully respond, search for and produce all Documents and Communication responsive to these Requests.

B.      Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

C.      These Requests are continuing in nature.  If, after making initial responses, Defendants obtain or become aware of any further Documents responsive to the Requests, Defendants are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

D.      If, in responding to any of the following Requests, you encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Interrogatory.

E.      In the event any document or information is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, furnish a list

identifying the documents, communications, or information for which the protection is claimed together with the following (if applicable): the type of document or communication; the date or dates of the document or communication; the name, position and address of each person who participated in the document or communication, to whom the document or communication was addressed, or to whom the document or communication or the contents thereof have been communicated by any means; the general subject matter of the document, communication, or information; the specific basis for nonproduction or non-disclosure; and a description that you contend is adequate to support your contention that the document, communication, or information may be withheld from production and/or disclosure. If a document or communication is withheld on the ground of attorney work product, also specify whether the document or communication was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based.

F.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You should respond to all portions of that request that do not fall within the scope of Your objection.  If You object to a Request on the ground that it is overly broad, provide such documents that are within the scope of production that You believe is appropriate.  If You object to a Request on the ground that to provide responsive documents would constitute an undue burden, provide such responsive documents as You believe can be supplied without undertaking an undue burden.

G.      Whether or not You object, You must preserve all Documents and Communications relevant to the lawsuit, including all Documents and Communications responsive to these Requests. You must also preserve all hardware, software and log files related to databases; servers; archives; backup or recovery disks, files and servers; networks or computer systems including legacy systems; magnetic, optical or other storage media, including hard drives and other storage media; laptops; personal computers; personal digital assistants; handheld wireless devices; mobile telephones; paging

devices; and audio systems, including iPods. You must take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, discontinuing all data destruction and backup recycling policies; preserving and not disposing relevant hardware unless an exact replica of the file is made; preserving and not destroying passwords; encryption and accompanying decryption keys; network access codes, including login names; decompression or reconstruction software; maintaining all other pertinent information and tools needed to access, review, and reconstruct all requested or potentially relevant electronically stored information and data.  Where any alterations or deletions of any of the documents and data requested by the subpoena have been made since August 11, 2017, You should provide a log detailing any changes and deletions, the individual who made those changes and deletions, and the purpose for which the changes and deletions were made.

H.      Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.  To the extent that you do not have copies of communications made or received by you that are responsive to these requests,  you must provide the consent necessary under the Stored Communications Act, *see* 18 U.S.C. § 2702(b)(3), to permit the providers of electronic communication services and remote computing services, *see* 18 U.S.C. § 2702(a)(1)-(2), to produce the documents.

I.      Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.

J.      Each Document produced in response to these Requests shall be produced in accordance with the specifications described in Exhibit A attached hereto, or as agreed by the parties or ordered by the Court.

K.      References to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

L.      References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

M.      The use of the singular form of any word includes the plural and vice versa.

N.      The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

O.      The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.      The word "all" means "any and all"; the word "any" means "any and all."

Q.      The term "including" means "including, without limitation."

R.      The masculine includes the feminine and neutral genders.

S.      Unless otherwise specified, the time period to which these Requests refer is from January 1, 2015 to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the Events, including without limitation all documents and communications:

    i.   concerning any preparation, planning, transportation to, or coordination for, the Events, including receipts, bills and credit card statements reflecting costs for transportation, lodging, apparel, gear, or any other material purchased for the Events;

    ii.   concerning any instructions or coordination relating to the Events, including security details, what to wear, what to bring, when to meet, where to meet, what to say, and any other logistical information or arrangements;

    iii.   that are Social Media documents concerning the Events;

    iv.   you created during the Events, including Social Media, text messages, video, and photographs;

    v.   concerning African Americans, Jewish individuals, or other religious, racial, or ethnic minorities that relate in any way to the Events;

    vi.   concerning any statement or action attributed to You in the Amended Complaint; or

    vii.   concerning any allegation of an altercation, violent act, injury, or instance of intimidation or harassment that occurred during the Rally, including but not limited to James Fields' vehicular incident; or

    viii.   concerning any funding of the Events, including  for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or the planning thereof)..

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning and all Communications concerning or with East Coast Knights of the Ku Klux Klan (or East Coast Knights of the True Invisible Empire), Fraternal Order of the Alt-Knights, Identity Europa (or Identity Evropa), League of the South, Loyal White Knights of the Ku Klux Klan (or Loyal White Knights Church of the Invisible Empire Inc.), Moonbase Holdings, LLC, Nationalist Socialist Movement, Nationalist Front (or Aryan National Alliance), Traditionalist Worker Party, Vanguard America, or any such other social group or organization that has as part of its agenda a racial, religious, or ethnic objective.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence.

**REQUEST FOR PRODUCTION NO. 5:**

For any Social Media account You had from January 1, 2015, to the present:

    i.    Documents and Communication sufficient to show the account home page, and all uses of Social Media for that account that reference or concern the Events or Defendants in any way.

    ii.    Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning any lawsuits, claims of violence, or arrests relating to or arising out of racially, ethnically, or religiously motivated conduct by You or any Defendant named in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

Dated:   January 25, 2018
         New York, NY

                                        */s/ Philip M. Bowman*
                                        Philip M. Bowman (*pro hac vice*)
                                        Yotam Barkai (pro hac vice)
                                        Joshua J. Libling (*pro hac vice*)
                                        BOIES SCHILLER FLEXNER LLP
                                        575 Lexington Ave.
                                        New York, NY 10022
                                        Telephone: (212) 446-2300
                                        Fax: (212) 446-2350
                                        pbowman@bsfllp.com
                                        ybarkai@bsfllp.com
                                        jlibling@bsfllp.com

                                        Robert T. Cahill (VSB 38562)
                                        COOLEY LLP
                                        11951 Freedom Drive, 14th Floor
                                        Reston, VA 20190-5656

Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

**EXHIBIT A**

1. **PRODUCTION FORMAT**

   a) To avoid the production of more than one copy of a unique item, use industry standard MD5 or SHA-1 hash values to de-duplicate all files identified for production. Loose e-files will not be compared to email attachments for de-duplication purposes. Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

   b) Where documents with attachments are produced, they will be attached in the same manner as included in the original file. Where documents are produced and all attachments thereto are not included, identify the missing attachments by means of a "place holder" file, and explain the reason for their non-production. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions. If any portion of a document is responsive, the entire document should be submitted. Do not redact any non-privileged content from any document absent a separate agreement.

   c) Productions should be delivered on an external hard drive, CD, DVD, or via FTP (or other secure online transfer). If a delivery is too large to fit on a single DVD, the production should be delivered on an external hard drive or via FTP upon agreement with Defendants.

   d) Documents shall be produced as Bates-stamped tagged image file format ("TIFF") images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI, and optical character recognition ("OCR") text for scanned hard copy documents and ESI that does not contain extractable text. Detailed requirements, including files to be delivered in native format, are below.

   e) TIFF Image Requirements

      a. TIFF images will be produced in black and white, 300x300 dpi Group IV single-page format and should be consecutively Bates-stamped.

      b. Images will include the following content where present:

         i. For word processing files (*e.g.*, Microsoft Word): Comments, "tracked changes," and any similar in-line editing or hidden content.

         ii. For presentation files (*e.g.*, Microsoft PowerPoint): Speaker notes, comments, and all other hidden content.

         iii. For spreadsheet files (*e.g.*, Microsoft Excel): Hidden columns, rows, and sheets, comments, "tracked changes," and any similar in-line editing or hidden content.

   f) Native Production Requirements

a. Spreadsheet files (*e.g.*, Microsoft Excel and .Csv files) and presentation files (e.g. Microsoft PowerPoint) should be provided in native format.

    i. In lieu of a full TIFF image version of each native file, a single placeholder image bearing the relevant bates number and confidentiality designation should be produced.

    ii. When redaction is necessary, a redacted full TIFF version may be produced provided that the document is manually formatted for optimal printing.  If the file requiring redaction is not reasonably useable in TIFF format, the parties will meet-and-confer to determine a suitable production format.

    iii. If redactions within a native file are necessary, the parties will meet-and-confer prior to productions and provide a means to identify such documents in the production.

b. Media files (*e.g.*, .mp3, .wmv, etc.) will be produced in native format.

c. The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review.

d. The parties will meet-and-confer to discuss a suitable production format for any databases or database reports.

e. Any files that cannot be accurately rendered in a reviewable TIFF format should be produced in native format.

f. Defendants reserve the right to request native or color copies of any documents that cannot be accurately reviewed in black and white TIFF format.  Reasonable requests for native or color documents should not be refused.

g) Load File Requirements

a. A Concordance compatible data load file should be provided with each production volume and contain a header row listing all of the metadata fields included in the production volume.

b. Image load files should be produced in Concordance/Opticon compatible format.

h) Extracted Text/OCR Requirements

a. Electronically extracted text should be provided for documents collected from electronic sources.  Text generated via OCR should be provided for all documents that do not contain electronically extractable text (*e.g.*, non-searchable PDF files and JPG images) and for redacted and hard copy documents.  Do not to degrade the searchability of document text as part of the document production process.

13

b.      Document text should be provided as separate, document-level text files and not be embedded in the metadata load file.

c.      Text files should be named according to the beginning bates number of the document to which they correspond.

d.      If a document is provided in native format, the text file should contain the extracted text of the native file.

e.      A path to each extracted text file on the delivery media should be included in a load file field, or in a separate cross-reference file.

i)      Produce all metadata fields listed in Appendix 1 if available.

**APPENDIX 1**

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a Document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| DocTitle | Document title as stored in file metadata |
| Custodian | Custodian full name |
| Author | Document author information for non-email |
| From | Email FROM |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business |
| DateCreated | File date created MM/DD/YYYY |
| DateModified | File date modified MM/DD/YYYY |
| DateSent | Email date sent MM/DD/YYYY |
| TimeSent | Email time sent HH:MM:SS AM/PM |
| DateReceived | Email date received MM/DD/YYYY |
| TimeReceived | Email time received HH:MM:SS AM/PM |
| FileName | Name of the file as maintained in the ordinary course of business with extension . |
| MD5Hash | The computer-generated MD5 Hash value for each document |
| NativePath | The path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided) |
| TextPath | The path to the corresponding text file for each record on the delivery media, including filename |

15