# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendants answer under oath the First Set of Interrogatories

1

("Interrogatories") set forth below within the time specified in Rule 33, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

## DEFINITIONS

In each Definition, the singular shall include the plural and the plural shall include the singular. Terms used herein shall have the following meanings:

1. "Amended Complaint" means the amended complaint filed in the above-captioned litigation as ECF docket entry number 175.

2. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media postings, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

3. "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, referring to, alluding to, confirming, constituting, comprising, containing,

commenting upon, responding to, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to in the Interrogatory.

4. "Electronic Device" means any device that stores, compiles, displays, generates, receives, transmits, or manipulates electronic information. Without limiting the foregoing in any manner, and by way of example only, the following are Electronic Devices: laptop and desktop computers, smartphones, tablets, smartwatches, cameras, smart devices (such as Google Home and Amazon Alexa), external storage devices (such as hard drives or USB sticks) or fitness activity trackers.

5. "Events" means the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

6. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate concerning, or comment upon any information, ideas, or opinions, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are social media platforms: comment sections of websites, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, Youtube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, or Skype. Without limiting the foregoing in any

manner, and by way of example only, the following are methods of using social media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

  7. "Social Media Handle" means the unique identifier (whether a name, nickname, user name, avatar, image, or otherwise) associated with a user of Social Media. A Social Media Handle includes, for example, your unique Discord user handle including a four-digit number at the end of that handle.

  8. "You," "Your," or "Yours" refers to the Defendants to whom the Interrogatories are addressed and includes any persons or entities acting for them or on their behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, attorneys, as well as any entities over which any of the Defendants have control.

## **INSTRUCTIONS**

  A. These Interrogatories are issued to each Defendant, and each individual Defendant must fully respond to these Interrogatories.

  B. Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

  C. These Interrogatories are continuing in nature. If, after making initial responses, Defendants obtain or become aware of any further Documents responsive to the Requests, Defendants are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

  D. When the term "identify" is used in these Interrogatories, please supply the following information as context requires:

    i. when used in reference to a natural person, state the person's full name, present or last known business and residential addresses, present or last known telephone

4

numbers or other contact information, and present or last known employment position or business affiliation;

ii. when used in reference to any person who is not a natural person, state the full name, present or last known address, and present or last known telephone number or other contact information;

iii. when used in reference to an object, state the nature, type, and location of the object and identify the person (natural or non-natural) who has custody or control over the object.

E. If, in responding to any of the following Interrogatories, you encounter any ambiguity or confusion in construing either an Interrogatory or a Definition or Instruction relevant to an Interrogatory, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Interrogatory using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Interrogatory.

F. If you believe that an Interrogatory calls for production of a document or communication, or requires disclosure of information, over which you claim attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, furnish a list identifying the documents, communications, or information for which the protection is claimed together with the following (if applicable): the type of document or communication; the date or dates of the document or communication; the name, position and address of each person who participated in the document or communication, to whom the document or communication was addressed, or to whom the document or communication or the contents thereof have been communicated by any means; the general subject matter of the document, communication, or

information; the specific basis for nonproduction or non-disclosure; and a description that you contend is adequate to support your contention that the document, communication, or information may be withheld from production and/or disclosure. If a document or communication is withheld on the ground of attorney work product, also specify whether the document or communication was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based.

     G.     References to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

     H.     If You object to answering a specific interrogatory, You shall state with particularity the basis for all objections with respect to such interrogatory. You should respond to all portions of that interrogatory that do not fall within the scope of Your objection. If You object to an interrogatory on the ground that it is overly broad, provide such documents that are within the scope of production that You believe is appropriate. If You object to an interrogatory on the ground that to provide responsive documents would constitute an undue burden, provide such responsive documents as You believe can be supplied without undertaking an undue burden.

     I.     If the answer to all or part of an Interrogatory is that you lack knowledge of the requested information, set forth such remaining information as is known to you and describe all efforts made by you or by your attorneys, accountants, agents, representatives, or experts, or by any professional employed or retained by you, to obtain the information necessary to answer the interrogatory. If any approximation can reasonably be made in place of unknown information, also set forth your best estimate or approximation, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate or approximation is made.

J. In answering each Interrogatory, you shall identify each document relied upon that forms the basis for your answer or in any way corroborates your answer or the substance of your answer.

K. A response identifying documents falling within the scope of these Interrogatories shall state that the documents have or will be produced, unless the Interrogatory is objected to, in which event the reasons for objection shall be specifically stated.

L. References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

M. The use of the singular form of any word includes the plural and vice versa.

N. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

O. The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P. The word "all" means "any and all"; the word "any" means "any and all."

Q. The term "including" means "including, without limitation."

7

R.  The masculine includes the feminine and neutral genders.

S.  Unless otherwise specified, the time period to which these Interrogatories refer is from January 1, 2015 to the present.

## INTERROGATORIES

1.  Identify all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of communication, identify all names, aliases, e-mail addresses, phone numbers, and Social Media Handles you used in connection with such communications, including the 18-digit account identifier associated with any Discord account used by You. Means of communications include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social Media, email, SMS messages, podcasts, and online video.

2.  Identify any "channel" or "server" on Discord to which you had access.

3.  Identify all persons (natural or non-natural) with whom you communicated concerning the Events, whether before, during, or after the Events.

4.  Identify all Electronic Devices used by you to communicate concerning the Events, whether before, during, or after the Events.

Dated: January 25, 2018
New York, NY

/s/ Philip M. Bowman
Philip M. Bowman (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
Yotam Barkai (pro hac vice)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
jlibling@bsfllp.com
ybarkai@bsfllp.com

8

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

9