# Exhibit H



DAVID L. HAUCK
CAROLINE V. DAVIS
JUSTIN S. GRAVATT
DAVID L. CAMPBELL
HARLEY W. DUANE, III (RET.)

**DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL P.C.**

TELEPHONE: (804) 644-7400
EXTENSION: 221
FACSIMILE: (804) 303-8911
DCAMPBELL@DHDGCLAW.COM

January 23, 2020

Michael A. Bloch, Esq.
Kaplan Hecker & Fink, LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Re:  Sines v. Kessler

Dear Mike:

    I write in reply to your November 20, 2019, correspondence regarding perceived shortcomings in Mr. Fields' answers to Plaintiff's First Interrogatories and Requests for Production of Documents.

    As a preliminary matter, I remain unable to communicate with my client. I have made repeated attempts to contact him through a Bureau of Prisons employee who I believe to be the appropriate liaison. I have had no success as of yet.

    That said, in reviewing your correspondence, I believe the discovery answers as submitted are substantially complete. Taking the perceived shortcomings in the order laid out in your correspondence, I respond as follows:

1. Mr. Fields has not incorrectly interpreted the term "Events." Mr. Fields did not participate in or communicate regarding any other of the "Events" listed in your letter. We have no additional information to provide.
2. Mr. Fields did not post any original information regarding the rally. As the sentence prior to that statement makes clear, he recalls liking or retweeting posts of others. He does not recall the specific nature of those posts due to the passage of time. However, he generally recalls those posts related to the August 12 rally.
3. Mr. Fields is not aware of what law enforcement agencies are currently in possession of his electronic devices. As noted in the prior responses, Mr. Fields knowledge is that Charlottesville Police Department took his cellular phone at the scene of his arrest on August 12, 2017. Upon information and

    belief, the FBI seized his desktop computer in Maumee, Ohio the same day. Mr. Fields does not have any social media posts in his possession, custody or control. Mr. Fields is aware of social media posts that were made exhibits at his state criminal trial in Charlottesville Circuit Court.
4. Without the ability to communicate with my client, I am unable to inquire further at this time to other social media accounts. As soon as I am able to communicate with my client, I will provide any additional information.
5. I am not sure what you are seeking here. I do not think Mr. Fields can give you permission to obtain his phone or computer from law enforcement. However, to the extent we can help in any way, we are happy to do so.

    In regard to the paragraph following the numbered paragraphs, I do not believe Mr. Fields was ordered to complete any of those steps. My understanding while participating in those hearings was that the requests did not apply to Fields given his incarceration and lack of access to the devices. That said, as soon as I am able to communicate with my client, we are happy to complete any such forms. I do not believe I have been provided said forms. If I have overlooked them, I ask that you provide another copy. Additionally, there was no attachment to the email as outline in footnote 1. The only attachment to the email was your correspondence.

    However, as to (5), Mr. Fields has no method by which to provide access to any relevant electronic devices. As I have previously advised, neither Mr. Fields nor I have access to documents in the possession of criminal counsel – either state or federal. I have been advised that non-disclosure agreements were signed between the state and federal defense attorneys and relevant prosecutors' offices to permit review of non-public documents. It remains our position that neither Mr. Fields nor I have custody or control of those documents. And, presumably because of those signed agreements, I have not been permitted access to any such documents.

    In regard to preservation, I have been unable to communicate with Mr. Fields to confirm whether he received letters while incarcerated that might contain relevant information, and if he did receive such letters whether he preserved them. As soon as I am able to do so, I will advise as to our position on that correspondence.

    If you have any questions regarding this matter, please do not hesitate to contact me.

                                                   Sincerely,

                                                 David L. Campbell