UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>        Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

**PLAINTIFFS' OPPOSITION TO THIRD PARTIES JOHN HILL AND DENISE LUNSFORD'S MOTIONS TO QUASH SUBPOENAS**

**INTRODUCTION**

As a result of Defendant James Fields's ("Fields") complete refusal to produce any documents in this case – including refusing to produce documents he admits are responsive and in the possession of his attorneys – Plaintiffs issued subpoenas to Fields's criminal defense attorneys, John Hill and Denise Lunsford (the "Subpoenas"), requiring them to produce certain non-privileged documents. Like Fields, however, Hill and Lunsford have refused to produce any documents. The only basis for their refusal is that the Subpoenas seek privileged documents (they do not) or that the documents are non-privileged but are somehow exempt from discovery (they are not). Accordingly, the Court should deny the motions to quash ("Motions") filed by Hill and Lunsford and order them to produce all documents responsive to the Subpoenas within ten days.

**FACTS**

Fields has produced zero documents in this case. *See generally* ECF No. 671. He refuses to comply with the Court's discovery orders directing him to produce documents, identify and give access to his social media accounts, and instruct social media companies to release his messages to Plaintiffs. *Id*. Fields refuses to produce documents in the possession of his criminal attorneys, despite admitting they have relevant and responsive documents. *Id.* Fields informed Plaintiffs he will not comply with the Court's orders directing all "Defendants" to produce certain discovery. *Id*. And, Fields admitted to spoliating evidence, including correspondence between himself and Defendant Vanguard America, which would have directly refuted both Fields's and Vanguard America's claims that they had never communicated or been associated with each other – a key element of the conspiracy in this case. *Id*.

1

As a result, Plaintiffs have had to look elsewhere to gather relevant evidence concerning Fields. Thus, on January 27, 2020, Plaintiffs served John Hill and Denise Lunsford with subpoenas to produce documents (the "Subpoenas"). Hill and Lunsford are criminal defense attorneys who represent Fields in connection with his criminal cases in the Circuit Court for the City of Charlottesville.

On February 10, 2020, Hill and Lunsford filed largely identical motions to quash the Subpoenas (the "Motions"). ECF Nos. 647-48.

## ARGUMENT

I. **THE COURT SHOULD DENY THE MOTIONS TO QUASH AND ORDER HILL AND LUNSFORD TO PRODUCE ALL RESPONSIVE DOCUMENTS.**

   A. **Legal Standard.**

To prevail on a motion to quash a subpoena, the movant must show the subpoena fails to allow reasonable time for compliance, requires compliance beyond the geographical limits of Rule 45, requests privileged or other protected matter, subjects the movant to undue burden, or requires the disclosure of trade secrets or an unretained expert's opinion. *See* Fed. R. Civ. P. 45(d)(3)(A)-(B). Hill and Lunsford's only objection to the Subpoenas is that they allegedly seek privileged or other protected matter. On that basis alone, they refuse to produce any documents.

The party seeking to quash a subpoena bears the burden to show discovery should not be had. *Unites States v. Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992). *See also Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Engineers*, 2012 WL 112325, at *2 (N.D. W. Va. 2012) ("[T]he burden for showing that a subpoena must be quashed . . . is at all times on the movant."); *In re C&M Investments of High Point, Inc.*, 2015 WL 661177, at *2 (M.D.N.C. 2015) ("The burden of proof to quash a subpoena is on the movant."). Hill and Lunsford have failed to meet

2

that burden, as none of their arguments have merit or permit them to withhold responsive documents.

B.    **The Subpoenas Do Not Request Privileged Documents.**

Hill and Lunsford argue the Subpoenas should be quashed because they require the disclosure of documents covered by the attorney-client privilege and work product doctrine. ECF Nos. 647-48, ¶¶ 3-4. Hill and Lunsford are wrong, because the Subpoenas seek no such documents. The Subpoenas specifically state they "request only documents that are *not* covered by the attorney-client privilege or work product doctrine." *Exhibit A* (emphasis added).

Courts routinely enforce subpoenas issued to a party's attorneys seeking non-privileged information. *E.g.*, *Fisher v. United States*, 425 U.S. 391, 413-14 (1976) (holding that a party cannot prevent his lawyer from answering a subpoena to produce incriminating documents); *SPV-LC, LLC v. Transamerica Life Ins. Co.*, 2016 WL 4257337, at *5 (D.S.D. 2016) (ordering lawyers for party to produce documents in response to subpoena); *Dommel Properties, LLC v. Jonestown Bank & Tr. Co.*, 2013 WL 12241978, at *4 (M.D. Pa. 2013) (enforcing subpoena issued to attorney that was limited to documents not subject to the work product doctrine or attorney-client privilege); *Chesemore v. Alliance Holdings, Inc.*, 2011 WL 4458782, at *2 (N.D. Oh. 2011) (denying motion to quash subpoena issued to party's attorneys); *Stern v. Shelley*, 2010 WL 4721708, at *1 (D.S.C. 2010) (noting the Northern District Court of Georgia's denial of a request to quash a subpoena issued to party's attorney); *In re Grand Jury Subpoena*, 533 F. Supp. 2d 602, 603 (W.D.N.C. 2007) (denying motion to quash subpoena issued to law firm seeking information about a client); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 533 (E.D. Va. 2005) (noting plaintiff issued subpoenas to "the attorney who represented [defendant] in past criminal proceedings, and the attorney who represented him in bankruptcy

3

proceedings."); *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 1996 WL 277612, at *1 (E.D. La. 1996) (refusing to quash subpoenas issued to party's lawyers).

It is also well-established that non-privileged documents in the possession of a party's attorney are discoverable and must be produced. *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 396, 411 (E.D.N.C. 2014) *aff'd sub nom.* 784 F. App'x 118 (4th Cir. 2019) ("[A] party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents."); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (agreeing that "documents in the possession, custody or control of a party's attorney or former attorney are within the party's 'control' for the purposes of Rule 34.").

Because Plaintiffs seek only non-privileged and non-work product documents, Hill and Lunsford's argument has no merit, and the Court should deny the Motions on that basis.

C.   **A Confidentiality Agreement Cannot Shield Documents from Discovery.**

Hill and Lunsford argue they received documents from the City of Charlottesville Commonwealth's Attorney's Office that are responsive to the Subpoenas, but they signed a contract wherein they agreed to keep those documents confidential. ECF Nos. 647-48, ¶¶ 5. That is not a basis to quash the Subpoenas for at least two independent reasons.

*First*, it is black letter law – both in the courts of the Fourth Circuit and elsewhere – that confidentiality agreements cannot shield documents from discovery. *See, e.g., In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 384 (S.D. W. Va. 2012) ("There is no privilege for documents merely because they are subject to a confidentiality agreement."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Porter Hayden Co.*, 2012 WL 628493, at *2 (D. Md. 2012) ("[T]here is no recognized legal principle holding that parties can create immunity from discovery for themselves by entering into a private agreement."); *Volumetrics Medical Imaging,*

4

*LLC v. Toshiba*, 2011 WL 2470460, at *18 (M.D.N.C. 2011) (ordering party to produce documents it agreed to keep confidential); *Young v. State Farm Mut. Auto. Ins. Co.*, 169 F.R.D. 72, 77-80 (S.D. W. Va. 1996) (rejecting argument that agreement was non-discoverable by virtue of its confidentiality provision); *see also Naham v. Haljean*, 2010 WL 3025574, at *3 (N.D. Ill. 2010) ("[T]he Court is not convinced that [a confidentiality] agreement would override the 'fundamental principle' in our legal system that 'the public . . . has a right to every man's evidence.'"); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) ("[D]ocuments are not shielded from discovery merely because they are confidential."); *Grumman Aerospace Corp. v. Titanium Metals Corp. of Am.*, 91 F.R.D. 84, 87 (E.D.N.Y.1981) ("[C]onfidentiality agreements . . . do not immunize . . . materials from discovery.").

Thus, Hill and Lunsford cannot use a confidentiality agreement to impede Plaintiffs' efforts to obtain discovery about Fields and avoid producing documents that are relevant to this matter and responsive to the lawfully-issued Subpoenas. Accordingly, the Court should deny the Motions and order Hill and Lunsford to produce all responsive documents.[1]

*Second*, even if a confidentiality agreement could shield documents from discovery (it cannot), by its plain terms the agreement here does not apply to every document Hill and Lunsford received from the city. Rather, the agreement states Hill and Lunsford must keep confidential documents "*other* than those described in Rule 3A:11 and Rule 7C:5." *Exhibit B* (emphasis added). Thus, if a document is described in Rule 3A:11 or Rule 7C:5 of the Supreme

---

[1] Plaintiffs also issued a subpoena to the City of Charlottesville, which produced documents and represented to Plaintiffs it has produced all of the responsive documents it still possesses. The city's production, however, does not include all documents regarding Fields that were available to Hill and Lunsford. The City of Charlottesville designated the documents it produced as "highly confidential" under the Protective Order. To the extent Hill or Lunsford have any confidentiality concerns, they can also designate the documents with an appropriate confidentiality designation under the Protective Order.

Court of Virginia, it is not deemed confidential and Hill and Lunsford can produce it without violating the agreement.

Rule 3A:11(b) permits defense counsel to copy: (a) "written or recorded statements or confessions made by the accused"; (b) "the substance of any oral statements or confessions made by the accused to any law enforcement officer"; (c) "written reports of autopsies, ballistic tests, fingerprint analyses, handwriting analyses, blood, urine and breath tests, other scientific reports, and written reports of a physical or mental examination of the accused"; and (d) "books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody, or control of the Commonwealth, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable." Va. Sup. Ct. R. 3A:11(b). Similarly, Rule 7C:5 permits defense counsel to obtain: (a) "any relevant written or recorded statements or confessions made by the accused"; (b) "the substance of any oral statements and confessions made by the accused to any law enforcement officer"; and (c) "any criminal record of the accused." Va. Sup. Ct. R. 7C:5(c).

Accordingly, to the extent Hill or Lunsford have documents that fall into any of the above categories, they must produce them.

### D. The Circuit Court for the City of Charlottesville Did Not Prohibit Hill or Lunsford from Producing Documents in Response to the Subpoenas.

Hill and Lunsford argue that state court orders prohibit them from producing certain documents. Their argument fails, however, because they misconstrue and misstate the terms of the state court orders and the Subpoenas.

*First*, Hill and Lunsford argue the Circuit Court for the City of Charlottesville issued an order which prohibits them from producing "information relating to jurors." ECF Nos. 647-48, ¶

6

7. Nothing in the Subpoenas request information about jurors, however, and Plaintiffs are not seeking such information.[2] Thus, Hill and Lunsford's objection on that basis is immaterial.

*Second*, Hill and Lunsford argue the Circuit Court for the City of Charlottesville issued an order that prohibits them from producing "photographs and video admitted into evidence" during Fields's state criminal case. ECF Nos. 647-48, ¶ 7. Hill and Lunsford are wrong. The order only prohibits the court *clerk* from letting people copy (they are permitted to view and listen to) certain exhibits from the courthouse file:

> The Court hereby ORDERS the Clerk of Court to make available to members of the public for viewing and listening the video and audio recordings admitted as evidence at trial. The Clerk of Court shall provide these in a "view and listen" only format in the Clerk's Office for the Charlottesville Circuit Court. The Court further ORDERS that the exhibits (the video and audio recordings) shall not be copied, reproduced or transmitted in any way. The time, place, and manner of accessing of the exhibits shall be at the discretion of the Clerk of Court.

*Exhibit C*.[3] Because the order only applies to the clerk and the court's file, it does not restrict individuals, such as Hill and Lunsford, from producing documents – let alone producing them in response to a lawful subpoena. Accordingly, the Court should deny the Motions on that basis.

And, even if the order applied to Hill and Lunsford (it does not), it is not as broad as Hill and Lunsford contend. The order only applies to "video and audio recordings." *Id*. It does not apply to "photographs," as Hill and Lunsford incorrectly argue. Thus, in no event does the order prohibit Hill and Lunsford from producing photographs to Plaintiffs, so the Court should at a minimum deny the Motions as to photographs.

---

[2] Hill and Lunsford did not meet and confer with Plaintiffs before filing their Motions. If they had, Plaintiffs could have explained this to Hill and Lunsford.

[3] Hill and Lunsford attach to their motions an unexecuted and incorrect version of the state court's order. The correct, executed version is attached hereto as *Exhibit C*.

### E. The Prohibition on Disclosing Documents Provided by the United States Attorney's Office Applies Only to a Narrow Subset of Documents, Which the Court Should Remove in any Event.

Hill and Lunsford argue that they cannot produce documents they obtained from the U.S. Attorney's Office because it is prohibited by a prior order of this Court. ECF Nos. 647-48, ¶ 6. Specifically, on February 23, 2018, this Court issued an order in the federal civil rights investigation into the August 12, 2017 vehicular attack, which provided that any material defense counsel obtained from U.S. Attorney's Office may only be used for the defense in that case and may not be copied or removed by defense counsel's office. *United States v. Fields*, No. 3:18-CR-00011 (W.D.Va. 2018); *See Exhibit D*.

As an initial matter, the Court's order only applies to documents Hill and Lunsford received from the U.S. Attorney's Office. It does not authorize Hill and Lunsford to withhold documents they received from any other source. Thus, all responsive documents Hill and Lunsford obtained from any source other than the U.S. Attorney's Office must be produced.

As for the documents Hill and Lunsford received from the U.S. Attorney's Office, the Court should modify its Order to permit Hill and Lunsford to produce all such documents that are responsive to the Subpoenas – especially because Fields refuses to produce these documents himself, and he admitted to spoliating critical evidence he did possess. *See* ECF No. 671. Specifically, the Subpoenas seek critical evidence the Court already ordered Fields to produce, including, among other things, documents (a) from his electronic devices (which the Court ordered Fields to produce, but he refused), (b) from his social media accounts (which the Court ordered Fields to produce, but he refused), (c) about ethnic or racial violence or white supremacy (which Fields refuses to produce), and (d) that constitute communications with other Defendants in this case (which Fields admitted to spoliating). Those documents at issue cannot be privileged

because they were exchanged between Fields's criminal attorneys and the federal government. And, the fact that they are in the possession of Fields's attorneys cannot shield them from discovery. *Supra*, p. 5. To the extent they contain sensitive information, the Court has already entered a Protective Order in this case that allows documents to be marked "highly confidential," which severely restricts their dissemination. *See* ECF No. 167.

### F. Hill and Lunsford Have No Basis to Withhold Other Documents.

Hill and Lunsford do not contend there is any basis to withhold documents other than those described above. They do not argue, for example, that the Subpoenas seek documents that are not relevant, or that complying with the Subpoenas would be unduly burdensome.

Thus, even if Hill and Lunsford's arguments are correct, they have no valid objection to producing documents that (a) are not privileged or work product, (b) they did not receive from the Commonwealth's Attorney's or the U.S. Attorney's Office, and (c) were not used as exhibits during Fields's state criminal trial. Accordingly, Hill and Lunsford have no basis to withhold documents that do not fall into one of these categories. Such documents must exist. For example, documents they received from third parties, documents sent to third parties, documents they received from Fields that pre-dated his arrest, or factual notes of witness interviews are not protected and are discoverable. *E.g.*, *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 230 F.R.D. 433, 436-37 (D. Md. 2005) (holding interview notes containing "fairly straightforward recitation of the information provided by the witness rather than a 'pure mental impression' or legal theory of counsel" are not protected by work product doctrine and "must be produced to plaintiffs' counsel"); *N. Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986) (holding "drafts of letters or documents which are to be published to third

9

parties" are not privileged). The Court should order Lunsford and Hill to produce all such documents.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motions and order Lunsford and Hill to produce all responsive documents within ten days of the date of the order.

Dated: March 9, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ David E. Mills*
　　　　　　　　　　　　　　　　　　　　　　David E. Mills (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Joshua M. Siegel (VSB 73416)
　　　　　　　　　　　　　　　　　　　　　　COOLEY LLP
　　　　　　　　　　　　　　　　　　　　　　1299 Pennsylvania Ave., NW
　　　　　　　　　　　　　　　　　　　　　　Suite 700
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 842-7800
　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 842-7899
　　　　　　　　　　　　　　　　　　　　　　dmills@cooley.com
　　　　　　　　　　　　　　　　　　　　　　jsiegel@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone:  (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 9, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

12

I further hereby certify that on March 9, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

/s/ David E. Mills
David E. Mills (*pro hac vice*)
*Counsel for Plaintiffs*