# Exhibit D

SEALED




CLERK'S OFFICE
AT CHARLOTTESVILE, VA
FILED

FEB 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| IN RE FEDERAL CIVIL RIGHTS ) | |
| INVESTIGATION INTO VEHICULAR ) | Misc No.: _____ |
| ATTACK ON AUGUST 12, 2017 IN ) | |
| CHARLOTTESVILLE, VIRGINIA ) | **UNDER SEAL** |
| ) | |

### ORDER

Pursuant to Federal Rules of Criminal Procedure 6(e) and 16(d), and the authority of this Court to administer its proceedings, and on motion of the United States and defense counsel's consent, it is **ORDERED** that:

1. The United States is permitted to disclose to counsel for the defense as part of voluntary discovery, grand jury materials, criminal histories, medical records, witness interview reports, and other materials;

2. Any material provided by the United States Attorney's Office to defense counsel shall be covered by this Order and shall be defined as "original material" for purposes of this Order;

3. The United States and defense counsel may use this material for the prosecution and defense of this case, respectively, and make such further disclosures as may be necessary for, and for the sole purpose of, prosecuting and defending this case;

4. Counsel for the defense may only use this material solely for the defense of the case, may not copy any of the material except as needed for defense of the case (any copy is governed by this Order as if it were the original) and may not remove or allow the removal of any of this material from the office of defense counsel unless kept in the personal possession of defense counsel at all times;

5. Before a defendant views any of the material, defense counsel shall provide the defendant a copy of this Order;

6. A defendant may not be in possession of any of the material unless in the presence of defense counsel;

7. Defense counsel shall diligently protect from unnecessary dissemination any of the information in the materials, including but not limited to: grand jury materials, criminal histories, medical records, witness interview reports, materials covered by the Privacy Act, social security numbers, dates of birth, financial account numbers, or home addresses. While defense counsel may disclose such information if necessary for the defense, defense counsel shall not allow defendant to possess any documentation of such information;

8. If defense counsel does not wish to receive the above-described materials, defense counsel:
   a. Shall so advise, in writing, the Court and the United States Attorney's Office and its counsel upon receipt of this Order;
   b. Shall not view, nor allow anyone else to view, any of the materials; and
   c. Forthwith shall return all materials to the United States Attorney's Office and shall destroy all copies (electronic or otherwise) of the materials;

9. If defense counsel is removed from the case, defense counsel shall return forthwith all original and copied material to the United States Attorney's Office;

10. This Order and its provisions continue beyond the conclusion of this case and continue to apply to any defense counsel who is removed from the case;

11. Notwithstanding interpretations of Virginia Rule of Professional Conduct 1.16(e) or any other provision of law or ethical rule, defense counsel may never provide the materials to a defendant for use by the defendant to prepare a petition pursuant to 18 U.S.C. § 2255.

Unauthorized disclosure of grand jury information is a violation of federal law. Unauthorized disclosure of any of the material could endanger witnesses, subject them to intimidation, chill their candor, violate their privacy, impede future investigations and have other negative consequences. Witness intimidation, threatening, and tampering are criminal acts and are subject to punishment accordingly. Violation of this Order also may be deemed a contempt of Court pursuant to 18 U.S.C. § 401.

It is **ORDERED** that the Clerk of this Court shall certify copies of this Order to the United States Attorney's Office.

It is further **ORDERED** that this Order, the accompanying motion, and any other materials associated with the motion shall be maintained UNDER SEAL until further Order of this Court or an indictment is returned, whichever occurs first.

ENTERED this 23rd day of February, 2018.

HONORABLE JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

A TRUE COPY TESTE:
DEPUTY CLERK