**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT ROBERT "AZZMADOR" RAY**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... iii

PRELIMINARY STATEMENT .......... 1

BACKGROUND .......... 2

I. Ray Played a Significant Role in the Conspiracy .......... 2

II. Ray Has Failed to Comply with His Discovery Obligations .......... 5

III. Ray Continues to Withhold Devices and Account Credentials .......... 7

IV. Ray Has Entirely Failed to Disclose Other Relevant Devices and Accounts .......... 9

LEGAL STANDARDS .......... 10

ARGUMENT .......... 11

I. Ray Should Be Compelled to Produce Electronic Devices, Social Media Accounts, and Documents Responsive to Plaintiffs' Discovery Requests. .......... 11

CONCLUSION .......... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. 11-cv-04001-RS (KAW), 2013 WL 4511925 (N.D. Cal. Aug. 23, 2013) ........................ 11

*Hosch v. BAE Sys. Info. Sols., Inc.*, No. 1:13-CV-00825 AJT, 2014 WL 1681694 (E.D. Va. Apr. 24, 2014)................................ 12

*Moore v. Napolitano*, 723 F. Supp. 2d 167 (D.D.C. 2010) ........................................................................ 11, 13

*Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494 (D. Md. 2000) ........................................................................................ 11

*Selee Corp. v. McDanel Advanced Ceramic Techs., LLC*, No. 1:15-CV-00129-MR, 2016 WL 4546446 (W.D.N.C. Aug. 31, 2016) .............................. 11

*SMB Consulting & Investing, LLC v. Apple Valley Waste Serv., Inc.*, No. 3:11-CV-70, 2012 WL 13019007 (N.D.W. Va. Sept. 25, 2012) ..................................... 11

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................. 10, 11

Fed. R. Civ. P. 34 .............................................................................................................. 10, 11

Fed. R. Civ. P. 37 ................................................................................................................ 1, 13

## PRELIMINARY STATEMENT

At every step in this case, Defendant Robert "Azzmador" Ray ("Ray") has tried to avoid his discovery obligations. As one of the most vocal and violent leaders of this conspiracy, Ray generated and has possessed compelling evidence that he and his co-Defendants planned to commit the violence that occurred in Charlottesville the weekend of August 11-12, 2017. In addition to discussing the events on his recorded podcast both before and after the weekend, Ray brought a personal cameraman to record and livestream what took place on the streets of Charlottesville in August 2017. However, Ray has disparaged the discovery process and, at several points, has disappeared from the litigation altogether. To date, Ray has still not only failed to produce podcasts and videos regarding Unite the Right that are in his possession, but he also has refused to turn over numerous devices and account credentials that he had previously disclosed to Plaintiffs. Ray's own documents demonstrate that he failed to disclose additional devices and accounts that he used to communicate with other Defendants and ***on the day of Unite the Right itself***.

The deadline for all Defendants to produce discoverable material to Plaintiffs passed on February 5, 2020. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Plaintiffs respectfully request that the Court compel Ray to (1) produce his second laptop, his second cellphone, and all other electronic devices within his possession to the third-party discovery vendor (the "Vendor") for imaging and collection; (2) disclose his Daily Stormer, Krypto Report, Skype, Gab.ai, Twitter, and any other social media accounts and credentials within his possession to the Vendor for imaging and collection; (3) produce immediately to Plaintiffs without the opportunity for Ray's review every document from his devices and accounts that hit on any search term previously agreed-upon by the parties; and (4) pay Plaintiffs' reasonable expenses, including attorneys' fees and costs, incurred in prosecuting this Motion.

## BACKGROUND

### I. Ray Played a Significant Role in the Conspiracy

At the time of the Unite the Right rally in Charlottesville, Ray was and continues to be a writer for The Daily Stormer, a white supremacist commentary and message board website named after the Nazi Party's tabloid newspaper, Der Sturmer. The website, which became the most visited hate site on the Internet in 2016, includes sections titled "Jewish Problem" and "Race War," and advocates for, among other things, the genocide of Jewish people.[1] Second Am. Compl. ¶¶ 25, 27, 202, ECF No. 557 ("SAC"). Ray and other associates at the Daily Stormer use the website "as a hardcore front for the conversion of masses into a pro-white, Anti-semitic ideology," to "sell [] global white supremacy," and to "make a racist army." *Id.* ¶ 25.

Through his work with the Daily Stormer, Ray played an important role in promoting and facilitating the events at issue in this case. The Daily Stormer released its own poster promoting the "rally" that read, "UNITE THE RIGHT/ Join Azzmador and the Daily Stormer to end Jewish influence in America," accompanied by a figure wielding a hammer, poised to smash a Jewish star. *Id.* ¶¶ 25, 90. Ray and defaulted defendant Andrew Anglin used the Daily Stormer's website to issue directives to readers ahead of the Unite the Right weekend. In articles titled "Operational Security for Right Wing Rallies" and "Charlottesville: Why You Must Attend and What to Bring and Not to Bring!" "Stormers" were told that they were required to bring tiki torches and should also bring pepper spray, flag poles, flags, and shields. *Id.* ¶¶ 115, 117. The Daily Stormer site was critical not only in the planning stage, but during the events themselves. The Daily Stormer site set up "meet ups" and chat rooms that co-conspirators and attendees used throughout the August 11 and 12 weekend to coordinate their violence. *Id.* ¶ 83. Defendants Anglin and Ray also used

[1] Alexander Zaitchik, *The Brawler*, SOUTHERN POVERTY LAW CENTER (Aug. 5, 2018), https://www.splcenter.org/fighting-hate/intelligence-report/2018/brawler.

the Daily Stormer website to recruit supporters and organize them through the creation of Daily Stormer "Book Clubs."[2] *Id.* ¶¶ 91-92. These clubs have nothing to do with books. Ray has stated that [REDACTED] (Ex. 1 at 3, 2017-07-30 email chain between Ray and [REDACTED] RR0198011.) In Anglin's words, the Stormer Book Clubs (SBCs) are meant to be "a real-life troll army" in a future race war.[3] Ray is credited with energizing and organizing SBCs and helping them become the "on the ground" component of the Daily Stormer website.[4]

Ray's participation went beyond his role as a Daily Stormer contributor. On the Discord server "Southern Front" Ray gave assurances and advice about what to bring and what to avoid bringing to Charlottesville, including, for example, particular helmets he thought Unite the Right ("UTR") participants should wear. (Ex. 2, 2017-08-03 Unicorn Riot ("UR") Discord Leak "Azzmador".) He celebrated having been made an official speaker for the events and posted a meme of Nazis in a car with the caption, "Get in loser, we're invading Charlottesville!" (Ex. 3, 2017-08-07 UR Discord Leak "Azzmador".) On Discord, he posted about violence – "[w]ell I also come barehanded and barefisted, bc officers don't duck lol. But my guys will be ready with lots of nifty equipment" (Ex. 4, 2017-07-23 UR Discord Leak "Azzmador") – and he expressly hoped for a confrontation with African-Americans in Charlottesville: "I'm looking forward to BLM more than antifa. Blacks are the easiest people on Earth to trigger." (Ex. 2, 2017-08-03 UR Discord Leak "Azzmador".) Ray also posted in Discord: "I'll be there gassing these people" and that Unite the Right was "a war, not a party." (Ex. 5, 2017-07-18 Discord post by Ray.)

---

[2] *Daily Stormer Book Clubs (SBC)*, ANTI DEFAMATION LEAGUE, https://www.adl.org/resources/backgrounders/daily-stormer-book-clubs-sbc.
[3] *Id.*
[4] *Id.*

Ray was also a leader on the ground. He came to Charlottesville with a group of white supremacists from Texas.[5] Ray arrived in Charlottesville before the torch-lit march on August 11, 2017, and took part in a planning meeting that day with other Defendants and co-conspirators. *See* SAC ¶ 27. Ray then participated in and livestreamed the events of that weekend for the Stormer site.[6] Throughout the weekend, Ray "liv[ed] up to his reputation."[7] He "led shield-walls into clashes with counter-protesters and initiated loud chants of 'The Jews Will Not Replace Us!'"[8] On August 12, 2017, Ray carried a banner that read "Gas the kikes, race war now!," which he later posted on Daily Stormer's website. SAC ¶ 201. Ray apparently brought his own cameraman to Charlottesville to capture the events, creating arguably the most powerful evidence of what went on that weekend. (Ex. 6, 2017-08-19 Daily Stormer post by Ray entitled "The Battle of Charlottesville Full Video!".) Saturday night, after Defendant James Fields had injured seven of the Plaintiffs in this litigation and killed Heather Heyer by driving his car into a crowd, Ray delivered at an after party a victory speech written by Anglin.[9] Addressing the crowd, Ray said, "[a] day is quickly coming [w]hen it is we who will be digging graves."[10] In a podcast Ray hosts for the Daily Stormer website, "The Krypto Report," Ray aired an episode shortly after the events in Charlottesville and continued celebrating Charlottesville as a great success.[11] Ray stated, "[t]he street battles are symbolic. The important thing is to show that people aren't afraid to leave their

---

[5] *Id.*
[6] Zaitchik, *supra* note 1.
[7] *Id.*
[8] *Id.*
[9] Zaitchik, *supra* note 1.
[10] *Daily Stormer Book Clubs (SBC)*, *supra* note 2.
[11] Zaitchik, *supra* note 1.

house. We're coming out. We outnumber the anti-white filth. [In-real-life] meet-ups grow our movement by showing we're here."[12]

## II. Ray Has Failed to Comply with His Discovery Obligations

Despite having been represented by counsel in this action from December 2017 to October 28, 2019, Mot. to Admit James E. Kolenich Pro Hac Vice, ECF No. 131; Order, ECF No. 583, Ray has failed to comply with even his most basic discovery obligations. Plaintiffs served their First Set of Requests for Production of Documents and their First Set of Interrogatories on Ray in January 2018 generally seeking documents, including e-mails, texts, social media content, and videos, relating to the events at issue in this lawsuit, and identification of devices and accounts used to communicate about the same. Pltfs.' Corrected First Set of Requests for Production, ECF No. 432-1; Pltfs' First Set of Interrogatories, ECF No. 432-2. Ray responded in April 2018 identifying a single email account, one cell phone, and five social media accounts he used to communicate about Unite the Right. Incredibly, however, he swore under oath that he had no responsive documents in his possession. Def. Robert Ray's Responses to Pltfs.' First Interrogatories and Request for Production of Documents, ECF No. 475-2. Around that same time, Ray discussed Plaintiffs' discovery requests in an email chain with "Emily" a/k/a



," saying that (Ex. 7 at 1, 2018-04-26 email from to Ray, RR00195952.)

[12] *Id.*

The disparaging attitude Ray exhibited in April 2018 toward this litigation has not changed over the course of discovery. After receiving Ray's deficient discovery responses, Plaintiffs engaged in months of correspondence and motion practice regarding the inadequacies of Ray's responses. In October 2018, Ray's counsel attempted to withdraw from the case. ECF No. 357. When that motion was denied, Ray's counsel opposed Plaintiffs' motion to compel imaging of Ray's devices and social media accounts. ECF Nos. 364, 367. Shortly thereafter, the Court granted Plaintiffs' Motion to Compel Defendants to Permit Inspection and Imaging of Electronic Devices. ECF No. 379 ("Nov. 13 Order"). The Court ordered Ray and other Defendants to identify electronic devices and social-media accounts containing potentially relevant documents and to provide relevant devices and account credentials to the Vendor. ECF No. 383 (the "Imaging Order"). While the deadlines in the Imaging Order came and went, Ray failed to complete the Certification called for by the Imaging Order or to provide his electronic devices and social media accounts and credentials to the Vendor.

When Ray eventually provided the Certification, he disclosed as the devices and accounts with potentially relevant documents one cell phone, two computers, and four social media accounts in addition to his Discord account. (Ex. 8, Ray ESI Certification.) Ray has since provided to the Vendor one cell phone, one of his two computers, and credentials to a single email account. According to the vendor, Ray claimed not to remember his credentials for any other account, and the vendor has never received Ray's second computer. (Ex. 9, excerpt of 2020-02-25 Vendor report regarding Ray's accounts and devices ("Vendor Report").) In total, along with the computer Ray has refused to provide, he continues to withhold credentials from a Gab account, his Krypto Report podcast, one or more Twitter accounts and/or handles, and the Daily Stormer website, and has failed to produce videos and photos of the Unite the Right events.

Although certain parts of Ray's accounts and websites are public, some key postings by Ray have been conspicuously removed or deleted. For example:

- An August 3, 2017, episode of The Krypto Report, posted on the Daily Stormer website, wherein Ray apparently discusses "[t]he upcoming Unite the Right event in Charlottesville" along with "the Commander of [Defendant] Vanguard America" has been made inaccessible to the public. (*See* Ex. 10, 2017-08-03 The Krypto Report – Episode XXI: To Leave Something Behind (Charlottesville is Coming!).)
- A post on the Daily Stormer website from August 19, 2017, by Ray entitled, "The Battle of Charlottesville FULL VIDEO," which consists of three videos "from the viewpoint of [Ray's] cameraman's livestream," labeled by Ray as "the entire Unite the Right event, aka The Battle of Charlottesville. . ." and "[u]ncut video from the ground, everything the Judenpresse won't show you[,]" is now inaccessible to the public. (*See* Ex. 6 at 1, 19, 2017-08-19 Daily Stormer post by Ray entitled "The Battle of Charlottesville Full Video!")
- A video posted by Ray to the Daily Stormer website on August 31, 2017, that purports to capture the violence that took place on August 11, 2017, has been rendered unavailable. Although the video itself is inaccessible, Ray captions the video as follows: "As you can see . . . we went through them like shit through a goose!" (*See* Ex. 11 at 5, 2017-08-31 Daily Stormer post by Ray entitled "The Road to Charlottesville and the Shuttening".)

Ray has not produced any of these highly relevant videos, and Plaintiffs are unable to access them from any other source. Moreover, Plaintiffs have uncovered evidence that Ray likely has additional photos and videos of the events August 11-12, 2017. Ray actively solicited and received files from [REDACTED] regarding that weekend, which he has also failed to produce to Plaintiffs. (Ex. 12, 2018-04-2017 email notification of WeTransfer files from FireRize, RR00191687; 2018-04-13 email chain between Ray and [REDACTED], RR00196123.)

**III. Ray Continues to Withhold Devices and Account Credentials**

Ray has refused to take seriously his obligation to participate in discovery in good faith and instead has actively resisted disclosing devices and accounts with potentially responsive information. On March 1, 2019, the Court ordered that all devices and social media account credentials be provided to the vendor by Friday, March 8, 2019. Mar. 1, 2019 Hr'g Tr. 18-19, ECF No. 441. On March 18, 2019, ten days after the Court's deadline for turning over all devices and account credentials, Plaintiffs wrote to the Court again, stating, in pertinent part, "Defendant

Ray has not provided one of his laptops or full credentials for three social media accounts: Gab.ai, Krypto Report (a podcast), and the comment section of the Dailystormer website, stating that he 'does not remember' either certain usernames or passwords associated with those accounts." (Ex. 13, 2019-03-18 email from M. Bloch to Judge Hoppe and others.) At the Court conference that afternoon, Ray's counsel made the following representations with respect to the each of the items in question:

> The ESI vendor is aware of why Mr. Ray's laptop -- you know, he uses that for work, so when he gets the first one back, he will send the second one in, you know, when he has a day that he cannot do his particular line of work. This Gab, Kyrpto [*sic*] Report stuff, he doesn't have those pass codes. That's old stuff. He has the current Kyrpto [*sic*] Report password, so I'm not sure why they're saying that he hasn't provided that. And as far as the comment section for the Daily Stormer website, I don't understand that. You know, the ESI vendor did say that, that he said "does not remember." But that can't be accurate, because that's a thing that he uses currently with his job. So I'll run down why the ESI vendor is saying that. I have a call scheduled with them tomorrow, and we'll see -- you know, we'll get that squared away.

Mar. 18, 2019 Hr'g Tr. 12-13, ECF No. 455.

Mr. Kolenich later added, "***[i]t can't be right that he doesn't have Daily Stormer pass codes*** for the media. The comment section, ***that's something he uses on a daily basis.*** That can't be accurate information." *Id.* at 13 (emphasis added). Notwithstanding Ray's assertion, relayed through his attorney, that he was simply awaiting the return of his first computer before sending in his second computer, Ray in fact had received his first computer back from the Vendor days before that excuse was given to the Court. (Ex. 14, 2020-02-28 email from K. Kim to K. Cheng and J. Phillips regarding FedEx tracking.) More recently, Ray claimed to have sent the Vendor his second computer in spring 2019, but the Vendor never received that device. (ECF No. 604-1 at 5, Oct. 18, 2019 email from M. Bloch.) Ray has provided no tracking information or further data on his alleged effort to send in the second computer.

Over the last 11 months, none of these issues has been "squared away." To the contrary, while Ray made one small production of documents on September 20, 2019, Ray has still failed to send his second laptop to the Vendor and has failed to provide credentials for any of the five social media accounts he disclosed. Plaintiffs noted these issues in an October 18, 2019, email to the Court, ECF No. 604-1, and they were addressed in a telephonic hearing the same day, Hr'g Tr. at 51-52, ECF No. 581. After the hearing, the Court ordered all Defendants, including Ray, to determine what specific additional information the Vendor would need to access social media accounts and devices within seven days and to turn over last known credentials for social media accounts within fourteen days, "regardless of whether the Defendant currently has access to the platform or whether an account is active, inactive, or inaccessible." Order at 2, ECF No. 582. Ray has made no effort over the last five months to comply with this Order. And the Vendor is still missing Ray's second laptop and account credentials, notwithstanding the fact that Ray still actively uses some of these accounts. Indeed, Ray has continued to appear regularly on the Krypto Report podcast – at least as recently as February 6, 2020 – while simultaneously denying Plaintiffs access to its responsive and highly relevant content. (Ex. 15, 2020-02-06 Daily Stormer post by Ray.) Ray's continued refusal to turn over these devices and account credentials leaves swaths of potentially responsive evidence entirely undiscovered.

**IV. Ray Has Entirely Failed to Disclose Other Relevant Devices and Accounts**

Plaintiffs have also discovered from documents in his own production and from other Defendants' documents that Ray has several additional devices and accounts that he never disclosed to Plaintiffs in his discovery responses or ESI Certification:

- A second cellphone that Ray told Defendant Cantwell to use on August 12, 2017. (Ex. 16, 2017-08-12 email between Ray and Cantwell, RR00200859.)

- A Skype account used regularly in 2017. (Ex. 17, 2017-02-16 email from Ray to [REDACTED] RR00201027.)
- Two additional Twitter handles used to communicate with Defendant Nathan Damigo. (Ex. 18, Twitter notifications from Ray to Damigo, ND00039368, ND00036752.)

These devices and accounts are highly likely to contain responsive information. Ray appears to have been using this second cellphone ***on the day of the Unite the Right rally*** to communicate with another Defendant about the rally. (Ex. 16, 2017-08-12 email between Ray and Cantwell, RR00200859.) The fact that Ray has admitted that, in 2017, his Skype account was [REDACTED] [REDACTED] him and he [REDACTED] makes his Skype account likely to contain responsive evidence that is not in his email account. (Ex. 17, 2017-02-16 email from Ray to [REDACTED] RR00201027.) Ray also used the two undisclosed Twitter handles or accounts to correspond directly with at least one other Defendant in this case. (Ex. 18, Twitter notifications from Ray to Damigo, ND00039368, ND00036752.) Yet Ray did not disclose any of these devices or accounts to Plaintiffs as required by the Court's discovery orders, much less turn them over to the Vendor for imaging and processing. (Ex. 9, Vendor Report.)

**LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party is entitled to request that another party provide "any designated documents or electronically stored information" that is in the producing party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). "As long as the party has the legal right or ability to obtain the documents from

another source on demand, that party is deemed to have 'control.'" *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000).

A "party is obligated to make a reasonable effort to search for and produce documents responsive to the opposing party's document requests." *Moore v. Napolitano*, 723 F. Supp. 2d 167, 173 (D.D.C. 2010). Attorneys must make a "reasonable effort to assure that [their] client has provided all the information and documents responsive to the discovery demand." *Poole*, 192 F.R.D. at 503; *see also Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. 11-cv-04001-RS (KAW), 2013 WL 4511925, at *2 (N.D. Cal. Aug. 23, 2013) ("[A]ttorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search." (citation and internal quotation marks omitted)).

## ARGUMENT

### I. Ray Should Be Compelled to Produce Electronic Devices, Social Media Accounts, and Documents Responsive to Plaintiffs' Discovery Requests.

Under the Federal Rules, Plaintiffs are entitled to discovery into all non-privileged documents relevant to their claims and within Ray's control. Fed. R. Civ. P. 26(b)(1), 34(a)(1); *Poole*, 192 F.R.D. at 503. Defendants, including Ray, are required to "make a reasonable effort to search for and produce" such documents. *Moore*, 723 F. Supp. 2d at 173. Discovery may be compelled when a party has not been forthcoming and has failed to conduct a reasonable search. *See Selee Corp. v. McDanel Advanced Ceramic Techs., LLC*, No. 1:15-CV-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) (granting motion to compel keyword search of electronic data where the defendant had not attempted to locate certain responsive documents in its possession); *SMB Consulting & Investing, LLC v. Apple Valley Waste Serv., Inc.*, No. 3:11-CV-70, 2012 WL 13019007, at *1–3 (N.D.W. Va. Sept. 25, 2012) (granting motion to compel and permitting forensic investigation of devices where the defendant had failed to comply with an

earlier discovery order); *see also Hosch v. BAE Sys. Info. Sols., Inc.*, No. 1:13-CV-00825 AJT, 2014 WL 1681694, at *6 (E.D. Va. Apr. 24, 2014) (noting that multiple discovery orders compelling discovery, including submission of electronic devices for inspection, had been disobeyed in granting sanctions).

The Court has repeatedly ordered all Defendants, including Ray, to disclose and produce all electronic devices and email and social media accounts containing potentially relevant documents so that the Vendor can image those devices and accounts and collect responsive documents for production to Plaintiffs. *See, e.g.*, ECF Nos. 379, 383, 582. However, instead of complying with those multiple orders and his obligations under the Federal Rules, Ray has withheld and steadfastly refused to produce or provide to the Vendor numerous devices and accounts that are non-privileged, undoubtedly relevant to Plaintiffs' claims, and highly likely to contain responsive materials. These include but are not limited to Ray's second laptop and five social media accounts listed on Ray's ESI Certification. (Ex. 8, Ray ESI Certification; Ex. 9, Vendor Report.) The Vendor returned Ray's first computer to him on March 14, 2019, (Ex. 14, 2020-02-28 email from K. Kim to K. Cheng and J. Phillips regarding FedEx tracking), but Ray has failed to provide his second laptop to the vendor. Nor has Ray explained why he is unable to provide account credentials for The Krypto Report when he continues to actively post on that site to this day. (Ex. 15, 2020-02-06 Daily Stormer post by Ray.) Ray also has not produced photo and video evidence of the Unite the Right rally that have now been suspiciously removed from the Daily Stormer website. (Ex. 6, 2017-08-19 Daily Stormer post by Ray entitled "The Battle of Charlottesville Full Video!")

In addition, Ray entirely failed to disclose additional devices and accounts he used to communicate with other Defendants in this case. That includes an undisclosed second cellphone

that Ray used to communicate with Cantwell on the day of Unite the Right itself, as well as a Skype account that Ray admitted [redacted] in 2017. (Ex. 16, 2017-08-12 email between Ray and Cantwell, RR00200859; Ex. 17, 2017-02-16 email from Ray to [redacted] RR00201027.) Ray also failed to disclose two additional Twitter handles or accounts that he used to correspond directly with Defendant Damigo. (Ex. 18, Twitter notifications from Ray to Damigo, ND00039368, ND00036752.) That the date for production of all documents has passed without disclosure of Ray's second cellphone or Skype account seriously calls into question the credibility of Ray's disclosures and what else may yet be missing.

It is thus apparent Ray has not satisfied his discovery obligations in this case. Ray is required to "make a reasonable effort to search for and produce" responsive documents. *Moore*, 723 F. Supp. 2d at 173. Regardless of the single small production made to date, he has failed to do so. Indeed, many of Ray's devices and accounts that are likely to have relevant information remain unsearched, depriving Plaintiffs of access to key evidence in this case. The Court should therefore compel Ray to produce to the Vendor for imaging and collection all electronic devices in his possession that may contain responsive material, including Ray's second laptop and undisclosed second cellphone. The Court should also compel Ray to produce to the Vendor the credentials for all social media credentials in his possession, including the credentials for each of the five social media accounts that he has disclosed, his Skype account, and the two additional Twitter accounts. Finally, the Court should order Ray to pay Plaintiffs' reasonable expenses, including attorneys' fees and costs, incurred in prosecuting this Motion. *See* Fed. R. Civ. P. 37(a).

**CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court compel Ray to:

1. Produce his second laptop, second cellphone, and any other electronic devices within his possession to the Vendor for imaging and collection.

2. Disclose his Daily Stormer, Krypto Report, Skype, Gab.ai, Twitter, and any other social media accounts and credentials within his possession to the Vendor for imaging and collection.

3. Produce immediately to Plaintiffs without the opportunity for Ray's review every document from his devices and accounts that hits on any search term agreed-upon by the parties.

4. Pay Plaintiffs' reasonable expenses, including attorneys' fees and costs, incurred in prosecuting this Motion.

Dated: March 11, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin B. Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on March 11, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*