# EXHIBIT 30

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE,

                    Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSLEY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                    Defendants.

Civil Action No. 3:17-cv-00072-NKM

## PLAINTIFFS' SECOND SET OF INTERROGATORIES
## TO ALL NON-DEFAULTED ENTITY DEFENDANTS



EXHIBIT
Col u(c) 14
JF 12\10\19

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, hereby request that each of the Non-Defaulted Entity Defendants, as that term is defined below, answer under oath the Interrogatories set forth below within the time specified in Rule 33, unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

## DEFINITIONS

In each Definition, the singular shall include the plural and the plural shall include the singular. Terms used herein shall have the following meanings:

1.      "Advertise" means, in addition to its customary and usual meaning, to Communicate in any manner designed to encourage any behavior such as attendance, including but not limited to posting a message, poster, billboard, banner, flyer, article or other Document in any public place, whether online or in any physical space (an "Advertisement").

2.      "Affiliate," in addition to its customary and usual meaning, means to associate with, connect to, relate to, partner with, ally with, identify with, share with, derive from, be a member of, or be a participant of.

3.      "Amended Complaint" means the amended complaint filed in the above-captioned litigation as ECF docket entry number 175.

4.      "Communication" or "to Communicate" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby

1

information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media postings, gaming consoles or platforms, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of correspondence, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media.  Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of Communication.

5.      "Concerning" means, in addition to its customary and usual meaning, alluding to, confirming, constituting, comprising, containing, commenting upon, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and/or summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to in the Interrogatory.

6.      "Contact" means, in addition to its customary and usual meaning, to meet, touch, or Communicate with another person in any manner (written, verbal, or non-verbal), including in person, on the telephone or mobile device, or online, whether or not You personally exchanged words with the other person or whether you used an intermediary.

7.    "Criminal Proceeding" means, without limitation, any federal or state action involving an infraction, violation, misdemeanor, felony, or other offense.

8.    "Describe in Detail" means, in addition to its customary and usual meaning, to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific Interrogatory.

9.    "Document" or "Documents" means documents broadly defined in FRCP Rule 34, and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, handwritten notes, notebooks, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, Advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, or any other use of Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electronically, or photographically.  Without limiting the foregoing in any way, every Communication is also a Document.

10.    "Events" means the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

11.    "Government Official" means, in addition to its customary and usual meaning, any employee, agent, representative, or member, of any governmental agency, body, or office,

3

whether local, municipal, state or federal, including but not limited to any elected official and his or her representatives or designees.

12.   "Include" or "Including" means include or including but not limited to.

13.   "Law Enforcement" means, in addition to its customary and usual meaning, any police officer, detective, employee, security officer, prosecutor or any other representative or agent of any private, municipal, local, state, federal or university police or security department.

14.   "Member" means, in addition to its customary and usual meaning, any official or unofficial individual, person, entity, group, participant, partner, part, organ, contributor, affiliate, associate, constituent, comrade, compatriot, auxiliary, adjunct, accessory, companion, assistant, co-worker, collaborator, cooperator, and colleague.

15.   "Non-Defaulted Entity Defendants" means any of Defendants in the above-captioned matter who are not natural persons, and have not been defaulted in this case, including Vanguard America; Identity Evropa; Traditionalist Worker Party; League of the South; National Socialist Movement; Nationalist Front.

16.   "Promotional Material" means, in addition to its customary and usual meaning, any Document that Advertises, promotes, or encourages any sort of behavior, such as attendance at an event.

17.   "School Official" means, in addition to its customary and usual meaning, any employee, agent, or representative of any school or university, at any level of education, whether public or private, including but not limited to any employee, agent, or representative of the University of Virginia.

18.   "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, Communicate concerning, or comment upon any

information, ideas, or opinions, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are Social Media platforms: comment sections of websites, Facebook, Discord, Gab, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, YouTube, VK (also known as VKontakte or ВКонтáкте), Stormfront, Minds, WrongThink, Voat, BitChute, PewTube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, Telegram, or Skype. Without limiting the foregoing in any manner, and by way of example only, the following are methods of using Social Media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

19.    "Unite the Right" means the events described in Paragraphs 133 to 254 of the Amended Complaint, namely the marches, protests, demonstrations, rallies, gatherings, associations, meetings, congregations, celebrations, conventions, and assemblies that occurred the weekend of August 11, 2017 through August 12, 2017 in Charlottesville, Virginia.

20.    "You," "Your," "Yours," "Defendant," and "Defendants" refer to the Defendants in the above-captioned matter and include any persons or entities acting for them or on their behalf, including but not limited to all representatives, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, and attorneys, as well as any entities over which any of the Defendants have control.

21.    Any other term used in these Interrogatories shall be given its broadest meaning(s), as defined in accordance with standard American use or as shown in a dictionary of the English language.

## INSTRUCTIONS

A.    Where an Interrogatory requests knowledge or information, such Interrogatory encompasses knowledge and information in your possession, custody, or control, or in the

possession, custody, or control of your staff, agents, employees, representatives, and, unless privileged, attorneys, or any other person who has possession, custody, or control of your proprietary knowledge or information.

      B.     When the term "identify" is used in these Interrogatories, please supply the following information:

         i.     when used in reference to a natural person, state the person's full name, present or last known business and residential addresses, present or last known telephone numbers or other contact information, and present or last known employment position or business affiliation;

        ii.     when used in reference to any person who is not a natural person, state the full name, present or last known address, and present or last known telephone number or other contact information;

        iii.     when used in reference to an object, state the nature, type, and location of the object and identify the person (natural or non-natural) who has custody or control over the object.

      C.     If, in responding to any of the following Interrogatories, you encounter any ambiguity or confusion in construing either an Interrogatory or a Definition or Instruction relevant to an Interrogatory, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Interrogatory using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Interrogatory.

      D.     References to any natural person shall be deemed to include that natural person's agents, representatives, current and former employees, and successors.

E.     References to any non-natural person (e.g., corporation, partnership, entity, membership organizations) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, employees, assigns, attorneys, and agents of any of them.

F.     The use of the singular form of any word includes the plural and vice versa.

G.     The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope.  Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

H.     The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

I.     The term "each" means "each, any, or all" as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J.     The obligation to respond to these Interrogatories is continuing in nature and requires further response if additional information is obtained or located by you after the time of your initial answer.

K.     If you believe that an Interrogatory calls for production of a Document or Communication, or requires disclosure of information, claimed by You to be protected by

7

privilege or as attorney work product, or subject to non-disclosure on any other basis, furnish a list identifying the Documents, Communications, or information for which the protection is claimed together with the following (if applicable): the type of Document or Communication; the date or dates of the Document or Communication; the name, position, and address of each person who participated in the Document or Communication, to whom the Document or Communication was addressed, or to whom the Document or Communication or the contents thereof have been Communicated by any means; the general subject matter of the Document, Communication, or information; the specific basis for nonproduction or non-disclosure; and a description that you contend is adequate to support your contention that the Document, Communication, or information may be withheld from production and/or disclosure. If a Document or Communication is withheld on the ground of attorney work product, also specify whether the Document or Communication was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based.

L.      If the answer to all or part of an Interrogatory is that you lack knowledge of the requested information, set forth such remaining information as is known to you and describe all efforts made by you or by your attorneys, accountants, agents, representatives, or experts, or by any professional employed or retained by you, to obtain the information necessary to answer the interrogatory. If any approximation can reasonably be made in place of unknown information, also set forth your best estimate or approximation, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate or approximation is made.

M.      In answering each Interrogatory, you shall identify each Document relied upon that forms the basis for your answer or in any way corroborates your answer or the substance of your answer.

N.     A response identifying Documents falling within the scope of these Interrogatories shall state that the Documents have or will be produced, unless the Interrogatory is objected to, in which event the reasons for objection shall be specifically stated.

O.     To the extent you object to any of the following Interrogatories, state each ground for your objection in detail. If you consider only a portion of the Interrogatory objectionable, respond to the remainder of the Interrogatory, and separately state the part of each Interrogatory to which you object and specify in detail the grounds for each objection.

## INTERROGATORIES

1.     Describe in Detail the structure of Your organization as it existed between January 2017 and January 2018, including but not limited to: (a) each level, group, division, sub-division, unit, branch, or segment  (whether formal or informal); (b) the titles, roles and responsibilities of each position (whether formal or informal) associated with each level, group, division, sub-division, unit, branch or segment; (c) the hierarchy, relationships, and ranks of each level, group, division, sub-division, unit, branch or segment relative to each other; (d)  the hierarchy, relationship and ranks of each position within and across such groups, divisions, sub-divisions, units, branches or segments and (e) the name(s) of every person who occupied each position from January 2017 to January 2018.

2.     Describe in Detail the core values, beliefs, and mission of Your organization, and any manner in which Your organization expresses, Communicates, or promotes those core values, beliefs and mission.

3.     Describe in Detail the process by which an individual becomes a Member of Your organization, including but not limited to any pre-requisites or requirements, conditions of

membership, application process, investigation or vetting process, decision or approval process, initiation procedures, or rituals.

4.      Identify each Member of Your organization who participated in any aspect of planning or organizing in advance of the Unite the Right rally, and Describe in Detail the nature of the planning or organizing in which each such Member participated.

5.      Identify each Member of Your organization who attended the Unite the Right rally.

6.      Identify each method of communication used by Members of Your organization from January 2017 to January 2018 to Communicate with each other, including but not limited to text-message communications, email communications, telephone conversations, in-person communications, communications on Discord, communications on Gab, communications on Facebook, communications on What's App, etc.

7.      Identify and Describe in Detail each Contact or Communication of any kind you had with each one of the other Defendants between January 2017 and August 12, 2017, including for each Contact or Communication, the nature or content of the Contact or Communication, the method of Contact or Communication used, where and when the Contact or Communication took place, and anyone else who participated in the Contact or Communication.

8.      Identify all expenses You incurred in planning, organizing, or attending the Unite the Right rally and the sources of funding and method of payment used to satisfy those expenses.

9.      Identify and Describe in Detail each case in which You were charged in a Criminal Proceeding that resulted in a conviction, whether state or federal, including for each such case: the full title of the action, court, docket number, a description of the allegations, the disposition, and sentence.

10.     Identify each legal matter, whether federal, state, criminal, civil, administrative, or otherwise, concerning the Events in which You have participated as a party or a witness, including but not limited to giving any testimony (written or verbal) in depositions, hearings, trials, or any other legal proceeding.

11.     Describe in Detail any Advertisement or Promotional Material You displayed or posted whether online or otherwise, in which You Advertised or promoted the Unite the Right rally, including where, when, how, and for what period of time you displayed or posted such Advertising or Promotional Material and the content of such Advertisement or Promotional Material.

12.     Identify each Communication concerning the Events that You had with each member of Law Enforcement, whether before, after, or during the Events, including the name of the member of Law Enforcement, when, where, and how each Communication took place, and the nature or content of each Communication.

13.     Identify each Communication concerning the Events that You had with any Government Official, whether before, after, or during the Events, including the name of the Government Official, when, where, and how each Communication took place, and the nature or content of each Communication.

14.     Identify each Communication concerning the Events that You had with any School Official, whether before, after, or during the Events, including the name of the School Official, when, where, and how each Communication took place, and the nature or content of each Communication.

11

Dated:  October 29, 2019

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Of Counsel:

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
jphillips@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New
York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
Erin Ashwell (VSB 79538)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

13