CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/19/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ELIZABETH SINES, *et al.*,

        *Plaintiffs*,

v.

JASON KESSLER, *et al.*,

        *Defendants.*

CASE NO. 3:17-cv-00072

ORDER

JUDGE NORMAN K. MOON

    This matter is before the Court on Defendant Matthew Heimbach's Motion to Dismiss the First Amended Complaint ("Second Motion to Dismiss"), which Heimbach had filed in July 2019, proceeding pro se. Dkt. 520.

    On January 26, 2018, Heimbach—who was then represented by counsel—was among those defendants who moved to dismiss Plaintiffs' claims ("First Motion to Dismiss") in the First Amended Complaint. Dkt. 205, 206; *see also* Dkt. 201–09, 212–13. That was the Court-ordered deadline further stipulated to by the parties, to file a motion to dismiss to Plaintiffs' First Amended Complaint. Dkt. 186–87. In July 2018, the Court issued an opinion denying the First Motion to Dismiss and other then-pending motions to dismiss in substantial part. Dkt. 335–36. The Court considered Plaintiffs' allegations against Heimbach and ruled that Plaintiffs "plausibly allege[d]" that Heimbach had "joined the conspiracy to commit racial violence." Dkt. 335 at 35. The Court further ruled that "the First Amendment does not prevent the imposition of liability for the acts of violence alleged here." *Id.* Plaintiffs' case proceeded against Heimbach and the other defendants. Thereafter, while he was still represented by counsel, Heimbach answered the First Amended Complaint. Dkt. 343.

1

Plaintiffs recount in their opposition brief that Heimbach fired his attorneys and failed to participate in discovery or for the first half of 2019. Dkt. 521 at 7–8. Only then—approximately 18 months after the deadline to file any motion to dismiss the First Amended Complaint—Heimbach filed his Second Motion to Dismiss. Dkt. 520. Heimbach has raised arguments in his Second Motion to Dismiss that the Court already ruled in its July 2018 memorandum opinion. Heimbach argued that the First Amended Complaint includes insufficient allegations against him to state a plausible claim to relief, and that his actions were protected by the First Amendment. *See, e.g.*, Dkt. 520 at 1, 4, 12.

Because the Court has since afforded Plaintiffs leave to amend their complaint and to file the operative Second Amended Complaint (Dkt. 557), the Court will **DENY as moot** Heimbach's untimely Second Motion to Dismiss the First Amended Complaint (Dkt. 520)**,** *without prejudice*. Plaintiffs' request for attorneys' fees specifically for responding to Heimbach's Second Motion to Dismiss will be **DENIED**, *without prejudice* to any other request for fees or sanctions arising from Heimbach's litigation conduct besides filing the Second Motion to Dismiss.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this   19th   day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE