UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE

          Plaintiffs,

v.                                         Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES ALEX
FIELDS, JR., VANGUARD AMERICA,
ANDREW ANGLIN, MOONBASE
HOLDINGS, LLC, ROBERT "AZZMADOR"
RAY, NATHAN DAMIGO, ELLIOTT
KLINE a/k/a ELI MOSELEY, IDENTITY
EVROPA, MATTHEW HEIMBACH, MATTHEW
PARROTT a/k/a DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS, LEAGUE
OF THE SOUTH, JEFF SCHOEP, NATIONAL
SOCIALIST MOVEMENT, NATIONALIST
FRONT, AUGUSTUS SOL INVICTUS,
FRATERNAL ORDER OF THE ALT-KNIGHTS,
MICHAEL "ENOCH" PEINOVICH, LOYAL
WHITE KNIGHTS OF THE KU KLUX KLAN,
and EAST COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF THE
TRUE INVISIBLE EMPIRE,

          Defendants.

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT JAMES FIELDS

COMES NOW JAMES ALEX FIELDS, by and through Counsel, and for his brief in opposition for Plaintiff's motion to compel and for sanctions states as follows:

## INTRODUCTION

Given his limitations as a result of incarceration since August 12, 2017, Fields has complied with his discovery obligations and provided all discoverable information in his possession, custody or control. Plaintiffs' motion is replete with misstatements and unfair characterizations even of the attached exhibits. At no time during any of the telephonic discovery hearings at which Fields appeared via counsel was Fields compliance ever addressed with the Court. Because Fields has substantially and fairly complied with the discovery – with the possible and inadvertent exception of destroying some Christmas cards received while incarcerated – this Court should deny Plaintiffs' motion to compel and for sanctions.

## **FIELDS DISCOVERY RESPONSES**

Fields timely provided Initial Disclosures pursuant to Rule 26(a)(1), which was based on all information provided to counsel via multiple face to face meetings. Fields timely answered Plaintiff's First and Second Interrogatories and Requests for Production of Documents including an offer to provide copies of all documents in counsel's possession which consisted of website and blog postings obtained via Google searches for various search terms related to Fields and events leading up to and including August 12, 2017. *See* Exhibit C to Plaintiff's Motion to Compel response to RFP No. 1 at page 4. At no time did Plaintiff's counsel request copies of these publicly available documents in writing. In more recent telephone conversations, Fields again offered to provide copies of these publicly available documents. Plaintiff's counsel declined this request. Plaintiff's counsel then complains that they have received no document production and that Fields refuses to produce publicly available documents.

As this Court is aware, Fields was arrested on August 12, 2017, and has been state or federal custody since that date with no access to any electronic devices. As this Court is likely aware, Fields cellular phone was seized on August 12, 2017. Later that day, FBI agents seized Fields' desktop computer in Ohio. These are the only electronic devices that could fall within the purview of this Court's electronic discovery Order on January 10, 2018. By the time this case filed and Fields had civil counsel – in November of 2017 – Fields had been in custody and without access to any electronic devices for three months. Plaintiff's First Requests for Production of Documents

did not include any requests for passwords, only usernames. Fields provided all responsive information he recalled. It is certainly possible that Fields had other electronic accounts that he did not recall. Unlike most other Defendants, Fields immediately became unable to access any electronic device or log in to his accounts. This increases the likelihood that his recollection of such accounts would fade.

Fields does not have access to, custody of, or control over these devices. As such, it is inappropriate to compel or sanction him for information he cannot obtain. Fields is not withholding any documents, as none of these documents are within his care, custody, or control. With the exception of a binder of news articles, posts, etc. obtained via Google searches, and the Heaphy Report, Fields is not in possession of any responsive material. He has timely responded to all discovery and provided as much information as he can with no access to his electronic devices or accounts.

## **REQUEST TO RULE ON DISCOVERY OBJECTIONS AND COMPLIANCE WITH DISCOVERY ORDERS**

In part, Plaintiff's motion to compel and sanction, now asks this Court to rule on discovery objections made years ago and at the same time sanction Fields after party discovery has closed. Notably, during the multiple telephonic hearings this Court has held to address allegedly recalcitrant Defendants, Fields has never been mentioned. Until now, no motions to compel included any discussion of Fields' alleged discovery shortcomings. Despite this, Plaintiffs' counsel now take the position that Fields was ordered by this Court's discovery Orders to take actions that are impossible for him to take due to his incarceration and to perform other acts that were never discussed as to Fields. Further, until counsel's communication of November 20, 2019, correspondence, Fields was unaware that Plaintiffs' counsel deemed him non-compliant with any discovery or Order regarding the provision of account information or passwords. Fields' position has been consistent throughout, and we have communicated with opposing counsel as to any perceived shortcomings.

in any of the telephonic hearings, Fields ask this Court to specify what portions of the Orders he must comply with and provide a short, additional period of time within which to comply. Fields is not in any way attempting to avoid, obviate, or delay discovery in this case. The heart of this dispute is whether Fields has access to these documents – as Plaintiffs' claim – or not. In viewing the discovery response as a whole, Fields ask that this Court determine he has not violated any discovery order and to deny the motion for sanctions.

## FIELDS' CRIMINAL CASE FILES

Plaintiffs are aware that Fields maintains he has no access to the criminal case files. Plaintiffs issued subpoenas to Fields' criminal counsel and learned Fields' criminal counsel feels the same. This Court has motions to quash filed by both his state and federal criminal counsel. See Documents Numbers 647 and 648. To counsel's knowledge, these motions have not been ruled on. The motions are consistent with the information provided to Fields upon requesting any non-privileged file materials that might be responsive to discovery in the civil case. Fields does not have access to those documents. As with production of the electronic devices, Fields should not be compelled to do something he cannot do.

## COMMUNICATION ISSUES WITH FIELDS

When this litigation began, Fields was incarcerated in Charlottesville, Virginia in custody of the Commonwealth of Virginia. Fields believed he was in compliance with all discovery and all Orders in this case at the time prior discovery answers were provided. When Plaintiffs' counsel took the position that all prior discovery Orders applied to Fields – despite his apparent exception beginning with this Courts ruling on the electronic devices and Plaintiffs never raising any perceived shortcomings at any other telephonic hearings – undersigned counsel attempted to communicate with Fields. At this time, undersigned counsel had temporary problems communicating with his client. Admittedly, this was exacerbated by counsel's unfamiliarity with

the federal prison system. I was provided a bureau of prisons contact who was initially unresponsive to repeated calls and emails. This temporary communication problem has been remedied. And as noted in the February 5, 2020, correspondence to Plaintiffs' counsel, we have provided all information known to Fields and produced all documents in his care custody or control.

## ALLEGED DESTRUCTION OF CRITICAL EVIDENCE

Plaintiffs' motion misstates the nature of the mail Fields received in prison as well his destruction. As noted in Exhibit F, Fields did receive Christmas cards from Vanguard America after the Rally and during his incarceration. This is all of the correspondence he received from any co-Defendant in this matter. As all communication was received while he was incarcerated, none of the "destroyed" mail could have been planning documents. Fields threw away a couple of Christmas cards. This hardly rises to the level of spoliation of evidence, much less one so severe it would mandate sanctions.

Plaintiffs motion claims that Fields receipt of Christmas cards "belie the sworn statements" of Vanguard America leaders testifying unequivocally that they never communicated with Fields. Fields does not have the Christmas cards, and receipt of Christmas cards from an organization does not prove the Christmas cards came from a particular individual.

Based on memory, the overwhelming majority of the remaining correspondence Fields received regarding the events of August 12, 2017, can fairly be characterized as "hate mail." Fields should not be penalized for inadvertently discarding such one-way correspondence or failing to realize Plaintiffs may take the position this was discoverable material. Fields does recall receiving a small number of supporting letters towards the beginning of his incarceration. However, he did not know any of the people who wrote him those letters and did not respond.

As for the allegation that the spoliation (receipt of Christmas cards) "disproved his representation that he never communicated with Vanguard America", Fields admits that he communicated verbally with members of Vanguard America in Charlottesville, Virginia on August 12, 2017. *See* Motion at Page 13.

Plaintiffs argue that Fields receipt of two Christmas cards would "establish Fields communicated, had a relationship, and associated with Vanguard America." See Motion at Page 20. Any juror with common sense would infer nothing of the sort.

Should the Court deem Fields actions are spoliation of evidence, any jury instruction should clearly indicate all the correspondence, with the exception of Vanguard America Christmas cards, was unsolicited jailhouse mail received by Fields from individuals he did not know.

## PLAINTIFFS' PROPOSED RELEIF ASKS THIS COURT TO INSTRUCT THE JURY WITH FACTUALLY INACCURATE INFORMATION

Despite submitting exhibits containing sworn testimony of two witnesses who testified they did not know Fields and had never spoken to him, Plaintiffs ask this Court to "instruct the jury…Fields chose to withhold and destroy such documents and information because they contained evidence that Fields conspired to plan racially-motivated violence at the Rally." *See* Pltf. Motion at 2. This is wholly inappropriate in light of the exhibits as well as much additional deposition testimony, which counsel for Plaintiffs' elicited, from other planners of the Rally who without exception testify they never met or heard of Fields prior August 12, 2017. Further, all counsel in this case is likely aware that the FBI investigation and the Commonwealth of Virginia criminal investigation revealed no evidence of any planning among Fields and any co-Defendant as demonstrated by testimony at Fields' criminal trial in Charlottesville Circuit Court. It will be demonstrably evident at trial that Fields was an attendee of the Rally and nothing more. Yet Plaintiffs' counsel asks this Court to instruct the jury to the contrary.

WHEREFORE, for the foregoing reasons, Defendant Fields, by counsel, prays that this Court enter an Order denying Plaintiffs' Motion to Compel and Motion for Sanctions and denying the Request for Attorney's Fees.

Respectfully submitted,

JAMES ALEX FIELDS, JR.

By Counsel

/S/
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that on ___23___ rd day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert T. Cahill, Esquire
Cooley, LLP
11951 Freedom Drive, 14th Floor
Reston, Virginia 20190-5656
*Counsel for Plaintiff*

Roberta A. Kaplan, Esquire
Julie E. Fink, Esquire
Kaplan Hecker & Fink, LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Karen L. Dunn, Esquire
William A. Isaacson, Esquire
Boies Schiller Flexner LLP
1401 New York Ave, NW
Washington, DC 20005

Alan Levine
Philip M. Bowman, Esquire
Cooley LLP
55 Hudson Yards
New York, New York 10001

Bryan Jones, Esquire
106 W. South St., Suite 211
Charlottesville, VA 22902
*Counsel for Defendants Michael Hill, Michael Tubbs, and Leagues of the South*

Elmer Woodard, Esquire
5661 US Hwy 29
Blairs, VA 24527

and

James E. Kolenich, Esquire
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
*Counsel for Defendants Schoepp, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc., and Christopher Cantwell*

I further certify that on March 23rd, 2020, I also served the following non-ECF participants, via U.S. mail, First class and postage prepaid as follows:

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
PO Box 54
Pelham, NC 27311

Andrew Anglin
6827 N. High Street, Suite 121
Worthington, OH 43085

Richard Spencer
1001-A King Street
Alexandria, VA 22314

Fraternal Order of the Alt-Knights
c/o LegalCorp Solutions, LLC
11 Broadway, Suite 615
New York, NY 10004

Moonbase Holdings
6827 N. High Street, Suite 121
Worthington, OH 43085

East Coast Knights of the Ku Klux Klan
26 South Pine St.
Red Lion, PA 17356

Augustus Sol Invictus
206 N. Mills Ave.
Orlando, FL 32801

_____/S/_____
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*