**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, | |
| Plaintiffs, | **Civil Action No. 3:17-cv-00072-NKM** |
| v. | **JURY TRIAL DEMANDED** |
| JASON KESSLER, et al., | |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**
**FROM DEFENDANT JEFF SCHOEP**

Plaintiffs respectfully file this motion to compel discovery from Defendant Jeff Schoep, the former "Commander" of Defendant National Socialist Movement ("NSM"). Like many of his co-Defendants, Schoep's conduct in this litigation reflects a pattern and practice of resistance, recalcitrance, and outright defiance of Court orders and Schoep's discovery obligations. After refusing for more than a year to produce *anything* to Plaintiffs, Schoep did the minimum possible to attempt to avoid sanctions. Even then, the cellular phone that Schoep provided (which he admitted he had used to communicate regarding Unite the Right) was water-damaged, and its contents unrecoverable, because it had allegedly fallen in a toilet. Now, despite being in the possession of another electronic device containing unquestionably responsive documents—his new phone—Schoep, through his counsel, W. Edward ReBrook IV, has repeatedly refused to produce that device to Plaintiffs. Plaintiffs therefore respectfully request that the Court (1) compel Schoep to produce his new phone to the third-party discovery vendor ("the Vendor") for imaging

and collection of responsive documents; (2) order the Vendor to produce immediately to Plaintiffs, without opportunity for Schoep's review or review by his counsel, every document from his new phone that hits on a search term; and (3) order Schoep to pay Plaintiffs' reasonable expenses incurred in bringing this motion, including reasonable attorneys' fees and costs.[1]

As Plaintiffs have described in detail in several prior motions involving Schoep and NSM, Schoep has, since Plaintiffs first served him with discovery requests in January 2018, done everything in his power to avoid complying with his discovery obligations—in fact, Schoep produced nothing at all until after Plaintiffs moved for sanctions against him. *See* Pls.' Mot. to Compel Discovery from Def. National Socialist Movement, Mar. 11, 2020, ECF No. 674; Pls.' Mot. to Compel Def. National Socialist Movement to Disclose Custodians of Discoverable Docs. and Information, Sept. 3, 2019, ECF No. 547; Pls.' Mot. for Rule 37 Sanctions Against Def. Jeff Schoep, Feb. 27, 2019, ECF No. 432. In their discovery requests, Plaintiffs requested, among other documents, "[a]ll Documents concerning the Events," where "the Events" were defined as "the occurrences and activities described" in the Amended Complaint, including Unite the Right and the surrounding events on the weekend of August 11 and 12, 2017, in Charlottesville, Virginia. Pls.' [Corrected] First Set of Reqs. for Produc. of Docs. to All Defs. 8, Jan. 25, 2018, ECF No.

---

[1] Plaintiffs have *twice* agreed to withdraw prior requests for attorneys' fees made in earlier motions filed against Schoep and NSM. *See* Order, Oct. 28, 2019, ECF No. 582 ("Plaintiffs' motion to compel, ECF No. 547, is GRANTED. Plaintiffs' request for attorney's fees is withdrawn per counsel's representations at the status conference."); Hr'g Tr. 10, Oct. 18, 2019, ECF No. 581 ("MR. BLOCH: . . . Judge, we did – we also did request attorney's fees. I think at this time – I spoke with Mr. ReBrook this morning. I do understand he is consenting and willing to make Mr. Colucci available for a deposition, which we appreciate. I think in light of that and the fact that our interest in this case is primarily to get the information and move this case along to trial, I think we can withdraw our request for attorney's fees on that motion."); Hr'g Tr. 22, April 26, 2019, ECF No. 487 ("THE COURT: . . . I know there have been – there have been requests for attorney's fees. MR. BLOCH: Judge, I think – I think we would put that request on hold at this point and wait and see what we get from the defendants in the next seven days. THE COURT: I think that's appropriate, so I will take the request for attorney's fees under advisement.").

432-1 (Request for Production No. 1).  Plaintiffs also requested "[a]ll Documents concerning and all Communications concerning or with" various organizations, including "National Socialist Movement."  *Id.* at 10 (Request for Production No. 3).  Plaintiffs further requested "[a]ll Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events."  *Id.* at 11 (Request for Production No. 6).

In April 2018, Schoep provided written responses to Plaintiffs' discovery requests, stating that "Mr. Schoep believes he can locate certain receipts and e-mails that are responsive however, he is not presently able to locate them.  If located, they will be promptly provided to Plaintiffs.  In addition there are numerous videos posted on nsm88.org that are responsive but, due to technical difficulties, cannot be turned over until the week of April 9, 2018."  Def. Jeff Schoep's Resps. to [Pls.'] First Interrogs. and Reqs. for Produc. of Docs. 2, Apr. 6, 2018, ECF No. 475-04.  Despite these responses identifying relevant documents within his possession, Schoep produced to Plaintiffs no documents.  *See id.*

Nearly a year later, in March 2019, in response to the motion for sanctions that Plaintiffs had filed against Schoep in February 2019, ECF No. 432, Schoep finally gave the Vendor access to a few personal email and social-media accounts and produced a cell phone, while disclosing for the first time that this phone had been rendered inoperable, and its contents rendered irretrievable, after it allegedly fell into a toilet.  *See* Ex. A at 2 (Excerpt of iDS Vendor Report, Feb. 25, 2020) ("Vendor Report"); ECF No. 547 at 1; Ex. B at 2 (Schoep Email to Vendor, Mar. 7, 2019).  A few months later, in May 2019, Schoep also produced a laptop computer to the Vendor.  *See* Vendor Report.

3

In March 2019, while continuing to drag his heels in discovery, Schoep stated in a press release to NSM's members that he had retired from his position as "Commander" of NSM and appointed Burt Colucci as NSM's new Commander.  Press Release, Nat'l Socialist Movement, Setting the Record Straight (Mar. 6, 2019), https://www.nsm88.org/press/nsm-JS_press-release_march_6_2019.htm.  In August 2019, Schoep asserted that he had not just left NSM, but severed his ties with the white-supremacist movement.  Schoep wrote on his website that he had "retired from the NSM and walked away from the movement in its entirety" and that he was devoting himself to be a "positive, peaceful influence of change and understanding":

> For the first time, in over 25yrs, I was able to take time for self-reflection.  It was during this time, I realized many of the principles I had once held so dearly and sacrificed so much for were wrong. . . .
>
> After wrestling with my conscience, over how to best set things right, I realized that I cannot just sit back while the world continues to burn in the flames of hatred.
>
> Instead of remaining silent, I have decided to speak out and help others.  It is now my mission to be a positive, peaceful influence of change and understanding for all of humanity in these uncertain times.

*Who is Jeff Schoep?*, Jeff Schoep, https://jeffschoep.com/about-jeffschoep (last visited Mar. 21, 2020).

In October 2019, ReBrook finally made a production of documents to Plaintiffs on Schoep's behalf from among the email accounts, social-media accounts, and computer (though not the water-damaged phone) that the Vendor had collected and imaged.  *See* Decl. of Jessica E. Phillips, Mar. 11, 2020, ECF No. 675 ("Phillips Decl."); Vendor Report.  From the more than 22,000 files collected from Schoep's computer and accounts that hit on agreed-upon search terms, ReBrook produced on Schoep's behalf a mere 100 documents, including 43 unreadable gibberish files with no substance, 30 documents primarily comprising case filings and case-related correspondence, and 27 Google alert notifications.  Phillips Decl. ¶¶ 3–6. Although Schoep had

previously stated that "there are numerous videos posted on nsm88.org that are responsive but, due to technical difficulties, cannot be turned over until the week of April 9, 2018," ECF No. 475-04 at 3, Schoep's production did not include any videos.  On February 5, 2020, the deadline passed for Defendants, including Schoep, to produce all discoverable material to Plaintiffs.  Order, Nov. 27, 2019, ECF No. 597.

On March 17, 2020, after Plaintiffs raised the deficiencies in Schoep's production with ReBrook, ReBrook informed Plaintiffs that he would be producing another 382 documents on Schoep's behalf that were previously coded as "Non Responsive," as well as certain contents of the publicly available NSM88.org website.  Ex. C at 3 (ReBrook Letter to Phillips, Mar. 17, 2020). Plaintiffs have not yet seen these documents.  But even ReBrook acknowledged that the vast majority of Schoep's productions, including these forthcoming documents, is non-responsive.  *See id.* at 2–3 ("Majority of these emails were completely non responsive . . . . Out of all 2,146 documents from the website only a handful are in actuality 'Responsive' to this case.").

As Schoep was producing this mere trickle of non-responsive documents, Plaintiffs became aware that Schoep was simultaneously sitting on a trove of other responsive and discoverable material.  In December 2019, the current "Commander" of NSM, Colucci, sat for a deposition as the corporate representative of NSM in connection with NSM's own discovery misconduct.  *See* Tr. of Dep. of Burt Colucci, Dec. 10, 2019, ECF No. 674-5.  As further described below, Colucci revealed that, while Schoep professes to have left NSM and renounced white supremacism entirely, Schoep has simultaneously remained in steady communication with Colucci throughout this litigation from his new phone, including making discoverable communications regarding topics relevant to this litigation.

At his deposition, Colucci explained at length that, although Schoep had turned over his allegedly water-damaged phone to the Vendor in March 2019, Schoep has since then communicated with Colucci via phone calls and text messages. *Id.* at 27–28, 107–09. Colucci testified that Schoep has communicated with him via phone "extensively" and "[a] lot" about this litigation. *Id.* at 25, 27. Colucci testified that these communications began in approximately November 2017, after an NSM rally in Shelbyville, Tennessee. *Id.* at 23, 25–26. When asked what topics Schoep discussed with Colucci from this new phone, Colucci replied, "He and I have discussed everything pretty much. . . . It's too lengthy to mention everything, but we've spoken at length about this." *Id.* at 26. For instance, Schoep and Colucci discussed Unite the Right, NSM's participation in Unite the Right, the lawsuit, and James Hart Stern. *Id.* at 26, 30, 60, 66–67.[2] When asked how frequently Schoep and Colucci discussed the litigation, Colucci replied that they spoke "more than" weekly and that it was not "a far stretch" to say that they spoke daily, "because [the communication] was very extensive." *Id.* at 27. In fact, in October 2019, Schoep and Colucci were exchanging text messages approximately daily. *Id.* at 244 ("Q. . . . [I]n the time period that you're texting here, in October of 2019, were you texting with Mr. Schoep every day at this point? A. It kind of looks that way.").

At his deposition in December 2019, Colucci testified that he had exchanged text messages with Schoep as recently as October 2019. *Id.* at 241–45; *see id.* at 30. Specifically, on October 13, 2019, Schoep warned Colucci via text message that someone who was calling into Colucci's podcast with death threats was "baiting" him. *Id.* at 242. Schoep warned Colucci, "Steer clear of

---

[2] As described in detail in Plaintiffs' March 11, 2020, Motion to Compel Discovery from Defendant National Socialist Movement, Stern was an African-American activist to whom Schoep attempted to transfer control of NSM specifically in order to avoid the mounting cost and potential liability of this litigation. *See* ECF No. 674 at 5–7.

falling in those traps, homey.  They will try that kind of shit from time to time." *Id.*  The day

before, Schoep had likewise advised Colucci to "let people know" that the same person calling

into his podcast was an informant, and warned him, "Always assume informants are around.  I

would say you found one." *Id.* at 243-245.

All of these recent text messages, like all other communications between Schoep and

Colucci, are discoverable and responsive to Plaintiffs' discovery requests.  They constitute

Schoep's "[c]ommunications concerning or with . . . National Socialist Movement" as well as

Schoep's "[c]ommunications concerning or with any Plaintiff or Defendant" (namely, NSM,

through its "Commander" and corporate representative, Colucci).  ECF No. 432-1 at 10–11

(Requests for Production Nos. 3 and 6).  All of Schoep and Colucci's communications specifically

about Unite the Right further constitute "[d]ocuments and [c]ommunications concerning the

Events." ECF No. 432-1 at 9 (Request for Production No. 1).  Yet Schoep never produced these

communications to Plaintiffs and never turned over his phone containing these recent text

messages to the Vendor for imaging.

On December 11, 2019, the day after Colucci's deposition, Plaintiffs promptly wrote to

ReBrook and requested that ReBrook "[p]rovide to the third-party discovery vendor Mr. Schoep's

new phone with which he has been text messaging Mr. Colucci." Phillips Email to ReBrook, Dec.

11, 2019, ECF No. 674-36.  On December 17, 2019, ReBrook refused, stating, without any citation

to legal authority or to Plaintiffs' discovery requests, "There is no reason why Mr. Schoep should

provide his new phone to the third-party vendor for imaging when this was obtained well after

Charlottesville and therefore would not contain any potentially relevant information in regards to

this litigation." ReBrook Email to Bloch, Dec. 17, 2019, ECF No. 674-37.

The Court has already rejected exactly this specious and legally incorrect argument more than a year ago. On March 18, 2019, the day that ReBrook announced himself as the new attorney for Schoep and NSM, Plaintiffs informed the Court during a telephonic hearing, with ReBrook in attendance, that certain Defendants had withheld certain social-media accounts and electronic devices on the ground "that they were created after the events in Charlottesville."  Hr'g Tr. 20, Mar. 18, 2019, ECF No. 455.  The Court dismissed this argument, stating, "I'm sure that accounts created after August 2017 could hold responsive documents."  *Id.*[3]

On March 11, 2020, Plaintiffs again requested that Schoep produce his new phone to the Vendor.  Ex. D at 3–4 (Phillips Letter to ReBrook, Mar. 11, 2020).  Plaintiffs clearly explained to ReBrook why the documents on Schoep's phone were potentially responsive, and why the date on which Schoep acquired the phone was irrelevant:

> You previously refused to produce this phone because, as you stated in your email dated December 17, 2019, Mr. Schoep's new phone "was obtained well after Charlottesville and therefore would not contain any potentially relevant information in regards to this litigation." However, Plaintiffs' First Set of Requests for Production of Documents explicitly request "*[a]ll Documents and Communications concerning the Events*," where "Events" are defined to mean the occurrences and activities described in the Complaint, as well as "[a]ll Documents concerning and *all Communications concerning or with any Plaintiff or Defendant* (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events" (emphasis added). Requests for Production Nos. 1, 6. Therefore, any communications Mr. Schoep possesses with Mr. Colucci, regardless

---

[3] Although the Court had already rejected ReBrook's argument during this March 18, 2019, hearing, ReBrook nonetheless told Plaintiffs on April 9, 2019, citing no legal authority, "I believe that any request for electronic communications **before** the Unite the Right Rally was announced and **after** the Rally ended are irrelevant.  Obviously, one cannot incite violence in the past." ReBrook Email to Bloch 3, Apr. 9, 2019, ECF No. 547-8.  Plaintiffs responded that same day, "[A]s Judge Hoppe has already recognized, given that this is a conspiracy case, any objection to producing documents from before the official announcement of the rally, or discussions post-announcement, is meritless; documents and communications about the events at issue are highly relevant, whenever they were created."  Bloch Email to ReBrook 2, Apr. 9, 2019, ECF No. 547-8.

> of their date, are relevant and responsive to Plaintiffs' requests.
> Furthermore, you are required to supplement your responses in
> accordance with Fed. R. Civ. P. 26(e). We therefore request that you
> immediately produce Mr. Schoep's new phone to the vendor.

*Id.* at 4.

ReBrook again refused.  ReBrook did not engage with the merits of Plaintiffs' letter, discuss any of the specific Requests for Production identified in that letter, acknowledge Schoep's obligation to supplement his responses on an ongoing basis according to Rule 26(e) of the Federal Rules of Civil Procedure, or cite any legal authority.  Instead, Schoep repeated the same erroneous contention that Schoep's phone "would not contain any potentially relevant information":

> As stated previously, my client's new phone was obtained well after
> Charlottesville and therefore would not contain any potentially
> relevant information in regards to this litigation. There is no need
> for Mr. Schoep to produce his new phone as there is absolutely
> nothing relevant or "potentially" responsive in regards to this
> litigation contained on the device.

Ex. C at 4.

In making this repeated and legally meritless assertion, which the Court has already rejected, ReBrook has made abundantly clear his and Schoep's intent to withhold Schoep's phone, notwithstanding that it contains documents and communications responsive to Plaintiffs' discovery requests.  Without the Court's intervention, Plaintiffs will thus be left with no access to this substantial collection of relevant and discoverable evidence.

Plaintiffs therefore respectfully request that the Court (1) compel Schoep to produce his new phone to the Vendor for imaging and collection of responsive documents, (2) order the Vendor to produce immediately to Plaintiffs, without opportunity for Schoep's review or review by his counsel, every document from his new phone that hits on a search term; and (3) order Schoep to

pay Plaintiffs' reasonable expenses incurred in bringing this motion, including reasonable

attorneys' fees and costs.

Dated: March 27, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011

Suite 700                                          Telephone: (540) 983-7600
Washington, DC 20004                               Fax: (540) 983-7711
Telephone: (202) 842-7800                          brottenborn@woodsrogers.com
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on March 27, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*

"