# EXHIBIT D



BOIES SCHILLER FLEXNER

JESSICA E. PHILLIPS
jphillips@bsfllp.com
202-237-2727

**VIA EMAIL**

March 11, 2020

Mr. W. Edward ReBrook, Esq.
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

RE:   *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072-NKM (W.D. Va.)

Dear Mr. ReBrook:

I write regarding the document production that you made on October 25, 2019, on behalf of Defendant Jeff Schoep.

As you know, in its order of November 27, 2019, the Court ordered that, no later than February 5, 2020, "Each Defendant shall produce ***any nonprivileged responsive ESI***, along with a privilege log fully explaining why any responsive ESI was withheld, to Plaintiffs' counsel . . . ." ECF No. 579 (emphasis added).

As reflected in the third-party discovery vendor's report dated February 25, 2020, the vendor imaged and collected 22,419 files from Mr. Schoep's devices and social media accounts. 2,542 of these files (from Mr. Schoep's laptop computer, email accounts, website, and VK account) hit on the agreed-upon search terms.

Despite the large number of presumptively responsive documents, Mr. Schoep's production included only 100 documents from Mr. Schoep's laptop and email accounts, including commander@newsaxon.org and jeffschoep@gmail.com. Of those 100 documents, a large portion comprised public filings and correspondence in this case, as well as numerous irrelevant documents (including birthday announcements, Google news alerts, Reason.com newsletters, and advertisements). Approximately half of Mr. Schoep's

Case 3:17-cv-00072-NKM-JCH   Document 689-4   Filed 03/27/20   Page 3 of 4   Pageid#: 9836



Mr. W. Edward ReBrook, Esq.
March 11, 2020
Page 2 of 3

production comprised non-viewable files, with filename extensions ".bin," ".pak," and ".log," that contained no substance. However, a review of other Defendants' productions reveals numerous emails sent to and from Mr. Schoep at commander@newsaxon.org that Mr. Schoep should have produced, including at least 300 emails exchanged with Defendant Matthew Heimbach (including emails discussing Unite the Right), six emails exchanged with Defendant Jason Kessler (including emails discussing Unite the Right), approximately 20 emails exchanged with Defendant Matthew Parrott, and several emails exchanged with Dillon Hopper of Vanguard America.

Furthermore, Mr. Schoep's production contained no documents from the NSM88.org website and VK account that Mr. Schoep disclosed, both of which contain responsive documents. For example, on March 2, 2019, at 8:41 AM, Mr. Schoep posted on VK a plainly responsive message to followers regarding what he characterized as "an ongoing, frivolous lawsuit stemming from events that occurred at the Unite the Right Rally in August, 2017." The fall/winter 2017 issue of the "NSM Magazine" posted on NSM's website contains a similarly clearly responsive "Charlottesville Unite the Right Report" describing NSM's involvement in the events of August 2017.

In light of the high number of presumptively responsive documents as well as the known responsive documents that Mr. Schoep has not produced, and the small size and non-substantive nature of Mr. Schoep's production, we request that you answer the following questions so that Plaintiffs may determine whether to seek relief from the Court: :

1. With respect to the more than 2,400 documents that hit on search terms but that you did not produce, please state whether you have withheld those documents because they were privileged or because you decided that they were non-responsive although they hit on search terms.

2. To the extent that you have withheld any documents on the grounds of privilege, you are required to provide Plaintiffs with a privilege log, as ordered by the Court in its November 27, 2019, order, in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5). Please confirm whether you have withheld any documents as privileged.

3. Please clarify the nature of the non-viewable files ending in ".bin," ".pak," and ".log," including explaining what type of file they are and whether they are associated with particular software, and produce replacement versions that are readable in a standard text editor or image viewer.

In addition, we reiterate our request, which we made at the deposition of Burt Colucci on December 10, 2019, and again by email on December 11, 2019, that you provide Mr. Schoep's new phone to the third-party discovery vendor. Mr. Colucci testified



Mr. W. Edward ReBrook, Esq.
March 11, 2020
Page 3 of 3

at his deposition that Mr. Schoep had exchanged text messages with Mr. Colucci on this new phone. You previously refused to produce this phone because, as you stated in your email dated December 17, 2019, Mr. Schoep's new phone "was obtained well after Charlottesville and therefore would not contain any potentially relevant information in regards to this litigation." However, Plaintiffs' First Set of Requests for Production of Documents explicitly request "*[a]ll Documents and Communications concerning the Events*," where "Events" are defined to mean the occurrences and activities described in the Complaint, as well as "[a]ll Documents concerning and *all Communications concerning or with any Plaintiff or Defendant* (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events" (emphasis added). Requests for Production Nos. 1, 6. Therefore, any communications Mr. Schoep possesses with Mr. Colucci, regardless of their date, are relevant and responsive to Plaintiffs' requests. Furthermore, you are required to supplement your responses in accordance with Fed. R. Civ. P. 26(e). We therefore request that you immediately produce Mr. Schoep's new phone to the vendor.

Please provide your responses as requested above by Wednesday, March 18, 2020. If we do not hear from you, we intend to seek relief from the Court. Plaintiffs reserve all rights.

Sincerely,

*Jessica E. Phillips*

Jessica E. Phillips
jphillips@bsfllp.com
202-237-2727