UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

Civil Action No. 3:17-cv-00072-NKM

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST DEFENDANT JAMES FIELDS**

# ARGUMENT

Fields's opposition brief makes a variety of half-hearted, unsupported, or outright false excuses to try to get out of his sanctionable spoliation and near-total failure to engage in discovery. As detailed below, Fields makes up some convenient facts, ignores others, and conjures excuses that make no sense. His opposition is unsupported by law or facts. He does not cite a single case or statute – let alone one that absolves him of sanctions. He does not dispute or attempt to distinguish any of the law cited in Plaintiffs' opening brief. And, he cites no exhibits, nor does he attach a single piece of evidence that would support his arguments. That is because there are none, and the Court should grant Plaintiffs' motion and order sanctions against Fields.[1]

## I.     FIELDS HAS NOT COMPLIED WITH DISCOVERY.

Fields starts his brief with the amazing assertion that he "complied with his discovery obligations." ECF No. 686, p. 2. That is completely and demonstrably untrue.

Perhaps the most obvious example of Fields's non-compliance is that he *admitted* to spoliating evidence while he had an obligation to preserve it – namely, correspondence he destroyed, including cards he received from Vanguard America. *Id.*, p. 5. Destroying evidence and depriving Plaintiffs of its use is not "compl[ying] with his discovery obligations." *Id.*, p. 2.

Fields devotes much of his opposition to explaining that he does not have access to his electronic devices that were collected by law enforcement. *Id.*, pp. 2-4. But nowhere in Plaintiffs' motion did they demand such devices. Plaintiffs obviously understand Fields cannot produce what he does not have. The problem with Fields's discovery conduct, however, is that he refuses to provide discovery he *does* have.

---

[1] Fields's opposition brief lacks any page numbers, but it appears to be missing a page.

Where are his interrogatory answers?  Fields claims he "timely answered Plaintiff's . . . Second Interrogatories" (*Id.*, p. 2), but that is patently false.  As Plaintiffs explained in their opening brief, Fields served his "responses" more than *two months late* and they are still incomplete.  ECF No. 671, p. 5.  Even worse, they are not responses at all, because Fields's counsel answered them without showing them to or communicating with Fields, and Fields never signed them.  *Id*.  To this day, Fields has yet to answer those interrogatories.

Where are the names of all his social media accounts?  Fields had an Instagram, YouTube, Discord, and additional Twitter accounts, but refuses to identify them. *Id.*, p. 3; ECF No. 671-3, pp. 10-11.  Where is his social media login information?  Fields contends he does not remember it, but (if true) that is because his counsel did not ask for it until *two years* after this case began.  ECF No. 671, p. 3.[2]  The fact that, because so much time has passed, he allegedly has forgotten them is precisely why sanctions are appropriate.  Fields's delay has caused Plaintiffs not to have access to his documents.

Where are the documents his attorneys do have?  Black letter law (which Fields does not even try to refute) holds he must produce such documents, yet Fields refuses to produce any documents in his attorneys' possession.  *Id.*, p. 16.  Fields also refuses to produce documents unless he created them (a nonsensical and legally unsupported position), and refuses to produce documents unless they specifically concern the Rally (another unsupportable legal position) –

---

[2] Fields argues he did not provide his passwords because "Plaintiff's First Request for Production of Documents did not include any requests for passwords, only usernames."  ECF No. 686, pp. 2-3.  He ignores, however, that the ESI Order and Social Media Order require him to provide that information.  ECF No. 383, p. 8; ECF No. 582, p. 2.  And, in any event, he still has not provided usernames, which he admits he was required to produce.  ECF No. 671, pp. 6-7; ECF No. 671-3, pp. 10-11.

even if they are relevant and responsive to discovery. *Id.*, pp. 14-15. If he has no such documents, why is he objecting to produce them?

Fields also offers no plausible explanation for his position that the Court's orders directing "defendants" to provide discovery do not apply to him. His only argument is that he "has never been mentioned" during the hearings on those orders. ECF No. 686, p. 3. But the Court's discovery orders explicitly apply to Fields. The ESI Order directed all "Defendants" to provide discovery and ordered Fields to negotiate "the timing to be applied to *Defendant Fields*" to comply with the order. ECF No. 383, pp. 7-8 & n.2 (emphasis added). The Social Media Order applies to "*each* Defendant" and specifically noted "*all represented Defendants*" (*i.e.*, including Fields) appeared by telephone to discuss the Social Media Order. ECF No. 582 (emphases added). And, the Scheduling Order applies to every party in the case. ECF No. 597. Fields's argument should be rejected.

Fields next makes the nonsensical argument that, because he was incarcerated, "Fields immediately became unable to . . . log in to his accounts." ECF No. 686, p. 3. This completely ignores the obvious solution that his *attorney* could have immediately obtained Fields's login credentials, accessed those accounts, and produced the required information. Indeed, his attorney was *required* to do that. It is black letter law that a party's attorney has an obligation to ensure documents are thoroughly collected, and the attorney cannot rely solely on the client to collect responsive documents. *See, e.g.*, *Jones v. Bremen High Sch. Distr. 228*, 2010 WL 2106640, *7 (N.D. Ill. 2010) (holding it is unreasonable for a party to decide what is relevant, especially when it has "the ability to permanently delete unfavorable email"); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 685 F. Supp. 2d 456, 473 (S.D.N.Y. 2010) (counsel cannot leave client solely in charge of document search and

collection), *abrogated on other grounds by Chin v. Port Auth. of N.Y & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012); *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 676 (M.D. Fla. 2008) ("[C]ounsel had the responsibility to take affirmative steps to ensure that all sources of discoverable information were identified, searched, and reviewed so that complete and timely responses to discovery requests could be provided."); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 630 (D. Colo. 2007) (holding party improperly self-collected documents without counsel's involvement).

Fields next argues he did not know he failed to comply with the Court's discovery orders until Plaintiffs told him as much on November 20, 2019. ECF No. 686, p. 3. Even if true, that was more than *four months ago*, and since then, Fields has still failed to comply. ECF No. 671, pp. 7, 23-24. In other words, he has known he is not in compliance for many months, but has failed to remedy his violations. Fields simply has no intention to participate in discovery or complying with the Court's orders.

Fields next promises the Court that the "communication problem" between Fields and his counsel "has been remedied." ECF No. 686, p. 5. As an initial matter, there was no "communication problem" to begin with – it was just Fields's delay and stonewall tactics. Fields maintained repeatedly for months that he was unable to communicate with counsel, yet he was able to set up a call with his counsel just *two hours* after Plaintiffs explained they were going to file this Motion. ECF No. 671, p. 8. And, if Fields is now in communication with his counsel, where is Fields's discovery? Why hasn't his attorney shown him Plaintiffs' Second Interrogatories (which were due in November) and had him answer and sign them? Fields is simply unwilling to give Plaintiffs the discovery to which they are entitled, plain and simple.

4

In sum, Fields has no excuse for his discovery failures, and the Court should issue sanctions.

## II.     FIELDS SPOLIATED EVIDENCE.

Fields's attempt to avoid sanctions for spoliation fares no better. He admits he received correspondence "from Vanguard America." ECF No. 686, p. 5. He also admits he destroyed it during this case. *Id.* Sanctions are proper for that reason alone. *See* ECF No. 671, pp. 10-13.

Fields argues sanctions are improper because he destroyed the documents during his incarceration and after the Rally, so they could not have been "planning documents" for the Rally. ECF No. 686, p. 5. This only illustrates Fields's legally insupportable, ultra-narrow and improperly restrictive view of responsiveness and relevance. Documents can be responsive and relevant even if they did not pre-date the Rally. For example, documents created *after* the Rally can still contain information about events *before or during* the Rally. And, documents created after the Rally can still serve as relevant evidence – for example, by showing an association between Defendants who deny knowing each other.[3]

Fields argues the Vanguard Correspondence would not contradict Vanguard America's claim that it never communicated with Fields because that is only the claim of its leaders, Dennis Hopper and Thomas Rousseau. *Id.*, p. 5. But Fields does not identify the specific person(s) from Vanguard America with whom he communicated in prison (*i.e.*, whether it was Hopper or Rousseau). And Fields ignores that Hopper and Rousseau were testifying as representatives of Vanguard America. *E.g.*, *Exhibit 1*, p. 12 ("Q: Do you understand that you're here as a

---

[3] Fields claims Plaintiffs' motion argued the Vanguard Correspondence "would 'establish Fields communicated, had a relationship, and associated with Vanguard America.'" ECF No. 686, p. 6. In truth, Plaintiff wrote that the Vanguard Correspondence would have "related to . . . establishing Fields communicated, had a relationship, and associated with Vanguard America." ECF No. 671, p. 20.

5

representative of Vanguard America? A: I understand that that's what the document says, yes."); *Exhibit 2*, p. 13 (acknowledging sitting for a deposition about "both his and Vanguard America's conduct"). And Vanguard America itself denied communicating or affiliating with Fields. ECF No. 343, ¶ 24 (denying Fields was a member of Vanguard America); *see also, e.g.*, *Exhibit 1*, p. 142 ("I never received any piece of information, evidence, knowledge whatsoever . . . that implies that Fields was in any way associated with the organization."); *Exhibit 2*, p. 204 ("[T]o my knowledge, James Fields never attempted to contact [Vanguard America].").

As for the other correspondence he destroyed, Fields claims the "majority" of it was hate mail, and that some of the documents he destroyed were "supporting letters." In other words, he admits he received correspondence that concerned the Rally and Fields's actions, but does not disclose the specifics of the correspondence, who it was with, or the details about its substance. ECF No. 686, p. 5. While Fields claims he did not know the people who sent the correspondence (*id.*), Plaintiffs have no way to test that statement. And, that does not excuse his spoliation; Fields claims he does not know **any** of the other Defendants in this case. ECF No. 671-3, pp. 8-11. If any of the other Defendants (or their members) communicated with Fields, that obviously would be relevant.

Fields next argues the Court should not issue a jury instruction that Fields conspired with others to plan violence at the Rally, because "Fields' criminal trial in Charlottesville Circuit Court" had no evidence of conspiracy. ECF No. 686, p. 6. In his state criminal case, however, Fields was charged with murder – not conspiracy. Thus, the fact that evidence of a conspiracy was not introduced at that trial is of no moment.

Fields also argues the Court should not issue the jury instruction because other planners of the Rally testified they never spoke to Fields. *Id.*, p. 6. But Fields flatly contradicts himself, as he concedes he spoke with Vanguard America at the Rally. *Id.*

Perhaps acknowledging that none of his arguments are sufficient to avoid an adverse inference jury instruction, Fields suggests that any adverse inference instruction should also instruct the jury that "all the correspondence, with the exception of Vanguard America Christmas cards, was unsolicited jailhouse mail received by Fields from individuals he did not know." *Id*. There are at least two glaring flaws in that argument.

*First*, there is no evidence for Fields's self-serving conclusion. Because he destroyed the correspondence, he wants the jury to infer that the correspondence (other than the Vanguard Correspondence), was irrelevant. In other words, Fields wants to use his spoliation *as a sword* to obtain a jury inference *in his favor*. That is not the law.

*Second*, by asserting the correspondence he destroyed was "unsolicited" and sent from "individuals he did not know" *except for* the Vanguard Correspondence, Fields's argument acknowledges that, at a minimum the Vanguard Correspondence *was* "solicited," and/or was sent from people Fields *does* know (but fails to identify). The fact that Fields received evidence he solicited and/or was sent from Vanguard America members he knew, then destroyed it and deprived Plaintiffs of using it during trial, is exactly why sanctions are appropriate in the first place.

Accordingly, sanctions are clearly warranted here.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and impose the sanctions requested therein.

7

Dated: March 30, 2020

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Respectfully submitted,

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 30, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

9

I further hereby certify that on March 30, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ David E. Mills
David E. Mills (*pro hac vice*)
*Counsel for Plaintiffs*

222895586