# EXHIBIT 2

Page 1

```
1         IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF VIRGINIA
2                CHARLOTTESVILLE DIVISION
3
     ELIZABETH SINES,SETH             )
4    WISPELWEY,MARISSA BLAIR,         )
     TYLER MAGILL, APRIL MUNIZ,       )
5    HANNAH PEARCE, MARCUS            )
     MARTIN, NATALIE ROMERO,          )
6    CHELSEA ALVARADO, and JOHN       )
     DOE,                             )
7                                     )
                     Plaintiffs,      ) Case No.
8                                     ) 3:17-cv-00072-NKM
            vs.                       )
9                                     )
     JASON KESSLER, et al.,           )
10                                    )
                     Defendants.      )
11
12
13       VIDEOTAPED DEPOSITION OF DILLON HOPPER
14              Louisville, Kentucky
15           Tuesday, August 13, 2019
16
17
18
19
20
21
22
23   Reported by:
24   RACHEL F. GARD, CSR, RPR, CLR, CRR
25   JOB NO. 165620
```

Page 2

1             D. HOPPER

2

3

4              August 13, 2019

5               9:22 a.m.

6

7      Videotaped deposition of DILLON HOPPER, at

8   the offices of Gene Snyder Federal Building,

9   601 West Broadway, Louisville, Kentucky,

10  pursuant to notice before Rachel F. Gard,

11  Certified Shorthand Reporter, Registered

12  Professional Reporter, Certified LiveNote

13  Reporter, Certified Realtime Reporter.

14

15

16

17

18

19

20

21

22

23

24

25

1                    D. HOPPER
2     July 3rd, 2019, of the United States District
3     Court in the Western District of Virginia.
4              I'm going to show you, Mr. Hopper,
5     this Exhibit 1, as I just said, is an order
6     dated July 3, 2019, from the Honorable Joel
7     Hoppe.  And at Page 3 of the order, it directs
8     that you will sit for a deposition by
9     plaintiffs' counsel devoted exclusively to both
10    his and Vanguard America's conduct in pretrial
11    discovery including their efforts to preserve
12    any documents, information, or materials that
13    are potentially relevant to this litigation?
14             Do you see that?
15    A.   Yes.
16    Q.   And do you understand that's why
17    you're here today?
18    A.   Yes.
19    Q.   Okay.  Have you read this order
20    before?
21    A.   I believe so.  I might have briefly
22    skimmed through it, but I should probably read
23    it again.
24    Q.   There will come a time when I may
25    ask you to do that.

1        D. HOPPER

2        A.    Me personally, no.  But --

3        Q.    You also --

4        A.    -- but --

5        Q.    -- testified -- you also testified
6   earlier that people could become associated
7   with Vanguard America and local districts
8   without going through any vetting; isn't that
9   your testimony earlier today?

10       A.    Well, I guess it all depends on what
11  the definition of associated with meant.  I
12  mean, if there was an individual who wanted to
13  join Vanguard, I mean, I suppose that could be
14  considered an associate.  But to my knowledge,
15  James Fields never attempted to contact.

16       Q.    But you don't have any knowledge one
17  way or the other about that; isn't that right?

18       A.    No, not particularly.  I mean, that
19  would have to go through Mr. Rousseau because
20  he was the one in charge of the vetting servers
21  and the vetters and all of that.

22       Q.    But you've testified earlier today
23  that Mr. Rousseau was unwilling to talk to you
24  about any of the allegations in the complaint
25  and that you didn't speak with him in

1  D. HOPPER

2  C E R T I F I C A T E

3  STATE OF ILLINOIS  )
          ) ss.:
4  COUNTY OF COOK    )

5  I, RACHEL F. GARD, CSR, RPR, CLR, CRR,
6  within and for the State of Illinois do hereby
7  certify:
8  That DILLON HOPPER, the witness whose
9  deposition is hereinbefore set forth, was
10 duly sworn by me and that such deposition
11 is a true record of the testimony given by
12 such witness.
13 I further certify that I am not
14 related to any of the parties to this
15 action by blood or marriage; and that I am
16 in no way interested in the outcome of this
17 matter.
18 IN WITNESS WHEREOF, I have hereunto
19 set my hand this 19th day of August, 2019.

20
21 *Rachel F. Gard*
   _____
22 RACHEL F. GARD, CSR, RPR, CLR, CRR
23
24
25