# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS<br><br>Defendants. | Civil Action No. :17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT JEFF SCHOEP**

# TABLE OF CONTENTS

TABLEOF AUTHORITIES………………………………………….…………...iii

PRELIMINARY STATEMENT………………………………….……………...1

STATEMENT OF THE CASE ...……………………………………….……………1

ARGUMENT ……….………………………………………………………………..5

CONCLUSION ……………………………………………………………………8

## TABLE OF AUTHORITIES

**Cases**

*Malin v. Hospira, Inc*.
    762 F.3d 552, 564 (7th Cir. 2014) ………………………….…………4, 5

*Malin v. Hospira, Inc*.
    No. 13-2433 (7th Cir. Aug. 7, 2014) …………………………………..……5

*Schrag v. Dinges*,
    150 F.R.D. 664 (1993) ……………………………………………..……..5

*Walker v. Carter,*
    12-CV-5384 (ALC)(RLE), (S.D.N.Y. Dec. 23, 2015) ...……………….….……5

*Henson v. Turn, Inc.*,
    No. 15-cv-01497-JSW (LB), 2018 WL 5281629, (N.D. Cal Oct. 22, 2018) ...…7

*Hardy v. UPS Ground Freight, Inc.*,
    No. 3:17-cv-30162-MGM, (D. Mass. July 22, 2019) ……………….………..7

*In re Honza*,
    242 S.W.3d 578, 581 (Tex. App. 2008) …………………………………...7

*In re Ford Motor Co.*,
    345 F.3d 1315, 1316-17 (11th Cir.2003) ………….……………………….7

*Hardy v. UPS Ground Freight, Inc.*,
     No. 3:17-cv-30162-MGM, (D. Mass. July 22, 2019) .…………………….…8

*Trevino v. Golden State FC LLC*,
    No. 1:17-cv-01300-DAD-BAM, (E.D. Cal. Aug. 19, 2019) ….………....….…8

*Carlson v. Jerousek*,
    68 N.E.3d 520, 530-31 (Ill. App. Ct. 2016) ……………………………… 8

*In re Estate of O'Hare* ,
    2015 IL App (2d) 140073, 393 Ill.Dec. 598, ……………………….……..8

*Estate of O'Hare v. Pulchalski*,
     34 N.E.3d 1126 (Ill. App. Ct. 2015) …………………….……………..8

*In re Ford Motor Co.,*
    345 F.3d 1315 (11th Cir. 2003) ..……………………………………………7

**Rules**

Fed. R. Civ. P. 26(b)(1) ……………………………………………………………7, 8

Fed. R. Civ. P. 26(b)(3) …..………………………………………………………...8

Fed. R. Civ. P. 34(a) ……...……………………………………………………..…..8

Fed. R. Civ. P. 37(a)(5)(A) ………………………………………………………...8

28 U.S. Code § 1927 ……………………………………………………………….5

Model R. of Prof'l Conduct Rule 3.3 ...……………………………………………4

## PRELIMINARY STATEMENT

Defendant Jeff Schoep, by and through counsel, respectfully submits this brief in opposition to Plaintiffs' Motion to Compel Discovery. Despite knowing that the key facts in this case are hotly disputed, the Plaintiffs' Motion to Compel Discovery reads as though Plaintiffs have already proven the essential elements of their case. While Plaintiffs' motions are impressively thick and filled with attachments, it does not place the factual content and the subject discovery requests and responses in their full context. In their motion, Plaintiffs' assumptions and opinions are presented as circumstantial facts in an attempt to gain favor with the court. An examination of the circumstances surrounding this motion demonstrates that Plaintiffs' motion and the relief sought is unwarranted and unnecessary.

It is Defendant Schoep's position that he has complied with the discovery order to the full extent of his ability to do so. Plaintiffs' claims that the defendant's "conduct in this litigation reflects a pattern and practice of resistance, recalcitrance, and outright defiance of Court orders" and refusal to participate in discovery is not accurate. (*See* Pls' Motion to Compel Discovery from Defendant Jeff Schoep, March 27, 2020, ECF 689). Mr. Schoep has repeatedly done everything in an effort to comply with the Plaintiffs' overly broad and endless discovery requests.

## STATEMENT OF THE CASE

While discovery in this matter has not progressed as smoothly as either side would have anticipated, this is not solely the responsibility of Defendant Schoep. On March 1, 2019, Defendant Schoep explained to the Court that his former counsel, Attorney James Kolenich, was given authorization in December 2018 to sign for the third-party discovery vendor ("Vendor"). At that same time, Mr. Schoep disclosed to former counsel that his phone had accidentally fallen in the toilet and he did not know

the extent of the water damage. Mr. Schoep produced this same phone to the Vendor for discovery. On February 16, 2019, Mr. Kolenich asked the Vendor to remove Jeff Schoep's name from the discovery docu-sign agreement. It was Mr. Kolenich's claim to the Vendor that he no longer represented Defendant Schoep in this litigation. *See* Pls' Mot. For Rule 37 Sanctions Against Def. Jeff Schoep, Feb. 27, 2019, Exhibit 9, ECF No. 432-9. Mr. Kolenich was still Defendant Schoep's counsel of record on February 16, 2019. It was not until February 17, 2019 that Defendant Schoep contacted Mr. Kolenich in order to terminate his services. In response, Mr. Kolenich stated that Mr. Schoep had until February 20, 2019 to respond and if there was no response then he would formally withdraw his services at that time. (*See* Exhibit 1) Even if Mr. Kolenich felt that he had been unfairly discharged, he still had a professional responsibility to disclose to the defendant that he had declined to give authorization to the Vendor. It was not until Plaintiffs' counsel filed the Motion for Rule 37 Sanctions Against Def. Jeff Schoep, Feb. 27 2019, (ECF No. 439) that Mr. Schoep had any knowledge his former counsel had refused to give authorization to the Vendor. During the March 1, 2019 telephonic hearing Defendant Schoep made it clear he was willing to cooperate with discovery requests. *See* Hr'g Tr., March 1, 2019, ECF No. 441. Since the hearing in March 2019, Defendant Schoep has done everything within his control to be in compliance with the Court and his discovery obligations.

The Plaintiffs' motion claims that there were "more than 22,000 files collected from Schoep's computer and accounts that hit on agreed-upon search terms"(*See* Pls.' Mot. to Compel Disc. from Def. Jeff Schoep at 4 ¶ 2, March 27, 2020, ECF No. 689). This is a blatant misrepresentation of facts. According to the Vendor, only 3,044 of those 22,000 collected documents hit on agreed-upon search terms. (*See* Exhibit 2)

Until January 28, 2020, the Vendor had only released 680 of those 3,044 documents for defense counsel's review. Defendant Schoep's emails and laptop were the only electronically stored information ("ESI") the Vendor had collected and released in the Vendor workspace for defense counsel's review. On August 18, 2019 defense counsel contacted Plaintiffs' counsel, Mr. Bloch, inquiring on how to submit the reviewed documents imaged by the vendor to the Plaintiffs. In a response to defense counsel on Mr. Bloch wrote:

> We typically send and receive documents from the defendants in an electronic format. We can arrange for our vendor, Epiq, to send you a link with instructions on how to upload the documents electronically to Epiq. There should be no cost associated with this. Please let us know promptly whether you'd like us to make those arrangements.

(August 21, 2019 Email Correspondence from Mr.Bloch to Mr. ReBrook, October 18, 2019, ECF No. 575-3)

Arrangements were made for the Epiq system and 113 non-privileged documents were uploaded to Epiq on September 18, 2019. (*See* Exhibit 3) It was not until October 17, 2019 that defense counsel learned these responsive documents would automatically be produced to Plaintiffs' counsel by the Vendor after being reviewed and coded in the Vendor workspace. Vendor released responsive documents to Plaintiffs' counsel eight days later.

On January 28, 2020, collected documents from Mr. Schoep's VK account and the NSM website released for review by defense counsel. (*See* Exhibit 4) Over 2,000 documents were then reviewed and produced to Plaintiffs' counsel. Again the Plaintiffs attest that they "have not yet seen these documents." reasonably inferring that defense counsel has not produced said documents. (*See* Pls.' Mot. To Compel Disc. From Def. Jeff Schoep at 5 ¶ 2, March 27, 2019, ECF No. 689) According to the Vendor, these documents were released to Plaintiffs' counsel on March 18, 2020. (*See* Ex. 5)

In a letter to Plaintiffs' counsel, on March 17, 2020, it was also explained that the vast majority of Mr. Schoep's discovery was indeed non-responsive. However, in an effort to prove this fact many of the previously coded documents were re-coded and produced to the Plaintiffs' on March 18, 2020. (*See* Exhibit 5) Defendant Schoep simply cannot produce that which does not exist.

Plaintiffs state that while Defendant Schoep was producing a "mere trickle of non-responsive documents" they became aware that he (Defendant Schoep) was "simultaneously sitting on a trove of other responsive and discoverable material" (Pls.' Mot. To Compel Disc. From Def. Jeff Schoep at 5 ¶ 3, March 27, 2020, ECF No. 689). According to the Plaintiffs' motion, this information was gathered during the deposition of Burt Colucci on December 10, 2019. (*See* Tr. Of Dep. of Burt Colucci, Dec. 10, 2019, ECF No. 674-5) However, nowhere in Colucci's deposition does he state that Defendant Schoep personally is in possession of such responsive and discoverable material. For example, Plaintiffs stated when Colucci was asked what topics were discussed between himself and Defendant Schoep from Mr. Schoep's "new phone", Colucci testified that he and the defendant "discussed everything pretty much….It's too lengthy to mention everything, but we've spoken at great length about this." (*See* Pls.' Mot. to Compel Disc. from Def. Jeff Schoep at 6 ¶ 1, March 27, 2020, ECF No. 689; Tr. Dep. Burt Colucci at 25-26, Dec. 10, 2019, ECF No. 674-5) When read in context, however, the quoted answers are not in reference to Mr. Schoep's new phone. On the contrary, Plaintiffs' question was simply, "Did you and Mr. Schoep *ever* speak about this litigation?" and "What exactly did you speak with Mr. Schoep about with regard to this litigation?"*Id.* 26-27. The Plaintiffs' question does not ask if Mr. Colucci and Defendant Schoep had conversations concerning this litigation or Unite The Right ("UTR") on Mr. Schoep's new phone.

Plaintiffs blatantly misrepresent deposition testimony by omitting the entire context of questions asked and answers given in hopes that the Court will not verify its accuracy. When asked when the last time Colucci spoke with Mr. Schoep regarding the litigation, Colucci replied, "It's been a while. It's been less and less frequent. Some - whenever the --whenever he went to the other side and started speaking about anti-racist stuff it became --it was less frequent at that point, and to this day -- and at this point, I'd say nonexistent." *Id.* at 29. When asked if he thought that Defendant Schoep's "shift" was genuine, Colucci replied, "I believe it is." *Id.* 52.

Throughout Plaintiffs' Motion to Compel Discovery opinions and assumptions are presented with selective fact-finding in hopes that the Court will not check the record in its entire context.[1] In an attempt to deliberately mislead the Court, Plaintiffs repeatedly "rely on speculation and a misrepresentation of deposition testimony." *Schrag v. Dinges*, 150 F.R.D. 664 (1993). The Plaintiffs' "presentation of the evidence" is "nothing more than selectively quoting deposition language it likes and ignoring deposition language it does not like." *Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014). Plaintiffs are only able to support their claims by cutting and pasting selective testimony to fit their narrative.[2] A similar approach was strongly criticized by the Seventh Circuit Court in *Malin v. Hospira, Inc.*, No. 13-2433 (7th Cir. Aug. 7, 2014). Like the defendant in Malin, Plaintiffs seem to have "based its

---

[1] The presenting of false statements of fact, misrepresenting facts, and not taking reasonable remedial measures to correct the same violates both the Virginia and ABA Model R. of Prof'l Conduct. Rule 3.3, Candor Toward The Tribunal, provides in relevant part that: (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; . . .(3) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures. "These misrepresentations of the record did not comport with parties' duty of candor to the courts" *Malin v. Hospira, Inc*., 762 F.3d 552, 564 (7th Cir. 2014)

[2] Plaintiffs present personal opinions and assumptions as material fact in an effort corroborate their version of events.

litigation strategy on the hope" the Court will oversee their scheme. *Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014).[3]

Colucci's deposition consists primarily of him giving uncertain answers or stating that he does not know the answer to the questions, and Plaintiffs' counsel asking Colucci to give his personal opinion. Plaintiffs' counsel resorts to confirmation bias by only presenting "cherry-picked isolated phrases" of Colucci's testimony in an effort to not only persuade public opinion, but to dupe the Court into assisting them with their harassment of Mr. Schoep. *Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014).[4]

## ARGUMENT

This is yet another example of Plaintiffs' desire to use discovery as an opportunity for gamesmanship rather than obtaining relevant and discoverable information to support this case. The Motion was prepared in this manner to waste the time of Defendant Schoep and his counsel as part of Plaintiffs' on-going efforts to harass Mr. Schoep. Plaintiffs' own counsel, Roberta Kaplan, stated that the primary objective of this litigation is to put a financial burden on the defendants:

> The point is not to make the 10 plaintiffs rich, Kaplan said. It's to create a disincentive for anyone to carry out the violence again.
>
> "One point of this case is to make it clear to anyone considering this, if you do that, there will be very large judgments against you that will follow you until they are paid," she said, noting that it is unlikely plaintiffs will be able to collect, in part because some of the defendants are in hiding and others are broke.

*This Jewish lawyer wants to break the back of the violent white nationalist movement*, Ron Kampeas, Jewish Telegraph Agency, June 17, 2019,

---

[3] "Litigants who take this approach often (and we hope almost always) find that they have misjudged the court."*Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014) .

[4] Under Section 1927 of the United States Code, Title 28, "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Walker v. Carter,* 12-CV-5384 (ALC)(RLE), at *5 (S.D.N.Y. Dec. 23, 2015)

https://www.jta.org/2019/06/17/united-states/this-jewish-lawyer-wants-to-break-the-back-of-violent-white-nationalists (last visited Apr 1, 2020). (*See* Exhibit 6)

Plaintiffs and their associated financial supporters, Integrity First for America and Amy Spitalnick, spend a significant amount of effort to demonize Mr. Schoep and inflame the Court. Ms. Spitalnick and IFA continue to exploit this litigation in efforts to gain continued financial support for Plaintiffs and discredit Mr. Schoep's counter-extremism work. (*See* Exhibit 7) With the bottomless financial pockets of Integrity First for America, the Plaintiffs are using their economic advantage in this court like a bully would push around a weaker child in a schoolyard. (*See* Exhibit 8)

Plaintiffs should be precluded from engaging in this harassing form of discovery, which is likely targeted against Defendant Schoep due to his former life as a Nazi and "commander" of the National Socialist Movement ("NSM"). In March of 2019, Mr. Schoep retired from the NSM, however, this was not to evade such frivolous civil litigation as the Plaintiffs suggest.[5] Defendant Schoep not only retired from the NSM, but renounced white nationalism in its entirety and speaks out against the hateful ideology he once espoused. Since August of 2019, Mr. Schoep has been actively speaking out against antisemitism, racism, and violence. In October of 2019, Mr. Schoep spoke at iCare4all's International Symposium on Radicalization and Extremism in Ankara, Turkey, which was sponsored by the European Union; and was a panelist for the California Legislative Assembly Select Committee on the State of Hate. Mr. Schoep was also a panelist for New America's discussion on combating extremism and domestic terrorism with Parallel Networks, which was featured on C-Span. He has worked with the Simon Wiesenthal Center as well as other organizations

---

[5] Pls.' Motion to Compel Disc. from Defendant National Socialist Movement, March 11, 2020, ECF No. 674, claim that Schoep attempted to transfer control of NSM specifically and only in an attempt to avoid this litigation. This is a purely speculative assumption with no factual supporting evidence. Opinions do not constitute as fact. Defendant Schoep is named defendant personally in this litigation and transfer of his old organization would have had no bearing on his status as a personal defendant.

committed to promoting peace and engaging with others in the hopes that they might disengage from all forms of extremism. (*See* Exhibit 9) In addition to speaking out against extremism, Mr. Schoep also helps other extremists to disengage and deradicalize. This is not just a ploy or a stalling tactic to avoid discovery obligations in this litigation. Defendant Schoep has and continues fulfill his discovery obligations to the best of his ability. Plaintiffs are convinced that the defendant is withholding some relevant and discoverable evidence, refusing to even entertain the possibility that Mr. Schoep was not part of any alleged conspiracy.

Plaintiffs have propounded extensive, intrusive, and harassing discovery requests upon Defendant Schoep that go beyond the scope of what may arguably be relevant and discoverable information in this matter. The extent of this harassing and overbroad discovery is massive. Be that as it may, Defendant Schoep has agreed to have his new phone imaged by the Vendor in a good faith effort to prove there is no relevant or discoverable evidence pertaining to this litigation.

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) Discovery rules do not grant the Plaintiffs' free access to Defendant Schoep's collected ESI regardless of relevance, privilege or confidentiality.[6] Plaintiffs' request that the Court "order the Vendor to produce immediately to Plaintiffs, without opportunity for Schoep's review or review by his counsel, every document from his new phone that hits on a search term" (*See* Pls.' Mot. to Compel Dis. From Def. Jeff Schoep, Mar. 27, 2020, ECF No. 689) "threatens to sweep in documents, and information that are not [remotely] relevant to the issues

---

[6] *In re Honza*, 242 S.W.3d 578, 581 (Tex. App. 2008) ("*In re Ford Motor Co.*, 345 F.3d 1315, 1316-17 (11th Cir.2003) (orig.proceeding) (finding district court's order granting plaintiff "unlimited, direct access to Ford's databases" to be an abuse of discretion). ")

12

in the case, such as … private text messages, e-mails, contact lists, and photographs." *Henson v. Turn, Inc.*, Case No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal Oct. 22, 2018), *Hardy v. UPS Ground Freight, Inc.*, Civil Action No. 3:17-cv-30162-MGM, at *5 (D. Mass. July 22, 2019) Defendant Schoep's new line of work requires the utmost discretion and privacy as he works with individuals who are disengaging and leaving extremism. Private and privileged information that would not even be considered potentially responsive are contained on Mr. Schoep's new phone. In addition, Plaintiffs have also "failed to propose a means of restricting access to the phone's contents in a manner that would protect" Defendant Schoep's "private and privileged information" *Hardy v. UPS Ground Freight, Inc.*, Civil Action No. 3:17-cv-30162-MGM, at *10-11 (D. Mass. July 22, 2019). The request that the Vendor be ordered to produce immediately to the Plaintiffs, without opportunity for Mr. Schoep's review or review by defense counsel, every document which hits on a search term[7], suggests that the Plaintiffs seek "broad and unfettered access" to the contents on Mr. Schoep's phone. *Hardy v. UPS Ground Freight, Inc.*, Civil Action No. 3:17-cv-30162-MGM, at *11 (D. Mass. July 22, 2019) The mere filing of a lawsuit does not entitle a plaintiff to unfettered access to a defendant's personal, financial, commercial, proprietary or confidential information. "A party need not, under Rule 34, produce privileged or attorney work product material." *See* Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(3), Code of Civil Procedure § 2018.010, et seq." *Trevino v. Golden State FC LLC*, Member Case: 1:17-cv-01300-DAD-BAM, at *6 (E.D. Cal. Aug. 19, 2019).

## CONCLUSION

---

[7] *Carlson v. Jerousek*, 68 N.E.3d 520, 530-31 (Ill. App. Ct. 2016) (" Although relevant (discoverable) information is defined broadly to encompass not only admissible information but also information calculated to lead to the discovery of admissible information (*In re Estate of O'Hare* , 2015 IL App (2d) 140073, ¶ 14, 393 Ill.Dec. 598, 34 N.E.3d 1126), this definition is not intended as an invitation to invent attenuated chains of possible relevancy.")

In accordance with the order of this court, all credentials (or other information) within Defendant Schoep's control was produced to the Vendor along with devices ordered by the court. Despite the strident protestations of Plaintiffs' counsel, Defendant Schoep in this matter has not engaged in any willful conduct that would justify the relief requested. Although Plaintiffs' request reasonable expenses, attorneys' fees and other costs they claim was incurred in bringing this motion, Fed. R .Civ. P. 37(a)(5)(A) provides in relevant part that sanctions are not appropriate where: (ii) "the opposing party's nondisclosure, response, or objection was substantially justified" or (iii) "other circumstances make an award of expenses unjust." Here both of these precluding conditions apply.

Accordingly, Defendant Schoep requests that (1) the Plaintiffs' Motion to Compel Discovery be denied, (2) Mr. Schoep be awarded his costs and reasonable attorney fees associated with having to respond to this motion; and (3) the Court impose sanctions on Plaintiffs for their misuse of the discovery process and harassment of Defendant Schoep.

Dated: April 1, 2020                                  Respectfully Submitted,

                                                             /s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
*Counsel for Plaintiffs*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com
*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com
*Counsel for Defendant Richard Spencer*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com
*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*

  I further hereby certify that on April 1, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

            /s/ W. Edward ReBrook, IV

            W. Edward ReBrook, IV (VSB 84719)
            The ReBrook Law Office
            6013 Clerkenwell Court
            Burke, VA 22015
            Mobile: 571.215.9006
            Email: Edward@ReBrookLaw.com