# EXHIBIT 6



JESSICA E. PHILLIPS

**VIA EMAIL**

March 11, 2020

Mr. W. Edward ReBrook, Esq.
The ReBrook Law Office

RE:   *Sines et al.* v. *Kessler et al.,* No. 3:17-cv-00072-NKM (W.D. Va.)

Dear Mr. ReBrook:

      I write regarding the document production that you made on October 25, 2019, on behalf of Defendant Jeff Schoep.

      As you know, in its order of November 27, 2019, the Court ordered that, no later than February 5, 2020, "Each Defendant shall produce *any nonprivileged responsive ESI,* along with a privilege log folly explaining why any responsive ESI was withheld, to Plaintiffs' counselECF No. 579 (emphasis added).

      As reflected in the third-party discovery vendor's report dated February 25, 2020, the vendor imaged and collected 22,419 files from Mr. Schoep's devices and social media accounts. 2,542 of these files (from Mr. Schoep's laptop computer, email accounts, website, and VK account) hit on the agreed-upon search terms.

      Despite the large number of presumptively responsive documents, Mr. Schoep's production included only 100 documents from Mr. Schoep's laptop and email accounts, including commander@newsaxon.org and jeffschoep@gmail.com. Of those 100 documents, a large portion comprised public filings and correspondence in this case, as well as numerous irrelevant documents (including birthday announcements, Google news alerts, Reason.com newsletters, and advertisements). Approximately half of Mr. Schoep's

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards. New York. NY 100011 (t) 212.446.2300  I (f) 212.446.2350 | www.bsfllp.com

Mr. W. Edward ReBrook, Esq.
March 11, 2020
Page 2 of 3

production comprised non-viewable files, with filename extensions ".bin," ".pak," and ".log," that contained no substance. However, a review of other Defendants[5] productions reveals numerous emails sent to and from Mr. Schoep at commander@newsaxon.org that Mr; Schoep should have produced, including at least 300 emails exchanged with Defendant Matthew Heimbach (including emails discussing Unite the Right), six emails exchanged with Defendant Jason Kessler (including emails discussing Unite the Right), approximately 20 emails exchanged with Defendant Matthew Parrott, and several emails exchanged with Dillon Hopper of Vanguard America.

Furthermore, Mr. Schoep's production contained no documents from the NSM88.org website and VK account that Mr. Schoep disclosed, both of which contain responsive documents. For example, on March 2, 2019, at 8:41 AM, Mr. Schoep posted on VK a plainly responsive message to followers regarding what he characterized as "an ongoing, frivolous lawsuit stemming from events that occurred at the Unite the Right Rally in August, 2017." The fall/winter 2017 issue of the "NSM Magazine" posted on NSM's website contains a similarly clearly responsive "Charlottesville Unite the Right Report" describing NSM's involvement in the events of August 2017.

In light of the high number of presumptively responsive documents as well as the known responsive documents that Mr. Schoep has not produced, and the small size and non-substantive nature of Mr. Schoep's production, we request that you answer the following questions so that Plaintiffs may determine whether to seek relief from the Court::

1. With respect to the more than 2,400 documents that hit on search terms but that you did not produce, please state whether you have withheld those documents because they were privileged or because you decided that they were non-responsive although they hit on search terms.

2. To the extent that you have withheld any documents on the grounds of privilege, you are required to provide Plaintiffs with a privilege log, as ordered by the Court in its November 27, 2019, order, in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5). Please confirm whether you have withheld any documents as privileged.

3. Please clarify the nature of the non-viewable files ending in ".bin," ".pak," and ".log," including explaining what type of file they are and whether they are associated with particular software, and produce replacement versions that are readable in a standard text editor or image viewer.

In addition, we reiterate our request, which we made at the deposition of Burt Colucci on December 10, 2019, and again by email on December 11, 2019, that you provide Mr. Schoep's new phone to the third-party discovery vendor. Mr. Colucci testified

Mr. W. Edward ReBrook, Esq.
March 11, 2020
Page 3 of 3

at his deposition that Mr. Schoep had exchanged text messages with Mr. Colucci on this new phone. You previously refused to produce this phone because, as you stated in your email dated December 17, 2019, Mr. Schoep's new phone "was obtained well after Charlottesville and therefore would not contain any potentially relevant information in regards to this litigation." However, Plaintiffs' First Set of Requests for Production of Documents explicitly request **"[a]ll Documents and Communications concerning the Events**where "Events" are defined to mean the occurrences and activities described in the Complaint, as well as "[a]ll Documents concerning and **all Communications concerning or with any Plaintiff or Defendant** (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events" (emphasis added). Requests for Production Nos. 1, 6. Therefore, any communications Mr. Schoep possesses with Mr. Colucci, regardless of their date, are relevant and responsive to Plaintiffs' requests. Furthermore, you are required to supplement your responses in accordance with Fed. R. Civ. P. 26(e). We therefore request that you immediately produce Mr. Schoep's new phone to the vendor.

Please provide your responses as requested above by Wednesday, March 18, 2020. If we do not hear from you, we intend to seek relief from the Court. Plaintiffs reserve all rights.

Sincerely,

*Jessica E. Phillips*

Jessica E. Phillips



6013 Clerkenwell Court • Burke • VA • 22015 • 571.215.9006 • www.rebrooklaw.com

**MARCH 17, 2020**

**VIA EMAIL**

JESSICA E. PHILLIPS
BOIES SCHILLER FLEXNER LLP

RE:  *Sines et al.* v. *Kessler et al.,* No. 3:17-cv-00072-NKM (W.D. Va.)

Dear Ms. Phillips:

     I am writing in response to your letter regarding Mr. Schoep's document production that was made on October 25, 2019.  The VK and NSM88.org website documents were not produced at that time because the third-party discovery vendor had not yet released either of those production batches for review.  The website and VK account were released on January 28, 2020 as you may see for yourself in the email attached to this letter.

With respect to the more than 2,400 documents that hit on search terms and were not produced:

- The third-party discovery vendor (iDS) collected 164 documents that hit on search terms from commander@newsaxon.org email address.  Majority of the documents that hit search terms are completely non-responsive to this civil suit. None of these collected emails were any correspondence between my client, Mr. Schoep, and Defendant Heimbach.  As for the email exchanges to which you are referring to between my client and the other defendants, Mr. Schoep does not possess any copies of such emails, nor were any collected by iDS.

  iDS collected 211 documents that hit search terms from my client's personal email: jeffschoep@gmail.com .  This was my client's personal email address to which he communicated with his attorney, his family and used only for personal non-NSM related business. Majority of these emails were completely non responsive, even though they hit on one or more of the overly broad search terms. Many of these correspondences that were collected include veterinarian correspondence, family pictures, and correspondence

with family concerning private family matters. This also includes correspondence that was kept between my client and his now deceased mother regarding her chemo treatments during her battle with cancer. These matters are private and definitely non responsive to this lawsuit, even if the documents hit on search terms. The search terms are overly broad and include "Schoep", so of course almost every email is going to hit on a search term because as you already know Schoep is my client's last name. It would most definitely be included in at least one of the email fields (To, From, Signature, etc). As you may review for yourself, due to the overly broad scope of the search terms, even non-responsive documents were collected for production.

My client is very OCD and meticulous about making sure his email is clear of clutter. Any email correspondence that was saved was done so only because it was important regarding family or business. Mr. Schoep is very organized in this manner and had he known there would have been a lawsuit to which any of this supposed correspondence would have been needed then he would have made sure to keep such documents, if they ever existed.

Many of these documents collected by the third-party vendor are non-responsive, the search terms are so overly broad that literally ANYTHING could hit a search term.  As of this point my client has gone back through and re-coded many of the non-responsive documents to responsive for production so that you may see this for yourself. According to iDS the new production batch of old data will produce 382 documents which were previously coded as "Non Responsive".  It was our understanding that only documents pertaining to this case, Sines v Kessler, were to be included in the "Responsive" document production. You will also see that from the NSM88.org website, all 2,146 documents collected, all have been coded as "Responsive" and should have been produced by the third-party discovery vendor for your review. Out of all 2,146 documents from the website only a handful are in actuality "Responsive" to this case. However, in our efforts to prove our cooperation, we have coded all as "Responsive" and have asked that iDS produce ALL of these documents for your own review.

- Approximately 60 documents have been withheld due to privilege.  As per Fed R C P 26(b)(5) I have attached the Privilege Log also.

- "Please clarify the nature of the non-viewable files ending in '.bin' '.pak' and '.log' including explaining what type of file they are and whether they are associated with particular software, and produce replacement versions that are readable in a standard text editor or image viewer"
    - As for the non-viewable files ending in "bin" "pak" and "log" - all of these files were retrieved from Mr. Schoep's laptop. These files are regular random computer application files. We have no idea what software these are related to etcetera. Majority of the items from Mr. Schoep's laptop are just various standard programs such as Adobe, Microsoft Windows, Open Office, and the like. If you

    ask a computer tech they will tell you the same. There isn't anything special regarding these miscellaneous files. These were simply marked as "Responsive" so that Plaintiffs counsel could review for themselves what the overly broad search criteria produced.

  As stated previously, my client's new phone was obtained well after Charlottesville and therefore would not contain any potentially relevant information in regards to this litigation. There is no need for Mr. Schoep to produce his new phone as there is absolutely nothing relevant or "potentially" responsive in regards to this litigation contained on the device.

                Sincerely,

                W. EDWARD REBROOK, IV, ESQ
                ATTORNEY & COUNSELLOR AT LAW

**From:** ███████████████sinc.com>
**Date:** January 28, 2020 at 12:17:33 PST
**To:** ████████████████████████████
**Cc:** iDS_SINKS-02678 <ids_sinks-02678@idsinc.com>
**Subject: Sines vs. Kessler**

Mr. ReBrook,

Mr. Schoep's VK files have been loaded into Relativity and are ready for your review. There are 396 documents including family. We've created a saved search for you which will return those documents. The link to that search is:

████████████████████████████████████████████

Please let us know if you have any questions.

Thank you,
Barbara
███████████████████

----
**Barbara Bibas**
Discovery Services Consultant
**iDiscovery Solutions**






*iDS is a proud Chambers and Partners* **Band 2** *Ranked eDiscovery provider!*
https://www.chambersandpartners.com/12788/2817/editorial/58/1#22770855_editorial

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓sinc.com>
**Date:** January 28, 2020 at 16:49:45 PST
**To:** "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Cc:** iDS_SINKS-0267▓▓▓▓▓▓▓▓▓▓▓▓▓▓idsinc.com>
**Subject: Sines vs. Kessler**

Mr. ReBrook,

Mr. Schoep's NSM88.ORG website files have been loaded into Relativity and are ready for your review. There are 2,146 documents including family. We've created a saved search for you which will return those documents. The link to that search is:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Please let us know if you have any questions.

Thank you,
Barbara


----
**Barbara Bibas**
Discovery Services Consultant
**iDiscovery Solutions**



  

*iDS is a proud Chambers and Partners **Band 2** Ranked eDiscovery provider!*
https://www.chambersandpartners.com/12788/2817/editorial/58/1#22770855_editorial

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the

sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

As Per iDS:

| Collection Type | Account | Collection Date | Date Released for Review |
|---|---|---|---|
| Laptop | | 5/13/2019 | 5/30/2019 |
| Email | commander@newsaxon.org | 5/10/2019 | 5/30/2019 |
| Email | jeffschoep@gmail.com | 5/10/2019 | 5/30/2019 |
| Website | spectra (NSM88.ORG - nsm88.org/cpanel) | 11/11/2019 | 1/28/2020 |
| VKontakte (VK) | commander@newsaxon.org | 6/19/2019 | 1/28/2020 |