# EXHIBIT 7



**Amy Spitalnick** @amyspitalnick

If "National Socialist Movement" sounds familiar, it's b/c one of its members tried to bomb a hospital treating coronavirus patients this week.

NSM and its former leader Schoep are defendants in @IntegrityforUSA's Charlottesville suit for their role orchestrating that violence.

> **Integrity First for America** @IntegrityforUSA · Mar 27
> NEW: Our Charlottesville plaintiffs filed a new motion to compel discovery from neo-Nazi Jeff Schoep, the former leader of hate group National Socialist Movement. He's repeatedly flouted court orders, trying to avoid accountability for his actions. integrityfirstforamerica.org/newsroom/charl... 1/3
> Show this thread

3:54 PM · Mar 27, 2020 · TweetDeck



**Amy Spitalnick** @amyspitalnick

If you thought a pandemic would stop our plaintiffs from holding these neo-Nazis accountable, you were wrong.

@IntegrityforUSA's Charlottesville case is pushing forward — and it's sadly all the more important as white supremacists try to exploit this crisis.

> **Integrity First for America** @IntegrityforUSA · Mar 27
> NEW: Our Charlottesville plaintiffs filed a new motion to compel discovery from neo-Nazi Jeff Schoep, the former leader of hate group National Socialist Movement. He's repeatedly flouted court orders, trying to avoid accountability for his actions. integrityfirstforamerica.org/newsroom/charl... 1/3
> Show this thread

11:18 AM · Mar 31, 2020 · TweetDeck



**Integrity First for America**
@IntegrityforUSA

NEW: Our Charlottesville plaintiffs filed a new motion to compel discovery from neo-Nazi Jeff Schoep, the former leader of hate group National Socialist Movement. He's repeatedly flouted court orders, trying to avoid accountability for his actions.
integrityfirstforamerica.org/newsroom/charl... 1/3



Charlottesville Plaintiffs File New Motion To Compel Discovery ...
Former NSM leader and other neo-Nazi defendants try to avoid accountability in Sines v. Kessler, the federal lawsuit backed by ...
🔗 integrityfirstforamerica.org

3:41 PM · Mar 27, 2020 · Twitter Web App

---



**Integrity First for America**
@IntegrityforUSA

Schoep has only produced gibberish and other non-responsive documents since Jan 2018. Sworn testimony by current NSM leader reveals Schoep continues to communicate with the neo-Nazi group — including new discoverable communications — despite claims he's left the movement. 2/3

3:50 PM · Mar 27, 2020 · Twitter Web App

---



**Integrity First for America**
@IntegrityforUSA

"Schoep's conduct in this litigation reflects a pattern and practice of resistance, recalcitrance, and outright defiance of Court orders and Schoep's discovery obligations."

We're committed to bringing Schoep and his co-defendants to justice for their violent actions. 3/3

3:57 PM · Mar 27, 2020 · Twitter Web App



March 13, 2020

Integrity First for America



### Sent via Certified USPS Mail and Electronic Mail

*Re: Notice to Cease and Desist*

Dear Integrity First for America:

It has come to my attention that you have made a defamatory and false statement about me. The following false statement(s) was made: "neo-Nazi Jeff Schoep...claims he's left the white supremacist movement. But testimony from the current NSM leader demonstrates he's continued to participate in their hateful activities." For examples, refer to Exhibit A to this letter.

The statement(s) was written in a tweet by the official Twitter account of Integrity First for America, @IntegrityForUSA, at 12:25PM on March 12, 2020, and is willfully misleading and without merit. I left the white supremacist movement in March of 2019 and I have not continued to "participate" in the NSM's "hateful activities". Since August of 2019, I have been speaking out publicly against the movement, hate, racism, extremism and anti-Semitism. I have credible sources to prove that my departure from white supremacy is true and that I am actively speaking out against the hateful ideology.

The false and libelous statement(s) that your organization made is reckless and highly defamatory, and has caused me to suffer:

- Reputational Harm
- Harm to my character and reputation

- Economic harm

I do not wish any harm to Integrity First for America despite the harm your organization's statement(s) has caused and is continuing to cause me. As such I hereby demand the following from Integrity First for America:

- immediately cease and desist from making any and all false statements against me within 7 days of the date of this letter
- remove all defamatory statement(s) and contents from Twitter, and/or your website, all social media accounts, any and all publications
- publish a retraction to the false statement(s)
- issue a public apology,
- notify me in writing when these tasks have been completed.

I am hopeful that this unfortunate situation can be resolved without legal action. If you are in agreement, please let me know that you assent to my terms within seven ("7") days of your receipt of this letter. If you refuse, I may have no choice but to seek redress in a court of law, at which point I may also seek punitive damages, reimbursement of court costs, reasonable attorney's fees, and interest.

Please contact me directly with any questions; I can be reached by phone at 313.671.2583 or by e-mail at Jeff@jeffschoep.com. Your prompt attention to this matter is appreciated.

Sincerely,

Jeff Schoep

# EXHIBIT A



**Integrity First for America** @IntegrityforUSA

Defendant neo-Nazi Jeff Schoep - who led hate group National Socialist Movement during the Charlottesville violence - claims he's left the white supremacist movement. But testimony from the current NSM leader demonstrates he's continued to participate in their hateful activities.

> [15] Colucci's deposition also revealed that Schoep and Dietz have continued to participate in NSM's activities, even as Schoep claims to have left the white-supremacist movement. Ex. 10. For example, on October 13, 2019, Schoep warned Colucci via text message that someone who was calling into Colucci's podcast with death threats was "baiting" him and was actually a federal informant. Colucci Dep. 242–43; see id. at 245. Dietz, Schoep's girlfriend, has "[i]nformally" remained a member of NSM and manages NSM's website. As recently as December 2, 2019, Colucci asked Dietz to update the website. Id. at 195–99, 203–04. Yet Schoep claims to have renounced white supremacism. Ex. 10.
> [16] Colucci testified he owned an "Acer" computer and a "new computer" that he "went out and got" because "people were saying that I was going to have to turn over my electronic devices." Colucci Dep. 100–01.

12:25 PM · Mar 12, 2020 · Twitter Web App



**Integrity First for America** @IntegrityforUSA

And Schoep & NSM both continue to flout court orders - failing to turn over key evidence, while trying every trick in the book to avoid liability in our Charlottesville suit. Schoep even tried to transfer control of NSM as our lawsuit heated up, in an attempt to "save [his] *ss."

> Stern promised Schoep that he, or someone he designated, could take back the organization as soon as several months later. Call 1 at 5:00–5:35. Stern informed Schoep, "I'm gonna hold the corporation for you," until Schoep was "dismissed off the lawsuit, where they can't sue you again" and was "safe." Call 2 at 19:11–19:52; Call 9 at 8:14–9:00. Stern explained:
>
> Stern: Now, at any given time though, between you and I, you can have it back, okay? But just make sure, we agreed, you wait long enough where it don't look like it's a ploy, you follow what I'm saying?
> Schoep: Right.

12:28 PM · Mar 12, 2020 · Twitter Web App

March 13, 2020

Amy Spitalnick

**Sent via USPS Certified Mail and Electronic Mail**

*Re: Notice to Cease and Desist*

Dear Ms. Spitalnick:

It has come to my attention that you have made a defamatory, libelous, and false statement about me. The following false statement(s) was made: "***Neo-Nazi Jeff Schoep has been on a media tour claiming he's left the movement. To put it politely, that's garbage.***" For examples, refer to Exhibit A to this letter.

The statement(s) was written in a tweet from your official Twitter account @amyspitalnick, on March 11, 2020 at 8:19PM and is willfully misleading, without merit and libel. I am not a "neo-Nazi". I left the white supremacist movement fully and completely in March of 2019. Since August of 2019, I have been speaking out publicly against the movement, hate, racism, extremism and anti-Semitism. I have credible resources to prove that my departure from white supremacy is true and that I am actively speaking out against the hateful ideology.

The false and libelous statement(s) that you made is reckless and highly defamatory, and has caused me to suffer:

- Reputational Harm
- Harm to my character and reputation
- Economic harm

I do not wish any harm to you despite the harm your defamatory and slanderous statement(s) has caused and is continuing to cause me. As such I hereby demand the following from you:

Page 1 of 4

- immediately cease and desist from making any and all false statements against me within 7 days of the date of this letter,
- remove all defamatory statement(s) and contents from Twitter, and/or all websites, all social media accounts, any and all publications
- publish a retraction to the false statement(s)
- issue a public apology,
- notify me in writing when these tasks have been completed.

I am hopeful that this unfortunate situation can be resolved without legal action. If you are in agreement, please let me know that you assent to my terms **within seven ("7") days of your receipt of this letter**. If you refuse, I may have no choice but to seek redress in a court of law, at which point I may also seek punitive damages, reimbursement of court costs, reasonable attorney's fees, and interest.

Please contact me directly with any questions; I can be reached by phone at 313.671.2583 or by e-mail at Jeff@jeffschoep.com. Your prompt attention to this matter is appreciated.

Sincerely,

Jeff Schoep

# EXHIBIT A



# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

Attorneys At Law
600 Fifth Avenue at Rockefeller Center
10TH Floor
New York, New York 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK
ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

March 19, 2020

*Via Email*

Jeff Schoep
jeff@jeffschoep.com

      Re:    *Amy Spitalnick & Integrity First for America*

Dear Mr. Schoep:

      This firm represents Amy Spitalnick and Integrity First for America ("IFA"), and we write in response to your March 13, 2020 letters. Neither Ms. Spitalnick nor IFA will be intimidated by your baseless threats. Nor will they delete their tweets, none of which are defamatory, and all of which are true.

      Ms. Spitalnick and IFA have the absolute right to publicize the evidence demonstrating that your claim to have severed ties with the National Socialist Movement ("NSM") is not genuine. As their tweets specifically explain, this evidence includes sworn testimony from the current NSM leader connecting you to the organization. Far from being defamatory, the tweets about which you complain are in fact true. They are also protected speech that cannot serve as the basis for a claim of defamation.

      Your letters are nothing more than a transparent attempt to harass and intimidate the people who are working to hold you and your organization accountable for the violence perpetrated in Charlottesville. Cease your threatening tactics immediately, or we will be forced to take legal action.

**The Evidence Is Clear: You Are Still Connected to NSM and the Alt-Right**

      Your letters assert that Ms. Spitalnick's and IFA's tweets falsely accuse you of maintaining connections to NSM and the alt-right. But the evidence is clear: you *are still* connected to NSM and the alt-right. Burt Colucci, NSM's current leader, testified under oath that you tried to protect Mr. Colucci and NSM from infiltration by a federal informant, that your girlfriend is still a member of NSM, and that she also maintains the NSM website. Your own racist screeds on Twitter and other online platforms from within months of your alleged

Emery Celli Brinckerhoff & Abady LLP
Page 2

conversion, all of which invoke extremist language, confirm Mr. Colucci's testimony as described in the publicly filed briefs. You are plainly still involved with NSM and the alt-right.

In New York, as in every other jurisdiction in the nation, a statement cannot be both true and defamatory: falsity is the *sine qua non* of a defamation claim. Thus, a claim of defamation that is grounded in a statement that is substantially true is "legally insufficient and should be dismissed." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 242 (2d Cir. 2017) (internal citations and alterations omitted); *accord Stepanov v. Dow Jones & Co., Inc.*, 120 A.D.3d 28, 34 (1st Dep't 2014) (defamation claim "must be dismissed" where "based on substantially true statements"); *PBM Prod., LLC v. Mead Johnson Nutrition Co.*, 678 F. Supp. 2d 390, 400 (E.D. Va. 2009) ("Truth is a complete defense to a defamation claim.").

In short: a suit against Ms. Spitalnick and/or IFA would be both baseless and subject to sanction.

**The Tweets Are Protected Speech**

    **1.**    **The IFA Tweets Are Not Defamatory**

The IFA's tweets are not defamatory: (i) because they are true; and (ii) because they are protected speech under New York law.

    **A. The IFA's Tweets Are True**

Neither of the IFA tweets about which you complain contain false statements of fact. The first IFA tweet (from 12:25 p.m. on March 12, 2020) states that "testimony from the current NSM leader demonstrates that [you have] continued to participate in their hateful activities." The second IFA tweet (from 12:28 p.m. on March 12, 2020) states "Schoep even tried to transfer control of NSM as our lawsuit heated up, in an attempt to 'save [his] *ss.'"[1]

You cannot seriously challenge the truth of either statement. The first includes citations to the current NSM leader's deposition testimony, which establishes your continued connection to NSM. The statement in the tweet merely points out that such testimony exists, something that you cannot deny. Similarly, the second tweet includes quotes from a phone call in which you discussed transferring control of NSM to somehow limit or escape your legal exposure. You do not (and cannot) claim that the call did not take place.

The IFA tweets do nothing more than report on the existence of events—a deposition and a phone call—that you do not and cannot deny took place. As such, they are true—and not defamatory.

---

[1] The second IFA tweet also states that you and NSM "both continue to flout court orders." Your failure to mention this statement in your letter demonstrates that you acknowledge its truth.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

### B. The IFA's Tweets Are Protected by the Fair Reporting Privilege

The IFA tweets are protected for a second, independent reason as well: they accurately and fairly report what was said in a judicial proceeding. Section 74 of the New York Civil Rights Law creates an absolute statutory privilege for such reports.

Section 74 bars a defamation action "for the publication of a fair and true report of any judicial proceeding." N.Y. Civ. Rights Law § 74; *see also Holy Spirit Ass'n for the Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d 63, 67 (1979) ("it is enough that the substance of the article be substantially accurate" for the privilege to apply and a defamation case to be barred). Section 74 applies where documents filed in a judicial proceeding "form the basis for each of the contested statements" and where the "statements essentially summarize or restate the allegations" in the filed documents. *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 311 (S.D.N.Y. 2019) (internal quotation marks omitted). Section 74's protection "also extends to the release of background material with regard to the case, so long as the statement is a substantially accurate description." *Fishof v. Abady*, 280 A.D.2d 417, 417-18 (1st Dep't 2001) (internal citations omitted).

Both IFA tweets are fully protected by Section 74. The first IFA tweet is almost a verbatim quote from a publicly-filed brief. The tweet makes that clear by including a screenshot of the brief itself. The second tweet likewise reports what was contained in a publicly-filed brief; it too includes a screenshot of the referenced brief.

Your apparent disagreement with the "allegations contained in the [brief] does not affect whether the statement[s] [are] a fair and true report of the allegations [they] paraphrase[]." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 479 (S.D.N.Y. 2012) (Section 74 bars defamation claim based on statement that was a "nearly direct quote" from a publicly filed affidavit). All that matters for the application of Section 74 is that a writing is "a substantially accurate rendering of what was said" in a judicial proceeding, regardless of whether what was said in the proceeding is true. *Zappin v. NYP Holdings, Inc.*, No. 16 Civ. 8838 (KPF), 2018 WL 1474414, at *7 (S.D.N.Y. Mar. 26, 2018).

The IFA's tweets accurately report what occurred in a judicial proceeding—a proceeding to which you are a party. Thus, they are protected under Section 74 and immune from suit.

### 2. Ms. Spitalnick's Tweet Is Not Defamatory

Ms. Spitalnick's tweet is protected because it expresses an opinion based on a set of disclosed facts. And like the IFA tweets, it too is a fair report of a judicial proceeding and thus immune from suit under Section 74 of the New York Civil Rights Law.

### A. Ms. Spitalnick's Tweet Is Protected Opinion

Ms. Spitalnick's tweet is a statement of pure opinion based on disclosed facts—deposition testimony from the current NSM leader—rendered in the context of a heated public debate about your continued connection to the alt-right. As such, it is not defamatory as a matter of law.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 4

"It is a settled rule that expressions of an opinion, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions." *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 286 (1986) (internal quotation marks omitted); *accord Millus v. Newsday, Inc.*, 89 N.Y.2d 840, 842 (1996). Courts draw a distinction between "assertions of opinion that imply a basis in facts not disclosed to the reader or listener, often termed mixed opinion, which are actionable, and statements of opinion accompanied by a recitation of the facts on which they are based or statements that do not imply the existence of undisclosed underlying facts, referred to as pure opinion, which are not actionable." *Qureshi v. St. Barnabas Hosp. Ctr.*, 430 F. Supp. 2d 279, 288 (S.D.N.Y. 2006) (internal alterations and quotation marks omitted); *see also Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997) (A statement of opinion is not actionable if it "either discloses the facts on which it is based or does not imply the existence of undisclosed facts."); *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 535 (S.D.N.Y. 2015) (A statement is one of "pure opinion," and therefore non-actionable, if it "is accompanied by a recitation of the facts upon which it is based or does not imply that it is based on undisclosed facts.").

Ms. Spitalnick's tweet is an expression of pure opinion. Ms. Spitalnick opines that your claims about leaving the movement are "garbage." She bases her opinion on the deposition testimony of the current NSM leader, as described in public court filings that are expressly cited and included in her tweet. Like any expression of pure opinion, it is not actionable because it is "a proffered hypothesis that is offered after a full recitation of the facts." *Gross v. New York Times Co.*, 82 N.Y.2d 146, 154, 623 N.E.2d 1163, 1168 (1993).

In addition, the heated debate surrounding your continued connection to the alt-right makes clear that Ms. Spitalnick's tweet can reasonably be read only as expressing an opinion. The context in which a statement is made is vital to determining whether it is a statement of fact or opinion. *See, e g.*, *Old Dominion Branch No. 496, Nat. Ass'n of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264, 286 (1974) ("rhetorical hyperbole" and "expression[s] of [] contempt" in the context of a labor dispute found not to be defamatory); *Greenbelt Co-op. Pub. Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) ("rhetorical hyperbole" delivered in a public debate found not to be defamatory). "Even apparent statements of fact may assume the character of statements of opinion, and thus be privileged, when made in public debate . . . or other circumstances in which an audience may anticipate the use of epithets, fiery rhetoric or hyperbole." *Frechtman v. Gutterman*, 115 A.D.3d 102, 106 (1st Dep't 2014) (internal alterations and quotation marks omitted).

Online statements are especially imbued, by virtue of the medium itself, with the character of opinion. "Internet communications, as distinct from that of print media such as newspapers and magazines, has been characterized as encouraging a 'freewheeling, anything-goes writing style.'" *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 86 A.D.3d 32, 43 (1st Dep't 2011); *see also Matter of Konig v. WordPress.com*, 112 A.D.3d 936, 937 (2d Dep't 2013) (reasonable reader would believe that statements made on an Internet blog during sharply contested election generally referencing "downright criminal actions" were opinion, "not a factual accusation of criminal conduct"). Consequently, "New York courts have consistently protected statements made in online forums as statements of opinion rather than fact." *Bellavia Blatt & Crossett, P.C. v. Kel & Partners LLC*, 151 F. Supp. 3d 287, 295 (E.D.N.Y. 2015) (collecting cases).

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 5

Since your alleged disassociation from NSM, a debate has been raging online over whether your supposedly-reformed views are, or are not, genuine. Journalists, researchers, and others have written articles and posted statements disputing your claim to have ceded control of NSM, and questioning the motives surrounding your purported change of heart.[2]

Ms. Spitalnick's tweet describing your claimed conversion as "garbage" must be understood within that context, and it is "no more than rhetorical hyperbole, a vigorous epithet," *Greenbelt*, 398 U.S. at 14 (1970), delivered in the course of that heated public debate. It is "construable only as an 'expression[] of disagreement' or 'expression of contempt toward [an] adversary.'" *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 528 (W.D. Va. 2019) (quoting *Schnare v. Ziessow*, 104 F. App'x 847, 852-53 (4th Cir. 2004)). Because "[t]he average listener would certainly understand [the tweet] to be rhetorical hyperbole expressing [Ms. Spitalnick's] opinion of [your] character, the [tweet is] not actionable." *Zysk v. Fid. Tit. Ins. Co. of N.Y.*, 14 A.D.3d 609, 610 (2d Dep't 2005).

### B. Ms. Spitalnick's Tweet Is Protected by the Fair Reporting Privilege

Ms. Spitalnick's tweet is also protected by Section 74 of the New York Civil Rights Law. Like the IFA tweets, Ms. Spitalnick's tweet is a fair report of what was said in a publicly-filed brief. The brief—which is pictured in Ms. Spitalnick's tweet—states that you "have continued to participate in NSM's activities, even as [you] claim[] to have left the white-supremacist movement." Ms. Spitalnick's tweet repeats that allegation, albeit with slightly different wording. The wording, however, is immaterial: "A fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." *Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d 63, 67 (1979). The substance of Ms. Spitalnick's tweet comes directly from the publicly-filed brief she references. Her tweet is therefore protected under Section 74.

**You Have Not Been Damaged**

Finally, your purported defamation claim suffers from another fatal flaw: the absence of provable damages. No defamation claim lies where there are no special damages—*i.e.*, "the loss of something having economic or pecuniary value." *Liberman v. Gelstein*, 80 N.Y.2d 429, 434-35 (1992) (internal quotation marks omitted). Your letters include only conclusory statements that you have been harmed; these are insufficient to support a defamation claim. *See Demirovic v. Ortega*, No. 15 Civ. 327, 2016 WL 11472745, at *13 (E.D.N.Y. Sept. 15, 2016) ("Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim." (internal quotation marks omitted)).[3]

---

[2]    *See, e.g.*, https://www.splcenter.org/hatewatch/2019/09/11/jeff-schoep-sheds-neo-nazi-past-stays-loyal-lawyers-maneuvers; https://twitter.com/nickmartin/status/1166035475804483585; https://twitter.com/KELLYWEILL/status/1159113313659363329.

[3]    Nor can you allege defamation *per se*. The tweets (which, again, are not defamatory) do not fall into any of the recognized categories of statements that constitute defamation *per se*. They do not charge you with a serious crime, injure you in your trade, business or profession, claim you have a loathsome disease, or impute unchastity to a woman. *Liberman*, 80 N.Y.2d at 435. You therefore have no defamation claim.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 6

**Conclusion**

      Please do not communicate with Ms. Spitalnick or IFA again. Any further communications on this subject should be directed to this firm. Your letter to Ms. Spitalnick, which includes an address that the internet suggests was once associated with her, is nothing more than a thinly-veiled threat, and you should be advised that it has been reported to law enforcement. You are trying to frighten Ms. Spitalnick by showing her you think you know where she lives—but your tactics will not work. Neither Ms. Spitalnick nor IFA will be silenced. They will continue to work to hold you and your fellow extremists responsible for what you have done.

      On behalf of both IFA and Ms. Spitalnick, we reserve all rights.

      Very truly yours,

      /s/

      Andrew G. Celli, Jr.
      Samuel Shapiro