UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                Plaintiffs,

v.

JASON KESSLER, et al.,

                Defendants.

Civil Action No. 3:17-cv-00072-NKM

JURY TRIAL DEMANDED

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
FROM DEFENDANT JEFF SCHOEP**

Plaintiffs respectfully submit this reply in support of their motion to compel discovery from Defendant Jeff Schoep ("Schoep"), ECF No. 689 ("Mot." or "Motion"). After four months of refusing to produce his new cellphone containing responsive discovery to which Plaintiffs are entitled and forcing Plaintiffs to waste time, effort, and costs to file their motion to compel, ***Schoep has now agreed*** to produce his new cellphone for imaging, Opp. at 12, ECF No. 694 ("Opp."), implicitly conceding that his prior position refusing to make the phone available was meritless. Schoep reconfirmed his about-face in an email to Plaintiffs' counsel dated April 6, 2020. Ex. A ("We will also be providing Mr. Schoep's new phone to the vendor for imaging and will provide his supplemental response for 'Exhibit A To Stipulation and Order for the Imaging, Preservation, and Production of Documents' accordingly.").

While Schoep has finally capitulated to Plaintiffs' request for his responsive documents over two months ***after*** the document production deadline set by the Court, *see* Order, Nov. 27,

2019, ECF No. 597, Schoep opposes Plaintiffs' request for fees and costs. Schoep contends that Federal Rule of Civil Procedure 37(a)(5)(A) precludes awarding Plaintiffs' their fees and costs because sanctions are not appropriate where "'the opposing party's nondisclosure, response, or objection was substantially justified.'" Opp. at 14 (quoting Fed. R. Civ. P. 37(a)(5)(A)). But as Plaintiffs made clear in their opening motion, in refusing to produce his new cell phone, Schoep made only specious and legally incorrect arguments that had already been rejected by this Court and for four months steadfastly refused to engage with Plaintiff on the merits of their request.[1] Mot. at 7-9. Due to this unjustifiable intransigence, Plaintiffs were forced to move to compel. Had Schoep agreed to produce his cellphone in response to any of Plaintiffs' prior requests, Plaintiffs would not have had to file the instant Motion in the first place. Fees and costs are plainly justified.

Schoep also opposes Plaintiffs' requested relief that the Court order the Vendor to produce immediately to Plaintiffs, without opportunity for review by Schoep or his counsel, every document that hits on a previously agreed-upon search term. Opp. at 12-13. Schoep's opposition mischaracterizes the scope of Plaintiffs' requested relief. Plaintiffs do not seek "free access to Defendant Schoep's collected ESI regardless of relevance, privilege or confidentiality." *Id.* at 12. Plaintiffs seek only the documents that hit upon previously-agreed upon search terms, Mot. at 2, 9, which are presumptively relevant to the issues in this case. Plaintiffs have also promised to abide by the ethical rules governing the return of any documents that appear privileged—a procedure this Court has previously approved for productions of other Defendants' documents. *See* Order 2-3, Jan. 22, 2020, ECF No. 638. The Protective Order in the case also contains

---

[1] Through his attorney, Schoep asserted that his new cellphone could not have any responsive documents because it was obtained after Unite the Right, notwithstanding that the Court determined more than a year ago that "'accounts created after August 2017 could hold responsive documents.'" *See* Mot. at 7-8 & n.3 (quoting Hr'g Tr. 20, Mar. 18, 2019, ECF No. 455).

confidentiality provisions that Schoep may use to designate documents as "confidential" or "highly confidential" thereby providing further protection to his productions.  *See* Order for the Production of Documents and Exchange of Confidential Information, Jan. 3, 2018, ECF No. 167.  Plaintiffs have been requesting the responsive discovery from Schoep's phone for four months.  The document production deadline set by the Court passed over two months ago, and the fact discovery deadline is approaching.  Plaintiffs should not be required to wait any further for access to Schoep's evidence while his counsel reviews documents that are already presumptively relevant and responsive.[2]

Plaintiffs reiterate their request for reasonable expenses and costs in bringing the Motion, including reasonable attorneys' fees and costs, in addition to ordering the Vendor to produce immediately to Plaintiffs, without opportunity for review by Schoep or his counsel, every document that hits on a previously agreed-upon search term.[3]

Dated: April 8, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

---

[2] Schoep has already delayed discovery by refusing to produce any documents for over a year, and his first production consisted of a mere 100 documents, many of which had no substance.  *See* Mot. at 1-4.  Given Schoep's history of resistance and defiance of court orders and the impending fact discovery deadline, Plaintiffs submit that Schoep has forfeited any right to review any documents recovered from his new cell phone.  Plaintiffs cannot afford and would be prejudiced by any further delay.

[3] As noted in the Motion, Plaintiffs have already twice withdrawn requests for attorneys' fees made in motions filed against Schoep and NSM, *see* Mot. at 2 n.1, both of whom are represented by ReBrook.  This is now the ***third time*** that ReBrook has taken unjustified positions in discovery and forced Plaintiffs to seek redress from the Court, only to capitulate and effectively withdraw his opposition after Plaintiffs filed motions to compel.  ReBrook's conduct has not only caused significant delays in discovery, but also caused Plaintiffs to waste significant time, effort, and resources in engaging in unnecessary motion practice.

11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on April 8, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on April 8, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Christopher Cantwell<br>christopher.cantwell@gmail.com | Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com |
| Robert Azzmador Ray<br>azzmador@gmail.com | Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com |
| Matthew Heimbach<br>matthew.w.heimbach@gmail.com | |

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*