UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS<br><br>Defendants. | Civil Action No. :17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY FOR NATIONAL SOCIALIST MOVEMENT AND NATIONALIST FRONT**

Attorney W. Edward ReBrook IV respectfully submits this reply in support of the Motion to Withdraw as Attorney for National Socialist Movement ("NSM") and Nationalist Front ("NF"), ECF No. 691 ("Mot. To Withdraw"). For the reasons set forth below, W. Edward ReBrook IV respectfully request that the Court grant the Motion to Withdraw.

## PRELIMINARY STATEMENT

During the past year that Counsel has represented the NSM and NF, the current leadership of the NSM, Burt Colucci, has adamantly claimed his Florida NSM is not the same NSM involved in this litigation. Burt Colucci also maintains that other than asking that Counsel be present at his deposition, that he has not retained Counsel for any legal matter.*(See* Exhibit 1) On December 17, 2019, Plaintiffs' were informed in an email that Mr. Colucci continued to maintain that his Florida based NSM is not a party to the present litigation and refused to cooperate with any discovery requests. *See* Exhibit 2. Despite Counsel's efforts to persuade Mr. Colucci that this argument was not legally plausible and thus the Florida NSM would be required to participate and cooperate with discovery, Mr. Colucci still refuses. Counsel has attempted to represent the NSM in this litigation for the past year with little to no cooperation from its current leadership, who has maintained that he keeps no records.

Despite the fact Defendant Schoep was once a leader in the NSM, he does not control the organization and the organization considers him to be a traitor. (*See* Tr. Of Dep. of Burt Colucci at 53, Dec. 10, 2019, ECF No. 674-5) While the NSM/NF espouses antisemitism and racial separation, Defendant Schoep speaks out against antisemitism, racism and violence. This is not just a matter of an individual leaving an organization, such a thing would not create a concurrent conflict of interest. On the contrary, not only has Defendant Schoep left the organization, but also actively works to counter the ideology that his former organization espouses. *See* Br. in Opposition to Pls.' Mot. to Compel Discovery from Def. Jeff Schoep 11-12, Apr. 1, 2020, ECF No. 694 ("Br. in Opposition"). Counsel sought the advice of the Virginia State Bar Ethics Counsel and was advised that defense counsel should move to withdraw as NSM and NF's counsel of record.

## LEGAL STANDARDS

Virginia Rules of Professional Conduct provides guidance for the situation set forth in the Mot. To Withdraw. Specifically Rule 1.16 provides, in relevant part, that "a lawyer shall not

represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law."[1] Rule 1.16 also states "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists."[2] Comment 7 of Rule 1.16 provides that optional withdrawal "is also justified if the client persists in a course of action that the lawyer reasonably believes is illegal or unjust, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it...The lawyer also may withdraw where the client insists on a repugnant or imprudent objective."

Rule 1.7 provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client with be directly adverse to another client; *or* (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by personal interest of the lawyer."[3]

## ARGUMENT

Rule 1.7 of the Virginia State Bar Rules of Professional Conduct applies to this circumstance. Rule 1.7(a) states: "A lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1)the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the

---

[1] Va. Rules of Prof'l Conduct R. 1.16(a)
[2] *Id.* At 1.16(b).
[3] Va. R. of Prof'l Conduct R. 1.7(a).

3

lawyer."

Here, both the Virginia State Bar Ethics Counsel and defense Counsel have determined that there exists a concurrent conflict of interest. Both subsections of Rule 1.7 are relevant to the present circumstance. Specifically, the interests of the two clients are clearly and directly adverse and there is a significant risk that continued representation of NSM/NF would be limited by the representation of the "other client" (Defendant Schoep). While NSM's new leader, Burt Colucci, refuses to participate and cooperate with the Court, Defendant Schoep, continues to abide by the orders of the Court and is cooperating with discovery.[4] The conflict is clear - the best interests of Defendant Schoep is to cooperate with discovery and the court, whereas NSM/NF consider Schoep a traitor and have no interest in cooperating with counsel or this Court. There is direct adversity between Defendants Schoep and NSM/NF.

Virginia Rules of Professional Conduct Rule 1.7(a) states, in relative part that "a concurrent conflict of interests" may also exist if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." At the start of this litigation all three defendants (Schoep, NSM and NF) were represented by different counsel, Mr. Schoep was still the leader of the NSM and still espoused the same views as NSM/NF. Hence the reason all defenses at the time were identical. Defense counsel did not become counsel of record until almost a year and a half into the litigation. As of March 6, 2019, Mr. Schoep retired from the NSM and appointed a new leader. If Defendant Schoep had only retired from an organization, a conflict of interest would not have arisen. However, Defendant Schoep stands in direct adversity to NSM and NF, is viewed as a traitor and has received many

---

[4] Plaintiffs' continue to assert personal opinions as factual evidence. Defense counsel has set forth the factual background relevant to Defendant Schoep's continued cooperation with discovery and with the Court at length in previous filings and incorporate the factual recitations in those briefs by reference. *See* Mem. in Opposition to Pls.' Mot. for Sanctions Against Def. Jeff Schoep, National Socialist Movement, and Nationalist Front 2-5, October 18, 2019, ECF No. 575 ("Mem. in Opposition"); Br. in Opposition to Pls.' Mot. To Compel Discovery from Def. Jeff Schoep, Apr. 1, 2020, ECF No. 694 ("Br. in Opposition")

threats from those involved in the white nationalist movement since leaving. *See* Exhibit 3.

Even if withdrawal would have material adverse effect on the interests of the client, a lawyer may withdraw pursuant to Rule 1.16, in relevant part provides "(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

During the course of this litigation, it has become clear that Defendants NSM / NF and Counsel have significant differences of opinion with respect to several key issues affecting the case. Simply put, Defendants NSM and NF wish to pursue an approach which Counsel believes to be imprudent and with which Counsel disagrees. As a result, the attorney-client relationship has broken down. Persistent and unresolved conflict makes it unreasonably difficult for Counsel to effectively represent the Defendants NSM and NF.

In addition, NSM/NF declines to pay for any of the work Counsel has done and refuse to pay for any future work done on behalf of NSM and NF. Counsel for NSM and NF was obtained by Defendant Schoep and not by Burt Colucci, the leader and legal representative of the NSM (*See* Order, Oct. 28, 2019, ECF No. 582). Colucci is steadfast in his position that the only representation requested by Colucci and NSM was for Counsel at the deposition on December 10, 2019. Other than the deposition, Colucci refutes that NSM retained representation by Counsel and refuses any representation onward.

The Plaintiffs' have opposed undersigned Counsel's motion to withdraw because they are concerned about an alleged "end of NSM's participation in this lawsuit - and the loss of a trove of responsive documents - that would be deeply prejudicial to Plaintiffs." *See* Plaintiffs' Br. in Opposition 3, ECF No. 706, April 13, 2020. Plaintiffs allege that granting the motion would "leave Plaintiffs with a substantial and prejudicial evidentiary gap" and "should not be forced to settle for a default judgement against NSM…without receiving adverse inferences or the NSM documents themselves to remedy the prejudice to the Plaintiffs." *See* Pls' Brief in Opposition 12,

ECF No. 706, Apr. 13, 2020. In an attempt to support their claim of discovery prejudice, Plaintiffs' counsel repeatedly relies "on speculation and a misrepresentation of deposition testimony." *Schrag v. Dinges*, 150 F.R.D. 664 (1993).[5] Plaintiffs' counsel appears extremely comfortable taking liberties and bending facts such to a degree they no longer represent true factual findings but rather bend to Plaintiffs' narrative.[6]

Counsel has repeatedly advised NSM and NF that participating and cooperation is indeed necessary. Defendants NSM and NF steadfastly refuse. Several investigations for responsive documents and communications from custodians associated with NSM have been made by both Counsel and by Defendant Schoep. All discovery for NSM and NF that was in the possession and/or control of Defendant Schoep was already given to the third-party discovery vendor ("Vendor") Since NSM and NF views Mr. Schoep as a traitor[7] there is no cooperation from any members to inquiries in regards to this litigation. Counsel has also made investigations into discovery requests with no other cooperation than receiving email addresses from Colucci. The only discovery that Counsel has been able to retain from Colucci was email addresses along with the credentials which were supplied to the Vendor. The accounts were submitted to the Plaintiffs' counsel and were supplemented as well.

Defendants NSM and NF have refused and continue to refuse participation in any capacity with the present litigation, against Counsel's advice. In addition, NSM and NF are both uncooperative with Counsel. Any attempts to obtain information regarding any past or present discovery obligations are met with clear and concise refusal.

Rule 1.7(b) does permit a lawyer to represent a client notwithstanding the existence of a

---

[5] This issue was previously addressed in detail in Defendant Schoep's Br. in Opposition, Apr. 1, 2020, ECF 694.
[6] The presenting of false statements of fact, misrepresenting facts, and not taking reasonable remedial measures to correct the same violates both the Va. Rules of Prof'l Conduct and ABA Model R. of Prof'l Conduct. Rule 3.3, Candor Toward The Tribunal, provides in relevant part that: (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; . . .(3) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures. "These misrepresentations of the record did not comport with parties' duty of candor to the courts" *Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014)
[7] *See* Exhibit 3

concurrent conflict of interest but only if each affected client consents after consultation and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) The representation is not prohibited by law;

(3) The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) The consent from the client is memorialized in writing.

Plaintiffs' request that the Court require Counsel to obtain the consent required under Rule 1.7(b) and to proceed with joint representation of the defendants. However, defense counsel can not obtain such a consent from NSM and NF. Both defendants refute any attorney-client relationship has been formed between Counsel and the entities and furthermore refuse any services by Counsel. If the conflict of interest between clients were to have been resolved with such consent, Counsel would not have had to file a motion to withdraw.

Plaintiffs' counsel also alleges that Counsel's legal assistant, Acacia Dietz, is a member of NSM and that she also was responsible for updating the NSM website as late as December 2019. These allegations are completely false and derived from "cherry-picked isolated phrases" of Colucci's deposition testimony.[8] In addition, Plaintiffs' claim that Counsel's legal assistant is the legal representative of NSM is incorrect, she was authorized at that time only to answer interrogatories on behalf of NSM. Once again there are severe discrepancies between factual truth and what Plaintiffs' counsel attest to be facts.

## CONCLUSION

WHEREFORE, Counsel, W. Edward ReBrook, IV, based upon the forgoing reasons, respectfully requests that leave to withdraw as counsel for defendants NSM and NF be granted.

---

[8] Colucci states that Acacia Dietz had not done anything with NSM or the website since June of 2019. *See* Tr. Of Dep. of Burt Colucci 195-197, Dec. 10, 2019, ECF No. 674-5. He also states that when he asked her to update the website she did not respond. *Id.*198 at 11

7

April 20, 2020

By: /s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Roberta A. Kaplan (*pro hac vice*) Julie E. Fink (*pro hac vice*) Gabrielle E. Tenzer (*pro hac vice*) Michael L. Bloch (*pro hac vice*) KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118 Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*) Jessica E. Phillips (*pro hac vice*) William A. Isaacson (*pro hac vice*) BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards New

8

York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*) Philip Bowman (*pro hac vice*) COOLEY LLP
55 Hudson Yards New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*) Joshua M. Siegel (VSB 73416) COOLEY LLP
1299 Pennsylvania Avenue, NW Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796) WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
*Counsel for Plaintiffs*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com
*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

John A. DiNucci
Law Office of John A. DiNucci 8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com
*Counsel for Defendant Richard Spencer*

Justin Saunders Gravatt David L. Campbell Duane, Hauck, Davis & Gravatt, P.C. 100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com
*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on April 20, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

    /s/ W. Edward ReBrook, IV

W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com