CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/18/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
|    Defendants. | ) | By:   Joel C. Hoppe |
| | ) |        United States Magistrate Judge |

This matter is before the Court on Plaintiffs' Motion to Compel Discovery from Defendant Robert "Azzmador" Ray. ECF No. 673. Ray, who has represented himself in this case since October 2019, ECF No. 583, did not file a brief in opposition within the fourteen days allowed by the presiding District Judge's pretrial order, ECF No. 101. Ray also failed to appear for a telephonic status and discovery conference held on April 27, 2020. ECF No. 721. Accordingly, the Court considers Plaintiffs' motion to be unopposed. ECF No. 101.

Rules 26 through 37 of the Federal Rules of Civil Procedure govern discovery in most civil cases filed in the United States District Courts. *See Mancia v. Mayflower Textile Servs.*, 253 F.R.D. 354, 357 (D. Md. 2008). The "basic philosophy" driving discovery today is "that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." 8 Wright & Miller, Federal Practice & Procedure § 2001 (3d ed. 2002); *accord Hickman v. Taylor*, 329 U.S. 495, 501 (1947) ("The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."). "Discovery, in other words, is not a one-way proposition. It is available in all types of cases at the behest of any party, individual or corporate, plaintiff or defendant." *Hickman*, 329 U.S. at 507. "To that end, either party may

compel the other to disgorge whatever [relevant] facts he has in his possession." *Id.*; *see Eramo v. Rolling Stone*, LLC, 314 F.R.D. 205, 209 (W.D. Va. 2016); Fed. R. Civ. P. 37(a)(1).

Here, Plaintiffs moved to compel Ray to:

1. Produce to the Third-Party Discovery Vendor ("the Vendor") for imaging and collection a second laptop that Ray identified on his sworn Certification form in January 2019;

2. Produce to the Vendor for imaging and collection a second cell phone that Ray failed to identify both in his sworn responses to written discovery and on the Certification form;

3. Disclose to the Vendor the credentials for the Daily Stormer website, the Krypto Report podcast, and Skype, Gab.ai, and Twitter accounts that Ray identified on the Certification form, as well as any other accounts and credentials within his possession that Ray did not identify on the Certification, to the Vendor for imaging and collection.

Pls.' Mot. to Compel Disc. from Def. Ray 4, 9, 12–13, 16–17; *see also* Def. Ray's Resps. to Pls.' First Interrogs. & Reqs. for Produc. of Docs. 1–6 (Apr. 18, 2018), ECF No. 478-1; Pls.' Mot. to Compel Disc. from Def. Ray Ex. 8 (Jan. 22, 2019), ECF No. 710-3; *id.* Ex. 9 (Feb. 25, 2020), ECF No. 710-4. Plaintiffs also seek a court order directing the Vendor to produce immediately to Plaintiffs' counsel, "without the opportunity for Ray's review," every document collected from his imaged "devices and accounts that hits on any search term" the parties have agreed upon. Pls.' Mot to Compel Disc. from Def. Ray 17.

The Court has already held Plaintiffs are entitled to the requested material because it is directly relevant to their surviving claims and proportional to the needs of the case, considering

the parties' relative access to such information, the parties' resources, the importance of the discovery in resolving the issues, and most Defendants' (including Ray's) apparent inability to locate and produce responsive documents and electronic information. *See generally Sines v. Kessler*, No. 3:17cv72, 2019 WL 3767475, at *13–14 (W.D. Va. Aug. 9, 2019); Order of Nov. 13, 2018, at 1–2 (granting Plaintiffs' motion to compel inspection and imaging of Ray's and other Defendants' online accounts and electronic devices), ECF No. 379. The Court has also ordered Ray many times to provide or permit discovery "of the same material in [his] control," *Sines*, 2019 WL 3767475, at *13 (quoting *Lee v. Max Int'l*, 638 F.3d 1318, 1321 (10th Cir. 2011) (Gorsuch, J.)), by deadlines repeatedly extended. *See* Order of Mar. 26, 2018, at 5, ECF No. 288 (first set of interrogatories and requests for production); Order of Nov. 13, 2018, at 1 (Discord consent); Stip. & Order of Nov. 19, 2018, at 2, 8–9, 16 (identified electronic devices, social media credentials), ECF No. 383; Order of Mar. 4, 2019, at 3 (same), ECF No. 440; Disc. Order of Oct. 28, 2019, at 2–3 (identified electronic devices, last-known social media credentials, consent), ECF No. 582; Order of Nov. 27, 2019, at 1 (all requested discovery), ECF No. 597. Yet, it has been Ray's "consistent 'practice from the very beginning to ignore outright the court's orders or to submit chaotically and defectively to them.'" *Sines*, 2019 WL 3767475, at *14 (quoting *Mut. Fed. Savs. & Loan v. Richards & Assocs.*, 872 F.2d 88, 94 (4th Cir. 1989)). Clearly, Ray's "track-record of failing to fulfil his discovery obligations in a timely manner . . . makes him [especially] ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith with discovery obligations." Order of Jan. 22, 2020, at 3, ECF No. 638; *see also Sines*, 2019 WL 3767475, at *2, *14–15. The case must move forward.

Accordingly, it is hereby **ORDERED** that:

3

1. Plaintiffs' Motion to Compel Discovery from Defendant Robert "Azzmador" Ray, ECF No. 673, is **GRANTED in its entirety**. Plaintiffs are directed to file a petition setting out their reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A).

2. On or before **May 19, 2020**, Plaintiffs' counsel shall provide Ray with a blank copy of the Certification form attached as Exhibit A to the Stipulation & Order for the Imaging, Preservation, and Production of Documents, ECF No. 383, at 16. Counsel may modify the Certification form's text or fields to request specific information consistent with this Order.

3. On or before **May 26, 2020**, Ray shall complete and return to the Vendor and Plaintiffs' counsel a new Certification form that:

    a. identifies *all* Social Media Accounts, as defined in ¶ 2(xi) of the Stipulation & Order and regardless of whether Ray has already disclosed them (e.g., Daily Stormer website, Krypto Report podcast, Gab.ai, Twitter), that *may* contain potentially relevant documents or files, including electronically stored information ("ESI") such as video or audio recordings, photographs or digital images, and private or public messages, posts, and comments;

    b. lists the complete and accurate last known credentials that Ray used to access *each* identified Social Media Account, regardless of whether Ray currently has access to the platform or whether an account is active, inactive, or inaccessible;

    c. for any Social Media Account for which Ray cannot remember or otherwise access such credentials, contains a statement describing all the steps Ray took to recover the information and stating why he was not successful;

    d. identifies *all* the Electronic Devices, as defined in ¶ 2(vi) of the Stipulation & Order and regardless of whether Ray has already identified them (e.g., second laptop), he has possessed from January 1, 2017, to present that *may* contain potentially relevant documents, files, or ESI such as video or audio recordings, photographs or digital images, and text messages; *and*

    e. is signed by Ray under penalty of perjury certifying that the information contained therein is true, correct, and complete to the best of his knowledge after he made a reasonable effort to search for and produce all requested information.

4. On or before **May 28, 2020**, Ray shall send to the Vendor *all* identified Electronic Devices that the Vendor has not yet received from Ray or his former attorneys, including the second laptop that Ray identified on his sworn Certification form in January 2019 and a second cell phone that Ray failed to identify in his previous discovery responses. Ray shall promptly provide any tracking information to the Vendor and to Plaintiffs' counsel.

5. On or before **June 8, 2020**, the Vendor shall provide directly to Plaintiffs' counsel any and all ESI collected from Ray's social media accounts and devices that contain the agreed-upon search terms within the applicable date range. Order of Jan. 22, 2020, at 2. The Court expects Plaintiffs' counsel will return to Ray any material likely to be protected by attorney-client privilege. *See id.*

    **Finally, Defendant Robert "Azzmador" Ray is hereby warned that his failure to fully comply with this Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or directing Ray to show cause why he should not be held in contempt of court.**

    **IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to the parties.

ENTER: May 18, 2020

Joel C. Hoppe
U.S. Magistrate Judge