UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

        Plaintiffs,

v.

JASON KESSLER, et al.,

        Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING THEIR OPPOSITION TO THIRD PARTIES JOHN HILL AND DENISE LUNSFORD'S MOTIONS TO QUASH SUBPOENAS**

Plaintiffs respectfully submit this Supplemental Brief Regarding Their Opposition to Third Parties John Hill and Denise Lunsford's Motions to Quash Subpoenas (ECF No. 672), to update the Court with (a) new facts relating to the motions to quash (ECF Nos. 647-48); and (b) the status of negotiations between Plaintiffs and Hill and Lunsford.

In their motions to quash, Hill and Lunsford argued they could not produce to Plaintiffs non-privileged documents they received from the Commonwealth's Attorney's Office for the City of Charlottesville (the "Commonwealth's Attorney"), because they signed a confidentiality agreement with the Commonwealth's Attorney wherein they agreed to keep those documents confidential. ECF Nos. 647-48, ¶¶ 5.

On May 8, 2020, the Commonwealth's Attorney agreed to waive the confidentiality agreement to allow Hill and Lunsford to produce those documents to Plaintiff. *See Exhibit 1*.

Hill and Lunsford, however, continue to refuse to produce to Plaintiffs non-privileged documents they received from the Commonwealth's Attorney (or any other documents). Hill and Lunsford claim Rule 1.6 of the Virginia Rules of Professional Conduct prohibit them from producing any documents to Plaintiffs. That rule states:

> A lawyer shall not reveal information protected by the attorney-client privilege under applicable law or other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client unless the client consents after consultation . . . .

R. of Prof. Conduct 1.6(a). While the rule generally prohibits a lawyer from disclosing certain information about their client, the rule includes an important exception to the lawyer's duty of non-disclosure: A lawyer can reveal "information to comply with law or a court order." R. of Prof. Conduct 1.6(b)(1). This means a lawyer must disclose information if "required by the Rules of Professional Conduct *or other law*." R. of Prof. Conduct 1.6 cmt. 3 (emphasis added).

1

Here, Rule 45 of the Federal Rules of Civil Procedure is "other law" that squarely requires Hill and Lunsford to produce non-privileged information. It is hornbook law that the Federal Rules of Civil Procedure have "the force and effect" of "law." *Wash. Metro. Area Transit Auth. v. Two Parcels of Land in Fairfax Cnty.*, 569 F.2d 816, 819 (4th Cir. 1978) ("It and the other rules proposed by the Supreme Court of the United States and permitted, with or without change, by the Congress to become effective are clearly portions of the body of federal law."); *Samsung Elec. Co., Ltd. v. Rambus, Inc.*, 440 F. Supp.2d 495, 506 (E.D. Va. 2006) ("[T]he Federal Rules of Civil Procedure have the force and effect of law[.]"). Rule 45 requires a subpoenaed person to produce responsive documents. *See* Fed. R. Civ. P. 45. Here, Plaintiffs served Hill and Lunsford with a valid, enforceable subpoena. Accordingly, "other law" requires Hill and Lunsford to produce responsive documents to Plaintiffs, and thus, such production cannot violate Rule of Professional Conduct 1.6.

Indeed, the Virginia State Bar agrees Rule of Professional Conduct 1.6 does not exempt lawyers from producing documents required by law. In Legal Ethics Opinion 1786, the Virginia State Bar addressed "the proper parameters of the general duty of confidentiality established in Rule 1.6." In the opinion, it explained that Rule 1.6(b)(1) allows the disclosure of documents even without a client's consent "where needed to comply with 'law or a court order,'" and that an attorney may not refuse to disclose information "if 'law or court order' would require him to disclose" it. Va. Legal Ethics Op. 1786 (2004) (quoting R. of Prof. Conduct 1.6(b)(1)). As detailed above, Rule 45 is a law that requires such disclosure.

It is for this reason, as Plaintiffs explained in their Opposition, that courts (including the Supreme Court of the United States) enforce subpoenas issued to a party's attorney to produce

non-privileged documents and other information about their client – including non-privileged incriminating documents.  *See* ECF No. 672, p. 3 (citing cases).

Hill and Lunsford's extreme interpretation of Rule of Professional Conduct 1.6 – in addition to contradicting the plain text of the rule, the Virginia State Bar's explanation of it, and the case law – makes no sense, and would lead to absurd results.  If Rule 1.6 operated as a blanket prohibition on disclosure of non-privileged documents and information by lawyers without their client's consent, there would be virtually no discovery.  Every party in every civil case could protect their documents from discovery by handing them to their attorneys for safekeeping and refusing to consent to disclosure.  That is not the law, and the positon should be rejected here.

Dated:  May 20, 2020                                            Respectfully submitted,

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

3

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone:  (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Denise Y. Lunsford
Lunsford & Vradenburgh, LLC
414 East Market Street
Charlottesville, VA 22902
d@lunsford-law.com
dylunsford@prodigy.net

John Hill
PoindexterHill, P.C.
404 South Wayne Avenue
Waynesboro, Virginia 22980
john@poindexterhill.com

5

I further hereby certify that on May 20, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

/s/ David E. Mills
David E. Mills (*pro hac vice*)
*Counsel for Plaintiffs*

226009164