CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/27/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
|     Defendants. | ) | By:   Joel C. Hoppe |
| | ) |         United States Magistrate Judge |

      This matter is before the Court on Plaintiffs' Motion to Compel Discovery from Defendant Jeff Schoep. ECF No. 689. Plaintiffs seek an order compelling Schoep to produce his "new phone" to the Third-Party Discovery Vendor ("the Vendor") for imaging and collection of relevant electronically stored information ("ESI") and directing the Vendor to produce immediately to Plaintiffs' counsel, "without opportunity for Schoep's review or review by his counsel, every document from his new phone that hits on a search term" the parties agree upon. Pls.' Mot. to Compel 1–2.[1] Plaintiffs also seek an award of reasonable expenses, including attorney's fees, incurred in bringing the motion. *See id.* at 2 & n.1; Fed. R. Civ. P. 37(a)(5)(A). Schoep filed a brief in opposition largely rehashing defense counsel's position that Plaintiffs have propounded "overbroad," irrelevant, "extensive, intrusive, and harassing discovery requests" in this case, Def. Schoep's Br. in Opp'n 12, ECF No. 694, and accusing "Plaintiffs [of] using their economic advantage in this court like a bully would push around [*sic*] a weaker child in a school yard,"[2] *id.* at 11. *See generally id.* at 5–14. Nonetheless, Schoep agreed to produce his

---

[1] Pinpoint citations to documents electronically filed with this Court, except for transcripts of court proceedings and depositions, use the header page numbers generated by CM/ECF. Pinpoint citations to transcripts use the page numbers printed in the upper right-hand corner of the document.

[2] "Comments like these are inappropriate." *Bigelow v. Garrett*, No. 6:18cv39, 2018 WL 4102821, at *2 (W.D. Va. Aug. 28, 2018) (Moon, J.). The Court reminds all counsel and parties appearing before it of their duty of professionalism and respect. *See* Order, *Cantwell v. Gorcenski*, No. 3:17cv89 (W.D. Va. May 15, 2018) (Moon, J.). "Adjectival remarks or talismanic attacks on an opposing party, its arguments,

new phone to the Vendor for imaging and collection—if he and his attorney can review the results before releasing them to Plaintiffs' counsel. *See id.* at 12–13. The motion has been fully briefed, ECF Nos. 689, 694, and may be decided without a hearing, Tr. of Disc. Status Conf. 9–10 (Apr. 27, 2020), ECF No. 721; *see* Fed. R. Civ. P. 78(b); W.D. Va. Gen. R. 4(c)(2).

The Court has already held that Plaintiffs are entitled to the requested material because it is relevant to their surviving claims and proportional to the needs of the case considering the parties' relative access to such information, their resources, the importance of the discovery in resolving the issues, Fed. R. Civ. P. 26(b)(1), and most Defendants' (including Schoep's) apparent inability to locate and produce responsive documents and electronic information. *See generally Sines v. Kessler*, No. 3:17cv72, 2019 WL 3767475, at *13–14 (W.D. Va. Aug. 9, 2019); Order of Nov. 13, 2018, at 1–2 (granting Plaintiffs' motion to compel inspection and imaging of Schoep's and other Defendants' online accounts and electronic devices), ECF No. 379. The Court has also ordered Schoep many times to provide or permit discovery "of the same material in [his] control," *Sines*, 2019 WL 3767475, at *13 (quoting *Lee v. Max Int'l*, 638 F.3d 1318, 1321 (10th Cir. 2011) (Gorsuch, J.)), by deadlines repeatedly extended. *See, e.g.*, Order of Mar. 26, 2018, at 5 (first set of interrogatories and requests for production of documents), ECF No. 288; Stip. & Order of Nov. 19, 2018, at 2, 8–9, 16 (identified electronic devices and social-media credentials), ECF No. 383; Order of Mar. 4, 2019, at 3 (same), ECF No. 440; Disc. Order of Oct. 28, 2019, at 2–3 (identified electronic devices, last-known social-media credentials, and

---

or its attorneys do nothing to advance a litigant's cause or the Court's understanding of the legal issues presented." *Bigelow*, 2018 WL 4102821, at *2. "If accurate, the frivolity of the motion would be self-evident, and thus rhetoric is unnecessary. And if (as is typically the case) the accusations are overblown, credibility is lost and nothing is gained." *Id.* While the Court does find some of the language in Plaintiffs' motion to be more hyperbolic than helpful, *see, e.g.*, Pls.' Mot. to Compel 4–5, the concerns underlying their motion are entirely justified. "[I]t should not have drawn remarks like those," *Bigelow*, 2018 WL 4102821, at *2, peppering Schoep's brief in opposition, *see, e.g.*, Def. Schoep's Br. in Opp'n 5, 6, 9 & n.1, 10, 11, 12, 13.

2

consent for providers to access social-media accounts), ECF No. 582; Order of Nov. 27, 2019, at 1 (all requested discovery), ECF No. 597; *see also* Order of Apr. 29, 2019, at 1–2 (granting in part Plaintiffs' motion for Rule 37 sanctions against Schoep, and ordering Schoep to produce a laptop computer and all credentials required to access any non-public information associated with specified social-media accounts), ECF No. 483.

Yet, Schoep still resists Plaintiffs' discovery requests on grounds that the Court has already rejected or otherwise addressed. For example, he asserts that Plaintiffs' request to obtain "every document from his new phone that hits on a search term 'threatens to sweep in documents and information that are not remotely relevant to the issues in the case, such as private text messages, e-mails, contact lists, and photographs.'" Def. Schoep's Br. in Opp'n 12–13 (cleaned up) (quoting *Henson v. Turn, Inc.*, No. 15cv1497, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (concluding that defendant corporation's requests "to review all [internet] cookies stored on the plaintiffs' mobile devices" and for "complete forensic images of the devices" was overbroad and disproportional to the case's needs because plaintiffs offered to "produce cookie data related to any [corporate] partner website" and to "meet and confer to consider requests for specific cookies")). He also asserts their request for direct access to those documents, without allowing Schoep or his attorney to review them, "suggests that the Plaintiffs seek 'broad and unfettered access' to the contents" of his new phone. *Id.* at 13 (quoting *Hardy v. UPS Ground Freight, Inc.*, No. 3:17cv30162, 2019 WL 3290346, at *4 (D. Mass. July 22, 2019) (noting that a defendant employer's request to forensically image plaintiff's cell phone, just "to see if [he] . . . withheld images" that defendant "speculate[d] may exist," suggested defendant sought "broad and unfettered access to the contents of [the] cell phone" because it had not shown plaintiff "deleted or lost relevant information from his cell phone," that it could not obtain potentially

3

relevant communications from other sources or through less-intrusive means, or that it could put into place a "protocol that would limit its access to private or privileged" information)). In April 2019, I explained to Schoep's attorney that "Plaintiffs aren't asking for everything he has ever produced" and that the Court had entered a Stipulation & Order setting out the parties' agreed-upon process for imaging, preserving, and producing any ESI responsive to Plaintiffs' original "requests for relevant information," which they served on Defendants in January 2018. Tr. of Apr. 26, 2019 Mot. Hr'g 10–12, ECF No. 487. I also explained that both parties' counsel needed to discuss "search terms" and other parameters that would return whatever relevant, responsive documents were on an imaged device. *Id.*; *see also* Stip. & Order 8–9. Put differently, the parties' agreed-upon terms will define which documents or information must be produced in accordance with Rule 26(b)(1) and the Court's prior discovery orders. *See* Tr. of Apr. 26, 2019 Mot. Hr'g 10–12 (addressing defense counsel's request for "some sort of bracket on . . . discovery"). Relevant communications are not immune from discovery simply because the producing party considers their contents to be "confidential" or "private," Def. Schoep's Br. in Opp'n 12–13 (citing *Henson*, 2018 WL 5281629, at *5).[3] "Privileged" matters are immune from

---

[3] Schoep also objects that Plaintiffs "failed to propose a means of access to [his new] phone's contents in a manner that would protect" information obtained through Schoep's work with "individuals who are disengaging [from] and leaving extremism." Def. Schoep's Br. in Opp'n 12–13. Nearly 36 months ago, the Court entered a Protective Order instructing that, unless the Court orders otherwise, any discovery materials that the producing party designates as containing either "confidential" or "highly confidential" information "shall not" be discussed with or revealed, "furnished, shown[,] or disclosed to any person or entity" except those agreed to in writing by the parties. *See* Order of Jan. 3, 2018, at 2–5, ECF No. 167. A qualified case participant who receives such information must, before using it for the litigation, execute an agreement stating that he or she has "carefully read and understand[s] the provisions of the [Protective] Order," will comply with those provisions, and "submit[s] to the jurisdiction of this Court for the purpose of enforc[ing] the Order in this Action." *Id.* at 11. "Confidential and Highly Confidential Information shall be utilized by the [r]eceiving [p]arty and its counsel only for purposes of this action, including any appeals, and for no other purposes," *id.* at 5, and all such information must be returned to the producing party, or destroyed by the receiving party, within 60 days after final termination of the litigation, *id.* at 8. These protections "shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action." *Id.* at 6. Schoep does not acknowledge the Protective Order or explain why its provisions will not protect third parties' privacy interests. *See Hardy*, 2019 WL 3290346, at *4 (denying

4

discovery, but only when the producing party "expressly make[s] the claim" and "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that . . . will enable other parties [and the Court] to assess the claim." Fed. R. Civ. P. 26(b)(5); *see* Tr. of Apr. 26, 2019 Mot. Hr'g 11–12. The chance that an electronic device might contain privileged material is not grounds for "withholding the entire device." Tr. of Apr. 26, 2019 Mot. Hr'g 11–12. If some of the material harvested from the device is privileged, the receiving party would be required to return that material upon request pursuant to a claw-back provision of the protective order. *See* Order of Jan. 3, 2018, at 6–7 (providing a claw back mechanism in the event of an inadvertent disclosure of allegedly privileged information).

The Court is also concerned that Schoep twice refused Plaintiffs' proper discovery request on grounds that a phone "obtained well after" the Unite the Right rally in August 2017 "would not contain any potentially relevant information in regards to this litigation." Pls.' Mot. to Compel 7 (quoting Email from E. ReBrook to M. Bloch ¶ 7 (Dec. 17, 2019, 8:46 AM), ECF No. 708-7); *accord id.* at 9 (citing Pls.' Mot. to Compel Ex. C, Letter from E. ReBrook to J. Phillips 4 (Mar. 17, 2020), ECF No. 689-3); *see also id.* at 8 n.3 (citing Email from E. ReBrook to M. Bloch ¶ 1 (Apr. 9, 2019, 11:17 AM), ECF No. 547-7). In March 2019, I explained to all defense counsel that online "accounts created after August 2017 could hold responsive documents," and that "every party has a duty to supplement" their prior discovery responses. Tr. of Mar. 18, 2019 Conf. Call 20, 24–25 (discussing ESI certification forms), ECF No. 455; *see* Fed. R. Civ. P. 26(b)(1), (e)(1). Schoep's counsel should have recognized that the same logic applies to any phones, computers, and other electronic devices his client obtained or activated

---

defendant employer's request to image plaintiff's cell phone in part because it had "not proposed a protocol that would limit its access to private or privileged contents of [the] cell phone").

after August 2017. *See* Tr. of Apr. 26, 2019 Mot. Hr'g 12–13 ("The Court: . . . '[T]here are going to be discussions that occurred before and after that are relevant to those days. There's going to be information not just during those few days in Charlottesville that are relevant.' Mr. ReBrook: 'Very well, Your Honor.'").

Plaintiffs' counsel asked Schoep to produce the new phone on December 11, 2019. Had Schoep promptly complied, then he and his attorney would have had about three weeks to review the imaging results and produce all non-privileged responsive ESI to Plaintiffs' counsel on February 5, 2020, as required by this Court's most recent scheduling order. Order of Nov. 27, 2019, at 1; *see also* Tr. of Apr. 26, 2019 Mot. Hr'g 11–12 (explaining the same). Schoep's "track-record of failing to fulfil his discovery obligations in a timely manner . . . makes him [especially] ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith with discovery obligations." Order of May 18, 2020, at 3 (Defendant Robert Ray), ECF No. 728; Order of Jan. 22, 2020, at 3 (Defendant Elliott Kline), ECF No. 638; *see also Sines*, 2019 WL 3767475, at *2, *14–15. He leaves the Court no choice but to impose yet another special discovery procedure that will move this case forward to trial. *See Sines*, 2019 WL 3767475, at *13–14; Order of May 18, 2020, at 3; Order of Jan. 22, 2020, at 2.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Compel Discovery from Defendant Jeff Schoep, ECF No. 689, is **GRANTED in its entirety**. Plaintiffs are directed to file a petition setting out their reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A).

2. On or before **Monday, June 1, 2020**, Schoep shall send his "new phone" to the Vendor for imaging and collection. Schoep's counsel shall promptly provide any tracking information to the Vendor and to Plaintiffs' counsel.

3. On or before **Monday, June 8, 2020**, the Vendor shall provide directly to Plaintiffs' counsel any and all ESI collected from Schoep's social-media accounts and devices that contain the agreed-upon search terms within the applicable date range. The Court expects Plaintiffs' counsel will return to Schoep's counsel any material likely to be protected by attorney-client privilege.

**Finally, Defendant Jeff Schoep is hereby warned that his failure to fully comply with this Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or directing Schoep to show cause why he should not be held in contempt of court.**

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to the parties.

ENTER: May 27, 2020

Joel C. Hoppe
U.S. Magistrate Judge