## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MAR-CUS MARTIN, NATALIE ROMERO, CHEL-SEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br><br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMER-ICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MAT-THEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVE-MENT, NATIONALIST FRONT, AUGUS-TUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT SCHOEP

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...……………………………………………………iii

**INTRODUCTION**...………………………………………………………………1

**PRELIMINARY STATEMENT**…………………………………………………1

**BACKGROUND**……………………………………………………………....1

**ARGUMENT**……………………………………………………………….2

**LEGAL STANDARD**…………………………………………………………2

**CONCLUSION**………………………………………………………………..5

# TABLE OF AUTHORITIES

## Cases

*Shrader v. CSX Transp., Inc.,*
    70 F.3d 255, 257 (2d Cir. 1995)……………………………………………………...1

*Electric Privacy Info. Center v. Dep't of Homeland Security,*
    _F. Supp .2d_, No. 09-2084, 2011 WL 4014308 (D.D.C. Sept. 12, 2011)…………3

*Norris v. Salazar,*
    No. 09-01042, 2011 WL 4926096, (D.D.C. Oct. 18, 2011)…………………………3

*Good Luck Nursing Home, Inc. V. Harris,*
    636 F.2d 572, 577 (D.C. Cir. 1980)……………………………………………………..3

*Muwekma Tribe v. Babbitt,*
    133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001)…………………………………………3

*United Mine Workers v. Pittston Co.,*
    793 F. Supp. 339, 345 (D.D.C. 1992)………………………………………………3

*LaRouche v. Dep't of Treasury,*
    112 F. Supp 2d 48, 51-52 (D.D.C. 2000)…………………………………………3,4

*Harvey v. District of Columbia,*
    949 F. Supp. 878, 879 (D.D.C. 1996)……………………………………………3,4

*Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.,*
    148 F.3d 396, 403 (4th Cir. 1998)………………………………………………...3,4

*Hutchinson v. Staton,*
    994 F. 2d 1076, 1081 (4th Cir. 1993)……………………………………………4

*Firestone v. Firestone,*
    76 F. 3d 1205, 1208 (D.C. Cir. 1996)……………………………………………4

*Childers v. Slater,*
    197 F.R.D. 185, 190 (D.D.C. 1990)………………………………………………4

*Corbell v. Norton,*
    224 F.R.D. 266, 272 (D.D.C. 2004)………………………………………………4

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,*
    99 F.R.D. 99, 101 (E.D. Va. 1983)………………………………………………4

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,*
    906 F.2d 1185, 1191 (7th Cir. 1990)……………………………………………4

## **Rules**

Fed. R. Civ. P. 54(b)…………………………………………………………………..2,3,4

Fed. R. Civ. P. 59(e)…………………………………………………………………..3,4

Fed. R. Civ. P. 60(b)…………………………………………………………………..3,4

**INTRODUCTION**

COMES NOW Defendant Jeff Schoep, by and through counsel, who files this Memorandum in Support of his Motion for Reconsideration. Defendant Schoep's Motion seeks reconsideration of this Court's May 27, 2020 Memorandum and Order, ECF No. 741, granting, in its entirety, Plaintiffs' Motion to Compel Discovery from Defendant Jeff Schoep, ECF No. 689. This motion is made and based on the papers and pleadings on file herein, exhibits attached hereto, and the reasons set forth in this Memorandum.

**PRELIMINARY STATEMENT**

Although Counsel and Defendant Schoep recognize that motions for reconsideration should not be used to re-litigate issues that have already been decided by the Court, *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995), reconsideration is warranted here because the Court was seemingly unaware of Defendant Schoep's compliance with Plaintiffs' request, and if considered, Defendant Schoep believes would lead this Court to reconsider its May 27, 2020 Order. ECF 741. The Court granted Pls.' Mot. To Compel, ECF No. 689, based upon the conclusion that Defendant Schoep "agreed to produce his new phone to the Vendor for imaging and collection" *only* "if he and his attorney [could] review the results before releasing them to Plaintiffs' counsel," Order of May 27, 2020 2-3, ECF No. 741.

**BACKGROUND**

Defendant Schoep's production of his "new phone" was **not** contingent upon the ability to review the results before release to the Plaintiffs' counsel. Although Defendant Schoep believes Plaintiffs' discovery requests to be "extensive, intrusive, and harassing,"[1] he agreed to have his new phone imaged by the Vendor.[2] In fact, Defendant Schoep already produced his phone to the Vendor for imaging and Plaintiffs' Counsel was notified regarding this matter at the beginning of May. (See Exhibit 1, "Dietz email to Phillips and Bloch, May 8, 2020.") Plaintiffs' Counsel, Attorneys Jessica Phillips and Michael Bloch, were notified by email on May 8, 2020,

---

[1] Def. Schoep's Br. in Opp'n 12, ECF No. 694
[2] See *id.* at 12-13.

1

that Defendant Schoep's phone was sent to the Vendor via USPS and the tracking information had also been sent to the Vendor.[3]

On April 6, 2020, Plaintiffs' Counsel was notified of Defendant Schoep's intentions of producing his phone to the Vendor for imaging. (See Exhibits 2 at 3). However, due to the unforeseen COVID-19 pandemic and Michigan's Stay At Home Order (Exhibit 3), Mr. Schoep was unable to immediately send his phone to the Vendor. Plaintiffs' counsel was made aware of this delay.[4]  Defendant Schoep sent his phone to the Vendor on May 8, 2020 and the Vendor was notified with the tracking number. (See Exhibit 4).

Since the production of Defendant Schoep's phone, Defense Counsel has been in contact with the Vendor to fulfill any remaining discovery obligations in a timely manner.[5]  As such, ESI documents were made available for Defense Counsel to review on May 18, 2020 and the Vendor was instructed on May 27, 2020 to produce all responsive documents to Plaintiffs' counsel before this Court's Memorandum and Order, May 27, 2020, ECF No. 741, was entered.

## ARGUMENT

Despite the continued accusations of Plaintiffs' counsel, Defendant Schoep has not engaged in any willful conduct that would justify the relief requested. Plaintiffs' continue to treat Defendant Schoep, Defendant National Socialist Movement ("NSM"), and Defendant Nationalist Front not as three separate defendants, but as though they are one in the same. Although Defendant Schoep was at one time an officer of the defendant corporation NSM, they are two separate entities. Moreover, Defendant Nationalist Front is not an ongoing organization; rather, it was a temporary alliance between other defendant entities which has no members, leaders, or headquarters, and is now completely defunct. Regardless, Defendant Schoep continues to demonstrate his compliance through motions and attached exhibits[6]  previously submitted to the court.

---

[3] Exhibit 2, Dietz email to Phillips and Bloch, May 8, 2020.
[4] Exhibit 2, Dietz email to Phillips and Bloch, May 8, 2020.
[5] Exhibit 4
[6] See Mem. In Opp'n to Pls.' Mot. For Sanctions Against Def. Jeff Schoep, National Socialist Movement, and Nationalist Front, ECF No. 575, Exhibits 1-5;   Def. Schoep Br. in Opp'n, ECF No. 694, Exhibits 1-9.

## LEGAL STANDARD

Rule 54(b) provides in relevant part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This rule permits a district court to "revise its own interlocutory decisions at any time before the entry of judgment . . . ." *Electronic Privacy Info. Center v. Dep't of Homeland Security*, __ F. Supp. 2d __, No. 09-2084, 2011 WL 4014308, at *3 (D.D.C. Sept. 12, 2011). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) provides in relevant part that "the court may relieve a party or its legal representative from a final judgment, order, or proceedings" based on, among other things, "mistake, inadvertence, surprise, or excusable neglect, . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Norris v. Salazar*, No. 09-01042, 2011 WL 4926096, at *3 (D.D.C. Oct. 18, 2011) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

The standard for the court's review of an interlocutory decision differs from the standards applied in reviewing final judgments under Fed. R. of Civ. P. 59(e) and 60(b). Compare *Muwekma Tribe v. Babbitt,* 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) (noting that "motions for [relief upon] reconsideration of interlocutory orders, in contrast to motions for [relief upon] reconsideration of final orders, are within the sound discretion of the trial court") and *United Mine Workers v. Pittston Co*., 793 F. Supp. 339, 345 (D.D.C. 1992) (discussing the standard applicable to motions to grant relief upon reconsideration of an interlocutory order) with *LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) (analyzing the defendant's motion for relief from judgment under Rule 60(b)) and *Harvey v. District of*

*Columbia,* 949 *F. Supp.* 878, 879 (D.D.C. 1996) (ruling on the plaintiff's motion to alter or amend judgment pursuant to Rule 59(e)). A motion pursuant to Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted. *Harvey*, 949 F. Supp. at 879.

In the Fourth Circuit, a motion for reconsideration is treated like a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Guerrero v. Weeks,* No. 13-837, 2013 WL 6073886, at *1 (E.E. Va. Nov. 15, 2013) (citing *Lee-Thomas v. Prince George's Cnty. Pub. Sch.,* 666 F.3d 244, 247 n. 4 (4th Cir. 2012)). There are three grounds for altering or amending a judgment pursuant to Rule 59(e) or Rule 60(b): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."" *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).[7]

"By contrast, relief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available 'as justice requires.'" *Electronic Privacy Info. Center,* 2011 WL 4014308, at *4 (quoting *Childers v. Slater,* 197 F.R.D. 185, 190 (D.D.C. 1990)). "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell v. Norton,* 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted).[8]

These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether [relief upon] reconsideration is necessary under the relevant circumstances." *Id.* Nonetheless, the court's discretion under Rule 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without

---

[7]  See also *Hutchinson v. Staton*, 994 F. 2d 1076, 1081 (4th Cir. 1993); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); Fed. R. Civ. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52.
[8]  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

good reason permitted, to battle for it again." *Electronic Privacy Info. Center*, 2011 WL 4014308, at *4 (internal citations omitted).

## CONCLUSION

Under any of the aforementioned standards, reconsideration is warranted here in order to supplement the information and address the assumptions on which the Court based its decision. As it stands, Defendant Schoep is being punished for what he has already produced in his personal capacity and what he has no ability to produce for Defendants NSM and NF, as he is no longer affiliated with either entity and is considered a "traitor" by his former associates due to his cooperation with the Simon Wiesenthal Center and his ongoing efforts as an anti-violence advocate.

In accordance with his Brief in Opposition, ECF No. 694, Defendant Schoep therefore respectfully asks the Court to reconsider its Order of May 27, 2020, ECF No. 741.


Dated: May 28, 2020

Respectfully Submitted,


_/s/ W. Edward ReBrook, IV_

W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
*Counsel for Plaintiffs*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com
*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com
*Counsel for Defendant Richard Spencer*

7

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com
*Counsel for Defendants Michael Hill,*
*Michael Tubbs, and League of the South*


I further hereby certify that on May 28, 2020, I also served the following non-ECF participants, via electronic mail, as follows:


Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com


Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com


        /s/ W. Edward ReBrook, IV

W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

8