**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>       Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>       Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR EVIDENTIARY SANCTIONS**
**AGAINST DEFENDANT ROBERT "AZZMADOR" RAY**
**AND FOR AN ORDER DIRECTING RAY TO SHOW CAUSE**
**WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT**

   Despite the Court's recent Order granting Plaintiffs' Motion to Compel Discovery from Defendant Robert "Azzmador" Ray (the "Motion to Compel" or "Motion"), and explicitly warning Ray of the potential consequences for his failure to fully comply with the Court's Order, Ray has yet again failed to comply with his discovery obligations and ignored another Court Order. Plaintiffs therefore respectfully move the Court to impose evidentiary sanctions on Ray under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs request that the Court instruct the jury that Ray chose to intentionally withhold his documents and that the jury may draw adverse inferences from that fact, including that Ray chose to withhold such documents because he was aware that such documents contained evidence that Ray conspired to plan racially motivated violence at Unite the Right. While Plaintiffs firmly believe that only evidentiary sanctions can remedy the prejudice to Plaintiffs caused by Ray's misconduct in discovery and

absence from the litigation, Plaintiffs also request that the Court direct Ray to show cause why he should not be held in contempt of Court.

In the Motion to Compel, Plaintiffs outlined Ray's substantial noncompliance with the discovery process, including his history of ignoring numerous Court orders; failing to produce documents, devices, and account credentials in his possession; and at times completely disappearing from the litigation. *See generally* Motion to Compel, Mar. 11, 2020, ECF No. 673. On May 18, 2020, the Court granted Plaintiffs' Motion in its entirety, including granting Plaintiffs their reasonable expenses and attorneys' fees. Order at 4, May 18, 2020, ECF No. 728. The Court then ordered Ray to complete and return to the Vendor a new Certification form identifying all Social Media Accounts, credentials to those Social Media Accounts, and Electronic Devices, as defined in the November 19, 2018, Stipulation & Order for the Imaging, Preservation, and Production of Documents, ECF No. 383, by May 26, 2020. *Id.* The Court further ordered Ray to send to the Third-Party Discovery Vendor (the "Vendor") all identified Electronic Devices that the Vendor had not yet received from Ray or his former attorneys by May 28, 2020. *Id.* The Court then ordered the Vendor to provide "directly to Plaintiffs' counsel," without opportunity for Ray's review, "any and all ESI collected from Ray's social media accounts and devices that contain the agreed-upon search terms within the applicable date range." *Id.* Additionally, the Court warned Ray that "his failure to fully comply with this Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or directing Ray to show cause why he should not be held in contempt of court." *Id.*

Ray responded to the Court's May 18, 2020, Order the way that he has responded to the vast majority of his discovery obligations and requirement throughout this litigation: with utter silence. Plaintiffs emailed Ray a copy of the Court's Order on May 18, 2020, and emailed Ray a

blank Certification form later that day (as directed by the Court). *See* Exhibits A (Barkai Email to Ray, May 18, 2020), B (Barkai Email to Ray, May 18, 2020). Ray failed to complete and return to the Vendor a copy of that Certification form by May 26, 2020, as the Court had ordered. There is similarly no indication that Ray provided any Electronic Devices to the Vendor by May 28, 2020, as ordered. Indeed, according to the Vendor, Ray has not engaged in any correspondence with it since September 11, 2019, when the Vendor last communicated with Ray's former counsel, James Kolenich, regarding Ray's documents and devices. *See* Exhibit C (Kim Email to Phillips and Barkai, May 29, 2020). Meanwhile, Plaintiffs have reached out to Ray to attempt to schedule his deposition in advance of the July 17, 2020, deadline for party depositions. *See* Exhibit D (Barkai Email to Ray, May 7, 2020). Ray has ignored Plaintiffs' email as well.

Plaintiffs had hoped that their Motion to Compel and the Court's Order granting that Motion would have had the desired effect on Ray, including causing him to comply with his long-outstanding discovery obligations and ensuring that Plaintiffs finally receive the discovery to which they are entitled. Unfortunately, all indications are that Ray has disappeared from the litigation again and is willfully defying Court orders. Nor has Ray provided any justification whatsoever for his noncompliance. Instead, he has failed to communicate with Plaintiffs and the Court in any manner—even while continuing to participate on social media, post articles on the website of *The Daily Stormer*, and publish podcasts. *See, e.g.*, ECF No. 673-15 (Azzmador, "TKR Live: State of the Union Special," *The Daily Stormer*, Feb. 6, 2020).

Given Ray's bad faith and continued disobedience of Court orders, Plaintiffs respectfully submit that the time has come for evidentiary sanctions under Fed. R. Civ. P. 37(b)(2). The relevant factors for assessing evidentiary sanctions make clear that such sanctions are appropriate under the circumstances. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d

500, 504 (4th Cir. 1998) ("(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) whether less drastic sanctions would be effective"). In particular, at this late stage of the litigation, with less than two months before the end of fact discovery, only evidentiary sanctions can remedy the "prejudice that noncompliance caused" to Plaintiffs—including the substantial evidentiary gap left by Ray's failure to produce documents or comply with discovery—and no "less drastic sanctions would be effective." *See id.* At every turn, Ray has flouted Court orders and deliberately ignored Plaintiffs and the Court. There is no reason to think that anything short of evidentiary sanctions will induce Ray's compliance—let alone that Ray will take action in time for Plaintiffs to review his documents and depose Ray regarding those documents before the discovery deadline.

Furthermore, while the Court can and should order Ray to show cause why he should not be held in contempt of Court in light of his clearly contemptuous behavior, Plaintiffs firmly believe that nothing short of evidentiary sanctions—even the threat of contempt or arrest—could remedy Plaintiffs given that Ray is already ignoring a warrant for his arrest on criminal charges filed against him in connection with his actions at the torchlit rally the weekend of Unite the Right. Specifically, on June 4, 2018, Ray was indicted for maliciously releasing gas on August 11, 2017. *See* Exhibit E ("Case/Charge Information," Albemarle Circuit Court, Case CR18000597-00). On June 7, 2018, a capias warrant was issued for his arrest, and Ray is now listed by the Albemarle Circuit Court as a "fugitive." *See id.* Given that Ray has been a "fugitive" from criminal charges for nearly two years now, there is every reason to doubt that the possibility of contempt would do anything to alter his behavior in this case, including causing him to participate in the discovery process.

4

For the foregoing reasons, Plaintiffs request that the Court impose evidentiary sanctions on Defendant Robert "Azzmador" Ray under Fed. R. Civ. P. 37(b)(2). Specifically, Plaintiffs request that the Court instruct the jury that Ray chose to intentionally withhold his documents and that the jury may draw adverse inferences from that fact, including that Ray chose to withhold such documents because he was aware that such documents contained evidence that Ray conspired to plan racially motivated violence at Unite the Right. Plaintiffs also request that the Court direct Ray to show cause why he should not be held in contempt of Court.

Dated: June 1, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com
kcheng@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 1, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on June 1, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*

2