UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

ELIZABETH SINES, et al.,      :
                              :
    Plaintiffs,                :
                              :
vs.                           : Case No. 3:17-cv-00072-NKM
                              :
JASON KESSLER, et al.,        :
                              :
    Defendants.                :

**MOTION TO SEAL MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW
AND TO CONDUCT *EX PARTE* OR CLOSED HEARING RE SAME**

Pursuant to Local Rule 9, John A. DiNucci, counsel of record for Defendant Richard B. Spencer (Mr. Spencer), hereby moves this Court for entry of an order permitting him to file under seal his Memorandum in Support of Motion for Leave to Withdraw as Counsel for Defendant Richard B. Spencer (hereinafter the "Memorandum"),[1] to have the Court review the Memorandum *in camera*, to conduct any hearing thereon *ex parte* or to close it to the public, and keep its proceedings sealed.

In support thereof, counsel states as follows:

1. Rule 1.6, Rules of the Supreme Court of Virginia, prohibits an attorney from disclosing information that is "protected by the attorney-client privilege … or other

---

[1] Simultaneously with the electronic filing of this Motion, counsel is sending the subject Memorandum and a proposed order granting this Motion to the Clerk of Court in "conventional format" by Federal Express, pursuant to Local Rule 9 and Part N of the Court's Administrative Procedures for Filing, Signing and Verifying.

1

information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client."

2. American Bar Association (ABA) Formal Opinion 476 addresses the impact of Model Rule of Professional Responsibility (MRP) 1.6 on disclosure of privileged or confidential information in connection with motions to withdraw under MRP 1.16 (from which Rule 1.16, Rules of the Supreme Court of Virginia is drawn). In pertinent part, it states as follows:

> If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it *and appropriate protective orders or other arrangements* should be sought by the lawyer to the fullest extent practicable. Thus Comment 16 [to Rule 1.6] anticipates the use of in camera submissions for disclosures where any of Rule 1.6(b)'s exceptions may apply.[2]

3. Or, as Assistant Virginia Bar Counsel Seth Guggenheim has stated:

> ABA Formal Opinion 476 counsels lawyers to seek "to persuade the court to rule on the motion without requiring the disclosure of client confidential information, asserting all non-frivolous claims of confidentiality and privilege …" However, if the court directs the lawyer to make disclosures which underpin his motion, or if it is evident to the

---

[2] ABA Formal Opinion 476 at p. 8 (emphasis in original)(a copy of which is attached hereto). See also "Ethics Counsel – Thinking of Withdrawing? Think Again," 66 *Virginia Lawyer* 16, 17 (2017) (a copy of which is attached hereto).

2

> lawyer that to succeed he must rebut the client's
> or opposing counsel's contentions that the with-
> drawal motion must be denied, then the lawyer may
> make the otherwise-confidential disclosures …[3]

4. Thus, if an attorney discloses in public the reasons for his motion to withdraw he is subject to sanctions by the bar. *See In re Gonzalez*, 773 A.2d 1026 (D.C. 2001)(attorney licensed in District of Columbia and Virginia sanctioned by D.C. Bar because, in contravention of Virginia rule on confidentiality, he disclosed bases for motion to withdraw from litigation pending in Virginia).

5. There is no adequate alternative to sealing privileged or confidential information in this situation.

6. Counsel requests that the sealing be permanent or, alternatively, that it continue until the conclusion of this case (including any appeals).

7. Counsel also requests that any hearing on said Motion be conducted *in camera* and *ex parte* or, if not *ex parte*, that, in any event, any proceedings be closed to the public and be kept confidential.

8. There is good cause to grant this Motion.

**WHEREFORE**, the premises considered, John A. DiNucci requests the following relief:

    a. entry of an order that

(1) grants this Motion;

---

[3] "Ethics Counsel – Thinking of Withdrawing? Think Again," 66 *Virginia Lawyer* at 17.

(2) orders that the Memorandum be sealed;

(3) orders that the Court's review of the Memorandum be *in camera*;

(4) orders that any hearing on said Motion be *ex parte* or, alternatively, that it be closed to the public, that the proceeding be kept confidential and that any recording or transcript thereof be sealed; and

b. an award of such other or further relief as this Court might deem just and proper.

Respectfully submitted,

/s/ John A. DiNucci
John A. DiNucci (VSB No. 29270)
8180 Greensboro Drive
Suite 1150
McLean, Virginia 22102
tel.: (703) 821-4232
fax: (703) 790-9863
e-mail: dinuccilaw@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2020, I filed the foregoing Motion with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

> Counsel of Record
>
> Philip M. Bowman, Esq.
> Boies, Schiller Flexner, LLP
> 575 Lexington Avenue
> New York, New York 10022
>
> Robert T. Cahill, Esq.
> Cooley, LLP
> 11951 Freedom Drive
> 14th Floor
> Reston, Virginia 20190
>
> Roberta Kaplan, Esq.
> Kaplan & Company, LLP
> 350 Fifth Avenue
> Suite 7110
> New York, New York 10118
>
> Karen L. Dunn, Esq.
> Boies, Schiller, Flexner, LLP
> 1401 New York Avenue. N.W.
> Washington, D.C. 20005
>
> Alan Levine, Esq.
> Cooley, LLP
> 1114 Avenue of the Americas
> 46th Floor
> New York, New York 10036
>
> David E. Mills, Esq.
> Cooley, LLP
> 1299 Pennsylvania Avenue, N.W.
> Suite 700
> Washington, D.C. 20004

David Campbell, Esq.
Duane, Hauck, Davis & Gravatt
100 West Franklin Street
Suite 100
Richmond, Virginia 23220

Bryan Jones, Esq.
106 West South Street
Suite 211
Charlottesville, Virginia 22902

Elmer Woodard, Esq.
5661 U.S. Highway 29
Blairs, Virginia 24527

James Edward Kolenich, Esq.
9435 Waterstone Boulevard
Suite 140
Cincinnati, Ohio 45429

William E. ReBrook, IV, Esq.
6013 Clerkenwell Court
Burke, Virginia 22015

I further certify, that on June 1, 2020, I also served the following non-ECF participants, by electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Richard B. Spencer
richardbspencer@icloud.com

    /s/ John A. DiNucci
    John A. DiNucci (VSB No. 29270)
    8180 Greensboro Drive
    Suite 1150
    McLean, Virginia 22102
    tel.: (703) 821-4232
    fax: (703) 790-9863
    e-mail: dinuccilaw@outlook.com