## Ethics Counsel
by Seth M. Guggenheim



# Thinking of Withdrawing? Think Again

VIRGINIA LAWYERS who contemplate withdrawal from pending civil litigation for nonpayment of fees should consider alternatives. They should also review the excellent guidance in American Bar Association Formal Opinion 476.[1] The relevant Virginia Rules of Professional Conduct are in substance the same as the Model Rules cited in the ABA Opinion, which concludes:

> In moving to withdraw as counsel in a civil proceeding based on a client's failure to pay fees, a lawyer must consider the duty of confidentiality under Rule 1.6 and seek to reconcile that duty with the court's need for sufficient information upon which to rule on the motion. Similarly, in entertaining such a motion, a judge should consider the right of the movant's client to confidentiality. This requires cooperation between lawyers and judges. If required by the court to support the motion with facts relating to the representation, a lawyer may, pursuant to [Model] Rule 1.6(b)(5), disclose only such confidential information as is reasonably necessary for the court to make an informed decision on the motion.

Even if withdrawal were to materially adversely affect the interests of the client, Virginia Rule of Professional Conduct 1.16(b)(4) permits a lawyer to withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." In addition, Rule 1.16(b)(5) permits withdrawal if representation poses "an unreasonable financial burden on the lawyer." However, if the lawyer represents the client in litigation, Rule 1.16(c) applies, and the lawyer must obtain leave of court before he may withdraw.[2]

Whether to seek withdrawal in the first instance is sometimes a difficult question. As those in private practice well know, clients with unpaid legal bills fall into two categories: those who can't pay, and those who won't pay. In the "can't pay" category are clients whose available resources have been depleted during the representation. These clients are often embarrassed that they are unable to fulfill their financial obligations to their lawyer. They do not ordinarily dispute the reasonableness of the lawyer's fees as an excuse for nonpayment.

The "won't pay" category of clients includes those who have grown critical of the lawyer's performance, often challenging the reasonableness of the lawyer's billing as a basis for nonpayment. A client may also believe that her lawyer will work harder and be more motivated to bring the case to a successful, near term conclusion if payment of a large outstanding balance is his reward. Too often a "won't pay" client will not discharge her lawyer or agree to the lawyer's intention to withdraw because she would have to start over with a new lawyer, paying another advanced fee, a portion of which would be devoted to the new lawyer's getting up to speed in the case. There is a paradoxical element, of course, to a client's claim that her lawyer is doing poor work and her vigorous objection to that same lawyer's withdrawal.

A lawyer facing the prospect of working further for a client who is unable or unwilling to pay legal fees must assess the situation dispassionately. Should he withdraw and leave a penurious client to fend for herself with a half-finished case that she cannot afford to conclude with new counsel? Should he become aggressive with the client who can afford to pay, but won't, and threaten to withdraw if she doesn't, exacerbating an already bad situation if there is a reasonable prospect of voluntary payment down the road?

Despite the tensions created when a client either can't or won't pay her bills, lawyers may not see withdrawal as necessary if the penurious client will work out a payment plan and, perhaps, furnish security for payment, or if the recalcitrant client can be mollified and persuaded to make a payment in full or partial satisfaction of a large outstanding balance. If the amount of work remaining in the client's case is not substantial, might it not be more realistic to refrain from withdrawing before the litigation has been completed? A cost/benefit analysis must be applied, especially when part of the calculus is whether the lawyer might need to devote future *unbillable* time defending his performance in the representation and his manner of withdrawal should he later attempt collection of the bill or face the client's bar complaint.

With all of this said, a lawyer would be wise to extricate himself from representation of a client with a large unpaid bill if much work remains

to be done, the client is unreasonably demanding, refuses to take her lawyer's advice, has unattainable objectives, and will not authorize reasonable settlement demands or accept reasonable settlement offers. In these circumstances, withdrawal from representation is the lawyer's only realistic course because stop-gap measures would be but kicking the can down the road.

No lawyer looks forward to having to persuade a court that he be granted leave to withdraw, but if the lawyer handles the motion ethically, as addressed below, he is in a better position to avoid the possibility of a successful bar complaint for having withdrawn, because the court will have "blessed" the lawyer's exit from the matter in litigation, which the bar will not second-guess.

It is not the *fact* of withdrawal that lands the lawyer in ethical hot water, but the *manner* in which the lawyer has sought to accomplish it. Virginia disciplinary tribunals have sanctioned lawyers for making "noisy" withdrawals, which disparaged clients and disclosed their confidential information, all without cause. The status of a client's account, the client's financial distress, and details of how difficult the client has been are confidences protected by Rule of Professional Conduct 1.6(a). Moreover, a lawyer must not "intentionally prejudice or damage a client during the course of the professional relationship" as prohibited by Rule 1.3(c).[3] A lawyer who files and argues a motion to withdraw does so "during the course of the professional relationship." Thus any disparagement of the client or revelation of confidences during the withdrawal process may violate both Rules 1.3(c) and 1.6(a), unless one or both of the exceptions contained in Rules of Professional Conduct 1.6(b)(1) and (2) apply:

> Rule 1.6. Confidentiality of Information
>
> (b) To the extent a lawyer reasonably believes necessary, the lawyer may reveal:
> (1) such information to comply with law or a court order; [and/or]
> (2) such information to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]

As of the time a lawyer files a motion to withdraw, he has not been ordered by a court to make disclosures of his client's confidential information. There has not yet been a challenge to his motion, made before the court. Thus, neither of the exceptions which permit disclosure of any confidential information has been triggered. At this stage, the lawyer should use plain vanilla, generic, references to his basis for withdrawal. Comment [3] to Rule 1.16, (relating to mandatory withdrawal in court-appointed cases) suggests use of the term "professional considerations" in motions to withdraw. This terminology should be sufficient in a motion to withdraw in a civil matter, such as for nonpayment of legal fees.

If the motion to withdraw is contested by the client or opposing counsel, the court may call upon the lawyer to elaborate on his motion. Indeed, the court may seek additional detail, *sua sponte*, especially if a trial date is near and the court's docket might be disrupted were the lawyer granted leave to withdraw. ABA Formal Opinion 476 counsels lawyers to seek "to persuade the court to rule on the motion without requiring the disclosure of client confidential information, asserting all non-frivolous claims of confidentiality and privilege. . ." However, if the court directs the lawyer to make disclosures which underpin his motion, or if it is evident to the lawyer that to succeed he must rebut the client's or opposing counsel's contentions that the withdrawal motion must be denied, then the lawyer may make the otherwise-confidential disclosures under the exceptions set forth above.

There is a delicate balance between protecting the client's interests and providing the court with sufficient information to permit the lawyer to secure a sound ruling on his motion to withdraw. A lawyer who is sensitive to the ethical issues inherent in this process will not be disciplined for ethical misconduct.

**Seth M. Guggenheim** is VSB Assistant Ethics Counsel

Endnotes:
1. "Confidentiality Issues when Moving to Withdraw for Nonpayment of Fees in Civil Litigation" http://www.americanbar.org/content/dam/aba/images/abanews/FormalOpinion476Final12%2013%20 2016.pdf
2. Note that effective July 1, 2017, § 19.2-190.2 of the Virginia Code will eliminate the need for leave of court in certain criminal matters. The statute will provide that a privately retained counsel in any criminal case may, pursuant to the terms of a written agreement between the attorney and the client, withdraw from representation of a client without leave of court after certification of a charge by a district court by providing written notice of the withdrawal to the client, the attorney for the commonwealth, and the circuit court within ten days of the certification of the charge.
3. A provision analogous to Virginia Rule of Professional Conduct 1.3(c) does not exist in the Model Rules.