```
              IN THE UNITED STATES DISTRICT COURT

             FOR THE WESTERN DISTRICT OF VIRGINIA

                    CHARLOTTESVILLE DIVISION
```

ELIZABETH SINES, et al.,        )
                                )
            Plaintiffs,         )   Civil Action 3:17-CV-00072
                                )
vs.                             )
                                )
JASON KESSLER, et al.,          )
                                )
            Defendants.         )

---

```
           TRANSCRIPT OF TELEPHONIC MOTION HEARING
      HONORABLE MAGISTRATE JUDGE JOEL C. HOPPE PRESIDING
               FRIDAY, MAY 29, 2020, 10:41 A.M.
```

---

Transcriber:            Judy K. Webb, RPR
                        210 Franklin Road, S.W., Room 540
                        Roanoke, Virginia 24011
                        (540)857-5100 Ext. 5333

        Proceedings recorded by FTR and transcribed using Computer-Aided Transcription.

**A P P E A R A N C E S**

On behalf of Plaintiffs Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muniz, Hannah Pearce, Marcus Martin, John Doe, Natalie Romero, and Chelsea Alvarado:

> **Jessica E. Phillips, Esquire**
> Boies Schiller Flexner, LLP
> 1401 New York Avenue, N.W.
> Washington, DC 20005
>
> **Michael Low Bloch, Esquire**
> **Emily Carrie Cole, Esquire**
> Kaplan Hecker & Fink LLP
> 350 Fifth Avenue, Suite 7110
> New York, NY 10118

On behalf of Richard Spencer:

> **John A. DiNucci, Esquire**
> Law Office of John A. DiNucci
> 8180 Greensboro Drive, Suite 1150
> McLean, VA 22102

Sines, et al. v. Kessler, et al. - 5/29/2020

1        (Court convened at 10:41 a.m.)
2              THE COURT:  Good morning.  This is Joel Hoppe.  We
3    are here on counsel's motion to withdraw for Mr. Spencer.
4              Let me ask, who is on the line for the plaintiffs?
5              MR. BLOCH:  Good morning, Judge.  This is Michael
6    Bloch from Kaplan Hecker & Fink on behalf of the plaintiffs.
7              MS. PHILLIPS:  This is Jessica Phillips from Boies
8    Schiller Flexner, also on behalf of the plaintiffs.
9              MR. BLOCH:  Judge, I have a couple of associates with
10   me as well.
11             THE COURT:  Okay.  All right.  I think Ms. Dotson is
12   on the phone recording.
13             THE CLERK:  Yes, Your Honor, that is correct.
14             THE COURT:  All right.  Good morning.
15             And, then, Mr. DiNucci, are you on the phone for
16   Mr. Spencer?
17             MR. DiNUCCI:  I am, Your Honor.
18             THE COURT:  Okay.  Good morning.
19             MR. DiNUCCI:  Good morning, Your Honor.
20             THE COURT:  And then who else do we have on the
21   phone?
22             THE LAW CLERK:  Judge, this is Lauren.
23             THE COURT:  All right.  My law clerk, Lauren Smith.
24             All right.  Is anybody else on the line?
25             THE CLERK:  Your Honor, we do have some members of

1  the public that dialed in on the public line.  And I believe
2  Emily Cole is also on the line, and Mr. Cave, Jonathan Cave.
3          MR. CAVE:  That's correct.
4          THE COURT:  All right.  Well, like I said, we're here
5  on Mr. DiNucci's motion to withdraw.
6          And, Mr. DiNucci, I've read your motion, and I saw
7  the plaintiffs' response.  I think the Court has an
8  independent obligation to make sure that there is good cause
9  for the motion, and so I just need to -- need to know a bit
10 more, to the extent that you can tell me, why you would need
11 to withdraw in this case.  And I recognize that it is set for
12 a trial in October, so this is really coming at the end of the
13 case.
14         MR. DiNUCCI:  Well, Your Honor, before I answer, I'd
15 like to preface my response by expressing some concerns I have
16 about procedure here, concerns that arise from my reading of
17 Rule 1.6 and 1.16, as well as ABA Formal Opinion 476 on Model
18 Rule 1.16, and an article by Seth Guggenheim, as one of the
19 bar counsel here in the Commonwealth of Virginia, on the
20 method by which one moves to withdraw.
21         As I read the model opinion from the ABA and
22 Mr. Guggenheim's interpretation of it, I feel compelled to ask
23 the Court to conduct this proceeding in camera and with only
24 attorneys involved, by definition, and that whatever is said
25 in the in-camera hearing is kept confidential.

```
 1        As I read the ABA model opinion and Mr. Guggenheim's
 2  interpretation of it, if I don't ask that, I've already
 3  violated the DRs, because anything that I might say about the
 4  reasons for the motion to withdraw are client confidences.
 5  And that's why I couldn't even reveal any reasons beyond good
 6  cause, which there is, in the motion.  And as I understand it,
 7  there are actually three or four people from the public in on
 8  this phone call.
 9        THE COURT:  Well, Mr. DiNucci, I think that you have
10  to -- you have to provide -- and I'm not asking for you to
11  reveal client confidences or, really, to even start down that
12  road, but I do think you have to provide something more than
13  just saying, "I want to withdraw, and there's good cause."
14        If you would like to have a sealed proceeding, I can
15  certainly --
16        MR. DiNUCCI:  I'm sorry, Your Honor, I didn't hear
17  the last segment.
18        THE COURT:  If you would like to have a sealed
19  proceeding, I can certainly consider doing that.
20        MR. DiNUCCI:  I would.  Out of an abundance of
21  caution, Judge, I would prefer to do that based on the
22  research I've done on the issue.
23        One other point I'd like to make, Judge, out of an
24  abundance of caution on my part, as I understood the local
25  rules, Mr. Spencer had 14 days to file an opposition.  Today
```

1  is the 14th day.  I frankly didn't expect that we would be
2  setting up a hearing before the 14 days were up.
3          THE COURT:  Well, you know, one thing that I think is
4  almost always in a motion to withdraw and something I -- what
5  I asked you today is, does your client consent to the
6  withdrawal?
7          MR. DiNUCCI:  He has not.  I've asked Mr. Spencer to
8  sign a consent form and he has not.  And I can explain as to
9  what's going on as to why I don't have it in camera.
10         THE COURT:  All right.  Why don't we do this then:
11 Why don't you just file a -- file a motion; it can be a short,
12 short motion, and just put in it whatever you think you can
13 without revealing client confidences to have this -- have a
14 sealed proceeding, and I'll make a decision on that.  And then
15 we'll just -- you know, we can just get back to -- we can get
16 back together on another -- on another call and try and do it
17 fairly soon.
18         If you think that Mr. Spencer is going to file
19 something in opposition, then we can wait until 14 days.  I
20 think it would be rare to have -- have that happen.
21         MR. DiNUCCI:  And frankly, Judge, I don't anticipate
22 that Mr. Spencer will, but --
23         THE COURT:  But, really, today is the 14th day.
24         MR. DiNUCCI:  Correct, Your Honor.
25         THE COURT:  All right.  Why don't you -- Mr. DiNucci,

1  why don't you then file your motion to seal.  I'll consider
2  that and we can have another hearing.  I would want
3  Mr. Spencer to be present on the phone, though.
4          MR. DiNUCCI:  I'll do my best.
5          THE COURT:  And the Court will certainly -- well, you
6  can provide that information, the call-in information to him
7  when we do have another hearing.  Because if I do grant the
8  motion, I want him to understand what his obligations are.  I
9  think that's something that I would want to -- or need to
10 explain to him so the case can continue to go forward with
11 him.
12         MR. DiNUCCI:  And for the Court's edification, I have
13 provided Mr. Spencer the information about today's conference
14 call.
15         THE COURT:  Okay.
16         MR. DiNUCCI:  All right, Judge, I'll get something
17 out today or tomorrow.
18         THE COURT:  Mr. Bloch or Ms. Phillips, anything else
19 that you would want to say?
20         MR. BLOCH:  I don't think so, Judge, at this point.
21 I guess we'll look forward to seeing the filings, and then
22 readjourn.
23         THE COURT:  Okay.  All right.  Well, then,
24 Mr. DiNucci, I'll look for your motion to seal and I'll
25 address that and we'll have another hearing.  It may be sealed

Sines, et al. v. Kessler, et al. - 5/29/2020

1  or it may be -- or it may be made public.
2          MR. DiNUCCI:  Understood, Your Honor.
3          THE COURT:  All right.  Thank you all very much, and
4  have a good day.
5          MR. DiNUCCI:  Thanks, Judge.
6          MR. BLOCH:  Thank you, Judge.
7          MS. PHILLIPS:  Thank you, Judge.
8      (Court recessed at 10:49 a.m.)
9
10                      CERTIFICATE
11 I, Judy K. Webb, certify that the foregoing is a
12 correct transcript from the record of proceedings in
13 the above-entitled matter.
14
15 /s/  Judy K. Webb              Date: 6/3/2020
16
17
18
19
20
21
22
23
24
25