CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/04/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES et al.,             )
          Plaintiffs,               )        Civil Action No. 3:17-cv-00072
                                    )
v.                                  )
                                    )        ORDER
JASON KESSLER et al.,               )
          Defendants.               )        By:   Joel C. Hoppe
                                    )              United States Magistrate Judge

This matter is before the Court on a motion filed by John A. DiNucci, Esq., counsel of record for Defendant Richard Spencer, to seal his Memorandum in Support of Motion to Withdraw and to Conduct Ex Parte or Closed Hearing, ECF No. 751 ("Mot. to Seal & Ex Parte Hr'g"), on Mr. DiNucci's pending motion to withdraw as Spencer's counsel, ECF No. 727. For the reasons set forth below, the Motion to Seal and for Ex Parte Hearing, ECF No. 751, is hereby DENIED.

On May 23, 2018, Mr. DiNucci entered his appearance on behalf of Defendant Spencer, ECF No. 315, and he has actively represented Spencer in this case since that time. Mr. DiNucci filed a Motion to Withdraw on May 15, 2020, stating only that there was "good cause" for withdrawal. ECF No. 727. On May 29, the Court held a hearing on that motion, at which point Mr. DiNucci asked for the hearing to be sealed, *see* Min. Entry of May 29, 2020, ECF No. 746. The Court instructed Mr. DiNucci to file a motion asking for a sealed hearing. *Id.* Mr. DiNucci filed the instant motion and sent a copy of his Memorandum in Support of Motion to Withdraw to the Clerk's Office for the Court's review. *See* Mot. to Seal & Ex Parte Hr'g 1 n.1.

I. The Legal Framework

In this District, a party seeking to file a document under seal must comply with Local Rule 9, which provides that the party must set forth in an unsealed written motion: "a generic,

non-confidential identification of the document to be sealed; the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and the duration for which sealing is requested." W.D. Va. Gen. R. 9(b)(2)(a)–(c). Mr. DiNucci asks to seal his Memorandum because he asserts it contains confidential attorney-client information.

The attorney-client privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984). The "mere relationship of attorney-client does not warrant a presumption of confidentiality." *Id.* at 1356. Rather, the party claiming the privilege must demonstrate "that (1) the attorney-client privilege applies; (2) the communications were protected by the privilege; and (3) the privilege was not waived." *United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996). The attorney-client privilege applies only to those communications that both the attorney and client intend to remain confidential. *In re Grand Jury Proceedings*, 727 F.2d at 1355–56. The privilege is therefore waived if the client intends the attorney to provide the information to others. *United States v. Elbaz*, 396 F. Supp. 3d 583, 598 (D. Md. 2019).

Counsel of record shall not withdraw from any cause pending in the U.S. District Court for the Western District of Virginia, except with the Court's consent for good cause shown. W.D. Va. Gen. R. 6(i). This Court generally looks to the Virginia State Bar's Rules of Professional Conduct both to govern attorneys who are admitted to practice before it, *see* Order In Re: Local Rule IV(B) Federal Rules of Disciplinary Enforcement (W.D. Va. Nov. 6, 1998), and to decide whether an attorney of record should be allowed to withdraw from a pending case, *Schock v. S.C. Johnson & Son, Inc.*, No. 6:06cv20, 2007 WL 2405730, at *2 (W.D. Va. Aug. 2, 2007; *see also United States v. Bryant*, No. 3:04cr47-7, 2005 WL 8160794 (W.D. Va. Nov. 4, 2005) (Moon, J.); *cf. Advanced Training Grp. Worldwide, Inc. v. ProActive Techs., Inc.*, --- F. Supp. 3d ---, 2020

2

WL 902535, at *3 n.5 (E.D. Va. Jan. 29, 2020) ("Although the Virginia Rules of Professional Conduct establish appropriate guidelines for the professional conduct of attorneys [in federal court], a violation of those Rules does not automatically result in disqualification of counsel."). The Court also "may consider the disruptive impact the withdrawal would have" on the client and the litigation generally. *Patterson v. Gemini Org., Ltd.*, No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000) (citing *Whiting v. Lacara*, 197 F.3d 317, 320 (2d Cir. 1999)).

Counsel must provide facts that demonstrate good cause exists for withdrawal. *See Matter of God's Mercy, LLC*, 285 F. Supp. 3d 904, 907–08 (E.D. Va. 2018) (finding it inappropriate to grant counsel's motion to withdraw on the "sole factual proffer . . . that 'irreconcilable differences and conflict'" existed between counsel and client). Rule 1.16 of the Virginia Rules of Professional Conduct concerning Declining or Terminating Representation provides as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust;
>> (2) the client has used the lawyer's services to perpetuate a crime or fraud;
>> (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> (6) other good cause for withdrawal exists.

Va. Rules of Prof'l Conduct R. 1.16(b). This Rule does not authorize counsel to reveal information subject to attorney-client privilege, and indeed, Rule 1.6 of the Virginia Rules of Professional Conduct prohibits it. A lawyer nonetheless may demonstrate good cause to withdraw under Rule 1.16(b) by providing a general explanation of the reasons.

II. Analysis

Mr. DiNucci has followed Local Rule 9 in filing his Motion to Seal and for Ex Parte Hearing. I do not find, however, that sealing the memorandum in support of his motion to withdraw, or holding a closed or ex parte hearing, are warranted in this instance. Mr. DiNucci argues in his Motion to Seal and for Ex Parte Hearing that in order to demonstrate good cause for his Motion to Withdraw he must reveal information protected by attorney-client privilege, which is prohibited by Rule 1.6 of the Virginia Rules of Professional Conduct. Mot. to Seal & Ex Parte Hr'g 1–3. I have reviewed Mr. DiNucci's Memorandum in Support in which he states generally the reasons he believes good cause exists for the Court to grant his Motion to Withdraw. None of his statements reveal confidential information or communications. Mr. DiNucci does not attach any communications between him and his client. The only communication Mr. DiNucci discusses in any detail is one in which Spencer expressly asked Mr. DiNucci to inform the Court of the communication. Mem. in Supp of Mot. to Withdraw 2 n.4; *see Elbaz*, 396 F. Supp. 3d at 598. The Memorandum in Support does not reveal any information protected by attorney-client privilege. As such, nothing in the document warrants sealing pursuant to Local Rule 9.

The Court denies Mr. DiNucci's request for a closed or ex parte hearing for similar reasons. "First, pretrial civil proceedings are generally open to the public." *360 Mtg. Grp. v. Stonegate Mtg. Corp.*, No. 5:14cv310, 2016 WL 3030166, at *6 (E.D.N.C. May 25, 2016) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 580 (4th Cir. 2004)). Second, the specific proceeding currently before the court—a "motion[] to allow withdraw of counsel . . . —ha[s] no history of secrecy." *Id.*; *see also U.S. ex rel. Thomas v. Duke Univ.*, No. 1:17cv276, 2018 WL 4213375, at *5 (M.D.N.C. Sept. 4, 2018). Finally, Mr. DiNucci can articulate his reasons for seeking leave to withdraw without divulging any attorney attorney-client communications.

Accordingly, Mr. DiNucci's Motion to Seal and for Ex Parte Hearing, ECF No. 751, is hereby DENIED. Mr. DiNucci is ORDERED to respond within three (3) days of this Order stating whether he agrees to have his Memorandum in Support filed on the public docket. If he does not agree, the Clerk is DIRECTED to return the memorandum to Mr. DiNucci. The Court will schedule a public hearing on Mr. DiNucci's Motion to Withdraw. Mr. DiNucci, Defendant Spencer, and counsel for Plaintiffs shall attend the hearing, and any other party or person may attend.

IT IS SO ORDERED.

The Clerk shall send a copy of this Order to John DiNucci, Esq., and to the parties.

ENTER: June 4, 2020

Joel C. Hoppe
U.S. Magistrate Judge

5