UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                Plaintiffs,

v.

JASON KESSLER, et al.,

                Defendants.

Civil Action No. 3:17-cv-00072-NKM

JURY TRIAL DEMANDED

**PLAINTIFFS' OPPOSITION TO DEFENDANT JEFF SCHOEP'S
MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

Plaintiffs respectfully file this opposition to Defendant Jeff Schoep's Motion for Reconsideration of Order Granting Plaintiffs' Motion to Compel Discovery, ECF No. 744 ("Mot. for Recons." or "Mot.").

Time and again, Schoep has taken unjustified positions only to capitulate at the last minute, and the instant Motion for Reconsideration is no exception.  Just minutes after filing the instant Motion, Schoep agreed to produce the very documents required by the Order he now challenges. *See* Ex. A (May 28, 2020 Email Chain from A. Dietz to K. Kim, J. Phillips, and others).  By doing so, Schoep has implicitly admitted that the Court's Order, ECF No. 741, is correct, and it is difficult to see what the point of the Motion for Reconsideration is other than to avoid having to pay Plaintiffs' attorneys' fees.  However, it is precisely because Schoep has engaged in this pattern of meritless recalcitrance and repeatedly forced Plaintiffs to engage in unnecessary motions practice

that attorneys' fees were warranted in the first place. Plaintiffs accordingly respectfully request that the Court deny Schoep's Motion for Reconsideration.

Schoep asks the Court to reconsider Plaintiffs' motion to compel discovery, ECF No. 689. Because "[d]iscovery orders are inherently interlocutory," Schoep's Motion falls under Federal Rule of Civil Procedure 54(b). *Retractable Techs., Inc. v. Int'l Healthcare Worker Safety Ctr.*, No. 3:11-MC-28, 2011 WL 3555848, at *2 (W.D. Va. Aug. 11, 2011) (Moon, J.) (internal marks and citation omitted) (denying motion for reconsideration); *see* Fed. R. Civ. P. 54(b). "Relief under Rule 54(b) may be appropriate where the moving party shows the Court has patently misunderstood a party in reaching its decision, there has been a controlling or significant change in the law or facts since the Court issued its order, or the prior decision was clearly erroneous and would work manifest injustice if allowed to stand." *Atl. Coast Pipeline, LLC v. 10.61 Acres, More or Less, in Lovingston Dist., Nelson Cty., Virginia*, No. 3:18-CV-00071, 2020 WL 2046376, at *2 (W.D. Va. Apr. 28, 2020) (Hoppe, J.) (internal marks and citation omitted) (denying motion for reconsideration). "Such problems rarely arise and the motion to reconsider should be equally rare." *King v. Capital One Bank (USA), N.A.*, No. 3:11-CV-00068, 2012 WL 6052053, at *1 (W.D. Va. Dec. 5, 2012) (Moon, J.) (marks and citation omitted) (denying motion for reconsideration). The Court should be "mindful that routine reconsideration of interlocutory orders would undermine judicial economy and respect for the finality of decisions." *Retractable Techs.*, 2011 WL 3555848, at *2 (internal marks omitted). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Atl. Coast Pipeline*, 2020 WL 2046376, at *2 (alteration in original). "Motions to reconsider are not proper where the motion merely asks the court to rethink what the

Court has already thought through—rightly or wrongly." *Id.* (marks and citation omitted). Schoep bears the burden of showing that reconsideration is justified. *Retractable Techs.*, 2011 WL 3555848, at *2.

Contrary to Schoep's assertion, the Court did not ground its decision on "assumptions" or "punish[]" Schoep for the actions of other Defendants. Mot. for Recons. at 5. Rather, in its Order, the Court provided a detailed analysis of its reasons for granting Plaintiffs' motion to compel, ECF No. 689, and addressed the arguments in Schoep's opposition. Among other findings, the Court determined that "Schoep still resists Plaintiffs' discovery requests on grounds that the Court has already rejected or otherwise addressed" and described those orders and Schoep's conduct. *See* Order at 3-5, ECF No. 741. The Court explicitly noted that Schoep had "twice refused Plaintiffs' proper discovery request on grounds that" his phone would not contain any potentially relevant information because it was obtained after the Unite the Right rally in August 2017. *Id.* at 5. The Court also considered that "Plaintiffs' counsel asked Schoep to produce the new phone on December 11, 2019" and "[h]ad Schoep promptly complied, then he and his attorney would have had about three weeks" to meet the deadline in the operative scheduling order. *Id.* at 6.

Schoep's Motion for Reconsideration does not rebut or deny a single fact or finding in the Court's Order. Rather, Schoep merely argues that "reconsideration is warranted here because the Court was seemingly unaware of Defendant Schoep's compliance with Plaintiffs' request." Mot. for Recons. at 1. However, the Court was not unaware that Schoep intended—belatedly—to comply with Plaintiffs' request. To the contrary, Plaintiffs informed the Court of that exact fact in their reply in support of their motion to compel. *See* ECF No. 695-1 (Apr. 6, 2020 Email from A. Dietz to M. Bloch, J. Phillips, cc: E. ReBrook). Moreover, the Court was aware that Schoep complied only *after* refusing Plaintiffs' repeated requests, missing the court-ordered production

3

deadline, forcing Plaintiffs to file a motion to compel, and filing his own opposition to that motion. Nothing in Schoep's motion for reconsideration comes close to an argument that the Court was clearly erroneous, patently misunderstood Schoep's position, or that manifest injustice would result. *See Portis v. Ruan Transp. Mgmt. Sys., Inc.*, No. 7:15-CV-00118, 2015 WL 5794540, at *2 (W.D. Va. Oct. 1, 2015) (denying motion for reconsideration because asking for the court's "awareness and reality of circumstances involved…does not amount to an argument that the court was clearly erroneous" (internal marks omitted)).

Schoep also appears to claim that the Court misunderstood that production of his phone was "not contingent upon the ability to review the results before release to the Plaintiffs' counsel." Mot. for Recons. at 1 (emphasis omitted). However, the Court did not misunderstand; Schoep has simply reversed his position once again. As the Court noted in its Order, Schoep opposed the motion to compel because, among other reasons, Plaintiffs' "request to obtain 'every document from his new phone that hits on a search term threatens to sweep in documents and information that are not remotely relevant to the issues in this case'" and "request[ing] direct access to those documents, without allowing Schoep or his attorney, to review them, 'suggests that the Plaintiffs seek broad and unfettered access to the contents' of his new phone." Order at 2, ECF No. 741 (quoting Schoep's Opp. to Pls. Mot. to Compel at 13, ECF No. 694) (internal case quotation and citation omitted). In short, during the motion to compel briefing, Schoep objected because he wanted to review or have his attorney review documents prior to production to avoid "sweep[ing] in" irrelevant documents and to prevent "unfettered access," and this Court should reject Schoep's attempt to rewrite history.[1]

---

[1] Notwithstanding that the Court's original reading of Schoep's position was correct, to the extent that Schoep nevertheless meant that production was not contingent on review, it was his obligation to say so in an intelligible fashion. His failure to do so does not constitute a "patent

Schoep has failed to show that the Court misunderstood his position, that manifest injustice would result, that the Order granting Plaintiffs' motion to compel was clearly erroneous, or any other reason to justify reconsideration. Rather, at bottom Schoep's request is merely that the Court "rethink what it has already thought through," which is not a proper basis for reconsideration. *See Atl. Coast Pipeline*, 2020 WL 2046376, at *2 (marks and citation omitted). Plaintiffs therefore respectfully request that the Court deny the Motion for Reconsideration, ECF No. 744.

Dated: June 11, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

---

misunderstanding" by the Court. Moreover, a motion for reconsideration is not "an occasion to present a better and more compelling argument that the party could have presented in the original briefs" or to get a second bite at the apple. *Atl. Coast Pipeline*, 2020 WL 2046375, at *2 (internal marks and citation omitted).

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com


*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on June 11, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on June 11, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*