CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/12/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al.,  )<br>    Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>JASON KESSLER et al.,  )<br>    Defendants.  )<br>  ) | Civil Action No. 3:17-cv-00072<br><br>MEMORANDUM OPINION & ORDER<br><br><br>By:   Joel C. Hoppe<br>        United States Magistrate Judge |

This matter is before the Court on motions filed by Denise Lunsford, Esq., and John Hill, Esq., to quash subpoenas duces tecum that Plaintiffs served on each attorney. ECF Nos. 647, 648. Mr. Hill and Ms. Lunsford represent Defendant James Alex Fields in parallel state-court criminal proceedings related to the Unite the Right rally in Charlottesville on August 12, 2017. *See* Hill Mot. to Quash ¶ 2, ECF No. 648 (citing *id.* Ex. 2, Order, *Commonwealth v. Fields* (Charlottesville City Gen. Dist. Ct. Sept. 5, 2017), ECF No. 648-2, at 1); Lunsford Mot. to Quash ¶ 2, ECF No. 647. Ms. Lunsford was also co-counsel for Fields in a related federal hate-crimes prosecution arising out of the same events. *See* Oral Order, *United States v. Fields*, No. 3:18cr11 (W.D. Va. July 5, 2018), ECF No. 21. Fields is serving prison sentences of two consecutive life terms on the federal convictions and a term of life plus 419 years on the state convictions. *See* Am. J. in a Crim. Case, *United States v. Fields*, No. 3:18cr11 (W.D. Va. filed Oct. 1, 2019), ECF No. 63.

Plaintiffs filed a brief opposing defense counsel's motions to quash their subpoenas, ECF No. 672, and neither Mr. Hill nor Ms. Lunsford replied within the time allowed. On April 27, 2020, Plaintiffs' counsel and Fields's attorney in this civil action appeared by telephone for a status conference about discovery. The Court invited Mr. Hill and Ms. Lunsford to participate in the call, but they did not note their appearances. *See* Tr. of Apr. 27, 2020 Disc. Status Conf. 4, 6,

1

ECF No. 721. The motions to quash are ripe for review and may be decided without oral argument. Tr. of Apr. 27, 2020 Disc. Status Conf. 7–9; *see* Fed. R. Civ. P. 78(b); W.D. Va. Gen. R. 4(c)(2). The Court will grant in part Ms. Lunsford's motion, ECF No. 647, and modify the subpoena duces tecum directed to her, ECF No. 672-1, at 30–57, to exclude any material that the United States Attorney's Office for the Western District of Virginia disclosed to Ms. Lunsford pursuant to the discovery and nondisclosure order entered in *United States v. Fields*, No. 3:18cr11 (W.D. Va. June 27, 2018). Mr. Hill should not be in possession of any such materials. Accordingly, his motion to quash, ECF No. 648, will be denied in its entirety.

## I. The Legal Framework

"The basic philosophy" driving discovery in civil litigation today is "that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." 8 Wright & Miller, Federal Practice & Procedure § 2001 (3d ed. 2002); *accord Hickman v. Taylor*, 329 U.S. 495, 501 (1947) ("The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."). "To that end, either party may compel the other to disgorge whatever [relevant] facts he has in his possession." *Hickman*, 329 U.S. at 507; *see Eramo v. Rolling Stone, LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016).

A party to litigation also may serve on any non-party a subpoena to produce discoverable material in the non-party's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii); *In re Subpoena of Am. Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016) (per curiam). The scope of discovery from a non-party is "'the same as the scope of a discovery request made upon a party to the action,' and 'a party is entitled to information that is relevant to a claim or defense in the matter' at issue." *Bell, Inc. v. GE Lighting, LLC*, No. 6:14cv12, 2014 WL 1630754, at *6

(W.D. Va. Apr. 23, 2014) (quoting *Smith v. United Salt Corp.*, No. 1:08cv53, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009)). "In turn, the non-party may contest the subpoena," *In re Am. Nurses Ass'n*, 643 F. App'x at 314, by timely serving written objections or filing a motion in the district court for the district where compliance is required, *see* Fed. R. Civ. P. 45(d)(2), (3).

The court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Additionally, because the scope of discovery under Rule 45 is coextensive with the general rules governing all discovery, a non-party cannot be required to produce any ESI or document that a party to the litigation would not also be required to produce under Rule 34(a). *See Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam) (citing Fed. R. Civ. P. 26(b)(1)); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 434–35 (D. Md. 2012). The party or person resisting discovery bears the burden to show it should not be allowed. *Solis v. Food Emp. Labor Rel. Ass'n*, 644 F.3d 221, 231–32 (4th Cir. 2011) (attorney-client privilege and work-product doctrine); *In re Grand Jury Matter*, 926 F.2d 348, 350–53 (4th Cir. 1991) (subpoena issued to attorney); *Johnson v. Miller*, No. 3:15cv55, 2017 WL 6617056, at *3 (W.D. Va. Dec. 21, 2017) (undue burden generally); Fed. R. Civ. P. 45(e)(2) (claiming privilege or protection in response to subpoena).

## II. Discussion

*A.  Summary*

On January 28, 2020, Plaintiffs served their subpoena on Mr. Hill at his law office in Waynesboro, Virginia. *See* Hill Mot. to Quash ¶ 1; *id.* Ex. 1, Subpoena, ECF No. 648-1. Plaintiffs served an identical copy of the subpoena on Ms. Lunsford the next day, *see* Lunsford Mot. to Quash ¶ 1, at her law office in Charlottesville, Virginia, *see* Pls.' Br. in Opp'n Ex. 1, Hill

3

& Lunsford Subpoenas, ECF No. 672-1, at 30. Both subpoenas commanded counsel to produce the requested documents at a law firm in Charlottesville on February 11, 2020, at 10:00 a.m. *See* Pls.' Br. in Opp'n Ex. 1, at 2, 30.

Plaintiffs' Requests for Documents state twice on the first page that "nothing" therein "should be construed to request documents protected by the attorney-client privilege or work product doctrine." Subpoena 5 ("This subpoena, including each individual Request for Documents . . . , shall be read and interpreted to request only documents that are not covered by the attorney-client privilege or work product doctrine[.]"). With this limitation on each subpoena clearly established, Plaintiffs asked each attorney to produce any of the following materials within his or her possession, custody, or control:

1. All documents located on . . . or otherwise preserved from any electronic devices that at any time belonged to or was in the possession of Fields.
2. All documents concerning Fields's conduct and actions on August 11–12, 2017, including his participation in any Unite the Right Event and the Car Attack.
3. All documents and communications sent to or received from the United States of America or the Commonwealth of Virginia concerning Fields, including any discovery materials related to any Legal Proceedings between the United States or the Commonwealth of Virginia and Fields.
4. All documents that were collected or preserved in relation to any Legal Proceeding concerning Fields, whether or not that evidence was used in court.
5. All documents created, shared, viewed, posted, sent, modified, or authored by Fields [from January 1, 2015, to the present] concerning race, ethnicity, religious, violence, or any group that promotes white supremacy or white nationalism.
6. All photographs, video recordings, or audio recordings concerning or depicting Fields, the Car Attack, or any Unite the Right Event.
7. All recordings and transcripts of telephone calls concerning Fields, the Car Attack, or any Unite the Right Event, including calls to or from Fields during his detention after his arrest in August 2017.
8. All documents obtained from any third party concerning any Unite the Right Event, the Car Attack, or Fields including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.
9. All documents containing or concerning geolocation data relating to any Unite the Right Event, the Car Attack, or Fields, including documents obtained from

4

> Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.
> 10. All documents or communications relating to statements made by or concerning Fields, whether made before or after the Car Attack, including statements concerning planning, preparing for, attending, or participating in any Unite the Right Event, the Car Attack, or Fields's role therein.
> 11. All documents constituting or concerning interviews of witnesses or law enforcement personnel concerning the Car Attack, any Unite the Right Event, or Fields, including transcripts, audio or video recordings, memoranda, summaries, or notes.
> 12. All documents concerning any injuries or damage caused by the Car Attack or any Unite the Right Event.

Subpoena 10–11; *see also id.* at 9–10 ("Unless otherwise stated, the time period to which these Requests refer is from January 1, 2015 to the present."). Plaintiffs also requested all documents described in their "[Corrected] First Set of Requests for Production of Documents to All Defendants," a copy of which they attached as an exhibit to each subpoena. *See id.* at 11, 14–23. As of late May, Mr. Hill and Ms. Lunsford had not produced any documents in response to Plaintiffs' subpoenas.

*B.     Analysis*

Mr. Hill and Ms. Lunsford broadly assert that, "[t]aken as a whole," the subpoenas require them to "produce the entire contents" of their case files for Fields's criminal matters "with no exception" for attorney-client privileged communications, trial-preparation materials, or "other documents and material [counsel] is prohibited from disclosing." Hill Mot. to Quash ¶ 3 ("Among other things, [counsel's] files contain notes, memoranda and other documents memorializing confidential discussions and communications with Fields, co-counsel and experts, and documents related to trial strategy, information regarding jurors and other documents and material that [counsel] is prohibited from disclosing."); Lunsford Mot. to Quash ¶ 3 (same). As the parties claiming privilege, counsel "bear the burden of demonstrating the applicability of the privilege to *specific* documents." *Solis*, 644 F.3d at 233 (emphasis added) (describing the

5

parameters of the attorney-client privilege and the work-product doctrine); *accord United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("The proponent must establish . . . the particular communications at issue are privileged and that the privilege was not waived."). Their conclusory assertions that Fields's client files generally contain notes "memorializing confidential discussions and communications with Fields" and "documents related to trial strategy," Hill Mot. to Quash ¶ 3; Lunsford Mot. to Quash ¶ 3, are not proper objections under Rule 45(e)(2)(A)(ii). *See United States v. Elbaz*, 396 F. Supp. 3d 583, 598 (D. Md. 2019); *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 750–51 (E.D. Va. 2007); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 409–10 (D. Md. 2005); *Vaugh Furniture Co. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125–26 (M.D.N.C. 1994). They certainly do not justify the decision to withhold responsive documents that are neither privileged attorney-client communications nor protected trial-preparation materials. *See Prowess, Inc. v. Raysearch Labs. AB*, No. WDQ-11-1357, 2013 WL 509021, at *2–4 (D. Md. Feb. 11, 2013); *cf. In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987) ("By quashing the subpoena on the basis of [counsel's] blanket assertion of attorney-client privilege, the district court improperly cloaked some subpoenaed documents with the privilege's protection.").

More importantly, Plaintiffs' subpoenas explicitly instructed defense counsel *not to produce* documents protected by the attorney-client privilege or the work product doctrine, Pls.' Br. in Opp'n 1, 4–5 (citing Subpoena 5), even if those materials were responsive to Plaintiffs' requests. *See Meyer v. Bank of Am., N.A.*, No. 2:18cv218, 2018 WL 6436268, at *3 (S.D. Ohio Dec. 7, 2018) (overruling privilege objection where plaintiffs' subpoena issued to defendant's former law firm "explicitly provide[d] for the withholding of privileged materials"). Rule 45(d)(3) provides no basis for relief where, as here, the subpoena does not "require[] disclosure"

of privileged matters or work-product materials. Fed. R. Civ. P. 45(d)(3)(iii); *see Meyer*, 2018 WL 6436268, at \*3. Accordingly, counsel's requests to quash the subpoenas on those grounds, Hill Mot. to Quash ¶ 3; Lunsford Mot. to Quash ¶ 3, are hereby **OVERRULED**.

Counsel also assert that Rule 1.6 of the Virginia Rules of Professional Conduct further prohibits them "form revealing information . . . gained in the professional relationship that the client has requested to be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client unless the client consents." Hill Mot. to Quash ¶ 4 (citing Va. R. Prof'l Conduct 1.6(a)); Lunsford Mot. to Quash ¶ 4 (same). Again, however, neither Mr. Hill nor Ms. Lunsford identified specific information withheld under this Rule.[1] *See id.* Plaintiffs also point out that a "lawyer can reveal '[such] information to comply with law or a court order,'" Pls.' Supp'l Br. in Opp'n 2 (quoting Va. R. Prof'l Conduct 1.6(b)(1)), and that Mr. Hill and Ms. Lunsford may use the Protective Order in this case to designate materials that contain "confidential" or "highly confidential" information, Pls.' Br. in Opp'n 5 n.1 (citing ECF No. 167); *see also* Subpoena 5 (instructing the same). Defense counsel's objections are hereby **OVERRULED**. *See* Va. State Bar, Legal Ethics Op. 967 (Aug. 31, 1987).

Next, Mr. Hill and Ms. Lunsford assert Plaintiffs' subpoenas request material from Fields's criminal cases, federal grand jury materials, petit juror information, and "certain photographs and videos admitted into evidence" at Field's jury trial which, by agreement or court order, cannot be disclosed to third parties. *See* Hill Mot. to Quash ¶¶ 5–7 (citing Hill Mot.

---

[1] They also overlook that the Rule's limitation on divulging "embarrassing" or likely "detrimental" information gained in the professional relationship does not extend to "truthful information made in a public judicial proceeding." *Hunter v. Va. State Bar ex rel. Third Dist. Comm.*, 744 S.E.2d 611, 620 (Va. 2013) (rejecting the VSB's contrary interpretation of this clause because "[t]o the extent that the information is aired in a public forum, privacy considerations must yield to First Amendment protections). Defense counsel do not explain why they failed to produce responsive information that had already been presented in open court during Fields's state or federal criminal proceedings.

to Quash Ex. 3, *Commonwealth v. James A. Fields* Open File Agreement (undated), ECF No. 648-2, at 2; *id.* Ex. 4, Order, *In Re Fed. Civil Rights Investigation into Vehicular Attack on Aug. 12, 2017 in Charlottesville, Va.* (W.D. Va. Feb. 23, 2018), ECF No. 648-2, at 3; *id.* Ex. 5, Agreed Order Re Juror Info., *Commonwealth v. Fields*, Nos. CR17000296-01 to 10 (Charlottesville City Cir. Ct. Aug. 15, 2018), ECF No. 648-3, at 1–3; *id.* Ex. 5, [Draft Unsigned] Order Allowing Members of the Public to View & Hear Video & Audio Evid. Admitted at Trial, *Commonwealth v. Fields*, Nos. CR17000296-01 to 10 (Charlottesville City Cir. Ct.) (undated), ECF No. 648-3, at 4); *accord* Lunsford Mot. to Quash ¶¶ 5–7 (same). Plaintiffs respond that their subpoenas do not request any information about jurors in Fields's state-court prosecution and that defense counsel mistakenly attached an unsigned draft version of the state trial court's order governing audio and video exhibits. Pls.' Br. in Opp'n 8. They are correct. *See* Subpoena 10–11; Pls.' Br. in Opp'n Ex. C, Order Allowing Members of the Public to View & Listen to the Video & Audio Evid. Admitted at Trial, *Commonwealth v. Fields*, Nos. CR17000296-01 to 10 (Charlottesville City Cir. Ct. Dec. 27, 2018), ECF No. 672-3, at 2.

On December 27, 2018, the Honorable Richard E. Moore ordered "the Clerk of Court to make available to members of the public for viewing and listening the video and audio admitted as evidence at trial . . . . in a 'view and listen' format [accessible] only in the Clerk's Office for the Charlottesville Circuit Court" at a time, place, and manner to be determined by the Clerk of Court. *Id.* Ex. C, at 2 ("The Court further ORDERS that the exhibits (the video and audio recordings) shall not be copied, reproduced or transmitted in any way.").[2] Judge Moore's Order explicitly applies to the Clerk of the Charlottesville City Circuit Court and the public's right to access specific materials in that Court's trial record. If Ms. Lunsford or Mr. Hill have a copy of

---

[2] The order does not mention "photographs" admitted at trial. *Id.*; *see also* Pls.' Br. in Opp'n 8.

8

an exhibit of a recording admitted at trial in the state case, Judge Moore's Order would prohibit them from disseminating a copy of that exhibit, but it does not prohibit them from producing the recording if they had obtained it from another source. Thus, the Order does not confine defense counsel's obligation to produce those same (and other) materials in response to Plaintiffs' valid subpoenas served in this case. Accordingly, their objections based on the state trial court's orders are hereby **OVERRULED**.

Mr. Hill and Ms. Lunsford also assert that an Open File Agreement "prohibits disclosure of [any] information and material" provided to them by the Commonwealth's Attorney's Office for the City of Charlottesville in the course of representing Fields in the state-court prosecution. Hill Mot. to Quash ¶ 6; Lunsford Mot. to Quash ¶ 6. Mr. Hill and Ms. Lunsford "agree[d] not give evidentiary materials, except the materials disclosed as exculpatory or described in Rule 3A:11 and Rule 7C:5, to [their] client nor make them apart of [their] client's file."[3] Hill Mot. to Quash Ex. 3, *Commonwealth v. James A. Fields* Open File Agreement (undated), ECF No. 648-2, at 2. On May 20, 2020, Plaintiffs informed this Court that the Commonwealth's Attorney's Office consented to releasing Mr. Hill and Ms. Lunsford from this agreement. Pls.' Supp'l Br. in Opp'n 2 (citing *id.* Ex. 1, Email from N. Antony to J. Seigel (May 8, 2020, 10:10 AM)). Thus, the confidentially agreement poses no obstacle to Plaintiffs' subpoenas. *See id.*; *cf. In re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 287 F.R.D. 377, 384 (S.D. W. Va. 2012) ("There is no privilege for documents merely because they are subject to a confidentiality

---

[3] "Under Rule 3A:11, a felony defendant is entitled to his own 'written or recorded statements' made to law enforcement personnel, certain written reports in the possession of the Commonwealth, and 'tangible objects within the possession, custody, or control of the Commonwealth' which 'may be material to the preparation of the defense.'" *Juniper v. Commonwealth*, 626 S.E.2d 383, 404 (Va. 2006) (cleaned up) (quoting Va. Sup. Ct. R. 3A:11(b) (2004)). Thus, even if the Commonwealth's Attorney's Office had not waived confidentiality, the Open File Agreement's terms would not have affected defense counsel's ability to produce "[a]ll documents or communications relating to statements made by" Fields after the Car Attack, among other things. *See* Subpoena 11; Va. Sup. Ct. R. 3A:11(b)(1)(i).

9

agreement, and confidentiality agreements do not necessarily bar discovery that is otherwise permissible and relevant.").

Finally, Mr. Hill and Ms. Lunsford assert that "[i]nformation provided to [them] by the United States government in the course of [their] representation of Fields in the [Charlottesville City Circuit Court] Criminal Matters is governed by an Order of the United States District Court for the Western District of Virginia dated February 23, 2018." Hill Mot. to Quash ¶ 6; Lunsford Mot. to Quash ¶ 6; *see also id.* ¶ 2 ("Hill [and Lunsford] represented Fields in a series of criminal cases originating in the City of Charlottesville Circuit Court (the 'Criminal Matters') and now represent[] Fields on the appeal of his conviction[s] in those cases to the Commonwealth of Virginia Court of Appeals."). In support of their position, counsel attached a copy of this Court's standard criminal discovery and nondisclosure order entered while Fields's involvement in the August 12, 2017 vehicular attack was still under investigation by a federal grand jury. *See id.* Ex. 4. Ms. Lunsford represented Fields at that time. After Fields was indicted in June 2018, I entered the same standard order authorizing the United States "to disclose to counsel for the defense as part of voluntary discovery, grand jury materials, . . . medical records, witness interview reports, materials covered by the Privacy Act, and other materials" on the condition that

> [c]ounsel for the defense may use this material solely for the defense of the case, may not copy any of the material except as needed for the defense of the case . . . and may not remove or allow the removal of any of this material from the office of defense counsel unless kept in the personal possession of defense counsel at all times.

Order ¶¶ 1, 4, *United States v. Fields*, No. 3:18cr11 (W.D. Va. June 27, 2018). Ms. Lunsford's obligations under both nondisclosure Orders "continue beyond the conclusion" of Fields's federal prosecution. *Id.* ¶ 11; *accord* Hill Mot. to Quash Ex. 4, at ¶ 11. Accordingly, her objection, Lunsford Mot. to Quash ¶ 6, is **SUSTAINED** and Plaintiffs' subpoena is hereby **MODIFIED to exclude** any material provided by the U.S. Attorney's Office to defense counsel

10

in *United States v. Fields*, No. 3:18cr11 (W.D. Va.).[4] *See, e.g.*, Attach. to Lunsford Subpoena (RFP Nos.1–7, 9–12), ECF No. 672-1, at 39–40. Ms. Lunsford is **DIRECTED within ten (10) days** from the date of this Order to produce all other responsive documents within her possession, custody, or control.

Mr. Hill never served as Fields's defense counsel in the federal grand jury investigation or subsequent prosecution, so there is no apparent reason why he should have any material that the U.S. Attorney's Office provided to Ms. Lunsford or her co-counsel in those proceedings. Mr. Hill also does not explain his conclusory assertion that "[i]nformation provided to Hill by the United States government in the course of his representation of Fields in the [state] Criminal Matters is governed by" the nondisclosure order this Court entered in a federal grand jury investigation. *See* Hill Mot. to Quash ¶ 6. Accordingly, Mr. Hill's objection is hereby **OVERRULED**, and he is **DIRECTED within ten (10) days** from the date of this Order to produce all responsive documents in his possession, custody, or control. If Mr. Hill withholds any such document on grounds that it is protected under this Court's nondisclosure orders in *United States v. Fields*, No. 3:18cr11, or any related federal grand jury proceeding, then Mr. Hill shall expressly claim the protection for each document withheld and describe the material in accordance with Rule 45(e)(2).

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Memorandum Opinion & Order to Denise Lunsford, Esq., and John Hill, Esq., and to the parties.

ENTER: June 12, 2020

*[signature]*

---

[4] Any request to modify the order limiting dissemination of grand jury or other protected materials should be filed in the criminal case so that the United States may offer its position on the request.

                                                           Joel C. Hoppe
                                                           U.S. Magistrate Judge