CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/12/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| JASON KESSLER et al., | ) | |
| Defendants. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on Defendant Jeff Schoep's motions to reconsider, ECF Nos. 743, 744, my Memorandum Opinion and Order granting Plaintiffs' motion to compel inspection of Schoep's "new phone" and directing the discovery vendor to "provide directly to Plaintiffs' counsel any and all ESI collected from Schoep's social-media accounts and devices that contain the agreed-upon search terms within the applicable date range," Mem. Op. & Order of May 27, 2020, at 7, ECF No. 741.[1] While Schoep opposed Plaintiffs' motion, he "agreed to produce his new phone to the Vendor for imaging and collection—if he and his attorney c[ould] review the results before releasing them to Plaintiffs' counsel." Mem. Op. & Order of May 27, 2020, at 1–2 (citing Def. Schoep's Br. in Opp'n 12–13, ECF No. 694). I granted Plaintiffs' motion to compel in its entirety and directed them to file a petition setting out their reasonable expenses incurred in making the motion. *Id.* at 6 (citing Fed. R. Civ. P. 37(a)(5)(A)).

Schoep asks me to reconsider my decision. Def. Schoep's Br. in Supp. Mots. to Reconsider 5–6, 9, ECF No. 744. He asserts "reconsideration is warranted here because the Court was seemingly unaware of [his] compliance with Plaintiffs' request" and "Schoep's production of his 'new phone' was **not** contingent upon the ability to review the results before

---

[1] Pinpoint citations to documents filed electronically with this Court use the "page X of Y" numbers generated by CM/ECF.

release to Plaintiffs' counsel." *Id.* at 5. Schoep explains that he mailed his new phone to the

Vendor on May 8, 2020, more than a month after his attorney's assistant confirmed to Plaintiffs'

counsel that Schoep intended to produce it. *Id.* at 6; *see id.* Ex. 2, Email from A. Dietz to M.

Bloch & J. Phillips (Apr. 6, 2020, 1:49 AM), and Response from J. Phillips to A. Dietz (May 4,

2020, 5:01 PM), ECF No. 744-2.[2] According to Schoep, the "ESI documents were made

available for Defense Counsel to review on May 18, 2020[,] and the Vendor was instructed on

May 27, 2020 to produce all responsive documents to Plaintiffs' counsel before this Court's

Memorandum [Opinion] and Order [of] May 27, 2020, ECF No. 741, was entered." Def.

Schoep's Br. in Supp. Mots. to Reconsider 6 (citing *id.* Ex. 4, Email from A. Dietz to K. Kim et

al. (May 27, 2020, 2:43 PM), ECF No. 744-4).[3]

"The Federal Rules of Civil Procedure do not provide for a motion to reconsider,

denominated as such," *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001), although such

requests "are common in federal practice," *DIRECTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317

(E.D.N.C. 2004) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101

(E.D. Va. 1983)). Rule 54 "provides that 'any order or other decision, however designated, that

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

not end the action as to any of the claims or parties and may be revised at any time.'" *Carrero v.

Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)). "The

precise standard governing a motion for reconsideration of an interlocutory order is unclear,"

---

[2] Schoep attributes this delay to COVID-19 and a series of stay-at-home orders that went into effect beginning April 9, 2020. *See id.* Ex. 3, at 1–23, ECF No. 744-3.

[3] The Memorandum Opinion and Order was entered at 2:34 p.m. EDT, *see* Notice of Elec. Filing, ECF No. 741, or nine minutes before defense counsel's assistant emailed the Vendor asking them to "produce to plaintiffs all  responsive documents with redactions," Email from A. Dietz to K. Kim (May 27, 2020, 2:43 PM).

*Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), but it is clear they "are not subject to the strict standards applicable to motions of reconsideration of a final judgment" or final order under Rules 59(e) and 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). *See Carrero*, 310 F. Supp. 3d at 584. Still, "[s]uch motions are disfavored and should be granted sparingly." *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quotation marks omitted) (Moon, J.).

Relief under Rule 54(b) may be appropriate where the moving party shows that the Court has "patently misunderstood a party" in reaching its decision, there has been "a controlling or significant change in the law or facts" since the Court issued its order, *Above the Belt*, 99 F.R.D. at 101, or "the prior decision was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515 (quotation marks omitted). *See Wootten*, 168 F. Supp. 3d at 893 (citing the same factors). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* Nor is it "an occasion 'to present a better and more compelling argument that the party could have presented in the original briefs,'" *id.* (quoting *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)), "or to 'introduce evidence that could have been addressed or presented previously,'" *id.* (quoting *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014)).

Schoep seeks reconsideration "to supplement the information and address the assumptions on which the Court based its decision." Def. Schoep's Br. in Supp. of Mots. to Reconsider 9. He appears to believe that I granted Plaintiffs' motion to compel "based upon the conclusion that [he] 'agreed to produce his new phone to the Vendor for imaging and collection'

*only* 'if he and his attorney [could] review the results before releasing them to Plaintiffs' counsel.'" *Id.* at 5 (quoting Mem. Op. & Order of May 27, 2020, at 1, 2). That is not correct. I granted the motion to compel because Schoep failed to produce or permit inspection of his new phone as Plaintiffs requested under Rule 34, Fed. R. Civ. P. 37(a)(3)(B)(iv), after I repeatedly "held that Plaintiffs [were] entitled to the requested material," Mem. Op. & Order of May 27, 2020, at 2 (citing ECF Nos. 288, 379, 383, 440, 483, 582, 597). I also knew Schoep planned to produce his phone to the Vendor because Plaintiffs provided a copy of an April 6, 2020 email in which defense counsel's assistant confirmed they would "be providing Mr. Schoep's new phone to the [V]endor for imaging."[4] Pls.' Reply in Supp. of Mot. to Compel Ex. A, Email from A. Dietz to M. Bloch & J. Phillips (Apr. 6, 2020, 1:49 AM), ECF No. 695-1; *see also* Pls.' Reply in Supp. of Mot. to Compel 1–3 (Apr. 8, 2020), ECF No. 695. Schoep's initial argument against giving Plaintiffs' counsel immediate access to relevant ESI collected from the phone did not factor into my decision granting Plaintiffs' motion to compel.[5] Mem. Op. & Order of May 27,

---

[4] The assistant did not explicitly reserve Schoep's claimed first right of review in this correspondence. Email from A. Dietz to M. Bloch & J. Phillips (Apr. 6, 2020, 1:49 AM).

[5] More specifically, Schoep argued "that Plaintiffs' request to obtain 'every document from his new phone that hits on a search term threatens to sweep in documents and information that are not remotely relevant to the issues in the case, such as private text messages, e-mails, contact lists, and photographs.'" Mem. Op. & Order of May 27, 2020, at 3 (quoting Def. Schoep's Br. in Opp'n 12–13) (cleaned up). "He also assert[ed] that their request for direct access to those documents, without allowing Schoep or his attorney to review them, 'suggests that the Plaintiffs seek broad and unfettered access to the contents' of his new phone." *Id.* (quoting Def. Schoep's Br. in Opp'n 13) (cleaned up). I rejected Schoep's arguments because I had already

> explained to [his] attorney that "Plaintiffs aren't asking for everything he has ever produced" and that the Court [in November 2018] entered a Stipulation & Order setting out the parties' agreed-upon process for imaging, preserving, and producing any ESI responsive to Plaintiffs' original "requests for relevant information," which they served on Defendants in January 2018. . . . [B]oth parties' counsel needed to discuss "search terms" and other parameters that would return whatever relevant, responsive documents were on an imaged device. Put differently, the parties' agreed-upon terms will define which documents or information must be produced in accordance with Rule 26(b)(1) and the Court's prior discovery orders.

2020, at 3–4 (citing Def. Schoep's Br. in Opp'n 12–13); *see* Fed. R. Civ. P. 37(a)(5)(A). His attempt to clarify those arguments is not grounds for relief under Rule 54(b). *See Wootten*, 168 F. Supp. 3d at 893; *cf. United States v. Pearce*, No. 1:08cr234, 2010 WL 520540, at *3 n.2 (E.D.N.Y. Feb. 12, 2010) (denying motion to reconsider evidentiary ruling where challenged facts were "equally irrelevant and immaterial" and therefore "did not factor in the decision").

Giving Plaintiffs' counsel direct access to the ESI results was a proper—indeed, necessary—remedy for Schoep's failure to produce his new phone because Schoep had "twice refused Plaintiffs' proper discovery request on grounds" the Court unequivocally rejected more than a year earlier, and because Schoep missed the deadline to "produce all non-privileged responsive ESI to Plaintiffs' counsel [by] February 5, 2020, as required by this Court's most recent scheduling order." Mem. Op. & Order of May 27, 2020, at 6. Consistent with his track-record throughout discovery, *see id.* at 2–6, Schoep did not tell the Court that he mailed his new phone to the Vendor on May 8, 2020, until after the Court granted Plaintiffs' motion to compel later that month. *See Wootten*, 168 F. Supp. 3d at 893. Even if he had, it would not change the fact that Schoep refused to comply for almost five months after Plaintiffs asked to inspect the phone in December 2019, and more than six weeks after they filed their motion to compel in March 2020. The Court still would have granted Plaintiffs' motion in its entirety. Mem. Op. & Order of May 27, 2020, at 6; Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—*or if the*

---

*Id.* at 4 (quoting Tr. of Apr. 26, 2019 Mot. Hr'g 10–12, ECF No. 487) (other citations omitted); *see also id.* at 2–3, 5–7. Plaintiffs interpreted Schoep's brief in opposition as making these same arguments against giving their attorneys direct access to the ESI results. *See* Pls.' Reply in Supp. of Mot. to Compel 2–3 (citing Def. Schoep's Br. in Opp'n 12–13); Pls.' Br. in Opp'n to Def. Schoep's Mots. to Reconsider 4–5 & n.1, ECF No. 762. To the extent Schoep meant that production was not contingent on review, it was his attorney's job to say so in an intelligible fashion. Pls.' Br. in Opp'n to Def. Schoep's Mots. to Reconsider 4 n.1; *cf. Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (recognizing that "judges are not mind readers" and that, even in cases involving pro se litigants, district courts are not required "to conjure up questions never squarely presented to them").

*disclosure or requested discovery is provided after the motion was filed*—the court must, after giving an opportunity to respond, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added)). Schoep's late-breaking attempt to bring "awareness" to the "reality of circumstances involved" is not grounds for relief under Rule 54(b). *Portis v. Ruan Transp. Mgmt. Sys., Inc.*, No. 7:15cv118, 2015 WL 5794540, at *2 (W.D. Va. Oct. 1, 2015).

Finally, Schoep's motions to reconsider provide no guidance about how (presumably) he wants the Court to modify its Order granting Plaintiffs' motion to compel—even if the Court agrees to "reconsider" it. *See, e.g.*, Def. Schoep's Br. in Supp. of Mots. to Reconsider 5 (noting that the motions "seek[] reconsideration" of the Order "granting, in its entirety," Plaintiffs' motion to compel, and asserting that "reconsideration is warranted" based on newly provided information which, "if considered, . . . would lead this Court to reconsider" the Order); *id.* at 9 (seeking "reconsideration . . . to supplement the information and address assumptions"); *accord* Pls.' Br. in Opp'n to Def. Schoep's' Mots. to Reconsider 1 ("[I]t is difficult to see what the point of the Motion for Reconsideration is other than to avoid having to pay Plaintiffs' attorneys' fees."). Schoep merely asserts that he "has not engaged in any willful conduct that would justify the relief requested," Def. Schoep's Br. in Supp. of Mots. to Reconsider 6, and he "is being punished for what he has already produced," [6] *id.* at 9. The first point is irrelevant for now, *see*

---

[6] Schoep also asserts he "is being punished for . . . what he has no ability to produce for Defendants [National Socialist Movement] and [Nationalist Front], as he is no longer affiliated with either entity and is considered a "traitor" by his former associates due to his cooperation with the Simon Wiesenthal Center and his ongoing efforts as an anti-violence advocate." *Id.* at 9. In granting Plaintiffs' motion to compel, I explained that Schoep's personal "track-record of failing to fulfil his discovery obligations in a timely manner ma[de] him especially ill-suited to participate in a discovery process that is predicated upon one's prompt and good faith" compliance with those obligations. Mem. Op. & Order of May 27, 2020, at 6 (cleaned up) ("He leaves the Court no choice but to impose yet another special discovery procedure that will move this case forward to trial."). I did not mention Schoep's association with any organizational Defendants. *See generally id.* at 1–7.

Fed. R. Civ. 37(a)(3)–(5), and the second ignores that Plaintiffs had to ask for the Court's help (again) before Schoep provided the requested discovery, Fed. R. Civ. P. 37(a)(5)(A). *See generally* Mem. Op. of May 27, 2020, at 2–6. Schoep's failure to produce the discovery before Plaintiffs moved to compel means that he probably will have to compensate Plaintiffs for reasonable expenses, including attorney's fees, incurred in bringing their motion. Fed. R. Civ. P. 37(a)(5)(A). To the extent Schoep views Rule 37(a)(5)'s mandatory fee-shifting provision as "punishment," he should understand it was his failure to follow the rules—not his eventual acquiescence—that landed him in this position. *See generally* Mem. Op. of May 27, 2020, at 2–6; *Sines v. Kessler*, No. 3:17cv72, 2019 WL 3767475, at *2, *13–16 (W.D. Va. Aug. 9, 2019). Accordingly, Defendant Jeff Schoep's motions to reconsider, ECF Nos. 743, 744, are hereby **DENIED.**

      **IT IS SO ORDERED.**

      The Clerk shall send a copy of this Order to the parties.

                    ENTER: June 12, 2020

                    Joel C. Hoppe
                    U.S. Magistrate Judge