```
              IN THE UNITED STATES DISTRICT COURT

              FOR THE WESTERN DISTRICT OF VIRGINIA

                    CHARLOTTESVILLE DIVISION



ELIZABETH SINES, et al.,       )
                               )
           Plaintiffs,         )  Civil Action 3:17-CV-00072
                               )
vs.                            )
                               )
JASON KESSLER, et al.,         )
                               )
           Defendants.         )
_____

              TRANSCRIPT OF TELEPHONIC MOTION HEARING
       HONORABLE MAGISTRATE JUDGE JOEL C. HOPPE PRESIDING
              THURSDAY, JUNE 11, 2020, 11:03 A.M.
_____
```

Court Reporter:          Judy K. Webb, RPR
                         210 Franklin Road, S.W., Room 540
                         Roanoke, Virginia 24011
                         (540)857-5100 Ext. 5333

           Proceedings recorded by manual stenography.
Transcript produced by computer.

**A P P E A R A N C E S**

On behalf of Plaintiffs Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muniz, Hannah Pearce, Marcus Martin, John Doe, Natalie Romero, and Chelsea Alvarado:

**Jessica E. Phillips, Esquire**
Boies Schiller Flexner, LLP
1401 New York Avenue, N.W.
Washington, DC 20005

**Michael Low Bloch, Esquire**
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118

On behalf of Richard Spencer:

**John A. DiNucci, Esquire**
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102

Also Present:

**Richard Spencer**

```
 1        (Court convened at 11:03 a.m.)
 2             THE COURT:  Hi, this is Joel Hoppe.  We are here for
 3   Mr. DiNucci's motion to withdraw.
 4        (Interruption in the proceedings.)
 5             THE COURT:  All right.  Hi, this is Joel Hoppe.
 6             Who is on the line for, let's see, Mr. Spencer?
 7             MR. SPENCER:  Yes, I am on the line.  This is
 8   Mr. Spencer.
 9             THE COURT:  Okay.  And is Mr. DiNucci on the line?
10             MR. DiNUCCI:  Yes, I am, Judge Hoppe.
11             THE COURT:  All right.  Well, good morning to you
12   both.
13             MR. DiNUCCI:  Good morning, Your Honor.
14             THE COURT:  And who do we have on the line for the
15   plaintiffs?
16             MR. BLOCH:  Good morning, Judge.  This is Mike Bloch
17   from Kaplan Hecker & Fink.
18             MS. PHILLIPS:  Good morning, Judge.  Jessica Phillips
19   from Boies Schiller Flexner is also on for the plaintiffs.
20             THE COURT:  All right.  And do we have any other
21   parties on the line, or their counsel?
22        (No audible response.)
23             THE COURT:  All right.  And I believe Ms. Dotson is
24   on the line and making a recording of this call, so there is a
25   record being made of it.  And, of course, we're here to
```

1  address Mr. DiNucci's motion to withdraw from representing
2  Mr. Spencer in the case.
3         Let's see. Mr. DiNucci, I, of course, have seen your
4  motion, and then there was a motion to seal.
5         And, Mr. Spencer, I have also seen that there was a
6  filing made on your behalf just noting that you oppose
7  Mr. DiNucci's withdrawal.
8         MR. SPENCER: Yeah.
9         THE COURT: And I want to hear more from both of you.
10 And then if the plaintiffs have anything else to add, I'll be
11 happy to hear from them as well.
12        But I wanted, at the outset, and I tried to lay this
13 out in my order denying the motion to seal, but, you know, I
14 want to emphasize that the Court does have a duty to make some
15 inquiry about the general reasons for withdrawal. But I'm
16 certainly not asking for counsel or, Mr. Spencer, for you to
17 reveal any confidential information or anything that is
18 extraneous to the general reason for a need to withdraw.
19        So with that said, Mr. DiNucci, can you provide me
20 with some reason for your motion to withdraw?
21        MR. DiNUCCI: Yes, Your Honor. I appreciate the
22 opportunity.
23        Judge, I'm moving to withdraw pursuant to
24 requirements of Virginia Rule 1.16 which requires that, in
25 this situation, I first seek leave of -- you know, permission

1  from the Court to withdraw.
2           The bases, if you will, for the motion are pretty
3  straightforward.  Pursuant to Rule 1.16(b)(4), I'm asking the
4  Court to allow me to withdraw because Mr. Spencer has failed
5  substantially to fulfill an obligation to me -- I'm
6  paraphrasing the provision of subparagraph 4 -- regarding the
7  lawyer's services, and has been given reasonable warning that
8  the lawyer will withdraw unless the obligation is fulfilled.
9           I have put Mr. Spencer on notice going back to
10 January of this year that if the financial end of the retainer
11 agreement weren't taken care of, so to speak, I would have to
12 move to withdraw.  I am owed a substantial sum of money.
13 There is a material breach of the provisions of the written
14 retainer agreement that require prompt payment of outstanding
15 invoices.
16          In addition to which, I've asked -- indicated there's
17 a need for an additional retainer.  This is a pretty large
18 case, and that's one of the things the retainer agreement
19 requires, that if I request a retainer, one be provided.
20 There's no retainer.  That's the first basis for -- or that's
21 the first set of reasons for the motion to withdraw.
22          In addition to which, Judge, it's been difficult
23 dealing with Mr. Spencer.  I understand he's got a lot of
24 pressure in his life, but it's been difficult getting --
25 communicating with him, and that's hampered my ability to do

1  the things I think I have needed to do to prepare a defense in
2  the case. And the retainer agreement does require
3  cooperation.
4         In addition to which, Judge, to be perfectly blunt
5  about it, as a sole practitioner I am literally a one-man
6  shop. I don't have a partner, I don't have an associate. If
7  I'm not being paid to litigate this case, it is an extreme,
8  extreme financial burden; there's just no question about it.
9  I hate to admit that. I would like to be able to say to the
10 Court I'm a rich man and can keep doing this for nothing, but
11 I literally can't.
12         Those are the bases for the motion. If Your Honor
13 requires some elaboration, I can certainly go further. But
14 those are the bases for the motion.
15         THE COURT: Okay. And, Mr. DiNucci, when you say
16 that you would need an additional retainer, is that in
17 compilation of the upcoming trial that is scheduled for -- I
18 believe it's four weeks, and it's in Charlottesville and would
19 require you to secure a hotel room and so forth?
20         MR. DiNUCCI: That's certainly a major part of it,
21 Judge, because the trial, it's set for three weeks, I believe,
22 but I could see it could be four if the Court has that time.
23         And the retainer would cover not only services
24 rendered, but as I think Your Honor is indicating,
25 out-of-pocket costs that need to be incurred in order to

1  litigate the case.  So there certainly is substantial cost
2  that's going to be associated with being in Charlottesville
3  for upwards of a month, not to mention the substantial costs
4  to get, for example, deposition transcripts for use in a
5  summary judgment motion.
6          THE COURT:  And are the depositions, have those all
7  been completed at this point?
8          MR. DiNUCCI:  No.  There's a lot left to go.
9  Mr. Bloch can probably better address that than me.  No, we
10 have a lot to go, Your Honor.
11         MR. SPENCER:  Including mine.
12         MR. DiNUCCI:  Exactly.
13         THE COURT:  Okay.  All right.  Thank you,
14 Mr. DiNucci.
15         Mr. Spencer, again, without revealing any confidences
16 that you and Mr. DiNucci may have, you know, his reason for
17 withdrawing is, essentially, that you haven't been paying his
18 fees.  Can you tell me some more about that?  Are you
19 opposing -- still opposing his motion to withdraw?
20         MR. SPENCER:  Yes.  I mean, what Mr. DiNucci has said
21 has been fair.  And to be honest, I have always found him to
22 be a reasonable person, and I do think he has my best interest
23 at heart in representing me.
24         In terms of the communication issue, I agree, I am
25 under a lot of pressure dealing with a number of matters and

1  just simply dealing with the basic familiar --
2          (Interruption in the proceedings.)
3              MR. SPENCER:  What is that?
4              THE COURT:  All right.  Whoever was making that
5  noise, if you can make sure that your phone is on mute,
6  please.
7              All right.  Mr. Spencer, I'm sorry, would you go
8  ahead, please.
9              MR. SPENCER:  Sure.  So I have been under a lot of
10 pressure, and I think there were some communication issues,
11 but I think Mr. DiNucci would agree that I have seriously
12 addressed those and I'm putting many of my other things on the
13 back burner for the moment, and we have been communicating
14 quite well.  And Mr. DiNucci has been entirely professional
15 throughout this whole process, and I certainly appreciate that
16 fact.
17             In terms of the situation, I mean, Your Honor, this
18 case has been financially crippling for a long time, and it
19 has gone on for a long time.  I certainly was paying
20 Mr. DiNucci up until fairly recently.
21             And I am in a very difficult situation where, due to
22 deplatforming efforts against me, it is very difficult for me
23 to raise money as other citizens are able to.  And that's
24 something that I've proven to be able to do in the past fairly
25 easily, to be honest, but it's something that I cannot do now.

```
 1  And I am just -- I'm in a very difficult situation in terms of
 2  getting funds.
 3          Now, I think I can solve this problem, and certainly
 4  as we get closer to the case there are ways of solving this
 5  problem of raising money in a legitimate manner but one that's
 6  not going to be, you know, deplatformed.  But this is just
 7  something that I'm going to have to focus on and spend time
 8  on.  But I'm just in a very difficult situation.  I know -- I
 9  really do understand that John DiNucci is as well.  And, you
10  know, there's no reason for me to disbelieve what he said in
11  terms of his own case.
12          But, you know, I have just -- this case has gone on
13  for a long time.  I guess I shouldn't speak to the merits of
14  the case at this point; I'll just speak about the matter at
15  hand.  But this has been extremely expensive and has been a
16  huge burden on me personally in order to fight it, and that's
17  just the facts of the facts.  I wish they were otherwise.
18          But I am trying.  I do have faith in Mr. DiNucci and
19  I do like him personally, so I really don't have any animus
20  against him.  And I'm sure he's frustrated, but I don't think
21  he has any personal animus against me.  So we're just in a
22  very difficult situation, and, you know, I think it's best
23  just to be honest about it.
24          THE COURT:  All right.  So you would like to keep him
25  on.  You think that you have addressed or made some steps to
```

1  try and address the communication problems --

2  MR. SPENCER: I've also -- I've made major -- I'm
3  sorry, I don't want to interpret you. I've made some -- I've
4  made some -- I recently just made a payment as well,
5  so . . . (pause)

6  THE COURT: Okay. Mr. Spencer, you understand
7  that -- and Mr. DiNucci he makes a good, a good point about
8  upcoming trial, three weeks, and having to pay the expense of
9  having a hotel room and staying in Charlottesville, but also
10 three weeks of work where he's probably not going to be able
11 to do much else during that trial, so it's a substantial
12 financial burden on him and not one that he should have to do
13 for free. So --

14 MR. SPENCER: I do understand that and I absolutely
15 appreciate it.

16 THE COURT: -- do you think you have some way to pay
17 him?

18 MR. SPENCER: Yes, I do, and I will.

19 THE COURT: All right. Mr. Bloch, do you have
20 anything that you want to say in particular about the status
21 of discovery? Has all the written discovery from Mr. Spencer
22 been completed?

23 MR. BLOCH: Thanks, Judge. The -- as far as the
24 motion itself, the plaintiffs continue to not oppose the
25 motion to withdraw.

1      The discovery is, including from Mr. Spencer, has not
2 been completed, among other things.  There are thousands of
3 photographs and video files that were not produced to us, that
4 still have not been produced to us.  So I think there's --
5 there's a long way to go, I think, with -- even in terms of
6 Mr. Spencer's document production.
7      And as far as --
8      MR. SPENCER:  I don't remember taking thousands of
9 photos.  It's absurd to even say that.
10     THE COURT:  Mr. Spencer, I'll give you a chance to
11 talk, but I want to hear from Mr. Bloch right now, please.
12     MR. BLOCH:  Judge, I'm happy to -- I'm happy to pass
13 along the correspondence I've had with Mr. DiNucci about the
14 thousands of video and photo files that were not produced to
15 us.  And I think we actually sent Mr. DiNucci Bates numbers
16 for what did get -- what did get produced to us are blank
17 pieces of paper in place of the video and photograph files.
18 And those are Bates stamped, so I was able to direct
19 Mr. DiNucci to -- I forget how many thousands, but it's
20 certainly in the thousands of video and photograph files that
21 Mr. Spencer has not produced.
22     And I do agree with Mr. DiNucci, we have a ways to go
23 in terms of getting through the rest of the depositions.  Many
24 of them, if not most or all of them, have been scheduled and,
25 obviously, will happen over the next four weeks or so.  But in

```
 1  terms of -- but we are on the, I would say, the front end of
 2  that process, and there's a fairly -- fairly substantial
 3  number of depositions to be taken over the course of the next
 4  four weeks plus, I would say.
 5          THE COURT:  Okay.
 6          MR. DiNUCCI:  Your Honor, may I address the issue
 7  Mr. Bloch just raised about the --
 8          THE COURT:  Yes.  Go ahead, Mr. DiNucci.
 9          MR. DiNUCCI:  Mr. Bloch is correct, he did
10  communicate with me about that.  He's been actually very
11  helpful in, for example, by giving me Bates numbers.  We are
12  ready to release -- to tell IDS, the third-party vendor who is
13  handling the ESI, that it can release the stuff -- if it was
14  stuff -- the ESI that Mr. Bloch is talking about that
15  plaintiffs' attorneys -- it just took a while.  It's a lot of
16  stuff to get through.  But we're through, we're ready to make
17  it available today.  I've had my son as my paralegal going
18  through it, I've reviewed it as well, and so we're ready to
19  turn it over.  That would moot that issue.
20          THE COURT:  Okay.  All right.
21          MR. BLOCH:  Judge, if you don't mind, I just want to
22  clarify one point.  And I agree with Mr. DiNucci we've been in
23  good communication about this.  I just want to make sure that
24  what's getting produced to us is what has been reviewed and
25  marked as responsive as opposed to all of --
```

1           MR. DiNUCCI:  Exactly.

2           MR. BLOCH:  -- all of it.

3           MR. DiNUCCI:  Your Honor and Mr. Bloch, we have done

4    that.  Mr. Bloch --

5           MR. BLOCH:  Oh, great.

6           MR. DiNUCCI:  Previously we had turned over a lot of

7    ESI without having determined whether much of it was

8    responsive.  The volume was so great, we simply couldn't get

9    through 300,000 documents.  This set of documents about which

10   we're talking are visual images.  We've reviewed the materials

11   for responsiveness, and we're only, through IDS, going to be

12   turning over things that are deemed responsive.

13          MR. BLOCH:  Great.

14          THE COURT:  All right.  Mr. DiNucci, Mr. Spencer said

15   that he -- he's trying to be more responsive in his

16   communications, and also has represented that he has made a

17   payment and is committed to -- is trying to raise the money to

18   make sure that he can pay your fees.

19          Is this something that you think that you can explore

20   with him further, you know, just between the two of you all to

21   see if there's some way that he can continue to pay you for

22   your services?  I certainly would expect that if you're going

23   to be in the case, that he needs to pay you.  And, you know,

24   it is a substantial amount of work, and I know it would be a

25   significant burden on your practice to -- for you to carry

1  forth.  Especially, you know, if you're not going to get paid,
2  I think it would be too great of a burden.  But I also am
3  hesitant to grant a motion to withdraw this far into the case
4  when trial is really only a few months away if there is a way
5  that you can stay in the case and Mr. Spencer can pay you for
6  your services.
7          MR. DiNUCCI:  Well, Judge, with respect to the
8  financial aspect of it, I don't see a way forward, to put it
9  one way.  Mr. Spencer, if I understood him correctly earlier,
10 said he's been deplatformed.  I guess he's been trying to
11 raise money through, I don't know, crowd funding or whatever
12 these entities or things are called and has failed.  I haven't
13 heard any indication today or otherwise that there's some
14 other means by which money will be provided, whether in terms
15 of a retainer for future services and costs or to pay what's
16 already owed.  And although Mr. Spencer made a payment
17 recently, it was a small payment.  There's still a very
18 substantial amount owed.
19         I haven't heard any indication as to how we can solve
20 this problem.  I spent eight hours yesterday participating in
21 a deposition because I'm still doing my job, but I haven't
22 heard any indication of how I'll get paid just even for that.
23         And with respect to cooperation, yes, Mr. Spencer has
24 been more responsive of late, but there are still some things,
25 many things, some very large here that we simply haven't

1 discussed, notwithstanding my request for time.  Again, I
2 understand Mr. Spencer's personal situation, but I'll be
3 honest with you, I'm frustrated.  It's difficult to defend the
4 case without greater cooperation.
5          THE COURT:  All right.  Mr. Spencer --
6          MR. SPENCER:  Mr. DiNucci has the right to be
7 frustrated.  He has the right to be frustrated.
8          THE COURT:  Okay.  All right.  Mr. Spencer, is there
9 anything else that you wanted to say?  Do you think --
10         MR. SPENCER:  Well, just to reiterate --
11         THE COURT:  Real quickly, do you think that you --
12 that you actually have a viable plan to be able to pay
13 Mr. DiNucci for the work he's already performed --
14         MR. SPENCER:  Yes.
15         THE COURT:  -- and what --
16         MR. SPENCER:  Yes.
17         THE COURT:  -- and what's coming up?
18         MR. SPENCER:  Yes.  I mean, in terms of fundraising,
19 it has not failed in terms of a lack of support.  That's never
20 been the issue.  I was able to raise his initial retainer over
21 the course of a weekend.
22         The issue has always been that whenever I attempt to
23 raise money, even though I have -- again, I've not been
24 accused of any crime at all.  When I attempt to raise money,
25 there are various groups that make it their life's mission to

1  get me kicked off the platform.  And that was unsuccessful a
2  few years ago; it's now become quite successful the past two
3  years.
4          But in terms of my ability to raise money, I don't
5  think that can be put into question.  I do have the support.
6  It's a simple matter of, you know, I have a lot of obligations
7  that are weighing me down in terms of personal matters, and
8  this has just been made ten times as difficult for any other
9  citizen due to my notoriety, and it is just a -- it's a fact
10 that I have to deal with.  But the fact is I need to deal with
11 this in order to survive in general.  So it's something that I
12 can deal with.
13         But in terms of John DiNucci's other criticisms, I
14 really -- you know, I have to be -- always be honest, and I
15 haven't been the best client.  And I think he does make some
16 solid criticisms, and I need to get better in terms of
17 communication.
18         THE COURT:  All right.  Well, Mr. Spencer, I do want
19 you to -- you may have reached this, but I certainly want you
20 to understand that if Mr. DiNucci -- if the Court does allow
21 him to withdraw, that you would be responsible for taking and
22 defending any depositions and writing and filing your own
23 motions, responding to any motions from the plaintiffs,
24 finishing up any outstanding written discovery, and then, as
25 the case moves to trial, making all pretrial filings, and then

1  at the trial presenting your own arguments and examining
2  witnesses.  So, you know, it's a significant amount of work.
3            MR. SPENCER:  I would be out of my league, Your
4  Honor.  I would be out of my league, Your Honor.  It's not
5  about a question of intelligence, it's a question of
6  competency.  It's just something -- I have absolutely no
7  training in this, this is not something I'm good at, so it
8  would be a -- I think it would be catastrophic.
9            THE COURT:  Well, certainly the Court's preference is
10 to have you represented by an attorney.  But I also --
11 considering Mr. DiNucci as a sole practitioner and his bills
12 are already in arrears, and there's a lot of work to do over
13 the next four weeks with depositions and then a trial and just
14 preparing for trial, and then conducting a three-week trial,
15 the amount of work will be all-encompassing for more than a
16 month for Mr. DiNucci.  And, you know, he has to be able to
17 earn a living too.
18           So I tell you, I want -- Mr. Spencer, you've
19 indicated that you think you can raise -- raise the money.
20 You know, what I'm going to do is, I'm going to take the
21 motion under advisement for one week and give you an
22 opportunity to make good on what you think you can do.  And if
23 you can satisfy Mr. DiNucci that you have a plan in place to
24 be able to pay him for the services that he's already
25 performed and what he anticipates will be coming in the

1  future, then, Mr. DiNucci, I would want you to just make a
2  subsequent filing within a week with the Court and just
3  indicate whether -- you know, whether your motion -- whether
4  you're withdrawing your motion or whether it still stands.
5           I certainly think at this time you've laid out a
6  sufficient case to be able to withdraw, as much as I don't
7  want that to happen.  I think it's certainly preferable for
8  the Court and it's in Mr. Spencer's interest that he be
9  represented, but I also recognize the significant burden that
10 it would put on Mr. DiNucci to stay in the case.
11          So I'm going to take the motion under advisement.
12          Mr. DiNucci, we'll just hear from you in a week about
13 whether you need to stay with the motion or whether you think
14 it can be withdrawn because Mr. Spencer has figured out a way
15 to satisfy his financial obligations to you, and, also, you're
16 committed to make sure that communication is open, too, so
17 that you can do your job for him.
18          MR. DiNUCCI:  Understood, Your Honor.
19          THE COURT:  Okay.  All right.  Is there anything else
20 on this motion to withdraw that we need to address today?
21          MR. DiNUCCI:  I don't believe so, Your Honor.
22          MR. BLOCH:  Not from the plaintiffs, Judge.  Thank
23 you.
24          THE COURT:  Mr. Spencer, are you clear on all that?
25          MR. SPENCER:  Yes.  Yes, I am.

1  THE COURT: Okay. All right. Well, then thank you
2  all for calling in, and have a good day.
3  MR. DiNUCCI: Thank you, Your Honor. You too.
4  MR. BLOCH: Thank you, Judge.
5  (Court recessed at 11:28 a.m.)
6
7  CERTIFICATE
8  I, Judy K. Webb, certify that the foregoing is a
9  correct transcript from the record of proceedings in
10 the above-entitled matter.
11
12 /s/  Judy K. Webb           Date: 6/12/2020