IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF VIRGINIA Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 18 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

ELIZABETH SINES, et al,
Plaintiff,

v.

Civil Action No. 3:17-cv-00072-NKM-JCH
AN EVIDENTIARY HEARING AND ORAL
ARGUMENT ARE REQUESTED

JASON KESSLER, et al,
Defendant.

### MOTION TO RECONSIDER ORDER DENYING, IN PART, MOTIONS TO QUASH SUBPOENAS DUCES TECUM SERVED ON ATTORNEYS LUNSFORD AND HILL, REQUEST FOR ADDITIONAL TIME FOR RESPONSE, AND REQUEST FOR APPOINTMENT OF A SPECIAL MASTER

COMES NOW attorneys Denise Y. Lunsford, Esquire ("Lunsford") and John I. Hill ("Hill"), pursuant to Rule 60 of the Federal Rules of Civil Procedure, and request that this Court reconsider its June 12, 2020 Memorandum Opinion & Order, ECF No. 765, denying, in large part, Motions to Quash *subpoenas duces tecum* served by Plaintiffs. In support thereof, Lunsford & Hill state as follows:

### INTRODUCTION

Lunsford and Hill were appointed to represent James Fields ("Fields") in the matter of Commonwealth v. James Fields by Charlottesville Courts. In addition, Lunsford was appointed by the United States District Court for the Western District of Virginia to act as co-counsel in the matter of United States v. James Fields. Neither Lunsford nor Hill are parties to the instant action and neither is counsel to a party. Fields is a defendant in the civil matter pending before this Court and, as such, his interests are represented by David L. Campbell, Esq..

1

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Lunsford and Hill request relief from the June 12, 2020 Memorandum Opinion & Order of this Court denying, in large part, the Motions to Quash filed by Lunsford and Hill and ordering their compliance with *subpoenas duces tecum* issued by Plaintiffs. Rule 60(b)(1) provides that a court may relieve a party from an order for mistake, inadvertence surprise, or excusable neglect. Additionally, a court may provide relief pursuant to Rule 60(b)(6) for "any other reason that justifies relief." A motion to reconsider an order related to a discovery issues is appropriately adjudicated under Rule 60(b). See, Newton v. Beneficial Financial I, Inc., 2018 WL 10068531 (W.D. Va. 4/16/2018). Lunsford and Hill were served with the *subpoenas duces tecum* in late January, 2020. Their Motions to Quash were filed in February, 2020.

1. **Lunsford and Hill were not on notice that their Motions to Quash would be addressed at a Status Conference regarding discovery in this matter.**

Neither Lunsford nor Hill are parties to the civil matter before this Court and neither is attorney for any party to the civil matter. The sole reason Lunsford and Hill are before this Court is their representation, by appointment of Virginia state courts, of Fields, a defendant in this matter and receipt of discovery in that matter. Lunsford is a solo practitioner; Hill is in a two-person firm; neither engages in a practice involving federal civil matters. Lunsford's practice is primarily comprised of criminal and related matters in state courts. Hill's practice involves both criminal and civil matters in state courts. Neither Lunsford nor Hill are familiar with the Federal Rules of Civil Procedure or rules of the Western District of Virginia. Nonetheless, having received *subpoenas duces tecum*, both Lunsford and Hill filed timely Motions to Quash with the Court.

On April 27, 2020, this Court held a telephonic discovery status conference (the "Status Conference"). Hill received notice, through the PACER system, only that a "Status Conference

2

Call re: discovery" would be held. The notice to Hill contained a listing of the motions to be discussed which did not refer to the Motions to Quash (Nos. 647 & 648) or in any way indicate that the Motions to Quash would be addressed. The notice stated that attendance was required for counsel to address the listed motions (Nos. 650, 652, 671, 694, 695); a later email notice stated that "[t]he judge also hopes…Ms. Lunsford and Mr. Hill can join the call" but neither indicated there Motions to Quash would be addressed on their merits or direct counsel to appear. A copy of the email notice received by Hill is attached as Exhibit 1. Lunsford did not receive notice because her PACER email address had not been updated on the system.[1] At some point, counsel for the Plaintiffs became aware of this issue and, by email dated May 20, 2020, made Lunsford aware of their knowledge of issues with her email; counsel for Plaintiffs had previously communicated with Lunsford using her current email address. Neither Lunsford nor Hill received notice that the Status Conference would involve consideration of their Motions to Quash on the merits. At no time did counsel for Plaintiffs notify Lunsford or Hill of any knowledge they may have had regarding the merits of their Motions to Quash being considered at the Status Conference.

As of the date of the Status Conference, Lunsford and Hill had not submitted memoranda on the merits of their Motions to Quash. Counsel for Plaintiffs were very familiar with the objections by Lunsford and Hill to the *subpoenas duces tecum*. Counsel for Plaintiffs had also issued *subpoenas duces tecum* to the Federal Public Defenders who represented Fields in the federal criminal proceeding and were in contact with the Commonwealth's Attorney for

---

[1] PACER emails were apparently being directed to an email address Lunsford has not maintained in years. Lunsford is attempting to update this email information on the PACER system. The PACER account currently used by Lunsford used the email of Lunsford's former partner, who returned to public service in January, 2020. Lunsford has updated her email on that account. However, notice was not sent to Lunsford's partner at the address on that account.

3

the City of Charlottesville in an attempt to obtain the information sought from Lunsford and Hill through the *subpoenas duces tecum*. Because of their position with respect to Fields, the Commonwealth's Attorney does not share the concerns of Lunsford and Hill regarding privilege with respect to the information in its possession and, in fact, provided Plaintiffs' counsel with items of evidence admitted at trial in the state criminal proceeding.

Without notice indicating the Court's intent to consider the issue of their Motions to Quash on the merits, Lunsford and Hill did not participate in the Status Conference. As a result, Lunsford and Hill were unable to make the Court aware of other issues, set forth below, requiring guidance from the Court regarding the *subpoenas duces tecum*. Additionally, the Court likely was unaware of a Notice of Appeal to the Virginia Court of Appeals filed on behalf of Fields by Lunsford and Hill in the matter of Commonwealth v. James Fields. That matter is docketed at 1964-19-2. Production of responsive documents, even those that are not work product or protected by privilege, prior to final resolution of his state matters will likely result in undue prejudice to Fields even if documents are marked as "confidential" or "highly confidential".

Lunsford and hill timely filed their Motions to Quash and this Motion to Reconsider. The foregoing raises a meritorious claim and exceptional circumstances regarding Lunsford's and Hill's Motions to Quash which does not unfairly prejudice Plaintiffs and which results from mistake, inadvertence, surprise, or excusable neglect. See, Rule 60(b)(1) of the Federal Rules of Criminal Procedure; Wells Fargo Bank, N.A. v. AMS Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017).

2. **A change of circumstance occurred after the date of the Status Conference which Lunsford and Hill were unable to address with the Court.**

As of the date of the Status Conference, Lunsford and Hill were bound by the provisions

4

of an Open File Agreement in the matter of Commonwealth v. James Fields and the Commonwealth had not released Lunsford and Hill from the terms of that Agreement. After the Status Conference, Plaintiffs' counsel apparently engaged in negotiations with the Commonwealth, which is in possession of a signification portion of information sought by Plaintiffs and is not subject to attorney-client privilege to the extent as Lunsford and Hill. As a result of those apparent negotiations, Plaintiffs obtained copies of exhibits introduced in the trial in the City of Charlottesville, exhibits governed by the spirit, if not the letter, of the December 27, 2018 Order of the Charlottesville Circuit Court prohibiting disclosure. Plaintiffs also informed the Court, after the Status Conference, by Supplemental Brief in Opposition dated May 20, 2020, that the Commonwealth had "waived" the provisions of the Open File Agreement; Lunsford and Hill were informed of the Commonwealth's waiver by email from Plaintiffs' counsel dated May 11, 2020. On the same date, the Commonwealth informed Lunsford that Plaintiffs' counsel would receive trial exhibits directly from the Commonwealth pursuant to an agreement with Plaintiffs' counsel.

The Commonwealth's action in waiving the provisions of the Open File Agreement and their delivery of trial exhibits to Plaintiffs' counsel was a change of circumstance which occurred after the Status Conference. Accordingly, Lunsford and Hill were unable to address the issues regarding this change of circumstance with the Court, even if they had been on notice that the Status Conference would address the merits of their Motions to Quash and had appeared. The new information and circumstance is further reason for the Court to grant the Motion to Reconsider.

3. **This Court's Memorandum Opinion & Order requires clarification and direction.**

Because Lunsford and Hill were not on notice that the Status Conference would address

the merits of their Motions to Quash, the Court had insufficient information on which to fully address the complex issues presented by Plaintiffs' *subpoenas duces tecum*. The matters of Commonwealth v. James Fields and United States v. James Fields each had Orders or Agreements regarding information produced by the Commonwealth and/or the United States. This Court based its Memorandum Opinion & Order on written information before it, including a nondisclosure Order in the federal matter and an Open File Agreement and the Order regarding Evidence Admitted at Trial in the Virginia matter. The intricacies of the trial proceedings in these parallel proceedings, the discovery requirements of the Virginia prosecutors, counsel's dual roles, the far-reaching multi-jurisdictional investigation, and the sheer volume of information created a reality that could not be fully anticipated or addressed in Orders and Agreements or at a hearing called to address the status of discovery in the current matter. These matters, in turn, create nuanced issues in responding to the *subpoenas duces tecum* and this Court's June 12, 2020 Order.

  For example, this Court's Memorandum Opinion & Order provides that Lunsford's Motion to Quash is sustained as to information provided to Lunsford by the U.S. Attorney's Office and notes that Hill should not have any such material. In fact, information provided by the U.S. Attorney's Office was intended for use by Lunsford and Hill, as co-counsel for James Fields in the matter of Commonwealth v. James Fields and was produced as a result of the Commonwealth's discovery obligations arising under the Rules of the Supreme Court of Virginia and relevant caselaw. Information which originated from federal sources, including documents produced by federal employees such as witness interviews, was provided to Lunsford and Hill by both the Commonwealth of Virginia and the Office of the United States Attorney for use in the criminal matter pending against Fields in the City of Charlottesville.

Material delivered directly from the United States Attorney to Lunsford and Hill included, for example, such documents as interviews of witnesses by federal agents and transcripts of witness grand jury testimony. This information was delivered, in part, by way of external hard drive. In addition, however, Lunsford and Hill, as attorneys for Fields, also received federal documents directly from the Commonwealth. With regard to some federal information, it is difficult, if not impossible, to determine the immediate source and in some instances Lunsford and Hill cannot now determine whether information can be categorized as "federal" or "state".

While this Courts June 12, 2020 Order provides that Lunsford's Motion to Quash is sustained to exclude material provided by the U.S. Attorney's Office, including grand jury material, the Court's Order does not address materials provided by the U.S. Attorney's Office to the Commonwealth and subsequently delivered to Lunsford and Hill by the Commonwealth. In an effort to determine the position of the United States Attorney regarding these matters, Lunsford has been in communication with that Office but has not yet received a definitive response. Lunsford and Hill require guidance from the Court regarding federal materials received from the Commonwealth, information not readily categorized, and, likely, other matters that will arise as Lunsford and Hill review their files.

4. **Due to the extensive amount of information in their files, Lunsford and Hill request an extension of time within which to comply with this Court's Order.**

Lunsford is a solo practitioner and currently has no staff; Hill is in a two-person firm with a small support staff. Some of the material in the case against Fields in the City of Charlottesville is contained four bankers' boxes in Lunsford's possession and additional documents in Hill's possession. Much of the information is privileged and/or work product. Some of the information is protected by Orders of the Charlottesville Circuit Court. All of this information must be scoured to determine which information is responsive as well as which

responsive information is excluded as privilege or work product; a Privilege Log must be created referencing that material.

Discovery material from the Commonwealth is contained on an external hard drive; five (5) thumb drives contain additional discovery information, three (3) having been received from the Commonwealth and two (2) received from either the Commonwealth or the U.S. Attorney. Lunsford and Hill have begun and continue to provide information responsive to the *subpoenas duces tecum* which were received from the Commonwealth. As set forth in the previous section, additional information from the U.S. Attorney and the Commonwealth or guidance from this Court is needed concerning some of the information.

There are five (5) broad classes of responsive information contained in the files of Lunsford and Hill:  1) Information received from the Commonwealth or the Office of the United States Attorney, discussed above; 2) Information prepared, requested and/or received by Lunsford and Hill that is privileged and/or work product such as trial notes, witness interviews, medical records, expert opinions, and armed services records; 3) Information received during the course of the Charlottesville trial process that is protected by Orders of the Charlottesville Circuit Court such as juror questionnaires and sealed search warrants (collected or preserved in relation to any legal proceeding and obtained from a third party concerning any Unite the Right Event, "Car Attack", or Fields); 4) Pleadings filed during the course of the Charlottesville trial process including a Motion to Intervene in the criminal matter filed by a third party and pleadings and Orders sealed by the Charlottesville Circuit Court (collected or preserved in relation to any legal proceeding and obtained from a third party concerning any Unite the Right Event, "Car Attack", or Fields); 5) Information received from third parties, primarily in the form of emails, which were unsolicited and to which Lunsford and Hill did not respond (collected or

preserved in relation to any legal proceeding and obtained from a third party concerning any Unite the Right Event, "Car Attack", or Fields).

This Courts Order notes, on page 8, that the Plaintiffs assert their *subpoenas duces tecum* do not request information, for example, about jurors in the state court prosecution. Strictly speaking, this is correct. However, item 4 of the Plaintiffs' *subpoenas duces tecum* requests documents "collected or preserved in relation to any Legal Proceeding concerning Fields" and would encompass juror questionnaires as well as pleadings and sealed search warrants. While Lunsford and Hill accept the Plaintiffs' representations that they are not seeking confidential juror information and such information is the subject of a specific Order of the Charlottesville Circuit Court prohibiting its disclosure, juror questionnaires and other information set forth above are all responsive to the *subpoenas duces tecum* and are neither privileged nor work product. At the very least, this extensive information, set forth in items 2 through 4, above, must be set out in a Privilege Log or unsealed by the Charlottesville Circuit Court prior to production. This undertaking alone will require substantial time.

As an additional example, Lunsford (and likely Hill) received numerous unsolicited emails related to her representation of Fields. Such emails would be responsive to the *subpoenas duces tecum*, specifically item 2, documents concerning Fields' conduction and actions on August 11 & 12, 2017, and item 8, documents obtained from a third party concerning the Unite the Right Event and the "Car Attack". The emails are among hundreds, if not thousands of other emails related to <u>Commonwealth v. James Fields</u> in the possession of Lunsford and Hill, including communication between attorneys (to include prosecutors), communications with the Court, Clerk of Court, witnesses, experts, the Federal Public Defenders, and others. Review of all emails will take a substantial amount of time. While some

are responsive and can be produced, many more are responsive but are work product or privileged which must be cataloged in a Privilege Log.

Review of the substantial information in the possession of Lunsford and Hill and the creation of a Privilege Log will consume hours of time. As a result, Lunsford and Hill request that this Court narrow the classes of information which musts be cataloged in a Privilege Log and extend the time within which they must produce information responsive to the *subpoenas duces tecum*. As Court appointed counsel with small practices and limited resources such an undertaking is unreasonably burdensome when the information sought by Plaintiffs is more readily available from other sources.

An alternate method of dealing with some of the material in the possession of Lunsford and Hill, extensive emails for example, in addition to seeking the information from other sources, is the appointment of a special master to review information, determine what is responsive, and whether responsive information is work product or privileged. See, Rule 53 of the Federal Rules of Civil Procedure; Precision Pipeline, Inc. v. Dominion Transmission, Inc., Civ. No. 3:16-cv-180, U.S. District Court for the Eastern District of Virginia, Richmond Division (Dec. 11, 2017), attached as Exhibit 2. Lunsford and Hill, as non-parties to the litigation, should not be required to bear the expense of extensive review and identification. Appointment of a special master at the expense of the Plaintiffs would relieve Hill and Lunsford from this unreasonably burdensome requirement.

WHEREFORE, for the foregoing reasons, Denise Y. Lunsford, Esq. and John I. Hill, Esq. respectfully request that this Court reconsider its June 12, 2020 Order denying, in large part, their Motion to Quash *Subpoenas Duces Tecum* and also request that this Court have a

hearing on their Motion. Additionally, Lunsford and Hill request additional time within which to respond or, in the alternative, the appointment of a special master.

Respectfully submitted this 18th day of June, 2020.

DENISE Y. LUNSFORD, Esq.
JOHN I. HILL, Esq.
Pro Se

*/s/ Denise Y. Lunsford*

DENISE Y. LUNSFORD (VSB #31833)
Lunsford & Vradenburgh, LLC
414 East Market Street
Charlottesville, Virginia 22902
Tel: (434) 328-8798
Fax: (434) 328-8799
d@lunsford-law.com

*/s/ John I. Hill*

JOHN I. HILL (VSB #30381)
PoindexterHill, P.C.
404 South Wayne Avenue
Waynesboro, Virginia 22980
Tel: (540) 943-1118
Fax: (540) 949-6476
john@poindexterhill.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, the forgoing was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| *Counsel for Plaintiffs:* | *Philip M. Bowman (pro hac vice)*<br>*Yotam Barkai (pro hac vice)*<br>*Joshua J. Libling (pro hac vice)*<br>*Boies Schiller Flexner LLP*<br>*575 Lexington Avenue*<br>*New York, New York 10022*<br>*Telephone: (212)446-2300*<br>*Fax: (212) 446-2350*<br>*pbowman@bsfllp.com*<br>*ybarkai@bsfllp.com*<br>*jlibling@bsfllp.com*<br><br>*Robert T. Cahill, Esquire*<br>*Cooley, LLP*<br>*11951 Freedom Drive, 14th Floor*<br>*Reston, Virginia 20190-5656*<br>*Telephone: (703) 456-8000*<br>*Fax: (703) 456-8100*<br>*rcahill@cooley.com*<br><br>*Roberta A. Kaplan (pro hac vice)*<br>*Julie E. Fink (pro hac vice)*<br>*Christopher B. Greene (pro hac vice)*<br>*Seguin L. Stroheimer (pro hac vice)*<br>*Kaplan & Company, LLP*<br>*350 Fifth Avenue, Suite 7110*<br>*New York, New York 10118*<br>*Telephone: (212) 763-0883*<br>*rkaplan@kaplanandcompany.com*<br>*jfink@kaplanandcompany.com*<br>*cgreene@kaplanandcompany.com*<br>*sstrohmeier@kaplanandcompany.com*<br><br>*Karen L. Dunn (pro hac vice)*<br>*William A. Isaacson (pro hac vice)*<br>*Boies Schiller Flexner LLP*<br>*1401 New York Ave, NW*<br>*Washington, DC 20005*<br>*Telephone: (202) 237-2727*<br>*Fax: (202) 237-6131*<br>*kdunn@bsfllp.com*<br>*wisaacson@bsfllp.com* |

*Alan Levine (pro hac vice)*
*Cooley LLP*
*1114 Avenue of the Americas, 46th Floor*
*New York, New York 10036*
*Telephone: (212) 479-6260*
*Fax: (212) 479-6275*
*alevine@cooley.com*

*David E. Mills (pro hac vice)*
*Cooley LLP*
*1299 Pennsylvania Avenue, NW*
*Suite 700*
*Washington, DC 20004*
*Telephone: (202) 842-7800*
*Fax: (202) 842-7899*
*dmills@cooley.com*

_____
Denise Y. Lunsford, Esq.

_____
John I. Hill, Esq.
Pro Se