# Exhibit 1

**Denise Lunsford**

| | |
|---|---|
| From: | John Hill <john@poindexterhill.com> |
| Sent: | Wednesday, June 17, 2020 10:32 PM |
| To: | 'Denise Lunsford  (d@lunsford-law.com)' |
| Subject: | FW: DIAL IN INFORMATION - Conference Call - 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al |

From: Karen Dotson <KarenD@vawd.uscourts.gov>
Sent: Friday, April 24, 2020 9:10 AM
To: Michael Bloch <mbloch@kaplanhecker.com>; Jek318@gmail.com; Alexandra Conlon <aconlon@kaplanhecker.com>; alevine@cooley.com; brottenborn@woodsrogers.com; bryan@bjoneslegal.com; Christopher Greene <cgreene@kaplanhecker.com>; dcampbell@dhdglaw.com; dinuccilaw@outlook.com; dmills@cooley.com; dylunsford@prodigy.net; Emily Cole <ecole@kaplanhecker.com>; edward@rebrooklaw.com; Gabrielle E. Tenzer <gtenzer@kaplanhecker.com>; isuecrooks@comcast.net; Julie Fink <jfink@kaplanhecker.com>; jgravatt@dhdglaw.com; Jonathan R. Kay <jkay@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; John Hill <john@poindexterhill.com>; jphillips@bsfllp.com; jsiegel@cooley.com; kdunn@bsfllp.com; pbowman@bsfllp.com; rcahill@cooley.com; Roberta Kaplan <rkaplan@kaplanhecker.com>; Seguin L. Strohmeier <sstrohmeier@kaplanhecker.com>; wisaacson@bsfllp.com; Yotam Barkai <ybarkai@bsfllp.com>; dillon_hopper@protonmail.com
Subject: DIAL IN INFORMATION - Conference Call - 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al

Counsel,

I had to change the dial in information for the conference call on Monday at 1:00 pm. New dial in information is:

dial in 877-336-1829
access code 7541933

The judge also hopes Mr. ReBrook, Ms. Lunsford and Mr. Hill can join the call as well as those previously listed below.

Happy Friday!

Respectfully,

Karen

Karen L. Dotson
Courtroom Deputy for
Hon. Joel C. Hoppe, USMJ
540-434-3181 ext. 2

From: Michael Bloch <mbloch@kaplanhecker.com<mailto:mbloch@kaplanhecker.com>>
Sent: Monday, April 20, 2020 3:03 PM

1

EXHIBIT 1

To: Karen Dotson <KarenD@vawd.uscourts.gov<mailto:KarenD@vawd.uscourts.gov>>;
Jek318@gmail.com<mailto:Jek318@gmail.com>; Alexandra Conlon <aconlon@kaplanhecker.com<mailto:aconlon@kaplanhecker.com>>; alevine@cooley.com<mailto:alevine@cooley.com>; brottenborn@woodsrogers.com<mailto:brottenborn@woodsrogers.com>; bryan@bjoneslegal.com<mailto:bryan@bjoneslegal.com>; Christopher Greene <cgreene@kaplanhecker.com<mailto:cgreene@kaplanhecker.com>>; dcampbell@dhdglaw.com<mailto:dcampbell@dhdglaw.com>; dinuccilaw@outlook.com<mailto:dinuccilaw@outlook.com>; dmills@cooley.com<mailto:dmills@cooley.com>; dylunsford@prodigy.net<mailto:dylunsford@prodigy.net>; Emily Cole <ecole@kaplanhecker.com<mailto:ecole@kaplanhecker.com>>; edward@rebrooklaw.com<mailto:edward@rebrooklaw.com>; Gabrielle E. Tenzer <gtenzer@kaplanhecker.com<mailto:gtenzer@kaplanhecker.com>>; isuecrooks@comcast.net<mailto:isuecrooks@comcast.net>; Julie Fink <jfink@kaplanhecker.com<mailto:jfink@kaplanhecker.com>>; jgravatt@dhdglaw.com<mailto:jgravatt@dhdglaw.com>; Jonathan R. Kay <jkay@kaplanhecker.com<mailto:jkay@kaplanhecker.com>>; Joshua Matz <jmatz@kaplanhecker.com<mailto:jmatz@kaplanhecker.com>>; john@poindexterhill.com<mailto:john@poindexterhill.com>; jphillips@bsfllp.com<mailto:jphillips@bsfllp.com>; jsiegel@cooley.com<mailto:jsiegel@cooley.com>; kdunn@bsfllp.com<mailto:kdunn@bsfllp.com>; pbowman@bsfllp.com<mailto:pbowman@bsfllp.com>; rcahill@cooley.com<mailto:rcahill@cooley.com>; Roberta Kaplan <rkaplan@kaplanhecker.com<mailto:rkaplan@kaplanhecker.com>>; Seguin L. Strohmeier <sstrohmeier@kaplanhecker.com<mailto:sstrohmeier@kaplanhecker.com>>; wisaacson@bsfllp.com<mailto:wisaacson@bsfllp.com>; Yotam Barkai <ybarkai@bsfllp.com<mailto:ybarkai@bsfllp.com>>; dillon_hopper@protonmail.com<mailto:dillon_hopper@protonmail.com>
Subject: RE: Conference Call - 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al

Ms. Dotson,

Thanks very much. Plaintiffs' counsel and each of the required Defendants and their counsel, with the exception of Mr. ReBrook, have agreed on April 27 at 1:00 pm, if that is still convenient for the Court. We have made a number of efforts to reach Mr. ReBrook and have not yet heard back.

Roberta Kaplan, Jessica Phillips, Alan Levine, David Mills and I will be present on the call for the Plaintiffs.

It is my understanding so far that Mr. Kolenich, Mr. Hopper, Mr. Jones and Mr. Campbell will be present for the Defendants.

Michael Bloch | Kaplan Hecker & Fink LLP


Counsel


350 Fifth Avenue | Suite 7110


New York, New York 10118


(W) 929.367.4573<tel:929.367.4573>

| (M) 646.398.0345<tel:646.398.0345>

mbloch@kaplanhecker.com<mailto:mbloch@kaplanhecker.com>

From: Karen Dotson <KarenD@vawd.uscourts.gov<mailto:KarenD@vawd.uscourts.gov>>
Sent: Wednesday, April 15, 2020 12:08 PM
To: Jek318@gmail.com<mailto:Jek318@gmail.com>; Alexandra Conlon <aconlon@kaplanhecker.com<mailto:aconlon@kaplanhecker.com>>; alevine@cooley.com<mailto:alevine@cooley.com>; brottenborn@woodsrogers.com<mailto:brottenborn@woodsrogers.com>; bryan@bjoneslegal.com<mailto:bryan@bjoneslegal.com>; Christopher Greene <cgreene@kaplanhecker.com<mailto:cgreene@kaplanhecker.com>>; dcampbell@dhdglaw.com<mailto:dcampbell@dhdglaw.com>; dinuccilaw@outlook.com<mailto:dinuccilaw@outlook.com>; dmills@cooley.com<mailto:dmills@cooley.com>; dylunsford@prodigy.net<mailto:dylunsford@prodigy.net>; Emily Cole <ecole@kaplanhecker.com<mailto:ecole@kaplanhecker.com>>; edward@rebrooklaw.com<mailto:edward@rebrooklaw.com>; Gabrielle E. Tenzer <gtenzer@kaplanhecker.com<mailto:gtenzer@kaplanhecker.com>>; isuecrooks@comcast.net<mailto:isuecrooks@comcast.net>; Julie Fink <jfink@kaplanhecker.com<mailto:jfink@kaplanhecker.com>>; jgravatt@dhdglaw.com<mailto:jgravatt@dhdglaw.com>; Jonathan R. Kay <jkay@kaplanhecker.com<mailto:jkay@kaplanhecker.com>>; Joshua Matz <jmatz@kaplanhecker.com<mailto:jmatz@kaplanhecker.com>>; john@poindexterhill.com<mailto:john@poindexterhill.com>; jphillips@bsfllp.com<mailto:jphillips@bsfllp.com>; jsiegel@cooley.com<mailto:jsiegel@cooley.com>; kdunn@bsfllp.com<mailto:kdunn@bsfllp.com>; Michael Bloch <mbloch@kaplanhecker.com<mailto:mbloch@kaplanhecker.com>>; pbowman@bsfllp.com<mailto:pbowman@bsfllp.com>; rcahill@cooley.com<mailto:rcahill@cooley.com>; Roberta Kaplan <rkaplan@kaplanhecker.com<mailto:rkaplan@kaplanhecker.com>>; Seguin L. Strohmeier <sstrohmeier@kaplanhecker.com<mailto:sstrohmeier@kaplanhecker.com>>; wisaacson@bsfllp.com<mailto:wisaacson@bsfllp.com>; Yotam Barkai <ybarkai@bsfllp.com<mailto:ybarkai@bsfllp.com>>; dillon_hopper@protonmail.com<mailto:dillon_hopper@protonmail.com>
Subject: Conference Call - 3:17-cv-00072-NKM-JCH Sines et al v. Kessler et al

Judge Hoppe would like to have a status conference call. All current case participants are invited to attend, but it's required for:

Plaintiffs' counsel - anyone who can discuss motions #650, 652, 671, 694, 695 Dillon Hopper (for Def. Vanguard America) Mr. Kolenich (for Def. Kessler) Mr. Rebrook (for Defs. Schoep/NF/NSM) Mr. Campbell (for Def. Fields)

The judge is available April 27, 28, 29, 30 – anytime between 9:00 and 2:00

Confer with each other and once you have agreed on a date and time, plaintiff's counsel please let me know so I can set up the call. Also, please let me know who will be participating.

Respectfully,

Karen

Karen L. Dotson
Courtroom Deputy for
Hon. Joel C. Hoppe, USMJ
540-434-3181 ext. 2

This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

PRECISION PIPELINE, INC.,
    Plaintiff,

v.                                             Civil Action No. 3:16-cv-180-JAG

DOMINION TRANSMISSION, INC.,
    Defendant.

## ORDER APPOINTING SPECIAL MASTER

This matter comes before the Court on the defendant's motion to compel production of documents and a revised privilege log. (Dk. No. 114.) The Court informed the parties of its intention to appoint a special master to resolve the parties' disputes and afforded the parties an opportunity to be heard. At the hearing, the Court suggested the appointment of Mark R. Colombell, Esq. Neither party objected to the appointment of Mr. Colombell nor suggested other candidates. Mr. Colombell has conducted a search for conflicts of interest and has filed the affidavit required by Rule 53(b)(3) of the Federal Rules of Civil Procedure. Accordingly, pursuant to Rule 53, the Court hereby APPOINTS Mark Colombell to serve as Special Master for the purposes of investigating the claims of privilege made by the plaintiffs and making recommendations with respect to those claims.[1]

**1. Duties and Authority.** The Special Master shall address the claims of privilege made by the plaintiff and shall prepare a Report and Recommendation for the Court. The Court will review the Special Master's Report and Recommendation in accordance with Rule 53.

---

[1] The Court will rule on the motion to compel after considering the Special Master's recommendations.

EXHIBIT 2

The Special Master shall proceed with all reasonable diligence and, after consulting with the parties and assessing the nature of the problems presented by the duties assigned, shall advise the Court of a reasonable time for the completion of his duties.

The Special Master shall have all of the authority set forth in Rule 53(c). Additionally, the Special Master shall have complete access to the documents to which the plaintiff claims privilege. Within two days of the date of this Order, the plaintiff shall deliver to the Special Master copies of the privilege log(s) and the first 500 documents on the log(s) to which it claims privilege in such format(s) as the Special Master shall require. The remaining documents for which privilege is claimed shall be produced to the Special Master within seven days of the date of this Order in such format(s) as the Special Master shall require.

The Special Master may employ the services of other lawyers in his law firm, if the Special Master first makes known their identities to the Court and the parties. The Special Master may also use the services of legal assistants and support staff employed by his law firm as deemed reasonably necessary. The Court will refer to the Special Master and his assistants collectively as the Special Master Team.

**2. Confidentiality and Disclosure.** The Special Master Team shall review the documents to which the plaintiff claims privilege *in camera*, and shall treat these documents as confidential. The members of the Special Master Team who become privy to allegedly privileged information will not disclose or use any information obtained from the plaintiff's documents in any matter, during the pendency of the Special Master appointment or thereafter.

Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of any document or information to the Special Master Team which contains information that is wholly or partially attorney-client privileged or protected by the work-product doctrine shall not waive

Case 3:17-cv-00072-NKM-JCH   Document 770-1   Filed 06/18/20   Page 9 of 10   Pageid#:
Case 3:16-cv-00180-JAG   Document 126-4   Filed 12/11/17   Page 3 of 4 PageID# 2477
11480

confidentiality, protection, or privilege either for that document (or part thereof) or for the subject matter of that protected content. Such disclosure will also not constitute a waiver in any federal or state proceeding, including any arbitrations and private dispute resolution proceedings. The Court reserves the determination of whether any such documents produced are admissible on any grounds.

Further, the disclosure of any document or information by the plaintiff to the defendant in conjunction with this proceeding before the Special Master which contains information purported to be wholly or partially protected by the work-product doctrine shall not waive confidentiality, protection, or privilege either for that document (or part thereof) or for the subject matter of that protected content in this action or in any other federal or state proceeding, but only to the extent that such claimed confidentiality, protection, or privilege has not already been waived by the plaintiff prior to the commencement of this proceeding before the Special Master.

**3. *Ex Parte* Communication.** The Special Master may communicate *ex parte* with the Court concerning the administration of his appointment and the means of implementing it. The Special Master may communicate *ex parte* with a party after advising the other party that an *ex parte* communication will take place and describing the reason for the communication in general terms.

**4. Record.** The Special Master shall preserve and file a record of such documents, evidentiary materials, and report as he shall deem necessary and appropriate to fulfill the discharge of his duties.

**5. Compensation.** The Special Master shall file a proposed schedule of rates for the lawyers, legal assistants, and support staff on the Special Master Team. Within seven (7) days

after the Special Master files the rate schedules, the parties shall state their agreement with, or objection to, the proposed rates. Thereafter, the Court will approve such rates as are reasonable.

At the end of each month, the Special Master shall submit a statement for services rendered and expenses incurred in connection with the discharge of his duties. Within thirty (30) days thereafter, the plaintiff, the party claiming privilege, shall remit to the Special Master payment of the amount billed for fees and expenses. The Special Master shall provide the plaintiff with the necessary information in order to facilitate timely payment, such as an IRS Form W-9. At the end of the litigation, the Court will assess whether to require the defendant to remit to the plaintiff all, or a part, of the fees and expenses incurred by the Special Master in discharging his duties.

**6. Amendment.** Pursuant to Rule 53(b)(4), the Court may amend this Order as needed to assist the Special Master in the discharge of his duties.

It is so ORDERED.

Let the Clerk send a copy to all counsel of record, and to the Special Master.

Date: <u>December 11, 2017</u>
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge