CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/18/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br>　　　　　*Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br>　　　　　*Defendants*. | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

　　　This matter is before me on an uncommon motion brought by several defendants (Matt Parrott, Jason Kessler, and Nathan Damigo) seeking recusal of my two current term law clerks "from further involvement in any 'Unite the Right' related litigation," due to their prior personal relationship with the lead named plaintiff in this case, and one term law clerk's alleged personal knowledge of the underlying facts of the case. Dkt. 687.

　　　For those unfamiliar with the role of a judicial law clerk, a federal district judge like myself may have one or more law clerks. A law clerk's role varies by judge and clerk, but often it includes conducting legal research, reviewing pleadings and legal memoranda, and assisting the judge in resolving motions and docket management. *See* Federal Judicial Center, Law Clerk Handbook 1 (2d ed. 2007) ("Law clerks have no statutorily defined duties; they carry out their judges' instructions."). I have three law clerks: two term (one-year) law clerks; and one career law clerk.

　　　When my two current term law clerks started their one-year term in August 2019, they promptly informed me that they personally knew a party in this case, namely, the lead plaintiff Ms. Sines. *See* Federal Judicial Center, Maintaining the Public Trust: Ethics for Federal Judicial Law Clerks 11 (3d ed. 2012) ("Remember to inform your judge as soon as you become aware of a conflict or a potential conflict. Your judge will then determine how to proceed. Most judges have

1

more than one law clerk and can assign another clerk to a case if necessary."). I thought it advisable, out of an abundance of caution, that they not work on this case. As a result, I screened my two term law clerks from this case, and they have not worked on and will not work on this case for the remainder of their term, which I expect will end in August 2020. Whenever I have found the assistance of a law clerk helpful on this case, including on this motion, my career law clerk has worked on the matter since he started work in my Chambers in September 2019. To be clear, my career clerk does not know Ms. Sines or any party in this case, nor does he have any prior personal knowledge of potential disputed evidentiary facts in this case.

Moving defendants ask me to "disqualify [my two term clerks] from further involvement in any 'United the Right' related litigation," under 28 U.S.C. §§ 455(a) and (b)(1). Dkt. 687 at 1. 28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(1) states that any judge shall recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

While these statutes describe instances in which a judge should recuse, a law clerk would have to recuse under comparable circumstances. Canon 3(F)(1) of the Code of Conduct for Judicial Employees prohibits a law clerk from performing official duties in a matter in which the employee "might be so personally or financially affected by a matter that a reasonable person with knowledge of the relevant facts would question the judicial employee's ability properly to perform official duties in an impartial manner." Canon 3(F)(2)(a)(i) also prohibits a law clerk from performing any official duties "in any matter with respect to which such … law clerk knows that he or she has a

personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

As the moving defendants acknowledge, if a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified. Dkt. 687 at 2; *see United States v. DeTemple*, 162 F.3d 279, 287 n.2 (4th Cir. 1998); *Hunt v. Am. Bank & Tr. Co. of Baton Rouge*, 783 F.2d 1011, 1016 (11th Cir. 1986). The movants bear the burden to show that relief is warranted under § 455. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 857 (E.D. Va. 2012).

Put simply, moving defendants' request that my term law clerks not be further involved in this case pushes on an open door. They have not been working on this case, and they would not have done so during their term, even absent this motion. They promptly informed me of the potential conflict and have heeded my instructions not to work on this case. Rather, my career clerk has assisted me on this matter whenever I have found the assistance of a law clerk useful. Such measures are routine in the event of a law clerk conflict. *See* Maintaining the Public Trust: Ethics for Federal Judicial Law Clerks at 11; *cf. DeTemple*, 162 F.3d at 286 n.2 (describing screening law clerk with conflict, denying motion seeking recusal of judge under § 455).

I have already determined that my current term law clerks would not work on this case out of an abundance of caution considering their relationship with Ms. Sines. Moving defendants do not ask for any relief that is different from the status quo.[1] Accordingly, the Court will **DENY as moot** the motion that my term law clerks have no involvement in this case.[2] *See* Dkt. 687.

---

[1] Neither do I not need to address moving defendants' alternative argument that one of my term clerks should also be disqualified from participating in this case because he saw and provided shelter to Ms. Sines from the violence of the Unite the Right rally, and thus is an alleged "material witness." Dkt. 687 at 3.

[2] Moving defendants asked for recusal of my term law clerks from "further involvement in

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this ⎯⎯18th⎯⎯ day of June, 2020.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

any 'Unite the Right' related litigation," which is not explained, but which the Court believes they mean the two separate lawsuits in which near-identical motions were filed by one or more of moving defendants here. The Court will address those motions in those actions.