# EXHIBIT B

Heidi J. Ulbricht
District Judge, Dept. No. 3
Flathead County Justice Center
920 South Main
Kalispell MT 59901

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA IN AND FOR THE COUNTY OF FLATHEAD

In Re the Marriage of

NINA KOUPRIIANOVA,

    Petitioner,

and

RICHARD B. SPENCER,

    Respondent.

Cause No. DR-18-474 C

Judge Heidi J. Ulbricht

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on the Guardian ad Litem's Motion for Contempt; Brief in Support and for Order to Show Cause, supported by the Affidavit of Joyce Funda, J.D., Guardian ad Litem, and it appearing to the Court that Respondent may be in contempt of the Court's Order of Appointment of Guardian ad Litem dated October 26, 2018,

**IT IS HEREBY ORDERED** that the Respondent shall appear before this Court at 1:30 a.m./~~p.m~~ on the 12th day of February, ~~2019~~ 2020, then and there to

Page 1 of 2

Iss'd
RM 105

show cause, if any he may have, why he should not be found in contempt of court and sanctioned therefor, as requested by the Guardian ad Litem, Joyce Funda, J.D.

**IT IS FURTHER ORDERED** that a copy of this Order to Show Cause, together with a copy of the motion, shall be served upon Respondent not less than five days prior to said hearing.

DATED: 1/8/20

HON. HEIDI J. ULBRICHT
DISTRICT COURT JUDGE

Copy: Joyce Funda, J.D., *Pro Se*
jfunda@joycefunda.com
Autumn Thompson, Attorney for Petitioner
Eric D. Mills, Attorney for Defendant

Page 2 of 2

2

Joyce Funda, J.D.
*Pro Se*
PO Box 156
Rollins MT 59931
jfunda@joycefunda.com
406.407.5156

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA IN AND FOR THE COUNTY OF FLATHEAD

In Re the Marriage of

NINA KOUPRIIANOVA,

    Petitioner,

and

RICHARD B. SPENCER,

    Respondent.

Cause No. DR-18-474 C

Judge Heidi J. Ulbricht

**MOTION FOR CONTEMPT AND ENFORCEMENT AND FOR ORDER TO SHOW CAUSE; BRIEF IN SUPPORT**

COMES NOW Joyce Funda, J.D., *pro se*, and moves the Court for its Order finding Respondent ("Richard") in contempt of court, and sanctioning him for said contempt, for his failure to comply with Court's Order Appointing Guardian ad Litem, dated October 26, 2018 and for a judgment against Richard in the amount of $60,236.25 plus statutory interest from the date of entry of the judgment for his failure to pay the balance of the fees due Ms. Funda for her services as Guardian ad Litem.

GAL Motion and Order to Show Cause for Contempt (DR-18-474 C)

Page 1 of 4

Ms. Funda requests Richard be ordered to pay fees and costs necessarily incurred in bringing this matter before the Court.

Ms. Funda further requests that this Court set a time and date at which Richard be ordered to appear and show cause why she should not be granted the relief requested.

This motion is based upon the Court's Order of Appointment, dated October 26, 2019; Stipulation to Appointment Guardian ad Litem filed on October 26, 2019; Section 3-1-501, MCA; Affidavit of Joyce Funda, J.D. in Support of Motion for Contempt filed herewith, and the following Brief in support.

DATED this 18th day of December, 2019

Joyce Funda, J.D., *Pro Se*
PO Box 156
Rollins, MT 59901

## BRIEF

### Facts

On October 26, 2018, Kai Groenke, Esq., Attorney for Petitioner, and Eric D. Mills, Esq., Attorney for Respondent, negotiated, signed and filed with the Court a Stipulation to Appoint Guardian ad Litem.

On October 26, 2018, this Court granted an Order Appointing Guardian ad Litem

for the two minor children of the marriage of Petitioner ("Nina") and Respondent ("Richard"). Relevant to this Motion are the following paragraphs which tracked the Stipulation to Appoint Guardian ad Litem:

> "1. Respondent shall be solely and individually responsible for the fees, costs and charges of the GAL and shall be solely responsible for paying the GAL's initial retainer the amount of $7,500.
>
> 2. Upon payment of said retainer, the parties are to contact the GAL to set up appointments. The hourly rate of the GAL shall be $150. The GAL is authorized to bill the Respondent as the retainer is exhausted and services are rendered."

Richard paid the initial retainer in two parts: his attorney's firm check in the amount of $3,500 and Richard's personal check in the amount of $4,000. Additional payments were made by Richard against the ultimate bill: $7,500, $10,000, $200 and $800 for reimbursement of GAL expenses. Richard paid $25,200 in interim fees. On Dec. 14, 2019, a final itemized invoice was submitted to Richard for payment which reflected a balance due in the amount of $60,236.25.

A closing letter dated Dec. 14, 2019 was submitted to Richard along with the itemized statement, and copies of the Order and Stipulation dated October 26, 2018. An email was sent to Richard on Dec 18, 2019 requesting a time to discuss any comments or questions regarding the bill and payment arrangements. A text message was sent to Richard on Dec. 18, 2019 requesting a time for a phone conference.

Richard responded with text messages stating he would not be paying the balance as ordered by the Court.

## Argument

Section 3-1-501, MCA, defines the acts or omissions that are contempts, and distinguishes between civil and criminal contempt:

> "(1) The following acts or omissions in respect to a court of justice or proceedings in a court of justice are contempts of the authority of the court..., (e) disobedience of any lawful judgment, order, or process of the court;"

Ms. Funda seeks to have the court use its authority "to force the contemnor's compliance with a court order," that is, a civil contempt. She has, pursuant to Section 3-1-512, MCA provided an affidavit of the facts constituting the contempt.

Ms. Funda further seeks to have the court issue a money judgment in her favor in the amount of $60,236.25 plus statutory interest from the date of the entry of the judgment.

It appearing that Richard has simply refused to pay the GAL's balance due, Ms. Funda should be granted a money judgment as previously detailed.

It appearing that Richard has blatantly and intentionally disobeyed a court order, he should appear before the court to show cause why he should not be sanctioned, pursuant to Section 3-1-520, MCA. The sanctions available to the Court include the payment of Ms. Funda's fees and expenses incurred in filing this motion, fines, and/or incarceration in the Flathead County jail.

Dated: December 18, 2019

_____
Joyce Funda, J.D., Pro Se
PO Box 156
Rollins MT 59931

Joyce Funda, J.D.
PO Box 156
Rollins MT 59931
jfunda@joycefunda.com
406.407.5156

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF
THE STATE OF MONTANA IN AND FOR THE COUNTY OF FLATHEAD

In Re the Marriage of

NINA KOUPRIIANOVA,

       Petitioner,

and

RICHARD B. SPENCER,

       Respondent.

Cause No. DR-18-474 C

Judge Heidi J. Ulbricht

**AFFIDAVIT OF GAL IN SUPPORT OF MOTION AND ORDER TO SHOW CAUSE**

Joyce Funda, J.D., deposes and says:

1. I am the Guardian ad Litem in this matter.

2. The Court issued an Order of Appointment of Guardian ad Litem dated October 26, 2019 in which I was appointed as the GAL for the two minor children of this marriage.

3. On October 26, 2019, a Stipulation of Appointment of Guardian ad Litem signed by Kai Groenke, Attorney (at the time) for Petitione and Eric D.

Mills, Attorney for the Respondent was filed with the Court. The language in the Stipulation was tracked in the Order of Appointment.

4. The Court ordered the Respondent ("Richard") to be solely and individually responsible for the payment of all GAL fees and expenses beyond the initial retainer of $7500. The Court ordered the GAL hourly rate to be $150 per hour.

5. From the beginning of the case in October 2018 through August 2019, Richard paid a total of $25,200 in fees against a final balance plus $800 for reimbursable expenses.

6. The case was scheduled for trial on Dec. 16-17, 2019. On Dec. 5, 2019, the parties, counsel and the GAL met at attorney ███████ office for one last effort at settlement. After a long day ending at 7:30 p.m., the parties signed the final documents to settle the case. The GAL was very active in the mediation and worked with both parties and attorneys to assist with settlement.

7. The issue of the remaining fees was discussed among Richard, his attorney and the GAL. The GAL reminded Richard that he owed a substantial amount of fees, citing an estimate of $33,500.00 beyond the $25,200 already paid. The GAL told Richard and his attorney that a final itemized bill would be rendered as soon as possible. They were reminded that the GAL had to file her final report and conclude her bill.

8. During that discussion, Richard stated that Petitioner ("Nina") should be made to be responsible for a portion of the GAL fees. Both Richard's attorney and the GAL told him that the Court order was clear and unequivocal. He was responsible for 100% of the fees.

9. As promised, on Dec. 14, 2019, the GAL sent her final itemized invoice via email to Richard and his attorney. The net balance due is $60,236.25. The closing letter sent with the invoice invited comments and/or questions regarding any of the charges. A hard copy of the documents were sent via USPS to Richard at the home of his mother, Sherry Spencer.

10. On Dec. 18, 2019, the GAL send an email to Richard requesting proposed times for a call to discuss payment of the bill. Later on Dec. 18, 2019, the GAL send a text message requesting a call to discuss payment of bill.

11. Several hours later, Richard responded via text message stating he wanted to petition the court to allocate a portion of the fees to Nina. Richard stated I should do that as it would help me get paid. He stated he would not pay me anymore fees. Attached hereto and made a part hereof as Exhibit "A" are true copies of the text messages representing the statements made by Richard.

12. At the end of the afternoon, Richard called the GAL who took the call. Richard was very angry and stated repeatedly that Nina should pay a portion of the fees among other things.

9

13. I told him to contact his lawyer. I further told him I would be immediately filing a motion for contempt and enforcement. Richard stated that I would never, ever be paid by him.

14. No objection has been voiced with regard to my work, the individual charges or the time spent on specific tasks. Rather, the objection has been that it is "unfair" and "immoral" that Nina has not been ordered to pay a portion of the GAL fees.

14. Richard is clearly in contempt of this Court's order.

15. The GAL requests the Court to hold Richard in contempt and to impose sanctions as allowed by law.

16. The GAL requests a money judgment in her favor in the amount of $60,236.25 plus interest as permitted by law, the costs of bringing this proceeding and expenses.

I, Joyce Funda, declare under penalty of perjury and under the laws of the state of Montana that the foregoing is true and correct.

Dated: Dec. 18, 2019

Joyce Funda, J.D., GAL, *pro se*

1

10



**To: Richard Spencer**

> Please let me know a time this week to discuss payment of my invoice. I sent you an email today.

Today 10:50 AM

I'll petition the Court for the costs after the first mediation to be the responsibility of Nina.

You could help by making this demand yourself.

Otherwise, you shouldn't expect a payment from me.

> Well, that answers my question. You know you are under strict court order to pay my fees. I



EXHIBIT A

> are under strict court order to pay my fees. I have no responsibility to seek payment from Nina. I've heard Eric tell you that same thing. I'll file a motion for contempt and enforcement immediately with the Court, resulting in additional fees to you. Thank you for admitting you are intentionally violating a court order.

Read 10:56 AM

7:42

**New iMessage**          Cancel

To: **Richard Spencer**

Good luck

But I have no ability to pay.

I engaged in the process in good faith. Nina clearly did not.

But apparently, I'm financially responsible for her actions.

It is absolutely immoral.

Secondly, I never would have possibly agreed to paying a GAL if it were going to bankrupt me. It's a ridiculous notion in itself.

You know all this.

Today 2:50 PM

  iMessage 

13