CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/26/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
|     Defendants. | ) | By:   Joel C. Hoppe |
| | ) |         United States Magistrate Judge |

This matter is before the Court on a motion filed by Denise Lunsford, Esq., and John Hill, Esq., asking me to reconsider my Memorandum Opinion & Order largely denying their motions to quash subpoenas duces tecum that Plaintiffs in this case served on the non-party attorneys.[1] Mot. to Reconsider, ECF No. 770; *see* Mem. Op. & Order of June 12, 2020, ECF No. 765; Lunsford Mot. to Quash, ECF No. 647 (objection based on federal district court discovery and non-disclosure order sustained; all other objections overruled); Hill Mot. to Quash, ECF No. 648 (all objections overruled). Ms. Lunsford and Mr. Hill also ask the Court to stay or extend the deadline for them to comply with Plaintiffs' subpoenas considering the expense to and burden on their small private law practices. Mot. to Stay 2, ECF No. 769; *see also* Mot. to Reconsider 7–10. They filed both motions on June 18, 2020.

The Court promptly scheduled a telephonic hearing on these motions for 1:00 p.m. on Thursday, June 25, 2020. ECF No. 775; *see* Pretrial Order ¶¶ 12–13, ECF No. 101. At 12:39 that afternoon, Ms. Lunsford filed three documents as exhibits to the motion to reconsider, ECF No.

---

[1] Ms. Lunsford and Mr. Hill represent Defendant James Alex Fields in state-court criminal proceedings related to the Unite the Right rally in Charlottesville on August 12, 2017. Ms. Lunsford was also co-counsel for Fields in a federal hate-crimes prosecution arising out of the same events. Fields is serving prison sentences of two consecutive life terms on the federal convictions and a term of life plus 419 years on the state convictions.

777, including an "Agreed Motion and Order for Discovery" entered in the General District Court for the City of Charlottesville as part of Fields's state-court prosecution, *id.* at 1–2. The Order gives effect to the attached "Open File Agreement" governing discovery of certain materials in Fields's state-court criminal cases and specifically directs that "counsel for the Defendant agree not to allow the . . . materials provided in 'open file' or any copy thereof to leave their possession or control" or to "be made part of the Defendant's client file." *Id.* The Honorable Robert H. Downer Jr. entered the Order on October 30, 2017. Ms. Lunsford and Mr. Hill had argued that the underlying Agreement prohibited them from disclosing documents requested in Plaintiffs' subpoenas, but neither attorney ever mentioned the General District Court's order—that is, until just minutes before the June 25, 2020 hearing on their motion to reconsider. *See* Lunsford Mot. to Quash 1–3; Hill Mot. to Quash 1–3; Mot to Reconsider 1–11; Mot. to Stay 1–2. Plaintiffs' counsel had an opportunity to address the motions and exhibits during a lengthy hearing on the record that afternoon.

"The Federal Rules of Civil Procedure do not provide for a motion to reconsider, denominated as such," *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001), although such requests "are common in federal practice," *DIRECTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions to reconsider discovery rulings typically come under Rule 54(b), *see CDS Family Tr. v. Martin*, No. 1:15cv2584, 2019 WL 3306011, at *1 (D. Md. July 23, 2019), which "provides that 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time,'" *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)). "The precise standard

2

governing a motion for reconsideration of an interlocutory order is unclear," *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), but it is clear they "are not subject to the strict standards applicable to motions of reconsideration of a final judgment" or final order under Rules 59(e) and 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). *See Carrero*, 310 F. Supp. 3d at 584. Still, "[s]uch motions are disfavored and should be granted sparingly." *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quotation marks omitted) (Moon, J.).

Relief under Rule 54(b) may be appropriate where the moving party shows that the Court has "patently misunderstood a party" in reaching its decision, there has been "a controlling or significant change in the law or facts" since the Court issued its order, *Above the Belt*, 99 F.R.D. at 101, or "the prior decision was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515 (quotation marks omitted). *See Wootten*, 168 F. Supp. 3d at 893 (citing the same factors). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* Nor is it "an occasion 'to present a better and more compelling argument that the party could have presented in the original briefs,'" *id.* (quoting *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)), "or to 'introduce evidence that could have been addressed or presented previously,'" *id.* (quoting *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014)).

Ms. Lunsford's and Mr. Hill's various arguments for reconsideration, as presented in their written motion, are the quintessential second bite at the apple. They have not offered any good reason for their failure to mention Judge Downer's Order in their motions to quash—much

less in their motion asking the Court to reconsider its decision denying those motions. For the reasons explained on the record, however, part of that decision may work manifest injustice to another court's authority if allowed to stand. I recognize that the requested materials are potentially important to Plaintiffs' case, but I must avoid issuing orders that are inconsistent with the existing orders of another court. Thus, I will **GRANT in part** the motion to reconsider and direct Ms. Lunsford, Mr. Hill, and other interested parties to address the issue with Judge Downer.

For the reasons stated during the hearing, it is hereby ORDERED:

1. Plaintiffs' counsel shall draft a proposed order to present to the General District Court. The order would allow Ms. Lunsford and Mr. Hill to disclose materials received from the Commonwealth's Attorney to Plaintiffs' counsel. Any such materials will be subject to the Protective Order entered in this case. Ms. Lunsford and Mr. Hill will support the proposed order and transmit it to the Commonwealth's Attorney. Should the General District Court enter the proposed order, Ms. Lunsford and Mr. Hill shall produce any materials permitted to be disclosed under the proposed order within three (3) days of entry of the proposed order.

2. Within seven (7) days of this Order, Ms. Lunsford and Mr. Hill shall produce all other materials not covered by the General District Court's order. They shall confer with Plaintiffs' counsel regarding the scope of materials and the manner of production.

3. Ms. Lunsford and Mr. Hill have belatedly presented a compelling need for protection from significant expense resulting from compliance with the subpoenas. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii); *In re Modern Plastics Corp.*, 577 B.R. 690, 702–05, 707–08 (W.D. Mich. 2017), *aff'd*, 890 F.3d 244, 251–52 & n.5 (6th Cir. 2018). Therefore, Plaintiffs shall compensate Ms. Lunsford and Mr. Hill for their time and reasonable expenses related to producing the requested

materials, excluding time spent drafting or arguing the motions to quash, for a stay, and for reconsideration. If Plaintiffs oppose this relief, they shall ask the Court to reconsider within fourteen (14) days.

    4. The Motion to Stay is hereby DENIED.

    The Clerk shall send a copy of this Order to the parties.

                                    ENTER: June 26, 2020

                                    Joel C. Hoppe
                                    U.S. Magistrate Judge