**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, | |
| Plaintiffs, | **Civil Action No. 3:17-cv-00072-NKM** |
| v. | **JURY TRIAL DEMANDED** |
| JASON KESSLER, et al., | |
| Defendants. | |

**PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF DEFENDANT ELLIOTT KLINE A/K/A ELI MOSLEY**

1

## INTRODUCTION

Plaintiffs respectfully file this motion to compel Defendant Elliott Kline a/k/a Eli Mosley to sit for his deposition.  Plaintiffs properly noticed Kline's deposition for July 2, 2020.  Kline failed to appear, thereby wasting Plaintiffs' time and resources.  As discussed in multiple prior filings, Kline is a critical figure to the conspiracy alleged by Plaintiffs and played a leading role in planning, organizing, and executing the racially-motivated violence that occurred in Charlottesville on August 11-12, 2017.  *See, e.g.*, Pls. Mot. for Sanctions against Defs. Kline and Heimbach, Apr. 3, 2019, ECF No. 457 ("First Sanctions Motion"); Pls. Mot. for Evidentiary Sanctions Against Kline, ECF No. 601.[1]  He also has a longstanding history of which the Court is well aware of willfully violating court order after court order, failing to appear at multiple hearings and conferences, and dissembling time and again in order to avoid complying with his discovery obligations in this case.  *See generally* Order to Show Cause, ECF No. 584; Contempt Order, ECF No. 599.  Compelling Kline's attendance at a deposition is critical to permit Plaintiffs access to essential discovery.  Plaintiffs therefore respectfully request that the Court compel Kline to: (1) appear at his deposition; (2) issue a bench warrant for his arrest and hold Kline in custody until Plaintiffs have the opportunity to depose him; and (3) pay reasonable expenses incurred in arranging Kline's July 2, 2020 deposition and in bringing this motion, including reasonable attorneys' fees and costs.

---

[1] Independent of this motion to compel, Plaintiffs have a December 6, 2019, motion for evidentiary sanctions against Kline pending with the Court.  ECF No. 601.  Kline's decision to ignore multiple communications from Plaintiffs and his failure to show up for his deposition further underscores the reasons why evidentiary sanctions are warranted against Kline.

## **BACKGROUND**

On April 3, 2020, Plaintiffs reached an agreement with Defendants to conduct virtual depositions, which was memorialized in writing for all parties.  Ex. A (Email from M. Bloch).  On May 3, 2020, Plaintiffs reached out to all Defendants regarding deposition scheduling.  *Id.*  On May 5, 2020, Plaintiffs separately emailed Kline to schedule his deposition and to confirm that he had the necessary technology for a virtual deposition.  Ex. B (Email from J. Phillips to E. Kline, cc: Y. Barkai).  This email was sent to all three of the email addresses Kline has previously indicated he uses.  Pls. Mot. for Evidentiary Sanctions against Kline 10 n.7, 15, ECF No. 601 (identifying   Kline's   working   email   addresses   as   deplorabletruth@gmail.com, eli.f.mosley@gmail.com, and eli.r.kline@gmail.com).  Plaintiffs received no response from Kline. On May 24, 2020, Plaintiffs followed-up with Kline and informed him that if Kline did not provide his availability, "Plaintiffs will pick a date before July 17, 2020 [the last day for party depositions], and circulate a deposition notice."  Ex. C (Email from J. Phillips to E. Kline, cc: Y. Barkai).  Kline did not respond.  On June 1, 2020, Plaintiffs noticed Kline's deposition for July 2, 2020, at 9:30 a.m. ET and served Kline with a deposition notice by email to all three of his email addresses.  Ex. D (Notice of Kline Deposition); Ex. E (Email from K. Cheng to E. Kline and others).

Kline failed to appear for his duly-noticed deposition on July 2, 2020.  At no point in time prior to July 2, 2020, did Kline inform Plaintiffs that he did not plan to attend his deposition.  When Kline failed to appear, Plaintiffs' counsel attempted to contact Kline by phone, text, and email. Kline did not respond to those efforts.  Plaintiffs' counsel, the court reporter, and the videographer waited for an hour and a half after the deposition was scheduled to begin before Plaintiffs' counsel made a statement on the record.  Ex. F (7/2/20 Statement on the Record).

## ARGUMENT

A party's attendance at his noticed deposition is mandatory under Federal Rule of Civil Procedure 30.  *See Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 11549876, at *2 (D. Md. Apr. 15, 2010) ("Mr. Diamond's attendance at the March 1, 2010 deposition was mandatory under Fed. R. Civ. P. 30(a)(1)").   Federal Rule of Civil Procedure 37(d) provides that a court may order sanctions if "a party…fails, after being served with proper notice, to appear for that person's deposition," and "must require the party failing to act…to pay the reasonable expenses, including attorney's fees caused by the failure[.]"  Fed. R. Civ. P. 37(d)(1)(A)(i), (3); *see also Diamond*, 2010 WL 11549876, at *4 (granting motion to compel *pro se* plaintiff's attendance at his deposition and awarding attorneys' fees and costs).

Kline's utter disregard for his discovery obligations is all too familiar.  Indeed, Kline's refusal to engage in the discovery process and his blatant violations of almost a dozen court orders, led the Court to hold Kline in civil contempt, fine him almost $6,000, and order Kline to be taken into custody and spend 48 hours in jail.  Contempt Order 2, 4, 9-15, ECF No. 599; Order for Elliott Kline to Surrender to Custody of the U.S. Marshal, ECF No. 613 ("Custody Order"); Pls. Resp. to Court's Jan 8, Order 3, ECF No. 642.

Kline has now disappeared from the litigation again by failing to appear for his deposition.  Yet again, Plaintiffs have been prejudiced by Kline's "[c]ontinued contumacious behavior."  Order to Show Cause 12, ECF No. 584; *see* Contempt Order 10, 12, ECF No. 599.  Plaintiffs have been forced to waste precious time and resources only to have Kline flout his obligations to Plaintiffs and the Court.  In light of Kline's long history of noncompliance and nonparticipation in this case absent the threat of arrest and jail time, Plaintiffs do not believe that Kline will appear for his virtual deposition without the Court's assistance.  Accordingly, Plaintiffs respectfully request that

3

the Court issue a bench warrant and have the U.S. Marshals hold Kline in custody until his deposition can be held.

## **CONCLUSION**

Plaintiffs respectfully request that the Court (1) compel Kline to appear for his deposition; and (2) issue a bench warrant for Kline's arrest and hold him in custody until his deposition can take place; and (3) order Kline to pay Plaintiffs' reasonable expenses incurred in arranging Kline's July 2, 2020, deposition and in bringing this motion, including reasonable attorneys' fees and costs.

Dated: July 3, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Jessica E. Phillips (*pro hac vice*)
Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
jphillips@bsfllp.com
kcheng@bsfllp.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL WEISS RIFKAND WHARTON
GARRISON LLP
2001 K St NW
Telephone: (202) 223-7300
Fax: (202) 223-7420
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on July 3, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*