# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF DEFENDANT ROBERT "AZZMADOR" RAY

Plaintiffs respectfully file this motion to compel Defendant Robert "Azzmador" Ray to sit for his deposition. On June 8, 2020, Plaintiffs properly noticed Ray's deposition for July 13, 2020. Ray failed to appear, thereby wasting Plaintiffs' time and resources and further prejudicing Plaintiffs by robbing them of crucial evidence for this case. As discussed in prior filings, Ray is a critical figure to the conspiracy alleged by Plaintiffs. *See, e.g.*, Pls. Mot. to Compel Disc. from Robert "Azzmador" Ray, Mar. 11, 2020, ECF No. 673.[1] As a writer for the white supremacist website *The Daily Stormer* and as an active participant on Discord, Ray played a key role in recruiting attendees and instructing them on equipment to bring to Unite the Right. *Id.* at 2–3. His posts on Discord—for example, telling supporters he would "be there gassing these people"—

---

[1] Independent of this motion to compel, Plaintiffs have a pending June 1, 2020, motion for evidentiary sanctions against Ray and for an order directing Ray to show cause why he should not be held in contempt of Court. ECF No. 750. Ray's decision to ignore multiple communications from Plaintiffs and his failure to show up for his deposition further underscore the reasons why evidentiary sanctions are warranted against Ray.

made explicit Defendants' violent intentions. *Id.* at 3. And Ray executed on those intentions on the weekend of August 11 and 12—bringing numerous followers to Charlottesville, leading a group in a chant of "Gas the kikes, race war now!" on August 12, proudly informing another attendee that he had "personally, literally, gassed half a dozen kikes," and declaring the event "a huge victory for the Alt Right." *See id.* at 4–5; ECF No. 673-11 at 12.[2] Furthermore, as the Court is aware, Ray has willfully violated numerous court orders, failed to appear at multiple hearings and conferences, and doggedly avoided his discovery obligations in this case, including the Court's most recent order dated May 18, 2020. *See generally* Order, May 18, 2020, ECF No. 728.

Ray's deposition is critical to permit Plaintiffs access to essential discovery. Plaintiffs therefore respectfully request that the Court (1) compel Ray to appear at his deposition; (2) issue a bench warrant for Ray's arrest and hold him in custody until Plaintiffs have the opportunity to depose him; and (3) compel Ray to pay reasonable expenses incurred in arranging his July 13, 2020, deposition and in bringing this motion, including reasonable attorneys' fees and costs.

**BACKGROUND**

On April 3, 2020, Plaintiffs reached an agreement with Defendants to conduct remote video depositions, which was memorialized in writing for all parties. Ex. A (Bloch Email to Defendants, Apr. 3, 2020). On May 3, 2020, Plaintiffs reached out to all Defendants regarding deposition scheduling. *Id.* (Bloch Email to Defendants, May 3, 2020). On May 7, 2020, Plaintiffs separately emailed Ray, at the email address provided by his counsel and on file with the Court, to schedule his deposition and to confirm that he had the necessary technology for a video deposition. Ex. B (Barkai Email to Ray, May 7, 2020). Plaintiffs received no response from Ray. On June 5, 2020,

---

[2] *See also* Kelly Weill, "Charlottesville Lawyers Dump Nazi Clients," *Daily Beast* (July 26, 2019), https://www.thedailybeast.com/charlottesville-lawyers-dump-nazi-clients-chris-the-crying-nazi-cantwell-and-robert-azzmador-ray.

Plaintiffs followed up with Ray and informed him that if he did not provide his availability, "Plaintiffs will pick a date before July 17, 2020, and circulate a deposition notice." Ex. C (Barkai Email to Ray, June 5, 2020). Ray did not respond. On June 8, 2020, Plaintiffs noticed Ray's deposition for July 13, 2020, at 9:30 a.m. ET and served Ray with a deposition notice by email. Ex. D (Notice of Ray Deposition, June 8, 2020); Ex. E (Barkai Email to Ray and others, June 8, 2020).

Ray failed to appear for his duly noticed deposition on July 13, 2020. At no point in time prior to July 13, 2020, did Ray inform Plaintiffs that he did not plan to attend his deposition. When Ray failed to appear, Plaintiffs' counsel attempted to contact him by phone and email. Ray did not respond to those efforts. Plaintiffs' counsel, Defendants' counsel, the court reporter, and the videographer waited for an hour after the deposition was scheduled to begin before Plaintiffs' counsel made a statement on the record. Ex. F (Statement on the Record, July 13, 2020).

**ARGUMENT**

A party's attendance at his noticed deposition is mandatory under Rule 30 of the Federal Rules of Civil Procedure. *See Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 11549876, at *2 (D. Md. Apr. 15, 2010) ("Mr. Diamond's attendance at the March 1, 2010 deposition was mandatory under Fed. R. Civ. P. 30(a)(1)"). Federal Rule of Civil Procedure 37(d) provides that a court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition," and "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees caused by the failure." Fed. R. Civ. P. 37(d)(1)(A)(i), (3); *see also Diamond*, 2010 WL 11549876, at *4 (granting motion to compel *pro se* plaintiff's attendance at his deposition and awarding attorneys' fees and costs).

The Court is familiar with Ray's refusal to participate in this litigation and his complete disregard for the discovery process. On July 25, 2019, Ray's own counsel moved to withdraw from their representation of Ray because they had been unable to communicate with him. Br. in Supp. of Mot. to Withdraw as Counsel, July 25, 2019, ECF No. 531. On June 1, 2020—after the production deadline came and went without Ray producing numerous documents, electronic devices, and account credentials in his possession—Plaintiffs were forced to move to compel discovery from Ray. Mot. to Compel Disc. from Def. Robert "Azzmador" Ray, Mar. 11, 2010, ECF No. 673. The Court granted Plaintiffs' motion in full on May 18, 2020. Order, May 18, 2020, ECF No. 728. Despite the Court's warning that Ray's "failure to fully comply with [the Court's May 18, 2020] Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or directing Ray to show cause why he should not be held in contempt of court," *id.* at 5, Ray yet again ignored the Court, Plaintiffs, and his discovery obligations. As provided by the Court's May 18, 2020, Order, Plaintiffs accordingly moved for evidentiary sanctions against Ray and for an order directing Ray to show cause why he should not be held in contempt of Court. Mot. for Sanctions, June 1, 2020, ECF No. 750.

Ray's failure to appear for his deposition is now the latest episode in Ray's pattern of defiant and contemptuous misconduct. Plaintiffs have been forced to waste precious time and resources only to have Ray flout his obligations to Plaintiffs and the Court. Plaintiffs have also been severely prejudiced by the evidentiary gap created by Ray's behavior. In light of Ray's extensive history of noncompliance and nonparticipation in this case, Plaintiffs do not believe that Ray will appear for his video deposition without the Court's assistance. Accordingly, Plaintiffs respectfully request that the Court issue a bench warrant and have the United States Marshals Service hold Ray in custody until his deposition can be held.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) compel Ray to appear for his deposition; (2) issue a bench warrant for Ray's arrest and hold him in custody until his deposition can take place; and (3) order Ray to pay Plaintiffs' reasonable expenses incurred in arranging Ray's July 13, 2020, deposition and in bringing this motion, including reasonable attorneys' fees and costs.

Dated: July 14, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com

jkay@kaplanhecker.com
rtolentino@kaplanhecker.com
bwhite@kaplanhecker.com

Jessica E. Phillips (*pro hac vice*)
Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
jphillips@bsfllp.com
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 14, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

I further hereby certify that on July 14, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*