CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
07/15/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>*Defendants*. | Case No. 3:17-cv-00072 |

**STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER GOVERNING PRO-
DUCTION OF DECLARATIONS OF JOSHUA T. LEFEBVRE AND JOSEPH HUTTON
MARSHALL**

1. By and through their undersigned counsel, Messrs. Joshua T. Lefebvre ("Lefebvre") and Joseph Hutton Marshall ("Marshall") respectfully submit the following agreed-upon Stipulated Protective and Confidentiality Order for consideration and entry by the Court:

2. Given the nature of the underlying litigation, Lefebvre and Marshall have reached an agreement with Kessler, through their respective counsel, that in lieu of sitting for depositions and producing documents, Lefebvre and Marshall shall each provide a Declaration setting forth if, when, and how they communicated with Plaintiffs Elizabeth Sines from May 2017 to the Date of Declaration. Lefebvre, Marshall and Kessler have further agreed that upon production of said Declarations, which shall be pursuant to a Protective Order as described below, the subpoenas directed to Lefebvre and Marshall shall immediately be deemed withdrawn, with prejudice.

3. Lefebvre and Marshall submit this protective order both to preserve the full value and confidentiality of information provided by them and to protect themselves from harassment, annoyance and oppression, noting further that:

    A. Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to issue protective orders limiting disclosure or discovery in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."

    B. Rule 502(d) of the Federal Rules of Evidence provides that the Court may order that privileges and protections are "not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

    C. Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement upon the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

    D. The federal judiciary's subpoena regulations, *Testimony and Production of Records*, govern the production or disclosure (including testimony) of official information by judiciary employees.

4. This Protective and Confidentiality Order ("Protective Order") governing the disclosure of confidential, private, and other protected or privileged information by any Party to this action is hereby entered.

5. "Producing Party" shall mean Lefebvre and Marshall.

6. "Receiving Party" shall mean Kessler.

7. Upon the request of Lefebvre and Marshall, and upon the agreement of Kessler, and given Lefebvre and Marshall's representation that they possess no material, relevant information about the underlying litigation, and the limited purposes of their declarations, and in light of the surrounding circumstances of this case, the Producing Parties here shall produce the above-referenced declarations under the designation of "Attorneys' Eyes Only," as more fully explained below.

3

8. Except with the prior written consent of the Producing Party or by Order of the Court, the referenced "Attorneys' Eyes Only" Declarations shall be furnished, shown, or disclosed only to the following persons:

   A. Counsel for Kessler, in the above identified lawsuit; and

   B. Counsel for the Plaintiffs, in the above identified lawsuit.

9. The above-referenced Declarations shall be used only for purposes of the above-referenced case and for no other purpose. The Declarations will not be for any personal, business, commercial or competitive purpose, or in any manner whatsoever in another case, litigation, proceeding or activity, whether private or public, factually related to this action or otherwise, and will not be used or referenced in any way on social media or otherwise in public. To be clear, disclosure of or reference to one or both of the Declarations is prohibited by this order.

10. Any use of the Protected Material in pleadings, motions, or at trial shall be governed by a separate agreement or order. To the extent any person wishes to use the Declarations in pleadings, motions, or at trial, they will notify counsel for Lefebvre and Marshall and otherwise comply with the terms of this Order governing disclosure. Where such advance notice is not possible, the filing party will file any covered information under seal and will also file a motion to seal in accordance with Local Rule 9, requesting that the document be held under seal until such time as the Producing Party can file a motion to seal, which the Producing Party shall do within seven (7) days.

11. Upon the final determination, including any appeals related thereto, of this action, the Receiving Party will send a letter to counsel for Lefebvre and Marshall, stating that the lawsuit has concluded and affirming that all Protected Material be returned or destroyed. Any counsel of record in possession of such Protected Material shall, within forty-five (45) days of this final determination, certify that all Protected Material has been returned or destroyed. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other

privileged documents need not be returned or destroyed. Such information shall be retained by the person to whom the information was produced, and shall be treated as Protected Material in accordance with this order.

12. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other lawsuit, nor shall this Protective Order imply that material designated (or not designated) as Protected Material under the terms of this Protective Order is properly discoverable, relevant, or admissible in this or any other lawsuit.

13. Lefebvre and Marshall shall retain all rights and remedies available to them under the law for the enforcement of this order against anyone who violates it.

14. The restrictions of this Protective Order shall continue to apply after this action is finally determined and the Court shall retain jurisdiction for all purposes in connection therewith. All persons receiving or given access to Protected Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

ENTERED this 15th day of July, 2020.

**IT IS SO ORDERED.**

_____
United States Magistrate Judge Joel C. Hoppe