IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF VIRGINIA Charlottesville Division

ELIZABETH SINES, et al,
    Plaintiff,

v.                                          Civil Action No. 3:17-cv-00072-NKM-JCH
                                          AN EVIDENTIARY HEARING AND ORAL
                                          ARGUMENT ARE REQUESTED

JASON KESSLER, et al,
    Defendant.

## RESPONSE TO PLAINTIFS' OPPOSITION TO COURT'S ORDER FOR COMPENSATION

COMES NOW attorneys Denise Y. Lunsford, Esquire ("Lunsford") and John I. Hill ("Hill") and make their response to the Plaintiffs' Opposition to Third Party Request for Cost-Shifting as follows:

### RELEVANT FACTS

This Court is intimately familiar with the procedural posture of the proceedings in this matter, including proceedings related to the subpoenas *duces tecum* at issue (the "Subpoenas"). Accordingly, Lunsford will not address the hyperbolic arguments contained in Sections A and B of the Plaintiffs' Objection and, instead, will limit the relevant facts addressed to issues raised in Sections C and D regarding efforts to comply with the Subpoenas and Lunsford's invoice.

1. **Obstacles To Document Production Were Created By Others**.

Plaintiffs complain that Lunsford and Hill created obstacles specifically with regard to documents received during discovery from the Commonwealth of Virginia.[1] The reality, however, is that after this Court's June 26, 2020 Order Lunsford and Hill were caught in the

---

[1] Other information responsive to the Subpoenas was timely produced.

middle of extensive communications between the Commonwealth, the federal government, and Plaintiffs' counsel with regard to the entry of an order by the Charlottesville Court allowing production. Plaintiffs' Exhibit 2 is only a portion of the email chain, the entirety of which included Plaintiffs' counsel Joshua Siegel ("Siegel") as a recipient. Plaintiffs' exhibit <u>omits</u> the portion of the email referencing federal materials provided by the Commonwealth, to which Plaintiffs refer in a footnote, and indicates that Seigel and "Sara" can "sort out" the details on the federal information. Ex. 1. "Sara" was Assistant United States Attorney Sara Winn ("Winn"). The Commonwealth is a necessary party to the entry of an order by the Charlottesville Court and the "sorting out" of that detail created an issue with regard to entry of such an order.

In the days after this Court's June 12, 2020 Order, which prohibited disclosure of federal material, Lunsford and Hill initiated communication with Winn at the Office of the United States Attorney regarding information received from the federal government and the Commonwealth of Virginia during discovery in the criminal matters against Fields. At that time, prior to the June 25, 2020 hearing, Lunsford attempted to have the Office of the United States Attorney review information received by Lunsford and Hill to determine which information came from which source. With the exception of requesting a "sample" of federal information received from the Commonwealth, those requests were ignored. Ex. 2.

This Court's ruling during the June 25, 2020 hearing was clear: Lunsford and Hill were to produce information obtained from the Commonwealth during discovery regardless of the original source of the information. In fact, Lunsford took care to clarify that ruling during the course of the hearing. Although Winn was aware of the hearing, the Office of the United States Attorney elected not to seek a protective order or otherwise attempt to submit its position to the Court or make its continuing assertion of privilege known when it became aware of this Court's

ruling. Ex. 3 (containing two emails). This Courts' June 26, 2020 written Order, ECF No. 783, provided simply that Lunsford and Hill "disclose materials received from the Commonwealth's Attorney". On that same day, Lunsford, Hill, and others received an email from Winn stating that she had reviewed the Order and took the position that Lunsford and Hill were NOT compelled to produce information originating from the federal government. Ex. 4. Lunsford and Hill informed Winn that this Court's statement to counsel during the hearing could not have been clearer. Thereafter ensued a flurry of activity regarding this Court's June 26, 2020 Order, information received from the Commonwealth which originated from federal sources, and allegations of agreements between Winn and Siegel all of which related directly to the proposed order this Court directed Lunsford and Hill to present to the Charlottesville Court concerning discovery received from the Commonwealth. It is important to note, contrary to Plaintiffs' assertions, Lunsford and Hill were not involved in much of the communication between Winn, Siegel, and others and instead received email communications purporting to memorialize some of the discussions which only led to further confusion and frustration. Ex.5.

Unfortunately, after the Commonwealth reviewed its discovery material and found only one document to be at issue and the issue seemed settled, Siegel's email purporting to relay an agreement between him and Winn regarding the document at issue, Ex. 6, raised another issue from Winn about whether there was, in fact, an agreement between the two regarding the document. Ex. 7. Despite this continuing back and forth, late in the week of July 6, 2020, Lunsford and the Commonwealth determined to submit an order to the Charlottesville Court releasing information received from the Commonwealth and memorializing the apparent agreement between Winn and Siegel set forth in Exhibit 6.

On the date of this Response, Lunsford received information that order was entered by

the Charlottesville Court on July 15, 2020. Ex. 8.

### 2. Document Review By Lunsford Was Necessary And Expeditious.

The review of documents requiring most of Lunsford's attention were emails retained during the course of the criminal matters involving Fields and electronic files on her computer.[2] Although Siegel offered "extensive expertise" to <u>search</u> emails or to <u>search for</u> electronic documents, Plaintiffs' Objection, ECF 801, page 7, such expertise was not required because Lunsford maintains a separate electronic file regarding each client, including Fields, and saved emails to a unique file within her email. Lunsford did not require Siegel's expertise to locate either electronic documents or emails.

Because Lunsford continues to represent Fields in Virginia Courts and because Fields has not waived privilege, all information regarding his case maintained by Lunsford is privileged and confidential, except as required to be revealed pursuant to this Court's Orders, requiring review by Lunsford. Va. Rules of Professional Conduct, Rule 1.6. Lunsford's time in reviewing documents was spent determining whether documents were responsive and, if so, privileged, work product, or subject to federal or state statutory protections. Additionally, a Privilege Log was created to list documents which were responsive but subject to protection. Emails were reviewed to determine whether they were responsive, privileged, or work product. Lunsford paid special attention to include emails received from individuals not related to the criminal matter because Siegel specifically requested those items. Ex. 9, page 3. Electronic documents and emails which were produced were saved to separate electronic files, converted, and uploaded pursuant to instructions from Siegel. This exercise included converting files to zip files, pursuant to Siegel's instructions, prior to upload. Ex. 9.

---

[2] Information contained in this Section of Lunsford and Hill's Response as well as information in Section 5 is supported by the Affidavit of Lunsford contained at the end of this Response.

3. **Plaintiffs' Argument Concerning Narrowing Do Not Relate To Lunsford' Fees And Expenses.**

Plaintiffs assert that Lunsford and Hill ignored efforts to narrow the Subpoena. To the contrary, Lunsford and Hill communicated with Sigel before and after the June 25, 2020 hearing in an attempt to narrow the information to be provided. Ex. 9. More relevant to the Plaintiffs' Opposition, however, is that Lunsford's invoice to Plaintiffs' counsel, Plaintiff's Ex. 1, does not include time relevant to the concerns raised in Plaintiffs' Opposition. The information contained in Plaintiffs' Opposition, ECF No. 801, pages 7-10, relates to arguments made up to and during the June 25, 2020 hearing, which were not included in Lunsford's invoice and specifically excluded by this Courts June 26, 2020 Order.

4. **Lunsford Has Requested Information From Plaintiffs' Counsel Regarding Specific Documents In An Attempt To Avoid Additional Motions.**

Lunsford and Siegel have communicated regarding documents received from the United States Army, specifically medical records and personnel records. Lunsford has also requested that Siegel provide authority supporting his question about other information identified in the Privilege Log and also provided reference to specific statutory provisions related to others. Ex. 10. Siegel has not responded to that email. Neither this Court's June 12, 2020 Order nor its June 26, 2020 Order ordered production of documents protected by the provisions of HIPAA or address the specific provisions of Virginia statute regarding release of health records. If this Court anticipated such production, Lunsford and Hill will comply.

5. **Lunsford's Invoice Is Within The Bounds Of This Court's Order.**

Lunsford's invoice[3], Plaintiffs' Exhibit 1, includes time spent reviewing and producing responsive information, creating a detailed Privilege Log, communicating with counsel, and

---

[3] Hill has not yet submitted an invoice.

responding to issues raised in communications between the Commonwealth, Winn, and Siegel. Information responsive to the Subpoenas are contained on Lunsford's computer along with information relating to other clients. While performing such review, Lunsford simultaneously identified information as responsive, non-responsive, privileged, and/or work product, moved responsive information to a separate folder, began conversion to zip files, and uploaded information. Much of the information was identified as confidential or highly confidential.

As Lunsford informed this Court, Lunsford does not have staff or a regular intern. Client files on Lunsford's computer are all confidential and sensitive in nature whether they relate to Fields or another client. As they relate to this particular matter, those Lunsford's documents include privileged and work product information as well as confidential and/or highly confidential materials produced in the criminal matters. Additionally, Lunsford's representation of Fields is ongoing making the file as a whole the confidential information of Fields. Because a Court Order was in place regarding production, attention was paid to assure that all responsive, non-privileged information was produced and that privileged or work production information was preserved and properly documented. Such review required some amount of legal training. For all of these reasons, it would have been inappropriate for Lunsford to entrust review of such information to an outside contractor, such as an intern. While such a person could responsibly be entrusted with specific, non-confidential documents for scanning, Lunsford could not ethically entrust such a person with reviewing privileged, confidential files and making legal determinations. For the foregoing reasons, Lunsford herself was required to review, convert, and upload information.

## ARGUMENT

**1. Plaintiffs Rely On An Incorrect Legal Standard.**

Plaintiffs' argument places extensive reliance on this District Court's decision in Jeune v. Westport Axle Corp., 2016 WL 1430065 (W.D. Va. April 8, 2016), and its reliance on Bell Inc. v. GE Lighting, LLC, 2014 WL 1630754 (W.D. Va. 2014), setting out three factors as necessary for consideration in shifting the costs of complying with a subpoena from a non-party. As this Court noted in its June 26, 2020 Order, ECF No. 783, however, the correct legal standard is set forth in In re Modern Plastics Corp., 577 B.R. 690, 702-705, 707-708 (W.D. Mich. 2017), aff'd, 890 F.3d 244, 251-52 (6th Cir. 2018).

In Modern Plastics, the Sixth Circuit, reviewed a bankruptcy court's reliance on authority in cases which shifted cost to the requesting party without relying on the enumerated factors and, in doing so, citied United States v. McGraw-Hill Cos., 32 F. R. D. 532, 534 (C.D. Cal. 2014). The Sixth Circuit determined that if a non-party objected to a subpoena and a court ordered compliance, "the court must protect a non-party from significant expenses resulting from compliance." Modern Plastics, 890 F. 3d at 252. The Sixth Circuit went on to examine the "three equitable factors" endorsed by Plaintiffs and considered by other courts. The Modern Plastics Court found no error in the bankruptcy court's decision, which did not rely on the enumerated factors in shifting the costs, and agreed that reliance on those factors would be inconsistent with the language of Federal Rule of Civil Procedure 45, as amended in 1991. Id., at 252 & n.5.

The Fourth Circuit had previously addressed the issue of cost shifting and considered the issue of protecting a non-party from significant expense incurred in compliance with a subpoena in its unpublished decision in Hinterberger v. Am. Nurses Ass'n., Nos. 15-1481, 15-1803 (April

7, 2016), attached as Ex. 14, decided one day prior to this Court's decision in Jeune. In reviewing a district court's order shifting expenses incurred by a non-party when compelled to respond to a subpoena, Hinterberger explicitly found that, under Fed. R. Civ. P. 45, if a court compels production from a non-party which contested a subpoena, the court must protect the non-party from significant expense which results from compliance. The Court went on to conclude that attorney's fees necessary to comply with a discovery order, including privilege and HIPPA review of materials, attending discovery hearings and preparing discovery status reports, may be shifted to the party seeking discovery. Hinterberger, Ex. 14 at page 3. In so deciding, the Fourth Circuit referred to Legal Voice v. Stormans Inc., 738 F.3d 1178 (9th Cir. 2013), also cited by Modern Plastics, and recognized that the 1991 amendments to Rule 45 were adopted to increase protections for non-parties who were compelled to assist the court. Id.

More recently, in its published decision in Va. Dep't of Corr. v. Jordan, 921 F. 3d 180 (4th Cir. 2019), the Fourth Circuit officially adopted the reasoning of Modern Plastics when quashing a subpoena seeking documents and testimony from a non-party. The Court noted that discovery from non-parties must be limited even more than that sought from parties because non-parties have "'no dog in [the] fight'" and 'a different set of expectations' from the parties." Jordan, 921 F.3d at 189, *citing* Cusumano v. Microsoft Corp., 162 F. 3d 708, 717 (1st Cir. 1998).

The only considerations, then, become whether the attorney fees and costs resulted from compliance with the subpoenas, Hinterberger, Ex. 14 at page 3, and whether the cost was significant, Legal Voice, 738 F.3d at 1185. *See,* Modern Plastics, 890 F.3d at 252-253.

2. **Lunsford's Costs And Fees Result From Compliance With The Subpoena.**[4]

In complying with the subpoena, Lunsford, as a non-party, reviewed electronic and paper material for responsiveness, privilege, work product, and HIPPA compliance, and prepared a Privilege Log, required pursuant to the subpoena. Lunsford also continued to communicate with the Assistant United States Attorney, Plaintiffs' counsel, and the Commonwealth regarding the production of discovery materials in the criminal matters as ordered by this Court. *See,* Hinterberger Ex. 14 at page 3. Costs for scanning paper documents and a USB were paid by Lunsford directly to Staples and invoices were provided to Plaintiffs' counsel. Lunsford was able to engage clerical assistance from an intern with no legal experience to do the actual scanning at a greatly reduced cost to Plaintiffs.

Lunsford was required to produce responsive documents, other than discovery materials which are dependent on the entry of an order by Charlottesville courts, within 7 days of entry of this Court's June 26, 2020 Order. In doing so, Lunsford began document review on the day of the Order, a Friday, worked over the course of the weekend, and spent large portions of the first days of the following work-week to provide the information in timely compliance with this Court's Order and prior to a previously scheduled vacation. Lunsford informed the Court that she is a sole practitioner with no regularly available office staff and would, accordingly, be required to fulfill all functions herself. While Plaintiffs limited the scope of responsive documents to some extent, they also sought materials readily available to them from other sources, such as media accounts, and material which required careful review of emails, such as unsolicited emails from third parties, to ensure full compliance. Ex. 9, page 3. All of which

---

[4] Plaintiffs assert that Lunsford' invoice is excessive. In doing so, however, Plaintiffs again rely on improper authority related to the award of attorney's fees to parties and ignore the Fourth Circuit's rational in Hinterberger and decision in Jordan.

required Lunsford's attention. Additionally, Lunsford's compliance is ongoing as it relates to discovery-related information and additional costs and fees will be incurred.

### 3. The Cost Was Significant.

Contrary to Plaintiffs' assertions, Lunsford need not show a "dire financial situation" or harm to her practice; case law requires only that the Court find the costs significant. The Court in Legal Voice found $20,000 to be significant and cited Linder v. Calero-Portocarrero, 251 F.3d 178, 182 (D.C. Cir. 2001), which noted that $9,000 might also be considered significant. Legal Voice, 738 F.3d at 1185.

Although they do not address the proper consideration of significance, Plaintiffs' argue that Lunsford and Hill, as non-parties, are able to bear the cost associated in complying with this Court's Order to provide information to Plaintiffs.[5] What might be considered significant, or having influence or importance, obviously differs based on the circumstances. Plaintiffs' counsel, for example, is comprised numerous lawyers in firms primarily located in New York City and Washington, D.C.. The litigation, including legal fees, is supported through donations to Integrity First for America ("IFA") whose legal team is comprised of two Plaintiffs' attorneys. Ex. 11, pages 10 & 11. IFA is a 501(c)(3) corporation which raises funds solely to support litigation of Sines, et al v. Kessler, et al. Ex. 12. According to its 2018 Form 990 return, the most recent year available, IFA secured contributions and grants totaling $8,960,903 of which $6,879,463 paid program-related legal expenses, presumably legal fees in support of this litigation. Ex. 13. It is no wonder, then, that Plaintiffs might consider Lunsford's invoice for compliance-related costs and fees to be insignificant.

In contrast, Lunsford is engaged in law practice in a small community consisting of one

---

[5] Plaintiffs make no argument that Lunsford's hourly rate is excessive or that the invoice includes impermissible time related to motions or other matters.

attorney and no support staff and was court appointed to represent Fields. She is without the benefit of millions of dollars, through fees, grants, or contributions, and the cost of $9,915.13 is significant. The significant is heightened considering that the time involved, over twenty-eight (28) hours, precluded work on any other cases for which Lunsford is responsible. Lunsford will also be required to continue to expend time and resources to produce Commonwealth documents. It is also important to note that Lunsford's time responding to Plaintiffs' Opposition is contemplated by the Court's June 26, 2020 Order.

## CONCLUSION

For the foregoing reasons, Denise Y. Lunsford, Esq. and John I. Hill, Esq. respectfully request that this Court Overrule Plaintiffs' Opposition to Cost-Shifting and order Plaintiffs to pay costs and fees submitted by Lunsford to date as well as additional costs and fees incurred in continuing to comply with this Court's June 12, 2020 and June 26, 2020 Orders.

Respectfully submitted this 16th day of July, 2020.

DENISE Y. LUNSFORD, Esq.
JOHN I. HILL, Esq.
Pro Se

_____
DENISE Y. LUNSFORD (VSB #31833)
Lunsford & Vradenburgh, LLC
414 East Market Street
Charlottesville, Virginia 22902
Tel: (434) 328-8798
Fax: (434) 328-8799
d@lunsford-law.com

_____
JOHN I. HILL (VSB #30381)
PoindexterHill, P.C.
404 South Wayne Avenue
Waynesboro, Virginia 22980
Tel: (540) 943-1118
Fax: (540) 949-6476
john@poindexterhill.com

## AFFIDAVIT

STATE OF VIRGINIA

CITY OF CHARLOTTESVILLE:

This 16th day of July, 2020, affiant Denise Y. Lunsford, Esq., appeared before me and affirmed that the information contained in Sections 2 and 5 of the Relevant Facts is true and correct to the best of her knowledge and belief.



Notary Public
My Commission Expires: 7/31/22
Registration Number: 7039343

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, the forgoing was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Counsel for Plaintiffs:

Philip M. Bowman (pro hac vice)

Yotam Barkai (pro hac vice)
Joshua J. Libling (pro hac vice)
Boies Schiller Flexner LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212)446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Robert T. Cahill, Esquire
Cooley, LLP
11951 Freedom Drive, 14th Floor
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (pro hac vice)
Julie E. Fink (pro hac vice)
Christopher B. Greene (pro hac vice)
Seguin L. Stroheimer (pro hac vice)
Kaplan & Company, LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (pro hac vice)
William A. Isaacson (pro hac vice)
Boies Schiller Flexner LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

*Alan Levine (pro hac vice)*
*Cooley LLP*
*1114 Avenue of the Americas, 46th Floor*
*New York, New York 10036*
*Telephone: (212) 479-6260*
*Fax: (212) 479-6275*
*alevine@cooley.com*

*David E. Mills (pro hac vice)*
*Cooley LLP*
*1299 Pennsylvania Avenue, NW*
*Suite 700*
*Washington, DC 20004*
*Telephone: (202) 842-7800*
*Fax: (202) 842-7899*
*dmills@cooley.com*

_____
Denise Y. Lunsford, Esq.

_____
John I. Hill, Esq.
Pro Se