# EXHIBIT 14

In Re: SUBPOENA OF AMERICAN NURSES ASSOCIATION, Movant.

GAIL HINTERBERGER, Plaintiff - Appellant,
and
CATHOLIC HEALTH SYSTEM, Defendant,
v.
AMERICAN NURSES ASSOCIATION, Movant - Appellee.

In Re: SUBPOENA OF AMERICAN NURSES ASSOCIATION, Movant.

CATHERINE GORDON, Plaintiff - Appellant,
and
KALEIDA HEALTH, Defendant,
v.
AMERICAN NURSES ASSOCIATION, Movant - Appellee.

No. 15-1481
No. 15-1803

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

Submitted: March 31, 2016
April 7, 2016

**UNPUBLISHED**

Page 2

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:11-cv-02836-RWT; 8:11-cv-02837-RWT)

Before DUNCAN and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

J. Nelson Thomas, Jared K. Cook, THOMAS & SOLOMON, LLP, Rochester, New York, for Appellants. Maureen E. Cones, Bruke H. Sullivan, AMERICAN NURSES ASSOCIATION, Silver Spring, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

Page 3

PER CURIAM:

Gail Hinterberger and Catherine Gordon (Appellants) appeal the district court's orders overruling their objections to the magistrate judge's opinions and orders relying on Fed. R. Civ. P. 45(d)(2)(B)(ii) to shift expenses incurred by the American Nurses Association (ANA) during a proceeding in which ANA was required to produce certain discoverable materials related to an action initiated by Appellants against Catholic Health System and Kaleida Health. Expenses incurred by ANA and shifted to Appellants included attorney's fees incurred in relation to the production of discovery materials, attorney's fees incurred in relation to ANA's motion to shift expenses, and e-discovery expenses billed by BIA to ANA. Appellants argue that (1) the magistrate judge improperly considered ANA's motion to shift expenses because the motion was untimely; (2) attorney's fees are not expenses subject to shifting under Fed. R. Civ. P. 45(d)(2)(B)(ii);[*] and (3) the magistrate judge improperly shifted expenses for BIA's e-discovery services where ANA failed to disclose the expenses prior to incurring the expenses. We affirm the district court's judgments in part, vacate in part, and remand.

Page 4

I

We review a district court's decision to extend the timeframe a party has to file a



pleading or motion for an abuse of discretion. See Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." United States v. Henry, 673 F.3d 285, 291 (4th Cir. 2012).

Rule 6(b) of the Federal Rules of Civil Procedure grants a district court the power to extend the time for a party to file a motion. Fed. R. Civ. P. 6(b)(1). Where a deadline to file a motion has elapsed, a district court may only extend the deadline if the time-delinquent party files a motion and demonstrates excusable neglect for the delay. Fed. R. Civ. P. 6(b)(1)(B).

Here, the magistrate judge determined that ANA's motion to shift expenses was untimely, but construed ANA's "notice of filing motion for attorney fees and costs or, in the alternative, motion for leave to file instanter" as a motion to extend under Fed. R. Civ. P. 6(b)(1)(B). We conclude that the magistrate judge's construction does not constitute an abuse of discretion. ANA's notice filing cited Fed. R. Civ. P. 6(b), argued that excusable neglect supported extending the deadline,

Page 5

and requested that the court "grant leave to file its Motion for Attorneys' Fees and Costs instanter." Further supporting the magistrate judge's construction, ANA attached an affidavit from its lead attorney identifying the cause of ANA's delay in filing its motion.

Turning to whether ANA satisfied the standard for obtaining an extension to file its motion for expenses, "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993). Although a party typically satisfies the standard for demonstrating excusable neglect by demonstrating that the delay is the result of circumstances beyond the party's control, courts have recognized that "'excusable neglect' may extend to inadvertent delays." Id. Factors for a court to consider when evaluating whether a party has demonstrated excusable neglect for a delay include (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." Id. at 395.

Neither the magistrate judge nor the district court articulated an analysis of the factors governing an excusable

Page 6

neglect finding. Nonetheless, we conclude that the record sufficiently supports a finding of excusable neglect. Regarding the first factor, Appellants present no arguments suggesting that they were prejudiced by the delay and nothing in the record suggests that they suffered prejudice. On the second factor, a delay of, at most, 100 days is not lengthy in the context of litigation that lasted 3.5 years, and the delay had no discernable impact on the judicial proceedings where it occurred after the discovery matter was resolved and after the district court had already determined what types of expenses would be shifted to Appellants. Regarding the third factor, the record suggests that the delay was due to medical issues suffered by the lead attorney for ANA and confusion regarding when ANA's motion was due. Finally, nothing in the record suggests that ANA acted in anything but good faith. Accordingly, we conclude that the extension of the deadline for ANA to file its motion to shift expenses did not constitute an abuse of discretion.



II

We review de novo any underlying legal interpretation regarding the scope of a Federal Rule of Civil Procedure. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). However, we review "decisions that fall within that scope for an abuse of discretion." Id.; see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctr., Inc., 334 F.3d 390, 396

Page 7

(4th Cir. 2003) (reviewing order in course of discovery for abuse of discretion). A district court abuses its discretion if its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding. Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (citation omitted).

Under Fed. R. Civ. P. 45, a party to litigation may serve a subpoena for the production of discoverable material on a non-party to the litigation. In turn, the non-party may contest the subpoena, and if a court orders production on the subpoena, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii (emphasis added). Although Fed. R. Civ. P. 45 does not explicitly define what constitutes an "expense resulting from compliance," we conclude that attorney's fees incurred by the non-party that are necessary to a discovery proceeding under Rule 45 are expenses that may be shifted to the discovery-seeking party. First, applying the cannon of construction of in pari materia and looking toward Fed. R. Civ. P. 45(d)(1), which governs shifting expenses in situations where a discovering party places an undue burden on the non-party, attorney's fees can constitute an expense shifted to the discovering party. See Fed. R. Civ. P. 45(d)(1) ("[A]n appropriate sanction . . . may include lost earnings and reasonable attorney's fees."). Second, the 1991 amendments to

Page 8

Fed. R. Civ. P. 45 were adopted in an effort "to enlarge the protections afforded persons who are required to assist the court." Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013). Shifting attorney's fees necessary to discovery is consistent with this purpose, as well as the amendment's purpose of encouraging discovering parties to keep discovery requests narrow and specific to the issues at hand in the underlying litigation.

Although we conclude that attorney fees incurred by non-parties may be shifted under Fed. R. Civ. P. 45(d)(2)(B)(ii), the shifting of attorney's fees is only appropriate where the attorney's fees are actually necessary to a non-party complying with a discovery order. Here, the magistrate judge specifically concluded that attorney's fees stemming from the preparation of discovery status reports, attendance at discovery hearings, privilege review of discovery materials, and HIPPA review of discovery materials were all necessary to ANA's compliance with the discovery order, and nothing in the record overcomes this conclusion. However, ANA was also permitted to recover attorney fees for time spent "outlin[ing] and draft[ing] the motion for attorney fees." Legal fees of this variety were plainly not necessary to ANA's compliance with the discovery order as they were incurred after discovery was completed and as a result of ANA's effort to recover fees, rather than in an effort to

Page 9

produce discoverable material. Accordingly, ANA's attorney's fees incurred in pursuit of attorney's fees were not subject to shifting under Fed. R. Civ. P. 45(d)(2)(B)(ii), and it was error to shift these fees to Appellants. Therefore, while we affirm the shifting of attorney's fees necessary to the production of discovery materials, we vacate those portions of the magistrate judge's opinions and district court's opinions that assigned attorney's fees



incurred by ANA in pursuit of their motion to shift expenses and remand for correction of the fee shifting amount. Similarly, miscellaneous expenses incurred after the completion of discovery in an effort to recover fees are not subject to shifting under Fed. R. Civ. P. 45(d)(2)(B)(ii). Thus, we also vacate the portion of the order that shifted FedEx and PACER expenses associated with the motion to shift fees.

Finally, the magistrate judge shifted expenses for BIA's e-discovery services. In shifting these expenses, the magistrate judge found that (1) ANA advised Appellants that producing the requested discovery would entail significant expense; (2) Appellants were dilatory in communicating with ANA after the district court ordered discovery; and (3) Appellants changed the scope of the requested discovery, increasing BIA's charges. Although Appellants dispute these findings on appeal, nothing in the record demonstrates clear error below. Accordingly, we affirm the shifting of expenses for BIA's e-discovery services.

Page 10

Consistent with the aforementioned reasoning, we affirm the extension of the deadline for ANA to file its motion to shift expenses, the shifting of attorney's fees necessary to the production of discovery materials, and the shifting of expenses for BIA's e-discovery services. We vacate those portions of the magistrate judge's and district court's opinions that shifted attorney's fees and expenses stemming from ANA's efforts to shift expenses to Appellants. We remand this case to permit the district court to recalculate the shifting of expenses to exclude attorney's fees and expenses not necessary to ANA's compliance with the discovery order. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

--------

Footnotes:

\* At the time ANA incurred the expenses at issue, the Rule permitting shifting of expenses was located at Fed. R. Civ. P. 45(c)(2)(B)(ii).

--------

