# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| Elizabeth Sines, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-cv-00072-NKM |
| Jason Kessler, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Thomas T. Cullen, United States Attorney for the Western District of Virginia

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
The documents requested in the attached document requests

| Place: Erin Ashwell, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** , who issues or requests this subpoena, are:

David Mills, dmills@cooley.com, (202) 842-7800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:17-cv-00072-NKM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No.  3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

**ATTACHMENT TO SUBPOENA**

1

YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce the documents and things in your possession, custody or control, as designated herein, for inspection at the offices of Erin Ashwell, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902, within 30 days of service. There is a Protective Order in this action that permits you to designate documents as "confidential" or "highly confidential." This subpoena, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the Federal Rules of Civil Procedure and the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

1. The singular of each word shall be construed to include its plural and vice-versa, the word "any" shall be construed to include "all" and vice-versa, and the words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2. The present tense shall be construed to include the past tense and vice-versa.

3. The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

1. The terms "document" and "documents" means all items within the scope of Rules 26 and 45 of the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any electronically stored information ("ESI"), written, printed, handwritten, recorded digital, or graphic matter of any kind, however produced or reproduced, including but not limited to, any work-paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail or instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information,

databases, spreadsheets, code, programs and applications stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind (including tape, cassette, disc, magnetic card or recording, computers, servers under your control, personal digital assistant, blackberry, cell phones, zip drives, and floppy discs). "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

      4.      The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Rules 26 and 45 of the Federal Rules of Civil Procedure.

      5.      The terms "communication" and "communications" mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means, including in writing and electronically, and include any message, post, tweet, direct message, chat, or message on any social media platform.

      6.      The term "social media" means any forum, website, application, or other network on which persons can create, share, communicate concerning, or comment upon any information, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are social media platforms: comment sections of websites, Facebook, Discord, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, and instant messaging programs such as Signal, WhatsApp, Messenger, Hangouts, or Skype.

      7.      The term "Unite the Right Event" is defined as any event, rally, gathering, or

meeting planned or attended by some or all named Defendants or others to take place in Charlottesville, Virginia on August 11 or 12, 2017, including the march to and rally at the Rotunda in the evening on August 11, 2017, and the planned rally at Emancipation Park in the morning on August 12, 2017.

8. The term "Car Attack" means the incident in which James Fields drove his car into a crowd of pedestrians on August 12, 2017.

9. The term "Defendants" means the named defendants in this case, individually or collectively, including Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields, Jr., Vanguard America, Andrew Anglin, Moonbase Holdings, LLC, Robert Ray, Nathan Damigo, Elliot Kline, Indentity Evropa, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, National Socialist Movement, Nationalist Front, Augustus Sol Invictus, Fraternal Order of the Alt-Knights, Loyal White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan a/k/a East Coast Knights of the True Invisible Empire.

10. The terms "you" and "your" include the United States Attorney's Office for the Western District of Virginia and the Federal Bureau of Investigation, and all their agents, representatives, and attorneys.

11. The term "including" shall be construed as "including, but not limited to."

12. You should construe negative terms to include the positive, and vice-versa. For example, you should construe the word "preference" to mean "preference or lack of preference."

13. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be

legible and bound or stapled in the same manner as the original.  In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

14. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

15. Any reference to a person that is a business entity, organization, unincorporated association, or similar entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder) and attorneys of any of them; and any other person acting for or on behalf of any of them.

16. Documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.  Documents attached to

each other should not be separated.

17. If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

18. All communications, including but not limited to text messages, Facebook messages, tweets, and direct messages on Twitter, should be produced in a form that identifies the message, the sender, the recipient, and the date on which the message was sent.

19. If you timely object to any portion of a Request, definition or instruction, provide a response to the remaining portion.

20. If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, and provide the date when each such document was lost or destroyed.

21. Unless otherwise stated, the time period to which these Requests refer is from January 1, 2015 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

22. These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

**DOCUMENTS TO BE PRODUCED**

1. All documents extracted, imaged, copied, or otherwise preserved from any electronic device of any Defendant, including the mobile telephone or other electronic devices of James Fields

2. All documents concerning any Defendant, including James Fields.

3. All documents concerning the Car Attack or any United the Right Event.

4. All communications between or among any Defendant, including James Fields.

5. All documents created, shared, viewed, posted, sent, modified, or authored by any Defendant concerning race, ethnicity, religion, violence, or any group that promotes white supremacy or white nationalism.

6. All photographs, video recordings, or audio recordings concerning or depicting any Defendant, the Car Attack, or any Unite the Right Event.

7. All recordings and transcripts of telephone calls concerning any Defendant, the Car Attack, or any United the Right Event, including calls to or from James Fields during his detention after his arrest in August 2017.

8. All documents obtained from any third party concerning any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

9. All documents containing or concerning geolocation data relating to any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

10. All statements made by or concerning any Defendant, whether made before or after the Car Attack, including statements concerning planning, preparing for, attending, or participating in any United the Right Event, the Car Attack, or James Fields's role therein.

11. All documents constituting or concerning interviews of witnesses or law enforcement personnel concerning the Car Attack, any Unite the Right Event, James Fields, or any Defendant, including transcripts, audio or video recordings, memoranda, summaries, or notes.

12. All documents constituting or concerning any expert analysis, report or testimony concerning the Car Attack, any Defendant, or any Unite the Right Event, including any documents received from federal law enforcement or prosecution officers or investigators, any social media analysis, fingerprint analysis, DNA analysis, incident reconstruction or any other analysis or report.

13. All documents concerning physical evidence collected during any investigation of the Car Attack, any Defendant, or any Unite the Right Event, including fingerprints, DNA, weapons, and evidence.

14. All documents concerning any injuries or damage caused by the Car Attack, any Defendant, or any Unite the Right Event, including any medical records, police reports, witness statements, or clothing, accessories, or other personal effects collected at the sites of the Car Attack or any Unite the Right Event.

15. All documents constituting or concerning any police report or record, or law enforcement report or record, concerning the Car Attack or any Unite the Right Event, including any document prepared by or on behalf of any agent, officer, detective or investigator.

Dated: September 17, 2019

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Philip M. Bowman (*pro hac vice*)
Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
jlibling@bsfllp.com
ybarkai@bsfllp.com

        Alan Levine (*pro hac vice*)
        COOLEY LLP
        1114 Avenue of the Americas, 46th Floor
        New York, NY 10036
        Telephone: (212) 479-6260
        Fax: (212) 479-6275
        alevine@cooley.com

        David E. Mills (*pro hac vice*)
        COOLEY LLP
        1299 Pennsylvania Avenue, NW
        Suite 700
        Washington, DC 20004
        Telephone: (202) 842-7800
        Fax: (202) 842-7899
        dmills@cooley.com

        *Counsel for Plaintiffs*