# EXHIBIT 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Virginia

| | |
|---|---|
| Elizabeth Sines, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:17-cv-00072-NKM |
| Jason Kessler, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Facebook, Inc.
c/o Corporation Service Company Which Will Do Business in California as CSC
Lawyers Incorporating Service, registered agent
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: AFFORDABLE LEGAL SERVICES<br>901 H Street #110<br>Sacramento, CA 95814 | Date and Time:<br>07/25/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/25/2019

*CLERK OF COURT*

OR

_____    /s/ Michael L. Bloch
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**
_____, who issues or requests this subpoena, are:

Michael L. Bloch, mbloch@kaplanhecker.com, 350 Fifth Avenue, Suite 7110, New York, NY 10118, (212) 763-0883

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:17-cv-00072-NKM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>                Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' SUBPOENA FOR DOCUMENTS
TO FACEBOOK, INC.**

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of AFFORDABLE LEGAL SERVICES, 901 H Street #110, Sacramento, CA 95814 within 30 days of service, as provided under the Federal Rules of Civil Procedure. There is a protective order in this action (attached as Attachment B). Documents produced may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and will be treated as such. This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following Definitions and Instructions shall apply:

1. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2. The present tense shall be construed to include the past tense and vice-versa. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

3. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

4. The word "any" shall be construed to include "all" and vice-versa.

2

5.  The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

6.  The terms "communication" and "communications" are defined to include any post or message of any kind transmitted on or via social media services provided by Facebook, Inc. ("Facebook"), including any image or audiovisual media included in the post or message. The terms "communication" and "communications" are defined to include all posts and messages of any kind, including private, deleted, and ephemeral posts and messages. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

7.  The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all communications and writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, website content, electronic chats, direct messages, text messages, uploads, posts, status updates, comments, "likes", "reactions", "shares", direct messages, or any other use of or activity on Social Media, all other writings in hard copy or in electronic form, and all other material stored on computers, servers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and

3

telephone systems. Without limiting the foregoing in any way, every Communication is also a Document.

8. A draft of a non-identical copy is considered a separate document.

9. The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

10. The terms "you" and "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

11. The term "including" shall be construed as "including, but not limited to."

12. You should construe negative terms to include the positive, and vice-versa. For example, you should construe the word "preference" to mean "preference or lack of preference."

13. The term "Plaintiffs" refers to the following individuals: Elizabeth Sines, Seth Wispelwey, Marissa Blair, April Muñiz, Marcus Martin, Natalie Romero, and Chelsea Alvarado.

14. The term "Defendants" refers to the following individuals and entities: Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields, Jr., Vanguard America, Andrew Anglin, Moonbase Holdings, LLC, Robert "Azzmador" Ray, Nathan Damigo, Elliot Kline a/k/a Eli Mosley, Identity Evropa, Matthew Heimbach, Matthew Parrott a/k/a David Matthew Parrott, Traditionalist Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, National Socialist Movement, Nationalist Front, Augustus Sol Invictus,

Fraternal Order of the Alt-Knights, Loyal White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan a/k/a East Coast Knights of the True Invisible Empire.

15. The term "Events" refers to any rally, march, or protest in Charlottesville, Virginia, on May 13, July 8, August 11, or August 12, 2017, including, but not limited to the torch-lit march that took place on August 11 in Charlottesville, VA and the event referred to as "Unite the Right" as well as to any rally, march, or protest in Berkeley, California, on February 1, March 4, April 15, April 27, August 27, September 14, or September 24–27, as well as any planning or organizing or incidents of violence that occurred during any of the abovementioned rallies, marches, gatherings, speeches, or protests, as described in the First Amended Complaint attached as Attachment C.

16. The term "Facebook User" refers to an individual or entity who accesses or has ever accessed Facebook, whether the individual or entity actively accesses Facebook or is an inactive or deleted user.

17. The term "Facebook Account" refers to all data associated with a Facebook User, including the user ID, user name, or unique numerical ID associated with that Facebook User, all email addresses associated with that Facebook User, all phone numbers associated with that Facebook User, all names associated with that Facebook User, all individuals following that Facebook User, all individuals followed by that Facebook User, all posts made by that Facebook User, the timeline associated with that Facebook User, all messages associated with that Facebook User, and any other data such as the user name, location, or associated website for that Facebook User. Spaces, underscores, dashes, "@" symbols, or any other symbol, included or excluded in a particular Facebook Account or user handle shall not serve to disqualify a particular Facebook Account or user handle from being identified and responsive.

18. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original. In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

19. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

20. Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors, and franchisees; each other person directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

21. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they

shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

22. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

23. Documents and communications shall be produced in a manner that identifies all metadata, including but not limited to the sender, recipient, poster, originator, date, and time.

24. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

25. Documents attached to each other should not be separated.

26. If identical copies of a document are in the possession, custody, or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

27. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

28. If you file a timely objection to any portion of a Request, Definition, or Instruction, provide a response to the remaining portion. Whether or not you object, you must preserve all Documents and Communications relevant to the subpoena, including all Documents

and Communications responsive to these Requests. You must also preserve all hardware, software and log files related to databases; servers; archives; backup or recovery disks, files and servers; networks or computer systems including legacy systems; magnetic, optical or other storage media, including hard drives and other storage media; laptops; personal computers; personal digital assistants; handheld wireless devices; mobile telephones; paging devices; and audio systems, including iPods. You must take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, discontinuing all data destruction and backup recycling policies; preserving and not disposing relevant hardware unless an exact replica of the file is made; preserving and not destroying passwords; encryption and accompanying decryption keys; network access codes, including login names; decompression or reconstruction software; maintaining all other pertinent information and tools needed to access, review, and reconstruct all requested or potentially relevant electronically stored information and data. Where any alterations or deletions of any of the documents and data requested by the subpoena have been made since May 13, 2017, you should provide a log detailing any changes and deletions, the individual who made those changes and deletions, and the purpose for which the changes and deletions were made.

29. If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, provide the date when each such

document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

30. To the extent you object to producing any document under the Stored Communications Act, you should identify the nature of the document and the basis for your objection, and preserve such document pending our obtaining any consent required to enable you to produce such document.

31. Unless specified otherwise in a particular Request, the time period to which these Requests refer is from January 1, 2017, to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

32. These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

33. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

All documents and communications by any of the following Facebook Accounts or Facebook Users concerning the Events:

    a. voteforcantwell

    b. Nathan Damigo

    c. League of the South

    d. League of the South (ID: 289000974841018)

9

e. League of the South (ID: 189475291140911)

f. Michael Hill (ID: 1000027890145135)

g. Identity Evropa

h. ChedCheese

i. broadswordmcqueen

j. Jason Kessler

k. Dave Voorhees (draftdelph@gmail.com)

l. Matt Parrott (parrott.matt@gmail.com)

m. Sparta Sylvestris / David Parrott (edruben1948@gmail.com)

n. richardbspencer@gmail.com

o. Michael Tubbs (Michael.tubbs.108)

p. Mike Sable

q. james.fields.9279

r. Conscious Ovis Aries

s. Tradworker

t. William.hovater.1

u. dudenaX.alt

v. Eli Mosley

w. Elliott Kline

x. Matthew Heimbach (Matt.heimbach1)

y. Matthew Warren

z. Augustus Invictus (AugustusSolInvictus)

aa. Vanguard.america

bb. Fraternal Order of Alt-Knights (FOAKUSA)

cc. The Order of the Alt-Knights (h8sjws)

dd. cesar.adolfo.7393

ee. rack.penske

ff. isaac.baker.927

gg. pat.hines.359

hh. Patruceo Armpstead-Wulf

ii. Spencer.borum.5

jj. Spencer.borum

kk. Mark.thomey

ll. Kevin Antony

mm. Colton Williams

nn. SummonerofDoubt

oo. Shane Duffy

pp. Taylor Overway

qq. Johan Trautmann

rr. Denny Durham

ss. Jason Philbin

tt. Kendall Marie

uu. Braxton Bragg

vv. Orry William Von Diez

ww. Rise Above Movement

xx. Ben Daley

11

yy.  Robert Boman

zz.  American Identity Movement

aaa.  Dillon Hopper / Dillon Ulysses Hopper

bbb.  Thomas Rousseau / Thomas Ryan Rousseau

ccc.  Dan Kleve

ddd.  GetOffMyLawnCRTV

eee.  The Proud Goys (ID: 250507002090622)

fff.  Paul Wooderson

ggg.  Aaron Hofmeister

hhh.  Brandon Troutman

iii.  Brandon Troy Higgs

jjj.  Christopher Cantwell (Removed from Facebook)

kkk.  Radical Agenda (Removed from Facebook)

lll.  Boseph Bordan

**Document Request No. 2**

All documents and communications by any of the Defendants concerning the Events.

**Document Request No. 3**

All documents and data sufficient to identify all Facebook Accounts belonging to any of the Defendants.

**Document Request No. 4**

All documents and data sufficient to identify all Facebook Accounts belonging to any Facebook User who communicated with the Defendants concerning the Events between May 1, 2017 and September 1, 2017.

12

**Document Request No. 5**

All communications by any of the Defendants referencing any of the Plaintiffs, or any of the Defendants.

**Document Request No. 6**

All Facebook communications, posts, and messages concerning the Events and dated May 1, 2017, to September 1, 2017, that have been followed, "liked", or reacted to by any of the Defendants, or to which any Defendants replied via Facebook.

Dated: June 25, 2019
      New York, NY

*/s/ Michael L. Bloch*
Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
jmatz@kaplanhecker.com

## Text of Federal Rule of Civil Procedure 45(d) and (e)

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*

  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

     (iv)  subjects a person to undue burden.

   (B)  *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   (C)  *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

     (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

     (ii)  ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

  (1)  *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   (A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   (C)  *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   (D)  *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     *Claiming Privilege or Protection.*

    (A)     *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i)     expressly make the claim; and

        (ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B)     *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.