# EXHIBIT 15

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Virginia

| | | |
|---|---|---|
| Elizabeth Sines, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-00072-NKM-JCH |
| Jason Kessler, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     John I. Hill, Esq., PoindexterHill, P.C., 404 South Wayne Avenue, Waynesboro, VA 22980-4740

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED

| Place: Wood Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902 (Attn: J. Benjamin Rottenborn) | Date and Time: 02/11/2020 @ 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/27/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___Plaintiffs___
_____ , who issues or requests this subpoena, are:

David E. Mills, Cooley LLP, 1299 Pennsylvania Ave., NW, Suite 700, Washington, DC 20004 - Tel: (202) 842-7800 - dmills@cooley.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00072-NKM-JCH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                               _____
                                            *Printed name and title*

                               _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No.** 3:17-cv-00072-NKM<br><br><br>**JURY TRIAL DEMANDED** |

**ATTACHMENT TO SUBPOENA**

1

YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce the documents and things in your possession, custody or control, as designated herein, for inspection at the offices of John B. Rottenborn, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902, within 14 days of service. There is a Protective Order in this action that permits you to designate documents as "confidential" or "highly confidential."  This subpoena, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted to request only documents that are not covered by the attorney-client privilege or work product doctrine, and in accordance with the Federal Rules of Civil Procedure and the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

1.      Nothing in the Requests or the subpoena to which they are attached should be construed to request documents protected by the attorney-client privilege or work product doctrine.

2.      The singular of each word shall be construed to include its plural and vice-versa, the word "any" shall be construed to include "all" and vice-versa, and the words "and" as well as "or" shall be construed both conjunctively and disjunctively.

3.      The present tense shall be construed to include the past tense and vice-versa.

4.      The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

5.      The terms "document" and "documents" means all items within the scope of Rules 26 and 45 of the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any electronically stored information ("ESI"),

written, printed, handwritten, recorded digital, or graphic matter of any kind, however produced

or reproduced, including but not limited to, any work-paper, correspondence, memorandum,

note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail or

instant message, text message, report, chart, graph, summary, index, diary, desk or pocket

calendar, notebook, any magnetic or other recording tape, computer data (including information,

databases, spreadsheets, code, programs and applications stored in a computer, whether or not

ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion

picture, and electronic, mechanical, or electrical record or representation of any kind (including

tape, cassette, disc, magnetic card or recording, computers, servers under your control, personal

digital assistant, blackberry, cell phones, zip drives, and floppy discs).  "Document" shall also

include the file folders in which said documents are maintained and any table of contents or

index thereto; and copies of documents of which the originals have been destroyed pursuant to a

document destruction policy or otherwise.

      6.     The terms "electronically stored information" and "ESI" are defined to be

synonymous in meaning and equal in scope to the usage of "electronically stored information" in

Rules 26 and 45 of the Federal Rules of Civil Procedure.

      7.     The terms "communication" and "communications" mean the transmittal of

information in the form of facts, ideas, inquiries, or otherwise by any means, including in writing

and electronically, and include any message, post, tweet, direct message, chat, or message on any

social media platform.

      8.     The term "social media" means any forum, website, application, or other network

on which persons can create, share, communicate concerning, or comment upon any information,

or otherwise engage in social networking.  Without limiting the foregoing in any manner, and by

way of example only, the following are social media platforms: comment sections of websites, Facebook, Discord, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, and instant messaging programs such as Signal, WhatsApp, Messenger, Hangouts, or Skype.

9.      "Fields" refers to James Alex Fields, Jr.

10.     The term "Unite the Right Event" is defined as any event, rally, gathering, or meeting planned or attended by some or all named Defendants or others to take place in Charlottesville, Virginia on August 11 or 12, 2017, including the march to and rally at the Rotunda in the evening on August 11, 2017, and the planned rally at Emancipation Park in the morning on August 12, 2017.

11.     The term "Car Attack" means the incident in which James Fields drove his car into a crowd of pedestrians on August 12, 2017.

12.     The term "Legal Proceeding" means any action, suit, litigation, arbitration, proceeding (including any civil, criminal, administrative, investigative or appellate proceeding), hearing, inquiry, examination, or investigation commenced, brought, conducted or heard by or before, or otherwise involving, any court or other Governmental Body or any arbitrator or arbitration panel, including *Commonwealth v. James Alex Fields, Jr.*, Case Nos. CR-17-000296-01 to CR-17-000296-10 (Va. Cir. Ct.) and *United States v. James Alex Fields Jr.*, Case No. 3:18-CR-00011 (W.D. Va.).

13.     The terms "you" and "your" includes John I. Hill, PoindexterHill, P.C., and any members, shareholders, partners, officers, managers, employees, agents, or representatives thereof.

14.     The term "including" shall be construed as "including, but not limited to."

15.     You should construe negative terms to include the positive, and vice-versa.  For example, you should construe the word "preference" to mean "preference or lack of preference."

16.     In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.  In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

17.     Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

18.     Any reference to a person that is a business entity, organization, unincorporated association, or similar entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder) and attorneys of any of them; and any other person acting for or on behalf of any of them.

19.     Documents shall be produced either (a) as they are kept in the usual course of

5

business (in which case they shall be produced in such fashion as to identify the department,

branch or office in whose possession it was located and, where applicable, the natural person in

whose possession it was found or the server or central file in which it was found, and the address

of each document's custodian(s)), or (b) segregated as responsive to a specific Request

enumerated in these Requests, with such specific Request identified.  Documents attached to

each other should not be separated.

20.     If identical copies of a document are in the possession, custody or control of more

than one natural person or other document custodian, a copy of that document shall be produced

from each such natural person or other document custodian.

21.     All communications, including but not limited to text messages, Facebook

messages, tweets, and direct messages on Twitter, should be produced in a form that identifies

the message, the sender, the recipient, and the date on which the message was sent.

22.     If you timely object to any portion of a Request, definition or instruction, provide

a response to the remaining portion.

23.     If you are unable to produce a document that is responsive to a Request, so state

and indicate whether the document ever existed or whether the document once existed but cannot

be located.  If any responsive document once was, but is no longer, in your possession, custody

or control, state the whereabouts of such document when last in your possession, custody or

control, state the date and manner of its disposition and identify its last known custodian. To the

extent that any responsive document was lost or destroyed, produce any document that supports

your assertion that the document was lost or destroyed, and provide the date when each such

document was lost or destroyed.

24.     Unless otherwise stated, the time period to which these Requests refer is from

January 1, 2015 to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

25.     These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

1.     All documents located on, or extracted, imaged, copied, or otherwise preserved from any electronic device that at any time belonged to or was in the possession of Fields.

2.     All documents concerning Fields's conduct and actions on August 11-12, 2017, including his participation in any Unite the Right Event and the Car Attack.

3.     All documents and communications sent to or received from the United States of America or the Commonwealth of Virginia concerning Fields, including any discovery materials related to any Legal Proceedings between the United States or the Commonwealth of Virginia and Fields.

4.     All documents that were collected or preserved in relation to any Legal Proceeding concerning Fields, whether or not that evidence was used in court.

5.     All documents created, shared, viewed, posted, sent, modified, or authored by Fields concerning race, ethnicity, religion, violence, or any group that promotes white supremacy or white nationalism.

6.     All photographs, video recordings, or audio recordings concerning or depicting Fields, the Car Attack, or any Unite the Right Event.

7.     All recordings and transcripts of telephone calls concerning Fields, the Car Attack, or any Unite the Right Event, including calls to or from Fields during his detention after his arrest in August 2017.

8.     All documents obtained from any third party concerning any Unite the Right Event, the Car Attack, or Fields including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

9.     All documents containing or concerning geolocation data relating to any Unite the Right Event, the Car Attack, or Fields, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

10.     All documents or communications relating to statements made by or concerning Fields, whether made before or after the Car Attack, including statements concerning planning, preparing for, attending, or participating in any Unite the Right Event, the Car Attack, or Fields's role therein.

11.     All documents constituting or concerning interviews of witnesses or law enforcement personnel concerning the Car Attack, any Unite the Right Event, or Fields, including transcripts, audio or video recordings, memoranda, summaries, or notes.

12.     All documents concerning any injuries or damage caused by the Car Attack or any Unite the Right Event.

13.     All documents that requested in Plaintiffs' Requests for Production, attached to these Requests as Exhibit 1.

Dated: January 27, 2020

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel*:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
jlibling@bsfllp.com
ybarkai@bsfllp.com

John B. Rottenborn
Erin B. Ashwell
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel:  (540) 983-7600
brottenborn@woodsrogers.com
eashwell@woodsrogers.com

*Counsel for Plaintiffs*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>                                    Plaintiffs,<br><br>V.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                                    Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br><br>**PLAINTIFFS' [CORRECTED] FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs hereby request that Defendants produce the following documents and tangible things at the offices of Boies Schiller Flexner LLP, 575 Lexington Avenue, New York, NY 10022, no later than thirty (30) days from service of this First Set of Requests for Production of Documents (the "Requests"), unless otherwise agreed by the parties or required by any scheduling order entered by the Court in this action.

The Definitions and Instructions that appear below form an integral part of the Requests that follow and must be read in conjunction with them and followed when responding to the Requests.

## DEFINITIONS

In each Definition, the singular shall include the plural and the plural shall include the singular. Terms used herein shall have the following meanings:

1.      "Amended Complaint" means the amended complaint filed in the above-captioned litigation as ECF docket entry number 175.

2.      "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages,  instant messages,  social media postings, telegrams,  invoices,  telephone  conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of correspondence, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

3.      "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, referring to, alluding to, confirming, constituting, comprising, containing, commenting upon, responding to, discussing,  describing,  embodying,  evaluating,  evidencing,  identifying,  in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to,

regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to in the Request.

4.      "Document" or "Documents" means documents broadly defined in FRCP Rule 34, and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, or any other use of Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  Without limiting the foregoing in any way, every Communication is also a Document.

5.      "Events" means the occurrences and activities described in Paragraphs 45 to 335 of the Amended Complaint.

6.      "Person" means a natural person or individual, and any corporation, partnership, limited liability company, unincorporated association, governmental body or agency, or any other form of organization, group, or entity.

7.      "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate concerning, or comment upon any information, ideas, or opinions, or otherwise engage in social networking.  Without limiting the foregoing in any manner, and by way of

example only, the following are social media platforms:  comment sections of websites, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, Youtube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, or Skype. Without limiting the foregoing in any manner, and by way of example only, the following are methods of using social media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

8.      "You," "Your," or "Yours" refers to the Defendants to whom the Interrogatories are addressed and includes any persons or entities acting for them or on their behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, attorneys, as well as any entities over which any of the Defendants have control.

## INSTRUCTIONS

A.      These Requests are issued to each Defendant, and each individual Defendant must fully respond, search for and produce all Documents and Communication responsive to these Requests.

B.      Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in your possession, custody, or control.

C.      These Requests are continuing in nature.  If, after making initial responses, Defendants obtain or become aware of any further Documents responsive to the Requests, Defendants are required to supplement their responses and provide such Documents pursuant to FRCP Rule 26(e).

D.      If, in responding to any of the following Requests, you encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Interrogatory.

E.      In the event any document or information is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, furnish a list

4

identifying the documents, communications, or information for which the protection is claimed together with the following (if applicable): the type of document or communication; the date or dates of the document or communication; the name, position and address of each person who participated in the document or communication, to whom the document or communication was addressed, or to whom the document or communication or the contents thereof have been communicated by any means; the general subject matter of the document, communication, or information; the specific basis for nonproduction or non-disclosure; and a description that you contend is adequate to support your contention that the document, communication, or information may be withheld from production and/or disclosure. If a document or communication is withheld on the ground of attorney work product, also specify whether the document or communication was prepared in anticipation of litigation and, if so, identify the anticipated litigation(s) upon which the assertion is based.

F.      If You object to production in response to a specific request, You shall state with particularity the basis for all objections with respect to such request.  You should respond to all portions of that request that do not fall within the scope of Your objection.  If You object to a Request on the ground that it is overly broad, provide such documents that are within the scope of production that You believe is appropriate.  If You object to a Request on the ground that to provide responsive documents would constitute an undue burden, provide such responsive documents as You believe can be supplied without undertaking an undue burden.

G.      Whether or not You object, You must preserve all Documents and Communications relevant to the lawsuit, including all Documents and Communications responsive to these Requests. You must also preserve all hardware, software and log files related to databases; servers; archives; backup or recovery disks, files and servers; networks or computer systems including legacy systems; magnetic, optical or other storage media, including hard drives and other storage media; laptops; personal computers; personal digital assistants; handheld wireless devices; mobile telephones; paging

devices; and audio systems, including iPods. You must take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, discontinuing all data destruction and backup recycling policies; preserving and not disposing relevant hardware unless an exact replica of the file is made; preserving and not destroying passwords; encryption and accompanying decryption keys; network access codes, including login names; decompression or reconstruction software; maintaining all other pertinent information and tools needed to access, review, and reconstruct all requested or potentially relevant electronically stored information and data.  Where any alterations or deletions of any of the documents and data requested by the subpoena have been made since August 11, 2017, You should provide a log detailing any changes and deletions, the individual who made those changes and deletions, and the purpose for which the changes and deletions were made.

H.      Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.  To the extent that you do not have copies of communications made or received by you that are responsive to these requests,  you must provide the consent necessary under the Stored Communications Act, *see* 18 U.S.C. § 2702(b)(3), to permit the providers of electronic communication services and remote computing services, *see* 18 U.S.C. § 2702(a)(1)-(2), to produce the documents.

I.      Produce each responsive document in its entirety including with all attachments or other matters affixed thereto.

J.      Each Document produced in response to these Requests shall be produced in accordance with the specifications described in Exhibit A attached hereto, or as agreed by the parties or ordered by the Court.

K.      References to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

L.      References to any non-natural person (e.g., corporation, partnership, entity, membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

M.      The use of the singular form of any word includes the plural and vice versa.

N.      The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

O.      The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.      The word "all" means "any and all"; the word "any" means "any and all."

Q.      The term "including" means "including, without limitation."

R.      The masculine includes the feminine and neutral genders.

S.      Unless otherwise specified, the time period to which these Requests refer is from January 1, 2015 to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the Events, including without limitation all documents and communications:

   i. concerning any preparation, planning, transportation to, or coordination for, the Events, including receipts, bills and credit card statements reflecting costs for transportation, lodging, apparel, gear, or any other material purchased for the Events;

   ii. concerning any instructions or coordination relating to the Events, including security details, what to wear, what to bring, when to meet, where to meet, what to say, and any other logistical information or arrangements;

   iii. that are Social Media documents concerning the Events;

   iv. you created during the Events, including Social Media, text messages, video, and photographs;

   v. concerning African Americans, Jewish individuals, or other religious, racial, or ethnic minorities that relate in any way to the Events;

   vi. concerning any statement or action attributed to You in the Amended Complaint; or

   vii. concerning any allegation of an altercation, violent act, injury, or instance of intimidation or harassment that occurred during the Rally, including but not limited to James Fields' vehicular incident; or

   viii. concerning any funding of the Events, including  for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or the planning thereof)..

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning and all Communications concerning or with East Coast Knights of the Ku Klux Klan (or East Coast Knights of the True Invisible Empire), Fraternal Order of the Alt-Knights, Identity Europa (or Identity Evropa), League of the South, Loyal White Knights of the Ku Klux Klan (or Loyal White Knights Church of the Invisible Empire Inc.), Moonbase Holdings, LLC, Nationalist Socialist Movement, Nationalist Front (or Aryan National Alliance), Traditionalist Worker Party, Vanguard America, or any such other social group or organization that has as part of its agenda a racial, religious, or ethnic objective.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis of race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence.

**REQUEST FOR PRODUCTION NO. 5:**

For any Social Media account You had from January 1, 2015, to the present:

    i.    Documents and Communication sufficient to show the account home page, and all uses of Social Media for that account that reference or concern the Events or Defendants in any way.

    ii.    Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning any lawsuits, claims of violence, or arrests relating to or arising out of racially, ethnically, or religiously motivated conduct by You or any Defendant named in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

Dated:   January 25, 2018
New York, NY

*/s/ Philip M. Bowman*
Philip M. Bowman (*pro hac vice*)
Yotam Barkai (pro hac vice)
Joshua J. Libling (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
575 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
pbowman@bsfllp.com
ybarkai@bsfllp.com
jlibling@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656

10

Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Christopher B. Greene (*pro hac vice*)
Seguin L. Strohmeier (*pro hac vice*)
KAPLAN & COMPANY, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanandcompany.com
jfink@kaplanandcompany.com
cgreene@kaplanandcompany.com
sstrohmeier@kaplanandcompany.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

11

# EXHIBIT A

## 1. PRODUCTION FORMAT

a)   To avoid the production of more than one copy of a unique item, use industry standard MD5 or SHA-1 hash values to de-duplicate all files identified for production.  Loose e-files will not be compared to email attachments for de-duplication purposes.  Hard copy documents containing handwritten notes will not be considered as duplicative of any other document.

b)   Where documents with attachments are produced, they will be attached in the same manner as included in the original file.  Where documents are produced and all attachments thereto are not included, identify the missing attachments by means of a "place holder" file, and explain the reason for their non-production.  Documents that are segregated or separated from other documents, whether by inclusion of binders, files, dividers, tabs, clips or any other method, will be produced in a manner that reflects these divisions.  If any portion of a document is responsive, the entire document should be submitted.  Do not redact any non-privileged content from any document absent a separate agreement.

c)   Productions should be delivered on an external hard drive, CD, DVD, or via FTP (or other secure online transfer).  If a delivery is too large to fit on a single DVD, the production should be delivered on an external hard drive or via FTP upon agreement with Defendants.

d)   Documents shall be produced as Bates-stamped tagged image file format ("TIFF") images accompanied by an image load file, a data load file with fielded metadata, document-level extracted text for ESI, and optical character recognition ("OCR") text for scanned hard copy documents and ESI that does not contain extractable text.  Detailed requirements, including files to be delivered in native format, are below.

e)   TIFF Image Requirements

   a.   TIFF images will be produced in black and white, 300x300 dpi Group IV single-page format and should be consecutively Bates-stamped.

   b.   Images will include the following content where present:

      i.   For word processing files (*e.g.*, Microsoft Word):  Comments, "tracked changes," and any similar in-line editing or hidden content.

      ii.   For presentation files (*e.g.*, Microsoft PowerPoint):  Speaker notes, comments, and all other hidden content.

      iii.   For spreadsheet files (*e.g.*, Microsoft Excel): Hidden columns, rows, and sheets, comments, "tracked changes," and any similar in-line editing or hidden content.

f)   Native Production Requirements

12

      a.      Spreadsheet files (*e.g.*, Microsoft Excel and .Csv files) and presentation files (e.g. Microsoft PowerPoint) should be provided in native format.

            i.     In lieu of a full TIFF image version of each native file, a single placeholder image bearing the relevant bates number and confidentiality designation should be produced.

            ii.    When redaction is necessary, a redacted full TIFF version may be produced provided that the document is manually formatted for optimal printing.  If the file requiring redaction is not reasonably useable in TIFF format, the parties will meet-and-confer to determine a suitable production format.

            iii.   If redactions within a native file are necessary, the parties will meet-and-confer prior to productions and provide a means to identify such documents in the production.

      b.      Media files (*e.g.*, .mp3, .wmv, etc.) will be produced in native format.

      c.      The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review.

      d.      The parties will meet-and-confer to discuss a suitable production format for any databases or database reports.

      e.      Any files that cannot be accurately rendered in a reviewable TIFF format should be produced in native format.

      f.      Defendants reserve the right to request native or color copies of any documents that cannot be accurately reviewed in black and white TIFF format.  Reasonable requests for native or color documents should not be refused.

g)     Load File Requirements

      a.      A Concordance compatible data load file should be provided with each production volume and contain a header row listing all of the metadata fields included in the production volume.

      b.      Image load files should be produced in Concordance/Opticon compatible format.

h)     Extracted Text/OCR Requirements

      a.      Electronically extracted text should be provided for documents collected from electronic sources.  Text generated via OCR should be provided for all documents that do not contain electronically extractable text (*e.g.*, non-searchable PDF files and JPG images) and for redacted and hard copy documents.  Do not to degrade the searchability of document text as part of the document production process.

   b.  Document text should be provided as separate, document-level text files and not be embedded in the metadata load file.

   c.  Text files should be named according to the beginning bates number of the document to which they correspond.

   d.  If a document is provided in native format, the text file should contain the extracted text of the native file.

   e.  A path to each extracted text file on the delivery media should be included in a load file field, or in a separate cross-reference file.

 i)  Produce all metadata fields listed in Appendix 1 if available.

**APPENDIX 1**

| Field | Comments |
|---|---|
| BegBates | Beginning Bates number |
| EndBates | Ending Bates number |
| BegAttach | Bates number of the first page of a family range |
| EndAttach | Bates number of the last page of a family range |
| PageCount | Number of pages in a Document. |
| FileExtension | Original file extension as the document was maintained in the ordinary course |
| FileSize | File size in bytes |
| DocTitle | Document title as stored in file metadata |
| Custodian | Custodian full name |
| Author | Document author information for non-email |
| From | Email FROM |
| To | Email TO |
| Cc | Email CC |
| BCC | Email BCC |
| Subject | Email Subject |
| Attachments | Name of attached file(s) as maintained in the ordinary course of business |
| DateCreated | File date created MM/DD/YYYY |
| DateModified | File date modified MM/DD/YYYY |
| DateSent | Email date sent MM/DD/YYYY |
| TimeSent | Email time sent HH:MM:SS AM/PM |
| DateReceived | Email date received MM/DD/YYYY |
| TimeReceived | Email time received HH:MM:SS AM/PM |
| FileName | Name of the file as maintained in the ordinary course of business with extension . |
| MD5Hash | The computer-generated MD5 Hash value for each document |
| NativePath | The path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided) |
| TextPath | The path to the corresponding text file for each record on the delivery media, including filename |

15