AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

| | | |
|---|---|---|
| Elizabeth Sines, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    3:17-cv-00072-NKM |
| Jason Kessler, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
Wes Bellamy

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:     Video conference   Remote via Zoom | Date and Time:           07/21/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:  video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/15/2020

              *CLERK OF COURT*

                             OR

                                                         s/ James E. Kolenich

      *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing  certain Defendants
_____ , who issues or requests this subpoena, are:

James Kolenich , 513-444-2150; 9435 Waterstone Blvd. #140, Cincinnati, OH 45249; JEK318@GMAIL.com;

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:17-cv-00072-NKM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                           _____
                                                              *Printed name and title*

                                                           _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OFVIRGINIA**
**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
HANNAH PEARCE, MARCUS MARTIN,
NATALIE ROMERO, CHELSEA
ALVARADO, JOHN DOE, and THOMAS
BAKER,

                     Plaintiffs,

v.

JASON KESSLER, et al.,

                     Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

<u>**PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO**</u>
<u>**WENDY LEWIS**</u>

      YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P."), to produce the documents and things designated herein for

inspection at Judicial Attorney Services, Inc, 2100 Manchester Rd., Ste 505, Wheaton, IL 60187

within 30 days of service, as provided under the Federal Rules of Civil Procedure. There is a

Protective Order in this action (attached as Attachment B). Documents produced may be

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and will be treated as such.

This subpoena for documents, including each individual Request for Documents (collectively, the

"Requests"), shall be read and interpreted in accordance with the definitions and instructions

identified below.

1

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1.      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2.      The present tense shall be construed to include the past tense and vice versa.  Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

3.      You should construe negative terms to include the positive, and vice versa. For example, you should construe the word "preference" to mean "preference or lack of preference."

4.      The word "any" shall be construed to include "all" and vice versa.

5.      The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting."

6.      The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A).  The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings

in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

7.      The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

8.      The term "including" shall be construed as "including, but not limited to."

9.      The terms "you" and "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

10.     The terms "communication" and "communications" are defined to include any document, mail, email, phone call, text message, instant message, Facebook message, Facebook post, tweet on Twitter, direct message on Twitter, message or post on Gab, chat or message on any social media platform, and any other means used to convey information from one person to any other person or persons in any form.

11.     The term "event" is defined as a planned or organized public occasion.

12.     The term "rally" is defined to mean the gathering or meeting together by a group of four or more people in one geographical location to show support for a common cause.

13.     The term "social media" means any forum, website, application, or other network on which persons can create, share, communicate concerning, or comment upon any information, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are social media platforms: comment sections of websites,

Facebook, Discord, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter, Gab, Tumblr, and instant messaging programs such as Signal, WhatsApp, Messenger, Hangouts, and Skype.

14.     The term "Plaintiffs" refers to the following individuals: Elizabeth Sines, Seth Wispelwey, Marissa Blair, April Muñiz, Hannah Pearce, Marcus Martin, Natalie Romero, Chelsea Alvarado, and Thomas Baker.

15.     The term "Defendants" refers to the following individuals and entities: Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields, Jr., Vanguard America, Andrew Anglin, Moonbase Holdings, LLC, Robert "Azzmador" Ray, Nathan Damigo, Elliott Kline a/k/a Eli Mosley, Identity Evropa, Matthew Heimbach, Matthew Parrott a/k/a David Matthew Parrott, Traditionalist Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, National Socialist Movement, Nationalist Front, Augustus Sol Invictus, Fraternal Order of the Alt-Knights, Loyal White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan a/k/a East Coast Knights of the True Invisible Empire.

16.     In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original. In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

17.     A draft of a non-identical copy is considered a separate document.

18.     Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

19.     Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors, and franchisees; each other person directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of or for any of them; and any other person acting for or on behalf of any of them.

20.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

21.     Pursuant to Fed. R. Civ. P. 34(b), documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

22.     Documents and communications shall be produced in a manner that identifies all metadata, including but not limited to the sender, recipient, date, time, and location, when available.

23.     All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

24.     Documents attached to each other should not be separated.

25.     If identical copies of a document are in the possession, custody, or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

26.     In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

27.     If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

28.     Produce all responsive documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or persons under your control, including your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

29.     If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control,

6

state the date and manner of its disposition and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, provide the date when each such document was lost or destroyed, and the role or title of the individual who authorized or requested the destruction of the document.

30.     Unless specified otherwise in a particular Request, the time period to which these Requests refer is from January 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

31.     These Requests are continuing and require supplemental responses in accordance with the requirements of Fed. R. Civ. P. 26(e).

32.     The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

1.     All documents concerning the above-captioned litigation.

2.     All documents and communications concerning any rally or event on August 11 or 12, 2017, in Charlottesville, Virginia.

3.     All documents concerning and all communications concerning or with any Plaintiff

7

or Defendant in this litigation from January 1, 2017, to the present.

        4.      Documents and communications sufficient to identify (a) your accommodations on the nights of August 11 and 12, 2017; (b) your transportation to and from any rally or event on August 11 and 12, 2017, in Charlottesville, Virginia; and (c) who arranged for or paid for such accommodation and transportation.

Dated: June 15, 2020
      Cincinnati, Ohio

                                        /s/ James E. Kolenich
                                        James E. Kolenich (*pro hac vice*)
                                        KOLENICH LAW OFFICE
                                        9435 Waterstone Blvd. #140
                                        Cincinnati, OH 45249
                                        Telephone: (513) 444-2150
                                        JEK318@GMAIL.com

                                        *Attorney for Defendants Kessler, Damigo, Parrott*
                                        *Identity Evropa and Traditionalist Workers Party*

## <u>Text of Federal Rule of Civil Procedure 45(d) and (e)</u>

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1)     *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2)     *Command to Produce Materials or Permit Inspection.*

(A)     *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)     *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)     At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)      These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)     *Quashing or Modifying a Subpoena.*

(A)     *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)     fails to allow a reasonable time to comply;

(ii)     requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)     subjects a person to undue burden.

(B)     *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)     disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)     disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C)     *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)     ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(l)     *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)     *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)     *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)     *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D)     *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting

party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may
specify conditions for the discovery.

(2)      *Claiming Privilege or Protection.*

(A)      *Information Withheld.* A person withholding subpoenaed information under
a claim that it is privileged or subject to protection as trial-preparation material must:

(i)      expressly make the claim; and

(ii)      describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself privileged or
protected, will enable the parties to assess the claim.

(B)      *Information Produced.* If information produced in response to a subpoena
is subject to a claim of privilege or of protection as trial-preparation material, the person
making the claim may notify any party that received the information of the claim and the
basis for it. After being notified, a party must promptly return, sequester, or destroy the
specified information and any copies it has; must not use or disclose the information until
the claim is resolved; must take reasonable steps to retrieve the information if the party
disclosed it before being notified; and may promptly present the information under seal to
the court for the district where compliance is required for a determination of the claim. The
person who produced the information must preserve the information until the claim is
resolved.

# Attachment B



U.S. DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
01/03/2018

JULIA C. DUDLEY, CLERK
BY: /s/ Jones
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, JOHN DOE, JANE DOE 1, JANE
DOE 2, and JANE DOE 3,

                  Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSELY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                  Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

## [PROPOSED] ORDER FOR THE PRODUCTION OF DOCUMENTS AND EXCHANGE OF CONFIDENTIAL INFORMATION

With the Parties, by and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED as follows:

1) <u>Scope of Order</u> – This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Discovery").

2) <u>Designation of Discovery</u> – Either party may designate Discovery, whether written, documentary, or testamentary, in connection with this action as "confidential" or "highly confidential" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3) <u>Definitions</u> – As used herein:

    a)    "Confidential Information" shall mean all Discovery, and all information contained therein, designated as confidential. A Producing Party may designate as Confidential any information that the Producing Party, in good faith, believes should be protected from public disclosure.

    b)    "Highly Confidential Information" shall mean all Discovery, and all information contained therein, designated as highly confidential. A Producing Party may designate as Highly Confidential any information including, but not limited to, personal information such as Social Security numbers, home addresses, telephone numbers, tax returns, non-party surnames and medical, investment, credit and banking information of any person, that the Producing Party, in good faith,

believes should be protected from disclosure to those not permitted to receive Highly Confidential Information.

c)  "Producing Party" shall mean the parties to this action and any third parties producing Confidential or Highly Confidential Information, or the party asserting the confidentiality privilege, as the case may be.

d)  "Receiving Party" shall mean the party to this action and/or any non-party receiving Confidential or Highly Confidential Information.

4)  <u>Disclosure Prohibited</u> – Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a)  Parties and personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein who have been advised of their obligations hereunder and have first executed the undertaking contained in Exhibit A to this Stipulation;

b)  counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c)  expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, and who have been advised by counsel of their obligations

3

hereunder and have first executed the undertaking contained in Exhibit A to this Stipulation;

d)    trial or deposition witnesses;

e)    stenographers and videographers used at a deposition and who have been advised by counsel of their obligations hereunder;

f)    the Court and Court personnel; and

g)    any other person agreed to in writing by the Parties.

5)    <u>Treatment of Highly Confidential Information</u> – Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to those identified in sub-paragraphs 4(b), (c), (e), (f), and (g), as well as to trial or deposition witnesses if that witness sent, received, authored, or viewed the document or information outside the context of this litigation. For the avoidance of doubt, any person or entity identified in sub-paragraphs 4(c), 4(e), and 4(g) receiving Highly Confidential Information shall first execute the undertaking contained in Exhibit A to this Stipulation.

6)    <u>Retention of Confidentiality Agreements</u> – Outside counsel for the Party that obtains the signed undertaking contained in Exhibit A shall retain them for six (6) months following the final termination of this litigation, including any appeals, and shall make them available to other Parties upon good cause shown.

7)    <u>Storage of Confidential Information</u> – Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential or Highly Confidential Information. A person with custody of documents designed Confidential or Highly Confidential

shall maintain them in a manner that limits access to those persons entitled under this Stipulation
to examine the documents so designated.

8)      <u>Filing Under Seal</u> – Any Party wishing to file Confidential or Highly Confidential
Information with the Court shall, wherever possible, alert the Producing Party to the specific
documents or information they wish to file sufficiently in advance of the filing to permit the
Producing Party to file a motion to seal in accordance with the Court's Local Rules, Title I, Rule
9 ("Local Rule 9"). Upon being informed that the Producing Party will file such a motion, the
filing party shall file the relevant documents and information under seal. Where such advance
notice is not possible, the filing party will file any Confidential or Highly Confidential
Information under seal and will also file a motion to seal in accordance with Local Rule 9
requesting that the document be held under seal until such time as the Producing Party can file a
motion to seal, which the Producing Party shall do within seven days.

9)      <u>Limitations on Use</u> – Confidential and Highly Confidential Information shall be utilized
by the Receiving Party and its counsel only for purposes of this action, including any appeals,
and for no other purposes.

10)     <u>Presumption of Confidentiality</u> – All testimony shall presumptively be treated as
Confidential Information and subject to this Stipulation during the testimony and for a period of
thirty (30) days after a transcript of said testimony is received by counsel for each of the parties.
At or before the end of such thirty day period, the testimony shall be classified appropriately.

11)     <u>Restrictions of Use of Confidential Information</u> – Any person receiving Confidential or
Highly Confidential Information shall not reveal or discuss such information to or with any
person not entitled to receive such information under the terms hereof.

12)     Inadvertent Misdesignation – Any document or information that may contain Confidential or Highly Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as confidential or highly confidential within a reasonable time following the discovery that the document or information has been produced without such designation.

13)     Extracts and Summaries – Extracts and summaries of Confidential or Highly Confidential Information shall also be treated as confidential or highly confidential in accordance with the provisions of this Stipulation.

14)     No Waiver of Confidentiality – The production or disclosure of Confidential or Highly Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15)     Duration – The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

16)     No Waiver of Privilege – Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure. In the event of an inadvertent disclosure of allegedly privileged information, the Producing Party may provide notice in writing to the Receiving Party or Parties advising of the inadvertent disclosure, requesting return of the allegedly privileged information, and asserting the basis of the clawback request. Upon such notice, the Receiving Party or Parties shall make no further use of the allegedly privileged information, shall immediately segregate the information in a manner that will prevent any

further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of receiving the notice of inadvertent disclosure, the Receiving Party shall return all allegedly privileged information in its possession, custody, or control, or shall provide written confirmation that such information has been deleted. Within twenty (20) days of providing the notice of inadvertent disclosure, or as otherwise agreed, the Producing Party shall provide the Receiving Party or parties with a privilege log identifying the allegedly privileged information that was inadvertently disclosed and the asserted grounds for privilege, as required by the Federal Rules of Civil Procedure and applicable court rules.

17)   <u>Subpoenas in Other Actions</u> – In the event a Receiving Party having possession, custody, or control of any Confidential or Highly Confidential Information produced in this action received a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the Producing Party and shall furnish those attorneys with a copy of said subpoena or other process or order. The Receiving Party shall not produce the requested Confidential or Highly Confidential Information unless and until a court of competent jurisdiction so directs, except if the Producing Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Confidential or Highly Confidential Information prior to the date designated for production of the subpoenaed information, in which event the Receiving Party may produce on the designated production date, but no earlier. The purpose of requiring the Receiving Party to wait until the designated production date for producing the Confidential or Highly Confidential Information is to afford the Producing Party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the

discovery request, subpoena, or order is issued. The Producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Producing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

18) <u>Return or Destruction of Confidential Information</u> – Within sixty (60) days after the final termination of this action by settlement or exhaustion of all motions or appeals, all Confidential or Highly Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, except that internal counsel and internal staff shall not retain any copies or summaries of Highly Confidential Information. This stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

19) <u>Modification</u> – This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from, or modification of, any of its

provisions, or to seek or agree to different or additional protection for any particular material or infom1ation.

20)    <u>Headings</u> - The headings herein are provided only for the convenience of the Paiiies, and are not intended to define or limit the scope of the express tem1S of this Stipulation.

Dated: 1/3/18

**SOORDERED**

Hon. Joel C. Hoppe, M.J.

9

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, JOHN DOE, JANE DOE 1, JANE
DOE 2, and JANE DOE 3,

                       Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSELY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS OF
THE KU KLUX KLAN, and EAST COAST
KNIGHTS OF THE KU KLUX KLAN a/k/a
EAST COAST KNIGHTS OF THE TRUE
INVISIBLE EMPIRE,

                       Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**EXHIBIT A: AGREEMENT TO
RESPECT CONFIDENTIAL
INFORMATION**

I,_____, state that:

    1.    My address is_____.

    2.    My present employer is _____.

    3.    My present occupation or job description is_____.

4.      I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled Action on _____.

5.      I have carefully read and understand the provisions of the Order.

6.      I will comply with all of the provisions of the Order.

7.      I will hold in confidence, will not disclose to any one not qualified under the Order, and will use only for purposes of this litigation, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is disclosed to me.

8.      Within sixty (60) days after conclusion of this litigation, or as otherwise agreed, I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Action.


Signature: _____

Date: _____

2