Right" activists are planning to rally in Lee Park of your city to peacefully protest the planned removal of Confederate monuments located there, and violent leftists are planning to disrupt the rally for which event-organizer Jason Kessler procured a permit. When Kessler recently informed governmental actors—including but not limited to the Charlottesville Police Department—that interlopers planned to disrupt the event, it was relayed to Kessler that law enforcement agents would not intervene should left-wing counterprotesters attack or try to prevent the Alt-Right demonstrators from rallying at the location provided in the issued permit. To Kessler's understanding, left-wing agitators plans to arrive to the location of the planned Alt-Right rally the night before it is scheduled to occur and will stay there in attempt to prevent the Alt-Right activists from peacefully assembling there on August 12.

The police cannot and must not stand idly by if interlopers attempt to shut down the Alt-Right rally by improperly seizing control of the venue or by intimidating or physically attacking the Alt-Right activists. Failure of the police to act in good-faith to maintain order and to safeguard the First Amendment rights of the participants of the Alt-Right rally amounts to a due process violation of the most basic sort.

The leftists who plan to disrupt Kessler's rally are doing nothing more than using a "heckler's veto" to suppress political viewpoints that they find to be objectionable, and it would be offensive to the free speech rights of the Alt-Right activists for the police to sanction this misconduct by failing to act to maintain order. See *Bible Believers v Wayne County*, 805 F.3d 228 (6th Cir. 2015) (stating that a heckler's veto situation "occurs when police silence a speaker to appease the crowd and stave off a potentially violent altercation.").

In *Bible Believers*, the United States Court of Appeals for the Sixth Circuit—sitting *en banc*—noted that "officers have a duty to protect speakers * * * from the reactions of hostile audiences." *Bible Believers*, 805 F.3d at 236-237 (citing *Glasson v. City of Louisville*, 518 F.2d 899, 906 (6th Cir. 1975) ("A police officer has the duty not to ratify and effectuate a heckler's veto nor may he join a moiling mob intent on suppressing ideas. Instead, he must take reasonable action to protect from violence persons exercising their constitutional rights."). Said the Sixth Circuit, "If the officers allow a hostile audience to silence a speaker, the officers themselves effectively silence a speaker and effectuate a 'heckler's veto'; the First Amendment 'simply does not countenance this scenario.'" *Bible Believers*, 805 F.3d at 237 (citing *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 134 (1992); *Boos v. Barry*, 485 U.S. 312, 320-321 (1998); *Smith v. Ross*, 482 F.2d 33, 37 (6th Cir. 1973) ("[S]tate officials are not entitled to rely on community hostility as an excuse not to protect, by inaction or affirmative conduct, the exercise of fundamental rights.")).

It is "a police officer's * * * duty * * * to enforce laws already enacted and to make arrests * * * for conduct already made criminal." *Bible Believers*, 805 F.3d at 251 (quoting *Gregory v. City of Chicago*, 394 U.S. 111, 120 (1969)). "An officer [cannot] sit idly on the sidelines—watching as the crowd imposes, through violence, a tyrannical majoritarian rule[.]" *Bible Believers*, 805 F.3d at 253.

If police officers of the City of Charlottesville Police Department sit idly by and permit violent leftists to usurp the free speech rights of the Alt-Right activists at the direction of government leaders, then the police officers and government leaders can be sued in their official and personal capacities via 42 U.S.C. § 1983. The leftists, too, can be sued for tortiously interfering with the free rights of the Alt-Right activists and engaging in a civil conspiracy in relation thereto. See *McCalden v. California Library Assoc.*, 955 F.2d 1214 (9th Cir. 1990) (holding that the Simon Wisenthal Center's misconduct of using

CONFIDENTIAL                                                                                                                City_00000341