IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH SINES, et al,       Plaintiffs, | ) ) ) | |
| v. | ) ) ) ) | Civil Action No. 3:17-cv-00072 |
| JASON KESSLER, et al,       Defendants. | ) ) | |

## UNITED STATES' OPPOSITION TO MOTION TO COMPEL

The United States advises the Court it has reached a resolution that renders moot Plaintiffs' Motion to Compel Documents from the United States Department of Justice. Mot. (July 24, 2020), ECF No. 816.

Although the United States denied Plaintiffs' initial request in 2019, as specified in the attached letter August 7, 2020 (Exhibit 1), the United States has issued a final response to Plaintiffs' modified request authorizing the disclosure of certain information and testimony, as allowed under applicable regulations. 28 C.F.R. § 16.21, *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951). As explained in the attached decision, while disclosure of materials collected in federal criminal investigations to private civil litigants is rare, after careful consideration, the United States determined it was appropriate under these particular and narrow circumstances to disclose certain of the requested documents, and only under a protective order in compliance with the Privacy Act, 5 U.S.C. § 552a. Ex. 1 at 1. As further stated in the attached decision, Plaintiffs have agreed to withdraw their request for recordings of calls from the Bureau of Prisons and for certain information on James Fields' personal computers. *Id.* Finally, although the Department typically would limit testimony to a written affidavit where "feasible," under the

1

unique circumstances of this case, including the limitation of the requested testimony to matters to which he has already testified in state court, the United States has authorized FBI Staff Operations Specialist Brant Meyer to testify solely about the topics on which he testified at Fields's criminal trial and only insofar as his testimony will have minimal impact on his federal law enforcement duties. *See id.* at 1-2.

An action is moot and must be dismissed for lack of jurisdiction where there is "no reasonable expectation" the issue will arise again. *Telco Commc'ns, Inc. v. Carbaugh*, 885 F.2d 1225, 1231 (4th Cir. 1989). As the United States has issued a final decision in response to the Plaintiffs' updated request for materials and information, and will be producing information, it considers this matter finally resolved. Plaintiffs' counsel indicates they will consider the *Touhy* decision letter and this motion and respond in seven days.

        Respectfully submitted,

        DANIEL P. BUBAR
        Attorney for the United States,
        Acting Under Authority Conferred by
        28 U.S.C. § 515.

Date: August 7, 2020        */s/ Sara Bugbee Winn*
        Sara Bugbee Winn
        Assistant United States Attorney
        Virginia State Bar No. #35924
        P. O. Box 1709
        Roanoke, VA  24008-1709
        Telephone: (540) 857-2250
        Facsimile: (540) 857-2283
        E-mail: Sara.Winn@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I caused a true copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sara Bugbee Winn*
Sara Bugbee Winn
Assistant United States Attorney