

**U. S. Department of Justice**

*United States Attorney*
*Western District of Virginia*

*Daniel P. Bubar*
*First Assistant United States Attorney*

*Street Address (overnight mail)*
*310 First Street, SW, Room 906*
*Roanoke, Virginia 24011*

*Mailing Address*
*P. O. Box 1709*
*Roanoke, Virginia 24008-1709*
*Telephone: 540-857-2250*
*Fax: 540-857-2614*

August 7, 2020

David E. Mills, Esquire
COOLEY LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004

Karen L. Dunn, Esquire
PAUL WEISS RIFKIND
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047

J. Benjamin Rottenborn, Esquire
Woods Rogers PLC
10 South Jefferson St.
Suite 1400
Roanoke, VA 24011

Jessica E. Phillips, Esquire
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005

Re: *Elizabeth Sines, et al v. Jason Kessler, et al.,* Case No. 3:17-cv-00072 (W.D. Va.)
    Subpoena for federal government information

Dear Counsel:

This responds to your updated *Touhy* request for information the Federal Bureau of Investigation collected during the investigation and prosecution of James Fields related to the Unite the Right rally in Charlottesville, Virginia held on August 11-12, 2017.

Your initial request received September 17, 2019, was denied on October 16, 2019. Following the denial of your initial request, you agreed to modify the request as discussed below. Accordingly, I have reviewed your updated request pursuant to the Department of Justice's regulations concerning production or disclosure of material contained in the Department's files in a state proceeding in which the United States is not a party, 28 C.F.R. §§ 16.21, *et seq.* As our office has explained in our discussions, I cannot authorize release of information that, among other things, could confirm or deny the existence of on-going investigations, that may violate Rule 6(e)

Exhibit 1

August 7, 2020
Page 2

of the Federal Rules of Criminal Procedure (the grand jury secrecy rule) as applied by the Fourth Circuit Court of Appeals, or that could interfere with law enforcement proceedings or disclose investigative techniques and procedures that might impair an investigation. The United States has an interest in protecting records compiled for law enforcement purposes and preventing disclosure of such records in private civil litigation. The United States does not assist or support one side in private litigation over another side even if the issues in the federal investigation and prosecution overlap with the civil litigation. Finally, federal government agencies have limited resources and it is against the public's best interest for agency employees to expend significant resources collecting, reviewing, processing, and producing information compiled during a criminal investigation if those efforts unreasonably take away from conducting other federal government business.

Recognizing this, and after considerable negotiations with our office, you narrowed your request to the following:

> 1. Documents on Fields's computer(s) and phone(s), which the DOJ confiscated after Fields's arrest, and thus it has sole possession, custody, and control of any documents on those devices;
>
> 2. Documents from Fields's social media accounts (*i.e.*, Twitter, Instagram, Facebook, etc.) and email, which Fields refuses to produce, provide access to, or consent to third parties producing;
>
> 3. Recordings of Fields's phone calls made while in federal custody. The Bureau of Prisons, a component of the DOJ, is the only source for these calls; and
>
> 4. Deposition testimony of Meyer. Plaintiffs would limit their questioning to Meyer to authenticating documents and to topics on which he testified at Fields's criminal trial.

Mot. Compel (July 24, 2020) at 5, ECF No. 816.

After careful review of your request, I have concluded it would not be adverse to the interests of the United States to produce certain of the requested information. I note you are no longer requesting – and we are not producing – any Federal Bureau of Investigation reports, summaries, analyses, or work product. Similarly, you are not requesting, and, indeed, we will not producing, any recordings of phone calls from the Bureau of Prisons. With respect to the remaining requests for information, you have made a compelling showing that some of this information would be relevant and genuinely necessary to the proceedings, and not available from any other source. In addition, producing these documents would not require agency employees to expend significant resources or otherwise unduly interfere with the orderly conduct of government business.

As such, I am authorizing production of information as follows:

August 7, 2020
Page 3

1. Raw data obtained from Fields's cell phone. The photographs, videos, text messages, etc. obtained from Fields' cell phone will be produced because the government is in possession of the phone, and you cannot obtain the raw data from any other source. The phone itself, however, will not be produced.

2. Documents, photographs, and videos obtained from Fields's email account providers (Google and Outlook) and social media account providers (Facebook, Instagram, Discord, Skype, Steam, and Twitter). The Department generally requires that a requester demonstrate a reasonable effort to obtain the requested material from other sources. Although in general it may be possible to obtain some or all of this type of material from independent sources, under the unique circumstances of this case I have determined that you have made a reasonable effort to obtain this information from other sources and have been unable to obtain it. For instance, you have stated that you sought this information directly from Fields, who represented that he did not have access to it. Additionally, you have made a compelling showing that even if you could obtain some of this information directly from Fields, you could not obtain through him any of the information he deleted or changed. Therefore, we will produce these requested materials.

3. Information obtained from Fields' home computers. We will produce the documents we determined are relevant to the issues involved in your litigation, and we do so because they are unique documents you cannot obtain from any other source. The *Touhy* regulations do not authorize disclosure of any other documents or information on Fields' home computers because they would be irrelevant to your litigation and subject to executive privileges, as we have discussed and agreed with you.

4. Recordings of jail calls from the Bureau of Prisons. I understand that you have withdrawn your request for jail calls from the Bureau of Prisons. In the event you decide in the future to seek such calls, please note that submitting this request in the Western District of Virginia fails to comply with the Department's *Touhy* regulations, which require that a request be submitted in the appropriate jurisdiction. In this case the appropriate jurisdiction would be the Northern District of West Virginia, based upon Fields' incarceration at FCI Hazelton, which is located in Bruceton Mills, West Virginia. *See* 28 C.F.R. § 16.22(b).

In compliance with the Privacy Act, 5 USC § 552a, these documents will be produced to you under a protective order substantially similar to the attached sample order. The information shall be used solely for the purposes of litigating or resolving this litigation and for no other purpose whatsoever. It shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of the Protective Order or as provided by other court order.

Finally, although the Department typically would limit testimony to a written affidavit where "feasible," under the unique circumstances of this case, including the limitation of your

August 7, 2020
Page 4

request to matters to which FBI Staff Operations Specialist Brant Meyer has already testified in state court, I have concluded it would not be adverse to the interests of the United States to authorize Staff Operations Specialist Meyer to testify as requested. *See* 28 C.F.R. § 16.22(c). Accordingly, by copy of this letter, I authorize Staff Operations Specialist Meyer to appear and testify solely about the topics on which he testified at Fields's criminal trial. Staff Operations Specialist Meyer is authorized to testify only insofar as his testimony will have minimal impact on his federal law enforcement duties, and accordingly I require you to coordinate with Staff Operations Specialist Meyer and FBI counsel to more precisely define the time he will be required to appear in order to minimize the impact this appearance may have on his federal law enforcement duties. Staff Operations Specialist Meyer is not authorized to testify beyond the scope of his testimony in Fields' criminal trial and is not allowed to release information that would confirm or deny the existence of on-going investigations, that may violate Rule 6(e) of the Federal Rules of Criminal Procedure (the grand jury secrecy rule), or that could interfere with law enforcement proceedings or disclose investigative techniques and procedures which might impair an investigation. Please be aware that Staff Operations Specialist Meyer has no discretion to disclose official information and is bound to follow the lawful orders of the Attorney General or his designee. 28 C.F.R. § 16.21, *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951). Should the examination of Staff Operations Specialist Meyer extend beyond the scope of this authorization, he has been directed to respectfully decline to answer.

If you have any questions, please call Assistant United States Attorney Sara Bugbee Winn at (540) 857-2913.

Very truly yours,

Daniel P. Bubar
Attorney for the United States
Under Authority Conferred by 28 USC. § 515

Cc: Amber Richer, Esq., DOJ Civ. Div.
Sara Bugbee Winn, Esq., AUSA
Kartic Padmanabhan, Esq., FBI
Michael Schuler, Esq., FBI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| ELIZABETH SINES, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:17-cv-00072 |
| v. | ) |
| | ) |
| | ) |
| JASON KESSLER, et al, | ) |
| | ) |
| Defendants. | ) |

**AGREED PRIVACY ACT PROTECTIVE ORDER**

Pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon the request of Plaintiff, for the purpose of assuring the confidentiality of certain information that may be disclosed by the Federal Bureau of Investigation (FBI) or United States Attorney's Office for the Western District of Virginia (USAO-WDVA) in the course of discovery proceedings in the above-captioned lawsuit.

Good cause exists for the entry of this Protective Order because documents or information may be disclosed that are maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), or otherwise contain sensitive personal information, including personal identifiable information (PII), such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) is appropriate. Accordingly, it is HEREBY ORDERED:

1.  Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes FBI and USAO-WDVA to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Protected Information") to the parties, their respective counsel, and the Court. However, nothing in this Protective Order

requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

2. All documents or information disclosed in this action containing Protected Information are hereby designated as confidential. Immediately upon receipt of the information from the FBI or the USAO-WDVA, counsel for Plaintiffs shall mark each document and thing "CONFIDENTIAL – SUBJECT TO PRIVACY ACT PROTECTIVE ORDER" or other similar marking.

3. Information designated as Protected Information may be disclosed only to the following persons:

(a) the parties, counsel for the parties and members of their support staff with an appropriate need to know, attorneys and staff employed by the USAO-WDVA, and the FBI;

(b) consultants or experts retained for this action by the parties with an appropriate need to know;

(c) the Court and its personnel, court reporters or stenographers engaged to record court proceedings and/or deposition testimony;

(d) such other persons as hereafter may be authorized by the Court upon motion of either party.

4. All persons listed in Paragraph 3 to whom Protected Information is disclosed are prohibited from disclosing to any person other than those listed in paragraph 3 any information designated as Protected Information, except as provided in this Protective Order.

5. All Protected Information produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

6. If any party wishes to file with the Court a document containing Protected Information in connection with a motion, brief, or other submission to the Court, that party shall

make an application with the Court requesting that the material be filed and kept under seal, or provide the Protected Information to the Court *in camera*.

7. All documents and information disclosed pursuant to this Protective Order shall be returned to the FBI or USAO-WDVA or destroyed within thirty days of the final disposition of this action, including appeals.

8. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party, the FBI, or the USAO-WDVA, including any claim of privilege or other protection from disclosure. Nor shall this Protective Order affect the right of either party, the FBI, or the USAO-WDVA to seek additional protection against the disclosure of any documents or materials.

9. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

ENTERED this _____ day of _____, 2020.

_____
JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE