IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES** | : | Case No.  3:17-cv-00072 |
| Plaintiff | : | **Judge MOON**<br>**Mag. Judge Hoppe** |
| | : | |
| -v- | | |
| **JASON KESSLER et al.** | : | |
| | : | |
| Defendants | | |

---

### MOTION TO EXCLUDE EXPERT TESTIMONY
---

Defendants Jason Kessler, Nathan Damigo, Matthew Parrott, Identity Evropa, and Traditionalist Workers Party (the "Defendants") move the Court to exclude or limit the expert testimony of Plaintiffs' experts Peter Simi, Kathleen Blee, Deborah Lipstadt, and Stephen J. Fenton.

**Legal Standard**

To be admissible, expert testimony must, *inter alia*, "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Expert testimony "is properly excluded when it is not needed to clarify facts and issues of common understanding which [the trier of fact is] able to comprehend." *Hibiscus Associates Ltd. v. Bd.*

1

*of Trustees of Policemen and Firemen Retirement Sys. of City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995). Expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. 4 *Weinstein's Federal Evidence* § 702.03[2] [a]).

An expert witness may not opine regarding another witness' credibility. *United States v. Cecil,* 836 F.2d 1431, 1441 (4th Cir. 1988). "[A]n expert's opinion that another witness is lying or telling the truth is ordinarily inadmissible pursuant to Rule 702 because the opinion exceeds the scope of the expert's specialized knowledge and therefore merely informs the jury that it should reach a particular conclusion." *United States v. Lee*, 230 F.3d 1355, *2 (4th Cir. 2000). "When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Chapman*, 209 F. App'x 253, 269 (4th Cir. 2006). There must be "an appropriate 'fit' with respect to the offered opinion and the facts of the case." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591 (1993).

"Unfounded speculation, even by an expert witness, is inadmissible under Rule 702 of the Federal Rules of Evidence." *Grottoes Pallet Co., Inc. v. Graham Packaging Plastic Prod., Inc.*, No. 5:15-CV-00017, 2016 WL 93869, *12 (W.D. Va. Jan. 7, 2016); *see also Tyger Const. Co. Inc. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994) ("expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record").

Otherwise admissible expert testimony may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Professors Peter Simi and Kathleen Blee**

The expert report of Simi and Blee should be excluded in it's entirety and Simi and Blee should be precluded from testifying. Their report is merely an elongated attempt to opine on another's credibility and tell the jury what result it should reach.

Specifically, the report posits the existence of a nationwide "White Supremacist Movement" with it's own special language and processes. The major "opinions" proffered by Simi and Blee include that "the Defendants" planned violence on Discord[1], recruited persons who were "willing to utilize violence"[2], and that "Defendants utilized strategies of deniability common to" the alleged nationwide white supremacist movement.[3]

Simi and Blee are attempting to tell the jury that Defendants' denial of planning violence on Discord or anywhere else, or their assertions that they reasonably believed people were joking when using certain rhetoric, are not be believed due the opinions expressed in the report. Worse, the Professors cite several Discord or other social media posts of various Defendants and explicitly tell the jury that these posts establish the planning of violence on August 11, or 12 and that Defendants' denials of a conspiracy or pre-existing violent plan are, more or less, scientifically established to be not credible.[4]

As such, the Simi and Blee expert report violates the legal prohibition on telling the jury what to think and opining on witness credibility. It is, therefore "unfairly prejudicial" under FRE 403, should be excluded in it's entirety, and the professors precluded from testifying, at least in the manner they have expressed in their expert report.

---

[1] Simi/Blee Report at 57-62
[2] Id.
[3] Id. at p. 62.
[4] Id. at 63 "In our opinion…Defendants…utilized the intentional use of violence…and a coordinated strategy to obfuscate their aims.."

**Stephen J. Fenton**

Mr. Fenton is a "Principal Engineer" who compiled a detailed and interesting reconstruction of the James Fields car attack upon several of the Plaintiffs. As is well known to the Court, defendant Fields has already been convicted of murder in two different Courts as a result of his actions on August 12, 2017. Of the essence of a conviction for murder is a legal finding of a willful and legally unjustified physical attack on the victim.

There is no doubt Fields was convicted of murder. There is no doubt the fact of these convictions will be admissible as evidence at trial, at least if Fields denies the murdering of Heather Heyer and thereby violently assaulting several of the plaintiffs. FRE 609. Moreover, several of the party plaintiffs will necessarily be called to testify regarding the car attack and their injuries suffered.

Therefore, the Fenton report and testimony will improperly create undue delay by presenting needlessly cumulative evidence. FRE 403. Accordingly, the expert report of Stephen J. Fenton should be excluded, and Fenton should not be permitted to testify.

**Deborah Lipstadt**

Professor Lipstadt holds a professorship in "Modern Jewish History" and earned her Ph.D in 1976. Her report engages in an elongated discussion of medieval, rather, than modern history with a notable emphasis on unfavorably describing medieval Roman Catholics.[5]

This portion of the Lipstadt report should be excluded and the professor barred from including it in her testimony. It has no "fit" with the actual issues in the Sines case and will therefore not aid the jurors in understanding the evidence or determining a fact in issue. More specifically, no Defendant has claimed to be a Roman Catholic, nor that their alleged actions were mandated or supported by the Catholic religion.

---

[5] Lipstadt report at pgs. 8-10.

Accordingly, Professor Lipstadt's presentation regarding Roman Catholicism is utterly irrelevant and must be excluded.

Respectfully Submitted,

s/ Elmer Woodard_____
Elmer Woodard (VSB No. 27734)
5661 US Hwy 29
Blairs, VA 24527
Phone: 434-878-3422
Email : isuecrooks@comcast.net
ATTORNEY FOR DEFENDANTS

s/ JAMES E. KOLENICH (PHV)
JAMES E. KOLENICH

KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (Fax)
JEK318@gmail.com
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify the above was served on August 7, 2020 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley eli.f.mosley@gmail.com deplorabletruth@gmail.com
Matthew Heimbach matthew.w.heimbach@gmail.com
Christopher Cantwell christopher.cantwell@gmail.com
Vanguard America c/o Dillon Hopper dillon_hopper@protonmail.com
Robert Azzmador Ray azzmador@gmail.com
Richard Spencer richardbspencer@gmail.com

s/ James E. Kolenich
James E. Kolenich