# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

### Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

AUG 1 7 2020

JULIA C. DUDLEY CLERK
BY: _____
DEPUTY CLERK

Elizabeth Sines et al

v.

Jason Kessler et al

### Civil Action No. 3:17-cv-00072-NKM

## DEFENDANT CHRISTOPHER CANTWELL'S MOTION FOR ACCOMODATIONS

### Circumstances

As this Court has been made aware, I was arrested in January of this year, and held without bail pending trial. The COVID-19 pandemic has both delayed that trial, and altered proceedures at the Strafford County House of Corrections where I am being detained, so as to severely limit my access to the resources necessary to meaningfully participate in both my criminal defense, and in the matter here addressed. I write today to request this Court make reasonable accomodations to facilitate my participation in the matter here addressed, or to alleviate any such need by dismissing me from this suit.

I am recently in receipt of Plaintiffs' First Request for Admissions to Christopher Cantwell. The document, however, requests that Defendant Traditionalist Worker Party answer under oath these requests. I am not a member or representative of the Traditionalist Worker Party, and as such am not in any position to answer according to these instructions.

Even if this is a mere typographical error, and not another fraud upon this Court designed to falsely implicate me as a member of an organization I am not a member of, I would still request more time to respond to these requests upon issuance of that clarification.

My criminal trial was originally scheduled for March 4th of 2020. My public defenders requested that I consent to a continuance of 30 days, so that they could have time to prepare. I consequently signed a waiver of speedy trial for a period of 30 days, and my trial was rescheduled for April 7th. Unfortunately, the COVID-19 pandemic and resulting media panic, brought jury trials to a halt in New Hampshire before that date arrived. Since then, the Court has put off my trial for a month at a time until trials finally resumed in August.

We were set to begin trial this month, and then, after more than 6 months of my being detained, the prosecution happened to stumble upon thousands of pages of discovery material not

previously provided. Much of it exculpatory in nature. For me to receive this material, I had to agree to a protective order, so I cannot disclose much beyond that as to its contents. More to the point, this sudden dump of evidence had the impact of saddling me and my attorneys with a great deal of work to prepare for trial at the last minute, and we have thus requested another continuance. Jury selection is now scheduled to begin on September 15th.

With the very limited time afforded to me to use computer resources at the jail, I have 5 weeks from the time of this writing to sort through 40 terabytes of data, including hundreds of hours of audio recordings. This is already an impossible task, but I must use the little time I have to prepare for my criminal defense as much as possible, and being saddled with hundreds of questions by the Plaintiffs, many of which are about matters I believe they have no business asking about, after they have had three years prior to ask them, is a burden I simply cannot meet in the 30 days provided for in Rule 36. If the Court interprets my failure to meet this burden as an admission to everything alleged, the Court will be operating on information contrary to reality, and all subsequent decisions will be tainted thereby, thus working contrary to the interests of Justice.

My criminal trial should be concluded by early October, and I expect a verdict of Not Guilty to be returned. From there I will be released and can once again meaningfully participate in this process. At this point I have so much time served, that even a conviction on any of the lower counts of the indictment could see me released after trial. Unfortunately, I believe the matter before this Court is set to go to trial at about this time, and I will obviously not be prepared, having been prevented from preparing for the last seven months. Other than the Request for Admissions, the Plaintiffs have served me with nothing during my time here, despite my request in February to be served with their Second Amended Complaint and other reference material. The Court only began sending me its rulings in June of this year. I have seen no discovery, save for that which I have provided. I have not seen a single answer to a single question by a single Plaintiff.

**I would thus ask for 60 additional days to answer Plaintiffs' request for admissions, and a continuance of the trial until early 2021.**

I would also request reasonable accomodations be made, so that I might be able to participate meaningfully in the entirety of this process.

I do not believe the Plaintiffs are entitled to all of the information they are seeking. For example, they have asked about an email address which was not created until March of 2018, and social media accounts that have no connection to the Events in dispute. I believe that I have met all of my discovery obligations, but some of these requests for admission are obviously designed to imply that I have not, and Judge Hoppe's denial of the meritless motion to enjoin me implied that I still had outstanding discovery obligations.

While I was represented by counsel, I simply responded to the requests of my attorneys. I have

not read the discovery orders or confidentiality agreements involved in this case. I do not know what I am obligated to disclose beyond what I already have. I did not participate in a conspiracy to commit any crime, and the Plaintiffs know that I didn't. I thus have no evidence of this non-existent conspiracy. Since the Plaintiffs have been so plainly dishonest from the beginnings of this process, I am not at all inclined to take advice from them as to what my obligations are. They filed this entire suit knowing that it was a lie, and the material provided to them thus far in discovery has surely resolved any lingering doubts about what happened that weekend, but they continue to abuse process in obvious pursuit of unjust motives.

**For these reasons, in addition to the extra time to respond, I would ask to be provided with copies of all relevant orders and agreements regarding discovery in this case, and the Plaintiffs' Second Amended Complaint, and my objection to Plaintiffs' Motion of Evidentiary Sanctions against Defendant Kline.**

Alternatively, I would reiterate my repeated requests to be dismissed from this suit. The Plaintiffs are well aware that I did not participate in any conspiracy to commit racially motivated violence. The claims in their complaint are plainly contradicted by video and other evidence, my accusers in the Albemarle Country criminal matter have signed a mutual release of all claims to avoid liability for malicious prosecution, and no Plaintiff has even accused me of doing anything to them. I have done nothing to deserve this abuse, and I have nothing for them to take. This entire procedure has become little more than a weapon of intimidation and espionage for the Plaintiffs, and this abuse of process should have been ended in its entirety a long time ago.

Respectfully Submitted

Christopher Cantwell

FOREVER

USA

MANCHESTER NH 030

13 AUG 2020 PM 3 L

MAILED FROM
STRAFFORD COUNTY HOC
MAIL HAS NOT BEEN CENSORED

Office of the Clerk

United States District Court
Western District of Virginia
255 West Main Street
Room 304
Charlottesville, VA 22902

22902-505899

Christopher Cantwell
Booking #20-00348
Strafford County DOC
266 County Farm Rd
Dover, NH 03820



FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2013