CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

09/01/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
| Defendants. | ) | By:  Joel C. Hoppe |
| | ) | United States Magistrate Judge |

Before the Court is Defendants Jason Kessler, Nathan Damigo, Matthew Parrott, Identity
Evropa, and Traditionalist Workers Party's ("Defendants") Motion to Seal Exhibits or for
Alternative Relief ("Motion"). ECF No. 839. Addressing Defendants' previous motion to seal,
ECF No. 827, the Court temporarily sealed the expert reports, but directed that the expert reports
will be unsealed unless a party has moved that they remain sealed and demonstrated that they
meet the requirements for sealing set forth in Local Rule 9. ECF No. 831. In response to the
Order, Plaintiffs indicated that the expert reports do not contain any of their protected
information, but they asked for the expert reports to remain sealed for another week to allow any
third parties to request sealing. ECF No. 838. The Court granted that request, ECF No. 840, but
no third party has asked for the expert reports to remain sealed. In the Motion, Defendants cite
*Pittston Company v. United States*, 368 F.3d385, 406 (4th Cir. 2004), for the proposition that the
parties' agreement to produce documents under a protective order is sufficient to justify sealing
documents that a party files in the case, as long as no one objects. A key distinction between the
expert reports in this case and the documents in *Pittston*, is that no party in that case appears to
have questioned that the documents contained "'confidential, proprietary, commercial, or
financial data.'" *Id.* at 406. I agree that such information ordinarily should be filed under seal. In

1

this case, however, no one asserts that the expert reports contain confidential information, except for a de minimus amount of unspecified electronically stored information. *See* Defs.' Mot. 2 n.1.

In the absence of specific reasons that show sealing is appropriate, documents filed with the court as part of a substantive motion should be available for public viewing. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The Defendants' other suggested course also conflicts with the public's First Amendment right of access to court documents. *See* W.D. Va. Gen. R. 9, Commentary (discussing First Amendment and common law right of public access to court documents and citing *Va. Dep't of State Police*, 386 F.3d at 575).

Because no party or third-party has shown, or even suggested, that the expert reports contain confidential information that warrants sealing, the expert reports may not be filed under seal. *See Va. Dep't of State Police*, 386 F.3d at 575 ("The burden to overcome a First Amendment right of access rests on the party seeking to restrict access"). Accordingly, Defendants' Motion, ECF No. 839, is hereby DENIED. The expert reports shall be filed on the public docket.

It is so ORDERED.

ENTER: August 31, 2020

Joel C. Hoppe
U.S. Magistrate Judge

2