**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

                                          Plaintiffs,

v.

JASON KESSLER, et al.,

                                          Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

**DECLARATION OF ALAN LEVINE IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS HILL, TUBBS AND LEAGUE OF THE SOUTH'S MOTION FOR SUMMARY JUDGMENT**

I, Alan Levine, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am Special Counsel with the law firm Cooley LLP, one of the law firms representing Plaintiffs in this action. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.

**Plaintiffs' Document Productions**

2.      Attached as **Exhibit 1** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00003861). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

3.      Attached as **Exhibit 2** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00004000). This exhibit was produced by

Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

4.      Attached as **Exhibit 3** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00004260). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

5.      Attached as **Exhibit 4** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00044741-NOCUSTODIAN00044745). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

6.      Attached as **Exhibit 5** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00011504 & NOCUSTODIAN00011609). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

7.      Attached as **Exhibit 6** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00011907 & NOCUSTODIAN00012041). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

8.      Attached as **Exhibit 7** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00012526, NOCUSTODIAN00013310 & NOCUSTODIAN11522). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

9.      Attached as **Exhibit 8** is a true and correct copy of a document produced by Plaintiffs and Bates-stamped (NOCUSTODIAN00012682). This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

10.     Attached as **Exhibit 9** is a true and correct copy of Discord Chats. This exhibit is identified as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

11.     Attached as **Exhibit 10** is a true and correct copy of Discord Chats. This exhibit is identified "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

12.     Attached as **Exhibit 11** is a true and correct copy of a Discord Chat. This exhibit is identified as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

13.     Attached as **Exhibit 12** is a true and correct copy of a Discord Chat. This exhibit is identified "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

14.     Attached as **Exhibit 13** is a true and correct copy of a Discord Chat. This exhibit is identified as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

**<u>Defendant's Document Productions</u>**

15.     Attached as **Exhibit 14** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (JS00007637).

16.     Attached as **Exhibit 15** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (HIM_001_1_00000003).

17.     Attached as **Exhibit 16** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (HIM_001_1_00000034).

18.     Attached as **Exhibit 17** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JAS_006_1_00000020).

19.     Attached as **Exhibit 18** is a true and correct copy of a document produced by Defendant Elliot Kline and Bates-stamped (EK00010134).

20.     Attached as **Exhibit 19** are a true and correct copy of a document produced by Defendant League of the South and Bates-stamped (LOS00066780-LOS00066791). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

21.     Attached as **Exhibit 20** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00000016). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

22.     Attached as **Exhibit 21** are a true and correct copy of a document of a document produced by Defendant Michael Hill and Bates-stamped (MH00000135-MH00000142). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

23.     Attached as **Exhibit 22** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00013868). This exhibit was produced to

Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

24.     Attached as **Exhibit 23** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00014494-MH00014516). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

25.     Attached as **Exhibit 24** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00014517-MH00014519). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

26.     Attached as **Exhibit 25** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00014520-MH00014522). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

27.     Attached as **Exhibit 26** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00014556-MH00014557). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

28.     Attached as **Exhibit 27** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00014984). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

29.     Attached as **Exhibit 28** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00015502-MH00015505). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

30.     Attached as **Exhibit 29** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00015534). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

31.     Attached as **Exhibit 30** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00022155). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

32.     Attached as **Exhibit 31** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00026385). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

33.     Attached as **Exhibit 32** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00026423). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

34.     Attached as **Exhibit 33** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00026678-MH00026679). This exhibit was

produced to Plaintiffs as "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

35.    Attached as **Exhibit 34** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00027089). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

36.    Attached as **Exhibit 35** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00027375-MH00027377). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

37.    Attached as **Exhibit 36** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00027697-MH00027698). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

38.    Attached as **Exhibit 37** is a true and correct copy of a document produced by Defendant Michael Hill and Bates-stamped (MH00030593-MH00030596). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

39.    Attached as **Exhibit 38** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00051892). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

40.     Attached as **Exhibit 39** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00072011-JK00072012). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

41.     Attached as **Exhibit 40** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00077263). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

42.     Attached as **Exhibit 41** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00103324). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

43.     Attached as **Exhibit 42** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00107678). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

44.     Attached as **Exhibit 43** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00107786). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

45.     Attached as **Exhibit 44** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00109643). This exhibit was produced to

Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

46.     **Exhibit 45** was intentionally omitted.

47.     Attached as **Exhibit 46** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00112807). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

48.     Attached as **Exhibit 47** are true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00398901-JK00398923). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

49.     Attached as **Exhibit 48** are true and correct copies of excerpts of a document produced by Defendant Jason Kessler and Bates-stamped (JK00402666-JK00402686). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

50.     Attached as **Exhibit 49** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00402752-JK00402753). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

51.     Attached as **Exhibit 50** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00413451). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

52.     Attached as **Exhibit 51** are true and correct copies of excerpts of document produced by Defendant Jason Kessler and Bates-stamped (JK00451236-JK00451306).   This exhibit was produced to Plaintiff as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

53.     Attached as **Exhibit 52** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00451738-JK00451754). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

54.     Attached as **Exhibit 53** is a true and correct copy of a document produced by Defendant Jason and Bates-stamped (JK00649067-JK00649070). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

55.     Attached as **Exhibit 54** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00649143-JK00649167). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

56.     Attached as **Exhibit 55** is a true and correct copy of a document produced by Defendant Jason Kessler and Bates-stamped (JK00650839). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

57.     Attached as **Exhibit 56** are true and correct copies of excerpts of a document produced by Defendant Matthew Parrott and Bates-stamped (MP00086493-MP00086530). This

exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

**Third-Party Document Productions**

58.     Attached as **Exhibit 57** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (City_00000028). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

59.     Attached as **Exhibit 58** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (City_00000125). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

60.     Attached as **Exhibit 59** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (City_00033265). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

61.     Attached as **Exhibit 60** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (City_00033273). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

62.     Attached as **Exhibit 61** is a true and correct copy of a document produced by a third party in response to a subpoena issued by Plaintiffs and Bates-stamped (City_00033274). This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

**Deposition Testimony**

63.     Attached as **Exhibit 62** are true and correct copies of excerpts of the Deposition Transcript of Robert Isaacs ("Ike") ███████ on June 12, 2020 by Plaintiffs.  Mr. ██████ full deposition is cited as Exhibit 4 to Defendants Hill, Tubbs and League of the South's Motion for Summary Judgment ("Movant-Defendants Motion") (Docket Entry ("DE") 823-19).

64.     Attached as **Exhibit 63** are true and correct copies of excerpts of the 30(b)(6) Deposition Transcript of Burt ██████ taken on December 12, 2019 by Plaintiffs.

65.     Attached as **Exhibit 64** are true and correct copies of excerpts of the Deposition Transcript of Bradley ██████ taken on June 11, 2020 by Plaintiffs.  Mr. Griffin's full deposition is cited as Exhibit 5 to Movant-Defendants Motion (DE 823-20).

66.     Attached as **Exhibit 65** are true and correct copies of excerpts of the Deposition Transcript of Matthew Heimbach taken on June 3, 2020 by Plaintiffs.  This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

67.     Attached as **Exhibit 66** are true and correct copies of excerpts of the Deposition Transcript of James Michael Hill taken on June 18, 2020 by Plaintiffs.  Mr. Hill's full deposition transcript is cited as Exhibit 3 to Movant-Defendants Motion (DE 823-3).

68.     Attached as **Exhibit 67** are true and correct copies of excerpts of the 30(b)(6) Deposition Transcript of Dillon ██████ taken on July 7, 2020 by Plaintiffs.

69.     Attached as **Exhibit 68** are true and correct copies of excerpts of the Deposition Transcript of Jason Kessler taken on May 15, 2018 by Plaintiffs. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

70.     Attached as **Exhibit 69** are true and correct copies of excerpts of the Deposition Transcript of Matthew David Parrott taken on June 26, 2020 by Plaintiffs.

71.     Attached as **Exhibit 70** is a true and correct copies of excerpts of the Deposition Transcript of Vasillios ███ taken on July 22, 2020 by Plaintiffs.

72.     Attached as **Exhibit 71** are true and correct copies of excerpts of the Deposition Transcript of Richard Spencer taken on July 1, 2020 by Plaintiffs.

73.     Attached as **Exhibit 72** are true and correct copies of excerpts of the Deposition Transcript of Michael R. Tubbs taken on June 19, 2020 by Plaintiffs. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal. Mr. Tubb's full deposition is cited as Exhibit 3 to Movant-Defendants Motion (DE 823-17).

74.     Attached as **Exhibit 73** are true and correct copies of excerpts of the Deposition Transcript of Chelsea Alvarado taken on July 15, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

75.     Attached as **Exhibit 74** are true and correct copies of excerpts of the Deposition Transcript of Thomas Baker taken on July 17, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

76.     Attached as **Exhibit 75** are true and correct copies of excerpts of the Deposition Transcript of Plaintiff Doe taken on July 16, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

77.     Attached as **Exhibit 76** are true and correct copies of excerpts of the Deposition Transcript of Marcus Martin taken on July 14, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

78.     Attached as **Exhibit 77** are true and correct copies of excerpts of the Deposition Transcript of April Muniz taken on July 17, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

79.     Attached as **Exhibit 78** are true and correct copies of excerpts of the Deposition Transcript of Natalie Romero taken on July 14, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

80.     Attached as **Exhibit 79** are true and correct copies of excerpts of the Deposition Transcript of Seth Wispelwey taken on July 24, 2020 by Defendants. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

81.     Attached as **Exhibit 80** are true and correct copies of excerpts of the Deposition Transcript of Marie ███████ taken on March 9, 2020 by Plaintiffs. This deposition transcript was designated "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is filed under seal.

82.     Attached as **Exhibit 81** are true and correct copies of excerpts of the Deposition Transcript of Elliott Kline a/k/a Eli Mosley taken on August 12, 2020 by Plaintiffs. This exhibit is filed under seal pursuant to paragraph 10 of the Protective Order (DE 167).

**Deposition Exhibits**

83.     Attached as **Exhibit 82** is a true and correct copy of Robert ███ Deposition Exhibit 10.

84.     Attached as **Exhibit 83** are true and correct copies of excerpts of Burt ███ Deposition Exhibit 5.

85.     Attached as **Exhibit 84** is a true and correct copy of Bradley ███ Exhibit 11, publicly available at:  https://gab.com/occdissent/posts/5962247014862625.

86.     Attached as **Exhibit 85** is a true and correct copy of Matthew Heimbach Deposition Exhibit 69.

87.     Attached as **Exhibit 86** is a true and correct copy of Matthew Heimbach Deposition Exhibit 74.

88.     Attached as **Exhibit 87** is a true and correct copy of James Michael Hill Deposition Exhibit 3.

89.     Attached as **Exhibit 88** is a true and correct copy of James Michael Hill Deposition Exhibit 4.

90.     Attached as **Exhibit 89** is a true and correct copy of James Michael Hill Deposition Exhibit 7.

91.     Attached as **Exhibit 90** is a true and correct copy of James Michael Hill Deposition Exhibit 16.

92.     Attached as **Exhibit 91** is a true and correct copy of James Michael Hill Deposition Exhibit 29.

93.     Attached as **Exhibit 92** is a true and correct copy of James Michael Hill Deposition Exhibit 30.

94.      Attached as **Exhibit 93** is a true and correct copy of Dillon ▮▮▮ Deposition Exhibit 77.

95.      Attached as **Exhibit 94** is a true and correct copy Thomas Ryan ▮▮▮ Deposition Exhibit 86.

96.      Attached as **Exhibit 95** is a true and correct copy Thomas Ryan ▮▮▮ Deposition Exhibit 88.

97.      Attached as **Exhibit 96** is a true and correct copy Jeffrey Stephen Schoep Deposition Exhibit 33.

98.      Attached as **Exhibit 97** is a true and correct copy Michael R. Tubbs Deposition Exhibit 4.

99.      Attached as **Exhibit 98** is a true and correct copy Michael R. Tubbs Deposition Exhibit 5.

100.      Attached as **Exhibit 99** is a true and correct copy Michael R. Tubbs Deposition Exhibit 6.

101.      Attached as **Exhibit 100** is a true and correct copy Michael R. Tubbs Deposition Exhibit 7.

102.      Attached as **Exhibit 101** is a true and correct copy Michael R. Tubbs Deposition Exhibit 13.

103.      Attached as **Exhibit 102** is a true and correct copy Michael R. Tubbs Deposition Exhibit 18.

104.      Attached as **Exhibit 103** is a true and correct copy Michael R. Tubbs Deposition Exhibit 19.

105.     Attached as **Exhibit 104** is a true and correct copy Michael R. Tubbs Deposition Exhibit 20.

106.     Attached as **Exhibit 151** is a true and correct copy Michael R. Tubbs Deposition Exhibits 27, 28, 29 and 30.

107.     Attached as **Exhibit 105** is a true and correct copy of Bradley ███ Deposition Exhibit 19. This exhibit is identified as "Confidential" or "Highly Confidential" and filed under seal pursuant to the Protective Order (DE 167).

108.     Attached as **Exhibit 106** is a true and correct copy of Matthew Heimbach Deposition Exhibit 96.  This exhibit is identified as "Confidential" or "Highly Confidential" and filed under seal pursuant to the Protective Order (DE 167).

109.     Attached as **Exhibit 107** is a true and correct copy of James Michael Hill Deposition Exhibit 13.  This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

110.     Attached as **Exhibit 108** is a true and correct copy of James Michael Hill Deposition Exhibit 20.  This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

111.     **Exhibit 109** was intentionally omitted.

112.     Attached as **Exhibit 110** is a true and correct copy of Dillon ███ Deposition Exhibit 32. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

113.     Attached as **Exhibit 111** is a true and correct copy of Dillon ███ Deposition Exhibit 37. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

114.    Attached as **Exhibit 112** is a true and correct copy of Daniel ▮▮▮ Deposition Exhibit 37. This exhibit designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

115.    Attached as **Exhibit 113** is a true and correct copy of Daniel ▮▮▮ Deposition Exhibit 39. This exhibit designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

116.    Attached as **Exhibit 114** is a true and correct copy of Daniel ▮▮▮ Deposition Exhibit 40. This exhibit designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

117.    Attached as **Exhibit 115** is a true and correct copy of Daniel ▮▮▮ Deposition Exhibit 48. This exhibit designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

118.    Attached as **Exhibit 116** is a true and correct copy of Matthew David Parrott Deposition Exhibit 18.  This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

119.    Attached as **Exhibit 117** is a true and correct copy Vasillios ▮▮▮ Deposition Exhibit 20.  This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

120.    Attached as **Exhibit 118** is a true and correct copy Thomas Ryan ▮▮▮ Deposition Exhibit 26. This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

121.    Attached as **Exhibit 119** is a true and correct copy Thomas Ryan ████ Deposition Exhibit 33. This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

122.    Attached as **Exhibit 120** is a true and correct copy Thomas Ryan ████ Deposition Exhibit 67. This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

123.    Attached as **Exhibit 121** is a true and correct copy Michael R. Tubbs Deposition Exhibit 10. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

124.    . Attached as **Exhibit 122** is a true and correct copy Michael R. Tubbs Deposition Exhibit 11. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

125.    Attached as **Exhibit 123** is a true and correct copy Michael R. Tubbs Deposition Exhibit 12. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

126.    Attached as **Exhibit 124** is a true and correct copy Michael R. Tubbs Deposition Exhibit 17. This exhibit was produced by Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (Docket Entry ("DE") 167) and is submitted under seal.

127.    Attached as **Exhibit 125** is a true and correct copy Michael R. Tubbs Deposition Exhibit 22. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

128.     Attached as **Exhibit 126** is a true and correct copy Michael R. Tubbs Deposition Exhibit 23. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

129.     Attached as **Exhibit 127** is a true and correct copy Michael R. Tubbs Deposition Exhibit 24. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

130.     Attached as **Exhibit 128** is a true and correct copy Michael R. Tubbs Deposition Exhibit 25. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

131.     Attached as **Exhibit 129** is a true and correct copy Michael R. Tubbs Deposition Exhibit 36. This exhibit was produced to Plaintiffs as "Confidential" or "Highly Confidential" pursuant to the Protective Order (DE 167) and is submitted under seal.

**Parties' Written Discovery**

132.     Attached as **Exhibit 130** are true and correct copies of excerpts of Defendant Michael Tubbs' Second Supplement to his Answer to Plaintiffs' First Set of Interrogatories to All Defendants dated September 5, 2018.

133.     Attached as **Exhibit 131** are true and correct copies of excerpts of Plaintiff Chelsea Alvarado's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

134.     Attached as **Exhibit 132** are true and correct copies of excerpts of Plaintiff Marissa Blair's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories

dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

135.    Attached as **Exhibit 133** are true and correct copies of excerpts of Plaintiff Marcus Martin's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

136.    Attached as **Exhibit 134** are true and correct copies of excerpts of Plaintiff April Muniz's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

137.    Attached as **Exhibit 135** are true and correct copies of excerpts of Plaintiff Natalie Romero's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

138.    Attached as **Exhibit 136** are true and correct copies of excerpts of Plaintiff Elizabeth Sines's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

139.    Attached as **Exhibit 137** are true and correct copies of excerpts of Plaintiff Seth Wispelwey's Objections and Responses to Defendant James Alex Fields's First Set of Interrogatories dated April 16, 2018.  This exhibit is identified as Highly Confidential and filed under seal pursuant to the Protective Order (DE 167).

**Correspondence Between the Parties**

140.    Attached as **Exhibit 138** is a true and correct copy of a communication between Movant-Defendants' Counsel and Plaintiffs' Counsel dated May 4, 2020.

141.    Attached as **Exhibit 139** is a true and correct copy of a communication between Movant-Defendants' Counsel and Plaintiffs' Counsel dated June 17, 2020.

**Expert**

142.    Attached as **Exhibit 140** is are true and correct redacted copies of excerpts of the Expert Report of Stephen J. ███. This exhibit is identified as Confidential and filed under seal pursuant to the Protective Order (DE 167).

**Publicly Available Sources**

143.    Attached as **Exhibit 141** is a true and correct copy of an October 14, 2004 Southern Poverty Law Center article, available at https://www.splcenter.org/fighting-hate/intelligence-report/2015/c-4-and-confederacy.

144.    Attached as **Exhibit 142** is a true and correct copy of a May 15, 2017 League of the South article, , available at https://leagueofthesouth.com/working-with-our-nationalist-allies/.

145.    Attached as **Exhibit 143** is a true and correct copy of an August 9, 2017 Southern Poverty Law Center article, available at https://www.splcenter.org/hatewatch/2017/08/09/meet-league-state-chairmen-and-organizers-league-south.

146.    **Exhibit 144** was intentionally omitted.

147.    Attached as **Exhibit 145** is a true and correct copy of a video recording of Defendant Michel Hill's Speech at the 2018 Florida League of the South 2018 State Conference, available at https://www.youtube.com/watch?v=xMpXlBbOwK0.

148.     Attached as **Exhibit 146** is a true and correct copy of a May 2, 2018 Washington Post article, available at https://www.washingtonpost.com/local/white-supremacist-is-guilty-in-charlottesville-parking-garage-beating-of-black-man/2018/05/01/033396b4-4af9-11e8-8b5a-3b1697adcc2a_story.html.

149.     Attached as **Exhibit 147** is a true and correct copy of a Tweet by Tyler ███ s dated December 14, 2018.

150.     Attached as **Exhibit 148** is a true and correct copy of a February 12, 2019 article, available at https://www.c-ville.com/tyler-davis/.

151.     Attached as **Exhibit 149** is a true and correct copy of posts from November 2, 2017 made by Hunter ███ @occdissent on the social network website GAB, available at: No. 6, https://gab.com/occdissent/posts/5806147314096665          and          No.          11, https://gab.com/occdissent/posts/5806217314097077.

152.     Attached as **Exhibit 150** is a true and correct copy of posts from November 2, 2017 made by Hunter ███ @occdissent on the social network website GAB, available at: No. 34, and No. 24.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 4, 2020
              New York, New York


                                        /s/ Alan Levine
                                        Alan Levine

231925004

23