IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, ET AL., | |
| Plaintiffs, | |
| v. | Civil Action No. 3:17-cv-00072 |
| JASON KESSLER, ET AL., | |
| Defendants. | |

## MOVANT-DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

### I.       Introduction

Plaintiffs have failed to produce evidence sufficient to survive Movant-defendants' Motion for Summary Judgement. Plaintiffs cannot defeat a Motion for Summary Judgment or create factual disputes by making conclusory statements that lack evidence. Plaintiffs must produce evidence that their injuries were caused by the overt act of a conspirator, acting in furtherance of the conspiracy. In their Response to Movant-defendants' Motion for Summary Judgment, Plaintiffs do not contest that they suffered injuries only as a result of either (1) the Torch March or (2) the Fields car attack.[1] Plaintiffs have failed to produce sufficient evidence that James Fields was a conspirator with any of the Defendants. Therefore, the claims of Plaintiffs who were injured as a result of the Fields car attack should be dismissed. Plaintiffs have also failed to produce sufficient evidence that Movant-defendants were part of any

---

[1] On page 37 of their Response, Plaintiffs claim that Wispelwey was injured at a time other than the Torch March or the car crash. Plaintiffs cite a portion of the Wispelwey deposition transcript in support of this claim. However, this claim is not supported by Wispelwey's deposition. Plaintiffs' claim regarding Wispelwey's injuries is not supported by the evidence.

conspiracy relating to the Torch Rally. For that reason, the claims of the Plaintiffs who were injured at the Torch March should also be dismissed.

Plaintiffs dodge the difficult issues in this case. They argue that all First Amendment issues in this case were resolved at the 12(b)(6) motion stage and cannot be addressed again. (Plaintiffs' Resp. p. 38). They ignore the entire 200+ page Heaphy Report because it debunks their conspiracy theory. Continuing a practice that began with the Complaint, Plaintiffs use conclusory, vague, and ambiguous terms throughout—the word "Defendants" is used over 47 times in their Response without clarifying which Defendants Plaintiffs are referring to. Plaintiffs even go so far as to claim, without evidence, that Antifa is a protected class. (Plaintiffs' Resp. p. 41-42). When faced with a difficult issue, Plaintiffs simply expand the breadth of their already bloated conspiracy theory so that at present their theory is so broad and lacking in specifics as to include everyone who protested at the Rally on August 12, 2017.

## II.     James Fields was not a co-conspirator with any of the Defendants in this lawsuit.

James Fields acted alone. After three years of litigation, dozens of depositions, hundreds of thousands of documents exchanged in discovery, Plaintiffs offer the following evidence in support of their claim that Fields conspired with the Defendants in this lawsuit to commit racial violence on both August 11, 2017 and August 12, 2017:

- On August 12, 2017, Fields marched with members of Vanguard America and carried a Vanguard shield at some point during the Rally;

- On August 12, 2017, Fields chanted with members of Vanguard at some point during the Rally. Tellingly, Plaintiffs do not mention what Fields was chanting. In Exhibit 60, which Plaintiffs cite in support of their assertion that Fields chanted with members of Vanguard, the only thing that Fields can be heard chanting with other Rally attendees is "You F*gs,

go home, you have no testosterone." It is unclear how this chant supports Plaintiffs' claim that Fields conspired with anyone to commit racial violence on both August 11, 2017 and August 12, 2017;

- On August 12, 2017, Fields wore a white polo shirt and khakis, which is what many Vanguard members wore;

- On August 12, 2017, Fields stood near Vanguard members for much of the Rally;

- Dillon Hopper, who did not attend the Rally and, therefore, has no firsthand knowledge of what occurred at the Rally, said that Fields was "part of the group" during the Rally on August 12, 2017;

- On August 12, 2017, at one point during the Rally, Fields was pictured standing near Vanguard leadership; and

- At some unknown time, Vanguard even sent Fields a Christmas card of unknown content. (Plaintiffs' Resp. pgs. 38-39).

Movant-defendants do not dispute this evidence.

After reciting this evidence, Plaintiffs leave us in the dark as to how this proves Fields conspired with the other Defendants to commit racial violence on both August 11, 2017 and August 12, 2017. None of the facts cited by Plaintiffs show a "joint plan of action" to commit racial violence or intimidation. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). The only argument Plaintiff's offer in support of that claim is a citation to three cases. The three cases do little to shed light on the legal basis for Plaintiffs' conspiracy theory. Plaintiffs' evidence is insufficient to show that Fields conspired with any Defendant to commit racial violence on August 11, 2017 or August 12, 2017.

Courts have been careful when defining the scope of § 1985 conspiracies. For example, in *Frazier*, the court carefully limited the scope of the conspiracy. *Frazier v. Cooke*, Civil Action No. 4:17-cv-54 (E.D.VA 2018). Rather than finding a general conspiracy to commit racial violence or intimidation, the court found that despite being closely connected in time (within seconds) and location (same location), two acts of violence were not part of the same conspiracy.

The organizer of the Unite the Right Rally, Jason Kessler, obtained a permit from the City of Charlottesville to hold a political rally at Emancipation Park on August 12, 2017. Plaintiffs do not mention this fact once in their Response. When the City attempted to rescind the permit for the Rally at Emancipation Park, Kessler petitioned this Court for redress and obtained an injunction. Thousands of people came to the Rally. The conduct of Fields that Plaintiffs cite as proof that he was part of a conspiracy to commit racial violence on both August 11, 2017 and August 12, 2017 is wholly consistent with the behavior of someone attending a political rally. If the evidence that Plaintiffs' cite is sufficient to support of their claim that Fields was a co-conspirator, then virtually every person who attended the Rally to protest the removal of the Robert E. Lee statute was part of the conspiracy.

Contrary to Plaintiffs' claims, the evidence shows that Fields acted alone. Plaintiffs claim the conspiracy was primarily planned on Discord (Plaintiffs' Resp. p. 8), but they produce no evidence that Fields used Discord. Fields was not even a member of Vanguard or any of the other organizations that protested at the Rally. Plaintiffs provide no evidence that Fields travelled to Charlottesville with any other group or any other person. Plaintiffs offer no evidence that Fields helped plan the Rally. Plaintiffs do not even say whether Fields participated in the Torch March. Plaintiffs cannot even provide evidence that Fields so much as spoke to any of the members of Vanguard America or any of the other Rally attendees. Plaintiffs provide no

evidence that Fields engaged in any violence with any other protestors during the Rally. Fields was alone in his car at the time of the car attack. Plaintiffs have not cited any statements Fields made about the Rally, before or after. Plaintiffs attach Exhibit 111 in support of their Response. Exhibit 111 is a Discord chat conversation between members of Vanguard America. It is clear they have no idea who Fields is and have never spoken to him.

Fields acted alone. For that reason, all claims of Plaintiffs who were injured in the car attack should be dismissed against Movant-defendants.

### III. Plaintiffs have failed to produce evidence that Movant-defendants conspired to commit racial violence at the August 11, 2017 Torch March.

Plaintiffs' have failed to produce evidence that Movant-defendants conspired to commit racial violence at the August 11, 2017 Torch March. Plaintiffs argue, without citing any evidence, that the Torch March on August 11, 2017 was the same event as the Unite the Right Rally on August 12, 2017. In support of that argument, Plaintiffs offer only unsupported, conclusory statements. Indeed, in Exhibit after Exhibit that Plaintiffs themselves attach to their Response, the August 12, 2017 Unite the Right Rally is always distinguished from the August 11, 2017 Torch March. See e.g., Ex. 21 (Kessler referring to the August 12 Rally); Ex. 41 ("Press releases for Aug. 12"); Ex. 48, p. 3 ("the August 12 rally"); Ex. 49, p. 3 ("Download file: Unite the Right Event August 12th.docx"); Ex. 54, p. 19 ("We need to have an ad for August 12th"); Ex. 58 (Tennessee League of the South Twitter post stating "August 12th must be a defining point…"); Ex. 83, p. 3; Ex. 96. The Torch March and the Rally were two separate and distinct events.

Plaintiffs have failed to show that Movant-defendants were involved in any conspiracy relating to the August 11, 2017 Torch March. In their Response, Plaintiffs confuse who they have sued. Movant-defendants are Michael Hill, Michael Tubbs, and the League of the South—

5

not Brad Griffin or other individual League members. (Plaintiffs' Resp. p. 48-49). Plaintiffs admit that Hill and Tubbs took no part in the Torch March. They did not participate in the planning for the Torch March. Indeed, before the Torch March had even taken place, Hill, on behalf of the League, stated that the League was not involved in the Torch March. (See Motion for Summary Judgment, attached Hill Dep. Ex. 19):

```
Message
From:     LSPres [LSPres@protonmail.com]
Sent:     8/11/2017 8:01:56 PM
To:       <GordonLockerbie@protonmail.com> [GordonLockerbie@protonmail.com]
Subject:  Re: Torchlight rally Compromised
```

Thanks, but this is not our game. We are sending two observers.

Sent from ProtonMail mobile


-------- Original Message --------
On Aug 11, 2017, 7:48 PM, Gordy Lockerbie wrote:

Torchlight rally time and location has been leaked and Antifa is posting that they will be there. If LS is in attendance, be cautious

Gordy Lockerbie
League of the South

Sent from ProtonMail Mobile


Plaintiffs do not even address this email, which Movant-defendants included with their Motion for Summary Judgment.

Plaintiffs' argument in support of their position that Movant-defendants were involved in the Torch March is as follows, "It is undisputed that Movant-defendants were aware of the Torch March prior to the night of August 11 and that members of the League of the South were present." (Plaintiffs' Resp. p. 49). Plaintiffs also cite statements from Brad Griffith about his

6

attendance and preparation for the March. None of those statements provide evidence that Hill, Tubbs, or the League of the South planned, attended, or participated in the August 11, 2017 Torch March. The League of the South is an organization of over two hundred members. (Motion for Summary Judgment, p. 9). The fact that perhaps two members of the League attended the Torch March in an individual capacity does nothing to contradict Hill's statement before the Torch March that the League was not involved.

What makes Plaintiffs' conspiracy theory even more implausible is that it includes people and organizations that only attended the Saturday, August 12, 2017 Rally as conspirators in the violence at the Torch March on August 11, 2017. All it takes under Plaintiffs' conspiracy theory for a person or organization to be liable for all the violence that occurred on August 11, 2017 at the Torch March is

- Attendance at the Unite the Right Rally on August 12, 2017;
- Advanced knowledge that the Torch March was happening the day before the Rally; and
- The attendance at the Torch March of at least two members of the same organization, even if their attendance is of their own accord.

Plaintiffs have not carried their burden in proving that Movant-defendants are liable for the injuries of the Plaintiffs who were injured at the August 11, 2017 Torch March. For that reason, all claims of the Plaintiffs injured at the Torch March should be dismissed.

**IV.     Plaintiffs have failed to produce sufficient evidence to show that Movant-defendants conspired to commit racial violence or intimidation.**

Even if Plaintiffs have provided sufficient evidence that Fields conspired with even one of the Defendants or that Movant-defendants took part in a conspiracy relating to the August 11,

7

2017 Torch March, Plaintiffs have failed to provide sufficient evidence that Movant-defendants conspired with the other Defendants to commit racial violence or intimidation.

Plaintiffs' argument that Movant-defendants conspired to commit racial violence with the other Defendants in this lawsuit goes like this:

- Movant-defendants are racist;
- Therefore, all Movant-defendants' actions must be racially motivated;
- Therefore, because Movant-defendants are racist and all their actions are racially motivated, all who oppose them are a protected class.

In Plaintiffs' Response they allege,

> "Movant-defendants' argument also mischaracterizes what the evidence developed during discovery shows about Defendants conduct toward Antifa. Antifa's participation was as a supporter of the protected class—namely, Black people and Jews—not as some isolated politicial opponent. This presents yet another question of material fact preventing summary judgment." (Plaintiffs' Resp. p. 42-43).

Plaintiffs cite no "evidence developed during discovery" in support of this claim. They actually do not cite anything in support of their claim. They also provide no legal basis for asserting a dispute of material fact where one party fails to offer evidence of any material fact.

Plaintiffs ignore the balance of the evidence developed during discovery and submitted by Movant-defendants in support of their Motion for Summary Judgment. (Motion for Summary Judgment, p. 11, 12, 15-19). Plaintiffs ignore the Heaphy Report. Plaintiffs do not address the other evidence provided by Movant-defendants establishing that Antifa is a violent political organization. Id. Plaintiffs ignore the evidence developed by the Charlottesville Police Department showing that Antifa has a history of instigating political violence. Id. at 18-19.

Despite the short-shrift Plaintiffs give to the First Amendment, Movant-defendants' political beliefs, rhetoric, and expression are protected. Movant-defendants do not argue that

8

violence or specific and direct calls for violence are protected by the First Amendment. Movant-defendants simply argue that Plaintiffs have failed to provide evidence that speech and violence directed at Antifa is racially, rather than politically, motivated. Plaintiffs ignore the distinction between First Amendment protected speech and unprotected speech. Plaintiffs offer no viable theory of the First Amendment that is based in law to distinguish political rhetoric and unprotected speech. Under Plaintiffs' theory, any speech that denigrates a protected class—Antifa, according to Plaintiffs—is unprotected and evidence of a conspiracy to commit racial violence or intimidation.

Movant-defendants also argue that pushing through a crowd of undefined "counter-protesters" who blocked access to a permitted political rally is not evidence of a conspiracy to commit racial violence or intimidation. The DeAndre Harris assault, when viewed from beginning to end, is also not racial violence. None of the participants in the Harris incident were charged with hate crimes. The incident occurred because members of Harris's group taunted and goaded the participants into an assault. (Plaintiffs' Motion for Summary Judgment, p. 25).

**<u>Discord</u>**

Plaintiffs have made much of Discord throughout this lawsuit. Discord functions as a way for people to communicate. People set up channels on Discord to communicate with each other. If you do not enter a channel, you cannot know what is being said within the channel. Plaintiffs have provided no evidence that Movant-defendants viewed or participated in any of the Discord channels where violence was discussed. Plaintiffs have failed to cite a single instance of Movant-defendants making violent statements on Discord. Simply having access to Discord is insufficient evidence to support Plaintiffs' claim that Movant-defendants conspired to commit racial violence with the other Defendants on Discord. Plaintiffs cite a Discord post by J.C.

9

Adams, the League of the South's logistics officer. (Plaintiffs' Resp. p. 15). There is no evidence that Hill, Tubbs, or anyone within the League of the South ever saw the post or knew about the post. The post alone does not provide sufficient evidence of a conspiracy to commit racial violence or intimidation on August 11, 2017 and August 12, 2017.

In their Response, Plaintiffs claim that Hill participated in leadership meetings on Discord. (Plaintiffs' Resp. p. 14). There is insufficient evidence to support this claim. In support of that claim, Plaintiffs cite Exhibits 41 and 81 attached to their Response. Exhibit 41 is a document that appears to state that Hill was invited to participate in a leadership meeting on Discord. There is no evidence that Hill ever participated in the meeting, and in fact, Hill has denied participating. (Hill. Dep. Trans. p. 77). Exhibit 81 is Defendant Kline's deposition transcript. The portion of the transcript that Plaintiffs' cite in support of the claim that Hill participated in Discord meetings does not support their claim that Hill participated in Discord meetings. Kline does not even mention Hill.

Plaintiffs also claim that a statement by Kline during his deposition confirms that Tubbs participated in leadership meetings on Discord. (Plaintiffs' Resp. p. 16). Kline misspoke. Tubbs was unable to access Discord. The only evidence that Tubbs was on Discord is Exhibit 17 of Movant-defendant's Motion for Summary Judgment. Exhibit 17 shows Tubbs unable to actively participate or use Discord. Exhibit 17 is consistent with Tubbs's contention from the beginning that he was unable to use Discord. (Tubbs Dep. Tr. p. 195). Kline was surely thinking of Ike Baker, who Hill had asked to participate in leadership meetings on Discord, which Plaintiffs acknowledge. (Plaintiffs' Resp. p. 16).

**V.     Conclusion**

For the above stated reasons, and for the reasons set forth in their Motion for Summary Judgment and attached Memorandum of Law and Exhibits, Movant-defendant respectfully request this Court grant their Motion for Summary Judgment and dismiss the claims against them.

    Respectfully submitted,

/s/ Bryan J. Jones\_\_\_\_
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants for Michael Hill, Michael Tubbs, and League of the South*

## CERTIFICATE OF SERVICE

I certify that on the 17th day of September, 2020, a true and correct copy of the foregoing Reply to Plaintiffs' Response to Movant-defendants' Motion for Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ Bryan J. Jones\_\_\_\_
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

I further hereby certify that on September 17, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Richard Spencer
richardbspencer@gmail.com

/s/  Bryan J. Jones____
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com