**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **ELIZABETH SINES** | : | **Case No.  3:17-cv-00072** |
| Plaintiff | : | **Judge MOON**<br>**Mag. Judge Hoppe** |
| | : | |
| -v- | | |
| **JASON KESSLER et al.** | : | |
| | : | |
| Defendants | | |

---

**REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY**

---

Defendants Jason Kessler, Nathan Damigo, Matthew Parrott, Identity Evropa, and Traditionalist Workers Party ("Defendants") hereby WITHDRAW their motion to exclude proffered expert witnesses Stephen J. Fenton and Deborah Lipstadt, and MODIFY the motion to exclude proffered experts Peter Simi and Kathleen Blee.

**Profs. Simi and Blee will impermissibly usurp the roles of both this Court and the Jury**

The proper scope of an expert's testimony is delineated by Federal Rule of Evidence 702. As relevant here FRE 702(a) allows expert testimony where the testimony will "help the trier of fact to understand the evidence or to determine a fact in issue".

Expert testimony that "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it," United States v. Bilzerian , 926 F.2d 1285, 1294 (2d Cir.1991). The Fourth Circuit has held

1

that it does not help the jury for an expert to give testimony that "states a legal standard or draws a legal conclusion by applying law to the facts" and, thus, such opinions are generally inadmissable. U.S. v. McIver, 470 F.3d 550, 562 (4th Cir. 2006). "Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as the applicable law or the role of the jury in applying the law to the facts before it." U.S. v. Chapman, 209 F.App'x 269-79 (4th Cir. 2006).

Such testimony does not aid the jury in making a decision, In re Mirena IUD Prod. Liab. Litig. , 169 F.Supp.3d 396, 413 (S.D.N.Y. 2016) Rather, such testimony "undertakes to tell the jury what result to reach," and thereby "attempts to substitute the expert's judgment for the jury's," United States v. Duncan , 42 F.3d 97, 101 (2d Cir.1994)[1] , Elat v. Ngoubene, 993 F. Supp. 2d 497, 512 (D. Md. 2014).

Expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments. 4 *Weinstein's Federal Evidence* § 702.03[2] [a]). Expert testimony should be excluded where it will tend to confuse or mislead the jury. FRE 403.

 Profs. Simi and Blee ("Professors" or "they") extensively violate the above legal standards throughout their effort at an expert report. While it would literally require a page by page analysis to specify each objectionable section of the report[2], Defendant's central objection is that the report impermissibly states as fact that the Defendants did what the plaintiffs accuse them of doing.

Defendant's admit that if the professors limited themselves to a historical review of white supremacist language and similarities of Defendant rhetoric and processes with those historical examples, then let the attorneys take it from there, the report would pass muster.

---

[1] See also FRE 704 advisory committee notes.
[2] Defendants intend to rely on oral argument for this purpose

2

The professors, however, have chosen to explicitly tell the jury that the Defendants conspired to and did intentionally use violence to achieve their political goals and that the Defendants are lying, pursuant to a pre-UTR plan to do so, when they offer alternate and legally innocent explanations of the same rhetoric and processes. [3] These explicit factual and legal assertions[4], with barely an "in our opinion" spliced in among them, spill the banks of what the law allows and must be kept away from the jury.[5]

**Conclusion**

Defendants withdraw their motions as to Stephen J. Fenton and Deborah Lipstadt, and modify their motion as to Profs. Simi and Blee from exclusion "in it's entirety" to as stated above or at oral argument.

Respectfully Submitted,

s/ Elmer Woodard_____
Elmer Woodard (VSB No. 27734)
5661 US Hwy 29
Blairs, VA 24527
Phone: 434-878-3422
Email : isuecrooks@comcast.net
ATTORNEY FOR DEFENDANTS

s/ JAMES E. KOLENICH (PHV)____
 JAMES E. KOLENICH
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (Fax)
JEK318@gmail.com

---

[3] See, for example, pgs. 2, 26-28, 46, 50, 57, 62-63.
[4] As distinct from the whole report
[5] Due to the breath of the proffered expert report, Defendants intend to rely on oral argument to more fully delineate objectionable sections therein.

ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I certify the above was served on September 18, 2020 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley eli.f.mosley@gmail.com deplorabletruth@gmail.com
Matthew Heimbach matthew.w.heimbach@gmail.com
Christopher Cantwell christopher.cantwell@gmail.com
Vanguard America c/o Dillon Hopper dillon_hopper@protonmail.com
Robert Azzmador Ray azzmador@gmail.com
Richard Spencer richardbspencer@gmail.com

                    s/ James E. Kolenich
                    James E. Kolenich