IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, et al, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:17-cv-00072 |
| JASON KESSLER, et al, | ) |
| Defendants. | ) |

**AGREED PRIVACY ACT PROTECTIVE ORDER**

Pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon the request of Plaintiff, for the purpose of assuring the confidentiality of certain information that may be disclosed by the Federal Bureau of Investigation (FBI) or United States Attorney's Office for the Western District of Virginia (USAO-WDVA) in the course of discovery proceedings in the above-captioned lawsuit.

Good cause exists for the entry of this Protective Order because documents or information may be disclosed that are maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), or otherwise contain sensitive personal information, including personal identifiable information (PII), such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) is appropriate. Accordingly, it is HEREBY ORDERED:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes FBI and USAO-WDVA to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Protected Information") to the parties, their respective counsel, and the Court. However, nothing in this Protective Order

requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

  2. All documents or information disclosed in this action containing Protected Information are hereby designated as confidential. Immediately upon receipt of the information from the FBI or the USAO-WDVA, counsel for Plaintiffs shall mark each document and thing "CONFIDENTIAL – SUBJECT TO PRIVACY ACT PROTECTIVE ORDER" or other similar marking.

  3. Information designated as Protected Information may be disclosed only to the following persons:

    (a) the parties, counsel for the parties and members of their support staff with an appropriate need to know, attorneys and staff employed by the USAO-WDVA, and the FBI;

    (b) consultants or experts retained for this action by the parties with an appropriate need to know;

    (c) the Court and its personnel, court reporters or stenographers engaged to record court proceedings and/or deposition testimony;

    (d) such other persons as hereafter may be authorized by the Court upon motion of either party.

  4. All persons listed in Paragraph 3 to whom Protected Information is disclosed are prohibited from disclosing to any person other than those listed in paragraph 3 any information designated as Protected Information, except as provided in this Protective Order.

  5. All Protected Information produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

  6. If any party wishes to file with the Court a document containing Protected Information in connection with a motion, brief, or other submission to the Court, that party shall

make an application with the Court requesting that the material be filed and kept under seal, or provide the Protected Information to the Court *in camera*.

7. All documents and information disclosed pursuant to this Protective Order shall be returned to the FBI or USAO-WDVA or destroyed within thirty days of the final disposition of this action, including appeals.

8. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party, the FBI, or the USAO-WDVA, including any claim of privilege or other protection from disclosure. Nor shall this Protective Order affect the right of either party, the FBI, or the USAO-WDVA to seek additional protection against the disclosure of any documents or materials.

9. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

ENTERED this <u>22nd</u> day of <u>September</u>, 2020.

_____
JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE