UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                Plaintiffs,

v.

JASON KESSLER, et al.,

                Defendants.

Civil Action No. 3:17-cv-00072-NKM

JURY TRIAL DEMANDED

## PLAINTIFF CHELSEA ALVARADO'S UNOPPOSED MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST DEFENDANT JAMES ALEX FIELDS, JR.

Plaintiff Chelsea Alvarado respectfully submits this motion to voluntarily dismiss her claims against Defendant James Alex Fields, Jr., without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs have conferred with counsel for Defendant Fields, who do not oppose this motion.

### BACKGROUND

Ms. Alvarado was one of several Plaintiffs who was severely injured by the car attack by Defendant Fields on August 12, 2017, as alleged in the Second Amended Complaint. *See, e.g.*, Second Am. Compl. ¶¶ 18, 242, 252, 253, 286, Sept. 17, 2019, ECF No. 557. In addition to this litigation, on May 6, 2019, Ms. Alvarado filed a separate civil action against Fields in Virginia Circuit Court alleging, among other things, that Fields recklessly and negligently operated his vehicle so as to strike Ms. Alvarado; engaged in extreme and outrageous conduct against Ms. Alvarado; and acted with conscious, willful, and wanton disregard of Ms. Alvarado's rights or

with malice toward her. *See* Compl. ¶¶ 4, 5, *Alvarado v. Fields*, No. 2019-06387 (Va. Cir. Ct., Fairfax Cty. May 6, 2019). On August 28, 2020, Ms. Alvarado settled her Virginia Circuit Court lawsuit and executed a release of all of her claims against Fields, including those in this lawsuit. Ms. Alvarado now brings this motion to withdraw her claims against Fields in light of the release that she has signed in the Virginia Circuit Court case.

## LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).[1]

The purpose of Rule 41(a)(2) is to freely "allow voluntary dismissals unless the parties will be unfairly prejudiced. [T]hus, a district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant.'" *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (unpublished) (citations omitted). In this regard, the prejudice must be substantial: "A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion or that it faces the prospect of a subsequent lawsuit." *Id.* (citations omitted).

"Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part

---

[1] Voluntary dismissal is also available without court order by filing "a stipulation of dismissal signed by *all* parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). However, as the Court is aware, numerous Defendants have been repeatedly nonresponsive during this litigation. Although Plaintiffs have no reason to believe any defendant would object to this particular motion, Plaintiffs believe it more efficient to seek this order directly from the Court rather than attempt to obtain stipulations from parties who have been uncooperative or absent.

of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914, at *5 (4th Cir. 1998) (table decision).

## ARGUMENT

Ms. Alvarado's motion for voluntary dismissal of her claims against Fields should be granted because no party will be unfairly prejudiced by Ms. Alvarado's voluntary dismissal of those causes of action. Rather, as discussed below, each of the *Gross* factors weighs in favor of granting this motion.

*First*, consideration of the "opposing party's effort and expense in preparing for trial," *Gross*, 133 F.3d 914, at *5, does not indicate that Defendants would suffer any prejudice from the voluntary dismissal of Ms. Alvarado's claims against Fields. Granting this motion will not affect any Defendant other than Fields because Ms. Alvarado will retain her claims against every other Defendant. Furthermore, although Ms. Alvarado has brought causes of action against Fields individually, she is one of seven Plaintiffs—along with April Muñiz, Elizabeth Sines, Marissa Blair, Marcus Martin, Thomas Baker, and Natalie Romero—who have brought those claims. *See* Second Am. Compl. ¶¶ 356–63, 368–72. Thus, while Fields has responded to Ms. Alvarado's claims, her presence in the case as one of several plaintiffs asserting the same causes of action has not led to any material marginal increase in time and effort by Fields to date. In other words, Fields' efforts would likely have been performed even without Ms. Alvarado's presence in this case. *See Bridge Oil*, 321 F. App'x at 245–46 ("[A]lthough some discovery had taken place, it was minimal and would have occurred in the multi-party litigation even without the presence of Bridge Oil's . . . claim."). This is not a situation where "voluntary dismissal potentially unravels the effect of an earlier legal ruling," *RMD Concessions, L.L.C. v. Westfield Corp.*, 194 F.R.D. 241, 243 (E.D. Va.

3

2000), or where discovery has closed and a dispositive order is "imminent," *see Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004); *see also Francis v. Ingles*, 1 F. App'x 152, 154 (4th Cir. 2001) ("The record discloses that plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date.").

*Second*, there has been no "excessive delay or lack of diligence" on Ms. Alvarado's part. *Gross*, 133 F.3d 914, at *5. Ms. Alvarado executed the release of all of her claims against Fields on August 28, 2020, and brought this motion promptly thereafter. *See Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007) ("Fidelity was not dilatory in making its motion; it moved immediately . . . ."). Ms. Alvarado "has diligently participated in this litigation, and thus, has not caused excessive delay or lack of diligence." *Vosburgh v. Indem. Ins. Co.*, 217 F.R.D. 384, 387 (S.D.W. Va. 2003).

*Third*, Ms. Alvarado has sufficiently explained "the need for a dismissal." *See Gross*, 133 F.3d 914, at *5. Specifically, she has released her claims against Fields by settling her Virginia Circuit Court case and cannot pursue judgment against him in this litigation.

*Fourth*, "the present stage of the litigation," *see Gross*, 133 F.3d 914, at *5, indicates that no prejudice would result to any Defendant from the dismissal of Ms. Alvarado's claim against Fields. Fields has not filed any dispositive motion, including a motion for summary judgment. This is thus unlike cases denying motions to withdraw where summary judgment motions are pending. *See Howard v. Inova Health Care Svcs.*, 302 F. App'x 166, 178–80 (4th Cir. 2008) (unpublished) (affirming denial of motion to withdraw after summary judgment motion had been filed and opposing party "incurred substantial expense in preparing for trial"); *True v. Seppala*, No. 2:13-CV-2228 DCN, 2015 WL 4937298, at *3–4 (D.S.C. Aug. 17, 2015) (denying motion to withdraw after Plaintiff failed to respond to motion for summary judgment). Accordingly, Defendants,

including Fields, will not be prejudiced in granting Ms. Alvarado's motion to voluntarily dismiss her claims against Fields.

## CONCLUSION

For the foregoing reasons, Plaintiff Chelsea Alvarado respectfully requests that the Court grants her motion to voluntarily dismiss her claims against Defendant James Alex Fields, Jr., without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: October 14, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on October 14, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*

2