# EXHIBIT A

| | |
|---|---|
| **From:** | Yotam Barkai |
| **To:** | Edward ReBrook, ESQ |
| **Cc:** | Jessica Phillips; Yotam Barkai |
| **Subject:** | Sines v. Kessler: NSM Discovery Issues |
| **Date:** | Thursday, July 30, 2020 9:37:38 AM |
| **Attachments:** | 2020.07.17_iDS Status Report.xlsx |
| | CCE07072020.pdf |
| | 2020-06-23 [00774-000] MEMRANDUM OPINION AND ORDER granting in its entir....pdf |

Mr. ReBrook:

I write concerning several issues relating to Mr. Colucci's certification form, attached here for your reference, and the production of Mr. Colucci's documents and electronic devices.

### I.     Mr. Colucci's Phone and Laptop

As you are aware, the discovery vendor's most recent report dated July 17, 2020, indicates that only 935 reviewable documents were able to be collected from Mr. Colucci's Aspire 3 laptop. On review, these documents are entirely unresponsive to Plaintiffs' discovery requests (they are largely unreadable computer junk files). In addition, *no* reviewable documents were collected from Mr. Colucci's iPhone 11 Pro Max. We understand that approximately 100 chat or message items were retrieved from the iPhone 11 Pro Max but that they had no actual text in the message body.

However, as you are also aware, Mr. Colucci testified at his deposition in December 2019 that he had been in recent and frequent communication with, among others, Jeff Schoep, Acacia Dietz, Mike Schloer, and other NSM members about topics including Unite the Right and the litigation. *See, e.g.*, Colucci Dep. Tr. at 26-27, 30, 111-14, 198.

The fact that Mr. Colucci's phone and laptop contained no responsive documents (indeed, almost no documents whatsoever)—and that the iPhone contained 100 blank messages—combined with Mr. Colucci's deposition testimony as described above gives rise to a reasonable concern of spoliation or deletion of responsive material from Mr. Colucci's devices. We therefore request that you promptly provide consent for the discovery vendor to undertake a forensic investigation of the devices to determine whether files were deleted and, if so, the nature of those files. If not, we intend to raise these issues with the Court as appropriate.

### II.     Missing or Incorrect Credentials

In addition, as you are also aware and as reflected on the attached status report, the vendor has not been able to log in to a single one of the approximately 50 social media and email accounts listed on Mr. Colucci's certification form because Mr. Colucci did not provide credentials, the credentials did not work, or two-factor authentication must be bypassed.

We understand that Ms. Dietz informed the vendor that "what [Mr. Colucci] turned into iDS on the Certification form was the only passwords that he had for the associated accounts." However, for the majority of accounts, you have provided no explanation as to whether Mr. Colucci made attempts to reset or otherwise recover the password. (Page 6 of Mr. Colucci's certification form

describes attempts to recover only 5 of these accounts.) Furthermore, we are aware of no efforts by Mr. Colucci or Ms. Dietz to work with the vendor to attempt to bypass two-factor authentication.

Moreover, Mr. Colucci's explanation is especially not credible with regard to email and social media accounts that appear to be in recent and active use. For example, Mr. Colucci emailed me directly from the commanderburt@nsm88.org email address as recently as July 1, 2020, and yet provided an incorrect password to the vendor. Similarly, according to the NSM's website, Mr. Colucci has been regularly recording and posting podcasts under the BlogTalkRadio account with the phone number 516-453-6058, including as recently as July 28, 2020, and yet provided an incorrect password to the vendor.

We again ask that you and Mr. Colucci take all necessary and practicable steps to recover or reset all passwords to all of the social media and email accounts listed on Mr. Colucci's certification form, to provide the vendor with working passwords, and to work with the vendor as necessary to bypass two-factor authentication, as ordered by the Court in the attached order dated June 23, 2020, ECF No. 774. To the extent that any accounts remain non-recoverable after your attempts, you are required by the Court's order to provide a "statement describing all the steps Mr. Colucci took to recover the information and stating why he was not successful" and to have Mr. Colucci sign that statement under penalty of perjury.

### III.     Missing Accounts and Electronic Devices

Additionally, Mr. Colucci's certification form is materially incomplete because it is missing known social media accounts and electronic devices.

In particular, at least one email address for Mr. Colucci is missing: CommanderColucci@nsm88.org. This email address is listed as a current means of directly contacting Mr. Colucci on NSM's website, https://www.nsm88.org (which has been recently and regularly updated, including to post photos from NSM's "2020 Nationals" event on July 18, 2020). We ask that you promptly amend Mr. Colucci's certification form to include Mr. Colucci's current email address and any other social media or email account not already listed that Mr. Colucci has used since January 1, 2017, that may contain any potentially relevant documents. We also ask that you promptly provide the vendor with credentials to those email or social media accounts.

Furthermore, Mr. Colucci only disclosed one electronic device on his certification form and shipped only one device to the vendor: an Aspire 3 laptop. However, Mr. Colucci testified at his deposition in December 2019 that he has three computers, and that he uses his computers to conduct NSM business (such as creating NSM documents and newsletters) and communicate with NSM members. *See, e.g.*, Colucci Dep. Tr. 17-18, 118, 241, 246. We ask that you promptly amend Mr. Colucci's certification form to include these computers and any other electronic devices that Mr. Colucci has used since January 1, 2017, that may contain any potentially relevant documents. We further ask that you promptly provide those additional devices to the vendor for imaging and collection.

\* \* \*

Please provide your responses to the issues described above as soon as possible, and in any event no later than Tuesday, August 4, 2020. I am available to discuss at your convenience.

**Yotam Barkai**
Associate

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 303 3643
ybarkai@bsfllp.com
www.bsfllp.com