# EXHIBIT G

| | |
|---|---|
| **From:** | Yotam Barkai |
| **To:** | rebrooklaw@gmail.com |
| **Cc:** | Phillips, Jessica E; Mike Bloch |
| **Subject:** | RE: Sines v. Kessler: NSM Discovery Issues |
| **Attachments:** | image001.png |

Mr. ReBrook:

We would like to schedule a meet-and-confer on the NSM discovery issues described below today. When are you available today? Thank you.

**Yotam Barkai** | **Kaplan Hecker & Fink LLP**
Associate
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 212.763.0883 | (M) 617.462.1353
ybarkai@kaplanhecker.com

---

**From:** Yotam Barkai <ybarkai@kaplanhecker.com>
**Sent:** Monday, August 17, 2020 5:32 PM
**To:** rebrooklaw@gmail.com
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Michael Bloch <mbloch@kaplanhecker.com>; Yotam Barkai <ybarkai@kaplanhecker.com>
**Subject:** RE: Sines v. Kessler: NSM Discovery Issues

Mr. ReBrook:

Could you please provide us with an update on the discovery issues below concerning the NSM and Mr. Colucci?

Please also note my change of email address. Thank you.

**Yotam Barkai** | **Kaplan Hecker & Fink LLP**
Associate
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 212.763.0883 | (M) 617.462.1353
ybarkai@kaplanhecker.com

---

**From:** Yotam Barkai
**Sent:** Monday, August 10, 2020 9:05 AM
**To:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Yotam Barkai <ybarkai@bsfllp.com>
**Subject:** RE: Sines v. Kessler: NSM Discovery Issues

Mr. ReBrook:

Thank you. Ms. Dietz's email, which is dated August 5, states that she is "currently attempting get Mr. Colucci to coordinate with IDS regarding the emails that need the 2FA bypassed (which is a

significant number if you have seen the correspondence back and forth between myself and iDS)" and that she is "also trying to reach Mr. Colucci to retrieve current passwords." What is the status of those efforts?

Separately, as you know, in its order dated June 23, 2020, the Court ordered you to do the following:

> On or before July 3, 2020, Defendant NSM's attorney of record shall give the Vendor and Plaintiffs' counsel a complete list of all potentially relevant custodians (including but not limited to the individuals known to be currently or formerly associated with Defendant NSM who are listed in Appendix B, ECF No. 708-14, at 3) as well as the last known credentials to access any social media accounts that may contain responsive materials from all such individuals, including but not limited to the credentials for the accounts listed in Appendix C, ECF No. 708-14, at 4–5.

*See* ECF No. 774 at 13.

You have not provided us any such list of custodians and credentials. Please advise us of the status of your investigation into NSM's custodians and your preparation of the list that was ordered by the Court. Thank you.

**Yotam Barkai**
Associate

**BOIES SCHILLER FLEXNER** LLP
(t) +1 212 303 3643

---

**From:** Edward ReBrook, ESQ [mailto:rebrooklaw@gmail.com]
**Sent:** Monday, August 10, 2020 12:51 AM
**To:** Yotam Barkai <ybarkai@bsfllp.com>
**Subject:** Fwd: Sines v. Kessler: NSM Discovery Issues

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Mr. Barkai:

See below.

Best regards,

W. Edward ReBrook, IV
Attorney & Counselor at Law
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015

Mobile: 571-215-9006
Email: edward@rebrooklaw.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

Begin forwarded message:

> **From:** Acacia Dietz <acacia.dietz@outlook.com>
> **Date:** August 9, 2020 at 22:41:12 EDT
> **To:** ESQ Edward ReBrook <rebrooklaw@gmail.com>
> **Subject: Fwd: Sines v. Kessler: NSM Discovery Issues**
>
> See below
>
> Acacia Dietz
>
> The ReBrook Law Office
>
> Phone: 586.696.0385
>
> Email: acacia.dietz@outlook.com
>
> This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (586.696.0385) or by electronic mail (acacia.dietz@outlook.com) and delete this message and all copies and backups thereof. Thank you.
>
> ---
>
> > **From:** Acacia Dietz <acacia.dietz@outlook.com>
> > **Sent:** Wednesday, August 5, 2020 5:33:30 PM
> > **To:** Edward ReBrook, ESQ <rebrooklaw@gmail.com>
> > **Subject:** RE: Sines v. Kessler: NSM Discovery Issues
> >
> > Edward –
> >
> > Mr. Colucci gave his consent for iDS to do a forensic investigation of his laptop and iPhone on August 3, 2020 and as far as I am aware that process has been started.  Mr. Colucci did state that the iPhone is a new phone and his other one that he had back in Dec 2019 had to be returned beginning of June right before the Order from the court was made. He is unsure why there would have been blank messages retrieved. In any

case, Mr. Colucci did consent to having the forensic investigation performed on both his devices and iDS was notified on 8/3/20.

I also asked Mr. Colucci about the other 2 devices that Mr. Barkai asked about and Mr. Colucci stated that he turned in all of the devices that were and are in his possession. He stated during the deposition that the one computer was really old and not in use at all. He stated it was like from the 1990's or early 2000's and hasn't been in use for several years and had been disposed of. The other computer talked about in the deposition had been leased and was returned because it was too expensive for him to keep paying on. Therefore, Mr Colucci turned in everything that was in his possession or control.

As for the email: CommanderColucci@nsm88.org – this email address was not even active until after the court order came on June 23, 2020.  This email address was created strictly for use since all of Mr. Colucci's other emails were given to iDS and Mr. Colucci didn't have access to them. That email contains absolutely nothing even remotely responsive to this case. Mr. Colucci is inquiring if the Plaintiffs will continue to confiscate every new email address he attempts to create for business because they are not finding anything that is of value?

I am currently attempting get Mr. Colucci to coordinate with IDS regarding the emails that need the 2FA bypassed (which is a significant number if you have seen the correspondence back and forth between myself and iDS) – and I am also trying to reach Mr. Colucci to retrieve current passwords to : Benchmark, chiefofstaff@nsm88.org, commanderburt@nsm88.org, and BlogTalkRadio, and to have him do an amended Certification form.  I previously spoke with Mr. Colucci after receiving the email from Mr. Barkai and according to the Order dated 6/23/2020 iDS was to have all data collected and given to the Plaintiffs "on or before July 10, 2020", so according to Mr. Colucci all the passwords for the above accounts were changed on July 11, 2020 with the understanding that iDS had already collected whatever was needed etc.  However, according to iDS, collection for those accounts was attempted on July 10, 2020 with no success.

I apologize on the delayed response to this as I have been doing all that I can to find the answers to Mr. Barkai's inquiries and concerns.

Best Regards,

**Acacia Dietz**
Legal Assistant
**The ReBrook Law Office**
Phone: 586.696.0385
Email: acacia.dietz@outlook.com

This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (586.696.0385) or by electronic mail (acacia.dietz@outlook.com) and delete this message and all copies and backups thereof. Thank you.

**From:** Edward ReBrook, ESQ
**Sent:** Thursday, July 30, 2020 10:22 PM
**To:** Acacia Dietz
**Subject:** Fwd: Sines v. Kessler: NSM Discovery Issues

Acacia:

See below.

Best regards,


W. Edward ReBrook, IV
Attorney & Counselor at Law
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
Mobile: 571-215-9006
Email: edward@rebrooklaw.com


This e-mail message, including all attachments, contains confidential information protected by the attorney-client privilege and/or the attorney work-product doctrine. It is intended solely for the use of the addressee. If you have received this message in error, please notify the sender immediately by telephone (571.215.9006) or by electronic mail and delete this message and all copies and backups thereof. Thank you.

Begin forwarded message:

> **From:** Yotam Barkai <ybarkai@bsfllp.com>
> **Date:** July 30, 2020 at 09:37:52 EDT
> **To:** "Edward ReBrook, ESQ" <rebrooklaw@gmail.com>
> **Cc:** Jessica Phillips <jphillips@bsfllp.com>, Yotam Barkai <ybarkai@bsfllp.com>
> **Subject: Sines v. Kessler: NSM Discovery Issues**
>
>
> Mr. ReBrook:
>
> I write concerning several issues relating to Mr. Colucci's certification form, attached here for your reference, and the production of Mr.

Colucci's documents and electronic devices.

1. **Mr. Colucci's Phone and Laptop**

As you are aware, the discovery vendor's most recent report dated July 17, 2020, indicates that only 935 reviewable documents were able to be collected from Mr. Colucci's Aspire 3 laptop. On review, these documents are entirely unresponsive to Plaintiffs' discovery requests (they are largely unreadable computer junk files). In addition, *no* reviewable documents were collected from Mr. Colucci's iPhone 11 Pro Max. We understand that approximately 100 chat or message items were retrieved from the iPhone 11 Pro Max but that they had no actual text in the message body.

However, as you are also aware, Mr. Colucci testified at his deposition in December 2019 that he had been in recent and frequent communication with, among others, Jeff Schoep, Acacia Dietz, Mike Schloer, and other NSM members about topics including Unite the Right and the litigation. *See, e.g.*, Colucci Dep. Tr. at 26-27, 30, 111-14, 198.

The fact that Mr. Colucci's phone and laptop contained no responsive documents (indeed, almost no documents whatsoever)—and that the iPhone contained 100 blank messages—combined with Mr. Colucci's deposition testimony as described above gives rise to a reasonable concern of spoliation or deletion of responsive material from Mr. Colucci's devices. We therefore request that you promptly provide consent for the discovery vendor to undertake a forensic investigation of the devices to determine whether files were deleted and, if so, the nature of those files. If not, we intend to raise these issues with the Court as appropriate.

2. **Missing or Incorrect Credentials**

In addition, as you are also aware and as reflected on the attached status report, the vendor has not been able to log in to a single one of the approximately 50 social media and email accounts listed on Mr. Colucci's certification form because Mr. Colucci did not provide credentials, the credentials did not work, or two-factor authentication must be bypassed.

We understand that Ms. Dietz informed the vendor that "what [Mr. Colucci] turned into iDS on the Certification form was the only passwords that he had for the associated accounts." However, for the majority of accounts, you have provided no explanation as to whether Mr. Colucci made attempts to reset or otherwise recover the password. (Page 6 of Mr. Colucci's certification form describes attempts to recover only 5 of these accounts.) Furthermore, we are aware of no efforts by Mr. Colucci or Ms. Dietz to work with the vendor to attempt to bypass two-factor

authentication.

Moreover, Mr. Colucci's explanation is especially not credible with regard to email and social media accounts that appear to be in recent and active use. For example, Mr. Colucci emailed me directly from the commanderburt@nsm88.org email address as recently as July 1, 2020, and yet provided an incorrect password to the vendor. Similarly, according to the NSM's website, Mr. Colucci has been regularly recording and posting podcasts under the BlogTalkRadio account with the phone number 516-453-6058, including as recently as July 28, 2020, and yet provided an incorrect password to the vendor.

We again ask that you and Mr. Colucci take all necessary and practicable steps to recover or reset all passwords to all of the social media and email accounts listed on Mr. Colucci's certification form, to provide the vendor with working passwords, and to work with the vendor as necessary to bypass two-factor authentication, as ordered by the Court in the attached order dated June 23, 2020, ECF No. 774. To the extent that any accounts remain non-recoverable after your attempts, you are required by the Court's order to provide a "statement describing all the steps Mr. Colucci took to recover the information and stating why he was not successful" and to have Mr. Colucci sign that statement under penalty of perjury.

3. **Missing Accounts and Electronic Devices**

Additionally, Mr. Colucci's certification form is materially incomplete because it is missing known social media accounts and electronic devices.

In particular, at least one email address for Mr. Colucci is missing: CommanderColucci@nsm88.org. This email address is listed as a current means of directly contacting Mr. Colucci on NSM's website, https://www.nsm88.org (which has been recently and regularly updated, including to post photos from NSM's "2020 Nationals" event on July 18, 2020). We ask that you promptly amend Mr. Colucci's certification form to include Mr. Colucci's current email address and any other social media or email account not already listed that Mr. Colucci has used since January 1, 2017, that may contain any potentially relevant documents. We also ask that you promptly provide the vendor with credentials to those email or social media accounts.

Furthermore, Mr. Colucci only disclosed one electronic device on his certification form and shipped only one device to the vendor: an Aspire 3 laptop. However, Mr. Colucci testified at his deposition in December 2019 that he has three computers, and that he uses his computers to conduct NSM business (such as creating NSM documents and newsletters) and

communicate with NSM members. *See, e.g.*, Colucci Dep. Tr. 17-18, 118, 241, 246. We ask that you promptly amend Mr. Colucci's certification form to include these computers and any other electronic devices that Mr. Colucci has used since January 1, 2017, that may contain any potentially relevant documents. We further ask that you promptly provide those additional devices to the vendor for imaging and collection.

* * *

Please provide your responses to the issues described above as soon as possible, and in any event no later than Tuesday, August 4, 2020. I am available to discuss at your convenience.

**Yotam Barkai**
Associate

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 303 3643
ybarkai@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]