# EXHIBIT H

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7338

WRITER'S DIRECT FACSIMILE
(202) 315-3802

WRITER'S DIRECT E-MAIL ADDRESS
jphillips@paulweiss.com

September 1, 2020

**VIA EMAIL**

W. Edward ReBrook IV, Esq.
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
rebrooklaw@gmail.com

Re: *Sines v. Kessler*, No. 3:17-cv-00072-NKM (W.D. Va.)

Dear Mr. ReBrook:

I write on behalf of Plaintiffs in this matter regarding the severe discovery deficiencies of your client, Defendant National Socialist Movement ("NSM"). As further described below, despite the fact that the Court fully granted Plaintiffs' motion to compel discovery from your client and has explicitly ordered your client to comply with the discovery process, your client continues to be out of compliance with express Court orders. Moreover, we are concerned and disturbed by your own lack of communication in this matter, including your failure to respond to multiple emails from Plaintiffs' counsel attempting to meet and confer and to resolve these deficiencies in good faith. We therefore request your response to this letter by Friday, September 4, 2020, with a specific date by which you commit to rectify these deficiencies. If you fail to respond or provide an inadequate response, we are prepared to raise these issues with the Court at the upcoming hearing on Monday, September 14, 2020, and to seek our fees and costs if we are, yet again, forced to seek Court intervention by your and your client's delinquency.

As you know, on June 23, 2020, the Court issued an opinion and order fully granting Plaintiffs' Motion to Compel Discovery from Defendant National Socialist Movement (which NSM failed to oppose) due to NSM's failure to comply with the discovery process to date. ECF No. 774. Among other relief, the Court ordered that:

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

- By June 29, 2020, Burt Colucci, the "Commander" of NSM, must complete a revised certification form identifying all potentially relevant social media accounts and electronic devices;

- By July 1, 2020, Mr. Colucci must send to the third-party discovery vendor all of the potentially relevant electronic devices that Mr. Colucci had identified; and

- By July 3, 2020, "Defendant NSM's attorney of record shall give the Vendor and Plaintiffs' counsel a complete list of all potentially relevant custodians . . . as well as the last known credentials to access any social media accounts that may contain responsive materials from all such individuals."

*Id.* at 12.

On July 30, 2020, we emailed you to raise with you several deficiencies concerning Mr. Colucci's compliance with the June 23, 2020, Order. Significantly, we informed you that, of the approximately 40 email and social-media accounts associated with NSM or with Mr. Colucci for which Mr. Colucci provided credentials, the vast majority of those credentials did not work or required bypassing two-factor authentication. Several of the accounts for which Mr. Colucci provided non-functioning passwords were in recent and active use at the time, such as email addresses that Mr. Colucci himself used within the past several months (including commanderburt@nsm88.org) as well as a podcasting service actively being used by NSM at the time and even today. We requested your response by August 4, 2020.

On August 7, 2020, having received no reply, Plaintiffs followed up with you and again asked for a response.

On August 10, 2020, you forwarded to Plaintiffs an email from Acacia Dietz that stated, among other things:

> I am currently attempting get [*sic*] Mr. Colucci to coordinate with IDS regarding the emails that need the 2FA bypassed (which is a significant number if you have seen the correspondence back and forth between myself and iDS) – and I am also trying to reach Mr. Colucci to retrieve current passwords to : Benchmark, chiefofstaff@nsm88.org, commanderburt@nsm88.org, and BlogTalkRadio, and to have him do an amended Certification form. I previously spoke with Mr. Colucci after receiving the email from Mr.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

> Barkai and according to the Order dated 6/23/2020 iDS was to have all data collected and given to the Plaintiffs "on or before July 10, 2020", so according to Mr. Colucci all the passwords for the above accounts were changed on July 11, 2020 with the understanding that iDS had already collected whatever was needed etc. However, according to iDS, collection for those accounts was attempted on July 10, 2020 with no success.

In other words, according to Ms. Dietz, Mr. Colucci provided the vendor with non-working credentials to his email and social-media accounts on July 10, 2020, and then, without verifying that the vendor was able to access those accounts or working with the vendor to resolve two-factor authentication issues, immediately changed the passwords on July 11, 2020—without providing the new passwords to the vendor.

On the same day, August 10, 2020, Plaintiffs responded to you and requested a status update on the matters described in Ms. Dietz's email—*i.e.*, Ms. Dietz's efforts to work with Mr. Colucci and the vendor to bypass two-factor authentication as well as her efforts to retrieve current passwords to all social-media accounts from Mr. Colucci. Plaintiffs also raised with you the fact that the Court had ordered you to provide a list of all potentially relevant NSM custodians and credentials to access those custodians' social-media accounts no later than July 3, 2020. Plaintiffs noted that you had failed to provide any such list and asked for the status of your investigation into potentially relevant custodians. You did not respond to Plaintiffs' email.

On August 11, 2020, Mr. Colucci sat for his deposition. At that deposition, Mr. Colucci admitted for the first time that on July 11, 2020, not only did he change the passwords to the email addresses, as Ms. Dietz had explained, but Mr. Colucci also ***deleted*** two email addresses that he had himself used for responsive communications—commanderburt@nsm88.org and chiefofstaff@nsm88.org—because there was, in his words, "no reason for those accounts to exist anymore" once he had provided the (incorrect) credentials to the vendor. When asked, "Did you do anything to save the contents of the nsm88.org email addresses before you deleted them?" Mr. Colucci replied, "Absolutely not."

On August 17, 2020, having received no response to our August 10, 2020, email, Plaintiffs again wrote to you to request an update on the discovery deficiencies that we had identified, including the status of Mr. Colucci's resolution of the password issues and the status of your investigation into NSM custodians. You again simply ignored Plaintiffs' email and did not respond.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Yesterday, on August 31, 2020, having still heard nothing, Plaintiffs wrote to you to request a meet-and-confer regarding NSM's discovery deficiencies. Yet again, you failed to respond.

Although you have been continuously ignoring Plaintiffs' emails concerning NSM's discovery deficiencies, it is our understanding from the third-party discovery vendor's most recent update, dated August 20, 2020, that the vendor was at some point (despite your silence to Plaintiffs) able to resolve the two-factor authentication issue and incorrect credentials as to certain of the NSM accounts. Yet this still leaves approximately 25 accounts that the vendor has been unable to image and collect. Notwithstanding our multiple attempts to communicate with you regarding this subject, you have failed to respond to explain how you are attempting to resolve this issue.

Meanwhile, although the Court explicitly ordered you, no later than July 3, 2020, to complete your investigation into all potential NSM custodians of relevant material and to provide Plaintiffs with a "complete list of all potentially relevant custodians" as well as "the last known credentials to access any social media accounts that may contain responsive materials from all such individuals," you have completely failed to comply with this Order, to provide Plaintiffs with any update on the status of any investigation, or even to respond to our emails concerning this subject.

We ask that you respond to this letter no later than Friday, September 4, 2020, to explain how and by what date you will rectify the deficiencies described above. Specifically, we request:

1. A status update on the resolution of all remaining credential or two-factor authentication issues relating to Mr. Colucci and the NSM's email and social-media accounts, and a date certain by which you commit to resolve all remaining such issues.

    As the Court ordered on June 23, 2020, for any email or social-media account that cannot be recovered, Mr. Colucci must provide "a statement describing all the steps Mr. Colucci took to recover the information and stating why he was not successful." ECF No. 774 at 12. The statement must be "signed by Mr. Colucci under penalty of perjury certifying that the information contained therein is true, correct, and complete to the best of his knowledge after he made a reasonable effort to search for and produce all requested information." *Id.*

2. A status update on the investigation into NSM custodians that was ordered by the Court, and a date certain by which you commit to completing that

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

  investigation and providing us with the lists of custodians and credentials that you were ordered to provide by July 3, 2020.

  If you fail to do so, we will raise these issues with the Court, including at the upcoming hearing on September 14, 2020, and will seek our fees and costs if we are forced to seek Court intervention to require you and your client to comply with the Court's orders.

  I am available to discuss these issues at your convenience.

           Sincerely,

            */s/ Jessica E. Phillips*

           Jessica E. Phillips