## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>        Defendants. | **Civil Action No. 3:17-cv-00072-NKM**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT
### RICHARD SPENCER'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs respectfully move to strike Defendant Richard Spencer's motion for summary judgment, ECF No. 895. Spencer filed his motion more than two months past the deadline of August 7, 2020 and has provided no excuse or justification whatsoever for his delay. Indeed, even when the Court provided Spencer a potential second chance—allowing all Defendants two additional weeks to extend any previously expired deadlines upon a showing of "excusable neglect" and "good cause"—Spencer ignored that invitation. Instead, Spencer simply filed his motion on October 19, 2020, woefully late and without any explanation as to his tardiness. Spencer's delinquency on this particular motion is just the latest instance of his picking and choosing the deadlines with which he will comply; he was specifically warned by the Court when

failing to obey discovery deadlines in 2018 that he cannot "just not make a deadline."  Plaintiffs respectfully request that the Court strike the motion as untimely.

## BACKGROUND

On June 15, 2018, the Court set the original deadline to file summary judgment motions in this case: April 24, 2019.  *See* ECF Nos. 101, 329.  On April 4, 2019, due to numerous delays in discovery caused by Defendants, the Court continued the trial date indefinitely.  *See* ECF No. 461. In an amended scheduling order that was issued on November 27, 2019, and which was agreed upon in all pertinent parts by the parties—including Spencer—the Court set the deadline to file summary judgment motions as August 7, 2020, where it remained.  *See* ECF No. 597 at 2.  In mid-June 2020, while Spencer was ably represented by counsel, the parties discussed potential modifications to the amended scheduling order to afford more time for the submission of expert reports.  *See* Ex. A (Bloch Email, Jun. 17, 2020) at 5.  During that discussion, the parties expressly considered whether to also modify the summary judgment deadline.  *Id.* at 3.  Ultimately, after discussion amongst the parties, including Spencer's counsel, all parties agreed to maintain the August 7 summary judgment deadline.  *Id.* at 1.  Spencer himself appears to have been specifically consulted on this issue by his attorney.  *Id.* at 1–2.  Several Defendants moved for summary judgment prior to the August 7 deadline.  *See* ECF No. 823.

On June 22, 2020, the Court granted the motion to withdraw filed by John DiNucci, Spencer's former counsel.  *See* ECF No. 773.  The Court explicitly informed Spencer, "Unless and until new counsel enters an appearance on Mr. Spencer's behalf, he is solely responsible for conducting his defense in accordance with all rules, court orders, and deadlines in this case. . . . . Neither the trial date nor any deadline will be continued because of the granting of the motion to withdraw."  *Id.* at 2.  Spencer subsequently attended and participated in his seven-hour deposition

on July 1, 2020, conducted by Plaintiffs' counsel, Mr. Bloch.  He has been in regular contact with Plaintiffs' counsel since the deposition.  Nonetheless, August 7, 2020, came and went, and Spencer filed no summary judgment motion, and he never sought any sort of extension or accommodation from either Plaintiffs or the Court.

On September 14, 2020, Spencer appeared for a show cause hearing and status conference before the Court, more than a month after the summary judgment deadline had passed.  At that hearing, only after another Defendant indicated his interest in belatedly moving for summary judgment, Spencer indicated for the first time his intent to move as well.  *See* ECF No. 881 at 22 ("MR. SPENCER: . . . Your Honor, I would like to second that sentiment.").  Spencer provided no reason why he had not yet filed a motion despite being out of time, other than saying, "Throughout August I was responding to the [requests for admission] from plaintiffs as well, and I feel like we are now in a position where these summary judgement motions can be filed."  *Id.* at 22–23.  He added, "[I]f you could give us a reasonable deadline, I can certainly meet that."  *Id.* at 23.  Plaintiffs immediately opposed that request on grounds that it was untimely.  *Id.* at 23.  The Court acknowledged Spencer's request and emphasized that all requests related to summary judgment should be directed to Magistrate Judge Joel C. Hoppe.  *Id.* at 23–24 ("[F]or all the requests now for summary judgment, those matters have been referred to Judge Hoppe, and you'll take those up with Judge Hoppe.  And if he allows it . . . [h]e'll give you the times within which you must file any motion . . . [P]reviously these matters were referred to Judge Hoppe, and so it's still in his hands . . . [I]f you wish to make a motion to file a summary judgment late, you may take it up with him.").

The next day, on September 15, 2020, the Court gave Defendants the potential second chance that Spencer had requested.  In an order from Judge Hoppe, the Court ordered that certain

trial-related deadlines be suspended but made clear that "[t]his Order does not apply to deadlines that have already passed." ECF No. 874 at 1. As to those previously expired deadlines, however, the Court ordered, "Any party seeking to extend an expired deadline shall, within fourteen (14) days of this Order, file a motion showing the party failed to act because of excusable neglect and there is good cause to extend the time previously allowed." *Id.* at 1. The Court's Order was mailed and emailed to Spencer along with all other *pro se* parties. *See* ECF No. 874 (docket entry).

The new deadline for Spencer to move to extend any previously expired deadlines on a showing of "excusable neglect" and "good cause" passed on September 29, 2020. Spencer filed no motion to extend the deadline for dispositive motions and did not otherwise explain the reasons for his failure to file on time, why his failure to do so was the result of "excusable neglect," or why there was "good cause to extend the time previously allowed." *See* ECF No. 874 at 1. Instead, on October 19, 2020, without so much as acknowledging that both prior deadlines had passed, Spencer filed a motion for summary judgment. *See* ECF No. 895. Conspicuously absent from Spencer's motion was any excuse whatsoever for his failure to comply with basic deadlines, let alone the "excusable neglect" and "good cause" required by the law and the Court's order. ECF No. 874 at 1.

This was not the first time Spencer had wantonly disregarded Court deadlines while representing himself in this litigation despite having demonstrated the wherewithal to file pleadings on time on his own behalf. Indeed, he was specifically warned more than two years ago to be mindful of Court deadlines. Spencer represented himself *pro se* prior to Mr. DiNucci's appearance in this litigation on May 23, 2018. *See* ECF No. 315. While representing himself, Spencer filed a timely Motion to Dismiss on his own behalf on January 30, 2018, *see* ECF No. 209, as well as a lengthy Reply in support of his Motion to Dismiss several months later, *see* ECF No.

253.  While *pro se*, Spencer also participated in hearings with the Court on March 16, 2018, *see* ECF No. 282 at 5, and again on April 19, 2018, *see* ECF No. 308 at 2.  Despite his ability to draft and file pleadings on his own behalf, Spencer nonetheless failed to comply with certain discovery deadlines.  During the April 19, 2018 hearing, the Court explained to Spencer that deadlines set by the Court must be met, absent an extension.  ECF No. 308 at 5–6 ("Mr. Spencer, just for future reference . . . since I know that you are not an attorney by trade, but, you know, if I set a deadline in an order and if for some reason . . . you are not going to be able to make that deadline, the steps that you really need to take are, one, to confer with opposing counsel and see what their position is on it . . . [I]f they oppose it . . . it is really your obligation to still file a motion and show good cause for the extension.  ***But you can't just not make a deadline***." (emphasis added)).  Spencer informed the Court at that time that he recognized his obligations in that respect.  *Id.*

## LEGAL STANDARDS

Rule 6(b) of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. (b)(1).  "Where a party seeks an extension of time after the Rule 6(b) deadline for filing has passed, courts ***must*** find excusable neglect before granting the motion."  *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) (emphasis added).

"'Excusable neglect' is not easily demonstrated, nor was it intended to be."  *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (citation omitted).  Excusing late filings on the basis of excusable neglect is reserved for "extraordinary cases."  *Smith*, 93 F. Supp. 2d at 790 (quoting *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011)).  "In determining if a party's neglect is excusable, courts consider 'the danger of prejudice to the

[opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The most important of these factors is the reason for failure to timely file." *Smith*, 93 F. Supp. 2d at 790 (citing *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

## ARGUMENT

Spencer, like all Defendants in this case, has had numerous chances to file a motion for summary judgment. He could have done so any time up to and including August 7, 2020—as several other Defendants did. He chose not to do so despite being actively engaged in the litigation, even after his counsel withdrew, as the Court instructed. More than a month later, after the issue was specifically discussed in open court, the Court then gave Spencer and other Defendants a roadmap to a potential second chance, explicitly putting Spencer on notice that he could move for an extension of time until September 29, 2020, on a sufficient showing of "excusable neglect" and "good cause." ECF No. 874 at 1. Again, Spencer chose not to do so. He thus not only ignored the August 7 deadline, which was mutually agreed upon by all parties, he ignored the subsequent deadline to explain why he had ignored the initial deadline. His motion is simply too late.

Because Spencer filed his motion months after the August 7 deadline, he must meet the requirement, under the relevant four-part standard and under this Court's order dated September 15, 2020, that he show "excusable neglect." Spencer has not just failed to meet that standard, he has not even made the most fainthearted effort to try. Rather, although the Court explicitly put him on notice of the need to show that he "failed to act because of excusable neglect" and that

"there is good cause to extend the time previously allowed," ECF No. 874 at 1, Spencer simply did not do so. In fact, Spencer's motion does not even acknowledge that any deadline has passed or provide any substantiation of such "excusable neglect." Because Spencer has failed to provide any explanation whatsoever for his delay in filing—whether in a motion for an extension of time or in the motion itself—he has failed to meet his burden under Fed. R. Civ. P. 6(b) or the Court's order, ECF No. 874. As a result, the Court should not put Plaintiffs to the significant burden of responding to another summary judgment motion filed months after other Defendants—more mindful or respectful of Court-ordered deadlines—timely-filed their motions.

Even if Spencer had provided some form of explanation or excuse, analysis of the four *Pioneer* factors would reach the same result. On the "most important" factor—"the reason for failure to timely file," *Smith*, 933 F. Supp. 2d at 790—Spencer has provided no reason at all for his delay, let alone one substantiating the existence of "excusable neglect." Nor could he, given the passage of time, the substantial notice that he has had of the deadlines, his demonstrated ability to litigate this case even while *pro se* and his many opportunities to correct course. The other three *Pioneer* factors also weigh in Plaintiffs' favor. First, Plaintiffs will suffer "prejudice," including substantial burden and expense, from briefing this far-belated motion for summary judgment. *See Pioneer*, 507 U.S. at 395*. See also In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) (when applying the *Pioneer* factors, "the correct measure of prejudice is to the non-moving party."). This prejudice is compounded by the fact that if Spencer is allowed to file this motion notwithstanding his extraordinary tardiness, other Defendants may seek to join him in doing so. Second, "the length of delay and its potential impact on judicial proceedings" weigh in Plaintiffs' favor. Spencer's motion is more than two months late—far more than the amount of time recognized as an unacceptably long delay. *See Agnew*, 680 F. App'x at 155 (denying motion for leave to file

untimely brief and commenting that "twelve days is a long delay"). Spencer's untimely motion also threatens to cause further protracted and inefficient proceedings that burden the Court as well as Plaintiffs. *See Atakulu v. Maryland Dep't of Human Res.*, No. GJH-14-0904, 2014 WL 2927772, at *4 (D. Md. June 26, 2014) ("the judicial system's need for finality and efficiency in litigation" factors in analysis of excusable neglect). And on the fourth *Pioneer* factor, there is no indication that Spencer "acted in good faith" given that he was on repeatedly put notice of the need to timely file and has provided no reason or explanation for his failures here. *See Pioneer*, 507 U.S. at 395.

Nor does Spencer's *pro se* status support any finding of excusable neglect here, particularly because Spencer had repeated and actual notice of his deadlines. A *pro se* litigant's "ignorance of the law and relevant procedures is not sufficient to demonstrate excusable neglect. Indeed, the Fourth Circuit has expressly stated "that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" *Atakulu*, 2014 WL 2927772, at *4 (quoting *Thompson*, 76 F.3d at 533). "Although pleadings prepared by *pro se* litigants are to be liberally construed, the same cannot be said for the interpretation of procedural rules in ordinary civil litigation." *Awah v. Midland Credit Mgmt. of Am.*, No. RWT 10CV885, 2011 WL 3821600, at *2 (D. Md. Aug. 26, 2011) (granting motion to strike untimely complaint filed by *pro se* plaintiff), *aff'd*, 463 F. App'x 193 (4th Cir. 2012). Additionally, the fact that Spencer was previously represented by Mr. DiNucci and that Mr. DiNucci moved to withdraw as Spencer's counsel further undermines any showing of excusable neglect and "supports the inference" that Spencer himself "is to blame for [his] failure to act in a timely fashion." *Alexander v. Glut Food Coop*, No. 8:10-CV-00955-AW, 2013 WL 1741982, at *3 (D. Md. Apr. 22, 2013) (denying motion for reconsideration filed one day too late), *aff'd*, 546 F. App'x 165 (4th Cir. 2013). Indeed,

Spencer has represented himself for nearly a year of this litigation and has demonstrated the ability to file sophisticated pleadings on his own behalf and, when he so chooses, to do so in a timely manner.  He was expressly warned by the Court previously *in this case* that there is a standard protocol to observe when seeking extensions for deadlines.  Spencer ignored those instructions both when August 7 came and went, and again when provided a roadmap by the Court on September 15 of a potential avenue for relief for his delinquency.  Spencer has demonstrated clearly that he knows the rules and has the ability to play by them.  He simply has refused to do so here.  There is no factual or legal basis to afford him any more chances.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Spencer's motion for summary judgment as untimely filed.

Dated: October 22, 2020

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

1

I further hereby certify that on October 22, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*

2