UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>        Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AGAINST ROBERT "AZZMADOR" RAY

Plaintiffs bring this motion for monetary sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure to request their reasonable fees and expenses caused by Defendant Robert "Azzmador" Ray's failure to attend his depositions on July 29, 2020, and September 14, 2020, as well as their reasonable fees and expenses incurred in preparing for and attending Ray's civil contempt hearing on September 14, 2020.

### BACKGROUND

As the Court knows, on July 13, 2020, Ray failed to attend his properly noticed deposition. *See* ECF No. 814 at 1; ECF No. 848 at 1; ECF No. 877 at 2 ¶ 3. Plaintiffs accordingly moved the Court to compel Ray to appear for his deposition; to issue a bench warrant for Ray's arrest and hold him in custody until his deposition could take place; and to order Ray to pay Plaintiffs' reasonable expenses incurred in arranging Ray's deposition and in bringing Plaintiffs' motion, including reasonable attorneys' fees and costs. *See* ECF No. 803 at 5.

On July 23, 2020, the Court granted "Plaintiffs' requests to be reimbursed for their reasonable fees and expenses caused by Ray's failure to attend the July 13 deposition." ECF No. 814 at 1; *see* ECF No. 848 at 1. The Court also ordered Ray to appear for a rescheduled deposition on July 29, 2020. *See* ECF No. 814 at 1. Plaintiffs then expended additional time and resources preparing for Ray's rescheduled deposition.

On July 29, 2020, Ray failed to appear for his deposition a second time. *See* ECF No. 848 at 1; ECF No. 877 at 3 ¶ 8. On August 27, 2020, after Plaintiffs brought Ray's failure to the Court's attention, the Court ordered Ray to appear at a civil contempt hearing and to sit for his deposition on September 14, 2020. *See* ECF No. 848 at 3 ¶¶ 4–5; ECF No. 877 at 3–4 ¶¶ 11–12. Plaintiffs again expended time and resources preparing for Ray's deposition, now rescheduled for a second time, as well as in preparing for the civil contempt hearing that was held solely because Ray refused to participate in the discovery process in good faith.

On September 14, 2020, Ray failed to appear for his deposition for a third time and failed to appear for the civil contempt hearing, at which Plaintiffs appeared and participated. *See* ECF No. 877 at 4 ¶¶ 14–15. On September 16, 2020, the Court found Ray to be in civil contempt and ordered that a bench warrant be issued for Ray's arrest. *See* ECF No. 877 at 8–9.

## LEGAL STANDARDS

The Court has wide discretion under both Rule 37 and its inherent authority to impose sanctions when a party fails to respond to discovery requests or to comply with discovery ordered by the court, including failing to participate in a deposition. *See* Fed. R. Civ. P. 37; *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013); *Mut. Fed. Sav. & Loan v. Richards & Ass'n*, 872 F.2d 88, 94 (4th Cir. 1989); *Sampson v. City of Cambridge*, 251 F.R.D. 172, 178–79 (D. Md. 2008). In addition, Rule 37 specifically provides that the Court "may, on motion, order

2

sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 further states that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## ARGUMENT

Ray's contumacious behavior in this case, which the Court has found has repeatedly prejudiced and harmed Plaintiffs, merits the imposition of sanctions. As the Court has recognized, "Plaintiffs are entitled to conduct a deposition upon oral examination of Ray, and to get truthful and fulsome responses as part of discovery in this case, and to do so without needless expense or burden imposed on account of Ray's failure to appear at a scheduled deposition." ECF No. 877 at 6 ¶ 26; *see Diamond*, 2010 WL 11549876, at *2 ("Mr. Diamond's attendance at the March 1, 2010 deposition was mandatory under Fed. R. Civ. P. 30(a)(1) . . . ."). But, as the Court has found, "Ray did not attend properly noticed depositions upon oral examination by Plaintiffs' counsel, and indeed he still has failed to attend his deposition." ECF No. 877 at 7 ¶ 27.

Accordingly, Plaintiffs have been not only been prejudiced by the severe evidentiary gap left by Ray's misconduct,[1] but also have been repeatedly forced to waste precious time and resources only to have Ray flout his obligations to Plaintiffs and the Court time and again. Indeed, as the Court has found:

> Plaintiffs have suffered and continue to suffer harm as a result of Ray's continued violation of these Orders. ***Plaintiffs' counsel have diligently tried to schedule Ray's deposition since May and they have appeared at, and made all necessary arrangements for, no less than three properly-noticed depositions for Ray at***

---

[1] This evidentiary gap is the subject of a separate motion for evidentiary sanctions that is currently pending against Ray. *See* ECF No. 750.

3

> ***considerable expense and effort—well beyond that which is expected of a party to secure a deposition.*** Ray's failure to appear at these depositions has unacceptably forestalled Plaintiffs' ability to get discovery to which they are entitled, and, as a result, stymied Plaintiffs' development of their case.

*Id.* at 7 ¶ 29 (emphasis added).

The imposition of sanctions in the amount of Plaintiffs' reasonable fees and expenses is proper in such circumstances. *See, e.g.* Fed. R. Civ. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."); Fed. R. Civ. P. 37(d)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."); *Diamond*, 2010 WL 11549876, at *3–4. In addition, this is not a case where Ray's "failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). To the contrary, despite Plaintiffs' and the Court's numerous attempts to contact Ray regarding his deposition, and despite the Court now holding Ray in contempt and ordering that a bench warrant be issued for his arrest, Ray still has failed to respond to or even acknowledge Plaintiffs' communications. *See* ECF No. 877 at 2 ¶ 4, 3 ¶ 9, 4 ¶¶ 13–17.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs monetary sanctions pursuant to Rule 37 in the amount of their reasonable fees and expenses caused by Ray's failure to attend his depositions on July 29, 2020, and September 14, 2020, as well as their reasonable fees and expenses incurred in preparing for and attending Ray's civil contempt hearing on September 14, 2020.

Dated: October 27, 2020

Respectfully submitted,

*/s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

<div style="columns:2">

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

</div>

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

  I hereby certify that on October 27, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

  I further hereby certify that on October 27, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

<u>/s/ Robert T. Cahill</u>
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*