UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>**JURY TRIAL DEMANDED** |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT NATIONAL SOCIALIST MOVEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................................................................................iii

PRELIMINARY STATEMENT..................................................................................................1

BACKGROUND........................................................................................................................2

STATEMENT OF THE CASE..................................................................................................4

LEGAL ARGUMENT................................................................................................................ 9

CONCLUSION........................................................................................................... 11

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Velocity Micro, Inc. v. Edge Interactive Media, Inc.,*
   No. 3:08cv135, at *12 (E.D. Va. Nov. 3, 2008)……………………………………….8

*Schrag v. Dinges*,
   150 F.R.D. 664 (1993)....................................................................................................8

*Centauri Shipping Ltd. v. W. Bulk Carriers KS,*
   528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007)…………………………………………….8

*Oliveri v. Thompson,*
   803 F.2d 1265, 1267 (2d Cir. 1986)……………………………………………………8

*Bowers v. University of Virginia,*
   No. 3:06cv00041, at *18 n.16 (W.D. Va. June 6, 2008)……………………………...8

*Holloway v. Arkansas,*
   435 U.S. 475, 484 (1978)………………………………………………………………8

*Board of License Commissioners of the Town of Tiverton v. Pastore*,
   469 U.S. 238, 240, 105 S.Ct. 685, 686, 83 L.Ed.2d 618 (1985)…………………….8

*Fusari v. Steinberg,*
   419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975)……………………...8

*U.S. v. Shaffer Equipment Co.,*
   796 F. Supp. 938, 950 (S.D.W. Va. 1992)……………………………………………..8

*United States v. De Le Puente*
   755 F.2d 313, 315 (3rd Cir. 1985)……………………………………………………..8

*Malin v. Hospira, Inc.*,
   762 F.3d 552, 564 (7th Cir. 2014)……………………………………………………...9

*U.S. Equal Emp't Opportunity Comm'n v. GMRI, Inc.*,
   No. 15-20561-CIV-LENARD/GOODMAN, at *5 (S.D. Fla. Nov. 1, 2017)……………….9

*Vodusek v. Bayliner Marine Corp.*,
   71 F.3d 148, 156 (4th Cir. 1995)…………………………………………………………10

*Stevenson v. Union Pac. R.R.*,
   354 F.3d 739, 746 (8th Cir. 2004)……………………………………………………..10

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
   306 F.3d 99 (2d Cir.2002)……………………………………………………………..10

**Rules**

Fed. R. Civ. P. 34………………………………………………………………………….9

Fed. R. Civ. P. 34(a)……………………………………………………………………….9

Fed. R. Civ. P. 37. ..……………………………………………………………………..9, 10

Fed. R. Civ. P. 37(b)(2)…………………………………………………………………...9

Fed. R. Civ. P. 37(e)..……………………………………………………………………9, 10, 12

Fed. R. Civ. P. 37(e)(2)…………………………………………………………………9, 10

Model R. of Prof'l Conduct Rule 3.3............................................................................9

## PRELIMINARY STATEMENT

Defendant National Socialist Movement ("NSM"), by and through counsel, respectfully submits this Response in Opposition to Plaintiffs' Motion for Sanctions Against Def. Nat'l Socialist Movement (ECF 894). Defendant NSM has maintained since the beginning of this litigation that they were not part of any conspiracy to commit racially-motivated violence, indeed they were not part of any conspiracy at all. The Defendants first respond to the Pls. Motion for Sanctions, ECF 894, by stating that despite the protestations and overwrought demands, all of the reasonably relevant documents, electronically stored information, and custodians to which the Plaintiffs would be entitled have been produced or offered for production.

To date, Defendant NSM has turned over all possibly discoverable materials within its control. All of these documents have been readily available to Plaintiff's counsel since August 26, 2020 as per the third-party discovery vendor ("Vendor"). Exhibit 1. However, in an attempt to gain favor with this court and the people, Plaintiffs' assumptions and opinions are presented as circumstantial facts. Their motion reads as though it is holy scripture. According to their motion for sanctions Plaintiffs' claim they "still do not have information necessary to even begin discovery into responsive documents and relevant accounts and devices held by relevant NSM custodians.[1]" and "of the relatively few documents NSM has produced to date, the vast majority are non-responsive or unreadable."[2]

Plaintiffs have had almost three months to sift through their gathered discovery and it is only after realizing there is no evidence to support their claims of a conspiracy that they bring this motion for sanctions. It is this very lack of evidence against Defendant NSM that now motivates the Plaintiffs to bring forth this motion requesting this court to make their case for them by instructing a jury to make adverse - inferences.

It is not NSM's responsibility to make the Plaintiffs case for them. Nor is it the fault of the

---

[1] Pls Motion for Sanctions Against Defendant National Socialist Movement, ECF 894 at 1 ¶ 1.
[2] Pls Mot. For Sanctions Against Def. National Socialist Movement ECF 894 at 1 ¶ 2.

NSM that what ESI has been rendered does not back up the Plaintiffs' claims of a conspiracy. If such documents did indeed exist surely the Plaintiffs would be able to make their case with the 2,000,000 plus files currently in their possession from all defendants in this litigation. Plaintiffs are convinced that Defendants NSM and Schoep are withholding some relevant and discoverable evidence, refusing to even entertain the possibility that neither defendant was part of any alleged conspiracy.

It is defense counsel's position that both Defendant NSM and Defendant Schoep have complied with the discovery order to the full extent of their ability to do so. Defendant NSM cannot produce discovery for items or custodians of which it has no control or plainly do not exist. An examination of the circumstances surrounding this motion and law demonstrates that Plaintiffs' motion and the relief sought is both unwarranted and unlawful.

## BACKGROUND[3]

While Defendant NSM concedes that discovery in this matter has not progressed as smoothly as either side would have anticipated, this is not solely the responsibility of Defendants NSM and Schoep. Plaintiffs' motions are wrought with inaccuracies and exaggerations. Selectively choosing to omit defense counsel's previous memorandums and motion responses explaining the background behind previous discovery issues.

In October of 2019, Defendant NSM's submitted a Mem. In Opposition to Pls. first motion for Sanctions and motion to compel NSM. (*See* ECF 575) explaining to the court the inaccuracies displayed in the Pls. First Motion to Compel NSM, ECF 547. Again in their most recent motion for sanctions, ECF 894, Plaintiffs' claim that Schoep fired his attorney and left the NSM in order to evade discovery (*See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 4 ¶ 2). The course of events regarding both of these circumstances is explained extensively in Defendant Schoep's Brief in Opposition, ECF 694

---

[3] Defendant NSM fully incorporates by the reference prior motions, Mem. In Opposition to Pls. Motion for Sanctions Against Def. Jeff Schoep, Nat'l Socialist Movement and Nat'l Front. ECF 575 and Brief in Opposition to Pls. Mot. To Compel ECF 694.

5-7, 11. Plaintiffs attempt to paint the picture that instead of cooperating with discovery requests Schoep chose to leave the NSM and to fire his defense counsel. This simply is inaccurate. In December 2018, Attorney James Kolenich, who was defense counsel of record for NSM and Schoep at that time, was given authorization by Defendant Schoep to sign for the third-party discovery vendor. At that same time Mr. Schoep also disclosed to his former counsel of the water damage to his iPhone 6. On February 16, 2019, **_without Defendant Schoep's knowledge or approval_**, Mr. Kolenich asked the Vendor to remove his client's name (Jeff Schoep) from the discovery docu-sign agreement. In that same email correspondence, Mr. Kolenich told the Vendor that he no longer represented Schoep in this litigation. (*See* Pls' Mot. For Rule 37 Sanctions Against Def. Jeff Schoep, Feb. 27, 2019, Ex. 9, ECF No. 432-9) At the time Mr. Kolenich requested Schoep be removed from the docu-sign agreement, Mr. Kolenich was **_Schoep's attorney of record._** Despite any issues prior defense counsel and Defendant Schoep may have had, Mr. Kolenich still had a professional duty to disclose to his client (Schoep) that counsel had refused to give authorization to the Vendor. During the March 1, 2019 telephonic hearing Defendant Schoep made it abundantly clear that he was indeed willing to cooperate and participate in discovery. *See* Hr'g Tr., March 1, 2019. ECF No. 441. Defendant Schoep was not aware of any discovery issues until Pls' First Motion for Sanctions, ECF 432. Since this time Defendant Schoep has co-operated to the fullest extent humanly possible with the discovery process.[4]

Plaintiffs repeatedly make the claim that Defendant NSM by way of defense counsel, Defendant Schoep and Mr. Colucci have acted in bad faith. While defense counsel admits that things have not progressed as smoothly or as quickly as desired, counsel maintains that all parties in question have done everything humanly possible and within their control[5] to remedy all discovery requests and issues.

---

[4] *See* Def. Schoep's Brief in Opp. To Pls' Motion to Compel, ECF 694.
[5] "'Control' is defined as the legal right, authority or ability to obtain documents upon demand." *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005).

Counsel for Defendant NSM has repeatedly inquired about any other possibly responsive custodians or any other social media, email or website accounts, albeit much to no avail. Exhibit 4. In accordance with the Mem. Op. & Order of June 23, 2020, Defendant NSM and counsel of record has submitted all devices, accounts and custodians within their control to both opposing counsel and the Vendor.

Plaintiffs' counsel is convinced there are other NSM responsive custodians, however, defense counsel, Defendant Schoep or Mr. Colucci cannot provide that which simply does not exist. Repeatedly Plaintiffs counsel has inquired about a previous NSM member and possible custodian, Brian Culpepper. Defense counsel has inquired about Mr. Culpepper on multiple occasions without success. As Plaintiffs' already know, Mr. Culpepper has not been a member of Defendant NSM since early 2018 and defense counsel has been unable to reach him. Even so, in his deposition on December 10, 2019, Mr. Colucci stated that Mr. Culpepper was no longer a member of the NSM, but if Plaintiff's wished to reach out they could. Mr. Colucci even went so far as to give the Plaintiffs' the possible last known whereabouts of Mr. Culpepper.[6]

In compliance with the Mem. Op & Order of June 23, 2020, Mr. Colucci sent all the social media and email accounts to the vendor, among these email accounts was Mr. Culpepper's NSM email, *nsmregion4hq@gmail.com*. Exhibit 2. The Vendor was able to access and collect data from this email as well and this information was made available to opposing counsel. Plaintiffs were in fact made aware of this information **before** submitting their motion for sanctions.

### STATEMENT OF THE CASE

Despite the strident protestations of Plaintiffs' counsel, Defendant NSM has not engaged in any willful conduct that would justify the relief requested. In the last correspondence that defense counsel had with the Vendor, it had appeared to defense counsel that the parties were continuing to make satisfactory progress in complying with the Court's directive. All possible

---

[6] *See* Tr. Of Dep. Of Burt Colucci, Dec. 10, 2019, ECF No. 674-5, 257 at 11

4

custodians, accounts and devices that were within Defendant NSM, Schoep and Mr. Colucci's control were released to the Vendor in accordance with the Mem. Op. & Order of June 23, 2020, ECF 774. The defense counsel was surprised to learn that Plaintiffs' counsel felt it necessary to file the motion that is now before the Court.

Plaintiffs claim that they are unable to even begin discovery, when in fact discovery is now closed and per Vendor, Plaintiffs have had access to the collected emails and accounts since August 26, 2020. Plaintiffs were notified by iDS on August 26, 2020. Exhibit 3. However, in their motion for sanctions, Plaintiffs' counsel claims that as of the filing of the motion they still did not have access.[7]

Despite knowing that the key facts in this case are hotly disputed, the Plaintiffs' Motion for Sanctions reads as though Plaintiffs have already proven the essential elements of their case. While Plaintiffs' motions are impressively thick and filled with attachments, it does not place the factual content and the subject discovery requests and responses in their full context. An examination of the circumstances surrounding this motion demonstrates that Plaintiffs' motion and the relief sought is unwarranted and unnecessary.

In their motion, Plaintiffs assert that Mr. Colucci has "admitted on multiple occasions to ***destroying potentially responsive documents.***" (*See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 1 ¶ 2). This is a blatant and complete misrepresentation of deposition testimony. On December 10, 2019, Ms. Phillips asked Mr. Colucci about one of his VK posts, dated May 14, 2019, regarding "access to any and all NSM sensitive material.*"[8]* (*See* Tr. Of Dep. of Burt Colucci, Dec. 10, 2019, ECF No. 674-5, 95-100). During the deposition, Ms. Phillips asked Mr. Colucci to explain exactly what "sensitive material" he was referring to in his post. Mr. Colucci stated he "vaguely" remembered "this post" and proceeded to guesstimate the "sensitive material" referred to was only personal individual membership

---

[7] "*Plaintiffs are also unable to access the social media and email accounts that NSM has now disclosed and has not yet deleted.*" Pls' Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 15.
[8] (*See* Tr. Of Dep. of Burt Colucci, Dec. 10, 2019, ECF No. 674-5, 95-100)

5

information. Nothing concerning communication or anything potentially responsive to this litigation.[9]

Plaintiffs' counsel also claim that Mr. Colucci *purposefully* gave the Vendor "incorrect credentials" for "two email addresses he had used for responsive communications" and then proceeded to delete those accounts in order to conceal any adverse information. (*See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 13 ¶ 1.) Once again deposition testimony is twisted to fit the Plaintiffs' narrative. According to deposition testimony, Mr. Colucci states:

> "The court order specifically said -- I believe it was either the July 5th or 6th until July 10th -- that IDS had a legal responsibility per the court order to give that information to the plaintiffs on July 11th. There was no reason for those accounts to exist anymore because the plaintiff should have had that information, whatever nonresponsive material would have been in those accounts, in their possession. So I guess apparently IDS dropped the ball on that" (*See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894-5 (Ex. E, Aug. 11, 2020 Deposition of B. Colucci at 88-89)).

To Mr. Colucci's knowledge, the Vendor had accessed the accounts and relinquished all responsive information to opposing counsel on or before July 10, 2020. According to his own deposition, Mr. Colucci even stated as far as he was aware, all the responsive ESI data collected was to be given to Plaintiff's counsel "on or before **July 10, 2020**" in accordance with the court's order. (*See* Pls' Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894-5 (Ex. E, Aug. 11, 2020 Deposition of B. Colucci at 88-89), Mem. Op. & Order of June 23, 2020 at 13).

According to the Mem. Op. & Order of June 23, 2020, there would have been no logical reason for Mr. Colucci to believe all responsive ESI had not been collected and given to the Plaintiffs. Mr. Colucci did not intentionally delete any potentially responsive data. No where in either deposition testimony could one logically conclude that Mr. Colucci intentionally destroyed potentially responsive documents for the specific intent to deprive.[10]

---

[9] (*See* Tr. Of Dep. of Burt Colucci, Dec. 10, 2019, ECF No. 674-5, 95-100)
[10] Once again, Plaintiffs present personal opinions and assumptions as material fact in an effort

6

In addition, Plaintiffs state that Defendant NSM "delayed investigation into other potentially responsive social media and email accounts" by "providing incorrect credentials, changing passwords without notice, and failing to resolve two-factor authentication issues." That as recently as October 15, 2020, "(as far as Plaintiffs are aware) [Mr. Colucci] failed to resolve two-factor authentication issues."[11] Both of these statements are blatant misrepresentation of material fact. There were indeed issues of two factor authentication and these minimal issues were resolved almost immediately when brought to defense counsel's attention. In fact, Plaintiffs' were made aware that these issues had been resolved with the Vendor and that data collection had been initiated on August 10, 2020. Exhibit 5. (Email from iDS with Status Report 08/20/2020). Additionally, all potentially responsive data collected from social media and email accounts has been available to opposing counsel since August 26, 2020. Exhibit 6 (Email from iDS to Dietz RE: Discovery) Yet in their motion, Plaintiffs maintain still they are "unable to access the social media and email accounts that NSM has now disclosed and has not yet deleted." (*See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 19 ¶ 1). Indeed, two days prior to the filing of the Plaintiffs' motion, the Vendor emailed another updated Status Report to all parties in this litigation. Exhibit 7 (Email from iDS and Status Report 10/13/2020) In accordance with the order of this court, all credentials (or other information) within Defendant NSM and Mr. Colucci's control for electronically stored information was produced to the discovery vendor along with devices ordered by the court. All issues regarding two-factor authentication that Mr. Colucci had control over were remedied before Plaintiffs' brought forth their motion. In addition, at the request of the Plaintiffs', Mr. Colucci also agreed to have his cellphone and laptop undergo a forensic analysis by the Vendor, which is still ongoing.

Once again, it is abundantly clear that Plaintiffs blatant "misrepresentations were part" of a "conscious strategy to mislead the Court" in order to "obtain an advantage in litigation."

---

corroborate their version of events.
[11] *See* Pls. Motion for Sanctions Against Def. Nat'l Socialist Movement, ECF 894 at 13.

7

*Velocity Micro, Inc. v. Edge Interactive Media, Inc.,* Civil Action No. 3:08cv135, at *12 (E.D. Va. Nov. 3, 2008). Consistently throughout this litigation, Plaintiffs' motions "rely on speculation and a misrepresentation" of material fact and deposition testimony. *Schrag v. Dinges*, 150 F.R.D. 664 (1993). Not only a misrepresentation of fact, but also the omitting of discovery facts of which Plaintiffs' were fully aware. Plaintiffs' have a duty to "fulfill the obligations of truth, candor, accuracy, and professional judgment that are expected of [attorneys] as an officer of the court." *Centauri Shipping Ltd. v. W. Bulk Carriers KS,* 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007) (quoting *Oliveri v. Thompson,* 803 F.2d 1265, 1267 (2d Cir. 1986)) *Bowers v. University of Virginia,* CIVIL ACTION No. 3:06cv00041, at *18 n.16 (W.D. Va. June 6, 2008). As such, the representations made to the court are taken as true and equivalent to being under oath. *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.") (quotations and citations omitted) *Bowers v. University of Virginia,* CIVIL ACTION No. 3:06cv00041, at *18 n.16 (W.D. Va. June 6, 2008)

By consciously choosing not to incorporate events which are key to the discovery issues at hand, Plaintiffs paint a picture that conforms solely to their litigation narrative. This has seemingly been a consistent tactic used by opposing counsel. Plaintiffs choose to not only withhold evidence which negates many issues raised in their motion, but also refuse to abide by their "continuing duty to inform the Court of any development which may conceivably affect the outcome of litigation. *Board of License Commissioners of the Town of Tiverton v. Pastore*,469 U.S. 238, 240, 105 S.Ct. 685, 686, 83 L.Ed.2d 618 (1985), citing *Fusari v. Steinberg,*419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975) (*Burger, C.J., concurring*)." *U.S. v. Shaffer Equipment Co.,* 796 F. Supp. 938, 950 (S.D.W. Va. 1992). "This continuing duty exists even when new developments or new facts may be unfavorable to the interests of the litigant." *United States v. De Le Puente,* 755 F.2d 313, 315 (3rd Cir. 1985)[12]

---

[12] The presenting of false statements of fact, misrepresenting facts, and not taking reasonable remedial

## LEGAL ARGUMENT

Plaintiffs bring forth their motion for sanctions of adverse-inference under the legal authority of Fed. R. Civ. P. 37, more specifically Fed. R. Civ. P. 37(b)(2). Federal Rules of Civil Procedure 37(b)(2) states in relevant part:

> *(2) Sanctions Sought in the District Where the Action Is Pending.*
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent-or a witness designated under Rule 30(b)(6) or 31(a)(4)-fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.[13]

Even if this Court were to find that Defendant NSM failed to fully comply with the Mem. Op. & Order of June 23, 2020, it does not have the authority to instruct the jury "that NSM chose to intentionally withhold its documents, and that the jury may draw adverse inferences from that fact, including that NSM chose to withhold such documents because it was aware that such documents contained evidence that NSM conspired to plan racially motivated violence at Unite the Right." ECF 894 at 19 ¶ 2. Because the evidence in question is, or would have been, electronic information[14], sanctions for Defendant NSM's alleged failure are governed by Rule 37(e)[15] of the Federal Rules of Civil Procedure, which Plaintiffs never cite. *Tipp v. Adeptus Health Inc.,* No. CV-16-02317-PHX-DGC, 2018 WL 447256, at *3 (D. Ariz. Jan. 17, 2018) ("A party seeking sanctions for spoliation of electronically stored information ("ESI") must address the factors set forth in Rule 37(e).") Under Rule 37(e)(2), the court may instruct the

---

measures to correct the same violates both the Virginia and ABA Model R. of Prof'l Conduct. Rule 3.3, Candor Toward The Tribunal, provides in relevant part that: (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal; . . .(3) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures. "These misrepresentations of the record did not comport with parties' duty of candor to the courts" *Malin v. Hospira, Inc.*, 762 F.3d 552, 564 (7th Cir. 2014)

[13] Fed. R. Civ. P. 37

[14] The Advisory Committee uses words like "broad," "flexible," and "expansive" to describe the scope of "electronically stored information" discoverable under Rule 34(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34, Advisory Committee Notes, 2006 Amendment. This definition is to be used wherever the term "electronically stored information" appears in the Federal Rules, including Rule 37. Id. There is no question that the data at issue are ESI.

[15] "Rule 37(e)(2) governs the email evidence (because it is electronically stored information)" *U.S. Equal Emp't Opportunity Comm'n v. GMRI, Inc.*, No. 15-20561-CIV-LENARD/GOODMAN, at *5 (S.D. Fla. Nov. 1, 2017)

jury to presume that "the lost information was unfavorable to the party" who lost it, "***only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation.***" Fed. R. Civ. P. 37(e)(2).

Plaintiffs continue to have misplaced reliance on a case decided before Rule 37(e)(2) was adopted, Plaintiffs emphatically assert that the alleged "documents withheld by NSM—including communications among NSM members—"would have been relevant to an issue at trial and otherwise would naturally have been introduced into evidence."" ECF No. 894 at 18 ¶ 1. (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). However, "in order to draw an inference that the [destroyed documents] contained information adverse to [NSM], we must find that [NSM] intentionally destroyed the documents in bad faith." *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 746 (8th Cir. 2004) As the Advisory Committee explained, Rule 37(e)(2) "rejects cases . . . that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." Fed. R Civ. P. 37, Advisory Committee Notes, 2015 Amendment. In addition, "[i]nformation lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have." Accordingly, the Rule "rejects cases such as *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir.2002),that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." As such, adverse or negative inference is not permissible here.

Plaintiffs ignore Rule 37(e) of the Federal Rules of Civil Procedure, which flatly prohibits adverse inference sanctions for negligent loss of electronically stored information. Nor have Plaintiffs demonstrated that they are entitled to some lesser sanction, since the only so-called prejudice they can identify is based on the absence of evidence that never existed in the first place. Rule 37(e) measures are available *only* when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party

failed to take reasonable steps to preserve it, and it ***cannot be restored or replaced through additional discovery***." Mr. Colucci had already given consent for forensic analysis of his devices, at the request of Plaintiffs. Mr. Colucci and Defendant NSM have already stated on numerous occasions that there are not other responsive custodians, devices or documents.

## CONCLUSION

More than three months after the close of discovery, only after discovering that they are unable "to prove the manner in which they [NSM] communicated and conspired with other Defendants" therefore jeopardizing "Plaintiffs' ability to prove their case against other Defendants", Plaintiffs file this motion. The Plaintiffs allege that the lack of gathered evidence and delayed trial prejudices Plaintiffs' so much so they seek as a sanction a jury instruction that alleged missing evidence is against Defendant NSM's interest. In reality, the "missing evidence" cannot be characterized as missing since it never existed in the first place. Plaintiffs' primary prejudice argument is a hindsight fallacy—that Plaintiffs were deprived of the evidence to support their conspiracy theory because Defendant NSM did not clairvoyantly create it for them from potentially responsive discovery that never existed.

The claims that alleged discovery misconduct has "prejudiced Plaintiffs by delaying their day in court" (ECF 894 at 15) is also preposterous when in fact trial was set for October 26, 2020. On August 19, 2020, in an email to this Court Plaintiffs' write, "we have recently completed the bulk of fact discovery", but due to "COVID-19 both in Virginia and across the country" that "a jury trial itself involving this many parties, litigants, and witnesses - may ultimately prove untenable and potentially dangerous from a public health perspective". Plaintiffs continue on to ask for a conference to discuss these "potential barriers to proceeding with a jury trial on October 26, 2020" and ultimately requested trial be delayed for public health safety.[16] Exhibit 8 (ECF 841, Email from Bloch to Judge Moon, August 19, 2020) Simply put,

---

[16] "As we continue to monitor the developments regarding COVID-19 both in Virginia and across the country, we have become increasingly concerned that conducting a comprehensive and constitutionally adequate jury selection process in approximately two months from now – not to mention ***a jury trial***

11

the prejudices of a delayed trial are a direct result of ***Plaintiffs' own request***, not due to the conduct of defense counsel or Defendant NSM.

Counsel for Defendant NSM certifies pursuant to Rule 37 that the defendant has acted in good faith to resolve any discovery dispute relevant to the Plaintiffs' Motion for Sanctions Against Defendant National Socialist Movement, prior to the filing of Plaintiffs' motion. Plaintiffs ignore Rule 37(e) of the Federal Rules of Civil Procedure, which flatly prohibits adverse inference sanctions for negligent loss of electronically stored information. Nor have Plaintiffs demonstrated that they are entitled to some lesser sanction, since the only so-called prejudice they can identify is based on the absence of evidence that never existed in the first place.

For the foregoing reasons as discussed in this motion, Plaintiffs' motion for a negative or adverse inference for discovery misconduct should be denied. Accordingly, Defendant NSM requests (1) to be awarded costs and reasonable attorney fees associated with having to respond to this motion; and (2) the Court impose sanctions on Plaintiffs for their misuse of the discovery process and harassment of the defendants.

Dated: October 29, 2020                                              Respectfully submitted,

Respectfully Submitted,

/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
Mobile: 571.215.9006
Email: Edward@ReBrookLaw.com

*Counsel for Defendant National Socialist Movement*

---

***itself involving this many parties, litigants, and witnesses – may ultimately prove untenable and potentially dangerous from a public health perspective.*** " See ECF 841

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com


Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com


Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 70005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600

Fax: (540) 983-7711
brottenborn@woodsrogers.com
Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 70006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 70004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

Alan Levine (pro hac vice)
Philip Bowman (pro hac vice)
Amanda L. Liverzani (pro hac vice)
Daniel P. Roy III (pro hac vice)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

*Counsel for Plaintiffs*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

I further hereby certify that on October 29, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com
Elliott Kline a/k/a Eli Mosley

eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV (VSB 84719)
The ReBrook Law Office

*Counsel for Defendant National Socialist Movement*