

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 10 2020

JULIA C. DUDLEY, CLERK
BY: /s/ (signature)
DEPUTY CLERK

Richard Spencer
PO Box 1676
Whitefish, MT 59937

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES *et al.*, <br><br> Plaintiffs <br><br> vs. <br><br> JASON KESSLER, *et al.*, <br><br> Defendants | Case No: 3:17-cv-00072-NKM <br><br> **SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE** |

**DEFENDANT RICHARD SPENCER'S RESPONSE TO THE PLAINTIFFS' MOTION TO STRIKE HIS MOTION FOR SUMMARY JUDGEMENT**

COMES NOW Defendant Richard Spencer, *pro se*, who responds to the Plaintiffs' Motion to Strike his Motion for Summary Judgement.

Mr. Spencer apologizes to the Court, as well as to the Plaintiffs, for the tardiness of his Motion for Summary Judgement, which was initiated on October 15, 2020. Mr. Spencer additionally apologizes for not seeking permission from the Court before filing his motion.

Mr. Spencer understands that, as a Defendant operating *pro se*, he is granted a certain charity and leeway by the Court—but that comes with responsibilities and expectations. Mr. Spencer must not abuse the leniency afforded him: he must not operate in a neglectful manner, which delays the process, and he must actively educate himself on the laws relevant to this case

SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE - 1

and the procedures that uphold the integrity of the process. Mr. Spencer is in contact with the Plaintiffs' representatives, and, he can reasonably say, they are "on the same page" in terms of scheduling moving forward.

The "silver lining" to this matter is this: Mr. Spencer's tardiness has not done serious or irreparable harm to the process. The trial date is set for April 2021, some six months from now. Time is plentiful. And due to the ongoing Coronavirus pandemic, there is a small but real chance the trial could be pushed back even further. Thus, ruling on Mr. Spencer's motion would not express prejudice on his behalf.

Mr. Spencer humbly suggests that the Court extend the Plaintiffs' deadline for filing their Response to his Motion for Summary Judgement. Mr. Spencer believes the Plaintiffs should be granted the time they require to do the job thoroughly.

Mr. Spencer's Motion for Summary Judgement makes compelling arguments regarding the application of law. In itself, it demonstrates that Mr. Spencer is operating in good faith. Mistakes have been made, but Mr. Spencer is determined that the integrity of the process be upheld.

Mr. Spencer has no desire to delay this trial. In fact, the length of this process—which has stretched on over three years and resulted in the piling up of expenses—has been quite burdensome. Mr. Spencer's former representative, John DiNucci, withdrew from this case in May 2020 due to this fact. This left Mr. Spencer in the difficult position of keeping abreast of the trial's pacing and ensuring that he properly defends himself. That is a tall order for a small publisher and writer and father of young children.

The initial delay in filing resulted from Mr. DiNucci's aforementioned withdrawal in late spring. Mr. DiNucci had not prepared a Motion for Summary Judgement; nor, upon his exit, had

SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE - 2

Mr. DiNucci clearly defined for Mr. Spencer the schedule moving forward; nor had Mr. DiNucci acquired texts of the depositions of other Defendants, which would be relevant to a Motion for Summary Judgement and Mr. Spencer's overall defense. Subsequently, Mr. Spencer has spent considerable time researching the laws relevant to the case and major Supreme Court rulings regarding speech and protest. Mr. Spencer has also spent a sizable amount purchasing the texts of the depositions of other Defendants. Mr. Spencer's care and seriousness is evident in his Motion for Summary Judgement.

Additionally, throughout the months of July and August 2020, Mr. Spencer was carefully responding to the Plaintiff's First Request for Admissions, which numbered some 250 entries; many of these were irrelevant and even bizarre, particularly after Mr. Spencer's participation in a lengthy deposition. Regardless, responding to the First Set of Admissions was a complicated process, which involved dozens of hours of dedicated time. Mr. Spencer was unable additionally to draft his Motion for Summary Judgement during that period.

When the Plaintiffs and Defendants conversed with the Honorable Judge Norman Moon in September, Mr. Spencer mentioned this issue and expressed his desire to receive a new, proper deadline for filing a Motion for Summary Judgement. One of the Plaintiffs' representatives, Mr. Michael Bloch, expressed his opposition to the very idea extending such a deadline. (Mr. Bloch was acting in a tough but fair manner representing his clients, and Mr. Spencer understands his position, even if he does not concur with it.) After this aforementioned hearing, Mr. Spencer misapprehended the scheduling or the requirements on his part to move for a new deadline. As evidenced by Mr. Bloch's opposition at the hearing, the Plaintiffs would likely have opposed any Motion for Summary Judgement, regardless of the timing and requirements.

SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE - 3

That said, Mr. Spencer has thoroughly reviewed the Court's new scheduling order; he understands the terminology; he has discussed the schedule with the Plaintiffs' representatives; and he will fulfill his duties in this process.

Much of what is written above amounts to "explanations, not excuses." Mr. Spencer understand that he was, in fact, tardy in filing his Motion for Summary Judgement, and for that, he apologizes to the Court. Mr. Spencer humbly suggest to the Court that it extend the Plaintiffs' deadline for filing their response. Mr. Spencer has no desire to protract the length of this trial; indeed, he is incentivized to do quite the opposite. And finally, Mr. Spencer's Motion for Summary Judgement, and the compelling arguments therein, express his serious and good-faith efforts to defend himself.

The November 5, 2020.

_____
Richard B. Spencer, *Pro Se*

SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE - 4

**CERTIFICATE OF SERVICE**

I certify that on the November 5, 2020, a true and correct copy of the foregoing Motion for Summary Justice was mailed to the Clerk of the Court, which will provide electronic notice to all counsel of record.

_____
Richard B. Spencer, *Pro Se*

I further hereby certify that on October 14, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell christopher.cantwell@gmail.com

Robert Azzmador Ray azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley eli.f.mosley@gmail.com deplorabletruth@gmail.com

Vanguard America c/o Dillon Hopper dillon_hopper@protonmail.com

Matthew Heimbach matthew.w.heimbach@gmail.com

SPENCER'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE - 5