UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**REPLY TO DEFENDANT SPENCER'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE**

　　　　In response to Plaintiffs' motion to strike Mr. Spencer's tardy summary judgment motion, Mr. Spencer offers little more than professed contrition and his now familiar refrain that the understandable lenience afforded *pro se* litigants ought to excuse him from violating yet another set of Court-ordered deadlines.  Mere apologies after the fact, however, come nowhere near rising to the level of excusable neglect, which the law requires that Mr. Spencer show before he may be forgiven for missing two straightforward – but critical – deadlines.  This Court is not the only court to have warned Mr. Spencer against exploiting the leeway afforded *pro se* litigants.  Earlier this year, during a proceeding in which Mr. Spencer was held in contempt by a Montana court for his persistent refusal to pay large sums of court-ordered fees, the judge instructed Mr. Spencer that "when you represent yourself, there's some leeway the Court offers, but you still are held to the same statutory and rules of civil procedure that an attorney is held to."  Ex. A., Transcript of May

19, 2020 Hearing, DR-18-474C, Montana Eleventh Judicial District Court, Flathead County at 6, 11-15.  The Montana judge echoed this Court's own admonition given to Mr. Spencer more than two years ago that "you can't just not make a deadline." ECF No. 308 at 6.  Yet here we are again, litigating whether Mr. Spencer should be given a pass for flagrantly missing deadlines with no legally sufficient basis to do so.  Because Mr. Spencer has not met the rigorous standard required to show excusable neglect, this Court should strike his twice-out-of-time summary judgment motion.

    **I.**    **The "Excusable Neglect" Standard is Reserved for "Extraordinary Cases" and Requires More than Contrition for Missed Deadlines**

Mr. Spencer has not come close to demonstrating excusable neglect.  The Fourth Circuit has held that a finding of "excusable neglect" in the event of late filings is to be reserved only for "extraordinary cases." *Smith* v. *Look Cycle USA*, 933 F. Supp. 2d 787, 790 (E.D. Va. 2013) (quoting *Symbionics Inc.* v. *Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011)); *Agnew* v. *United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  A litigant's *pro se* status does not liberate him or her from that exacting standard. *Elsayed* v. *Family Fare LLC*, No. 1:18CV1045, 2019 WL 6329447, at *2 (M.D.N.C. Nov. 26, 2019) ("[T]he Court finds no . . . excusable neglect based on [Plaintiffs'] previous *pro se* status or [their] failure to retain counsel in a timely fashion. [They] had every opportunity to retain counsel to represent [them] throughout this litigation . . . [Their] own decision to proceed *pro se* does not entitle [them] to ignore [deadlines] . . ." (quoting *Chen* v. *Cayman Arts, Inc.*, No. 10-80236-CIV, 2012 WL 3597514, at *3 (S.D. Fla. Aug. 20, 2012))); *United States* v. *One 1997 Honda Civic VIN: #2HGEJ6578VH549526 Green in Color, Tinted & Registered to Luis S. Pabon*, No. 06-CV-381S, 2007 WL 3171770, at *3 (W.D.N.Y. Oct. 29, 2007) ("Pabon's failure to timely file a claim of interest and answer is a direct result of his

decision to delay retaining his attorney or timely act on his own behalf, which is not excusable neglect."). Mr. Spencer's belatedly proffered reasons for ignoring two court-ordered deadlines related to his summary judgment motion do not establish that this is an "extraordinary case" in which his neglect should be excused.

In attempting to explain his failure to timely file his motion, Mr. Spencer first blames the fact that his attorney moved to withdraw from his representation in May of 2020 – two months before the summary judgment motions were due – which is effectively arguing merely that he missed the first deadline because he was *pro se*. *See Thompson* v. *E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). As noted above, courts consistently reject that justification as insufficient to constitute excusable neglect. Mr. Spencer's argument here is particularly bold in light of the fact that the Court preemptively addressed this very scenario when granting Mr. DiNucci's motion to withdraw, informing Mr. Spencer, "Unless and until new counsel enters an appearance on Mr. Spencer's behalf, he is solely responsible for conducting his defense in accordance with all rules, court orders, and deadlines in this case . . . ***Neither the trial date nor any deadline will be continued because of the granting of the motion to withdraw***." ECF No. 773 at 2 (emphasis added). Moreover, his track record of missing deadlines in this litigation and others undermines any claim that Mr. Spencer acted in good faith, one of the factors in an "excusable neglect" analysis. *See In re Wilson*, No. AP 14-80054-HB, 2015 WL 3528226, at *4 (Bankr. D.S.C. June 3, 2015) (holding that in order to demonstrate excusable neglect, the moving party "bears the burden of establishing good faith," and finding there to be no excusable neglect where the moving party had "acted in dilatory manner and . . . failed to meet applicable deadlines throughout this adversary proceeding.").

Mr. Spencer next claims he was preoccupied with obtaining relevant deposition transcripts in support of his summary judgment motion. But the record reflects that he did not attempt to obtain the single deposition transcript he cited in his motion until at least September 4, 2020, nearly a month after the deadline for dispositive motions had passed. *See* Ex. B (R. Spencer Email to M. Bloch, Sept. 4, 2020) ("Mr. Bloch, I'm attempting to purchase the depositions of Jason Kessler…"). Moreover, obtaining relevant deposition transcripts would hardly constitute excusable neglect in any event. *See In re Diggs*, 220 B.R. 247, 252 (Bankr. M.D.N.C. 1998) (finding no excusable neglect where reason for delay was "within reasonable control of movant," and holding that "[r]eliance on court orders and the bar date for filings set within are crucial to the integrity and efficiency of the judicial process.").

Mr. Spencer additionally argues that he was delayed in filing a dispositive motion because he had to respond to Plaintiffs Requests for Admission ("RFAs"), timely served on him on July 21, 2020, just over two weeks before summary judgment motions were due. However, the existence of certain discovery obligations does not justify ignoring other Court-ordered deadlines. *Cf. McLaughlin* v. *City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (holding that "a busy practice does not establish 'excusable neglect'" where a solo practitioner was four days late in moving for additional time to respond to a motion for summary judgment). Moreover, the bulk of the time Mr. Spencer took responding to Plaintiffs' RFAs occurred in August, ***after*** the summary judgment deadline had passed. Meeting the August 7, 2020 deadline, or at a minimum alerting Plaintiffs and the Court to the need for an extension ahead of time, was perfectly within Mr. Spencer's reasonable control. *See Pioneer*, 507 U.S. at 395 ("In determining if a party's neglect is excusable, courts consider . . . the reason for the delay, including whether it was within

4

the reasonable control of the movant . . ."). He simply failed to meet two separate Court-ordered deadlines.

Mr. Spencer offers little justification for missing the Court's September 29 deadline – which was designed to allow parties to attempt to justify their failure to miss the dispositive motion deadline – beyond claiming that "Mr. Spencer misapprehended the scheduling or the requirements on his part to move for a new deadline." ECF No. 906 at 3. However, "[m]ost of the federal courts of appeals that have addressed the issue have held that failure to comply with a deadline cannot be treated as excusable neglect when the failure arose from a misunderstanding of a rule that sets forth the deadline in unambiguous terms." *In re Wilson*, No. AP 14-80054-HB, 2015 WL 3528226, at *3 (Bankr. D.S.C. June 3, 2015) (quoting *In re Coleman,* C/A No. 06–00254, 2009 WL 2882955, at *4 (Bankr.D.D.C. July 15, 2009)). In sum, the factual record is long on neglect, but short on anything remotely excusable.

## II. Requiring Plaintiffs to Respond to a Summary Judgment Motion Filed More than Two Months Late Would Significantly Prejudice Plaintiffs

Mr. Spencer claims Plaintiffs are not prejudiced by his motion filed more than two months late, because, according to him "time is plentiful" and there is a "small but real chance" that the trial would get delayed again because of the ongoing pandemic. ECF No. 906 at 2. However, Mr. Spencer dramatically underestimates the time and resources it takes – in the midst of a global pandemic – to prepare for a trial involving nine Plaintiffs, 24 Defendants, dozens of witnesses, and hundreds of exhibits. Trial preparations are, by necessity, already underway; the new proposed scheduling order calls for the exchange of exhibit and witness lists in fewer than four months from now. *See* ECF No. 885. Responding to Mr. Spencer's late motion would require the diversion of substantial resources away from efforts to prepare for trial and instead to several weeks of drafting and preparing for an oral argument in response to a motion for summary judgment that has been

filed significantly after the deadline. It is precisely for that reason that pre-trial schedules often call for a summary judgment deadline several months in advance of a trial date. Reliance on these deadlines is essential to allow the parties sufficient time to prepare for trial. Particularly in a case involving more than 30 parties, one defendant should not be permitted to unilaterally commandeer the other side's resources and attention merely because he is unable to observe deadlines that everyone else has managed to obey.[1]

Mr. Spencer has failed to establish that his delinquency in filing his summary judgment motion was the product of excusable neglect. Accordingly, the Court should strike the motion.

Dated: November 12, 2020

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com

---

[1] Mr. Spencer somewhat disingenuously asserts in his Response that he and Plaintiffs are "'on the same page' in terms of scheduling moving forward." ECF No. 906 at 2. To be clear, Mr. Spencer has no objection to the suspension of Plaintiffs' deadline to respond to his summary judgment motion, pending the resolution of Plaintiffs' Motion to Strike. *See* ECF No. 896. Plaintiffs have consistently and strenuously objected, however, to Mr. Spencer filing his summary judgment motion out of time.

350 Fifth Avenue, Suite 7110  
New York, NY 10118  
Telephone: (212) 763-0883  
rkaplan@kaplanhecker.com  
jfink@kaplanhecker.com  
gtenzer@kaplanhecker.com  
mbloch@kaplanhecker.com  
ybarkai@kaplanhecker.com  
ecole@kaplanhecker.com  
aconlon@kaplanhecker.com  
jkay@kaplanhecker.com  
bwhite@kaplanhecker.com  

jphillips@paulweiss.com  
wisaacson@paulweiss.com  

Katherine M. Cheng (*pro hac vice*)  
BOIES SCHILLER FLEXNER LLP  
1401 New York Avenue, NW  
Washington, DC 20005  
Telephone: (202) 237-2727  
Fax: (202) 237-6131  
kcheng@bsfllp.com  

Alan Levine (*pro hac vice*)  
Philip Bowman (*pro hac vice*)  
Amanda L. Liverzani (*pro hac vice*)  
Daniel P. Roy III (*pro hac vice*)  
COOLEY LLP  
55 Hudson Yards  
New York, NY 10001  
Telephone: (212) 479-6260  
Fax: (212) 479-6275  
alevine@cooley.com  
pbowman@cooley.com  
aliverzani@cooley.com  
droy@cooley.com  

David E. Mills (*pro hac vice*)  
Joshua M. Siegel (VSB 73416)  
Alexandra Eber (*pro hac vice*)  
Caitlin B. Munley (*pro hac vice*)  
Samantha A. Strauss (*pro hac vice*)  
COOLEY LLP  
1299 Pennsylvania Avenue, NW  
Suite 700  
Washington, DC 20004  
Telephone: (202) 842-7800  
Fax: (202) 842-7899  
dmills@cooley.com  
jsiegel@cooley.com  
aeber@cooley.com  
cmunley@cooley.com  
sastrauss@cooley.com  

J. Benjamin Rottenborn (VSB 84796)  
WOODS ROGERS PLC  
10 South Jefferson St., Suite 1400  
Roanoke, VA 24011  
Telephone: (540) 983-7600  
Fax: (540) 983-7711  
brottenborn@woodsrogers.com  

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on November 12, 2020, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Richard Spencer<br>richardbspencer@icloud.com<br>richardbspencer@gmail.com | Christopher Cantwell<br>christopher.cantwell@gmail.com |
| Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com | Robert "Azzmador" Ray<br>azzmador@gmail.com |
| Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com<br>eli.r.kline@gmail.com | Matthew Heimbach<br>matthew.w.heimbach@gmail.com |

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*