# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>                        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                        Defendants. | Civil Action No. 3:17-cv-00072-NKM |

## PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT NATIONALIST FRONT PURSUANT TO FED. R. CIV. P. 37 AND 55

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARDS ........................................................................................................ 5

ARGUMENT ....................................................................................................................... 7

I.     Default Should Be Entered Because NF Has Failed to "Otherwise Defend"
Pursuant to Rule 55 ................................................................................................. 7

II.    Default Judgment Should Be Entered Because NF Has Failed to Comply with Its
Discovery Obligations ............................................................................................. 8

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*,
  155 F.3d 500 (4th Cir. 1998) ................................................................ 7, 9

*Au Bon Pain Corp. v. Artect, Inc.*,
  653 F.2d 61 (2d Cir. 1981)......................................................................... 8

*Bank of Am., N.A. v. Kluge*,
  No. 3:11-CV-1, 2011 WL 1750310 (W.D. Va. May 9, 2011)............................ 6, 8

*Butler v. DirectSat USA, LLC*,
  No. 10-CV-2747, 2013 WL 6629240 (D. Md. Dec. 16, 2013)............................. 9

*CoStar Realty Info., Inc. v. Field*,
  737 F. Supp. 2d 496 (D. Md. 2010) ........................................................... 12

*Crum v. Canopius U.S. Ins. Inc.*,
  No. 2:14-CV-24861, 2015 WL 4772436 (S.D.W. Va. July 2, 2015) ................... 6, 8

*Daye v. Gen. Motors Corp.*,
  172 F.R.D. 173 (M.D.N.C 1997) ................................................................. 9

*Diamond v. Mohawk Indus., Inc.*,
  No. 6:12-CV-00057, 2014 WL 1404563 (W.D. Va. Apr. 10, 2014).................... 10

*Dusé v. Barnes & Noble, Inc.*,
  No. 1:11-CV-875, 2011 WL 13192908 (E.D. Va. Dec. 22, 2011) ....................... 9

*First Mariner Bank v. Resolution Law Grp., P.C.*,
  No. 12-CV-1133, 2014 WL 1652550 (D. Md. Apr. 22, 2014)............................ 10

*Flame S.A. v. Indus. Carriers, Inc.*,
  39 F. Supp. 3d 752 (E.D. Va. 2014) ............................................................. 9

*Gardendance, Inc. v. Woodstock Copperworks, Ltd.*,
  230 F.R.D. 43 (M.D.N.C. 2005) ................................................................. 9

*Green v. John Chatillon & Sons*,
  188 F.R.D. 422 (M.D.N.C. 1998) .............................................................. 10

*Guggenheim Capital, LLC v. Birnbaum*,
  722 F.3d 444 (2d Cir. 2013)................................................................... 6, 8

*Hendricks v. Quikrete Cos.*,
  No. GJH-14-2695, 2017 WL 2711131 (D. Md. June 21, 2017)......................... 10

*Hoxworth v. Blinder, Robinson & Co.*,
    980 F.2d 912 (3d Cir. 1992)...............................................................................8

*Knight v. Boehringer Ingelheim Pharm., Inc.*,
    323 F. Supp. 3d 837 (S.D.W. Va. 2018) ..........................................................10

*Middlebrooks v. Sebelius*,
    No. CIV. PJM 04-2792, 2009 WL 2514111 (D. Md. Aug. 13, 2009)..................10

*Mut. Fed. Sav. & Loan v. Richards & Assocs.*,
    872 F.2d 8 (4th Cir. 1989) ..........................................................................6, 11

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976)........................................................................................11

*Projects Mgmt. Co. v. Dyncorp Int'l LLC*,
    734 F.3d 366 (4th Cir. 2013) .......................................................................6, 7

*Pruitt v. Bank of Am., N.A.*,
    No. 8:15-CV-01310, 2016 WL 7033972 (D. Md. Dec. 2, 2016).........................11

*Red Light Mgmt., Inc. v. Dalton*,
    315 F.R.D. 65 (W.D. Va. 2016)..........................................................................5

*Rodriguez v. Irwin*,
    No. 7:10-CV-102-FL, 2011 WL 737316 (E.D.N.C. Feb. 23, 2011)..................5, 8

*Sampson v. City of Cambridge*,
    251 F.R.D. 172 (D. Md. 2008)............................................................................6

*Silvestri v. Gen. Motors Corp.*,
    271 F.3d 583 (4th Cir. 2001) ...........................................................................11

*Tweedy v. RCAM Title Loans, LLC*,
    611 F. Supp. 2d 603 (W.D. Va. 2009 ..........................................................5, 6, 8

*United States v. Masi*,
    135 F.3d 771 (4th Cir. 1998) ...........................................................................10

*United States v. Maull*,
    No. 2:15CV33, 2015 WL 8329760 (E.D. Va. Nov. 17, 2015) ..............................8

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
    269 F.R.D. 497 (D. Md. 2010)............................................................................7

## **Rules**

Fed. R. Civ. P. 30(b)(6).............................................................................*passim*

Fed. R. Civ. P. 37(b)(2)(A) ................................................................................................. *passim*

Fed. R. Civ. P. 55(a) ......................................................................................................... *passim*

## PRELIMINARY STATEMENT

In August 2017, at the time of the violent events of Unite the Right that gave rise to this lawsuit, Defendant Nationalist Front ("NF") was an influential umbrella organization of prominent white supremacist groups, including other Defendants in this case, that had the goal of establishing a white "ethnostate" in the United States.[1] NF, along with several of its constituent organizations, planned and put into effect the racially and religiously motivated violence that harmed Plaintiffs. *See generally* Second Am. Compl., ECF No. 557. Yet despite its central role in the conspiracy at issue in this case, NF has for more than a year refused to take part in this litigation. For example, NF has failed to disclose social media accounts or electronic devices that it was using at the time of Unite the Right; it has failed to produce any documents or provide meaningful responses to Plaintiffs' discovery requests; and most recently, it has repeatedly refused to sit for a deposition or designate a Rule 30(b)(6) representative (and has made clear on multiple occasions it has no intention to do so) despite being served with multiple proper deposition notices.

Accordingly, Plaintiffs respectfully request that the Court enter default against NF pursuant to Federal Rule of Civil Procedure 55(a) on the ground that NF has failed to plead or otherwise defend itself in this case or alternatively pursuant to Rule 37(b)(2)(A)(vi) because NF has failed to comply with numerous discovery orders, including refusing to sit for a Rule 30(b)(6) deposition. *See* Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 37(b)(2)(A)(vi). Plaintiffs have conferred with W. Edward ReBrook, IV, counsel for NF, regarding this motion, and ReBrook informed Plaintiffs that he consents to the motion.

---

[1] *See Unity Statement*, Nationalist Front, https://web.archive.org/web/20171030195201/https://www.nfunity.org/unity (last visited Jan. 7, 2021) ("The Nationalist Front is an umbrella organization to bring unity and solidarity to the White Nationalist movement in North America. . . . We too in America can end the Federal tyranny and have a positive future for our people by establishing on the North American [*sic*] an ethnostate for our people.").

**BACKGROUND**

The members of NF were core participants in the conspiracy that injured Plaintiffs during the events of Unite the Right on August 11 and 12, 2017, in Charlottesville, Virginia. *See, e.g.*, Second Am. Compl. ¶¶ 31–32, 34, 37, 39, 43, 62, 66, 186, 195, 200, 211, 318, ECF No. 557. At the time of Unite the Right, NF was led by Defendant Jeff Schoep ("Commander" of Defendant Nationalist Socialist Movement ("NSM")), Defendant Matthew Heimbach (chairman of Defendant Traditionalist Worker Party), Dillon Ulysses Hopper (leader of Defendant Vanguard America), and Defendant Michael Hill (co-founder and President of Defendant League of the South). *See id.* ¶¶ 31, 34, 37, 39. At Unite the Right, various NF member organizations engaged in violence and intimidated residents of Charlottesville, including joining to "help create two shield walls" for "the fight." *Id.* ¶¶ 32, 39. After the violence of Unite the Right unfolded as Defendants had conspired and planned, Defendant Schoep proclaimed on Twitter: "It was an Honor to stand with U all in C'Ville this weekend. NSM, NF, TWP, LOS, VA, ECK, CHS, and the rest, true warriors!" *Id.* ¶ 37.

On October 24, 2017, Plaintiffs served NF with the Summons and Complaint in this action through its former representative, Commander Jeff Schoep of NSM. *See* ECF No. 60. On November 14, 2017, represented by Elmer Woodard, NF moved to dismiss Plaintiffs' Complaint. *See* ECF Nos. 104, 105. On January 25, 2018, Plaintiffs served NF and other Defendants with their First Set of Requests for Production of Documents and First Interrogatories. *See* Exs. 1, 2.

On January 26, 2018, after Plaintiffs filed their Amended Complaint, NF again moved to dismiss, both incorporating its prior motion to dismiss by reference and joining a joint motion to dismiss with multiple other Defendants represented by Woodard and additionally by James Kolenich (who first noticed his appearance in this litigation in December 2017). *See* ECF Nos. 131, 205–07.

2

On April 6, 2018, NF responded to Plaintiffs' interrogatories and document requests. *See* Ex. 3. NF's responses were signed and verified by Schoep. *See id.* at 5. NF's responses identified no social media accounts or electronic devices associated with NF and no responsive documents or communications of any kind. *See id.* at 1–3.

On July 9, 2018, the Court denied both the joint motion to dismiss and NF's individual motion to dismiss. *See* ECF No. 335 at 2, n.1, 60 n.8, 62. On July 23, 2018, NF answered the Complaint. *See* ECF No. 343.

On December 7, 2018, pursuant to the Stipulation and Order for the Imaging, Preservation, and Production of Documents, ECF No. 383, Schoep submitted a certification of his electronic devices and social media accounts that he signed on behalf of himself in his individual capacity, NSM, and NF. *See* Ex. 4. That certification identified just three devices and accounts belonging to Schoep individually or to NSM—a Twitter account, a VK account, and Schoep's personal iPhone—but no device or account that appeared to be associated specifically with NF. *See id.*

NF subsequently disappeared from the litigation. On February 21, 2019, Woodard and Kolenich moved for leave to withdraw as counsel for NF (as well as NSM and Schoep individually). ECF Nos. 420, 421. Woodard and Kolenich stated in their motion that, because Schoep was "the only person" to have "acted on National [*sic*] Front's behalf in this litigation," and because Schoep had fired Woodard and Kolenich as counsel, they understood themselves to "have been fired by defendant Nationalist Front as well." ECF No. 421 at 2.

On March 4, 2019, the Court granted the motion and ordered NF to retain a new attorney. *See* ECF No. 440 at 2. On March 18, 2019, ReBrook wrote to the Court and asserted that he was "the new attorney for NSM, Jeff Schoep (cc'd), and the National [*sic*] Front (although we deny that this was ever a formal entity)." ECF No. 446.

On October 29, 2019, Plaintiffs served on NF a Second Set of Interrogatories to All Non–Defaulted Entity Defendants. *See* Ex. 5. On November 29, 2019, NF served its responses to Plaintiffs' interrogatories, which were unsigned and unsworn, and which identified no existing representative of NF. *See* Ex. 6.

On March 28, 2020, ReBrook moved for leave to withdraw as counsel for NF on the grounds that "a conflict of interest has arisen," because Schoep had allegedly left NSM and begun "speaking out against his former group as well as the White Nationalist movement," such that "continued representation of NSM and NF would cause counsel to violate the Virginia Rules of Professional Conduct." ECF No. 691 at 1. On May 28, 2020, the Court denied that motion. *See* ECF No. 742.

On June 25, 2020, Plaintiffs noticed NF's deposition for July 24, 2020, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Ex. 7; *see* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."). On June 23, 2020, Plaintiffs also separately noticed Schoep's deposition for July 21, 2020. Ex. 8.

On July 21, 2020, at the conclusion of Schoep's individual deposition, Schoep testified that he was not NF's representative. *See* Ex. 9 at 271:09–12 ("MR. ISAACSON: Mr. Schoep, if I could just ask you, as of today, you don't speak for the Nationalist Front? THE WITNESS: Absolutely not."). Plaintiffs reminded ReBrook that it was NF's responsibility pursuant to Rule 30(b)(6) to designate a representative to be deposed. *Id.* at 271:23–272:02. Nonetheless, ReBrook made clear

on the record that NF would not be designating an individual to testify on behalf of NF pursuant to Rule 30(b)(6). *Id.* at 270:24–25, 272:04; *see id.* at 272:11–14.

Later that day, ReBrook wrote to Plaintiffs. ReBrook again reaffirmed that NF would not designate a Rule 30(b)(6) representative. Ex. 10. Based on ReBrook's representations that NF did not intend to designate a Rule 30(b)(6) deponent, Plaintiffs canceled the upcoming NF deposition. In subsequent communications, ReBrook informed Plaintiffs that he would consent to an entry of default against NF.

On October 16, 2020, once again attempting to take NF's Rule 30(b)(6) deposition, Plaintiffs noticed NF's deposition for November 2, 2020. *See* Ex. 11. On October 30, 2020, ReBrook wrote to Plaintiffs and noted that "no one will be there." Ex. 12. True to ReBrook's word, no one appeared to testify for NF at its properly-noticed deposition. *See* Ex. 13.

## LEGAL STANDARDS

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "After the entry of default, the non–defaulting party may move the court for 'default judgment' under Federal Rule of Civil Procedure 55(b)." *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009) (Moon, J.); *see Red Light Mgmt., Inc. v. Dalton*, 315 F.R.D. 65, 69 (W.D. Va. 2016) (Moon, J.).

"Even if the party has made an appearance in the case, its appearance alone is not enough to avoid default; rather, the party must file a timely responsive pleading or take action to defend the suit in order to avoid default." *Rodriguez v. Irwin*, No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011) (granting motion for default where defendant did not file pleading "nor has he otherwise challenged the merits of the action"); *see also Crum v. Canopius U.S. Ins.*

5

*Inc.*, No. 2:14-CV-24861, 2015 WL 4772436, at *4 (S.D.W. Va. July 2, 2015) ("It is within the Court's discretion to grant default judgment when a defendant is unresponsive."), *report and recommendation adopted*, No. CIV.A. 2:14-24861, 2015 WL 4772466 (S.D.W. Va. Aug. 12, 2015). The phrase "otherwise defend" has a "broad understanding," and a party's failure to participate in the discovery process, including failure to participate in a deposition, constitutes a failure to "otherwise defend." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013) (internal quotation marks and citation omitted) (collecting cases); *cf. Bank of Am., N.A. v. Kluge*, No. 3:11-CV-1, 2011 WL 1750310, at *1 (W.D. Va. May 9, 2011) (Moon, J.) (default judgment is "appropriate where a party has abandoned its case"); *Tweedy*, 611 F. Supp. 2d at 606 (Moon, J.) (granting default judgment against party that "completely failed to participate in this litigation in any meaningful way").

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court has wide discretion to impose sanctions when a party fails to respond to discovery requests or to comply with discovery ordered by the court. *See Mut. Fed. Sav. & Loan v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989); Fed. R. Civ. P. 37. Rule 37 provides a nonexclusive list of substantive case-related sanctions for failure to obey a discovery order, including default judgment. *See Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 517–18 (D. Md. 2000); Fed. R. Civ. P. 37(b)(2)(A). A court may also award sanctions for discovery violations pursuant to its inherent authority. *See, e.g.*, *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013); *Sampson v. City of Cambridge*, 251 F.R.D. 172, 178–79 (D. Md. 2008).

The Fourth Circuit uses a four–part test for determining what sanctions to impose under Rule 37: "(1) whether the non–complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non–

compliance, and (4) whether less drastic sanctions would be effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). The presence or absence of any one of these factors is not dispositive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010).[2]

## ARGUMENT

### I.   Default Should Be Entered Because NF Has Failed to "Otherwise Defend" Pursuant to Rule 55

The Court should enter default against NF pursuant to Rule 55 because NF has failed to "otherwise defend" itself against this lawsuit, and, despite multiple opportunities to do so, plainly has no intent to participate in this litigation. *See* Fed. R. Civ. P. 55(a).

Defendants were served and moved to dismiss the Complaint more than three years ago and answered the Complaint more than two years ago. *See supra* pp. 2–3. Since that time, however, NF has been, with few exceptions, entirely absent from this litigation. NF's discovery responses have been vague and non-substantive. The second set was unsworn. In addition, NF has produced no documents. Schoep—the only individual who has ever acknowledged being a representative of NF, who accepted service on NF's behalf and who answered Plaintiffs' original discovery requests on behalf of NF—now disavows any current affiliation with NF. And NF's counsel, ReBrook, has repeatedly made clear that NF does not intend to produce a Rule 30(b)(6) representative to testify on behalf of NF at a deposition. Because NF "has failed to . . . otherwise defend" itself against

---

[2] The factors courts consider in exercising their inherent authority largely mirror those courts apply under Rule 37: "(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that [the court] seldom dismiss[es] claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest." *Projects Mgmt.*, 734 F.3d at 373–74 (internal quotation marks and citation omitted).

Plaintiffs' claims in this litigation, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see Rodriguez*, 2011 WL 737316, at *5; *Crum*, 2015 WL 4772436, at *2.

The fact that NF may have half-heartedly participated in some early stages of the litigation is irrelevant. *See, e.g.*, *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917–18 (3d Cir. 1992) (affirming Rule 55 default judgment against defendants who filed answer and litigated some pretrial discovery but did not comply with discovery orders); *United States v. Maull*, No. 2:15CV33, 2015 WL 8329760, at *2 (E.D. Va. Nov. 17, 2015) (granting motion for Rule 55 default judgment where defendant apparently had "initial intent to defend this case" but later "abandoned such intent"); *Kluge*, 2011 WL 1750310, at *1 (Moon, J.) (default judgment is "appropriate where a party has abandoned its case"). At this point, NF has disappeared from the litigation, failed to participate in the discovery process, and repeatedly made clear that it has no intent to participate in the lawsuit going forward. Default is appropriate under those circumstances. *See, e.g.*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (defendant failed to "otherwise defend" by "failing to appear for a deposition, dismissing counsel, [and] giving vague and unresponsive answers to interrogatories," among other actions); *see also Guggenheim Capital*, 722 F.3d at 454 (failure to "otherwise defend" includes failure to participate in discovery and depositions); *cf. Tweedy*, 611 F. Supp. 2d at 606 (Moon, J.) (granting default judgment against party that "completely failed to participate in this litigation in any meaningful way").

## II.  Default Judgment Should Be Entered Because NF Has Failed to Comply with Its Discovery Obligations

Alternatively, the Court should enter default judgment against NF pursuant to Rule 37(b)(2) because NF has failed to comply with its discovery obligations as ordered by the Court. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (sanctions may include "rendering a default judgment against the disobedient party"). Here, while NF participated in certain early stages of the lawsuit, NF has

now abandoned the litigation: it has repeatedly refused to designate a Rule 30(b)(6) representative to testify; it has produced no documents; it has disclosed no electronic devices or social-media accounts other than those belonging to Jeff Schoep, who has himself disclaimed any affiliation with NF; and it has given only vague and non-substantive answers to Plaintiffs' interrogatories and the second set of responses was unsworn. *See supra* pp. 2–4. Sanctions are therefore appropriate. *See, e.g.*, *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 765 (E.D. Va. 2014) ("Continued contumacious behavior and abuse of the Courts through non-compliance with [the Court's] orders cannot be tolerated."); *Butler v. DirectSat USA, LLC*, No. 10-CV-2747, 2013 WL 6629240, at *1 (D. Md. Dec. 16, 2013) ("A party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify [the] harshest of sanctions.").

The Fourth Circuit uses a four–part test for determining which sanctions to impose under Rule 37: "(1) whether the non–complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non–compliance, and (4) whether less drastic sanctions would be effective." *Anderson*, 155 F.3d at 504.

*First*, NF has acted in bad faith. Relevant factors in this analysis include whether a decision not to participate is conscious, whether there is a legitimate explanation for the failure to participate, and the length of time a party has failed to participate. *See, e.g.*, *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 452 (M.D.N.C. 2005); *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 177 (M.D.N.C 1997). Here, NF has produced no documents, disclosed no social media accounts or electronic devices, and has repeatedly refused to designate a Rule 30(b)(6) representative. NF has "made a conscious decision not to participate" in this litigation, including by refusing to sit for its deposition, and this "refusal amounts to bad faith." *Dusé v. Barnes & Noble, Inc.*, No. 1:11-CV-875, 2011 WL 13192908, at *2 (E.D. Va. Dec. 22, 2011) (subsequent

9

history omitted); *see Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) ("Noncompliance with discovery orders can serve as a basis for a finding of bad faith.").

*Second*, Plaintiffs have been prejudiced by NF's noncompliance. "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available"; therefore, "an absolute lack of discovery results in clear prejudice." *Middlebrooks v. Sebelius*, No. CIV. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Here, NF's refusal to participate in discovery, including its refusal to be deposed, has caused "significant procedural and substantive prejudice" to Plaintiffs, who have "been stymied at every turn . . . to get the evidence [they] need[] to prosecute [their] claims." *First Mariner Bank v. Resolution Law Grp., P.C.*, No. 12-CV-1133, 2014 WL 1652550, at *19 (D. Md. Apr. 22, 2014); *see Diamond v. Mohawk Indus., Inc.*, No. 6:12-CV-00057, 2014 WL 1404563, at *5 (W.D. Va. Apr. 10, 2014) (Moon, J.).

The prejudice is even more striking here because "the evidence sought by [Plaintiffs'] discovery requests 'goes to the heart'" of Plaintiffs' conspiracy claim. *Hendricks v. Quikrete Cos.*, No. GJH-14-2695, 2017 WL 2711131, at *4 (D. Md. June 21, 2017) (citation omitted); *see also Knight v. Boehringer Ingelheim Pharm., Inc.*, 323 F. Supp. 3d 837, 845 (S.D.W. Va. 2018) ("[P]rejudice arises when a party 'cannot present evidence essential to its underlying claim.'" (citation omitted)). Plaintiffs may prove a conspiracy "by circumstantial evidence . . . of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." *United States v. Masi*, 135 F.3d 771, at *6 (4th Cir. 1998) (table decision) (internal quotation marks and citation omitted; alteration in original). However, NF's refusal to be deposed and the dearth of documents from NF

10

impede Plaintiffs' ability to prove the manner in which they conspired with other Defendants and jeopardizes Plaintiffs' ability to prove their case against those other Defendants as well.[3]

*Third*, sanctions are required to deter other Defendants contemplating similar action. "[T]o ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan*, 872 F.2d at 92; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (sanctions are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("The courts must protect the integrity of the judicial process because, '[a]s soon as the process falters . . . the people are then justified in abandoning support for the system.'" (citation omitted; alterations in original)); *Pruitt v. Bank of Am., N.A.*, No. 8:15-CV-01310, 2016 WL 7033972, at *2 (D. Md. Dec. 2, 2016) ("[T]he need to deter this type of conduct is manifest. Civil cases simply cannot proceed without participation by all parties in discovery.").

*Fourth*, lesser sanctions than default judgment would not be effective. Plaintiffs have noticed NF's deposition multiple times and given NF multiple chances, but NF has repeatedly refused to be deposed or to designate a Rule 30(b)(6) representative. *See supra* pp. 4–5. Any other

---

[3] Plaintiffs have obtained discovery from some of the NF constituent groups and some of the individuals who helped establish NF, including through Rule 30(b)(6) depositions of certain of the member entities. However, this discovery cannot take the place of the separate discovery into NF itself to which Plaintiffs are entitled, including because NF had its own social media (including at least a website); NF contained several groups that are not named as Defendants in this case; and discovery remains woefully incomplete even as to member groups that are Defendants (most notably NSM, which has been the subject of separate motions to compel and for sanctions). Plaintiffs have the right under the Federal Rules to depose a designated representative who is knowledgeable about and has been prepared to testify about NF itself, and NF's conduct has robbed Plaintiffs of that right to which they are entitled.

remedies, such as monetary sanctions, would clearly be futile. Default judgment therefore is warranted. *See CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 502 (D. Md. 2010) (finding that "the entry of default and default judgment is appropriate given that the evidence shows that Field has completely failed to respond to any discovery request, or to Plaintiffs' correspondence about discovery, and failed to attend his deposition after receiving repeated notification" and that "less drastic sanction" than entry of default judgment "will be ineffective").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter default against Defendant NF pursuant to Rule 55(a) or default judgment pursuant to Rule 37(b)(2)(A)(vi).

Dated: January 13, 2021

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

I further hereby certify that on January 13, 2021, I also served the following non-ECF participants, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

_/s/ Robert T. Cahill_
Robert T. Cahill (VSB 38562)
COOLEY LLP

_Counsel for Plaintiffs_