# EXHIBIT 11

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM |

## NOTICE OF DEPOSITION OF DEFENDANT NATIONALIST FRONT

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, will take the deposition upon oral examination of Defendant Nationalist Front ("NF") at 9:30 a.m. on Monday, November 2, 2020, and continuing from day to day until completed. The deposition will take place before a Notary Public or other person authorized by law to administer oaths. The deposition will take place via videoconference, as agreed upon by the parties, or at such other location, date, method, and time as may be mutually agreed upon by the parties. The deposition will be recorded by stenographic means, and will be videotaped. The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

**NOTICE IS FURTHER GIVEN** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NF shall designate one or more officers, directors, or managing agents, or other persons to testify on its behalf with respect to the matters designated in Attachment "A" hereto.

Pursuant to Rule 30(b)(6), the person(s) so designated shall be the most qualified to testify on NF's behalf regarding the matters identified in Attachment A.

Dated: October 16, 2020

Respectfully submitted,

*/s/ Jessica E. Phillips*
Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

2

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Alexandra Eber (*pro hac vice*)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
aeber@cooley.com
cmunley@cooley.com
sastrauss@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

# EXHIBIT A

In accordance with Federal Rule of Civil Procedure ("FRCP") 30(b)(6), Plaintiffs designate the matters identified below for examination. In construing these topics, the following instructions and definitions shall apply:

**Definitions**

1. "Amended Complaint" means the Second Amended Complaint filed in the above-captioned litigation as ECF No. 557.

2. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electric, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including but not limited to letters, memoranda, reports, emails, text messages, instant messages, social media postings, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

3. "Concerning" means, in addition to its customary and usual meaning, relating to, pertaining to, referring to, alluding to, confirming, constituting, comprising, containing, commenting upon, responding to, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, related

to, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and summarizing in any way, directly or indirectly, in whole or in part, the subject matter referred to in the Deposition Topic.

4. "Document" or "Documents" means documents broadly defined in FRCP Rule 34, and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of letters, memoranda, handwritten notes, notebooks, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, or any other use of Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electronically, or photographically. Without limiting the foregoing in any way, every Communication is also a Document.

5. "Events" means the occurrences and activities described in Paragraphs 44 to 334 of the Amended Complaint.

6. "Person" means any natural person and/or any other cognizable entity, including but not limited to corporations, proprietorships, partnerships, joint ventures, and/or associations, whether formal or informal.

7. "Social Media" means any forum, website, application, or other platform on which persons can create, transmit, share, communicate concerning, or comment upon any information, ideas, or opinions, or otherwise engage in social networking. Without limiting the foregoing in any manner, and by way of example only, the following are social media platforms: comment sections of websites, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Twitter, Tumblr, YouTube, and instant messaging services such as Signal, WhatsApp, Messenger, Hangouts, or Skype. Without limiting the foregoing in any manner, and by way of example only, the following are methods of using social media platforms: uploading, posting, commenting, reacting (e.g., "liking" a post), and sharing.

8. "Social Media Handle" means the unique identifier (whether a name, nickname, user name, avatar, image, or otherwise) associated with a user of Social Media. A Social Media Handle includes, for example, your unique Discord user handle including a four-digit number at the end of that handle.

9. "You," "Your," or "Yours" refers to the Defendant(s) to whom the Deposition Topics are addressed and includes any persons or entities acting for them or on their behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, attorneys, as well as any entities over which any of the Defendant(s) have control.

**Instructions**

A. References to any natural person shall be deemed to include that natural person's agents, servants, representatives, current and former employees, and successors.

B. References to any non-natural persons (e.g., corporation, partnership, entity,

membership organizations, etc.) shall be deemed to include that non-natural person's predecessors, successors, divisions, subsidiaries, parents, assigns, partners, members, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

C. The use of the singular form of any word includes the plural and vice versa.

D. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each topic all responses that might otherwise be considered outside its scope. Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

E. The terms "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the topic all information that might otherwise be construed to be outside of its scope.

F. The word "all" means "any and all"; the word "any" means "any and all."

G. The term "including" means "including without limitation."

H. The masculine includes the feminine and neutral genders.

**The deponent shall be prepared to address the following topics:**

1. All steps taken by You to preserve, search for, collect, identify, produce, and withhold Documents in response to Plaintiffs' discovery requests in this Action.

2. Your responses and objections to Plaintiffs' Interrogatories, Requests for Production, and Requests for Admissions.

7

3. Your Answer to the Amended Complaint (ECF No. 577), and all evidence supporting Your Answer.

4. Your organizational structure, including Your governance structure, and the identities, job titles, and responsibilities of any officers, employees, agents, and independent contractors employed by You.

5. Your membership structure, including the identities of all members, any membership lists, any titles, any requirements for membership, and any means of communicating with and among Your members.

6. Your members' use of Social Media, including but not limited to Discord, and any of Your members who were directed, authorized, encouraged, or otherwise permitted to speak on behalf of You on any Social Media platform.

7. The Social Media Handle for any of Your members included in Your response to topic 6, including but not limited to Discord Social Media Handles.

8. The steps You took to prepare for the Events, including but not limited to planning the Events with outside organizations and any planning that occurred within Your organization, and any Communications relating to such planning, including but not limited to those relating to tactical, offensive, or defensive preparations for the Events.

9. Communications with Your members and members of outside organizations on May 13, 2017, before, during and after the Events.

10. Communications with Your members and members of outside organizations on July 8, 2017, before, during and after the Events.

11. Communications with Your members and members of outside organizations on August 11 and August 12, 2017, before, during, and after the Events.

12. Your involvement in the Events, and actions You and Your members took while participating in the Events.

13. Communications with and Documents provided to or by Your members related to the Events.

14. Communications with and Documents provided to members of the media or the public and the creation and content of any blogs, websites, or social media accounts promoting Your organization in relation to the Events.

15. Any Communications after August 12, 2017 relating to the Events on August 11-12, 2017, including but not limited to Communications relating to the Event participants, the perceived success or failure of the Events, and the death of Heather Heyer.

16. Any Documents, or any Communications with Your members or members of outside organizations, relating to Your participation or nonparticipation, or the participation or nonparticipation of Your members, in Unite the Right 2.0.

17. Your involvement in events held on October 7, 2017 in Charlottesville, Virginia (known as "Charlottesville 3.0"), including but not limited to steps You took to plan or prepare for Charlottesville 3.0 within Your organization or with outside organizations, Communications with Your members or members of outside organizations concerning Charlottesville 3.0, and Documents provided to Your members or the media relating to Charlottesville 3.0.

18. Your finances, including but not limited to funding and fundraising efforts for the Events, Charlottesville 3.0, and the instant litigation.

19. All Documents reviewed in preparation for this deposition, including the identification and production of all Documents that refreshed the deponent's recollection.

20. The identity of all Persons with knowledge about topics 1-19.

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, I served the foregoing upon the following counsel and *pro se* Defendants, via electronic mail, as follows:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

Christopher Cantwell
christopher.cantwell@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

1

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ *Jessica E. Phillips*
Jessica E. Phillips (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com

*Counsel for Plaintiffs*