### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br><br>                         Plaintiffs,<br><br>v.<br><br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br><br>                         Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

### PLAINTIFFS' OMNIBUS PETITION REGARDING RECOVERABLE ATTORNEYS' FEES

## TABLE OF CONTENTS

PROCEDURAL BACKGROUND ................................................................................................ 1

REQUEST FOR FEES AND EXPENSES ............................................................................... 4

ARGUMENT ............................................................................................................................ 6

I.  The Applicable Legal Standard ...................................................................................... 6

II.  Plaintiffs' Requested Fees Are Reasonable ................................................................... 7

    A.  The Hourly Rates Being Applied Are Reasonable ................................................. 7

    B.  Plaintiffs Devoted a Reasonable Number of Hours to the Sanctions Motions ..... 11

    C.  The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment ...... 16

CONCLUSION ...................................................................................................................... 16

Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure and this Court's Orders, Plaintiffs hereby submit this Omnibus Petition identifying the reasonable expenses, including attorneys' fees, that Plaintiffs incurred in connection with: (1) Plaintiffs' Motion to Compel Discovery from Defendant Robert "Azzmador" Ray, ECF No. 673; (2) Plaintiffs' Motion to Compel Discovery from Defendant National Socialist Movement ("NSM"), ECF No. 674; (3) Plaintiffs' Motion to Compel Discovery from Defendant Jeff Schoep, ECF No. 689; (4) Plaintiffs' Motion to Compel the Deposition of Defendant Elliott Kline a/k/a Eli Mosley, ECF No. 792; and (5) Plaintiffs' Motion to Compel the Deposition of Defendant Robert "Azzmador" Ray, ECF No. 803 (collectively, "Motions").

## PROCEDURAL BACKGROUND

As this Court is well aware, obtaining discovery from Defendants Ray, Kline, Schoep, and NSM (collectively, the "Compelled Defendants") has been a long and involved process.  The Compelled Defendants' continued recalcitrance has forced Plaintiffs to engage in unnecessary motions practice, as recounted in each of the Motions and related briefing.  For each of the Motions, the Court granted Plaintiffs' request for attorneys' fees and costs, as set forth below.  This submission now follows.

Motion to Compel Discovery from Ray: On March 11, 2020, Plaintiffs moved to compel discovery from Ray because he had failed to turn over and disclose numerous devices and account credentials and had failed to produce responsive documents, podcasts, and videos regarding Unite the Right.  *See generally* ECF No. 673.  Ray did not file an opposition and did not appear for an April 27, 2020, telephonic status and discovery conference.  May 18 Order 1, ECF No. 728.  On May 18, 2020, the Court granted Plaintiffs' motion to compel, and directed Plaintiffs "to file a

petition setting out their reasonable expenses, including attorney's fees, incurred in making the motion." *Id.* at 4.

Motion to Compel Discovery from NSM: On March 11, 2020, Plaintiffs moved to compel discovery from NSM because NSM had failed to produce a single document to Plaintiffs and repeatedly refused to conduct any investigation into relevant documents or potential custodians. *See generally* ECF No. 674.  NSM did not file an opposition and did not appear for an April 27, 2020, telephonic status and discovery conference.  June 23 Mem. Op. & Order 1, ECF No. 774. On June 23, 2020, the Court granted Plaintiffs' motion to compel and directed Plaintiffs to "file a petition setting out their reasonable expenses, including attorney's fees, incurred in making the motion." *Id.* at 11.

Motion to Compel Discovery from Schoep: On March 27, 2020, Plaintiffs moved to compel discovery from Jeff Schoep because Schoep had refused to turn over his new phone to the Vendor for imaging and production of responsive documents despite Plaintiffs' multiple requests that he do so. *See generally* ECF No. 689.  Schoep opposed the motion but immediately thereafter conceded and agreed to turn over his phone for imaging.  ECF No. 694 at 12.  Plaintiffs filed a reply clarifying Schoep's continued intransigence and efforts to delay discovery.  ECF No. 695. The Court granted Plaintiffs' motion to compel and directed Plaintiffs to "file a petition setting out their reasonable expenses, including attorney's fees, incurred in making the motion."  May 27 Mem. Op. & Order 6, ECF No. 741.  On May 28, 2020, Schoep moved for reconsideration of this Order.  ECF No. 744.  On June 11, 2020, Plaintiffs opposed Schoep's motion for reconsideration. ECF No. 762.  On June 12, 2020, the Court denied Schoep's motion for reconsideration, and noted that "Schoep's failure to produce the discovery before Plaintiffs moved to compel means that he

probably will have to compensate Plaintiffs for their reasonable expenses, including attorney's fees, in bringing their motion." June 12 Order 7, ECF No. 766.

<u>Motion to Compel the Deposition of Kline</u>: On July 3, 2020, Plaintiffs moved to compel the deposition of Elliott Kline a/k/a Eli Mosley because Kline failed to appear for his duly-noticed deposition on July 2, 2020.  ECF No. 792.  Kline did not file an opposition.  However, he sent an email to Plaintiffs' counsel the day his opposition was due, incredibly informing them that he had been unaware of his deposition until that very day, but indicating that he was willing to sit for his deposition. ECF Nos. 810, 810-1.  The Court directed Plaintiffs to file a notice of deposition as to Kline, which they did.  ECF Nos. 811, 812.  On July 24, 2020, the Court granted "Plaintiffs' requests to be reimbursed for their reasonable fees and expenses caused by Kline's failure to attend the July 2 deposition and for a court order compelling Kline's attendance at the August 12 deposition[.]" July 24 Order 1, ECF No. 815.

<u>Motion to Compel the Deposition of Ray</u>: On July 14, 2020, Plaintiffs moved to compel the deposition of Robert "Azzmador" Ray because Ray failed to appear for his duly-noticed deposition on July 13, 2020.  ECF No. 803.  Ray did not file an opposition.  The Court directed Plaintiffs to file a notice of deposition as to Ray, which they did.  ECF Nos. 811, 813.  On July 23, 2020, the Court granted "Plaintiffs' requests to be reimbursed for their reasonable fees and expenses caused by Ray's failure to attend the July 13 deposition and for a court order compelling Kline's attendance at the July 29 deposition[.]" July 23 Order 1, ECF No. 814.

Ray failed to appear for his re-scheduled, Court-ordered deposition on July 29, 2020, and Plaintiffs requested that the Court order Ray to pay their reasonable fees and expenses caused by his non-appearance.  ECF No. 818.  On August 27, 2020, the Court issued an order to show cause,

setting a hearing for September 14, 2020, and permitted Ray the opportunity to file a submission. August 27 Show Cause Order to Robert "Azzmador" Ray 2–3, ECF No. 848. The Court also directed Plaintiffs to serve a notice of deposition on Ray for September 14, 2020, which they did. ECF Nos. 849, 858. Ray did not make any submissions to the Court in response to the Court's order. Neither did Ray appear for his deposition or the show cause hearing. On September 16, 2020, the Court found Ray in contempt of court for failing to obey Court orders and failing to appear for his three duly-noticed depositions. September 16 Order Finding Robert "Azzmador" Ray in Civil Contempt 1, ECF No. 877. On October 27, 2020, Plaintiffs moved for sanctions, including reasonable attorneys' fees and expenses caused by Ray's failure to attend his July 29, 2020, and September 14, 2020, depositions, and incurred in preparing for and attending Ray's civil contempt hearing on September 14, 2020. ECF No. 898. Those requests are still pending.[1]

## REQUEST FOR FEES AND EXPENSES

As set forth in the Declaration of Jessica Phillips in support of this Petition, dated March 5, 2021 ("Phillips Declaration" or "Phillips Decl."), Plaintiffs devoted 181.1 hours of attorney and paralegal time to the Motions, totaling $53,540.25 in fees and expenses, including researching and drafting the briefs in support of the Motions, compiling exhibits demonstrating Compelled Defendants' defiance of Court orders and refusal to participate in discovery, and the costs associated with scheduling Kline's July 2 deposition and Ray's July 13 deposition.

---

[1]   Plaintiffs reserve all rights with respect to Ray's refusal to appear, and have requested reasonable attorneys' fees and costs in connection with Ray's failure to appear for his July 29, 2020, deposition, his September 14, 2020, deposition, and the contempt hearing on the same date. ECF Nos. 818, 898. Plaintiffs' fees and expenses related to those events are not included in this Motion. Plaintiffs also note that Ray's outright defiance of the Court's order to appear for his deposition and to appear for the show cause hearing indicates that Ray has disappeared from the litigation and further underscores the need for evidentiary sanctions against Ray, as discussed in Plaintiffs' pending Motion for Evidentiary Sanctions Against Defendant Robert "Azzmador" Ray, ECF No. 750.

The attorney and paralegal hours expended in connection with each of the Motions and the costs of Kline and Ray's missed depositions are set forth in further detail in Exhibits A through E to the Phillips Declaration, which include the following total amounts for time and expenses:

| Exhibit | Item | Amount |
|---------|------|--------|
| A | Motion to Compel Discovery from Defendant Robert "Azzmador" Ray | $11,757.50 |
| B | Motion to Compel Discovery from Defendant National Socialist Movement | $22,382.50 |
| C | Motion to Compel Discovery from Defendant Jeff Schoep | $11,457.50 |
| D | Motion to Compel the Deposition of Defendant Elliott Kline a/k/a Eli Mosley | $4,172.25 |
| E | Motion to Compel the Deposition of Defendant Robert "Azzmador" Ray | $3,770.50 |
| | TOTAL | $53,540.25 |

Plaintiffs request that the fees and costs associated with the Motions to Compel Discovery from Defendants Ray, NSM, Kline, and Schoep be apportioned according to the Compelled Defendant to whom each respective Motion was directed. This results in the following allocation of fees and expenses among the four Compelled Defendants:

| Defendant | Motion to Compel Discovery | Motion to Compel Deposition | Total Sanction |
|-----------|----------------------------|-----------------------------|----------------|
| Ray | $11,757.50 | $3,770.50 | $15,528.00 |
| NSM | $22,382.50 | N/A | $22,382.50 |
| Schoep | $11,457.50 | N/A | $11,457.50 |
| Kline | N/A | $4,172.25 | $4,172.25 |

5

**ARGUMENT**

**I.      The Applicable Legal Standard**

In this Circuit, "the Court considers the reasonableness of the fees requested" by applying a three-step analysis.  *VT Milcom, Inc.* v. *PAT USA, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 3 (W.D. Va. Jan. 26, 2018) (Hoppe, J.) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)), *report and recommendation adopted* ECF No. 82 (W.D. Va. Feb. 16, 2018).  First, the Court determines the lodestar figure by multiplying the number of reasonable hours by the applicable reasonable hourly rate.  *Id.*; *see also Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 512 (D. Md. 2005) (noting the lodestar method is appropriately applied to fee awards under Rule 37). The reasonableness of both the number of hours and the hourly rates requested is evaluated using the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors").  *McAfee*, 738 F.3d at 88 & n.5.  The twelve *Johnson* factors are:  "(1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."  *Id.*

Second, the court must "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)).

Finally, the court "awards a percentage of the remaining amount to the prevailing party, depending on the degree of success of the prevailing party's claims." *VT Milcom*, No. 5:16-CV-00007, ECF No. 81 at 4.

## II.      Plaintiffs' Requested Fees Are Reasonable

As set forth in more detail below, Plaintiffs have taken a deliberately conservative approach in their fee request that easily satisfies all relevant *Johnson* factors and provides no basis for reduction.  Represented by experienced and able counsel, Plaintiffs pursued five undisputedly justified Motions against four Compelled Defendants who have each shown complete disregard for the judicial process and this case in an effort to stall discovery to which Plaintiffs were entitled. The rates being requested are reasonable, taking into account the counsel's experience and the unique difficulties presented by the issues and discovery in this case.  The number of hours being requested is also reasonable, containing only the hours (and expenses) of certain attorneys and paralegals directed specifically at researching, drafting, preparing, and filing the Motions. Accordingly, the Court should award Plaintiffs the lodestar amount as to each Defendant as set forth above.

### A.      The Hourly Rates Being Applied Are Reasonable

In determining the reasonableness of the hourly rates being applied, this Court is instructed to consider and weigh, to the extent pertinent, the *Johnson* factors.  *See supra* at 6.  Because this application for fees arises in the context of the resolution of discovery disputes, rather than at the

7

conclusion of the litigation on the merits, Plaintiffs submit that "the customary fee for like work" and "the experience, reputation and ability of the attorneys" are the *Johnson* factors appropriately considered in assessing the reasonableness of Plaintiffs' claimed hourly rates here. *See, e.g.*, *Scott v. Clarke*, No. 3:12-CV-00036, 2014 WL 1463755, at *2, 5 (W.D. Va. Apr. 15, 2014) (Moon, J.) (awarding fees based on submission that specifically addressed three of twelve *Johnson* factors); *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 450 (E.D. Va. 2014) (finding numerous *Johnson* factors inapposite "[b]ecause this matter involve[d] a discovery motion rather than the complete disposition of a case after trial")); *SunTrust Bank v. Nik*, No. 1:11-CV-343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012), *report and recommendation adopted*, No. 1:11-CV-343, 2012 WL 1344376 (E.D. Va. Apr. 17, 2012) (same); *see also* Mem. Op. 8, ECF No. 738 (granting in part Plaintiffs' motion for fees and costs due to non-compliance, taking into account the *Johnson* factors relating to customary fees for like work and experience and ability of the attorneys).

### 1. Plaintiffs Are Applying the Customary Fee for Like Work in This Jurisdiction

In seeking an award of attorneys' fees, Plaintiffs bear the burden of "produc[ing] specific evidence of the 'prevailing market rates in the relevant community' for the type of work" performed. *Depaoli v. Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (alteration in original and quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). "Typically, this means an attorney will demonstrate the market rate for services in the geographic jurisdiction of the litigation." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 227 (4th Cir. 2009) (citation omitted); *accord Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) ("The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits."). Courts in this

jurisdiction have awarded fees based on where attorneys practice, rather than where the case is heard.  *See Quesenberry v. Volvo Grp. N. Am., Inc.*, No. 1:09-CV-00022, 2010 WL 2836201, at *9 (W.D. Va. July 20, 2010), *report and recommendation adopted*, No. 1:09-CV-00022, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010).  In this case, that would mean applying prevailing New York and Washington D.C. market rates, as all of the lawyers who devoted time to the Motions worked at Boies Schiller Flexner LLP in Washington D.C. and New York.  However, Plaintiffs request that for the purpose of this application, the following local market rates (which are substantially lower than both the prevailing market rates for New York City and Washington D.C. normally received by Plaintiffs' counsel and the actual rates they charge for this case) be used for determining the lodestar for this application:

- Jessica Phillips (Partner)               $450;
- Yotam Barkai (Senior Associate)          $275;
- Katherine Cheng (Senior Associate)       $275;
- Josh Hasler (Paralegal)                  $100;
- Stephanie Spear (Paralegal)              $100.

These rates are in accordance with the rates for partners and senior associates that courts in this Circuit have deemed appropriate in recent cases.  *See Cab Siquic v. Star Forestry, LLC*, No. 3:13CV00043, 2016 WL 1650800, at *2 (W.D. Va. Apr. 22, 2016) (finding reasonable rates up to $450/hour); *Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11-CV-00025, 2014 WL 1599564, at *3–4 (W.D. Va. Apr. 21, 2014) (finding reasonable $500/hour for lead counsel and $275/hour for an associate who was also a primary attorney); *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 476 (W.D. Va. 2011) (finding reasonable rates ranging from

9

$250 to $450/hour); *Randle* v. *H&P Capital, Inc.*, No. 3:09-CV-608, 2010 WL 2944907, at *8 (E.D. Va. July 21, 2010) (awarding $450 and $425 per hour to experienced attorneys); *Quesenberry*, 2010 WL 2836201, at *8 (finding reasonable $400/hour for partners and $275 for associates with more than 3 years of experience); *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 5 (awarding $365 per hour for experienced attorneys and $275 per hour for less experienced attorneys, as requested in Pl.'s Br. Ex. A, ECF No. 75-1). The paralegal rates proposed are also the same as the paralegal rates this Court has previously approved in this case. Mem. Op. 12, ECF No. 738. In requesting that these rates be applied, Plaintiffs have endeavored to ensure that their request falls within the parameters of reasonable fees for this Circuit, notwithstanding the higher hourly rates that Plaintiffs' counsel would normally receive for the type of work undertaken here.[2]

## 2.      Plaintiffs' Attorneys Are Able and Experienced

Together with co-counsel, Plaintiffs are represented by Boies Schiller Flexner LLP ("BSF"), a national firm composed of litigation and trial specialists. BSF is a nationally recognized litigation and trial firm with an established record of winning complex and groundbreaking cases. BSF has represented clients in significant constitutional, civil rights, and public interest challenges, including: *Bush v. Gore*, 531 U.S. 98 (2000) (challenge to Florida's election re-count procedures); *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (challenge to California's ban on same-sex marriage under Proposition 8); various cases representing sex trafficking victims of Jeffrey Epstein; and various cases challenging state winner-take-all systems as unconstitutional.

---

[2]    While Plaintiffs recognize that the rates requested here are slightly higher than that requested in their prior fee petition, the requested rate is still reasonable given local rates and in light of the experience and usual rates of their attorneys. Plaintiffs reserve the right to request the actual rates of their counsel attorneys and paralegals in future fee applications in this case.

As set forth in the Phillips Declaration, the BSF attorneys[3] who worked on the Motions have significant prior experience in complex and civil rights litigation:

- Jessica Phillips, a Partner at BSF during the relevant time, who devoted 25.3 hours to the Motions, is a highly experienced complex civil litigator, having participated in numerous trials and appeals over the course of her career, including before the U.S. Supreme Court. Prior to joining BSF as a Counsel in 2016, she was a litigation associate at Latham & Watkins LLP.  She served as a law clerk for the Honorable Joel M. Flaum on the U.S. Court of Appeals for the Seventh Circuit and subsequently for Justice Samuel A. Alito on the U.S. Supreme Court. (*See* Phillips Decl. ¶ 5.)

- Yotam Barkai, an associate at BSF during the relevant time, who devoted 82.9 hours to the Motions, has extensive litigation and trial experience in his seven years in practice.  He has successfully argued before the Fifth Circuit and been appointed pro bono counsel in various federal courts of appeals.  He has also devoted significant time to multiple amicus briefs on constitutional and civil rights issues.  Prior to joining BSF in 2015, he served as a law clerk for the Honorable Katherine B. Forrest on the U.S. District Court for the Southern District of New York and subsequently to the Honorable Stephen F. Williams on the U.S. Court of Appeals for the D.C. Circuit.  (*See* Phillips Decl. ¶ 6.)

- Katherine Cheng, an associate at BSF who devoted 52.3 hours to the Motions, has extensive litigation and trial experience in her six years in practice.  Prior to joining BSF in July 2018, she clerked for the Honorable Alan C. Kay on the U.S. District Court for the District of Hawaii and spent over two years as a litigation associate at Latham & Watkins LLP.  Ms. Cheng has participated in multiple trials and, as a law student, successfully argued before the Ninth Circuit.  Her practice focuses on complex civil litigation, including representation in an antitrust conspiracy matter, and has devoted significant time to pro bono matters, including federal constitutional challenges at the trial and appellate levels. (*See* Phillips Decl. ¶ 7.)

**B.**     **Plaintiffs Devoted a Reasonable Number of Hours to the Sanctions Motions**

In determining the reasonableness of the hours expended, this Court should once again consider and weigh the relevant *Johnson* factors.  *See supra* at 6.  Those factors are "the time and labor expended" and "the novelty and difficulty of the questions raised."  *See, e.g.*, *Alexander S. By & Through Bowers v. Boyd*, 929 F. Supp. 925, 939 (D.S.C. 1995) (per curiam) (applying the

---

[3]   As noted in the Phillips Declaration, when the relevant work was performed, all of the attorneys were employed by BSF, notwithstanding subsequent employment changes.

first and second *Johnson* factors), *aff'd sub nom. Burnside v. Boyd*, 89 F.3d 827 (4th Cir. 1996);

*AD ex rel. SD v. Bd. of Pub. Educ. of City of Asheville*, 99 F. Supp. 2d 683, 690 (W.D.N.C. 1999)

(same).  Applying those factors to the analysis, Plaintiffs' hours are reasonable and should be

credited in total.

### 1.    The Time and Labor Expended Was Warranted Given the Novelty and Difficulty of the Questions Posed

"A fee applicant has the burden of proving hours to the district court by submitting

contemporaneous time records that reveal all hours for which compensation is requested and how

those hours were allotted to specific tasks." *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d

780, 788 (D. Md. 2000) (citing authorities); *accord Beyond Sys., Inc. v. World Ave. USA, LLC*,

No. CIV.A. PJM-08-921, 2011 WL 2038545, at *5 (D. Md. May 24, 2011) (similar).  Excerpts

from BSF's electronic invoicing system, reflecting the record of the work performed in connection

with the researching, briefing, and argument of the Motions, are being submitted as Exhibits A

through E to the Phillips Declaration.  In addition, Plaintiffs have included as expenses the costs

of arranging Kline's July 2, 2020, deposition and Ray's July 13, 2020, deposition, based on the

bills received from TSG Reporting, the vendor used to schedule court reporting and videography

services for those depositions.

As set forth in those Exhibits, Plaintiffs' counsel devoted 181.1 hours of attorney and

paralegal time to the Motions, including researching, drafting, and compiling the briefs and

associated exhibits in support of the Motions.  Plaintiffs are excluding from their request, in a

further effort to be reasonable and in the exercise of the sound professional billing judgment that

courts expect to be applied by the award-seeking attorney in this context,[4] among other things, the attorney and paralegal hours and expenses devoted to the following work relating to the Motions:

- Other motions against the Compelled Defendants, including but not limited to Plaintiffs' motions for sanctions, motions to compel discovery, and the motion to compel the deposition of Burt Colucci.

- Meeting and conferring with Edward Rebrook, counsel for Schoep, in connection with the issues discussed in Plaintiffs' Motion to Compel Discovery from Defendant Schoep.

- Preparing for the depositions of Kline and Ray.[5]

- Attempting to contact Kline and Ray regarding their depositions.

- Work done by other attorneys not identified in Plaintiffs' Petition Regarding Recoverable Attorneys' Fees.[6]

- All time and expenses of Plaintiffs' counsel expended on this Petition.[7]

(*See* Phillips Decl. ¶ 19.)

As this Court has previously recognized, discovery in this case poses "unique and complicated challenges," with "very little clear-cut guidance on how to craft just and appropriate

---

[4]   *See generally Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* . . . .'" (quoting *Copeland* v. *Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)); *see also Rum Creek Coal Sales*, 31 F.3d at 175 (noting fees claimed must reflect the application of "billing judgment").

[5]   As noted above, Plaintiffs reserve the right to seek their reasonable costs and expenses incurred relating to the two additional depositions for which Ray failed to appear and for the order to show cause hearing against Ray.

[6]   For example, Plaintiffs have excluded time spent by Michael Bloch reviewing and editing various filings.

[7]   *See, e.g.*, *Paice, LLC* v. *Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3819204, at *27 (D. Md. June 27, 2014) (noting the added liability to the sanctioned party of fees for preparing the fee petition itself).

sanctions[.]" Mem. Op. 21, ECF No. 738.  Notwithstanding Plaintiffs' repeated attempts to resolve discovery issues without Court intervention, Compelled Defendants' repeated obfuscation, delay, and disappearance from this litigation has interfered with the progress of this case and required Plaintiffs to seek the Court's assistance on multiple occasions, as set forth in the Motions. Plaintiffs submit that the hours expended are reasonable taking into account the number of hours expended, the difficulties of dealing with both represented parties and pro se parties in this case, and the issues presented in each Motion.

Plaintiffs' Motion to Compel Discovery from Ray involved challenges in light of Ray's *pro se* status, his continued refusal to participate in discovery, and his disappearance from this case.  Ray's document production is deficient in a number of respects, which Plaintiffs have been trying to correct for almost two years.  Indeed, at a March 18, 2019, hearing, Mr. Kolenich (then Ray's counsel) stated that "[i]t can't be right that [Ray] doesn't have Daily Stormer pass codes for the media.  The comment section, that's something he uses on a daily basis."  Mar. 18, 2019 Hr'g Tr. 13, ECF No. 455.  Based on a review of the limited number of documents Ray produced, Plaintiffs also discovered a number of other undisclosed devices and accounts and deficiencies, which have left large gaps in the evidentiary record.  *See generally* ECF No. 673.  In light of the effort needed to identify, develop, and account for these deficiencies, the number of hours expended on the Motion, including 18 accompanying exhibits, in both sealed and unsealed form, was reasonable.

Plaintiffs' Motion to Compel Discovery from NSM involved complicated factual circumstances and excuse after excuse proffered by NSM, Burt Colucci, and NSM's counsel, including that Mr. ReBrook's only "human client" was Jeff Schoep and that NSM as incorporated

by Colucci in Florida was a different organization than the NSM entity incorporated by Schoep in Michigan. ECF No. 674 at 9-19. Given the recalcitrance of NSM, Colucci, and their counsel even before the document production deadline passed, Plaintiffs began to assess what remedies were appropriate, including the potential for sanctions, and began researching and drafting the Motion. NSM's continued excuses and shifting stance necessitated a number of further revisions and edits to the Motion in order to incorporate the changing record and to address what relief was appropriate to remedy NSM's discovery misconduct. Against this complicated and changing backdrop and NSM's numerous unjustified excuses, the number of hours expended in order to develop factual and legal responses and compile dozens of supporting exhibits, in both unsealed and sealed form, was reasonable.

Plaintiffs' Motion to Compel Discovery from Schoep involved multiple efforts to attempt to meet and confer with Schoep's counsel, Mr. ReBrook without success, forcing Plaintiffs to file a Motion addressing the same meritless arguments. As this Court noted, Schoep's resistance was based on "grounds that the Court ha[d] already rejected or otherwise addressed." May 27 Mem. Op. & Order 3, ECF No. 741. Schoep also filed an opposition even as he capitulated to Plaintiffs' requests immediately after filing his opposition, requiring Plaintiffs to determine how best to interpret and reply to Schoep's position. Schoep also filed a motion for reconsideration, requiring yet another round of briefing, even as he acceded to Plaintiffs' requests at the last minute once again. *See* ECF No. 762. In light of the multiple rounds of briefing required to address Schoep's pattern recalcitrance, defiance, and capitulation, the number of hours expended was reasonable.

Plaintiffs' Motions to Compel the Depositions of Kline and Ray involved similar and more routine discovery issues, and correspondingly involved fewer attorney hours in order to efficiently

15

develop and present the issues.  Nevertheless, both of these Motions still required Plaintiffs to spend some time researching, drafting, and editing them in order to support their requested relief. In light of the relatively few hours spent on these Motions, the amount of fees and expenses requested is reasonable.  In addition, Plaintiffs seek to be reimbursed for the costs of court reporting and videography services for Kline and Ray's July 2 and July 13 depositions.  The expenses shown on Exhibits D and E are the actual amounts billed by TSG Reporting for court reporting and videography services pursuant to the standing arrangements Plaintiffs have made for deposition services in this case.

### C.    The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment

Where, as here, Plaintiffs succeeded on their Motions in full (*see supra* 1-4),[8] there is no basis to reduce the lodestar amount of $53,540.25 to account "for hours spent on unsuccessful claims unrelated to successful ones."  *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). Accordingly, there is no basis to award only "a percentage of the remaining amount to the prevailing party[.]"  *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 4.  Rather, the full lodestar amount of $53,540.25 is the appropriate award.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award Plaintiffs' reasonable attorneys' fees and expenses in the amount of $53,540.25, to be divided among

---

[8]    The only portion of Plaintiffs' Motions that was denied were requests to issue bench warrants to hold Ray and Kline in custody pending their depositions, but Plaintiffs nevertheless substantially succeeded in obtaining relief. *See Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007) ("[W]e do not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").  The amount of time expended on including that specific requested relief was negligible in any event.

Compelled Defendants, Ray, Schoep, NSM, and Kline, as set forth above, and order such other relief as the Court deems necessary and appropriate.

Dated:  March 5, 2021                                Respectfully submitted,

                                                     */s/ Robert T. Cahill*
                                                     Robert T. Cahill (VSB 38562)
                                                     COOLEY LLP
                                                     11951 Freedom Drive, 14th Floor
                                                     Reston, VA 20190-5656
                                                     Telephone: (703) 456-8000
                                                     Fax: (703) 456-8100
                                                     rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)              Karen L. Dunn (*pro hac vice*)
Julie E. Fink (*pro hac vice*)                  William A. Isaacson (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)            Jessica E. Phillips (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)                 PAUL WEISS RIFKAND WHARTON
Michael L. Bloch (*pro hac vice*)               GARRISON LLP
Jonathan R. Kay (*pro hac vice*)                2001 K St NW
Alexandra K. Conlon (*pro hac vice*)            Telephone: (202) 223-7300
Emily C. Cole (*pro hac vice*)                  Fax: (202) 223-7420
Yotam Barkai (*pro hac vice*)                   Washington, DC 20006
KAPLAN HECKER & FINK, LLP                       kdunn@paulweiss.com
350 Fifth Avenue, Suite 7110                    wisaacson@paulweiss.com
New York, NY 10118                              jphillips@paulweiss.com
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
jkay@kaplanhecker.com
aconlon@kaplanhecker.com
ecole@kaplanhecker.com
ybarkai@kaplanhecker.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

18

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

19

I further hereby certify that on March 5, 2021, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell
christopher.cantwell@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Richard Spencer
richardbspencer@gmail.com

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*

20