UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

## DECLARATION OF JESSICA PHILLIPS

I, Jessica Phillips, on this 5th day of March, 2021, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Partner at the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), one of the law firms representing the Plaintiffs in this action.

2. I submit this Declaration in support of Plaintiffs' Omnibus Petition for Attorneys' Fees. Except to the extent otherwise expressly indicated, I have personal knowledge of the matters set forth in this Declaration.

3. During the period of time relevant to Plaintiffs' Omnibus Petition for Attorneys' Fees, I was a Partner at Boies Schiller Flexner LLP ("BSF"), another of the law firms representing Plaintiffs in this action.

4. I am a member in good standing of the Washington, D.C. and Illinois State Bars. I am also admitted to practice before the Supreme Court of the United States, the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the District of Columbia, the United States District Court for the Eastern District of Michigan, and the United States District Court for the District of Columbia. I have been admitted to appear *pro hac vice* before this Court for and on behalf of the Plaintiffs in the above-captioned action.

5. I have been a Partner at Paul Weiss since July 31, 2020. I was a Partner at BSF for approximately 2.5 years and before that a Counsel at BSF for 1.5 years. Prior to that, I was an associate for seven years at Latham & Watkins LLP. I am an experienced trial attorney who has litigated a variety of complex commercial cases in federal and state trial and appellate courts across the country. I have taken five cases to trial and won multiple victories on behalf of my clients. I have handled numerous appeals in both federal and state appeals court, including before the United States Supreme Court. I also have experience with California arbitration proceedings. I graduated

1

*cum laude* from Northwestern University School of Law in 2006 and was elected to the Order of the Coif. After law school, I served as a law clerk to the Honorable Joel Flaum on the United States Court of Appeals for the Seventh Circuit and subsequently to the Honorable Justice Samuel Alito on the Supreme Court of the United States.

6. Yotam Barkai has been an associate at Kaplan Hecker & Fink LLP since August 2020. He was previously an associate at BSF starting in 2015. Mr. Barkai is a skilled trial and appellate litigator. His practice focuses on complex litigation, appeals, and government investigations. Mr. Barkai has participated in trials and has also devoted significant time to multiple amicus briefs on constitutional and civil rights issues. He has argued before the Fifth Circuit Court of Appeals and successfully won reversal for his client. He has been appointed pro bono counsel in various federal courts of appeals. Mr. Barkai graduated *magna cum laude* from the New York University School of Law in 2013, was elected to the Order of the Coif, and won numerous academic prizes and scholarships. After law school, Mr. Barkai served as a law clerk to the Honorable Katherine B. Forrest on the United States District Court for the Southern District of New York and subsequently to the Honorable Stephen F. Williams on the United States Court of Appeals for the D.C. Circuit.

7. Katherine Cheng has been an associate at BSF since July 2018. Prior to joining BSF, Ms. Cheng served as a law clerk to the Honorable Alan C. Kay on the U.S. District Court for the District of Hawaii. She was previously an associate at Latham & Watkins LLP. Ms. Cheng is a skilled trial litigator and has been an integral part of multiple successful trial teams. Her practice focuses on complex civil and antitrust litigation, including antitrust conspiracy issues. She has devoted significant time to pro bono matters, including briefing a constitutional challenge in the Ninth Circuit relating to state election procedures and previously representing homeless

individuals in a constitutional challenge to a municipal ordinance. Ms. Cheng graduated from the UCLA School of Law in 2014, was elected to the Order of the Coif, and received multiple academic awards. During law school, she argued before the Ninth Circuit Court of Appeals and successfully won remand on behalf of her client.

8. Josh Hasler was a paralegal at BSF from June 2018 to June 2020. He conducted factual and legal research, helped manage case files, and assisted with filings for a variety of cases. Mr. Hasler graduated from the University of Michigan in 2018 and served as a research assistant for the Political Science Department and was an intern for Gretchen Driskell's congressional campaign. He also served as a student investigator for the Office of the Public Defender in Washtenaw County where he conducted legal research, managed case files, and assisted in drafting legal documents.

9. Stephanie Spear has been a paralegal at BSF since June 2019. She conducts factual and legal research, helps manage case files, and assists with filings for a variety of cases. Ms. Spear graduated from Yale University in 2019, where she served as a student researcher in the Astrophysics department. She also interned with NASA's Jet Propulsion Laboratory and served as an American delegate for the 69th Japan-America Student Conference.

10. I was the lead attorney for: (1) Plaintiffs' Motion to Compel Discovery from Defendant Robert "Azzmador" Ray, ECF No. 673; (2) Plaintiffs' Motion to Compel Discovery from Defendant National Socialist Movement ("NSM"), ECF No. 674; (3) Plaintiffs' Motion to Compel Discovery from Defendant Jeff Schoep, ECF No. 689; (4) Plaintiffs' Motion to Compel the Deposition of Defendant Elliott Kline a/k/a Eli Mosley, ECF No. 792; and (5) Plaintiffs' Motion to Compel the Deposition of Defendant Robert "Azzmador" Ray, ECF No. 803; and related filings. In general, I worked with one associate and one paralegal who assisted me with

3

discrete filings relating to these motions. A second associate occasionally assisted with ancillary tasks. For example, Mr. Barkai assisted me in researching and drafting the Motion to Compel Discovery from Defendant NSM. Ms. Cheng assisted me in researching and drafting the Motion to Compel Discovery from Defendant Ray. Mr. Hasler assisted me in cite checking the Motion to Compel Discovery from Defendant NSM.

11. Exhibit A hereto reflects the reasonable fees associated with Plaintiffs' counsel's researching, drafting, and filing of their Motion to Compel Discovery from Defendant Robert "Azzmador" Ray briefing.

12. Exhibit B hereto reflects the reasonable fees associated with Plaintiffs' counsel's researching, drafting, and filing of their Motion to Compel Discovery from Defendant NSM briefing.

13. Exhibit C hereto reflects the reasonable fees associated with Plaintiffs' counsel's researching, drafting, and filing of their Motion to Compel Discovery from Defendant Jeff Schoep briefing and related filings.

14. Exhibit D hereto reflects the reasonable fees and expenses associated with Plaintiffs' Motion to Compel the Deposition of Defendant Kline briefing and the deposition scheduled for July 2, 2020.

15. Exhibit E hereto reflects the reasonable fees and expenses associated with Plaintiffs' Motion to Compel the Deposition of Defendant Ray briefing and the deposition scheduled for July 13, 2020.

16. Exhibits A through E reflect an accurate accounting, based on contemporaneous records, of the time Mr. Barkai, Ms. Cheng, Mr. Hasler, Ms. Spear, and I spent performing legal and paralegal services in connection with the foregoing motions. They also reflect the costs and

expenses that Plaintiffs' counsel incurred in scheduling Mr. Kline and Mr. Ray's depositions, including court reporting and videography services.

17. Exhibits A through E were created using entries for this litigation for the months of January through July 2020 from BSF's electronic billing system. Those entries were then edited to remove all entries, even if related to the Motions, for attorneys or paralegals not described in this Declaration. Then, Mr. Barkai, Ms. Cheng, Ms. Spear, and I each reviewed our remaining respective entries, further removed any hours that were not dedicated to the Motions, and edited any descriptions necessary to identify the work performed. Ms. Cheng reviewed and edited Mr. Hasler's time entries. We also included the costs and expenses of deposition scheduling based on bills received from TSG Reporting, the vendor who provided court reporting and videography services, for Mr. Kline and Mr. Ray's depositions. I then reviewed the hours and excluded further hours which, in my professional billing judgment, exceeded what would typically be charged to a client for this kind of work (*e.g.*, duplicative or excessive hours).

18. Although other attorneys at firms representing Plaintiffs in this litigation performed legal services in connection with these Motions, their time and expenses have been excluded from the calculations in Exhibits A through E.

19. Also excluded from the calculations in Exhibits A through E is all of the time and expenses Plaintiffs' counsel expended on:

    a. Other motions against the Defendants, including but not limited to Plaintiffs' motions for sanctions, motions to compel discovery, and the motion to compel the deposition of Burt Colucci.

  b. Meeting and conferring with Edward Rebrook, counsel for Schoep, in connection with the issues discussed in Plaintiffs' Motion to Compel Discovery from Defendant Schoep.

  c. Preparing for the depositions of Kline and Ray.

  d. Attempting to contact Kline and Ray regarding their depositions.

  e. Work done by other attorneys not identified in Plaintiffs' Petition Regarding Recoverable Attorneys' Fees.

  f. Preparing Plaintiffs' Omnibus Petition Regarding Recoverable Attorneys' Fees.

20. The fees and expenses included in Exhibits A through E were necessarily incurred in connection with the Motions identified above. They are the type of costs typically billed to clients for this type of work.

21. As set forth more fully in Plaintiffs' Omnibus Petition Regarding Recoverable Attorneys' Fees, the requested hourly rates for the work described in Exhibits A through E are reasonable for the Charlottesville, Virginia legal market. These rates represent a substantial discount on BSF's already-discounted hourly rate for this case, as set forth below:

| Individual | Discounted Hourly Rate for *Sines v. Kessler* | Hourly Rate Claimed in Fee Petition |
|---|---|---|
| Jessica Phillips | $800/hour | $450/hour |
| Yotam Barkai | $600/hour | $275/hour |
| Katherine Cheng | $450/hour | $275/hour |
| Josh Hasler | $200/hour | $100/hour |
| Stephanie Spear | $200/hour | $100/hour |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 5, 2021  /s/ *Jessica Phillips*
Washington, D.C.  Jessica Phillips