# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER, and JOHN DOE,<br><br>                Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFFS' OPPOSITION TO DEFENDANT CANTWELL'S OBJECTION TO DEPOSITION

## PRELIMINARY STATEMENT

Despite this Court's clear order specifically granting Plaintiffs leave to depose Defendant Christopher Cantwell pursuant to Fed. R. Civ. P. 30(a)(2)(B), *see* ECF No. 869, Cantwell objects to Plaintiffs' properly-noticed deposition of him on grounds that it is "untimely, and unduly burdensome." ECF. No. 930 at 1. Additionally, Cantwell seeks the appointment of a "guardian ad litem" – at Plaintiffs' expense – to assist him in the deposition process, even though he previously had counsel in this case who withdrew from representing him based in part on Cantwell's own misconduct in this litigation. Cantwell's contentions are baseless on both counts. First, there is simply no grounds to deny Plaintiffs the opportunity they are afforded under Rule 26(b)(1) to depose a named Defendant in a civil case, particularly where the Court has specifically granted Plaintiffs leave to do just that. Second, as the Court recently noted, the Court has authority to appoint a GAL for a minor or incompetent party who is not represented by counsel. Fed. R. Civ. P. 17(c)(2). That situation plainly does not apply to Cantwell. To the contrary, Mr. Cantwell finds himself without counsel because of his own intentional malfeasance and he has represented himself aggressively and competently since becoming *pro se*. This Court should deny Cantwell's requests.

## FACTUAL BACKGROUND

Cantwell is not just a named Defendant in this case, he also was one of the more prominent purveyors of violence at the event itself. On January 23, 2020, Cantwell was arrested in the District of New Hampshire on January 23, 2020, and he has been in federal custody since that date. *See U.S. v. Cantwell*, 20-cr-00006 PB (D.N.H., Jan. 23, 2020), ECF. No. 4.

Depositions on the merits did not begin in earnest until the summer of 2020.[1]  On July 1, 2020, during the period that both sides were deposing witnesses, and in the midst of the first wave of the COVID-19 pandemic, the Court amended the scheduling order, stating that "depositions of incarcerated parties and witnesses may be taken after the July 17, 2020 deadline."  ECF No. 791 at 8.  Fact discovery concluded on July 17, 2020.  By that time, no incarcerated witnesses or parties had been deposed.

On September 3, 2020, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs sought leave to depose Cantwell, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), because he was incarcerated.  *See* ECF No. 859.  Plaintiffs referred in that motion to the amended scheduling order permitting depositions of incarcerated parties beyond the close of fact discovery.  *Id*. at 2.  Approximately one week later, on September 11, 2021, the Court granted Plaintiffs' request, noting that "Plaintiffs have not yet had the opportunity to depose Cantwell by oral questions, and they are entitled to do so under Rule 26(b)(1)."  ECF No. 869.

Because Cantwell was facing an imminent trial at the time, Plaintiffs refrained from deposing him immediately.  Cantwell was convicted after trial on September 28, 2020, of one count of transmitting extortionate communications and one count of threatening to injure property or reputation.  *US v. Cantwell*, 20-cr-06-01 PB (D.N.H., Sept. 28, 2020), ECF No. 114.  He was originally scheduled to be sentenced on January 4, 2021, but the sentencing was ultimately continued until February 24, 2021.  Plaintiffs refrained from seeking to depose Cantwell until after he was sentenced.  On February 24, 2021, Cantwell was sentenced by Judge Paul Barbadoro to forty-one months in prison ensuring he will likely remain in prison for the entirety of this litigation. Plaintiffs then served Cantwell a deposition notice on March 3, 2021, noticing the deposition for

---

[1] The Court-ordered depositions Plaintiffs were awarded as sanctions for Defendants' discovery misconduct took place before the majority of merits depositions began.

March 19, 2021, and made arrangements with his facility to facilitate the logistics of a virtual deposition.  On March 11, 2021, Cantwell filed his motion.

**I.      There is No Legal Basis to Deny Plaintiffs Their Right Under Fed. R. Civ. P. 26(b)(1) to Depose Cantwell, a Named Defendant.**

As an initial matter, Plaintiffs have a right to depose each of the Defendants.  *See* Fed. R. Civ. P. 26(b)(1).  Cantwell argues that he should not have to sit for a deposition because, in his view, Plaintiffs unduly delayed his deposition.  *See* ECF 930 at 2. But the timing of Cantwell's deposition accords with the amended scheduling order and is a direct result of Cantwell's arrest and prosecution.  When Plaintiffs asked the Court to amend the scheduling order, Plaintiffs made sure to ask that Plaintiffs be permitted to depose incarcerated witnesses and parties after the close of fact discovery.  *See* ECF No. 791 at 8.  The Court granted Plaintiffs' request.  *Id.*  Relying upon the amended scheduling order and in effort to minimize potential Fifth Amendment issues given Cantwell's pending criminal charges, Plaintiffs waited until Cantwell's trial and sentencing took place before scheduling his deposition.   While Cantwell's criminal charges were pending, Plaintiffs properly sought and received permission to depose him.  *See* Fed. R. Civ. P. 30(a)(2)(B); ECF No. 859; ECF No. 869.  And within one week of Cantwell's sentencing, Plaintiffs properly noticed his deposition for March 19, 2021, seven months before trial is scheduled in this case.  As the Court noted in granting Plaintiffs' motion for leave to depose Cantwell, Plaintiffs still have not had the opportunity to depose Cantwell, one of the most important Defendants to the conspiracy alleged in this case, and they are entitled to do so under Rule 26(b)(1).  There is simply no basis upon which Plaintiffs should be deprived of critical evidence from a key Defendant, particularly where the Court has expressly granted leave for this deposition to go forward.

## II.      There is No Legal Basis to Appoint Cantwell a "Guardian ad Litem."

Cantwell's request for a "guardian ad litem to assist me in whatever obligations this abuse of process still imposes on me," ECF 930 at 2, is unwarranted as a legal matter.  In support of his request, Cantwell states he is "incarcerated, indigent, and without representation."  *Id.*  Cantwell offers no cognizable legal basis that would entitle him to appointment of a guardian ad litem ("GAL"), let alone one appointed at Plaintiffs' expense.  And Cantwell's incarceration and lack of counsel are each problems of his own making: they are a result of his own misconduct toward Plaintiffs' counsel and others.  Rule 17 of the Federal Rule of Civil Procedure provides that a court must "appoint a [GAL]—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Cantwell is not a minor.  And he is not, and does not claim to be, an "incompetent person."[2]  To the contrary, Cantwell has ably represented himself prior to and throughout his incarceration.  Prior to his incarceration, Cantwell filed multiple

---

[2] Rule 17(b)(1) provides that one's "[c]apacity to sue or be sued" for an individual in Mr. Cantwell's position is determined "by the law of the individual's domicile[.]" Fed. R. Civ. P. 17(b)(1). Because Mr. Cantwell's domicile is New Hampshire – his primary residence since the early 2010's – New Hampshire law on competence would apply to this analysis.  *See* HSBC Bank USA, Nat'l Ass'n v. Resh, No. 3:12-CV-00668, 2016 WL 270457, at *1 (S.D.W. Va. Jan. 21, 2016) ("This evidence indicates that prior to and during the course of this litigation, Mr. Brosnac was and still is domiciled in Texas. As such, Texas law should be applied in determining whether Mr. Brosnac has the capacity to be sued as an incarcerated individual."); *US v. Cantwell*, 20-cr-06-01 PB (D.N.H., Sept. 28, 2020), ECF No. 28 at 9 (noting Cantwell lives in Keene, New Hampshire and has lived there "since the early 2010's").

New Hampshire law provides for the appointment of a GAL for a minor in a family court proceeding (*see* NH R GUARD PRAC Rule 2.2), and for the appointment of guardians or conservators for minors and the estates of minors (*see* N.H. Rev. Stat. Ann. § 463:1) and for "incapacitated persons" (N.H. Rev. Stat. Ann. § 464-A:2).  For an adult to be appointed a guardian or conservator, the adult must suffer "incapacity" defined as a "legal, not a medical, disability and shall be measured by functional limitations. It shall be construed to mean or refer to any person who has suffered, is suffering or is likely to suffer substantial harm due to an inability to provide for his personal needs for food, clothing, shelter, health care or safety or an inability to manage his or her property or financial affairs. Inability to provide for personal needs or to manage property shall be evidenced by acts or occurrences, or statements which strongly indicate imminent acts or occurrences. All evidence of inability must have occurred within 6 months prior to the filing of the petition and at least one incidence of such behavior must have occurred within 20 days of the filing of the petition for guardianship . . . Isolated instances of simple negligence or improvidence, lack of resources or any act, occurrence or statement if that act, occurrence or statement is the product of an informed judgment shall not constitute evidence of inability to provide for personal needs or to manage property." *Id.* Cantwell suffers no impairment that would render him an "incapacitated person" under New Hampshire law. *Compare e.g.*, *In re Guardianship of D.E.*, 173 N.H. 550, 552, 243 A.3d 908, 911 (2020) (noting incapacitated person suffered "'persistent cognitive impairment due to an anoxic brain injury and a major [neurocognitive] disorder'").

oppositions to his attorney's motion to withdraw (ECF No. 560; ECF No. 564), filed a 255-page answer to Plaintiffs' Second Amended Complaint (ECF No. 590), and successfully sought an extension of time to object to Plaintiffs' motion for evidentiary sanctions against Elliot Kline, another Defendant (ECF No. 614). Indeed, in his answer to Plaintiffs' Second Amended Complaint, Cantwell describes himself as "an extraordinarily talented linguist, and if given the opportunity to fully participate in our discourse, he will impact the political outcomes in ways profoundly unfavorable to Plaintiffs." ECF 590 at 96. Since his incarceration, Cantwell filed a status letter and motion to dismiss (ECF No. 664), a motion for accommodations, including a request to extend his time to respond to Plaintiffs' Request for Admissions (ECF No. 837), provided a twenty-six page response to Plaintiffs' Request for Admissions, and filed the instant objections to his deposition (ECF No. 930). In the absence of any evidence that Cantwell is incompetent, and in the face of abundant evidence to the contrary, this Court is not required to appoint him a GAL.

Further, the Court should not use its discretion to appoint Cantwell a GAL under the circumstances of this case. As the Court is aware, Cantwell's prior counsel, James Kolenich, who represents other defendants in this matter, withdrew from his representation because of Cantwell's own misconduct. In Mr. Kolenich's words, Cantwell's conduct made "continued representation of him unreasonably difficult, ha[d] created a conflict of interest between himself and Attorney's other clients, and ha[d] engaged in conduct Attorney's considered 'repugnant or imprudent'" as those terms are defined in the Virginia Professional Guidelines for attorneys. *Id*. Cantwell's current incarceration stems from threats Cantwell issued on social media. In addition to the fact that Cantwell is neither entitled to, nor in need of any sort of representation, he should not be provided with a GAL or appointed counsel and find himself better-positioned for having

committed a crime during the pendency of this case than he would otherwise be.  Under these circumstances, appointing a GAL would reward Cantwell for his misconduct and would create perverse incentives for other *pro se* Defendants.  And to force Plaintiffs to pay for a GAL or counsel for Cantwell under these circumstances would be entirely unjustified.  Cantwell's request for a GAL should be denied.

### III.    Plaintiffs Will Agree to a Limited Continuance of the Deposition

While there is no legal basis to deny Plaintiffs the deposition to which they are entitled, or to appoint a GAL for Cantwell, Plaintiffs are mindful of the fact that Cantwell is both *pro se* and currently incarcerated in federal prison.  Assuming that Cantwell received the Court's Order dated September 11, 2020 granting Plaintiffs leave to depose him, he has been on notice since at least that date that Plaintiffs intended to take his deposition and thus has had ample notice to prepare. However, when preparing this response to Cantwell's submission, Plaintiffs realized that we served certain documents, correspondence and filings – including Plaintiffs' Motion Seeking Leave to Depose Christopher Cantwell, ECF 859; as well as Plaintiffs' Unopposed Motion to Extend Certain Discovery Deadlines, ECF 786 – to Cantwell's email address Christopher.Cantwell@gmail.com, the email address Plaintiffs were originally provided by Cantwell's former attorney as the appropriate place to serve him with correspondence and filings. Plaintiffs realize that Cantwell may no longer have access to that email account and should have also been served at the mailing address Cantwell provided in the facility where he was incarcerated, and that he likely did not receive certain supplemental document productions, correspondence and submissions.[3]  In light of this confusion regarding Cantwell's service addresses, Plaintiffs are happy to agree to a limited continuance of the deposition to provide Cantwell additional time to

---

[3] It appears there were filings and documents Defendants also attempted to serve or produce to Cantwell's email address as well since Cantwell was incarcerated that he also may not have received.

prepare and will re-notice the deposition for a future date.  In addition, Plaintiffs will also make efforts to ensure that Cantwell is provided with any documents or filings that he has not received while in prison as soon as possible under the circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted to depose Cantwell, a party and key Defendant in this case, in accordance with this Court's prior ruling, and this Court should deny Cantwell's request for a GAL.  However, Plaintiffs will agree to re-notice Cantwell's deposition for a future date.

Dated:  March 16, 2021

Respectfully submitted,

*/s/ Michael L. Bloch*
Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com

*Counsel for Plaintiffs*

Of Counsel:

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New
York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler,
Nathan Damigo, Identity Europa, Inc.
(Identity Evropa), Matthew Parrott, and
Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants Jeff Schoep, National
Socialist Movement, and Nationalist Front*

## CERTIFICATE OF SERVICE

I further hereby certify that on March 16, 2021, I also served the following non-ECF participants, via mail and electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com


Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com


Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 20-00348
Strafford County HOC
266 County Farm Rd
Dover, NH 03820
Robert "Azzmador" Ray
azzmador@gmail.com


Matthew Heimbach
matthew.w.heimbach@gmail.com


/s/ Michael L. Bloch
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*