**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF VIRGINIA**

**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER, and JOHN DOE,

Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' RESPONSE TO DEFENDANT CANTWELL'S MOTION TO SANCTION PLAINTIFFS**

Defendant Christopher Cantwell has filed yet another motion contending he should be dismissed from this lawsuit – his third such request since becoming *pro se* in this case. Mr. Cantwell's latest effort comes styled as a motion for sanctions, his second baseless request for sanctions against Plaintiffs, this one filed within months of the Court's summary denial of his first motion for sanctions. *See* ECF No. 887. On March 16, 2021, Plaintiffs brought to the Court's attention that, due to an administrative oversight, Plaintiffs had been serving Mr. Cantwell at an e-mail address he had previously provided that was no longer serviceable since he had become incarcerated in New Hampshire for, among other things, transmitting extortionate communications. Indeed, Plaintiffs were not alone: some of Mr. Cantwell's co-Defendants also appear to have continued to serve filings to Mr. Cantwell at his outdated email address. Shortly after recognizing the full extent of the oversight, and without prompting, Plaintiffs served Mr. Cantwell in prison with every single filing and document to which he was entitled (seven months before trial), and voluntarily re-noticed his pending deposition, even though Plaintiffs never had any intention of questioning Mr. Cantwell about anything in Plaintiffs' supplemental production. A week after Plaintiffs had fully rectified this situation, Mr. Cantwell filed the instant motion, seeking dismissal of the case and other sanctions for what he labels "brazen misconduct." Because Plaintiffs have at all times acted in good faith, and there is no conceivable prejudice to Mr. Cantwell, his sanctions motion should be denied.

## FACTUAL BACKGROUND

Plaintiffs filed suit against 24 defendants, including Mr. Cantwell on October 12, 2017. Mr. Cantwell was represented at the time by James Kolenich and Elmer Woodard. *See* ECF No. 131. During the two years that Cantwell was represented by counsel, Plaintiffs successfully served him, through his attorneys, with hundreds (if not thousands) of court filings and documents that

Plaintiffs had served on all Defendants in this case. *See, e.g.*, ECF Nos. 135, 290, 354, 422, 511, 615, 713, 816, 923.

As the Court is well aware, the discovery period in this complex case has been both lengthy and litigious. Plaintiffs have been forced to file a slew of motions to compel and for sanctions against delinquent Defendants, the overwhelming majority of which have been granted. *See, e.g.,* ECF No. 354. Conversely, Plaintiffs have been respectful of all orders and obligations; even Defendants have acknowledged Plaintiffs' assistance with discovery when appropriate and the extension of professional courtesies whenever possible.[1]

On July 25, 2019, Mr. Kolenich moved to withdraw from representing Mr. Cantwell. ECF No. 530. While that motion was *sub judice*, Mr. Kolenich notified the Court and counsel that Mr. Cantwell had fired him and Mr. Woodard. Ex. A (Email from Kolenich to Judge Hoppe, Dec. 18, 2019). Mr. Kolenich then notified Plaintiffs' counsel and the Court that Mr. Cantwell's email address was christopher.cantwell@gmail.com, which Mr. Cantwell confirmed. *See* Ex. B (Email from Kolenich to M. Bloch, Dec. 18, 2019); ECF No. 581 at 69-70. The Court granted the motion to withdraw on October 28, 2019. ECF No. 583.

Thereafter, Mr. Cantwell represented himself in the litigation. Plaintiffs proceeded to correspond with Mr. Cantwell at his specified email address, christopher.cantwell@gmail.com, including providing Mr. Cantwell logistical assistance with the discovery process. *See* Ex. C (Email from M. Bloch to Cantwell, Nov. 13, 2019). During the approximately three months that Mr. Cantwell was at liberty while representing himself, Plaintiffs served him at his email address

[1] *See* ECF No. 531 at 2 n.5 (noting in his motion to withdraw from representing Mr. Cantwell, "[Plaintiffs' attorneys] have extended a considerable amount of professional courtesy to Attorney's during this litigation."); ECF No. 581 at 33 ("I will thank Mr. Bloch. He has been extremely cooperative in the matter. He's given me guidance that otherwise I would have had to go pay an awful lot of money for."); *id.* at 53 ("Again, I'm working with Mr. Bloch's kind assistance, about the Stored Communication Act and ESI…"); ECF No. 767 at 12 ("Mr. Bloch is correct, he did communicate with me about that. He's been actually very helpful in, for example, by giving me Bates numbers.").

with numerous court filings and documents, pursuant to Plaintiffs' obligations to do so. *See, e.g.*, ECF Nos. 576, 592, 601, 604, 612, 615, 629, 631, 640, 641, 642, 643, 645, 646, 649, 650, 651, 652, 653, 654. Mr. Cantwell was often served simultaneously by email with other Defendants in the case who were entitled to the same filings and documents.

On or about January 23, 2020, Mr. Cantwell was arrested on the offense for which he is currently incarcerated. He was ultimately convicted by a jury and sentenced to 41 months in prison. *See U.S.A. v. Christopher Cantwell*, 20-cr-00006, Sentencing Judgment Doc. No. 132 (Mar. 5, 2021). On February 14, 2020, Mr. Cantwell requested that he be served at a new address at the correctional facility in which he was detained (the "Letter"). *See* ECF No. 664. Throughout this case, for those Defendants with email addresses, it has been Plaintiffs' practice to serve filings and document productions by email to those Defendants grouped together in one or two group emails. *See* Ex. E, Declaration in Support by Michael Bloch at ¶ 4. That is what Plaintiffs did with respect to Mr. Cantwell during the time he was at liberty and unrepresented. We now recognize that Mr. Cantwell's address should have been updated on all of Plaintiffs' internal files at the point he filed the Letter. Through pure administrative oversight, however, the address was not updated in any uniform manner, and Plaintiffs mistakenly continued to serve filings and documents to Mr. Cantwell's email address.[2] It appears each attorney on the Defendants' side erroneously continued to serve Mr. Cantwell at his email address as well. *See, e.g.*, ECF Nos. 666, 687, 691, 694, 712, 727, 743, 744, 751, 758, 807, 817, 821, 823, 826, 827, 835, 839, 878, 880, 895, 899, 906, 926.

---

[2] In addition to the hundreds of documents Plaintiffs sent to Mr. Cantwell by email, there were a few instances when certain Plaintiffs' counsel sent documents to him by mail in prison. *See* Ex. E, Declaration in Support by Michael Bloch. This inconsistency was the understandable product of having multiple attorneys at four different law firms serving documents and pleadings, with almost everyone (including staff) working from home due to COVID-19. It had nothing whatsoever to do with the nature of the documents being sent. Once the scope of the issue was fully realized, the problem was addressed consistently across all four law firms.

On March 3, 2021, Plaintiffs noticed Mr. Cantwell's deposition for March 19, 2021. *See* Ex. D (Cantwell Deposition Notice). Mr. Cantwell filed objections to the Notice on grounds that it was "untimely and unduly burdensome." ECF No. 930. In the course of preparing a response to Mr. Cantwell's objections, Plaintiffs' counsel fully recognized the above error with respect to service. Without prompting from Mr. Cantwell or the Court, Plaintiffs took the following immediate actions to rectify the situation:

1. Plaintiffs reported the error to the Court and Mr. Cantwell, stating, "Plaintiffs realized that we have served certain documents, correspondence and filings – including Plaintiffs' Motion Seeking Leave to Depose Christopher Cantwell, ECF No. 859; as well as Plaintiffs' Unopposed Motion to Extend Certain Discovery Deadlines, ECF No. 786 – to Cantwell's email address . . . . Plaintiffs realize that Cantwell may no longer have access to that email account and should have also been served at the mailing address Cantwell provided in the facility where he was incarcerated, and that he likely did not receive certain supplemental document productions, correspondence and submissions." ECF No. 931 at 7.

2. Plaintiffs delayed Mr. Cantwell's deposition two and a half months (ECF No. 931 at 7-8), re-noticing the deposition for June 7, 2021. ECF No. 932 at 2.

3. Plaintiffs immediately began coordinating with the Strafford County Jail to provide Mr. Cantwell all of Plaintiffs' court filings and documents he may not have received while incarcerated. ECF No. 932 at 2.

4. On April 5, 2021, a week before Mr. Cantwell filed the instant motion, Plaintiffs served Mr. Cantwell with all of Plaintiffs' documents and court filings since January 1, 2020 to which he was entitled. Plaintiffs have since communicated with Mr. Cantwell to help him access the documents. *See* Ex. E at ¶¶11-12.

As a result, Mr. Cantwell was in possession of every document and court filing to which he is entitled nearly seven months in advance of trial and more than two months before his deposition is scheduled. Additionally, Plaintiffs can represent to the Court that Plaintiffs have no intention of questioning Mr. Cantwell at his deposition about any of the documents recently sent to him by mail at the prison.

**ARGUMENT**

As this Court is aware, in considering whether sanctions are appropriate, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). *See also Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977) ("The power to impose sanctions under Rule 37(b) for failure, after court order in discovery proceedings to produce documents, is discretionary with the Trial Court. It is not, however, a discretion without bounds or limits but one to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of (the non-complying party.")) Certain sanctions, including dismissal of claims, require the court to find that a disobedient party acted willfully or in bad faith. *See id.* at 504; *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("[O]nly the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default.").

In addition, where there is no bad faith and no prejudice, courts do not award sanctions. *See Yost v. Jay*, No. 3:15-CV-00041 (GROH), 2015 WL 5826846, at *3 (N.D.W.Va. Oct. 2, 2015) ("In the present case, remaining under the assumption that Defendant's responses to Plaintiff's Interrogatories were untimely, the undersigned finds no basis for sanctions against Defendant for several reasons. First, no evidence exists that Defendant acted in bad faith or for the purpose of delaying Plaintiff's discovery. Second, Plaintiff has suffered no prejudice. . . . Consequently, even lesser sanctions, such as the payment of expenses or attorney's fees, are not warranted."); *Goode v. Waffle House, Inc.*, No. 5:03-CV-701-BO(3), 2006 WL 8438444, at *2 (E.D.N.C. Feb. 25, 2006)

("Examining the factors used to fashion sanctions also counsels against their imposition. Plaintiff's counsel has offered a good faith basis for the failure to make immediate disclosures, based on work product privilege and strategic considerations concerning the calling of witnesses. Any delay of disclosure has caused minimal prejudice to Defendant. . . .").

As detailed below, Mr. Cantwell cannot satisfy a single one of the above factors. Plaintiffs' counsel, who have timely complied with every single court order and discovery obligation over the course of more than three years of litigation, made an administrative error that was fully remedied on Plaintiffs' own initiative as soon as it was fully recognized. Of the standard factors courts must consider in determining whether sanctions are warranted, not a single one suggests sanctions are appropriate: there was no bad faith; there is no prejudice; and there is no need for "deterrence" where a party makes an inadvertent error and responds by swiftly announcing it and comprehensively fixing it. Mr. Cantwell's motion should be denied.

## I. Plaintiffs Did Not Act in Bad Faith

"Bad faith includes willful conduct, where a party clearly understands its duty to the court but nevertheless deliberately disregards it. *Lonewolf v. Garrett*, No. 5:18CV00004, 2019 WL 2016708, at *3 (W.D. Va. May 7, 2019). Here, Plaintiffs did not act in bad faith. Indeed, the undisputed facts establish that the service of documents on Mr. Cantwell to the incorrect service address while he was incarcerated was the product of inadvertent oversight.

Plaintiffs attempted to timely serve Mr. Cantwell with each document to which he is entitled, but (erroneously) sent each document to an email address that became obsolete once Mr. Cantwell became incarcerated. *See, e.g.*, ECF No. 646 (including certificate of service reflecting Mr. Cantwell was served via email); ECF No. 665 (same); ECF No. 794 (same); ECF No. 859 (same). There was plainly no deliberate choice to delay disclosure; Plaintiffs' simply

failed to update internal records, which resulted in continuing service to an outdated service address.

Moreover, each filing sent to Mr. Cantwell's outdated email address was also served in a timely manner – and usually simultaneously – on other Defendants in the case. Where Plaintiffs were serving Mr. Cantwell's co-Defendants with the same documents Plaintiffs believed they were simultaneously sending to Mr. Cantwell, any claim by Mr. Cantwell that Plaintiffs were intentionally hiding documents is illogical. Indeed, Plaintiffs had previously timely-served Mr. Cantwell all documents for more than two years before he was incarcerated, including to his email address once he became *pro se*. It is therefore non-sensical to conclude that Plaintiffs decided to "intentionally" withhold documents (that other Defendants were receiving) from a single Defendant once Mr. Cantwell went to prison. Plaintiffs were not alone in failing to update Mr. Cantwell's service address when he went to prison; other Defendants seem to have made precisely the same mistake.

When Plaintiffs' counsel recognized the extent of the oversight, counsel immediately alerted the Court and Mr. Cantwell in a public filing, before either Mr. Cantwell or the Court were even aware of the issue. Shortly thereafter, on their own volition and at their own expense, Plaintiffs served Mr. Cantwell with each document to which he was entitled, prior to Mr. Cantwell's even filing the instant motion. Plaintiffs also voluntarily re-noticed Mr. Cantwell's deposition, giving him two and a half additional months to prepare, even though Plaintiffs never had any intention of using the documents from the supplemental production in his deposition. Far from bad faith, the record unequivocally demonstrates that Plaintiffs have made every effort throughout the litigation to provide Mr. Cantwell – like every other Defendant – documents and filings in a timely fashion.

Moreover, all of this occurred against a backdrop of total cooperation and compliance by Plaintiffs throughout the entirety of the litigation. Plaintiffs have not only complied with each order and obligation, and have met each discovery deadline in this case, Plaintiffs' counsel has gone above and beyond to extend courtesies and aid where needed to Defendants and their counsel, which has been explicitly recognized on the public record by multiple Defendants and their counsel. *See, e.g.*, ECF No. 531 at 2 n.5; ECF No. 581 at 33; *id.* at 53; ECF No. 767 at 12. To be clear, Plaintiffs do not wish, in any way, to minimize the oversight. Plaintiffs should have updated their internal records across all firms at the time Mr. Cantwell alerted the Court of the new address and apologize for the oversight. But it could hardly be clearer that at all times in this litigation, Plaintiffs have acted in good faith.

**II. Mr. Cantwell Has Suffered No Prejudice**

Mr. Cantwell has suffered no prejudice whatsoever. He maintains that he has been "deprived . . . of the opportunity to be heard on every decision this Court has made for the last fourteen months." ECF No. 939 at 4. To be precise, there were two motions filed by Plaintiffs since Mr. Cantwell was incarcerated that even remotely concerned him – the Motion to Extend Certain Discovery Deadlines (ECF No. 786) and the Motion Seeking Leave to Depose Christopher Cantwell (ECF No. 859). While Mr. Cantwell is correct that Plaintiffs erroneously sent those motions to his old email address, it is impossible to imagine that the Court's ruling on either motion would have been impacted by any response from Mr. Cantwell. Indeed, Mr. Cantwell's motion highlights the speciousness of any argument he may have asserted, as he notes that he "would have surely objected to both of these, if for no other reason, because I believe that the discovery powers are being misused by the Plaintiffs to spy on their political opponents." ECF No. 939.

The Motion Seeking Leave to Depose Christopher Cantwell was necessitated entirely by the fact that Mr. Cantwell was incarcerated, a problem of his own making. Plaintiffs are entitled as a matter of right to depose Mr. Cantwell, a party, under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Had he remained at liberty, he would have been served notice and deposed without leave of Court like every other participating Defendant. However, because Cantwell was incarcerated during the time the parties were taking depositions, Plaintiffs were required to seek leave under Fed. R. Civ. P. 30(a)(2)(B), which requires a party to obtain leave of court "if the deponent is confined in prison." Significantly for purposes of evaluating whether there was any prejudice to Mr. Cantwell, under Rule 30(a)(2)(B), "***the court must grant leave*** to the extent consistent with Rule 26(b)(1) and (2) of the Federal Rules of Civil Procedure[,]" as this Court recognized in its order granting Plaintiffs' motion. ECF No. 869 (citing Fed. R. Civ. P. 30(a)(2)(B)) (emphasis added). While Plaintiffs recognize it would have been preferable for Mr. Cantwell to have received Plaintiffs' motion, any objection by him would have been frivolous. Indeed, for precisely the same reasons, Plaintiffs also sought leave of Court to depose Mr. Fields after the close of fact discovery. ECF No. 820. Mr. Fields, who is competently represented by able counsel, did not even file an objection, and that motion was summarily granted as well. ECF No. 829.

The Motion to Extend Certain Discovery Deadlines amended the Scheduling Order in certain limited respects, and it included a provision that provided that "[d]epositions of incarcerated parties and witnesses may be taken after the July 17, 2020 deadline." ECF No. 791. That provision was necessitated because certain Defendants and witnesses, like Mr. Cantwell, were incarcerated during the deposition period, and the COVID-19 pandemic, which was at its peak,

made it impossible to take depositions of incarcerated individuals.[3] Mr. Cantwell would have had no basis to claim that Plaintiffs – who diligently pursued their right to depose him but were unable to because he was in prison during a global pandemic – somehow should have lost their opportunity to depose him. Any such argument would have been frivolous. Defendant James Fields, who was represented by counsel but otherwise stood in precisely the same position as Mr. Cantwell, affirmatively consented to the motion.

Because Plaintiffs acted swiftly and voluntarily upon realizing the oversight, Mr. Cantwell is now in possession of all filings and documents to which he was entitled nearly seven months before trial in this case. "The rules of discovery are designed to prevent prejudice due to inadequate trial preparation rather than simply punish obduracy." *Wilson*, 561 F.2d at 505 (internal quotation omitted). There is no conceivable argument that Mr. Cantwell's trial preparation could be prejudiced. In *Tunnell v. Ford Motor Co.*, plaintiffs sought the entry of a default judgment as a discovery sanction after learning several months after trial that the defendant had failed to turn over certain requested documents in discovery. No. CIV.A. 4:03CV074, 2006 WL 910012 (W.D. Va. April 7, 2006) *report and recommendation adopted*, No. CIVA.4:03-CV-00074, 2006 WL 1788233 (W.D. Va. June 26, 2006), *aff'd*, 245 F. App'x 283 (4th Cir. 2007). However, because the

[3] Plaintiffs made efforts to depose Mr. Cantwell before the close of fact discovery but were unable to do so because of restrictions imposed in response to the COVID-19 pandemic at the Strafford County Jail in New Hampshire (the "Jail") where Mr. Cantwell has been incarcerated. *See* Ex. E at ¶¶ 14-17. Under the Court's November 27, 2019 scheduling order (ECF No. 597), fact discovery, including party depositions, was set for completion on or before July 17, 2020. Mindful of the Court's deadline and Mr. Cantwell's incarceration, Plaintiffs contacted the Jail in April 2020, months before the end of fact discovery. *Id.* at ¶15. Plaintiffs learned on April 20, 2020 that the Jail was effectively closed due to the pandemic and that Plaintiffs could not schedule a deposition (even for a later, future date) at that time. *Id.* Plaintiffs contacted the Jail again on May 11, 2020. *Id.* at ¶16. As of May 11, 2020, the Jail remained closed and staff at the Jail advised Plaintiffs the Jail was not prepared to even discuss its timeline for re-opening or to schedule a deposition for a later date. *Id.* On June 16, 2020, Plaintiffs reached out to the Jail again. *Id.* at ¶17. Plaintiffs were then able to tentatively schedule a deposition for mid-to-late August assuming by that time, the Jail would be able to facilitate Mr. Cantwell's deposition remotely. *Id.* On June 26, 2020, to ensure that Plaintiffs could depose Mr. Cantwell and other incarcerated witnesses, Plaintiffs filed the motion for extension of time to complete discovery (ECF No. 786).

Court found that the plaintiff was aware of the information contained in the documents "eight months before trial[,]" the Court found that plaintiff "cannot demonstrate the level of prejudice necessary for the severe sanction of default judgment." *Id.* at *8 (citing *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *Wilson*, 561 F.2d at 503-06). In an abundance of caution, Plaintiffs also voluntarily re-noticed Mr. Cantwell's deposition for a date more than two months after the original date, even though there is nothing in the supplemental production that Plaintiffs intend to ask Mr. Cantwell about. Mr. Cantwell was in no way prejudiced by Plaintiffs' oversight.

### III. There is No Need for "Deterrence" Since Plaintiffs Voluntarily Remedied the Oversight Entirely Without Even a Threat of Sanctions

Application of the final two *Anderson* factors only serve to highlight why sanctions would be inappropriate here. Not only is there no "need for deterrence of the particular sort of non-compliance," *Anderson*, 155 F.3d at 504, but Plaintiffs affirmatively brought this issue to Mr. Cantwell's and the Court's attention ***and remedied it swiftly and entirely*** before there was even a discussion of court action on this issue. Plaintiffs' response is consistent with the way Plaintiffs have approached the entirety of this lengthy and complicated discovery process: with integrity and good faith. An inadvertent, administrative oversight is something for which Plaintiffs ought to – and do – take full responsibility. But it is not something that could be or need be "deterred" through sanctions. *See Tunnell*, 2006 WL 910012, at *9 ("If this was Ford's only discovery failing in this case, or if, indeed, the failure to produce was inadvertent rather than deliberate, the undersigned likely would be persuaded to leave matters at that.").

## CONCLUSION

For the foregoing reasons, sanctions are unwarranted and inappropriate in this case, and Plaintiffs respectfully request that the Court deny Mr. Cantwell's motion.

Dated: April 26, 2021

Respectfully submitted,

Michael L. Bloch (*pro hac vice*)
Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
mbloch@kaplanhecker.com
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
*Counsel for Plaintiffs*

Of Counsel:

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

**CERTIFICATE OF SERVICE**

I further hereby certify that on April 26, 2021, I also served the following non-ECF participants, via mail and electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
Christopher Cantwell 20-00348
Strafford County HOC
266 County Farm Rd
Dover, NH 03820

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

*/s/ Michael L. Bloch*
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*