# EXHIBIT A

| From: | James Kolenich |
|---|---|
| To: | Michael Bloch |
| Cc: | Hoppe_Chambers.ecf@vawd.uscourts.gov; alevine@cooley.com; brottenborn@woodsrogers.com; bryan@bjoneslegal.com; dcampbell@dhdgclaw.com; dillon_hopper@protonmail.com; John_dinuccilaw@outlook.com; dmills@cooley.com; eli.f.mosley@gmail.com; Julie Fink; jphillips@bsfllp.com; kdunn@bsfllp.com; matthew.w.heimbach@gmail.com; pbowman@cooley.com; rebrooklaw@gmail.com; Roberta Kaplan; Wisaacson@BSFLLP.com; hoppe.ecf@vawd.uscourts.gov; Gabrielle E. Tenzer; John DiNucci; KarenD@vawd.uscourts.gov |
| Subject: | Re: Sines v. Kessler, Case No. 17 Civ. 72 |
| Date: | Friday, October 18, 2019 9:07:34 AM |

Dear Judge Hoppe,

Mr. Cantwell has fired Mr. Woodard and myself. He did so by e-mail on October 8, 2019. I have advised him of today's hearing and call-in information but only did so this morning. I request, time permitting, that the motion to withdraw from defendants Ray and Cantwell be taken up today.

Respectfully,

Jim Kolenich

On Wed, Oct 16, 2019 at 11:16 PM Michael Bloch <mbloch@kaplanhecker.com> wrote:

Dear Judge Hoppe,

In anticipation of the Court conference scheduled for this Friday, we write to update the Court on the parties' progress in discovery. In short, despite Plaintiffs' persistent inquiries and multiple Court orders, Defendants individually and collectively have a long way to go to achieve anything close to full compliance with their discovery obligations. Although Plaintiffs have finally received partial production from certain Defendants since Plaintiffs requested this conference on September 17, not a single Defendant has provided all outstanding electronic devices and account credentials that contain relevant content to the third-party vendor, let alone reviewed and produced the documents contained within those accounts and devices, and some Defendants still have not produced a single document. We outline below each Defendants' document discovery deficiencies. Additionally, we briefly address the pending motions, which we hope to discuss on Friday as well.

**<u>Defendant Document Discovery</u>**

The following details the status of each Defendant's document production:

- **Elliot Kline** – As discussed in Plaintiffs' pending motion for sanctions, Defendant Kline has not produced a single document to Plaintiffs. Indeed, Defendant Kline has not provided access to a single electronic device or account credential to the third-party vendor.

- **Vanguard America** – Vanguard America has not produced a single document to Plaintiffs. During Dillon Hopper's court-ordered deposition in August, Plaintiffs learned about various social media accounts and devices that had not been previously disclosed, including Mr. Hopper's Gab account. *See* Hopper Depo. Tr., 107-108. While Mr. Hopper subsequently disclosed certain social media accounts to the third-

party vendor, he failed to provide accurate account credentials to the vendor, making it impossible for many of his social media accounts to be imaged. Mr. Hopper did authorize the third-party vendor to image Vanguard America's Twitter accounts and Mr. Hopper's Discord account, but Plaintiffs have not received any documents from those accounts. Additionally, while Mr. Hopper provided a cell phone to the vendor to be imaged, the phone he provided appears to have been factory reset and cannot be imaged, and he has thus far withheld a second phone entirely.

- **Jeff Schoep** – Defendant Schoep has not produced a single document to Plaintiffs.

- **National Socialist Movement (NSM)** – As detailed in Plaintiffs' pending Motion to Compel Defendant National Socialist Movement to Disclose Custodians of Discoverable Documents and Information (ECF 547), Plaintiffs have not received any documents from NSM, nor has NSM identified accounts and devices of custodians of documents beyond Defendant Schoep.

- **Matthew Heimbach** – Plaintiffs have received a total of 16 documents from Defendant Heimbach, many of which have little to do with Charlottesville. To date, the third-party vendor cannot access content from the following electronic accounts belonging to Defendant Heimbach: Gab, Signal, Skype or the internal ticket system on the TWP website. Plaintiffs understand that the vendor has completed a collection of Defendant Heimbach's email account and his cell phone, but Defendant Heimbach has not produced any documents from those collections. In any event, Defendant Heimbach conceded that the phone he provided the vendor contains no responsive content. Plaintiffs ascertained during Defendant Heimbach's court-ordered deposition that multiple electronic devices that once contained responsive documents were destroyed or lost.

- **Christopher Cantwell** – Plaintiffs have received a partial production from Defendant Cantwell. However, the vendor has not been able to collect content from the following social media accounts and websites identified as containing relevant content because Defendant Cantwell has not provided accurate credentials: Gab, Facebook, uStream, and certain Websites (christophercantwell.com, radicalagenda.com).

- **Jason Kessler** – Plaintiffs have received a partial production from Defendant Kessler. However, the vendor has been unable to collect content from the majority of Defendant Kessler's social media accounts because he has not provided the vendor with correct account credentials. Plaintiffs are still seeking responsive content from the following accounts, identified as containing relevant content: Twitter (themaddimension@gmail.com), Email (jason@unityandsevurity.org), Facebook (ChedCheese, broadswordmcqueen), Gab (themaddimension), Instagram (Jason Kessler, themaddimension), Reddit (Darksighed, wahooserious), and VK.

- **Nathan Damigo** – Plaintiffs have received a partial production from Defendant Damigo. However, Defendant Damigo has not provided account credentials to the following accounts, identified as containing relevant content: Youtube, Slack, Facebook, Email (Nathan.damigo@identityevropa.com).

- **Identity Evropa (IE)** – Beyond Defendant Damigo's partial production, IE has not produced any documents to Plaintiffs and continues to withhold account credentials from numerous social media accounts. On September 3, 2019, Mr. Kolenich indicated

that Patrick Casey, a custodian of IE documents, would comply with Plaintiffs' subpoena and discovery requests by September 5, 2019. To date, Plaintiffs have received no documents from Mr. Casey. (While Plaintiffs have obtained documents generated by Mr. Casey from third-party Discord, Mr. Casey appears to have shut down multiple Discord servers, so the production of Mr. Casey's documents from Discord is undoubtedly incomplete.)

- **Matthew Parrott** – Plaintiffs have received a partial production from Defendant Parrott, but he continues to withhold information required by the vendor to recover content from various accounts identified as containing relevant content: Facebook (edruben1948@gmail.com, parrottmatt@gmail.com), Gab (@mattparrott, parrott.matt@gmail.com), Minds, and Signal.

- **Michael Hill, Michael Tubbs and League of the South (LOS)** – Plaintiffs have received partial productions from Defendants Hill and Tubbs, although each defendant identified multiple accounts with relevant content that still has not been collected by the vendor. For Defendant Hill, the following accounts have not been collected: Facebook (Michael Hill, League of the South, and Michael Hill ID: 1000027890145135), Twitter (Twitter @MickCollins1951; @51CeannCinnidh; @71Rhodie; @JamesHill120651; @BigChief1951; @Michaelhill51). For Defendant Tubbs the following accounts and account credentials remain outstanding: Proton Mail Account (LSCoC@protonmail.com) and Facebook (Mike Sable; Michael Tubbs).

- **Robert "Azzmador" Ray –** Plaintiffs have received a partial production from Defendant Ray. However, Plaintiffs understand that Defendant Ray's collection does not include any content from the following accounts, identified as containing relevant content: Gab, Krypto Report, Twitter, and the Daily Stormer website. Additionally, Defendant Ray claimed to have sent a second laptop to the third-party vendor sometime last spring, but the vendor never received any such device. Defendant Ray has reportedly stopped cooperating altogether.

- **Traditionalist Worker Party (TWP) –** Apart from Defendants Heimbach's and Parrott's deficient partial productions, TWP has not provided devices or working account credentials to the vendor. There are obvious custodians of critical TWP documents who have expressly chosen gamesmanship over cooperation. Tony Hovater, who signed discovery responses on behalf of TWP and generated material documents related to Unite the Right, initially indicated he would produce his documents after repeated inquiries by Plaintiffs. Then, inexplicably, on September 9, Mr. Kolenich informed Plaintiffs that Mr. Hovater "reversed himself and refuses to cooperate any further with discovery" and resigned from TWP. In addition to TWP's failure to produce any documents from custodians other than Defendants Parrott and Heimbach, TWP continues to withhold other responsive content. TWP still has not produced documents from the following social media accounts: Gab, VK, "Tradworker" email accounts/ticket system, and Twitter. Plaintiffs are not aware of any steps taken by TWP to provide the third-party vendor with access to these accounts.

- **Richard Spencer -** Defendant Spencer has produced a large volume of documents, more than 250,000. Plaintiffs understand that this collection does not include content from Defendant Spencer's Facebook, Instagram and Twitter accounts. Based on an

August 29, 2019 email from Mr. DiNucci, Plaintiffs understand that Defendant Spencer is working with the third-party vendor to produce content from these accounts.

**Pending Motions**

Plaintiffs additionally hope to discuss with Your Honor the status of the following pending motions:

- Plaintiffs' Motion to Enjoin Defendant Cantwell from Making Unlawful Threats Against Plaintiffs and Plaintiffs' Counsel (ECF No. 511, 523, 532, 546, 560, 561). Plaintiffs believe this motion is fully briefed, and we are not seeking a hearing on the matter. In light of apparent ongoing volatile comments and behavior from Mr. Cantwell, including, for example, his announcement on social media last week that he brought a gun to a movie theater (which attracted the attention of local law enforcement), Plaintiffs are eager for a resolution of this motion.

- Plaintiffs' Motion to Compel Defendant National Socialist Movement to Disclose Custodians of Discoverable Documents and Information (ECF No. 547). While the time to oppose this motion has expired, Mr. ReBrook recently indicated he may make Mr. Colluci available for a deposition, an apparent concession of one aspect of the relief sought by Plaintiffs. Plaintiffs would like to ascertain Mr. ReBrook's position on the motion, so that we can move forward with Mr. Colluci's deposition if appropriate.

- Plaintiffs' Motion for Sanctions against Defendant Elliot Kline A/K/A Eli Mosley (ECF No. 565). Defendant Kline's time to respond to this motion has expired and Plaintiffs do not seek further hearing on this matter at this time.

Respectfully submitted,

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573| (M) 646.398.0345
mbloch@kaplanhecker.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

--
**James E. Kolenich**
**Kolenich Law Office**
**9435 Waterstone Blvd. #140**
**Cincinnati, OH 45249**
**513-444-2150**
**513-297-6065(fax)**
**513-324-0905 (cell)**