UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

**DECLARATION OF MICHAEL L. BLOCH**

I, Michael L. Bloch, on this 26 day of April, 2021, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Counsel at the law firm Kaplan, Hecker & Fink LLP ("KHF"), one of the five law firms representing the Plaintiffs in this action.

2. I am a member in good standing of the Washington, D.C. and New York State Bars. I am also admitted to practice before the U.S. District Court for the Southern District of New York. I have been admitted to appear *pro hac vice* before this Court for and on behalf of the Plaintiffs in the above-captioned action.

3. I submit this Declaration in support of Plaintiffs' Response to Defendant Cantwell's Motion for Sanctions. Except to the extent otherwise expressly indicated, I have personal knowledge of the matters set forth in this Declaration.

4. Throughout this litigation, for those Defendants with known email addresses, it has generally been Plaintiffs' practice to serve filings and document productions by email to the Defendants grouped together in one or two group emails.

5. During the period that Mr. Cantwell was represented by counsel, Plaintiffs served him documents and filings through his attorney, Jim Kolenich. Once Mr. Cantwell was no longer represented by Mr. Kolenich and still at liberty, Plaintiffs continued to serve Mr. Cantwell with documents and filings by email, often simultaneously with other *pro se* Defendants.

6. Mr. Cantwell filed a letter on February 14, 2020 requesting that he be served at a new address at the Stafford County Jail in New Hampshire (ECF No. 664). Notwithstanding the letter, Plaintiffs generally (and mistakenly) continued to serve Mr. Cantwell at the email address he had previously provided. The failure to begin consistently serving Mr. Cantwell at his new service address in prison was the product of inadvertent oversight. Plaintiffs' counsel should have

updated our internal files across all law firms representing Plaintiffs when Mr. Cantwell filed his letter, but mistakenly failed to do so in a consistent manner.

7. In late summer and fall of 2020, there were numerous filings and productions that were handled by different attorneys and paralegals within and across the four law firms that represent the Plaintiffs. While certain attorneys and staff received messages indicating that some emails were not delivered, it is not uncommon in this case for defendants' addresses to suddenly change, particularly those defendants who have been proceeding *pro se*. In addition to the hundreds of documents Plaintiffs sent to Mr. Cantwell by email, there were a few instances when certain Plaintiffs' counsel sent documents to him by mail in prison. This inconsistency was the product of having multiple attorneys at four different law firms serving documents and pleadings, with almost everyone (including staff) working from home due to COVID-19. It had nothing whatsoever to do with the nature of the documents being sent.

8. There was never any intent to delay or hinder disclosure to Mr. Cantwell of a single document.

9. On March 3, 2021, Plaintiffs noticed Mr. Cantwell's deposition for March 19, 2021. Mr. Cantwell filed objections to the Notice (ECF No. 930), and in the course of Plaintiffs' preparing a response to Mr. Cantwell's objections, Plaintiffs' counsel fully recognized the error with respect to service of Mr. Cantwell. Plaintiffs reported the issue to the Court in their March 16, 2021 filing (ECF 931).

10. After Plaintiffs reported the error to the Court, and re-noticed Mr. Cantwell's deposition for June 7, 2021 (which they did specifically to obviate any potential prejudice to Mr. Cantwell), Plaintiffs began to coordinate with the staff at Stafford County Jail to provide Mr. Cantwell with all court filings and documents he may not have received while incarcerated.

11. On April 5, 2021, Plaintiffs served Mr. Cantwell with all of Plaintiffs' documents and court filings since January 1, 2020.

12. After serving the documents, the undersigned spoke with Mr. Cantwell on two occasions to help him access the documents, which were sent by thumb drive.

13. In the course of following up with each law firm to determine precisely what Mr. Cantwell may not have received, I learned that co-counsel at another law firm, also representing Plaintiffs, had previously served Mr. Cantwell on January 26, 2021 at the prison with a supplemental production of certain filings from 2020.

14. Plaintiffs made efforts to depose Mr. Cantwell before the close of fact discovery, but were unable to do so because of restrictions imposed in response to the COVID-19 pandemic at the Strafford County Jail.

15. A colleague at KHF informed me that she had contacted the Jail on April 20, 2020, months before the end of fact discovery. She learned at that time that the Jail was effectively closed due to the pandemic and that Plaintiffs could not schedule a deposition at that time.

16. The same attorney at KHF contacted the Jail again on May 11, 2020. She was told that the Jail remained closed and staff at the Jail advised Plaintiffs the Jail was not prepared to even discuss its timeline for re-opening or to schedule a deposition for a later date.

17. On June 16, 2020, an attorney at KHF reached out to the Jail a third time. As a result of that phone call, Plaintiffs were able to tentatively schedule a deposition for mid-to-late August assuming by that time, the Jail would be able to facilitate Mr. Cantwell's deposition remotely.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 26, 2021 New York, New York

Michael L. Bloch