United States District Court for the
Western District of Virginia
Charlottesville Division

Sines et al, Plaintiffs vs Kessler et al, Defendants
Civil Action No. 3:17-cv-00072-NKM

Defendant Christopher Cantwell's Second Supplemental to Motion to Sanction Plaintiffs

Defendant Christopher Cantwell writes to correct an inaccuracy in his initial motion for sanctions against Plaintiffs for their selective failure to communicate with him since his arrest in January of 2020.

In that motion I stated that the first communication I recieved from the Plaintiffs while here was their "First Request for Admissions", that I subsequently received a second set of corrected requests, and that the "next filing I received from the Plaintiffs was the notice of deposition I recently objected to." While this largely conveys the issue at hand, I had stated this from memory "off the top of my head" and a closer review of my documents shows several other communications were recieved in that time. However, the substance of these communications only reinforces the point of the original motion.

I have a printed email from Michael Bloch dated September 24th 2020. In it Mr. Bloch states that if he does not hear back from those addressed prior to September 29th, he will presume there are no objections to his attached proposed revised scheduling order, which would set the deadline for exchange of witness lists for March 9th 2021, and trial for April 26th 2021.

Eric Bolton of Cooley LLP apparently tried to send me a USB drive with "legal filings and notices" made by his firm on December 22nd 2020. After tracking data failed to confirm delivery of this drive, he sent another with a letter dated January 26th 2021. In that letter, Mr. Bolton noted that these documents were "served upon you on the dates shown on each individual filing/notice, via electronic mail at address (christopher.cantwell@gmail.com) pursuant to prior electronic mail service agreements." I received this drive, but incorrectly assumed these had to be digital duplicates of materials which had already been printed and delivered in a timely manner.

In a letter dated January 8th 2021, Scott Stemetzki of Cooley LLP sent another USB

drive containing "documents produced to Plaintiffs by the Department of Justice relating to Defendant James Fields". This drive was encrypted, and Mr. Stemetzki's letter stated I'd be receiving a separate mailing with the password. I never got this password.

The next communication I received from the Plaintiffs was their Response to Defendant Fields's Motion to Stay Deposition and Appoint A Guardian Ad Litem, dated 2/23/2021.

The March 3rd notice of my deposition followed, and the Court, I beleive, knows the rest.

I beleive this only strengthens my point about the Plaintiffs' conveniently selective memory being proof of willful misconduct, and enthusiasm for misleading this Court. While the Plaintiffs have communicated with me on more than those occasions when they needed my response, they have consistently neglected to communicate with me in a manner which would have allowed me to participate in these proceedings. The number and substance of the contacts they did make disprove the fiction that they only realized

this supposed error after I objected to being deposed.

The Plaintiffs proved more than capable of reaching me at the jail more than 5 times, but only one of those communications preceded a request to the Court, and that one communication gave me no time to respond, at a time when I was concluding my criminal trial in New Hampshire.

Mr. Bolton of Cooley LLP clearly figured out that email was not a suitable means of communicating as early as December 22nd. His consciousness of the problem caused him to follow up on January 26th, after tracking data failed to confirm delivery of the December mailing.

Yet, Mr. Bloch, who personally sent both requests for admission to me at the jail, now claims he just figured out that I can't check my email from jail. He then attempts to paper over his misconduct by repeating the debunked falsehood that I threatened Roberta Kaplan, distracting the court with unrelated proceedings in other courts, and passing along a 2 terabyte hard drive like that solves the problem,

Clearly, the problem is far from solved. Solving the problem would defeat the purpose of the Plaintiffs misconduct. They cannot prove their case, so they have hired a propagandist to redefine the plain meaning of words and call us liars. They have made unduly burdensome discovery demands and sought adverse inferences when those demands went unmet. What they could not gain through law or fact, they have attempted to gain by trick.

This Court should not permit itself to become their willing accomplice.

Respectfully submitted,
Christopher Cantwell  4-25-2021
Cantwell

Christopher Cantwell
Booking # 20-0344Y
226 County Farm Rd.
Dover, NH 03820
Strafford County D.o.C.

Office of the Clerk
U.S. District Court for the
Western District of Virginia
255 West Main Street Room 304
Charlottesville, VA 22902

MANCHESTER NH 030
26 APR 2021 PM 1
FOREVER USA
Barn Swallow

22902-505679