# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT CANTWELL'S "SUPPLEMENTAL" MOTION TO SANCTION PLAINTIFFS**

1

Defendant Christopher Cantwell has filed two "supplemental" briefs to his most recent baseless motion for sanctions, raising a new (but equally unsupportable) claim of prejudice and purporting to "correct" misstatements he made in his original motion. (ECF 946, 947.) Mr. Cantwell, who recently received the Court's ruling denying a Motion to Exclude Expert Testimony (ECF 826, "the Motion to Exclude") filed by certain of his co-Defendants (the "Moving Defendants"), claims the decision has "fundamentally altered the burden of proof in this case, and with it, the strategy on which [his] defense had to this point relied." (ECF 946 at 2.) However, the specific substantive arguments Mr. Cantwell now raises regarding Plaintiffs' experts were each asserted and fully litigated by the Moving Defendants. Moreover, as described below, Mr. Cantwell was on notice at the time the Motion to Exclude was being litigated and chose to sit silent when invited to participate in the oral argument.  Having willfully ignored multiple opportunities to participate in the litigation regarding Plaintiffs' experts, Mr. Cantwell cannot claim to have been unfairly prejudiced by the outcome, particularly where the Moving Defendants actually raised the identical arguments Mr. Cantwell now wishes he had asserted. It remains the case that Mr. Cantwell, who has had every single document to which he is entitled nearly seven months before trial, cannot plausibly establish that he has been prejudiced by Plaintiffs' administrative oversight.

### I.  Mr. Cantwell was not Unfairly Prejudiced by the Court's Ruling on the Motion to Exclude and his New Requested Sanctions are Unwarranted

Mr. Cantwell's latest arguments regarding the Court's denial of the Moving Defendants' Motion to Exclude could not conceivably have swayed the outcome, since each was fully briefed and argued by the Moving Defendants, responded to at length by Plaintiffs, considered by the Court, and ultimately rejected in a carefully-reasoned and thorough 26-page decision. (ECF 941.) Specifically, Mr. Cantwell takes issue with the experts' proposed testimony regarding various

aspects of White Supremacist culture, including, for example, the use of "double speak" or "a just kidding strategy." (ECF 946 at 2.) As the Court is well aware, those issues were front and center in both the briefing on the Motion to Exclude as well as at an extensive oral argument, to which Mr. Cantwell was invited but chose not to attend. Indeed, the very first sentence of the Court's opinion on the Motion to Exclude states, "This opinion principally addresses whether Plaintiffs' experts (two sociologists who study white supremacy in the United States) can testify to a jury that groups in the white supremacist movement have developed and often employ 'double-speak' or 'just joking' strategies, which afford its adherents plausible deniability when conveying certain racist or violent messages." (ECF 941 at 1.) Mr. Cantwell recognizes he is merely rehashing old claims, stating, "My Codefendants pointed out that the use of the term 'White Supremacist Movement' was an attempt to short circuit the legal definition of conspiracy. The plaintiffs and the Court respond by saying the Plaintiffs still bear the burden of proving that each defendant entered into an agreement to commit racially motivated violence." (ECF 946 at 3.) Mr. Cantwell's latest filing is merely an effort to relitigate issues fully argued and finally resolved.

Moreover, Mr. Cantwell fails to mention in his supplemental filings that he was on notice in August 2020 that the Motion to Exclude was filed by the Moving Defendants, that he was notified that the expert reports were publicly available on the docket, and that he was invited to the oral argument on the motion, an opportunity that he chose to pass on. The Motion to Exclude was filed by the Moving Defendants (specifically by Mr. Cantwell's former attorney, Mr. Kolenich) on August 7, 2020. (ECF 826.) It bears noting that if Mr. Cantwell did not receive this particular filing, it is because *the Moving Defendants* – not Plaintiffs – served the motion to his outdated email address, presumably a product of the same inadvertent administrative service error

that has affected all parties in this case. However, on August 11, 2020, the Court granted the Moving Defendants' request for a Temporary Sealing Order related to the Motion to Exclude. (ECF 831.) The Court noted in its order, which was mailed to all *pro se* parties, "Defendants have filed a motion to exclude the opinions of several of Plaintiffs' experts." *Id.* The Court stated further that Moving Defendants "ask to file under seal the Plaintiffs' experts' reports that are the subject of their motion to exclude . . ." *Id.* On September 1, 2020, the Court denied Moving Defendants' request to file the expert reports under seal, in an Order – again mailed to *pro se* parties – that stated that "[t]he expert reports shall be filed on the public docket." (ECF 855). On November 12, 2020, the Court mailed *pro se* parties notice of the hearing on the Motion to Exclude which was scheduled for December 17, 2020. The hearing took place as scheduled. All parties (as well as the public) were permitted to attend the hearing remotely. Mr. Cantwell chose not to attend.

Mr. Cantwell's "supplemental" filings also include an additional claim for relief. He now maintains that, because of the Court's decision on the Motion to Exclude, he should be entitled to seek discovery from a host of individuals that he claims he "previously thought would be unworthy of the effort." (ECF 946 at 4.) In particular, he now seeks deposition testimony and documents from six non-party witnesses – Kristopher Goad, Emily Gorcenski, Thomas Massey, Thomas Keenan, Mike Longo Jr., and Lindsay Elizabeth Moers – "to prove that we had good reason to fear violence from Plaintiffs and their co-conspirators." *Id.* at 4. This argument is as specious as it is disingenuous. Mr. Cantwell has been aware of each of these individuals since at least November 15, 2019 – months before Mr. Cantwell was arrested and depositions were taken – when he filed his Answer to Plaintiffs' Second Amended Complaint (ECF No. 590-1, the "Answer"). In the Answer, Mr. Cantwell argued that he had been falsely accused of engaging in violence in Charlottesville by Goad and Gorcenski. *Id.* at 79. Cantwell described Gorcenski,

whom he mentioned thirty-six times in the Answer, as a "dangerous extremist" who had behaved violently toward him in Charlottesville and whom he later sued for falsely accusing him of a crime. *Id.* at 79, 110. Cantwell likewise accused Massey (*id.* at 80), Longo (*id.* at 6), Keenan (*id.* at 4) and Moers (*id.* at 8) as having behaved violently toward him and other Defendants in Charlottesville.  Mr. Cantwell simply chose not to seek discovery from these supposed witnesses whom he has always claimed were important to his defense, and this Court's unrelated ruling regarding Plaintiffs' experts should not resurrect for him an opportunity he willingly passed up.[1]

Because Mr. Cantwell still has not established any prejudice flowing from Plaintiffs' good faith administrative oversight, *see* ECF 945 (Plaintiffs' Response to Defendant Cantwell's Motion to Sanction Plaintiffs), each of his requested sanctions should be denied.

II.   **Plaintiffs Reiterate That They are Willing to make Reasonable Accommodations to Mr. Cantwell in Light of his Incarceration**

Plaintiffs note that Mr. Cantwell has filed a letter informing the Court of another change in his service address. On April 26, 2021, prior to learning of the transfer, Plaintiffs mailed a hardcopy of Plaintiffs' electronically-filed response to Mr. Cantwell's sanctions motion (ECF 945), to Mr. Cantwell at the address listed for him on the docket at the time (Strafford County Dept. of Corrections, 266 County Farm Road, Dover, NH 03820). Plaintiffs received notification from the United States Postal Service that the mail successfully arrived at the facility on April 28, 2021. However, on May 3, 2021, the mail was returned to Plaintiffs as undelivered. That same day, Plaintiffs contacted the Strafford County Department of Corrections to ask how best to

---

[1] In addition to his repeated requests that the Court dismiss Plaintiffs' claims against him, Mr. Cantwell seeks "additional time to procure an expert of my own to rebut this absurdity." (ECF 946 at 3.)  While Plaintiffs have serious doubts as to Mr. Cantwell's ability to find an appropriate expert that would overcome a challenge under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Plaintiffs have no objection to affording Mr. Cantwell a reasonable amount of time to procure such an expert and prepare the requisite report.

5

serve Mr. Cantwell, and provided another electronic copy of the brief to the facility. *See* Ex. A. The next day, the Strafford County Department of Corrections advised Plaintiffs that Mr. Cantwell was no longer incarcerated at the Strafford County Jail but did not provide a new address. Now that Plaintiffs have a new address for Mr. Cantwell, he will be re-served Plaintiffs' response to his sanctions motion.

Additionally, while Mr. Cantwell's incarceration has created obvious logistical difficulties, particularly regarding the service of documents, as we have previously stated to Mr. Cantwell, Plaintiffs are willing to work with him and the Court to make reasonable accommodations to ensure he is kept informed of court proceedings, including speaking with Mr. Cantwell at his convenience to answer logistical questions or facilitate arrangements that may be helpful.

Dated: May 11, 2021

Respectfully submitted,

Michael L. Bloch (*pro hac vice*)
Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
mbloch@kaplanhecker.com
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com

jkay@kaplanhecker.com
bwhite@kaplanhecker.com
*Counsel for Plaintiffs*

Of Counsel:

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

## CERTIFICATE OF SERVICE

   I further hereby certify that on May 11, 2021, I also served the following non-ECF participants, via mail and electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
Christopher Cantwell 991509
Tallahatchie County Correctional Facility
9351 U.S. Highway 49 North
Tutwiler, MS 38963

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

/s/ Michael L. Bloch
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*