IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., <br>     Plaintiffs, <br><br> v. <br><br> JASON KESSLER et al., <br>     Defendants. | Civil Action No. 3:17-cv-00072 <br><br><br> <u>ORDER</u> <br><br><br> By:    Joel C. Hoppe <br>          United States Magistrate Judge |

This matter is before the Court on two motions and one discovery objection, stated twice, filed by pro se Defendant Christopher Cantwell. Def.'s Obj'n to Notice of Dep., ECF No. 930; Def.'s Mot. to Sanction Pls., ECF No. 939; Def.'s Mot. to File by Fax, ECF No. 942; Def's Mot. to Stay Deposition, ECF No. 950. The issues have been fully briefed, *see* ECF Nos. 930, 931, 932, 939, 940, 943, 945, 946, 947, 950, and can be resolved without an oral hearing, Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b); Pretrial Order 3–4, ECF No. 101.

Cantwell's objection to Plaintiffs' notice of deposition, ECF Nos. 930, 950, is **OVERRULED**. The Court previously granted Plaintiffs leave to depose Cantwell, who is incarcerated, because they had not yet had the opportunity to depose him by oral questions and they are entitled to do so under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Order of Sept. 11, 2020, ECF No. 869; Fed. R. Civ. P. 30(a)(2)(B). Plaintiffs may proceed with the scheduled deposition on June 7, 2021. ECF Nos. 932, 932-1, 934. The Court expects Cantwell to appear and participate in good faith as required by the Federal Rules of Civil Procedure. *See* Order of July 23, 2020, at 1, ECF No. 814; Fed. R. Civ. P. 37(d).

Cantwell's motion to "submit motions, responses, and other necessary correspondence in this case by faxing documents to the Clerk," ECF No. 942, is **DENIED**. W.D. Va. Admin. P. for Filing, Signing & Verifying Pleadings & Papers by Elec. Means § C.6 ("Unrepresented

incarcerated parties will not be permitted to submit documents or pleadings electronically."); *id.* § H.2.a ("All pleadings and documents filed by pro se litigants who are incarcerated" "must be filed in paper form and will, as applicable, be filed in ECF by the Clerk's Office"); *see also id.* § B.5 ("[F]axing a document to the Clerk's Office . . . will not constitute 'electronic submission' of the document for filing.").

Cantwell's motion to sanction Plaintiffs for their occasional "failure to properly serve him with documents [while] . . . he has been incarcerated," ECF No. 939, is **DENIED**. *See* Fed. R. Civ. P. 5(a)–(b) (when and how to serve certain discovery papers and written motions); 4B Charles Wright & Arthur Miller, *Fed. Practice & Proc.* § 1141 (4th ed.) (noting that Rule 5 exists in part "to insure a full exchange of the written communications among the litigants so that each party has a copy of all papers affecting the case"); *cf. Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 623 (D.S.C. 2000) ("Rule 5(d) does not provide a remedy for violation of its provisions."). After Cantwell was arrested in January 2020, Plaintiffs' litigation team inadvertently continued to send some motions and discovery papers to his personal email address, rather than to his new mailing address at the Stafford County Jail in Dover, New Hampshire. Upon realizing their administrative mistake, Plaintiffs' counsel promptly updated their internal files and sent copies of the documents to Cantwell at the correct mailing address. *See* Decl. of Michael L. Bloch, Esq., ECF No. 945-5. Cantwell has had an opportunity to respond to those papers and has not suffered any prejudice because of Plaintiffs' mistake. *Cf. United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993) (listing factors that a court should consider before exercising its inherent power to sanction litigation misconduct, including "the degree of the wrongdoer's culpability" and the resulting prejudice to the moving party).

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTER: May 14, 2021

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge