IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| JASON KESSLER et al., | ) | |
|     Defendants. | ) | By:    Joel C. Hoppe |
| | ) |          United States Magistrate Judge |

This matter is before the Court on Plaintiffs' motion to strike as untimely filed Defendant Richard Spencer's motion for summary judgment. Pls.' Mot. to Strike, ECF No. 896; *see* Def. Spencer's Mot. for Summ. J., ECF No. 895 (Oct. 19, 2020). Spencer, who is representing himself in this case, concedes that he filed the motion two months after the August 7, 2020 dispositive-motions deadline and did not seek the Court's leave before doing so. Def. Spencer's Resp. in Opp'n 1, 4, ECF No. 906. Nonetheless, he asks the Court to resolve his motion on the merits because, in his view, his "tardiness has not done serious or irreparable harm to the [litigation] process." *Id.* at 2; *see id.* at 4. Plaintiffs oppose Spencer's request. Pls.' Reply Br., ECF No. 908.

The original deadline to file dispositive motions in this case was April 24, 2019. *See* Pretrial Order, ECF No. 101; Order of June 15, 2018, ECF No. 329. In late November 2019, I granted the parties' joint request that they have until August 7, 2020, to file motions for summary judgment. *See* Order of Nov. 27, 2019, ECF No. 597. In June 2020, I allowed Spencer's attorney to withdraw his representation and gave Spencer permission to electronically file documents in this matter using CM/ECF while he was representing himself. Order of June 22, 2020, at 2, ECF No. 773. I also warned Spencer that "[u]nless and until new counsel enters an appearance on [his] behalf, he is solely responsible for conducing his defense in accordance with all rules, court

1

orders, and deadlines in this case"[1] and that neither the October 2020 "trial date nor any deadline [would] be continued" because Spencer's attorney had withdrawn. *Id.* Spencer attended his deposition by Plaintiffs' counsel on July 1, 2020, and he stayed "in regular contact" with them afterwards. Pls.' Mot. to Strike 3. He did not file a motion for summary judgment, or seek an extension of time to do so, on or before August 7, 2020.

The presiding District Judge held a status conference with the parties several weeks later. *See generally* Tr. of Sept. 14, 2020 Show Cause Hr'g & Status Conf., ECF No. 881. During a discussion about scheduling hearings on the timely filed motions for summary judgment, another pro se Defendant asked if the Court would grant a "continuance" so he could file a motion for summary judgment. *Id.* at 22. Spencer interjected that he, too, was "now in a position" to file a motion for summary judgment and asked if the Court would "give [them] a reasonable deadline" to do so. *Id.* at 22–23. Plaintiffs' counsel objected. *Id.* The presiding District Judge responded that any party who "wish[ed] to make a motion to file a summary judgment late" should "take those [requests] up with" me, as pretrial scheduling matters were "still in [my] hands." *Id.* at 23–24 ("[T]hose matters have been referred to Judge Hoppe, and you'll take those up with Judge Hoppe. And if he allows it, then he'll give you the time."). He also canceled the October 2020 trial and reset the matter for a four-week jury trial tentatively scheduled to begin on April 26, 2021. *See* Order of Sept. 15, 2020, at 1, ECF No. 874.

On September 15, 2020, I issued an order granting Plaintiffs' motion to suspend the deadlines for submitting witness lists and other documents to be used in connection with trial.

---

[1] This was not the first time I'd warned Spencer that he must comply with the court's orders and deadlines even though he is "not an attorney by trade." Tr. of Apr. 19, 2018 Disc. Hr'g 5–6, ECF No. 308. After Spencer missed a discovery deadline in April 2018, I explained that if he may miss a court-ordered deadline, then he needed to confer with Plaintiffs' counsel and file a motion asking the Court to extend the deadline for good cause. *Id.* at 6. He could not "just not make a deadline." *Id.* Spencer apologized, indicated that he understood, and "promise[d] to do better in the future." *Id.*

*See* Order of Sept. 15, 2020, at 1. Knowing that Spencer had voiced interest in belatedly filing a dispositive motion, however, I made clear that the suspension did "not apply to deadlines that ha[d] already passed or to motions that [were] currently pending." *Id.* Rather, I instructed that "[a]ny party seeking to extend an expired deadline shall, within fourteen (14) days of this Order, file a motion showing the party failed to act because of excusable neglect and there is good cause to extend the time previously allowed." *Id.* (citing *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017); Fed. R. Civ. P. 6(b)(1)(B)). The Clerk's Office sent the Order to Spencer on the same date, and the docket does not indicate that he failed to receive it. *See* Mem. Op. & Order of Mar. 24, 2021, at 15 n.4, ECF No. 933.

Spencer had until September 29, 2020, to ask the Court to extend any expired deadline. *See* Order of Sept. 15, 2020, at 1. He filed his motion for summary judgment, which spans 129 pages with supporting exhibits, on October 19, 2020. Spencer did not acknowledge that his motion was late, let alone explain why he had missed the original deadline or try to present cause why the Court should extend the time previously allowed. After Plaintiffs moved to strike, Spencer apologized for the "tardy" filing and asked the Court to give Plaintiffs all "the time they require" to respond to his motion. Def. Spencer's Resp. in Opp'n 2, 4. He also blamed his former attorney for not preparing a motion for summary judgment before the August 7, 2020 deadline, *see id.* at 2–3, and claimed that he "misapprehended" the presiding District Judge's instructions that Spencer should "move for a new deadline" if he still wanted to file a motion for summary judgment, *id.* at 3. Plaintiffs responded that Spencer has not shown either excusable neglect for missing the original deadline or good cause why the Court should accept his dispositive motion filed without permission more than two months late. Pls.' Reply Br. 2–6.

Spencer has known at least since June 20, 2020, that he had until August 7, 2020, to file his own motion for summary judgment. *See* Order of June 22, 2020, at 2. He understood that he must file a motion for extension of time, on or before August 7, if he felt like he needed more time to file that dispositive motion. *See* Tr. of Apr. 19, 2018 Disc. Hr'g 5–6. He could not "just not make [the] deadline." *Id.* at 6. Spencer did not ask the Court to extend his deadline. Then, several weeks later, he mentioned to the presiding District Judge that he wanted to file a motion for summary judgment even though he knew that deadline had expired. The presiding District Judge clearly said Spencer should file a motion asking my permission to file out of time. Tr. of Sept. 14, 2020 Show Cause Hr'g & Status Conf. at 23–24. And, *if* I allowed the extension, *then* I would "give [Spencer] the times within which [he] must file any motion" for summary judgment. *Id.* at 2. On September 15, I gave all parties fourteen days to file motions to extend any expired deadline and explained that such an extension could be granted only "for good cause if the moving party can show that the delay was because of excusable neglect." *See* Order of Sept. 15, 2020, at 2 (quotation marks omitted); *Agnew*, 680 F. App'x at 155; Fed. R. Civ. P. 6(b)(1)(B).

Spencer "did not avail himself of that off-ramp." Order Finding Def. Elliott Kline in Civil Contempt 1, ECF No. 599. He chose to file his dispositive motion on his own terms, in flagrant violation of this Court's orders and deadlines. Those orders "were more than mere suggestions," and the Court will not tolerate Spencer's failure to take "seriously the deadlines [it] imposed," *Willis v. Cleveland Cty., N.C.*, No. 1:18cv292, 2020 WL1061680, at *3 (W.D.N.C. Mar. 4, 2020), to move the case forward. *See generally* Mem. Op. of Aug. 9, 2019, at 2–3, 29–32, ECF No. 539. Accordingly, Plaintiffs' motion to strike, ECF No. 896, is **GRANTED**, and Defendant Richard Spencer's motion for summary judgment, ECF No. 895, is **STRICKEN** from the docket as untimely filed. *See Zornes v. Specialty Indus., Inc.*, No. 97-2337, 1998 WL 886997, at *1

(Dec. 21, 1998); *Willis*, 2020 WL 1061680, at *3; *Battle v. Burwell*, No. PWG-14-2250, 2017 WL 1246344, at *2 (D. Md. Apr. 5, 2017).

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTER: May 19, 2021

Joel C. Hoppe
United States Magistrate Judge

5