CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUN 0 1 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Richard Spencer
PO Box 1676
Whitefish, MT 59937

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES *et al.*, | Case No: 3:17-cv-00072-NKM |
| Plaintiffs | |
| vs. | **SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE** |
| JASON KESSLER, *et al.*, | |
| Defendants | |

**DEFENDANT RICHARD SPENCER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER TO STRIKE MR. SPENCER'S MOTION FOR SUMMARY JUDGEMENT**

In accordance with 28 U.S.C. §636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure, Defendant Richard Spencer respectfully objects to Magistrate Judge Joel Hoppe's order to strike his Motion for Summary Judgement (MSJ), issued on May 19, 2021. Mr. Spencer humbly requests that District Judge Norman Moon consider this objection and, in light of the circumstances and the importance of Summary Judgement (SJ) to Mr. Spencer's defense, forgive the untimeliness of Mr. Spencer's filing and give his MSJ a hearing.

**1. Untimely Observations.** All parties are in agreement on the basic facts of this controversy. On October 19, 2020, Mr. Spencer filed his MSJ in an untimely manner. Additionally, Mr. Spencer failed to seek adequately an extension and mention his untimeliness in

SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE - 1

his MSJ. Mr. Spencer acknowledges these facts, and he has apologized to the Court and to the Plaintiffs.

Deciding on SJ is not in Judge Hoppe's domain, and he struck Mr. Spencer's MSJ on purely technical and procedural grounds, leaving the heart of Mr. Spencer's argument entirely intact: Mr. Spencer's untimeliness "has not done serious or irreparable harm to the [litigation] process" (Response in Opposition to the Plaintiffs Motion to Strike; ECF no. 906). Indeed, Mr. Spencer's argument is more compelling now than it was six months ago, as the trial date has been reset to late October 2021.

Some background is important. With a trial then-scheduled for the fall of 2020, Judge Hoppe set a deadline of August 7, 2020, for Defendants to deliver their MSJ (Order November 27, 2019; ECF no. 597). That June, Mr. Spencer's attorney withdrew from the process—and withdrew without filing or drafting an MSJ. With the trial delayed until April 2021 due to the COVID-19 pandemic—before subsequently being delayed again until October 2021—Mr. Spencer had an opportunity to research and draft his MSJ as a *pro se* litigant. The Plaintiffs and the Court also had ample time to respond to and decide on the matter, respectively.

On September 14, 2020, in a status conference call before Judge Moon, Mr. Spencer voiced his desire to file a MSJ and requested a "reasonable deadline." Mr. Spencer was under the impression that the Court was inclined to allow new motions to be filed; he failed to appreciate, however, that he was required to request formally that these deadlines be set by the Court, and he filed his MSJ a month later without doing so. The Plaintiffs immediately responded with a Motion to Strike (ECF no. 896).

**2. Deciding on the Exception.** Forgiving Mr. Spencer's untimeliness is a matter of judicial discretion. The Supreme Court, it should be noted, has submitted guidelines for

SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE - 2

establishing "excusable neglect" and thus forgiving mistakes by moving parties. These include, (1) whether the delay in filing was within the control of the movant; (2) the length of the delay and the delay's potential to affect judicial proceedings; (3) the potential of prejudice to the non-moving party; (4) whether the moving party was acting in good faith (*Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380 (1993)).

Mr. Spencer's behavior meets the threshold of "excusable neglect." (1) Mr. Spencer voiced his desire to file his MSJ; verbally requested a deadline; and filed an effective MSJ; (2) addressing Mr. Spencer's MSJ will not impact the scheduling of the trial, and Mr. Spencer is not requesting a continuance; (3) the non-moving party will not be overly burdened by responding to this matter; (4) Mr. Spencer has apologized for his failures and is actively participating in his defense. In light of these and other matters, Magistrate Judge Hoppe's decision to strike from the docket Mr. Spencer's MSJ appears arbitrary and not a proper use of his discretion as Magistrate.

**3. Practical Concerns.** The reality of the situation is compelling in favor of allowing Mr. Spencer's MSJ to be heard. As mentioned, a month after the September status call, Mr. Spencer filed his MSJ. With the trial date then-set for April 2021, Mr. Spencer's filing allowed the Plaintiffs and the Court some six months to complete the SJ process.

According to Rule 72 (a), "the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." There is no precise definition of "promptly." Regardless, Judge Hoppe ruled on the Plaintiffs' Motion to Strike some six months after it was filed. This is the reason that this matter is sent to the District Judge now, and not in, say, November or December of 2020. Even with this pacing, the scheduling of the trial has not been jeopardized. Plaintiffs have ample time to respond to Mr. Spencer's MSJ, with the trial now set for October 25, 2021. This is, in fact, a longer period of

SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE - 3

time than that set aside when the trial was scheduled in 2020. Surely the Plaintiffs have at least contemplated Mr. Spencer's MSJ over the past half year, if not already drafted their Response. No undue burden is being placed on the Plaintiffs, nor any prejudice shown to them. Mr. Spencer is not requesting a continuation of the trial (nor has he ever), for, among other reasons, a continuance is entirely unnecessary.

**4. Judicious Charity.** Mr. Spencer's personal situation should be kept in mind. Mr. Spencer has an academic background, educated at the University of Virginia, University of Chicago, and Duke University, and has professional experience in writing and publishing. Mr. Spencer well understands the concepts of evidence, sourcing, interpretation, and argumentation, and he is thus well prepared to participate in the litigation process on its foundational level. This competency is manifest in Mr. Spencer's MSJ. Mr. Spencer was not prepared, however, for dealing with the technical and procedural matters of litigation. Put simply, Mr. Spencer is a layman and can get lost in the mechanics of the trial. Mr. Spencer is, however, endeavoring to represent himself effectively, while treating the Plaintiffs and the Court with due respect and fairness.

In Judge Hoppe's Order to Strike, he outlines Mr. Spencer's undisputed procedural and technical mistakes. Judge Hoppe does not suggest, however, that Mr. Spencer is acting in bad faith, attempting, say, to delay the process or befuddle the Plaintiffs. Thus Mr. Spencer's actions, regrettable as they may be, do not reach the threshold needed for a Strike. This case has already been costly and time-consuming, and Mr. Spencer is in no way incentivized to protract it further, or antagonize the Plaintiffs or the Court.

In the conference call in June 2020, Judge Hoppe warned Mr. Spencer that he would not continue the trial due to the withdrawal of Mr. Spencer's attorney. This is reasonable. That said,

SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE - 4

as a *pro se* litigant, some kind of charity and leeway should be granted to Mr. Spencer, especially when he is acting in good faith and participating in the process.

If Mr. Spencer had properly requested an extension, or perhaps merely mentioned his untimeliness in his filed MSJ, would Judge Hoppe have granted Mr. Spencer the ability to file a MSJ in the fall/winter of 2020? If that were the case, then it follows that Judge Hoppe did not believe that filing a MSJ in the fall/winter of 2020 jeopardized the integrity of the trial and that he did not believe Mr. Spencer to be acting in bad faith. Surely these fundamental matters—the "big picture," so to speak—should override concerns over Mr. Spencer's admitted oversights. Reason and justice demand it.

**5. The Pertinence of Summary Judgement.** Summary Judgement is an essential component of the civil litigation process, particularly so with regard to Mr. Spencer's defense. The purpose of SJ is to "weed out nonlitigable cases, not to pretry and dispose of doubtfully successful ones" (*Harding v. Purtle*, Civ. No. 12010 (1969)). Mr. Spencer did not dispute the material evidence that was presented to him during his 2020 Deposition, nor is he inclined to dispute any evidence secured through the expansive Discovery process. The Plaintiffs do not have and cannot reasonably obtain evidence that Mr. Spencer harmed or attempted to harm them, or that he was part of a "conspiracy" dedicated to harming them as individuals or as members of a group or class. The Plaintiffs' case, as is manifest in their Second Amended Complaint, rests on conclusory references (various decelerations of a "white supremacist conspiracy"), which are not supported by gathered evidence and which cannot in themselves support a cause of action (*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). No gathered evidence supports the application of Count I: 42 U.S.C. §1985 (c), and Count II 42

U.S.C. §1986, and thus the Plaintiffs lack evidence for an indispensable element in their Complaint. The Plaintiffs' case against Mr. Spencer is well deserving of being weeded out.

***

In conclusion, the integrity of the litigation process has not been comprised by Mr. Spencer's regrettable errors, and he is endeavoring to participate and effectively defend himself. Additionally, SJ is especially pertinent in his overall defense. With all of that in mind, Mr. Spencer humbly requests that Judge Moon exercise his sovereignty on this matter and allow the Summary Judgement process to commence.

The 27th of May, 2021.

*Richard B. Spencer, Pro Se*

SPENCER – OBJECTION TO MAGISTRATE'S ORDER TO STRIKE - 6

**CERTIFICATE OF SERVICE**

I certify that on the 27th of May, 2021, a true and correct copy of the foregoing Motion for Summary Justice was mailed to the Clerk of the Court, which will provide electronic notice to all counsel of record.

_____
Richard B. Spencer, *Pro Se*

I further hereby certify that on May 27, 2021, I also served the following non-ECF participants, via electronic mail, as follows:

Christopher Cantwell christopher.cantwell@gmail.com

Robert Azzmador Ray azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley eli.f.mosley@gmail.com deplorabletruth@gmail.com

Vanguard America c/o Dillon Hopper dillon_hopper@protonmail.com

Matthew Heimbach matthew.w.heimbach@gmail.com

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



| US POSTAGE & FEES PAID | 062S0008589522 |
|---|---|
| PRIORITY MAIL | 5325604 |
| ZONE 8 FLAT-RATE ENVELOPE | FROM 59937 |
| ComPlsPrice | |







stamps
endicia
05/27/2021

## PRIORITY MAIL 2-DAY™

0004

Richard Spencer
PO Box 1676
Whitefish MT 59937

C008

SHIP TO:
U.S. District Court
Western District of Virginia
255 W Main St Ste 304
Charlottesville VA 22902-5058

**USPS TRACKING #**



9405 5118 9922 3901 0146 12

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.