## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                    Plaintiffs,

v.

JASON KESSLER, et al.,

                    Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

### PLAINTIFFS' OPPOSITION TO DEFENDANT RICHARD SPENCER'S OBJECTION TO JUDGE HOPPE'S ORDER TO STRIKE SPENCER'S MOTION FOR SUMMARY JUDGMENT

Defendant Richard Spencer asks this Court to overturn Judge Hoppe's May 19, 2021, order, ECF No. 952, which granted Plaintiffs' motion to strike Spencer's motion for summary judgment as untimely filed. *See* ECF Nos. 895, 896, 906, 908, 957. The law, however, is clear that objections to such rulings may not merely reargue issues previously considered by the Magistrate Judge. *See, e.g.*, *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002) ("It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge."). Spencer's objection here does little more than recycle arguments and assertions that he previously raised in response to Plaintiffs' motion to strike, all of which Judge Hoppe expressly considered and rejected in his well-reasoned opinion striking Spencer's motion for summary judgment as untimely. *Compare* ECF No. 957 at 1–6 *with* ECF No. 906 at 1–4. Indeed, Spencer even quotes his previous response brief, confirming that his new objection merely

recycles his previous substantive arguments. *See* ECF No. 957 at 2 (quoting ECF No. 906 at 2). His objection can and should be rejected on that basis alone.

In any event, the general rule is that a Magistrate Judge's order should only be set aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 19-CV-505, 2020 WL 2738381, at \*1 (E.D. Va. Jan. 29, 2020) (overruling objections to magistrate judge's order granting motion to strike as not "clearly erroneous" or "contrary to law"). This standard is extremely demanding, and because of it, Magistrate Judges' non-dispositive orders are rarely overturned. *See, e.g., CertusView Techs., LLC v. S & N Locating Servs., LLC,* 107 F. Supp. 3d 500, 504 (E.D. Va. 2015) ("A magistrate judge's finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. If a court is not firmly convinced that such an error has occurred, then the magistrate judge's order must be affirmed. Indeed, altering a magistrate judge's non-dispositive orders is extremely difficult to justify." (cleaned up)).

While Spencer offers certain minor non-substantive matters not addressed in his previous response, none of them justifies overturning Magistrate Judge Hoppe's order. First, Spencer seems to take issue with the time it took Judge Hoppe to decide Plaintiffs' motion, which is ironic, to say the least, given the untimeliness of Spencer's motion. *See* ECF No. 957 at 3. Spencer also notes that the trial date has moved from April 2021 to October 2021, an issue about which Magistrate Judge Hoppe was certainly aware. *See id.* at 2–4. Spencer goes on to state, in a section entitled "Judicious Charity," that he has an "academic background" and "professional experience in writing and publishing" that make him "well prepared to participate in the litigation process on its foundational level." *See id.* at 4. But none of these are relevant substantive points that should alter

the outcome here. Indeed, Spencer's extensive education and experience make it even less excusable that he would repeatedly defy easy-to-follow deadlines despite multiple admonitions by Magistrate Judge Hoppe.

To the extent necessary, Plaintiffs incorporate by reference their previous arguments as to why Spencer has failed to establish that his delinquency in filing his summary judgment motion was the product of excusable neglect. *See* ECF Nos. 896, 908. Should the Court find it useful, Plaintiffs would be pleased to provide any further briefing requested by the Court.

Dated:  June 10, 2021                                           Respectfully submitted,

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
*Counsel for Plaintiffs*

Of Counsel:

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
1114 Avenue of the Americas, 46th Floor New
York, NY 10036
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

## CERTIFICATE OF SERVICE

I further hereby certify that on June 10, 2021, I also served the following non-ECF participants, via mail and electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Matthew Heimbach
matthew.w.heimbach@gmail.com

Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*