# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | **Civil Action No. 3: 17-cv-00072-NKM** |

**DECLARATION OF THOMAS BAKER IN SUPPORT OF PLAINTIFFS' SUBMISSION REGARDING VENUE FOR TRIAL AND TRIAL LOGISTICS**

I, Thomas Baker, declare as follows:

1. I am a Plaintiff in the lawsuit captioned *Sines v. Kessler*, No. No. 3: 17-cv-00072-NKM.

2. I provide this declaration in support of Plaintiffs' Submission Regarding Venue for Trial and Trial Logistics.

3. The statements made in this declaration are based on my personal knowledge. If called to testify, I could and would testify under oath competently and truthfully to each of the statements in this declaration.

4. I am a resident of Charlottesville, Virginia. I have lived in Charlottesville, Virginia since approximately May 2017.

5. I am employed as a conservation biologist by Nelson Byrd Woltz, a company located in Charlottesville. My employment requires a sophisticated workplace infrastructure, which allows me to work with oversize architectural drawings and geospatial issues. It is critical that I have ready access to my office's computer server system, as well as access to sophisticated printing capabilities and special monitors. In addition, due to the injuries I sustained in Charlottesville in August 2017, I require a stand-up desk that allows me to relieve the physical stress and pain in my hip. It would be impossible for me to replicate this workplace infrastructure on a temporary basis during a trial outside of Charlottesville.

6. Travelling to Lynchburg or Roanoke on a daily basis would itself be nearly impossible. My wife and I only own one vehicle. We reside just outside of Charlottesville, and she would need to use that vehicle to commute to work, to pick up groceries, to run daily errands and for other needs. Moreover, driving for extended periods, which would be required for a trial in Lynchburg or Roanoke, would exacerbate the injuries I sustained in my hip, causing me severe

pain.

7. Travelling to Lynchburg or Roanoke would further interfere with important aspects of my medical care. I have developed a precise exercise routine specifically designed to minimize the pain in my hip. If I do not regularly follow this routine, my hip becomes very painful. The gym I use in Charlottesville has specialized equipment that allows me to conduct this routine. In my experience, other gyms usually lack the equipment I need to conduct my exercise routine. In addition, I have recently begun seeing a massage therapist based in Charlottesville to ease the pain of my injuries.

8. Travelling to Lynchburg or Roanoke also would physically separate me from my wife, who is my primary support system. Being separated from my wife during the trial would be unbelievably difficult for me, as her support will be critical throughout the process. It would also not be possible for my wife to accompany me outside Charlottesville, as her employment likewise requires her to remain in Charlottesville.

9. Travelling to Lynchburg or Roanoke also would raise substantial concerns regarding my wife's safety, as well as my own. If I were to be separated from my wife during the trial, I would be extremely concerned and stressed regarding her safety. In addition, my wife and I have made substantial investments in a security system in our home in Charlottesville following the events in question, and conducting the trial in Charlottesville would allow us to use that system.

10. It is incredibly important to me that the trial occur in Charlottesville. I do not have any historical or family ties to this city, having moved here for work reasons. All of my memories of Charlottesville are now associated with the events in question. My entire identity in Virginia is tied to those events and this place. I still work on the street in which I was seriously

injured. It is pivotal to me on a personal level that this trial be resolved in Charlottesville.

11. It is substantially more convenient for me, particularly given the requirements of my employment workspace and my concerns regarding my own and my wife's safety, for trial in *Sines v. Kessler* to be held in Charlottesville. It would be nearly impossible for me to replicate my workspace infrastructure outside of Charlottesville. Conducting the trial outside of Charlottesville also would separate me from my wife and my primary support system, and would cause me to fear for her safety, as well as my own.

12. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2021 in Charlottesville, Virginia.

Thomas Baker