UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' PETITION REGARDING RECOVERABLE ATTORNEYS' FEES
FROM ROBERT "AZZMADOR" RAY**

# TABLE OF CONTENTS

PROCEDURAL BACKGROUND ................................................................................................ 1

REQUEST FOR FEES AND EXPENSES ................................................................................... 4

ARGUMENT .................................................................................................................................. 5

I.      The Applicable Legal Standard ................................................................................ 5

II.     Plaintiffs' Requested Fees Are Reasonable ............................................................. 6

        A.     The Hourly Rates Being Applied Are Reasonable ..................................... 7

             1.     Plaintiffs Are Applying the Customary Fee for Like Work in This Jurisdiction ..................................................................................... 7

             2.     Plaintiffs' Attorneys Are Able and Experienced ........................... 9

        B.     Plaintiffs Devoted a Reasonable Number of Hours to Addressing Ray's Failures to Comply with the May 18 Order. ............................................ 11

             1.     The Time and Labor Expended Was Warranted Given the Novelty and Difficulty of the Questions Posed ....................................... 11

        C.     The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment ................................................................................................ 13

CONCLUSION ............................................................................................................................. 14

Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure and this Court's March 25, 2021, Memorandum Opinion & Order, ECF No. 933, ("March 25 Mem. Op."), Plaintiffs hereby submit this Petition identifying the reasonable expenses, including attorneys' fees, that Plaintiffs incurred in connection with Defendant Robert "Azzmador" Ray's failure to obey the May 18, 2020, discovery order, ECF No. 728 ("May 18 Order").

## PROCEDURAL BACKGROUND

Defendant Ray has been given numerous opportunities over the course of nearly three years to comply with his discovery obligations and this Court's multiple orders spelling out his obligations, all to no avail. Having exhausted their procedural options after winning multiple motions to compel, Plaintiffs moved this Court for evidentiary sanctions, which this Court granted in addition to reasonable expenses, including attorney's fees, caused by Ray's failure to obey the May 18 Order. March 25 Mem. Op. 24. This submission now follows.

As this Court is well-aware, Ray has resisted discovery since the beginning of this case. On January 25, 2018, Plaintiffs first served document requests and interrogatories on Ray that sought "'information and materials directly relevant to the claims and defenses in this case.'" *Id.* at 8 (quoting Mem. Op. of Aug. 9, 2019, at 29, ECF No. 539). After Ray and other defendants' failure to respond was raised to the Court's attention and they were granted additional time to respond, Ray incredibly claimed in response to each document request: "none." *Id.* at 8–9 (citing ECF No. 488-2). Since then, Plaintiffs have gone to great lengths to obtain production of documents by Ray and other defendants, including arranging and paying for a third party vendor to collect and preserve ESI from defendants' devices and social media accounts, which they were each required to provide pursuant to the Stipulation and Order for the Imaging, Preservation, and Production of Documents, dated November 19, 2018. *Id.* at 10 (referencing ECF No. 383). On

January 22, 2019, Ray submitted the certification form required by that order, which contained (among other things) four previously undisclosed social media accounts. *Id.* at 11. However, Ray claimed to not remember the credentials for most of his accounts, including the Daily Stormer's online comment section. *Id.* Even Ray's (now former) attorney told this Court that "'it can't be right that Ray doesn't have Daily Stormer pass codes for the media' because he uses the comment section 'on a daily basis' for his job." *Id.* (quoting Tr. of Mar. 18, 2019 Mot. Hr'g 12–13, ECF No. 455). Ray also claimed to have sent devices to the third party vendor, which were never received. *Id.*

Following an October 28, 2019, status conference, Ray was given another chance to come into compliance with his discovery obligations, and yet again did not comply. *Id.* at 13. The Court specifically warned Ray that, following his counsel's withdrawal, Ray was "'proceeding pro se and, unless and until new counsel enters an appearance on his behalf,' he was 'solely responsible for conducting his defense in accordance with all rules, court orders and deadlines in this case.'" *Id.* (quoting Order of Oct. 28, 2019, at 2). Nevertheless, Ray failed to comply with the discovery deadlines set by the Court and never responded to Plaintiffs' second amended complaint. *Id.*

On March 11, 2020, Plaintiffs filed their first motion to compel specifically against Ray,[1] noting his failure to provide devices and credentials and their discovery of additional undisclosed devices and accounts. *Id.* at 13–14 (citing ECF No. 673). The Court granted Plaintiffs' motion to compel in its entirety. *Id.* at 14 (referring to May 18 Order). Ray was then given another chance to comply with his discovery obligations, and the Court provided detailed steps and specific deadlines for completion. *Id.* at 15 (citing May 18 Order). In particular, Ray was ordered to

---

[1] Plaintiffs' October 2, 2018 Motion to Compel Defendants to Permit the Inspection and Imaging of Electronic Devices was filed against Ray, among other defendants. ECF No. 354.

identify all social media accounts, identify complete and accurate credentials for each account, for any account for which Ray could not provide credentials describe all steps to recover information and why he was not successful, and identify all electronic devices that may contain potentially relevant documents and information. May 18 Order 4–5. The Court also directed Ray to send all identified electronic devices, including a second laptop and a second cell phone he had previously identified, to the third-party vendor for imaging and collection. *Id.* at 5. The Court provided yet another warning to Ray that "his failure to fully comply with this Order may result in the Court imposing sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure and/or directing Ray to show cause why should not be held in contempt of court." *Id.* However, Ray yet again refused to comply with the Court's Order. March 25 Mem. Op. 15.

On June 1, 2020, Plaintiffs moved for evidentiary sanctions against Ray and for an order directing Ray to show cause why he should not be held in contempt of court for his failure to comply with the May 18 Order. ECF No. 750 (June 1 Mot. for Sanctions"). Plaintiffs noted that "Ray responded to the Court's May 18, 2020, Order the way that he has responded to the vast majority of his discovery obligations and requirement throughout this litigation: with utter silence." *Id.* at 2. Ray also ignored Plaintiffs' repeated attempts in May and June, 2020, to schedule his deposition. Ray failed to appear for his duly-noticed deposition on July 13, 2020, and his court-ordered deposition July 29, 2020. Ray did not provide any notice to Plaintiffs' counsel that he did not intend to appear. March 25 Mem. Op. 16. On August 27, 2020, the Court ordered Ray to appear on September 14, 2020, for his rescheduled deposition and to show cause why he should be held in contempt for failing to appear for his court-ordered deposition on July 29.[2] *Id.*

---

[2] On March 5, 2021, Plaintiffs submitted an omnibus fee petition seeking, among other things, fees and costs associated with their March 11, 2020, motion to compel discovery from Ray and their July 14, 2020, motion to

3

at 16–17 (citing ECF No. 848). Ray did not appear on September 14 and did not contact the Court or Plaintiffs' counsel.[3] *Id.* at 17. On September 16, 2020, the Court issued a bench warrant for Ray. As of today "'Ray is still absent from this case and proceeding in total disregard of court orders.'" *Id.* (quoting September 16, 2020 Order Finding Robert "Azzmador" Ray in Civil Contempt, ECF No. 877). On March 25, 2021, the Court granted Plaintiffs' request for a permissive adverse-inference instruction and permitted Plaintiffs to file a petition for reasonable expenses and costs caused by Ray's failure to obey the May 18 Order, *id.* at 24, noting that it "cannot interpret Ray's continued disregard for this Court and its orders as anything other than bad faith." March 25 Mem. Op. 20 (internal marks and alterations omitted).

## REQUEST FOR FEES AND EXPENSES

As set forth in the Declaration of Jessica Phillips in support of this Petition, dated July 2, 2021 ("Phillips Declaration" or "Phillips Decl."), Plaintiffs devoted 13.3 hours of attorney and paralegal time to the Motions, totaling $3,762.50 in fees and expenses, including researching and drafting the June 1 Motion for Sanctions and compiling exhibits demonstrating Ray's continued defiance of Court orders and refusal to participate in discovery.

The attorney and paralegal hours caused by Ray's failure to obey the May 18 Order are set forth in further detail in Exhibit A to the Phillips Declaration, which includes the following total amounts for time and expenses:

---

compel Ray's deposition after he failed to appear for his July 13 deposition. ECF No. 929. That fee petition remains pending.

[3] On October 27, 2020, Plaintiffs moved for monetary sanctions, requesting their reasonable fees and expenses caused by Ray's failure to attend his July 29, 2020 and September 2020 depositions, and incurred in preparing for and attending Ray's civil contempt hearing on September 14, 2020. ECF No. 898. That motion remains pending.

| Exhibit | Item | Amount |
|---------|------|--------|
| A | Fees and Costs Incurred Due to Ray's Failure to Obey the May 18 Order | $3,762.50 |

## ARGUMENT

### I. The Applicable Legal Standard

In this Circuit, "the Court considers the reasonableness of the fees requested" by applying a three-step analysis. *VT Milcom, Inc. v. PAT USA, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 3 (W.D. Va. Jan. 26, 2018) (Hoppe, J.) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)), *report and recommendation adopted* ECF No. 82 (W.D. Va. Feb. 16, 2018).  First, the Court determines the lodestar figure by multiplying the number of reasonable hours by the applicable reasonable hourly rate. *Id.*; *see also Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 512 (D. Md. 2005) (noting the lodestar method is appropriately applied to fee awards under Rule 37). The reasonableness of both the number of hours and the hourly rates requested is evaluated using the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (the "*Johnson* factors"). *McAfee*, 738 F.3d at 88 & n.5.  The twelve *Johnson* factors are: "(1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal

5

community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Id.*

Second, the court must "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)).

Finally, the court "awards a percentage of the remaining amount to the prevailing party, depending on the degree of success of the prevailing party's claims." *VT Milcom*, No. 5:16-CV-00007, ECF No. 81 at 4.

## II. Plaintiffs' Requested Fees Are Reasonable

As set forth in more detail below, Plaintiffs have taken a deliberately conservative approach in their fee request that easily satisfies all relevant *Johnson* factors and provides no basis for reduction. Represented by experienced and able counsel, Plaintiffs pursued an undisputedly justified motion against Ray, who has shown complete disregard for the judicial process and this case in an effort to stall discovery to which Plaintiffs were entitled. The rates being requested are reasonable, taking into account counsels' experience and the unique difficulties presented by the issues and discovery in this case. The number of hours being requested is also reasonable, containing only the hours (and expenses) of certain attorneys and paralegals directed specifically at Ray's failure to comply with the May 18 Order, including researching, drafting, preparing, and filing the June 1 Motion for Sanctions. Accordingly, the Court should award Plaintiffs the lodestar amount as set forth above.

### A. The Hourly Rates Being Applied Are Reasonable

In determining the reasonableness of the hourly rates being applied, this Court is instructed to consider and weigh, to the extent pertinent, the *Johnson* factors. *See supra* at 5–6. Because this application for fees arises in the context of the resolution of discovery disputes, rather than at the conclusion of the litigation on the merits, Plaintiffs submit that "the customary fee for like work" and "the experience, reputation and ability of the attorneys" are the *Johnson* factors appropriately considered in assessing the reasonableness of Plaintiffs' claimed hourly rates here. *See, e.g.*, *Scott v. Clarke*, No. 3:12-CV-00036, 2014 WL 1463755, at *2, 5 (W.D. Va. Apr. 15, 2014) (Moon, J.) (awarding fees based on submission that specifically addressed three of twelve *Johnson* factors); *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 450 (E.D. Va. 2014) (finding numerous *Johnson* factors inapposite "[b]ecause this matter involve[d] a discovery motion rather than the complete disposition of a case after trial")); *SunTrust Bank v. Nik*, No. 1:11-CV-343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012), *report and recommendation adopted*, No. 1:11-CV-343, 2012 WL 1344376 (E.D. Va. Apr. 17, 2012) (same); *see also* Mem. Op. 8, ECF No. 738 (granting in part Plaintiffs' motion for fees and costs due to non-compliance, taking into account the *Johnson* factors relating to customary fees for like work and experience and ability of the attorneys).

#### 1. Plaintiffs Are Applying the Customary Fee for Like Work in This Jurisdiction

In seeking an award of attorneys' fees, Plaintiffs bear the burden of "produc[ing] specific evidence of the 'prevailing market rates in the relevant community' for the type of work" performed. *Depaoli v. Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (alteration in original and quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). "Typically, this means an attorney will demonstrate the market rate for services in the geographic

7

jurisdiction of the litigation." *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 227 (4th Cir. 2009) (citation omitted); *accord Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) ("The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits."). Courts in this jurisdiction have awarded fees based on where attorneys practice, rather than where the case is heard. *See Quesenberry v. Volvo Grp. N. Am., Inc.*, No. 1:09-CV-00022, 2010 WL 2836201, at *9 (W.D. Va. July 20, 2010), *report and recommendation adopted*, No. 1:09-CV-00022, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010). In this case, that would mean applying prevailing New York and Washington D.C. market rates, as all of the lawyers who devoted time to the issues caused by Ray's failure to comply with the May 18 Order worked at Boies Schiller Flexner LLP in New York and Washington D.C. However, Plaintiffs request that for the purpose of this application, the following local market rates (which are substantially lower than both the prevailing market rates for New York City and Washington D.C. normally received by Plaintiffs' counsel and the actual rates they charge for this case) be used for determining the lodestar for this application:

- Jessica Phillips (Partner)     $450;
- Yotam Barkai (Senior Associate)     $275;
- Katherine Cheng (Senior Associate)     $275;
- Josh Hasler (Paralegal)     $100.

These rates are in accordance with the rates for partners and senior associates that courts in this Circuit have deemed appropriate in recent cases. *See Cab Siquic v. Star Forestry, LLC*, No. 3:13CV00043, 2016 WL 1650800, at *2 (W.D. Va. Apr. 22, 2016) (finding reasonable rates up to $450/hour); *Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11-CV-

8

00025, 2014 WL 1599564, at *3–4 (W.D. Va. Apr. 21, 2014) (finding reasonable $500/hour for lead counsel and $275/hour for an associate who was also a primary attorney); *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 476 (W.D. Va. 2011) (finding reasonable rates ranging from $250 to $450/hour); *Randle* v. *H&P Capital, Inc.*, No. 3:09-CV-608, 2010 WL 2944907, at *8 (E.D. Va. July 21, 2010) (awarding $450 and $425 per hour to experienced attorneys); *Quesenberry*, 2010 WL 2836201, at *8 (finding reasonable $400/hour for partners and $275 for associates with more than 3 years of experience); *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 5 (awarding $365 per hour for experienced attorneys and $275 per hour for less experienced attorneys, as requested in Pl.'s Br. Ex. A, ECF No. 75-1). The paralegal rates proposed are also the same as the paralegal rates this Court has previously approved in this case. May 26, 2020 Mem. Op. 12, ECF No. 738. In requesting that these rates be applied, Plaintiffs have endeavored to ensure that their request falls within the parameters of reasonable fees for this Circuit, notwithstanding the higher hourly rates that Plaintiffs' counsel would normally receive for the type of work undertaken here.[4]

### 2. Plaintiffs' Attorneys Are Able and Experienced

Together with co-counsel, Plaintiffs are represented by Boies Schiller Flexner LLP ("BSF"), a national firm composed of litigation and trial specialists. BSF is a nationally recognized litigation and trial firm with an established record of winning complex and groundbreaking cases. BSF has represented clients in significant constitutional, civil rights, and public interest challenges,

---

[4] While Plaintiffs recognize that the rates requested here are slightly higher than those requested in one prior fee petition in this matter, the requested rates are the same as what has been requested in Plaintiffs' Omnibus Fee Petition, ECF No. 929, and are reasonable given local rates and in light of the experience and usual rates of their attorneys. Plaintiffs reserve the right to request the actual rates of their counsel attorneys and paralegals in future fee applications in this case.

including: *Bush v. Gore*, 531 U.S. 98 (2000) (challenge to Florida's election re-count procedures); *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (challenge to California's ban on same-sex marriage under Proposition 8); various cases representing sex trafficking victims of Jeffrey Epstein; and various cases challenging state winner-take-all systems as unconstitutional.

As set forth in the Phillips Declaration, the BSF attorneys[5] who worked on the Motions have significant prior experience in complex and civil rights litigation:

- Jessica Phillips, a Partner at BSF during the relevant time, who devoted 2 hours to the issues caused by Ray's failure to comply with the May 18 Order, is a highly experienced complex civil litigator, having participated in numerous trials and appeals over the course of her career, including before the U.S. Supreme Court. Prior to joining BSF as a Counsel in 2016, she was a litigation associate at Latham & Watkins LLP. She served as a law clerk for the Honorable Joel M. Flaum on the U.S. Court of Appeals for the Seventh Circuit and subsequently for Justice Samuel A. Alito on the U.S. Supreme Court. (*See* Phillips Decl. ¶ 5.)

- Yotam Barkai, an associate at BSF during the relevant time, who devoted 9.5 hours to the issues caused by Ray's failure to comply with the May 18 Order, has extensive litigation and trial experience in his seven years in practice. He has successfully argued before the Fifth Circuit and been appointed pro bono counsel in various federal courts of appeals. He has also devoted significant time to multiple amicus briefs on constitutional and civil rights issues. Prior to joining BSF in 2015, he served as a law clerk for the Honorable Katherine B. Forrest on the U.S. District Court for the Southern District of New York and subsequently to the Honorable Stephen F. Williams on the U.S. Court of Appeals for the D.C. Circuit. (*See* Phillips Decl. ¶ 6.)

- Katherine Cheng, an associate at BSF who devoted 0.4 hours to the issues caused by Ray's failure to comply with the May 18 Order, has extensive litigation and trial experience in her six years in practice. Prior to joining BSF in July 2018, she clerked for the Honorable Alan C. Kay on the U.S. District Court for the District of Hawaii and spent over two years as a litigation associate at Latham & Watkins LLP. Ms. Cheng has participated in multiple trials and, as a law student, successfully argued before the Ninth Circuit. Her practice focuses on complex civil litigation, including representation in an antitrust conspiracy matter, and has devoted significant time to pro bono matters, including federal constitutional challenges at the trial and appellate levels. (*See* Phillips Decl. ¶ 7.)

---

[5] As noted in the Phillips Declaration, when the relevant work was performed, all of the attorneys were employed by BSF, notwithstanding subsequent employment changes.

10

### B. Plaintiffs Devoted a Reasonable Number of Hours to Addressing Ray's Failures to Comply with the May 18 Order.

In determining the reasonableness of the hours expended, this Court should once again consider and weigh the relevant *Johnson* factors. *See supra* at 5–6. Those factors are "the time and labor expended" and "the novelty and difficulty of the questions raised." *See, e.g.*, *Alexander S. By & Through Bowers v. Boyd*, 929 F. Supp. 925, 939 (D.S.C. 1995) (per curiam) (applying the first and second *Johnson* factors), *aff'd sub nom. Burnside v. Boyd*, 89 F.3d 827 (4th Cir. 1996); *AD ex rel. SD v. Bd. of Pub. Educ. of City of Asheville*, 99 F. Supp. 2d 683, 690 (W.D.N.C. 1999) (same). Applying those factors to the analysis, Plaintiffs' hours are reasonable and should be credited in total.

#### 1. The Time and Labor Expended Was Warranted Given the Novelty and Difficulty of the Questions Posed

"A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) (citing authorities); *accord Beyond Sys., Inc. v. World Ave. USA, LLC*, No. CIV.A. PJM-08-921, 2011 WL 2038545, at *5 (D. Md. May 24, 2011) (similar). Excerpts from BSF's electronic invoicing system, reflecting the record of the work performed in connection with the researching, briefing, and argument of the Motions, are being submitted as Exhibit A to the Phillips Declaration.

As set forth in Exhibit A, Plaintiffs' counsel devoted 13.3 hours of attorney and paralegal time to addressing Ray's failure to comply with the May 18 Order, including researching, drafting, and compiling the brief and associated exhibits in support of the June 1 Motion for Sanctions.

Plaintiffs are excluding from their request, in a further effort to be reasonable and in the exercise of the sound professional billing judgment that courts expect to be applied by the award-seeking attorney in this context,[6] among other things, the attorney and paralegal hours and expenses devoted to the following work relating to the following:

- Other motions against Ray, including but not limited to Plaintiffs' prior motions to compel discovery and Ray's deposition, their preparation for the September 14, 2020 Show Cause Hearing against Ray, and all work for which fees and costs are being sought through other fee petitions.[7]

- Work done by other attorneys not identified in Plaintiffs' Petition Regarding Recoverable Attorneys' Fees.[8]

- All time and expenses of Plaintiffs' counsel expended on this Petition.[9]

(*See* Phillips Decl. ¶ 13.)

As this Court has previously recognized, discovery in this case poses "unique and complicated challenges," with "very little clear-cut guidance on how to craft just and appropriate sanctions[.]" May 26, 2020 Mem. Op. 21, ECF No. 738. Notwithstanding Plaintiffs' repeated attempts to resolve discovery issues without Court intervention, Ray's repeated obfuscation, delay,

---

[6] *See generally Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* . . . .'" (quoting *Copeland* v. *Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)); *see also Rum Creek Coal Sales*, 31 F.3d at 175 (noting fees claimed must reflect the application of "billing judgment").

[7] *See supra* at footnotes 2 and 3.

[8] For example, Plaintiffs have excluded time spent by Michael Bloch reviewing and editing submissions.

[9] *See, e.g.*, *Paice, LLC* v. *Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3819204, at *27 (D. Md. June 27, 2014) (noting the added liability to the sanctioned party of fees for preparing the fee petition itself).

and disappearance from this litigation has interfered with the progress of this case and required Plaintiffs to seek the Court's assistance on multiple occasions.

Here, rather than recounting Ray's years-long non-compliance with the Court's orders yet again, Plaintiffs' June 1 Motion for Sanctions incorporated the existing record and focused on detailing Ray's failures to respond to the Court's May 18 Order, resulting in a motion of less than five pages and five supporting exhibits. Plaintiffs complied with the Court's direction to provide Ray a blank certification form. However, Plaintiffs' efforts in revising and re-sending the certification form to Ray once again were entirely wasted because he disappeared from this litigation. Plaintiffs received no response to the revised certification form and no additional devices, social media accounts, credentials, or documents. June 1 Mot. for Sanctions 3. Plaintiffs thus include in this petition their fees for time wasted in connection with providing Ray an updated certification form that should have been completed and submitted to Plaintiffs years prior. While the issues involved in the June 1 Motion for Sanctions were less complex than certain other submissions in this matter, some amount of time was necessary to uncover and alert the Court about Ray's failure to comply with the May 18 Order. Moreover, Plaintiffs took a judicious and efficient approach in what they submitted to the Court. Plaintiffs submit that taking these circumstances into account, the number of hours submitted in Exhibit A is reasonable.

**C.     The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment**

Where, as here, Plaintiffs succeeded on the June 1 Sanctions Motion in full (*see supra* at 2–4)[10] there is no basis to reduce the lodestar amount of $3,762.50 to account "for hours spent on

---

[10]   The only portion of Plaintiffs' Motion that was denied was Plaintiffs' request for an order directing Ray to show cause. The denial was without prejudice, and in light of Ray's failure to appear for the September 2020 Show Cause Hearing, Plaintiffs substantially succeeded in obtaining relief. *See Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007) ("[W]e do not reflexively reduce fee awards whenever damages fail to

13

unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). Accordingly, there is no basis to award only "a percentage of the remaining amount to the prevailing party[.]" *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 4. Rather, the full lodestar amount of $3,762.50 is the appropriate award.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award Plaintiffs' reasonable attorneys' fees and expenses in the amount of $3,762.50, as set forth above, and order such other relief as the Court deems necessary and appropriate.

Dated: July 2, 2021

Respectfully submitted,

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
PAUL WEISS RIFKAND WHARTON
GARRISON LLP
2001 K St NW

---

meet a plaintiff's expectations in proportion to the damages' shortfall."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). The amount of time expended on including that specific requested relief was negligible in any event.

14

Jonathan R. Kay (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
jkay@kaplanhecker.com
aconlon@kaplanhecker.com
ecole@kaplanhecker.com
ybarkai@kaplanhecker.com

Telephone: (202) 223-7300
Fax: (202) 223-7420
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kcheng@bsfllp.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

15

## CERTIFICATE OF SERVICE

      I hereby certify that on July 2, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

Justin Saunders Gravatt
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, and Nationalist Front*

16

I further hereby certify that on July 2, 2021, I also served the following non-ECF participants, via electronic mail, as follows:

| | |
|---|---|
| Christopher Cantwell<br>christopher.cantwell@gmail.com | Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com |
| Robert Azzmador Ray<br>azzmador@gmail.com | Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com<br>eli.r.kline@gmail.com |
| Matthew Heimbach<br>matthew.w.heimbach@gmail.com | Richard Spencer<br>richardbspencer@gmail.com |

/s/ Robert T. Cahill
Robert T. Cahill (VSB 38562)
COOLEY LLP

*Counsel for Plaintiffs*