# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

Plaintiffs,

v.

Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSELEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

## DEFENDANT FIELDS' ANSWERS TO PLAINTIFFS' FIRST INTERROGATORIES

COMES NOW Defendant JAMES ALEX FIELDS, JR. ("Fields"), by counsel, and for his Answers to Plaintiffs' First Interrogatories, states as follows:

1

1. Identify all means of communication used by you to communicate concerning the Events, whether before, during, or after the Events, and for each means of communication, identify all names, aliases, e-mail addresses, phone numbers, and Social medial Handles you used in connection with such communications, including the 18-digit account identifier associated with any discord account used by You. Means of communication include, but are not limited to, telephone calls, in-person meetings, and all means of electronic communication including, for example, Social media, email, SMS messages, podcasts, and online video.

ANSWER: Fields states that he told his mother through in-person conversation, via telephone calls, and text messages, that he planned to travel to Charlottesville for the August 12 rally. Fields did not knowingly send, receive, or participate in the exchange of any letters, emails, text messages, instant messages, direct messages, telephone conversations, voicemail messages, face-to-face meetings, electronic chats, podcasts, or online videos about the August 12 rally or any other topics with any of the co-defendants listed in the Amended Complaint. Fields states that he likely read, liked, and retweeted or reposted posts on Twitter and Facebook, and on other social media accounts concerning the August 12 rally. The electronic devices which Fields would have used to access his Twitter and social media accounts are presently in the possession of law enforcement. The relevant Twitter account that Fields would have used is @TheNewGiantDad. His facebook account had a username james.fields.9279 and a display name "Conscious Ovis Aries." His cellular phone number is 804.414.9660.

2. Identify any "channel" or "server" on Discord to which you had access.

ANSWER: Fields does not have access to his social media accounts to ensure an accurate

2

response. To the best of his recollection, Fields states generally that he recalls creating a Discord account at some time in 2017 when co-workers invited him to join a channel related to the video game Ark Survival Evolved. Fields does not recall actually joining this channel or server, or any other channel or server, or ever communicating through Discord, after he created his Discord account. Fields certainly never communicated about the August 12 Rally or "the Events" through Discord.

3. Identify all persons (natural or non-natural) with whom you communicated concerning the events, whether before, during, or after the Events.

ANSWER: Objection on the grounds this Interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence and might be interpreted as an attempt to violate attorney-client privilege. Subject to and without waiving this objection, Fields states that he communicated with his mother, Samantha Bloom, about his plan to attend the August 12 Rally. He also generally communicated with his supervisor to request time off from work to attend the rally but did not provide specific information about the August 12 Rally. Fields states that he likely read, liked, and retweeted or reposted posts on Twitter and Facebook, and on other social media accounts concerning the August 12 rally, but cannot provide the names of every person who may have read his posts, or the names of every person whose posts he read, liked, and/or reposted or retweeted. The electronic devices which Fields would have used to access his Twitter and social media accounts are presently in the possession of law enforcement. Fields did not knowingly send, receive, or participate in the exchange of any letters, emails, text messages, instant messages, direct messages, telephone conversations, voicemail messages, face-to-face meetings, electronic chats, podcasts, or online videos about the August 12 rally or any other topics with any of

3

the co-defendants listed in the Amended Complaint. Fields does recall that he "tagged" co-defendant Richard Spencer in some of his Twitter posts. Fields also recalls "tagging" David Duke in some of his Twitter posts. Neither individual ever responded to these "tags."

Fields also communicated with unknown individuals at the Rally, none of whom he knew, or had communicated with in any way, prior to the Rally. Some of these individuals were wearing white polo shirts with the Vanguard America symbol. He likewise did not know these individuals prior to the Rally and does not have their names or contact information. After the State of Emergency was declared on August 12, Fields walked from McIntire Park back to where his car was parked behind the McDonalds on 5th Street in Charlottesville with three other individuals. Fields gave a ride to these individuals to the places where their vehicles were parked in downtown Charlottesville. Fields did not know these individuals prior to the Rally, but has come to learn that their names are Sarah Bolstad, Hayden Lee Calhoun, and Joshua Matthews.

After the rally, Fields communicated with police investigators, counsel, and other personnel at Albemarle Charlottesville Regional Jail.


4.     Identify all Electronic Devices used by you to communicate concerning the Events, whether before, during, or after the Events.

ANSWER:     Fields states that he used his cellular phone to communicate while he was in Virginia for the Rally. Prior to leaving for the Rally, Fields used his desktop computer to access social media and to read internet posts concerning the Rally.

JAMES ALEX FIELDS, JR.
By Counsel

_____
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, DAVIS & GRAVATT, P.C.
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE,

    Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES ALEX
FIELDS, JR., VANGUARD AMERICA,
ANDREW ANGLIN, MOONBASE
HOLDINGS, LLC, ROBERT "AZZMADOR"
RAY, NATHAN DAMIGO, ELLIOTT
KLINE a/k/a ELI MOSELEY, IDENTITY
EVROPA, MATTHEW HEIMBACH, MATTHEW
PARROTT a/k/a DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS, LEAGUE
OF THE SOUTH, JEFF SCHOEP, NATIONAL
SOCIALIST MOVEMENT, NATIONALIST
FRONT, AUGUSTUS SOL INVICTUS,
FRATERNAL ORDER OF THE ALT-KNIGHTS,
MICHAEL "ENOCH" PEINOVICH, LOYAL
WHITE KNIGHTS OF THE KU KLUX KLAN,
and EAST COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF THE
TRUE INVISIBLE EMPIRE,

    Defendants.

Civil Action No.: 3:17CV00072

## DEFENDANT FIELDS' RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant JAMES ALEX FIELDS, JR. ("Fields"), by counsel, and for his

Responses to Plaintiffs' First Requests for Production of Documents, states as follows:

1.      All Documents and Communications concerning the Events, including without limitation all documents and communications:

   i.     concerning any preparation, planning, transportation to, or coordination for, the Events, including receipts, bills and credit card statements reflecting costs for transportation, lodging, apparel, gear, or any other material purchased for the Events;

   ii.    concerning any instructions or coordination relating to the Events, including security details, what to wear, what to bring, when to meet, where to met, what to say, and any other logistical information or arrangements;

   iii.   that are Social Media concerning the Events;

   iv.    you created during the Events, including Social media, text messages, video, and photographs;

   v.     concerning African Americans, Jewish individuals, or other religious, racial, or etchnic minorities that relate in any way to the Events

   vi.    concerning any statement or action attributed to You in the Amended Compalint; or

   vii.   concerning any allegation of an altercation, violent act, injury, or instance of intimidation or harassment that occurred during the Rally, including but not limited to James Fields' vehicular incident; or

   viii.  concerning any funding of the Events, including for transportation, housing, food, weapons, uniforms, signage, tiki torches, or other materials or services used in connection with the Events (or planning thereof).

   RESPONSE:  Objection on the grounds this request is overly broad, unduly burdensome,

7

and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Fields does not have the capability to access his social media accounts to provide complete responsive information. Other than privileged documents, Fields is only in possession of publicly available documents such as newspaper and website articles or blog posts, the "Final Report – Independent Review of the 2017 Protest Events in Charlottesville, Virginia", and online blogs and "lectures" such as this talk given by Mr. Dwayne Dixon.

- https://www.youtube.com/watch?v=U0dgg9dXLm0&feature=youtu.be&t=2250

If requested, Fields will provide copies of or links to the publicly available newspaper and website articles obtained by "Googling" his name and the August 12, 2017, Charlottesville Rally.

2. All Documents and Communications concerning events, meetings, rallies, conferences, or conversations held prior to the Events that relate to the Events in any way.

RESPONSE: Objection on the grounds this request is overly broad, unduly burdensome, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Fields does not have the capability to access his social media accounts to provide complete responsive information.

To the best of his recollection, Fields states that he told his mother through in person conversation, via telephone calls, and text messages, that he planned to travel to Charlottesville for the August 12 Rally. Fields also states that he communicated with his supervisor to request time of to attend the Rally but provided no information regarding the Rally. He believes he told his supervisor he was going to a reunion. Fields did not participate in any events, meetings, rallies,

conferences or conversations held prior to the Events with any co-defendants, or anyone else, concerning the planning of the Events.

3. All Documents concerning and all Communications concerning or with East Coast knights of the Ku Klux Klan (or East Cost Knights of the True Invisible Empire), Fraternal Order of the Alt-Knights, Identity Europa (or Identity Evropa), League of the South, Loyal White Knights of the Ku Klux Klan (or Loyal White Knights Church of the Invisible Empire Inc.), Moonbase Holdings, LLC, Nationalist Socialist movement, Nationalist Front (or Aryan National Alliance), Traditionalist Worker Party, Vanguard America, or any such other social group or organization that has as part of its agenda a racial, religious or ethnic objective.

RESPONSE: Objection on the grounds this request is overly broad, unduly burdensome, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Fields does not have the capability to access his social media accounts to provide complete responsive information.

To the best of his recollection, Fields liked and retweeted and/or reposted the tweets and/or posts of others regarding the Rally. He did not post any original information regarding the Rally, as he did not have access to any.

4. All Documents and Communications concerning violence, intimidation, or harassment of Persons on the basis race, religion, or ethnicity, including but not limited to, ethnic cleansing, white genocide, a white ethno-state, or any other form of large or small scale violence.

RESPONSE: Objection on the grounds this request is overly broad, unduly burdensome,

9

and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, and with respect only to documents and communications concerning the Events, Fields liked and retweeted and/or reposted the tweets and/or posts of others regarding the Rally. He did not post any original information regarding the Rally, as he did not have access to any. Fields recalls posting a video and/or a photograph from the Rally but he is not in possession of any such documents or any other relevant non-public documents.

5. For any Social media account You had from January 1, 2015, to the present:

    i. Documents and Communication sufficient to show the account home page, and all uses of Social media for that account that reference or concern the Events or Defendants in any way.

    ii. Documents and Communication sufficient to show all Your "friends" and/or "social connections" maintained on Your account, including their names, addresses, and social network usernames or handles.

RESPONSE: Objection on the grounds this request is overly broad, unduly burdensome, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Fields does not have the capability to access his social media accounts to provide complete responsive information.

The only Twitter account that Fields would have used for any communication about the Rally is @TheNewGiantDad. His facebook account had a username james.fields.9279 and a display name "Conscious Ovis Aries." Fields specifically objects to providing information regarding any other Twitter accounts or social media accounts that he maintained or used prior to

the summer of 2017 and that were never used to communicate about the Rally.. To the best of his recollection, Fields has never been connected to any co-Defendant in this action other than "following" them on social media and potentially reposting, retweeting, and/or liking items from their accounts. Fields recalls following Richard Spencer on YouTube and Twitter. Fields also recalls following Augustus Sol Invictus and Michael Peinovich on Twitter.

6. All Documents concerning and all Communications concerning or with any Plaintiff or Defendant (other than You) named in the Amended Complaint, and any other Person who attended, planned or was involved in the Events.

RESPONSE: Fields does not have the capability to access his social media accounts to provide complete responsive information because the electronic devices which Fields would have used to access his Twitter and social media accounts are presently in the possession of law enforcement. Fields did not knowingly send, receive, or participate in the exchange of any letters, emails, text messages, instant messages, direct messages, telephone conversations, voicemail messages, face-to-face meetings, electronic chats, podcasts, or online videos about the August 12 rally or any other topics with any of the co-Defendants listed in the Amended Complaint. To the best of his recollection, Fields has never been connected to any co-Defendant in this action other than "following" them on social media and potentially reposting, retweeting, and/or liking items from their accounts. Fields recalls following Richard Spencer on YouTube and Twitter. Fields also recalls following Augustus Sol Invictus and Michael Peinovich on Twitter. Fields does recall that he "tagged" co-defendant Richard Spencer in some of his Twitter posts. Fields also recalls "tagging" David Duke in some of his Twitter posts. Neither individual ever responded to these

11

"tags."

7.     All Documents and Communications concerning any lawsuits, claims of violence, or arrests relating to or arising out of racially, ethnically, or religiously motivated conduct by You or any Defendant named in the Amended Complaint.

RESPONSE: Objection on the grounds this request is overly broad, unduly burdensome, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request is further object to on the grounds of attorney-client privilege and potentially work product. Fields is not in possession of any responsive, non-privileged documents.

8.     All Documents and Communications concerning the steps you have taken to preserve Documents and Communications relevant to the lawsuit, including the Documents and Communications responsive to these Requests.

RESPONSE: Fields states that he has no documents to produce in response to this request because he has been incarcerated since August 12, 2017, and search warrants executed by various law enforcement authorities have resulted in the seizure of his electronic devices and any other possibly relevant documents.

>JAMES ALEX FIELDS, JR.
>By Counsel
>
>*/s/ David L. Campbell*
>
>David L. Hauck, Esquire (VSB# 20565)
>David L. Campbell, Esquire (VSB #75960)
>DUANE, HAUCK, DAVIS & GRAVATT, P.C.
>100 West Franklin Street
>Richmond, Virginia 23220
>Telephone: 804-644-7400
>Facsimile: 804-303-8911
>dcampbell@dhdglaw.com
>*Counsel for Defendant James A. Fields, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this __16th__ day of April, 2018, I provided copies of the foregoing via email to the following:

>Robert T. Cahill, Esquire
>Cooley, LLP
>11951 Freedom Drive, 14th Floor
>Reston, Virginia 20190-5656
>*Counsel for Plaintiff*
>
>Roberta A. Kaplan, Esquire
>Julie E. Fink, Esquire
>Kaplan & Company, LLP
>350 Fifth Avenue, Suite 7110
>New York, New York 10118
>
>Karen L. Dunn, Esquire
>William A. Isaacson, Esquire
>Boies Schiller Flexner LLP
>1401 New York Ave, NW
>Washington, DC 20005
>Philip M. Bowman, Esquire
>Boies Schiller Flexner LLP
>575 Lexington Avenue
>New York, New York 10022
>
>Alan Levine, Esquire
>Cooley LLP
>1114 Avenue of the Americas, 46th Floor

13

New York, New York 10036

David E. Mills, Esquire
Cooley LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004

Brian Jeffrey Jones, Esq.
106 W. South Street, Suite 211
Charlottesville, Virginia 22902
*Attorney for Defendants Michael Hill, Michael Tubbs, and the League of the South*

Elmer Woodard, Esquire
5661 US Hwy. 29
Blairs, Virginia 24527
*Attorney for Defendants Christopher Cantwell, Nathan Damigo, Matthew Heimbach, Identity Europa, Jason Kessler, Elliot Kline, National Socialist Movement, Nationalist Front, Matthew Parrott, Jeff Schoep, Traditionalist Worker Party, Vanguard America, and Robert Ray*

Michael Peinovich, Defendant *pro se*
519 E. 82nd Street, Apt. 2C
New York, NY 10028

Richard Spencer
1001-A King Street
Alexandria, Virginia 22314