**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>                              Plaintiffs,<br><br>v.<br><br> JASON KESSLER, et al.,<br><br>                              Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' RESPONSE TO MOTION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

The Court should deny Defendant James Alex Fields, Jr.'s motion for a writ of habeas corpus to attend trial in person.  Moreover, as explained in Plaintiffs' motion for sanctions against Fields (ECF No. 1003), the Court should instruct the jury that Fields is not permitted to testify as a court-ordered sanction for his refusal to comply with this Court's orders and discovery obligations, including Fields's refusal to testify in a deposition.  Further (and this may be the subject of a motion in limine), it would be impermissible for defense counsel to argue that Fields should not be held responsible for his egregious conduct because he has been "punished enough" in his criminal cases.  Fields must not be permitted to manipulate the trial and this Court by obstructing Plaintiffs' case and picking and choosing which rules and Court orders he wishes to follow and at which stages of this litigation he will or will not participate.

For four years, Fields has consistently refused to participate in this case.  He has failed to cooperate with Plaintiffs, with the Court, and even with his counsel.  He has violated the Court's discovery orders, improperly asserted the Fifth Amendment to stonewall Plaintiffs' discovery efforts, destroyed evidence, and refused to testify at a deposition.  Now, at the eleventh hour, Fields asks this Court to transport him hundreds of miles at the taxpayers' expense to put on a show for the jury at trial.  Fields does not plan to testify (nor should he be permitted to do so given his refusal to testify at his deposition), and he cannot seriously argue that he will meaningfully participate, his counsel having recently sought appointment of a guardian ad litem because Fields was allegedly unable to communicate effectively with counsel.  Plainly, Fields wants to appear at trial to serve as a "visceral reminder" that he has been incarcerated for the conduct at issue and therefore improperly influence the jury to show him leniency in this civil case.

The Court should deny Fields's request.  ***First***, the reasons that Fields offers to justify his request to be transported to trial are legally insufficient and reveal that Fields intends to use his attendance to make an impermissible argument to the jury.  This cannot and does not outweigh the security and expense issues posed by transporting Fields from Springfield Prison Medical Center in Missouri to Charlottesville, Virginia and detaining him in Charlottesville for weeks while the trial is pending.

***Second***, if the Court were to find that Fields should be allowed to attend trial, it would be more efficient and cost-effective for Fields to attend via videoconference, as the Court has recently confirmed it has the technical capability to do.

***Finally***, regardless of whether the Court allows Fields to attend, either in person or via video, Plaintiffs urge the Court to instruct the jury that Fields is not *permitted* to testify as a court-ordered sanction for his refusal to comply with discovery obligations and court orders, including his refusal to testify in a deposition.  Plaintiffs also reserve the right to ask the Court in a motion in limine to prohibit defense counsel from arguing that Fields should not be found liable in this civil case because he is already being punished for his criminal conduct and to give the jury an instruction that it cannot infer from Fields's punishment in his criminal cases that he is in some way deserving of leniency here.  These instructions would be essential to mitigate the prejudice to Plaintiffs caused by Fields's extensive misconduct.

## ARGUMENT

## I.  THIS COURT SHOULD NOT PERMIT FIELDS TO ATTEND THE TRIAL

Fields's Motion fails to justify his attendance at trial.  As Fields concedes, incarcerated persons do not have an absolute right to be present at the trial of civil claims against them.  *See,*

*e.g.*, *Price v. Johnston*, 334 U.S. 266, 285-86 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467 (1991). The Fourth Circuit has set forth three factors for determining whether an incarcerated litigant should be permitted to attend trial in person:

> (1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.
>
> (2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.
>
> (3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.

*Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111-12 (4th Cir. 1988). All relevant factors weigh heavily against permitting Fields to attend the trial.

**First**, Fields's presence will not further the resolution of this matter. Over the past four years, Fields has done everything in his power to *obstruct* the resolution of this case: He has failed to respond to Plaintiffs' discovery requests, improperly asserted the Fifth Amendment to avoid responding to discovery, destroyed communications with co-Defendants, violated Court orders directing him to sign Stored Communications Act consents so Plaintiffs could obtain his social media, and refused to testify in a deposition. *See generally* ECF No. 1003 ("Motion for Sanctions").[1] In fact, Fields admits that he is not requesting attendance so he can testify. ECF 1002-1, p. 3. And his suggestion in passing that he might need to communicate with his counsel during trial is not credible. *See id*. He has refused and failed to participate meaningfully in this case from the outset, and his counsel recently filed a motion seeking the Court's assistance

---

[1] This Court should not allow Fields to be called as a rebuttal witness for the reasons set forth in the Motion for Sanctions regarding why the Court should preclude Fields from testifying at trial. *See* ECF No. 1003, pp. 11-20.

because counsel could not communicate effectively with Fields, stating that "Fields does not believe counsel is who we say we are" and that he "reported visual and auditory hallucinations," such that his counsel did not believe that he could participate in a deposition.  ECF No. 926-1, p. 2.

Fields's Motion is transparent: his motive to appear is to impermissibly garner the sympathy of the jury as a "visceral reminder" that he has already been punished for the acts alleged in this case.  ECF No. 1002-1, p. 3.  Although it is typically the party who would appear in restraints at trial who argues that using a party's appearance of being incarcerated to sway the jury would "undermine the fairness of the factfinding process," *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995),[2] the same prejudice principle applies here, where Fields's motive for attending trial is to prejudice the Plaintiffs by garnering sympathy for himself.  Plainly, Fields's in-person attendance will do nothing to further the proper resolution of this case.

***Second***, to use Fields's own words, the security considerations associated with transporting Fields to Charlottesville will be "admittedly onerous" and will require Fields to "remain in custody the entire time" he is present at trial.  ECF 1002-1, p. 3.  Fields will need to be transported almost 1,000 miles from his current place of incarceration in Missouri to Charlottesville.  He will then need adequate security in a new facility, as well as security to and from the courthouse and within the courtroom during trial.  Based on the current trial schedule, the Bureau of Prisons may be required to provide Fields with new accommodations for more

---

[2] *See also Lemons v. Skidmore*, 985 F.2d 354, 356 (7th Cir. 1993) (reversing where a magistrate judge failed to minimize the prejudice from a defendant appearing in restraints); *Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (Prejudice from a party's appearance in shackles should be mitigated through cautionary instructions.); *Tyars v. Finner*, 709 F.2d 1274, 1285 (9th Cir. 1983) (finding "inherent" prejudice where a party to a civil case is exhibited in physical restraints).

than four weeks. Fields's motion makes no reference to how much this accommodation may cost the taxpayers, although he does note that he lacks the "financial wherewithal to bear the cost of his transportation expenses." ECF No. 1002-1, p. 2.

Fields also fails to address the risks associated with the current uptick in COVID-19 cases, and he does not address the additional risk to everyone involved in this litigation of him attending trial after traveling and being housed in multiple prison facilities. The parties and the Court have been carefully monitoring COVID-19 and the safety precautions needed to allow this trial to proceed while preserving the safety of jurors, parties, witnesses, court personnel, and counsel. Fields's attendance adds an additional level of complication. In short, the security risks and expense associated with transporting, housing, and protecting Fields and everyone around him for the duration of the trial weigh heavily against granting the Motion.

*Finally*, a stay pending Fields's release is not a viable alternative. Plaintiffs agree with Fields that "[t]here is no possibility to delay the trial until Fields' release, as he is serving life in prison." ECF 1002-1, p. 3.

## II. IF THE COURT WERE TO PERMIT FIELDS TO ATTEND TRIAL, IT SHOULD IMPOSE STRICT CONDITIONS AND ISSUE INSTRUCTIONS TO THE JURY AND COUNSEL

The Court should not permit Fields to attend trial, but if he were permitted to attend, (a) he should only be permitted to attend remotely, and (b) the Court should instruct the jury that Fields is not testifying because he is not *permitted* to testify as a court-ordered sanction for his refusal to comply with discovery obligations and court orders, including his refusal to testify in a deposition. In addition, Plaintiffs reserve the right to file a motion in limine seeking a ruling that

defense counsel is not permitted to argue that Fields should be excused for his conduct because he has been "punished enough" in his criminal cases.

The most reasonable method of permitting Fields to attend trial – if he were permitted to attend at all – would be by videoconference, telephone, or some other electronic means.  This Court has previously found that video conferencing is an acceptable alternative for an incarcerated party to being physically present at trial where (a) there will be "no difficulty in the effective presentation of all of the facts and contentions through video conferencing"; (b) the estimated expense "is substantial as compared with the cost of video conferencing"; (c) video conferencing would "alleviat[e] much of the cost and considerable security risks"; and (d) the incarcerated party is not expected to be paroled within the next ten years.  *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999).  Indeed, federal courts around the country routinely rely on videoconferencing to allow incarcerated parties in civil actions to attend trial.  *E.g. Vaughan v. Sposato*, 2013 WL 5774880, at *3 (E.D.N.Y. 2013) ("Thus, with respect to incarcerated plaintiffs, courts are increasingly looking to videoconferencing as a viable alternative to live testimony." (internal quotes omitted)); *Perotti v. Quinones*, 2013 WL 4008188, at *5 (S.D. Ind. 2013), *aff'd sub nom. Perotti v. Quinones*, 790 F.3d 712 (7th Cir. 2015) ("The use of videoconferencing technology presents a reasonable alternative to [a party's] presence at court and strikes a proper balance between [the party's] interests and the countervailing concerns raised relating to cost and security associated with producing the plaintiff at trial."); *Ortiz v. Burnias*, 2012 WL 3237161, at *1 (D. Ariz. 2012) ( "[P]articipation by telephone or videoconference would lessen the risk that the jury would be prejudiced or misled by in-court indications of plaintiff's high security status.").

6

Even this approach would be prejudicial to Plaintiffs, however, and should be combined with appropriate instructions.  Fields has claimed, among other reasons, that his presence at trial is necessary:  1) in the event that "he may be called as a rebuttal witness," and 2) so that his appearance might "weigh on a jury being asked to punish him further at the conclusion of the case."  ECF 1002-1, pp. 2-3.  Not only are both rationales inadequate justifications for Fields to attend trial (addressed above), but they also raise serious concerns about improper arguments to the jury and prejudice to the Plaintiffs.  In light of these arguments, Plaintiffs respectfully suggest that they are entitled to specific instructions.

*First*, regardless of whether Fields attends the trial, Plaintiffs request that the Court instruct the jury that Fields is not *permitted* to testify.  On August 11, 2021, Plaintiffs filed a motion for sanctions requesting, among other things, that the Court prohibit Fields from testifying because he has failed to provide substantial discovery, including refusing to testify at a deposition.  *See* ECF No. 1003, pp. 11-20.  Thus, an instruction explaining to the jury that Fields is not testifying because he is *prohibited* from doing so as a sanction for refusing to provide discovery is critical.  This is true regardless of whether Fields attends trial, because the jury should not be left to infer – or, worse, Defendants should not be permitted to argue – that Plaintiffs are not calling Fields to testify for any reason other than his misconduct.  Fields must not be permitted to benefit from his own refusal to provide discovery, including testimony in a deposition.  Such an instruction is the only way to mitigate Fields's misconduct, regardless of whether he is permitted to attend the trial.

*Second*, Plaintiffs request that, if Fields is permitted to attend trial in any format, the Court instruct the jury that it cannot infer from Fields's physical appearance or his punishment in

7

his criminal cases that he is in some way deserving of leniency here.  Courts have long "recognized that the criminal charge and the civil action, though founded on the same facts, are distinct remedies, prosecuted by different parties and for different purposes."  *Grochowski v. Dewitt-Rickards*, 928 F.2d 399, at *2 (4th Cir. 1991) (internal quotes omitted).  Whatever punishment Fields may have received in criminal court as a result of his actions does nothing to lessen his liability to the Plaintiffs in this case; they have yet to have their day in court.  The law allows Fields to be held liable both civilly and criminally for his actions.

***Finally***, and for the same reasons, Plaintiffs reserve the right to file a motion in limine asking the Court to instruct all defense counsel that any argument to the jury for leniency based on Fields's punishment in his criminal cases is impermissible.  This is one of the stated rationales counsel has offered in the instant Motion to attempt to justify Fields's physical presence at trial, and it should not be permitted.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Fields's Motion to attend trial in person or, if he is permitted to attend in any format, issue appropriate instructions to the jury and counsel.

Dated: August 12, 2021                    Respectfully submitted,

                                          /s/ David E. Mills
                                          David E. Mills (*pro hac vice*)
                                          Joshua M. Siegel (VSB 73416)
                                          Caitlin B. Munley (*pro hac vice*)
                                          Samantha A Strauss (*pro hac vice*)
                                          COOLEY LLP
                                          1299 Pennsylvania Avenue, NW
                                          Suite 700
                                          Washington, DC 20004
                                          Telephone: (202) 842-7800
                                          Fax: (202) 842-7899
                                          dmills@cooley.com
                                          jsiegel@cooley.com
                                          cmunley@cooley.com
                                          sastrauss@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement,
Nationalist Front and Jeff Schoep*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Matthew Parrott,
Traditionalist Worker Party, Jason Kessler, Nathan
Damigo, and Identity Europa, Inc. (Identity Evropa)*

I hereby certify that on August 12, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Matthew Heimbach
matthew.w.heimbach@gmail.com

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

11

I hereby certify that on August 12, 2021, I also served the foregoing upon following *pro se* defendant, via first class mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)

255045646

12