# EXHIBIT 5

**From:** Lauren_Smith@vawd.uscourts.gov <Lauren_Smith@vawd.uscourts.gov> on behalf of Hoppe_Chambers.ecf@vawd.uscourts.gov <Hoppe_Chambers.ecf@vawd.uscourts.gov>

**Sent:** Thursday, June 20, 2019 12:44:27 PM

**To:** alevine@cooley.com; brottenborn@woodsrogers.com; bryan@bjoneslegal.com; dcampbell@dhdgclaw.com; dillon_hopper@protonmail.com; John_dinuccilaw@outlook.com; dmills@cooley.com; eli.f.mosley@gmail.com; gtenzer@kaplanhecker.comjek318; Julie Fink; jphillips@bsfllp.com; kdunn@bsfllp.com; matthew.w.heimbach@gmail.com; pbowman@cooley.com; rebrooklaw@gmail.com; Roberta Kaplan; Wisaacson@BSFLLP.com; Michael Bloch; hoppe.ecf@vawd.uscourts.gov

**Subject:** Fw: Letter to Judge Hoppe in Response to Opposing Counsel Emails

RE: Sines v. Kessler, No. 3:17cv72

Judge Hoppe's Chambers has received the attached email from Defendant Matthew Heimbach.

- Lauren Smith

----- Forwarded by Lauren Smith/VAWD/04/USCOURTS on 06/20/2019 12:27 PM -----

| | |
|---|---|
| From: | Matthew Heimbach <matthew.w.heimbach@gmail.com> |
| To: | hoppe.ecf@vawd.uscourts.gov, KarenD@vawd.uscourts.gov |
| Date: | 06/13/2019 09:33 PM |
| Subject: | Letter to Judge Hoppe in Response to Opposing Counsel Emails |

Your Honor,

In response to the messages from opposing counsel I thought it best to contact you directly. I am more than happy to work with the court and opposing counsel to fulfill the requirements to the court. I believe wholeheartedly that I am innocent of all of these accusations and look forward to the opportunity to show this in front of a jury of my peers and the court. I have no desire to evade or avoid my duty in these proceedings, but due to several crushing economic factors, I have been unable to retain counsel on my behalf.

Going forward I will be representing myself, to the best of my ability. Until this point I had been provided an incomplete and incorrect view of the proceedings by those who perhaps did not have my best interests at heart, and to this I can only apologize and work to rectify any errors up to this point.

Below I am including the text of the email that I sent to opposing counsel explaining the difficulty of participating in the discovery process in the way that they desire.

"*To whom it may concern,*

*My deepest apologies for the lack of recent contact, I was given an incomplete understanding of the situation, which has since been remedied.*

*My lack of contact has been for the primary purpose that beyond what I have already given your side, I don't believe I have anything else to provide.*

*In March of 2018 I was arrested in Paoli Indiana due to an alleged domestic incident with my then wife, Brooke Heimbach.*

*As part of my bail conditions, I was not allowed to contact Brooke or go to my home, located at 120 Paul Street in Paoli Indiana. Only having my cell phone, wallet, and car keys; I went to the home of Father. Matthew Johnson in Johnstown Pennsylvania for a week in order to regroup. I was specifically told I could not contact Brooke through third parties to pass messages, requests, etc.*

*I was offered a couch to sleep on at a friends in Tennessee after leaving Fr. Johnson's home. I assumed during this time that my belongings, ranging from clothing, books, my personal documents such as a Social Security card, papers, and old electronics would be preserved and I could reclaim them after the legal situation was resolved.*

*Unbeknownst to me, Brooke took my two children from our home and went to Texas with essentially the clothes on her back, approximately two weeks after the alleged incident. I had no knowledge of where my children were for over six months, and in this time, Brooke had told her neighbor, Robert Edwards and his wife, that they could go through the home and dispose of all trash and take things like furniture that they wanted. Brooke had never notified the landlord of her plan to vacate and give away everything in the house or have it thrown away, so the landlord was unable to preserve any of my possessions.*

*This would include a sheet of paper that had my login information to my Facebook and Twitter accounts in question, that had since been deleted not by myself but by the service providers, my cell phone that I had in Charlottesville that had been damaged in that event, but I had kept in a box of old electronics due to the expectation of discovery in this civil litigation, and other personal effects.*

*By the time I was able to legally contact my ex-wife, who had no knowledge of the civil lawsuit discovery process or expectations of preserving specific information, almost all of my worldly possessions had long since been disposed of by neighbors and the house which had remained unlocked for an extended period, anyone who perhaps had wanted to enter the home and took what they saw fit.*

*I would be happy to work with you in the ongoing process as best I can and with a full spirit of respecting the authority of the court in these matters.*

*I look forward to your thoughts on how to proceed and what information I can provide. -Matthew Heimbach"*

Your Honor, in addition to this, the plaintiffs are requesting data from a Twitter account that was deleted by Twitter long before the planning for Charlottesville began. Charlottesville 1.0 as it was known, was held in May of 2017.

To my understanding, any and all planning for the event that took place in August 2017 was not until after the event in May.

As a Washington Post article reported on January 3rd 2017 "*For a portion of 2016, Heimbach had a verified Twitter account, a designation that is seen as an implicit symbol of status for some Twitter users and has, in the past, been taken away from others for breaking the platform's rules. But as of Tuesday, Heimbach's account has been suspended on Twitter.*" Below is a link to the story.

https://www.washingtonpost.com/news/the-intersect/wp/2017/01/03/a-white-nationalist-suspended-from-twitter-says-the-ban-is-a-just-a-speed-bump-for-his-views/?noredirect=on&utm_term=.07146cd3fabd

Opposing counsel by asking me to "*fill out a form, provided by Twitter to Plaintiffs for such purposes, granting access to any and all Twitter accounts used by Defendants to communicate about the events at issue in this case, whether or not those accounts have been disabled or suspended*" is asking for something that does not exist, a Twitter account used to communicate about the event. My Twitter account was shut down in January, long before planning for the August rally was ever conceived.

As I stated in my email to the opposing counsel that I included to you, the things that opposing counsel wants simply do not exist anymore; not through negligence or an attempt by myself or others to hide or destroy evidence, but through a tragic series of events that were out of my control.

I have a list of witnesses who can verify the series of events and things such as the policy of the Orange County court after domestic disputes which barred me from contact with my ex-wife can all be easily obtained by opposing counsel.

I have yet to get a response from opposing counsel or acknowledgement of my messages.

I look forward to working with you, the court, and all involved in the pursuit of justice in this case. I have nothing to hide your honor, and I will do all in my power to show that to you and all involved.

I humbly shall submit to you in the next day or so a request to participate through Telephonic conferences. I shall send a certified copy of the request to the law offices of Mr. Bloch and the court simultaneously.

Due to my job which provides no days off, sick days, or benefits; it is very difficult for me to travel at all. Financially I make little more than minimum wage and with my child support obligations plus additional assistance to my ex-wife above and beyond the requirements of the court, as I am their only source of income, I do not have the finances to travel.

Thank you for the time of reading this letter, and I look forward to speaking with you in the future.

- Matthew Heimbach