UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL, APRIL
MUNIZ, HANNAH PEARCE, MARCUS
MARTIN, NATALIE ROMERO, CHELSEA
ALVARADO, and JOHN DOE

    Plaintiffs,

v.                  Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES ALEX
FIELDS, JR., VANGUARD AMERICA,
ANDREW ANGLIN, MOONBASE
HOLDINGS, LLC, ROBERT "AZZMADOR"
RAY, NATHAN DAMIGO, ELLIOTT
KLINE a/k/a ELI MOSELEY, IDENTITY
EVROPA, MATTHEW HEIMBACH, MATTHEW
PARROTT a/k/a DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS, LEAGUE
OF THE SOUTH, JEFF SCHOEP, NATIONAL
SOCIALIST MOVEMENT, NATIONALIST
FRONT, AUGUSTUS SOL INVICTUS,
FRATERNAL ORDER OF THE ALT-KNIGHTS,
MICHAEL "ENOCH" PEINOVICH, LOYAL
WHITE KNIGHTS OF THE KU KLUX KLAN,
and EAST COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF THE
TRUE INVISIBLE EMPIRE,

    Defendants.

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT JAMES FIELDS

  COMES NOW JAMES ALEX FIELDS, by and through Counsel, and for his brief in opposition to Plaintiffs' motion for sanctions states as follows:

## INTRODUCTION

Given his limitations as a result of incarceration since August 12, 2017, Fields has complied with his discovery obligations and provided all discoverable information in his possession, custody or control. As noted repeatedly in Plaintiffs' most recent motion for sanctions, many of the issues addressed herein were raised by Plaintiffs in a prior motion to compel and for sanctions (ECF No. 671) and addressed by this Court (ECF 759). That motion was denied as to sanctions and denied in part and granted in part as to the motion to compel discovery. The Court ordered Fields to acknowledge his two discovery responses; supplement some discovery answers including information in possession of Fields' criminal counsel; and to provide CSA consent forms for social media accounts.

Since that time, Fields provided supplemental discovery answers and provided sworn acknowledgment pages. This is conveniently omitted in Plaintiffs' motion. Fields asserting his constitutional right cannot be fairly characterized as a refusal to answer interrogatories or requests for admission. Therefore, the only remaining discovery shortcomings that can be fairly inferred from the years of litigation herein are two: Failure to endorse CSA consent forms for social media accounts and alleged failure to sit for a deposition. For the foregoing reasons, neither of those shortcomings have prejudiced Plaintiff in any significant way, and Plaintiff is not entitled to most of the sanctions sought.

Finally, years of discovery have demonstrated that Plaintiffs have no evidence Fields conspired with any other Defendant in planning or performing any act as alleged. Plaintiffs seek a spoliation instruction thar directly contradicts information they have obtained in hundreds of thousands of documents from a myriad of sources. This constitutes an attempt by Plaintiff to avoid their burden of proof entirely and potentially to mislead the jury as to all Defendants.

## PLAINTIFFS ARE NOT PREJUDICED BY ANY PERCEIVED DISCOVERY SHORTCOMINGS

As noted in response to the prior motion for sanctions, Fields timely provided Initial Disclosures pursuant to Rule 26(a)(1), which was based on all information provided to counsel via

multiple face to face meetings. Fields, by counsel, timely answered Plaintiff's First and Second Interrogatories and Requests for Production of Documents including an offer to provide copies of all documents in counsel's possession which consisted of website and blog postings obtained via Google searches for various search terms related to Fields and events leading up to and including August 12, 2017. *See* Exhibit C to Plaintiff's Motion to Compel response to RFP No. 1 at page 4. At no time did Plaintiff's counsel request copies of these publicly available documents in writing. In more recent telephone conversations, Fields again offered to provide copies of these publicly available documents. Plaintiff's counsel declined this request. Plaintiff's counsel then complains that they have received no document production and that Fields refuses to produce publicly available documents. Following this Court's Order on Plaintiffs' prior motion to compel, Fields provided supplemental answers and provided sworn Acknowledgment sheets for Plaintiffs' First, Second and Third Interrogatories. Admittedly, Fields has failed to provide the SCA consent forms as ordered by this Court. Taken as a whole, Plaintiffs' allegations that Fields has persistently failed and refused to provide routine discovery in this case are untrue.

As this Court is aware, Fields was arrested on August 12, 2017, and has been in state or federal custody since that date with no access to any electronic devices. As this Court is aware, Fields cellular phone was seized on August 12, 2017. Later that day, FBI agents seized Fields' desktop computer in Ohio. By the time this case was filed and Fields had civil counsel – in November of 2017 – Fields had been in custody and without access to any electronic devices for three months. Fields was ordered by this Court on June 11, 2020, to supplement his discovery answers including identifying any additional social media accounts he had, which he would have last had access to on the morning of August 12, 2017. At this time, Fields has been sentenced to multiple life sentences without possibility of parole limiting his ability to obtain information.

However, as described in their motion, Plaintiffs have accessed in discovery all the information taken from Fields cell phone and personal computer in the production by the DOJ via subpoena. (ECF No. 1003 at 10 – 11.) They have accessed all the information in Fields' criminal file via subpoena following the Court's denial of criminal counsel's motion to quash. (ECF No.

1003 at 10.) Plaintiffs are in possession of far more information about Fields electronic devices than he is at this point and would have much greater knowledge than Fields would about what accounts existed in 2017 than he would even absent his apparently increasing mental health concerns.

Fields asserted his Fifth Amendment privilege against self-incrimination in response to some Interrogatories and some Requests for Admissions. This is not a failure to answer. This is Fields' answer to the questions posed. Plaintiffs can fairly seek a sanction for some of the underlying statements, and counsel are in negotiations as to some of those items. However, this is not a refusal to respond. As noted in the motion, Fields' state criminal case is pending appeal. Further, conditions of Fields' federal plea agreement mandate that some statements may result in termination of the plea agreement and reinstitution of charges that might include the death penalty.

To claim Plaintiffs have prevented access to responsive information – even if the Court did feel Fields failed in his discovery obligations – is not true. Plaintiffs may have had to obtain responsive other information via subpoena, but they have in no way been deprived of voluminous discovery. As a result, Plaintiffs are not prejudiced by any perceived shortcomings by Fields in discovery.

## FIELDS ALLEGED REFUSAL TO SIT FOR A DEPOSITION

Fields did refuse to sit for a video deposition during COVID. Fields, by counsel, did ask that this Court quash Plaintiffs' subpoena for deposition, which request was denied. Following this denial, Plaintiffs did not avail themselves of the opportunity to notice a deposition and require Fields to make a determination whether he would comply with this Court's Order denying the motion to quash.

Moreover, on at least three occasions since the COVID restrictions at the Federal prisons have been relaxed, Fields' counsel has suggested Plaintiffs' at least attempt to take Fields deposition in person. Fields has not refused to sit for an in-person deposition, and counsel has made that clear to Plaintiffs' counsel. In any event, Plaintiffs' have not attempted to depose

Fields in person.  The attempted deposition of Fields in another referenced in Exhibit 13 was – again – an attempt at a video deposition.  This was not an attempt at an in-person deposition.  In response to footnote 3, counsel does not recall suggesting that Fields might refuse to be recorded.  This was a suggestion by opposing counsel that is a possible outcome.  However, Fields has not refused to give an in-person deposition.

## IMPROPER SANCTIONS SOUGHT BY PLAINTIFFS

Plaintiffs seeks sanctions asking this Court to advise the jury of facts that have no basis in fact and remain disproven or unproven despite years of discovery and hundreds of thousands of documents.  This includes thousands of documents from Discord and social media accounts from the individuals with whom Plaintiffs allege Fields conspired.  Plaintiffs sought sanctions are an attempt to completely avoid the burden of proof.  Further, such sanctions may allow Plaintiffs to attempt avoid their burden of proof as to all other Defendants.

As there is no evidence that Fields ever communicated regarding planning the Rally with any co-Defendant after years of discovery, it is unfathomable that this Court would instruct the jury to the contrary.  Fields categorizes the "Facts" sought as sanctions in Appendix A to Plaintiff's Motion for Sanctions as follows:

- Facts consistent with Fields' federal plea agreement
- Facts that contain improper speculation or require expert opinion
- Facts that manifestly contradict the weight of all evidence obtained in this case over four years of discovery.

As previously argued, Plaintiff's prior motion contained exhibits with sworn testimony of two witnesses who testified they did not know Fields and had never spoken to him.  Following dozens of depositions of fact witnesses and alleged planners of the Unite the Right rally, Plaintiffs' elicited testimony, without exception, that none of them had ever met or heard of

Fields prior August 12, 2017.  Further, all counsel in this case are likely aware that the FBI investigation and the Commonwealth of Virginia criminal investigation revealed no evidence of any planning among Fields and any co-Defendant as demonstrated by testimony at Fields' criminal trial in Charlottesville Circuit Court and an absence of any additional indictments as to any co-Defendant.  It will be evident at trial that Fields was an attendee of the Rally and nothing more.  Yet Plaintiffs' ask this Court to instruct the jury to the contrary.

Fields avers that the following "Facts to be deemed established" are consistent with his plea agreement.  Paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 30, 33, 34, 35, 36 and 46 contain statements that are outlined in the plea agreement.  Should the Court determine sanctions are appropriate, these Paragraphs cannot be contradicted by Fields pursuant to his plea agreement.  Further Paragraphs 38 and 39 are facts demonstrated as discovery continued.

Fields avers that the following paragraphs contain improper speculation and would constitute impermissible inferences and potentially require expert opinions that could not be given by Fields.  Paragraphs 7, 15, 31 and 32 ascribe a state of mind to Fields and are improper, as they invade the province of the jury.  Paragraphs 22, 23, 24, 25, 26, 27, and 28 contain improper speculation and further attempt to shift Plaintiffs' burden of proof and seek expert opinions Fields is not qualified to render.  Any discovery shortcomings would never have included Fields' thoughts on whether Plaintiffs suffered emotional injuries as a result of his actions.

Most notably, Fields avers that Paragraphs 42, 43, 44, 45, and 47 are untrue statements that contradict all discovery completed in this case.  Further, Plaintiffs might attempt to use these untrue statements not only to avoid their burden of proof as to Fields but also as to any co-

Defendants. There is not anticipated to be any evidence at trial that Fields communicated with any co-Defendant about planning the Rally. There is not anticipated to be any evidence at trial that any co-Defendant knew Fields existed prior to August 12, 2017. There is not anticipated to be any evidence at trial that Fields was a co-conspirator with anyone as to any actions in Virginia on August 12, 2017. Given the state of the facts known to counsel throughout four years of discovery, it is improper to ask the Court to instruct the jury on statements known to have no basis in fact as a sanction against Fields limited discovery shortcomings.

WHEREFORE, for the foregoing reasons, Defendant Fields, by counsel, prays that this Court enter an Order denying Plaintiffs' Motion for Sanctions.

Respectfully submitted,

JAMES ALEX FIELDS, JR.

By Counsel

_____/S/_____
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dcampbell@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

      I hereby certify that on __20__th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert T. Cahill, Esquire
Cooley, LLP
11951 Freedom Drive, 14th Floor
Reston, Virginia 20190-5656
*Counsel for Plaintiff*

Roberta A. Kaplan, Esquire
Julie E. Fink, Esquire
Kaplan Hecker & Fink, LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Karen L. Dunn, Esquire
William A. Isaacson, Esquire
Boies Schiller Flexner LLP
1401 New York Ave, NW
Washington, DC 20005

Alan Levine
Philip M. Bowman, Esquire
Cooley LLP
55 Hudson Yards
New York, New York 10001

Bryan Jones, Esquire
106 W. South St., Suite 211
Charlottesville, VA 22902
*Counsel for Defendants Michael Hill, Michael Tubbs, and Leagues of the South*

Elmer Woodard, Esquire
5661 US Hwy 29
Blairs, VA 24527

and

        James E. Kolenich, Esquire
        9435 Waterstone Blvd. #140
        Cincinnati, OH 45249
        *Counsel for Defendants Jason Kessler, Vanguard America, Nathan Damigo, and Identity Europa, Inc.*

I further certify that on August 20th, 2021, I also served the following non-ECF participants, via U.S. mail, First class and postage prepaid as follows:

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
PO Box 54
Pelham, NC 27311

Andrew Anglin
6827 N. High Street, Suite 121
Worthington, OH 43085

Richard Spencer
1001-A King Street
Alexandria, VA 22314

East Coast Knights of the Ku Klux Klan
26 South Pine St.
Red Lion, PA 17356

Fraternal Order of the Alt-Knights
c/o LegalCorp Solutions, LLC
11 Broadway, Suite 615
New York, NY 10004

Moonbase Holdings
6827 N. High Street, Suite 121
Worthington, OH 43085

Augustus Sol Invictus
206 N. Mills Ave.
Orlando, FL 32801

        _____/S/_____
        , Esquire (VSB# 20565)
        David L. Campbell, Esquire (VSB #75960)
        DUANE, HAUCK, GRAVATT & CAMPBELL
        100 West Franklin Street
        Richmond, Virginia 23220
        Telephone: 804-644-7400
        Facsimile: 804-303-8911
        dcampbell@dhdglaw.com
        *Counsel for Defendant James A. Fields, Jr.*