# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, et al., <br><br> Defendants. | **Civil Action No. 3:17-cv-00072-NKM** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' SECOND MOTION FOR EVIDENTIARY SANCTIONS
AGAINST DEFENDANT ROBERT "AZZMADOR" RAY**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    I.    As a Leader in the Conspiracy, Ray Possesses Evidence Key to Plaintiffs' Case. ................................................................................................................... 2

    II.    Ray Has Been Sanctioned for His Previous Failure to Produce Key Documentary Evidence. ............................................................................................. 4

    III.    Ray Was Held in Contempt After Evading Plaintiffs' Efforts to Depose Him. ....................................................................................................................... 5

LEGAL STANDARDS ................................................................................................................ 7

ARGUMENT ................................................................................................................................ 8

    I.    Ray's Misconduct Warrants the Requested Sanctions. ......................................... 8

CONCLUSION ............................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*,
    155 F.3d 500 (4th Cir. 1998) .................................................................................... 8, 9, 11

*Camper v. Home Quality Mgmt. Inc.*,
    200 F.R.D. 516 (D. Md. 2000) ............................................................................................7

*Lee v. Max Intl'l*,
    638 F. 3d 1318 (10th Cir. 2011) .........................................................................................7

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*,
    872 F.2d 88 (4th Cir. 1989) ..............................................................................................10

*Projects Mgmt. Co. v. Dyncorp Int'l LLC*,
    734 F.3d 366 (4th Cir. 2013) ...........................................................................................7, 8

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980) ...........................................................................................................7

*Vodusek v. Bayliner Marine Corp.*,
    71 F.3d 148 (4th Cir. 1995) .........................................................................................5, 11

**Other Authorities**

Fed. R. Civ. P. 37(b)(2) .............................................................................................................1

Fed. R. Civ. P. 37(b)(2)(A) .......................................................................................................7

Fed. R. of Evid. 901 ........................................................................................................ 1, 8, 11

**PRELIMINARY STATEMENT**

Defendant Robert "Azzmador" Ray has spent over three years flouting his discovery obligations, evading Plaintiffs' multiple attempts to depose him, and repeatedly disobeying this Court's orders. In September 2020, after finding that "no lesser measure[s]" would secure his compliance after he failed to appear at three properly-noticed depositions, the Court held Ray in contempt and issued a warrant for his arrest. Sept. 16, 2020, Order Finding Robert "Azzmador" Ray in Civil Contempt ("Contempt Order"), ECF No. 877 ¶ 33. Despite being held in contempt, Ray has persisted for the last 11 months in his effort to "unacceptably forestall[] Plaintiffs' ability" to question him under oath, and, as a result, has "stymied Plaintiffs' development of their case" against him. *Id.* ¶ 29. Indeed, almost a year later, and on the cusp of trial, Ray still has not been deposed and remains nowhere to be found. Through his recalcitrant and deliberate absence, Ray has created an evidentiary gap, which, if not remedied, will afford him significant, unjust advantages at trial. Plaintiffs therefore respectfully move the Court to impose additional evidentiary sanctions on Ray under Rule 37(b)(2) of the Federal Rules of Civil Procedure.[1] Specifically, Plaintiffs request that the Court (1) deem established certain facts listed in Exhibit A to this Motion, and (2) deem authentic for purposes of Rule 901 of the Federal Rules of Evidence any documents, photographs, and videos referenced in Exhibit A to this Motion, including any photographs or videos of Ray or taken by Ray. Because Plaintiffs have a good-faith basis to believe that but for Ray's misconduct they would have been able to establish the facts and authenticate the evidence listed in Exhibit A, these sanctions are necessary and appropriate—

---

[1] Plaintiffs previously sought—and the Court granted—a permissive adverse-inference instruction against Ray due to his failure to comply with the Court's May 18, 2020, Order compelling him to produce information, devices, and documents directly relevant to Plaintiffs' conspiracy claims against him. *See* Mar. 24, 2021, Memorandum Opinion and Order, ECF No. 933; *see also infra* Background, Section III. Plaintiffs filed their first evidentiary sanctions motion against Ray before he failed to appear at his three properly noticed depositions and was held in contempt by this Court.

indeed, these are the only sanctions that would level the evidentiary playing field and place Plaintiffs in the position in which they would have been absent Ray's misconduct in avoiding his deposition.

## BACKGROUND

### I. As a Leader in the Conspiracy, Ray Possesses Evidence Key to Plaintiffs' Case.

As detailed more extensively in prior filings, Ray was one of the most vocal and violent leaders of the conspiracy alleged by Plaintiffs. *See, e.g.*, Pls.' Mot. to Compel Disc. From Defendant Robert "Azzmador" Ray, Mar. 11, 2020, ECF No. 673. Ray leveraged his role as a writer for the white supremacist website *The Daily Stormer* to help plan, promote, and execute the violence at Unite the Right, including by helping enlist supporters and setting up "meet ups" and chat rooms that co-conspirators and attendees used to coordinate their violence on August 11 and 12. *Id.* at 2 (citing Second Am. Compl. ¶¶ 83, 115, 117, ECF No. 557). In the lead up to the rally, for example, Ray posted a "rallying call to all White Men of Good Character" on *The Daily Stormer*, urging followers: "You absolutely must attend th[e] event. Take a few days off work, reschedule appointments, do whatever you must do BUT GET YOURSELF THERE!" Exhibit B at 3 (Azzmador, "Charlottesville: Why You Must Attend and What To Bring And Not To Bring!," *The Daily Stormer*, Aug. 8, 2017).

Ray was also an active participant on the "Southern Front" Discord server, where he recruited Unite the Right attendees, instructed them on equipment to bring, and made explicit his violent intentions for the weekend. *See* ECF No. 673 at 3 (citing Ex. 2, 2017-07-18 Discord Post by Ray). Ray boasted, for instance, about "spen[ding] 50 hours networking and planning with various groups" working to get "everything coordinated to get our guys ssupplied [*sic*], updated, and secured with a ride to the event." Exhibit C (2017-08-07 Discord Post by Ray). Ray also assured his followers that "[t]he plan is the same, gas the kikes, pr war now, plenty of trolling and

2

lulz," and that he "and some of the other Daily Stormer guys [would be] out front with a big bully squad hogging all the attention & gassing all the kikes." Exhibit D (2017-07-28 Discord Post by Ray); Exhibit E (2017-07-27 Discord Post by Ray). Just days before the events, Ray repeated his call to arms:



At Unite the Right, Ray was one of the most vocal and violent front-line leaders. Among other things, Ray brought a group of white supremacists from Texas to Charlottesville; led a group in a chant of "The Jews Will Not Replace Us!"; steered "shield-walls into clashes with counter-protestors"; carried a banner that read "Gas the kikes, race war now!"; and proudly informed another attendee that, during the torchlight march the night before, he had "personally, literally, gassed half a dozen kikes." ECF No. 673 at 4 (citing *Daily Stormer Book Clubs (SBC)*, ANTI DEFAMATION LEAGUE; Alexander Zaitchik, *The Brawler*, SOUTHERN POVERTY LAW CENTER (Aug. 5, 2018)); Pls.' Mot. To Compel the Deposition of Def. Robert "Azzmador" Ray, ECF 803 at 2. Various photographs and videos taken by and of Ray depict his violent acts and intentions at Unite

3

the Right. Indeed, because of the violence Ray unleashed against counter-protestors on August 11, Ray was charged with felony "Malicious[] Release [of] Gas." *See* Pls.' First Mot. For Evidentiary Sanctions Against Def. Robert "Azzmador" Ray, ECF No. 750, Exhibit E ("Case/Charge Information," Albemarle Circuit Court, Case CR18000597-00). To date, Ray has evaded this charge.

In addition to his own violence, Ray ratified the violence of his co-conspirators. On the night of August 12, after co-Defendant James Fields had injured seven of the Plaintiffs in this case and killed Heather Heyer by driving his car into a crowd, Ray, in an after-party victory speech, recorded on video, declared that "[a] day is quickly coming [w]hen it is we who will be digging graves." ECF No. 673 at 4 (citing *Daily Stormer Book Clubs (SBC)*, ANTI DEFAMATION LEAGUE). Ray also bragged that the "event was a huge victory for the Alt Right. Don't believe any of the crap the [mainstream media] is peddling. Have a look for yourself and you decide. This is just the beginning. HAIL VICTORY!" ECF No. 673, Exhibit 11, at 12–13 (Azzmador, "The Road to Charlottesville and the Shuttening," *The Daily Stormer* (Aug. 31, 2017)).

In refusing to sit for his properly-noticed deposition, Ray, a central planner and enthusiastic leader of the conspiracy, has deprived Plaintiffs of the opportunity to question him under oath about this evidence and authenticate his social media posts, photographs, and videos.

## II. Ray Has Been Sanctioned for His Previous Failure to Produce Key Documentary Evidence.

Despite possessing essential evidence of the conspiracy, Ray has, since the outset of this case, disregarded the discovery process and flouted numerous orders issued by this Court to secure his compliance. Plaintiffs' prior filings detail Ray's substantial noncompliance with his production obligations, including his history of ignoring Court orders; failure to produce documents, devices, and account credentials in his possession; and eventually disappearance from the litigation

4

altogether. *See* Pls.' Pet. Regarding Recoverable Attorneys' Fees From Robert "Azzmador" Ray, ECF No. 985, at 1–4. Even after Plaintiffs sought and obtained multiple orders to compel, Ray rebuffed Plaintiffs' efforts to collect crucial documentary evidence for their case, all while remaining active on social media, posting articles on *The Daily Stormer*, and publishing podcasts. *See, e.g.*, ECF No. 673 at 12 & Exhibit 15 (*TKR Live: State of the Union Special*, The Krypto Report podcast (Feb. 6, 2020)).

On June 1, 2020, in response to Ray's extensive discovery misconduct, Plaintiffs filed a motion for evidentiary sanctions, seeking adverse inferences against Ray. ECF No. 750 at 3. Plaintiffs tailored the relief sought to reflect that—as the Federal Rules contemplate—they would have an opportunity to depose Ray and thereby establish key facts and authenticate key evidence. *See id.* at 5 (requesting imposition of adverse inference but not facts deemed established or documents deemed authentic).

On March 24, 2021, the Court granted Plaintiffs' motion. *See* Mar. 24, 2021, Memorandum Opinion and Order, ECF No. 933. After recounting Ray's repeated and ongoing discovery misconduct, the Court found that it could not interpret Ray's "continued disregard" for the Court and its orders "as anything other than bad faith." *Id.* at 20, 23 (cleaned up). The Court also found that Ray's refusal to produce relevant materials in his possession caused Plaintiffs to waste valuable time and resources, and, even more importantly, "harmed Plaintiffs' substantive ability to prove their conspiracy claim against him." *Id.* at 21–22. Thus, to "level the evidentiary playing field," the Court found that granting Plaintiffs' request for a permissive adverse-inference jury instruction was an "appropriately tailored sanction." *Id.* at 22.

### III. Ray Was Held in Contempt After Evading Plaintiffs' Efforts to Depose Him.

Ray's efforts to stymie Plaintiffs' ability to develop their case against him, however, did not end with his refusal to produce relevant materials. For the past 13 months, Ray has successfully

5

avoided sitting for his deposition and deprived Plaintiffs of the opportunity to question him under oath. On July 13, 2020, July 29, 2020, and September 14, 2020, Plaintiffs issued Ray three proper deposition notices. Yet each time, he brazenly defied his obligations under Rule 30 and failed to appear. Contempt Order, ECF No. 877 ¶ 29. At no point did he inform Plaintiffs that he did not plan on attending, and each time, he ignored Plaintiffs' day-of efforts to contact him as counsel and court staff awaited in vain for his arrival. *See* ECF No. 877 ¶¶ 3–4, 8–9, 15, 29.

Moreover, in rebuffing Plaintiffs' efforts to depose him, Ray not only ignored his obligations under Rule 30, he also disobeyed numerous Court orders compelling him to attend and cautioning him about the potential consequences of not doing so, including the possibility of being held in contempt and ordered arrested. *Id.* ¶¶ 6, 12–16, 23.

In September 2020, after Ray ignored orders by both Judge Hoppe and Judge Moon requiring him to appear for a deposition upon oral examination by Plaintiffs' counsel, matters came to a head. *Id.* at ¶¶ 6, 8, 12–15. Thereafter, the Court scheduled a civil contempt hearing, and directed Ray to appear and "show cause why he should not be held in contempt of court." *Id.* at ¶ 6. At the same time, the Court afforded Ray one last "opportunity to come into compliance" and avoid being held in contempt by sitting for a deposition the morning that his civil contempt hearing was held. ECF No. 877 ¶¶ 12–15. Even as the sword of contempt hung over him, Ray squandered the opportunities granted to him by the Court. Remaining steadfast in his defiance, Ray not only failed to sit for his deposition but failed to appear for his civil contempt hearing as well. *Id.* ¶ 16. As a result of Ray's decision to repeatedly ignore court orders and deny Plaintiffs the opportunity to depose him, the Court found Ray in contempt of court and issued a warrant for his arrest. *Id.* ¶ 22, 34. The Court instructed Ray, however, that he could "purge himself of contempt, and thereby secure his release from detention, by appearing at a deposition upon oral examination by

6

Plaintiffs' counsel and providing full and complete answers to their questions at said deposition." *Id.* ¶ 35. Almost a year later, Plaintiffs have still not had an opportunity to depose Ray who remains a fugitive and has yet to purge himself of contempt. Additional evidentiary sanctions are warranted.

## LEGAL STANDARDS

Rule 37 provides a nonexclusive list of substantive, case-related sanctions for failure to obey a discovery order, ranging from an order establishing certain facts to the entry of a default judgment. *See* Fed. R. Civ. P. 37(b)(2)(A); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 517–18 (D. Md. 2000). A court may also award sanctions for discovery violations pursuant to its inherent authority. *See, e.g.*, *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013). "Rule 37 sanctions must be applied diligently" when a court order is violated, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1080), "both as a matter of justice in the individual case and to deter others who might be tempted to similar conduct," *Lee v. Max Intl'l LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (Gorsuch, J.) (cleaned up).

This Court applies a four-part test for determining what sanctions to impose under Rule 37: "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would [be] effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).[2]

---

[2] The factors courts consider in exercising their inherent authority largely mirror those that courts apply under Rule 37: "(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that [the court] seldom dismiss[es] claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest." *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373–74 (4th Cir. 2013) (citation omitted).

**ARGUMENT**

I.  **Ray's Misconduct Warrants the Requested Sanctions.**

This Court has already recognized how Ray's repeated misconduct severely prejudiced Plaintiffs' ability to recover—or even ask Ray under oath about—materials key to their prosecution of their case. *See* Mar. 24, 2021, Memorandum Opinion and Order, ECF No 933 at 22–23. But the evidentiary gap Ray has strategically created goes beyond his failure to produce materials directly relevant to Plaintiffs' case. By evading Plaintiffs' efforts to depose him, Ray has also impeded Plaintiffs from establishing certain key facts that Plaintiffs have a good-faith reason to believe that they would establish and authenticating key evidentiary materials that they have a good-faith basis to believe are authentic. Indeed, as recounted above, even despite Ray's stonewalling, Plaintiffs have collected sufficient corroborating evidence to have a good-faith basis to believe that, among other things: Ray entered an agreement with one or more co-conspirators to plan Unite the Right and to engage in racially motivated violence in Charlottesville on the weekend of August 11 and 12, 2017; that Ray committed acts of intimidation and violence in furtherance of the conspiracy; and that it was reasonably foreseeable that Ray's co-conspirators would also commit acts of racially motivated violence. *See supra* Background, Section I (discussing and citing evidence corroborating each of these facts). Accordingly, Plaintiffs seek "appropriately tailored sanctions" that the facts listed in Exhibit A are deemed established and that the list of documents, photographs, and videos listed in Exhibit A are deemed authentic for purposes of Rule 901 of the Federal Rules of Evidence.

Applying this Court's four-factor test demonstrates that Plaintiffs' requested sanctions are necessary and just. As to the first factor, "whether the noncomplying party acted in bad faith," *Anderson*, F.3d at 504, the Court has already found that Ray's repeated and ongoing discovery misconduct could not be interpreted as "anything other than bad faith." *See* Mar. 24, 2021,

8

Memorandum Opinion and Order, ECF No 933 at 20; *see also Anderson*, 155 F.3d at 504 (concluding that a party's "stonewall[ing] on discovery from the inception of [a] lawsuit" adequately supported a finding of bad faith). That conclusion applies in force to Ray's failure to appear for three properly noticed depositions even after two federal judges compelled him to appear. And, as if more was needed, Ray's bad faith is further illustrated by the fact that he has yet to take any curative action even after being found in contempt of court and ordered arrested.

Turning to the second factor, "the amount of prejudice that noncompliance caused the adversary," *Anderson*, F.3d at 504, the Court has already found that Ray's behavior has severely prejudiced Plaintiffs. As this Court has explained, the Federal Rules entitle Plaintiffs "to conduct a deposition upon oral examination of Ray, and to get truthful and fulsome responses as part of discovery in this case." Contempt Order, ECF No. 877 ¶ 26. Yet, despite Plaintiffs having expended time and effort "well beyond that which is expected of a party to secure a deposition," they have nothing to show for it. *Id.* ¶ 29.

But even more than depreciating Plaintiffs' considerable expense and effort, Ray's misconduct has "unacceptably forestalled Plaintiffs' ability to get discovery to which they are entitled, and, as a result, stymied Plaintiffs development of their case." Contempt Order, ECF No. 877 ¶ 29. As this Court has recognized, that substantive prejudice is particularly harmful given the nature of Plaintiffs' conspiracy claims. Because a conspiracy is "usually proven by circumstantial evidence such as a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy," discovery is especially critical in this case. Mar. 24, 2021, Memorandum Opinion and Order, ECF No 933 at 22 (cleaned up). Yet Ray has purposefully deprived Plaintiffs of the opportunity to depose him, and thereby obtain direct and compelling evidence about his

interactions with co-conspirators, his role in the conspiracy, and his intentions for, and actions at Unite the Right, among other pieces of evidence central to Plaintiffs' case. Ray's calculated absenteeism has also deprived Plaintiffs of the opportunity to authenticate key evidence, which Plaintiffs have a good-faith basis to believe they would have been able to do had Ray appeared for any of his scheduled depositions, as ordered. As a result, Ray's misconduct has placed him at a considerable and unjust evidentiary advantage.

And the prejudice Ray has caused Plaintiffs has grown only more severe as the scheduled trial date approaches. After nearly four years of litigating, discovery has ended, and the parties are now zeroing in on the merits of the case. Requiring Plaintiffs to expend additional time and resources to once more attempt to depose Ray—after three other time-and-resource-intensive efforts—would distract Plaintiffs from focusing their energies on trial preparation. Moreover, even assuming Ray would appear for a deposition at this late hour—a dubious proposition given his abysmal track record—Ray has undercut the value of such a deposition by depriving Plaintiffs of materials in his possession that would have been directly relevant to their oral examination of him. *See* Mar. 24, 2021, Memorandum Opinion and Order, ECF No 933 at 22 (noting that Ray's failure to produce materials created an evidentiary gap).

On the third factor, the need to deter Ray's egregious misconduct is self-evident. Allowing Ray to gain an unfair advantage as a result of his "bad faith and callous disregard" for the Court's orders "would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Or, as Defendant Cantwell put it, for the Court to ignore blatant violations of its orders would "prove[]" to other defendants that disobedience is the "better idea." Sept. 24, 2019, Def. Cantwell's Response in Opp. to Mot. to Withdraw, ECF No. 560 at 4.

Finally, on the fourth factor, "whether less drastic sanctions would [be] effective," *Anderson*, F.3d at 504, there can be no question that evidentiary sanctions are the only way to properly "level[] the evidentiary playing field." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995). Ray has proven himself impervious to monetary sanctions, being held in contempt of court, and even to the issuance of warrants for his arrest. Indeed, not only is Ray a fugitive from this Court, but he is also a fugitive from criminal charges for maliciously releasing gas at Unite the Right's torchlit rally. *See* ECF No. 750 (citing Ex. E, "Case/Charge Information," Albemarle Circuit Court, Case CR18000597-00). Undoubtedly, "sanctions less severe" than the ones Plaintiffs seek "would not be effective in this situation." Mar. 24, 2021, Memorandum Opinion and Order, ECF No 933 at 23.

## CONCLUSION

Ray has flouted his discovery obligations and repeatedly disobeyed this Court's orders. So far, his misconduct has played to his advantage by creating an evidentiary gap that impairs Plaintiffs from effectively prosecuting their case. But Ray should not be rewarded for his egregious misconduct. Accordingly, Plaintiffs request (1) that the Court deem certain facts listed in Exhibit A to this Motion established, and (2) that the Court deem authentic for purposes of Rule 901 of the Federal Rules of Evidence any documents that Plaintiffs have a good-faith basis to believe that Ray created, including all documents from the social media accounts listed in Exhibit A, as well as any photographs and/or videos taken by or depicting Ray.

Dated: August 24, 2021

Respectfully submitted,

*/s/ Jessica Phillips*
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

11

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com


David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

Jessica Phillips (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com


Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

| | |
|---|---|
| Robert T. Cahill (VSB 38562)<br>COOLEY LLP<br>11951 Freedom Drive, 14th Floor<br>Reston, VA 20190-5656<br>Telephone: (703) 456-8000<br>Fax: (703) 456-8100<br>rcahil@cooley.com | J. Benjamin Rottenborn (VSB 84796)<br>WOODS ROGERS PLC<br>10 South Jefferson St., Suite 1400<br>Roanoke, VA 24011<br>Telephone: (540) 983-7600<br>Fax: (540) 983-7711<br>brottenborn@woodsrogers.com<br><br>*Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

      I hereby certify that on August 24, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: August 24, 2021

                                                  */s/ Jessica Phillips*
                                                  Jessica Phillips (*pro hac vice*)
                                                  PAUL WEISS RIFKIND WHARTON & GARRISON LLP

                                                  *Counsel for Plaintiffs*