UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br>          *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br>          *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

  On August 6, 2021, this Court issued an Order directing that, if Defendant Christopher Cantwell, proceeding pro se, intended to file a motion requesting that the Court issue an Order that he be transported to Charlottesville for trial, such motion shall be filed by August 11, 2021. Dkt. 1001. The Court authorized Cantwell to file such motion by electronic means, to expedite consideration of any such request. Id.

  On August 19, 2021, Cantwell's motion requesting transportation to Charlottesville for trial was docketed. Dkt. 1015. Therein, Cantwell represented that as of August 17, he had only just received the Court's Order scheduling the deadline for him to file such request. Id. In his motion, Cantwell cites numerous scheduling difficulties and areas in which he contends he has not been able to fully participate in this civil action while incarcerated, as "examples of why [he] should be present for trial." Id. at 6. He further argues: "I must have the opportunity to confront witnesses against me, and to present myself fully and transparently to the jury." Id. at 8. Further, Cantwell asserts that his request is differently situated from Fields's, see id. at 14–15, and in addition, Cantwell raises concerns about the ability of his facility of incarceration to provide him

remote video access to the trial such that he would be able to present evidence remotely during trial, see id. at 16–17. Accordingly, Cantwell concluded that he "must be transported for this trial," otherwise, he would face unfair prejudice. Id. at 22.

The Court issued another Order on August 19, 2021, permitting any party to respond to Cantwell's motion by August 23, 2021. Dkt. 1017. Plaintiffs filed a short response, which stated: "While Plaintiffs disagree with Defendant Cantwell's characterizations of the conduct of Plaintiffs' counsel and the Court, Plaintiffs do not oppose Defendant Cantwell's request to be transported to the courthouse for trial." Dkt. 1024 at 2.

In considering whether an incarcerated litigant should be permitted to attend trial in person, the Fourth Circuit has directed district courts to consider the following factors:

(1) Whether the prisoner's presence will substantially further resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.

(2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.

(3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to speedy resolution of the claim.

Muhammad v. Warden, Balt. City Jail, 849 F.2d 107, 113 (4th Cir. 1988).

Upon consideration of Cantwell's request and Plaintiffs' response thereto which did not oppose the relief requested, the Court **FINDS** that these factors on balance **weigh in favor of** Cantwell's *pro se* request to be transported to Charlottesville for trial. Significantly, the Court notes that Cantwell is not represented by counsel, and as such, the Court anticipates that his ability to remotely follow, participate in, and present his defense in this trial scheduled for four weeks would be limited from his facility of incarceration, USP Marion in Illinois. None of the parties, the Bureau of Prisons, or the Marshal's Service has identified any acceptable alternative

manner of proceeding (such as might include participation by videoconference during trial, and describing means of remote access and ability to present any evidence or testimony remotely), that would ensure Cantwell's fulsome participation at trial. Nor is the Court aware of any such alternative at present. In view of the anticipated less-than-satisfactory alternative to Cantwell's transportation to Charlottesville for trial, especially considering that Cantwell would not have counsel on the ground who could present and advance his position during trial, this factor weighs in Cantwell's favor.

The Court does not discount or consider insignificant the expense entailed in transporting Cantwell to Charlottesville and holding Cantwell in custody for the duration of the trial. But estimates of the transportation expense are considered reasonable upon this record, and the factor is neutral. The Court has also considered accompanying security risks. Finally, in view of the number of parties and complexity of the case which has been on the Court's docket since 2017, and in view of the upcoming trial date, the Court finds less significant here the third factor, concerning the possible alternative of staying proceedings pending Cantwell's release, which the Bureau of Prisons website reflects is scheduled for December 19, 2022.

For these reasons and otherwise finding good cause shown, Cantwell's unopposed motion will be and hereby is **GRANTED**. Dkt. 1015. A Writ of Habeas Corpus Ad Testificandum will issue in accordance with 28 U.S.C. § 2241(c)(5), requesting that the Bureau of Prisons transport him from USP Marion, where he is now incarcerated, to Charlottesville, Virginia, for his trial. The U.S. Marshal's Service is **directed** to transport Christopher Cantwell to Charlottesville for trial, which is scheduled for October 25 to November 19, 2021.

The Court shall **take under advisement** the assessment or allocation of transportation and other costs of compliance with the writ, which at present the Court has been advised will be

between $15,000 and $20,000. See, e.g., Muhammad, 849 F.2d at 111 (describing consideration of transportation for trial "either at [the prisoner's] own expense, or at government expense"); Greene v. Prunty, 938 F. Supp. 637, 640 (S.D .Cal. 1996) (citing court's discretion "to allocate the costs of compliance with a writ of *habeas corpus ad testificandum*," as by "the sharing of costs, as well as imposing full costs on the United States, or imposing the full costs on the State").

Cantwell, Plaintiffs, or any other interested party **may file** any submission concerning assessment or allocation of such costs within **seven (7) days**. The Court will authorize, in view of his pro se status, Cantwell's ability to submit any such response to the Clerk's Office by electronic means, including fax (434) 295-8909, or email, at HeidiW@vawd.uscourts.gov.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record, to the Warden of USP Marion, to Cantwell, to Cantwell's case manager at USP Marion, and to the U.S. Marshal's Service.

Entered this 26th day of August, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE