# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

On August 6, 2021, this Court issued an Order directing that, if Defendant James Alex Fields intended to file a motion requesting that the Court issue an Order that he be transported to Charlottesville for trial, such motion shall be filed by August 11, 2021. Dkt. 1001.

On August 11, 2021, Fields, through counsel, filed a motion requesting transportation to Charlottesville for trial. Dkt. 1002. Therein, he asserted that "live appearance at trial is of utmost importance to Fields," especially in view of the sizable award of damages that Fields anticipates Plaintiffs will seek against him. Dkt. 1002-1 at 2. He also argued that he has a "significant interest in appearing for this case to observe potential jurors and jury selection, the testimony of other witnesses, and the possibility that he may be called as a rebuttal witness." Id. He further asserted that "[h]is presence will be a visceral reminder that he has been punished already for many of the same acts." Id. at 2. He argued that "[w]hile measures likely can be taken to facilitate Fields's observation of the trial remotely, this will not give him the advantage of communicating with counsel during trial." Id. On August 12, 2021, Plaintiffs filed a response to Fields's motion, opposing his request to be transported to Charlottesville for trial. Dkt. 1005.

In considering whether an incarcerated litigant should be permitted to attend trial in person, the Fourth Circuit has directed district courts to consider the following factors:

(1) Whether the prisoner's presence will substantially further resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.

(2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.

(3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to speedy resolution of the claim.

Muhammad v. Warden, Balt. City Jail, 849 F.2d 107, 113 (4th Cir. 1988); see also Dkt. 1005 (citing Muhammad factors); Dkt. 1002-1 at 2–3 (citing similar factors from other authorities).

Upon consideration of Fields's request and Plaintiffs' response thereto, the Court **FINDS** that these factors on balance **weigh against** Fields's request to be transported to Charlottesville for trial. Turning to the first factor, Fields's personal presence is less likely to further resolution of the issues at trial, especially in view of the fact that Fields does not intend to testify at trial. E.g., Dkt. 1002-1 at 2 ("While Fields is not anticipated to testify at trial …"); id. at 3 ("Fields is not anticipated to testify."). Moreover, unlike his Co-Defendant Christopher Cantwell (who is proceeding pro se), Fields is represented by counsel in this suit, who will be able to be physically present in Charlottesville for any aspect of trial, and to represent Fields's position and interests throughout. That includes those aspects of trial to which Fields expressed a "significant interest," including "to observe potential jurors and jury selection, the testimony of other witnesses ….". Dkt. 1002-1 at 2.

The Court is mindful of Fields's counsel's assertion that, "[w]hile measures likely can be taken to facilitate Fields's observation of the trial remotely, this will not give him the advantage of communicating with counsel during trial." Id. at 3. The Court will consider any requests from

Fields's counsel for any appropriate measures to both facilitate Fields's observation of the trial remotely, as well as to facilitate Fields's regular, routine communication with counsel throughout trial, to the greatest extent practicable. However, this factor weighs against Fields's request to be transported to Charlottesville.

The Court further considers the not insignificant expense entailed in transporting Fields to Charlottesville and holding him in custody for the duration of the trial. In his motion, Fields has acknowledged lacking the financial means "to bear the cost of his transportation expenses." Dkt. 1002-1 at 2. This factor is at best neutral on this record. The Court has further considered the accompanying security risks, which certainly do not weigh in favor of Fields's transportation to Charlottesville for trial, though the Court considers other factors more relevant to his request. Finally, the last factor—whether the trial can be stayed pending the prisoner's release—does not present a viable alternative and is of limited utility in this case, as Fields is serving a life sentence in prison.

For these reasons, Fields's motion will be and hereby is **DENIED**. Dkt. 1002. Following Fields's counsel's consultation with, at minimum, Fields's case manager at MCFP Springfield, Fields's counsel may **within seven (7) days** file any motion requesting measures to facilitate Fields's remote access for trial and means of communication with counsel during trial.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record, to Fields, to Fields' case manager at MCFP Springfield, and to the U.S. Marshal's Service.

Entered this 26th day of August, 2021.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE