**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,

Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**PLAINTIFFS' SECOND PETITION REGARDING RECOVERABLE ATTORNEYS' FEES FROM ROBERT "AZZMADOR" RAY**

# TABLE OF CONTENTS

PROCEDURAL BACKGROUND ........ 1

REQUEST FOR FEES AND EXPENSES ........ 3

ARGUMENT ........ 4

I. The Applicable Legal Standard ........ 4

II. Plaintiffs' Requested Fees Are Reasonable ........ 5

A. The Hourly Rates Being Applied Are Reasonable ........ 6

B. Plaintiffs Devoted a Reasonable Number of Hours to Addressing Ray's Failures to Comply with the May 18 Order ........ 10

C. The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment ........ 14

CONCLUSION ........ 14

Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure and this Court's Order, ECF No. 1039 ("Sept. 3 Order"), Plaintiffs hereby submit this Petition identifying the reasonable expenses, including attorneys' fees, that Plaintiffs incurred (i) in connection with Defendant Robert "Azzmador" Ray's failure to appear for his depositions on July 29, 2020 and September 14, 2020 and (ii) in preparation for Ray's civil contempt hearing on September 14, 2020 ("Show Cause Hearing").

**PROCEDURAL BACKGROUND**

Time and again, Defendant Ray has been given fair notice of his discovery obligations in this case and has had multiple opportunities to come into compliance. As relevant here, Ray failed to appear for two Court-ordered depositions and the September 14, 2020, Show Cause Hearing. Plaintiffs then moved for reasonable expenses and costs, including attorneys' fees, in connection with the two depositions and the Show Cause Hearing, which this Court granted. Sept. 3 Order. This submission now follows.

Plaintiffs will not recount once again the long history of Ray's failures in this case, which are set forth in multiple other motions to compel, for sanctions, and prior fee petitions, as well as this Court's own orders. *See, e.g.*, ECF No. 1028 (Aug. 24, 2021 Second Mot. for Evid. Sanctions Against Ray); ECF No. 985 (July 2, 2021 Fee Petition re: failure to obey May 18, 2020 discovery order); ECF No. 933 (Mar. 25, 2021 Mem. Op. & Order); ECF No. 929 (Mar. 5, 2021 Omnibus Fee Petition re: *inter alia* motion to compel discovery and deposition of Ray); ECF No. 814 (July 23, 2020 Order); ECF No. 877 (Sept. 16, 2020 Order Finding Ray in Civil Contempt); ECF No. 803 (July 14, 2020 Mot. to Compel Deposition); ECF No. 750 (June 1, 2020 First Mot. for Evid. Sanctions Against Ray and for an Order to Show Cause); ECF No. 728 (May 18, 2020 Order);

ECF No. 673 (Mar. 11, 2020 Motion to Compel Discovery); ECF No. 383 (Nov. 19, 2018 Stipulation and Order for the Imaging, Preservation, and Production of Documents); ECF No. 354 (Oct. 2, 2018 Motion to Compel Inspecting and Imaging).

On June 8, 2020, Plaintiffs properly noticed Ray's deposition for July 13, 2020. ECF No. 803 (July 14, 2020 Mot. to Compel Deposition). Ray did not appear, and Plaintiffs moved to compel his deposition and for fees and costs incurred with that deposition. On July 22, 2020, the Court ordered Plaintiffs to file a notice of deposition for Ray under seal (ECF No. 811), which was done on July 23, 2020 (ECF No. 813). The Court granted Plaintiffs' motion and ordered Ray to appear at a deposition rescheduled for July 29, 2020.[1] ECF No. 814.

Ray failed to appear for his Court-ordered deposition on July 29, 2020. On August 5, 2020, Plaintiffs filed a supplemental brief in support of their July 14, 2020 motion to compel. ECF No. 818. Plaintiffs noted that at no point prior to his July 29 deposition did Ray inform Plaintiffs he did not intend to appear, and that they made multiple attempts to contact him by phone and email when he failed to appear. *Id.* at 2. Ray did not respond to those efforts, and Plaintiffs' counsel, Defendants' counsel, the court reporter, and the videographer waited for half an hour after the deposition was scheduled to begin before Plaintiffs' counsel made a statement on the record. *Id.* at 2 & Ex. B (ECF No. 818-2, Certificate of Nonappearance, July 29, 2020).

On August 27, 2020, the Court set an Order to Show Cause Hearing for September 14, 2020. ECF No. 848. The same day, the Court directed Plaintiffs to file under seal and serve another notice of deposition on Ray for September 14, 2020. ECF No. 849. Plaintiffs served and

---

[1] The Court also granted Plaintiffs' request for their reasonable fees and costs incurred in connection with Ray's July 13, 2020 deposition. ECF No. 814. That fee petition, ECF No. 929, is still pending.

filed this third notice of deposition. ECF No. 858. On September 4, 2020, the Court ordered Ray to contact Plaintiffs' counsel to get any login needed to participate in his September 14, 2020 deposition. ECF No. 861. On September 9, 2020, Plaintiffs filed a submission identifying the evidence they intended to rely on at the September 14 Show Cause Hearing. ECF No. 865.

On September 16, 2020, this Court found Ray in civil contempt for failing to abide by its orders to appear for his September 14, 2020 deposition and the Show Cause Hearing on the same day. ECF No. 877. On October 27, 2020, Plaintiffs moved for reasonable fees and expenses against Ray in connection with his failure to attend his depositions on July 29, 2020 and September 14, 2020 and in preparing for and attending the September 14 Show Cause Hearing. ECF No. 898 ("Oct. 27, 2020 Mot. for Monetary Sanctions"). The Court granted that request on September 3, 2020 and ordered Plaintiffs to file a petition within 10 days. ECF No. 1039. As the Court noted in that order, "Mr. Ray has not taken any steps to purge himself of contempt" over the last year. Sept. 3 Order.

## REQUEST FOR FEES AND EXPENSES

As set forth in the Declaration of Jessica Phillips in support of this Petition, dated September 13, 2021 ("Phillips Declaration" or "Phillips Decl."), Plaintiffs devoted 69.6 hours of attorney and paralegal time to the Motions, totaling $22,198.25 in fees and expenses in connection with Ray's failure to appear for his July 29, 2020 and September 14, 2020 depositions and in preparation for the September 14, 2020 Show Cause Hearing.

The attorney and paralegal hours caused by Ray's failure to appear for his depositions on July 29 and September 14 and the Show Cause Hearing are set forth in further detail in Exhibit A to the Phillips Declaration, which includes the following total amounts for time and expenses:

| Exhibit | Item | Amount |
| --- | --- | --- |
| A | Fees and Costs Incurred Due to Ray's Failure to Appear for July 29 and September 14 Depositions and in Preparation for September 14 Show Cause Hearing | $22,198.25 |

## ARGUMENT

### I. The Applicable Legal Standard

In this Circuit, "the Court considers the reasonableness of the fees requested" by applying a three-step analysis. *VT Milcom, Inc.* v. *PAT USA, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 3 (W.D. Va. Jan. 26, 2018) (Hoppe, J.) (citing *McAfee* v. *Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)), *report and recommendation adopted*, ECF No. 82 (W.D. Va. Feb. 16, 2018). First, the Court determines the lodestar figure by multiplying the number of reasonable hours by the applicable reasonable hourly rate. *Id.*; *see also Broccoli* v. *Echostar Commc'ns Corp.*, 229 F.R.D. 506, 512 (D. Md. 2005) (noting the lodestar method is appropriately applied to fee awards under Rule 37). The reasonableness of both the number of hours and the hourly rates requested is evaluated using the 12 factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (the "*Johnson* factors"). *McAfee*, 738 F.3d at 88 & n.5. The twelve *Johnson* factors are: "(1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal

community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Id.*

Second, the court must "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* at 88 (quoting *Robinson* v. *Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)).

Finally, the court "awards a percentage of the remaining amount to the prevailing party, depending on the degree of success of the prevailing party's claims." *VT Milcom*, No. 5:16-CV-00007, ECF No. 81 at 4.

## II. Plaintiffs' Requested Fees Are Reasonable

As set forth in more detail below, Plaintiffs have taken a deliberately conservative approach in their fee request that easily satisfies all relevant *Johnson* factors and provides no basis for reduction. Represented by experienced and able counsel, Plaintiffs pursued an undisputedly justified course of action against Ray, who has shown complete disregard for the judicial process and this case in an effort to stall discovery to which Plaintiffs were entitled. The rates being requested are reasonable, taking into account counsel's experience and the unique difficulties presented by the issues and discovery in this case. The number of hours being requested is also reasonable, containing only the hours (and expenses) of certain attorneys and paralegals directed specifically at Ray's failure to appear for his July 29, 2020 and September 14, 2020 depositions and at preparing for the September 14, 2020 Show Cause Hearing and related costs for court reporting and videography services. Accordingly, the Court should award Plaintiffs the lodestar amount as set forth above.

### A. The Hourly Rates Being Applied Are Reasonable

In determining the reasonableness of the hourly rates being applied, this Court is instructed to consider and weigh, to the extent pertinent, the *Johnson* factors. *See supra* at 4–5. Because this application for fees arises in the context of the resolution of discovery disputes, rather than at the conclusion of the litigation on the merits, Plaintiffs submit that "the customary fee for like work" and "the experience, reputation and ability of the attorneys" are the *Johnson* factors appropriately considered in assessing the reasonableness of Plaintiffs' claimed hourly rates here. *See, e.g.*, *Scott* v. *Clarke*, No. 3:12-CV-00036, 2014 WL 1463755, at *2, 5 (W.D. Va. Apr. 15, 2014) (Moon, J.) (awarding fees based on submission that specifically addressed three of twelve *Johnson* factors); *Lismont* v. *Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 450 (E.D. Va. 2014) (finding numerous *Johnson* factors inapposite "[b]ecause this matter involve[d] a discovery motion rather than the complete disposition of a case after trial")); *SunTrust Bank* v. *Nik*, No. 1:11-CV-343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012), *report and recommendation adopted*, No. 1:11-CV-343, 2012 WL 1344376 (E.D. Va. Apr. 17, 2012) (same); *see also* Mem. Op. 8, ECF No. 738 (granting in part Plaintiffs' motion for fees and costs due to non-compliance, taking into account the *Johnson* factors relating to customary fees for like work and experience and ability of the attorneys).

#### 1. Plaintiffs Are Applying the Customary Fee for Like Work in This Jurisdiction

In seeking an award of attorneys' fees, Plaintiffs bear the burden of "produc[ing] specific evidence of the 'prevailing market rates in the relevant community' for the type of work" performed. *Depaoli* v. *Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (alteration in original and quoting *Spell* v. *McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)). "Typically, this means an attorney will demonstrate the market rate for services in the geographic

jurisdiction of the litigation." *Newport News Shipbuilding & Dry Dock Co.* v. *Holiday*, 591 F.3d 219, 227 (4th Cir. 2009) (citation omitted); *accord Rum Creek Coal Sales, Inc.* v. *Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) ("The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits."). Courts in this jurisdiction have awarded fees based on where attorneys practice, rather than where the case is heard. *See Quesenberry* v. *Volvo Grp. N. Am., Inc.*, No. 1:09-CV-00022, 2010 WL 2836201, at *9 (W.D. Va. July 20, 2010), *report and recommendation adopted*, No. 1:09-CV-00022, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010). In this case, that would mean applying prevailing New York and Washington, D.C. market rates, as all of the lawyers who devoted time to the issues caused by Ray's failure to appear for his July 29 and September 14 depositions and the September 14 Show Cause Hearing worked at Boies Schiller Flexner LLP in New York; Kaplan Hecker & Fink LLP in New York; and Paul, Weiss, Rifkind, Wharton & Garrison LLP in Washington, D.C. However, Plaintiffs request that for the purpose of this application, the following local market rates (which are substantially lower than both the prevailing market rates for New York City and Washington, D.C. normally received by Plaintiffs' counsel and the actual rates they charge for this case) be used for determining the lodestar amount for this application:

- Jessica Phillips (Partner) $450
- Yotam Barkai (Senior Associate) $275
- Katherine Cheng (Senior Associate) $275
- Stephanie Spear (Paralegal) $100
- Brittany Zhang (Paralegal) $100

These rates are in accordance with the rates for partners and senior associates that courts in this Circuit have deemed appropriate in recent cases. *See Cab Siquic* v. *Star Forestry, LLC*, No. 3:13CV00043, 2016 WL 1650800, at *2 (W.D. Va. Apr. 22, 2016) (finding reasonable rates up to $450/hour); *Three Rivers Landing of Gulfport, LP* v. *Three Rivers Landing, LLC*, No. 7:11-CV-00025, 2014 WL 1599564, at *3–4 (W.D. Va. Apr. 21, 2014) (finding reasonable $500/hour for lead counsel and $275/hour for an associate who was also a primary attorney); *Domonoske* v. *Bank of Am., N.A.*, 790 F. Supp. 2d 466, 476 (W.D. Va. 2011) (finding reasonable rates ranging from $250 to $450/hour); *Randle* v. *H&P Capital, Inc.*, No. 3:09-CV-608, 2010 WL 2944907, at *8 (E.D. Va. July 21, 2010) (awarding $450 and $425 per hour to experienced attorneys); *Quesenberry*, 2010 WL 2836201, at *8 (finding reasonable $400/hour for partners and $275 for associates with more than 3 years of experience); *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 5 (awarding $365 per hour for experienced attorneys and $275 per hour for less experienced attorneys, as requested in Pl.'s Br. Ex. A, ECF No. 75-1). The paralegal rates proposed are also the same as the paralegal rates this Court has previously approved in this case. May 26, 2020 Mem. Op. 12, ECF No. 738. In requesting that these rates be applied, Plaintiffs have endeavored to ensure that their request falls within the parameters of reasonable fees for this Circuit, notwithstanding the higher hourly rates that Plaintiffs' counsel would normally receive for the type of work undertaken here.[2]

[2] While Plaintiffs recognize that the rates requested here are slightly higher than those requested in one prior fee petition in this matter, the requested rates are the same as what has been requested in other fee petitions they have submitted, ECF Nos. 985, 929, and are reasonable given local rates and in light of the experience and usual rates of their attorneys. Plaintiffs reserve the right to request the actual rates of their counsel attorneys and paralegals in future fee applications in this case.

### 2. Plaintiffs' Attorneys Are Able and Experienced

Together with co-counsel, Plaintiffs are represented by Boies Schiller Flexner LLP ("BSF"), Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), and Kaplan Hecker & Fink LLP ("KHF"). BSF is a nationally-recognized litigation and trial firm with an established record of winning complex and groundbreaking cases and representations in significant constitutional, civil rights, and public interest challenges. *See* ECF Nos. 929, 985. Similarly, Paul, Weiss is widely recognized as one of the nation's preeminent litigation and trial firms, handling a wide variety of complex matters and an established track record of pro bono representation dating back to its work on *Brown* v. *Board of Education*. KHF is a New York litigation boutique with extensive experience litigating civil rights issues. *See* ECF No. 505.

As set forth in the Phillips Declaration, the attorneys[3] who worked on the Motions have significant prior experience in complex and civil rights litigation:

- Jessica Phillips, a Partner at BSF and Paul, Weiss during the relevant time, who devoted 23.6 hours to the issues caused by Ray's failure to appear for his July 29 and September 14 depositions and the September 14 Show Cause Hearing, is a highly experienced complex civil litigator, having participated in numerous trials and appeals over the course of her career, including before the U.S. Supreme Court. Prior to joining BSF as a Counsel in 2016, she was a litigation associate at Latham & Watkins LLP. She served as a law clerk for the Honorable Joel M. Flaum on the U.S. Court of Appeals for the Seventh Circuit and subsequently for Justice Samuel A. Alito on the U.S. Supreme Court. (*See* Phillips Decl. ¶ 5.)

- Yotam Barkai, an associate at BSF and KHF during the relevant time, who devoted 25.7 hours to the issues caused by Ray's failure to appear for his July 29 and September 14 depositions and the September 14 Show Cause Hearing, has extensive litigation and trial experience in his eight years in practice. He has successfully argued before the First, Fourth, and Fifth Circuits and has been appointed pro bono counsel in various federal courts of appeals. He has also devoted significant time to multiple amicus briefs on constitutional and civil rights issues. Prior to joining BSF in 2015, he served as a law clerk

[3] As noted in the Phillips Declaration, during the time period when the relevant work was performed, Ms. Phillips was employed by BSF and Paul, Weiss; Mr. Barkai was employed by BSF and Kaplan Hecker; and Ms. Cheng was employed by BSF.

for the Honorable Katherine B. Forrest on the U.S. District Court for the Southern District of New York and subsequently to the Honorable Stephen F. Williams on the U.S. Court of Appeals for the D.C. Circuit. (*See* Phillips Decl. ¶ 6.)

- Katherine Cheng, an associate at BSF who devoted 2.6 hours to the issues caused by Ray's failure to appear for his July 29 and September 14 depositions and the September 14 Show Cause Hearing, has extensive litigation and trial experience in her seven years in practice. Prior to joining BSF in July 2018, she clerked for the Honorable Alan C. Kay on the U.S. District Court for the District of Hawaii and spent over two years as a litigation associate at Latham & Watkins LLP. Ms. Cheng has participated in multiple trials and, as a law student, successfully argued before the Ninth Circuit. Her practice focuses on complex civil litigation, including representation in an antitrust conspiracy matter, and she has devoted significant time to pro bono matters, including federal constitutional challenges at the trial and appellate levels. (*See* Phillips Decl. ¶ 7.)

### B. Plaintiffs Devoted a Reasonable Number of Hours to Addressing Ray's Failures to Comply with the May 18 Order

In determining the reasonableness of the hours expended, this Court should once again consider and weigh the relevant *Johnson* factors. *See supra* at 4–5. Those factors are "the time and labor expended" and "the novelty and difficulty of the questions raised." *See, e.g.*, *Alexander S. By & Through Bowers v. Boyd*, 929 F. Supp. 925, 939 (D.S.C. 1995) (per curiam) (applying the first and second *Johnson* factors), *aff'd sub nom. Burnside v. Boyd*, 89 F.3d 827 (4th Cir. 1996); *AD ex rel. SD v. Bd. of Pub. Educ. of City of Asheville*, 99 F. Supp. 2d 683, 690 (W.D.N.C. 1999) (same). Applying those factors to the analysis, Plaintiffs' hours are reasonable and should be credited in total.

#### 1. The Time and Labor Expended Was Warranted Given the Difficulty of the Questions Posed

"A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) (citing authorities); *accord Beyond Sys., Inc. v. World Ave. USA, LLC*,

No. CIV.A. PJM-08-921, 2011 WL 2038545, at *5 (D. Md. May 24, 2011) (similar). Excerpts from the electronic invoicing systems for BSF, Paul, Weiss, and KHF, reflecting the records of the work performed in connection with Ray's July 29 and September 14 depositions and the September 14 Show Cause Hearing, are being submitted as Exhibit A to the Phillips Declaration.

As set forth in Exhibit A, Plaintiffs' counsel devoted 69.6 hours of attorney and paralegal time to addressing Ray's failure to appear for his July 29 and September 14 depositions and the September 14 Show Cause Hearing. Plaintiffs also incurred costs in the form of court reporting and videography services for the two depositions, which are also shown in Exhibit A. Plaintiffs are excluding from their request, in a further effort to be reasonable and in the exercise of the sound professional billing judgment that courts expect to be applied by the award-seeking attorney in this context,[4] among other things, the attorney and paralegal hours and expenses devoted to the following work relating to the following:

- Other motions against Ray, including but not limited to Plaintiffs' prior motions to compel discovery and Ray's July 13 deposition, and all work for which fees and costs are being sought through other fee petitions.[5]

---

4 *See generally Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* . . . .'" (quoting *Copeland* v. *Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis added)); *see also Rum Creek Coal Sales*, 31 F.3d at 175 (noting fees claimed must reflect the application of "billing judgment").

5 *See supra* at footnotes 2 and 3.

- Work done by other attorneys not identified in this Petition Regarding Recoverable Attorneys' Fees.[6]
- All time and expenses of Plaintiffs' counsel expended on this Petition.[7]

(*See* Phillips Decl. ¶ 15.)

As this Court has previously recognized, discovery in this case poses "unique and complicated challenges," with "very little clear-cut guidance on how to craft just and appropriate sanctions[.]" May 26, 2020 Mem. Op. 21, ECF No. 738. Notwithstanding Plaintiffs' repeated attempts to resolve discovery issues without Court intervention, Ray's repeated obfuscation, delay, and disappearance from this litigation has interfered with the progress of this case and required Plaintiffs to seek the Court's assistance on multiple occasions.

Ray failed to appear for two Court-ordered depositions on July 29, 2020 and September 14, 2020. On July 29, 2020, Plaintiffs made multiple attempts to contact Ray and remained on the record to allow him an opportunity to appear. He failed to do so. ECF No. 818. After the July 29, 2020, deposition Plaintiffs had to prepare and file a short supplemental brief to compel Ray's deposition for the third time. ECF No. 818. Plaintiffs also had to file under seal and serve yet another notice of deposition on Ray. ECF Nos. 849, 858. Plaintiffs then expended additional time and resources preparing for Ray's rescheduled deposition. On September 14, 2020, Plaintiffs attempted to make contact with Ray, gave Ray a reasonable opportunity to appear at his September 14, 2020 deposition, and waited on the record for him to do so. He did not. Plaintiffs took

---

6 For example, Plaintiffs have excluded time spent by Michael Bloch reviewing and editing submissions and preparing for the Show Cause Hearing.

7 *See, e.g.*, *Paice, LLC* v. *Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3819204, at *27 (D. Md. June 27, 2014) (noting the added liability to the sanctioned party of fees for preparing the fee petition itself).

reasonable measures in attempting to contact and depose Ray and allow him a reasonable amount of time to appear at his missed depositions. Plaintiffs thus took an overall efficient and reasonable approach to lay a record, move to compel, and comply with the Court's orders, while allowing Ray ample opportunity to appear. The time and costs that Plaintiffs incurred in connection with the July 29 and September 14 depositions are reasonable.

The September 14 Show Cause Hearing necessitated more preparation. It was uncertain whether or not Ray would appear, and Plaintiffs had to be prepared for either scenario. If Ray appeared, Plaintiffs had to be ready to cross examine him on the stand. If he did not, Plaintiffs had to be prepared to give oral argument and lay a record. In either case, Ray's history of non-compliance with the Court's orders and his discovery obligations were extensive. However, in their preparation, Plaintiffs drew upon their prior filings and this Court's orders regarding Ray's disobedience, rather than starting from scratch, which reduced the amount of time required. Nevertheless, some amount of time was required to ensure that Plaintiffs were prepared for both Ray's appearance and non-appearance and still ensure that the evidence presented satisfied the elements of civil contempt. To that end, Plaintiffs corresponded regularly regarding strategy, conducted research into outstanding legal issues, analyzed Ray's document production for deficiencies, and created as well as reviewed preparatory materials. Per Court order, Plaintiffs also filed a submission regarding the documents they intended to use at the hearing. On September 14, 2020, Plaintiffs were yet again left waiting for Ray to appear. He did not show. Plaintiffs spent considerable time preparing for and participating in the hearing. Taking this into account, the amount of time requested in connection with their work is reasonable.

Accordingly, Plaintiffs submit that taking into account all of the above, the hours and costs submitted in Exhibit A are reasonable.

**C. The Lodestar Amount Is Reasonable and There Is No Basis for Adjustment**

Where, as here, Plaintiffs succeeded in full on their motion to compel Ray's deposition (ECF No. 818) and their motion for sanctions (ECF No. 898), and Ray was found in civil contempt (ECF No. 877),[8] there is no basis to reduce the lodestar amount of $22,198.25 to account "for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). Accordingly, there is no basis to award only "a percentage of the remaining amount to the prevailing party[.]" *VT Milcom, Inc.*, No. 5:16-CV-00007, ECF No. 81 at 4. Rather, the full lodestar amount of $22,198.25 is the appropriate award.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award to Plaintiffs' reasonable attorneys' fees and expenses in the amount of $22,198.25, as set forth above, and order such other relief as the Court deems necessary and appropriate.

[8] In its September 16, 2020 Order, the Court took under advisement requests not addressed in that order, such as Plaintiffs' request for fees and costs. *See* ECF No. 877. However, that request was later granted. ECF No. 1039. Taking into account the circumstances as a whole, Plaintiffs substantially succeeded in obtaining relief. *See Nigh* v. *Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007) ("[W]e do not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall."); *see also Hensley* v. *Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). The amount of time expended on including that specific requested relief was negligible in any event.

Dated: September 13, 2021

Respectfully submitted,

*/s/ Jessica Phillips*
/s/ Jessica Phillips
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
jkay@kaplanhecker.com
aconlon@kaplanhecker.com
ecole@kaplanhecker.com
ybarkai@kaplanhecker.com
bwhite@kaplanhecker.com

Jessica E. Phillips (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K St NW
Telephone: (202) 223-7300
Fax: (202) 223-7420
Washington, DC 20006
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260

1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

I hereby certify that on August 24, 2021, I also served the following non-ECF participants via mail and electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: September 13, 2021

*/s/ Jessica Phillips*
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP

*Counsel for Plaintiffs*