IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

SEP 13 2021

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

Elizabeth Sines, et al  [
    Plaintiffs  [
v  [ Case No: 17-cv-072
Jason Kessler, et al  [
    Defendants  [

## MOTION FOR LEAVE TO FILE INSTANTER

Comes now the Defendant, Christopher Cantwell, and, he hereby Moves this Court For Leave to File Instanter the attached Defendant Christopher Cantwell's Objection To The Magistrate's Order Imposing Evidentiary Sanctions Against Defendants Elliot Kline, Vanguard America, and National Socialist Movement (Doc 982) And The Report And Recommendation That Default Be Entered Against Defendant National Front (Doc 967) Pursuant To Fed.R.Civ.P. 72 And 28 USC §636. In support, Cantwell states as follows:

1) This Court has entered a number of orders either conditionally making adverse inferences and adverse findings of fact against Defendant Elliot Kline (Sines v Kessler 2020 US Dist LEXIS 223168 (WD Va 2020)) Vanguard America ("VA") (Sines v Kessler 2021 US Dist LEXIS 61074 (WD Va 2021)), National Socialist Movement ("NSM"), or, recommending that default be entered against Defendant Natoinalist Front ("NF") (Doc 962). These orders have all rested on findings of bad faith in the discovery process, bad faith which has not been alleged against Cantwell, a pro se prisoner, unlearned in the law, who has not been advised of his procedural rights to object pursuant to Fed.R.Civ.P. 72 or 28 USC §636.

-1-

2) In certain circumstances, the failure to advise a pro se prisoner of his procedural right to object constitutes reversible error. In <u>Roseboro v Garrison</u> 528 F 2d 309 (4th Cir 1975), the Fourth Circuit adopted the DC Circuit's reasoning in <u>Hudson v Harley</u> 412 F 2d 1091 (DC Cir 1968) and found that the failure to give a pro se prisoner litigant reasonable notice of his procedural rights in opposing summary judgment constituted reversible error. The Fourth Circuit has since expanded this to at least some situations in which a pro se litigant faces sanctions. see, eg, <u>Smith v Beavers</u> 819 Fed Appx 176 (4th Cir 2020). And, a quick review of WestLaw or LEXIS NEXIS will show that this right is generally applied in proceedings where a motion is potentially dispositive of one or more claims.

3) Here, Cantwell has been unaware of his procedural rights to object to the Magistrate's Report and Recomendations and other interlocutory orders pursuant to Fed.R.Civ.P. 72 or 28 USC §636; further, because each of the interlocutory orders have been entered conditionally, subject to the acceptance of the District Judge, it is not clear that they have decided issues sufficiently to trigger the fourteen day objection period of Fed.R.Civ.P. 72. The Fourth Circuit has never decided whether <u>Roseboro</u> would extend to a motion to sanction one's co-defendants, but, should judgment be entered against Cantwell in this matter, particularly given the adverse findings of fact suggested against Kline and their near dispositive nature, this would almost certainly be an issue that Cantwell would raise on appeal.

4) Fortunately, the Court has a chance to cure any error by allowing Cantwell to make his objections instanter. The objections to the Report and Recommendation have been made out of the time allotted by 28 USC §636, but, that deadline can be extended by the Court

-2-

for excusable neglect, and, here the conditions under which Cantwell has been transported and the unavailability of legal resources to help him articulate his case create that excusable neglect. The remainder of the Orders were only entered conditionally, and, thus, the fourteen day timeframe for objections arguable has not yet begun to run, but, if it has, again, excusable neglect exists where Cantwell has not had access to the necessary legal resources to state his position and discover his procedural rights. Further, all of these issues seem to be subject to final language to be determined in the jury instructions, and, thus, arguably, the time to object has also not yet begun to run.

Thus, for good cause shown and because Cantwell can show excusable neglect, this Court should grant leave to file the attached Objections instanter.

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

### CERTIFICATE OF SERVICE

I herey certify that this Motion for Leave to file Instanter was mailed to the Clerk of the Court for posting on the ECF, 1st Class Postage Prepaid, and, handed to USP-Marion staff members Nathan Simpkins and Kathy Hill for electronic transfer to the Court pursuant to the Court's Order, this 10th day of September, 2021.

Christopher Cantwell