IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

Elizabeth Sines, et al

    Plaintiffs

v     Case No:  17-cv-072

Jason Kessler, et al

    Defendants

DEFENDANT CHRISTOPHER CANTWELL'S OBJECTIONS TO THE MAGISTRATE'S ORDERS IMPOSING EVIDENTIARY SANCTIONS AGAINST DEFENDANTS ELLIOT KLINE, VANGUARD AMERICA, ROBERT RAY, AND NATIONAL SOCIALIST MOVEMENT (Doc 982), AND THE REPORT AND RECOMMENDATION THAT DEFAULT BE ENTERED AGAINST DEFENDANT NATIONALIST FRONT (Doc 967) PURSUANT TO FED.R.CIV.P. 72 AND 28 USC §636

---

Comes now the Defendant, Christopher Cantwell, and, he makes the following Objections to the Magistrate's Order Imposing Evidentiary Sanctions Against Defendant Elliiot Kline (Sines v Kessler 2020 US Dist LEXIS 223168 (WD Va 2020)) ("Kline Order"), Vanguard America ("VA") (Sines v Kessler 2021 US Dist LEXIS 61074 (WD VA 2021)) ("VA Order"), Robert Ray (Doc 933), and National Socialist Movement (Doc 982) And The Report And Recommendation That Default Be Entered Against Defendant Nationalist Front ("NF") (Doc 967) Pursuant To Fed.R.Civ.P. 72 And 28 USC §636:

1) Cantwell has filed a prior Response To Plaintiff's Motion For Sanctions Against Defendant Matthew Heimbach (Doc 457, 539, 1006) ("Heimbach Response") in which he lays out the facts that he believes will be developed at trial, Heimbach Response para 8, and his argument why all adverse inferences or adverse findings of fact in this matter should be limited. Heimbach Response para 9. Cantwell hereby incorp-

-1-

orates this material by reference. Fed.R.Civ.P. 10(c).

2) In addition to the facts stated in <u>Heimbach Response</u>, Cantwell also believes that, if he is given a chance to fully and fairly litigate this matter, the following facts will be developed:

   a) that, regardless of any proximate cause from an alleged "conspiracy", the immediate cause of James Fields driving into the Antifa domestic terror organization's crowd was that a member of the Antifa domestic terror affiliate Redneck Revolt, Dwayne Dixon, pointed a rifle at Fields; and,

   b) that the deposition testimony of Plaintiff Natalie Romero, which has not been provided to Cantwell but which he learned of from <u>Doc 1040</u> p. 24-25, which will be demonstrated false by videotape of the events of August 11, 2017. In particular, while Romero may not have been herself armed, she appeared as part of a group of persons, many of whom were armed, that were affiliated with the Antifa domestic terror organization, that her motive in appearing was not to voice support for Negroes or Republicans but to engage in violence in furtherance of a Marxist political cause, and, that, while one person in the nationalist march did throw a tiki torch at a male, multiple "marchers" did not throw tiki torches and no torch was thrown at Romero, among other falsities.

3) Cantwell also notes that this Court has ruled, <u>Sines v Kessler</u> 2020 US Dist LEXIS 223168 (WD Va 2020) <u>LEXIS</u> p 50, that the imposition of sanctions, including adverse inferences and adverse findings of fact, requires a finding of "bad faith", and, that this Court has made no finding of bad faith on Cantwell's part, heightening concerns about spillover. <u>Kline Order</u> <u>LEXIS</u> p 6.

The Kline Order
----------------

4) On November 30, 2020, this Court entered an Order granting non-dis-

positive evidentiary sanctions against Defendant Elliot Kline. <u>Kline Order</u>. The Order was entered "subject to the presiding District Judge's final approval", and, to Cantwell's knowledge, no such approval has been yet given. <u>Kline Order</u> <u>LEXIS</u> p 69 (Cantwell does not have the physical order so he is relying on the pagination of the order by LEXIS NEXIS). The Order did not apprise Cantwell of his procedural right to object.

5) As noted in <u>Hemibach Response</u>, the allegation of "conspiracy" against Cantwell appears to stem entirely from an August 11, 2021, meeting he had with several persons, including Ray and Kline. Thus, Cantwell has a special interest in evidentiary sanctions entered against these Defendants, despite the fact that the meeting in question is on video, as there is a particularly heightened possiblity of "spillover" from said sanctions.

6) As the <u>Kline Order</u> notes, <u>LEXIS</u> p 11, sanctions must be "just" and related to the specific "claim" at issue in discovery. citing <u>Ins Corp of Ir v Compagnie Des Bauxites De Guinee</u> 456 US 694 (1984). Plaintiffs allege that Kline played a central role in planning "[the] United the Right [UTR]" event at issue here and that Kline circulated a document, "Operation Unite The Right Charlottesville 2.0" (though not to Cantwell), arranged the August 12, 2021, event (in which Cantwell was injured before he reached the demonstration area), tweeted pictures of Cantwell responding to an attack by the Antifa domestic terror organization (which Cantwell did not direct or have knowledge of), and, allegedly called for protestors to arm themselves in self-defense against the armed Antifa domestic terrorists that opposed them. <u>Kline Order</u> p 14, 17.

7) Because Cantwell is not reasonably alleged to have engaged in bad

faith during the discovery process and there is no good faith basis or foundation for the Plaintiff's belief that Cantwell entered into a conspiracy with Kline on August 11, 2021, or at any other date, Cantwell objects to the following facts recommended by the Magistrate be deemed established with regards to Kline:

a) for facts (c)-(e), <u>Kline Order</u> <u>LEXIS</u> p 66-67, the phrase "Defendant Kline entered into an agreement with one or more coconspirators" should be amended to read "Defendant Kline entered into an agreement with one or more coconspirators <u>who were not Christopher Cantwell</u>";

b) for fact (f), the phrase "racial minorities, Jewish people and their supporters" should be amended to read "Negroes and Republicans" as argued in Cantwell's Motion in Limine For a Determination That Bias Agaisnt Those Who Identify Aa "Jews" Is Not A Form Of "Class Based Invidiously Discriminatory Animus" Prohibited By 42 USC §1985(3);

c) for facts (g)-(h), the phrase "It was reasonably forseeable to Defendant Kline and intended by him that coconspirators ..." should be amended to read "It was reasonably forseeable to Defendant Kline and intended by him that coconspirators <u>who were not Christopher Cantwell</u> ...". Additionally, the phrase "and intimidation" should be struck as acts of mere intimidation, or, as Cantwell will argue, any violence less than violence intended to cause bodily harm, and, thus, not misdemeanor assault, is necessary to constitute an attempt to impose the badges and incidents of slavery in violation of US Const Amend XIII;

d) For fact (k), the statement that "Defendant Kline ratified the racially motivated violence" is improper becuse it begs (i.e.,

-4-

talks past) the question of whether or not the violence was racially motivated. Cantwell's argument at trial will be that the only racially motivated violence on August 11 or 12 was conducted by the Antifa domestic terror organization, whose founding principle is racial animus against white persons and white identity. To state that Kline ratified "racially motivated violence" carries the presumption that the violence that Kline ratified, such as by posting the picture of Cantwell, was racially motivated on Cantwell's part, and, that is a factually incorrect statement that cannot be supported by the record, unless the Court were to find that the jury can accept the word of Natalie Romero over that of video evidence showing definitively that her recollections of the events of August 11, 2017, are untrue (which it can't, as Cantwell may argue in limine). Thus, Cantwell asks that the phrase "racially motivated violence" be amended to "events" or some other neutral term.

8) In the alternate, for each of facts (c)-(e), (g), and, (k), the following statement should be appended:

> "The inference may be drawn that the co-conspirators were [the defaulting defendants, such as VA, NF, NSM, et al] but not Christopher Cantwell [or any other non-defaulting defendant.]"

Vanguard America
----------------

9) On March 30, 2021, the Court entered an order conditionally granting "a permissive adverse inference against Defendant Vanguard America." VA Order. As with the Kline Order, Cantwell is unaware of the District Court having adopted this Order.

10) As the Court notes in its Order of September 3, 2021, denying summary judgment to Defendant League of the South, Michael Hill and Michael Tubbs, VA is a key Defendant in this matter because James

-5-

Fields appeared at the August 12, 2017, UTR event in a VA uniform, carried a VA shield, marched with the VA contingent, and, some person, presumably a VA member, took responsiblity for Fields' car accident after the events. Doc 1040 p 37. VA is the Defendant, if any, that thus connects Fields to the alleged conspiracy, as, as the Court also notes in Doc 1040 p 2, VA is connected to the "core" of any alleged conspiracy, Defendants Kessler, NSM, NF, Heimbach, "and others" (though not Cantwell).

11) Plaintiffs have sought a "permissive adverse inference" "including" that "Defendant Vanguard conspired to plan racially motivated violence at the Unite the Right rallies in August 2017." VA Order LEXIS p 30-31. As long as this refers to a VA intra-corporate conspiracy, Cantwell does not object. However, Cantwell does object to any phrasing that iimplicitly expands the conspiracy to any party that has not been found to have engaged in bad faith in fulfilling their discovery obligations, or, that refers to irrelevancies, such as bias against any group other than Negroes or Republicans.

Nationalist Front
-----------------

12) The Magistrate has entered a Report and Recommendation ("R+R") that defendant NF be found in default and have default judgment entered against it. Doc 967. There is no evidence or reasonable basis for the Court to find that Cantwell was a member of the NF or its component organizations, Defendants NSM, TWP, VA, East Coast Knights, and League of the South ("LoS"). Doc 1040 p 28. For example, when the NF gathered on August 12, 2017, Defendants NSM, TWP, VA, LoS, Hill, Tubbs, Heimbach, Schoep and others were present but Cantwell was not present. Doc 1040 p 29. As such, should any adverse inferences be drawn from the default of NF, this inference should not be

phrased in any manner prejudicial to Cantwell.

National Socialist Movement
----------------------------

13) Another opinion, Doc 982, recommend that an adverse inference be entered against Defndant NSM, though there is no proposed language.

14) Defendant NSM is not particularly important to Cantwell's case as there is no evidence of anything more than casual contacts between Cantwell and NSM members at any event at any time, including on Augsut 11 or 12, 2017. Still, though, Cantwell should be protected against any spillover effect from NSM's bad faith conduct. Doc 982 p 21-22.

15) Unlike Defendant VA, no specific language for this adverse inference is found in Doc 982. However, Cantwell objects to any adverse inference phrased in a manner prejudicial to him.

Robert Ray
----------

16) Apparently, an Order has also been entered on March 24, 2021, granting a conditional permissive adverse inference against Ray. Doc 933. Cantwell does not have the Order so it is difficult for him to object to it. However, Ray, like Kline, was present at the videotaped August 11, 2017, meeting with Cantwell were the Plaintiffs have falsely alleged that violence was planned. Thus, any adverse inference drawn against Ray is objected to insofar as it is phrased in a manner prejudicial to Cantwell. The pending Second Motion for Evidentiary Sanctions shall be addressed by separate response.

Respectfully Submitted,

Christopher Cantwell