IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 13 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| Elizabeth Sines, et al | [ |
| Plaintiffs | [ |
| v | [ Case No: 17-cv-072 |
| Jason Kessler, et al | [ |
| Defendants | [ |
| ------------------------------- | [ |
| United States of America | [ |
| Respondent | [ |

MOTION TO ORDER THE UNITED STATES TO APPEAR
AND TO PROVIDE CANTWELL AND LAY COUNSEL WITH ADEQUATE
ACCESS TO THE ELECTRONIC MATERIALS
AND CANTWELL ADEQUATE PRINTING CAPABILITY

Comes Now the Defendant, Christopher Cantwell, and, he Moves this Court to Order the United States To Appear And To Provide Cantwell And his Lay Counsel, William A White, Adequate Access To The Electronic Materials including discovery and court filings, released by the Plaintiffs in this matter And Cantwell Adequate Printing Capability, including access to a printer and the ability to screenshot videos. In support, he states as follows:

1) Cantwell has previously filed a motion for extension of the discovery and trial deadlines which was supported by a declaration describing the difficulties he has had accessing the hundreds of files of electronic discovery and court filings that he had dumped on him by the defendants in April 2021; he hereby incorporates that declaration by reference herein.

-1-

2) Cantwell is currently housed at the USP-Marion Communications Management Unit ("CMU"). <u>Sworn Declaration Of Christopher Cantwell As To The USP Marion CMU</u> ("Cantwell CMU Decl") <u>para</u> 2. Cantwell has previously complained to this Court by letter brief about the conditions at USP-Marion CMU and the delay of his commnications to and from the Court. At the USP-Marion CMU, Cantwell has access to a single computer on the SHU on which he can view electronic documents and discoveries that have been provided to him on a physical drive. <u>Cantwell CMU Decl para</u> 3-4. This computer lacks any printing ability, printer, or means to screenshot video. <u>Cantwell CMU Decl para</u> 5. Because of this, Cantwell cannot produce exhibits to his pleadings before this Court. <u>Cantwell CMU Decl para</u> 6.

3) Cantwell is also unlearned in the law and "legally illiterate". <u>Cantwell CMU Decl para</u> 7. Cantwell is being assisted in this matter by lay counsel, William A White, who is an experienced federal litigator and has won a number of actions against the United States. <u>Cantwell CMU Decl para</u> 8-10; <u>Sworn Declaration of William A White</u> ("<u>White Decl</u>") <u>passim</u>. Cantwell needs White's assistance to articulate his position in this matter to the Court. <u>Cantwell Decl para</u> 10, 12. But, USP-Marion staff will not allow White to view Cantwell's electronic discovery or electronic copies of court filings. <u>Cantwell Decl para</u> 11.

4) The right of a prisoner to access to the Courts was first recognized in <u>Ex Parte Hull</u> 312 US 546 (1941). In <u>Cochran v Kansas</u> 316 US 255 (1942), the Supreme Court first enumerated specific ways in which prison staff were prohibited from infringing upon that right, including using physical force to coerce an inmate from pursuing an appeal, seizing the inmate's legal papers, and, delaying the mailing of papers past court ordered deadlines. In <u>NAACP v Buiton</u> 371 US

415 (1963), the Supreme Court recognized the free speech right of lay parties to advise on litigation as long as they do not engage in barristry, champetry, or, similar acts. In <u>Johnson v Avery</u> 393 US 483 (1969), the Supreme Court recognized the right of prisoners to lay counsel in the preparation of petitions for habeas corpus. In <u>Wolff v McDonnell</u> 418 US 539 (1979), the Supreme Court extended the right of lay counsel to the preparation of civil rights complaints. The Supreme Court has never specificlaly addressed whether the right of lay counsel would extend to the defense of a civil matter, but, its logic in <u>Wolff</u> would imply that extension. Specifically, the right to lay counsel is derivative of the litigating prisoner's right of access to the courts and is to ensure that persons "totally or functionally illiterate" or otherwise disabled or disadvantaged in litigation are able to articulate their positions to the Courts. <u>Wolff</u>.

5) Cantwell is not "totally or functionally illiterate" but he is legally illiterate, and, to date, the Plaintiffs have been using this fact to run him over in this litigation. Cantwell has defaulted a number of important procedural rights and has allowed the bad behavior of his co-defendants lead to adverse influences and established facts that severely disadvantage him. He has also failed to make a motion for summary judgment that would have at least severely narrowed the issues that could be presented at trial in this matter. And, to date, no defendant, included the represented defendants, have raised even basic challenges to the Plaintiff's legal theories, like the binding Fourth Circuit precedent that says that conspiracies against "Jews" or any class other than Negroes and Republicans are not actionable under 42 USC §1985(3).

6) Further, the United States Department of Justice has indicated that

it has a continuing interest in this matter and may still charge the defendants criminally in this matter; it is a standard DOJ tactic to use civil suits like this as a test run. Plaintiff's counsel, John Benjamin Rottenborn, is closely tied to the US Attorney's Office for the Western District of Virgnia through his wife, and, Timothy Heaphy, former US Attorney for the Western District of Virginia and someone who, through his wife, Lori Shinseki, has high level tied to the Democratic Party and the Obama administration, has also been personally involved in investigating this case. Thus, prison officials at the USP-Marion CMU also have a motive to interfere with any successul defense of this matter due to the political instructions of their masters in the current Biden administration.

7) Cantwell needs substantial assistance to prepare for trial in this matter and that means having someone with some understanding of the Federal Rules of Evidence and federal trial and motion practice assist him. That person is White, and, Cantwell needs White to have access to the electronic evidence and filings in this matter in order to advise Cantwell where the strengths and weaknesses are in the Plaintiff's case, how to develop his evidence, and, how to present his evidence. White also needs access to the Second Amended Complaint so he can determine exactly which torts are alleged against Cantwell, what their elements are, and, what the laws are that apply to Cantwell's case so that Cantwell can prepare jury instructions and motions in limine. And, White needs access to the expert reports so he can help Cantwell articulate motions in limine in regards to that evidence as well.

8) Because the United States is not a party to this matter, the Court needs to Order the United States, who is being served with this motion,

to appear and answer why it is infringing Cantwell's right of access to the Courts and not providing him adequate equipment and access to lay counsel to articulate his position to the Court.

Thus, Cantwell asks that an appropriate order be entered on showing of good cause pursuant to the All Writs Act 28 USC §1651 and the inherent power of the court.

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

## CERTIFICATE OF SERVICE

I hereby certify that this Motion was mailed to the Clerk of the Court for posting upon the ECF, 1st Class Postage Prepaid, this 9th day of September, 2021, and, will be mailed to the US Attorney's Office for the Western District of Virginia, the Federal Bureau of Prisons, and, US Attorney General Merrick Garland, certified mail on that date or as soon thereafter as USP-Marion authorities permit.

Christopher Cantwell