IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

| | |
|---|---|
| Elizabeth Sines, et al | [ [ [ |
| Plaintiffs | [ |
| v. | [   Case No:   17-cv-072 |
| Jason Kessler, et al | [ [ [ |
| Defendants | [ [ |

### SWORN DECLARATION OF WILLIAM A WHITE

I, William A White, do herbey aver under penalty of perjury that the following is true and correct this 9th day of September, 2021:

1)  I am over the age of 18 and have personal knowledge of the following.

2)  I am a federal prisoner serving a term of 389 months imprisonment at the United States Penitentiary ("USP") -- Marion Communications Management Unit ("CMU").

3)  I have detailed elsewhere my involvement in infiltrating and disrupting the FBI's Counter-Terrorism Division's Domestic Terrorism Strategic Operations Section's Domestic Terrorism Operations Unit's control of the "white supremacist extremist movement" during the period 2001-2008.  see, eg, United States v White WD Va Case No: 08-cr-054 Doc 411, et al;  United States v White MD Fl Case No: 13-cr-304 Doc 208.

4) I act as lay counsel to many persons, primarily members of organizations and governments hostile or adversarial to the United States. Cases I have litigated or am litigating include:

   a) United States v Bin Laden SD NY Case No: 98-cr-1023 nunc sub nomine United States v al-Owhali 2nd Cir App No: 20-3174, in which I have obtained a certificate of appealability for members of al-Qaeda's military leadership wrongfully convicted of violating 18 USC §924(c) in conjunction with the bombings of the US embassies in Nairobi and Dar Es Salaam;

   b) United States v Kourani SD NY Case No: 17-cv-417, where I am working with a member of Hezbollah's Islamic Jihad Organization seeking en banc consideration on appeal of whether the disparate sentences handed down by strongly Israel-identified judges to Muslims accused of terrorism vis a vis non-Muslims with the same charges or not strongly Israel-identified judges to Muslims constitutes substantive and procedural unreasonableness;

   c) Al-Kassar v Julian SD Ind Case No: 18-cv-086, where the Plaintiff, brother in law of the Director of Syrian Intelligence and long time supporter of Palestinian liberation movements, was tortured by the Bureau of Prisons ("BOP") after refusing to assist the US war effort against his country;

   d) United States v Duka D NJ Case No: 13-cr-3664, et al, the "Fort Dix Five" case which I understand was recently covered in The Intercept. Here, I did essentially all of the research and the initial briefings arguing that Martinez v Ryan 132 S Ct 1309 (2012) rulings on ineffectiveness of post-conviction counsel

should be extended to federal prisoner's 28 USC §2255 petitions, particularly in the instant case where the defendants were convicted of conspiracy to murder by a jury that was not properly instructed on the element of mens rea and are likely actually innocent;

e) <u>Smadi v Michaelis</u> SD Ill Case No: 19-cv-217, where Muslim inmates were wrongfully denied access to Halal food;

f) <u>Smadi v True</u> 783 F Appx 633 (7th Cir 2019), where a Muslim inmate was subjected to a number of arbitrary communications restrictions and repeatedly issued disciplinary tickets because of his mental illness, and, the District Court incorrectly ruled that no relief was available for violation of federal inmate's Constitutional rights.

5) Additionally, I have won several important rulings in my own cases, most of which remain pending, including:

a) <u>White v Berger</u> 709 F Appx 532 (11th Cir 2017) and <u>White v Berger</u> 769 F Appx 784 (11th Cir 2019) (complementing me on my federal motions practice) regarding the government's use of torture to obtain my convictions in <u>United States v White</u> MD Fl Case No: 13-cr-304;

b) <u>White v United States</u> 2020 US Dist LEXIS 210326 (WD Pa 2020) (R+R) (later adopted) finding that Post-Traumatic Stress Disorder ("PTSD") is a physical injury for purposes of the Prison Litigation Reform Act ("PLRA").

6) I have also obtained the release from prison of several wrongfully detained persons, including:

a) <u>Daniels v Owens</u> ND Ill Case No: 15-cv-5700, a 28 USC §2241 case where the Petitioner, Sterling Daniels, had become involved in a sexual relationship with a halfway house employee who wrote

him malicious disciplinary reports when he tried to break off the relationship, resulting in him being returned. to prison administratively by the BOP to serve a 17 month term; he was released in a settlement;

b) <u>United States v Davis</u> ND Ill Case No:  13-cv-772, where an Assistant US Attorney presented to a Grand Jury testimony a Chicago police officer had previously given in a state court and which had been adjudicated  to be perjury by that court to obtain the indictment of Nichols Davis in a drug conspiracy, I wrote a motion to dismiss the indictment which was later adopted by Davis' counsel and which resulted in dismissal and Davis' release.

Having so averred, I sayeth no more under oath.

William A White #13888-084
USP-Marion
PO Box 1000
Marion, IL 62959

-4-