IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 16 2021

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

| | |
|---|---|
| Elizabeth Sines, et al<br>  Plaintiffs<br>v<br>Jason Kessler, et al<br>  Defendants | Case No: 3:17-cv-072-NKM |

MOTION IN LIMINE FOR A DETERMINATION THAT SIMPLE ASSAULT, SIMPLE BATTERY, AND/OR, ANY OTHER ACT INCAPABLE OF CAUSING BODILY HARM BUT INVOLVING THE USE OF FORCE IS NOT A "BADGE OR INCIDENT OF SLAVERY" PROSCRIBED BY US CONST AMEND XIII

---

Comes now the Defendant, Christopher Cantwell, and he hereby Moves this Court for a Determination In Limine That Simple Assault, Simple Battery, And/Or, Any Otrher Act Incapable Of Causing Bodily Harm But Involving The Use of Force Is Not a "Badge Or Incident Of Slavery" Procribed by US Const Amend XIII. In support, he states as follows:

1) Cantwell has previously briefed this Court in his Motion in Limine For A Determination That Bias Against Those Who Identify As "Jews" Is Not A Form Of "Class Based Invidiously Discriminatory Animus" Prohibited By 42 USC §1983(3), Plaintiffs are proceeding in this action under a theory that Cantwell and his co-defendants conspired to impose the "badges and incidents of slavery" upon them in violation of US Const Amend XIII.

2) US Const Amend XIII gives Congress the power to abolish all "badges and incidents" of slavery. <u>Jones v Alfred H Mayer Co</u> 392 US 409 (1968). These "badges and incidents" include racial violence directed against Negroes; in passing the original of 42 USC §1985(3) in

-1-

Congress specifically found that "arson, robbery, whippings, shootings, [and] murder" and "murder, manslaughter, mayhem, robbery, assault and battery, perjury, subornation of perjury, criminal obstruction of legal process or resistance of officers in discharge of official duty, arson, or larceny" were among the badges and incidents of slavery that it intended to prohibit. <u>Briscoe v LaHue</u> 466 US 325 (1983) citing <u>Cong Globe</u> 42d Cong 1st Sess 236, 244, 317 (1871). And, this was reaffirmed as recently as 2009, when Congress passed the Matthew Shepard and James Byrd Jr Hate Crimes Prevention Act of 2009, Oct 28, 2009, PL 111-84 Div E, 123 Stat 2190, stating that, "eliminating racially motivated violence is an important means of eliminating to the extent possible the badges, incidents and relics of slavery and involuntary servitude." cited in <u>United States v Roof</u> 225 F Supp 438 (D SC 2016).

3) The Supreme Court began defining what the term "violence" means when used in law when it decided <u>Leocal v Ashcroft</u> 543 US 1 (2004), in which it had to decide whether or not drunk driving involved the "use of violence". In so doing, the Court found that "violence" means "the use ... physical force against the person or property of another." Then, in 2010, in <u>Johnson v United States</u> 559 US 133 (2010), the Supreme Court clarified what "use of physical force" means. There, the Supreme Court specifically rejected the idea that simple battery was a form of "violence" as contemplated under federal law, noting that "the lightest offensive touching" could constitute a battery, while "'physical force' means violent force -- that is, force capable of causing pain and injury to another person. see, <u>Flores v Ashcroft</u> 350 F 3d 666 (7th Cir 2003)". <u>Johnson</u>.

4) Statutes are read noscitur a sociis, and, that means that when "sev-

-2-

eral items in a list share an attribute [this] counsels in favor of the other items as possessing that attribute as well." <u>Beecham v United States</u> 511 US 368 (1994). Here, then, in 1871, Congress gave a list of acts that it thought could constitute violations of US Const Amend XIII for purposes of 42 USC §1985(3). While "assault and battery" appears on that list, it is in the company of crimes like arson, murder, and, robbery, all felonies. From this, as in <u>Johnson</u>, and, given the continuing use of the term "violence" and not "force" as Congressional examples of the "badges and incidents of slavery", this Court should conclude that to violate someone's rights under US Const Amend XIII, one must use physical force constituting violence or a violent felony, and, not the mere offensive touching that is the hallmark of simple assault and battery. Read particularly in the context of the concern that 42 USC §1985(3) not become a general tort statute, highlighted in <u>Griffin v Breckenridge</u> 403 US 88 (1971), <u>United Brotherhood of Carpenters and Joiners of America v Scott</u> 463 US 825 (1983), and, similar decisions, the fact that there are alternate remedies at state law, including an action for assault under common law, for such torts, this construction of 42 USC §1985(3) most accurately reflects Congressional intent.

Thus, for good cause shown, Cantwell asks that this Court rule in limine that simple assault, simple battery, and/or, any other act incapable of causing bodily harm but involving the use of force is not a "badge or incident of slavery" proscribed by US Const Amend XIII.

                                                Respectfully Submitted,

                                                */s/ Christopher Cantwell*
Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

-3-

## CERTIFICATE OF SERVICE

I, Christopher Cantwell, do hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage Prepaid, for posting on the ECF to which all other parties are subscribed, and, was handed to Nathan Simpkins and/or Kathy Hill for electronic transfer to the Court, this 14th day of September, 2021.

_____
Christopher Cantwell