IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Elizabeth Sines, et al | [ |
| Plaintiffs | [ |
| v | [ Case No: 3:17-cv-072-NKM |
| Jason Kessler, et al | [ |
| Defendants | [ |

RESPONSE TO THE COURT'S ORDER ON TRANSPORTATION COSTS (Doc 1031)

Comes now the Defendant, Christopher Cantwell, and, he makes the following Response to the Court's Order, Doc 1031, suggesting that he pay Transportation costs:

1) Though the Court's Order is dated August 26, 2021, Cantwell did not receive it until September 9, 2021. Doc 1031. Cantwell has promptly responded.

2) The Court cites no authority suggesting that it can assess transportation costs against Cantwell or any other party. While the Court does cite to Muhammad v Warden, Balt City Jail 849 F 2d 107 (4th Cir 1988) for the proposition that such costs can be considered in the decision to grant a Writ of Habeas Corpus Ad Testificandum, it does not authorize the assessment of those costs.

3) The assessment of costs is authorized by 28 USC §1915 and §1920. 28 USC §1915 is the in forma pauperis statute, and, while it makes prisoners liable for certain costs if they bring an action, it is not applicable to a prisoner defending an action. Cantwell has attached a motion for IFP status to this motion.

4) 28 USC §1920 allows the court to assess certain costs against a party

-1-

against him judgment is entered, and, the only case that Cantwell could find on short notice, assessing costs of prisoner transportation, <u>Card v DC Dep't of Corr</u> 2005 US Dist LEXIS 48692 (ED Va 2005), took this approach; there, the prisoner won the case and the DC Dep't of Corrs was ordered to pay the US Marshals' Service's costs. <u>Card</u>, however, was likely wrongfully decided in this regard.

5) 28 USC §1921 lists the only costs born by the US Marshals' Service that can be awarded against a party, and, prisoner transportation costs don't seem to be among them.

6) Cantwell also doubts that it costs the USMS $15,000 to place him in an empty seat on an already chartered plane that would be travelling with that seat empty if he wasn't in it.

Thus, Cantwell believes that this Court has no statutory authority to awrd the costs of transportation to and from trial against him or any party. If it does have such authority, it may only award costs against the party against whom judgment is taken as regards Cantwell. Further, any such award would be governed by the IFP statute and subject to remittitur. Thus, at best, this is an issue that should be addresses post-judgment, where Cantwell would want discvoery as to the actual costs of his transportation.

Respectfully Submitted,

*/s/ C. Cantwell*

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

## CERTIFICATE OF SERVICE

I herbey certify that this Response was mailed to the Clerk of the Court,

-2-

1st Class Postage Prepaid, this ~~15~~ (6th day of September, 2021, for posting on the ECF, to which all other parties are subscribed, and, was handed to USP-Marion staff members Kathy Hill and/or Nathan Simpkins for electronic transmittal to the Court.

*C. Cantwell*
Christopher Cantwell