IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

Elizabeth Sines, et al [
    Plaintiffs [
     [
v [ Case No: 17-cv-072
     [
Jason Kessler, et al [
    Defendants [

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

MOTION TO COMPEL CO-DEFENDANTS' FED.R.CIV.P. 26(a) DISCLOSURES

TO COMPEL PLAINTIFFS' DISCLOSURE OF THE DEPOSITION OF CHRISTOPHER CANTWELL AND

TO COMPEL PLAINTIFFS TO PROVIDE PAPER COPIES OF ALL FILINGS AND DISCOVERY PREVIOUSLY PROVIDED IN ELECTRONIC FORMAT

---

Comes Now the Defendant, Christopher Cantwell, and, Moves the Court Pursuant To Fed.R.Civ.P. 37 To Compel his Co-Defendants to provide him their Fed.R.Civ.P. 26(a) Disclosures, To Compel Plaintiffs To Disclose the transcript of the Deposition of Christopher Cantwell, and, to Compel Plaintiffs To Provide Paper Copies Of All Filings And Discovery Previously Provided In Electronic Format. In support, he states as follows:

1) Cantwell has recently filed a Motion for Extension Of Time in relation to all discovery, pre-trial, and, trial deadlines to which is attached declaration which is hereby incorporated here by reference. Fed.R.Civ.P. 10(c). In essence, Cantwell has not had reasonable access -- or, often, any access -- the discovery material provided electronically by the Plaintiffs, including almost all of the filings made on the record in this matter.

2) Furthermore, as described in the attached <u>Sworn Declaration Of Christopher Cantwell As To Co-Defendants' Discovery</u> (Cantwell Co-Def Decl)

-1-

    no co-defendant has served their mandatory initial Fed.R.Civ.P. 26(a) disclosures on Cantwell.

3) And, also as per the <u>Cantwell Co Def Decl</u>, the Plaintiffs deposed Cantwell August 20, 2021, but, have not disclosed the trancript to him pursuant to Fed.R.Civ.p. 26(a)(1)(A)(ii).

4) Fed.R.Civ.P. 26(a)(1)(A)(i)-(ii) require each party to "without awaiting a discoveyr request, provide to the other parties" essentially names of all persons have discoverable information and a copy of all documents that will support their claims or defenses. This rule requires co-defendants to serve this information on their co-defendants. Cantwell, however, notes that many of his co-defendants have chosen to default on this obligation not only to the Plaintiffs but to him as well.

5) Further, given the pendency of the pre-trial and trial dates, Plaintiffs should have served a transcript of Cantwell's declaration upon him promptly.

6) As to the electronic material, Cantwell's problems related to the late disclosure and his subsequent transfer have been adequately detailed in the motion for extension of time, while his current problems viewing and utilizing the material are, in essence, three fold:

    a) Cantwell does not yet have the electronic discovery in full;

    b) The computer that Cantwell can access to view the electronic discovery does not allow him to print material or screenshot videos and similar material, preventing him from being able to produce exhibits to this Court; and,

    c) Cantwell is unlearned in the law and reliant upon lay counsel to assist him, while USP-Marion has barred lay counsel from viewing the electronic discovery materials.

7) Fed.R.Civ.P. 34(a)(1)(A) requires responding parties to "translat[e] ... into a reasonably usable form" all produced documents and electronically stored information. Right now, the information provided electronically to Cantwell is not usable. If the Court will make the United States appear, or, perhaps, have a conference with Cantwell, Plaintiffs, and, the United States, there may be some equitable solution that will make the electronically released material "reasonably usable". However, right now, there is not, so, Cantwell needs this material in paper form and promptly so that he can prepare for the pending pretrial and trial dates.

Thus, Cantwell asks this Court for good cause shown to enter Orders compelling his co-defendants to produce to him their Fed.R.Civ.P. 26(a) disclosures, to compel the Plaintiffs to produce to Cantwell a transcript of his deposition, and, to compel the Plaintiffs to produce to Cantwell all of the material previously provided to Cantwell in electronic format in paper format.

                                                Respectfully Submitted,

                                                */s/ Christopher Cantwell*
                                                Christopher Cantwell
                                                USP-Marion
                                                PO Box 1000
                                                Marion, IL 62959

                                  CERTIFICATE OF SERVICE
                                  -----------------------

I hereby certify that this Motion to Compel was mailed to the Clerk of the Court for posting upon the ECF to which all parties are subscribed, 1st Class Postage prepaid, this 8th day of September, 2021.

                                                */s/ Christopher Cantwell*
                                                Christopher Cantwell