IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Elizabeth Sines, et al

    Plaintiff

v.    Case No: 3:17-cv-072

Jason Kessler, et al

    Defendants

MOTION IN LIMINE FOR A DETERMINATION THAT BIAS AGAINST THOSE WHO IDENTIFY AS "JEWS" IS NOT A FORM OF "CLASS BASED INVIDIOUSLY DISCRIMINATORY ANIMUS" PROHIBITED BY 42 USC §1985(3)

---

Comes Now the Plaintiff, Christopher Cantwell, and, he Moves this Court In Limine For A Determination That Bias Against Those Who Identify As "Jews" Is Not A Form Of "Invidious Class Based Discriminatory Animus" For Purposes Of 42 USC §1985(3). In support, Cantwell states as follows:

1) In this matter, Plaintiffs, who are members, supporters, or, associates of the Antifa domestic terror organization, haved sued Defendants for "conspiracy to engage in violence against racial minorities and their supporters." Sines v Kessler 324 F Supp 3d 765 (WD Va 2018) However, as the years have passed and discovery in this matter has progressed,

    Plaintiffs have been moving away in their pleadings from describing Defendants' animosity as being directed against "Negroes or their supporters," i.e., Republicans, the only groups the Supreme Court has ever found protected under 42 USC §1985(3), and, towards "religious minorities" or "jews". As binding case law in the Fourth Circuit, Shaare Tefila Congregation v Cobb

-1-

785 F 2d 523 (4th Cir 1986) reversed on other grounds <u>Shaare Tefila Congregation v Cobb</u> 107 S Ct 2019 (1987) finds that bias against those who identify as Jews or practice Judaism is not a form of "class based invidiously discriminatory animus" prohibited by 42 USC §1985(3), the Plaintiffs may not proceed in this matter under a theory that Defendants violated 42 USC §1985 or §1986 by acting with such bias, and, Cantwell would like a ruling on this issue in limine (particularly as it will impact additional motions in limine filed contemporaneously with or subsequently to this motion).

2) In <u>Griffin v Breckenridge</u> 403 US 88 (1971), the Supreme Court ruled that 42 USC §1985(3) reached beyond actions by state actors and could do so Constitutionally as an extension of Congress' powers under US Const Amend XIII §2, as well as the power to protect the right of interstate travel. The plaintiffs in <u>Griffin</u> were "Negro citizens of the United States", and, their claim was that defendants had stopped their car in DeKalb Mississippi because of defendants' belief that they were civil rights organizers, and, that defendants, who were armed, had forced them out of their car, detained them, and, beaten them. The District Court dismissed the case pursuant to <u>Collins v Hardyman</u> 341 US 651 (1950) and the Fifth Circuit affirmed, finding that state action was necessary to a claim under 42 USC §1985(3). The Supreme Court reversed, stating that:

"The constitutional shoals that would lie in the path of interpreting 42 USC §1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose -- by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment [in the 1871 Congress that passed the act]. ... The language requiring the intent to deprive of equal protect-

ion, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

<u>Griffin</u>.

The Court then said in a footnote that:

"We need not decide, given the facts of this case, whether a conspiracy motivated by invidiously discriminatory intent would be actionable under the portion of §1985(3) before us. cf <u>Cong Globe</u> 42d Cong 1st Sess 567 (1871) (remarks of Senator Edmunds)"

<u>Griffin</u>.

3) Several Circuit courts then latched on to the footnote referencing the remarks of Senator Edmunds, which were these:

"We do not understand this bill to interfere with what would be called a private conspiracy growing out of a neighborhood feud of one man or set of men against another to prevent one getting an indictment in the State courts against men for burning down his barn; but, if in a case like this, it should appear that this conspiracy was formed against this man because he was a Democrat, if you please, or, because he was Catholic or because he was a Methodist, or because he was a Vermonter ... then this section would reach it."

<u>Cong Globe</u> 42d Congress 1st Sess 567 (1871).

And, as a result, a proliferation of forms of private conspiracy that could be reached under 42 USC §1985(3) were created, from conspiracies against followers of political candidates to conspiracies against women who want abortions to conspiracies against cult deprogrammers.

4) In this chaos, the Fourth Circuit ruled that religious discrimination

-3-

was a form of "class based invidiously discriminatory animus" that could form the basis of a conspiracy proscribed by 42 USC §1985(3). Ward v Connor 657 F 2d 45 (4th Cir 1981). Ward has not been cited by the Fourth Circuit since 1985 and, as explained infra, is no longer good law. see, eg, Trerice v. Summans 755 F 3d 1081 (4th Cir 1985) (refusing to recognize "military prisoners" as a protected class under 42 USC §1985(3), citing Ward in dicta).

5) To clean up the mess created by Griffin, in 1983, the Supreme Court decided United Brotherhood of Carpenters And Joiners v Scott ("United Brotherhood") 463 US 825 (1983). In United Brotherhood, a group of union employees attacked the job site of a company using non-union labor. The company and two of the laborers who had been attacked then sued the union under 42 USC §1985(3), claiming that the union had conspired to violate their rights under US Const Amend I and XIV. United Brotherhood. The Supreme Court found that no such claim existed, as US Const Amend I and XIV protect rights guaranteed against state action, not the action of private individuals. United Brotherhood. This, in turn, differentiates conspiracies against speech, religion, or, association, the rights guaranteed under US Const Amend I, from conspiracies such as the one alleged in Griffin, which arose under US Const Amend XIII, which prohibits slavery both by private and state actors. United Brotherhood. In describing the scope of conspiracies prohibited by 42 USC §1985(3), the Supreme Court then also found that:

"It is a close question whether §1985(3) was intended to reach any class based animus other than the animus against Negroes and those who championed the same, most notably Republicans."

United Brotherhood.

6) This then led to Shaare Tefila Congregation ("Shaare Tefila"). In

-4-

Shaare Tēfila, a man vandalized a synagogue in Silver Spring, Maryland by spraypainting anti-Judaic slogans on its outer walls. The congregation sued under 42 USC §1981, §1982, and, §1985(3). Shaare Tēfila. The District Court dismissed the case because "Jews" were not a race for purposes of 42 USC §1981, §1982, or §1985(3), statutes which, it should be noted, were passed as part of different acts by different Congresses and cannot necessarily be read together. Shaare Tefila. The Fourth Circuit affirmed, and, the Supreme Court granted certiorari only on the question of whether or not "Jews" were a "race" for purposes of 42 USC §1982, which is privately enforceable. Shaare Tefila citing Jones v Alfred H Mayer Co 392 US 409 (1968). The Supreme Court then concluded that "Jews" were a race for purposes of 42 USC §1982, leaving undisturbed the decision that bias against those who identify as "Jews" was not a form of "class based invidiously discriminatory animus" prohibited by 42 USC §1985(3), leaving that the law in this Circuit which this Court is bound to apply.

7) And, the current law that bias against "Jews" is not a form of "class based invidiously discriminatory animus" prohibited by 42 USC §1985(3) is correct. Ruling otherwise opens up a can of worms that the Court should not open.

8) At the same time that Shaare Tēfila was decided, the Court decided St Francis v al-Khazraj 481 US 604 (1987). In al-Khazraj, the Plaintiff sued a university for discriminating against him based upon race, religion, and, national identity under 42 USC §1981. The Court ruled that these various slices of his identity had to be pulled apart; that al-Khazraj could proceed under the theory that he was discriminated against because of his race (Arab), but, not because of his

-5-

religion (Islam) or national identity (Iraqi). Al-Khazraj. Similarly, in United States v Diggins 435 F Supp 3d 268 (4th Cir 2019), the Fourth Circuit found that "racially motivated violence" was an "incident and bage of slavery", citing to the Matthew Shepherd And James Byrd Jr Hate Crimes Prevention Act Oct 28, 2009, PL 111-87 Div E 123 State 2190, but, did not extend this ruling to "religiously motivated violence." Thus, should the Court believe that the binding precedent of Shaare Tëfila is somehow not binding on this Court, it will have to separate the various forms of animus against "Jews" displayed by the defendants in this matter and craft an instruction limiting the jury to finding a form of animus based on race, rather then any other form of Judaic identity, a thin slice to cut.

9) Because bias against "Jews" is not a form of "class based invidiously discriminatory animus" that can form the basis of a private 42 USC §1985(3) claim, because Jews are not Negroes or Republicans (at least not in theory), the only two classes protected under US Const Amend XIII as applied to 42 USC §1985(3), and, because the animus here against Jews was not racial or religious but economic, cultural, and political, this Court shoudl find that the Plaintiffs may not, at trial, pursue a theory of liability under 42 USC §1985(3) or 42 USC §1986 that involves a motive of bias against those who identify as Jews.

Respectfully Submitted,

*/s/ Christopher Cantwell*
Christopher Cantwell
9-7-2021

-6-

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage prepaid, this 7th day of September, 2021, for posting on the ECF, to which all parties are subscribed.

*[signature]*
Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Office of the Clerk
U.S. District Court for
the Western District of Virginia
Charlottesville Division
255 West Main Street
Room 304
Charlottesville, VA 22902

