IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 2 0 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Elizabeth Sines, et al [
[
Plaintiffs [
[
v [ Case No: 3:17-cv-072-NKM
[
Jason Kessler, et al [
[
Defendants [
[

RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
DEFENDANT MATTHEW HEIMBACH (Doc 457, 539, 1006)

------------------------------------------------

Comes now the Defendant, Christopher Cantwell, and, he makes the following Response to the Plaintiff's Motion for Sanctions against Defendant Matthew Heimbach (Doc 457, 539, 1006):

1) On August 12, 2021, Plaintiff filed a Supplemental Memorandum Of Law In Support Of Plaintiff's Motion To Sanction Defendant Matthew Heimbach (Doc 1006). Plaintiffs here ask that "the Court ... impose mandatory adverse inferences at trial that Heimbach intentionally spoliated his Android and BU 800P cell phones, his laptop, his Gab, VK, and, DS social media accounts, and, hard copy documents, and, that he was aware that each device, account, and, document contained damaging information against Heimbach related to Plaintiff's claims." Doc 1006 p 26.      Cantwell

asks that any relief the Court may grant be limited so that any adverse inference entered against Heimbach or any finding of established facts be phrased so that it is clear that there is no "spillover"   prejudicial to him.

-1-

2) Cantwell is still without the benefit of the full record in this matter, and, is proceeding on the facts of the Complaint as given in the Court's Order granting in part and denying in part the Defendants' Motion to Dismiss. Sines v Kessler 324 F Supp 3d 765 (WD Va 2018). In that Order, three sets of allegations supporting the claims of conspiracy are identified:

   a) allegations relating to fighting that occurred around the statue of Thomas Jefferson August 11, 2017;

   b) allegations relating to fighting that may have occurred August 12, 2017;

   c) facts related to a car accident involving James Fields.

3) According to Sines v Kessler (WD Va 2018), Cantwell is alleged to have met with defendants Robert Ray, Jason Kessler, Elliot Kline aka Eli Mosley, and, David Duke on August 11, 2017, "to plan and direct ... unlawful acts of violence." Cantwell is alleged to have personally participated in fighting at the Jefferson statue on August 11, 2017. Cantwell is not alleged to have personally participated in an assault on August 12, 2017, nor is he alleged to have been involved in Fields' car accident.

4) Separately from Cantwell, defendant Vanguard America ("VA"), James Fields, Nationalist Front ("NF"), National Socialist Movement("NSM"), related defendant Jeff Schoep, Traditionalist Workers' Party ("TWP") and related defendants Matthew Heimbach and Matthew Parrott, the League of the South ("LoS") and related defendants Michael Hill and Michael Tubbs, and, from the filings of the plaintiffs to date, defendant Robert Ray, are alleged to have conspired on a private Discord Server Channel "Southern Front" and otherwise to wear uniforms, train in military tactics, carry shields and bear arms on August 12, 2017, with the intent of engaging in violence. Sines v Kessler (WD Va 2018).

-2-

5) The Magistrate in this matter recommended that judgment be entered against defendant NF. Doc 967. NF is an unincorporated association; its counsel describes it an "alliance". Doc 967 p 5. As such, it is essentially a partnership for purposes of liablity, and, thus, liability passes through to its partners, purportedly NSM, TWP, and LoS, which, if these are also unincorporated associations, passes through to Schoep, Heimbach, Parrott, Hill and Tubbs. So, in essence, a default which will result in a default judgment for which they will be liable has already been entered against these nine defendants. Several of these defendants are also the current subject of motions requesting that additional adverse inferences be drawn against them. see, eg, Doc 982.

6) From Mr Cantwell's perspective, the question in this matter is not whether or not the nine defendants of para 5, supra, and, the other defendants against whom adverse inferences have been entered: Ray, Kline, Fields and VA, conspired as described in the Second Amended Complaint; he is agnostic on that point. The question is that he did not conspire with these defendants or any other defendant as described in the Second Amended Complaint, and, that he does not wish for what the Court calls "spillover" from the adverse inferences being drawn against these defendants, particularly Kline and Ray, the two defendants alleged to have brought him into the conspiracy, to affect him.

7) The evidence presented by the Plaintiffs with their motion here, Doc 1006-2 p 102, already suggests that all of the defendants here did not coordinate their activities. As Heimbach states: "Respondent Heimbach and the Traditionalist Workers Party developed their own plan for the event, ignoring Eli Mosley [Kline]." Doc 1006-2 p 102.

8) Cantwell believes that the following facts will be developed at trial in this matter:

   a) Cantwell is a professional radio and podcast host and standup comedian and has been such since 2013;

   b) some months before the events of August 11 to 12, 2017, Cantwell communicated with Ray for the purpose of having Ray appear on Cantwell's The Radical Agenda podcast to discuss an event Ray attended in Texas;

   c) other than as regards (b), supra, Cantwell has little to no contact with Ray prior to Augsut 11, 2017;

   d) Cantwell first met Kline about June or July 2017 at the apartment of Richard Spencer, just prior to a free speech event in Washington, DC;

   e) At the meeting at Spencer's apartment, Kline discussed a plan to flee the free speech event should it be attacked by the domestic terror organization Antifa;

   f) Cantwell had little or no contact with Kline after the free speech event of (d)-(e), supra, and before August 11, 2017;

   g) Two Discord Servers were used to plan the Charlottesville Unite The Right ("UTR") event as relevant to this case: the Charlottesville 2.0 server and the Southern Front server;

   h) The Charlottesville 2.0 server and the Southern Front server were not in direct contact with each other and a person had to specifically join the server to participate;

   i) Cantwell joined the Charlottesville 2.0 server about August 7, 2017, and transmitted a total of 13 public messages and about 12 private messages total through that server, all of which will be admitted at trial;

   j) Cantwell never joined or otherwise accessed the Southern Front Discord server;

k) Cantwell was invited to the so-called "leadership meeting" of the morning of August 11, 2017, by Jason Kessler and a man using the name of "Kurt Vandal";

l) Cantwell is unaware of any evidence that the Plaintiffs can present demonstrating that Kessler or Vandal were members of the alleged conspiracies;

m) Cantwell did not consider himself a leader or organizer of the UTR event and does not know why he was invited to the so-called "leadership meeting";

n) Cantwell met Ray in person for the first time at the so-called "leadership meeting";

o) At the time Cantwell met Ray, Ray was in the company of a black man, named unknown, not a defendant in this case;

p) Cantwell recorded the entirety of the August 11, 2017, so-called "leadership meeting" and that video will be introduced at trial;

q) the video shows definitively that Cantwell did not conspire or agree to join or further an existing conspiracy as alleged in the Second Amended Complaint;

r) At the August 11, 2017, planned peaceful march, Cantwell did not speak to Ray;

s) At the August 11, 2017, planned peaceful march, Cantwell heard Kline giving instructions for persons to move to the left or the right to "keep [members of the Antifa domestic terror organization] away from the torches;

t) Cantwell, from time to time, followed Kline's instructions but was not motivated by racial animus in doing so;

u) Kline's statements of (s), supra, which Cantwell was privy to at the planned peaceful march of August 11, 2017, were recorded and those videos will be introduced at trial;

v) Members of the violent domestic terrorist group Antifa travelled to Charlottesville, Virginia, on or about August 11, 2017, with the intent of committing acts of domestic terrorism against the planned peaceful march to the University of Virginia's statue of Thomas Jefferson ("the planned peaceful march") in which Cantwell participated;

w) Knowing that Cantwell and others planned to peacefully march to the University of Virginia's statue of Thomas Jefferson, the Antifa terrorists appeared armed, some with firearms and others with ASP batons, pepper spray, or other tactical equipment, and in battle uniforms at the base of the statue;

x) The Antifa terror organization attacked Cantwell's planned peaceful march;

y) During the attack of (x), supra, a white male Antifa, referred to as "Beanie Man" in these proceedings to date, attempted to strike Cantwell with his fist without prior provocation from Cantwell;

z) Cantwell lawfully discharged pepper spray at Beanie Man;

aa) Emily Gorcenski and Kristopher Goad filed a complaint with a Virginia state magistrate and ultimately alleged that they had been affected by overspray from the pepper spraying of (z), supra, resulting ultimately in Cantwell pleading guilty to a charge of misdemeanor assault against each of Gorzinski and Goad, a charge that carried no implication of premeditation or identity based bias;

bb) Gorcenski and Goad have signed releases holding Cantwell harmless for the pepper spraying of (z)-(aa), supra;

cc) After the planned peaceful march of August 11, 2017, had concluded, Cantwell exchanged text messages with Kline for the purpose of obtaining

-6-

Kline's police contact, an effort that Kline did not facilitate;

dd) The text messages of (cc), supra, have been preserved and will be introduced at trial;

ee) Cantwell arrived late at the UTR event of August 12, 2017, and, was peppersprayed by Mike Longo, Jr, a member of the Antifa domestic terror organization, before he could reach Lee Park;

ff) As a result of the pepperspraying of (ee), supra, Cantwell had essentially no contact with the named defendants prior to the conclusion of the UTR event (members of defendant organizations may have assisted in the treatment of Cantwell's injuries);

gg) Cantwell did not join a conspiracy by any other means not discussed (a)-(ff), supra.

9) Cantwell is unlearned in the law, and, had he been more learned, he would have moved for summary judgment, as the Plaintiffs have absolutely no case against him at this time. What concerns Cantwell is that, when various defendants are alleged to have conspired to commit acts on August 11th, the only set of acts which Cantwell is reasonably alleged to have participated, there is some implications that the co-defendant with whom it has been established they conspired with is him. Cantwell did, for example, meet both Ray and Kline at this so-called "leadership conference" of the 11th, though Cantwell had almost no other involvement with the two prior to that date. Similarly, Cantwell had some very limited contact with Heimbach. Thus, Cantwell asks now, will ask in limine, and, will ask in the jury instructions, that any adverse inference entered against any defendant or any adverse finding of facts specifically exclude him from any inference of a conspiracy. For example, when the Plaintiffs ask, in the context of defendant Ray, that it be "established" that "Defendant Ray entered into an agreement with one or more coconspirators to plan for the

-7-

Unite the Right event that took place in Charlottesville, Virginia, on August 11 and 12, 2017", that this should read "Defendant Ray entered into an agreement with one or more coconspirators <u>who were not Christopher Cantwell</u> to plan the Unite the Right event ..." And, the adverse inferences against Heimbach should be phrased the same way. Alternately, to return to the Ray example, the adverse inference or established fact should read:

> "Defendant Ray entered into an agreement with one or more coconspirators to plan the Unite the Right event that took place in Charlottesville, Virginia, on August 11 and 12, 2017. <u>The inference may be drawn that these co-conspirators were [the defaulting dedendants] but not Christopher Cantwell [or any other non-defaulting defendant]</u>."

Thus, Cantwell asks this Court to appropriately modify any adverse inference or finding of established fact to avoid prejudice against Cantwell.

Respectfully Submitted,

Christopher Cantwell  9-5-2021
Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

-8-

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Response was mailed to the Clerk of the Court for posting upon the ECF, to which all other parties are subscribed, 1st Class Postage Prepaid, this 7th day of September, 2021.

						*C Cantwell*
						Christopher Cantwell
						USP-Marion
						PO Box 1000
						Marion, IL 62959

-9-

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Office of the Clerk
U.S. District Court for
the Western District of Virginia
Charlottesville Division
255 West Main Street
Room 304
Charlottesville, VA 22902

