IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Elizabeth Sines, et al

   Plaintiffs

v

Jason Kessler, et al

   Defendants

Case No: 3:17-cv-072

MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF DEFENDANTS' PERCEIVED BIASES AGAINST THOSE WHO IDENTIFY AS "JEWS" PURSUANT TO FED.R.EVID. 401, 402, AND 403

---

Comes now the Defendant, Christopher Cantwell, and, he Moves this Court In Limine to Exclude at Trial All Evidence Of his or other Defendants' Perceived Biases Against Those Who Identify As "Jews" Pursuant To Fed. R.Evid. 401, 402, And 403. In support, he states as follows:

1) Simultaneous with the instant motion, Cantwell has filed a Motion In Limine For A Determination That Bias Against Those Who Identify As "Jews" Is Not A Form Of "Class Based Invidiously Discriminatory Animus" Prohibited By 42 USC §1985(3), and, he hereby incorporates the arguments of that motion herein. In essence, the Fourth Circuit has found that bias or animus against those who identify as "Jews" is not an actionable form of "class based invidiously discriminatory animus" pursuant to 42 USC §1985(3) or, by extension, 42 USC §1986. <u>Shaafe Tefila Congregation v Cobb</u> 785 F 2d 523 (4th Cir 1986) <u>reversed on other grounds</u> <u>Shaafe Tefila Congregation v Cobb</u> 107 S Ct 2019 (1987).

2) The gravaman of the instant complaint, and, the primary basis for

-1-

federal jurisdiction is that Cantwell conspired with the other Defendants to impose the "badges and incidences of slavery" on the Plaintiffs because of animus he bore against Negroes or Republicans in violation of US Const Amend XIII. Cantwell is also accused of conspiring to commit and/or committing various common law torts such as assault or intentional infliction of emotional distress, and, is accused of a substantive violation of Va Ann Code §8.01-42.1(A) against Plaintiff "John=Doe", a Negro resident of Charlottesville associated with the Antifa domestic terror organization.

3) Fed.R.Evid. 401 states that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence." Fed.R.Evid. 402 states in pertinent part that "Irrelevant evidence is not admissible." Fed.R.Evid. 403 states that: "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or, needlessly presenting cumulative evidence."

4) Bias against "Jews" is not a form of "class-based invidiously discriminatory animus" upon which a claim pursuant to 42 USC §1985(3) or 42 USC §1986 can be based. Shaare Tefila. It is also not an element of the tort of assault. Carter v Commonwealth 269 Va 44 (Va 2005) (stating the elements of an assault). And, it is not a necessary element of a claim for intentional infliction of emotional distress. Harris v Kreutzer 271 Va 188 (Va 2006) (stating the elements of an intentional infliction of emotional distress claim).

5) Religious animus can be an element of a violation of Va Ann Code §8.01-42.1(A). And, if it were the motive behind an assault or an act of intentional infliction of emotional distress, such animus would be admissible to show the underlying tort. Fed.R.Evid. 401-402.

intended to proceed on a "willful blindness" theory, while Prince-Oyibo initially considered a defense of duress. <u>Prince-Oyibo</u>. Ultmately, neither theory was pursued at trial, and, the District Court thus excluded evidence that Prince-Oyibo was subjected to religious persecution in Nigeria, and, that, as a result, a public official seeking a bribe was an expected thing, not an indication of deeper fraud. <u>Prince-Oyibo</u>. The Fourth Circuit affirmed, stating that, though evidence of religious persecution in Nigeria could have been relevant to certian theories of prosecution or defense, because those theories were not actually presented, evidence of religious persecution was not relevant to the case at it was tried.

8) Further, evidence that is probative must also not infuse the trial with unfair prejudice, which is "prejudice ... [that creates] the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issue properly before it." <u>Mullen v Princess Anne Volunteer Fire Co</u> 852 F 2d 1130 (4th Cir 1988). citing <u>Pine Crest Preparatory School Inc v Phelan</u> 557 F 2d 407 (4th Cir 1971), 1 J Weinstein & M Bergen <u>Weinstein's Evidence</u> para 403[03] (1986). Racial and ethnic comments are among those that can cause such prejudice. "The Supreme Court has long made clear that statements that are capable of inflaming juror's racial or ethnic prejudices degrade the administration of justice," whether offered in testimony or argument. <u>McKiver v Murphy-Brown, LLC</u> 980 F 3d 937 (4th Cir 2020) citing <u>United States v Runyon</u> 707 F 3d 475 (4th Cir 2013), <u>United States v Blankenship</u> 382 F 3d 1110 (11th Cir 2004). Yet, such evidence of class-based animus is admissible when "the use of racially offensive language by the [defendant] is relevant to whether racial animus was behind the [alleged tort]." <u>Mullen</u> citing <u>Abasiekang v City of Shelby</u> 744 F 2d 1055 (4th Cir 1984).

-4-

However, in the complaint, Cantwell is alleged to have assaulted Plaintiffs and/or caused them emotional distress by either personally or in conspiracy with others having charged at "John Doe", a Negro, and/or thrown torches at him because of animus Cantwell bore towards Negroes and/or Republicans. Sines v Kessler 324 F Supp 3d 765 (WD Va 2018). Cantwell understands that the claims against him relating to the other two defendants at the statue have been abandoned, and, that there is no reasonable allegation that any act Cantwell took that impacted "Doe" was motivated by animus against "Jews".

6) Further, Cantwell believes that Plaintiffs will not be able to lay a foundation at trial to support the allegations that he "charged" any person at the Jefferson statue or that he or any person assaulted Doe with a tiki torch. Instead, Cantwell believes that video recordings of the melee around the Jefferson statue will show that various members of the Antifa terror organization attacked the march of which Cantwell was a part, that none of the six Negroes present were involved in the melee, and, that Doe was neither assaulted not impacted by any assault, including by anyone throwing a tiki torch. As a result, Plaintiff's claims against Cantwell recording the Jefferson statue event will have to focus on Cantwell's use of pepper spray, and, that there will be no foundation for any allegation that Cantwell's use of pepper spray was animated by bias against any class of person, including "Jews".

7) The Fourth Circuit has made clear that "relevancy must be determined in relation to the charges and claims being tried." United States v Hedgepeth 418 F 3d 411 (4th Cir 2005) citing United States v Prince-Oyibo 320 F 3d 494 (4th Cir 2003). In Prince-Oyibo, the defendant in a criminal prosecution was a Nigerian who had obtained a US Visa illegally by bribing a Nigerian official. The government initially

-3-

9) Here, there are two problems with introducing any evidence of the Defendants', and, particularly Cantwell's, alleged biases against those who identify as "Jews". First, bias against "Jews" is not a proper basis for a claim under 42 USC §1985(3) or 42 USC §1986, and, the Plaintiffs have been increasingly in their pleadings trying to cloud the issue in the mind of the Court and the parties by referring to Defendants' alleged conspiracy as being motivated by bias against Negroes (or, Republicans, the only other class of person against whom animus has been found a proper basis of suit). If the Plaintiffs have been deliberately trying to confuse the Court and the parties as to the proper basis of their claims by conflating animus against "Jews" with animus against Negroes and Republicans, what are they going to do with a jury? Two, at the actual trial, Plaintiffs are not going to have any foundation for their claims of substantive torts, particularly as regards Cantwell, that those torts were driven by animus against "Jews". As such, in the case as it will be presented to the Court, animus against "Jews" will either not be relevant to the claims generally, or, will not be relevant to them as they are actually presented and tried before the Court. Instead, evidence of this animus will be conflated with the types of animus that form a proper basis for Plaintiff's claims, and, this will be done both to inflame the jury and confuse the issues.

10) As relief, Cantwell asks the Court to make the following rulings:
   a) the Plaintiffs shall produce and make available to all parties copies of all video, audio, and, documentary evidence redacted as requested, infra, (particularly Cantwell, as he is in prison and cannot edit or redact the audio-visual evidence in particular);
   b) all statements, images, or, other forms of communication that are probative of animus against "Jews" but not of animus against

-5-

Negroes or Republicans shall be redacted from all exhibits. Specifically, oral comments shall be overwritten with silence, visual images will be blurred so as to be illegible, and, written documents shall be redacted with overlaid black rectangles.

c) the material to be redacted shall include all references to "the Holocaust" or violence that occurred during World War II but would not include material that does not directly evidence animus towards "Jews", such as swastikas, pictures of Hitler, and, the like;

d) the Plaintiffs shall not be permitted to present any expert witness claiming to be an expert on the subject of animus towards "Jews", including experts on "anti-Semitism", and, specifically Deborah Lipstedt. (Cantwell intends to make a separate Motion in Limine regarding Lipstedt's report but cannot now because he does not have it.);

e) the Plaintiff's expert witnesses on the "White Supremacy Movement" shall not be permitted to discuss animus towards "Jews" but only animus towards Negroes and Republicans;

f) no witness shall be permitted to testify regarding their personal knowledge of anti-Judaic animus, whether expressed at the events of August 11-12, 2017, or otherwise, including the Defendants, and, particularly Jeff Schoep;

g) all adverse inferences and found facts shall be amended in accordance with this Order so as to exclude any reference to animus against "Jews" or any group other than Negroes and Republicans;

h) that proper jury instructions in accordance with this Order will be given.

Respectfully Submitted,

_C Cantwell_  9-7-20

Christopher Cantwell

-6-

## CERTIFICATE OF SERVICE

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court for posting on the Electronic Filing System to which the other parties are subscribed, 1st Class Postage Prepaid, this 7th day of September, 2021.

*[signature]*

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Office of the Clerk
U.S. District Court for
the Western District of Virginia
Charlottesville Division
255 West Main Street
Room 304
Charlottesville, VA 22902



7021 0350 0000 6940 8735
CERTIFIED MAIL