IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

Elizabeth Sines, et al
    Plaintiffs

v                                    Case No: 3:17-cv-00072

Jason Kessler, et al
    Defendants

**DEFENDANT'S RESPONSE TO THE COURT'S SEPTEMBER 10 ORDER FOR AMENDED WITNESS LISTS REFLECTING AGREEMENTS ON REMOTE TESTIMONY**

Comes Now the Defendant, Christopher Cantwell, and, he makes the following response to the Court's September 10th order for amended witness lists. Document 1058

During the week ending September 17th, Defendant Cantwell conferred by phone with Plaintiffs' Counsel Michael Bloch and his associates in a call initiated by Mr. Bloch. Mr. Bloch stated that all of his witnesses intended to be in the courtroom, which eliminated any potential for dispute with Cantwell, since it is Cantwell's view that anyone whose testimony is important enough to be used as evidence is important enough to show up, unless a circumstance unique to that witness makes such an appearance impossible, or their testimony is largely uncontroversial.

Plaintiffs' Counsel reported that they had not yet seen Cantwell's witness list. Cantwell has not seen his codefendants' witness lists. Cantwell has not had a chance to communicate with his codefendants, and his efforts to reach James Kolenich have been unsuccessful.

Cantwell has moved for a continuance, in a motion sent by Certified Mail on September 2nd. For some reason, this does not seem to have shown up on the docket yet. Cantwell has not seen the docket

-1-

since January of 2020. Plaintiffs' counsel sent all production and filings and correspondence in this case, with rare exceptions, such as those times they needed his response, such as their requests for admissions, and notice of deposition for Cantwell, to Cantwell's email address, even though they knew he was incarcerated, until Cantwell objected to being deposed and their conduct was discovered thereby. At that point, Plaintiffs dumped hundreds of filings and voluminous discovery on Cantwell in the second week of April 2021. Less than three weeks later, Cantwell was taken from the Strafford County jail by the US Marshalls to a Corrections Corporation of America facility in Tallahatchie, MS. The Marshalls would not permit Cantwell to take any property with him, so he had to ship all of his legal papers as well as the hard drive Plaintiffs had sent their discovery on to his mother. Before Cantwell had a chance to receive this material at the CCA facility, the US Marshalls again transferred him to the United States Penitentiary in Marion, IL. After a two week quarantine period, he was moved to the Communications Management Unit (CMU) where his correspondence is severely restricted. It was not until the week ending September 17th that Cantwell was able to reconnect with the materials Plaintiffs sent in April of 2020.

As a result of this fiasco, Cantwell has had no opportunity to conduct discovery. Cantwell is unaware of almost everything that has transpired in this case. Cantwell has not had witnesses, depositions, or evidence properly disclosed to him. And so, separately, Cantwell has filed, and/or will file, objections to nearly every aspect of the Plaintiffs' case, including but not limited to all of their witnesses who were not previously disclosed and who Cantwell is not calling himself. Whatever witnesses they are permit...

-2-

are permitted to call despite all of this, Cantwell wants to appear in the Courtroom, and in this regard there is no controversey.

As for Cantwell's witnesses, Cantwell has submitted a Witness List which, according to Plaintiffs' counsel has, for unknown reasons, not yet appeared on the Docket. Cantwell is resubmitting that list on Septmeber 20th, the same day as this filing. The witnesses Cantwell has asked to call are known to the parties either through Cantwell's prior filings such as his respnse to the Second Amended Complaint, Cantwell's Objectio nto Evidentiary Sanctions Against Defendant Kline (Kline Objection), or their own filings and common knowledge.

Cantwell is without means to find the contact information for the witnesses he seeks to call. He has not had any chance to depose these witnesses. Cantwell knows what questions he would like to ask, but with few exceptions has no idea what those answers may be. Notably for the purposes of this filing, he has no idea if they are available to testify, whether compulsion would have any effect on such availability, and whether or not remote testimony would be controversial to Plaintiffs or other parties or impact such avaiolability.

This is obviously far from perfect, but it is the predictable result of the Plaintiffs' choice to email an incarcerated Defendant.

Respectfully Submitted
Christopher Cantwell

I hereby certify that this response to the Court's 9/10 order was handed to USP Marion staff for electronic filing pursuant to the court's order, and subsequently sent to the Clerk through the USPS on September 20th 2021

Christopher Cantwell

-3-