IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

SEP 2 0 2021

JULIA C. DUDLEY CLERK
BY: _____
DEPUTY CLERK

Elizabeth Sines, et al

    Plaintiffs

v

Jason Kessler, et al

    Defendants

[
[
[
[
[
[
[
[
[

Case No:  3:17-cv-072-NKM

MOTION IN LIMINE FOR A DETERMINATION THAT SIMPLE ASSAULT,
SIMPLE BATTERY, AND/OR, ANY OTHER ACT INCAPABLE OF CAUSING BODILY
HARM BUT INVOLVING THE USE OF FORCE IS NOT A "BADGE OR INCIDENT OF
SLAVERY" PROSCRIBED BY US CONST AMEND XIII

Comes now the Defendant, Christopher Cantwell, and he hereby Moves this
Court for a Determination In Limine That Simple Assault, Simple Battery,
And/Or, Any Otrher Act Incapable Of Causing Bodily Harm But Involving The
Use of Force Is Not a "Badge Or Incident Of Slavery" Procribed by US
Const Amend XIII.  In support, he states as follows:

1)  Cantwell has previously briefed this Court in his Motion in Limine For
    A Determination That Bias Against Those Who Identify As "Jews" Is
    Not A Form Of "Class Based Invidiously Discriminatory Animus" Pro-
    hibited By 42 USC §1983(3), Plaintiffs are proceeding in this action
    under a theory that Cantwell and his co-defendants conspired to impose
    the "badges and incidents of slavery" upon them in violation of US
    Const Amend XIII.

2)  US Const Amend XIII gives Congress the power to abolish all "badges
    and incidents" of slavery.  Jones v Alfred H Mayer Co 392 US 409
    (1968).  These "badges and incidents" include racial violence direct-
    ed against Negroes;  in passing the original of 42 USC §1985(3) in

-1-

Congress specifically found that "arson, robbery, whippings, shoot-
ings, [and] murder" and "murder, manslaughter, mayhem, robbery, as-
sault and battery, perjury, subornation of perjury, criminal ob-
struction of legal process or resistance of officers in discharge
of official duty, arson, or larceny" were among the badges and in-
cidents of slavery that it intended to prohibit. Briscoe v LaHue
466 US 325 (1983) citing Cong Globe 42d Cong 1st Sess 236, 244, 317
(1871). And, this was reaffirmed as recently as 2009, when Congress
passed the Matthew Shepard and James Byrd Jr Hate Crimes Prevention
Act of 2009, Oct 28, 2009, PL 111-84 Div E, 123 Stat 2190, stating
that, "eliminating racially motivated violence is an important
means of eliminating to the extent possible the badges, incidents
and relics of slavery and involuntary servitude." cited in United
States v Roof 225 F Supp 438 (D SC 2016).

3)   The Supreme Court began defining what the term "violence" means when
used in law when it decided Leocal v Ashcroft 543 US 1 (2004), in
which it had to decide whether or not drunk driving involved the
"use of violence". In so doing, the Court found that "violence" means
"the use ... physical force against the person or property of anoth-
er." Then, in 2010, in Johnson v United States 559 US 133 (2010),
the Supreme Court clarified what "use of physical force" means. There,
the Supreme Court specifically rejected the idea that simple battery
was a form of "violence" as contemplated under federal law, noting
that "the lightest offensive touching" could constitute a battery,
while "'physical force' means violent force -- that is, force capable
of causing pain and injury to another person. see, Flores v Ashcroft
350 F 3d 666 (7th Cir 2003)". Johnson.

4)   Statutes are read noscitur a sociis, and, that means that when "sev-

-2-

eral items in a list share an attribute [this] counsels in favor of the other items as possessing that attribute as well." <u>Beecham v United States</u> 511 US 368 (1994). Here, then, in 1871, Congress gave a list of acts that it thought could constitute violations of US Const Amend XIII for purposes of 42 USC §1985(3). While "assault and battery" appears on that list, it is in the company of crimes like arson, murder, and, robbery, all felonies. From this, as in <u>Johnson,</u> and, given the continuing use of the term "violence" and not "force" as Congressional examples of the "badges and incidents of slavery", this Court should conclude that to violates someone's rights under US Const Amend XIII, one must use physical force constituting violence or a violent felony, and, not the mere offensive touching that is the hallmark of simple assault and battery. Read particularly in the context of the concern that 42 USC §1985(3) not become a general tort statute, highlighted in <u>Griffin v Breckenridge</u> 403 US 88 (1971), <u>United Brotherhood of Carpenters and Joiners of America v Scott</u> 463 US 825 (1983), and, similar decisions, the fact that there are alternate remedies at state law, including an action for assault under common law, for such torts, this construction of 42 USC §1985(3) most accurately reflects Congressional intent.

Thus, for good cause shown, Cantwell asks that this Court rule in limine that simple assault, simple battery, and/or, any other act incapable of causing bodily harm but involving the use of force is not a "badge or incident of slavery" proscribed by US Const Amend XIII.

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

-3-

## CERTIFICATE OF SERVICE

I, Christopher Cantwell, do hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage Prepaid, for posting on the ECF to which all other parties are subscribed, and, was handed to Nathan Simpkins and/or Kathy Hill for electronic transfer to the Court, this 14th day of September, 2021.

Christopher Cantwell