IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| Elizabeth Sines, et al | [ |
| Plaintiffs | [ |
| v | [ Case No: 3:17-cv-072-NKM |
| Jason Kessler, et al | [ |
| Defendants | [ |

MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFF THOMAS BAKER PURSUANT TO FED.R.CIV.P. 37

Comes Now the Defendant, Christopher Cantwell, and, he Moves this Court to Sanction Plaintiff Thomas Baker for failure to make initial disclosures as required by Fed.R.Civ.P. 26. In support, Cantwell states as follows:

1) Discovery in this matter closed April 30, 2021.

2) On August 30, 2021, Plaintiff Thomas Baker made his initial disclosures pursuant to Fed.R.Civ.p. 26 which were <u>due in 2017</u>. ("<u>disclosures</u>")

3) The disclosures that have been made, attached, are also obviously evasive and incomplete as the names of the disclosed witnesses have been redacted. <u>disclosures</u> p 3-4. Further, the document and damages disclosures are vague, boilerplate, and, do not include copies of any of the relevant documents. <u>disclosures</u> p 4-5.

4) Fed.R.Civ.P. 37(a)-(c) provides for the sanction of parties who fail to make disclosures or who make evasive and incomplete disclosures. Good faith conference with the Plaintiff about this issue is not

-1-

available because the lateness of the disclosure is essentially irremediable and because the conditions of confinement at the United States Penitentiary ("USP") -- Marion Communications Management Unit ("CMU") prevent Cantwell from meaningfully communicating with Plaintiff's counsel prior to the scheduled trial deadline. Further, Baker's conduct in making evasive disclosures four months after the close of discovery is the epitome of bad faith conduct which cannot be remediated by conference with Plaintiff.

5) Because Baker's disclosures are evasive and incomplete, they must be treated as non-disclosures. Fed.R.Civ.P. 37(a)(4). As such, the Court must exclude all of the evidence given in the <u>disclosures</u> from use as "evidence on a motion, at a hearing, or at a trial." Fed.R.Civ.P. 37(c). As such, Cantwell asks that Baker be barred from testifying at trial, and, that Baker be ordered to provide the full name of every witness identified in the <u>disclosures</u> and that they also be barred from testifying at trial. Further, Cantwell asks that Baker be barred from presenting any evidence at trial that he was injured as the result of any act committed by any Defendant, including because of James Fields' car accident. And, because of the obvious bad faith, Cantwell asks that the following adverse inference instruction be given to the jury:

> "In this matter, one of the Plaintiffs, Thomas Baker, refused to comply with the rules of the discovery and refused to timely identify medical evidence and other evidence to the Defendants. From this, you may infer that, had Baker disclosed the medical and other evidence, it would have shown that Baker was not injured by the acts of the Defendants, particularly by any act of Christopher Cantwell."

Respectfully Submitted,

_____
Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion for Discovery Sanctions was mailed to the Clerk of the Court, 1st Class Postage prepaid, for posting upon the ECF, to which all other parties are subscribed, and, was handed to USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic transmission to the Court, this 17th day of September, 2021.

_____
Christopher Cantwell

-3-