IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

Elizabeth Sines, et al [
 [
Plaintiffs [
 [
v [ Case No: 3:17-cv-072-NKM
 [
Jason Kessler, et al [
 [
Defendants [
 [

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 20 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

### SWORN DECLARATION OF CHRISTOPHER CANTWELL

I, Christopher Cantwell, do hereby aver under penalty of perjury this 31st day of August, 2021, that the following is true and correct:

1) I am over 18 years of age and have personal knowledge of the following.

2) I was served with the initial Complaint in this matter about October 2017. By no later than November 2017, I retained James Kolenich to appear on my behalf pro hac vice via Elmer Woodard, an attorney admitted to the bar of this Court.

3) In June 2019, I learned that Kolenich had abandoned me as a client in this matter after he and Woodard failed to respond to a meritless motion to sanction me for imaginary "threats". Kolenich and Woodard subsequently moved to withdraw and requested that I fire them. My recollection is that the Motion to Withdraw was granted about July 2019, though I defer to the record on this matter.

4) I was arrested by the FBI January 23, 2020, and, detained at the Strafford County Department of Corrections in Dover, New Hampshire, until April 28, 2021. I promptly notified the Court and the Plaintiffs, as well as those of my co-defendants who had appeared and were receiving notices from the Court's Electronic Court Filing ("ECF")

-1-

system, of my new address, and, the Plaintiffs filed a Notice with the Court to inform it of my arrest. From this, I reasonably infer that the Plaintiffs and all parties had actual notice of my address and the fact that I was no longer able to receive filings or other documents by email.

5) During the period January 23, 2020, to about January 2021, I received about five to ten documents from the Plaintiffs, including discovery requests, an inventory of which I have previously provided to the Court. From this, I also infer the Plaintiffs were aware of my physical address and that I was no longer able to receive filings or other documents by email.

6) In January 2021, I received a thumb drive containing over 100 PDFs of filings made by one of plaintiff's several law firms over the course of the prior year, 2020, the vast majority of which had never been previously served upon me, despite their certificates of service stating otherwise.

7) After April 6, 2021, and, before April 13, 2021, I received from the plaintiffs a hard drive containing over 400 PDFs previously filed with the Court, the vast majority of which had not been previously disclosed or served upon me. Further, the disk contained a voluminous amount of discovery that had not been previously tendered to me, despite plaintiffs' continuing obligations pursuant to Fed.R.Civ.P. 26.

8) On April 28, 2021, I was placed in transit by the US Marshals Service ("USMS"), and, my property, including the hard drive and thumb drive of <u>para</u> 6-7, supra, were taken from me and mailed to my mother. I was then taken to a Correctional Corporation of America ("CCA") facility in Tallahatchee, Mississippi, before being transferred to the Communications Management Unit ("CMU") at the United States Penitentiary

-2-

("USP") - marion in Marion, Illinois on June 2, 2021.

9) The USMS and the BOP refused to allow me to possess or transfer the thumb drive and hard drive of para 6-7, supra, while in transit as described para 8, supra.

10) After my arrival at USP-Marion June 2, 2021, I was then quarantined until June 16, 2021. During this period, I was unable to access any of my property.

11) Since my release from quarantine June 16, 2021, I have obtained the files from the thumb drive of para 6, supra. I have not yet been able to obtain the hard drive of para 7, supra, because of technical issues that have to be addressed before USP-Marion will allow it into the facility.

12) The hard drive is currently en route to me.

13) For the reasons given para 6-11, supra, I have been unable to review the material on the thumb drive and hard drive and am unable to prepare to fully and fairly litigate this matter, including at trial.

Having so averred, I sayeth no more under oath.

_____
Christopher Cantwell

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

| | |
|---|---|
| Elizabeth Sines, et al<br>　　Plaintiffs<br><br>v<br><br>Jason Kessler, et al<br>　　Defendants | Case No; 3:17-cv-072-NKM |

MOTION TO AMEND DISCOVERY, PRETRIAL, AND TRIAL SCHEDULES (inc Doc 991) AND TO EXTEND FILING DEADLINES PURSUANT TO FED.R.CIV.P. 6(b)

---

Comes now the Defendant, Christopher Cantwell, and, he Moves this Court To Amend the Discovery, Pretrial, and, Trial Schedules in this matter, including Doc 911, by Extending the Filing Deadlines for all matters by twelve months Pursuant To Fed.R.Civ.p. 6(b)(1)(A)-(B) and/or Fed.R.Civ.P. 54(b). In support, he states as follows:

1) As described in the attached Sworn Declaration Of Christopher Cantwell ("Cantwell Decl"), Cantwell does not currently have access to the docket or the record in this matter and is proceeding from his recollection of both plus a limited number of documents that he has recently received.

2) Cantwell appeared pro se in this matter about July of 2019. Cantwell Decl para 3. He was arrested on unrelated charges January 23, 2020. Cantwell Decl para 4. Plaintiffs have known of Cantwell's physical address and his lack of access to his email address since the day of his arrest. Cantwell Decl para 4-5.

3) Despite knowing of Cantwell's physical address and his lack of access to his email address, Plaintiffs served upon Cantwell less than 3% of

-1-

filings in this matter in the manner that they have described in their certificates of service prior to April 6, 2021. <u>Cantwell Decl</u> para 4-7. When Cantwell previously moved to sanction the Plaintiffs for this conduct, the Court erroneously described this failure to serve documents as certified to the Court as "occasional." Doc 951 p 2.

4) Cantwell was served with approximately 100 of the plaintiff's filings from one of the plaintiff's law firms in Janaury 2021. <u>Cantwell Decl</u> para 6. He was served with an additional 400+ filings plus a voluminous amount of discovery material, presumably required disclosures pursuant to Fed.R.Civ.P. 26 on about April 13, 2021. <u>Cantwell Decl</u> para 7. Cantwell has had a total of about two weeks to review this material since then as it was taken from him and sent to his mother by the US Marshals' Service ("USMS"). <u>Cantwell Decl</u> para 8-12.

5) When Cantwell correctly moved this Court to sanction the Plaintiffs for filing hundreds of false certificates of service with this Court pursuant to Fed.R.Civ.p. 11(b)-(c), this Court incorrectly construed the motion as only seeking to enforce Fed.R.Civ.P. 5 and incorrectly decided that Fed.R.Civ.P. 5 "does not provide a remedy for violation of its provisions." Doc 951 p 2. As the Court well knows, in addition to its powers under Fed.R.Civ.P. 11, the Court has authority pursuant to 28 USC §1651 to craft an appropriate sanction and a typical sanction in the federal court system for filing an incorrect certificate of service is to strike the document and require proper service. Further, the Court's narrow construction of Cantwell's motion as arising under Fed.R.Civ.P. 5 did not accord with the liberal construction principles accorded pro se defedants, and, did not correctly consider whether at least an extension of time for good cause pursuant to Fed.R.Civ.P. 6(b)(1)(A) would be an appropriate remedy. see, eg, <u>Martin v Duffy</u> 977 F 3d 294 (4th Cir 2020) (pro se filings

-2-

to be construed liberally an interpreted to "raise the strongest arguments they support."); <u>Erickson v Pardus</u> 557 US 89 (2007); <u>Caldwell v US Dep't of Educ</u> 816 F Appx 841 (4th Cir 2020) ("It is the substance of [pro se] pleadings, rather than the labels, that is determinative."); <u>Hairston v DVA</u> 841 Fed Appx 565 (4th Cir 2021).

6) Cantwell now specifically asks the Court to reconsider pursuant to Fed.R.Civ.P. 54(b) its prior construction of his timely motion to sanction the Plaintiffs for their dumping upon him at the last minute of thousands if not tens of thousands of pages of records that they were required to disclose under Fed.R.Civ.p 26 as arising only under Fed.R.Civ.P. 5 and to consider whether or not discovery deadlines in this matter and the related pretrial and trial schedule deadlines should not be extended by twelve months to allow Cantwell to review these disclosures and to conduct discovery in accordance with them.

7) In considering whether or not a party has shown good cause for an extension of time, the Court should consider whether:
   a) the delay was outside the [party's] control;
   b) the [opposing party] was evasive;
   c) the [party] acted diligently or made reasonable efforts;
   d) the [party] is pro se or in forma pauperis;
   e) the [opposing party] will be prejudiced; or,
   f) the [party] asked for an extension of time ...
   <u>Scott v Md State Dep't of Labor</u> 673 Fed Appx 299 (4th Cir 2016) (in the Fed.R.Civ.P. 4(m) context) citing <u>Kurlav v Iowa City, Iowa</u> 628 F 3d 953 (8th Cir 2016); <u>Dickerson v Napolitano</u> 604 F 3d 732 (2nd Cir 2016).

8) Here, all of the factors supporting good cause weigh in Cantwell's favor. The Plaintiffs, who are experienced trial counsel, deliberat-

-3-

ely withheld the vast bulk not only of their required initial disclosures but of their on the record filings from the defendant until the last minute with the intent of denying Cantwell the opportunity to fully and fairly litigate his claims. Even if they are somehow prejudiced, this is invited prejudice caused by deliberate marginal if not mis- conduct, and, if the Court had properly construed Cantwell's initial motion to "sanction" the defendants, it would have had to find good cause. Reconsideration pursuant to Fed.R.Civ.P. 54(b) and relief pursuant to Fed.R.Civ.P. 6(b)(1)(A) is proper.

9) Further, if the Court refuses to reconsider Cantwell's prior motion for an extension of the deadlines in this matter, it should grant this motion pursuant to Fed.R.Civ.P. 6(b)(1)(B) as Cantwell has made a showing of excusable neglect. In considering whether or not a party can show excusable neglect, the Court considers:
   a) the danger of prejudice to the [opposing party];
   b) the length of the delay and its potential impact on judicial proceedings;
   c) the reason for the delay, including whether it was within the reasonable control of the movant; and,
   d) whether the movant has acted in good faith.
   Pioneer Inv Servs Co v Brunswick Assoc Ltd P'shp 507 US 380 (1993). A delay caused by court staff or the actions of the government's executive branch is often "automatically" considered to show good cause for an extension of time to file. Scott citing Robinson v Clipse 602 F 3d 685 (4th Cir 2010); Graham v Satkoski 51 F 3d 710 (7th Cir 1995); Wright v First Student Inc 710 F 3d 782 (8th Cir 2013).

10) Here, there is no question that a further extension of time to file, given the number of Plaintiff's requests for extension that have been granted, will be disruptive, as parties are preparing for trial.

-4-

However, Cantwell has been forcefully prevented from preparing for trial in this matter by the actions of the USMS and the Federal Bureau of Prisons ("BOP"). The materials he needs to prepare for trial and to prepare his witness lists and motions in limine were seized from him about two weeks after he received these voluminous thousands of pages of records, and, they still have not been returned to him in full almost five months later. This is an issue that is beyond Cantwell's control and is so prejudicial to him that it would again deny him an opportunity to fully and fairly litigate this matter if an extension of time for all filing deadlines and trial deadlines is not granted.

Thus, Cantwell asks this Court to extend all discovery, pretrial, and, trial deadlines in this matter by twelve months.

Respectfully Submitted,

*/s/ Christopher Cantwell*

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion to Amend Discovery, Pretrial, and, Trial Schedules was mailed to the Clerk of the Court, 1st Class Postage Prepaid, and served upon all other parties subscribed to the ECF system by ECF, this 1st day of September, 2021.

Christopher Cantwell

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd
P.O. Box 2000
Marion, IL 62959



CERTIFIED MAIL®

7021 0350 0000 6940 9770

⇔00991-509⇔
Clerk Us District Court
Western District Virginia
255 W MAIN ST
Room 304
Charlottesville, VA 22902
United States