UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

This matter is further to the Court's Order of August 26, 2021, granting Defendant Christopher Cantwell's pro se motion that he be transported to Charlottesville for trial in this case, and "tak[ing] under advisement the assessment or allocation of transportation costs and other costs of compliance with the writ." Dkt. 1031 at 3–4 (emphasis omitted). The Court separately issued the writ to the Warden of USP Marion, where Cantwell is incarcerated. Dkt. 1032; *see also* 28 U.S.C. §§ 2241(c)(5), 2243. When no party had submitted filings concerning allocation of transportation costs within the seven (7) days requested, the Court issued an Order on September 15, 2021, directing submissions from Cantwell and Plaintiffs on their ability to pay such costs as well as legal support regarding responsibility for payment of transportation costs. Dkt. 1075.

Cantwell's prior submission was docketed on September 16, 2021. Dkt. 1078. He wrote that, while transportation costs could be "considered" in determining whether to issue the writ, there was lack of authority that the Court could "aw[a]rd the costs of transportation to and from

trial against him or any party." *Id.* at 2. Cantwell further attested to a lack of funds to pay the transportation costs. Dkt. 1078-1.

In their submission, Plaintiffs asserted that "the cost of transporting Mr. Cantwell should in the first instance be borne by Mr. Cantwell himself, who brought the writ *ad testificandum*." Dkt. 1080 at 2. If not, Plaintiffs argued that "the costs should otherwise be covered by the United States Marshals," and posited that "[c]ourts have routinely ordered the United States Marshals to execute a writ *ad testificandum*—and pay for its execution—when a prisoner is indigent." *Id.* Plaintiffs further suggested that, in an effort to mitigate concerns about cost and security with Cantwell's attendance, that Cantwell only attend the trial for his own testimony (which they anticipate will be 1 or 2 days), and then participate remotely by videoconference. *Id.* at 3. Defendants Jason Kessler, Nathan Damigo and Identity Evropa filed a submission in which they similarly took the position that the Court had the power to transfer Cantwell to the courthouse for trial notwithstanding budgetary limitations. Dkt. 1082. But they noted that they were "concerned" with Plaintiffs' suggestion that Cantwell only be present at trial for a day or two, arguing that each party "must be given an equal opportunity for a full examination of Mr. Cantwell before the jury." *Id.* at 2.

The Fourth Circuit has held that, when an incarcerated prisoner's civil action approaches trial, a district court is to consider various options, including "making provisions for the prisoner to attend in person, either at his own expense, or at government expense, and in any case in government custody." *Muhammad v. Warden, Balt. City Jail*, 849 F.2d 107, 111 (4th Cir. 1988); *see also id.* (stating, "[f]irst, consideration should be given to securing the prisoner's presence, at his own or at government expense, for trial of his action," and then "other reasonably available alternatives to trial with his presence"). In Cantwell's unopposed motion to be transported to

Charlottesville to trial, he sought to "have the opportunity to confront witnesses against [him], and to present [himself] fully and transparently to the jury." Dkt. 1015 at 8. The Court has considered the alternatives, weighed the relevant factors the Fourth Circuit identified in *Muhammad*, and granted Cantwell's request. Dkts. 1031, 1032. No acceptable alternatives were identified or have since been identified that would substantiate how Cantwell could participate remotely from USP Marion as a defendant in this four-week trial in a fulsome and meaningful way. *Cf. Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980) (writing, "when an inmate's civil action reaches the trial stage, and his claim proves sufficiently meritorious to survive motions for dismissal and summary judgment, a court must then take all reasonable steps to insure that the inmate receives the fair 'day in court' to which he is entitled").

The Court credits Cantwell's uncontradicted assertion that he lacks the funds to pay such costs. Dkt. 1078-1. Where a prisoner litigant's testimony is essential and not outweighed by security considerations, and lacking an acceptable alternative for remote participation, the Court concludes that relevant precedent supports imposition of transportation costs on the government. *See Hawks v. Timms*, 35 F. Supp. 2d 464, 468–69 (D. Md. 1999) ("In light of the representation by Hawks' counsel that he is indigent, the Court agrees that the government should bear the expense of transportation."); *Muhammad*, 849 F.2d at 111, 113 (directing that the court consider "securing the prisoner's presence, at his own expense or government expense"); *see also Greene v. Prunty*, 938 F. Supp. 637, 640 (S.D. Cal. 1996) (writing that allocation of costs of compliance with writ of *habeas corpus ad testificandum* include "sharing of costs, as well as imposing full costs on the United States, or imposing the full costs on the State"). Here, Cantwell is in federal custody. *See United States v. Christopher Cantwell*, Judgment, Case No. 1:20-cr-6 (D.N.H. Mar. 5, 2021) (Dkt. 132), *appeal pending*. Accordingly, the United States will be directed to pay for

his transportation to and from Charlottesville for trial scheduled between October 25 and November 19, 2021, and for his temporary detention while there. *See Hawks*, 35 F. Supp. 2d at 468.

For these reasons and further to this Court's Orders granting Cantwell's motion to be transported to Charlottesville for trial, *see* Dkts. 1031, 1032, and 1075, it will be and hereby is **ORDERED** that

1) The United States Marshal's Office of this District shall transport Defendant Christopher Cantwell, presently in federal custody at USP Marion, to an appropriate detention facility in the Western District of Virginia accessible to the federal courthouse in Charlottesville, so that he may appear at trial in this case, which is scheduled for October 25 to November 19, 2021.

2) The cost of Cantwell's transportation to and from the Western District of Virginia and of his detention while in Virginia for this purpose to appear at his trial shall be borne by the United States Government.

3) To the extent practicable and consistent with applicable security considerations, Cantwell shall be able to retain any case-related materials and papers he may possess while being transported to Charlottesville.

*See Hawks*, 35 F. Supp. 2d at 468–69 (ordering transportation and imposing transportation costs of indigent litigant on United States).

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to the Warden of USP Marion, to all counsel of record, to Cantwell, to Cantwell's case manager at USP Marion, and to the U.S. Marshal's Service.

Entered this <u>  21st  </u> day of September, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE