UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE,<br><br>       Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>       Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**PLAINTIFFS' REPONSE REGARDING DEFENDANT CHRISTOPHER CANTWELL'S ECF FILINGS 1062, 1063, 1064, 1065, 1066, 1077, 1078, 1084, 1085, 1086, 1087, 1088, 1089, 1090, 1096, 1097, 1098, 1099, 1102, 1103**

Defendant Christopher Cantwell has made twenty-two seriatim filings this month, including ten that were docketed in a single day (September 20, 2021). The majority of these filings are untimely, disingenuous and/or frivolous.[1] Plaintiffs address below ten of the motions that Cantwell filed seeking affirmative relief in order to seek guidance from the Court as to whether the Court deems any further response necessary or appropriate.[2]

- **Kline, Vanguard America and Nationalist Social Movement Sanctions**. In Cantwell's "Motion for Leave to File Instanter" (ECF 1062), he seeks leave to file untimely objections to the Report and Recommendations of Judge Hoppe, which recommended that evidentiary sanctions be entered against Defendants Kline, Vanguard America, and Nationalist Socialist Movement (ECF 982, June 23, 2021), and that a Default Judgment be entered against the Nationalist Front (ECF 967, June 7, 2021). Cantwell argues that his deadline to object should be extended for "excusable neglect" because he was unaware of his "procedural right to object" while incarcerated. ECF 1062 at 2. However, a *pro se* litigant's "ignorance of the law and relevant procedures is not sufficient to demonstrate excusable neglect. The Fourth Circuit has expressly stated that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" *Atakulu v. Maryland Dep't of Human Res.,* No. GJH-14-0904, 2014 WL 2927772, at *4 (D. Md. June 26, 2014) (quoting *Thompson*, 76 F.3d at 533). "Although pleadings prepared by *pro se* litigants are to be liberally construed, the same cannot be said for the interpretation of procedural rules in ordinary civil litigation." *Awah v. Midland Credit Mgmt. of Am.,* No. 10-cv-885, 2011 WL 3821600, at *2 (D. Md. Aug. 26, 2011) (granting motion to strike untimely complaint filed by *pro se* plaintiff), *aff'd*, 463 F. App'x 193 (4th Cir. 2012).

- **Request for Continuance**. In Cantwell's "Motion to Amend Discovery, Pretrial, and Trial Schedules (inc. Doc 991) and to Extend Filing Deadlines" (ECF 1099), Cantwell asks the Court – five weeks before trial – to "reconsider its prior construction of his timely motion to sanction the Plaintiffs" by continuing the trial date and other deadlines because he was delayed in accessing certain discovery and case materials while incarcerated. ECF 1099 at 1-3. The Court has considered and rejected Cantwell's motion for sanctions and there is no basis for the Court to

---

[1] Plaintiffs note that Cantwell failed to meet and confer on a single one of these motions in violation of the Federal Rules. Counsel for Plaintiffs specifically informed Cantwell on September 20 of his obligation to meet and confer before burdening the Parties and the Court with motions practice.

[2] Cantwell also filed a "Supplemental Motion to Exclude the Deposition Testimonies of Robert Isaacs 'Baker', Bradley Griffin, Dillion 'Hopper' Izarry, and Thomas Rousseau" (ECF 1102), as well as (often untimely) oppositions to motions previously filed by Plaintiffs (ECF 1055, 1064, 1087). Plaintiffs intend to deal with these filings separately.

reconsider, *see* ECF 951 at 2. This Court has also held numerous conferences and issued several orders regarding trial dates and scheduling in this action. *E.g.*, ECF 461; ECF 597; ECF 874; ECF 965; ECF 991. Dozens of lawyers, parties, and witnesses have made substantial logistical and financial commitments in reliance on the October 25 trial date and this eleventh hour request for a continuance from a single defendant is baseless.

- **Discord Production**. Cantwell moves the Court for "Discovery Sanctions against Plaintiffs for Failure to Timely Disclose the 'Discord Production'" (ECF 1098), arguing that Plaintiffs did not "timely produce" or even "disclose" the Discord production to him until very recently. Many of the representations made within this frivolous motion are simply false. The substantial majority of the documents Plaintiffs received from Discord was produced to Cantwell in three separate productions made on November 30, 2018, February 7, 2019, and August 19, 2019, while Cantwell was represented by Mr. Kolenich.[3] There was a fraction of the Discord production that was produced to all Defendants on February 5, 2020, after Mr. Kolenich withdrew from representing Mr. Cantwell, which Plaintiffs were prohibited by the terms of the protective order from providing to *pro se* Defendants, including Cantwell. *See* Protective Order, ECF 167 at 3. Contrary to Cantwell's claim that Plaintiffs did not "notice [*sic*] Cantwell of the existence of this material so that Cantwell could move to modify the protective order," ECF 1098 at 1, in fact Plaintiffs sent Cantwell a production letter on February 5, 2020, stating in bold lettering the following: "**Additional productions have been made containing documents designated HIGHLY CONFIDENTIAL only to those defendants represented by counsel, in accordance with Paragraph 5 of the Protective Order. See Protective Order, ECF No. 167, at 4**."

- **Thomas Baker's Initial Disclosures**. Cantwell moves the Court "to Sanction Plaintiff Thomas Baker for Failure to make initial disclosures as required by Fed. R. Civ. P. 26" (ECF 1096), seeking frivolously drastic remedies that "Baker be barred from testifying at trial," that all witnesses listed on his disclosures "also be barred from testifying at trial," and that "Baker be barred from presenting evidence at trial that he was injured as the result" of the car attack. *Id.* at 1-2. Cantwell further seeks adverse inferences that fly in the face of reality – namely that Baker "refused to comply with the rules of the discovery" and that "had Baker disclosed the medical and other evidence, it would have shown that Baker" – whose hip was grievously injured from the devastating impact of Defendant Fields' car causing him to fly over the hood – "was not injured . . . ." *Id.* at 2. Cantwell's motion is littered with demonstrably inaccurate claims, such as that Baker's initial disclosures were "due in 2017," that Baker made his initial disclosures on August 30, 2021, and that the disclosures contain "evasive" answers given their redactions. *Id.* at 1-2. In fact, Plaintiffs did not add Baker as a Plaintiff until September 2019, after the

---

[3] Cantwell similarly claims – falsely – that certain other *pro se* Defendants, including Mr. Spencer, did not receive Discord documents. Mr. Spencer, who was represented until the middle of 2020, received the entirety of the production. Robert Ray and Vanguard America also received productions of certain Discord documents during the times they were represented by counsel.

2

Court granted leave to amend Plaintiffs' Complaint. *See* ECF 556; ECF 557. His initial disclosures were served on all represented Defendants in June of 2020. While Cantwell, who was incarcerated and *pro se*, was not served with the initial disclosures at the time, there was clearly no intent to shield from him the information contained within the disclosures. While Plaintiff Baker's medical records were marked **<u>HIGHLY CONFIDENTIAL</u>**, and therefore unavailable to *pro se* defendants during the discovery period, each represented party had the documents well in advance of Baker's deposition in July of 2020, which Defense counsel, who stood in precisely the same position as Cantwell regarding Baker's injuries, used to question Baker. Those documents have since been de-designated and will be produced to Cantwell in advance of trial. For that reason, there is no conceivable prejudice from Cantwell's failure to receive the initial disclosures while incarcerated in June 2020. In any event, there are only three medical personnel identified in the disclosures listed on Plaintiffs' witness list, which Cantwell received, each of whom may or may not be called at trial.

- **Antifa / "Woke Progressive Left"**. Cantwell's Motion "for a Determination that Animus against the Domestic Terror Organization Antifa and other Members of the Woke Progressive Left is not a form of 'Class Based Invidiously Discriminatory (*sic*) Animus' Prohibited by 42 USC §1985(3)" (ECF 1066) asserts that Plaintiffs are "members, supporters or affiliates" of Antifa and seeks a legal ruling that Antifa members are not a "protected class" and therefore animus directed toward Plaintiffs is "nopt (*sic*) prohibited by 42 U.S.C. §1985(3)." *Id.* at 1-2, 9. Although styled as a "motion *in limine*," Cantwell's submission is really a motion challenging the legal underpinning of Plaintiffs' claims, which is more properly raised as a motion to dismiss. Motions to dismiss in this case are years overdue and Defendant Cantwell already filed at least three such motions, in which he failed to raise this argument at that time. *See* Motion to Dismiss, dated Nov. 15, 2017 (ECF 11); Motion to Dismiss for Failure to State a Claim Re: DE 175 Amended Complaint, dated Jan. 26, 2018 (ECF 205); *Pro Se* Defendant Cantwell's Letter of Status, Motion to Dismiss from this Suit, Motion to Sanction Plaintiffs for their Meritless Filings, dated Feb. 14, 2020 (ECF 664). Cantwell did not raise this argument in a dispositive motion, and the deadline for dispositive motions in this case has long since passed. ECF 597; *see also* ECF 952. Moreover, as a factual matter, Plaintiffs have never alleged they are members of Antifa or that they were attacked by Defendants on that basis. In raising this red herring, Cantwell improperly seeks to relitigate the Court's Memorandum Opinion Denying Defendants' Michael Hill, Michael Tubbs, and League of the South's Motion for Summary Judgment (ECF 1040). He should not be permitted to do so at this time.

- **Assault, Battery, and KKK Act.** Cantwell's Motion "for a Determination that Simple Assault, Simple Battery, and/or, any other Act incapable of Causing Bodily harm but Involving the Use of Force is not a 'badge or incident of slavery' proscribed by US Const. Amend XIII" (ECF 1017) seeks the preclusion of all of Plaintiffs' claims under 42 U.S.C. § 1985(3) that are the result of any "act [by the Defendants] incapable of causing bodily harm but involving the use of force." *Id.* at 3. This motion once again purports to be a motion *in limine*, but actually seeks

3

to eliminate several of Plaintiffs' § 1985(3) claims by challenging Plaintiffs' legal theory. Without reference to any expected evidence or testimony, Cantwell makes a purely legal argument in an effort to discard Plaintiffs' claims. Again, Cantwell did not raise this argument in a dispositive motion, for which the deadline has expired. ECF 597; *see also* ECF 952. Thus, Cantwell's motion is yet another untimely motion to dismiss that should be summarily denied at this stage.

- **In Pari Delecto**. Cantwell's Motion "for a Determination that Plaintiffs' Claims Arose Ex Turpi causa and Thus Are Barred In Pari Delicto" (ECF 1090) seeks a legal ruling barring Plaintiffs from presenting *any* of their claims to the jury on the ground that Plaintiffs' "cause of action" is founded on Plaintiffs' own "immoral or illegal acts." *Id.* at 1. Cantwell alleges that three Plaintiffs (Willis, Romero and Wispelwey) behaved unlawfully or were in the company of others behaving unlawfully and thus "must not receive assistance from this court." *Id.* at 5. Cantwell further raises the purely factual argument that Plaintiffs' claims concerning injuries caused by Defendant Fields should be barred because Fields only accidentally struck Plaintiffs with his car as a result of Plaintiffs' "aid[ing] and abet[ing]" a mob around Fields' car. *Id.* at 7-8. Although Plaintiffs obviously take issue with much of Cantwell's argument, the Court need not presently address the merits because it is plainly an untimely dispositive motion. Dispositive Motions were due on August 7, 2020, ECF 597, and this Court already denied Defendant Richard Spencer's attempts, proceeding *pro se*, to file untimely motions for summary judgment on October 19, 2020. *See* ECF 952.

- **Jewish Animus**. In two separate frivolous motions (ECF 1085, ECF 1088), Cantwell asks the Court "for a Determination that Bias Against those who Identify as 'Jews' is not a Form of 'Class Based Invidiously Discriminatory Animus' Prohibited by 42 U.S.C. § 1985(3)", and "to Exclude All Evidence of Defendants' Perceived Biases Against Those who Identify as 'Jews.'" Mischaracterizing Fourth Circuit precedent,[4] Cantwell asserts that "bias against 'Jews' is not a form of 'class based invidiously discriminatory animus'" and seeks the preclusion of all Plaintiffs' claims under 42 U.S.C. § 1985(3) and § 1986 that relate to "bias against Jews." ECF 1085 at 2, 6. This is another purely legal question that should have been made by means of a dispositive motion before the applicable deadlines passed. ECF 597; *see also* ECF 952. And this Court specifically considered religious animus in denying Defendant Hill, Tubbs, and League of the South's Motion for Summary Judgment on Plaintiffs' § 1985(3) claims. *See* ECF 1040 at 48-51. Cantwell further argues that since 42 U.S.C. § 1985(3), in his mistaken view, does not apply to animus toward Jewish people, all evidence of Defendants' animus toward Jewish people is irrelevant and should be excluded under Fed. R. Evid. 401, 402 and 403.

---

[4] Cantwell erroneously claims (ECF 1085 at 1-2) that the Supreme Court opinion in *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987), did not overturn the Fourth Circuit's ruling in *Shaare Tefila Congregation v. Cobb*, 785, F.2d 523 (4th Cir. 1986). That is incorrect. The Supreme Court reversed the "judgment of the Court of Appeals" and held "Jews and Arabs were among the peoples then considered to be … within the protection of the statute." *Shaare*, 481 U.S. at 617-18; *see also Ward v. Connor*, 657 F.2d 45, 48 (4th Cir. 1981).

ECF 1088. This argument stems from a patently erroneous view of the scope of § 1985(3), which Cantwell never appropriately raised in a timely fashion. *See Ward v. Connor*, 657 F.2d 45, 48 (4th Cir. 1981) ("[R]eligious discrimination, being akin to invidious racial bias, falls within the ambit of s 1985[3].").

- **Paper Copies**. Last but not least, Cantwell moves the Court to "Compel Co-Defendants' Fed. R. Civ. P. 26(a) Disclosures" and to "Compel Plaintiffs' Disclosure of the Deposition of Christopher Cantwell [transcript] and to Compel Plaintiffs to provide Paper Copies of All Filings" (ECF 1084). With regard to his requests for the deposition transcript and "all of the material previously provide to Cantwell in electronic format in paper format," Plaintiffs are under no obligation to provide such a large volume of materials in paper format. *See* Fed. R. Civ. P. 34(b)(2)(E)(iii); *see also* Fed. R. Civ. P. 30(f)(3).

Given the dictates of Rule 11(b) and Rule 11(c)(3), as well as the Court's inherent ability to strike frivolous motions, *Mathis v. Martin*, No. 8:13-CV-02597, 2013 WL 5609134, at *3 (D. Md. Oct. 11, 2013) (citing Fed. R. Civ. P. 12(f)), Plaintiffs do not believe that any of the above-described filings warrant the time and expense of a further response by Plaintiffs, especially at this late stage in the proceedings when preparation for trial is well underway. Plaintiffs thus respectfully request the Court's guidance on whether Plaintiffs should provide a more detailed response to any of the above-mentioned filings; of course, we would be happy to respond to any or all at greater length if Your Honor believes that would be of assistance to the Court.

In addition, it has now become apparent that Cantwell, who has been proceeding *pro se* and has been afforded its corresponding protections and leniency, may be using another inmate, William A. White, to participate in this litigation and "ghost-write" his recent filings. *See* ECF 1063 at 1 ("Christopher Cantwell … Moves this Court … To Provide Cantwell and his Lay Counsel, William A White, Adequate Access to The Electronic Materials…"); ECF 1063-2; *compare* ECF 1055 (handwritten filing written largely in first person) *with* ECF 1063 (typewritten filing written in third person). That provides yet another basis to deny these motions.

Ghost writing plainly violates legal rules and only reinforces the inappropriate and harassing nature of Cantwell's numerous recent filings, including ECF 1062, 1063, 1064, 1065,

1066, 1077, 1078, 1084, 1085, 1086, 1087, 1088, 1089, 1090, 1096, 1097, 1098, 1099, 1102, 1103. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) (*"*Allowing individuals to represent themselves pro se reflects a respect for the choice of an individual citizen to plead his or her own cause, but so does the bar preventing individuals without legal expertise from representing others." (quotation omitted)); *Greene v. United States Dep't of Educ.*, No. 4:13cv79, 2013 U.S. Dist. LEXIS 143678, at *26-27 (E.D. Va. Oct. 1, 2013) ("During the course of this appeal it came to the Court's attention that Greene, although proceeding *pro se* and receiving the forbearance afforded such status, was utilizing the services of a ghost writer for many of her filings. The Court emphasizes that the practice of ghost-writing is in no way permissible in the Eastern District of Virginia, or any federal court for that matter. Even if the ghost writer is not an attorney, such practice is still considered the unauthorized practice of law. Those who proceed *pro se* are afforded certain amounts of leniency that are not afforded represented parties. Ghost writing inexcusably abuses this leniency.").

Mr. White's inappropriate conduct is well known to the judiciary. In 2008, he was convicted of soliciting the commission of a violent federal crime against a juror who had sat on a jury that convicted a white supremacist. *See United States v. White*, 698 F.3d 1005, 1008 (7th Cir. 2012). He has also sent threatening messages to judges, U.S. Attorneys, and prosecutors. *United States v. White*, No. 7:08-cr-00054, 2021 U.S. Dist. LEXIS 66100, at *2 (W.D. Va. Apr. 5, 2021). The federal facility where he is imprisoned has apparently placed him "on a mail restriction list and [he] is no longer allowed to correspond with any person by mail except his mother, attorneys, and the courts." *Id.* at *2 n.2. Indeed, due to the nature of his own crime for which he is serving a sentence, Cantwell too has been housed in the "Communications Management Unit," a facility intended to limit communications by an inmate population the facility may be concerned

may abuse their communication privileges.

* * *

In light of the above, it is clear that Cantwell is seeking to tie up Plaintiffs in a slew of frivolous filings weeks before trial, when the parties' time and effort would be better spent preparing the pretrial submissions ordered by the Court, *see* ECF 991, not to mention their presentations for trial, set to begin on October 25, 2021. Plaintiffs respectfully request that the Court summarily: (1) reject the above-referenced filings, including striking any filings that were written with the aid of Mr. White as a ghost writer, *see, e.g.*, ECF 1062, 1063, 1064, 1065, 1066, 1077, 1078, 1084, 1085, 1086, 1087, 1088, 1089, 1090, 1096, 1097, 1098, 1099, 1102, 1103; and (2) order that Cantwell is expressly forbidden from utilizing Mr. White or anyone else as a ghost writer going forward.

Date: September 23, 2021

           Respectfully submitted,

           /s/ Michael Bloch

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
*Counsel for Plaintiffs*

Case 3:17-cv-00072-NKM-JCH Document 1108 Filed 09/23/21 Page 9 of 12 Pageid#: 18240

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

8

| | |
|---|---|
| David E. Mills (*pro hac vice*) | J. Benjamin Rottenborn (VSB 84796) |
| Joshua M. Siegel (VSB 73416) | WOODS ROGERS PLC |
| Caitlin B. Munley (*pro hac vice*) | 10 South Jefferson St., Suite 1400 |
| Samantha A Strauss (*pro hac vice*) | Roanoke, VA 24011 |
| Alexandra Eber (*pro hac vice*) | Telephone: (540) 983-7600 |
| COOLEY LLP | Fax: (540) 983-7711 |
| 1299 Pennsylvania Avenue, NW | brottenborn@woodsrogers.com |
| Suite 700 | |
| Washington, DC 20004 | |
| Telephone: (202) 842-7800 | |
| Fax: (202) 842-7899 | |
| dmills@cooley.com | |
| jsiegel@cooley.com | |
| cmunley@cooley.com | |
| sastrauss@cooley.com | |
| aeber@cooley.com | |

*Counsel for Plaintiffs*

9

# CERTIFICATE OF SERVICE

      I hereby certify that on September 23, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

1

I hereby certify that on September 23, 2021, I also served the following non-ECF participants via mail and electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Michael L Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

Counsel for Plaintiffs

2