IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DITRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
SEP 27 2021
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| Elizabeth Sines, et al | [ |
| Plaintiffs | [ |
| v | [ Case No: 3:17-cv-072-NKM |
| Jason Kessler, et al | [ |
| Defendants | [ |

MOTION IN LIMINE AND NOTICE OF INTENT TO INTRODUCE STATEMENT AGAINST INTEREST OF UNAVAILABLE WITNESS DWAYNE DIXON PURSUANT TO FED.R.EVID. 804(b)(3) AND 807

----

Comes Now the Defendant, Christopher Cantwell, and, he Moves this Court In Limine and gives Notice of Intent To Introduce the Statement Against Interst Of Unavailable Witness Dwayne Dixon Pursuant To Fed.R.Evid. 804(b)(3) and 807. In support, he states as follows:

1) Dwayne Dixon is the leader of the Antifa domestic terrorism affiliate Redneck Revolt. Attached is a transcript of a video statement Dixon published which states:

    "So, James Fields, driving his charger, slow rolled our western perimeter, so, that was 4th street, several times. One time he paused right in front of me, and, I waved him off with my rifle. In his last pass, he accelerated, and, a block away, he killed Heather."

2) This statement is material to this case and probative of several key facts. One, Dixon describes himself as being part of "our western perimeter", which associates him with the armed vigilante terror mob that the Plaintiffs were materially supporting at the time that they were struck by Fields' car. Two, Dixon describes "wav[ing]

-1-

[Fields] off with my rifle", which implies that not only was he carrying a rifle in Virginia, which is legal, but, that he was brandishing it, which was not. And, Dixon places this action right before Fields' car accident, which supports the argument that Fields responded to being attacked and threatened at gunpoint by an armed mob, much like the defendants in <u>Griffin v Breckenridge</u> 403 US 88 (1971) were threatened by the Ku Klux Klan, rather than "attacked" the Plaintiffs as part of a "conspiracy".

3) Cantwell is currently trying to locate Dixon to subpoena him. However, Cantwell anticipates that, even if he can locate Dixon, Dixon will resist service, not appear, or, invoke the Fifth Amendment, all of which would make Dixon an unavailable witness. Cantwell also hereby gives Plaintiffs and all parties notice of his intent to introduce this video and the attached transcript pursuant to Fed.R.Evid. 807(b).

4) Because Cantwell anticipates that this will be a material statement against interest from an unavailable witness, he moves the Court to permit him to introduce it as evidence pursuant to Fed.R.Evid. 804(b)(3)(A). Dixon's admission to the crime of brandishing if not aggravated assault with a firearm certainly exposes him to both civil and criminal liability, civil liability for contributory negligence in the Plaintiff's injuries from Fields' car accident, and, criminal liability for brandishing and aggravated assault. That makes it against interest and admissible if Dixon cannot be brought to Court to testify.

5) Further, Cantwell would also like to admit this hearsay pursuant to Fed.R.Civ.P. 807(a), as the authenticity and trustworthiness of this video is not really in question, it is offered in support of a mat-

erial fact, and, particularly given Cantwell's limited resources and imprisonment, it is more probative of Dixon's role in inciting Fields' car accident than any other evidence Cantwell can obtain. Cantwell does have evidence of other mob violence directed against Fields prior to his car accident, but, that involves striking Fields' car with a baseball bat. Here, the use of a firearm by a member of the Plaintiff's mob, and, an assault rifle at that, underscores in the mind of the jury that the Plaintiffs were not engaged in a peaceful protest, but, in an armed criminal action directed against both Fields and the peace of their fellow residents of Charlottesville. It also shows that Fields' car accident was incited by the mob and not a premeditated attack on that mob or part of a conspiracy.

Thus, Cantwell asks this Court to rule in limine that the Dixon video is admissible if Dixon cannot be brought to testify.

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage prepaid, for posting upon the electronic filing system, to which all parties are subscribed, and, handed to USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic transfer to the Court, this 27th day of September, 2021.

Christopher Cantwell

-3-