IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 27 2021

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

| | |
|---|---|
| Elizabeth Sines, et al | [ |
| Plaintiffs | [ |
| v | [   Case No: 3:17-cv-072-NKM |
| Jason Kessler, et al | [ |
| Defendants | [ |

MOTION IN LIMINE FOR A DETERMINATION THAT NO PRIVATE RIGHT OF ACTION LIES FOR CONSPIRACY TO VIOLATE A VIRGINIA STATE STATUTE ABSENT ENFORCEMENT PROVISIONS, TO BAR PAINTIFFS FROM ARGUING THE SAME, AND, TO CLARIFY WHETHER PLAINTIFFS HAVE PLED A VALID CLAIM FOR CONSPIRACY TO COMMIT FALSE IMPRISONMENT

---

Comes Now the Defendant Christopher Cantwell, and, he Moves this Court In Limine For A Determination That No Private Right Of Action Lies For Conspiracy to Violate A Virginia State Statute Absent Enforcement Provisions, To Bar Plaintiffs From Arguing The Same, And, to Clarify Whether Plaintiffs Have Pled A Valid Claim for Conspiracy To Commit False Imprisonment.  In support, he states as follows:

1) Count Three of the instant Second Amended Complaint states that Cantwell and his co-Defendants conspired civilly to commit a variety of acts, including twelves acts of conspiracy to violate ten Virginia state statutes, ranging from the severe, conspiracy to riot in violation of Va Ann Code §18.2-408, to the petty, conspiracy to commit disorderly conduct in violation of Va Ann Code §18.2-415, to the bizarre, conspiracy to violate a Virginia statute requiring thirty days notice of intent to introduce evidence of prior bad acts, Va Ann Cod §19.2-297.1.

-1-

2) In <u>Doe v Broderick</u> 225 F 3d 440 (4th Cir 2000), the Fourth Circuit addressed the circumstances under which a statute carries an implied right of private action. Following <u>Cort v Ash</u> 422 US 66 (1975), <u>California v Sierra Club</u> 451 US 287 (1981), and, <u>Cannon v Univ of Chicago</u> 441 US 677 (1979), the Fourth Circuit found that there is generally no right of private action to enforce a statute carrying criminal penalties unless the statute specifically provides for a private right of action. As such, the only statute that Plaintiffs have listed that provides for a private right of action is Va Ann Code §8.01-42.1, and, Cantwell asks that the Court bar the Plaintiffs at trial from arguing that Cantwell is liable for conspiring to violate any other state statute.

3) Further, in its order granting in part and denying in part the Motion to Dismiss, <u>Sines v Kessler</u> 324 F Supp 765 (WD Va 2018), the Court found that Count Three raised claims for conspiracy to violate Va Ann Code §8.01-42.1 and to commit assault. It did not address the claims for conspiracy to commit battery or false imprisonment. Cantwell still does not have adequate access to the Second Amended Complaint to determine exactly what acts these allegations are based on, but, it does not appear that Plaintiffs Romero or Doe are claiming battery; they do not appear to claim that anyone offensively touched them. Assuming that the battery claims apply to Wispelwey and the persons struck by Fields' car, Cantwell sees no basis for a claim of conspiracy to commit false imprisonment and would like the Court to clarify whether or not he will have to defend against such a claim at trial.

Respectfully Submitted,

Christopher Cantwell

-2-

## CERTIFICATE OF SERVICE

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage Prepaid, for posting on the ECF, to which all parties are subscribed, and, handed to USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic transmission to this Court, 1st Class Postage Prepaid, this 27th day of September, 2021.

_____
Christopher Cantwell