IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

1096

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

SEP 30 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Elizabeth Sines, et al       [
                             [
      Plaintiffs             [
                             [
v                            [   Case No:  3:17-cv-072-NKM
                             [
Jason Kessler, et al         [
                             [
      Defendants             [
                             [

MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFF
THOMAS BAKER PURSUANT TO FED.R.CIV.P. 37
--------------------------------------------------

Comes Now the Defendant, Christopher Cantwell, and, he Moves this Court to Sanction Plaintiff Thomas Baker for failure to make initial disclosures as required by Fed.R.Civ.P. 26. In support, Cantwell states as follows:

1)   Discovery in this matter closed April 30, 2021.

2)   On August 30, 2021, Plaintiff Thomas Baker made his initial disclosures pursuant to Fed.R.Civ.p. 26 which were due in 2017. ("disclosures")

3)   The disclosures that have been made, attached, are also obviously evasive and incomplete as the names of the disclosed witnesses have been redacted. disclosures p 3-4. Further, the document and damages disclosures are vague, boilerplate, and, do not include copies of any of the relevant documents. disclosures p 4-5.

4)   Fed.R.Civ.P. 37(a)-(c) provides for the sanction of parties who fail to make disclosures or who make evasive and incomplete disclosures. Good faith conference with the Plaintiff about this issue is not

available because the lateness of the disclosure is essentially
irremediable and because the conditions of confinement at the United
States Penitentiary ("USP.")' -- Marion Communications Management
Unit ("CMU") prevent Cantwell from meaningfully communicating with
Plaintiff's counsel prior to the scheduled trial deadline.  Further,
Baker's conduct in making evasive disclosures four months after
the close of discovery is the epitome of bad faith conduct which
cannot be remediated by conference with Plaintiff.

5) Because Baker's disclosures are evasive and incomplete, they must
   be treated as non-disclosures.  Fed.R.Civ.P. 37(a)(4).  As such,
   the Court must exclude all of the evidence given in the <u>disclosures</u>
   from use as "evidence on a motion, at a hearing, or at a trial."
   Fed.R.Civ.P. 37(c).  As such, Cantwell asks that Baker be barred from
   testifying at trial, and, that Baker be ordered to provide the full
   name of every witness identified in the <u>disclosures</u> and that they
   also be barred from testifying at trial.  Further, Cantwell asks that
   Baker be barred from presenting any evidence at trial that he was
   injured as the result of any act committed by any Defendant, includ-
   ing because of James Fields' car accident.  And, because of the ob-
   vious bad faith, Cantwell asks that the following adverse inference
   instruction be given to the jury:

     "In this matter, one of the Plaintiffs, Thomas Baker, refused to
     comply with the rules of the discovery and refused to timely id-
     entify medical evidence and other evidence to the Defendants.
     From this, you may infer that, had Baker disclosed the medical and
     other evidence, it would have shown that Baker was not injured by
     the acts of the Defendants, particularly by any act of Christopher
     Cantwell."

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion for Discovery Sanctions was mailed
to the Clerk of the Court, 1st Class Postage prepaid, for posting upon
the ECF, to which all other parties are subscribed, and, was handed to
USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic
transmission to the Court, this 17th day of September, 2021.

Christopher Cantwell

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | Civil Action No. 3: 17-cv-00072-NKM |

## PLAINTIFF BAKER'S RULE 26(a)(1) DISCLOSURES

Plaintiff Thomas Baker, through his undersigned counsel, hereby makes the following supplemental initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and 26(e).

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

These disclosures supplement the initial disclosures previously filed by Plaintiffs in this case. Nothing in these supplemental initial disclosures constitutes, or is intended to constitute, a waiver of any claim, right, or defense in this case or otherwise. Plaintiff Baker continues to investigate matters related to the litigation, may become aware of additional information through discovery or otherwise, may assert additional claims, and also may become aware of new reasons why information presently known may be relevant to the claims in this action. Moreover, the issues raised in this matter may require analysis by retained experts. Plaintiff Baker reserve the right to supplement, revise, and/or correct these initial disclosures. Furthermore, Plaintiff Baker expressly reserves all applicable privileges, including without limitation the attorney-client privilege and the work product doctrine, and makes these disclosures subject to those privileges.

The following are the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) and 26(a)(1)(D):

1. **The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), based on his current knowledge, information, and belief and subject to further investigation, discovery, and analysis by experts, Plaintiff Baker discloses the following individuals likely to have discoverable information that may be used to support his claims. The following disclosures are in addition to the individuals identified in Plaintiffs' Initial Disclosures. Plaintiff Baker reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). The following disclosures do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or expert witness testimony, who will be disclosed in accordance with the schedule set by the Court.

2

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

Consistent with their obligations under the Federal Rules of Civil Procedure, and of this

Court, Plaintiff Baker will supplement this list as information concerning the identity of these

individuals becomes available.

| NAME | CONTACT INFORMATION | TOPICS FOR INITIAL DISCLOSURES |
|---|---|---|
| Thomas Baker | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Certain Plaintiffs' injuries; Certain Defendants' and co-conspirators' actions at, among other things, the August 12 "rally." |
| Thomas ███████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| Frank ████████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| Adam █████████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| J. Kent ████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| John Ausn███, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| Kelsey ██████, PA | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| William ██████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| Jay ████, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

| Sean ▮▮▮▮, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
|---|---|---|
| Clark ▮▮▮▮, MD | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |
| James ▮▮▮▮ | c/o Cooley LLP, 1299 Pennsylvania Ave., N.W., Suite 700, Washington, DC 20004 | Plaintiff Thomas Baker's injuries. |

Expert disclosures will be made in accordance with the Court's scheduling order and Rule 26(b)(2). Plaintiff Baker reserve the right to use the testimony of other witnesses whose identity may be subsequently learned through discovery or other means.

**2. A copy of, or description by category and location of, all documents, data compilations and tangible things in the possession, custody or control of the party, and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), based on current knowledge, and subject to further investigation, discovery, and analysis by experts, Plaintiff Baker hereby discloses the following categories of documents and things in his possession, custody or control that he may use to support his claims. Plaintiff Baker reserves the right to amend or supplement these disclosures as provided under Fed. R. Civ. P. 26(e). The following disclosures do not include documents and things that are likely to be offered solely for impeachment:

1.  Documents concerning the identity, name, date of birth, age, citizenship and/or residency of Plaintiff Baker.

2.  Documents related to the Events including, but not limited to, photographs, videos, electronic communications, and written recollections.

3.  Medical documents relating to Plaintiffs' injuries.

4

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff Baker discloses that he is entitled to recover damages in the form of, *inter alia*, compensatory damages, punitive damages, statutory damages, attorneys' fees, costs, and interest. Plaintiff Baker anticipates that damages calculations will depend upon expert analyses and testimony to be developed and disclosed according to the schedule set by the Federal Rules of Civil Procedure and the Court. Subject to the foregoing, Plaintiff Baker has certain financial, medical, and employment records that may be relevant to damages calculations.

4. **Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

Dated: August 30, 2021
Washington D.C.

Respectfully submitted,

*/s/ David E. Mills*

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

*Of Counsel*:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com
alawyer@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Counsel for Plaintiffs*

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, I served the foregoing upon the following counsel and *pro se* defendants, via electronic mail, as follows:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

8

CONFIDENTIAL
PURSUANT TO PROTECTIVE ORDER

I hereby certify that on August 30, 2021, I also served the foregoing upon the following *pro se* defendant, via first class mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

Elizabeth Sines, et al          [
                                [
      Plaintiffs                [
                                [
v                               [   Case No:  3:17-cv-072-NKM
                                [
Jason Kessler, et al            [
                                [
      Defendants                [
                                [

OBJECTIONS TO PLAINTIFF'S WITNESS LIST (Doc 1047)

PURSUANT TO FED.R.CIV.P. 37
----------------------------------------------------

Comes now the Defendant, Christopher Cantwell, and, he makes the follow-
ing Objections to the Plaintiff's Preliminary List of Witnesses (Doc
1047) Pursuant To Fed.R.Civ.P. 37(c)(1) and otherwise.  In support,
Cantwell states as follows:

1)  Fed.R.Civ.P. 37(c)(1) provides, in pertinent part, that:
    "If a party fails to provide information or identify a witness as
    required by Rule 26(a) [lay witnesses] or (e) [expert witnesses],
    the party is not allowed touse that information or witness to supply
    evidence on a motion, at a hearing, or, at a trial, unless the fail-
    ure was substantially justified or harmless."

2)  Cantwell objects to the following witnesses being called at trial
    that Plaintiffs have not previously disclosed to him:
    a)  Jessica Alvarado;
    b)  Allen Groves;
    c)  Sanjay Suchak;
    d)  Devin Willis.

3)  Cantwell objects to the following expert witnesses being called at

-1-

trial because the Plantiffs were not previously disclosed either

then or their expert reports to him:

    a)   Julie Convisser;

    b)   Stephen Fenton;

    c)   Nadia Webb;

    d)   David Webb (it is not clear whether Webb is a fact or expert witness, but, Cantwell also objects to Webb as an undisclosed fact witness).

4)   Cantwell objects to the following expert witnesses being called at trial because their expert reports have not been disclosed to him:

    a)   Deborah Lipstadt, whose testimony Cantwell also objects to as irrelevant as pled in his Motion In Limine To Exclude All Evidence Of Defendants' Biases Against Those Who Identify As "Jews" Pursuant To  Fed.R.Evid. 401, 402, and, 403;

    b)   Peter Simi;

    c)   Sharon Reavis, for whom Cantwell has two expert reports but apparently not all of her reports.

5)   Cantwell objects to the introduction of the deposition testimony of the following witnesses as he was not permitted to appear at the depositions and cross examine these witnesses or make objections and because their depositions have not been disclosed to him so he cannot object now:

    a)   Erica Alduino;

    b)   Robert Ike Baker;

    c)   Patrick Casey;

    d)   Michael Chesny;

    e)   Burt Colucci;

    f)   ~~Benjamin Drake Daley~~;

g) Shane Duffy;

h) Samantha Froelich;

i) Bradley Griffin;

j) Dillon Izarry, aka Dillon Hopper.  Cantwell also objects to referring to him as "Dillon Hopper", a farcical pseudonym;

k) Vasilios Pistolis;

l) Thomas Rousseau.

6) Cantwell also objects to the following persons on the Plaintiff's list of "additional witnesses" being called at trial because the Plaintiff's have not previously disclosed either them or their expert reports to him:

a) Clark  Baumbusch;

b) Kathleen Blee;

c) Donna Broshek;

d) Thomas Clay;

e) James Collins;

f) Melissa Elliot;

g) Ted Galbraith;

h) Janice Gilmore;

i) Frank Gwathmey;

j) Thomas Hartka;

k) Martha McCoy;

l) Rebekah Menning;

m) Brant Meyer;

n) Pam Nadell.  Cantwell also makes the same objection to her test- as to Lipstadt's, that it is irrelevant as pled in his Motion in Limine to Exclude All Evidence Of Defendants' Biases Against Those Who Identify As "Jews" Pursuant To Fed.R.Evid. 401, 402, And 403;

o)  Robert O'Connor;

p)  Andrea Roberts;

q)  Larry Sabato;

r)  Carol Sims;

s)  Julie Solomon;

t)  Angela Tabler;

u)  Sarah Vinson;

v)  Michael Webster;

w)  Chad Wellmon;

x)  Steven Wolf;

y)  Steve Young;

z)  Tyler Yutzy.

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE
-----------------------

I herbey certify that these Objections were mailed to the Clerk of the
Court, 1st Class Postage Prepaid, for posting on the ECF system to which
all parties are subscribed, and, handed to USP-Marion staff members Nathan
Simpkins and/or Kathy Hill for electronic transmission to the Court, this
17th day of September, 2021.

Christopher Cantwell

-4-

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

1098

Elizabeth Sines, et al

    Plaintiffs

v

Jason Kessler, et al

    Defendants

Case No:  3:17-cv-072-NKM

MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFFS FOR
FAILURE TO TIMELY DISCLOSE THE "DISCORD PRODUCTION" PURSUANT
TO FED.R.CIV.P. 37

-----------------------------------------------------------------

Comes now the Defendant, Christopher Cantwell, and, he Moves this Court
to Sanction all of the Plaintiffs Pursuant to Fed.R.Civ.P. 37 For Failure
To Timely Disclose The "Discord Production" to himself and the other
pro se Defendants, including Richard Spencer,  Robert Ray, Vanguard
America, and, Eliot Kline.  In support, he states as follows:

1)  Discovery in this matter closed April 30, 2021.

2)  On September 3, 2021, Plaintiff's counsel Michael Bloch disclosed
    to Cantwell the existence of production by Discord (the "Discord
    production") as per the attached email.  In his email, Bloc  admits
    that he did not timely disclose this material to Cantwell or to
    any of  the other pro se Defendants, timely move to modify the pro-
    tective order he believes limited the circulation of this material
    so that it could be produced to Cantwell, or, even notice Cantwell
    of the existence of this material so that Cantwell could move to
    modify the protective order.

3)  Further, while Cantwell has received notice of the existence of this

-1-

Discord Production, Cantwell has still not received the actual production. (However, Cantwell notes that he received a hard drive with unknown contents from a different attorney representing Defendants today which he has not yet been able to examine).

4) Fed.R.Civ.P. 37(a)-(c) provides for the sanction of parties who fail to make disclosures or who make disclosures that are evasive or incomplete. This disclosure came about as the result of discussions between Defendant Cantwell, the Court, and, Plaintiff's counsel on, August 20, 2021, and, Cantwell believes that suffices as a good faith effort to resolve this issue. The fact is that the Defendants' refusal to disclose this evidence which is central to their case prevented Cantwell from conducting meaningful discovery regarding the Discord production, and, thus, has prevented Cantwell from fully and fairly litigating issues surrounding this Discord production.

5) Because this material was not timely produced and Cantwell was not timely notified of its existence so that he could seek its production, Cantwell has been unable to conduct discovery regarding this material, and, it should be excluded from use as evidence in this matter pursuant to Fed.R.Civ.P. 37(c)(1).

Thus, for good cause shown, Cantwell moves this Court to sanction the Plaintiffs by excluding from use at trial any of the "Discord Production".

Respectfully Submitted,

Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

-2-

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion for Discovery Sanctions was mailed to the Clerk of the Court, 1st Class Postage prepaid, for posting upon the ECF, to which all parties are subscribed, and, was handed to USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic transmission to the Court, this 17th day of September, 2021.

Christopher Cantwell

**From:** Michael Bloch
**Sent:** Friday, September 3, 2021 1:47 PM
**To:** 'Hoppe_Chambers.ecf@vawd.uscourts.gov' <Hoppe_Chambers.ecf@vawd.uscourts.gov>;
'alevine@cooley.com' <alevine@cooley.com>; 'brottenborn@woodsrogers.com'
<brottenborn@woodsrogers.com>; 'bryan@bjoneslegal.com' <bryan@bjoneslegal.com>;
'dcampbell@dhdgclaw.com' <dcampbell@dhdgclaw.com>; 'dillon_hopper@protonmail.com'
<dillon_hopper@protonmail.com>; 'dmills@cooley.com' <dmills@cooley.com>;
'eli.f.mosley@gmail.com' <eli.f.mosley@gmail.com>; 'Phillips, Jessica E' <jphillips@paulweiss.com>;
'kdunn@paulweiss.com' <kdunn@paulweiss.com>; 'wisaacson@paulweiss.com'
<wisaacson@paulweiss.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; 'Edward ReBrook,
ESQ' <rebrooklaw@gmail.com>; 'James Kolenich' <jek318@gmail.com>; 'Richard Spencer'
<richardbspencer@gmail.com>; 'hoppe.ecf@vawd.uscourts.gov' <hoppe.ecf@vawd.uscourts.gov>;
'deplorabletruth@gmail.com' <deplorabletruth@gmail.com>; 'Josh Smith'
<joshsmith2020@gmail.com>
**Cc:** 'KarenD@vawd.uscourts.gov' <KarenD@vawd.uscourts.gov>
**Subject:** Sines v. Kessler, Case No. 17 Civ. 72

Dear Judge Hoppe:

Following up on our August 20th confidential status conference, Plaintiffs have conferred
with counsel for Discord who has agreed to de-designate the entirety of its document productions as
Confidential under the operative protective order. As discussed, Discord's productions were
previously marked Highly Confidential (effectively Attorneys' Eyes Only), which prevented Plaintiffs
from producing the Discord productions to *pro se* Defendants. This de-designation enables
Plaintiffs to now produce Discord's documents to the *pro se* Defendants, which we are in the process
of doing. We have additionally requested that Discord consider removing entirely all confidentiality
designations in advance of trial to streamline the presentation of that evidence, and we are
informed that Discord is actively considering that request.

Additionally, Plaintiffs are currently in the process of de-designating certain documents
currently marked Highly Confidential that Plaintiffs intend to use at trial, so that they may be

produced to *pro se* Defendants in advance of trial. Plaintiffs further note that a substantial number of documents produced by Defendants have been marked Confidential or Highly Confidential under the protective order. Plaintiffs are in the process of meeting and conferring with Defendants regarding those designations in an effort to resolve any designation issues without Court involvement so that they can be used at trial.

Respectfully submitted,

**Michael Bloch | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | Suite 7110
New York, New York 10118
(W) 929.367.4573 | (M) 646.398.0345
mbloch@kaplanhecker.com







PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

7021 0350 0000 6940 5741

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd
P.O. Box 2000
Marion, IL 62959

◇◇00991-509◇◇
Clerk Us District Court
Western District Virginia
255 W MAIN ST
Room 304
Charlottesville, VA 22902
United States