## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

Plaintiffs,

v.

JASON KESSLER, et al.,

Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

## PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS FROM INTRODUCING COLLATERAL SOURCE EVIDENCE

Plaintiffs respectfully submit this Motion *in Limine* to preclude Defendants from offering evidence about, or otherwise referencing, any collateral source funds that Plaintiffs have received or may receive in the future.

## BACKGROUND

Plaintiffs seek to hold Defendants—several white supremacist and Neo-Nazi organizations, their leaders, members, and co-conspirators—accountable for the racially-motivated violence they planned and helped execute in Charlottesville, Virginia on August 11 and 12, 2017. As a result of Defendants' acts, Plaintiffs suffered severe physical, mental, and emotional injuries, as well as financial losses. To help offset those damages, certain Plaintiffs have received compensation, reimbursement, donations, or other funds from a variety of collateral sources, including, but not limited to: health insurance, workers' compensation programs, and gifts from third-parties, including donations through online, crowd-funded campaigns. Based on the fact that some Defendants asked about certain Plaintiffs' receipt of collateral source funds in discovery,

Plaintiffs anticipate that Defendants may seek to introduce evidence relating to those collateral funds.

## ARGUMENT

Under the collateral source rule, "'compensation from a collateral source should be disregarded in assessing tort damages.'" *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 389 (4th Cir. 2010) (quoting *United States v. Price*, 288 F.2d 448, 449–50 (4th Cir. 1961)). The central purpose of the rule is to ensure that a wrongdoer does not benefit because a victim's losses have been compensated, in whole or part, "by some other party." *ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1303 (11th Cir. 2018); *see also Scarborough v. Atl. Coast Line R. Co.*, 190 F.2d 935, 940 (4th Cir. 1951); *Schickling v. Aspinall*, 369 S.E.2d 172, 174 (Va. 1988); Restatement (Second) of Torts § 920A(2) (1979). Equally important, the rule also guards against perversely transforming a donation or gratuity intended to help a victim into a benefit to "the injurer instead." *Szedlock v. Tenet*, 139 F. Supp. 2d 725, 736 (E.D. Va. 2001), *aff'd*, 61 F. App'x 88 (4th Cir. 2003). To achieve those purposes, the rule prohibits a defendant from attempting to evade liability or reduce damages based on the "fact that [a] plaintiff may receive"—or has already received—"compensation from a collateral source (or free medical care)." *Scarborough*, 190 F.2d at 940; *see* Restatement (Second) of Torts, § 920A cmt. b.

As an initial matter, there can be no doubt that the collateral source rule applies to Plaintiffs' claims here. Indeed, Virginia has recognized and applied the rule for almost 150 years. *See Schickling*, 369 S.E.2d at 174; *Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246, 251 (Va. 2002). Federal courts, too, have long recognized and applied the rule to claims arising under federal law—including, as relevant here, claims brought under federal civil rights laws. *See, e.g.*, *Eichel v. N.Y. Cent. R. Co.*, 375 U.S. 253, 253, 255 (1963) (applying the rule to claims brought under a federal statute); *Riffey v. K-VA-T Food Stores, Inc.*, 284 F. Supp. 2d 396,

2

396–97 (W.D. Va. 2003) (federal anti-discrimination statutes); *Danner v. Int'l Freight Sys. of Wash., LLC*, 855 F. Supp. 2d 433, 437, 475 (D. Md. 2012) (federal torts); *Doe v. Darien Bd. of Educ.*, No. 3:11-cv-1581, 2015 U.S. Dist. LEXIS 158261, at *5–6 (D. Conn. Nov. 24, 2015) (federal civil rights statute).[1]

Under both Virginia and federal law, the collateral source rule sweeps broadly. It covers a wide array of sources, including private insurance, employment benefits, government programs, gratuities, and gifts from third persons, including donations made online. *See* Restatement (Second) of Torts § 920A cmts. b, c (1979) (listing categories, including insurance, employment and government benefits, and gifts); *see also Acordia*, 560 S.E.2d at 251 (citing same); *Rayfield v. Lawrence*, 253 F.2d 209, 214 (4th Cir. 1958) (medical services "paid for by a third person as a gift"); *Stokes v. City of Visalia*, No. 1:17-CV-01350-SAB, 2018 WL 1116548, at *6 (E.D. Cal. Feb. 26, 2018) (donations made through a "Go Fund Me page."). Applied here, the collateral source rule prohibits Defendants from offering evidence about—or otherwise referencing—any insurance proceeds, compensation, reimbursement, or gifts that Plaintiffs have received or may receive from third parties. To hold otherwise would undermine the policies underlying the rule by permitting Defendants to benefit from the acts of generous third parties who intended to help the victims, not the injurers. *Cf. Szedlock*, 139 F. Supp. 2d at 736.

The Federal Rules of Evidence compel the same straightforward result. *See Riddle v. Exxon Transp. Co.*, 563 F.2d 1103, 1107 (4th Cir. 1977) ("Nothing in the . . . Federal Rules of Evidence authorizes departure from the [collateral source] rule."). For starters, collateral source evidence is not relevant to a "fact [that] is of consequence in determining the action," Fed. R. Evid. 401, and

[1] Because Virginia and federal law are consistent on the application of the collateral source rule, this Court may rely on state law to the extent "necessary to furnish suitable remedies" for Plaintiffs' federal claims. *See* 42 U.S.C. § 1988(a).

must therefore be precluded under Federal Rule of Evidence 402. *See Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 930 (5th Cir. 1992) ("[E]vidence of collateral benefits simply has no relevance. . . ."); *accord Reed v. E.I. du Pont de Nemours & Co.*, 109 F. Supp. 2d 459, 465 (S.D. W. Va. 2000). Moreover, even if collateral source evidence were somehow relevant, it would be inadmissible under Rule 403 because introducing such evidence would present a "substantial likelihood of prejudicial impact" that "clearly outweighs" any probative value it might have. *Eichel*, 375 U.S. at 255. Indeed, as many courts have explained, evidence that a plaintiff has already received some recompense for her injuries might cause the jury to believe that an award of damages would overcompensate her and thus lead the jury to reduce its damages award. *See Phillips*, 953 F.2d at 929–30; *Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991). To avoid that unjust result, courts in the Fourth Circuit adopt a "strong policy" in favor of excluding collateral source evidence. *Hawkins v. United Overseas Exp. Lines, Inc.*, 490 F. Supp. 138, 142 (D. Md. 1980); *see also, e.g.*, *Reed v. Dep't of Corr.*, 7:13-CV-00543, 2014 U.S. Dist. LEXIS 157822, at *5 (W.D. Va. Nov. 7, 2014) ("[C]ourts often decline to reduce a plaintiff's . . . award by benefits received from another source . . . ."). That strong policy, which is consistent with the collateral source rule, is dispositive here: as a matter of law, Defendants may not introduce or reference any collateral source evidence.[2]

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion *in Limine* and preclude Defendants from offering evidence relating to, or otherwise referencing, collateral source funds that Plaintiffs have received or may receive in the future.

---

[2] The strong presumption against collateral source evidence applies even when the evidence is purportedly being offered "for purposes not directly related to the [collateral] payments themselves," such as to show "the extent and duration of [a] plaintiff's injury." *Hawkins*, 490 F. Supp. at 141–42 (collecting cases).

Dated: October 4, 2021

Respectfully submitted,

*/s/ Jessica Phillips*

Jessica Phillips  (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Jessica Phillips  (*pro hac vice*)
Karen L. Dunn  (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
apetty@paulweiss.com
gsanchez@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

David E. Mills  (*pro hac vice*)
Joshua M. Siegel (VSB 73416)

Alan Levine  (*pro hac vice*)
Philip Bowman (*pro hac vice*)

5

Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com


COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com


Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler,
Nathan Damigo, Identity Europa, Inc.
(Identity Evropa), Matthew Parrott, and
Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew
Heimbach, Matthew Parrott, Traditionalist
Worker Party, National Socialist Movement,
and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott,
Matthew Heimbach, and Traditionalist
Worker Party*

I hereby certify that on October 4, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: October 4, 2021

/s/ Jessica Phillips
Jessica Phillips  (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP

*Counsel for Plaintiffs*