# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE No. 3:17-cv-00072 |
| v. | COVID-19 HEALTH PRECAUTIONS ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

The COVID-19 pandemic has caused and continues to cause great risk to the health and safety to those in the Western District of Virginia. Although vaccines are widely available and the Virginia Department of Health reports that approximately 60.5% of Virginia adults are fully vaccinated,[1] the Delta variant and widely varying local vaccination rates[2] threaten to derail the progress that has been made over the last several months to re-open the courts for in-person proceedings while keeping parties, attorneys, jurors, and court staff safe. Indeed, as one district-wide measure taken in the Western District toward that end, a Standing Order has been entered requiring all Court employees to either get vaccinated or be tested weekly for COVID-19 and wear a mask while indoors in court facilities.[3]

---

[1] Virginia Department of Health, COVID-19 Vaccine Summary, https://www.vdh. virginia.gov/coronavirus/covid-19-in-virginia/covid-19-vaccine-summary/ (last visited October 3, 2021).

[2] *See id.*

[3] Standing Order No. 2021-17, *In re: Court Operations under the Exigent Circumstances Created by the Outbreak of COVID-19: COVID-19 Testing Order* (Sept. 9, 2021), http://www. vawd.uscourts.gov/media/31985587/standing-order-2021-17.pdf.

The Standing Orders of this District detail findings and consideration of the recent state of the COVID-19 pandemic, including "[t]he staggering surge of the Delta variant this summer" that "has caused the COVID-19 community transmission rate to be at the HIGH level throughout the Western District of Virginia," as well as "an increase in hospitalizations across the United States, Virginia, and this District." Standing Order 2021-17 at 1; *see also* Standing Order 2021-16 at 1–3. The Court **incorporates** these and other findings and considerations from the Standing Orders regarding the state of the COVID-19 pandemic. *See* Standing Orders 2021-16, 2021-17. The average of new daily cases remains substantially higher than it was months ago.[4]

This matter is set for a four-week jury trial, between October 25 and November 19, 2021. The size and scope of trial, including the number of litigants, counsel, and anticipated witnesses, is substantial. The parties have identified as many as 150 witnesses they do or may intend to call at trial. *See* Dkts. 1042, 1043, 1045, 1046, and 1047. The Court then ordered the parties to meet and confer regarding witnesses who may be called upon to testify remotely by videoconference. Dkt. 1058. Thereafter, Plaintiffs' counsel advised the Court that, with one possible exception, the parties intended that "all witnesses – Plaintiffs, Defendants, and third parties – will testify in person …." Dkt. 1100 at 1–2; *see also* Dkt. 1130 (Cantwell also does not intend to present any witness testimony remotely). There are over twenty Plaintiffs and Defendants in total in this case. There are even more counsel of record. The Court further anticipates that one or both sides will also request several support staff to be in the courtroom.

In view of the current state of the COVID-19 pandemic in Virginia, the Western District and in the Charlottesville Division in particular, and considering the circumstances in this case

---

[4] Virginia Department of Health, COVID-19 Cases, https://www.vdh.virginia.gov/coronavirus/covid-19-in-virginia/covid-19-in-virginia-cases/ (last visited October 3, 2021).

leading up to the scheduled trial, the Court **FINDS** it to be a necessary and appropriate measure to protect the parties, attorneys, court staff, and potential jurors and to decrease risk of exposure to COVID-19, that the Court **ORDER** as follows

### *General Health Precautions re: COVID-19*

**Masks**. "**All persons** over the age of two years, seeking entry into the federal courthouses within the Western District of Virginia, **whether vaccinated or not** … are required to wear a mask or face covering while in public or common spaces inside the courthouse …." Standing Order 2021-16 at 3.[5] Such "public or common spaces" include "the entrance areas, lobbies, public corridors, elevators, restrooms, stairwells, garages, courtrooms, and any other areas of the Courthouse where the public generally has access." *Id.* at 4. "The mask or face covering must completely cover the wearer's nose and mouth." *Id.* The Court has and will exercise discretion to allow individuals to remove their mask when speaking on the record during trial. *Id.*

**Social-Distancing**. **Social distancing of at least six feet shall be maintained whenever possible throughout the Charlottesville federal Courthouse**, during trial or during any in-person pretrial conference or visit to the Courthouse. Standing Order 2020-14 at 3;[6] Standing Order 2021-16 at 1. Individuals should be aware of their surroundings and should comply with all signage throughout the Courthouse as pertains to social distancing.

---

[5] Standing Order No. 2021-16, *In the Matter of: Court Operations and Amendment of Standing Order 2021-11* (Aug. 3, 2021), http://www.vawd.uscourts.gov/media/31985266/ standing-order-2021-16.pdf.

[6] Standing Order No. 2020-14, *In the Matter of: Court Operations Under the Exigent Circumstances Created by COVID-19: Phase I Reopening* (June 8, 2020), http://www.vawd. uscourts.gov/media/31965792/covid-19-phase-i-reopening.pdf.

3

**Courtroom**. To reduce the number of persons in the Courtroom during trial as a necessary means to reduce the risk of spread of COVID-19, and further a security precaution recommended by the U.S. Marshal's Service, the Court intends to restrict Courtroom attendance to litigants, counsel of record, jurors, witnesses, and court staff and security. Plaintiffs have agreed that they will have no more than **nine (9)** participants from their side in the Courtroom at any given time (including Plaintiffs, counsel, and support staff). *See* Dkt. 978 at 24.

The Court **orders the social distancing of** *all* **individuals within the courtroom to the greatest extent practicable**, but, if they so decide, counsel, their staff and litigants need not be socially distant from such persons on their side, and any court staff. The Court so orders this as an exercise of the Court's discretion under Standing Order 2021-11.

**\*\*\*** Any interested members of the public or press may listen to a live, audio broadcast of the trial at any time. Directions to listen to trial audio will be posted on a notice on the Court's website as well as on the docket. In addition, interested members of the public or press on a first-come-first-served basis may view remote video broadcast of the courtroom from another location (the grand jury suite) on the first floor of the Courthouse. The Court anticipates that about **fifteen (15) persons** will be able to view the trial from this location. All persons viewing the trial from this location shall be required to wear masks, practice social distancing, and conduct health-assessments as set forth elsewhere in this Order, and as otherwise required of all persons who enter the Charlottesville Courthouse by the District's Standing Orders.

**Health Self-Assessments**. **All participants** planning to attend any in-person pre-trial conferences or hearings, attend trial, or otherwise visit the Courthouse, **must conduct a health self-assessment before entering the Courthouse**. If any such person exhibits symptomatic signs of COVID-19 infection per CDC guidance (e.g., temperature over 100.4, fever or chills,

cough, shortness of breath, difficulty breathing, sore throat, unusual fatigue, muscle or body aches, new loss of taste or smell, nausea, vomiting, or diarrhea), the person **should stay home**. Standing Order 2021-11 at 3.[7] In such event, any such person **shall promptly notify the Clerk's Office** at (434) 296-9284.

   **Notice to Court of COVID-19 Events**. If counsel becomes aware of any counsel of record, litigant, witness, or any other necessary case participant, who had visited or intended to attend in person a pre-trial hearing or trial in this case at the Charlottesville federal courthouse, who (i) has tested positive for COVID-19, (ii) has been in "close contact" with someone with COVID-19 within the meaning of CDC Guidance,[8] or (iii) on account of conducting the health self-assessment described above, concludes they should not come to the Courthouse, **counsel shall promptly advise the Court** at moon.ecf@vawd.uscourts.gov **and the Clerk's Office** at (434) 296-9284, to that effect.

---

[7] Standing Order No. 2021-11, *In the Matter of: Court Operations and Amendment of Standing Order 2020-14* (May 24, 2021), http://www.vawd.uscourts.gov/media/31980922/court-operations-and-amend-so-2020-14.pdf.

[8] "Close Contact through proximity and duration of exposure: Someone who was less than 6 feet away from infected person (laboratory-confirmed or a clinical diagnosis) for a cumulative total of 15 minutes or more over a 24-hour period." CDC, Appendices, Appendix A – Glossary of Key Terms, https://www.cdc.gov/coronavirus/2019-ncov/php/contact-tracing/contact-tracing-plan/appendix.html#contact.

*Vaccination or Negative COVID-19 Test Attestation* [9]

In view of the current state of the COVID-19 pandemic in Virginia, the Western District and in the Charlottesville Division in particular, and considering the circumstances in this case leading up to the scheduled trial, the Court further **FINDS** it to be a necessary and appropriate measure to protect the parties, attorneys, court staff, and potential jurors and to decrease risk of exposure to COVID-19, that the Court **ORDER** as follows:

(1) All parties, attorneys, witnesses, and court staff who are not fully vaccinated[10] will be required to show proof of a negative COVID-19 test that was administered no more than three days prior to his/her appearance in court;

(2) Any party or witness who is not fully vaccinated and has not received a negative COVID-19 test result from a test administered no more than three days prior to his/her appearance in court will not be permitted entry into the courtroom. Properly subpoenaed witnesses who are not permitted entry into the courtroom under the terms of this Order will be expected to appear via ZoomGov.com. Failure to do so may result in sanctions up to and including contempt of court;

(3) All parties, attorneys, witnesses, court staff, and jurors will be required to wear a mask at all times. Any person who is fully vaccinated may remove his/her mask when speaking on the record. All other persons must remain masked at all times; and

(4) Any person who appears in court under the terms of this Order, including anyone who is fully vaccinated, must promptly notify the court if he/she tests positive for COVID-19 within 14 days of his/her appearance in court.

---

[9] Other recent trials in the Western District of Virginia have been conducted with these requirements in place. *See Maltese v. Smith Transport*, No. 3:19-cv-60 (W.D. Va. Sept. 20, 2021) (Dkt. 92) (Moon, J.) (five-day jury trial, September 27 to October 1, 2021); *Flanagan v. Scearce*, No. 7:19-cv-413 (W.D. Va. Sept. 16, 2021) (Dkt. 129) (Cullen, J.) (three-day jury trial, September 28 to 30, 2021). Upcoming jury trials are subject to similar requirements. *Kelly v. Town of Abingdon*, No. 1:19-cv-32 (W.D. Va. Sept. 22, 2021) (Dkt. 94) (Jones, J.) (three-day jury trial, October 5 to 7, 2021).

[10] "Fully vaccinated" means at least two weeks have passed since receipt of the second dose of a two-dose vaccine (Pfizer or Moderna) or receipt of a single-dose vaccine (Johnson & Johnson).

For purposes of testing, only polymerase chain reaction, commonly known as "PCR," and rapid antigen test results will be accepted. For any "parties, attorneys, witnesses, and court staff" planning to visit the Courthouse for multiple days based upon the results of a negative COVID-19 test (rather than vaccination), this Order imposes a duty to conduct such further tests so that for every day of attendance, they have "received a negative COVID-19 test result from a test administered no more than three days prior to his/her appearance" into the courtroom. For example, if such a visitor intends to come to the Courthouse for a full week of trial, and shows proof of a negative COVID-19 test from the Sunday before trial, they will be required to show proof of another COVID-19 test from the Tuesday or Wednesday to come to the Courthouse on the Thursday and Friday.

To the extent that any person does not have an insurance plan that covers all costs associated with COVID-19 testing, no-cost testing may be available through that individual's local health department.[11] But the unavailability of no-cost testing will not excuse non-compliance with the terms of this Order.

Any party or counsel of record who is unable to attend the trial in person, on account of failure or inability to comply with the terms of this Order, shall have remote video and audio access to the trial via ZoomGov.com.

All parties will be expected to secure a completed COVID-19 attestation form—a copy of which is attached to this Order—from every witness *prior* to their appearance in court and present those to the presiding judge's chambers at least one day prior to the witnesses' scheduled

---

[11] Virginia Department of Health, COVID-19 [Blue Ridge Health District] Testing Sites, *available at* https://www.vdh.virginia.gov/blue-ridge/covid-19-tjhd-testing-sites/ (last visited October 4, 2021).

appearances. Failure to provide completed COVID-19 attestation forms as directed herein will preclude the witness from appearing in-person.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to the parties.

Entered this ___4th___ day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE