IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES** | : | Case No.  3:17-cv-00072 |
| Plaintiff | : | **Judge MOON**<br>**Mag. Judge Hoppe** |
| | : | |
| -v- | | |
| **JASON KESSLER et al.** | : | |
| | : | |
| Defendants | | |

_____

**DEFENDANTS' MOTIONS IN LIMINE AND REQUEST FOR JUDICIAL NOTICE**
_____

Now come defendants Jason Kessler, Nathan Damigo, and Identity Evropa ("Defendants") and respectfully 1) ask the Court to take judicial notice of certain exhibits listed on defendants' Second Amended Exhibit List (ECF 1143) and, 2) seek an Order prohibiting Plaintiffs, their attorneys, and their witnesses from directly or indirectly mentioning, referring to, questioning concerning, or attempting to convey to the jury in any manner, any of the facts, allegations, testimony, or potential witnesses listed below:

1. Exclude evidence and argument that states, implies, or attempts in any way to link defendants to the misconduct that led to adverse inferences being granted against other parties to this litigation.

2. Emotional Distress

    a. Exclude evidence and argument regarding emotional distress of non-plaintiffs.

3. Exclude evidence and questioning regarding legal conclusions and definitions, including "conspiracy", "racial animus", or any similar term or concept.

4. Limitations on testimony of Experts

    a. Limit experts Simi and Blee as stated during oral argument on December 17, 2020.

## I. TAKE JUDICIAL NOTICE OF SEARCH WARRANT AFFIDAVITS, SEARCH WARRANTS, AND PERMIT THEIR USE DURING OPENING STATEMENTS AND AT TRIAL

A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute where "they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Fed. R. Evid. 201(b)*. Defendants' second amended exhibit list (ECF 1143) contains three search warrant affidavits and three search warrants issued on the strength of those affidavits.[1]

The affidavits sought to search property or accounts of persons known to the defendants[2] to be antifascist counter protestors who were present in Charlottesville on August 12, 2017. In order to issue the requested warrants the Court was required to find "probable cause". Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" *United States v. Doyle 650 F. 3d 460, 471 (4th Cir. 2011.)*

The affidavits and warrants are all contained on dockets in the Western District of Virginia and filed in case #'s 3:19-mj-00060, 3:19-mj-00017, and 3:19-mj-00018. They

---

[1] DX A.B,C,E,F, and G.
[2] See attached Declaration of Jason Kessler

therefore can be accurately readily determined and are not reasonably subject to question. "An adjudicative fact is a fact 'concerning the immediate parties-who did what, where, when, how, and with what motive or intent.'" *R.E. Goodson Constr. Co. v. Int'l Paper Co., 2006 U.S. Dist. LEXIS 55484 * 3. (Dist. S.C.).*

The proffered exhibits all establish that a Magistrate Judge in the Western District of Virginia found it reasonable to believe that certain counter protestors present on August 12, 2017 engaged in criminal misconduct. The exhibits are all directly relevant adjudicative facts at least as what the defendants did and with what motive or intent. That is, if a Magistrate Judge in this federal district found probable cause to believe criminal conduct may have been perpetrated by some counter protestors at relevant times, then a jury may well find that the defendants are not entirely unreasonable, or lying, when they testify to the same thing at trial.

Accordingly, the Court should take judicial notice of defendants' exhibits *A,B,C,E,F, and G* and permit their use during opening argument and at trial.

## II. MOTIONS IN LIMINE

**1. Exclude evidence and argument that states, implies, or attempts in any way to link defendants to the misconduct that led to adverse inferences being granted against other parties to this litigation.**

Under *Fed. R. Evid. 105*, evidence admissible against one party, but not against another party, must be "restricted to its proper scope, and the jury instructed accordingly." Several defendants have been sanctioned for discovery violations and the Court has granted plaintiffs' request for adverse inference instructions against at least three other parties to this case. *See* ECF 933 (sanctioning Robert Ray), 936 (sanctioning Vanguard America), and 982 (sanctioning National Socialist Movement).

There is no request pending against the defendants. Nor has the Court sanctioned defendants during this case. Therefore, defendants are entitled to an Order restricting these

3

adverse inferences to their "proper scope" and prohibiting the plaintiffs from using any evidence or argument that states, implies, or in any other way attempts to link the defendants to sanctions imposed on other parties.[3]

2. **Emotional Distress:**

   a) **Exclude evidence and argument regarding emotional distress of non-plaintiffs**

Plaintiffs' witness list includes numerous persons who appear to be merely bystanders to the events as well as some family members of the plaintiffs. It is possible, then, that plaintiffs intend to introduce evidence and argument regarding emotional distress of these non-parties. Such evidence and argument is irrelevant to Plaintiffs' claims because the emotional distress of nonplaintiffs is not recoverable. *Fed. R. Evid. 401, 402.*

In additional to being irrelevant to Plaintiffs' claims, evidence and argument regarding the emotional distress of Plaintiffs' family, friends, or other witnesses due to witnessing or being aware of plaintiffs' injuries is prejudicial. *Fed. R. Evid. 403.* The only purpose to offer such evidence would for its emotional impact on the jury, and it should therefore be excluded.

3. **Exclude evidence and questioning regarding legal conclusions and definitions, including "conspiracy", "racial animus", or any similar term or concept.**

No party has identified an expert witness as to the definition of conspiracy, racial animus, or any similar term or concept. Defendants move the Court to exclude any questioning or evidence, including expert testimony, dependent on or incorporating such legal conclusions and definitions. These terms are subject to specific definitions under the law that will be the

---

[3] Defendants will also submit relevant proposed jury instructions within the time provided by the Court's pretrial Order.

subject of instruction by the Court. These terms, or substantially similar terms, are frequently used in everyday interactions in ways that are inconsistent with the relevant legal definitions.

Questions or testimony using the words "conspiracy", "racial animus", or any substantially similar term would implicitly suggest to the jury that these terms are applicable to the defendants and would therefore be prejudicial since the applicability of these concepts, under their technical legal definitions, is part of what the jury will be responsible for determining in deliberation.

Therefore, any such questioning or testimony would be prejudicial and should be disallowed under *FRE 403, 701, and 702.*

### 4. Limitations on testimony of Experts

Defendants moved to exclude or limit the testimony of proffered experts Simi and Blee (ECF 826). The Court overruled the motion (ECF 937) after oral argument held on December 17, 2020. (ECF 911).

At oral argument the plaintiffs, through Counsel, represented to the Court that experts Simi and Blee "will not opine that there's a conspiracy. They will not opine as to what any specific defendant intended."[4] Further, plaintiffs stated that the experts will not "render any sort of opinion" that could constitute "legal conclusions".[5]

Defendants therefore move the Court to Order the plaintiffs not to seek to introduce any such expert testimony, nor to ask questions that may elicit such expert testimony, from expert witnesses Simi or Blee.

---

[4] Official transcript of oral argument held December 17, 2021 p. 36:18-19.
[5] Id. at p. 37:4-21.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their request for judicial notice and motions in limine.

Respectfully Submitted,

s/ James E. Kolenich
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
JEK318@gmail.com

s/ Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

Trial Attorneys for Jason Kessler, Nathan Damigo, and Identity Evropa

## CERTIFICATE OF SERVICE

I certify the above was served on OCTOBER 4, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*
Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*
Elliott Kline *eli.f.mosley@gmail.com deplorabletruth@gmail.com*
Matthew Heimbach *matthew.w.heimbach@gmail.com* Christopher Cantwell
*#00991-509*

6

*USP Marion*
*4500 Prison Rd.*
*PO Box 2000*
*Marion IL 62959*

                                               Respectfully Submitted,

                                               <u>s/   James E. Kolenich</u>