# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

**Civil Action No. 3:17-cv-00072-NKM**

                Plaintiffs,

**JURY TRIAL DEMANDED**

    v.

JASON KESSLER, et al.,

                Defendants.

## PLAINTIFFS' MOTION *IN LIMINE* FOR THE COURT TO DEEM AUTHENTIC CERTAIN PHOTGRAPHS AND VIDEOS DEPICTING DEFENDANT ROBERT "AZZMADOR" RAY

Plaintiffs respectfully submit this Motion *in Limine*, which requests that the Court, in advance of trial, deem authentic, under Federal Rule of Evidence 901, certain photographic and video recording exhibits that depict Defendant Robert "Azzmador" Ray in action shortly before, during, and after the Battle of Charlottesville on August 11 and 12, 2017.

Had Ray shown up to any of his three properly-noticed depositions, Plaintiffs would have no need to file this motion as they could have authenticated the relevant photographs and videos at Ray's deposition. But that did not happen. Despite three properly-noticed depositions, multiple orders from two federal judges, and being held in contempt, "[n]either the Court nor Plaintiffs' counsel ever heard from Ray." Sept. 22, 2021, Memorandum Opinion & Order, ECF No. 1106 at 9. As a result, Plaintiffs did not have the opportunity to authenticate several important photographs and videos that indisputably depict Ray—one of the loudest, most violent, and most visible conspirators—in action on August 11 and 12, 2017. Nevertheless, Plaintiffs can easily satisfy Rule 901's simple and straightforward test and establish the authenticity of the photos and videos at

issue here.  No one can reasonably dispute that the exhibits are authentic.  Each item prominently and unquestionably depicts Ray's face, distinctive attire, beard, hair-style, and (in the videos) Ray's voice.  What's more, the authenticity of each of these items is corroborated by persuasive circumstantial evidence, including statements Ray himself made in videos that he livestreamed to his Daily Stormer audience "live" from the scene of events, which the Court has already deemed authentic.  ECF. No. 1106.  The Court should grant the Motion *in Limine*.

## ARGUMENT

It is no secret that Defendant Robert "Azzmador" Ray has brazenly flouted his discovery obligations in this case, including by failing to attend three properly-noticed depositions.  To remedy the evidentiary gap that misconduct created, Plaintiffs have twice sought and obtained evidentiary sanctions from the Court.  In the most recent instance, the Court granted Plaintiffs' request that all documents, photographs, and videos from several of Ray's social media accounts, including from his Daily Stormer account, be deemed authentic for purposes of Rule 901 of the Federal Rules of Evidence.  *See* Sept. 22, 2021, Memorandum Opinion & Order, ECF No. 1106. The Court denied without prejudice, however, Plaintiffs' additional request that "any photographs or videos that Plaintiffs have a good-faith basis to believe were either taken by Ray, or depict Ray" be deemed authentic, explaining that, to obtain that relief, Plaintiffs needed to submit a motion *in limine* that establishes prima facie authenticity for the specific photographs and videos that Plaintiffs seek to admit.  *Id.* at 14.  Plaintiffs accordingly file the instant motion *in limine*.

Plaintiffs can easily satisfy Rule 901's undemanding test for the photos and videos at issue here.  To satisfy that rule, a proponent of an item of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  The rule does not erect a difficult hurdle—"only a *prima facie* showing is required." *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009).  At the motion *in limine* stage, a party seeking to clear

that low hurdle need not show that the item necessarily is what the proponent claims it is, nor is the proponent required to show that the item satisfies other admissibility requirements, such as the rule against hearsay.[1] *See id.* (citing *United States v. Goichman,* 547 F.2d 778, 784 (3d Cir. 1976)); *United States v. Recio*, 884 F.3d 230, 236–37 (4th Cir. 2018). Instead, a proponent need only offer "a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *Vidacak*, 553 F.3d at 349.

Rule 901(b) provides ten, non-exclusive methods of how authentication may be accomplished, at least two of which are relevant here. *See* Fed. R. Evid. 901(b). First, an item, including a video or photograph, can be authenticated by a comparison with other authenticated evidence in the case. *See* Fed. R. Evid. 901(b)(3); *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (applying the rule to videos and photographs). In addition, an item's authenticity can be established by its appearance, contents, substance, or distinctive characteristics, together with all relevant circumstances. *See* Fed. R. Evid.(b)(4). Under that rule, courts have routinely admitted videos and photographs which plainly depict the persons, places, and events at issue in a case, even without testimony from the item's creator. *See, e.g.*, *Smith v. Lopez*, 519 F. Supp. 3d 395, 405–06 (W.D. Tex. 2021) (videos of the parties' actions during the events at issue in a civil rights lawsuit); *Bruins v. Osborn*, No. 2:15-cv-00324, 2016 U.S. Dist. LEXIS 20364, at *2 n.2 (D. Nev. Feb. 19, 2016) (same); *see also United States v. Farrad*, 895 F.3d 859, 878 (6th Cir. 2018) (photos appearing to show the defendant and the distinctive features of his apartment).

Under both of those rules, all of the exhibits at issue here satisfy Rule 901. For one, the Court has already deemed authentic all photographs and videos from Ray's Daily Stormer account.

---

[1] Although not directly relevant here, it bears noting that statements made in the videos at issue here are either not hearsay, or would be admissible under an exception to the hearsay rule, such as Federal Rule of Evidence 801(d)(2)(A), which governs statements made by an opposing party in an individual or representative capacity.

*See* ECF No. 1106 at 14.  Thus, the jury would be able to compare that evidence—which includes hours of video from Ray's livestreaming of the events—to the photos and videos at issue here. Any reasonable person making that comparison would conclude that the items at issue accurately depict Ray's words and actions.  Indeed, there can be no question that all of the evidence discussed in this motion depict Ray:  All show Ray's face, his beard, his braided pony tail, his glasses, his ball caps, his Daily Stormer shirt; and all videos blare his voice (often shouting racist and anti-Semitic diatribes).[2]

Moreover, the authenticated videos, which Ray proudly streamed to his Daily Stormer audience, show him boasting about participating in and celebrating many of the same events depicted in the items at issue.  *Compare* Pls.' Ex. 2112 at 00:14-00:25  (Ray on August 12, 2017, responding to a question about "last night," boasting that he "personally, literally gassed half a dozen kikes."), *with* Pls.' Ex. 2805 (photo depicting Ray on August 11, 2017, maliciously macing counter-protestors).  Also helpful for the jury is the fact that the items in question depict Ray wearing distinctive Daily Stormer attire, which allows the jury to determine which date each item

---

[2] Because all the evidence discussed in this motion unquestionably depicts Ray, Plaintiffs can easily meet their burden under Rule 901, even without comparison to authenticated evidence.  To the extent there is any doubt (and there should not be) that the videos from Ray's Daily Stormer livestream are not already deemed authentic under the Court's September 22, 2021, Order, *see* ECF No. 1106 (deeming authentic all photographs and videos from Ray's Daily Stormer account), Plaintiffs move, out of an abundance of caution, for the Court to deem those videos authentic for purposes of Rule 901.  Specifically, Plaintiffs request that, to the extent it has not already, the Court deem authentic Plaintiffs' Exhibits 3234, 3340, 3253, 2112, and 2769.

Each of the videos is from Ray's livestream of the events in Charlottesville via the Daily Stormer.  Plaintiffs can readily make a prima facie showing of that fact based on Ray's distinctive characteristics and the videos' contents. For example, the videos show Ray directly addressing his Daily Stormer audience and recapping specific events from August 11 and 12, 2017; in addition, each video has distinctive amateur documentary style and contains numerous individuals wearing or holding items with a Daily Stormer logo.  *See, e.g.*, Pls.' Ex. 3253 at 00:21-00:33 (Ray describing the day's events and telling his Daily Stormer audience that he will "continue live streaming"); Pls.' Ex. 3340 at 00:03-01:08  (Ray saying "we're live," followed by him recapping the day's events, from his perspective, for his audience); Pls.' Ex. 3224 at 28:43 (Ray "deliver[ing] a message" to his "viewers" while wearing a Daily Stormer shirt and standing in front of a Daily Stormer banner); Pls. Ex. 2112 (same visual style and similar location and cast of persons as the other videos).  Plaintiffs' Exhibit 2769 is a still taken from Exhibit 3234 (video).

is from—a black shirt on August 11, and a white shirt on August 12.  *Compare* Pls.' Ex. 2805 (photo taken on August 11, 2017, Ray in black shirt), *with* Pls.' Ex. 2112 (video recorded on August 12, 2017, Ray in white shirt).  There can be no serious dispute that each of the following items satisfies Rule 901's undemanding test:

- <u>Plaintiffs' Exhibit 3244</u>.  This video, which is from hours before the August 11, 2017, torch march, depicts an interview Ray gave to on-site reporters, in which he identifies himself by name and asserts that he is a reporter for the Daily Stormer.  Notably, Ray is wearing a distinctive red "Rebel" ball cap and a black Daily Stormer shirt, both of which are also depicted in many of the August 11 items below.

- <u>Plaintiffs' Exhibit 2738</u>.  This photograph depicts Ray, who is wearing the same red ball cap and black Daily Stormer shirt as he is in Exhibit 3244, holding a torch at the August 11, 2017, march. Notably, Ray used this photo, with some alterations including the addition of a caption which reads, "Summer of Fascism 2017," in a Daily Stormer article he published on August 14, 2017.  *See* Pls.' Ex. 2643.  That article has already been deemed authentic by the Court.  ECF No. 1106.

- <u>Plaintiffs' Exhibit 2805</u>.  This photograph was taken during the August 11, 2017, torch march.  It depicts Ray, again wearing the same red ball cap and black shirt, holding a torch and indiscriminately macing counter-protestors who are standing several yards away, with their backs against the Thomas Jefferson statue.  The depiction of Ray macing counter-protestors aligns with statements Ray himself made during a Daily Stormer livestream video he posted next day, in which he boasted that the torch march was "as glorious as you could possibly imagine—I personally, literally gassed half a dozen kikes."  Pls.' Ex. 2112 at 00:14-00:25.  The Court has already deemed that video authentic.  *See* ECF No. 1106.

- <u>Plaintiffs' Exhibit 2810.</u> This photograph is almost identical to Exhibit 2805 except that it appears to have been taken a few moments earlier.

- <u>Plaintiffs' Exhibit 2880</u>.  This video, which contains a mark indicating it was shot by a photojournalist named Daniel Shular, is from August 11, 2017, and depicts Ray, who is wearing his distinctive black Daily Stormer shirt and is surrounded by torch marchers, telling a journalist: "The ovens are gonna be a lot hotter than this fucking pepper spray. The ovens! *The ones that are coming*."

- <u>Plaintiffs' Exhibit 2820</u>.  This video, which appears to be taken with a cell phone, depicts Ray giving an interview to a reporter either shortly before or after the incident depicted in Exhibit 2880.

- <u>Plaintiffs' Exhibit 2761</u>. This photograph depicts Ray standing in his black Daily Stormer shirt in and around the same time and place as Exhibits 2880 and 2820.

- <u>Plaintiffs Exhibit 2071</u>. This video is from an after party Ray hosted on the night of August 12, 2017, and appears to have been taken with a cell phone by one of the attendees. The video depicts Ray giving a speech, which concludes with Ray declaring, "Death to traitors! Death to enemies of the white race! Hail victory!" Seconds after Ray's speech concludes, an attendee cheers, "May God bless you, Azzmador," and Ray responds, "Thank you. God bless all of you!" Ray is dressed in what appear to be the same white shirt and beige cap he wore in his August 12, 2017, Daily Stormer livestream videos, which the Court has already deemed authentic. *E.g.*, Pls.' Ex. 3253.

- <u>Plaintiffs Exhibit 1991 (from the 7:30-8:43 mark)</u>. This video is from a Vice Documentary filmed on August 11 and 12, 2017 in Charlottesville. The portion of the video that Plaintiffs wish to have deemed authentic depicts Ray giving an interview to a reporter in a van on August 12, 2017. Ray is wearing his white Daily Stormer t-shirt and identifies himself as a feature writer and "man on the ground at events" for the Daily Stormer.

For the reasons described above, even a cursory review of these items decisively shows that each is what Plaintiffs claim it is: A depiction of Ray during the relevant events. No reasonable person could say otherwise: It is his face, his beard, his hair, his Daily Stormer shirts, his ball caps, and his voice. Under Rule 901, no more is required. *See United States v. Damrah*, 412 F.3d 618, 628 (6th Cir. 2005) (videos which clearly identify the persons depicted satisfy Rule 901); *United States v. Vansach*, No. 1:09CR3, 2009 U.S. Dist. LEXIS 92514, at *6 (N.D. W. Va. Aug. 31, 2009) (same, citing *Damrah*); *see also United States v. Thomas*, 2017 U.S. App. LEXIS 11781, at *11–12 (6th Cir. June 30, 2017) (holding that photos which depicted a person with the defendant's "distinctive tattoos" and a "Detroit Tigers hat" satisfied Rule 901 even if the investigator did not know "who created" or "uploaded the photographs"); *United States v. Cortez*, No. 1:16-CR-128, 2017 U.S. Dist. LEXIS 30555, at *18 (E.D. Va. Feb. 27, 2017) (videos admissible because they depicted persons known and relevant to the case). Comparing the items to the authenticated evidence, including the livestream videos Ray proudly shared on the Daily

Stormer, drives that point well past home. As a result, the items are admissible under Rule 901 even if any are partially incomplete, or even if Defendants object to the video or audio quality of any of the items (which, in any event, is quite good). *See United States v. Ivery*, No. 2:16-cr-00158, 2017 U.S. Dist. LEXIS 26063, at *20 (S.D. W. Va. Feb. 24, 2017) (collecting cases). Accordingly, the Court should determine that the items are authentic in advance of trial.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion *in Limine*, and deem authenticated Plaintiffs' Exhibits 2071, 2738, 2761, 2805, 2810, 2820, 2880, 3244, and portions of 1991 (7:30-8:43).

Dated: October 4, 2021

Respectfully submitted,

/s/ Jessica Phillips

Jessica Phillips  (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com

Jessica Phillips  (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William  A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
apetty@paulweiss.com

gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

gsanchez@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

I hereby certify that on October 4, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: October 4, 2021

/s/ Jessica Phillips
Jessica Phillips  (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP

*Counsel for Plaintiffs*

2