UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUNIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

        Plaintiffs,

v.

JASON KESSLER, et al.,

        Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' RESPONSE TO DEFENDANT CANTWELL'S SUPPLEMENTAL MOTION TO EXCLUDE THE DEPOSITION TESTIMONY OF ROBERT ISAACS, BRADLEY GRIFFIN, DILLON HOPPER, AND THOMAS ROSSEAU**

In one of his recent motions,[1] Defendant Christopher Cantwell requests that this Court exclude the deposition testimony of Robert Isaacs, Bradley Griffin, Dillon Hopper, and Thomas Rousseau, all of whom are otherwise unavailable witnesses. ECF No. 1102; *see* ECF No. 1103.[2] Cantwell claims that "based on his review of discovery to date," Plaintiffs failed to serve him with notice of these depositions, and therefore moves to exclude the entirety of those depositions under Rule 32. Cantwell's motion to exclude deposition testimony should be denied because, even if Cantwell (unlike every other Defendant in this case) lacked actual notice of the depositions, he has

---

[1] In addition to the reasons set forth herein, this motion can and should also be denied for the reasons set forth in Plaintiffs' Response Regarding Defendant Christopher S. Cantwell's ECF Filings Nos. 1062, 1063, 1064, 1065, 1066, 1077, 1078, 1084, 1085, 1086, 1087, 1088, 1089, 1090, 1096, 1097, 1098, 1099, 1102, 1103. *See* ECF No. 1108.

[2] Cantwell also complains of a failure to receive deposition notices for Michael Peinovich and Kyle Chapman, ECF No. 1103, but those depositions did not subsequently occur.

1

not shown and cannot show any prejudice, any lack of actual notice was inadvertent, and the request, coming one month before trial, would be unfairly prejudicial to Plaintiffs.

## FACTUAL BACKGROUND

As the Court is aware, Cantwell was represented by counsel, James Kolenich, until October 28, 2019.[3]  ECF No. 583. Prior to Mr. Kolenich's withdrawal, Plaintiffs' counsel served Cantwell, through Mr. Kolenich, with a deposition notice for Hopper's first deposition on August 1, 2019. Ex. 1.  Plaintiffs' counsel also served Cantwell with a deposition notice for Rousseau's first deposition on September 11, 2019, and with amended deposition notices on October 1 and October 8, 2019.  Exs. 2, 3, 4.  It is plain from Cantwell's declaration, ECF No. 1103, that he received the first notices, as he only challenges the notices from 2020.

Following Mr. Kolenich's withdrawal, Cantwell proceeded *pro se* and communicated with Plaintiffs' counsel via his email address for several months.  On January 23, 2020, Cantwell was arrested. He was later convicted and sentenced to 41 months' incarceration.  *See United States v. Christopher Cantwell*, 20-cr-00006, Sentencing Judgment Doc. No. 132 (Mar. 5, 2021).

As the Court is aware, due to an administrative oversight, although Mr. Cantwell provided notice that he should be served by mail at his place of incarceration in February 2020, Plaintiffs' counsel continued to serve Cantwell at the email address he had previously provided until March 2021.  *See* ECF No. 664.   These notices were emailed to Cantwell simultaneously with notices served on every other Defendant.  On April 12, 2021, after Plaintiffs brought the issue to the Court's and Cantwell's attention, Cantwell filed a motion to sanction Plaintiffs for their oversight

---

[3] On July 25, 2019, Mr. Kolenich filed a motion to withdraw.  ECF No. 530.  On October 18, 2019, Mr. Kolenich informed the Court and counsel that Mr. Cantwell had fired both him and Mr. Woodward while Mr. Kolenich's motion to withdraw remained *sub judice*.  ECF No. 945, Ex. A.  The Court granted Mr. Kolenich's motion on October 28, 2019.  ECF No. 583.

2

in continuing to serve Cantwell at his email address. On May 14, 2021, the Court denied Cantwell's motion for sanctions in connection with Plaintiffs' oversight, finding that Plaintiffs' "administrative mistake" was entirely "inadvertent" and that Cantwell "has not suffered any prejudice because of Plaintiffs' mistake." ECF No. 951.

In the interim, on April 28, 2020, Plaintiffs' counsel served all Defendants, including Mr. Cantwell at his email address, with the initial deposition notice for Mr. Hopper's second deposition, and served the same parties with amended deposition notices on June 1, 2020 and June 15, 2020. Ex. 5, 6. On May 28, 2020, Plaintiffs' counsel served all Defendants, including Mr. Cantwell, with deposition notices for Mr. Isaacs and Mr. Griffin. Ex. 7. On June 4, 2020, Plaintiffs' counsel served all Defendants, including Mr. Cantwell, with the notice for Mr. Rousseau's second deposition, and served the same parties with amended deposition notices on June 10, June 16, and July 20, 2020. Exs. 8, 9, 10, 11.

The depositions of Messrs. Isaacs, Griffin, Hopper, and Rousseau proceeded, and Mr. Kolenich participated, or had the opportunity to participate, in all of them as counsel to Mr. Cantwell's co-Defendants. Other counsel for co-Defendants also participated, including Mr. Bryan Jones and Mr. David Campbell.

**ARGUMENT**

This Court has "broad discretion to admit or exclude any deposition testimony by applying the rules of evidence." *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991); *see also United States v. Oloyede*, 933 F.3d 302, 312 (4th Cir. 2019) ("Of course, it is well established that the district court, as a trial court, has broad discretion to admit evidence in the management of a trial, and we will overrule the district court's evidentiary rulings only when the court has abused its broad discretion to the prejudice of a party."), *cert. denied sub nom.,* 140 S. Ct. 1212 (2020). To

3

"provide a legitimate basis for excluding [a] deposition . . . the party opposing the introduction of the deposition must make a particularized showing of prejudice by, for example, advising the court what specific questions counsel would have asked the witness in a crucial area of the case." *In re Reingold*, 157 F.3d 904, 904 (5th Cir. 1998).

There is no dispute that the deposition testimony of Messrs. Isaacs, Griffin, Hopper, and Rousseau is "independently admissible" under the rules of evidence as the prior testimony of unavailable witnesses. *See* Fed. R. Evid. 804(b)(1) (excepting depositions from hearsay rule where deponent is "unavailable as a witness"); *see also Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993); *Horne v. Owens-Corning Fiberglas Corp.*, 4 F.3d 276, 283 (4th Cir. 1993).

Mr. Cantwell argues—one month before trial—that all of the deposition testimony of Messrs. Isaacs, Griffin, Hopper, and Rousseau should be excluded entirely from this case on the ground that he—and he alone—did not receive actual notice because he was incarcerated and counsel inadvertently sent the notices to the email address Mr. Cantwell had previously supplied. However, Mr. Cantwell does not identify any specific prejudice, such as by offering any specific questions he would have asked any of the witnesses that were not asked by his former counsel Mr. Kolenich, who continued to represent several similarly-situated co-Defendants, or by any other co-Defendants' counsel who attended the depositions.

To begin, as noted above, Mr. Cantwell received notice of a number of depositions at issue before he was incarcerated. Specifically, Cantwell received notice of Mr. Hopper and Mr. Rousseau's first depositions through counsel in 2019. *See* Exs. 1, 2. While unclear whether Mr. Cantwell seeks to challenge those depositions, there is no conceivable basis to argue a Rule 32 violation with regard to those depositions, and his motion must be denied.

It is true that Plaintiffs' counsel incorrectly sent deposition notices to Mr. Cantwell's email address for Hopper and Rousseau's second depositions, and Isaacs' and Griffin's depositions. However, even as to those depositions, the motion should nonetheless be denied for three reasons. First, there is no prejudice to Mr. Cantwell as a result of the oversight in service of the deposition notices. In order to "provide a legitimate basis for excluding [a] deposition . . . *the party opposing the introduction of the deposition must make a particularized showing of prejudice by, for example, advising the court what specific questions counsel would have asked the witness in a crucial area of the case.*" *In re Reingold*, 157 F.3d 904 (5th Cir. 1998) (emphasis added). Here, Mr. Cantwell has failed to make *any* showing of prejudice, much less a particularized showing of "what specific questions" he would have asked "the witness[es] in a crucial area of the case." *Id.* And for good reason. Mr. Cantwell was and is similarly situated to his co-Defendants, and his interests were more than adequately represented by his co-Defendants' counsel at all four of the depositions at issue.

In fact, Mr. Cantwell's former counsel, Mr. Kolenich, who received notice of the depositions on behalf of Mr. Cantwell until the Court granted his withdrawal, and who represented numerous co-Defendants at the time, participated or had the opportunity to participate, and to ask questions relevant to all co-Defendants, in all of these depositions. There is no reason to believe—and Mr. Cantwell has supplied none—that Mr. Kolenich or the other defense counsel failed to ask these witnesses "specific questions" "in a crucial area of the case." *See United States v. Holy Land Found. for Relief & Dev.,* 2010 WL 11541819, at *9 (N.D. Tex. May 24, 2010) (holding that "seven attorneys, representing the three individual co-defendants—all with the same defense and defense strategy—are deemed to have adequately represented the interests of the unrepresented corporate entity that was operated by those individual co-defendants"); *cf. Jarvis v. Nobel/Sysco*

*Food Servs. Co.*, 985 F.2d 1419, 1424 (10th Cir. 1993) (declining to find error where "exactly the same issue was properly raised in a summary judgment motion by a codefendant and was explicitly discussed in the codefendant's brief").

Second, in addition to the absence of prejudice, there is no basis to suggest that Mr. Cantwell was deliberately excluded or that the lack of notice was anything but an "inadvertent" oversight. Plaintiffs' counsel sent notice to all parties and counsel and had no reason to exclude Mr. Cantwell (or any other party) from the depositions. Of course, Mr. Kolenich and several other co-Defendants' counsel actually participated in the depositions and had full opportunity to ask any questions they wished. Mr. Cantwell has not shown that he would have asked anything that they did not.

Finally, excluding the deposition testimony at this stage of the proceedings for lack of adequate notice to one of several similarly situated co-Defendants, where there has been no prejudice against that Defendant, would be a draconian and inappropriate remedy, as well as severely prejudicial to Plaintiffs.[4] Just as the Court ruled in its previous order denying Mr. Cantwell's motions for sanctions, ECF No. 951, the Court should not allow Mr. Cantwell to unilaterally prohibit Plaintiffs (and other Defendants) from using admissible deposition testimony based on an inadvertent error. *See Wolfe v. Reed*, 2018 WL 1257095, at *3 (D. Md. Mar. 12, 2018)

---

[4] If the Court nevertheless grants Cantwell's motion in any respect (and it should not), the exclusion of deposition testimony should take effect only as against Mr. Cantwell, and not as against any other Defendant in this action. *See United States v. Peterson*, 524 F.2d 167, 182 (4th Cir. 1987) ("The mere fact that evidence may be inadmissible against a defendant does not preclude its use against a codefendant if it is otherwise admissible against him."), *abrogated on other grounds by Crosby v. United States*, 506 U.S. 255 (1993); *see also* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). Instead, a limiting instruction would be the correct means to cure any allegedly prejudicial spillover. *See Sines v. Kessler*, 2020 WL 7028710, at *12 (W.D. Va. Nov. 30, 2020) ("Defendants' concerns about the 'spillover effect of evidentiary rulings' against Kline, such as the risk that the jury will unfairly presume other Defendants also defied the Court's discovery orders, can be addressed with an appropriate limiting instruction."); *see also* 21A Fed. Prac. & Proc. Evid. § 5064 (2d ed.) ("The [Wright & Miller] writers suppose that under Rule 105 courts will normally find that a limiting instruction will suffice to protect the opponent against misuse of party multiple admissibility in civil cases.").

(declining to exclude evidence where failure to disclose "was inadvertent and not done in bad faith").

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Mr. Cantwell's motion to exclude the deposition testimony of Messrs. Isaacs, Griffin, Hopper, and Rousseau.

Dated: October 4, 2021

Respectfully submitted,

/s/ David E. Mills
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com
alawyer@paulweiss.com

Makiko Hiromi (*pro hac vice*)

gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

I hereby certify that on October 4, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby certify that on October 4, 2021, I also served the foregoing upon following *pro se* defendant, via first class mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

                                                    */s/ David E. Mills*
                                                    David E. Mills (*pro hac vice*)