# EXHIBIT 2

| | |
|---|---|
| **From:** | Bolton, Eric |
| **Sent:** | Wednesday, September 11, 2019 12:55 PM |
| **To:** | jgravatt@dhdglaw.com; dhauck@dhdglaw.com; dcampbell@dhdglaw.com; bryan@bjoneslegal.com; isuecrooks@comcast.net; jek318@gmail.com; edward@rebrooklaw.com; dinuccilaw@outlook.com; Eli.F.Mosley@gmail.com; matthew.w.heimbach@gmail.com; dillon_hopper@protonmail.com |
| **Cc:** | Levine, Alan; Michael Bloch; Roy III, Daniel P. |
| **Subject:** | Sines et al v. Kessler et al - W.D. Va. Case 3:17-cv-00072-NKM-JCH |
| **Attachments:** | Subpoena.zip |

On behalf of Plaintiffs' Counsel attached please find a copy of the Subpoena to Testify at a Deposition in a Civil Action that will be served upon Thomas R. Rousseau

Eric Bolton
Cooley LLP

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Western District of Virginia

| | |
|---|---|
| Elizabeth Sines, et al., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:17-cv-0072-NKM |
| Jason Kessler, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              Thomas Ryan Rousseau, ██████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  United States District Court | Date and Time: |
|---|---|
| 501 West 10th Street | |
| Fort Worth, TX 76102-3673 | 10/17/2019 9:00 am |

The deposition will be recorded by this method:    stenographer and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/10/2019

|     *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Alan Levine |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Alan Levine, Cooley LLP, 55 Hudson Yards, New York, NY 10001, alevine@cooley.com, (212) 479 6260

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17-cv-0072-NKM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

     ❐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Alan Levine
+1 212 479 6260
alevine@cooley.com

September 10, 2019

Thomas Ryan Rousseau

███████████████

**Re:** *Sines, et al., v. Kessler, et al.,* **3:17-cv-0072-NKM (W.D. Va.)**

Mr. Rousseau:

We are writing to provide information and materials relating to the Court's September 6, 2019 Order requiring you to appear and participate in a deposition concerning your and Vanguard America's conduct in pre-trial discovery in the above captioned matter. A copy of the Court's Order of September 6, 2019, ECF No. 553, is attached hereto as Exhibit 1. In addition, we attach as Exhibit 2 to this Letter a copy of Plaintiffs' First Amended Complaint, filed January 5, 2018, ECF No. 175.

Regarding your discovery obligations:

- Provide complete and accurate written answers or responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, as required by the Court's Order of March 26, 2018, ECF No. 287 (*see* Exhibit 3 attached hereto). Plaintiffs' First Set of Interrogatories and Requests for Production of Documents are attached to this Letter as Exhibits 4 and 5.

- Give Plaintiffs' counsel a complete and accurate Stored Communications Act ("SCA") consent form allowing Discord to produce any discoverable documents or electronically stored information ("ESI") in response to Plaintiffs' subpoenas, as required by the Court's Order of November 13, 2018, ECF No. 379 (*see* Exhibit 6 attached hereto). A copy of the SCA consent that you must fill out is attached to this Letter as Exhibit 7. Once you fill out the document, you must e-mail it from the e-mail address that is associated with the Discord account to sca@bsfllp.com. If you had or have more than one Discord account that contained potentially relevant documents, you must fill out a consent form for each account.

- Complete consent forms giving Plaintiffs' counsel access to any other social media accounts (e.g., Facebook, Twitter, Gab) that you used to communicate about the Events at issue in this lawsuit, regardless of whether those accounts have been disabled, suspended, or deleted. We have attached to this email as Exhibit 8 an authorization form from Twitter that will allow data to be recovered from suspended or disabled accounts and sent to a third-party vendor for imaging.

  - Please complete the attached consent form. Once the form is complete, please submit a request through the privacy form at https://help.twitter.com/forms/privacy. In the section of the form entitled, **"Please enter the specific information you are requesting:"**, you must do two things:

    - **(a)** specify what content and data you are requesting (which should be identical to the data requested in the consent form). Specifically, the data you should request



Thomas Ryan Rousseau
September 10, 2019
Page Two

is as follows: Profile Data, Followers, Following, Tweets (and retweets), Replies, Notifications, Messages (Direct Messages or "DMs"), Any other items we would expect to find if we were viewing your live twitter account with full access and control.

▪ **(b)** list the discovery vendor's email address as the email address where the content and data should be sent ███████████ and █████████████). (Note that in the section entitled, **"The email address associated with your Twitter account"**, the account-holder must enter the email address associated with their suspended Twitter account -- not the discovery vendor's email address.)

o It is important that the consent form is submitted via email before the privacy form request is submitted.  After Twitter receives and validates both the paper consent form and the privacy form request, Twitter will email any requested and reasonably available content and data to the third-party discovery vendor.

• Comply immediately with each of the following provisions in the Stipulation and Order for the Imaging, Preservation and Production of Documents, ECF No. 383 ("Imaging Order"), as required by the Court's Orders of November 19, 2018, ECF No. 383 (*see* Exhibit 9 attached hereto) and March 4, 2019, ECF No. 440 (*see* Exhibit 10 attached hereto):

o Execute the Third-Party Discovery Vendor contract.  That contract will be sent to you by the third-party vendor via e-mail.

o Complete and provide to Plaintiffs' counsel the Certification Form attached as Exhibit A to the Imaging Order, ECF No. 383, at 16.  That document is attached hereto as Exhibit 11.

o Make available to the Third-Party Discovery Vendor for imaging and collection any Electronic Devices or Social Media Account identified in the Defendant's Certification Form. For any questions, contact Ken ███ at ████████████.

If there is any other way we can help facilitate your cooperation in this discovery process, feel free to contact me at this address.

Sincerely,

*/s/ Alan Levine*
Alan Levine

*Counsel for Plaintiffs*