UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

                Plaintiffs,

v.

JASON KESSLER, et al.,

                Defendants.

**Civil Action No. 3:17-cv-00072-NKM**
**JURY TRIAL DEMANDED**

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TRIAL WITNESSES NOT PREVIOUSLY DISCLOSED IN DISCOVERY

Plaintiffs respectfully submit this Motion *in Limine* to preclude Defendant Christopher Cantwell from introducing at trial the testimony of several witnesses who were not previously disclosed to Plaintiffs during discovery: namely, Robert Frey, Joe Platania, Daniel Shular (identified as "Schuler" by Cantwell), FBI Special Agent FNU Wolf, Paul Minton, and Department Major FNU Pleasants (collectively, the "Undisclosed Witnesses").[1]

### PRELIMINARY STATEMENT

The Federal Rules of Civil Procedure do not permit trial by ambush. Instead, they require parties to disclose their witnesses during discovery so that each side is aware (well before trial) of

---

[1] Two of Cantwell's Undisclosed Witnesses were prosecutors in criminal proceedings related to Unite the Right. Robert "Frey" (an apparent reference to Robert Tracci) was the former Albemarle County Commonwealth's Attorney who prosecuted Cantwell, and Joe Platania is the Charlottesville Commonwealth's Attorney who prosecuted Defendant James Fields. Although Cantwell's witness list does not clarify the precise nature of their testimony, Plaintiffs anticipate that Cantwell will likely attempt to elicit testimony from Mr. Tracci and Mr. Platania about the events that unfolded during Unite the Right. To Plaintiffs' knowledge, neither of these individuals was present during Unite the Right, and thus have no firsthand knowledge of the relevant events on August 11 and 12, 2017. Consequently, any testimony from Mr. Tracci and Mr. Platania regarding those events would constitute inadmissible hearsay based on what others may have told them about Unite the Right. *See* Fed. R. Evid. 802.

the individuals who may have information relevant to the case. Failure to adhere to this straightforward disclosure requirement results in an "automatic" and "self-executing" sanction: the undisclosed witness is not allowed to testify at trial unless the failure to disclose was harmless or substantially justified.

Defendant Chris Cantwell flouted these rules. After four years of litigation, he waited until the eve of trial to identify several witnesses who were not adequately disclosed to Plaintiffs (or the Court) at any point during discovery. Cantwell's eleventh-hour disclosure is neither harmless nor substantially justified. Permitting Cantwell to circumvent the rules and introduce surprise witnesses at this late juncture would impose substantial burdens on Plaintiffs and the Court. It would force Plaintiffs to grapple with testimony of witnesses whom they have not had a chance to depose or otherwise investigate during discovery. It would disrupt and extend the already lengthy trial schedule. And it would reward parties like Cantwell (who has already inundated the Court with countless frivolous filings) for their dilatory tactics. There is simply no excuse for Cantwell's flagrant violation of the disclosure rules. He had years to alert Plaintiffs that he intended to call these witnesses, but simply failed to do so. That Cantwell is currently *pro se* does not compel a different result, especially since he was represented by counsel up until October 2019 and could have readily disclosed the Undisclosed Witnesses during discovery even without the aid of counsel.

For these reasons, this Court should preclude the trial testimony of the Undisclosed Witnesses.[2]

---

[2] On September 22, 2021, Defendant Jeffrey Schoep added Daryl Davis as a trial witness. Like the Undisclosed Witnesses at issue in this motion, Daryl Davis was never disclosed to Plaintiffs in Schoep's, or any other Defendant's, initial disclosures or supplemental disclosures, nor was his identity otherwise made known to Plaintiffs during discovery. Similarly, Defendants Jason Kessler, Nathan Damigo, and Identity Evropa, and Defendants League of the South, Michael Hill, and Michael Tubbs failed to properly disclose one witness, Daniel Ferguson, under Rule

## BACKGROUND

For much of this litigation, Defendant Chris Cantwell was represented by counsel (James Kolenich and Elmer Woodard). *See* Dkt No. 132; Dkt. No. 583. During this period, Cantwell, through counsel, filed initial disclosures in November 2017, and amended initial disclosures in January 2018; in both documents, he identified (by name) several "[i]ndividuals likely to have discoverable information that [he] may use to support his defense," including several officers in the Charlottesville Police Department, several City government officials, and former Virginia Governor Terry McAuliffe. Ex. C, Cantwell Initial Disclosures (Nov. 20, 2017); Ex. D, Cantwell Amended Initial Disclosures (Jan. 24, 2018). On October 28, 2019, Cantwell's attorneys withdrew as his counsel. *See* Dkt. No. 583 (order granting motion to withdraw).

On September 7, 2021, Cantwell, proceeding *pro se*, mailed his witness list to the Clerk of the Court. *See* ECF 1086. Cantwell's witness list names forty-one witnesses. *Id.* Among those witnesses were the following individuals: (1) Albemarle Commonwealth's Attorney Robert Frey, (2) Charlottesville Commonwealth's Attorney Joe Platania, (3) Daniel Shular (identified as "Schuler" by Cantwell), (4) FBI Special Agent FNU Wolf, (5) Paul Minton, and (6) Department Major FNU Pleasants. *Id.* Plaintiffs were entirely unaware of these Undisclosed Witnesses until September 20, 2021, when Cantwell's witness list was filed on the Court's docket. Cantwell did not identify these witnesses on any initial or supplementary disclosure, nor were they otherwise made known to Plaintiffs as potential witnesses prior to their appearance on the exhibit list. Plaintiffs attempted to meet and confer with Cantwell to allow him to cure these deficiencies by withdrawing any previously undisclosed witnesses. Ex. A, Aff. of Michael Bloch ¶¶ 7-8.

---

26's disclosure requirements. Because counsel for these Defendants have offered to make those witnesses immediately available for depositions, Plaintiffs are not moving to preclude them at this time. Ex. A, Aff. of Michael Bloch ¶¶ 2-5; Ex. B, Aff. of Jessica Phillips ¶¶ 3-5. However, Plaintiffs reserve the right to file such a motion if they are unable to conduct depositions of these previously undisclosed witnesses prior to trial.

Cantwell, however, refused to do so. *See id.* ¶ 9. In addition, Plaintiffs informed Cantwell that they would decline to move to preclude his undisclosed witnesses if he made them immediately available for deposition, but Cantwell declined Plaintiffs' offer. *Id.* ¶¶ 8-10.

## ARGUMENT

The Federal Rules are simple and clear: If a party wishes to present a witness during trial, he must disclose that witness to the other side during discovery. *See* Fed. R. Civ. P. 26(a)(1), (e). If a party breaks this rule, then the undisclosed witness may only testify at trial if the offering party can show that the failure to disclose is harmless or substantially justified. *See* Fed. R. Civ. P. 37. Because Cantwell failed to adequately disclose the Undisclosed Witnesses to Plaintiffs during discovery and cannot show that his failure was harmless or substantially justified, this Court should preclude the testimony of the Undisclosed Witnesses at trial.[3]

### I. Cantwell Failed To Adequately Disclose the Undisclosed Witnesses as Required by Rules 26(a)(1) and (e)

Rule 26(a)(1) requires that a party make certain initial disclosures, including the name and contact information of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Rule 26(e) further requires a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The purpose of these disclosure rules is to "identify at the outset [of the litigation] those persons that may have any

---

[3] Consistent with these disclosure rules, Plaintiffs will withdraw the following non-authentication witnesses to which Mr. Cantwell has objected: Steven Wolf, Thomas Hartka, Chad Wellmon, Pam Nadell, and Julie Solomon. In addition, Plaintiffs have amended their witness list to withdraw Thomas Clay, *see* ECF No. 1100-01, and will make Melissa Elliot, Michael Webster, and Dr. Larry Sabato available for depositions before trial.

information relevant to the case in order to allow for a complete investigation by all parties" during the discovery period. *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 480 (W.D. Va. 2010).

Cantwell violated these rules. Because the Undisclosed Witnesses are "likely to have discoverable information" that Cantwell will "use to support" his defense, he was required to disclose their identities in his initial disclosures, *see Quesenberry*, 267 F.R.D. at 478 (citing Fed. R. Civ. P. 26(a)(1)(A)(i)), or to supplement those initial disclosures "in a timely manner" during discovery, Fed. R. Civ. P. 26(e)(1). But Cantwell did neither. Instead, he waited until the very last minute to disclose the identities of over half a dozen witnesses more than a year after the close of fact discovery—in direct contravention of Rule 26(a)(1) and (e). *See Quesenberry*, 267 F.R.D. at 480; *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017) (finding witnesses were not timely disclosed when they were excluded from initial and supplemental disclosures and identified for the first time on pretrial disclosure witness list "some ten months after the close of discovery"); *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3239331, at *1 (D. Utah Aug. 16, 2010) (citing *Quesenberry*, 267 F.R.D. at 480) ("[Party's] Rule 26(a)(3) disclosure is not a substitute for a timely Rule 26(a)(1) disclosure or supplement because it comes well after the close of fact discovery and shortly before trial.").

## II. Cantwell Should Be Precluded from Using Undisclosed Witnesses at Trial

Where, as here, a party violates the disclosure requirements set forth under Rules 26(a) or (e), that "party is not allowed to use that … witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This exclusionary rule is intended to provide "a strong inducement for disclosure of material,"

5

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003), and to "prevent 'surprise and prejudice to the opposing party,'" *Metamining, Inc. v. Barnette*, No. 2:12-cv-00024, 2013 WL 3245355, at *7 (W.D. Va. June 26, 2013) (citing *Southern States*, 318 F.3d at 596).

Given these important considerations, the Court should not permit the Undisclosed Witnesses to testify at trial because Cantwell has utterly failed to "carr[y] the burden of demonstrating harmlessness or substantial justification." *W.C. Eng., Inc. v. Rummel, Klepper & Kahl, LLP*, No. 6:17-CV-00018, 2020 WL 534532, at *4 (W.D. Va. Feb. 3, 2020) (citing *Southern States*, 318 F.3d at 596). In assessing whether Cantwell has met this burden, the Court considers "five [non-exhaustive] factors": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" *Benjamin v. Sparks*, 986 F.3d 332, 343 (4th Cir. 2021) (citing *Bresler v. Wilmington Tr. Co.*, 855 F.3d, 178, 190 (4th Cir. 2017)). "The first four factors primarily relate to the harmlessness exception, while the fifth factor primarily relates to whether the violation was substantially justified." *Id.* On balance, these factors weigh powerfully in favor of precluding the Undisclosed Witnesses from testifying at trial under Rule 37(c).

*First*, Plaintiffs were undoubtedly surprised by Cantwell's late-breaking addition of several witnesses who were never disclosed during discovery. These witnesses were not identified in any of Cantwell's initial disclosures (or supplemental responses), nor were the Undisclosed Witnesses made known to Plaintiffs as potential witnesses during discovery. Cantwell's previous disclosures included "unidentified members of [the Charlottesville Police Department]," but that nebulous

6

label did little to put Plaintiffs on notice of which particular officers Cantwell intended to call as trial witnesses. *See Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017) (citing *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("An adverse party should not have to guess which undisclosed witnesses may be called to testify."); *Taylor v. N.Y. State Office for People With Dev'l Disabilities*, No. 1:13-CV-740, 2016 WL 2858858, at *6 (holding that the disclosure of a general reference to a witness as an example of other witnesses was "clearly insufficient" to apprise opposing party of trial witnesses). In any event, permitting Cantwell's surprise witnesses to testify at trial under such circumstances would be manifestly unfair to Plaintiffs who have not had the opportunity to depose or meaningfully investigate the Undisclosed Witnesses. *See Wondimante v. Assefa*, No. CV DKC 2004-3718, 2006 WL 8456990, at *14 (D. Md. Oct. 12, 2006) ("The first factor, the surprise to Plaintiff, weighs in favor of exclusion," because "there is no evidence that Plaintiff knew the identity . . . of these witnesses" and "did not have a reasonable opportunity to depose these witnesses before the close of discovery . . .").

*Second*, at this late juncture, Plaintiffs lack the ability to cure the substantial prejudice occasioned by Cantwell's belated disclosure. In response to Plaintiffs' request, Cantwell refused to make the Undisclosed Witnesses immediately available for depositions before the start of trial. Even if he had not so refused, Plaintiffs have limited time and opportunity, given that trial is just three weeks away, to depose the Undisclosed Witnesses, seek documents and other discovery from them, or otherwise investigate and test their anticipated trial testimony. *See Henderson v. Corelogic Nat'l Background Data, LLC*, No. 3:12CV97, 2016 WL 4611571, at *7 (E.D. Va. Sept. 2, 2016) (opposing party could not "cure the surprise" because it did not have the opportunity to depose the undisclosed witness). And even if Plaintiffs could conceivably carry out these tasks

7

prior to trial, it would be unjust to force Plaintiffs to "divert their time, energy, and resources away from trial preparation" to depose the Undisclosed Witnesses "in the limited time still remaining before trial." *Scott v. Clarke*, No. 3:12-CV-00036, 2014 WL 5386882, at *2 (W.D. Va. Oct. 22, 2014) (Moon, J.).

*Third*, for similar reasons, it would be "highly disruptive" to permit trial testimony from the Undisclosed Witnesses. *Quesenberry*, 267 F.R.D. at 481. Not only would Cantwell's unexpected witnesses prejudice Plaintiffs, they would also impose significant burdens on the Court by inviting additional motion practice regarding the potential testimony of the Undisclosed Witnesses and lengthening the trial schedule. *Swimways Corp. & Vap Creative, Ltd. v. Zuru, Inc.*, No. 2:13-CV-334, 2014 WL 12573390, at *4 (E.D. Va. July 10, 2014) (undisclosed evidence, if allowed in, would "disrupt the trial in the form of objections and additional motions in limine"); *see also Scott*, 2014 WL 5386882, at *3 (noting that allowing undisclosed expert witnesses to testify would subject plaintiffs "to a substantially increased commitment of time and expense" because it "would expand Defendants' case-in-chief, and it would also require Plaintiffs to prepare a substantial rebuttal case"). In addition, "allowing such an untimely disclosure would be disruptive to the trial . . . because it would condone the strategy of last-minute disclosures, behavior that flies in the face of the Federal Rules of Civil Procedure." *Slaughter v. Barton*, No. 6:02-CV-060, 2003 WL 24100297, at *3 (W.D. Va. June 25, 2003) (Moon, J.).

*Fourth*, Cantwell's delayed disclosure has deprived Plaintiffs and this Court of the opportunity to meaningfully assess the importance of the Undisclosed Witnesses' testimony. That is especially true given that Cantwell's witness list provides no summary of the anticipated testimony from the Undisclosed Witnesses or an explanation of why such testimony is necessary or relevant. *See Sparks*, 986 F.3d at 343 (citing *Southern States*, 318 F.3d at 598).

8

*Finally*, Cantwell has failed to offer a substantial justification for his blatant violation of Rule 26's disclosure requirements. *See Webber v. Virmani*, No. 5:18-CV-0042, 2019 WL 1030546, at *3 (W.D. Va. Mar. 4, 2019) (concluding plaintiff's late disclosure was not substantially justified because, in part, "Plaintiff [did] not offer much in the way of justification."). Nor could he. There is simply no excuse for Cantwell's four-year delay in disclosing the identities of the Undisclosed Witnesses to Plaintiffs. At any point during the discovery process, Cantwell could have (but failed to) inform Plaintiffs that he intended to call these late-breaking witnesses.

Cantwell may attempt to invoke his *pro se* status as a basis to excuse his multiyear failure to comply with the disclosure rules. But any such argument would be unavailing. As a threshold matter, Cantwell was represented by counsel for two years (until October 2019), including when he made his initial disclosures in November 2017 and amended initial disclosures in January 2018. So Cantwell's *pro se* status now provides zero justification for his sustained failure to follow the rules over several years.

To be sure, the Advisory Committee's Note to Rule 37 recognizes that "lack of knowledge of a pro se litigant of the requirement to make disclosures" may justify a lesser sanction than exclusion. *See* Fed. R. Civ. P. 37, advisory committee note to 1993 amendment. But that same note goes on to explain that "exclusion would be proper if the requirement for disclosure had been called to the [*pro se*] litigant's attention." *Id.* That is the case here: as just explained, Cantwell knew about and complied with the disclosure rules when he had counsel, so he cannot now proclaim ignorance of those rules simply because he wants to add new trial witnesses at the very last minute. In these circumstances, this Court should not tolerate Cantwell's blatant disregard for Rule 26's disclosure requirements simply because of his *pro se* status. *See Schmitt-Doss v. Am. Regent, Inc.*, No. 6:12-cv-00040, 2014 WL 3853184, at *49 (W.D. Va. 2014) (Moon, J.) (noting

9

that any "leeway" afforded to *pro se* party under Rule 37 "must be tempered to require" party to "comply with the pleading rules and other requirements of the Federal Rules of Civil Procedure" (internal quotation marks omitted)); *cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## CONCLUSION

For the foregoing reasons, the Court should exclude the Undisclosed Witnesses from testifying at trial.

Executed: October 4, 2021

Respectfully submitted,

*/s/ Jessica Phillips*
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com

Jessica Phillips (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
apetty@paulweiss.com
gsanchez@paulweiss.com

aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, Identity Europa, Inc. (Identity Evropa), Matthew Parrott, and Traditionalist Worker Party*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

1

I hereby certify that on October 4, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: October 4, 2021

/s/ Jessica Phillips

Jessica Phillips (*pro hac vice*)

PAUL WEISS RIFKIND WHARTON & GARRISON LLP

*Counsel for Plaintiffs*