# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

Civil Action No. 3:17-cv-00072-NKM

## PLAINTIFFS' RESPONSE TO DEFENDANT CANTWELL'S OBJECTIONS TO PLAINTIFFS' WITNESS LIST

Defendant Christopher Cantwell has filed what amounts to his fifth motion for sanctions against Plaintiffs. This time around, he seeks to preclude no fewer than 47 witnesses on Plaintiffs' witness list, ECF No. 1047, under Rule 37 of the Federal Rules of Civil Procedure. *See* ECF No. 1097. That request is meritless and should be rejected. As an initial matter, Cantwell falsely asserts that Plaintiffs failed to disclose certain witnesses to him (including one of the Plaintiffs in this case). For other witnesses, Cantwell simply repackages the same arguments that he has raised repeatedly in other contexts, and that were expressly rejected by the Court in its May 14 ruling on Cantwell's previous Motion for Sanctions. Namely, Cantwell maintains that Plaintiffs' inadvertent and "occasional failure to properly serve him with documents [while] . . . he has been incarcerated" (ECF No. 951) entitles him the most draconian of remedies: preclusion of the vast majority of Plaintiffs' case. Cantwell was not entitled to sanctions then, and he is not entitled to sanctions now.

**Error! Unknown document property name.**
**Error! Unknown document property name.**

As explained below, Cantwell received timely actual notice of many of the witnesses he challenges here. As to the remaining witnesses, any delayed disclosure of witnesses to Cantwell was both substantially justified and harmless under Rule 37(c)(1).[1]

**FACTUAL BACKGROUND**

I.   **Background**[2]

As the Court is aware, Cantwell was represented by counsel, James Kolenich, from the start of this case until Mr. Kolenich withdrew as Cantwell's attorney on October 28, 2019.[3] ECF No. 583. Prior to Mr. Kolenich's withdrawal, Plaintiffs served Mr. Kolenich as counsel of record to Cantwell with numerous written discovery responses, disclosures, and deposition notices throughout 2018 and 2019. Following Mr. Kolenich's withdrawal on October 28, 2019, Cantwell proceeded *pro se*. Cantwell initially communicated with Plaintiffs' counsel via his email address. Over the next three months, Plaintiffs served Cantwell *pro se* at his email address with numerous additional court filings, deposition notices, disclosures, and documents.

Once Cantwell became *pro se*, Plaintiffs were specifically prohibited, under the terms of the protective order, from sharing certain information designated "highly confidential" with *pro se* Defendants, including identifying non-party surnames. *See* ECF No. 167 at 2-4. Certain of this "highly confidential" information was later de-designated and shared with *pro se* Defendants.

---

[1] In addition to the reasons set forth herein, this motion can and should also be denied for the reasons set forth in Plaintiffs' Response Regarding Defendant Christopher S. Cantwell's ECF Filings Nos. 1062, 1063, 1064, 1065, 1066, 1077, 1078, 1084, 1085, 1086, 1087, 1088, 1089, 1090, 1096, 1097, 1098, 1099, 1102, 1103, namely that Cantwell's submissions appear to be ghostwritten in violation of legal rules. *See* ECF No. 1108.

[2] For additional background, Plaintiffs respectfully refer the Court to their Response to Cantwell's Motion to Sanction Plaintiffs. ECF No. 945 at 2-5; *see also* ECF No. 951 at 2 (May 14, 2021 Order of Judge Hoppe denying Cantwell's Motion to Sanction Plaintiffs).

[3] On July 25, 2019, Mr. Kolenich filed a motion to withdraw. ECF No. 530. On October 18, 2019, Mr. Kolenich informed the Court and counsel that Cantwell had fired both him and Mr. Woodward while Mr. Kolenich's motion to withdraw remained *sub judice*. ECF No. 945, Ex. A. The Court granted Mr. Kolenich's motion on October 28, 2019. ECF No. 583.

2

Cantwell was arrested on January 23, 2020, and was subsequently convicted and sentenced to 41 months' incarceration in March 2021. *See United States v. Christopher Cantwell*, 20-cr-00006, Sentencing Judgment Doc. No. 132 (Mar. 5, 2021). On February 14, 2020, Cantwell filed notice that he should be served at his place of incarceration. *See* ECF No. 664; ECF No. 945 at 3-4. However, due to an inadvertent administrative oversight, Plaintiffs' counsel (along with Defendants and their counsel) mistakenly continued to serve Cantwell at his previously identified email account until March 2021. Every document erroneously served to Cantwell's email address was simultaneously served to every other Defendant in the case. In March 2021, Plaintiffs became fully aware of the administrative error in the form of service and promptly informed Cantwell and the Court. On April 5, 2021, Plaintiffs re-served Cantwell at his place of incarceration with the legal filings, disclosures, responses, and expert reports to which he was entitled—all of which were previously sent to his email address. ECF No. 945 at 5.

On April 12, 2021, Cantwell moved for sanctions against Plaintiffs based on the administrative oversight regarding email service. *See* ECF No. 939. On May 14, 2021, the Court denied Cantwell's motion to sanction Plaintiffs for "inadvertently" sending "some motions and discovery papers to his personal email address," finding that he had "not suffered any prejudice because of Plaintiffs' mistake." ECF No. 951 at 2; *see also* ECF No. 945 at 2-5.

## II. The Live Witnesses to Whom Cantwell Objects

Cantwell seeks to preclude 36 witnesses Plaintiffs intend to call to testify in person ("Live Witnesses") on the grounds that they were allegedly improperly or untimely disclosed to Cantwell. ECF No. 1097. The witnesses can generally be grouped in five distinct categories, as detailed below.

Error! Unknown document property name.
Error! Unknown document property name.

The following 13 of the 36 witnesses were timely disclosed to all Defendants in 2018, including Cantwell, through his counsel of record at the time, Mr. Kolenich:

- Jessica Alvarado (Ex. 1);
- Allen Groves (Ex. 2);
- Julie Convisser[4] (Ex. 3);
- David Weiss[5] (Ex. 2);
- Donna Broshek (Ex. 4);
- Ted Galbraith (Ex. 4);
- Janice Gilmore (Ex. 2);
- Martha McCoy (Ex. 5);
- Rebekah Menning (Ex. 5);
- Robert O'Connor (Ex. 4);
- Andrea Roberts (Ex. 4);
- Carol Sims (Ex. 5); and
- Tyler Yutzy (Ex. 6).

The following witness was disclosed by Cantwell himself in *his own initial disclosures* in November 2017:

- Detective Steven Young (Ex. 7).

The following nine of the 36 witnesses, nearly all experts, were again timely disclosed to every Defendant. They were disclosed to Cantwell in July 2020 at the email address that he had previously provided to Plaintiffs. On April 5, 2021, when Plaintiffs recognized the error with respect to service of Cantwell, Plaintiffs promptly re-served filings, responses, expert reports, and disclosures on Cantwell disclosing their identity:

- Devin Willis, a Plaintiff (Ex. 8);
- Stephen Fenton (Ex. 9);
- Nadia Webb (Ex. 10);
- Deborah Lipstadt[6] (Ex. 10);

---

[4] Cantwell incorrectly refers to Ms. Convisser, a fact witness, as an expert witness. ECF No. 1097.

[5] Cantwell refers to "David Webb," who is not on Plaintiffs' witness list, as an expert witness, *see* ECF No. 1097 at 2; Plaintiffs believe that Cantwell intends to refer to David Weiss, who is a fact rather than expert witness.

[6] Plaintiffs have addressed Cantwell's relevancy objections to Ms. Lipstadt's testimony in their previous omnibus response to certain of Cantwell's motions. *See* ECF No. 1108.

4

- Peter Simi (Ex. 10);
- Sharon Reavis[7] (Ex. 10);
- Kathleen Blee (Ex. 10);
- Brant Meyer (Ex. 11); and
- Sarah Vinson (Ex. 10).

The following three of the 36 witnesses were timely disclosed to every represented Defendant. Because their identities were designated "highly confidential" under the protective order, Plaintiffs did not disclose their names to Cantwell, as a *pro se* Defendant:

- Clark Baumbusch (Ex. 12);
- James Collins (Ex. 12); and
- Frank Gwathmey (Ex. 12).

This leaves ten witnesses to whom Cantwell is objecting, each of whom Plaintiffs will either withdraw or make available for a deposition, including:

- Thomas Clay, whom Plaintiffs have withdrawn from their witness list, *see* ECF No. 1100-1;
- Melissa Elliott, whom Plaintiffs disclosed on August 3, 2021 (*see* Ex. 8) and will make available for a deposition;
- Thomas Hartka, whom Plaintiffs will withdraw from their witness list;
- Pam Nadell, whom Plaintiffs will withdraw from their witness list;
- Larry Sabato, whom Plaintiffs disclosed on August 3, 2021 (*see* Ex. 8) and will make available for a deposition;
- Julie Solomon, whom Plaintiffs will withdraw from their witness list;
- Sanjay Suchak, whom Plaintiffs plan to offer for authentication purposes only;
- Chad Wellmon, whom Plaintiffs will withdraw from their witness list;
- Sean Webster, whom Plaintiffs disclosed on August 3, 2021 (*see* Ex. 8) and will make available for a deposition;[8] and
- Steven Wolf, whom Plaintiffs will withdraw from their witness list.

---

[7] Contrary to Cantwell's assertion in his objections, ECF 1097 at 2, Plaintiffs have provided Cantwell with all of Sharon Reavis's expert reports at his place of incarceration.

[8] Although Plaintiffs intend to make Elliott, Webster, and Sabato available to Cantwell for a deposition in an abundance of caution, Plaintiffs note that they have made Cantwell aware of these Defendants during discovery. For example, as early as February 5, 2020, Plaintiffs produced to Cantwell Defendant Fields' trial transcript, which clearly identifies Ms. Elliott and Mr. Webster and includes their actual testimony at that trial, as well as Mr. Webster's custodial documents. Sabato was also identified in discovery.

5

**Error! Unknown document property name.**
**Error! Unknown document property name.**

**III.     The Third-Party Deposition Testimony to Which Cantwell Objects**

Cantwell objects to the introduction of the designated testimony for every single one of the depositions listed on Plaintiffs' exhibit list and noticed by Plaintiffs (except for one that has not yet occurred, for which Cantwell received notice). Specifically, Cantwell objects to the introduction of designated testimony for 11 witnesses, who sat for a total of 13 depositions. The asserted basis for Cantwell's objections appears to be that he was given improper notice. Again, there is no basis for the Court to exclude any of this designated deposition testimony.

Deposition notices for the following five of the 13 contested depositions were properly served on every single Defendant, including Cantwell, before he notified the Court of his change of address:

- Erica Alduino (served on Kolenich in October 2018) (Ex. 13);
- Dillon Hopper (first deposition) (served on Kolenich in October 2018) (Ex. 14);
- Thomas Rousseau (first deposition) (served on Kolenich in October 2018) (Ex. 15);
- Burt Colucci (emailed to Cantwell in November 2019) (Ex. 16; *see also* ECF No. 945 at 3-4); and
- Michael Chesny (Ex. 17).

Deposition notices for the following eight of the 13 contested depositions were again served on every single Defendant. They were sent to Cantwell in July 2020 at the email address that he had previously provided to Plaintiffs:

- Robert Isaacs a/k/a Ike Baker (Ex. 18);
- Patrick Casey (Ex. 19);
- Shane Duffy (Ex. 20);
- Samantha Froelich (Ex. 21);
- Bradley Griffin (Ex. 22);
- Dillon Hopper (second deposition) (Ex. 22);
- Vasillios Pistolis (Ex 23); and
- Thomas Rousseau (second deposition) (Ex. 24).

6

**Error! Unknown document property name.**
**Error! Unknown document property name.**

## LEGAL STANDARD

Under Rule 37(c)(1), a "party is not allowed to use [improperly disclosed] information or witness[es] to supply evidence on a motion, at a hearing, or at a trial." But this sanction is inapplicable where "the failure [to disclose] was substantially justified or is harmless." *W.C. Eng., Inc. v. Rummel, Klepper & Kahl, LLP*, 2020 WL 534532, at *4 (W.D. Va. Feb. 3, 2020) (Moon, J.). As explained by the Advisory Committee, these exceptions to the Rule are intended "to avoid unduly harsh penalties in a variety of situations." Fed. R. Civ. P. 37, Advisory Comments; *see also Gilley v. C.H. Robinson Worldwide, Inc.*, 2021 WL 2785333, at *4 (S.D.W. Va. July 2, 2021) (citing 8B Charles Alan Wright & Arthur R. Miller, et al., FEDERAL PRACTICE AND PROCEDURE § 2289.1 (3d ed.)).

"In order to determine whether the failure to disclose was substantially justified or harmless, the Court, in exercise of its broad discretion, should consider what have become known as the *Southern States* factors:

> (1) The surprise to the party against whom the evidence could be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*W.C. Eng.*, 2020 WL 534532, at *4-5. "Four of these factors—surprise to the opposing party, ability to cure that surprise, disruption of the trial, and importance of the evidence—relate mainly to the harmlessness exception, while the remaining factor—explanation for the nondisclosure—relates primarily to the substantial justification exception." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The Court is not, however, "required to tick through each of the *Southern States* factors" in exercising its expansive discretion under Rule 37(c)(1). *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

Error! Unknown document property name.
Error! Unknown document property name.

# ARGUMENT

**I.    There Is No Basis to Exclude Any of the Live Witnesses to Which Cantwell Objects**

**A.    There Is No Basis To Exclude the Fourteen Live Witnesses Who Were Disclosed to Cantwell While He Was Represented or by Cantwell Himself**

The following 13 of the 36 Live Witnesses were disclosed to all Defendants, including to Cantwell in 2018 while he was represented by Kolenich: Alvarado, Groves, Convisser, Weiss, Broshek, Galbraith, Gilmore, McCoy, Menning, O'Connor, Roberts, Sims, and Yutzy. *See supra* at 4. Accordingly there is no basis whatsoever for their exclusion under Rule 37. *See, e.g.*, *Stinnie v. Holcomb,* 2019 WL 12317721, at *1 (W.D. Va. May 23, 2019) (Moon, J.) (the "first step" in a Rule 37 analysis is determining that a violation of Rule 26 in fact occurred); *see also Kinlaw v. Nwaokocha,* 2019 WL 2288445, at *7 (E.D. Va. May 29, 2019) ("If there is no violation of Fed. R. Civ. P. 26, then Fed. R. Civ. P. 37 sanctions do not come into play.").

Similarly, there is clearly no basis for exclusion where Cantwell *himself* disclosed the identity of Detective Steve Young in his own initial disclosures to Plaintiffs in 2017. *See supra* at 4; *Gomez v. Haystax Tech., Inc.*, 2017 WL 11506331, at *5 (E.D. Va. Oct. 17, 2017) (denying motion to exclude where "[the witness] was initially disclosed as a witness *by the defendants* on April 14, 2017 in defendants' Rule 26(a)(1) Initial Disclosures").

**B.    There Is No Basis To Exclude the Nine Live Witnesses Who Were Disclosed to Cantwell While He Was Incarcerated**

There is similarly no basis to exclude the following nine of the 36 Live Witnesses Cantwell challenges: Willis,[9] Fenton, Webb, Lipstadt, Simi, Reavis, Blee, Meyer, and Vinson. Plaintiffs timely disclosed each witness to every other Defendant in the summer of 2020, and attempted to similarly notify Cantwell simultaneously, but mistakenly emailed him at his Gmail account while

---

[9] Devin Willis is a Plaintiff, formerly a John Doe, for whom Cantwell was only unaware of his name and could have sought his deposition at any time.

8

he was incarcerated. He was definitively notified of each witness in April 2021, when Plaintiffs realized the oversight, more than six months before trial. In other words, Cantwell seeks preclusion of witnesses who were properly disclosed to 17 other Defendants, of whom he alone received delayed disclosure, because Plaintiffs inadvertently failed to update his service address when he went to prison. Application of the *Southern States* factors confirms that exclusion would be improper.

*First*, Cantwell has not been prejudiced by any alleged "surprise" or delayed disclosure. *See S. States*, 318 F.3d at 596 (basic purpose of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party"). Even assuming Cantwell was unaware of these witnesses until April 2021, there is no question that every other Defendant in this case – each of whom is similarly situated to Cantwell – was timely informed of their identities and had a full opportunity to investigate and depose those witnesses. These include several Defendants represented by Cantwell's own former counsel, Mr. Kolenich. Even to the extent that any deficient notice occurred, Plaintiffs made an effort to "cure the surprise," *S. States*, 318 F.3d at 596, by providing the relevant disclosures to Cantwell in April 2021, thus providing him with relevant notice months before trial.

Whereas Cantwell would not be prejudiced by admission of this testimony, exclusion of such testimony would also be unduly unfair, harsh, and prejudicial to Plaintiffs. That is particularly true in light of the inadvertence of the error. The Court has already found that Plaintiffs' "occasional failure to properly serve [Cantwell] with documents [while] incarcerated" was not a basis for sanctions against Cantwell and that Cantwell had "not suffered any prejudice because of Plaintiffs' mistake." ECF No. 951. Exclusion of such testimony would thus be inappropriate here. *See Kristensen ex rel. Kristensen v. Spotnitz*, 2011 WL 5320686, at *3 (W.D. Va. June 3, 2011) (Moon, J.) (declining to exclude testimony under Rule 37 absent "evidence, indication, or even

9

allegation of bad faith" in connection with delayed disclosure); *Wolfe v. Reed*, No. CV PX 16-1239, 2018 WL 1257095, at *3 (D. Md. Mar. 12, 2018) (denying motion to exclude under Rule 37 where discovery failure was "inadvertent and not done in bad faith" and where "minimal prejudice" from "inadvertent omission" "pales when compared to the prejudice visited to Plaintiff by exclusion of this evidence"). Excluding the testimony of these witnesses from this trial, where there can be no question that 17 other Defendants received timely notice, based on inadvertently delayed disclosure to *one* Defendant, would be an extraordinarily harsh penalty in violation of the animating principle behind Rule 37's exceptions, namely "to avoid unduly harsh penalties in a variety of situations." Fed. R. Civ. P. 37, Advisory Comments; *see also Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 348 F. Supp. 3d 458, 466 (D. Md. 2018) ("Because of the Fourth Circuit's 'strong policy that cases be decided on their merits,' this Court is reluctant to allow the rigid operation of procedural rules to supplant merits-based dispositions, especially where the failure to disclose itself appears harmless.").[10]

*Second*, the importance of these witnesses' testimony—another of the *Southern States* factors—weighs against the harsh medicine of exclusion. This evidence, like the testimony of the other witnesses to whom Cantwell objects, is crucially important. Indeed, one of these witnesses is a Plaintiff, Willis, and others include experts who will testify about liability and Plaintiffs'

---

[10] Indeed, to the extent that any testimony or deposition designations are excluded with respect to Cantwell—and they should not be—such exclusion should not affect Plaintiffs' ability to use such testimony or deposition designations against other Defendants. *See, e.g.*, *United States v. Peterson*, 524 F.2d 167, 182 (4th Cir. 1987) ("The mere fact that evidence may be inadmissible against a defendant does not preclude its use against a codefendant if it is otherwise admissible against him."), *abrogated on other grounds by Crosby v. United States*, 506 U.S. 255 (1993); Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). A limiting instruction serves to guard against any risk of prejudice in such a situation. *See, e.g.*, 21A Wright & Miller, Fed. Prac. & Proc. Evid. § 5064 (2d ed.) ("under Rule 105 courts will normally find that a limiting instruction will suffice to protect the opponent against misuse of party multiple admissibility in civil cases"); *cf. Sines v. Kessler*, No. 3:17-CV-00072, 2020 WL 7028710, at *12 (W.D. Va. Nov. 30, 2020) ("Defendants' concerns about the 'spillover effect of evidentiary rulings' against Kline, such as the risk that the jury will unfairly presume other Defendants also defied the Court's discovery orders, can be addressed with an appropriate limiting instruction.").

**Error! Unknown document property name.**
**Error! Unknown document property name.**

damages. Such testimony goes to the heart of the case and should not be excluded. *See Stinnie*, 2019 WL 12317721, at *2 (declining to exclude testimony where plaintiffs made "it clear they consider this evidence as necessary to support their . . . arguments"); *see also Hollenbeck v. Trikilis*, 2021 WL 2559440, at *5 (W.D. Va. June 22, 2021) ("On balance, the court finds that the importance of the evidence outweighs its exclusion.").

*Third*, under the *Southern States* factors, allowing the witnesses' testimony would not disrupt the trial proceedings. Indeed, Cantwell has "not indicated to the Court that there would be *any* disruption in the schedule as it is currently set." *Stinnie*, 2019 WL 12317721, at *2 (emphasis added). This lack of any disruption is further apparent where (as here) the witnesses in question were previously disclosed to every other Defendant, none of whom have objected to the witnesses' testifying at trial. Absent any indication of disruption to the trial schedule, this factor also weighs in favor of allowing the witnesses' testimony. *See id.*

    **C.**    **There Is No Basis To Exclude the Three Live Witnesses Disclosed in Accordance with the Terms of the Protective Order**

There is again no basis to exclude the following three of the 36 Live Witnesses: Baumbusch, Collins, and Gwathmey. All three were disclosed to represented Defendants in June 2020. They were not disclosed to Cantwell, a *pro se* Defendant by then, because they were designated as "highly confidential." *See supra* at 5. Accordingly, any alleged failure to disclose those identities to Cantwell was substantially justified. *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs should not be subjected to the draconian remedy of excluding these witnesses' testimony when Plaintiffs were complying in good faith with a valid Court order, particularly given the sensitive nature of this case and grave concerns regarding the disclosure of non-parties' identifying information to unrepresented parties or to the public. *See Federated Mut. Ins. Co. v. Ever-Ready Oil Co.*, 2011 WL 13151973, at *2 (D.N.M. Sept. 29, 2011) ("A party's failure to disclose is

11

substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance.").

Any asserted failure to disclose their identities would also be harmless and not prejudicial under the *Southern States* factors. All represented Defendants (including those represented by Kolenich), who were similarly situated to Cantwell, received notice of those witnesses and had the ability to investigate and depose those witnesses. *See S. States*, 318 F.3d at 596-97. The other factors, including the importance of the testimony, similarly weigh against exclusion. *See id.*

### D. There Is No Basis To Exclude Any of the Ten Remaining Witnesses

There is no basis to exclude any of the remaining ten of the 36 Live Witnesses: Clay, Elliott, Hartka, Nadell, Sabato, Solomon, Suchak, Wellmon, Webster, and Wolf.

*First*, Plaintiffs have already withdrawn or will withdraw the following six witnesses: Clay, Hartka, Nadell, Solomon, Wellmon, and Wolf. There can thus be no claim of surprise or prejudice. *See S. States*, 318 F.3d at 596-97.

*Second*, Plaintiffs will offer to make the following three witnesses available for depositions: Elliott, Sabato, and Webster.[11] Making those witnesses available for deposition would cure any alleged surprise claimed by Cantwell.[12] *See Michelone v. Desmarais,* 25 F. App'x 155, 159 (4th Cir. 2002) (finding no error in allowing defendant's expert to testify even where the expert was submitted report only 15 days before trial where plaintiff was given the opportunity to take a deposition of defendant's expert and declined); *Musick v. Dorel Juv. Grp., Inc.*, 2011 WL 5325534, at *1 (W.D. Va. Nov. 4, 2011) ("Given that Dorel had the chance to re-depose Dr. Duma after

---

[11] Plaintiffs further note that the purported surprise as to Ms. Elliott, Mr. Webster, and Dr. Sabato is undermined by the fact that Plaintiffs have made Cantwell aware of Ms. Elliott, Mr. Webster, and Dr. Sabato during discovery. *See supra* 5 n.8.

[12] While Cantwell has not objected to the inclusion of Diane D'Costa on Plaintiffs' witness list, Plaintiffs will additionally agree to make Ms. D'Costa available to Cantwell for a deposition.

**Error! Unknown document property name.**
**Error! Unknown document property name.**

receiving these animations but specifically decided not to do so (seemingly for strategic reasons), I find that the untimely disclosure was harmless.").

*Third*, Plaintiffs intend to offer witness Suchak merely to authenticate photographs produced to Defendants. His earlier disclosure was therefore not required. *See Metamining, Inc. v. Barnette*, No.2:12CV00024, 2013WL 3245355, at *7 (W.D. Va. June 26, 2013) (declining to exclude "new witnesses" who were "designated merely to authenticate documents earlier disclosed"); *McGowan v. Murphy-Brown, LLC*, No. 7:14-CV-182-BR, 2018 WL 10323048, at *2 (E.D.N.C. Dec. 18, 2018) (finding authenticating witness's late disclosure harmless given extent of testimony).

**II.     There Is No Basis To Exclude Any of the Designated Deposition Testimony**

    **A.     There Is No Basis To Exclude the Third-Party Depositions That Were Noticed Before Cantwell Changed His Service Address Due to His Incarceration**

Cantwell seeks to preclude all thirteen witnesses who Plaintiffs seek to present at trial through deposition designations. However, deposition notices for five of the 13 witnesses were served on Cantwell before he was incarcerated, either while he was represented by Kolenich or while he was *pro se* before his service address changed: Alduino, Hopper (first deposition), Rousseau (first deposition), Colucci, and Chesny. There is thus no basis for claiming any surprise or prejudice from Plaintiffs' listing those witnesses on their witness list, and there can be no serious objection to the introduction of that deposition testimony at trial. *See S. States*, 318 F.3d at 596 (basic purpose of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party").

    **B.     There Is No Basis To Exclude the Third-Party Depositions That Were Noticed While Cantwell Was Incarcerated**

There is also no basis to exclude the designated testimony of the remaining eight third-party depositions that were noticed while Cantwell was incarcerated: Baker, Casey, Duffy, Froelich, Griffin, Hopper (second deposition), Pistolis, and Rousseau (second deposition). Proper

13

notice of these depositions were served on all 17 of the remaining Defendants. To the extent Cantwell did not receive actual notice, it was solely due to Plaintiffs' administrative oversight, and any such failure would be harmless and not prejudicial under the *Southern States* factors. *See* Fed. R. Civ. P. 36(c)(1); *S. States*, 318 F.3d at 596-97.

First and most important, Cantwell—the only Defendant who has objected to these depositions—has not been prejudiced by any alleged surprise or deficient notice. *See S. States*, 318 F.3d at 597. Other Defendants, each similarly-situated to Cantwell, participated or had the opportunity to participate at these depositions to question these witnesses, including to ask questions relevant to all Defendants. Various Defendants indeed appeared at each of these depositions. In addition, Plaintiffs will serve on Cantwell all third-party deposition transcripts in the case in order to cure any alleged surprise and to enable Cantwell to review those depositions and designate any portions he wishes to introduce at trial.

As described above, exclusion of this deposition testimony would be extraordinarily harsh to Plaintiffs, especially in light of what the Court has already found to be an inadvertent administrative error that did not warrant Rule 37 sanctions. *See supra* at 9. Indeed, the harm visited upon Plaintiffs by excluding this evidence would far outweigh any alleged surprise or prejudice to Cantwell. *See Wolfe*, 2018 WL 1257095, at *3 (denying motion to exclude where "minimal prejudice" from "inadvertent omission" "pales when compared to the prejudice visited to Plaintiff by exclusion of this evidence"). And such a penalty would violate Rule 37's goal "to avoid unduly harsh penalties." Fed. R. Civ. P. 37, Advisory Comments.

The other *Southern States* factors likewise weigh against exclusion of this deposition testimony. Like the testimony of the other witnesses to whom Cantwell has objected, the testimony is highly important and goes to the heart to the case. *See S. States*, 318 F.3d at 596-97 (weighing

14

extent to which testimony important). For example, Froelich is a former member of Defendant Identity Evropa who testified as to the group's motivations and tactics regarding Unite the Right. The importance of these witnesses' deposition testimony weighs in favor of allowing this deposition testimony to be introduced. *See Hollenbeck*, 2021 WL 2559440, at *5; *Stinnie*, 2019 WL 12317721, at *2. Nor can Cantwell show that any disruption to the trial would occur from allowing the introduction of this designated deposition testimony. *See S. States*, 318 F.3d at 596-97 (weighing extent to which allowing evidence would disrupt trial).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court overrule Cantwell's objections to Plaintiffs' preliminary witness list.

Dated: October 4, 2021

Respectfully submitted,

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)

15

**Error! Unknown document property name.**
**Error! Unknown document property name.**

Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Jessica E. Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com
alawyer@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com


*Counsel for Plaintiffs*

16

**Error! Unknown document property name.**
**Error! Unknown document property name.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

I hereby certify that on October 4, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com

17

**Error! Unknown document property name.**
**Error! Unknown document property name.**

                                                           deplorabletruth@gmail.com
                                                              eli.r.kline@gmail.com

I hereby certify that on October 4, 2021, I also served the foregoing upon following *pro se* defendant, via first class mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

                                                             */s/ David E. Mills*
                                                             David E. Mills (*pro hac vice*)

**Error! Unknown document property name.**
**Error! Unknown document property name.**