# EXHIBIT 11

| | |
|---|---|
| **From:** | Bolton, Eric |
| **To:** | jgravatt@dhdglaw.com; dhauck@dhdglaw.com; dcampbell@dhdglaw.com; jek318@gmail.com; isuecrooks@comcast.net; bryan@bjoneslegal.com; azzmador@gmail.com; deplorabletruth@gmail.com; matthew.w.heimbach@gmail.com; christopher.cantwell@gmail.com; eli.f.mosley@gmail.com; dillon_hopper@protonmail.com; rebrooklaw@gmail.com; richardbspencer@gmail.com |
| **Subject:** | Sines, et al. v. Kessler, et al. 17-cv-00072 (W.D. Va.) |
| **Attachments:** | 2020-07-17_Letter_re_Subpoena.to.USDOJ.pdf |
| | 3bclean-control.bin |

All,

On behalf of Plaintiffs' Counsel please see the attached.

Sincerely,

Eric Bolton
Cooley LLP



David E. Mills                                                          **VIA EMAIL**
+1 202 776 2865
dmills@cooley.com


July 17, 2020

              RE:  *Sines v. Kessler* - Subpoena to United States Department of Justice

To All Defendants:

       We are writing to inform you that we served the attached subpoenas on the United States Department of Justice ("DOJ") and Brant Meyer on September 16, 2019.  The subpoenas were inadvertently not sent to you before they were served on the DOJ.  No documents have been produced pursuant to the subpoenas, and Mr. Meyer has not sat for deposition.  If any documents are produced, we will produce them to you.


Sincerely,

David E. Mills


cc:  Josh Siegel



David E. Mills                                                                                                          Via FedEx
(202) 776-2865
dmills@cooley.com

September 20, 2019

The Hon. Thomas T. Cullen
United States Attorney for the Western District of Virginia
U.S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902

**Re: Subpoenas and *Touhy* Request for Documents and Testimony Relating to the Unite the Right Rally and James Fields Attack in Charlottesville, Virginia on August 11-12, 2017**

Dear Mr. Cullen:

I write on behalf of Plaintiffs in *Sines v. Kessler*, Case No. 3:17-cv-00072, currently pending in the U.S. District Court for the Western District of Virginia (the "Litigation") to request information related to the "Unite the Right" rally and related events that took place on August 11 and 12, 2017, in Charlottesville, Virginia, including the conduct of James Fields (together, the "Unite the Right Events"), that is in the possession, custody or control of the Federal Bureau of Investigation ("FBI") or the United States Attorney's Office for the Western District of Virginia. This request is made pursuant to Department of Justice's *Touhy* requirements, 28 C.F.R. § 16.21 *et seq.*, and pursuant to the attached subpoenas for documents and testimony. Please advise as soon as possible if service of a subpoena on the appropriate custodian of records will be necessary.

<u>**The Nature of the Litigation**</u>

The Litigation arises out of the events before, during, and after the weekend of the Unite the Right rally. As you know from your own investigations and cases brought against James Fields, the RAM defendants, and other individuals involved in the events of that weekend, the Defendants organized not only the August 12 rally but also the unpermitted torch lit march through the University grounds to the Rotunda. We have evidence that they spent months planning their tactics and methods to incite, trigger and bait violence and rioting as a pretext to justify their goal of attacking African Americans, Jews and others who support them, based on the Defendants' racial, ethnic, and religious animus toward those targeted groups. On August 12, in furtherance of the Defendants' conspiracy, Defendant James Fields, intending to further those same goals, maliciously drove his vehicle into a peaceful, walking crowd of counterprotesters and their supporters, killing Heather Heyer and injuring many others.

Plaintiffs are several of the individuals injured as a result of the Defendants' unlawful actions orchestrating and participating in the violence in Charlottesville on August 11 and 12. Defendants



Thomas T. Cullen
September 20, 2019
Page Two

are the individuals and organizations that conspired to plan, promote, and carry out those violent events.

Plaintiffs brought the Litigation seeking redress for the injuries Defendants caused. We allege statutory civil rights claims under 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and Va. Code § 8.01-42.1, and common law claims for civil conspiracy, negligence per se, assault and battery, and intentional infliction of emotional distress.

We have closely followed the Charlottesville case against James Fields and the federal criminal cases you have brought, and it is plain that some of the evidence you and your team has gathered is highly relevant to our civil rights case. Accordingly, we request the following documents. We are happy to discuss this request, of course.

### Documents Requested

We request the following categories of documents:

1. All information or data extracted, imaged, copied, or otherwise preserved from any electronic device of any Defendant, including but not limited to, the mobile telephone of James Fields;

2. All documents concerning any Defendant, including James Fields.

3. All documents concerning the car attack by James Fields in Charlottesville, Virginia on August 12, 2017 ("Car Attack"); or any United the Right Event.

4. All communications between or among any Defendant, including James Fields between January 1, 2015 and the present including, but not limited to: (a) emails, (b) text messages; (c) messages sent or received on any internet or social media platform, such as Google, Facebook, Instagram, Twitter, or Discord; and (d) phone calls;

5. All documents created, shared, viewed, posted, sent, modified, or authored by any Defendant concerning race, ethnicity, religion, violence, or any group that promotes white supremacy or white nationalism.

6. All photographs, video recordings, or audio recordings concerning any Defendant, the Car Attack, or any Unite the Right Event;

7. All recordings and transcripts of telephone calls concerning any Defendant, the Car Attack, or any Unite the Right Event, including calls or communications to or from James Fields during his detention after his arrest in August 2017;



Thomas T. Cullen
September 20, 2019
Page Three

8.  All documents, information or data obtained from any third party concerning any Unite the Right Event, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any social media provider;

9.  All geolocation data concerning any Unite the Right Event, the Car Attack, or any Defendant, including Google, Facebook, Instagram, Twitter, Discord, or any other social media provider;

10. All statements made by or concerning any Defendant, including statements concerning planning, preparing for, attending, or participating in any Unite the Right Event, the Car Attack, or James Fields's role therein;

11. All documents constituting or concerning witness interviews or interviews of law enforcement personnel concerning any Unite the Right Event, the Car Attack, or any Defendant, including transcripts, audio or video recordings, memoranda, summaries, or notes;

12. All documents constituting or concerning any expert analysis, report, or testimony concerning any Unite the Right Event or the Car Attack, including but not limited to any documents received from Virginia state or local law enforcement or prosecution officers or investigators, any social media analysis, fingerprint analysis, DNA analysis, or incident reconstruction or any other analysis or report;

13. All documents concerning physical evidence collected during any investigation of any Unite the Right Event, the Car Attack, or any Defendant, including but not limited to fingerprints, DNA, or weapons; and

14. All documents concerning any property damage, injuries, or death caused by the Car Attack, any Unite the Right Event, or any Defendant, including any medical records, police reports, witness statements, or any clothing, accessories, or other personal effects collected at the sites of the Car Attack or any Unite the Right Event.

15. All documents constituting or concerning any police report or record, or law enforcement report or record, concerning the Car Attack or any Unite the Right Event, including any document prepared by or on behalf of any agent, officer, detective or investigator.

For clarity, these requests include information obtained from search warrants executed in connection with the investigation and criminal trial of James Fields, or any other sources of such information.



Thomas T. Cullen
September 20, 2019
Page Four

## Testimony Requested

Plaintiffs request the following testimony:

1. Testimony of Special Agent Brent Meyer concerning the information requested above; and/or

2. Testimony of another FBI employee, if necessary, sufficient to authenticate the information requested above.

## Relevance and Necessity of the Documents and Testimony

The Litigation seeks civil remedies for serious violations of law committed by Defendants, including James Fields. Those violations include conspiracy to deprive citizens of their rights to speak, assemble, and enjoy equal protection of the laws of the United States through acts of violence and intimidation based on racial animus; failure to prevent such deprivation of rights despite the knowledge and power to do so; and causing significant physical, mental and emotional injury – all based on invidious and discriminatory racial animus. The Defendants include some of the most notorious white supremacists, hate groups and organizations with long histories of committing violence and acts of domestic terrorism, and individuals who willfully support those organizations. In addition, James Fields has been convicted of murder and other serious felonies in both state and federal court, and Plaintiffs seek to redress some of the injuries he caused. This Litigation seeks to demonstrate the harm caused by these hate groups and their supporters and to prevent race-based violence in the future.

The requested information is relevant to, among other things, the conspiracy behind the violence at the Unite the Right rally and related events, including the extent of James Fields' participation in the event, his motive for attacking a peaceful crowd of counterprotesters, and the attack he committed and injuries he caused on August 12, 2017. Plaintiffs seek information and evidence broader than the evidence introduced in Fields' criminal cases, because the civil Litigation asserts a conspiracy, civil rights claims and theories that are broader in some ways than the criminal charges on which Fields was indicted and convicted.

During the criminal proceedings against James Fields, including sentencing, Defendants could not access the requested information from Fields directly or from the government prosecution arms. Plaintiffs understand, however, the FBI possesses many documents concerning Fields, including his electronic devices (mainly his phone) and (more importantly) all the data contained therein.



Thomas T. Cullen
September 20, 2019
Page Five

## <u>Additional Considerations</u>

The United States has not been named as a party to this matter, nor is it reasonably anticipated that the United States will become a party.

Plaintiffs agree to pay any applicable fees charged for searching or copying the requested records up to $1,000, without requesting prior notification of the fees to be charged.  If the applicable fees are expected to exceed $1,000, please let us know prior to filling our request.

Plaintiffs would be willing to discuss alternatives to deposition testimony as a method of authenticating documents.  If you have any concerns or wish to discuss the scope of these requests, please contact me at your earliest convenience.  Thank you for your attention to this matter.

Sincerely,



David E. Mills
Cooley LLP


Enclosures

cc:     AUSA Christopher Kavanaugh, via email (Christopher.Kavanaugh@usdoj.gov)

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Virginia

| | | |
|---|---|---|
| Elizabeth Sines, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-00072-NKM |
| Jason Kessler, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Brent Meyer, Federal Bureau of Investigation

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The matters set forth in the letter sent pursuant to 28 C.F.R. § 16.21 et seq.

| Place:  Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902 | Date and Time: 10/21/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:     Video and stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached document requests

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           *CLERK OF COURT*

                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Elizabeth Sines, et al.                                                  , who issues or requests this subpoena, are:
David E. Mills, Cooley LLP; Email: dmill@cooley.com; Telephone: 202-776-2685

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00072-NKM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No.** 3:17-cv-00072-NKM<br><br><br>**JURY TRIAL DEMANDED** |

**ATTACHMENT TO SUBPOENA**

1

YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce the documents and things in your possession, custody or control, as designated herein, for inspection at the offices of Erin Ashwell, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902, within 30 days of service.  There is a Protective Order in this action that permits you to designate documents as "confidential" or "highly confidential."  This subpoena, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the Federal Rules of Civil Procedure and the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

1.     The singular of each word shall be construed to include its plural and vice-versa, the word "any" shall be construed to include "all" and vice-versa, and the words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2.     The present tense shall be construed to include the past tense and vice-versa.

3.     The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4.     The terms "document" and "documents" means all items within the scope of Rules 26 and 45 of the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any electronically stored information ("ESI"), written, printed, handwritten, recorded digital, or graphic matter of any kind, however produced or reproduced, including but not limited to, any work-paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail or instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information,

databases, spreadsheets, code, programs and applications stored in a computer, whether or not

ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion

picture, and electronic, mechanical, or electrical record or representation of any kind (including

tape, cassette, disc, magnetic card or recording, computers, servers under your control, personal

digital assistant, blackberry, cell phones, zip drives, and floppy discs).  "Document" shall also

include the file folders in which said documents are maintained and any table of contents or

index thereto; and copies of documents of which the originals have been destroyed pursuant to a

document destruction policy or otherwise.

5.      The terms "electronically stored information" and "ESI" are defined to be

synonymous in meaning and equal in scope to the usage of "electronically stored information" in

Rules 26 and 45 of the Federal Rules of Civil Procedure.

6.      The terms "communication" and "communications" mean the transmittal of

information in the form of facts, ideas, inquiries, or otherwise by any means, including in writing

and electronically, and include any message, post, tweet, direct message, chat, or message on any

social media platform.

7.      The term "social media" means any forum, website, application, or other network

on which persons can create, share, communicate concerning, or comment upon any information,

or otherwise engage in social networking.  Without limiting the foregoing in any manner, and by

way of example only, the following are social media platforms: comment sections of websites,

Facebook, Discord, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter,

Tumblr, and instant messaging programs such as Signal, WhatsApp, Messenger, Hangouts, or

Skype.

8.      The term "Unite the Right Event" is defined as any event, rally, gathering, or

meeting planned or attended by some or all named Defendants or others to take place in

Charlottesville, Virginia on August 11 or 12, 2017, including the march to and rally at the

Rotunda in the evening on August 11, 2017, and the planned rally at Emancipation Park in the

morning on August 12, 2017.

9.      The term "Car Attack" means the incident in which James Fields drove his car

into a crowd of pedestrians on August 12, 2017.

10.     The term "Defendants" means the named defendants in this case, individually or

collectively, including Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields,

Jr., Vanguard America, Andrew Anglin, Moonbase Holdings, LLC, Robert Ray, Nathan

Damigo, Elliot Kline, Identity Evropa, Matthew Heimbach, Matthew Parrott, Traditionalist

Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, National Socialist

Movement, Nationalist Front, Augustus Sol Invictus, Fraternal Order of the Alt-Knights, Loyal

White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan a/k/a East

Coast Knights of the True Invisible Empire.

11.     The terms "you" and "your" include the United States Attorney's Office for the

Western District of Virginia and the Federal Bureau of Investigation, and all their agents,

representatives, and attorneys.

12.     The term "including" shall be construed as "including, but not limited to."

13.     You should construe negative terms to include the positive, and vice-versa.  For

example, you should construe the word "preference" to mean "preference or lack of preference."

14.     In producing documents, you are requested to produce the original of each

document requested together with all non-identical copies and drafts of that document.  If the

original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be

legible and bound or stapled in the same manner as the original.  In any circumstance in which

an agreement is reached to allow the production of copies of documents rather than originals,

you shall retain all of the original documents for inspection or copying throughout the pendency

of this case, any appeal(s), and any related proceedings.

15.     Any alteration of a responsive document, including any marginal notes,

handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts,

revisions, modifications, and other versions of a document, is a responsive document in its own

right and must be produced.

16.     Any reference to a person that is a business entity, organization, unincorporated

association, or similar entity and is not otherwise defined includes that person's predecessors

(including any pre-existing person that at any time became part of that entity after merger or

acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees;

each other person, directly or indirectly owned or controlled by any of them; and each

partnership or joint venture to which any of them is a party; and all present and former directors,

officers, employees, agents, consultants, controlling shareholders (and any entity owned by any

such controlling shareholder) and attorneys of any of them; and any other person acting for or on

behalf of any of them.

17.     Documents shall be produced either (a) as they are kept in the usual course of

business (in which case they shall be produced in such fashion as to identify the department,

branch or office in whose possession it was located and, where applicable, the natural person in

whose possession it was found or the server or central file in which it was found, and the address

of each document's custodian(s)), or (b) segregated as responsive to a specific Request

enumerated in these Requests, with such specific Request identified.  Documents attached to

each other should not be separated.

18.     If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

19.     All communications, including but not limited to text messages, Facebook messages, tweets, and direct messages on Twitter, should be produced in a form that identifies the message, the sender, the recipient, and the date on which the message was sent.

20.     If you timely object to any portion of a Request, definition or instruction, provide a response to the remaining portion.

21.     If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located.  If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, and provide the date when each such document was lost or destroyed.

22.     Unless otherwise stated, the time period to which these Requests refer is from January 1, 2015 to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

23.     These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

6

## DOCUMENTS TO BE PRODUCED

1.      All documents extracted, imaged, copied, or otherwise preserved from any electronic device of any Defendant, including the mobile telephone or other electronic devices of James Fields

2.      All documents concerning any Defendant, including James Fields.

3.      All documents concerning the Car Attack or any Unite the Right Event.

4.      All communications between or among any Defendant, including James Fields.

5.      All documents created, shared, viewed, posted, sent, modified, or authored by any Defendant concerning race, ethnicity, religion, violence, or any group that promotes white supremacy or white nationalism.

6.      All photographs, video recordings, or audio recordings concerning or depicting any Defendant, the Car Attack, or any Unite the Right Event.

7.      All recordings and transcripts of telephone calls concerning any Defendant, the Car Attack, or any Unite the Right Event, including calls to or from James Fields during his detention after his arrest in August 2017.

8.      All documents obtained from any third party concerning any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

9.      All documents containing or concerning geolocation data relating to any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

10.      All statements made by or concerning any Defendant, whether made before or after the Car Attack, including statements concerning planning, preparing for, attending, or participating in any Unite the Right Event, the Car Attack, or James Fields's role therein.

11.      All documents constituting or concerning interviews of witnesses or law enforcement personnel concerning the Car Attack, any Unite the Right Event, James Fields, or any Defendant, including transcripts, audio or video recordings, memoranda, summaries, or notes.

12.      All documents constituting or concerning any expert analysis, report or testimony concerning the Car Attack, any Defendant, or any Unite the Right Event, including any documents received from federal law enforcement or prosecution officers or investigators, any social media analysis, fingerprint analysis, DNA analysis, incident reconstruction or any other analysis or report.

13.      All documents concerning physical evidence collected during any investigation of the Car Attack, any Defendant, or any Unite the Right Event, including fingerprints, DNA, weapons, and evidence.

14.      All documents concerning any injuries or damage caused by the Car Attack, any Defendant, or any Unite the Right Event, including any medical records, police reports, witness statements, or clothing, accessories, or other personal effects collected at the sites of the Car Attack or any Unite the Right Event.

15.      All documents constituting or concerning any police report or record, or law enforcement report or record, concerning the Car Attack or any Unite the Right Event, including any document prepared by or on behalf of any agent, officer, detective or investigator.

Dated:  September 20, 2019

*s/ Robert T. Cahill*
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
jlibling@bsfllp.com
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Virginia

| | | |
|---|---|---|
| Elizabeth Sines, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-00072-NKM |
| Jason Kessler, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Thomas T. Cullen, United States Attorney for the Western District of Virginia

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

The documents requested in the attached document requests

| Place: Erin Ashwell, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902 | Date and Time: 10/21/2019 at 10:00 AM |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|           *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
_____ , who issues or requests this subpoena, are:

David Mills, dmills@cooley.com, (202) 842-7800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00072-NKM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                    *Server's signature*

                                                         _____
                                                                    *Printed name and title*

                                                         _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, TYLER MAGILL,
APRIL MUNIZ, HANNAH PEARCE,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, and JOHN DOE,

                                        Plaintiffs,

v.

JASON KESSLER, RICHARD SPENCER,
CHRISTOPHER CANTWELL, JAMES
ALEX FIELDS, JR., VANGUARD
AMERICA, ANDREW ANGLIN,
MOONBASE HOLDINGS, LLC, ROBERT
"AZZMADOR" RAY, NATHAN DAMIGO,
ELLIOT KLINE a/k/a/ ELI MOSELY,
IDENTITY EVROPA, MATTHEW
HEIMBACH, MATTHEW PARROTT a/k/a
DAVID MATTHEW PARROTT,
TRADITIONALIST WORKER PARTY,
MICHAEL HILL, MICHAEL TUBBS,
LEAGUE OF THE SOUTH, JEFF SCHOEP,
NATIONAL SOCIALIST MOVEMENT,
NATIONALIST FRONT, AUGUSTUS SOL
INVICTUS, FRATERNAL ORDER OF THE
ALT-KNIGHTS, MICHAEL "ENOCH"
PEINOVICH, LOYAL WHITE KNIGHTS
OF THE KU KLUX KLAN, and EAST
COAST KNIGHTS OF THE KU KLUX
KLAN a/k/a EAST COAST KNIGHTS OF
THE TRUE INVISIBLE EMPIRE,

                                        Defendants.

Civil Action No.  3:17-cv-00072-NKM

JURY TRIAL DEMANDED

ATTACHMENT TO SUBPOENA

1

YOU ARE HEREBY COMMANDED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to produce the documents and things in your possession, custody or control, as designated herein, for inspection at the offices of Erin Ashwell, Esq., at Woods Rogers PLC, 123 East Main Street, 5th Floor, Charlottesville, VA 22902, within 30 days of service.  There is a Protective Order in this action that permits you to designate documents as "confidential" or "highly confidential."  This subpoena, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the Federal Rules of Civil Procedure and the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

1.      The singular of each word shall be construed to include its plural and vice-versa, the word "any" shall be construed to include "all" and vice-versa, and the words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2.      The present tense shall be construed to include the past tense and vice-versa.

3.      The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4.      The terms "document" and "documents" means all items within the scope of Rules 26 and 45 of the Federal Rules of Civil Procedure, including but not limited to, all originals, non-identical copies and drafts of any electronically stored information ("ESI"), written, printed, handwritten, recorded digital, or graphic matter of any kind, however produced or reproduced, including but not limited to, any work-paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail or instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information,

databases, spreadsheets, code, programs and applications stored in a computer, whether or not

ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion

picture, and electronic, mechanical, or electrical record or representation of any kind (including

tape, cassette, disc, magnetic card or recording, computers, servers under your control, personal

digital assistant, blackberry, cell phones, zip drives, and floppy discs).  "Document" shall also

include the file folders in which said documents are maintained and any table of contents or

index thereto; and copies of documents of which the originals have been destroyed pursuant to a

document destruction policy or otherwise.

5.      The terms "electronically stored information" and "ESI" are defined to be

synonymous in meaning and equal in scope to the usage of "electronically stored information" in

Rules 26 and 45 of the Federal Rules of Civil Procedure.

6.      The terms "communication" and "communications" mean the transmittal of

information in the form of facts, ideas, inquiries, or otherwise by any means, including in writing

and electronically, and include any message, post, tweet, direct message, chat, or message on any

social media platform.

7.      The term "social media" means any forum, website, application, or other network

on which persons can create, share, communicate concerning, or comment upon any information,

or otherwise engage in social networking.  Without limiting the foregoing in any manner, and by

way of example only, the following are social media platforms: comment sections of websites,

Facebook, Discord, Reddit, Imgur, Snapchat, Instagram, Google+, 4chan, 8chan, Twitter,

Tumblr, and instant messaging programs such as Signal, WhatsApp, Messenger, Hangouts, or

Skype.

8.      The term "Unite the Right Event" is defined as any event, rally, gathering, or

meeting planned or attended by some or all named Defendants or others to take place in

Charlottesville, Virginia on August 11 or 12, 2017, including the march to and rally at the

Rotunda in the evening on August 11, 2017, and the planned rally at Emancipation Park in the

morning on August 12, 2017.

9.       The term "Car Attack" means the incident in which James Fields drove his car

into a crowd of pedestrians on August 12, 2017.

10.      The term "Defendants" means the named defendants in this case, individually or

collectively, including Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields,

Jr., Vanguard America, Andrew Anglin, Moonbase Holdings, LLC, Robert Ray, Nathan

Damigo, Elliot Kline, Identity Evropa, Matthew Heimbach, Matthew Parrott, Traditionalist

Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, National Socialist

Movement, Nationalist Front, Augustus Sol Invictus, Fraternal Order of the Alt-Knights, Loyal

White Knights of the Ku Klux Klan, and East Coast Knights of the Ku Klux Klan a/k/a East

Coast Knights of the True Invisible Empire.

11.      The terms "you" and "your" include the United States Attorney's Office for the

Western District of Virginia and the Federal Bureau of Investigation, and all their agents,

representatives, and attorneys.

12.      The term "including" shall be construed as "including, but not limited to."

13.      You should construe negative terms to include the positive, and vice-versa.  For

example, you should construe the word "preference" to mean "preference or lack of preference."

14.      In producing documents, you are requested to produce the original of each

document requested together with all non-identical copies and drafts of that document.  If the

original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be

legible and bound or stapled in the same manner as the original.  In any circumstance in which

an agreement is reached to allow the production of copies of documents rather than originals,

you shall retain all of the original documents for inspection or copying throughout the pendency

of this case, any appeal(s), and any related proceedings.

15.     Any alteration of a responsive document, including any marginal notes,

handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts,

revisions, modifications, and other versions of a document, is a responsive document in its own

right and must be produced.

16.     Any reference to a person that is a business entity, organization, unincorporated

association, or similar entity and is not otherwise defined includes that person's predecessors

(including any pre-existing person that at any time became part of that entity after merger or

acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees;

each other person, directly or indirectly owned or controlled by any of them; and each

partnership or joint venture to which any of them is a party; and all present and former directors,

officers, employees, agents, consultants, controlling shareholders (and any entity owned by any

such controlling shareholder) and attorneys of any of them; and any other person acting for or on

behalf of any of them.

17.     Documents shall be produced either (a) as they are kept in the usual course of

business (in which case they shall be produced in such fashion as to identify the department,

branch or office in whose possession it was located and, where applicable, the natural person in

whose possession it was found or the server or central file in which it was found, and the address

of each document's custodian(s)), or (b) segregated as responsive to a specific Request

enumerated in these Requests, with such specific Request identified.  Documents attached to

each other should not be separated.

18.     If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

19.     All communications, including but not limited to text messages, Facebook messages, tweets, and direct messages on Twitter, should be produced in a form that identifies the message, the sender, the recipient, and the date on which the message was sent.

20.     If you timely object to any portion of a Request, definition or instruction, provide a response to the remaining portion.

21.     If you are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located.  If any responsive document once was, but is no longer, in your possession, custody or control, state the whereabouts of such document when last in your possession, custody or control, state the date and manner of its disposition and identify its last known custodian. To the extent that any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, and provide the date when each such document was lost or destroyed.

22.     Unless otherwise stated, the time period to which these Requests refer is from January 1, 2015 to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

23.     These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

1. All documents extracted, imaged, copied, or otherwise preserved from any electronic device of any Defendant, including the mobile telephone or other electronic devices of James Fields

2. All documents concerning any Defendant, including James Fields.

3. All documents concerning the Car Attack or any Unite the Right Event.

4. All communications between or among any Defendant, including James Fields.

5. All documents created, shared, viewed, posted, sent, modified, or authored by any Defendant concerning race, ethnicity, religion, violence, or any group that promotes white supremacy or white nationalism.

6. All photographs, video recordings, or audio recordings concerning or depicting any Defendant, the Car Attack, or any Unite the Right Event.

7. All recordings and transcripts of telephone calls concerning any Defendant, the Car Attack, or any Unite the Right Event, including calls to or from James Fields during his detention after his arrest in August 2017.

8. All documents obtained from any third party concerning any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

9. All documents containing or concerning geolocation data relating to any Unite the Right Event, the Car Attack, James Fields, or any Defendant, including documents obtained from Google, Facebook, Instagram, Twitter, Discord, or any other social media provider.

10. All statements made by or concerning any Defendant, whether made before or after the Car Attack, including statements concerning planning, preparing for, attending, or participating in any Unite the Right Event, the Car Attack, or James Fields's role therein.

11.     All documents constituting or concerning interviews of witnesses or law enforcement personnel concerning the Car Attack, any Unite the Right Event, James Fields, or any Defendant, including transcripts, audio or video recordings, memoranda, summaries, or notes.

12.     All documents constituting or concerning any expert analysis, report or testimony concerning the Car Attack, any Defendant, or any Unite the Right Event, including any documents received from federal law enforcement or prosecution officers or investigators, any social media analysis, fingerprint analysis, DNA analysis, incident reconstruction or any other analysis or report.

13.     All documents concerning physical evidence collected during any investigation of the Car Attack, any Defendant, or any Unite the Right Event, including fingerprints, DNA, weapons, and evidence.

14.     All documents concerning any injuries or damage caused by the Car Attack, any Defendant, or any Unite the Right Event, including any medical records, police reports, witness statements, or clothing, accessories, or other personal effects collected at the sites of the Car Attack or any Unite the Right Event.

15.     All documents constituting or concerning any police report or record, or law enforcement report or record, concerning the Car Attack or any Unite the Right Event, including any document prepared by or on behalf of any agent, officer, detective or investigator.

Dated:  September 20, 2019

*s/ Robert T. Cahill*

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com

Joshua J. Libling (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
jlibling@bsfllp.com
ybarkai@bsfllp.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com

*Counsel for Plaintiffs*