# EXHIBIT 18

| | |
|---|---|
| **From:** | Bolton, Eric |
| **Sent:** | Thursday, May 28, 2020 7:46 PM |
| **To:** | jgravatt@dhdglaw.com; dhauck@dhdglaw.com; dcampbell@dhdglaw.com; jek318@gmail.com; isuecrooks@comcast.net; bryan@bjoneslegal.com; edward@rebrooklaw.com; dinuccilaw@outlook.com; azzmador@gmail.com; deplorabletruth@gmail.com; matthew.w.heimbach@gmail.com; christopher.cantwell@gmail.com; eli.f.mosley@gmail.com; dillon_hopper@protonmail.com |
| **Subject:** | Sines v. Kessler, Case No. 17-cv-72 (W.D. Va.) |
| **Attachments:** | 2020-05-28_Notice of Intent_Depo subpoena to Bradley Griffin.pdf; 2020-05-28_Notice of Intent_Depo subpoena to Robert Isaacs.pdf |

On behalf of Plaintiffs' Counsel, attached please find notices of intent to serve subpoenas to testify at a deposition for Robert Isaacs and Bradley Dean Griffin.

Sincerely
Eric Bolton
Cooley LLP

1

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | **Civil Action No. 3: 17-cv-00072-NKM** |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby provide notice that they intend to serve the attached Subpoena to Testify at a Deposition in a Civil Action directed to Robert Isaacs.

Dated: May 28, 2020

                                                    */s/ Alan Levine*
                                                    Alan Levine (*pro hac vice*)
                                                    Daniel P. Roy III (*pro hac vice*)
                                                    Amanda L. Liverzani (*pro hac vice*)
                                                    COOLEY LLP
                                                    55 Hudson Yards
                                                    New York, NY 10001
                                                    Telephone: (212) 479-6260
                                                    Fax: (212) 479-6275
                                                    alevine@cooley.com
                                                    droy@cooley.com
                                                    aliverzani@cooley.com

*Of Counsel*:

| | |
|---|---|
| Roberta A. Kaplan (*pro hac vice*) | Robert T. Cahill (VSB 38562) |
| Julie E. Fink (*pro hac vice*) | Scott W. Stemetzki (VSB 86246) |
| Gabrielle E. Tenzer (*pro hac vice*) | COOLEY LLP |
| Michael L. Bloch (*pro hac vice*) | 11951 Freedom Drive, 14th Floor |
| Alexandra K. Conlon (*pro hac vice*) | Reston, VA 20190-5656 |
| Emily C. Cole (*pro hac vice*) | Telephone: (703) 456-8000 |
| Jonathan R. Kay (*pro hac vice*) | Fax: (703) 456-8100 |
| KAPLAN HECKER & FINK, LLP | rcahill@cooley.com |
| 350 Fifth Avenue, Suite 7110 | sstemetzki@cooley.com |
| New York, NY 10118 | |
| Telephone: (212) 763-0883 | Yotam Barkai (*pro hac vice*) |
| rkaplan@kaplanhecker.com | BOIES SCHILLER FLEXNER LLP |
| jfink@kaplanhecker.com | 55 Hudson Yards, 20th Floor |
| gtenzer@kaplanhecker.com | New York, NY 10001 |
| mbloch@kaplanhecker.com | Telephone: (212) 446-2300 |
| aconlon@kaplanhecker.com | Fax: (212) 446-2350 |
| ecole@kaplanhecker.com | ybarkai@bsfllp.com |
| jkay@kaplanhecker.com | |

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Katherine M. Cheng
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com
kcheng@bsfllp.com

John B. Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Telephone:  (540) 983-7600
Fax:  (540) 983-7711
brottenborn@woodsrogers.com


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, I served the foregoing upon following counsel and *pro se* defendants, via electronic mail, as follows:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants National Socialist Movement, Nationalist Front and Jeff Schoep*

Matthew Heimbach
matthew.w heimbach@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast net

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party, Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

 

        */s/ Alan Levine*
        Alan Levine (*pro hac vice*)
        COOLEY LLP
        55 Hudson Yards
        New York, NY 10001
        Telephone: (212) 479-6260
        Fax: (212) 479-6275
        alevine@cooley.com

        *Counsel for Plaintiffs*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| Elizabeth Sines, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-cv-00072-NKM-JCH |
| Jason Kessler, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Robert Isaacs (a.k.a. "Ike Baker", "Isaac Baker"), in care of: Bryan J. Jones, LLC, Attorney at Law, 106 W. South St., Suite 201, Charlottesville, VA 22902

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Remote via video conference | Date and Time: June 12, 2020 @ 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: stenographic means, and also will be recorded by video means and through the instant visual display of the testimony

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 28, 2020

*CLERK OF COURT*

OR

/s/ Alan Levine

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Alan Levine, Cooley LLP, 55 Hudson Yards, New York, NY 10001, alevine@cooley.com, (212) 479-6000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:17-cv-00072-NKM-JCH

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, THOMAS BAKER and JOHN DOE,<br><br>                        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a/ ELI MOSELY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>                        Defendants. | **Civil Action No. 3: 17-cv-00072-NKM** |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby provide notice that they intend to serve the attached Subpoena to Testify at a Deposition in a Civil Action directed to Bradley Dean Griffin.

Dated: May 28, 2020

*/s/ Alan Levine*
Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

*Of Counsel*:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
aconlon@kaplanhecker.com
ecole@kaplanhecker.com
jkay@kaplanhecker.com

Robert T. Cahill (VSB 38562)
Scott W. Stemetzki (VSB 86246)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com
sstemetzki@cooley.com

Yotam Barkai (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
ybarkai@bsfllp.com

2

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Katherine M. Cheng
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
jphillips@bsfllp.com
wisaacson@bsfllp.com
kcheng@bsfllp.com

John B. Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, I served the foregoing upon following counsel and *pro se* defendants, via electronic mail, as follows:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants National Socialist Movement, Nationalist Front and Jeff Schoep*

Matthew Heimbach
matthew.w heimbach@gmail.com

Christopher Cantwell
christopher.cantwell@gmail.com

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast net

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party, Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

John A. DiNucci
Law Office of John A. DiNucci
8180 Greensboro Drive, Suite 1150
McLean, VA 22102
dinuccilaw@outlook.com

*Counsel for Defendant Richard Spencer*

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com

>*/s/ Alan Levine*
>Alan Levine (*pro hac vice*)
>COOLEY LLP
>55 Hudson Yards
>New York, NY 10001
>Telephone: (212) 479-6260
>Fax: (212) 479-6275
>alevine@cooley.com
>
>*Counsel for Plaintiffs*

4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| Elizabeth Sines, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:17-cv-00072-NKM-JCH |
| Jason Kessler, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Bradley Dean Griffin, in care of: Bryan J. Jones, LLC, Attorney at Law, 106 W. South St., Suite 201, Charlottesville, VA 22902

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Remote via video conference | Date and Time: June 11, 2020 @ 9:30 a.m. (CDT) |
|---|---|

The deposition will be recorded by this method: stenographic means, and also will be recorded by video means and through the instant visual display of the testimony

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 28, 2020

*CLERK OF COURT*

OR

_____     /s/ Alan Levine
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Alan Levine, Cooley LLP, 55 Hudson Yards, New York, NY 10001, alevine@cooley.com, (212) 479-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:17-cv-00072-NKM-JCH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).