IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

Elizabeth Sines, et al

    Plaintiffs

v                          Case No:   3:17-cv-072-NKM

Jason Kessler, et al

    Defendants

MOTION IN LIMINE TO BAR PLAINTIFFS FROM INTRODUCING EVIDENCE ABOUT THE SUPPOSED HOLOCAUST® AS IRRELEVANT AND INFLAMMATORY PURSUANT TO FED.R.EVID. 401-403

Comes now the Defendant, Christopher Cantwell, and, he Moves this Court In Limine To Bar Plaintiffs From Introducing Evidence, including the pseudo-"expert" testimony of Deborah Lipstadt and/or any substitute About The Supposed Holocaust® As Irrelevant And Inflammatory Pursuant To Fed.R.Evid. 401-403. In support, he states as follows:

1) On September 22, 2021, Cantwell was the for the first time able to review the "expert" report of Deborah Lipstadt, an "expert" retained to pontificate on the subject of "anti-Semitism" and who apparently wants to link the Defendants to the Holocaust®. Cantwell has made several previous objections to the introduction of Lipstadt's testimony, including that animus against those who identify as "Jews" is not proscribed by US Const Amend XIII and 42 USC §1985(3) (see, eg, <u>Shaare Tefila Congregation v Cobb</u> 606 F Supp 1504 (4th Cir 1985) reversed on other grounds by <u>Shaare Tefila Congregation v Cobb</u> 481 US 615 (1987)), that Lipstadt's testimony was not previously disclosed to Cantwell pursuant to Fed.R.Civ.P. 26(a)(2) and is inadmissible pursuant to Fed.R.Civ.P. 37

(a)(4), and, that Lipstadt's proposed testimony goes towards an aiding and abetting theory at best and is thus both irrelevant and without foundation vis-a-vis the pled conspiracy theory. Now, as it appears that this testimony has no purpose except to inject the "Holocaust" into the proceedings and to thereby confuse and mislead the jury, Cantwell moves that it and any similar evidence be excluded on this ground as irrelevant and inflammatory.

2) "Under [Federal] Rule [of Evidence] 702, a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable." United States v Smith 919 F 3d 825 (4th Cir 2019) citing Daubert v Merrell Dow Pharms Inc 509 US 579 (1993). The Fourth Circuit "has explained that whether testimony 'assist[s] the trier of fact' is the 'touchstone' of Rule 702." United States v Campbell 963 F 3d 309 (4th Cir 2020). "[E]ven if an expert witness opinion is inadmissible under Rule 702, Rule 403 permits the district court to exclude relevant opinion testimony if its probative value is substantially outweighed by a danger of ... unfair prejudice." Campbell. Further, expert testimony must be "not only relevant, but, reliable." Daubert; United States v Mallory 989 F 3d 730 (4th Cir 2020). "To be reliable, the testimony must be based on scientific, technical, or other specialized knowledge and not on belief or speculation and inferences must be derived using scientific or other valid methods." Belville v Ford Motor Co 919 F 3d 224 (4th Cir 2019) citing Oglesby v Gen Motors Corp 190 F 3d 244 (4th Cir 1999). Experts may not testify on matters "obviously ... within the common knowledge of jurors." United States v Fuertas 805 F 3d 485 (4th Cir 2015). These standards apply to "all expert testimony." Kumho Tire Co v Carmichael 526 US

-2-

137 (1999).

3) Fed.R.Evid. 403 bars the admission of unfairly prejudicial testimony even if that testimony is also relevant. "Unfair prejudice is the possibility that evidence will excite the jury to make a decision on the basis of a factor unrelated to the issue properly before it." <u>Mullen v Princess Anne Volunteer Fire Co</u> 853 F 2d 1130 (4th Cir 1988); see also <u>Morgan v Furetich</u> 846 F 2d 941 (4th Cir 1988) (unfair prejudice is that "genuine risk that the ... jury will be excited to irrational behavior ..."). The proposed evidence here is also very much like conduct evidence, except that, instead of having their own conduct introduced, the Defendants are to have introduced against them the alleged conduct of men who died in most cases decades before they were born. "Conduct evidence is inadmissible when "it inflames the jury or encourages them to draw an inference against the defendant based solely on a judgment about the defendants' criminal character or wicked disposition." <u>United Sterling</u> 869 F 3d 233 (4th Cir 2017).

4) First, the Holocaust® is just not relevant to this case, and, a comparison to the proposed testimony of Peter Simi and Kathleen Blee shows why. Simi and Blee claim to be experts on something they call the "White Supremacist Movement". They claim that the Defendants are members of this movement, and, thus, their knowledge of this movement can be used to contextualize and "de-code" specific comments attributed to the Defendants on Discord to show a conspiracy. Cantwell has objections to this testimony and particularly its scope, but, this kind of expert testimony is at least admissible: it addresses real facts relating to this case and probative of whether or not there was a conspiracy. What role, however, does the supposed Holocaust® play in this case? The Defendants here

-3-

are not accused of playing any role in the Second World War or in the German government prior to 1945. They are not accused of knowing anyone involved in the German government prior to 1945. The Discord channels used by some of the Defendants may have included references to the Holocaust®, but, Lipstadt is not appearing to try to contextualize these memes for the jury, who should already understand them from common knowledge. Lipstadt's purpose here is to tell the jury that refusing to enter a verdict in the Plaintiff's favor is the moral equivalent of genocide against the "Jewish people", which it is not, and, which is a completely inappropriate argument for Plaintiffs to be making.

5) Lipstadt's testimony is nothing but an irrelevant effort to confuse the jury and mislead them into entering a verdict that has nothing to do with whether or not the Defendants conspired to engage in assault. The Defendants here were not only not proponents of genocide, the entire purpose of their peaceful political protest was to oppose the physical and cultural genocide that extremists such as Lipstadt have been carrying out against America's white working class population. Somewhere, persons like Lipstadt have gotten the idea that the Holocaust® is an unlimited license for them to commit crimes against the world's peoples, whether the people of Palestine , or, American and European whites, whose lands are being stolen from them as we speak. This Court should not allow the idea that the Holocaust® is an excuse for the violence that the Plaintiffs visited upon the Defendants to be presented in this courtroom. It is irrelevant, it is a distraction, and, it detracts from the dignity of these proceedings.

Respectfully Submitted,

*Christopher Cantwell*  
USP-Marion  
PO Box 1000  
Marion, IL 62959

## CERTIFICATE OF SERVICE

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage prepaid, for posting on the ECF to which all parties are subscribed, and, handed to USP-Marion staff members Nathan Simpkins and/or Kathy Hill for electronic transmission to the Court, this 30th day of September, 2021.

*Christopher Cantwell*