IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

Elizabeth Sines, et al

    Plaintiffs

v                              Case No:   3:17-cv-072-NKM

Jason Kessler, et al

    Defendants

MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY THAT IS UN-DISCLOSED OR DERIVED FROM UNDISCLOSED AND / OR HEARSAY MATERIAL

Comes now the Defendant, Christopher Cantwell, and, he Moves this Court In LImine To Exclude any and all Expert Testimony which is Derived From Undisclosed And/Or Hearsay Material. In support, he states as follows:

1) Cantwell gained access to the expert reports of Deborah Lipstadt and Peter Simi and Kathleen Blee on September 15 2021, and, can now aver that these reports were not disclosed to him prior to the closure of discovery, preventing him from deposing these witnesses. <u>Sworn Declaration Of Christopher Cantwell As To The Expert Reports of Simi, Blee and Lipstadt</u> ("<u>Cantwell Expert Decl</u>") <u>para 2-5.</u>

2) Cantwell has previously objected to Lipstadt's report as irrelevant because animus against those who identify as "Jews" is irrelevant to this matter, as undisclosed, as irrelevant because it goes towards an aiding and abetting / incitement theory and doesn't have foundation in a conspiracy theory of liability, and, inflammatory and irrelevant because it attempts to link Cantwell to the Holocaust®, a historical event that occurred three generations

-1-

ago, and, decades before Cantwell was born. Cantwell has also objected to the testimony of Simi and Blee as irrelevant because animus against Judaism is irrelevant, animus against "immigants, social minorities and feminism" is irrelevant, because it goes towards an aiding and abetting / incitement and doesn't have foundation in a conspiracy theory of liability, and, irrelevant because its only legitimate purpose is to contextualize Defendants' comments on Discord, and, Cantwell was not active or only minimally active on the Discord servers in question.

3) Cantwell can now aver that the expert reports of Lipstadt, Simi, and Blee were not disclosed during discovery. Fed.R.Civ.P. 26(a)(2) required their disclosure, and, Fed.R.Civ.p. 37(c)(1) requires their exclusion if not disclosed. Because they were not timely disclosed, Lipstadt, Blee and Simi cannot testify.

4) Further examination of Lipstadt's, Simi's and Blee's reports also indicate that they are largely based upon hearsay material, undisclosed and "redacted" material, and/or, depositions of which Cantwell was not noticed. As such, these portions of the report and any opinions derived from this material are inadmissible.

5) Much of Simi and Blee's report as regards Cantwell cites to blog posts authored by the Southern Poverty Law Center ("SPLC") on their <u>Hatewatch</u> blog. The SPLC is a well known Democrat partisan organization that has been widely criticized for filing lawsuits like the instant lawsuit as a fundraising tool, exaggerating the size and importance of so-called "white supremacist" and similar groups, often in coordination with the FBI's Domestic Terrorism Operations Units, to make it seem that its work is much more socially relevant and important than it is. Beyond this

partisanship, these <u>Hatewatch</u> blogs have not been disclosed to Cantwell, and, do not appear to fit into any exception to the hearsay rules, Fed. R.Evid. 801, et seq. Hearsay is generally not admissible. Fed. R.Evid. 802. And, material derivative of inadmissible hearsay is also not admissible. Fed.R.Evid. 805. Thus, any opinion that Simi or Blee has derived from material published by the SPLC's <u>Hatewatch</u> blog or any similar hearsay source must be excluded at trial.

6) Further, both the Lipstadt report and Blee and Simi's reports are based in large part upon material identified as "redacted". Fed. R.Civ.P. 26(a)(2)(B)(ii) requires the disclosure of all "facts or data considered by the witness," and, Fed.R.Civ.P. 37(c)(1) requires the exclusion of all undisclosed material. Because the Plaintiffs have never disclosed this "redacted" material, neither Lipstadt nor Simi and Blee not any other expert may testify as to any opinion derived from this material.

7) Lastly, Cantwell was only ever timely noticed of two depositions, his own and a member of the Rise Above Movement's. He has objected to the use of all other deposition testimony pursuant to Fed.R.Civ. P. 32(a)(1)(A) and 37(c)(1). Much of Lipstadts's and Simi and Blee's reports are derivative of this deposition testimony of which Cantwell received no notice. As such, any opinion that Lipstadt, Simi and Blee, or, any other expert witness derived as a result of this testimony must be excluded at trial.

Thus, for good cause shown, Cantwell Moves in Limine to Exclude Expert Testimony That was not properly Disclosed or which is Derived From Undisclosed And/Or Hearsay Material.

Respectfully Submitted,

_____
Christopher Cantwell
USP-Marion
PO Box 1000
Marion, IL 62959

### CERTIFICATE OF SERVICE

I hereby certify that this Motion in Limine was mailed to the Clerk of the Court, 1st Class Postage Prepaid, for posting upon the ECF, to which all other parties are subscribed, and, handed to USP-Marion staff members Nathan Simpkinss and/or Kathy Hill for electronic transmission to the Court, this 4th day of October, 2021.

_____
Christopher Cantwell