**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>        Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>        Defendants. | **Civil Action No. 3:17-cv-00072-NKM** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT CHRISTOPHER CANTWELL'S PURPORTED MOTIONS *IN LIMINE*, ECF FILINGS 1121 & 1123**

In one of his many recent motions, Defendant Christopher Cantwell makes the sweeping request that this Court exclude "the proposed expert testimony and all testimony regarding Cantwell's or others['] prior statements, whether on podcasts or Discord or anywhere else." ECF No. 1121 at 10. Notwithstanding its caption, however, Cantwell's motion is not a motion *in limine*. Instead, it is nothing but a poorly disguised and belated attempt to seek summary judgment on Plaintiffs' conspiracy claims over a year after the deadline for dispositive motions. To the extent Cantwell's motion also seeks to re-litigate evidentiary questions that this Court conclusively resolved, it makes no effort to justify a request for reconsideration.

Likewise, Cantwell's motion requesting a determination of whether a private right of action lies for certain predicate acts alleged in support of Plaintiffs' civil conspiracy claim, and whether Plaintiffs have pled a valid false imprisonment claim, is nothing more than an untimely dispositive

motion. ECF No. 1123. To the extent Cantwell seeks dismissal of Plaintiffs' claim that, as part of the alleged civil conspiracy, Defendants committed the tort of false imprisonment, a motion *in limine* is not the proper vehicle to raise that argument. Nor does that contention have any merit. In addition, in the interest of streamlining the issues at trial, Plaintiffs do not intend to rely on Defendants' criminal violations to support their civil conspiracy claim. Thus, to the extent Cantwell seeks that relief, the issue is moot.

Because these "motions *in limine*" are nothing more than poorly disguised and untimely dispositive motions, and because neither of these motions can (or even attempts to) satisfy the applicable requirements for seeking reconsideration of this Court's prior rulings, this Court should deny both motions.

## ARGUMENT

### I. ECF Filings 1121 & 1123 Should be Denied as Untimely Dispositive Motions.

Though styled as motions *in limine*, at least two of Cantwell's recent motions are actually dispositive motions. For example, in one motion, Cantwell requests that this Court rule as a matter of law that Plaintiffs' conspiracy claim fails. *See* ECF No. 1121 8-10. Likewise, in another motion, Cantwell expressly asks the Court to either revisit issues that it already decided or that Cantwell failed to raise at the motion to dismiss or summary judgment stage. *See* ECF No. 1123 at 1-2. Because those argument are not ones that can be properly raised in a motion *in limine*, and because the deadline for dispositive motions has long passed, Cantwell's motions must be denied.

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce* v. *United States*, 469 U.S. 38, 40 n.2 (1984); *see also Goodman* v. *Praxair Services, Inc.*, No. 04-cv-391, 2009 WL 10681955, at *1 (D. Md. June 16, 2009) (explaining that motions *in limine* are "widely recognized

2

as a salutary device to avoid the impact of unfairly prejudicial evidence upon the jury and to save a significant amount of time at the trial" (citations omitted)). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley* v. *Pittsburgh Board of Education*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Quite simply, "a motion *in limine* is not intended to be a dispositive motion," *Goodman*, 2009 WL 10681955, at *1 (citation omitted); *see also Sabre International Security* v. *Torres Advanced Enterprise Solutions, LLC*, 72 F. Supp. 3d 131, 138 (D.D.C. 2014), nor is it "another excuse to file dispositive motions" under the guise of an evidentiary dispute, *Dunn ex rel Albery* v. *State Farm Mutual Auto Insurance Co.*, 264 F.R.D. 266, 274-275 (E.D. Mich. 2009). As many courts have recognized, if a motion *in limine* raises "an argument that goes to the sufficiency of [the plaintiffs'] evidence," that "is not a proper basis for a motion to exclude evidence prior to trial," even though it "might be a proper argument for summary judgment or for judgment as a matter of law." *Mid-America Tablewares, Inc.* v. *Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996); *see also Goldman* v. *Healthcare Management Systems, Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (holding that "motions *in limine* are inappropriate vehicles to seek a final determination with respect to a substantive cause of action and should not be used as a substitute for a motion for summary judgment" (citations omitted)).

Accordingly, when a motion *in limine* "is a mislabeled motion for partial summary judgment" that has been "filed long after the time for filing such motions expired," the Court should "strip the motion of its creative labeling and re-characterize it to conform to its true nature." *Goodman*, 2009 WL 10681955, at *1 (citation omitted). That is because "a mechanism already

3

exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion"—and "[a]llowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment." *Louzon* v. *Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Granting an untimely dispositive motion mislabeled as *in limine* would be reversible error. *Id.* at 563-564.

Here, there is "no functional difference" between Cantwell's motions and a partial motion for summary judgment. *Bowyer* v. *Houck*, No. 5:05-cv-00628, 2006 WL 6854908, at *1 (S.D. W. Va. Nov. 14, 2006). In fact, Cantwell reveals the true purpose of his motions by spending virtually every line advancing dispositive motion-type arguments.

For example, in the first motion, Cantwell spends half of the filing, *see* ECF No. 1121 at 1-7, purportedly summarizing the transcript of a meeting that took place on August 11, 2017, only to ask rhetorical questions such as "Where's the conspiracy?," *id.* at 3, and "Where's the plan for racially motivated violence?" *Id.* at 5. Cantwell then argues that "no reasonable jury could find" that "such a meeting" or "such an agreement" actually "occurred." *Id.* at 8.

Meanwhile, in his other motion, Cantwell does not even attempt to disguise that it is a dispositive motion, as he expressly asks the Court to determine, among other things, "Whether Plaintiffs Have Pled A Valid Claim for Conspiracy to Commit False Imprisonment." ECF No. 1123 at 1. Quelling any lingering doubt, the motion focuses entirely on arguments that have nothing to do with evidentiary issues. Specifically, the motion focuses on his contention that the Court should "bar the Plaintiffs at trial from arguing that Cantwell is liable for conspiring" to violate certain criminal statues, and his baseless assertion that there is "no basis for a claim of conspiracy to commit false imprisonment." *Id.* at 1-2.

4

In other words, the "true nature" of Cantwell's motions "requires a summary-judgment analysis"—for they ask this Court to hold that Plaintiffs' "evidence is insufficient as a matter of law." *Louzon*, 718 F.3d at 562 (citing Fed. R. Civ. P. 56(a)). Because Cantwell is, "in essence, improperly seeking a dispositive ruling" through purported motions *in limine*, the motions must be denied. *Hana Fin., Inc.* v. *Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015); *see also Dunn*, 264 F.R.D. at 274-275 ("The denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case"). That is especially so because Cantwell's motions are "a back-door effort to file a case dispositive motion" well over a year after the deadline for such motions. *Jones* v. *Graco Inc.*, No. 05-cv-2027, 2006 WL 2990431, at *2 (C.D. Ill. Oct. 19, 2006); *see also* ECF 597 (setting August 7, 2020, as the deadline for dispositive motions); ECF 952 (striking, in May of 2021, one of Cantwell's co-defendant's motion for summary judgment as untimely filed).

To be sure, Cantwell at times attempts to recast some of his arguments in evidentiary terms: he asserts, for example, that "what's challenged here" is the purported lack of "foundation and relevance" to introduce "the proposed expert testimony and all testimony regarding Cantwell's or others['] prior statements, whether on podcasts or Discord or anywhere else." ECF No. 1121 at 10. But it is well established that a party's "attempts to infuse into [his] motion an evidentiary matter"—for instance, "by arguing that this evidence was irrelevant and inadmissible" due to the plaintiffs' inability "to make out a prima facie case"—are not enough to disguise a motion for summary judgment as a motion *in limine*. *Louzon*, 718 F.3d at 562. Indeed, ample case law precludes Cantwell's efforts to use these purported motions *in limine* "as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"—that is, "purposes for which it was never intended." 21 Wright & Miller, *Federal Practice and Procedure* § 5037.18 (2021). If

5

that were not the case, Cantwell "could raise any matter *in limine*, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant." *Louzon*, 718 F.3d at 563.

## II. ECF Filings 1121 & 1223 Should Also be Denied as Meritless and Moot.

Insofar as ECF Filing 1121 could be read to raise an evidentiary challenge to the admissibility of Kathleen Blee's and Peter Simi's expert testimony, this Court has already conclusively ruled on that question, *see* ECF No. 937, and Cantwell fails to offer any valid reasons why reconsideration of the Court's prior order is warranted.[1] Likewise, the Court has already rejected efforts by Cantwell's co-Defendants to obtain summary judgment as to Plaintiffs' Virginia conspiracy claim. ECF No. 1040 at 63. Furthermore, Plaintiffs have already decided to a course of action that moots out the other relief Cantwell seeks. For these reasons, too, Cantwell's motions should be denied.

### A. *The Court Has Already Ruled that Blee and Simi's Testimony is Relevant and Admissible and Cantwell's Arguments to the Contrary are Baseless*

In denying a motion to exclude filed by Cantwell's co-Defendants, this Court held in no uncertain terms that "Blee and Simi's challenged testimony is undoubtedly relevant and helpful to a jury considering the merit of Plaintiffs' claims." ECF 941, Mem. Op. at 18. And "courts generally do not depart from a previous ruling unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

---

[1] This is not to suggest that the Court should liberally construe Cantwell's motion. *See Laremont-Lopez* v. *Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997); *see also* ECF 1108, at 5-6; ECF 1134. Although Cantwell has been proceeding *pro se* and has been afforded its corresponding protections and leniency, it has become apparent that he is improperly using ghostwriters in connection with his recent filings to this Court, including the motions at-issue here. *See* ECF No. 1185.

*Blick* v. *Shapiro & Brown, LLP*, No. 3:16-cv-00070, 2017 WL 8777361, at *1 (W.D. Va. Nov. 8, 2017) (internal quotation marks and citation omitted).

Even putting to one side the fact that reconsideration is "disfavored" and granted "sparingly," *Shapiro & Brown*, 2017 WL 8777361, at *1 (citation omitted), Cantwell's purported grounds for reconsideration lack any merit. All that Cantwell has to offer is the argument that "absurd and demonstrably false testimony is something of a staple in the federal judicial system," and the unfounded claim that, at the time of this Court's prior ruling, "the Plaintiffs were misrepresenting to the Court that they could make a case that the Defendants engaged in a conspiracy." ECF No. 1121 at 9. Indeed, with respect to Cantwell's first motion, he implicitly concedes that Blee and Simi's testimony that he seemingly seeks to challenge is, in fact, relevant to Plaintiffs' conspiracy claims. *See* ECF No. 1121 at 10 (conceding that, if Plaintiffs "had any basis to argue that Cantwell engaged in a conspiracy that led to the specific torts suffered by the Plaintiffs, . . . then, this testimony . . . would be relevant."). But this Court has already determined that "the Plaintiffs have plausibly alleged the Defendants formed a conspiracy to commit the racial violence that led to the Plaintiffs' varied injuries," ECF No. 335, Mem. Op. at 1, and this Court has already denied motions for summary judgment filed by Cantwell's co-defendants, *see* ECF 1040, Mem. Op. at 1. Reconsideration is therefore plainly unwarranted.

  B. *Cantwell's Arguments as to Plaintiffs' Civil Conspiracy Claim also Lack Merit.*

Similarly, Cantwell has made no effort to satisfy the demanding standard for seeking reconsideration on the already-decided issues he raises as to Plaintiffs' civil conspiracy claim. *See* ECF No. 1123. For one thing, although Cantwell moved to dismiss Plaintiffs' civil conspiracy claim over three years ago, he failed to raise any arguments as to Plaintiffs' allegation that the Defendants falsely imprisoned certain Plaintiffs. *See* ECF No. 205, 206 (Cantwell's brief in

7

support of his motion to dismiss). Thus, Cantwell has no cause to complain that the Court "did not address the claims for conspiracy to commit . . . false imprisonment."[2] ECF No. 1123 at 2. Nor did Cantwell timely seek summary judgment on these (or any other) issues. What is more, Cantwell's false imprisonment arguments are meritless. *Compare* ECF No. 1040, Mem. Op. at 25 (describing how certain defendants encircled and attacked Plaintiffs), *with Dill* v. *Kroger Ltd. Partnership I*, 860 S.E.2d 372, 380 (Va. 2021) ("To prevail in an action for false imprisonment, a plaintiff must prove that her liberty was restrained, either by words or acts that she would fear to disregard, and that there was no sufficient legal excuse to justify the restraint.").

For another, following the Court's guidance, Plaintiffs have already decided, in the interest of streamlining issues at trial, to support their civil conspiracy claim by relying solely on the Virginia hate crimes statute, assault, battery, and false imprisonment predicates—each of which more than suffices for Plaintiffs to prevail on their civil conspiracy claim. *See* ECF No. 335, Mem. Op. at 47-49 & n.4 (expressing the Court's expectation that the Plaintiffs will winnow the list of predicate acts supporting their civil conspiracy claim). Accordingly, to the extent Cantwell seeks to preclude Plaintiffs from arguing that Defendants' violated certain Virginia criminal statutes, that issue is moot.

In short, Cantwell's thinly disguised dispositive motions are not only untimely and procedurally improper, but also meritless and moot.

## CONCLUSION

For the foregoing reasons, the Court should deny Cantwell's Motion *in Limine* to Bar Plaintiffs from Arguing or Presenting Evidence in Support of Theories of Aiding or Abetting or

---

[2] Cantwell's passing contention that the Court did not address Plaintiffs' claims "for conspiracy to commit battery," ECF No. 1123 at 2, is just plain false. The Court specifically held that Plaintiffs alleged injuries would "constitute assaults *and batteries*." ECF No. 335 at 48 (emphasis added).

Contributory Negligence, ECF No. 1121, and Motion *in Limine* For A Determination That No Private Right of Action Lies for Conspiracy to Violate a Virginia State Statute Absent Enforcement Provisions, to bar Plaintiffs from Arguing the Same, and, To Clarify Whether Plaintiffs Have Pled a Valid Claim for Conspiracy to Commit False Imprisonment, ECF No. 1123.

Dated: October 12, 2021

Respectfully submitted,

*/s/ Jessica Phillips*
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice* pending)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Jessica Phillips (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
Matteo Godi (*pro hac vice* pending)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
apetty@paulweiss.com
gsanchez@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

<div style="display: flex;">

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com


David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Allegra K. Flamm (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
Khary J. Anderson (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com


Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

</div>

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on October 12, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

I hereby certify that on October 12, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959
Grady County Law Enforcement Center
215 N. 3rd St.
Chickasha, OK 73018

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: October 12, 2021

/s/ *Jessica Phillips*
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON & GARRISON LLP

*Counsel for Plaintiffs*

13