UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' OPPOSITION TO DEFENDANT CHRISTOPHER CANTWELL'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR FELONIOUS CONDUCT (ECF NO. 1124) AND TO BAR EVIDENCE, TESTIMONY, OR ARGUMENT OF HIS CURRENT INCARCERATION (ECF NO. 1161)**

This Court should deny Defendant Christopher Cantwell's motion to exclude evidence and testimony about his two prior felony convictions for transmitting extortionate communications in violation of 18 U.S.C. § 875(b) and (d). Those convictions arose from a June 2019 incident, unrelated to this case, where Cantwell blasted his victim with a series of violent, disturbing, and deceitful online messages for three straight days, ultimately to coax the victim into divulging a third-party online user's true identity. He specifically threatened to report the victim to law-enforcement authorities—despite knowing full well (and even admitting) that his victim had engaged in no criminal activity. His extortion convictions, borne of his capacity for deceit, thus bear on his character for truthfulness here, and evidence of them should be admissible for impeachment purposes. Indeed, the convictions are proper impeachment material in two independent respects.

*First*, Rule 609(a)(2) mandates the admission of a prior conviction for impeachment where, as here, establishing the defendant's guilt for that conviction required the state to prove a "dishonest act or false statement." Fed. R. Evid. 609(a)(2). In order to convict Cantwell under 18 U.S.C. § 875(b) and (d), the Government had to prove that he made a "dishonest act or false statement," Fed. R. Evid. 609(a)(2), both because it had to demonstrate that Cantwell engaged in extortion, which courts have construed to be inherently dishonest, and because the specific extortive conduct for which Cantwell was prosecuted was carried out in a particularly deceitful manner. Therefore, evidence of each extortion conviction is admissible to impeach him here.

*Second*, Rule 609(a)(1) mandates the admission of a prior felony for impeachment where, as here, its probative value to credibility outweighs the risk of unfair prejudice. The rationale of the rule is that all felonies, even those that do not involve dishonesty, reflect on a witness's veracity. Here, Cantwell's extortion convictions are probative of his character for truthfulness not only because they are felonies, but also because they do involve dishonesty. Meanwhile, there is little risk that introducing evidence of those felonies will mislead or confuse the jury.

As for Cantwell's motion to bar argument about his current incarceration, Plaintiffs do not intend to introduce evidence of his current incarceration unless Cantwell opens the door.

## BACKGROUND

In September 2020, after a jury trial in the U.S. District Court for the District of New Hampshire, Cantwell was convicted of one-count of transmitting an interstate extortionate communication that contained a threat of physical injury, in violation of 18 U.S.C. § 875(b); and one-count of transmitting an interstate extortionate communication that contained a threat to accuse a victim of a crime, in violation of 18 U.S.C. § 875(d). *See* Jury Verdict, *United States v. Cantwell*, No. 20-cr-00006-PB (D.N.H. Sept 28, 2020); Superseding Indictment at 1–3, *United*

*States v. Cantwell*, No. 1:20-cr-00006-PB (July 8, 2020) (attached as Exhibit A). On the 18 U.S.C. § 875(b) charge, the jury found (1) that Cantwell knowingly transmitted a communication in interstate commerce; (2) that the communication contained a threat to injure the person of another; and (3) that he transmitted the communication with the intent to extort something of value from any person. *See* Court Instructions at 12, *United States v. Cantwell*, No. 1:20-cr-00006-PB (D.N.H. Sept. 28, 2020). And on the § 875(d) charge, the jury found (1) that Cantwell knowingly transmitted a communication in interstate commerce; (2) that the communication contained a threat to accuse another person of a crime or to injure the reputation of another person; and (3) that he transmitted the communication with the intent to extort something of value from any person. *Id.* at 15–16. Both crimes are felonies punishable by over one year of incarceration, and Cantwell was ultimately sentenced to serve 41 months in prison. *See* Judgment, *United States v. Cantwell*, No. 20-cr-00006-PB (D.N.H. Mar. 5, 2021). He is currently incarcerated pursuant to that sentence. *See* ECF No. 1161.

Cantwell's convictions arose from a harrowing three-day period in June 2019 when he bombarded a victim with gruesome online instant messages. Cantwell believed that the victim knew the identity of a particular anonymous online user. And to gain access to that valuable information, Cantwell sent his victim multiple threats of physical and reputational harm:

- "So if you don't want me to come and f*ck your wife in front of your kids, then you should make yourself scarce[.] Give me [the online user], it's your only out."
- "Get a f*cking life or I will ruin the one you have"
- "[Y]ou are going to lose everything you have"
- "Next time I post that photo, the faces won't be blurred, and they you're going to start getting unexpected visitors"
- "[Y]ou're the one who's gonna suffer cause you're the one who I can get"

3

- "But I'm pretty sure once that visit comes, you'll understand that this is serious"

- "Tell [the online user] that if he gives himself up, he can save your family."

*See* Ex. A at 1–3.

Cantwell also accused his victim of criminal conduct and threatened to report him to law-enforcement agencies:

- "You think the FBI would take issue with an LSD user owning guns around kids?"

- "On Tuesday I'm going to send every episode of BowlCast along with your identifying information to whatever the local equivalent of [child protective services] is in your jurisdiction"

*Id.* Yet Cantwell himself later admitted that he had advanced these threats despite knowing that the victim had *not* engaged in criminal activity. *See* Government's Objection to Defendant's Motion in Limine to Exclude Testimony of CPS Employee at 2, *United States v. Cantwell*, No. 20-cr-0006-PB (Sept. 16, 2020) (noting that, when Cantwell ultimately called the Child Abuse and Neglect Hotline, he said: "The truth of the matter is, hon, I think that this guy is a problem and the thing is that what he does to the best of my understanding is not a criminal act, okay? So like, I just, basically, I'm looking to make this guy uncomfortable, is the truth of the matter.").

## ARGUMENT

### I. Under Rule 609(a)(2), Evidence of Cantwell's Prior Extortion Convictions Are Admissible for Impeachment Because They Involved Dishonesty

Under Rule 609(a)(2), "for any crime regardless of the punishment, the evidence must be admitted" for impeachment "if the court can readily determine that establishing the elements of the crime required proving … a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Put differently, a "trial judge has no discretion to exclude evidence that qualifies under this rule." *United States v. Kelly*, 510 F.3d 433, 438 (4th Cir. 2007). In addition to the elements of the offense,

4

a court may also look to the indictment, jury charge, and other criminal-case filings to determine whether the conviction rested upon facts establishing dishonesty. *See* Fed. R. Evid. 609 advisory committee's note to 2006 amendment. Thus, if either the general elements of the witness's crime necessarily involve deceit, *or* if the manner in which the witness committed the offense involved deceit, and the state proved such deceit in the course of establishing the defendant's guilt for the charged crime, then evidence of the crime must be admitted for impeachment. 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.04 (3d ed. 2021).

To begin, to secure Cantwell's conviction under 18 U.S.C. § 875(b) and (d), the Government was required to prove that Cantwell acted with the intent to extort a thing of value from another person. *See* 18 U.S.C. § 875(b), (d); *see also* Court Instructions at 12, 15, *United States v. Cantwell*, No. 1:20-cr-00006-PB (D.N.H. Sept. 28, 2020). Courts have found that extortive acts involve dishonesty. *See, e.g.*, *United States v. Jones*, No. 04-cr-580, 2005 WL 8165345, at *2 (N.D. Ohio Aug. 5, 2005) ("[Defendant's] conviction on public corruption charges, including extortion, constitutes a crime involving dishonesty, and evidence of his conviction is admissible pursuant to Rule 609(a)(2)."); *cf. United States v. Provenzano*, 620 F.2d 985, 1003 (3d Cir. 1980) (referencing district court finding that "[e]xtortion is dishonesty"). In other words, these courts have determined that extortion convictions may fall within a genre of crimes that "contain an element of deceit" and "bear directly upon the witness' propensity to testify truthfully." *McClenny v. Meadows*, No. 7:18-CV-221, 2020 WL 5751621, at *4 (W.D. Va. Sept. 25, 2020).

Even if extortion does not involve dishonesty or false statements in *all* cases, the manner in which Cantwell carried out his extortion offense in this case—especially his conviction for 18 U.S.C. § 875(d)—was flagrantly dishonest. *See e.g., United States v. Cunningham*, 638 F.2d 696,

5

698–99 (4th Cir. 1981) (considering the record of the case to determine whether a conviction for "worthless checks" qualified for admission under Rule 609(a)(2)); *United States v. Carroll*, 663 F. Supp. 210, 213-14 (D. Md. 1986) ("the facts of the prior conviction should be considered in determining whether it 'involved dishonesty or false statement . . .'"); *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("A conviction for burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means."). Cantwell's extortion conviction under § 875(d) rested on facts establishing his dishonesty. To prove that charge, the government was required to demonstrate that Cantwell's "communication contained a threat to accuse another person of a crime or to injure the reputation of another person." *See* Court Instructions at 15, *United States v. Cantwell*, No. 1:20-cr-00006-PB (D.N.H. Sept. 28, 2020). The government satisfied that burden of proof by alleging (and then proving) that Cantwell had "knowingly transmitted" communications "containing a threat to injure the reputation of [the victim] and a threat to accuse [the victim] of a crime" by threatening to report him to the local child protective services agency and to the FBI as "an LSD user owning guns around kids." *See* Ex. A at 2–3. By Cantwell's own admission, those threats were based on lies: he made these threats knowing full well that the victim had engaged in no criminal activities. *See* Government's Objection to Defendant's Motion in Limine to Exclude Testimony of CPS Employee at 2, *United States v. Cantwell*, No. 1:20-cr-00006-PB (Sept. 16, 2020). Because a deceitful threat to wrongfully accuse his victim of a crime was central to the extortive behavior for which he was convicted, there can be no serious doubt that his extortion offense "'involved dishonesty or false statement[s].'" *Carroll*, 663 F. Supp. at 213-14 (D. Md. 1986); *see United States v. Smith*, 551 F.2d 348, 362 n. 26 (D.C. Cir. 1976) (observing that "conspiracy to [falsely] accuse another of a crime" is a crime of dishonesty); *Copeland v. Reading Police Dep't*, No. 06-

cv-4267, 2008 WL 3890006, at *6 (E.D. Pa. Aug. 21, 2008) (same, for "accusing [another] wrongfully of a crime"); *see also Altobello v. Borden Confectionary Prods, Inc.*, 872 F.2d 215, 216 (7th Cir. 1989) (observing that theft is a crime of dishonesty if the "the manner in which the witness committed the offense may have involved deceit"); *United States v. Whitman*, 665 F.2d 313, 320 (10th Cir. 1981) (same, for larceny).

**II.     Under Rule 609(a)(1), Evidence of Cantwell's Prior Extortion Convictions Are Admissible for Their Probative Value**

In the alternative, Cantwell's prior felony convictions are admissible under Rule 609(a)(1). Evidence of prior felonies must be admitted for impeachment under that rule if the felonies are less than ten years old and their admission satisfies Rule 403 balancing. *See* Fed. R. Evid. 609(a)(1). This standard imposes a "presumption of admissibility" on evidence of prior felonies, *Goff v. Baltimore County*, No.SKG-08-557, 2009 WL 10709529, at *1 (D. Md. Jan. 29, 2009), as "all felonies are at least somewhat probative of a witness's propensity to testify truthfully," *Joyner v. O'Neil*, No.10-cv-406, 2012 WL 2576355, at *4 (E.D. Va. July 3, 2012). That is, "one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Henslee v. Singleton*, 714 F. App'x 271, 272 (4th Cir. 2018) (quoting *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997)).

As an initial matter, Cantwell's prior convictions are felonies: his conviction under 18 U.S.C. § 875(b) was punishable by up to twenty years of imprisonment, and his conviction under 18 U.S.C. § 875(d) was punishable by up to two years of imprisonment. *See* 18 U.S.C. § 875. And because he was convicted in September 2020, his convictions are also less than ten years old. *See* Jury Verdict, *United States v. Cantwell*, No. 20-cr-00006-PB (D.N.H. Sept. 28, 2020). Thus, his convictions are admissible unless their "probative value is substantially outweighed by a danger

7

of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 & 609(a)(1).

Admitting evidence of Cantwell's prior felonies easily passes Rule 403 balancing. As explained above, Cantwell's convictions for extortion are probative of his character for truthfulness even apart from their status as felonies. The extortion convictions here are thus even more suitable candidates for admission than felony convictions that courts have admitted under Rule 609(a)(1) and that did not involve facts reflecting dishonesty or false statements. *See Kartman v. Markle*, No. 10-cv-106, 2015 WL 3952639, at *6 (N.D.W. Va. June 29, 2015) (first degree robbery), *United States v. Carmichael*, No. 96-4839, 1998 WL 390973, at *2 (4th Cir. 1998) (possession with intent to distribute cocaine). Moreover, unlike in *United States v. Sanders*, where the Fourth Circuit observed that prejudice would "result[] from admitting evidence of a *similar offense* under Rule 609," Cantwell's prior felonies are wholly unrelated to the instant case. *See* 964 F.2d 295, 297 (4th Cir. 1992) (emphasis added). Nor do Cantwell's prior felonies involve "highly stigmatized" sexual assault acts, *see McClenny v. Meadows*, 2020 WL 5751621, at *3-4, or violent acts that would cause the jury to improperly view his prior behavior as evidence of bad character, *Joyner*, 2012 WL 2576355, at *5—which further reduces the risk of prejudice to him.

In seeking to exclude his prior convictions on the ground that they are "not intrinsically related to the instant proceedings nor [] relevant to some material issue at stake here," *see* ECF No. 1124, Cantwell misunderstands the relevant inquiry. His prior felonies are admissible under Rule 609(a)(1) because they are powerfully probative of his credibility, and their factual irrelevance to the claims in this proceeding militates *for*—not *against*—their admission here (for purposes of impeachment) because he will not suffer unfair prejudice. Further, although Cantwell alleges that "this conduct is likely to inflame the emotions of or confuse the jury," *see id.*, that

8

boilerplate, conclusory allegation is insufficient to block the evidence's admission, *see Jones v. Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *5 (N.D. Ill. July 14, 2003) (admitting conviction under 609(a)(1) because litigant "offered only the argument that admission of the evidence could lead the jury to decide the case on the improper basis of a dislike for perceived drug users.").

### III. Cantwell Cannot Exclude Evidence of His Current Incarceration If He Raises the Fact of His Incarceration at Trial

In addition to excluding testimony and evidence concerning his prior convictions, Cantwell seeks to exclude evidence of his current incarceration. ECF No. 1161. Plaintiffs do not intend to affirmatively introduce evidence of Cantwell's current incarceration.[1] However, Cantwell has filed numerous motions and letters during the pendency of this case concerning his current incarceration and the manner in which he claims his current incarceration has negatively impacted his ability to defend himself. *See e.g.*, Pro Se Mot. to Enjoin Non-Party Entity U.S. Bureau of Prisons from obstructing Defs. Time Sensitive Communications with the Court, ECF No. 1056; Pro Se Mot. to Sanction Pls., ECF No. 939; Pro Se Letter of Status, ECF No. 664. Cantwell cannot plausibly allege that evidence of his current incarceration, if raised by Plaintiffs, would "have an unduly prejudicial effect on the Jury," ECF No. 1161, while simultaneously raising his status of incarceration during trial to bolster his own defense. The Federal Rules of Evidence are not a one-way ratchet. They "should be construed so as to administer every proceeding fairly," Fed. R. Evid. 102, and such a selective application of the evidentiary rules would be patently unfair.

Along these lines, Cantwell should be precluded from raising at trial his repeated claim that a purported "14-month delay" in receiving documents while he was incarcerated hampered in

---

[1] Plaintiffs note that Cantwell's deposition took place during his incarceration. Plaintiffs have designated portions of Cantwell's deposition testimony for trial and reserve the right to play the video recording of that deposition testimony before the jury, as permitted by the Federal Rules of Evidence and this Court's rules.

9

any way his ability to litigate this case. As the Court is well aware, Cantwell was delayed in receiving certain documents from Plaintiffs *and Defendants* due to an administrative oversight related to the fact that his email address became inoperable as a service address once he became incarcerated. ECF No. 951. The Court has previously determined that the oversight was "inadvertent" and did not prejudice Cantwell, who was served the documents months in advance of trial. *Id.* Cantwell should not be allowed to claim that Plaintiffs' oversight—or any aspect of his incarceration—has impacted his ability to litigate this case. Moreover, any such claim on Cantwell's part in front of the jury would surely open the door to evidence and questioning regarding his current incarceration.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Cantwell's Motions in *Limine* (ECF Nos. 1124 & 1161) and permit Plaintiffs to introduce evidence and testimony concerning Cantwell's two felony convictions at trial.

Date: October 12, 2021

Respectfully submitted,

*[signature]*

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

*Counsel for Plaintiffs*

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com

jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 12, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Elmer Woodard<br>5661 US Hwy 29<br>Blairs, VA 24527<br>isuecrooks@comcast.net | David L. Campbell<br>Justin Saunders Gravatt<br>Duane, Hauck, Davis & Gravatt, P.C.<br>100 West Franklin Street, Suite 100<br>Richmond, VA 23220<br>dcampbell@dhdglaw.com<br>jgravatt@dhdglaw.com |
| James E. Kolenich<br>Kolenich Law Office<br>9435 Waterstone Blvd. #140<br>Cincinnati, OH 45249<br>jek318@gmail.com | *Counsel for Defendant James A. Fields, Jr.* |
| *Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)* | |
| Bryan Jones<br>106 W. South St., Suite 211<br>Charlottesville, VA 22902<br>bryan@bjoneslegal.com | William Edward ReBrook, IV<br>The ReBrook Law Office<br>6013 Clerkenwell Court<br>Burke, VA 22015<br>edward@rebrooklaw.com |
| *Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South* | *Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach* |
| Joshua Smith<br>Smith LLC<br>807 Crane Avenue<br>Pittsburgh, PA 15216-2079<br>joshsmith2020@gmail.com | |
| *Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach* | |

13

      I hereby certify that on October 12, 2021, I also served the following non-ECF participants via mail and electronic mail:

| | |
|---|---|
| Richard Spencer<br>richardbspencer@icloud.com<br>richardbspencer@gmail.com | Christopher Cantwell<br><br>Christopher Cantwell 00991-509<br>Grady County Law Enforcement Center<br>215 N. 3rd St.<br>Chickasha, OK 73018<br><br>*And*<br><br>Christopher Cantwell 00991-509<br>USP Marion, 4500 Prison Rd.<br>P.O. Box 2000<br>Marion, IL 62959 |
| Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com<br><br>Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com<br>eli.r.kline@gmail.com | Robert "Azzmador" Ray<br>azzmador@gmail.com |

/s/ Michael L Bloch

Michael L Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

Counsel for Plaintiffs