UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, et. al.,

    Plaintiffs,

v.                                                  Civil Action No.:  3:17CV00072

JASON KESSLER, et. al.,

    Defendants.

## **DEFENDANT FIELDS' PROPOSED JURY INSTRUCTIONS**

COMES NOW JAMES ALEX FIELDS, by and through Counsel, and submits his proposed jury instructions:

1. PRELIMINARY INSTRUCTIONS
   a. Fields adopts all proposed jury instructions submitted by co-Defendant Kessler via counsel.

2. DAMAGES INSTRUCTIONS
   - **DAMAGES Model Federal Jury Instructions – Civil P77-1**

   If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because the Court is instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and the Court is instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

- **MULTIPLE CLAIMS – MULTIPLE DEFENDANTS Model Federal Jury Instructions – Civil P77-2 Modified**.

You should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claims – he or she is only entitled to be made whole again, not to recover more than he or she lost. If different injuries are attributed to the separate claims, then you must compensate him or her fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

You must be careful to impose any damages that you award on a claims solely upon the defendant or defendants who you find to be liable on that claims. Although there are multiple defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.

- **COMPENSATORY DAMAGES Model Federal Jury Instructions – Civil P77-3**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the palintiff's rights.  If you find that the defendant is liable on the claims, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole – that is to compensate him or her for the damage suffered.

You may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

- **PUNITIVE DAMAGES Model Federal Jury Instructions – Civil P77-5**

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable. An acts is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion – you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe is necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages. And you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

- **MITIGATION OF DAMAGES Model Federal Jury Instructions – Civil P77-7 Modified.**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of his or her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he or she could have avoided through such reasonable effort.  I the plaintiff unreasonably failed to take advantage of an opportunity to lessen his or her damages, you should deny recovery for those damages which he or she would have avoided had he or she taken advantage of the opportunity.

                                                    Respectfully submitted,

                                                    JAMES ALEX FIELDS, JR.

                                                    By Counsel

                                                    _____/S/_____
                                                    David L. Campbell, Esquire (VSB #75960)
                                                    DUANE, HAUCK, GRAVATT & CAMPBELL
                                                    100 West Franklin Street
                                                    Richmond, Virginia 23220
                                                    Telephone: 804-644-7400
                                                    Facsimile: 804-303-8911
                                                    dcampbell@dhdglaw.com
                                                    *Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

      I hereby certify that on __12__ th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to all ECF participants and that parties requiring service by other means were served as follows:

Christopher Cantwell
Christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline
Eli.f.mosley@gmail.com

Vanguard America c/o Dillon Hopper
Dillon_hopper@protonmail.com

Matthew Heimbach
Matthew.w.heimbach@gmail.com


                                                   _____/S/_____
                                              David L. Campbell, Esquire (VSB #75960)
                                              Duane, Hauck, Gravatt & Campbell
                                              100 West Franklin Street
                                              Richmond, Virginia 23220
                                              Telephone: 804-644-7400
                                              Facsimile: 804-303-8911
                                              dcampbell@dhdglaw.com
                                              *Counsel for Defendant James A. Fields, Jr.*