IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, ET AL.,

  Plaintiffs,

v.

JASON KESSLER, ET AL.,

  Defendants.

Civil Action No. 3:17-cv-00072

**DEFENDANTS LEAGUE OF THE SOUTH, MICHAEL HILL, AND MICHAEL TUBBS' PROPOSED JURY INSTRUCTIONS**

  Defendants adopt the proposed instructions of Defendants Fields and Kessler in addition to the following proposed instructions:

Instruction No. _____

  The plaintiffs claim that the defendants entered into a conspiracy to commit racial violence. The law that plaintiffs have charged the defendants with violating is 42 U.S.C. § 1985(3).

  In order to prove their claim that the defendants conspired to commit racial violence, the plaintiffs must prove, by a preponderance or greater weight of the evidence, each of the following elements:

1. that each of the defendants entered into a conspiracy,

2. that each of the defendants were motivated by a specific class-based, invidiously discriminatory animus to

3. deprive the plaintiffs of the equal enjoyment of rights secured by the law to all,

4. and which conspiracy resulted in injury to the plaintiffs as

5. a consequence of an overt act committed by a defendant in connection with the conspiracy.

Authority:
Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995).

Instruction No. _____

A conspiracy is an agreement between two or more people. To prove a conspiracy, the plaintiffs must show that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences. The participants in the conspiracy must share the general conspiratorial objective.

Authority:
Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995).

Instruction No. _____

In determining whether the plaintiffs have proved the first element, namely that a conspiracy existed of which the defendants were members, you should first determine, according to the instructions I have just given you, whether the conspiracy existed. If you conclude that the conspiracy did exist, you should next determine whether each defendant was a knowing member of the conspiracy.

Your determination whether each defendant knowingly joined the conspiracy must be based solely on the actions and words of each particular defendant. You should not consider what others may have said or done. The membership of each defendant in the conspiracy must be established by evidence of its own conduct – by what it said or did.

In order to find that a defendant joined the conspiracy, you must find that it participated in the conspiracy and that it did so with knowledge of at least some of the conspiracy's unlawful purposes.

One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. It is not necessary that a defendant be fully informed as to all the details of the conspiracy or its scope in order to be a member. However, a person who has no knowledge of a conspiracy, but who happens to act in a way which furthers some object or purpose of the conspiracy, is not a member of the conspiracy.

On the other hand, knowledge of the existence of a conspiracy without participation in the conspiracy is also insufficient to make a person a member of the conspiracy.

Authority
Del Rio Distributing, Inc. v. Adolph Coors Co., 589 F.2d 176 (5th Cir. 1979), Mt. Hood Stages, Inc. v. The Greyhound Corp., 555 F.2d 687 (9th Cir. 1977), Pacific Coast Agricultural Export Ass'n v. Sunkist Growers, Inc., 526 F.2d 1196 (9th Cir. 1975).

Instruction No. _____

The fact that various persons engaged in similar conduct does not, in and of itself, establish the existence of a conspiracy. This is true even if they did so knowing that others were engaging in similar conduct.

On the other hand, where it is a fact that similar conduct was engaged in by a number of persons, with each being aware that the other is doing so, that is an important piece of evidence which you should consider, along with the other evidence in the case, in determining whether an agreement existed.

In determining whether to find an agreement, you should consider whether the different persons engaging in similar conduct did so because of their own independent judgement as to what was in their own best interest.

Authority:
Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537 (1954)

Instruction No. _____

If the plaintiffs establish that defendants entered into a conspiracy or agreement to commit unlawful, racial violence, the plaintiffs must also prove, by a preponderance of evidence, that the defendants did so because the plaintiffs belonged to or were somehow associated with a group of people, here [identify the class], that the defendants disliked or hated. This discriminatory reason does not have to be the sole basis for the defendants' dislike of the plaintiffs. As long as the dislike or hatred is not wholly political or personal, that is, as long as there is some intent to discriminate against [identify the class] as a class, the defendants can be found to have acted with sufficient discriminatory intent.

Animus against the plaintiffs based on the plaintiffs' political beliefs, is not sufficient. If you find that the defendants acted based on animus towards the plaintiffs wholly based on the plaintiffs' political beliefs, you shall find the defendants not liable.

Authority:
United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 836 (1983)

                                         Respectfully submitted,

                                         /s/  Bryan J. Jones_____
                                         Bryan J. Jones (VSB #87675)
                                         106 W. South St., Ste. 201
                                         Charlottesville, VA 22902

        (P): (434) 260-7899
        (F): (434) 381-4397
        (E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

## CERTIFICATE OF SERVICE

I certify the above was served on October 12, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley: eli.f.mosley@gmail.com & deplorabletruth@gmail.com
Matthew Heimbach: matthew.w.heimbach@gmail.com
Christopher Cantwell: christopher.cantwell@gmail.com
Vanguard America c/o Dillon Hopper: dillon_hopper@protonmail.com
Robert Azzmador Ray: azzmador@gmail.com
Richard Spencer: richardbspencer@gmail.com

        /s/  Bryan J. Jones
        Bryan J. Jones (VSB #87675)
        106 W. South St., Ste. 211
        Charlottesville, VA 22902
        (P): (434) 260-7899
        (F): (434) 381-4397
        (E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*