**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>JASON KESSLER, *et al.*,<br><br>　　　　　　Defendants. | **Civil Action No. 3: 17-cv-00072-NKM**<br><br>**JURY TRIAL REQUESTED** |

**PLAINTIFFS' MOTION TO DE-DESIGNATE CERTAIN DOCUMENTS DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL**

In the course of discovery, certain Defendants produced documents that they designated as Confidential or Highly Confidential under the Order for the Production of Documents and Exchange of Confidential Information (ECF No. 167). Such designations restrict the use of those documents and prevent them from being disclosed publicly at trial.

Plaintiffs seek to de-designate nearly all the documents they intend to use as exhibits at trial, so the documents will be accessible to the public. Doing so will minimize potential disruptions of closing the courtroom and streamline the presentation of evidence at trial. Plaintiffs have sought agreement from all Defendants, the government, Discord and other third parties to de-designate certain documents they had produced as Confidential or Highly Confidential. Plaintiffs are pleased to report that the majority of such documents have been de-designated voluntarily in this cooperative manner. There remain a number of documents designated as Confidential or Highly Confidential, however, that Plaintiffs intend to use as exhibits at trial that counsel do not believe warrant such designations, given the strong presumption of public access to judicial documents. Accordingly, Plaintiffs respectfully move the Court to order that the confidentiality

designations assigned to these documents be removed and that the documents be made available for public display during trial.

The documents Plaintiffs seek to de-designate are listed in Appendix A and summarized below. Plaintiffs also submit copies of the documents to the Court in conjunction with this Motion.

**ARGUMENT**

The right of the public to access judicial documents is fundamental to our legal system. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) ("It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings."). Trials, in particular, give rise to "a strong presumption in favor of openness." *United States v. Jacobson*, 785 F. Supp. 563, 569 (E.D. Va. 1992). "Few principles have as long a pedigree and are as well-settled as the public's right of access to court proceedings and judicial documents. With strong roots in the common law and the First Amendment, this principle is also central to the legitimacy and independence of the judiciary." *K.S. v. Ambassador Programs Inc.*, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). This is because "[p]ublic access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe*, 749 F.3d at 226 (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir.1988)).

This right of public access should "extends to all judicial documents and records." *Doe*, 749 F.3d at 265-266. Judicial documents include trial exhibits. *See Jacobson*, 785 F. Supp. at 569.

Public access should only be abrogated in "unusual circumstances," and the presumption of access can be rebutted only by showing that countervailing interests "heavily outweigh the

public interests in access." *Doe*, 749 F.3d at 265-266.  Thus, a party that seeks to restrict public access to judicial documents bears a heavy burden. *Cousins*, 858 F. Supp. 2d at 617.  To restrict access to a trial exhibit, "a court must balance several factors, including (1) whether the records are sought [by the public] for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; (ii) whether release would enhance the public's understanding of an important historical event; and (iii) whether the public has already had access to the information contained in the records." *K.S.*, 2010 WL 3565481 at *2.

The public interest in access to these documents, which pertain to an important historical event, is high, and public access serves the interests of the Court in promoting trust in the judiciary and giving effect to the First Amendment.  Indeed, many of these documents, such as videos and photographs of Unite the Right, depict information to which the public already has access.  In contrast, the interests of Defendants who designated these documents as Confidential or Highly Confidential is minimal.   The documents Plaintiffs seek to de-designate do not contain sensitive information, and the interests of Defendants in keeping them confidential does not heavily outweigh the public interest in access.

Given the large volume of discovery in this matter, and to avoid unnecessary motion practice, Plaintiffs are not seeking to de-designate all Confidential or Highly Confidential documents produced in discovery; they only move the Court at this time to de-designate such exhibits that Plaintiffs intend to use at trial.[1]  Plaintiffs have already obtained consent to de-

---

[1] To the extent Plaintiffs may use Confidential or Highly Confidential documents at trial that are not presently on their exhibit list (such as those needed for impeachment), Plaintiffs will seek consent from the producing party to de-designate such documents.  Plaintiffs respectfully request that only if Plaintiffs are unable secure such consent, they be able to petition the Court at that time for an order de-designating the document in question so as to avoid the major disruption of closing the courtroom.

designate the vast majority of documents on their exhibit list from Defendants, third parties and government agencies. The documents listed in Appendix A and summarized below represent the remaining documents still designated as Confidential or Highly Confidential for which consent has not been obtained.[2] Plaintiffs respectfully ask this Court to de-designate these documents, copies of which have been lodged with the Court, for use at trial:

1. Fourteen documents designated by Robert "Azzmador" Ray, including an article from a public website, emails and text messages concerning Unite the Right, emails from Discord support, and written discovery documents;

2. Two written discovery documents designated by Jeffrey Schoep and the National Socialist Movement;

3. Two written discovery documents designated by Defendant Vanguard America; and

4. Thirty-one documents designated by Defendant Christopher Cantwell, including emails and text messages concerning Unite the Right, videos and audio Cantwell recorded, and written discovery documents.

## CONCLUSION

For the reasons set forth above, Plaintiff's respectfully request that the Court de-designate the documents identified herein.

---

[2] As of the date of this filing, Plaintiffs received consent to de-designate certain documents from counsel for Defendants Kessler, Damigo, Identity Evropa, Hill, Tubbs, League of the South, Heimbach, Parrott, Traditionalist Worker Party, and *pro se* Defendant Spencer. Plaintiffs did not receive a response from Defendants Schoep, National Socialist Movement, or Ray. Dillon Hopper, on behalf of Vanguard America, refused consent. Plaintiffs were able to reach Defendant Cantwell, who indicated he would be willing to provide consent to de-designate the vast majority of documents on Plaintiffs' exhibit list, but was unable to confirm due to logistical concerns. Plaintiffs are hopeful they will be able to reach an agreement on de-designation with Mr. Cantwell. Plaintiffs will inform the Court promptly if they receive consent.

Dated: October 12, 2021

Respectfully submitted,

/s/ David E. Mills
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Tel: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Giovanni J Sanchez (*pro hac vice*)
Agbeko C. Petty (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com
alawyer@paulweiss.com
gsanchez@paulweiss.com
apetty@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on October 12, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

   I hereby certify that on October 12, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f mosley@gmail.com
deplorabletruth@gmail.com
eli.r kline@gmail.com

7

I hereby certify that on October 12, 2021, I also served the foregoing upon following *pro se* defendant, via U.S. mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

and

Christopher Cantwell
Christopher Cantwell - Inmate: 00991-509
Grady County Law Enforcement Center (Oklahoma)
215 N. 3rd Street
Chickasha, OK 73018

    */s/ David E. Mills*
    David E. Mills (*pro hac vice*)