UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUNIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' OPPOSITION TO DEFENDANT CANTWELL'S MOTION IN LIMINE TO INTRODUCE STATEMENTS AGAINST INTEREST OF UNAVAILABLE WITNESS EMILY GORCENSKI PURSUANT TO FED. R. EVID. 804(b)(3) AND 807**

**INTRODUCTION**

Defendant Christopher Cantwell seeks to introduce dozens of documents containing thousands of hearsay statements of non-party Emily Gorcenski pursuant to Fed. R. Evid. 804(b)(3) and 807 (the "Motion") (ECF No. 1132). Cantwell concedes all the statements are hearsay but seeks their admission either as statements against interest under Rule 804 or as sufficiently trustworthy or probative under Rule 807. Gorcenski, like hundreds of others, was present in Charlottesville during Unite the Right and posted videos to a social media platform called Periscope. Neither Gorcenski nor any of her statements had anything to do with Plaintiffs or the claims in this case, however, and all of her statements should be excluded as irrelevant hearsay.

Cantwell and Gorcenski have a long and messy legal history that has no place in this lawsuit. They have tangled for years in litigation relating to their crossed paths at Unite the Right. Indeed, Cantwell pled guilty to assault and battery for using pepper spray against protesters, including Gorcenski. *See Exhibit 1*. Gorcenski testified against Cantwell in that matter. And Cantwell sued Gorcenski for malicious prosecution. *See generally Cantwell v. Gorcenski*, Case No. 3:17-cv-00089 (W.D. Va.) (dismissed Nov. 2018).

Cantwell now seeks to extend his personal feud with Gorcenski by injecting *this* case with allegations that Gorcenski (not Plaintiffs) had "involvement in violence," was "a member of the domestic terror organization Antifa," "feign[ed] victimization" and "sw[ore] falsely under oath to bring legal process against Cantwell." Mot., ¶ 4.

Cantwell's Motion is baseless. He simply presents to the Court several hours of videos narrated by a non-party that allegedly reflect her own views and conduct without any showing that the statements are relevant to any fact in issue in this case. Cantwell also fails to meet the threshold requirement under Rules 804 and 807 that the proponent of the evidence identify specific statements by specific declarants that he seeks to introduce, so the Court can make admissibility determinations. It is not incumbent upon Plaintiffs (or the Court) to comb through thousands of statements to ascertain which ones Cantwell believes are admissible hearsay and why.

The fact is, all the Gorcenski statements constitute irrelevant hearsay that would distract and confuse the jury. None satisfy the high standard for statements against interest under Rule 804, and they are neither trustworthy nor more probative than any other evidence for which they are offered given their probative value (none) under Rule 807. The Court should deny the Motion.

## ARGUMENT

### I. THE GORCENSKI STATEMENTS CONSTITUTE INADMISSIBLE HEARSAY.

#### A. Legal Standards

**Authentication and Relevance.** Authenticity is a requirement of admissibility. *U.S. v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018). Rule 901 requires that prior to admission, the proponent of evidence make a showing that "a piece of evidence is in fact what it purports to be." *U.S. v. Cortez*, No. 1:16-cr-128, 2017 U.S. Dist. LEXIS 30555, at *13-14 (E.D. Va. Feb. 27, 2017); *see also* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.") "[E]vidence may be authenticated by (1) testimony from a witness with personal knowledge, (2) permitting an expert or the jury to compare an authenticated specimen with the proffered evidence, and (3) circumstantial evidence based on the 'appearance, contents, substance … or other distinctive characteristics of the item, taken together with all the circumstances.'" *Cortez*, 2017 U.S. Dis. LEXIS 30555, at *14-15 (citing Fed. R. Evid. 901(b)).

**Hearsay Exception – Rule 804**. Rule 804(b)(3)(A) provides that hearsay can be admissible if "a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it . . . had so great a tendency to . . . expose the declarant to civil or criminal liability[.]" A party seeking to satisfy this exception to the hearsay rule has a "formidable burden." *Smith v. Lusk*, No. 3:10-0781, No. 3:10-0781, 2012 WL 1806817, at *1 (S.D. W.Va. May 17, 2012) (quoting *U.S. v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995)). To be admissible, the statement "must be almost a direct, outright statement that the person was legally at fault." *U.S. v. Martino,* 648 F.2d 367, 391 (5th Cir. 1981). It "must have 'so great' a tendency to subject the declarant to penal liability – not just *any* tendency to support

3

penal liability." *Smith*, 2012 WL 1806817, at *2 (emphasis in original) (citation omitted). And it must subject the declarant to a "real and tangible threat of criminal prosecution." *Id.* at *3. [1]

The high burden under Rule 804 is not satisfied if the statement "possibly could" or "might" lead to criminal or civil liability. *Id.* at *2. Nor is a statement admissible if it "merely subjects the declarant to a criminal reputation, or to a remote possibility of prosecution." *Id.* at *3; *U.S. v. Funt*, 896 F.2d 1288, 1298 (11th Cir. 1990) (holding statement inadmissible where declarant did not expect it to be used against him, even where statement was "somewhat facially inculpatory"). "Hypothetical, attenuated, or improbable bases for criminal liability are not grounds for admission[.]" *Smith*, 2012 WL 1806817 at *3 (collecting cases). Statements that are only "tangentially related to the required elements of the crime," for example, do not satisfy the exception and are inadmissible. *Id.* at *4.

The context of the statement is critical because "the declarant must be aware at the time of making the statement that it is against his interest." *State of W. Va. ex rel. McGraw v. Meadow Gold Dairies, Inc.*, 875 F. Supp. 340, 347 (W.D. Va. 1994); *Smith*, 2012 WL 1806817 at *2 ("The extent to which a statement must expose a declarant to criminal liability in order to qualify for admission under Rule 804(b)(3) is context-specific.").

**Hearsay Exception – Rule 807**. Hearsay may also be admitted if: (1) it is "supported by sufficient guarantees of trustworthiness – after considering the totality of circumstances under

---

[1] While many cases speak in terms of requiring a threat of criminal prosecution, the same analysis applies where a thread of civil liability is raised. *See State of W. Va. ex rel. v. Meadow Gold Dairies*, 875 F. Supp. 340, 347-48 (W.D. Va. 1994) (The testimony of a witness in a criminal antitrust trial under a grant of use immunity was not against his civil interest because the testimony was actually in his interest, and at the time it was "highly unlikely that he was aware, or if aware, that he cared, that a theoretical possibility of a civil lawsuit existed."); *In re Indus. Silicon Antitrust Litig.*, 1998 U.S. Dist. LEXIS 20459 (W.D. Pa. Oct. 13, 1998) (excluding grand jury testimony as testimony against interest because while civil liability did exist in theory, likelihood of civil suit against witnesses was remote and circumstances did not show declarants were aware at the time of testifying that the statements could have been against their interest).

which it was made and evidence, if any, corroborating the statement," and (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). This is a "narrow exception" to the hearsay rule "that should not be construed broadly," because to construe it broadly "would easily cause the exception to swallow the rule." *U.S. v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998).

To satisfy Rule 807, the proponent of the evidence must make a "particularized showing of trustworthiness." *U.S. v. Clarke*, 2 F.3d 81, 84 (4th Cir. 1993) (applying prior version of Rule 807).[2] This is a high burden, and courts have held that it is not satisfied merely because, for example, the statement is a sworn affidavit, was made in a prior court proceeding, or was testified to by several well-respected public figures. *U.S. v. Brothers Contr. of Ohio*, 219 F.3d 300, 310 (4th Cir. 2000) (noting courts have "rejected the idea that grand jury testimony is sufficiently reliable per se"); *U.S. v. McCall*, 740 F.2d 1331, 1342 (4th Cir. 1984) (rejecting admissibility because "a non-judicial affidavit is accompanied by no symbol or procedure protective of the truth-finding process"); *U.S. v. Mandel*, 591 F.2d 1347 (4th Cir. 1979) (holding consistent testimony by multiple senators as to hearsay was not sufficiently reliable).

    **B.**    **The Documents Cantwell Seeks to Admit Constitute Irrelevant Hearsay. Video Recordings of Gorcenski and/or Unite the Right (*See* Mot. ¶ 3(c), (d), (i), (m), (q)).**

Cantwell seeks to admit 180 minutes of statements purportedly recorded on video by Gorcenski and others. Many of the videos appear to have been recorded on August 11, 2017, and show portions of Defendants' torchlit march, including people being attacked by white supremacists. The audio portions contain hundreds, and perhaps thousands, of statements – some

---

[2] Prior to 1997, Courts interpreted this hearsay exception under Rule 804(b)(5). In 1997, Rule 804(b)(5) was consolidated with the other residual hearsay exception, Rule 803(24), in Federal Rule of Evidence 807. The text was not altered in any material way because "[n]o change in meaning [wa]s intended." Fed. R. Evid. 807 advisory committee's note.

5

by Gorcenski and some by others (and some in which Gorcenski is discussing statements made by others, *i.e.*, double or triple hearsay) – but Cantwell fails to identify for the Court a single statement that he claims satisfies the high standards for a hearsay exception under either Rules 804 or Rule 807.

Cantwell's shotgun approach and failure to make a particularized showing of the declarants and the statements he wishes to admit is alone a sufficient basis to deny the Motion.  *U.S. v. Wrenn*, 170 F. Supp. 2d 604, 606 (E.D. Va. 2001) (where government made no effort to identify the declarant, testimony could not be admitted as a statement against interest); *Virgil v. City of Newport*, No. 16-224-DLB-EBA, 2021 WL 2593619, at *11 (E.D. Ky. Jun. 24, 2021) ("Plaintiff does not identify which of Womack's sworn statements would be admissible under Rule 804 . . . This is inadequate to meet Plaintiff's burden as the proponent of the evidence to show that it is admissible."); *see also U.S. v. Burks*, 36 M.J. 447, 451n.2 (C.M.A. 1993) ("we are at a loss to understand how it may logically be concluded that the *anonymous* writer of a self-incriminating letter has made any statement that is truly against the writer's penal interests." (emphasis in original)).

Even if the Court were to consider the three hours of videos Cantwell has submitted (which it need not and should not do), the Gorcenski statements are plainly irrelevant.  The videos seem to show, for example, Gorcenski speaking into the camera, holding forth on a variety of topics irrelevant to this case, like Thomas Jefferson as a slave owner, whether Gorcenski agrees with the First Amendment, and whether she thinks "Charlottesville drivers are terrible."  One video shows her calling portable toilets "fascist toilets."  None of these statements is relevant to this case, and none even colorably satisfies the high standards for statements against civil or criminal interest or statements so inherently trustworthy and probative as to be admissible hearsay.

6

**Screenshots from Twitter (*See* Mot., ¶¶ 3(a), (e), and (h))**.  Cantwell asks the Court to admit 67 pages containing hundreds of messages on Twitter.  As an initial matter, Cantwell fails to authenticate any of these alleged posts by establishing they are, in fact, posts from Gorcenski's account.  *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  Indeed, dozens of the posts appear to be from Twitter accounts other than Gorcenski's account.  *See e.g., Exhibit 2*, p. 33 (tweet from @michelle_sham: "As a republican in college, I am genuinely afraid to speak about my conservative views in fear of being stereotyped or labeled negatively"); *id.* at 35 (tweet from @Jalane_Schmidt: "Watch out, bc @ChipotleTweets you're also at risk for salmonella and E. coli").

The alleged posts are also entirely irrelevant to this case.  These, for example:

- "Waiting a whole generation for a single tiny step forward that takes immense resourcing to achieve . . to have it undone by the next POTUS"; *Id*. at 12.

- "I lived with gender dysphoria, which is not a mental illness but causes many, secretly for 31 years.  I wouldn't have more it 3 more"; *Id*. at 26.

- "Guns don't make us safe"; *Id.* at 30.

- "To die for a just cause is noble and powerful.  To live for one, to keep yourself alive to keep fighting, maybe moreso." *Id*. at 23

- "As a transgender woman, I am genuinely afraid of Republicans murdering me if I stop for gas in the wrong part of Virginia"; *Id*. at 33.

- "me: *wakes up to see that cis people are legislating the conditions upon which it is morally righteous to murder trans women* fuck this"; *Id.*, at 51.

- "I'm having extremely difficult feelings of being torn between sticking it out with the people I love and fighting for it, or leaving"; *Id.* at 4.

- "In my mentions I've been accused of being both a communist and a liberal.  I'm neither, but its hilarious that the right can't distinguish." *Id*. at 6.

Other messages, apparently from Twitter accounts other than Gorcenski's, include these irrelevant posts:

- "anyone who donated to buy elon musk a new couch is legally obligated to support my Patreon"; *Id*. at 9.

- "The American obsession with the gun is connected to its history as a major tool of white supremacy and the spread of European colonialism"; *Id*. at 42.

- "just so we're clear, a MAGA hat is the klan hood of the 21st century". *Id*.

Cantwell fails to identify for the Court *any* specific posts he believes are statements against interest or fall within the residual hearsay exception. In fact, even for posts that seem to mention a Defendant or Charlottesville (none mention any Plaintiff), there is no apparent relevance or basis to admit under Rules 804 or 807, and Cantwell offers no argument:

- "Groups like Vanguard are actually organized groups and actually committed a terror attack where someone died." *Id*., at 13.

- "Kurt is calling Spencer gay as an insult." *Id*. at 8.

- "Milo once mocked me in front of his million fans because I was upset as I watched hundreds of Nazis march with torches, intent on violence, towards some 30ish students." *Id*. at 9.

- "No one said everyone must punch Richard Spencer, but rather to support the few who are willing" *Id*. at 11.

- "I'm actually here to get away from the crushing weight that Charlottesville continues to be" *Id*. at 14.

- "These documents contain an open dox of a Vanguard member who was present in Charlottesville." *Exhibit 3*.

None of these posts – or any others – come close to establishing a "great" tendency to subject the declarant (whether Gorcenski or anyone else) to a "real and tangible threat of criminal prosecution" or civil liability, and none contain indicia of reliability sufficient to admit them over the prohibition on hearsay evidence. *Supra*, p. 3.

8

**Articles from websites (*See* Mot., ¶¶ 3(k), (l), (n)).** Cantwell asks the Court to admit internet pages from a variety of alleged "Antifa websites." None of the articles on these pages, which are all anonymous and unauthenticated, contain any relevant statements or statements that might fall within a hearsay exception. Again, Cantwell does not identify any specific statements within these pages that he argues are admissible under Rules 804 or 807, and Plaintiffs' counsel has found none.

- Exhibit 55[3] purports to be an article from www.itsgoingdown.org written by an unidentified author. It reports on federal grand jury subpoenas that had been issued concerning the federal criminal case against James Fields, and laments about "the kind of America Donald Trump and his supporters" want. It is irrelevant and undisputedly hearsay, and falls within no exception to the hearsay rule. *See Wrenn*, 170 F. Supp. 2d 604; *Burks*, 36 M.J. 447.

- Exhibit 55(2) purports to be an article from www.itsgoingdown.org, and also has no identified author. It claims Mike Peinovich "encouraged his followers to bring firearms" to Charlottesville for "self-defense," includes quotes it claims were spoken by Peinovich and includes alleged quotes from social media posted by other people. The article also includes the entire content of another article allegedly written by Andrew Anglin, which in turn includes alleged quotes from others, including the Governor of Virginia. This is double and triple hearsay and plainly inadmissible. *See Wrenn*, 170 F. Supp. 2d 604; *Burks*, 36 M.J. 447.

- Exhibit 56 purports to be an article from www.itsgoingdown.org, and written by "Anonymous Contributor." It purports to contain a statement of people who oppose federal grand juries and urges people who receive federal subpoenas to "[c]ontact local community organizations" that "fight for social justice." It is irrelevant and inadmissible hearsay. *See Wrenn*, 170 F. Supp. 2d 604; *Burks*, 36 M.J. 447.

- Exhibit 56(2) appears to be an article by an unidentified author called "Unicorn Riot" about the history of community organization and truces among criminal gangs in Chicago. It includes extensive quotes that purport to be from gang members from Chicago and others. It has no relevance to this case whatsoever and falls in no hearsay exception. *See Wrenn*, 170 F. Supp. 2d 604; *Burks*, 36 M.J. 447.

- Exhibit 71 purports to be an article from www.itsgoingdown.org, written by "Anonymous Contributor." It is about a May 20, 2017 rally in Charlottesville, and claims Jason Kessler and others were at Lee Park, went to bars, and were told to leave. It is hearsay and inadmissible. *See Wrenn*, 170 F. Supp. 2d 604; *Burks*, 36 M.J. 447.

---

[3] These exhibit numbers refer to the exhibit numbers references in Cantwell's Motion.

**Gorcenski's testimony from Cantwell's state criminal case (Mot., 3(b))**. On August 23, 2017, Cantwell was arrested and charged with causing malicious bodily injury by means of any caustic substance or agent or use of any explosive or fire (Va. Code § 18.2-52) and illegal use of gas (Va. Code § 18.2-312) which was later amended to assault and battery (Va. Code § 18.2-57(A)). *See Exhibit 1* at pp. 1-2, 4. On November 9, 2017, the General District Court for the County of Albemarle held a preliminary hearing. Cantwell seeks to introduce a transcript of Gorcenski's testimony during those proceedings, which covers approximately 63 pages of the hearing transcript. Cantwell fails to explain the relevance of this testimony to this litigation, and he does not identify any specific testimony anywhere in those pages that he contends is admissible under Rules 804 or 807. Plaintiffs have not identified any relevant portions of the transcript or any portions that might fall within either of those exceptions to the hearsay rule.[4]

**Gorcenski's purported statements to law enforcement (Mot, 3(o))**. Cantwell also proffers a document that purports to be report prepared by federal investigators that summarizes an interview of Gorcenski by the FBI. According to the document, Gorcenski described Defendants' August 11 torch march, including alleged statements made to her by Cantwell. Again, Cantwell fails to explain the relevance of this double and triple hearsay to this case. Neither Cantwell's alleged statements to Gorcenski, Gorcenski's alleged statements to the FBI, nor the FBI's alleged recounting of its conversation with Gorcenski, contain facts relevant to this case.

---

[4] The testimony also is not admissible under the former testimony exception in Fed. R. Evid. 804(b)(1). That rule only allows for the admission of former testimony if it is "offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B). Plaintiffs were not involved in Cantwell's Virginia criminal trial, and that matter involved causes of action different from those involved here. *See Grochowski v. Dewitt-Rickards*, 928 F.2d 399, at *2 (4th Cir. 1991) (comparing criminal and civil trials, noting that "(1) The parties are different in a criminal proceeding from those in a civil action; (2) the objects of the two proceedings are different; (3) the results and procedures of the two trials are different; and (4) there is a lack of mutuality." (citation omitted)).

And even if they did, they would be inadmissible hearsay. Cantwell has not shown even attempted to explain why any of these statements either constitute statements against interest under Rule 804 or are so trustworthy and probative as to warrant admission under the high bar of Rule 807.

**An affidavit of Gorcenski and settlement agreement in a civil case (Mot., 3(f), (p))**.

On December 28, 2017, Cantwell filed a civil action in this Court against Gorcenski and a person named Kristopher Goad, alleging malicious prosecution, abuse of process, and false imprisonment. The case was dismissed on November 19, 2018. *Cantwell v. Gorcenski*, Case No. 3:17-cv-00089 (W.D. Va.), ECF No. 71.

Cantwell seeks to introduce in this case an affidavit that Gorcenski submitted in that civil lawsuit. The affidavit concerns the events of August 11-12, 2017, including conversations between Gorcenski and Cantwell. There are no statements in the affidavit that relate to the allegations in *this* lawsuit, so there is no showing of relevance in the Motion. The statements should be excluded for this reason alone. *See generally* Fed. R. Evid. 402; *Stalnaker v. Charleston*, 1991 U.S. App. LEXIS 10832, at *4 (4th Cir. May 29, 1991) ("only relevant evidence is admissible.")

In addition, the affidavit presents double hearsay, neither layer of which is admissible in this case: the affidavit is inadmissible hearsay, *see McCall*, 740 F.2d at 1342, and the alleged conversations are also hearsay. *See Cantrell v. Evans*, No. 2:07-cv-1440-MMM, 2010 WL 1170063, at *12 (E.D. Cal. Mar. 24, 2010) (finding double hearsay where a police officer recorded a statement a party's mother made to him, further relaying a statement made to her). Cantwell does not identify any statements in the 40-paragraph affidavit that are allegedly against Gorcenski's interest, and none that could be admissible under the residual exception to the hearsay rule.

11

Cantwell also seeks to introduce a settlement agreement, purportedly between Cantwell Gorcenski, and Goad.  The agreement is not fully executed, signed only by Cantwell, so it is not an authenticated contract.  At most it is a statement adopted Cantwell that relates to the terms of his settlement with Gorcenski and has absolutely no bearing on the allegations in this case.  Cantwell fails to show that this statement satisfies Rules 804 or 807.

**A Washington Post op-ed (Mot., 3(j)**.  Cantwell seeks to admit an August 16, 2017 opinion piece from the Washington Post.  The author expresses his opinions about white supremacists and Antifa, discusses a history of anti-fascism, and includes alleged statements by Donald Trump and others (each double hearsay).  Cantwell fails to explain the relevance of this editorial, and Plaintiffs discern none.  It plainly cannot satisfy the hearsay exceptions in Rules 804 or 807.

**A letter from an attorney to the Charlottesville Police Department (Mot., 3(g)**.  Finally, Cantwell seeks to admit a letter purportedly written by an attorney regarding the treatment by the Charlottesville Police Department of anti-racist activists.  The letter contains statements that allegedly were made to the attorney by "one activist client" as well as alleged statements of a Charlottesville Police Department officer (double hearsay).  Cantwell does not provide any basis for authentication of the letter or the hearsay statements within it, and he does not identify a single statement within this letter that he claims is a statement against interest or that could possibly satisfy the high standard of Rule 807, and none can be found.  The letter is nothing more than an attorney's advocacy for her clients.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Dated: October 12, 2021                    Respectfully submitted,

*/s/ David E. Mills*
David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

*Of Counsel:*

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Joshua A. Matz (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
KAPLAN HECKER & FINK, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
mbloch@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com
ybarkai@kaplanhecker.com

Alan Levine (*pro hac vice*)
Daniel P. Roy III (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
droy@cooley.com
aliverzani@cooley.com

J. Benjamin Rottenborn (VSB No. 84796)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, Va. 24011
Tel: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Giovanni J Sanchez (*pro hac vice*)
Agbeko C. Petty (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON
& GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
jphillips@paulweiss.com
alawyer@paulweiss.com
gsanchez@paulweiss.com
apetty@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Katherine M. Cheng (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Fax: (212) 446-2350
kcheng@bsfllp.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 12, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

  I hereby certify that on October 12, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f mosley@gmail.com
deplorabletruth@gmail.com
eli.r kline@gmail.com

      I hereby certify that on October 12, 2021, I also served the foregoing upon following *pro se* defendant, via U.S. mail, as follows:

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion
U.S. Penitentiary
P.O. Box 2000
Marion, IL 62959

and

Christopher Cantwell
Christopher Cantwell - Inmate: 00991-509
Grady County Law Enforcement Center (Oklahoma)
215 N. 3rd Street
Chickasha, OK 73018

                                                  */s/ David E. Mills*
                                                  David E. Mills (*pro hac vice*)