IN THE UNITED STAES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-00072 |
| | : | |
| Plaintiffs, | : | (Judge MOON) |
| | : | (Magistrate Judge HOPPE) |
| v. | : | |
| | : | **DEFENDANTS' RESPONSE IN** |
| JASON KESSLER ET AL. | : | **OPPOSITION TO MOTION IN** |
| | : | **LIMINE REGARDING THE** |
| Defendants. | : | **HEAPHY REPORT AND TIMOTHY** |
| | : | **HEAPHY** |
| | : | |

**I. Hearsay doctrine does not mandate exclusion of the Heaphy Report or its author**

"Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c).

Evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement. City of Huntington v. AmerisourceBergen Drug Corp., No. 3:17-01362, 2021 U.S. Dist. LEXIS 70336, at *13 (S.D. W. Va. Apr. 12, 2021); United States v. Ayala, 601 F.3d 256, 272 (4th Cir. 2010). Proving that a statement was made, whether or not the statement is true is, therefore, a possible and permissible use of the testimony of Mr. Heaphy and of his report and the report's contents.

The Heaphy Report contains numerous entries which would lend themselves to such a use at trial. See, for example, p.98 "In the week before August 12, the Virginia Fusion Center shared credible threats that members of Antifa would bring soda cans filled with cement and

1

might attack police." Admittedly, the word "credible" would have to be excised from this statement. The remainder, however, is admissible to prove the statement was made.

The relevance of the statement to the case is clear. Defendants are highly likely to testify regarding anticipated Antifa violence on August 11 or 12. Defendants will likely argue that this perceived threat explains much of their language and preparation about which the plaintiffs complain.

It would be extraordinarily prejudicial to the defense case if they are prohibited from countering the proffered expert testimony of Simi and Blee. Expert witnesses Simi and Blee are expected to testify regarding, *inter alia,* the defendants' planning of the event from a plaintiff friendly perspective. Defendants must be permitted to provide evidentiary support besides their own testimony to counter this expected expert testimony. That the statement quoted above was made, as distinct from whether it was true or accurate information, is relevant and proper evidence to show that defendants were not alone in anticipating counterprotest violence.

As explained above, parts of the Heaphy report can be used without violating the hearsay rule. Accordingly, neither the report nor Mr. Heaphy should be absolutely barred pre-trial. Rather, the plaintiffs can object as appropriate at trial.

II. **Rule 403 does not mandate exclusion**

Contrary to the plaintiffs' assertions in their motion, it is the defendants who will be prejudiced if the Heaphy Report is excluded. "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Nabaya, 765 F. App'x 895, 899 (4th Cir. 2019).

2

Nothing about the statement discussed above meets the legal definition of prejudicial. What would be prejudicial is to allow this case to go to the jury with the impression that the only evidence of an explanation for the defendants' actions, other than the plaintiffs' version, comes from the defendants' own testimony and nowhere else. Such a circumstance would be the very definition of suggesting a decision on an improper and emotional basis.

Accordingly, plaintiffs' motion *in limine* seeking to exclude the Heaphy Report and Timothy Heaphy must be overruled and plaintiffs required to make objection during trial instead.

Respectfully Submitted,

s/James E. Kolenich
James E. Kolenich
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
JEK318@gmail.com

s/Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Trial Attorneys for Jason Kessler, Nathan Damigo, and Identity Evropa*

## CERTIFICATE OF SERVICE

I certify the above was served on OCTOBER 12, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*
Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*

Elliott Kline *eli.f.mosley@gmail.com*
*deplorabletruth@gmail.com*Matthew Heimbach
*matthew.w.heimbach@gmail.com*
Richardspencer@gmail.com
 Christopher Cantwell
#00991-509
USP Marion
4500 Prison Rd.
PO Box 2000
Marion IL 62959

                Respectfully Submitted,

                s/   James E. Kolenich