**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **ELIZABETH SINES** | : | **Case No. 3:17-cv-00072** |
| Plaintiff | : | **Judge MOON**<br>**Mag. Judge Hoppe** |
| | : | |
| -v- | | |
| **JASON KESSLER et al.** | : | |
| | : | |
| Defendants | | |

_____

### PROPOSED JURY INSTRUCTIONS
_____

Now come defendants Jason Kessler, Nathan Damigo, and Identity Evropa

("Defendants") and submit their proposed preliminary and final jury instructions.

### I.     PRELIMINARY INSTRUCTIONS

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1
## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You have taken an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important, including any instructions you may hear for the first time at the conclusion of the case.

**Source: Adapted from Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition).** *see also* **1-2 Virginia Model Jury Instructions - Civil Instruction No. 2.000 (Preliminary Instructions to Jury).**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence;

3. any facts that are stipulated—that is, formally agreed to by the parties; and

4. any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.


**Source: Adapted from Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition); Third Circuit Model Jury Instructions 1.5; *see also* 1-2 Virginia Model Jury Instructions - Civil Instruction No. 2.000 (Preliminary Instructions to Jury).**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, together with any stipulations or judicially noticed facts. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source: Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition); Fed. Jury Prac. & Inst., 5th Ed. §101.49, §102.71, §103.30**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**
**CONDUCT OF THE JURY**

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

First, this means that, during the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not search the internet or any other electronic resources for information about this case or the witnesses, parties, lawyers, or others involved in it. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

Second, this means that you must not communicate about the case with anyone, including your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps (like Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat).

Note that these restrictions are about all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might be viewable by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you on an issue, and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. Please be aware of this possibility, ignore any pop-ups or ads that might be relevant to what we are doing here, and certainly do not click through to learn more if these notifications or ads appear. If this happens, you must let me know.

**Source: Judicial Conference Committee on Court Administration and Case Management: Proposed Model Jury Instructions on The Use of Electronic Technology to Learn or Communicate about a Case (June 2020 Update).**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5
### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition).**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has seen or heard the facts to which he or she testifies. It includes exhibits admitted into evidence during the trial.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Source: Fed. Jury Prac. & Inst., 5th Ed. §101.42**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**
**CREDIBILITY OF WITNESSES**

In your efforts to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness. In simple terms, you must determine how credible or believable any witness is. You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified. Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance while on the witness stand. Consider also any relation that a witness may bear to either side of the case, his or her reasons for testifying, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality he or she may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony the exhibits admitted into evidence support or contradict.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony. In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance. Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that a given individual rarely, if ever, describes the same incident twice in the same minute details.

In your daily life, you are constantly determining who is worthy of belief and who is not. In this case, employ the same tests in determining who is worthy of belief and who is not. Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that a witness has been discredited as to a part of his or her testimony, you may give the balance of his or her testimony such credence, such belief, if any, that you believe it deserves.

Proof of a fact does not necessarily depend on the number of witnesses who testify about it, or the number of exhibits introduced about it.

**Source: Fed. Jury Prac. & Inst., 5th Ed. §101.43, §105.01; Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8**
**IMPEACHMENT EVIDENCE**

Evidence that at some other time a person testifying made a statement under oath at an earlier deposition or in earlier testimony before a different body, which earlier statement is inconsistent with the witness' testimony at trial, may be considered as evidence or proof of the truth of any such earlier statement, as well as for purposes of judging the credibility of the person as a witness.

Evidence that at some other time a party in this case made a prior statement which was not under oath, which earlier statement is inconsistent with the party's testimony at trial, may be considered as evidence or proof of the truth of any such earlier statement, as well as for purposes of judging the credibility of the person as a witness.

Evidence that at some other time a witness, who is not a party in this case, made a prior statement which was not under oath, which earlier statement is inconsistent with the witness' testimony at trial, may be considered for purposes of judging the credibility of the person as a witness.

**Source: Fed. Jury Prac. & Inst., 5th Ed. §105.04; §105.09**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9
## NO TRANSCRIPT AVAILABLE/NOTES

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, you must keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

 Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source: Ninth Circuit Model Civil Jury Instructions - 1.13, 1.14 (2007 Edition).**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10
## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source: Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition).**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source Ninth Circuit Model Civil Jury Instructions – 1.18 (2007 Edition).**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12
## OPINION TESTIMONY

Some witnesses, including but not limited to expert witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of any expert witnesses, you may consider any bias that the witness may have, including any bias that may arise from evidence that the expert has been or will be paid for reviewing the case or testifies regularly and makes a large portion of his or her income from testifying in court.

**Source: Adapted from Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition); Third Circuit Model Jury Instructions, 2.11 General Instructions For Use During Trial – Opinion Testimony; see also 1-2 Virginia Model Jury Instructions - Civil Instruction No. 2.040 (Expert Witness).**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13**
**PREPONDERANCE OF THE EVIDENCE**

In this civil case, each of the Plaintiffs has the burden of proving each element of his or her claim. None of the defendants in this case have any burden under the law to prove anything. That burden rests exclusively on the plaintiffs. The plaintiffs are required by the law to present the more convincing evidence. The legal standard the plaintiffs must meet is called "preponderance of the evidence".

Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it.

A preponderance means evidence that is more probable, more persuasive or of greater probative value. It is the quality of the evidence that must be weighed. Quality is not identical with quantity or the greater number of witnesses or exhibits. The weight of the evidence as to a fact does not depend on the number of witnesses who testify about it or the number of exhibits introduced about it.

If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, then you must find that the plaintiff has not established such issue by the preponderance of the evidence.

In determining whether any fact in issue has been proved by the preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source: Adapted from Fed. Jury Prac. & Inst., 5th Ed. §104.01; Arroyo v. Milton Academy, Case No. 5:10-cv-117 (D. Vt. Feb. 1, 2012) (Reiss, J.); Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition); *Miller v. Taylor*, 877 F.2d 469 (6th Cir. 1989)**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14**
**ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIM**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**
**42 U.S.C. § 1985(3)**

The plaintiff must show an agreement or a meeting of the minds by the defendants to violate the plaintiffs constitutional rights. It is not necessary to find an express or explicit agreement.

However, the participants in the conspiracy must share in the general conspiratorial objective. Plaintiffs must prove, by a preponderance of the evidence, that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible to the plaintiffs.

Plaintiffs must prove (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

If all the plaintiffs prove is mere similar conduct, for the same or similar reasons, by the defendants than plaintiffs have failed to prove a conspiracy.

Plaintiffs must prove, by a preponderance of the evidence, that each Defendant entered into an agreement with a specific co-conspirator to engage in racially motivated and unlawful or illegal violence.

**Source: Adapted from Sines v. Kessler 324 F. Supp. 3d 765; A Soc'y Without a Name, for People without a Home, Millennium Future-Present v. Virginia, 655 F.3d 342 (4th Cir. 2011)**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14
ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIM
42 U.S.C. § 1986**

Plaintiffs must prove, by a preponderance of the evidence, that each defendant was aware of a conspiracy to commit unlawful violence, had the ability to prevent or aid in preventing the commission of the unlawful violence, but neglected or refused to do so.

**Source: Adapted from Sines v. Kessler 324 F. Supp. 3d 765**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15**
**ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIM**
**STATE LAW CONSPIRACY**


The plaintiffs must prove, by a preponderance of the evidence, that two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose, or a lawful purpose by criminal or unlawful means. However, this alone, is insufficient to find in favor of any plaintiff.

In order to recover on this claim, the plaintiffs must prove, by a preponderance of the evidence, that one or more of the plaintiffs' damages was caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means.

**Source: Adapted from Sines v. Kessler 324 F. Supp. 3d 765**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16**
**ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIM**
**RACIAL, RELIGIOUS, OR ETHNIC HARASSMENT**

The plaintiffs must prove, by a preponderance of the evidence, that they were the victims of unlawful acts of intimidation and harassment, or had unlawful violence directed at his or her person, or had vandalism directed against his or her real property perpetrated by a specific Defendant or with the agreement of a specific defendant.

**Source: Adapted from Virginia Code 8.01-42.1**

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 17**
**FREE SPEECH AND EXPRESSIVE ACTIVITY**

Under the First Amendment to the United States Constitution speech or expressive actions that communicate any idea whatsoever or legally protected.

Society may not prohibit or impede the expression of ideas even though the ideas are offensive, disagreeable, or wrong.

In public debate, Americans must tolerate insulting, and even outrageous, speech in order to provide adequate breathing space to the freedoms protected by the First Amendment.

Speech or other expressive activity remains lawful even when it is known that the expressive activity will cause those who see or hear it to riot.

**Source: Adapted from Texas v. Johnson 491 U.S. 397 (1989), Startzell v. Fisher 533 F.3d 183 (3d Cir. 2008).**

## PROPOSED PRELIMINARY JURY INSTRUCTION NO. 18
## PROXIMATE CAUSE/FORESEEABILITY

The proximate cause of an event is that *act or omission* which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces an event, and without which the event would not have occurred.

The law does not allow an injured plaintiff to recover from a defendant for every conceivably foreseeable accident, without regard to common sense or good policy.

The scope of what constitutes legal fault is inexorably reined in by what is reasonably foreseeable at the time an action is taken, because a jury is only allowed to hold a defendant to the ordinary care and skill employed given a defendant's knowledge at the time the defendant engaged in a relevant action.

I will give you an example to illustrate these legal concepts. The law does not impose a duty on manufacturers of convertible top cars to design a convertible soft top that provides rollover protection because rollovers are not an intended or reasonably foreseeable use of convertible soft tops, even though rollover accidents are undoubtedly foreseeable.

**Source: Adapted from Wagoner v. Commonwealth, 289 Va. 476, 770 S.E.2d 479 (2015), Quisenberry v. Record No. 171494 Huntington Ingalls, Inc., 296 Va. 233, 818 S.E.2d 805 (2018)**

21

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

## PROPOSED FINAL JURY INSTRUCTION NO. 19
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight of the evidence simply to reach a verdict.

Unless the plaintiffs prove, by a preponderance of the evidence, each and every element of their claims then you must vote for the defendants.

If you find that any plaintiff has failed to prove any essential element of their claim as to any defendant, by a preponderance of the evidence, then you are required to vote for that defendant as to that individual plaintiff and claim. If you view the evidence in this case as reasonably permitting either of two conclusions, one for a plaintiff and one for a defendant, then you must, of course, vote for the defendant.

**Source: Adapted from Ninth Circuit Model Civil Jury Instructions – 3.1 (2020 Edition); Devitt, Blackmar, & O'Malley, Federal Jury Practice & Instructions §12.10 (4th ed. 1990 & Supp.)**

**PROPOSED FINAL JURY INSTRUCTION NO. 20**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Ninth Circuit Model Civil Jury Instructions – 3.3 (2020 Edition)**


Defendants request that proposed <u>preliminary instructions 13 through 18</u> be given a second time as final instructions.


                                        Respectfully Submitted,

                                        s/   James E. Kolenich
                                        James E. Kolenich
                                        Kolenich Law Office
                                        9435 Waterstone Blvd. #140

Cincinnati, OH 45249
JEK318@gmail.com

s/ Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

Trial Attorneys for Jason Kessler,
Nathan Damigo, and Identity
Evropa

## CERTIFICATE OF SERVICE

I certify the above was served on OCTOBER 12, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*
Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*
Elliott Kline *eli.f.mosley@gmail.com deplorabletruth@gmail.com*
Matthew Heimbach *matthew.w.heimbach@gmail.com*
Richardspencer@gmail.com
 Christopher Cantwell
*#00991-509*
*USP Marion*
*4500 Prison Rd.*
*PO Box 2000*
*Marion IL 62959*

Respectfully Submitted,

s/   James E. Kolenich