**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

|  |  |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, <br><br>                  Plaintiffs, <br><br>     v. <br><br> JASON KESSLER, et al., <br><br>                 Defendants. | **Civil Action No. 3:17-cv-00072-NKM** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

## OVERVIEW OF THE CASE FOR VENIRE BEFORE VOIR DIRE[1]

Before we begin the process of juror selection, I wish to give you a general overview of this case so that you know what it is about and can better answer my questions.

This is a civil lawsuit brought by multiple Plaintiffs against multiple Defendants, including individuals and organizations, based on events that occurred in Charlottesville, Virginia in August of 2017.  The Plaintiffs in this case claim that the Defendants and their co-conspirators engaged in a conspiracy to commit racially motivated violence at an event the Defendants called Unite the Right, which was held in Charlottesville on August 11 and 12, 2017.  In particular, Plaintiffs allege that the Defendants helped to plan, promote, or carry out racially motivated violent acts during that event and, in doing so, caused the Plaintiffs physical, emotional, and monetary harm. Plaintiffs allege that, as part of that scheme, Defendants and their co-conspirators participated in, caused, or approved of violent and harmful conduct against Plaintiffs, including a violent torch march on August 11, and various acts of violence on August 12, including a car attack that drove through a large crowd of people, killing one woman and injuring seven of the nine Plaintiffs in this case.

If you are selected to serve as a juror in this case, you will be asked to decide whether the Plaintiffs proved that the Defendants engaged in a conspiracy to commit racially motivated violence and harmed Plaintiffs as a result.  Later, I will explain these elements of each of Plaintiffs' claims in greater detail to those of you who serve on the jury.

Now, we will begin the process of selecting a jury to hear this case.

---

[1] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## PRELIMINARY INSTRUCTIONS (BEFORE OPENING)

## PRELIMINARY INSTRUCTION # X: Parties[2]

This is a civil lawsuit. The Plaintiffs are Elizabeth Sines, Seth Wispelwey, Marissa Blair, April Muñiz, Marcus Martin, Natalie Romero, Chelsea Alvarado, Devin Willis, and Thomas Baker.  At times in these instructions and during trial, these individuals will be referred to collectively as "the Plaintiffs."  The Defendants are Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields, Jr., Vanguard America, Robert "Azzmador" Ray, Nathan Damigo, Elliott Kline a/k/a Eli Mosley, Identity Evropa, Matthew Heimbach, Matthew Parrott a/k/a David Matthew Parrott, Traditionalist Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, and National Socialist Movement.[3]  They may be referred to individually as "a defendant" or collectively as "the Defendants."

---

[2] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

[3] Plaintiffs have omitted from this list those Defendants who have defaulted.

## PRELIMINARY INSTRUCTION # X: Not All Plaintiffs in Courtroom[4]

During the proceedings, you may notice that not all Plaintiffs will be physically present in the courtroom for every day of trial.  You must not consider this fact at all during your deliberations or while evaluating the credibility of any witness.  As a necessary means to reduce the risk of spread of COVID-19, I restricted the total number of persons from the Plaintiffs' side who may be present in the Courtroom at any given time.  You must not hold that fact against them.

---

[4] *See* Orders regarding Trial Logistics. ECF Nos. 978 & 1146.

## **PRELIMINARY INSTRUCTION # X: Burden of Proof**[5]

I now wish to say a few words about the burden of proof which exists in this case.

In this civil case, Plaintiffs each have the burden of proving their claims against each Defendant by what is called a "preponderance of the evidence." This burden applies to all of Plaintiffs' claims except their claims for intentional infliction of emotional distress, which will be discussed later.  In the same vein, each Defendant has the burden to prove any affirmative defenses that they may advance by a preponderance of the evidence.  I will explain this more after you have heard all the evidence.  For now, keep in mind that if you conclude that a party who has the burden of proof on an issue establishes his or her position by a preponderance of the evidence, you must decide that issue for the party.

The term "preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proven is more probable than not.  In other words, a preponderance of the evidence means such evidence that persuades you that a fact is more likely true than not true.  In your mind, you may think of this as 51%—more likely than not.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that is applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

---

[5] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## PRELIMINARY INSTRUCTION # X: Nature of Case[6]

I will now provide you with some background information so that you know generally what this case is about.

As I explained during jury selection, Plaintiffs in this case claim that the Defendants and their co-conspirators engaged in a conspiracy to commit racially motivated violence at an event the Defendants called Unite the Right, which was held in Charlottesville on August 11 and 12, 2017.  In particular, Plaintiffs allege that the Defendants helped plan, promote, or carry out the violent events that unfolded during that event, and, in doing so, caused the Plaintiffs physical, emotional, and monetary harm.  Plaintiffs allege several of the Defendants and their co-conspirators, over the course of several months in 2017, organized and anticipated a violent event designed to bring together a unified force of white nationalism to Charlottesville to engage in racially motivated violence.  Plaintiffs allege that, as part of that scheme, Defendants and their co-conspirators participated in, caused, or approved of violent and harmful conduct against Plaintiffs, including a violent torch march on August 11, and various acts of violence on August 12, including a car attack on a large crowd of people, killing one woman and injuring seven of the nine Plaintiffs in this case.

Some of the Plaintiffs raise additional claims, including that certain Defendants subjected them to acts of intimidation, harassment, violence, and vandalism based on Plaintiffs' race, religion, or ethnicity, and that Defendant James Fields committed assault, battery, negligence *per se*, and intentional infliction of emotional distress. Defendants dispute these claims and contend that they should not be held liable for these alleged actions.

---

[6] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

**<u>PRELIMINARY INSTRUCTION # X: Course of Trial I</u>**[7]

The Plaintiffs' and the Defendants' attorneys will have the opportunity to make what is called an opening statement. Opening statements are neither evidence nor argument. An opening statement is an outline of what that party intends to prove, offered to help you follow the evidence. What the attorneys say in their opening statements is not evidence.

After each party has had an opportunity to make an opening statement, Plaintiffs will present their witnesses, and Defendants may cross-examine those witnesses. Then, Defendants will have the opportunity to call their witnesses and present their evidence. Plaintiffs may cross-examine any of Defendants' witnesses. After the parties' main case is completed, Plaintiffs may be permitted to present rebuttal evidence.

Once again, I instruct you that your duty is to consider the evidence and find what the facts are. The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the parties agree are not disputed, or such matters as I may instruct you to find.

---

[7] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

### **PRELIMINARY INSTRUCTION # X: Course of Trial II**[8]

During the trial, it may be necessary for me to confer with the parties and their lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and conveniently for you as I can, but you should remember that they are a necessary part of any trial.

My general procedure is to take one mid-morning break, a lunch break, and a mid-afternoon break. However, the trial schedule is not written in stone. If you become uncomfortable and need to take a special break, please let me or the court security officer know, and a short break will be provided. We want to make sure you are comfortable, so you can concentrate on what is being said and properly consider the evidence as it is received.

---

[8] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## PRELIMINARY INSTRUCTION # X: Evidence[9]

As I have said, the evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them now:

1. Statements, arguments, and questions by lawyers are not evidence, although the witnesses' answers to the questions of the lawyers are evidence.[10]

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

---

[9] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

[10] 4 Modern Federal Jury Instructions, Civil ¶ 74.01 (2021) ("By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.").

**PRELIMINARY INSTRUCTION # X: Direct and Circumstantial Evidence; Credibility**[11]

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

As judges of the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. This part of a jury's responsibility is referred to as determining the credibility of witnesses.

Among the factors you may properly consider in deciding whether a particular witness is "credible" (or believable) are:

1. Whether the witness has any motive or reason for being either truthful or untruthful;

2. Any interest the witness may have in the outcome of the case;

3. Whether there is any appearance or indication of bias or prejudice in the witness's testimony or conduct;

4. The extent to which other evidence supports or contradicts the testimony;

5. Whether the witness is likely to recall or have knowledge of the facts about which he or she is testifying.

---

[11] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## PRELIMINARY INSTRUCTION # X: Inferences[12]

During the trial, you may hear the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs may ask you to draw one set of inferences, while the Defendants may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

[12] 4 Modern Federal Jury Instructions – Civil ¶ 75.01, Instruction No. 75-1 (2021).

11

## PRELIMINARY INSTRUCTION # X: Conduct of Jurors[13]

Now, I have a few instructions about your conduct as jurors:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. This includes your family, friends, and those with whom you work, as well as your fellow jurors. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything relating to this case in any way. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own. That includes researching, investigating, or discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging, any Internet chat room, web site, social media, or any other means.

Fourth, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if anyone should attempt to discuss this case with you or to approach you concerning the case, you immediately should inform me through a written note, or inform one of the court security officers. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys, and persons associated with them.

If you wish, you may take notes during trial. But if you do, leave them in the jury room when you leave at night. And remember that they are for your own personal use. Be careful not to get so involved in notetaking that you become distracted and miss part of the testimony. Your notes are only to aid your memory, and if your memory later differs from your notes, rely on

---

[13] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

your memory.  Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning testimony.

## <u>PRELIMINARY INSTRUCTION # X: Use of Technology</u>[14]

I know that most of you use cell phones, the Internet, and other tools of technology. You must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. As I said, this includes your family and friends.

As I instructed you before, you may not communicate with anyone about the case through any means, including your cell phone, through e-mail, text messaging, on Snapchat, Instagram, Twitter, or through any blog or website, including Facebook, LinkedIn, or YouTube. You may not use any similar technology or social media, even if I have not specifically mentioned it here.

I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

---

[14] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## PRELIMINARY INSTRUCTION # X: Use of Depositions[15]

Depositions may be received in evidence. A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Some of the deposition testimony that you may hear will be a video recording of the deposition. Some of the deposition testimony that you may hear will be read out loud by an attorney. If the deposition testimony is read out loud, you should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

[15] *Hansberger v. L'Italia Restaurant,* LLC, No. 5:16-cf-00056-EKD-JCH (W.D. Va. 2017), ECF No. 60 (Dillon, J.).

## PRELIMINARY INSTRUCTION # X: Conspiracy

As I explained to you earlier, Plaintiffs allege that the Defendants in this case engaged in a conspiracy to commit racially motivated violence in violation of a federal law, 42 U.S.C. § 1985(3), and also in violation of Virginia law.  I will give you more detailed instructions on the legal requirements to prove these claims after the close of evidence. But before the parties begin their opening statements, I want to provide you with a few general instructions regarding the law of conspiracy to help you understand the applicable legal principles.

*First*, a conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose.[16]  It is a kind of unlawful partnership in which each member becomes the agent of every other member.[17]  While the Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only an unlawful purpose.[18]  Co-conspirators may have legal as well as unlawful objectives.[19]  A conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful.[20]

---

[16] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 61 (2020 Online Edition) (hereinafter "Ruschky"); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 17 (W.D. Va. July 17, 2017) (Moon, J.); *see also Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) ("[A] civil conspiracy under Section 1985 is a combination of two or more persons acting in concert to commit an unlawful act.").

[17] Ruschky at 61; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.).

[18] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 18 (W.D. Va. July 17, 2017) (Moon, J.).

[19] *Id.*

[20] *Id.*

Plaintiffs do not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the scheme.[21] Plaintiffs are not required to produce a written contract or even produce evidence of an express oral agreement spelling out all the details of the understanding.[22]  An informal agreement may be sufficient.  All Plaintiffs must show is that an overall unlawful objective was shared.[23]

Plaintiffs are also not required to show that all the defendants they alleged as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or alleged in this lawsuit, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the complaint.[24]

By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little evidence of such an agreement.[25]  Therefore, plaintiffs may prove a conspiracy by circumstantial evidence.[26]  Circumstantial evidence tending to prove a conspiracy may include

---

[21] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[22] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[23] 5 Modern Federal Jury Instructions – Civil ¶ 87.04, Instruction No. 87-103 (2021); *Sines*, 324 F. Supp. 3d at 783 ("It simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." (quoting *Simmons*, 47 F.3d at 1378)).

[24] *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[25] Ruschky at 61; *Burgos*, 94 F.3d at 857 ("By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement.").

[26] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.).

evidence of a Defendant's relationship with other members of the conspiracy, the length of any such association, the Defendant's attitude and conduct, and the nature of the conspiracy.[27]

*Second*, to prove a conspiracy, the Plaintiffs will have to show that at least one of the Defendants took an overt act in furtherance of the conspiracy.[28]   So what is an overt act? The term "overt act" means some type of outward objective action performed by one of the members of the conspiracy which evidences that agreement.[29]   An overt act may be an act which is entirely innocent when considered alone, but which is knowingly done in furtherance of some object or purpose of the conspiracy.[30]

*Finally*, because there are multiple defendants in this case, you will also need to consider which of the Defendants was a member of the conspiracy.   One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.[31]   If a person understands the unlawful nature of a plan or scheme and

---

[27] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 21 (W.D. Va. July 17, 2017) (Moon, J.); *Burgos*, 94 F.3d at 858 ("Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." (cleaned up)).

[28] *Waller v. Butkovich*, 584 F. Supp. 909, 931 (M.D.N.C. 1984) (holding, in a Section 1985(3) case, that plaintiff needs to only show "a single overt act by just one of the conspirators"); *accord Yates v. Hagerstown Lodge No. 212 Loyal Order of Moose*, 878 F. Supp. 788, 803 (D. Md. 1995); *see also United States v. Hale*, No. 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. 16-4, at 426 (4th Cir. Feb. 23, 2016) (instructing, in a criminal case, that "the government is not required to prove more than one overt act").

[29] *United States v. Hale*, No. 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. 16-4, at 426 (4th Cir. Feb. 23, 2016); *see also United States v. Henry*, 869 F.2d 595, 1989 WL 14355, at *2 (4th Cir. Feb. 21, 1989) ("An overt act is any act knowingly committed by one of the conspirators in an effort to effect or accomplish some object or purpose of the conspiracy.").

[30] Ruschky at 62; *United States v. Fleschner*, 98 F.3d 155, 159 (4th Cir. 1996) ("An overt act is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.").

[31] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 22 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instruction, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); Ruschky at 61 ("One may be a member of a conspiracy without knowing the full scope of the

18

knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to prove that he was a member of the conspiracy even though the person had not participated before and even though he played only a minor part.[32]

---

conspiracy, or all of its members, and without taking part in the full range of its activities over the whole period of its existence.").

[32] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *see also Sines v. Kessler*, No. 3:17-cv-00072, 2021 WL 4037502, at *25 n.8 (W.D. Va. Sep. 3, 2021) ("[A]ll that need be proven is a defendant joined the conspiracy with an understanding of the unlawful nature thereof and willfully joined in the plan on one occasion." (cleaned up)); *see also* 3B Fed. Jury Practice & Instructions § 167:50 (6th ed. 2021) ("If you find plaintiff  has proved all of the elements of a conspiracy, then you must find all those defendants whom you do find were members of the conspiracy to be liable for damages done to plaintiff  .  .  . , even if one or more of the defendants did not himself take the action.").

**PRELIMINARY INSTRUCTIONS (BEFORE PLAINTIFFS' CASE IN CHIEF)**

**PRELIMINARY INSTRUCTION # X: Adverse Inferences & Facts Deemed Established**

As discussed above, this case is a federal civil action.  In this type of case, parties are entitled to the disclosure of all relevant, non-privileged evidence the other side possesses or controls, including relevant documents and electronically stored information, such as a defendant's computer files, emails, text messages, online chats, social media accounts, and call logs.  This pre-trial process is known as "discovery."  As part of discovery, Plaintiffs are also entitled to take the deposition of each Defendant, which, as mentioned above, means to ask them questions under oath.  At a deposition, a defendant must give truthful and fulsome responses to plaintiffs' questions.

During the discovery process in this case, I found, as a matter of law, that Defendants Elliott Kline, Robert "Azzmador" Ray, Vanguard America, and Nationalist Socialist Movement repeatedly failed to comply with their discovery obligations, including by destroying, failing to preserve, or failing to provide Plaintiffs with evidence of communications, documents, and electronically stored information relevant to their case.[33]  I also found that Defendant Ray refused to appear for three properly noticed depositions.  In addition, I found that, in refusing to comply with their discovery obligations, these Defendants acted with bad faith and caused the Plaintiffs prejudice.  To level the evidentiary playing field that may have been skewed as a result of these Defendants' misconduct, I have issued appropriate sanctions against each of them.  As a result, you are instructed as to the following.

---

[33] Plaintiffs respectfully reserve the right to supplement their proposed adverse inference jury instructions should the court subsequently rule on any pending motions for sanctions and/or adverse inferences, including Plaintiffs' motions for sanctions and adverse inferences against Defendants Matthew Heimbach, ECF No. 457, and James Fields, ECF No. 1003.

First, you are instructed that you are permitted, but not required, to infer that Defendants Elliott Kline, Robert "Azzmador" Ray, Nationalist Socialism Movement, and Vanguard America intentionally withheld or destroyed documents and electronically stored information they were required to produce to Plaintiffs because they were aware that such documents and electronically stored information contained evidence that they each conspired to plan racially-motivated violence at Unite the Right.[34]

Second, you are instructed that the following facts are established as true against Defendant Elliott Kline for purposes of this case:[35]

- Defendant Kline was a member of Identity Evropa from April 2017 through at least August 2017;

- Defendant Kline was one of the leaders of Identity Evropa from April 2017 through at least August 2017;

- Defendant Kline entered into an agreement with one or more coconspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017;

- Defendant Kline entered into an agreement with one or more coconspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017;

- Defendant Kline entered into an agreement with one or more coconspirators to engage in racially motivated violence at the Unite the Right event in Charlottesville, Virginia on August 12, 2017;

- Defendant Kline was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia;

- It was reasonably foreseeable to Defendant Kline and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the torchlight event in Charlottesville, Virginia on August 11, 2017;

---

[34] *See* ECF Nos. 910, 933, 936, 982.

[35] *See* ECF No. 910.

- It was reasonably foreseeable to Defendant Kline and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the Unite the Right event in Charlottesville, Virginia on August 12, 2017;

- Defendant Kline attended the torchlight march on August 11, 2017;

- Defendant Kline attended the Unite the Right event on August 12; and

- After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Kline ratified the racially motivated violence at the event.

Third, you are instructed that the followings facts are established as true against

Defendant Robert "Azzmador" Ray for purposes of this case:[36]

- Defendant Ray was a writer for *The Daily Stormer* from at least July 2016 through at least March 2020;

- Defendant Ray entered into an agreement with one or more coconspirators to plan the Unite the Right event that took place in Charlottesville, Virginia on August 11 and 12, 2017;

- Defendant Ray entered into an agreement with one or more coconspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11, 2017;

- Defendant Ray entered into an agreement with one or more coconspirators to engage in racially motivated violence at the Unite the Right event in Charlottesville, Virginia on August 12, 2017;

- Defendant Ray was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia;

- It was reasonably foreseeable to Defendant Ray and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the torchlight event in Charlottesville, Virginia on August 11, 2017;

- It was reasonably foreseeable to Defendant Ray and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the Unite the Right event in Charlottesville, Virginia on August 12, 2017; and

- Defendant Ray attended the torchlight march on August 11, 2017;

---

[36] ECF No. 1106.

- Defendant Ray attended the Unite the Right event on August 12, 2017;

- After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Ray ratified the racially motivated violence that occurred at Unite the Right.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party.  The facts deemed established, which I just listed, are admitted only as to Defendants Elliott Kline and Robert "Azzmador" Ray, respectively.  Thus, taking those facts as true for this case against Elliott Kline and Robert "Azzmador" Ray does not relieve Plaintiffs of their burden to prove by a preponderance of the evidence the conduct committed by the other Defendants in the case.

## PRE-DELIBERATION JURY INSTRUCTIONS

### INSTRUCTION # X: General Instructions[37]

Members of the jury:

Now that you have heard all of the evidence in the case, it becomes my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision. You will follow and apply these rules of law after you have heard the final arguments of the lawyers for the parties.

It is your duty as jurors to follow the law as stated in my instructions and to apply the rules of law, so given, to the facts as you find them from the evidence in this case, and solely the evidence presented to you.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by me in these instructions, you are governed by the instructions I am about to give you. You must follow all of the rules as I explain them to you. You may not follow some and ignore others.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. You must not base your verdict on prejudice or sympathy, but on the evidence and on the rules of law I have given you.

---

[37] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## INSTRUCTION # X: Role of the Jury & Evidence[38]

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The evidence in the case includes the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Remember that statements, objections, or arguments made by the lawyers are not evidence in the case, and you may not consider any question which contained any statement of fact as evidence of that fact, unless it was agreed to by the witness. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you, but you may consider a witness's answers to a lawyer's questions as evidence.

Also, during the course of the trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should have responded to the questions of counsel. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

---

[38] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

## INSTRUCTION # X: Direct & Circumstantial Evidence[39]

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you may feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It only requires that you weigh all of the evidence in reaching your verdict.

---

[39] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

## <u>INSTRUCTION # X: Credibility</u>[40]

It is your job to decide if a party with the burden of proof on an issue has proven that issue by a preponderance of the evidence. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision you should consider:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness have any relationship with either the plaintiff or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses or other evidence in the case?

These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a

---

[40] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## INSTRUCTION # X: Impeachment[41]

The testimony of a witness may be discredited or "impeached" by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

---

[41] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

## INSTRUCTION # X: Testimony of Government Officials[42]

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the state, law enforcement officers, and ordinary civilians. The testimony of a government employee, or a law enforcement officer, is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary civilian witness.

---

[42] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

## INSTRUCTION # X: Burden of Proof[43]

As I explained to you at the beginning of the trial, unless otherwise instructed, Plaintiffs bear the burden of proving all of their claims against Defendants (except their claim for intentional infliction of emotional distress, which will be discussed later) by what is called a "preponderance of the evidence."  In the same vein, each Defendant has the burden to prove any affirmative defenses that they may advance by a preponderance of the evidence.

The term "preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proven is more probable than not. In other words, a preponderance of the evidence means such evidence that persuades you that a fact is more likely true than not true. In your mind, you may think of this as 51%—more likely than not.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that is applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If you conclude that a party who has the burden of proof on an issue establishes his or her position by a preponderance of the evidence, you must decide that issue for the party.

---

[43] *Johnson v. Holmes*, No. 3:16-cv-00016 (W.D. Va. Mar. 19, 2018), ECF No. 83 (Moon, J.).

## INSTRUCTION # X: Foreperson and Verdict Form[44]

Upon retiring to the jury room, you should first select one of your members to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. One verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

---

[44] *Wootten v. Commonwealth*, No. 6:14-cv-00013 (W.D. Va. Oct. 19, 2016), ECF No. 208 (Moon, J.).

## <u>INSTRUCTION # X: Unanimous Verdict & Jury Deliberations</u>

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each jury agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach a consensus if you can do so without violating your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberation, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times, you are not partisans.  You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION # X: Expert Opinions[45]

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, expertise, training, or education, may testify and state his or her opinion concerning such matters. During the trial, you heard from expert witnesses.

You should consider each expert opinion received in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion.

---

[45] *Scott v. Slagle*, No. 6:12-cv-00013-NKM-RSB (2013) (Moon, J.).

## **INSTRUCTION # X: Matters Stricken by Court**[46]

You must not consider any matter that was stricken by the Court. It is not evidence and should be disregarded.

---

[46] *English v. Rummel*, No. 6:17-cv-00018-NKM-RSB (2021) (Moon, J.).

## INSTRUCTION # X: Deposition Testimony[47]

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

During trial, you heard the deposition testimony of various witnesses. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it the same way as if the witness was testifying in court.

Some of the deposition testimony that you heard was a video recording of the deposition. Other deposition testimony that you heard may have been read out loud by an attorney. If the deposition testimony is read out loud, you should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

[47] Adapted from *Hansberger v. L'Italia Restaurant,* LLC, No. 5:16-cf-00056-EKD-JCH (W.D. Va. 2017), ECF No. 60 (Dillon, J.).

**INSTRUCTION # X: Invocation of the Fifth Amendment Privilege by Defendant**[48]

Any person who becomes a witness, including a party, is required to answer all proper questions unless the Court rules that the witness may decline to testify or answer. Under the United States Constitution, a person has the right to refuse to answer questions that may tend to incriminate him or her in criminal activity. You may have heard of this as someone invoking their "Fifth Amendment" privilege.

During the trial, you heard **[Insert Defendant(s)]** decline to testify or answer certain questions on the grounds of his Fifth Amendment privilege against self-incrimination. You may decide whether to infer that the withheld testimony or answer would have been unfavorable to **[Insert Defendant(s)]**.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

---

[48] Adapted from Modern Federal Jury Instructions – Civil (2010) ¶ 75.01, Instruction 75-5, and ABA Model Jury Instructions in Civil Antitrust Cases, Ch. 7(B) Instr. 1 at p. 348 (2016).

## INSTRUCTION # X: Invocation of Fifth Amendment Privilege by Non-Party Witness[49]

As I just noted, under the Fifth Amendment of the United States Constitution, a person has the right to refuse to answer questions that may tend to incriminate him in criminal activity. During this case, you may have heard testimony, including deposition testimony, from a non-party witness who refused to testify or answer questions by exercising his Fifth Amendment privilege against self-incrimination.

With respect to that witness's refusal to testify, you may, but are not required to, infer that his testimony would have been unfavorable to a Defendant associated with that witness if you find that the witness is sufficiently associated with that Defendant so as to justify the adverse inference. Whether the witness is sufficiently associated with a party to justify an adverse inference depends upon all the circumstances of the case. For example, a witness who is a past or present employee, officer or agent of a party may be, but is not necessarily, sufficiently associated with that party to justify an adverse inference. Likewise, a coconspirator may be sufficiently associated with a party to permit the drawing of an inference adverse to the party if the coconspirator refuses to testify.

If, however, you find that the witness is not sufficiently associated with the party, you are instructed that you are not to attach any significance to the that witness's refusal to testify. In other words, you should not make any assumption or speculate why the witness chose to exercise his constitutional privilege. In addition, if the witness is not sufficiently associated with either of

---

[49] Adapted from ABA Model Jury Instructions in Civil Antitrust Cases, Ch. 7(B) Instr. 2 at p. 350 (2016), and statements of law in *United States v. Mallory*, 988 F.3d 730, 740 (4th Cir. 2021) ("And a 'non-party's silence in a civil proceeding implicates Fifth Amendment concerns to an even lesser degree' than a party's invocation of the privilege.) (quoting *Libutti v. United States*, 107 F.3d 110 (2d Cir. 1997)) and *Auto-Owners Ins. Co. v. Newsome*, Civ. A. No. 4:12-cv-00447, 2013 WL 5797729, at *4 n.5 (D.S.C. Oct. 25, 2013).

the parties, you are not to infer anything adverse or unfavorable to either party in the case because the witness refused to testify.

## CLAIMS

### INSTRUCTION # X: Conspiracy To Commit Racially Motivated Violence - 42 U.S.C. § 1985(3)[50]

Plaintiffs claim that Defendants conspired to commit racially motivated violence in violation of 42 U.S.C. § 1985(3).  To prove this claim, Plaintiffs must prove:

1. *First*: The existence of a conspiracy of two or more persons;

2. *Second*: The persons involved in that conspiracy were motivated, in whole or part, by animus against Black or Jewish individuals, or motivated, in whole or part, because Plaintiffs were advocates or supporters of Black and Jewish individuals;[51]

3. *Third*: The purpose of the conspiracy was to engage in racially motivated violence;[52]

4. *Fourth*: At least one person involved in the conspiracy took an overt act in furtherance of the conspiracy;

5. *Fifth*: As a result of the conspiracy, Plaintiffs were injured.[53]

I will take these elements in turn.

---

[50] Adapted from statements of law in *Sines v. Kessler*, 324 F. Supp. 3d 765, 780 (W.D. Va. 2018) (Moon, J.) (listing five elements Plaintiffs must allege to state a Section 1985(3) claim (citing *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), and *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995))); and from 5 Modern Federal Jury Instructions – Civil ¶ 87.04, Instruction No. 87-102 (2021) (pattern jury instructions for 42 U.S.C. § 1985(3)).

[51] *Sines*, 324 F. Supp. 3d at 781 ("Plaintiffs have plausibly alleged that they were attacked because of their support of non-white racial  minorities, and so this element is satisfied as to all Defendants."); 5 Modern Federal Jury Instructions – Civil ¶ 87.04, Instruction No. 87-107 (2021) ("But if the plaintiff is an advocate for or a supporter of the class, that plaintiff, too, is sufficiently related to the class to be protected.").

[52] *Id.* at 784 ("Plaintiffs must allege each Defendant entered into an agreement with a specific co-conspirator to engage in racially motivated violence at the August 11th and 12th events.").

[53] *Id.* at 795 ("Plaintiffs must also plausibly allege they suffered injuries caused by Defendants' overt acts taken in furtherance of the conspiracy.").

## INSTRUCTION # X: 42 U.S.C. § 1985(3) – Existence of a Conspiracy

The **first** element is the existence of a conspiracy.  A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose.[54]  It is a kind of unlawful partnership in which each member becomes the agent of every other member.[55]  While the Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only an unlawful purpose.[56]  Co-conspirators may have legal as well as unlawful objectives.[57]  A conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful.[58]

Plaintiffs do not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the scheme.[59] Plaintiffs are not required to produce a written contract or even produce evidence of an express oral agreement spelling out all the details of the understanding.[60]  An informal agreement may be

---

[54] Ruschky at 61; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 17 (W.D. Va. July 17, 2017) (Moon, J.); *Poe*, 47 F.3d at 1377 ("[A] civil conspiracy under section 1985 is a combination of two or more persons acting in concert to commit an unlawful act.").

[55] Ruschky at 61; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.).

[56] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 18 (W.D. Va. July 17, 2017) (Moon, J.).

[57] *Id.*

[58] *Id.*

[59] *Id.* at 19; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[60] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

sufficient.  The conspiracy does not need a discrete identifiable organizational structure.[61]  The fact that conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy.[62]  All Plaintiffs must show is that the overall objective was shared.[63]

Plaintiffs are also not required to show that all the defendants they alleged as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or alleged in this lawsuit, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods that Plaintiffs allege.[64]

By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little evidence of such an agreement.[65]  Therefore, plaintiffs may prove a conspiracy by circumstantial evidence.[66]  Circumstantial evidence tending to prove a conspiracy may include evidence of a Defendant's relationship with other members of the conspiracy, the length of any such association, the Defendant's attitude and conduct, and the nature of the conspiracy.[67]

---

[61] Ruschky at 61; *see also Burgos*, 94 F.3d at 858 ("[I]t it is not necessary to proof [sic] of a conspiracy that it have a discrete, identifiable organizational structure." (citation omitted)).

[62] Ruschky at 61; *see also Burgos*, 94 F.3d at 858 ("Thus, while many conspiracies are executed with precision, the fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy—or any less unlawful.").

[63] 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-103 (2021); *Sines*, 324 F. Supp. 3d at 783 ("It simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." (cleaned up)).

[64] *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[65] Ruschky at 61; *Burgos*, 94 F.3d at 857 ("By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement.").

[66] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.).

[67] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 21 (W.D. Va. July 17, 2017) (Moon, J.); *see also Burgos*, 94 F.3d at 858 ("Circumstantial evidence tending to prove a conspiracy

Simply put, to find that an agreement existed between conspirators, you must be convinced, by a preponderance of the evidence, that there was a mutual understanding, either spoken or unspoken, between the conspirators to commit at least one unlawful act.[68]  If Plaintiffs establish that at least two Defendants agreed to act toward a common unlawful goal, the fact that the conspiracy was made up of persons from allegedly rival groups does not disprove the conspiracy's existence.[69]

---

may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." (cleaned up)).

[68] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.).

[69] *See Simmons*, 11 F.4th at 264 ("To the extent that [D]efendants seek to establish a legal principle that members of warring factions within an umbrella conspiracy necessarily lack the unity of interest to be conspirators in the umbrella conspiracy, we reject that principle." (quoting *United States v. Marino*, 277 F.3d 11, 25 (1st Cir. 2002)); *United States v. Delacruz*, 865 F.3d 1000, 1005 (8th Cir. 2017) ("A single conspiracy may exist despite being composed of multiple groups, even when those groups compete.").

## INSTRUCTION # X: Membership in the Conspiracy

Because there are multiple defendants in this case, you will also need to consider which of the Defendants was a member of the conspiracy.  One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.[70]  If a person understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to prove him a being a member of the conspiracy even though the person had not participated before and even though he played only a minor part.[71]

The extent of a Defendant's participation has no bearing on the issue of a Defendant's membership.  A conspirator's membership is not measured by the extent or duration of his participation.[72]  Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the

---

[70] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 22 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instruction, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); Ruschky at 61 ("One may be a member of a conspiracy without knowing the full scope of the conspiracy, or all of its members, and without taking part in the full range of its activities over the whole period of its existence.").

[71] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *see also Sines*, 2021 WL 4037502, at *25 n.8 ("[A]ll that need be proven is a defendant joined the conspiracy with an understanding of the unlawful nature thereof and willfully joined in the plan on one occasion." (cleaned up)); 3B Fed. Jury Practice & Instructions § 167:50 (6th ed. 2021) ("If you find plaintiff  has proved all of the elements of a conspiracy, then you must find all those defendants whom you do find were members of the conspiracy to be liable for damages done to plaintiff  .   .   . , even if one or more of the defendants did not himself take the action.")

[72] 1 Modern Federal Jury Instructions, Criminal ¶ 19.01, Instruction No. 19-6 (2021).

scheme.[73] An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.[74]

Moreover, once a conspiracy is established, even a slight connection between the defendant and the conspiracy could be sufficient to include him in the plan.[75]  To be clear, that does not mean that Plaintiffs' burden of proof is "slight."  Before the jury may find that a defendant, or any other person, became a member of the conspiracy, the evidence in the case must show by a preponderance of the evidence that the defendant knew the purpose or goal of the agreement or understanding of that conspiracy and then deliberately entered into the agreement, intending in some way to accomplish the goal or purpose by this common plan or joint action.[76]

In proving a Defendant's membership in the conspiracy, Plaintiffs may rely on all direct and circumstantial evidence, including the nature of the conspiracy, the Defendant's association

---

[73] *Id.*

[74] *Id.*

[75] Ruschky at 61 ("Once it has been show that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy"); *United States v. Hale*, 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. 16-4, at 423-424 (4th Cir. Feb. 23, 2016) ("Moreover, once a conspiracy is established, even a slight connection between the defendant and the conspiracy could be sufficient to include him in the plan."); *see also Hale*, 857 F.3d at 173 ("Hale also contends that the district court erred in instructing the jury on conspiracy law.  We conclude, however, that the court accurately instructed the jury that, once a conspiracy is established, even a slight connection between the defendant and the conspiracy could be sufficient to include him in the plan." (quotation marks and citation omitted)); *Cain*, 586 F. App'x at 105-106 ("Cain first contends that the district court erred in using the word 'slight' when instructing the jury on what is required to find that a defendant participated in a conspiracy. Specifically, the district court instructed the jury that '[a] defendant's connection to the conspiracy can be slight'; and 'the Defendant must have participated in some way, however, slight, with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.'  .  .  .  Based on our review, we conclude that the district court correctly stated the applicable law."); *see also Seigler*, 990 F.3d at 337 ("[U]pon establishing the conspiracy, only a slight connection need be made linking a defendant to the conspiracy to support a conspiracy conviction." (citation omitted)); *Ath*, 951 F.3d at 186; *Brown*, 811 F. App'x at 824; *Hassan*, 742 F.3d at 140; *Fields*, 571 F. App'x at 242; *Burgos*, 94 F.3d at 861; *Brooks*, 957 F.2d at 1147; *Seni*, 662 F.2d at 284 n.7.

[76] *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 33 (W.D. Va. Feb. 28, 2019) (Moon, J.).

to other members of the conspiracy, the Defendant's conduct before, during, and after the relevant events,[77] the Defendant's presence at the scene of events,[78] and any encouragement or ratification of a Defendant's acts by members of the conspiracy.[79]

---

[77] *United States v. Landersman*, 886 F.3d at 406 (noting that participation "can be shown by circumstantial evidence such as [a Defendant's] relationship with other members of the conspiracy, the length of this association, his attitude, conduct, and the nature of the conspiracy" (citation omitted)).

[78] *Burgos*, 94 F.3d at 869  ("[P]resence at the scene of criminal activity is material and probative in the totality of the circumstances in determining his participation in a conspiracy." (cleaned up)).

[79] *Good v. Hartford Acc. & Indem. Co.*, 39 F. Supp. 475, 480 (W.D.S.C. 1941) ("The law permits great latitude in the admission of circumstantial evidence tending to prove a conspiracy, and to connect those advising, encouraging, aiding, abetting and ratifying the overt acts committed for the purpose of carrying into effect the objects of the conspiracy, I must consider every fact which has a bearing on any tendency to prove the ultimate fact in issue." (citing 15 C.J.S. Conspiracy § 29)).

## <u>INSTRUCTION # X: 42 U.S.C. § 1985(3) – Racial Animus</u>

The **second** element is that Plaintiffs must prove that the Defendants were motivated by some discriminatory animus. In this case,[80] this means that Plaintiffs must prove that Defendants were motivated either by dislike or hate for Black or Jewish people, or by hatred or dislike toward persons because of their advocacy or support for Black or Jewish people.[81]  This discriminatory reason does not have to be the sole basis for the Defendant's dislike or hate of the Plaintiffs.  As long as the dislike or hatred is not wholly personal to a specific individual, that is, as long as there is some intent to discriminate against Black people, Jewish people, or their supporters, as a class, you may find that the Defendants acted with sufficient discriminatory animus.  If you find that the Defendants acted, at least in part,[82] with at least one of these types of discriminatory animus, you must find for the Plaintiffs on this element even if Defendants also possessed some other motive, such as a desire to join together for mutual protection.  That is because, as mentioned above, co-conspirators may have legal as well as unlawful objectives.[83]

---

[80] This instruction was adapted from the instructions set out in 5 Modern Federal Jury Instructions – Civil ¶ 87.04, Instruction No. 87-106 (2021), which provides:

> If the plaintiff establishes that defendant(s) entered a conspiracy or agreement to deprive him of certain rights, the plaintiff must also prove, by a preponderance of evidence, that the defendant(s) did so because the plaintiff belonged to or was somehow associated with a group of people, here [identify the class], that the defendant disliked or hated. This discriminatory reason does not have to be the sole basis for the defendant's (s') dislike of the plaintiff. As long as the dislike or hatred is not wholly personal, that is, as long as there is some intent to discriminate against [identify the class] as a class, the defendant(s) can be found to have acted with sufficient discriminatory intent.

[81] *Sines*, 324 F. Supp. 3d at 780-781 ("Plaintiffs have plausibly alleged that they were attacked because of their support of non-white racial minorities, and so this element is satisfied as to all Defendants.").

[82] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 275-276 (1993) ("[T]he 'invidiously discriminatory animus' requirement  .   .   .  requires that the defendant have taken his action ***at least in part because of***, not merely in spite of, its adverse effects upon an identifiable group." (quotation marks and citation omitted) (emphasis added)).

[83] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 18 (W.D. Va. July 17, 2017) (Moon, J.).

## INSTRUCTION # X: 42 U.S.C. § 1985(3) – Purpose of the Conspiracy

The purpose of 42 U.S.C. § 1985(3) is to deter two or more people from conspiring to deprive persons of their rights because they are members of a racial group or supporters of the rights of racial minorities.[84]  In this case, Plaintiffs allege that the Defendant interfered with their Thirteenth Amendment right to be free from racially-motivated violence.[85]  If you find that Plaintiffs have shown by a preponderance of the evidence that this right has been violated, you must find for the Plaintiffs on the third element of their claim, which requires that they prove that the purpose of the conspiracy was to deprive them of their right to be free from racially motivated violence.[86]

---

[84] 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-101 (2021) ("The main purpose of Section 1985(3) is to deter two or more people from conspiring to deprive someone of his rights because he is a member of a racial group or other similar grouping.").

[85] 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-105 (2021) ("The plaintiff alleges that the defendant interfered with his right to [identify the right alleged to have been abridged]. The defendant's right to [repeat identification] was violated if [instruct on the specific substantive right]."); *Sines*, 324 F. Supp. 3d at 782 ("The Court concludes the Thirteenth Amendment provides Plaintiffs an underlying right to be free from racial violence."). .").

[86] 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-105 (2021) ("If you find that the plaintiff has not shown by a preponderance of the evidence that this right has been violated, you must find for the defendant."); *Sines*, 324 F. Supp. 3d at 784 ("Plaintiffs must allege each Defendant entered into an agreement with a specific co-conspirator to engage in racially motivated violence at the August 11th and 12th events.").

## INSTRUCTION # X: 42 U.S.C. § 1985(3) – Overt Act

The **fourth** element is that at least one of the Defendants took an overt act in furtherance of the conspiracy.  So what is an overt act? The term "overt act" means some type of outward objective action performed by one of the members of the conspiracy which evidences that agreement.[87]  An overt act may be an act which is entirely innocent when considered alone, but which is knowingly done in furtherance of some object or purpose of the conspiracy.[88]  All Plaintiffs must prove is a single overt act by just one of the conspirators.[89]

---

[87] *United States v. Hale*, 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. 16-4, at 426 (4th Cir. Feb. 23, 2016); *see also Henry*, 1989 WL 14355, at *2 ("An overt act is any act knowingly committed by one of the conspirators in an effort to effect or accomplish some object or purpose of the conspiracy.").

[88] Ruschky at 62; *Fleschner*, 98 F.3d at 159 ("An overt act is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.").

[89] *Waller*, 584 F. Supp. at 931 (holding, in a Section 1985(3) case, that plaintiff needs to only show "a single overt act by just one of the conspirators"); *accord Yates*, 878 F. Supp. at 803; *see also Kennedy v. McDonald's Corp.*, 610 F. Supp. 203, 205 (S.D. W. Va. 1985); *cf. United States v. Cardwell*, 433 F.3d 378, 391 (4th Cir. 2005) (under the general criminal conspiracy statute, "each co-conspirator need not take an overt act in order to be convicted of conspiracy so long as one conspirator does so"); *see also United States v. Hale*, 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. 16-4, at 426 (4th Cir. Feb. 23, 2016) (instructing, in a criminal case, that "the government is not required to prove more than one overt act").

## INSTRUCTION # X: 42 U.S.C. § 1985(3) – Injuries Sustained

The **fifth** element is that the Plaintiffs must show that they suffered injuries as a consequence of the conspiracy.  Injuries in this context include physical injuries, pain and suffering, and demonstrable emotional harms, and any economic losses resulting therefrom.[90]

Plaintiffs may satisfy this element by showing that a member of the conspiracy did, or caused to be done, the acts which injured Plaintiffs.[91]  To make this showing, Plaintiffs need not identify a particular person who caused their injuries.[92]  Instead, it is sufficient if Plaintiffs offer specific evidence which shows that their injuries were proximately caused by the Defendants' overt and unlawful actions.[93]  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.[94]

---

[90] *See Hobson v. Wilson*, 737 F.2d 1, 61 (D.C. Cir. 1984) (overruled in part on other grounds by *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)) (explaining that under § 1985(3), ordinary principles of common law damages apply and plaintiffs may recover, among other things, for physical injuries, pain and suffering, and emotional distress); 42 U.S.C. § 1985(3) (providing an action to recover monetary damages for someone who is "injured in his person or property").

[91] 42 U.S.C. § 1985(3) ("[I]f one or more persons engaged [in the conspiracy] do, *or cause to be done*, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, . . . , the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators" (emphasis added)).

[92] *See Sines*, 324 F. Supp. 3d at 797.

[93] *See id.* at 804.

[94] 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-108 (2021) (instructing that a jury in a Section 1985(3) case should "receive the same general causation instructions given" in Instruction No. 87-79); 5 Modern Federal Jury Instructions–Civil ¶ 87.03, Instruction No. 87-79 ("The third element that the plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff.  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.").

In making this showing, each Plaintiff need not be able to point to an injury caused by each member of the conspiracy.[95]  Instead, the law holds conspirators liable for all the reasonably foreseeable acts of their co-conspirators.[96]  In other words, a defendant may be held liable even if he did not personally participate in the acts or plans of his co-conspirators or even if the defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the defendant.[97]  The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of the conspiracy.[98]  Therefore, all of the co-conspirators bear responsibility for acts or plans that are undertaken to further the goals of the conspiracy.[99]

Recall also that Plaintiffs are not required to show that all of the members of the alleged conspiracy were named or alleged in this lawsuit.[100]  Regardless of whether a person was named

---

[95] *Sines*, 324 F. Supp. 3d at 795 ("Each Plaintiff need not be able to point to an injury incurred from each Defendant.").

[96] *United States v. Cummings*, 937 F.2d 941, 944 (4th Cir. 1991) (conspiracy law "makes conspirators liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy").

[97] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.); *see also Simmons*, 11 F.4th at 265 ("In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.  In other words, a member of a conspiracy who commits a crime during the existence or life of the conspiracy and commits the crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy.  The illegal actions of this conspirator in committing the substantive crime may be attributed to other individuals who are at the time members of the conspiracy, so long as the commission of that substantive crime was reasonably foreseeable to those other individuals.").

[98] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.).

[99] *Id.*; *see also* 15A C.J.S. Conspiracy § 22 (2021) ("The fact of a conspiracy, if proved, makes the act of any one conspirator chargeable to all and thus allows for the imposition of joint and several liability for acts of coconspirators committed in furtherance of the common design or conspiracy.").

[100] *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

in this lawsuit, if you find by a preponderance of the evidence that he was a member of the conspiracy, then, any acts done or statements made in furtherance of the conspiracy by that person may also be considered against the Defendants.[101]

---

[101] 1 Modern Federal Jury Instructions, Criminal ¶ 19.01, Instruction No. 19-9 (2021).

### INSTRUCTION # X: Organizational Defendants – Unincorporated Associations

Some of the Defendants that Plaintiffs seek to hold liable may be organizations called "unincorporated associations."  An "unincorporated association" is a voluntary group of persons joined together by mutual consent for the purpose of promoting some stated object.[102]  Generally, unincorporated associations have the ability to prescribe the conditions or qualifications of their membership or their duties, to enlarge or reduce their membership, to enlarge or decrease the scope of their activities, and to dissolve the association.[103]  Thus, to find that one of these Defendants was an unincorporated association, you must find that it was an organized group made up of persons who became members of it voluntarily, and who were subject to certain rules or bylaws.[104]

Any Defendant who you find qualifies as an unincorporated association may be held liable for the actions of any of its leaders or members who took part and joined in the conspiracy, if that person acted with the authorization of the association and to promote the association's purpose.[105]  But an unincorporated association cannot be held liable for the acts of a member which it did not control or authorize, unless the association subsequently ratified the member's

---

[102] *See Sines*, 324 F. Supp. 3d at 805-806 (discussing the common law governing unincorporated associations)

[103] *Id.* at 806 ("Generally, associations have the abilities to prescribe the conditions or qualifications of their membership or their duties, to enlarge or reduce their membership, to enlarge or decrease the scope of their activities, [and] to dissolve the association." (quotation marks and citation omitted)).

[104] *Muniz v. Fairfax Cnty. Police Dep't*, No. 1:05-cv-466, 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005) ("An 'unincorporated association' is 'a voluntary group of persons joined together by mutual consent for the purpose of promoting some stated object and suggests an organized group made from persons who become members of the association voluntarily but subject to certain rules or bylaws.'"); *accord Yonce v. Miners Mem'l Hosp. Ass'n*, 161 F. Supp. 178, 186 (W.D. Va. 1958).

[105] *Hall v. Walters*, 85 S.E.2d 729, 732-733 (S.C. 1955) ("All of the members of the association would be liable if one of the association officers or agents, acting for and on behalf of the union in the scope of his agency, took part and joined in the conspiracy."); *see* 7 C.J.S. Associations § 75 (2021) ("[An unincorporated association] may be liable in tort for the wrongful acts of its members when acting collectively in the prosecution of the business for which it is organized.").

actions.[106]  An intention to ratify may be inferred by words, conduct or silence on the part of the association, through its officers or members, which reasonably indicates the association's desire to affirm the unauthorized actions.[107]  Ratification can only occur if the ratifier has full knowledge of the material facts surrounding the act in question.[108]

In addition, if you find an organizational Defendant liable, a Defendant who is a member of that organization may also be held liable if the Defendant personally participated in the unlawful acts or if the Defendant set proceedings in motion or agreed to a course of action which culminated in the wrongful conduct.[109]  Mere membership in an unincorporated association is insufficient, however.[110]  Rather, Plaintiffs must show that the association possessed unlawful goals and that the Defendant held a specific intent to further those unlawful aims.[111]

---

[106] 7 C.J.S. Associations § 75 (2021) ("In the absence of authorization or ratification by all of its members, an association … cannot be held to account for the intentional act of an agent which results in a trespass").

[107] *In re Uwimana*, 274 F.3d 806, 812 (4th Cir. 2001), *abrogated on other grounds*, *Bullock* v. *BankChampaign, N.A.*, 569 U.S. 267 (2013) ("An intention to ratify may be inferred by words, conduct or silence on the part of the principal that reasonably indicates its desire to affirm the unauthorized act.").

[108] *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 253 (4th Cir. 2018) (explaining that a "key element of ratification . . . is that a party 'is not bound by a ratification made without knowledge of material facts'" (quoting Restatement (Third) of Agency § 4.06 & cmt. d.)).

[109] *Feldman v. N. British & Mercantile Ins. Co.*, 137 F.2d 266, 268 (4th Cir. 1943) ("Liability of a member may exist without personal participation in the unlawful act of a voluntary association if the member sets the proceedings in motion or agrees to a course of action which culminates in wrongful conduct.").

[110] *Sweetman v. Barrows*, 161 N.E. 272, 275 (Mass. 1928) ("Mere membership in a voluntary association does not make all the members liable for acts of their associates done without their knowledge or approval, and liability is not to be inferred from mere membership."); *Johnson v. Miller*, 17 N.W. 34, 37 (Iowa 1884) ("Each member of [an unincorporated] association is liable only for the torts and wrongs he did, or aided in doing.").

[111] *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982) ("[I]t is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims.").

## INSTRUCTION # X:  Organizational Defendants – Incorporated Entities[112]

Some of the Defendants that Plaintiffs seek to hold liable may be corporations.

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

An "agent" is a person who performs services for a corporation under an express or implied agreement and who is subject to the corporation's control or right to control the manner and means of performing the services.[113]  A corporation may be liable for the acts of its agents even if the agent does not receive compensation for his services.[114]

For you to find a corporate Defendant liable, Plaintiffs must prove three elements by a preponderance of the evidence:

- *First*: That the alleged unlawful conduct was committed by an employee or agent of the corporation;

- *Second*:  That, in committing the unlawful conduct, the employee or agent was acting within the scope of his employment or within his apparent authority; and

- *Third*:  That, in committing the unlawful conduct, the employee or agent was acting on behalf of or for the benefit of the corporation.

The term "scope of employment" is defined to include all those acts falling within the employee's or agent's general line of work, when they are motivated, at least in part, by an intent to benefit the corporation.  An agent may act for his own benefit while also acting for the benefit of the corporation.

---

[112] Adapted from Ruschky at 655-56.

[113] Ninth Circuit Modern Federal Jury Instructions, ¶ 4.4; *see also ARA Leisure Servs., Inc. v. NLRB*, 782 F.2d 456, 459-60 (4th Cir. 1986) (discussing agency principles); *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 259-60 (4th Cir. 1997) (same); *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 534 (E.D. Va. 2009) (same).

[114] Restatement (Second) of Agency § 16 (1958).

When the act of an employee or agent is within the scope of his employment or within the scope of his apparent authority, the corporation is held legally responsible for it. This is true even though the actions of the employee or agent may be unlawful, and contrary to the corporation's actual instruction. A corporation may be responsible for the action of its agents done or made within the scope of their authority, even though the conduct of the agents may be contrary to the corporation's actual instruction, or contrary to the corporation's stated position.

In addition, a corporation that ratifies the acts of someone who was purporting to act as the corporation's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.[115]

---

[115] Ninth Circuit Modern Federal Jury Instructions, ¶ 4.7.

## **INSTRUCTION # X: Failure to Stop Conspiracy – 42 U.S.C. § 1986**[116]

A Defendant may be held liable under Section 1986 for failing to prevent a conspiracy to commit racially motivated violence even if he was not involved in that conspiracy. Defendants charged under Section 1986 with neglecting to intervene in a Section 1985(3) conspiracy do not have to personally share the same discriminatory animus.

To prevail on their Section 1986 claim against any given Defendant, a Plaintiff must prove the existence of a Section 1985(3) conspiracy, and prove each of the following three elements by a preponderance of the evidence:

1. *First*: That the Defendant knew about the wrongs conspired to be done in the Section 1985(3) conspiracy, even if he was not involved with the conspiracy;

2. *Second*: That the Defendant had the power to prevent or aid in preventing the wrongs committed as part of such conspiracy; and

3. *Third*: That the Defendant either neglected or refused to prevent such wrongs.

In other words, this claim does not require Plaintiffs to prove that a Defendant actually was involved in the conspiracy. It only requires Plaintiffs to prove that a Defendant *knew* of the

---

[116] Adapted from 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-111 (2021) (quotation marks omitted), which provides:

> Section 1986 provides a cause of action against anyone who has knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so. Persons may be held liable under Section 1986 for failing to prevent a civil rights conspiracy even if they were not involved in that conspiracy. In other words, defendants charged under Section 1986 with neglecting to intervene in a Section 1985 conspiracy do not have to personally share the class-based animus. Thus, you must decide, if you have determined that there has been a violation of Section 1985, that the defendant knew about the wrongs conspired to be done in this Section 1985 conspiracy, even if he or she was not involved with the conspiracy, that the defendant had the power to prevent or aid in preventing the wrongs committed as part of such conspiracy, and that defendant either neglected or refused to prevent such wrongs.

conspiracy, had the power to prevent the wrongs conspired to be done, and either neglected or refused to prevent those wrongs.[117]

---

[117] Adapted from 5 Modern Federal Jury Instructions– Civil ¶ 87.04, Instruction No. 87-111 (2021).

## <u>INSTRUCTION # X: Civil Conspiracy</u>[118]

In addition to Plaintiffs' claim that Defendants conspired to commit racially motivated violence in violation of Section 1985(3), which is a claim brought under federal law, Plaintiffs also bring a claim that Defendants violated Virginia state law by conspiring to commit a variety of unlawful and tortious actions against them.

Under Virginia law, persons who conspire together to commit one or more unlawful acts may be held liable for the injuries that result from that conspiracy. Plaintiffs allege that the Defendants conspired with one or more persons to commit one or more of the following unlawful acts:[119]

- Subjecting persons to acts of intimidation or harassment, motivated by racial, religious, or ethnic animosity in violation of Virginia Code § 8.01-42.1;

- Directing violence at another person, motivated by racial, religious, or ethnic animosity in violation of Virginia Code § 8.01-42.1;

- Directing vandalism at a person's real or personal property, motivated by racial, religious, or ethnic animosity in violation of Virginia Code § 8.01-42.1;

- Committing an unwanted touching that was neither consented to, excused, or justified (battery);

- Engaging in an overt act intended to inflict bodily harm, or intended to place the victim in fear or apprehension of bodily harm (assault); and

- Causing a reasonable apprehension that force will be used unless a person willingly submits and causing him to submit to the extent that he is denied freedom of action (false imprisonment).

Each of these alleged unlawful or tortious acts has its own specific elements that Plaintiffs must prove. For example, false imprisonment is an intentional restriction of a person's

---

[118] Adopted from Plaintiffs' proposed jury instructions in *US ex rel. Bunk v. Birkart Globistics GmbH & Co*, 2011 Jury Instr. LEXIS 655.

[119] *Tire Eng'g & Dist. v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 311 (4th Cir. 2012).

freedom of movement without legal right. A false imprisonment results from the intentional use of force, words, or acts which the person restrained is afraid to ignore or to which he reasonably believes he must submit.  It is not a legal defense to a claim of false imprisonment that one had an honest or a reasonable belief that he was acting lawfully in restricting another's freedom. Any intentional restriction of a person's freedom that is without legal right is a false imprisonment.[120]

In a short moment, I will instruct you on the elements that Plaintiffs must prove for the other unlawful or tortious acts alleged by Plaintiffs, which include assault and battery, and violations of the Virginia hate crimes statute.[121]

 Plaintiffs must prove by a preponderance of the evidence that an agreement to commit any one of these objects of the conspiracy existed.  It would be sufficient if Plaintiffs prove by a preponderance of the evidence that the conspiracy existed to commit one of those offenses.[122]

As I mentioned earlier, a conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose.[123]  It is a kind of unlawful partnership in which each member becomes the agent of every other member.[124]  While the Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only

---

[120] Va. Model Civil Jury Instructions 38.000, 38.010.

[121] *United States v. Hale*, 3:13-cr-280, (W.D.N.C.), transcript of Jury Instruction filed in *United States v. Hale*, 15-4642, Dkt. No. 16-4 at 426 (4th Cir. Feb. 23, 2016) ("I will not instruct you as to the statute and elements of those offenses at this time.  When you hear my instructions as to those charges, you will use those statutes and elements in your deliberations on Count One, that being the conspiracy.").

[122] *Id.*

[123] Ruschky at 61; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 17 (W.D. Va. July 17, 2017) (Moon, J.); *Poe*, 47 F.3d at 1377 ("[A] civil conspiracy under section 1985 is a combination of two or more persons acting in concert to commit an unlawful act.").

[124] Ruschky at 61; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.).

an unlawful purpose.[125]  Co-conspirators may have legal as well as unlawful objectives.[126]  A conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful.[127]

Plaintiffs do not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the scheme.[128] Plaintiffs are also not required to show that all the defendants they alleged as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or alleged in this lawsuit, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the complaint.[129]

Plaintiffs may prove a conspiracy by circumstantial evidence, including evidence of a Defendant's relationship with other members of the conspiracy, the length of any such association, the Defendant's attitude and conduct, and the nature of the conspiracy.[130]

---

[125] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 18 (W.D. Va. July 17, 2017) (Moon, J.).

[126] *Id.*

[127] *Id.*

[128] *Id.* at 19; *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[129] *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[130] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.).

The law holds conspirators liable for all the reasonably foreseeable acts of their co-conspirators.[131]   The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of the conspiracy.[132]   Therefore, all of the co-conspirators bear responsibility for acts or plans that are undertaken to further the goals of the conspiracy.[133]

---

[131] *Cummings*, 937 F.2d at 944 (conspiracy law "makes conspirators liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy").

[132] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.).

[133] *Id.*; *see also* 15A C.J.S. Conspiracy § 22 (2021) ("The fact of a conspiracy, if proved, makes the act of any one conspirator chargeable to all and thus allows for the imposition of joint and several liability for acts of coconspirators committed in furtherance of the common design or conspiracy.").

## <u>INSTRUCTION # X: Violation of Virginia Code § 8.01-42.1</u>

Plaintiffs Wispelwey, Muñiz, Willis, Sines, Blair, Martin, Alvarado, and Romero bring a claim against Defendants Fields, Kline, Spencer, Kessler, Ray, and Cantwell under Virginia Code § 8.01-42.1 (often referred to as the Virginia's hate crimes statute) for racial, religious or ethnic harassment, violence or vandalism.

To prove this claim, Plaintiffs must prove, by a preponderance of the evidence, that:[134]

1.   Defendants subjected them to acts of intimidation and/or harassment, violence directed at their persons, and/or vandalism directed against their property. Only one of these acts (intimidation, harassment, violence or vandalism) need be shown.

2.   Defendants' actions were motivated by racial, religious, or ethnic animosity.

An act of intimidation or harassment can include the use of slurs, threats, or other intimidation tactics.[135]  The term "violence" has its ordinary meaning, and can also include (but is not limited to), an assault and/or a battery by Defendants against Plaintiffs as previously defined.[136]  The term "vandalism" has its ordinary meaning, and includes the deliberate destruction or damage to property.

---

[134] Virginia Code § 8.01-42.1; Proposed Jury Instruction, *Southern v. Grajek*, No. 00-127 (Va. Cir. Ct. 2000).

[135] *Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1413 (4th Cir. 1992); *Sines v. Kessler*, 324 F. Supp. 3d 765, 800 (W.D. Va. 2018) (noting that courts have found the statute satisfied when defendants used racial slurs, and when defendants have apprehended or called the police on plaintiffs).

[136] *Frazier v. Cooke*, No. 4:17-CV-54, 2017 WL 5560864, at *7 (E.D. Va. Nov. 17, 2017).

## INSTRUCTION # X: Assault and Battery

Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero bring a claim for assault and battery under Virginia state law against Defendant Fields.

"Battery" means an intentional and unwanted touching of another without justification, excuse, or the consent of the other.[137]

"Assault" means any threatening act that is intended to put another person in reasonable fear of imminent physical injury. Words alone are never assault.[138] To succeed on their claim of assault and battery, Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero must prove by a preponderance of the evidence that: [139]

1. Defendant Fields engaged in an act intended to inflict bodily harm on Plaintiffs;

2. As a result of Defendant Fields's actions, Plaintiffs experienced apprehension of harmful and/or offensive bodily contact or experienced such contact; and

3. If Plaintiffs did in fact experience bodily contact, it was not consented to, justified, or excused.

Under Virginia law, it is not necessary for Plaintiffs to prove that the unwanted touching resulted in injury to their bodily persons. For the purposes of assault and battery, it is sufficient to establish that the bodily contact harmed their mind or feelings.[140]

---

[137] Va. Model Civil Jury Instructions 36.000; *see also Wotten v. Virginia*, 6:14-cv-00013-NKM-RSB (W.D. Va. Oct. 19, 2016) (Moon, J.); *Koffman v. Garnett*, 574 S.E.2d 258, 261 (2003); Va. Prac. Jury Instruction §46:1.

[138] Va. Model Civil Jury Instructions 36.010; *see also Carter v. Commonwealth*, 606 S.E.2d 839, 841 (2005); Va. Prac. Jury Instruction §46:3.

[139] *Parish v. Commonwealth*, 693 S.E.2d 315, 318-19 (2010).

[140] *Id.* at 318.

## **INSTRUCTION # X: Intentional Infliction of Emotional Distress**

Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero also bring a claim for intentional infliction of emotional distress against Defendant Fields.

As I mentioned earlier, to prove this claim, Plaintiffs must meet a different standard of proof than the "preponderance of the evidence" standard, which applies to all of Plaintiffs' other claims.  Plaintiffs must prove this claim by "clear and convincing evidence."  Clear and convincing evidence is the measure of proof that will produce in the mind of a juror a firm belief or conviction that he has proved the issue.[141] It is an intermediate standard, requiring more than a preponderance of the evidence, but not requiring the extent of such certainty as is required beyond a reasonable doubt in criminal cases.  It does not mean clear and unequivocal; it simply means that you are convinced that it is highly probable that it is true.[142]

Thus, to prove a claim for intentional infliction of emotional distress, Plaintiffs must show by clear and convincing evidence each of the following four things:[143]

1.  That the defendant had the specific purpose of inflicting emotional distress upon the plaintiff; intended specific conduct and knew, or should have known that his conduct would likely result in emotional distress;

2.  The defendant's conduct was outrageous or intolerable in that it offends generally accepted standards of decency and morality;[144]

3.  That the plaintiff suffered severe emotional distress.  Severe emotional distress is emotional distress so severe that no reasonable person could be expected to endure it;[145] and

---

[141] Va. Model Civil Jury Instructions 3.110.

[142] *Scott v. Slagle*, 6:12-cv-00013-NKM-RSB; Va. Model Civil Jury Instructions 3.110 ("When a party has the burden of proving an issue by clear and convincing evidence, he must produce evidence that creates in your minds a firm belief or conviction that he has proved the issue."); *Ruth v. Fletcher*, 237 Va. 366, 373 (1989).

[143] Va. Model Civil Jury Instructions 33.300.

[144] *Id.*

[145] *Russo v. White,* 400 S.E.2d 160, 163 (1991).

4. That the plaintiff's emotional distress was proximately caused by the defendant's conduct.

No physical injury is needed to establish a claim for emotional distress.[146]  Again, this standard of proof applies only to this claim.  In proving emotional injuries resulting from any other claim in this case, Plaintiffs need only prove those injuries by a preponderance of the evidence.

---

[146] *Womack v. Eldridge*, 215 Va. 338, 342 (1974).

### **INSTRUCTION # X: Negligence *Per Se***

Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero bring a claim for negligence *per se* against Defendant Fields. Negligence *per se* is the violation of a standard of care or duty created by a statute, such that the violation of the statute constitutes negligence itself.[147]

To establish negligence *per se*, those Plaintiffs must prove by a preponderance of the evidence that:

1) Defendant Fields violated a statute enacted for public safety;

2) Plaintiffs belong to a class of persons and suffered the type of harm the statute was designed to protect;

3) The statutory violation was the proximate cause of the injury.[148]

In this case, Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero claim that Defendant Fields violated Virginia Code 18.2-46.5, which makes it a felony to commit or conspire to commit, or to aid and abet, the commission of an act of terrorism. An "act of terrorism" is an act of violence committed within the Commonwealth of Virginia with the intent to intimidate the civilian population at large.  I have determined that this statute was enacted for public safety, and that Plaintiffs belong to a class of persons alleged to have suffered the type of harm the statute was designed to protect.  That means you need only decide whether Plaintiffs have proven that Defendant Fields violated that statute, and, if so, whether that violation was the proximate cause of their alleged injuries.

---

[147] *Schlimmer v. Poverty Hunt Club*, 597 S.E.2d 43, 46 (2004); Plaintiff's Proposed Jury Instructions, *Kuhn v. United Inv. Va.*, No.7:008CV00290, 2009 WL 5054042 (W.D. Va. Sept. 8, 2009).

[148] *Schlimmer*, 597 S.E.2d at 46 (citing *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (2000); *Virginia Elec. & Power Co. v. Savoy Constr. Co.*, 294 S.E.2d 811, 817 (1982).

To prove that Defendant Fields violated Virginia Code 18.2-46.5, Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero must show:

1) That Defendant Fields did commit or conspire to commit an act of violence in Virginia; and

2) That he committed that act with the intent to intimidate the civilian population.[149]

As I mentioned, Plaintiffs must also establish that the violation of the statute was the proximate cause of their injuries.  A proximate cause of an injury or damage is a cause that, in natural and continuous sequence, produces the injury or damage. It is a cause without which the accident, injury, or damage would not have occurred.[150] There may be more than one proximate cause of an injury. You may find that Defendant Fields's violation of Virginia Code 18.2-46.5, committing, conspiring and aiding and abetting acts of terrorism, was the proximate cause of Plaintiffs' injuries even if there were other acts or omissions that caused such injuries.[151]

---

[149] *See* Virginia Code 18.2-46.5; 18.2-46.4 (defining "an act of terrorism" as "an act of violence … that would be an act of violence if committed within the Commonwealth committed within or outside the Commonwealth with the intent to intimidate a civilian population at large").

[150] Virginia Model Civil Jury Instructions 5.000; *see also* Closing Jury Instructions at 17, *Wood v. Arnold*, No. 6:18-cv-00053 (W.D. Va. Apr. 17, 2019) (Moon, J.).

[151] Virginia Model Civil Jury Instructions 5.005.

## INSTRUCTION # X: First Amendment[152]

Certain Defendants make the claim that their activities constituted free speech and assembly protected by the First Amendment to the United States Constitution.

The First Amendment does not provide a defense to conspiracy to engage in unlawful conduct.[153]  If you find that the Defendants engaged in the violations of law I have instructed you on, including a conspiracy as alleged by Plaintiffs, you may not find that the Defendants' actions were protected by the First Amendment.[154]  The violations of law I have instructed you on are not protected by the First Amendment.  The fact that an agreement to engage in illegal conduct necessarily takes the form of words also does not confer upon it, or upon the underlying conduct, protection under the First Amendment.[155]

---

[152] Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), available at https://www.govinfo.gov/content/pkg/USCOURTS-ca4-16-04226/pdf/USCOURTS-ca4-16-04226-0.pdf; *see also Sines v. Kessler*, 324 F. Supp. 3d 765, 801-04 (W.D. Va. 2018) (Moon, J.).

[153] *Rice v. Paladin Enters., Inc.*, 128 F.3d 233, 243 (4th Cir. 1997); *United States v. Fleschner*, 98 F.3d 155, 158-59 (4th Cir. 1996); *see also United States v. Spock*, 416 F.2d 165 (1st Cir. 1969); *New York v. Ferber*, 458 U.S. 747 (1982).

[154] *Sines v. Kessler*, 324 F. Supp. 3d 765, 802 (W.D. Va. 2018) *see also United States v. Amawi*, 69 F.3d 457, 482 (6th Cir. 2012) ("Forming an agreement to engage in criminal activities-in contrast with simply talking about religious or political beliefs- is not protected speech.").

[155] *Brown v. Hartlage*, 456 U.S. 45, 55 (1982).

## INSTRUCTION # X: Self-Defense[156]

Certain Defendants have claimed that much of their conduct, including preparations they made in advance of, and actions they took during, the events in Charlottesville, Virginia on August 11 and 12, 2017, were motivated by considerations of self-defense.

As I mentioned earlier, if Plaintiffs prove that the alleged conspiracy was motivated, at least in part, by discriminatory racial animus, then it is no defense that Defendants also possessed some other motive, such as a desire to join together for mutual protection.  Thus, if you find that Plaintiffs proved by a preponderance of the evidence each element of their claim under 42 U.S.C. § 1985(3), considerations of self-defense will not defeat that claim.  But in deciding whether Plaintiffs have first proved their Section 1985(3) claim, you may consider Defendants' assertions, along with any supporting evidence from any party, that they were motivated solely by self-defense, rather than by racial animus or a desire to commit racially motivated violence.

Separately, principles of self-defense may be a relevant consideration in determining whether Defendants should be held liable for Plaintiffs' claims under Virginia state law for civil conspiracy; racial, religious or ethnic harassment, violence or vandalism; and assault and battery.

The following law governs Defendants' claim of self-defense.

Self-defense is an affirmative defense which a Defendant bears the burden to prove by the preponderance of the evidence. The law recognizes that a person who suffers, or is threatened with, an assault or battery that he did not provoke has a right to use as much force in self-defense as is reasonably necessary to protect himself.[157]  A person who is being assaulted, however, may

---

[156] Va. Model Civil Jury Instructions 36.020 and 36.060.

[157] Va. Model Civil Jury Instructions 36.020 ("A person who suffers, or is threatened with, an assault and battery that he did not provoke has a right to use as much force in self-defense to protect himself as is reasonably necessary.").

not react with reasonable force unless he has reason to believe, and does believe, that it is necessary to avoid threatened bodily injury.  A person who is being subjected to a battery may use such reasonably force as is necessary to repel the threat of bodily injury.  Force is "reasonable" only if it was no more or no greater force or means than the person in fact believed reasonably necessary, and no more or no greater force or means than that which would appear to a reasonable person, under like circumstances, to be necessary, in order to prevent bodily injury to himself.[158]

Thus, to prove self-defense, a Defendant bears the burden of proving by a preponderance of the evidence that:

(1) A Plaintiff, unprovoked, threatened the Defendant with assault or battery such that the Defendant reasonably believed that the Plaintiff was going to inflict bodily injury on him;

(2) the Defendant, in order to avoid bodily injury, used force;

(3) the amount of force the Defendant used was no greater than the amount he believed was necessary to prevent bodily injury; and

(4) the amount of force the Defendant used was no greater than the amount or means a reasonable person would have used in like circumstances in order to prevent bodily injury.[159]

A Defendant may only use the amount of force reasonably necessary to avoid the harm he believes will be inflicted upon himself.  If a Defendant reasonably believes that nondeadly force will be used against him, a Defendant may only use nondeadly force against that person in self-defense.[160]  Deadly force is only allowable as a defense when a Defendant reasonably believes deadly force will be used upon himself.

---

[158] *Davis v. Six Sixteen*, 122 F.3d 1060, at *3 (4th Cir. 1997) (per curiam).

[159] *Id.*

[160] *United States v. Black*, 692 F.2d 314, 318 (4th Cir. 1982).

72

# DAMAGES

## INSTRUCTION # X: Damages Generally[161]

If Plaintiffs have proven one or more of their claims, then you must determine the damages to which Plaintiffs are entitled.  However, you should not infer that Plaintiffs are entitled to damages merely because I am giving you these instructions.  I give you these instructions on damages merely because I am required to charge you on all phases of the case that you might have to consider.

Under the law, the purpose of damages is to award, as far as possible, just and fair compensation for the losses which resulted from Defendants' unlawful conduct.  If you find the Defendants are liable on the claims as I have explained them, then you must award Plaintiffs sufficient damages to compensate them for all injuries proximately caused by Defendants' conduct.  These damages are known as "compensatory damages."  Compensatory damages seek to make a Plaintiff whole—that is, to compensate the Plaintiff for damages he or she suffered.  In determining the compensatory damages to which Plaintiffs are entitled, you shall consider any of the following injuries that you believe Plaintiffs have proven by a preponderance of the evidence were caused by the Defendants' unlawful actions:

1) Any bodily injuries they sustained and their effect on Plaintiffs' health according to their degree and probable duration;

2) Any physical pain and suffering, mental anguish, or emotional distress they suffered in the past and any they are reasonably certain to experience in the future;

3) The reasonable value of any medical expenses incurred in the past and any that may be reasonably expected to occur in the future;

4) Any disfigurement or deformity and any associated humiliation or embarrassment;

5) Any inconvenience caused in the past and any that probably will be caused in the future;

---

[161] Va. Model Civil Jury Instructions No. 9.000-9.030 (2020); *see also* Sand et al., Modern Federal Jury Instructions-Civil 4.8 (2021) (similar instructions).

6) Any earnings that Plaintiffs lost because they were unable to work at their callings;

7) Any loss of earnings and lessening of earning capacity, or either, that Plaintiffs may reasonably be expected to sustain in the future; or

8) Any property damage Plaintiffs sustained.

Your verdict shall be for a sum that will fully and fairly compensate Plaintiffs for the damages sustained as a result of Defendants' unlawful actions.

Plaintiffs are not required to prove the exact amount of their damages, but they must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If Plaintiffs fail to do so, then they cannot recover for that item.

During the trial, some of the lawyers may have argued that the Plaintiffs should be awarded a specific figure of damages. As I have instructed you before, the arguments of counsel, including any statements about the appropriate damages award, are not evidence. You as the jury must determine the appropriate measure of damages based solely on the evidence before you.

## <u>INSTRUCTION # X: Duplicate Damages</u>[162]

If you find that Plaintiffs are entitled to damages, you must be careful not to award double or duplicate damages.  Double or duplicate damages means more than one award of money for the same loss, injury, violation, wrong or damage.  In this case, Plaintiffs are seeking damages from Defendants under a number of claims.  Where the same acts cause the same injury or loss to Plaintiffs under more than one claim, the Plaintiffs may recover only once for that injury or loss.  To recover damages under more than one of the claims, Plaintiffs must prove Defendants' liability for each of those claims and must present evidence of distinct, separate injuries or losses under those claims.

With respect to punitive damages, however, you may make separate awards on each claim that is established.

---

[162] Adapted from Sand et al., Modern Federal Jury Instructions-Civil, Instruction 87-91 (2021).

## INSTRUCTION # X: Collateral Source Rule[163]

If you find for Plaintiffs on liability, in determining the damages to which a Plaintiffs is entitled, you shall not reduce a Plaintiffs' damages award based on any evidence tending to show that he or she has received insurance benefits, employment or government benefits, or gratuities to help offset the losses he or she incurred as a result of Defendants' unlawful conduct.

---

[163] *See* Restatement (Second) of Torts § 920A cmts. b, c (1979); Bender & Co., 1 Jury Instructions on Medical Issues 11-5 (2021).

## INSTRUCTION # X: Punitive Damages[164]

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award Plaintiffs punitive damages if you find that the acts or omissions of a Defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. Plaintiffs have the burden of proving, by a preponderance of the evidence, that a Defendant acted maliciously or wantonly with regard to the Plaintiffs' rights.

If you find by a preponderance of the evidence that a Defendant acted with malicious intent to violate the Plaintiffs' federal rights or unlawfully injure him, or if you find that a Defendant acted with a callous or reckless disregard of the Plaintiffs' rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so

---

[164] Adapted from Sand et al., 5 Modern Federal Jury Instructions, Instruction No. 97-92 (2021); *see also* Virginia Model Civil Jury Instructions 9.080 (similar instructions).

extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the Defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

**Plaintiffs respectfully reserve the right to propose alternative instructions on any affirmative defense Defendants may advance in their proposed jury instructions.**

Date: October 12, 2021

Respectfully submitted,

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
*Counsel for Plaintiffs*

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
Matteo Godi (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
gsanchez@paulweiss.com
mgodi@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com
apetty@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Daniel Philip Roy, III (*pro hac vice*)
Allegra Flamm (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
Khary Anderson (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com
droy@cooley.com
aflamm@cooley.com
gseidita@cooley.com
kjanderson@cooley.com

pbowman@cooley.com
J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

I hereby certify that on October 12, 2021, I also served the following via mail and electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell

Christopher Cantwell 00991-509
Grady County Law Enforcement Center
215 N. 3rd St.
Chickasha, OK 73018

*and*

Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Michael L. Bloch (*pro hac vice*)
Kaplan Hecker & Fink LLP

Counsel for Plaintiffs