# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Defendant Christopher Cantwell, proceeding *pro se* and currently in transport from USP Marion to this District for trial, filed a motion requesting "access to the discovery and necessary legal materials at trial." Dkt. 1122. Therein, Cantwell asks the Court to "make arrangements for all of the discovery material in this matter to be made available to him along with any equipment necessary to present such exhibits to the jury." *Id.* at 1. Cantwell also states that he will "work with the Clerk and/or Plaintiffs" concerning what documents he may need and when. *See id.* at 2. In addition, Cantwell requests that the Federal Rules of Evidence and Federal Rules of Civil Procedure be made available at Defendants' table during trial. *Id.* at 2.

Plaintiffs have responded stating that they "do not oppose Cantwell having access to discovery, equipment, or the rules applicable in this Court," but they did note the "incredible volume of documents" produced in discovery, *i.e.*, over 845,000. Dkt. 1195 at 1. They also note that Cantwell "has already received discovery in this case, and it would be extremely burdensome to compile all the material he seeks at this stage." *Id.* at 2. However, Plaintiffs offer to provide the Court or U.S. Marshals Service "with electronic copies of the documents on

Plaintiffs' exhibit list that are not designated Highly Confidential, so they may be provided to Cantwell." *Id.*

Upon consideration of Cantwell's and Plaintiffs' submissions, and finding good cause shown and that the following measures will facilitate efficient conduct of the trial, the Court hereby **ORDERS** that:

1. The Court make available a laptop in the Courtroom during trial at Defendants' table, to which Cantwell will have access, to review certain trial exhibits. The laptop would only be for use reviewing USB thumb-drive(s) containing trial exhibits, as described below.[1]

2. Plaintiffs, counsel for represented Defendants, and any other *pro se* Defendant, shall submit to the Clerk's Office USB thumb-drive(s) containing their trial exhibits which they intend to show to the jury by October 22, 2021. Such USB thumb-drive(s) will be available for Cantwell to review on the laptop in the Courtroom at the final pre-trial conference and during trial.[2]

3. The Federal Rules of Civil Procedure and Federal Rules of Evidence will be available at Defendants' table at the final pre-trial conference and during trial.

---

[1] The Court finds that temporary provision of a court-computer at Defendants' table is necessary in this case given substantial number and nature of exhibits intended to be introduced at trial. That provision at this trial is by no means indicative that such computer access would be appropriate in other cases or hearings involving incarcerated or *pro se* litigants, in which paper records could fully ensure the litigant's fulsome involvement in their hearing.

[2] Plaintiffs have moved to "de-designate" certain trial exhibits as "Highly Confidential." Dkt. 1215. The USB drive(s) made available for Mr. Cantwell's use should contain all such trial exhibits that are not designated "Highly Confidential," including any that are "de-designated" as "Highly Confidential." If, following all de-designations, Plaintiffs believe there are particular circumstances that necessitate retaining a Highly Confidential designation and thereby limiting a Defendant's access to an exhibit shown to the jury at trial, the Court anticipates Plaintiffs will promptly advise the Court of such circumstances.

The Court **finds** that Defendant Cantwell's request that *all* discovery (*i.e.*, 845,000-plus documents) be made available to him again at this stage, without a more specific showing of demonstrated need, would be unduly burdensome and would be premature. The Court ordered trial exhibits as identified above be made available for his review. Any request by Cantwell for a broader set of material at trial shall be **denied, without prejudice**; and the Court will separately take up the specific procedure for use of Courtroom technology by Defendant Cantwell to show any evidence he intends to present to the jury. As specifically set forth above, Cantwell's motion is **granted in part**, and otherwise **denied without prejudice**. Dkt. 1122.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record, to Christopher Cantwell, Richard Spencer, and to the U.S. Marshals Service.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 14, 2021