# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

The parties seek an evidentiary ruling on the admissibility of the "Heaphy Report." Dkts. 1145, 1147. On August 24, 2017, the City of Charlottesville retained Hunton & Williams LLP to conduct an independent evaluation of the City's handling of the "2017 protest events in Charlottesville" that are the subject of this litigation. Dkt. 1147, Ex. A ("The Heaphy Report," or, "The Report") at 9. The engagement letter executed by City Manager Maurice Jones indicated that the firm was to perform "an independent assessment on the City's handling" of the events. *Id*. Specifically, the firm was to evaluate "the City's compliance with applicable laws and regulations, as well as recommendations for potential changes in law and other actions for improved response to future events." *Id*. The report was based on a review of "hundreds of thousands of documents, countless hours of video and audio recordings, . . . numerous still images, and . . . hundreds of witnesses." *Id* at 10. In its final form, the report, entitled "Independent Review of the 2017 Protest Events in Charlottesville, Virginia," contained 146 pages of factual findings and 12 pages of recommendations. The report has come to be known eponymously after its primary author, Timothy Heaphy, who was until recently a partner at Hunton & Williams (now, Hunton Andrews Kurth).

1

Plaintiffs initiated the Court's consideration of the admissibility of the Heaphy Report with a motion to preclude Defendants from introducing its contents at trial. Dkt. 1145. In that motion, Plaintiffs argue that, if offered as evidence of the truth of its contents, the Report is inadmissible hearsay. The Court agrees.

Contrary to the insistence of Defendants League of the South, Michael Hill, and Michael Tubbs, Dkt. 1147, the Heaphy Report does not fall under the public records exception to the hearsay rule. Federal Rule of Evidence 803 creates an exception for "a record or statement *of a public office* if: . . . it sets out . . . in a civil case . . . factual findings from a legally authorized investigation" Fed. R. Evid. 803(8)(A)(iii) (emphasis added). Hunton & Williams LLP is not a public office—a fact stressed by the Report itself, which explicitly states that it represents an "Independent Review," and that its authors had "not been limited or directed in any way by any person or agency within City government." The Heaphy Report, ix.

Nor is the fact that Hunton & Williams LLP was hired by Charlottesville City officials to create the Report sufficient to render it a public office for purposes of the rule. Such a reading would expand the scope of the exception beyond its commonly understood use. *See e.g.*, *In re September 11 Litigation,* 621 F.Supp.2d 131, 155 (S.D.N.Y. 2009) (finding that the 9/11 Report meets the requirements of Rule 803(8)(A)(iii)'s predecessor[1] because "[i]t is the report of a public commission, pursuant to an Act of Congress, written following an investigation by staff and Commissioners appointed pursuant to that Act."). It would also be contrary to the logic of the Rule, which "is premised on 'the assumption that a public official will perform his duty'". *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 300 (4th Cir. 1984) (emphasis added) (quoting Fed. R.

---

[1] *Cf.* Fed. R. Evid. 803 committee notes on rules – 2011 amendment (noting that relevant changes "are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility.").

Evid. 803(8) advisory committee's note to 1972 proposed rules). *See also Jones v. Ford Motor Co.*, 204 F.App'x 280, 284 (4th Cir. 2006) (same).

Nor have the Defendants offered evidence that the findings of the Heaphy Report were adopted by the City. *Cf. In re September 11 Litigation*, 621 F.Supp.2d at 155 (concluding that interim findings of the 9/11 Commission staff, in contrast to the Commission's final report, do not satisfy the criteria of the precursor to Rule 803(8)(A)(iii) because they were "the findings of Commission staff, and not a public office or agency.").

Perhaps recognizing the inadequacy of Rule 803 to except the Heaphy Report from the general rule against hearsay, Defendants Jason Kessler, Nathan Damigo, and Identity Evropa propose that the Report may be admissible as evidence of Defendants' state of mind. Dkt. 1221 at 1. Specifically, these defendants argue that the Report may be used to bolster the credibility of their defense theory: that their protest preparations, including their communications, are attributable to a perceived threat from counter-protestors. *Id*. at 2.

Because the Heaphy Report is inadmissible hearsay if used as substantive evidence of the truth of its contents, the motion of Defendants League of the South, Michael Hill, and Michael Tubbs for an order holding that the Heaphy Report is admissible in its entirety, Dkt. 1147, will be denied. But without prejudice to resubmission consistent with this ruling. Resubmission shall be made in the form of a document containing the specific excerpts Defendants wish to admit, along with the non-hearsay purpose for which they seek to use it. The resubmission should also respond to any other evidentiary objections Plaintiffs have raised, including Fed. R. Evid. 403(b) objections. Plaintiffs will be afforded an opportunity to respond, explaining why the proposed excerpt is hearsay or otherwise should be found inadmissible.

Plaintiffs also seek a ruling that any testimony from Timothy Heaphy himself would be inadmissible hearsay. Dkt. 1145. However, neither party has identified for the Court the subject of any such testimony by Mr. Heaphy with any specificity—rather, Plaintiffs note that they "anticipate that [his] testimony will relate to the contents and statements made in the Report." *Id*. at 11. Since Plaintiffs' arguments concerning the testimony of Mr. Heaphy are at present premature and derivative of arguments concerning the Report itself, the Court issues no ruling on the admissibility of testimony from Mr. Heaphy at this time. Any specific arguments concerning admissibility of potential testimony by Mr. Heaphy may be raised in the context of the briefing schedule permitted below. In any event, Plaintiffs remain free to object at trial should Defendants solicit inadmissible testimony from Mr. Heaphy.

Plaintiffs' motion, Dkt. 1145, is **GRANTED in part,** *without prejudice* to resubmission by Defendants. Defendants' motion for an order holding that the Heaphy Report is admissible in its entirety, Dkt. 1147, is **DENIED** *without prejudice* to such resubmission. Defendants may file any such re-submission by **October 19 at 5:00 p.m.**; and Plaintiffs may reply by **October 21 at noon**.

The remaining requests for relief in Dkt. 1147 are not resolved by this Order and the motion **shall remain pending**.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2021