UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br>        *Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br>        *Defendants*. | CASE NO. 3:17-cv-72<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

**Order Granting Plaintiffs' Motion in *Limine* to Preclude Defendants
from Introducing Certain Collateral Source Evidence**

Before the Court is Plaintiffs' motion in *limine* to preclude Defendants from introducing collateral source evidence. Dkt. 1144. Plaintiffs move the Court to exclude "compensation, reimbursement, donations, or other funds from a variety of collateral sources, including, but not limited to: health insurance, workers' compensation programs, and gifts from third-parties, including donations through online, crowd-funded campaigns." *Id.* at 1.

The collateral source rule excludes evidence that an injured party has been compensated by some source other than the party from whom they seek damages. *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 389 (4th Cir. 2010) ("The collateral source rule holds that compensation from a collateral source should be disregarded in assessing tort damages.") (internal quotation marks omitted). The rule prohibits a defendant from attempting to evade liability or reduce their damages based on the "fact that [a] plaintiff may receive," or has already received, "compensation from a collateral source." *Scarborough v. Atl. Coast Line R. Co.*, 190 F.2d 935, 940 (4th Cir. 1951).

1

Federal law has long recognized the collateral source rule. *See, e.g.*, *Eichel v. N.Y. Cent. R. Co.*, 375 U.S. 253, 255 (1964) (applying the rule to claims brought under a federal statute). The rule applies to wide range of collateral sources. *See* Restatement (Second) of Torts § 920A cmts. b, c (1979) (listing categories, including insurance, employment and government benefits, and gifts); *see also Rayfield v. Lawrence*, 253 F.2d 209, 214 (4th Cir. 1958) (applied to medical services "paid for by a third person as a gift"); *McCaleb v. Rely Transportation, Inc.*, No. 4:19-cv-640, 2021 WL 4048552 at *2 (N.D. Tex. Jan. 5, 2021) (applied to GoFundMe campaign); *Stokes v. City of Visalia*, No. 1:17-cv-1350, 2018 WL 1116548, at *6 (E.D. Cal. Feb. 26, 2018) (also applied to GoFundMe). Virginia law also recognizes the collateral source rule. *See Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246, 251 (Va. 2002); *Schickling v. Aspinall*, 369 S.E.2d 172, 174 (Va. 1988).

Within the context of the Federal Rules of Evidence, collateral source evidence is generally inadmissible because it is not relevant. *See* Fed. R. Evid. 401; *see also Riddle v. Exxon Transp. Co.*, 563 F.2d 1103, 1107 (4th Cir. 1977) ("Nothing in the . . . Federal Rules of Evidence authorizes departure from the [collateral source] rule."); *Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 930 (5th Cir. 1992) ("[E]vidence of collateral benefits simply has no relevance. . . ."). Even when collateral source evidence is relevant, it is generally inadmissible under Rule 403 because it presents a "substantial likelihood of prejudicial impact" that "clearly outweighs" any probative value that it might offer. *Eichel*, 375 U.S. at 255; *see also Hawkins v. United Overseas Exp. Lines, Inc.*, 490 F. Supp. 138, 142 (D. Md. 1980) (noting the "strong policy" against admitting collateral source evidence because of its prejudicial effect). The strong presumption against collateral source evidence applies even when the evidence is purportedly being offered "for

purposes not directly related to the [collateral] payments themselves," such as to show "the extent and duration of [a] plaintiff's injury." *Hawkins*, 490 F. Supp. at 141–42 (collecting cases).

Here, the collateral sources in question—including the compensation Plaintiffs received from health insurance, workers' compensation, and gifts from third parties, such as crowd-funded campaigns—are not relevant to Defendants' case, and, even if they were, would be inadmissible under Rule 403 because the danger that they would cause undue prejudice would substantially outweigh their probative value.

Therefore, the Court **GRANTS** Plaintiffs' motion in *limine* to exclude Defendants from introducing collateral source evidence, Dkt. 1144, but only with respect to the collateral sources specifically identified in the motion. The Court's Order extends to these collateral sources identified in Plaintiffs' motion: health insurance, workers' compensation, and gifts from third parties, including donations through online, crowd-funded campaigns. Should Plaintiffs identify any other collateral sources, they may move the Court to rule on their admissibility.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record, and to *pro se* litigants.

Entered this  15th  day of October, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE