# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Defendant Christopher Cantwell, proceeding *pro se*, has filed a Motion for Service by the U.S. Marshals Service of Subpoenas upon four non-party witnesses (Dwayne Dixon, Thomas Massey, Paul Minton, and Lindsey Moers) to appear at trial. Dkt. 1133. The Court considered this motion and Plaintiffs' response arguing that the Court lacks authority to issue the subpoenas and should deny the motion. Dkt. 1194.

Rule 45 of the Federal Rules of Civil Procedure provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). The subpoenas submitted by Cantwell on their face show that each of the four non-party witnesses resides outside Virginia and beyond the reach of Fed. R. Civ. P. 45(c)(1). Indeed, they appear to reside in Florida, Pennsylvania, and Durham, North Carolina, *see* Dkt. 1133 at 3, 6, 9, 12, and there is no information in Cantwell's motion to the contrary, *see* Dkt. 1133. The Court therefore lacks the power under Rule 45(c) to

issue a subpoena to the identified individuals. *See In re Guthrie*, 733 F.2d 634, 637 (4th Cir. 1984) ("a nonparty witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial"); *Koenig v. Johnson*, No. 2:18-cv-3599, 2020 WL 635772, at *1 (D.S.C. Feb. 11, 2020) ("A subpoena that requires a non-party's compliance outside of Rule 45's geographical scope is invalid.") (citation omitted). The fact that Cantwell is incarcerated or proceeding *pro se*, or even if he were granted *in forma pauperis* status, does not relieve him of his obligations to comply with Rule 45. *See Bradley v. Lorillard Tobacco Corp.*, No. 8:13-cv-227, 2014 WL 12628519, at *1 n.1 (M.D. Fla. June 25, 2014) ("Although Plaintiff is currently incarcerated and proceeding *in forma pauperis*, he must still comply with the Federal Rules of Civil Procedure, including the requirements of Rule 45 regarding subpoenas ….").

Given that Cantwell's motion requests the Court to issue subpoenas which would be invalid, the Court will **DENY** Cantwell's motion, *without prejudice*. Dkt. 1133.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties, to Mr. Cantwell, and to the United States Marshals Service.

Entered this  15th  day of October, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE