UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>                 Plaintiffs,<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>                 Defendants. | Civil Action No. 3:17-cv-00072-NKM<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
COUNT IV OF THE SECOND AMENDED COMPLAINT**

In advance of trial, in order to streamline the issues necessary to be resolved by the jury, Plaintiffs Muñiz, Sines, Blair, Martin, Alvarado, Baker, and Romero seek to voluntarily dismiss Count IV of the Second Amended Complaint, which asserts a claim of negligence per se against Defendant Fields. Although Fields and many other Defendants have consented to this voluntary dismissal—including Cantwell, Kessler, Damigo, Hill, Tubbs, Heimbach, Parrott, League of the South, Identity Evorpa, and Traditionalist Worker Party—for the reasons explained below, this Court should enter an order, pursuant to Federal Rule of Civil Procedure 41(a)(2), dismissing Count IV.

**ARGUMENT**

1.     A voluntary dismissal is available without court order only upon filing "a stipulation of dismissal signed by *all* parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). As the Court is aware, there are numerous Defendants who have been

1

unresponsive at every stage of this litigation, including in response to Plaintiffs' request for their consent to voluntarily dismiss Plaintiffs' negligence per se claim.[1] Accordingly, although Plaintiffs have been able to obtain Fields's consent (among that of other Defendants), Plaintiffs move for an order voluntarily dismissing their negligence per se claim pursuant to Federal Rule of Civil Procedure Rule 41(a)(2). *Cf.* ECF 1053 (oral order dismissing claims pursuant to Rule 41(a)(2)); *Synovus Bank* v. *Bokke IV L.L.C.*, No. 1:11-cv-00071, 2014 WL 440244, at *2 (W.D.N.C. Feb. 4, 2014) (entering an order pursuant to Rule 41(a)(2) dismissing certain claims due to plaintiff's inability "to procure the consent of all of the parties to the action" for a stipulation of dismissal under Rule 41(a)(1)); *Carmack* v. *Virginia*, No. 1:18-cv-00031, 2018 WL 5817345, at *1 (W.D. Va. Nov. 6, 2018) (same).

Rule 41(a)(2) permits voluntary dismissal "at the plaintiff's request only by court order, on terms that the court considers proper," and provides that, "[u]nless the order states otherwise," the dismissal shall be "without prejudice." Fed. R. Civ. P. 41(a)(2). According to the Fourth Circuit, because the purpose of Rule 41(a)(2) is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," district courts "should grant a Rule 41(a)(2) motion absent plain legal prejudice to the defendant." *Bridge Oil, Ltd.* v. *Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (citation omitted). Only "substantial[]" prejudice will do, and "[a] defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that . . . it faces the prospect of a subsequent lawsuit." *Id.* (internal citations omitted).

2. Because dismissal of Plaintiffs' negligence per se claim against Fields would not prejudice any of the Defendants in this action, and in light of Fields's consent to a voluntary

---

[1] Plaintiffs attempted to contact all non-defaulted Defendants concerning Plaintiffs' intent to voluntarily dismiss Count IV of the operative complaint. Defendants Fields, Cantwell, Kessler, Damigo, Hill, Tubbs, Heimbach, Parrott, League of the South, Identity Evorpa, and Traditionalist Worker Party responded to Plaintiffs' inquiry. All of them consented to Plaintiffs' dismissal of the negligence per se claim.

dismissal, this Court should enter an order dismissing Count IV of the Second Amended Complaint. In determining the potential prejudice created by a motion under Rule 41(a), a non-exhaustive list of factors is typically consulted, *see Dean* v. *WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va.), *aff'd*, 22 F. App'x 285 (4th Cir. 2001), which includes "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation," *Howard* v. *Inova Health Care Services*, 302 F. App'x 166, 178-179 (4th Cir. 2008) (internal quotation marks and citations omitted).

Even putting the presumption in favor of voluntary dismissals to one side, none of those factors weighs against granting Plaintiffs' motion. For one thing, it is unsurprising that all of the Defendants who responded to Plaintiffs' inquiry concerning this voluntary dismissal consented to it, including Defendant Fields: granting Plaintiffs' motion will not affect any Defendant other than Fields, and the negligence per se claim is intertwined with Plaintiffs' other torts claims, such that this one claim in particular cannot be said to have led to any material marginal increase in "effort and expense" by Fields or any other Defendant. *Howard*, 302 F. App'x at 179; *see also The SCO Grp., Inc.* v. *Novell, Inc.*, No. 2:04-cv-139, 2007 WL 2684537, at *7 (D. Utah Sept. 7, 2007) (noting lack of prejudice where "the parties have not gone to additional effort or expense in preparing *separately*" for the dismissed claim (emphasis added)). Moreover, Plaintiffs have sufficiently explained the need for dismissal: this Court has expressly recognized that "[t]he size and scope of trial . . . is substantial," ECF 1146, and, given the logistical difficulties posed by the COVID-19 pandemic, pursuing a more direct legal strategy to streamline and shorten trial is an eminently proper ground for voluntary dismissal. *See MidAtlantic International, Inc.* v. *MidAtlantic Minerals, Inc.*, No. 2:12-cv-169, 2013 WL 12107454, at *2 (E.D. Va. Dec. 30, 2013);

3

*see also Novell, Inc.*, 2007 WL 2684537, at *7 ("It is a benefit to both the parties and the court to streamline the approaching trial."). Furthermore, Fields has not filed any dispositive motion—not that "the mere filing of a motion for summary judgment" could be a basis for denying a Rule 41(a) motion. *Fidelity Bank PLC* v. *N. Fox Shipping N.V.*, 242 Fed. App'x 84, 89 (4th Cir. 2007); *cf.* ECF 1053 (oral order dismissing claims pursuant to Rule 41(a)(2) *after* summary judgment briefing). And with or without the negligence per se claim against Fields, all Defendants—including Fields—have prepared for trial over intertwined theories of tort liability arising from the same discrete set of events. *See Novell, Inc.*, 2007 WL 2684537, at *7.

In short, especially given that all Defendants whom Plaintiffs could reach have consented to this voluntary dismissal (including Fields), and in light of the benefits of streamlining trial by eliminating one claim for the parties to litigate and the jury to resolve, this Court should enter an order pursuant to Rule 41(a)(2), dismissing the negligence per se claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss Count IV of the Second Amended Complaint should be granted.

Date: October 15, 2021

Respectfully submitted,

*/s/* Jessica Phillips
Jessica Phillips (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
Benjamin D. White (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
mbloch@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
bwhite@kaplanhecker.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Jessica Phillips (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
Matteo Godi (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
jphillips@paulweiss.com
kdunn@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
apetty@paulweiss.com
gsanchez@paulweiss.com
mgodi@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Allegra K. Flamm (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
Khary J. Anderson (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

1

I hereby certify that on October 15, 2021, I also served the following non-ECF participants via mail or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959
Grady County Law Enforcement Center
215 N. 3rd St. '
Chickasha, OK 73018

Robert "Azzmador" Ray
azzmador@gmail.com

Dated: October 15, 2021

/s/ Jessica Phillips

Jessica Phillips (*pro hac vice*)

PAUL WEISS RIFKIND WHARTON & GARRISON LLP
*Counsel for Plaintiffs*

2