# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

Upon this Court's own motion, upon notice that Plaintiffs' counsel may seek to designate certain non-lawyers within their list of six (6) persons to be provided electronic access to the jury questionnaires, and otherwise finding good cause shown, the Court hereby **AMENDS** Pretrial Order ¶ 3, (Dkt. 1172) as follows:

Plaintiffs, and Defendants represented by counsel collectively, may each designate no more than **six (6) persons**, which may be comprised of (1) current counsel of record or (2) third parties working under their direction, who are formally engaged and supervised by the attorneys of record, and for whom such attorneys of record will be responsible, and who will have signed the Court's protective order, Dkt. 167, so long as such persons include at least one attorney admitted to practice in the Western District of Virginia, to be provided electronic access by the Clerk to receive and review copies of the jury questionnaires, on a rolling basis. A list including names and occupations of prospective jurors, and information matching such prospective jurors with the questionnaires pursuant to Dkt. 1204 ¶ 2, will also be provided to such specifically designated persons by Plaintiffs and represented Defendants, no more than **five (5) days** before trial. Jury questionnaires and such occupation list, and any information contained therein, are

subject to the Court's orders regarding confidentiality in Dkt. 1172 and 1204, and **shall not be disclosed to any other person without prior authorization of Court**.

Any *pro se* Defendant—upon completing a declaration stating, under penalty of perjury, they will not disclose the contents of such questionnaires or the jury occupation list provided to such *pro se* Defendant to any other person—may review the questionnaires and jury occupation list *onsite in the Clerk's Office*. A paper copy of the completed questionnaires and the jury occupation list customarily made available to *pro se* litigants will be maintained in the Clerk's Office.

If any party requests specific access to the confidential juror questionnaires in excess of the provisions outlined above and in Dkts. 1172 and 1204, they shall file a motion to that effect. In all other respects, this Court's Orders of Dkt. 1172 and 1204 shall remain unchanged and in force.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this 19th day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE