UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

    Plaintiffs,

v.

JASON KESSLER, et al.,

    Defendants.

Civil Action No. 3:17-cv-00072-NKM

**PLAINTIFFS' MOTION FOR MODIFICATION OF MAGISTRATE JUDGE HOPPE'S OCTOBER 15, 2021 ORDER ON SANCTIONS AGAINST DEFENDANT JAMES ALEX FIELDS, JR.**

Pursuant to Federal Rule of Civil Procedure 72, Plaintiffs respectfully move this Court for a modification of Magistrate Judge Hoppe's Order granting in part and denying in part Plaintiffs' Motion for Sanctions against Defendant James Fields. *See* ECF 1237 (the "Order").

In that Order, Judge Hoppe made two critical—and correct—determinations. First, Judge Hoppe held that Fields's blatant refusal to appear for a properly noticed deposition warranted a sanction prohibiting Fields from testifying in his own defense at trial. *Id.* at 33. And second, Judge Hoppe held that adverse inference jury instructions, if tailored to the particular requests for admission to which Fields invoked the Fifth Amendment, would be a proper remedy for the unfair prejudice Plaintiffs suffered as a result of Fields's assertions of privilege. *Id.* at 34.

But the Order left unresolved two narrow, related issues that are appropriate for this Court's de novo consideration in the first instance. Judge Hoppe left it to this Court to determine whether, in addition to being prohibited from testifying in his own defense, Fields should also be prohibited from testifying as a witness for other parties, including his co-defendants. *Id.* at 36. Judge Hoppe also left the door open for Plaintiffs to propose revised adverse inference instructions appropriately tailored to the requests for admission ("RFAs") to which Fields invoked the Fifth Amendment. *See id*. at 34, 36 (denying prior adverse inference instruction without prejudice).

Resolving both issues is crucial to give effect to Judge Hoppe's sanctions ruling, to level the evidentiary playing field, and to facilitate the parties' preparation for the efficient presentation of evidence at trial. Accordingly, the Court should modify the Order in the following respects at this time. For the same reasons that Judge Hoppe already ruled that Fields should not be allowed to testify in his own defense at trial after blatantly refusing to testify at a deposition, this Court should rule that Fields cannot testify as a witness for his co-defendants. In addition, to ensure that Plaintiffs are not unduly disadvantaged by Fields's invocation of the Fifth Amendment in response

to specific RFAs, this Court should approve Plaintiffs' proposed adverse inference instructions, which are narrowly tailored in accordance with Judge Hoppe's guidance.

## BACKGROUND

Plaintiffs' motion for sanctions against Fields included a detailed statement of the facts and procedural history of this case. *See* ECF 1003 at 1-8. Judge Hoppe's decision, too, set out the necessary factual and procedural background for resolution of these issues. *See* Order at 4-14. We therefore dispense with a comprehensive discussion of Fields's years of flagrant, wanton discovery misconduct and focus only on the background related to the discrete questions before the Court.

### A. Fields's Refusal to Appear for a Deposition

After being served by Plaintiffs with proper notice under Rule 30(b), Fields "stated he would refuse to appear via videoconference or testify on video tape at the deposition scheduled for February 25, 2021." Order at 25. Judge Hoppe easily found that sanctions were authorized and appropriate under Rule 37(d)(1)(A)(i), *id.*, which allows the court to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Plaintiffs had argued that precluding Fields from testifying at trial was an appropriate sanction because Fields had deprived Plaintiffs of the opportunity to cross-examine him and elicit evidence during discovery. ECF 1003 at 18. Judge Hoppe agreed in significant part, holding that prohibiting Fields from testifying in his own defense at trial "is an appropriately tailored sanction for Fields's failure to appear for his properly noticed deposition." Order at 33 (citing cases). Judge Hoppe explicitly reserved for this Court to decide whether Fields should also be prohibited from testifying if called as a witness by one of his co-defendants. *See* Order at 36 ("Whether any other party may call Fields as a witness is a decision reserved to the presiding District Judge.").

2

## B.   Fields's Invocation of the Fifth Amendment

Fields was convicted in Virginia state court of murder and 8 counts of malicious wounding as a result of his car attack at Unite the Right. *See* ECF 1003 at 2. His appeal of that conviction is pending. *Id.*[1] In response to dozens of RFAs and interrogatories by Plaintiffs about key issues in this case, including Fields's motivation and state of mind when driving his car into a crowd of people and his history of espousing violence against members of racial, ethnic, and religious minorities, Fields asserted the Fifth Amendment privilege against self-incrimination. *See id.* at 5-6.

As Judge Hoppe recognized, even if the Fifth Amendment privilege were validly invoked, Fields's refusal to admit or deny relevant facts "stands in stark opposition to the otherwise liberal discovery rules, and undermines to some degree the trial system's capacity to ascertain the truth." Order at 34 (quoting *United States ex rel. DRC. Inc. v. Custer Battles, LLC*, 415 F. Supp. 2d 628, 632 (E.D. Va. 2006)). Therefore, Judge Hoppe held, "'an adverse inference based on a refusal to answer [specific questions] in a civil case is an appropriate remedy as it provides some relief for the civil litigant whose case is unfairly prejudiced' by his adversary's assertion of the Fifth Amendment." *Id.* (brackets in original) (quoting *Custer Battles*, 415 F. Supp. 2d at 632-33). Plaintiffs sought both an adverse inference instruction and an order that each RFA Fields refused to answer based on the Fifth Amendment be deemed admitted. *See id.* at 14-15. Judge Hoppe denied both requests without prejudice, noting that the problem with Plaintiffs' adverse inference request was that their proposed instruction was not "appropriately tailored to each RFA." *Id.* at 34, 36; *see also id.* at 20-21 (finding Plaintiffs' catch-all adverse inference jury instruction inappropriate).[2]

---

[1] On March 27, 2019, Fields pled guilty in this Court to 29 counts of hate crimes offenses, in violation of 18 U.S.C. § 249(a)(1), arising from his car attack on August 12; he did not appeal his federal convictions. *See* ECF 1003 at 2.

[2] The Order notes that "Plaintiffs knew about Fields's claim of privilege, at the very latest, when Fields served his responses to the first RFAs and third set of interrogatories in August and September 2020," but claims that Plaintiffs

3

## STANDARD OF REVIEW

This motion is subject to de novo review. Although challenges to non-dispositive magistrate judge rulings like the Order are typically subject to the "clearly erroneous or contrary to law" standard, *see* Fed. R. Civ. P. 72(a); *Bowers v. Univ. of Va.*, No. 06-cv-41, 2008 WL 2346033, at *3 (W.D. Va. June 6, 2008), Judge Hoppe did not actually rule on either question presented by the instant motion: he deliberately reserved the prohibition-of-testimony issue for this Court, Order at 36, and Plaintiffs have newly revised their proposed adverse inference instructions consistent with Judge Hoppe's guidance. In other words, de novo review is appropriate here because there is no ruling to which this Court can defer. *See Cent. Valley Chrysler-Jeep v. Witherspoon*, No. 04-cv-46663, 2006 WL 2600149, at *7 (E.D. Cal. Sept. 11, 2006) (reviewing an issue in a non-dispositive decision de novo because the magistrate judge did not address it). And although Plaintiffs could in theory present their revised proposed adverse inference instructions to Judge Hoppe first, in the interest of judicial efficiency and given the imminent trial date, Plaintiffs have combined their requests for modification of the Order into a single motion before this Court and respectfully request a ruling before trial commences next week.

---

"offer no persuasive explanation why they did not first move for an appropriate order under Rules 36(a) and 37(a), or why they did not bring Fields's allegedly insufficient answers to the Court's attention earlier." Order at 21.

Plaintiffs do have a persuasive explanation for their delay: they had hoped to resolve Fields's repeated claims of privilege by obtaining answers from him at a deposition. It was far from clear in August and September 2020 that a deposition would never happen. Instead, Plaintiffs spent the better part of nine months diligently attempting to schedule one. During that time, as detailed in Plaintiffs' motion and in Judge Hoppe's Order, Fields made numerous requests for postponements and ultimately refused to testify. Order at 12-13; ECF 1003 at 6-8. Finally, in April 2021, a party in the related matter of *Gilmore v. Jones*, No. 3:18-cv-17 (W.D. Va. filed Mar. 13, 2018), pending in this Court, attempted to depose Fields. Fields "refused to be sworn in for his testimony" and "refused to answer nearly all questions." Order at 13. It was only at that point, in mid-2021, that it became clear to Plaintiffs that they would not be able to depose Fields, and Plaintiffs soon after moved for sanctions. In any event, Judge Hoppe's denial (without prejudice) was not based on Plaintiffs' purported delay in challenging Fields's discovery responses, so this Court can and should approve Plaintiffs' revised adverse instructions regardless of the timeliness issue.

4

# ARGUMENT

## I. THE COURT SHOULD PROHIBIT FIELDS FROM TESTIFYING AS A WITNESS FOR HIMSELF AS WELL AS HIS CO-DEFENDANTS

By refusing to testify at a properly noticed deposition, Fields did not just flout the rules of discovery and civil procedure. *See* Order at 25; Fed. R. Civ. P. 37(d)(1)(A)(i). He also deprived Plaintiffs of a critical tool to discover facts about the details of and motivations behind his car attack. *See Butler v. DirectSat USA, LLC*, No. 10-cv-2747, 2013 WL 6629240, at *1 (D. Md. Dec. 16, 2013) (a party would be "hard-pressed to conduct its case" without the "important element[]" of depositions). Those issues are central to Plaintiffs' claims against Fields, including Plaintiffs' allegation that Fields and his co-defendants participated in a conspiracy to commit racially motivated violence against Jewish and Black people and their supporters.

For that reason, as Judge Hoppe correctly concluded, Fields's misconduct has "had the practical effect of keeping [Plaintiffs] in the dark about what []he knew, what []he did, and what []he would testify to [if] called to the stand." Order at 34 (brackets in original) (quoting *Montanile v. Botticelli*, No. 08-cv-716, 2009 WL 2378684, at *6 (E.D. Va. July 28, 2009)). The significant information-imbalance resulting from Fields's refusal to be deposed would make it "unfair [to Plaintiffs] to allow Fields to testify in his defense for the first time at trial." *Id.* Judge Hoppe therefore held that "[a]n order prohibiting Fields from testifying in his own defense at trial is an appropriately tailored sanction for Fields's failure to appear for his properly noticed deposition." Order at 33 (internal citation omitted) (citing cases).

Judge Hoppe noted that Fields's co-defendant Christopher Cantwell identified "a limited number of questions" that Cantwell would like to ask Fields, including "what went through his mind when Dwayne Dixon pointed an AR-15 at him just before the car crash"—issues that bear directly on Fields's *own* defense at trial. *Id.* at 34. Nevertheless, the Order left it for this Court to

5

decide "[w]hether any other party may call Fields as a witness." *Id.* at 36. For the same reasons that it would be unfair to allow Fields to testify in his defense for the first time at trial, it would be unfair to allow him to testify as a witness if called by a co-defendant.[3] Allowing Fields to testify as a witness would amount to an end-run around Judge Hoppe's sanctions order. This Court should modify the Order to make clear that, as a result of Fields's refusal to testify at a deposition, he cannot testify at trial in *any* capacity.

> **A.    The Court Should Prohibit Fields from Testifying as a Witness for His Co-Defendants for the Same Reasons Judge Hoppe Prohibited Fields from Testifying in His Own Defense.**

For starters, Judge Hoppe's reasoning applies with equal force to Fields testifying as a witness for his co-defendants because Plaintiffs are just as "in the dark about what [Fields] knew, what he did, and what he would testify to if called to the stand" by a co-defendant as they would be if he testified on his own behalf. Order at 34 (alterations and citation omitted). Indeed, even if Fields were not himself a defendant and were merely a defense witness, Plaintiffs would have been entitled to depose him and could have moved to exclude him if deprived of that opportunity. *See Est. of Boyles v. Gree USA, Inc.*, No. 20-cv-276, 2021 WL 3292727, at *8 (M.D.N.C. Aug. 2, 2021) (precluding defendants from calling witnesses to testify at trial whom they refused to make available for depositions); *Sprenger v. Rector & Bd. of Visitors of Va. Tech*, No. 7:07-cv-502, 2008 WL 11514936, at *1 (W.D. Va. July 10, 2008) ("Further, each witness must be made available to be deposed on or before August 15, 2008, or they will be precluded from testifying at trial."). Considering Fields's pattern of discovery misconduct and his brazen refusal to testify at a

---

[3] Even aside from the unfairness of allowing Fields to testify and the inadmissibility of the testimony that Cantwell apparently seeks, this Court has already ruled that transporting Fields to testify in person would be a significant and unjustified expense. *See* ECF 1033.

deposition, this Court should shut the door that Judge Hoppe left open and make clear once and for all that Fields is not allowed to testify at trial as a witness for his co-defendants.

> **B. Allowing Fields to Testify for His Co-Defendants Would Be an End-Run around Judge Hoppe's Sanctions Order.**

Precluding Fields from testifying in his own defense but allowing him to be called as a witness for his co-defendants would necessarily undermine Judge Hoppe's thoroughly considered sanctions order. Allowing Fields to, for instance, testify about what "went through his mind when Dwayne Dixon pointed an AR-15 at him just before the car crash," Order at 34, would permit Fields to do *indirectly* what he is prohibited from doing *directly*—to testify in his own defense by answering questions on topics that Plaintiffs would have explored had Fields not persistently and egregiously refused to testify at his deposition. In short, even (and perhaps especially) if Fields's testimony is elicited by co-conspirators, it would have the practical effect of allowing Fields to testify on his own behalf. That is especially true in this conspiracy case, where any favorable testimony elicited on behalf of a co-defendant and alleged co-conspirator would serve the additional purpose of bolstering Fields's own defense.

The Court should not allow Fields and his co-defendants to make such an end-run around the Order. Indeed, it would be no less "unfair," Order at 34, for Fields's co-defendants to elicit Fields's testimony for the first time at trial, without any prior opportunity for Plaintiffs to ask questions or generate material for impeachment, as it would be for Fields's lawyer to do the same. *Cf. Steel v. ARI Mut. Ins. Co.*, No. 14-cv-27, 2015 WL 4429258, at *4 (E.D. La. July 20, 2015) (concluding, in multi-defendant case, that "[t]he appropriate sanction . . . is to preclude [one defendant] from testifying at trial because plaintiff was not able to depose him").

7

Finally, Plaintiffs propose that if the Court rules that Fields is entirely prohibited from testifying at trial, the Court provide a pre-deliberation jury instruction explaining his absence to the jurors.[4] Plaintiffs submit the following proposed jury instruction for the Court's convenience:

> You may have noticed that Defendant James Fields, unlike other Defendants, did not testify at trial. That is not because he chose not to testify. Defendant Fields refused to testify at a properly noticed deposition during the discovery process in this case. To level the evidentiary playing field that may have been skewed as a result of Defendant Fields's misconduct, I have issued the appropriate sanction against him and prohibited him from testifying at trial.

## II. THE COURT SHOULD APPROVE PLAINTIFFS' REVISED ADVERSE INFERENCE INSTRUCTIONS

"[W]here a plaintiff refuses on Fifth Amendment grounds to provide discovery on matters relevant to the issues in the lawsuit," as Fields has done here, the Court's role is to "fashion an appropriate remedy to level the playing field." *Varner v. Roane*, No. 17-cv-80, 2018 WL 3244108, at *4 (W.D. Va. July 3, 2018) (Hoppe, M.J.). An adverse inference instruction "provides some relief for the civil litigant whose case is unfairly prejudiced' by his adversary's assertion of the Fifth Amendment." Order at 34 (quoting *Custer Battles*, 415 F. Supp. 2d at 632-33).

The Court may issue an adverse inference instruction if Fields's invocation of the privilege is valid (i.e., if there is any plausible possibility of prosecution) and if the instruction complies with the Federal Rules of Evidence. Order at 19-20 (citing *Custer Battles*, 415 F. Supp. 2d 633-34). Plaintiffs acknowledged, and Judge Hoppe concluded, that Fields's repeated invocations of the Fifth Amendment in response to Plaintiffs' RFAs were valid because Fields's convictions for murder and malicious wounding were pending in state court. *See* Order at 21, 34; ECF 1003 at 22-23. Judge Hoppe also concluded that an adverse inference instruction would be an appropriate remedy for "Fields's refusal on Fifth Amendment grounds to admit or deny relevant facts sought

---

[4] Plaintiffs previously reserved the right to propose supplemental jury instructions upon resolution of their motion for sanctions against James Fields. *See* ECF 1224 at 20 n.33.

8

in these RFAs." Order at 34. But Judge Hoppe denied, without prejudice, Plaintiffs' requested adverse inference instruction because it was not "appropriately tailored to each RFA." *Id.*

Plaintiffs have now revised those proposed instructions consistent with Judge Hoppe's Order. Accordingly, this Court should approve the following proposed adverse inference instructions:

1. You are permitted, but not required, to infer that Defendant James Fields, on August 12, 2017, drove into a crowd of pedestrians because of the actual or perceived race, color, religion and/or national origin of individuals in the crowd, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 43)

2. You are permitted, but not required, to infer that Defendant James Fields hit pedestrians with his Dodge Challenger on August 12, 2017, and was motivated to do so by animosity towards non-white individuals, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 122)

3. You are permitted, but not required, to infer that Defendant James Fields, on August 12, 2017, was not in reasonable apprehension of death or great bodily harm, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 69)

4. You are permitted, but not required, to infer that Defendant James Fields hit pedestrians with his Dodge Challenger on August 12, 2017, and was motivated to do so by animosity towards Jewish individuals, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 123)

In addition to complying with Judge Hoppe's specificity requirements, Plaintiffs' proposed adverse inference instructions meet all of the other applicable standards. For one, they comply with the Federal Rules of Evidence. *See Custer Battles*, 415 F. Supp. 2d at 634. As Plaintiffs established in their motion for sanctions and as is readily apparent from the text of the instructions, the underlying facts "are not unfairly prejudicial, confusing, cumulative, or needlessly

9

inflammatory—rather, they directly support Plaintiffs' claims against Fields, and they are supported by other independent documentary evidence." ECF 1003 at 23-24.

For another, Plaintiffs took pains to "reduce the number of requested inferences to those few that relate to the heart of [their alleged claims], and which have the most reliable basis." *Custer Battles*, 415 F. Supp. 2d at 636; *see* ECF No. 1003-2 (Appendix B) (listing dozens of proposed facts deemed admitted/adverse inferences). And the proposed instructions use language that is commonly found in adverse inference instructions. *See Gov't Emps. Ins. Co. v. Quality Diagnostic Health Care, Inc.*, No. 18-cv-20101, 2019 WL 2245513, at *2 (S.D. Fla. Apr. 18, 2019) (report and recommendation) (recommending that district court grant plaintiff's request for "an adverse inference that the responses from [defendant] would have been 'Yes' but for the invocation of the Fifth Amendment" on summary judgment), *adopted by* Dkt. No. 110 (S.D. Fla. Sept. 12, 2019); *see also Custer Battles*, 415 F. Supp. 2d at 632 (granting in part a request "to have members of the jury instructed that they may, but are not required to, draw the inference that had [defendant] answered these questions, the answers would have been adverse to the defendants"); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 480 F. Supp. 3d 1000, 1025 (N.D. Cal. 2020) (similar), *appeal filed*, No. 20-16820 (9th Cir. Sept. 21, 2020); *Iantosca v. Benistar Admin. Servs., Inc.*, 567 F. App'x 1, 6 (1st Cir. 2014) (similar).

Finally, nothing prevents Plaintiffs from proposing, or this Court from accepting, Plaintiffs' revisions to their adverse inference instructions. Judge Hoppe's denial of Plaintiffs' prior instructions was explicitly without prejudice so that further refinement such as that proposed above could be done. Order at 36. And courts frequently accept modified instructions (or modify the instructions themselves) rather than reject them outright. *See Custer Battles*, 415 F. Supp. 2d at 636 (granting party's request for some but not all of its proposed adverse inference instructions);

10

*Planned Parenthood*, 480 F. Supp. 3d at 1025 (noting that the court previously "rejected plaintiffs' request for overbroad or unsupported inferences" but "found that a number of narrowly drafted, specific inferences were appropriate"); *Quality Diagnostic Health Care*, 2019 WL 2245513, at *2 (recommending that district court grant two of plaintiff's requested adverse inference instructions but rejecting others). Given that trial begins next week, the most efficient path forward is for this Court to modify Judge Hoppe's sanctions order and approve Plaintiffs' proposed adverse inference instructions outlined above.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and modify Judge Hoppe's Order (1) to preclude Fields from testifying as a witness for his co-defendants and (2) to approve Plaintiffs' revised adverse inference instructions as proposed above.

Date: October 19, 2021

Respectfully submitted,

_____
Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
*Counsel for Plaintiffs*

11

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
Matteo Godi (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
gsanchez@paulweiss.com
mgodi@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com
apetty@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

| | |
|---|---|
| Caitlin B. Munley (*pro hac vice*) | J. Benjamin Rottenborn (VSB 84796) |
| Samantha A Strauss (*pro hac vice*) | WOODS ROGERS PLC |
| Alexandra Eber (*pro hac vice*) | 10 South Jefferson St., Suite 1400 |
| Daniel Philip Roy, III (*pro hac vice*) | Roanoke, VA 24011 |
| Allegra Flamm (*pro hac vice*) | Telephone: (540) 983-7600 |
| Gemma Seidita (*pro hac vice*) | Fax: (540) 983-7711 |
| Khary Anderson (*pro hac vice*) | brottenborn@woodsrogers.com |
| COOLEY LLP | |
| 1299 Pennsylvania Avenue, NW | |
| Suite 700 | |
| Washington, DC 20004 | |
| Telephone: (202) 842-7800 | |
| Fax: (202) 842-7899 | |
| dmills@cooley.com | |
| jsiegel@cooley.com | |
| cmunley@cooley.com | |
| sastrauss@cooley.com | |
| aeber@cooley.com | |
| droy@cooley.com | |
| aflamm@cooley.com | |
| gseidita@cooley.com | |
| kjanderson@cooley.com | |

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

  I hereby certify that on October 19, 2021, I also served the following via mail and electronic mail:

| | |
|---|---|
| Richard Spencer<br>richardbspencer@icloud.com<br>richardbspencer@gmail.com | Christopher Cantwell<br><br>Christopher Cantwell 00991-509<br>Central Virginia Regional Jail<br>13021 James Madison Hwy<br>Orange, VA 22960<br><br>*and*<br><br>Christopher Cantwell 00991-509<br>USP Marion, 4500 Prison Rd.<br>P.O. Box 2000<br>Marion, IL 62959 |
| Vanguard America<br>c/o Dillon Hopper<br>dillon_hopper@protonmail.com<br><br>Elliott Kline a/k/a Eli Mosley<br>eli.f.mosley@gmail.com<br>deplorabletruth@gmail.com<br>eli.r.kline@gmail.com | Robert "Azzmador" Ray<br>azzmador@gmail.com |

/s/ Michael L. Bloch

Michael L. Bloch (*pro hac vice*)
Kaplan Hecker & Fink LLP

*Counsel for Plaintiffs*

15