IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>JASON KESSLER, et al.,<br><br>*Defendants.* | No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT JEFF SCHOEP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY ECF 1242**

Defendant Schoep, by and through counsel, submits this response and respectfully requests this Court to deny Plaintiffs' Motion *in Limine* to Preclude the Testimony of Daryl Davis and evidence of Defendant Schoep's renunciation of white supremacy, ECF 1242.

Plaintiffs' motion is yet another attempt to distract defense counsel with a flurry of eleventh-hour motions *in limine* with the expectation that responding to these with full briefing will impair defense counsel's ability to properly prepare for the upcoming trial. From the start of this litigation, Plaintiffs' counsel has been keen on calling attention to deadlines which have not been met, and yet now expects the Court to ignore these very same rules. According to the Amended Pretrial Order, ECF 991, July 15, 2021, "Any motions *in limine* shall be filed on or before **October 4, 2021.**" On September 22, 2021, well before the pretrial deadline, Defendant Schoep submitted an Amended Witness List, ECF 1107, to the court pertaining of only two witnesses.[1] Plaintiffs counsel had plenty notice to timely file their objections to Daryl

---

[1] In Mr. Bloch's declaration he states Defendants Schoep and National Socialist Movement ("NSM") filed an amended witness list asserting that the list was narrowed down to from the previous four witnesses down to two. *See* ECF 1242-3. However, ECF 1107 specified this was an amended list for Defendant Jeff Schoep - NOT

1

Davis as a witness for Defendant Schoep, yet chose to do so *only* after learning Mr. Davis' testimony could potentially humanize Defendant Schoep. In fact, Plaintiffs briefly raised concerns regarding Mr. Davis as a witness in an earlier motion, but also stated they chose not to preclude Daryl Davis as a witness as long as defense counsel offered to make the witness immediately available for deposition. *See* ECF 1152. As per the request of Plaintiffs' counsel, Daryl Davis was made available and deposed on October 12, 2021.

In their motion, opposing counsel urges the Court to preclude Daryl Davis from testifying at trial because he was not previously disclosed as a witness during discovery in accordance with Fed. R. Civ. P. 26. According to FRCP 26, "A party must make its initial disclosures based on the information then reasonably available to it". At the time of the initial discovery disclosures defense counsel was unaware of even the possibility of calling Daryl Davis as a potential lay witness. In fact, it was not until September 21, one day before filing of the amended witness list, that Defendant Schoep disclosed to defense counsel Daryl Davis and his potential for his testimony as a character witness. As soon as defense counsel was aware of the new development an amended witness list was filed on behalf of Defendant Schoep.

Plaintiffs' last ditch effort to exclude any trial testimony of Daryl Davis or mention of Defendant Schoep's change of heart is to rely on FRE 403. Plaintiffs make the self-serving argument that the information about Defendant Schoep's renunciation of white supremacy is more prejudicial than probative. The Court has broad discretion in determining the admission of evidence under FRE 403. *Laney v. Celotex Corp.*,

---

Defendants Jeff Schoep and NSM. Plaintiffs Counsel continues to treat all the defendants in this litigation as one defendant, when in reality each is a separate entity and should be both treated and addressed as such, regardless if multiple defendants are represented by the same legal counsel. This has been addressed in previous motions, however, Plaintiffs counsel continuously attempts to cloud this court's judgement by inferring that filings entered by an individual defendant are in fact filings made on behalf of all defendants who are represented by the same legal counsel. This is not so. Independent filings are made on behalf of individual defendants, even when the same legal counsel may represent multiple defendants.

901 F.2d 1319, 1320-21 (6th Cir.1990). All evidence is prejudicial to one party or the other. Simply because Plaintiffs' counsel does not want the trier of fact to learn that Defendant Schoep is anything other than a "violent white supremacist"[2] does not justify the exclusion of such evidence under FRE 403. Mr. Davis' testimony contradicts Plaintiffs narrative in this matter and Defendant Schoep must be permitted to present his defense to Plaintiffs' claims. Plaintiffs counsel now seeks to use this Motion *in Limine* in a final attempt to tip the scales in their favor by not allowing a jury to hear all evidence in this litigation. "Trial courts should take care that the informal procedure of *in limine* evidentiary applications is not abused so as to unfairly tip the scales." *Sadek v. Wesley,* 986 N.Y.S.2d 25, 32 (N.Y. App. Div. 2014).

Plaintiffs also argue that if Mr. Davis' testimony is admissible then they are left without sufficient time to "prepare a rebuttal expert." *See* ECF 1242 at 7. However, Mr. Davis is not called upon to be an expert witness so there would be no need for a rebuttal expert. Nor does the defense intend to call Mr. Davis to testify in regards to the events of Unite the Right, rather to the state of mind of Defendant Schoep and his propensity, or lack of, for violence. Whether the witness considers himself an expert in the area of white supremacy or not is irrelevant, Mr. Davis is not being called upon to give an expert testimony. On the contrary, Daryl Davis is called upon as a lay witness to give testimony in the form of an opinion "rationally based on the witness's perception." *See* Fed.Rule Evid. 701. *Vertellus Holdings LLC v. W.R. Grace & Co.-Conn.,* Civil SAG-18-3298, at *1 (D. Md. Aug. 11, 2021) ("A lay witness may "offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived." *United States v. Chapman,* 209 Fed.Appx. 253, 265 (4th Cir. 2006) (quoting *Certain Underwriters*, 232 F.3d at 203). Ultimately, the line

---

[2] *See* Exhibit A.

between lay and expert opinion testimony is "a fine one," and a court must exercise discretion in making the determination. *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017) (quoting *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006)). The Fourth Circuit has emphasized that "the key to Rule 701 lay opinion testimony is that it must arise from personal knowledge or firsthand perception of the witness." *Id*. ") Here, testimony of Daryl Davis is based on his "personal knowledge" of Defendant Schoep and over 30 years personal experience working in race relations. If Plaintiffs are interested in presenting the truth to the Court and jury, they should be eager to have Mr. Davis testify at length.

Plaintiffs have been fully aware of Defendant Schoep's renouncing of white supremacy and the work he has been engaged in since late 2019, not to mention these facts have also been introduced to this court in previous filings. *See* ECF 694.  In their late motion, Plaintiffs question the possible relevance of any evidence in regards to Defendant Schoep's renunciation of white supremacy, but argue that such evidence which may allow the jury to see the defendants as anything other than "violent white supremacists"[3] or "dangerous extremists" would be confusing. When in reality, both Defendant Schoep's character and state of mind *before, during,* and *after* Unite the Right is indeed on trial and therefore relevant. In arguing that certain evidence should be excluded at trial as either irrelevant or prejudicial, Plaintiffs overlook that "Rules 401 and 402 [of the Federal Rules of Evidence] establish the broad principle that relevant evidence— evidence that makes the existence of any fact [that is of consequence] more or less probable—is admissible unless the Rules provide otherwise." *Huddleston v. United States,* 485 U.S. 681, 687 (1988) (emphasis added).

---

[3] *See* Exhibit A - August 16, 2021 Tweet from Amy Spitalnick, "We're committed to bringing these *violent white supremacists* to justice." October 2, 2021 Tweet from Amy Spitalnick, "Civil litigation is a crucial tool to hold *dangerous extremists* accountable." October 5, 2021, Tweet from Integrity First for America, "Can lawsuits really take down *violent white supremacist* organizations."

And, the lay testimony Plaintiffs seek to bar Defendants from using is relevant to a key elements in this case and, thus, should not be excluded. Plaintiffs' arguments regarding "prejudice" are similarly unfounded. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." See *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citation omitted). Because none of the testimony identified by Plaintiffs is unfairly prejudicial, Rule 403 does not bar Defendant Schoep from using it.

For the reasons set forth above, Defendant Schoep, by and through counsel, respectfully asks the Court deny in its entirety the Plaintiffs' Motion *in Limine*, ECF 1242.

Dated: October 19, 2021

Respectfully Submitted,

/s/ W.Edward ReBrook, IV
W. Edward ReBrook, IV, Esq. (VBA #84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
(571) 215-9006 (phone)
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the case, as well as all ECF-registered *pro se* parties.

I hereby further certify that on October 19, 2021, I served a copy of the foregoing on the following non-ECF *pro se* parties, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby further certify that on October 19, 2021, I served a copy of the foregoing on the following non-ECF *pro se* party, via first-class mail, as follows:

Christopher Cantwell (00991-509)
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV, Esq. (VBA #84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
(571) 215-9006 (phone)
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*