UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,<br><br>                    Plaintiffs,<br><br>         v.<br><br>JASON KESSLER, et al.,<br><br>                    Defendants. | Civil Action No. 3:17-cv-00072-NKM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MATTHEW PARROTT, MATTHEW HEIMBACH, AND TRADITIONALIST WORKER PARTY'S MOTION FOR RECONSIDERATION REGARDING THE HEAPHY REPORT**

Having failed to file a timely motion *in limine*, Defendants Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party ("TWP") (collectively "Defendants") seek reconsideration of this Court's October 15, 2021 Order ("Order") excluding the Heaphy Report. *See* ECF No. 1269 (Mot.); ECF No. 1231 (Order).[1] Defendants cite zero case law in support of that late-breaking request. Instead, they merely assert, with barely any argument, that the Heaphy Report is admissible under the residual hearsay exception set forth in Federal Rule of Evidence 807. Mot. at 1. As Plaintiffs have already explained in their Motion *in Limine* to Prelude the Heaphy Report, and as this Court tacitly acknowledged when it granted that motion, Defendants' argument is meritless. ECF No. 1145 at 10-11; ECF No. 1231.

Defendants do not attempt to meet the standard for reconsideration. They also offer no legitimate reason for this Court to depart from its well-reasoned conclusion that the Heaphy Report

---

[1] For a full recitation of the relevant factual background, Plaintiffs refer back to Motion *in Limine* to Preclude the Heaphy Report, ECF No. 1145 at 1-7, as well as this Court's order granting that motion, ECF No. 1231.

is inadmissible hearsay. They point to no new facts, no new evidence, no new developments in the litigation, and no intervening change in the law to justify reconsideration of this Court's prior ruling. Instead, they seek to relitigate an argument that Plaintiffs have already raised, which Defendants did not oppose, and this Court has already considered.

But even if this Court were to reconsider Defendants' belated arguments about the residual hearsay exception, it should reject them on the merits. The residual exception is reserved for "exceptional circumstances" which are not present here. To fall within that exceedingly narrow exception, Defendants must surmount several obstacles. They must demonstrate that the Heaphy Report is "supported by sufficient guarantees of trustworthiness" (including any evidence corroborating the statements made in the Report); they must show that the Report is more probative than any other evidence that Defendants can obtain through reasonable efforts; and they must demonstrate that each statement they seek to introduce from the Report is admissible. Fed. R. Evid. 805, 807(a).

Defendants have not even tried to surmount these hurdles in their three-paragraph motion. Nor could they. The Report is a paragon of speculation, riddled with multiple layers of untested hearsay statements, often from unnamed sources. Defendants have failed to point to any "corroborating evidence" supporting the reliability of the Report (or any of the statements contained within it, many of which are themselves hearsay). Moreover, the Report is not more probative than other means of evidence Defendants could have procured (such as live testimony), had they bothered to take reasonable and diligent steps during discovery instead of waiting until the eve of trial.

For these reasons, the Court should reject, yet again, Defendants' latest bid to skirt the Rules of Evidence and shoehorn a 207-page report rife with speculative, out-of-court statements into evidence. The motion for reconsideration should be denied.

## ARGUMENT

1.  To succeed on a motion for reconsideration, Defendants must point to "an intervening change in controlling law," "new evidence," or "a clear error of law". *Sutphin v. Ethicon, Inc.*, No. 2:14-cv-01379, 2020 WL 5269409, at *1 (S.D.W. Va. Sept. 3, 2020) (applying reconsideration standard to motion *in limine*) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Defendants do not attempt to carry this heavy burden. They have made "no new arguments nor [did they] present[] any new evidence which would support reconsideration of the Court's prior order." *United States v. Myles*, No. 5:15-cr-172-2, 2018 WL 1129973, at *1 (E.D.N.C. Mar. 1, 2018); *see also BMG Rts. Mgmt. (US) LLC v. Cox Enters., Inc.*, No. 1:14-cv-1611, 2018 WL 4444011, at *2 (E.D. Va. Aug. 9, 2018) ("declin[ing] to depart from its previous [motion in *limine*] ruling" because the motion to reconsider did not raise any issues that were "new to [the] case, or even to [the] motion in *limine*").

As Defendants acknowledge, Plaintiffs raised the Rule 807 issue in prior briefing and explained why the residual hearsay exception did not apply to the Heaphy Report or any of the countless hearsay statements contained within it. ECF No. 1145 at 10-11. Defendants Heimbach, Parrott, and TWP could have opposed that motion, or they could have filed their own motion *in limine* seeking admission of the Heaphy Report. But they failed to take either step by the court-ordered deadlines. Now, they invite this Court to reconsider its well-reasoned order deeming the Heaphy Report inadmissible. The Court should not accept that misguided invitation. It is blackletter law that motions to reconsider may not be used "to raise arguments which could have been raised prior to the issuance of [the prior order], nor may they be used to argue a case under a

3

Case 3:17-cv-00072-NKM-JCH   Document 1278   Filed 10/21/21   Page 4 of 11   Pageid#: 21278

novel legal theory that the party had the ability to address in the first instance." *Sutphin*, 2020 WL 5269409, at *1 (citation omitted). If Defendants wanted to admit the Heaphy Report under Rule 807, they had ample opportunity to do so within the deadlines established by the Court. Defendants' thirteenth-hour attempt to renew legal arguments that they could have made (and that have already been briefed by Plaintiffs and considered by the Court) should not be permitted, especially in light of the impending trial.

      2.      Defendants also have failed to satisfy the demanding standard for the residual exception to the hearsay rule. Under Rule 807, a court may admit otherwise inadmissible hearsay only if (1) "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement," and (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). The residual hearsay exception is only "meant to be invoked sparingly" and "used very rarely, and only in exceptional circumstances." *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir. 1984) (internal citation and quotation marks omitted); *In re C.R. Bard, Inc., MDL No. 2187, Pelvic Repair Sys. Prods. Liab. Litig.*, 810 F.3d 913, 925 (4th Cir. 2016) ("[T]he residual hearsay exception was meant to be invoked sparingly." (internal quotation marks omitted)); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-cv-01362, 2021 WL 1622526, at *4 (S.D.W. Va. Apr. 26, 2021) ("Rule 807 is still intended to be a last resort." (alteration and internal quotation marks omitted)).

      Defendants make the conclusory assertion that "the circumstances surrounding [the Report] are extraordinary, and it possesses extraordinary indicia of trustworthiness and reliability." Mot. at 1. The Report lacks any indicia of "trustworthiness" whatsoever under Rule 807. The

4

Report is a privately commissioned document, completed in three months, based on hundreds of witness interviews and countless documents (many of which are unknown). ECF No. 1145 at 3-4. It is shot through with hundreds of hearsay statements, often from unnamed second- and third-hand sources. ECF No. 1145-1, at 138 ("Someone stopped him and said that a Unite The Right member had drawn a firearm, but then Brown heard the sound of heavy sticks hitting the pavement."); *id.* at 128 ("Officers in Zone 5 watched as militia stepped in to separate people."); *id* at 131 ("CPD officers standing next to them turned and said, 'What are we doing? Are we going in?'"); *id.* at 132 ("The witness was incredulous that police would allow the fights to go on, but the trooper reiterated, 'That is our policy.'"). Defendants have not only failed to demonstrate how the Report is trustworthy, they also have failed to explain how each additional layer of hearsay contained in the Report is itself trustworthy and admissible.[2] *See* Fed. R. Evid. 805; *United States v. Wylie*, 705 F.2d 1388, 1390 (4th Cir. 1983) ("In affidavits containing two layers of hearsay, the same two-prong test must be applied to each level of hearsay."); *Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, 871 F. Supp. 2d 498, 505–06 (E.D. Va. 2012) ( "[T]he proffered testimony . . . must be excluded under the hearsay rule because statements made to them . . . were based exclusively on second-level hearsay from declarants—who were in many instances unidentified—whose personal knowledge . . . cannot be established on this record."); *Earhart v. Countrywide Bank, FSB*, No. 3:08-cv-238, 2009 WL 2998055, at *3 (W.D.N.C. Sept. 15, 2009) (party "did not meet the exceptional circumstances" required for admission under Rule 807 because the party

---

[2] Plaintiffs also note that Defendants failed to satisfy the notice requirements of Rule 807(b), which require a proponent to give "reasonable notice of the intent to offer the statement—*including its substance and the declarant's name*—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b) (emphasis added); *Earhart v. Countrywide Bank, FSB*, No. 3:08-cv-238, 2009 WL 2998055, at *3 (W.D.N.C. Sept. 15, 2009) ("Additionally, the notice requirements of the residual hearsay rule are strictly construed." (alteration and internal quotation marks omitted)); *id.* (noting that proponent "failed to notify [opposing party] of his reliance on Rule 807 and failed to provide the names and addresses of the specific lenders who supplied the information in the statements of credit denials").

"offered no indication regarding the trustworthiness of information given by various unidentified [declarants]" within the proffered credit statements).

Moreover, Defendants have not adduced any evidence to corroborate the Report or its contents; they merely state, without support, that it "is the only independent investigation of these events in existence." Mot. at 1 (emphasis omitted). But that assertion is no substitute for actual facts or evidence supporting the reliability of the Report. Defendants' claim that the Heaphy Report is presumptively reliable (and thus admissible) because it is "independent" is unsupported by any case law and would expand the residual hearsay exception beyond its narrow confines. At bottom, Defendants' "[c]ircumstantial guarantees of trustworthiness" are nothing more than self-serving assurances "clearly aligned with the defendant[s]," and do not merit admission under the residual exception. *United States v. Arigbede*, 854 F.2d 1318, at *4 (4th Cir. 1988) (table decision); *W. Insulation, LP v. Moore*, 242 F. App'x 112, 122 (4th Cir. 2007).

Lastly, the Report is not more probative than other evidence that Defendants may procure through reasonable efforts. Many of defendants in this case have listed certain police officers who were cited in the Heaphy Report as potential trial witnesses. ECF No. 1141 at 2; ECF No. 1086 at 2. "[C]learly it would have been more probative to produce the testimony" of the officers themselves "rather than secondhand accounts." *Moore*, 242 F. App'x at 122; *see also In re C.R. Bard*, 810 F.3d at 925 (declining to apply residual hearsay exception where hearsay evidence "was hardly the best evidence available"); *Earhart*, 2009 WL 2998055, at *3 (declining to apply residual hearsay exception where proponent of hearsay "failed to explain why the testimony from lenders could not be obtained through reasonable efforts").

3. Finally, as Plaintiffs have previously explained, even if the Heaphy Report could survive the hearsay bar, it would still be inadmissible under Rule 403. *See* ECF No. 1145 at 12-

6

13. To the extent Defendants could proffer anything probative from the Report, this would be far outweighed by the risk that the jury might be confused and misled into accepting the Report's untested assertions as gospel on the basis of some imprimatur of reliability to which the Report is not entitled. *See Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, No. 08-cv-2764, 2011 WL 862729, at *2 (D. Md. Mar. 10, 2011); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 714 (4th Cir. 2021).

    4.    Plaintiffs respectfully submit that Defendants' baseless motion can and should be denied based solely on the written briefs already submitted.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion for reconsideration.

Date: October 21, 2021

Respectfully submitted,

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch *(pro hac vice)*
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
mbloch@kaplanhecker.com

*Counsel for Plaintiffs*

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (pro hac vice)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Emily C. Cole (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan R. Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
ecole@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
Matteo Godi (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
gsanchez@paulweiss.com
mgodi@paulweiss.com

Makiko Hiromi (*pro hac vice*)
Nicholas A. Butto (*pro hac vice*)
Agbeko Petty (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com
apetty@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Daniel Philip Roy, III (*pro hac vice*)
Allegra Flamm (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
Khary Anderson (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com
droy@cooley.com
aflamm@cooley.com
gseidita@cooley.com
kjanderson@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

I hereby certify that on October 21, 2021, I also served the following via mail and electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell

Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

*and*

Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

_____

Michael L. Bloch (*pro hac vice*)
Kaplan Hecker & Fink LLP

*Counsel for Plaintiffs*

11