IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al., *Plaintiffs,* v. JASON KESSLER, et al., *Defendants.* | No. 3:17-cv-00072-NKM  JURY TRIAL DEMANDED |

### DEFENDANTS DAVID MATTHEW PARROTT, MATTHEW HEIMBACH, AND TRADITIONALIST WORKER PARTY'S REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR RECONSIDERATION REGARDING THE HEAPHY REPORT

Despite Plaintiffs' 12-page opposition brief filed the day after the instant Motion was submitted (made possible, of course, by the virtually unlimited manpower and resources at Plaintiffs' disposal), this Court has absolute discretion to reconsider its prior ruling here. Nothing Plaintiffs could possibly cite changes that.

The Court also indicated, during its October 18, 2021 hearing, that the undersigned could submit this Motion in order to raise an issue unconsidered by the Court regarding a key piece of evidence in this litigation (one that is *far* more probative than anything Plaintiffs could possibly offer about what actually and proximately led to their injuries, yet which, almost paradoxically, they want to hide from the jury): The Heaphy Report. No counsel for other Defendants, nor any *pro se* Defendants, appear to have raised this issue.

The undersigned, having entered into this four-year, 1,300-plus docket entry behemoth of a litigation only six weeks ago, is diligently working to get up to speed in time for trial; in the hearing, the Court recognized this, and indicated that it would be acceptable for the undersigned

to file a basic written motion (such that the opposition was noticed, so that the Court would even have the authority to hear the issue) and then supplement that with argument and citations by way of oral argument. That is what he is doing here; the Court should not entertain Plaintiffs' litany of lame, cheap excuses for why it should refuse to consider admitting the Heaphy Report — an extraordinary document, created in extraordinary circumstances, and possessing extraordinary indicia of trustworthiness and reliability — under the most obviously applicable exception to the hearsay rule here, which is the Rule 807 residual exception.[1]

The undersigned talks much, much faster than he is able to write, and he certainly does not mind if such oral argument is transcribed verbatim (which already is being done for such hearings, anyway) and simply attached to the Motion in place of his written argument. He also does not mind if Plaintiffs' counsel wishes to respond to such oral argument with a written reply (in addition to its own oral argument) so that they can get in "the last word" on the issue. (The undersigned knows how much Plaintiffs' counsel likes that.)

---

[1]     While there are some plausible textual arguments that can be made (although apparently were not) regarding the public records exception — e.g., "statement" by the City of Charlottesville occurred when they voluntarily made the Report public despite having no legal obligation to do so; Federal Rule of Evidence 803(8)(A)(ii) does not exclude from the scope of the exception "statements of a public office" (such as the police department, through its officers) where it sets out "a matter observed [by law enforcement personnel] while under a legal duty to report (remember, the Report verified that the City of Charlottesville promised unfettered access and full cooperation, presumably meaning that its employees were, at least from that moment forward, under a "legal duty to report" regarding anything Heaphy asked them, and could lawfully be terminated for refusing to do so); the investigation was "legally authorized" because the City of Charlottesville authorized it, paid for it, and published the accompanying 212-page Report once it was completed — the undersigned believes that the residual exception of Rule 807, to which the Heaphy Report applies in a much more direct and straightforward way, is far more relevant and appropriate here. The Court need not split hairs with Rule 803(8) when Rule 807 already provides both the authority for admitting the report into evidence, as well as the public policy basis (i.e., its extraordinary character, in every way demanded by the text of the Rule and cases interpreting it) for doing so.

- 3 -

Respectfully submitted,

*/s/ Joshua Smith*
Joshua Smith, Esq.
Pennsylvania Bar ID No. 207585
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
(917) 567-3168 (phone)
joshsmith2020@gmail.com

*Counsel for Defendants David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

Dated: October 22, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the case, as well as all ECF-registered *pro se* parties.

I hereby further certify that on October 22, 2021, I served a copy of the foregoing on the following non-ECF *pro se* parties, via electronic mail, as follows:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby further certify that on October 22, 2021, I served a copy of the foregoing on the following non-ECF *pro se* party, via first-class mail, as follows:

Christopher Cantwell (00991-509)
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

    */s/ Joshua Smith*
    Joshua Smith, Esq.
    Pennsylvania Bar ID No. 207585
    Smith LLC
    807 Crane Avenue
    Pittsburgh, Pennsylvania 15216
    (917) 567-3168 (phone)
    joshsmith2020@gmail.com

    *Counsel for Defendants David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*