# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on two related motions filed by Defendant Christopher Cantwell, proceeding *pro se*. He titled these motions: (1) "Motion in *Limine* for a Determination that Bias Against Those Who Identify as 'Jews' Is Not a Form of 'Class Based Invidiously Discriminatory Animus' Prohibited by 42 U.S.C. § 1985(3)," Dkt. 1085; and (2) "Motion in *Limine* to Exclude All Evidence of Defendants' Perceived Biases Against Those Who Identify as 'Jews' Pursuant to Fed. R. Evid. 401, 402, and 403," Dkt. 1088.

Both of these motions are predicated upon an argument Mr. Cantwell advances that "bias against those who identify as Jews or practice Judaism is not a form of 'class based invidiously discriminatory animus' prohibited by 42 U.S.C. § 1985(3)," the principal statute under which Plaintiffs bring their claim. Dkt. 1085 at 2; *id.* at 5 (¶ 7); *see also* Dkt. 1088 at 1 (¶ 1) (citing and relying upon arguments in Dkt. 1085), *id.* at 4 (¶ 9). However, as this Court stated on the record at the Court's status conference of October 20, 2021, this Court is governed by Fourth Circuit law on the issue. And published Fourth Circuit precedent holds that "religious discrimination, being akin to invidious racial bias, falls within the ambit of § 1985[3]." *Ward v. Connor*, 657

F.2d 45, 48 (4th Cir. 1981).[1] Mr. Cantwell largely relies instead on a Fourth Circuit case in which the Supreme Court reversed the judgment of the Fourth Circuit, and in which the Supreme Court held that "*Jews and Arabs were among the peoples then considered to be ... within the protection of*" another federal civil rights statute, 42 U.S.C. § 1982. *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617–18 (1987) (emphasis added). Nor has Mr. Cantwell cited Supreme Court or Fourth Circuit published precedent contrary to *Ward v. Connor*. And because such precedent supports the relevancy of discrimination against both Black and Jewish people to meet the elements of a § 1985(3) conspiracy claim, specifically the element of discriminatory animus, the Court will **DENY** Cantwell's motions. Dkts. 1085, 1088.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to the parties.

Entered this  22nd   day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *See also, e.g.*, *Trerice v. Summons*, 775 F.2d 1081, 1085 (4th Cir. 1985) (holding that the plaintiff's "cause of action based on § 1985(3) must fail," because "Plaintiff did not allege that Trerice was in a racial or religious classification"); *Holman v. Wooten*, No. 4:09-cv-1634, 2010 WL 3895684, at *2 (D.S.C. Sept. 30, 2010) ("[I]n the Fourth Circuit, Section 1985(3) claims are limited to claims of racial and/or religious discrimination.") (citation omitted); *Words of Faith Fellowship, Inc. v. Rutherford Cty Dep't of Soc. Servs.*, 329 F. Supp. 2d 675, 689 (W.D.N.C. 2004) ("[T]he Fourth Circuit has stated that 'religious discrimination … falls within the ambit' of the statute," 1985(3)).