# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Plaintiffs have filed, less than a week before trial, a "Motion to Deem Established That Defendants Elliott Kline and Robert 'Azzmador' Ray Committed Certain Specific Overt Acts." Dkt. 1265. Plaintiffs contend that they filed, "[a]t the invitation of the Court," a motion for an order that Defendants Kline and Ray "each committed a *specific* overt act in furtherance of the conspiracy to commit racially motivated violence." *Id.* at 1. Plaintiffs argue that these requests follow from the prior Orders of Magistrate Judge Hoppe granting in part and denying in part Plaintiffs requests for evidentiary sanctions. *Id.* at 2. In Plaintiffs' view, their current motion remedies prior deficiencies noted by Judge Hoppe, and upon which he denied without prejudice their requests that the Court deem established that Kline and Ray each "committed multiple overt acts in furtherance of the conspiracy." *Id.*

Plaintiffs' Request as to Kline

Plaintiffs request that the Court deem established as a fact the following statement in its entirety: "On August 12, 2017, Kline directed other marchers into physical assaults, violence, and intimidation against counter protestors. Kline also participated in that violence by assisting Ben Daley in an attack on a counter-protestor; more specifically, Kline threw an already bleeding

1

counter protestor into the pavement. In doing so, Kline committed an overt act in furtherance of the conspiracy to commit racially motivated violence at the Unite the Right event in Charlottesville, Virginia on August 12, 2017." Dkt. 1265 at 4, 5–6.

The Court **finds** that Plaintiffs' motion that the Court deem established the requested fact as against Kline will be **denied**. Plaintiffs' motion for sanctions follows from a ruling by Judge Hoppe on November 30, 2020, in which he granted in part and denied in part Plaintiffs' motion for sanctions as against Kline. *See* Dkt. 910. While the ruling did, at that time, afford Plaintiffs the option to "resubmit for the Court's consideration proposed findings that Kline committed *specific* over acts or acts of intimidation and violence in furtherance of the agreement to commit racially-motivated violence," *id.* at 41–42, that "invitation" to which Plaintiffs refer is now quite stale, Dkt. 1265 at 1. While there is no set time limit for a litigant to bring a motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2), they still must be brought in a reasonable time. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756–57 (7th Cir. 1994); *Knight v. Boehringer Ingelheim Pharm.*, 323 F. Supp. 3d 837, 859 (S.D. W. Va. 2018) (citing cases). Plaintiffs cite no reason why their follow-on request for sanctions could not have been brought sooner, or why it could only have been filed after the Court's deadline for other final pre-trial motions, such as motions *in limine*, *see* Dkt. 991 at 1. Of course, Plaintiffs will still have the opportunity to present to the jury the underlying evidence that they cite in support of their request, and to argue to the jury that such evidence (and other evidence) satisfies the "overt act" element they seek to deem established. *See* Dkt. 1265 at 4–5. However, Plaintiffs' new request for new evidentiary sanctions, just days before trial, comes too late.

Plaintiffs' Request as to Ray

Plaintiffs also seek to have the Court deem the following as an established fact at trial: "While attending the torchlight march on August 11, 2017, Ray maliciously and indiscriminately maced several counter protestors, and, in doing so, committed an overt act in furtherance of the conspiracy to commit racially motivated violence in Charlottesville, Virginia on August 11-12, 2017." *Id.* at 3, 5.

Unlike Plaintiffs' request for new evidentiary sanctions as against Kline, their request as to Ray came within a reasonable time following Judge Hoppe's underlying Order granting in part and denying in part Plaintiffs' request for sanctions. *See* Dkt. 1106. At bottom, Plaintiffs' request as to Ray is grounded upon the argument that their new submission satisfies an issue raised by Judge Hoppe in denying their request in the first instance—namely, that "Plaintiffs' proposed language was insufficiently specific or was unsupported by the evidentiary submissions Plaintiffs offered at the time." Dkt. 1265 at 2. While the new requested admitted fact is more specific, the evidence Plaintiffs cite for the proposition that "Ray's making of counter protestors was intended to further the conspiracy," *id.* at 3–4, was nearly identical to that which had been submitted to Judge Hoppe. *Compare* Dkt. 1265 at 3–4, *with* Dkt. 1028 at 2–3.

The Court **finds** that Plaintiffs' request as to Ray will be **denied**. Plaintiffs have not made any more substantial factual showing in support of their request than that previously made to Judge Hoppe. Nor have they shown any demonstrated need that the Court impose this additional sanction sought as to Ray. And Plaintiffs' brief does not substantiate why the imposition of this additional sanction would more effectively satisfy the relevant factors in *Southern States*, such as ensuring greater deterrence for non-compliance with Court orders; nor why earlier measures sought by Plaintiffs and that were included in Judge Hoppe's Order of September 22, 2021 (Dkt.

1106), would not be sufficient to achieve those objectives. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (citation omitted) (holding that the court must consider "the need for deterrence of the particular sort of non-compliance" and "whether less drastic sanctions would … be[] effective"). Plaintiffs will still be able to present the evidence cited to the jury to try to persuade them that such evidence (and other evidence) satisfies the "overt act" element they seek to deem established.

For these reasons, Plaintiffs' "Motion to Deem Established that Defendants Elliott Kline and Robert 'Azzmador' Ray Committed Certain Specific Overt Acts," is **DENIED**. Dkt. 1265.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Entered this   22nd   day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE