# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Defendant Christopher Cantwell, proceeding *pro se*, has filed a motion entitled "Motion in *Limine* to Permit Cantwell Court Clothes and Bar Evidence, Testimony, or Argument of his Current Incarceration." Dkt. 1161. Therein, Mr. Cantwell requests that the Court permit him to wear "Courtroom appropriate attire" rather than a prison jumpsuit in the presence of the jury. *Id.* at 2. Mr. Cantwell has stated that he "can have clothing delivered." Dkt. 1273 at 18 (Hr'g Tr. of Oct. 20, 2021 Hr'g). Further, he contends that the Court "should exclude evidence, testimony, or argument about Cantwell's current incarceration." Dkt. 1161 at 2.

In response to his motion, Plaintiffs asserted that they "do not intend to affirmatively introduce evidence of Cantwell's incarceration." Dkt. 1193 at 9. Plaintiffs have "no issue at the outset as to not mentioning Mr. Cantwell's incarceration or his wearing court clothes." Dkt. 1273 at 18–19. However, Plaintiffs have noted that, if Mr. Cantwell *should* raise an argument to the jury that "his current incarceration negatively impacted" his ability to prepare his defense, such argument to the jury "would surely open the door to evidence and questioning regarding his current incarceration." Dkt. 1193 at 10.

Upon consideration of the parties' briefs on these issues and the argument at the status conference of October 20, 2021, there is no dispute Mr. Cantwell should be permitted to wear court-appropriate attire, and that Plaintiffs will not affirmatively raise the issue of his current incarceration at trial. Nor is there any present indication that Mr. Cantwell will seek to raise to the jury an argument of the nature identified by Plaintiffs, such as might "open[ ] the door" to the issue and make Mr. Cantwell's incarceration relevant. *See* Dkt. 1273 at 19–20.

Accordingly, the Court will **GRANT in part** Mr. Cantwell's motion, concerning his request to wear court-appropriate attire, and, subject to the conditions set forth above, that Mr. Cantwell's current incarceration not be raised affirmatively at trial. Dkt. 1161. However, the latter ruling shall be subject to revisitation if Mr. Cantwell's arguments at trial affirmatively make the issue of his current incarceration relevant.[*]

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record and to the U.S. Marshals Service.

Entered this 22nd day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[*] The Court will separately address Mr. Cantwell's separate "Motion in *Limine* to Exclude Evidence of Cantwell's Prior Alleged Felonious Conduct." Dkt. 1124. And the Court will address with the U.S. Marshals Service Mr. Cantwell's request that he be permitted to not wear handcuffs at trial. Dkt. 1161 at 2 (¶ 6).