# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Before the Court is a motion to reconsider from Defendants Matthew Heimbach, Matthew Parrot, and Traditionalist Worker Party ("Movant-Defendants"). Dkt. 1269. The Court has considered that motion, Plaintiffs' opposition thereto, Dkt. 1278, Movant-Defendants' reply, Dkt. 1282, and heard argument upon the motion upon Movant-Defendants' request.

The Court previously ruled that the "Heaphy Report" is not excepted from the general rule against hearsay, Fed. R. Evid. 802, as a public record within the meaning of Rule 803 of the Federal Rules of Evidence. *See* Dkt. 1231. Movant-Defendants now urge the Court to nevertheless find the Heaphy Report admissible for its truth under Rule 807, the residual exception to the hearsay rule. The motion will be denied.

Rule 807 states:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

1

>> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Rule 807 is "a narrow exception that should not be construed broadly. To construe it broadly would easily cause the exception to swallow the rule." *U.S. v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998); *see also United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir. 1984) (writing that the legislative history of the rule warns it is to be used "very rarely, and only in exceptional circumstances").

This narrow exception has been found appropriate to admit child victim hearsay in sexual assault cases, grand jury testimony offered by the prosecution, and videotaped statements of unavailable witnesses. Wright and Miller, Fed. Prac. & Proc. § 7067 (3d ed. 2021). In *Dunford*, for example, the Fourth Circuit affirmed a district court's decision to admit the out-of-court statements of child abuse victims who later recanted. 148 F.3d at 387. Dunford was convicted of drug and gun offenses based in part on out-of-court statements made by his daughters. Though the daughters recanted their prior statements before trial, the court admitted the hearsay testimony of social workers, a police officer, and an assistant principal who heard their statements because "[t]he serious nature of the repeated statements made by the children to government officials as well as the consistency of their stories given to those officials provide clear indicia of the trustworthiness of their statements." *Id*. at 392–93.

These examples in which courts have ruled the residual exception applies as to certain statements, such as a child's "statement" that her father was abusive, stand in stark contrast with Movant-Defendants' attempt to use it to introduce into evidence the entirety of a 220-page report. A district court may more readily analyze independent guarantees of trustworthiness and the unique probative value of any particular "hearsay statement" or statements. And for these

reasons, the Court previously allowed Defendants another chance to request that the Court admit "specific excerpts" of the Heaphy Report. Dkt. 1231 at 3–4. But no defendant has taken the Court up on that suggestion. Instead, Movant-Defendants sought admission of the entirety of the Report. However, such a test as that required by Rule 807's text is ill-suited, to say the least, to a document containing hundreds of statements based on myriad sources—including a wide-range of factual findings, opinions as to fault on multiple matters, and numerous instances of hearsay-within-hearsay. The very nature of the residual exception's test excludes the Heaphy Report from its scope. Movant-Defendants have not cited any precedent that supports application of Rule 807, and the plain text of the rule demonstrates its inapplicability here. The residual exception cannot be construed so broadly as to admit the Report as a whole.

For these reasons, Movant-Defendants' motion, Dkt. 1269, is **DENIED**.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Entered: This 22nd day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE