In the United States District Court for the
Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants - Civil Case No. 3:17-cv-072

Defendant's Motion to Exclude Undisclosed "Expert" Testimony.

Comes now, the Defendant, Christopher Cantwell, and, he moves this Court to exclude "Expert" testimony from witnesses Blee, Simi, and Lipstadt. In support he states as follows.

1) Cantwell has previously moved to limit or exclude testimony from Plaintiffs' supposed experts on the grounds that it is irrelevant, inflamatory, based on hearsay, based on improperly noticed depositions, largely redacted, and not timely disclosed. Those arguments are incorporated by reference herein.

2) As noted in the attached sworn Declaration, Plaintiffs' counsel have had remarkable success cutting through bureacrack and communicating with Cantwell as much or as little as they please, accepting or rejecting his calls as it suits them, while summoning him at will for Zoom meetings, phone calls, and most recently fax and postal document dumps which are self evidently selective.

-1-

3) At issue in this motion is a fax of 101 pages whose header indicates it should be 116 pages, but at either length does not convey that which it purports to attempt to.

4) Specifically the fax contains incomplete and still redacted versions of the Blee, Simi, and Lipstadt reports, which were composed in July of 2020, but only disclosed to Cantwell in heavily redacted form in April of 2021, then taken from him by the U.S. Government, and only returned in September 2021.

5) Now, a mere 7 days before trial, Cantwell is still without the benefit of knowing just what it is that these supposed experts claim to have such unique insights into, as to justify the burdens they place on his defense.

6) Cantwell has separately moved to delay this trial, and the Plaintiffs have opposed this motion, rather than accepting the opportunity to overcome the evidentiary gaps created by their own conduct.

7) What Cantwell can discern from the bits and pieces delivered much of the previously redacted material appears to be from Discord.

-2-

8) Despite Plaintiffs' reports that they have changed the confidentiality designation of the Discord Material and delivered it to him at USP Marion, their good friends in the U.S. Government and current administration, have thus far declined to let Cantwell review it, or even inform him of its receipt.

9) Consequently, Cantwell has separately moved to exclude the Discord material as undisclosed, and incorporates those arguments by reference herein against testimony based on that inadmissible evidence.

10) Moreover looking at what little can be gathered from this trail of breadcrumbs, it appears, much like the Plaintiffs' complaint, to rely heavily on unattributed and unattributable Discord posts by unidentified people, who, for all we know, could be written by the Plaintiffs themselves, or their co-conspirators, who bragged about infiltrating and exploiting ~~our communications~~ Defendants' communications. Hearsay does not become admissible twice removed.

11) If these supposed ~~ex jett~~ experts are allowed to testify at all, it should only be in the very

-3-

limited capacity that a gang expert might interpret hand signals or code words for drugs in text messages. And at that, only apply such interpretations to exhibits already in evidence, attributable to Defendants.

(2) Permitting undisclosed, inflammatory, irrelevant, and unscientific testimony about the Defendants' inner thoughts, based on inadmissible, undisclosed, and unattributable hearsay, would unjustifiably distract and confuse the jury, and unduly burden Defendants, a far cry from the sort of clarity such interpretive testimony is typically allowed in pursuit of.

(3) Ideally, it should be excluded entirely, since it is absurd, false, in furtherance of alternative theories of liability, and, even at this late hour, undisclosed.

Respectfully Submitted,
Christopher Cantwell 10-17-21

-4-

In the United States District Court for the
Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs vs
Kessler, et al, Defendants - Civil Case No. 3:17-cv-00072-NKM

Sworn Declaration of Christopher Cantwell Regarding Plaintiffs' Disclosure of Confidential Materials

I, Christopher Cantwell, do aver under penalty of perjury on this 19th day of October 2021, that the following is true and correct.

1) On Tuesday, October 12th 2021 I spoke by phone with Plaintiffs' counsel Michael Bloch regarding confidentiality designations for evidence in this case.

2) During the 10/12 call, we agreed to mutually object to the other's confidentiality designations, with the understanding that we would speak again to negotiate the situation, and save the Court from having to decide on those objections.

3) Early afternoon on Friday, October 15th, Grady County Jail staff delivered to me a stack of papers with a fax header at the top indicating a length of 116 pages.

-1-

4) Upon further inspection, these appear to be mostly ~~unre~~ unredacted, though not entirely ~~unredacted~~ unredacted versions of the heavily redacted "expert" witness reports of Ms. Lipstadt and Ms. Blee and Mr. Simi, first delivered to me in April 2021.

5) The final page I received has a fax header indicating it is page 101 of 116. It appears to be Page 48 of the Blee + Simi Report, which I know from memory and context is not the last page.

6) The page with a fax header indicating it is page 50 of 116 appears to be Page 46 of Ms. Lipstadt's report, which I know from memory and context is not the final page of that report.

7) The page with the fax header indicating it is page 51 of 116 appears to be the cover of the Blee and Simi report.

8) Noticing that I was missing pages, I immediately submitted an electronic staff request using the terminal in my unit at the Grady County Jail.

9) Shortly after this I called Plaintiffs' Counsel Michael Bloch, but could not reach him.

-2-

(0) Grady County Jail staff indicated to me that I would not be able to take this or any other papers with me when I am transported from this facility.

(c) Just after midnight on October 16th, Grady County Jail staff delivered to me several pieces of legal mail from the Plaintiffs. The expert reports not among them.

Having so averred, I sayeth no more under oath

Respectfully Submitted
Christopher Cantwell 10-17-21

C Cantwell

-3-