United States District Court for the
Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants - Civil Case No. 3:17-cv-72

Defendant Cantwell's October 16th Letter Brief in Support of ECF 1121

Dear Judge Moon and Judge Hoppe,

In the Plaintiffs' October 12th Opposition to two of my motions, they make a number of false and self contradictory claims. I suspect you'll be able to spot them yourselves, but given the gravity of the issue, I thought it prudent to add my observations to the record.

Firstly, the Plaintiffs improperly conflate ECF 1121 and 1123. This seems an intentional sleight of hand to undermine the stronger argument of ECF 1121, barring alternative theories of liability to those pleaded in the complaint.

The Plaintiffs argue that this represents an untimely dispositive motion for summary judgement. If that is the case, then the Plaintiffs confess that they deceived the Court in their Complaint, or have moved the goalposts after surviving motions to dismiss.

-1-

I am without the benefit of the Plaintiffs' complaint before me to cite specific paragraphs, but a search within the document for the words "conspired" and "conspiracy" will surely suffice to show that this is the allegation which survived a motion to dismiss. Not incitement, not solicitation, not contributory negligence, not aiding and abetting, but Conspiracy.

In the Court's decision denying the motion to dismiss, the Court noted (I paraphrase) that the plausibility of the conspiracy allegation increases with specificity. Knowing this, the Plaintiffs loaded their claim with allegations they knew at the time of filing were untrue, such as the length and nature of Cantwell's Discord usage, which in fact was brief, minimal, and entirely innocent. They also made highly specific allegations they had no cause to believe, such as that I conspired at two separate lunch appointments with Jason Kessler and Richard Spencer, respectively, and at an August 11th meeting at MacIntyre Park.

Having survived dismissal based on these false allegations, the Plaintiffs began their intrusive discovery fishing expedition. To their dismay, but doubtless not to their surprise, they found definitive proof that we did not conspire as alleged, but were in fact conspired against.

-2-

The most obvious examples of this were in my body camera videos, which they did not know about when they filed the initial complaint. These captured an attempt to frame me for a crime, and subsequently the entire August 11th meeting at MacIntyre Park.

Met with this challenge, the Plaintiffs are now showing their true cards. This is about so-called "hate speech" and they have recruited highly paid and well connected "experts" to make facially rediculous claims about coded language, to argue that the Defendants' political views are criminal in nature, and therefore cannot be transmitted without constituting a criminal act.

This is closer to incitement than conspiracy, it is contrary to the claims that survived the motion to dismiss, and a motion in limine is the proper ~~venue~~ vehicle to see this moving of the goalposts proscribed by the Court.

If the Plaintiffs can prove conspiracy, this ~~is~~ is not dispositive. If they cannot prove conspiracy, then they should be the ones filing dispositive motions, not a pro se Defendant.

-37-

The Plaintiffs also expect the Court to accept as undisputed fact, their highly disputed claims that I have availed myself of "Ghostwriters" or that such a determination, if established, would actually have some bearing on the issues raised in the allegedly Ghostwritten motions, which they claim without a shred of evidence are every typewritten page I've submitted since getting to USP Marion.

Recall Plaintiffs' opposition to my motion for a Guardian ad Litem, in which the Plaintiffs lauded my competency as a pro se litigant. Now they say my filings are of too high a quality to have been produced by a sub human intellect such as mine, and oh by the way, the filings are also meritless, untimely, and unduly burdensome for this army of well funded Democrat insiders.

The Plaintiffs, in every respect, want to "have their cake and eat it too". Far more than anything to do with skin color, this kind of unjustifiably empowered hypocrisy animated the Unite the Right Rally. The Defendants in this case constitute an intolerable reminder to Plaintiffs' counsel that their station is wholly undeserved, and they hate us for it.

-4-

But that hate is not proscribed by the 13th amendment. So they are welcomed to it, and yes, we Defendants welcome it ourselves. One can tell a lot about a man by his enemies, and I consider each of mine a trophy.

What is proscribed by law is maliciously filing false complaints with federal court's, and trying to shoe horn size 12 hate speech allegations into size 5 conspiracy heels.

Respectfully Submitted,
Christopher Cantwell
10-16-2021

*(signature)*

Kristopher Cantwell
c/o Smart Communications - Grady County
P.O. Box 9131
Seminole, FL 33775-9131

This correspondence is from an inmate at Grady County Law Enforcement Center. GCLEC is not responsible for content.

Office of the Clerk
US District Court
Western District of VA
Charlottesville Division
255 West Main Street Room 304
Charlottesville, VA 22902