In the United States District Court for the Western District of Virginia - Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants          Civil Case No. 3:17-cv-00072

Defendant Christopher Cantwell's October 21st 2021
Letter Brief in Support of ECF 1114 and ECF 1132

Dear Judge Moon and Judge Hoppe,

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

OCT 22 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

Today I received Plaintiffs' opposition to the above referenced motions of mine, to introduce statements against interest of unavailable witnesses Emily Gorcenski and Dwayne Dixon.

These documents should be as offensive to the Court as they are amusing to me. In them, the Plaintiffs pretend to be unaware of Dixon and Gorcenski's ties to violent Left Wing extremism, and how that might have any bearing on the issues in this case.

The Plaintiffs make these claims of ignorance, despite having been informed, in excruciating detail, of how they fit in to my defense, no later than January of 2020. I filed my "Objection to Evidentiary Sanctions Against Defendant Kline" mere hours before the FBI broke my door down and seized all of my electronics. The Kline objection was adapted from a document I began compiling as soon as I was compelled to fire my attorneys, and lays out the bulk of what I believe the facts to be, and the evidence I was able to gather in support of those facts.

My defense in this case, which I believe is the same or similar to the defense raised by my co-defendants, is two fold.
1. We did not conspire as alleged.
2. The violence that ensued was the result of a conspiracy in which this lawsuit is a continuing course of action. The Plaintiffs either knew or should have known about that conspiracy, and to the extent they actually suffered any damages, they are the authors of their own misfortune.

—1—

I stated earlier, in another motion, or maybe the Plaintiffs'
second amended complaint, speaking from memory, and without
the benefit of either document for reference, one of the Plaintiffs
first paragraphs stated the violence "was no accident".
I replied confirming this, but saying the Defendants were the
victims, not the perpetrators, of the planned criminal
conspiracy. I have said so in countless filings since.

In addition to what I stated in the referenced motions
I detailed the relevance of the videos and other
exhibits in my exhibits list.

The idea that Plaintiffs find it difficult to determine the
purpose of Gorcenski's repeated statements confirming his
Antifa associations, and his unceasing endorsement of
violence against the Defendants, is undeserving of the
assumptions of good faith this court has afforded them
throughout these proceedings.

I am alleging a conspiracy, in much the same way
the Plaintiffs have alleged a conspiracy. The statements
of the conspirators are near the only way to prove
such a thing.

Gorcenski fled the country before my Albemarle criminal
matter concluded. Gorcenski contradicted his own
sworn testimony. He made false exculpatory statements.
He took pictures of me while his co-conspirators attempted
to frame me for brandishing. He has publicly endorsed
violence before, during, and after these events.

If Gorcenski had not fled, he would be confronted with all
of these facts on the stand.

Regarding Mr. Dixon, his statements in the video are
corroborated by his own Facebook posts. They are relevant
beyond the allegations against Mr. Fields, in that the Plaintiffs
accuse me and others of endorsing racially motivated murder,
while knowing we have ample reason to believe Fields was

-2-

wrong. I address this for two important reasons, both because Fields was, in fact, wrongfully convicted, and because it puts the Defendants' statements in context.

Prior to learning of the Plaintiffs' "experts", in April of 2021, I had little concern for proving any of this. The Plaintiffs have no evidence of the Defendants' non-existent conspiracy. As I stated when I learned of these experts, only through the Court's decision on my co-defendants' motion to exclude their testimony, this shifted the burden of proof substantially. That shifted burden prompted the need to prove the conspiracy against the Defendants.

Had the Plaintiffs disclosed these experts to me in a timely manner, as was their obligation, we would not be in this position today. Instead, they sent nearly all correspondence in this case to an email address they knew I could not check for fourteen months, and I only learned of this moving of the goalposts after discovery had closed.

Then, the Plaintiffs sent me a 2TB encrypted hard drive while I was in jail, as if that solved the problem. It did not solve the problem.

Then, the United States Government took that drive away from me, and I only got it back 9-15-2021. Just over two weeks later, on October 4th 2021, I was again separated from this evidence when I was transported for this trial, and though I asked USP Marion Staff to ship it to me, I have gotten no

-3-

Confirmation that this request was honored.

The evidence I seek to admit is real, it is reputable, it is corroborated, it is material to my defense, and the Plaintiffs are deceiving this Court by playing dumb.

Had the Plaintiffs met their obligations, I could have subpoenaed and deposed Dixon and Gorcenski and their other co-conspirators. I could have subpoenaed Twitter to authenticate the Tweets.

I was deprived of these opportunities by their conduct, and they have opposed my motions to continue the trial, reopen discovery, and extend pretrial deadlines.

For these reasons, the evidence should be admitted, Or, my motions to continue, reopen, and extend, should be granted.

Respectfully Submitted,
Christopher Cantwell
10-21-2021