

# SMITH LLC
Joshua Smith, Esq.

October 24, 2021

<u>Via CM/ECF</u>

The Honorable Norman K. Moon
United States District Court for the Western District of Virginia
255 West Main Street
Charlottesville, Virginia 22902

  **Re:** *Sines et al. v. Kessler et al.*, **No. 3:17-cv-00072; ECF No. 1305**

Dear Judge Moon:

  I concur with Mr. Kolenich's response (ECF No. 1307) and vehemently oppose Plaintiffs' eleventh-hour shenanigans (*see* ECF No. 1305). I write to additionally note, for the record, the elephant in the room:

  ***This is totally because of the jury questionnaires.***

  Plaintiffs' counsel want to take a "mulligan" here because, prior to Friday's final pretrial conference, they had their army of jury consultants analyze the jury questionnaires, and concluded (rightly) that they have very little chance of winning their case in front of the eventual jury (even with adverse inferences). In order to manufacture a basis for their mulligan, they've been intentionally not caring about Mr. Cantwell's situation, which they've known about for many months now; that way, if they drew an unfavorable jury pool, they could fake a sudden onset of empathy and concern for Mr. Cantwell's predicament, and bait the Court into postponing the trial with their ridiculous "two Charlottesville trials" (i.e., the regular one, and then some kind of Cantwell-only "mini-trial" a couple years from now) proposal.[1]

  It is also noteworthy that none of the cases Plaintiffs cite have anything to do with a severance request made less than 48 hours before trial. *Mendez v. Leu*, No. 7:20-cv-00046, 2020 WL 534531 (W.D. Va. Feb. 3, 2020) (Moon, J.) involved (as this

---

[1] Plaintiffs disingenuously attempt to lure the Court into a false dichotomy by claiming that the only two viable options here are severance or postponement. Actually, there are two other options that are just as viable, if not more so): (1) We can go forward with the trial exactly as planned, or (2) the Court can sever Mr. Cantwell, but preclude Plaintiffs from making any reference to Mr. Cantwell during this trial, using any of Mr. Cantwell's statements (including his deposition testimony) in any way against any of the remaining Defendants, etc. I suggest the first option (going forward with the trial exactly as planned), particularly because Cantwell is likely a necessary party to this litigation. (*See* ECF No. 1307 at 1.)

807 Crane Avenue #3  917-567-3168 mobile
Pittsburgh, PA 15216  joshsmith2020@gmail.com

- 2 -

Court is no doubt aware) a severance granted at the very beginning of the action (a mere 13 days after the Complaint was filed, in fact). In *Gregory v. FedEx Ground Package Sys., Inc.*, No. 2:10-cv-630, 2012 WL 2396873 (E.D. Va. May 9, 2012) and *Lee v. Jones* 1:14-cv-04159-JMC, 2015 WL 3767347 (D.S.C. June 17, 2015), severance was sought before discovery had even begun.[2] Plaintiffs do not, nor could they, cite to any case in which a severance request *was even entertained* by a court (no less granted) within 48 hours of trial.

Very truly yours,

*/s/ Joshua Smith*
Joshua Smith, Esq.

*Counsel for Defendants David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

---

[2]   No discovery ultimately took place in *Gregory* because the case settled, or in *Lee* because the case was dismissed.