# EXHIBIT A

## **PRELIMINARY INSTRUCTION # X: Conspiracy**

As I explained to you earlier, Plaintiffs allege that the Defendants in this case engaged in a conspiracy to commit racially motivated violence in violation of a federal law, 42 U.S.C. § 1985(3), and also in violation of Virginia law. I will give you more detailed instructions on the legal requirements to prove these claims after the close of evidence. But before the parties begin their opening statements, I want to provide you with a few general instructions regarding the law of conspiracy to help you understand the applicable legal principles.

First, a conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose.[1] While the Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only an unlawful purpose.[2] A conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful.[3]

Plaintiffs do not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the

---

[1] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* 61 (2020 Online Edition) (hereinafter "Ruschky"); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 19 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 17 (W.D. Va. July 17, 2017) (Moon, J.); *see also Simmon*s *v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) ("[A] civil conspiracy under Section 1985 is a combination of two or more persons acting in concert to commit an unlawful act.").

[2] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 18 (W.D. Va. July 17, 2017) (Moon, J.).

[3] *Id.*

scheme.[4] Plaintiffs are not required to produce a written contract or even produce evidence of an express oral agreement spelling out all the details of the understanding.[5] An informal agreement may be sufficient.

By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little evidence of such an agreement.[6] Therefore, Plaintiffs may prove a conspiracy by circumstantial evidence.[7] Circumstantial evidence tending to prove a conspiracy may include evidence of a Defendant's relationship with other members of the conspiracy, the length of any such association, a Defendant's attitude and conduct, and the nature of the conspiracy.[8]

Because there are multiple defendants in this case, you will also need to consider which of the Defendants was a member of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.[9] If a person understands the unlawful nature of a plan

---

[4] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[5] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.).

[6] Ruschky at 61; *Burgos*, 94 F.3d at 857 ("By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement.").

[7] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.).

[8] Ruschky at 61; *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 21 (W.D. Va. July 17, 2017) (Moon, J.); *Burgos*, 94 F.3d at 858 ("Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." (cleaned up)).

[9] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 22 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, Jury Instruction, ECF No. 122, at 24 (W.D.

or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to prove that he was a member of the conspiracy even though the person had not participated before and even though he played only a minor part.[10]

The law holds conspirators liable for all the reasonably foreseeable acts of their co-conspirators.[11] In other words, a Defendant may be held liable even if he did not personally participate in the acts or plans of his co-conspirators or even if the Defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the Defendant.[12] The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of the conspiracy.[13]

---

Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); Ruschky at 61 ("One may be a member of a conspiracy without knowing the full scope of the conspiracy, or all of its members, and without taking part in the full range of its activities over the whole period of its existence.").

[10] *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.); *United States v. Burnley*, No. 6:17-cr-013, ECF No. 122, at 24 (W.D. Va. Nov. 7, 2018) (Moon, J.); *United States v. Stallings*, No. 6:17-cr-008, Jury Instructions, ECF No. 119, at 32 (W.D. Va. Feb. 28, 2019) (Moon, J.); *see also Sines v. Kessler*, No. 3:17-cv-00072, 2021 WL 4037502, at *25 n.8 (W.D. Va. Sep. 3, 2021) ("[A]ll that need be proven is a defendant joined the conspiracy with an understanding of the unlawful nature thereof and willfully joined in the plan on one occasion." (cleaned up)); *see also* 3B Fed. Jury Practice & Instructions § 167:50 (6th ed. 2021) ("If you find plaintiff has proved all of the elements of a conspiracy, then you must find all those defendants whom you do find were members of the conspiracy to be liable for damages done to plaintiff . . . , even if one or more of the defendants did not himself take the action.").

[11] *United States v. Cummings*, 937 F.2d 941, 944 (4th Cir. 1991) (conspiracy law "makes conspirators liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy").

[12] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.); *see also Simmons*, 11 F.4th at 265 ("In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves. In other words, a member of a conspiracy who commits a crime during the existence or life of the conspiracy and commits the crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing the substantive crime may be attributed to other individuals who are at the time members of the conspiracy, so long as the commission of that substantive crime was reasonably foreseeable to those other individuals.").

[13] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.).

Therefore, all of the co-conspirators bear responsibility for acts or plans that are undertaken to further the goals of the conspiracy.[14]

---

[14] *Id.*; *see also* 15A C.J.S. Conspiracy § 22 (2021) ("The fact of a conspiracy, if proved, makes the act of any one conspirator chargeable to all and thus allows for the imposition of joint and several liability for acts of coconspirators committed in furtherance of the common design or conspiracy.").

## **PRELIMINARY INSTRUCTION # X: Evidentiary Sanctions**

As previously discussed, this case is a federal civil action. In this type of case, parties are entitled to the disclosure of all relevant, non-privileged evidence the other side possesses or controls, including relevant documents and electronically stored information, such as a defendant's computer files, emails, text messages, online chats, social media accounts, and call logs. This pre-trial process is known as "discovery." As part of discovery, Plaintiffs are also entitled to take the deposition of each Defendant, which, as mentioned above, means to ask them questions under oath. At a deposition, a defendant must give truthful and fulsome responses to plaintiffs' questions.

During the discovery process in this case, I found, as a matter of law, that Defendants Elliott Kline, Robert "Azzmador" Ray, Vanguard America, and Nationalist Socialist Movement repeatedly failed to comply with their discovery obligations, including by destroying, failing to preserve, or failing to provide Plaintiffs with evidence of communications, documents, and electronically stored information relevant to their case.[15] In addition, I found that, in refusing to comply with their discovery obligations, these Defendants acted with bad faith and caused the Plaintiffs prejudice. To level the evidentiary playing field that may have been skewed as a result of these Defendants' misconduct, I have issued appropriate sanctions against each of them. As a result, you are instructed as to the following.

First, you are instructed that the following facts are established as true against

---

[15] Plaintiffs respectfully reserve the right to supplement their proposed adverse inference jury instructions should the court subsequently rule on Plaintiffs' pending motion for modification of Judge Hoppe's October 15, 2021, Order on Sanctions Against Defendant James Alex Fields, Jr. ECF No. 1266; *see also* ECF No. 1289 (opposing that motion in part).

Defendant Elliott Kline for purposes of this case:[16]

- Defendant Kline was one of the leaders of Identity Evropa from April 2017 through at least August 2017;

- Defendant Kline entered into an agreement with one or more coconspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11 and 12, 2017;

- Defendant Kline was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia;

- It was reasonably foreseeable to Defendant Kline and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the events in Charlottesville, Virginia on August 11 and 12, 2017; and

- After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Kline ratified the racially motivated violence at the event.

Second, you are instructed that the followings facts are established as true against

Defendant Robert "Azzmador" Ray for purposes of this case:[17]

- Defendant Ray was a writer for *The Daily Stormer* from at least July 2016 through at least March 2020;

- Defendant Ray entered into an agreement with one or more coconspirators to engage in racially motivated violence in Charlottesville, Virginia on August 11 and 12, 2017;

- Defendant Ray was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia;

- It was reasonably foreseeable to Defendant Ray and intended by him that coconspirators would commit acts of racially motivated violence and intimidation at the events in Charlottesville, Virginia on August 11 and 12, 2017; and

- After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Ray ratified the racially motivated violence that occurred at Unite the Right.

---

[16] *See* ECF No. 910.
[17] ECF No. 1106.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party. The facts deemed established, which I just listed, are admitted only as to Defendants Elliott Kline and Robert "Azzmador" Ray, respectively. Thus, taking those facts as true for this case against Elliott Kline and Robert "Azzmador" Ray does not relieve Plaintiffs of their burden to prove by a preponderance of the evidence the conduct committed by the other Defendants in the case.

Third, you are instructed that Defendants Elliott Kline, Robert "Azzmador" Ray, Matthew Heimbach, Nationalist Socialist Movement, and Vanguard America intentionally withheld or destroyed documents and electronically stored information they were required to produce to Plaintiffs. You are instructed that you are permitted, but not required, to infer that they did so because they were aware that such documents and electronically stored information contained evidence that they each conspired to plan racially-motivated violence at Unite the Right.[18]

---

[18] *See* ECF Nos. 910, 933, 936, 982, 1295.