# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> <u>ORDER</u> <br><br> JUDGE NORMAN K. MOON |

Before the Court is the motion of Defendant Richard Spencer, proceeding *pro se*, seeking reconsideration of the Magistrate Judge's order granting Plaintiffs' motion to strike Mr. Spencer's motion for summary judgment as untimely, Dkt. 957 (motion to reconsider); Dkt. 952 (order of Magistrate Judge), as well as Plaintiffs' opposition thereto, Dkt. 971.

As Mr. Spencer acknowledged, there is no dispute over the "basic facts of this controversy," Dkt. 957 at 1, that: (1) he did not file a motion for summary judgment by the Court's deadline for filing dispositive motions, (2) he did not seek an extension of time to file such motion before the deadline had expired, (3) when he raised the issue of filing a motion for summary judgment out of time, this Court directed that he take the request up with the Magistrate Judge, as pretrial scheduling matters were "still in his hands," (4) following the status conference, the Magistrate Judge suspended some forthcoming deadlines but made clear that the suspension did "not apply to deadlines that ha[d] already passed or to motions that [were] currently pending," but rather instructed "[a]ny party seeking to extend an expired deadline" to move for such relief within fourteen days "showing the party failed to act because of excusable neglect and there is good cause to extend the time previously allowed," (5) Mr. Spencer did not

1

file any motion seeking to extend his deadline to file for summary judgment by the time allowed by the Magistrate Judge, and only then (6) several weeks later he filed an untimely motion for summary judgment which did not acknowledge that his motion was late or attempt to demonstrate excusable neglect. *See* Dkt. 952 at 1–3; *see also* Dkt. 957 at 1–2 (motion acknowledging background).

      Mr. Spencer argues that his attorney's withdrawal before the deadline meant that he had to draft the summary judgment motion, Dkt. 957 at 2–3, however the Magistrate Judge specifically warned Mr. Spencer that "[u]nless and until new counsel enters an appearance on [his] behalf, he is solely responsible for conducting his defense in accordance with all rules, court orders, and deadlines in this case," and that neither the then-"trial date nor any deadline [would] be continued" because Spencer's attorney had withdrawn. Dkt. 952 at 1–2; *see also* Dkt. 773 at 2 ("Neither the trial date nor any deadline will be continued because of the granting of the motion to withdraw."). Regardless, he did not file a motion for summary judgment or seek an extension before the deadline. This Court advised Mr. Spencer at the status conference after the dispositive-motions deadline passed that if he wanted to file for summary judgment out of time, he would have to file a motion with the Magistrate Judge, Dkt. 881 at 23–24, and thereafter the Magistrate Judge afforded any party an "off-ramp" to seek an extension of any expired deadline, and again, Mr. Spencer failed to seek such relief by that deadline, Dkt. 952 at 4.

      A district court may extend a deadline for good cause if the party can show that the delay was "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). In making that determination, courts consider factors including the reason for the delay,

whether it was in the reasonable control of the movant, danger of prejudice to any opposing parties, the length of delay, impact on judicial proceedings, and whether the movant acted in good faith. *See id.* (citation omitted). The Court has considered the Magistrate Judge's thorough order on the issue. *See* Dkt. 952. The Court discerns no error at all in the Magistrate Judge's ruling. Much less clear error. *See generally* Fed. R. Civ. P. 72(a) (magistrate judge's rulings generally only set aside of "clearly erroneous" or "contrary to law"). And even on *de novo* review, the Court finds Mr. Spencer failed to demonstrate he was entitled to any relief and did not show that an extension was warranted based on "excusable neglect." *See Agnew*, 680 F. App'x at 155. The trajectory of the "basic facts" above demonstrates several missed court-ordered deadlines, and the failure to timely take advantage of an opportunity to seek relief from the prior deadline. To be sure, he sought to file late at a time well before trial, as Mr. Spencer notes. But the same logic and rationale would apply had a party missed a deadline to file a motion to dismiss earlier in an action—whether more time may be available before trial does not on its own warrant an extension of a deadline.

Significantly, the Court notes Mr. Spencer has sought to use any materials and evidence he submitted in his summary judgment memorandum at trial, and, subject to any rulings that may arise concerning relevancy or admissibility, he may do so. The motion to reconsider is **DENIED**. Dkt. 957

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record and *pro se* litigants.

Entered this  25th   day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3