In The United States District Court for the Western District of Virginia

Sines, et al, Plaintiffs, vs. Kessler, et al, Defendants — Civil Case No. 3:17-cv-00072

Defendants Opposition To Plaintiffs' Motion To Sever

FILED IN OPEN COURT
DATE: 10/25/21
DEPUTY CLERK

Dear Judge Moon,

Plaintiffs called the CVRJ on Saturday to summon me to call them. I did so, and Mr. Bloch read his amended letter to me, as well as Mr. Kolenich's letter in opposition, as noted in the accompanying sworn declaration.

I myself had considered filing such a motion, as I disclosed to Mr. Bloch in a subsequent phone call. As the Court is certainly aware, I ultimately decided against it.

On the one hand, the Plaintiffs raise a very legitimate point that, their conduct and that of their good friends in the United States Government, have given me ample grounds for appeal, in the unlikely event they can con 12 registered voters into believing their falsehoods. On the other hand, words and phrases such as "untimely" and "11th Hour" seem to have found their way into many of Plaintiffs' recent filings, and one is left with the impression that they, to borrow a cliche, "cry out in pain as they strike you".

I moved this Court to sanction Plaintiffs' in April of 2021, by dismissing their claims against me. I noted in a subsequent ~~filing~~ supplemental filing to that motion, that the late disclosure of their experts shifted the burden of proof in this case, and that, at a minimum, I should be granted an extension of the discovery deadlines so that I could depose Emily Gorcenski, Thomas Massey, Thomas Keenan, Lindsay Elizabeth Moers and other of Plaintiffs' co-conspirators.

The Plaintiffs specifically opposed both of those solutions, and they prevailed. Judge Hoppe ruled that the Plaintiffs' decision to send nearly all correspondence in this case, with conspicuous exceptions like discovery demands, to an incarcerated man's email address, had not prejudiced my defense. He ruled that the Plaintiffs had remedied this 14 month misconduct spree, by sending a 2 terabyte encrypted hard drive to an incarcerated man, after the close of discovery.

This seemed absurd to me. How does giving a wealthy, powerful opponent a 14 month head start over a bankrupt imprisoned artist, not prejudice said artist's defense?

Perhaps I should have appealed Judge Hoppe's decision, because today I have been proven correct.

-2-

My defense in this case was irreparably prejudiced by Plaintiffs' conduct from January of 2020 to April of 2021. What token efforts they made to placate the court and give the appearance of having remedied the situation, were offset by the actions of their good friends in the United States Government. The Plaintiffs were happy to take full advantage of all of this, and only upon hearing the words spoken aloud in court before Your Honor, has it dawned upon them, that my rights have been trampled upon this entire time, in such a fashion, that it would constitute reversible error to proceed as is.

Their proposed solution, to separate me from my codefendants, is only their latest attempt to gain unfair advantage against an innocent, impoverished, powerless man.

What was a 14 month head start in April of 2021, is about to become a 21 month head start. That would of course still be the case if the Court granted my continuance, but in the Plaintiffs' preferred option, they would get what I think lawyers call "another bite at the apple". They try my codefendants, and depending on the outcome and the priceless experience gained, refine their arguments and tactics to pile on me, without anyone on my side to help.

To test the theory, let us imagine the Plaintiffs' complaint, if filed today, against only me.

Better yet, let us put this theory to practice. I understand one option is to dismiss me, and let the Plaintiffs file a new complaint.

It will not survive a motion to dismiss

Plaintiffs falsely claimed I conspired at a lunch meeting with Jason Kessler, they now know this was untrue. They claimed I conspired at a lunch meeting with Richard Spencer, they now know this is untrue. They claimed I conspired at a so-called "leadership meeting" on 8/11, they now know this is untrue. They claimed I conspired on Discord, they knew then, this was untrue, and now they have my private messages and activity on other servers as extra confirmations.

The "overt acts of violence" referenced in Judge Moon's decision on the motion to dismiss do not involve parties to this suit, were not racially motivated, and no matter what I pleaded guilty to, the conduct was not criminal.

The Plaintiffs built their case against me with co-conspirators, without which, they have

no case against me.

Especially given the Plaintiffs' repeated assertions that ANY assistance I might receive in this case from fellow prisoners constitutes "Ghostwriting" or some other illegal practice of law, to separate me from my represented codefendants would invite even greater prolonged abuses of process.

In just these last two weeks, the Plaintiffs have falsely represented my stipulation to the authenticity of evidence I've never seen, and the jury anonymization procedure. In June they falsely represented my agreement to their proposed trial schedule. In 2020 they falsely filed an unopposed motion to extend discovery deadlines.

What will they come up with when they are the only lawyers involved?

At the moment I am writing this sentence, it is just after midnight on October 25th. In a few hours, I'll be transported to the Courthouse. Contemplating the Plaintiffs' motion to sever, ~~and~~ and responding to it, has deprived me of precious little time I had intended to dedicate toward preparing for the trial scheduled to begin today.

Soon, the lights will turn off,

Regarding Mr. Kolenich's proposal, that this might somehow be resolved by exempting me from the rules of evidence regarding disclosure, useful though this may be, it does not solve my problem. My exhibits and all of my other data are on a hard drive at USP Marion. If I were to be granted some evidentiary superpower, I'd far rather have a hearsay exception, to expose the crimes of Dwayne Dixon and Emily Gorcenski. I am not unsympathetic to Mr. Kolenich's troubles, but I suspect those are the ones he aims to solve.

The Court cannot, I believe, let this trial go forward against me today, without risking reversal or mistrial. Nor can it grant Plaintiffs' severence proposal without unduly prejudicing me and my codefendants.

If the Court likewise cannot grant my continue, reopen, and extend motions, nor the motions in limine I've made to level the playing field, then the Court must dismiss me from this suit.

Respectfully Submitted
Christopher Cantwell
10-25-2021

- 6 -