UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br> JUDGE NORMAN K. MOON |

**<u>Order Granting in Part and Denying in Part Defendant Cantwell's Motion to Exclude the Deposition Testimonies of Robert Isaacs, Bradley Griffin, Dillon Hopper, and Thomas Rousseau, Dkt. 1102</u>**

Before the Court is Defendant Cantwell's motion to exclude the deposition testimony of Robert Isaacs, Bradley Griffin, Dillon Hopper, and Thomas Rousseau, Dkt. 1102. Plaintiffs intend to introduce deposition testimony of these witnesses because they say that the witnesses are unavailable to appear at trial. *See* Dkt. 1150. Specifically, Plaintiffs intend to introduce two depositions each from Rousseau and Hopper, and one deposition each from Griffin and Isaacs. Dkt. 1150 at 2–3. Cantwell claims that Plaintiffs failed to properly notify him of these depositions before they occurred as required by Fed. R. Civ. P. 32(a). Dkt. 1102 at 2. He further argues that the proper remedy is to prevent Plaintiffs from introducing the depositions at trial. *Id*. For the reasons stated below, the Court will grant in part and deny in part Cantwell's motion.

Rule 32 provides the following:

(a) Using Depositions

   (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

      (A) the party was present or represented at the taking of the deposition or had

>>reasonable notice of it;
>
>>(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
>>(C) the use is allowed by Rule 32(a)(2) through (8).

The sole issue here is whether Plaintiffs provided proper notice to Cantwell as required by Rule 32(a)(1)(A). Plaintiffs may only introduce the depositions against Cantwell if he "was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A).

In earlier stages of this case, Cantwell was represented by counsel, James Kolenich, but fired Kolenich and decided to proceed *pro se* in October 2019. *See* Dkt. 583. During the time that Kolenich still represented Cantwell, Plaintiffs served notices of their first depositions of Rousseau and Hopper on Cantwell through Kolenich. Ex. 1, 2, 3, and 4 to Dkt. 1150. Once he began proceeding *pro se*, Cantwell communicated with Plaintiffs' counsel via his email address for the next few months. Dkt. 1150 at 2. However, Cantwell was arrested on January 23, 2020, and has been incarcerated ever since. *Id.* During the time he has been incarcerated, he has not been able to access the email address from which he had previously been communicating with Plaintiffs' counsel. *Id.* In February 2020, Cantwell notified Plaintiffs that he should be served by mail at his place of incarceration. *See* Dkt. 664. But, due to what they call an "administrative oversight," Plaintiffs continued to serve filings on Cantwell at his email address until March 2021. Dkt. 1150 at 2.

Other than the notices of the first depositions of Rousseau and Hopper, Plaintiffs notified Defendants of the other depositions at issue here—the second depositions of Rousseau and Hopper, and the sole depositions of Isaacs and Griffin—after Cantwell's arrest date in January 2020. Plaintiffs served Defendants (excluding Cantwell) with notice of Hopper's second

deposition in April 2020, of Isaacs' and Griffin's depositions in May 2020, and Rousseau's second deposition in June 2020. Ex. 8, 9, 10, 11 to Dkt. 1150. The depositions occurred in the following months, and, while counsel for Cantwell's co-defendants participated in them, Cantwell was unable to, nor did he receive any notice of them from Plaintiffs at his place of incarceration. *See* Dkt. 1150 at 2.

As an initial matter, is clear that Plaintiffs provided Cantwell proper notice of the first depositions of Rousseau and Hopper. Plaintiffs served Cantwell's then-attorney, Kolenich, with the notices before he began proceeding *pro se* and before he was incarcerated. Ex. 1, 2, 3, and 4 to Dkt. 1150. Therefore, Cantwell had proper notice of those depositions, and they are admissible under Rule 32(a)(1)(A). More difficult is the issue of the other four depositions, of which the Plaintiffs agree Cantwell did not have notice. *See* Dkt. 1150 at 5 ("It is true that Plaintiffs' counsel incorrectly sent deposition notices to Mr. Cantwell's email address for Hopper and Rousseau's second depositions, and Isaacs' and Griffin's depositions.").

The Court holds that those depositions are inadmissible against Cantwell. The language of Rule 32(a)(1)(A) is clear: when the party against whom a deposition would be introduced was not present at, was not represented at, or did not receive notice of the deposition, the deposition is inadmissible against that party at trial. *See Patterson v. Yeager*, 2016 WL 589881 at *6 (4th Cir. Feb. 11, 2016) (holding that one day's notice was not "reasonable notice" within the meaning of Rule 32(a)(1)(A)). *Pedroza v. Lomas Auto Mall, Inc.*, 2009 WL 1562555 at *1 (D.N.M. May 22, 2009) (excluding depositions under Rule 32(a)(1)(A) where there was "no dispute" that the party against whom the depositions were to be introduced did not fall into one of the categories listed in Rule 32(a)(1)(A)). The Court is not persuaded by Plaintiffs' argument that Cantwell was "represented" by his co-Defendants' counsel, who did receive notice of and

did attend the depositions. *See* Dkt. 1105 at 5. Put simply, they were not *his* counsel; they represented his co-Defendants' interests, not his. Thus, Hopper and Rousseau's second depositions, and Isaacs' and Griffin's depositions, are inadmissible against Cantwell.

Because this Order only applies to the admissibility of those depositions against Cantwell, not his co-Defendants, the Court will provide Plaintiffs the opportunity to suggest a limiting statement. *See United States v. Peterson*, 524 F.2d 167, 182 (4th Cir. 1987) ("The mere fact that evidence may be inadmissible against a defendant does not preclude its use against a codefendant if it is otherwise admissible against him."), *abrogated on other grounds by Crosby v. United States*, 506 U.S. 255 (1993); *see also* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). If the Plaintiffs' limiting statement sufficiently protects Cantwell from the risk of the jury using the inadmissible depositions against him, the Court will consider allowing Plaintiffs to use the depositions against Cantwell's co-Defendants.

In short, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Cantwell's motion to exclude the deposition testimony of Robert Isaacs, Bradley Griffin, Dillon Hopper, and Thomas Rousseau, Dkt. 1102. The Court holds that the first depositions of Hopper and Rousseau are admissible against Cantwell, but the second depositions of Hopper and Rousseau, along with the depositions of Isaacs and Griffin, are not.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record, and to *pro se* litigants.

Entered this 27th day of October, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE