UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br>                            *Plaintiffs*, <br> v. <br> JASON KESSLER, *et al.*, <br>                            *Defendants.* | CASE NO. 3:17-cv-72 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

### Order Denying Defendant Cantwell's Untimely Dispositive Motions at Dkt. 1066, 1077, 1090, 1121, and 1123

Before the Court are several motions filed by Defendant Cantwell that are in essence, if not in stylization, dispositive: Dkt. 1066, 1077, 1090, 1121, and 1123. Because they are untimely, the Court will deny them.

The Court's deadline for filing dispositive motions, Aug. 7, 2020, has long passed. Dkt. 597. There is no question that Cantwell was aware of that deadline. The Court's initial pretrial scheduling order that set that deadline, Dkt. 597, was docketed in November 2019. Cantwell was arrested in January 2020, and thereafter had trouble obtaining certain documents related to his case, but Cantwell has acknowledged that he only had trouble receiving documents filed *after* his incarceration. Dkt. 664 at 2 (letter from Cantwell docketed on February 14, 2020). Indeed, in a motion written December 27, 2019 and docketed January 6, 2020 (in between the day that the Court issued the pretrial scheduling order and the day that Cantwell was arrested), Cantwell moved the Court for an extension of time to file sanctions against Defendant Kline— clearly indicating that he was aware of the Court's deadlines. Dkt. 614.

1

And although the Court granted the parties several extensions on deadlines for other kinds of motions due to the multiple delays in this case, the Court never extended the deadline for dispositive motions. Dkt. 874. In September 2020, the Court ordered that "[a]ny party seeking to extend an expired deadline shall, within fourteen (14) days of this Order, file a motion showing the party failed to act because of excusable neglect and there is good cause to extend the time previously allowed." *Id.* at 1. The Court's Order was mailed and emailed to all parties acting *pro se*, Cantwell included. *See* Dkt. 874 (docket entry). Cantwell never filed a request for an extension of the deadline to file dispositive motions. This is in spite of the fact that Cantwell was aware of the opportunity to file a motion to extend the deadline for dispositive motions. At a hearing before this Court on September 14, 2020, Defendants Heimbach and Spencer mentioned that they had filed or planned to file untimely motions for summary judgment. Dkt. 881 at 22–23. Cantwell was present at the hearing and participated in the discussion about extending the deadline for dispositive motions. *Id.* at 23. The Court noted that the motions had been referred to Magistrate Judge Hoppe and that it would be within Judge Hoppe's discretion whether to grant an extension on the deadline. *Id.* at 23-24. Thus, Cantwell understood the deadline for dispositive motions had passed by that time, and that he had the opportunity to move Judge Hoppe to extend the deadline, yet he never acted on Judge Hoppe's Order.

Cantwell has styled these motions as motions *in limine*. But a motion *in limine* is not a disguise for a dispositive motion. A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A] motion *in limine* is not intended to be a dispositive motion," *Goodman v. Praxair Services, Inc.*, No. 04-cv-391, 2009 WL 10681955, at

*1 (D. Md. June 16, 2009). Accordingly, when a motion *in limine* "is a mislabeled motion for partial summary judgment" that has been "filed long after the time for filing such motions expired," the Court must "strip the motion of its creative labeling and re-characterize it to conform to its true nature." *Id.*; *see also Monsanto Co. v. Bayer Bioscience N.V.*, 2005 WL 5989796 (E.D. Mo. 2005) ("This Court holds that Monsanto's motion in limine is truly a motion for partial summary judgment, and thus, is untimely and will not be addressed by the Court."); *Witness Systems, Inc. v. Nice Systems, Inc.*, 2008 WL 2047633 at *1 (N.D. Ga. May 10, 2008) ("Defendants should have raised [the dispositive issue] in a properly supported motion for summary judgment rather than in a motion in limine on the eve of trial.").

  First, Cantwell moves the Court for a determination that "Animus Against the Domestic Terror Organization [Antifa] And Other Members of the Woke Progressive Left Is Not A Form of 'Class Based Invidiously Discriminatory Animus'" prohibited by 42 U.S.C. 1985(3). Dkt. 1066 at 1. This motion strikes at the heart of Plaintiffs' § 1985 claim, and Cantwell's requested relief is indistinguishable from the form of relief that the Court would grant in a partial summary judgment order—narrowing or fixing the issues to be tried. *See Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987). Therefore, it is in essence a dispositive motion and untimely. The Court will deny it.

  Second, Cantwell moves the Court—again, in a motion styled as a motion *in limine*—to hold that "Simple Assault, Simple Battery, And/Or, Any Other Act Incapable of Causing Bodily Harm But Involving The Use of Force is Not a 'Badge or Incident of Slavery'" Proscribed by US Const Amend XIII." Dkt. 1077 at 1. Cantwell argues that this should limit or eliminate Plaintiffs'

§ 1985 claim. *Id.* at 3. Because it would narrow or eliminate one of Plaintiffs' causes of action, it is also a dispositive motion, and is untimely.

Third, Cantwell moves the Court to hold that Plaintiffs' claims arose "*ex turpi causa*" and thus that they are barred "*in pari delicto*." Dkt. 1090. In other words, Cantwell seeks to prevent Plaintiffs from presenting any of their claims because, he alleges, Plaintiffs' causes of action arose in part from their own "immoral or illegal acts." *Id.* at 1. Were the Court to grant Cantwell's motion, it would eliminate at least one of Plaintiffs' causes of action, so it is plainly dispositive and thus untimely.

Fourth, Cantwell moves the Court to exclude "the proposed expert testimony and all testimony regarding Cantwell's or others['] prior statements, whether on Discord or anywhere else." Dkt. 1121 at 10. Again, although styled as a motion *in limine*, Cantwell's motion is dispositive—it moves the Court to rule as a matter of law that Plaintiffs' conspiracy claim fails. He asks that the Court bar Plaintiffs "from arguing or presenting evidence in favor of" their conspiracy claim at trial. Dkt. 1121 at 2. Therefore, the Court will deny it.

Fifth, for similar reasons, the Court will deny his motion at Dkt. 1123. In that motion, he asks the Court to determine "Whether Plaintiffs Have Pled A Valid Claim for Conspiracy to Commit False Imprisonment." Dkt. 1123 at 1. That is a facially dispositive request. As such, the Court will also deny it as untimely.

In short, the Court **DENIES** Defendant Cantwell's motions at Dkt. 1066, 1077, 1090, 1121, and 1123.

The Clerk of Court is directed to send a copy of this Order to all counsel of record and parties proceeding *pro se*.

4

Entered this __27th__ day of October 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE