UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br>　　　　　　　　*Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br>　　　　　　　　*Defendants.* | CASE No. 3:17-cv-72<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

### Order Denying Defendant Cantwell's Motions *in Limine* at Dkt. 1119 and 1132

Before the Court are two of Defendant Cantwell's numerous motions *in limine*, Dkt. 1119 and 1132.

In his motion at Dkt. 1119, Cantwell moves the Court to decide the admissibility of a video that he purports to show Dwayne Dixon, a non-party to this case, reading from a document. Dkt. 1119. Cantwell does not expect to call Dixon as a witness at trial because, he claims, he has not been able to subpoena Dixon. Dkt. 1119 at 2. The Court has already denied Cantwell's request to have the U.S. Marshals serve a subpoena on Dixon. Dkt. 1233. The video in question is likely inadmissible for several reasons. First, Cantwell has not authenticated it under Fed. R. Evid. 901(a), which requires that a proponent "produce evidence sufficient to support a finding that the item is what the proponent claims it is."

Second, even if Dixon were present at trial, the video would likely be inadmissible as hearsay. Cantwell claims that it is a statement against interest. Federal Rule of Evidence 804(b)(3)(A) provides that hearsay can be admissible if "a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when

1

made, it . . . had so great a tendency to . . . expose the declarant to civil or criminal liability[.]" Dixon's statement in the video would not have a "great tendency" to expose him to civil or criminal liability; the video, as Cantwell describes it, merely shows Dixon reading from a sheet of paper—it is not even clear that the statement contained on the sheet of paper is Dixon's own.

Third, Federal Rule of Evidence 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Even if the video is relevant, the danger of it misleading the jury and wasting time on unrelated issues is high.

For those reasons, the Court will deny Cantwell's motion at Dkt. 1119 without prejudice. If Cantwell can fix the evidentiary issues described here, he may be able to introduce the video at trial. But the Court cannot make a final ruling on the issue with the information currently before it.

In his motion at Dkt. 1132, Cantwell seeks to introduce dozens of documents containing thousands of hearsay statements of non-party Emily Gorcenski. *See* Dkt. 1132. The documents in question pertain to Gorcenski's participation as a counter-protestor at the Unite the Right rally in August 2017. *Id.* Cantwell and Gorcenski evidently have a feud dating back several years that far is outside the scope of this trial. *See* Dkt. 1217 at 1–2. Federal Rule of Evidence 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" Here, the evidence that Cantwell seeks to introduce pertaining to Gorcenski is largely time-wasting and needlessly

cumulative. Rule 403 aside, the Court cannot categorically deem such a trove of documents admissible or inadmissible in a motion *in limine*. The Court will determine the admissibility of discrete pieces of evidence as they are offered at trial. Therefore, the Court will deny Cantwell's motion at Dkt. 1132 without prejudice.

In short, the Court **DENIES** Defendant Cantwell's motions at Dkt. 1119 and 1132 **WITHOUT PREJUDICE**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record and parties proceeding *pro se*.

Entered this  27th  day of October 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE