# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | NOTICE |
| JASON KESSLER, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

## ANTICIPATED PRELIMINARY JURY INSTRUCTIONS

## **<u>Preliminary Jury Instruction # X</u>**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## Preliminary Jury Instruction # X

## The Parties

This is a civil lawsuit. The Plaintiffs are Elizabeth Sines, Seth Wispelwey, Marissa Blair, April Muñiz, Marcus Martin, Natalie Romero, Chelsea Alvarado, Devin Willis, and Thomas Baker.  At times in these instructions and during trial, these individuals will be referred to collectively as "the Plaintiffs."  The Defendants are Jason Kessler, Richard Spencer, Christopher Cantwell, James Alex Fields, Jr., Vanguard America, Robert "Azzmador" Ray, Nathan Damigo, Elliott Kline a/k/a Eli Mosley, Identity Evropa, Matthew Heimbach, Matthew Parrott a/k/a David Matthew Parrott, Traditionalist Worker Party, Michael Hill, Michael Tubbs, League of the South, Jeff Schoep, and National Socialist Movement.  They may be referred to individually as "a defendant" or collectively as "the Defendants."

## <u>Preliminary Jury Instruction # X</u>

## Not All Parties in the Courtroom

During the proceedings, you may notice that not all Plaintiffs will be physically present in the courtroom for every day of trial.  You must not consider this fact at all during your deliberations or while evaluating the credibility of any witness.  As a necessary means to reduce the risk of spread of COVID-19, I restricted the total number of persons from the Plaintiffs' side who may be present in the Courtroom at any given time.  You must not hold that fact against them. The Court has also permitted any party including Defendants to participate remotely in the trial under certain circumstances to reduce the risk of spread of COVID-19, and you must not hold it against any party if they are not physically present in the courtroom for every day of trial.

## Preliminary Jury Instruction # X

### Duty of the Jury

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as I will give it to you.  You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## Preliminary Jury Instruction # X

### Burden of Proof

Now I wish to say a few words about the burden of proof which exists in this case.

In this civil case, Plaintiffs each have the burden of proving their claims against each Defendant by what is called a "preponderance of the evidence." This burden applies to all of Plaintiffs' claims except their claims for intentional infliction of emotional distress, which will be discussed later.  In the same vein, each Defendant has the burden to prove any affirmative defenses that they may advance by a preponderance of the evidence.  I will explain this more after you have heard all the evidence.  For now, keep in mind that if you conclude that a party who has the burden of proof on an issue establishes his or her position by a preponderance of the evidence, you must decide that issue for the party.

The term "preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proven is more probable than not.  In other words, a preponderance of the evidence means such evidence that persuades you that a fact is more likely true than not true.  In your mind, you may think of this as 51%—more likely than not.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may—unless otherwise instructed—consider

the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that is applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## Preliminary Jury Instruction # X

## Nature of Case

I wish to give you a general overview of this case. This is a civil lawsuit brought by multiple Plaintiffs against multiple Defendants, including individuals and organizations, based on events that occurred in Charlottesville, Virginia in August 2017. The Plaintiffs in this case claim that the Defendants and others conspired to commit racially motivated violence at an event the Defendants called United the Right, which was held in Charlottesville on August 11 and 12, 2017. Plaintiffs allege that the Defendants helped to plan, promote, or carry out racially motivated violent acts during that event and, in doing so, caused Plaintiffs physical, emotional, and monetary harm. Such acts include a violent torch march on August 11, and various acts of violence on August 12, including a car attack that drove through a large crowd of people, which Plaintiffs assert injured seven of the nine Plaintiffs in this case.

Some of the Plaintiffs raise additional claims, including that certain Defendants subjected them to acts of intimidation, harassment, violence, and vandalism based on Plaintiffs' race, religion, or ethnicity, and that Defendant James Fields committed assault, battery, and intentional infliction of emotional distress. Defendants dispute these claims, deny that they conspired with anyone to commit violence, and contend that they should not be held liable for these alleged

8

actions and that they are not responsible for any injury or damages suffered by Plaintiffs.

This summary of the parties' positions is intended only as background information to help you understand the nature of this case.  It is not evidence and you may not consider it as such.

## Preliminary Jury Instruction # X

## Course of Trial I

The Plaintiffs' and the Defendants' attorneys will have the opportunity to make what is called an opening statement. Opening statements are neither evidence nor argument. An opening statement is an outline of what that party intends to prove, offered to help you follow the evidence. What the attorneys say in their opening statements is not evidence.

After each party has had an opportunity to make an opening statement, Plaintiffs will present their witnesses, and Defendants may cross-examine those witnesses. Then, Defendants will have the opportunity to call their witnesses and present their evidence. Plaintiffs may cross-examine any of Defendants' witnesses. After the parties' main case is completed, Plaintiffs may be permitted to present rebuttal evidence.

Once again, I instruct you that your duty is to consider the evidence and find what the facts are. The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the parties agree are not disputed, or such matters as I may instruct you to find.

## Preliminary Jury Instruction # X

## Course of Trial II

During the trial, it may be necessary for me to confer with the parties and their lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and conveniently for you as I can, but you should remember that they are a necessary part of any trial.

My general procedure is to take one mid-morning break, a lunch break, and a mid-afternoon break. However, the trial schedule is not written in stone. If you become uncomfortable and need to take a special break, please let me or the court security officer know, and a short break will be provided. We want to make sure you are comfortable, so you can concentrate on what is being said and properly consider the evidence as it is received.

## Preliminary Jury Instruction # X

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are **not** evidence and must not be considered by you. I will list them now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony or any matter that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## Preliminary Jury Instruction # X

## Direct and Circumstantial Evidence; Credibility

There are two kinds of evidence:  direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence. You may also draw all reasonable and legitimate inferences and deductions from the evidence.

As judges of the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. This part of a jury's responsibility is referred to as determining the credibility of witnesses.

Among the factors you may properly consider in deciding whether a particular witness is "credible" (or believable) are:

1. Whether the witness has any motive or reason for being either truthful or untruthful;

2. Any interest the witness may have in the outcome of the case;

3. Whether there is any appearance or indication of bias or prejudice in the witness's testimony or conduct;

4. The extent to which other evidence supports or contradicts the testimony;

5. Whether the witness is likely to recall or have knowledge of the facts about which he or she is testifying.

13

## Preliminary Jury Instruction # X

### Conduct as Jurors

Now, a few words about your conduct as jurors:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. This includes your family, friends, and those with whom you work, as well as your fellow jurors. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything relating to this case in any way. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes during trial. But if you do, leave them in the jury room when you leave at night. And remember that they are for your own personal use.  Be careful not to get so involved in notetaking that you become distracted and miss part of the testimony.  Your notes are only to aid your memory, and if your memory later differs from your notes, rely on your memory.  Do not be

unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning testimony.

## <u>Preliminary Jury Instruction # X</u>

## Use of Technology

I know that many of you use cell phones, the internet, and other tools of technology.  You must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.   As I said, this includes your family and friends.

You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, LinkedIn, or YouTube. You may not use any similar technology or social media, even if I have not specifically mentioned it here.

I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## Preliminary Jury Instruction # X

### Use of Depositions

Depositions may be received in evidence. A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Some of the deposition testimony that you may hear will be a video recording of the deposition. Some of the deposition testimony that you may hear will be read out loud by an attorney. If the deposition testimony is read out loud, you should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

17

## Preliminary Jury Instruction # X

## Conspiracy

As I explained to you earlier, Plaintiffs allege that the Defendants in this case engaged in a conspiracy to commit racially motivated violence in violation of a federal law, 42 U.S.C. § 1985(3), and also in violation of Virginia law.  I will give you more detailed instructions on the legal requirements to prove these claims after the close of evidence. But before the parties begin their opening statements, I want to provide you with a few general instructions regarding the law of conspiracy to help you understand the applicable legal principles.

To establish a claim under 42 U.S.C. § 1985(3), Plaintiffs must prove by a preponderance of the evidence: (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff, as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

A conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. To prove a conspiracy, the Plaintiffs will have to show that at least one of the Defendants took an overt act in furtherance of the conspiracy. Because there are multiple defendants in this case, you will also need to consider which of the Defendants was a member of the alleged conspiracy.

18

The Court will further explain the legal principles concerning what constitutes a conspiracy, and the other claims Plaintiffs have asserted.

## <u>Preliminary Jury Instruction # X</u>

As discussed above, this case is a federal civil action.  In this type of case, parties are entitled to the disclosure of all relevant, non-privileged evidence the other side possesses or controls, including relevant documents and electronically stored information.  This pre-trial process is known as "discovery."

During the discovery process in this case, I found that Defendants Elliott Kline, Robert "Azzmador" Ray, Vanguard America, Nationalist Socialist Movement, and Matthew Heimbach failed to comply with their discovery obligations, and as a result I will issue appropriate sanctions against each of them.[1] The Court will instruct you at a later time with respect the particular nature of the sanctions.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party. Any sanctions against these parties have no bearing on other parties, and in any event, does not relieve Plaintiffs of their burden to prove by a preponderance of the evidence the conduct committed by the other Defendants in the case.

---

[1] [**Note for parties; to be omitted in jury instruction.**] The Court intends to permit Plaintiffs to present as affirmative evidence at the close of their case-in-chief the facts that were deemed established pursuant to the Orders of Judge Hoppe with respect to Defendant Elliott Kline and Robert Azzmador Ray. *See* Dkts. 910, 1106. The Court further intends to give the jury in its closing instructions the permissive adverse inference instruction with respect to Defendants Ray, Kline, Nationalist Socialist Movement, Vanguard America, and Matthew Heimbach. *See* Dkt. 1295 at 26. The Court will issue an Order this day denying Plaintiffs' request for modification of Judge Hoppe's order imposing sanctions with respect to Fields. *See* Dkt. 1266. Still, the Court intends to impose as a sanction that which Judge Hoppe would impose—that Fields be precluded from testifying in his own defense.

20

## <u>Preliminary Jury Instruction # X</u>

### Evidence for a Limited Purpose

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.