# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br>    *Defendants*. | CASE NO. 3:17-cv-72<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

### Order Denying Defendant Cantwell's Motions at Dkt. 1158 and 1160

Before the Court are two of Defendant Cantwell's motions pertaining to Plaintiffs' expert witnesses, Dkt. 1158 and 1160.

In Dkt. 1158, Cantwell moves the Court to "Limit The Testimony Of Plaintiffs' Experts Peter Simi And Kathleen Blee And To Bar Argument And Testimony Regarding Defendants' Alleged Animus Towards 'Immigrants, Social Minorities, And Feminism' As Irrelevant And Intended To Confuse and Mislead The Jury." The Court must construe Cantwell's *pro se* pleading liberally,[1] but it is difficult to determine the exact legal claim or claims being made in the motion. For the most part, Cantwell's motion airs his grievances with the content of what he expects Plaintiffs' experts to testify about. Interpreting the motion generously, Cantwell attacks the underlying reasoning and evidentiary bases of Simi and Blee's opinions. The Court has already ruled on similar arguments raised by Cantwell's co-Defendants, Dkt. 937, and does not need to reiterate those reasons in full here. Cantwell also makes a relevance argument and a Fed.

---

[1] *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

R. Evid. 403 argument, but the Court cannot rule on whether the testimony of a witness who has not testified yet is categorically relevant or inflammatory. In short, the Court will not rule Simi's and Blee's testimony inadmissible under Fed. R. Evid. 702 and 403. Therefore, the Court will deny Cantwell's motion at Dkt. 1158.

In Dkt. 1160, Cantwell again moves the Court to exclude the expert testimony of Plaintiffs' expert witnesses—here, Dr. Lipstadt, Dr. Simi, and Dr. Blee. The motion appears to make two claims: first, as in the motion at Dkt. 1158, Cantwell challenges the evidentiary support behind the experts' opinions; second, Cantwell argues that Plaintiffs did not timely disclose the experts. *See* Dkt. 1160. As for the first argument, the Court reiterates its holding pertaining to Fed. R. Evid. 703: Plaintiffs' expert witnesses may rely on inadmissible facts and data in formulating an opinion. *See United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996). Cantwell makes no argument that Plaintiffs' experts deviated from the norms of their respective fields. *See* Fed. R. Evid 703 (permitting an expert to base an opinion on otherwise inadmissible facts if "experts in the particular field would reasonably rely on those kinds of facts or data.").

As for the second argument, even if Plaintiffs did not timely disclose the experts to Cantwell, the experts' reports and testimony are nonetheless admissible under the factors laid out in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Under Rule 37(c), a party who fails to make timely disclosures of a witness "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden of establishing substantial justification or harmlessness is on the non-disclosing party (Plaintiffs, here). *Southern States*, 318 F.3d at 596. Plaintiffs properly disclosed the expert witnesses in April 2021—perhaps

late (the Court makes no specific finding about whether they were late), but still long before trial. The purpose of the Federal Rules' disclosure requirement is to afford the opposing party a "reasonable opportunity to prepare for effective cross examination." Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment. The Court finds that Cantwell had sufficient time to prepare for effective cross examination. Therefore, the Court holds that Plaintiffs' disclosure, even if late, was harmless.

In short, the Court **DENIES** Defendant Cantwell's motions at Dkt. 1158 and 1160.

The Clerk of Court is directed to send a copy of this Order to all counsel of record and parties proceeding *pro se*.

Entered this  27th   day of October 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE