# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Defendant Christopher Cantwell, proceeding *pro se*, has filed a motion *in limine* seeking to exclude evidence of his prior felony convictions. Dkt. 1124. Following a jury trial, Cantwell was found guilty of two counts of extortionate interstate communications, in violation of 18 U.S.C. §§ 875(b) and 875(d), respectively. *See United States v. Cantwell*, No. 20-cr-6 (D. N.H. Mar. 5, 2021) (Judgment). Thereafter, the court in that case sentenced Cantwell to 41 months' incarceration—a sentence he is currently serving. *Id.* at 2. Cantwell notes that his conviction is on appeal. *Id.* at 1. Cantwell concedes that his "status as a felon is admissible to impeach him." *Id.* However, he argues that the conduct of which he was convicted is not "relevant to some material issue at stake here," and that such conduct is "likely to inflame the emotions of or confuse the jury," running afoul of Fed. R. Evid. 403(b). *Id.* at 1–2. Cantwell therefore proposes that "the jury may be told that he has been convicted of a non-violent felony not involving an act of dishonesty," but otherwise asks that the Court exclude evidence of Cantwell's "alleged felonious conduct." *Id.* at 2.

Plaintiffs filed an opposition to Cantwell's motion to exclude. Dkt. 1193. First, Plaintiffs argue that Fed. R. Evid. 609(a)(2) "mandates" Cantwell's prior felony convictions for extortion

be admitted for impeachment, on the basis that his convictions required proof that he committed a "dishonest act or a false statement." Dkt. 1193 at 2. Second, Plaintiffs argue that Fed. R. Evid. 609(a)(1) further requires admission of the convictions on the basis that their "probative value to credibility outweighs the risk of unfair prejudice." *Id.* The Court concludes that neither of these arguments have merit.

## Fed. R. Evid. 609(a)(2)

Fed. R. Evid. 609(a) provides rules that "apply to attacking a witnesses character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a)(2) specifically states that, "for any crime regardless of the punishment, the evidence must be admitted *if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement*." (Emphasis added).

The Advisory Committee Notes for the 2006 Amendments explain that "Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement." *Id.* By "dishonesty and false statement," the Conference Committee "meant 'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully.'" *Id.* "Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement." *Id.* (emphasis added). But where "the deceitful nature of the crime is not apparent from the statute and the face of the judgment," the proponent of the evidence "may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false

2

statement in order for the witness to have been convicted." *Id.* In any event, however, the Advisory Committee Notes caution that Fed. R. Evid. 609(a)(2) "*does not contemplate a 'mini-trial' in which the court plumbs the record* of the previous proceeding to determine whether the crime was in the nature of *crimen falsi*." *Id.* (emphasis added).

  The Court finds Plaintiffs' arguments unpersuasive that Mr. Cantwell's conviction could be admitted pursuant to Fed. R. Evid. 609(a)(2). The elements of 18 U.S.C. § 875(b) and (d) do not on their face plainly indicate that the crime is one of dishonesty or false statement. Extortion is not one of the crimes listed in the Advisory Committee Notes to the Rule. Nor is the Court persuaded that the scant authority cited on this topic stands for a per se rule that extortion involves dishonesty such as would qualify under Rule 609(a)(2). *See* Dkt. 1193 at 5; *cf. Moore v. Granlund*, 2020 WL 1285329, at *4 (M.D. Penn. Mar. 18, 2020) (parties agree that conviction of "criminal attempted theft by extortion" was a conviction that "do[es] not categorically involve a dishonest act or false statement"). Plaintiffs' attempted work-around, that Cantwell's conviction was conducted in a "flagrantly dishonest" manner does not otherwise support application of Rule 609(a)(2). *See* Dkt. 1193 at 5-6. The Advisory Committee Notes state that the Rule 609(a)(2) may still apply based upon certain materials beyond the elements of the offense, citing as permissible examples, "information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted." Plaintiffs' evidence of dishonesty or false statement does not include any of those. Rather, the information they cite from the docket runs afoul of the Advisory Committee Notes' admonition that a court not "plumb[] the record" of the other case, requiring a "mini-trial" to determine the nature of the other offense.

Fed. R. Evid. 609(a)(1)

Plaintiffs' next argument is that the evidence of Cantwell's prior felonies must be admitted under Rule 609(a)(1) if the conviction is less than ten years old and survives a Rule 403 balancing inquiry. Dkt. 1193 at 7-8. However, the Court cannot conclude in this case that the "probative value of the evidence" would "outweigh[ ] its prejudicial effect" to Mr. Cantwell. Fed. R. Evid. 609(a)(1)(B). On the one hand, a conviction such as here does not necessarily involve an act of dishonesty or false statement (per Rule 609(a)(2)), and Plaintiffs acknowledge that the conviction is "wholly unrelated to the instant case," Dkt. 1193 at 8. At bottom, while as a general matter a felony conviction has probative value as to truthfulness, Plaintiffs' submission does not show that Mr. Cantwell's conviction is of any particular probative value in this case. The Court then must weigh that against the prejudicial effect. By contrast, on that issue, the Court finds that the risk of unfair prejudice would be very significant, especially were Plaintiffs to describe the nature of his felony convictions to the jurors. The Court concludes that it would create an undue tendency to suggest a decision on an improper basis. *See* Fed. R. Evid. 403, Advisory Committee Notes.

The Court notes that Mr. Cantwell in his motion has conceded that his "status as a felon is admissible to impeach him," however, he sought to exclude "[t]he conduct of which he was convicted." Dkt. 1124. Considering the Court's analysis above, the Court concludes that the fact that Mr. Cantwell is a convicted felon "is relevant and admissible to undermine his credibility, but that under [Fed. R. Evid.] 403, the … nature of his convictions is unduly prejudicial and therefore inadmissible." *McClenny v. Meadows*, 2020 WL 5751621, at *4 (W.D. Va. Sept. 25, 2020) (Urbanski, C.J.). So too here, the Court "finds that the statutory names and details of the convictions would be unduly prejudicial to" Mr. Cantwell. *See id.* Should Mr. Cantwell seek to

testify at trial, Plaintiffs "will be permitted to cross-examine [him] on whether he is a convicted felon, as the fact of his convictions goes to his credibility, but not the details of his convictions." *See id.*

The Court notes that, in any such exchange, if Mr. Cantwell should go beyond the fact of his two felony convictions to describe its nature, such as, as he had proposed in his motion, to describe them as a "non-violent felony not involving an act of dishonesty," Dkt. 1124, at 2, such further description beyond the fact of the felony convictions may risk opening the door to the issue of the nature of such convictions.

Mr. Cantwell's motion is **GRANTED in part** and **DENIED in part**, as set forth above. Dkt. 1124.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to the parties.

Entered this 28th day of October, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE