UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants.* | CASE NO. 3:17-cv-00072 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Before the Court is Plaintiffs' motion to modify Magistrate Judge Hoppe's sanctions order against Defendant James Fields. Dkt. 1266. Because of Fields' refusal to participate in a properly noticed deposition, Judge Hoppe ordered that Fields would not be permitted to testify in his own defense at trial. *See* Dkt. 1237 at 36. But he left it to this Court to decide whether Fields could be called to testify by one of his co-defendants. *See id*. Plaintiffs had also requested that Judge Hoppe order adverse inference instructions as a sanction for Fields' refusal, citing his Fifth Amendment privilege against self-incrimination, to answer certain requests for admission ("RFAs"). *See id*. at 34. That request was denied, without prejudice, because it was not properly tailored to the unanswered RFAs. *See id* at 34–35. Plaintiffs have now proposed four tailored instructions. *See* Dkt. 1266 at 9. In addition to those instructions, Plaintiffs ask this Court to order that no Defendant may call Fields to testify and that the jury be provided with a pre-deliberation jury instruction explaining the absence of testimony from Fields. *See id*. at 1.

Fields only opposes the pre-deliberation jury instruction. *See* Dkt. 1289 at 1. No other Defendants has filed a motion on this matter.

The only co-Defendant who has indicated a desire to call Fields is Defendant Cantwell. *See* Cantwell's Witness List 1 (listing Fields as among the witnesses who Cantwell "may call in his case in main"), Dkt. 1086; Def. Cantwell's Obj. to Pls.' Mot. 1 ("I have a limited number of questions I would like my co-defendant [James Fields] to answer, such as if he ever listened to my podcast, and what went through his mind when Dwayne Dixon pointed an AR-15 at him just before the car crash."), Dkt. 1055.

Rule 37(b)(2)(A)(ii) allows for sanctions against a party for failing to participate in a properly noticed deposition, including by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." The Fourth Circuit has explained that when fashioning a Rule 37(b) sanction, the district court should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would . . . be[] effective." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). It is evident that Fields has no interest in testifying in this case. And because Fields' co-Defendants are not responsible for Fields' failure to comply with discovery orders, there is little deterrence purpose served by imposing a limitation on their ability to offer evidence. Moreover, given the limited purpose for which Cantwell has suggested he might call Fields, and the questionable admissibility of that purpose, at this time the likelihood of any prejudice to Plaintiffs is too low to justify the novel sanction Plaintiffs propose.

Plaintiffs also request the following adverse inference instructions be imposed as a sanction for Fields' failure to respond to RFAs:

> 1. You are permitted, but not required, to infer that Defendant James Fields, on August 12, 2017, drove into a crowd of

> pedestrians because of the actual or perceived race, color, religion and/or national origin of individuals in the crowd, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 43)
>
> 2. You are permitted, but not required, to infer that Defendant James Fields hit pedestrians with his Dodge Challenger on August 12, 2017, and was motivated to do so by animosity towards non-white individuals, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 122)
>
> 3. You are permitted, but not required, to infer that Defendant James Fields, on August 12, 2017, was not in reasonable apprehension of death or great bodily harm, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 69)
>
> 4. You are permitted, but not required, to infer that Defendant James Fields hit pedestrians with his Dodge Challenger on August 12, 2017, and was motivated to do so by animosity towards Jewish individuals, because in response to Plaintiffs' request that he admit that fact, Mr. Fields invoked the Fifth Amendment privilege against self-incrimination. ECF 1003-11 (Def. Fields' Resp. to Pls. First Set of Reqs. for Admis., RFA 123)

An adverse inference instruction has been found an appropriate remedy where the instruction counter-acts the prejudice to a party that results from their RFA being rejected after a valid invocation of the Fifth Amendment.[1] *See e.g.*, *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC*, 415 F. Supp 2d 628, 632–33 (E.D. Va. 2006) (granting an instruction that jurors are permitted, but not required, to draw an adverse inference from defendant's Fifth Amendment-based refusal to

---

[1] Plaintiffs do not challenge the validity of Fields' invocation of his right against self-incrimination. Dkt. 1003 at 22 ("As to the RFA responses, Plaintiffs concede Fields validly asserted his Fifth Amendment rights.").

3

answer RFAs). But the adverse inference instructions proposed by Plaintiffs in this case are obviated by Fields' plea agreement in a related criminal action in this Court. *See* Dkt. 1003, Ex. 16, 18. That agreement included a sworn "Statement of Offense" that Fields agrees he cannot contradict in his civil trial. *See* Dkt. 1037 at 5–7. In that statement, Fields admits, among other things, that he "drove into the crowd because of the actual or perceived race, color, religion, and/or national origin of individuals in the crowd, and his actions in doing so were willful and included an attempt to kill." Dkt. 1003, Ex. 18. It is unnecessary to "level the evidentiary playing field", Dkt. 1003 at 2, when the fact at issue has been conceded. However, in case that should change, or the Plaintiffs' offer a persuasive reason that Fields' Statement is inadequate to meet their case, Plaintiffs' request will be denied without prejudice to consideration of these adverse inference instructions being offered at the close of trial.

Finally, Plaintiffs request that the Court provide the following instruction to the jury to explain Fields' failure to testify at trial:

> You may have noticed that Defendant James Fields, unlike other Defendants, did not testify at trial. That is not because he chose not to testify. Defendant Fields refused to testify at a properly noticed deposition during the discovery process in this case. To level the evidentiary playing field that may have been skewed as a result of Defendant Fields's conduct, I have issued the appropriate sanction against him and prohibited him from testifying at trial.

Dkt. 1266 at 8. The Court fails to see the relevance of such an instruction. Fields' non-compliance with a discovery order does not tend to make any element of Plaintiffs' claims more or less likely.

Plaintiffs' motion, Dkt. 1266, is **DENIED** *without prejudice*.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Entered this \_\_28th\_\_ day of October, 2021.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE