PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(202) 223-7308

WRITER'S DIRECT FACSIMILE
(202) 379-4217

WRITER'S DIRECT E-MAIL ADDRESS
kdunn@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

PARTNERS RESIDENT IN WASHINGTON
JUSTIN ANDERSON                 MARK F. MENDELSOHN
J. STEVEN BAUGHMAN              JANE B. O'BRIEN
CRAIG A. BENSON                 JESSICA E. PHILLIPS
JOSEPH J. BIAL                  JEANNIE S. RHEE
KAREN L. DUNN                   CHARLES F. "RICK" RULE
KENNETH A. GALLO                KANNON K. SHANMUGAM
ROBERTO J. GONZALEZ             JULIA TARVER MASON WOOD
WILLIAM A. ISAACSON

PARTNERS NOT RESIDENT IN WASHINGTON
MATTHEW W. ABBOTT*              DANIEL J. KRAMER*
EDWARD T. ACKERMAN*             BRIAN KRAUSE*
JACOB A. ADLERSTEIN*            CAITH KUSHNER*
ALLAN J. ARFFA*                 DAVID K. LAKHDHIR
ROBERT A. ATKINS*               GREGORY F. LAUFER*
JONATHAN H. ASHTOR*             BRIAN C. LAVIN*
SCOTT A. BARSHAY*               XIAOYU GREG LIU*
PAUL M. BASTA*                  RANDY LUSKEY*+
LYNN B. BAYARD*                 LORETTA E. LYNCH*
BRUCE BIRENBOIM*                JEFFREY D. MARELL*
H. CHRISTOPHER BOEHNING*        MARCO V. MASOTTI*
BRIAN BOLIN*                    DAVID W. MAYO*
ANGELO BONVINO*                 ELIZABETH R. MCCOLM*
ROBERT A. BRITTON*              JEAN M. MCLOUGHLIN*
DAVID W. BROWN*                 ALVARO MEMBRILLERA*
WALTER BROWN*+                  CLAUDINE MEREDITH-GOUJON*
SUSANNA M. BUERGEL*             WILLIAM B. MICHAEL*
JESSICA S. CAREY*               JUDIE NG SHORTELL*
DAVID CARMONA*                  CATHERINE NYARADY*
GEOFFREY R. CHEPIGA*            BRAD R. OKUN*
ELLEN N. CHING*                 LINDSAY B. PARKS*
WILLIAM A. CLAREMAN*            ANDREW M. PARLEN*
LEWIS R. CLAYTON*               DANIELLE C. PENHALL*
YAHONNES CLEARY*                CHARLES J. PESANT*
JAY COHEN                       AUSTIN POLLET*+
KELLEY A. CORNISH*              VALERIE E. RADWANER*
CHRISTOPHER J. CUMMINGS*        JEFFREY J. RECHER*
THOMAS V. DE LA BASTIDE III*    CARL L. REISNER*
MEREDITH DEARBORN*+             LORIN L. REISNER*
ARIEL J. DECKELBAUM*            WALTER G. RICCIARDI*
ALICE BELISLE EATON*            RICHARD A. ROSEN*
ANDREW J. EHRLICH*              ANDREW N. ROSENBERG*
GREGORY A. EZRING*              JUSTIN ROSENBERG*
ROSS A. FIELDSTON*              JACQUELINE P. RUBIN*
ANDREW C. FINCH                 RAPHAEL M. RUSSO*
BRAD J. FINKELSTEIN*            ELIZABETH M. SACKSTEDER*
BRIAN P. FINNEGAN*              JEFFREY D. SAFERSTEIN*
ROBERTO FINZI                   JEFFREY B. SAMUELS*
PETER E. FISCH*                 KENNETH M. SCHNEIDER*
HARRIS FISCHMAN*                ROBERT B. SCHUMER*
ANDREW J. FOLEY*                JOHN M. SCOTT*
HARRIS B. FREIDUS*              BRIAN SCRIVANI*
VICTORIA S. FORRESTER*          KYLE T. SEIFRIED*
CHRISTOPHER D. FREY*            AUDRA J. SOLOWAY*
MANUEL S. FREY*                 CULLEN L. SINCLAIR*
ANDREW L. GAINES*               SCOTT M. SONTAG*
MICHAEL E. GERTZMAN*            SARAH STASNY*
ADAM M. GIVERTZ*                TARUN M. STEWART*
SALVATORE GOGLIORMELLA*         ERIC ALAN STONE*
NEIL GOLDMAN*                   AIDAN SYNNOTT*
MATTHEW B. GOLDSTEIN*           BRETTE TANNENBAUM*
CATHERINE L. GOODALL*           RICHARD C. TARLOWE*
CHARLES H. GOOGE, JR.*          DAVID TARR*
ANDREW G. GORDON*               MONICA K. THURMOND*
BRIAN S. GRIEVE*                DANIEL J. TOAL*
UDI GROFMAN*                    LAURA C. TURANO*
NICHOLAS GROOMBRIDGE*           CONRAD VAN LOGGERENBERG*
BRUCE A. GUTENPLAN*             KRISHNA VEERARAGHAVAN*
MELINDA HAAG                    JEREMY M. VEIT*
ALAN S. HALPERIN*               LIZA M. VELAZQUEZ*
CLAUDIA HAMMERMAN*              MICHAEL VOGEL*
BRIAN S. HERMANN*               RAMY J. WAHBEH*
JOSHUA HILL*                    JOHN WEBER*
MICHELE HIRSHMAN*               LAWRENCE G. WEE*
JARRETT R. HOFFMAN*             THEODORE V. WELLS, JR.
ROBERT E. HOLO*                 LINDSEY L. WIERSMA*
DAVID S. HUNTINGTON*            STEVEN J. WILLIAMS*
AMRAN HUSSEIN*                  LAWRENCE I. WITDORCHIC*
LORETTA A. IPPOLITO*            AUSTIN WITT*
JAREN JANGHORBANI*              MARK B. WLAZLO*
BRIAN M. JANSON*                ADAM WOLLSTEIN*
JEH C. JOHNSON                  JENNIFER H. WU*
BRAD S. KARP*                   BETTY YAP*
PATRICK N. KARSNITZ*            JORDAN E. YARETT*
JOHN C. KENNEDY*                KAYE N. YOSHINO*
BRIAN KIM*                      TONG YU*
KYLE J. KIMPLER*                TRACEY A. ZACCONE*
ALEXIA D. KORBERG*              TAURIE M. ZEITZER*
ALAN W. KORNBERG                T. ROBERT ZOCHOWSKI, JR.*

*NOT AN ACTIVE MEMBER OF THE DC BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

October 29, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

      Re: *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

  We write to express our concern that statements about the law made by the Defendants during the opening statements were in error, at times contradicting the Court's previous instructions, and to ask that they be corrected by the Court. As a courtesy to the Defendants, and out of respect for the Court, we did not interrupt the

2

presentations to seek correction of the legal errors but respectfully believe that these errors must be corrected as soon as possible to avoid both prejudice and jury confusion.

We are particularly concerned about Defendants' misstatements in two key areas of law: (1) the law of conspiracy and (2) the First Amendment. Because these errors, including the cumulative nature of these errors, are likely to confuse the jury, Plaintiffs respectfully request that the Court give the curative jury instructions set forth in Exhibit A in advance of Plaintiffs' case in chief, which includes the Court's preliminary instruction on conspiracy with one brief addition to clarify what Plaintiffs must prove as to each Defendant, and a proposed First Amendment instruction, which Plaintiffs submitted to the Court on October 12, 2021. ECF No. 1224 at 70.

These instructions are necessary to cure the prejudice caused by Defendants' repeated misrepresentation of controlling law. *United States v. Gordon*, 754 F. App'x 171, 178 (4th Cir. 2018) (finding that prompt curative instructions mitigated any prejudice) (citing *United States v. Chong Lam*, 677 F.3d 190, 204 (4th Cir. 2012)); *United States v. Lefsih*, 867 F.3d 459, 470-71 (4th Cir. 2017). We believe Plaintiffs' case would be seriously prejudiced if the jurors sit through the entirety of the evidence under misimpressions about the law. *Gordon*, 754 F. App's at 178 ("key factor in determining whether curative instructions are sufficient is the temporal proximity of the instruction").

**1. Defendants Confused the Law Governing Conspiracy Liability**.

During opening statements, Defendants made several misstatements about the law of conspiracy, which recognizes that "conspirators are liable for all the reasonably foreseeable acts of their co-conspirators." ECF 1310-1 at 4 (citing, among other cases, *United States v. Bradley*, No. 3:16-cr-500008, Jury Instructions, ECF No. 495, at 19 (W.D. Va. July 17, 2017) (Moon, J.)). For example, Mr. Rebrook argued that it would "set a new precedent" to hold Defendants liable for the acts of others. Trial Tr. at 157, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 28, 2021) (Mr. Rebrook) ("Can people that weren't even around be blamed for the actions of another? And if they can, how much further can we spread the blame? And will this type of attitude and approach be limited to this case or will it set a new precedent?"); *see also id.* at 99 (Mr. Spencer) (similar argument). In addition, Mr. Kolenich argued that "Plaintiffs must prove . . . that [Defendants] intended to hunt down and physically injure some persons who were counter-protesting in Charlottesville, or at least were in Charlottesville." *id.* at 92 (Mr. Kolenich).

Defendants repeatedly and erroneously asserted that this case was about a criminal conspiracy. *E.g.*, Trial Tr. at 127, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 28, 2021) (Mr. Cantwell) ("I am accused of participating in a racially motivated violent criminal conspiracy, not hate speech, which for the time being is still perfectly legal in the United States."); *id.* at 130 (Mr. Cantwell) ("Why does the guy who traveled across state lines to commit the crime wear a body camera?"); *id.* at 137 (Mr. Cantwell)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

("So they say there was a racially motivated violent criminal conspiracy hatched at the meeting."); *id.* (Mr. Cantwell) ("Since the plaintiffs allege a criminal conspiracy, what's most important about this video is what you don't see."); *id.* at 143 (Mr. Cantwell) ("try to find the part where I enter into an agreement with a co-conspirator to commit a crime."); *id.* at 153 (Mr. Rebrook) ("The defendants have been accused of intentionally conspiring to incite violence, a crime.").

Given jurors likely confusion on this issue, the contradiction of the Court's instructions, and the impropriety of Defendants' instructing the jury on the law in opening statement, we request the Court to re-instruct the jury on the governing conspiracy law principles. It would also be helpful to instruct the jury what Plaintiffs must prove as to each defendant. Plaintiff must prove that each Defendant was a member of the conspiracy, but they "need not be able to point to an injury incurred from each Defendant." Mem. Op. & Order, ECF No. 335 at 41. For, as the Court has instructed in many other cases, "a Defendant may be held liable even if he did not personally participate in the acts or plans of his co-conspirators or even if the Defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the Defendant." ECF 1310-1 at 4 (citing *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.)).

**2. Defendants Misstated Longstanding Principles of First Amendment Law.**

In light of Defendants repeated arguments that the jury take for themselves the question about what the First Amendment means in this case, it is appropriate and necessary for the Court to clarify the proper role of the jury with respect to that question. *Compare* ECF No. 335 at 57 (rejecting Defendants argument that they were "immunized from liability by the First Amendment"), ECF No. 1040 at 62 (same), *with* Trial Tr. at 158, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 28, 2021) (Mr. Rebrook) ("What I do ask you to do is to set aside their ugly beliefs and not allow attorneys from another state, from New York, to come down here to Virginia and whittle away at the First Amendment for the purposes of vengeance."); *id.* at 129 (Mr. Cantwell) ("No matter how the Plaintiffs or their parade of partisan Democrat swindlers tries to frame it, this case is about hate speech."); *id.* at 183 (Mr. Smith) ("This is fundamentally about one of the most important things that makes our republic a civil republic: Freedom of speech and the protection of that right. Because if you don't protect it, it's absolutely worthless. It's not worth the paper it's written on."); *id.* at 106 (Mr. Spencer) ("Members of the jury, you are those safeguards. This kind of logic can be used in all sorts of ways. It might very well right now be used against people you don't like and you wouldn't like to associate with."); and *id.* at 157 (Mr. Rebrook) ("Because I can't guarantee you that the next time we have a hearing like this that it will be against Nazis and white supremacists.").

4

Accordingly, Plaintiffs request that the Court instruct the jury that if Plaintiffs prove the Defendants engaged in any of the violations of law at-issue in the case, the jury may not find that the Defendants' actions were protected by the First Amendment. This instruction will ensure that the jury focuses on the facts and evidence presented in the case rather than on irrelevant arguments that "have nothing to do with the jury's consideration." *Id.* at 159 (The Court).

### 3. Defendants Repeatedly Made Arguments in Contravention of the Court's Rulings.

Finally, while Defendants made other arguments in contravention of the Court's rulings, we do not seek any additional instructions at this time including because of the Court's curative instructions during the argument. We note them here, however, should those errors re-occur.

*First*, Defendants made arguments based on the fact that certain Defendants had not been prosecuted for conduct discussed in the case. Those arguments were in contravention of the Court's prior ruling. At the October 18, 2021, hearing on motions *in limine*, Mr. Kolenich asked whether Defendants may say, in opening statements, "that no one else was charged with a crime." Tr. of Motion Hr'g at 29, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 18, 2021). In response, the Court held as follows:

> THE COURT: Well, that's not the issue in this particular case. I mean, a crime, of course, the burden of proof is beyond a reasonable doubt. And there are lots of decisions that go into whether to prosecute someone or not. And I think you're getting into the realm of speculation and all sorts of reasons why someone was or was not prosecuted. Fields was sort of the obvious person to be prosecuted, but I don't -- I think it's sort of going down a rabbit trail when you start talking about no one else was prosecuted. Then we have to get into why, and speculating on why or why not. And so I don't think it's -- I don't think it's proper, and I rule that it would not be admissible.

*Id.* Mr. Smith pressed the argument, asserting that such evidence would be relevant because "[i]t's a high publicity case." *Id.* at 39. But the Court held that "there's just no legal merit to that argument," and reiterated that evidence or arguments about the lack of criminal charges is inadmissible. *Id.*

Despite the Court's holding, during opening statements, several Defendants offered those improper arguments. *E.g.*, Trial Tr. at 97, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 28, 2021) (Mr. Spencer) ("It should be noted that over the past four years since August of 2017, I have not been charged with any crime, by the police, by the FBI, related to this matter."); *id.* at 122 (Mr. Cantwell) ("There's a few guys who were convicted of conspiracy to riot. And you'll notice before we're done here that those guys are conspicuously absent from the courtroom."); *id.* at 89 (Mr. Kolenich) ("And in point

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

of fact, in point of fact, in Berkeley, California, which may well be the most liberal, anti-alt-right place in the country, he was not charged with a crime for doing that, even though the whole world knows he did it."). This prompted the Court to admonish Defendants—on multiple occasions—that evidence about criminal charges "has nothing to do with the civil case." *Id.* at 112; *see id.* at 98.

*Second*, in contravention of the Court's ruling, Mr. Smith made arguments about the litigation that arose from Defendants' efforts to secure a permit for the August 12, 2017, rally. The day before opening statements, the Court held that the fact that Defendants had a permit for the August 12, 2017, rally "may be admitted into evidence, but not . . . any history concerning the permit thereafter." Trial Tr. at 456, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 27, 2021). The Court also explained that "even if the door is opened" to discuss that evidence, the Court would "try to slam it, because I don't think it's relevant." *Id.* The next day, in opening statement, Mr. Smith said the following:

> And in fact, by the way, it wasn't as if the city didn't try to squelch this permit already. They did. They said we're going to move this to another park. That was a problem because, well, as we know, the rally was about a statue that was in that particular park. So moving it to another park really wasn't that good of an idea. It took a federal lawsuit to get a federal judge to say, no, you have to honor this permit, City of Charlottesville.

Trial Tr. at 164, *Sines v. Kessler*, No. 3:17-cv-72 (W.D. Va. Oct. 28, 2021) (Mr. Smith).

Very truly yours,

Karen Dunn

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

I hereby certify that on October 29, 2021, I also served the following via mail and electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

Christopher Cantwell

Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

and

Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

_____
Karen L. Dunn (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

Counsel for Plaintiffs