# EXHIBIT A

## **PRELIMINARY INSTRUCTION # X: Conspiracy**

Before Plaintiffs call their first witness, I would like to provide you with some additional instructions about the legal principles applicable in this case, and reiterate some of the instructions I gave you yesterday. As I explained to you yesterday, Plaintiffs allege that the Defendants in this case engaged in a conspiracy to commit racially motivated violence in violation of a federal law, 42 U.S.C. § 1985(3), and also in violation of Virginia law.

First, a conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of unlawful partnership in which each member becomes the agent of every other member. While the Plaintiffs must prove that the conspiracy had an unlawful objective, Plaintiffs need not prove that the conspiracy had only an unlawful purpose. Co-conspirators may have legal as well as unlawful objectives. A conspiracy may have several objectives, but if any one of them, even if it is only a secondary objective, is to violate the law, then the conspiracy is unlawful.

Plaintiffs do not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the scheme. Plaintiffs are not required to produce a written contract or even produce evidence of an express oral agreement spelling out all the details of the understanding. An informal agreement may be sufficient. All Plaintiffs must show is that an overall unlawful objective was shared.

Plaintiffs are also not required to show that all the defendants they alleged as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or alleged in this lawsuit, or that all of

the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the complaint.

By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little evidence of such an agreement. Therefore, plaintiffs may prove a conspiracy by circumstantial evidence. Circumstantial evidence tending to prove a conspiracy may include evidence of a Defendant's relationship with other members of the alleged conspiracy, the length of any such association, the Defendant's attitude and conduct, and the nature of the alleged conspiracy.

Second, to prove a conspiracy, the Plaintiffs will have to show that at least one of the Defendants took an overt act in furtherance of the alleged conspiracy. So what is an overt act? The term "overt act" means some type of outward objective action performed by one of the members of the conspiracy which evidences that agreement. An overt act may be an act which is entirely innocent when considered alone, but which is knowingly done in furtherance of some object or purpose of the conspiracy.

Because there are multiple defendants in this case, you will also need to consider which of the Defendants was a member of the alleged conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a person understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to prove that he was a member of the conspiracy even though the person had not participated before and even though he played only a minor part.

Finally, the law holds conspirators liable for all the reasonably foreseeable acts of their co-conspirators.[1] In other words, a defendant may be held liable even if he did not personally participate in the acts or plans of his co-conspirators or even if the defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the defendant.[2] The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of the conspiracy.[3] Therefore, all of the co-conspirators bear responsibility for acts or plans that are undertaken to further the goals of the conspiracy.

### INSTRUCTION # X: First Amendment[4]

Also, certain Defendants make the claim that their activities constituted free speech and assembly protected by the First Amendment to the United States Constitution.

---

[1] *United States v. Cummings*, 937 F.2d 941, 944 (4th Cir. 1991) (conspiracy law "makes conspirators liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy").

[2] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.); *see also Simmons*, 11 F.4th at 265 ("In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves. In other words, a member of a conspiracy who commits a crime during the existence or life of the conspiracy and commits the crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing the substantive crime may be attributed to other individuals who are at the time members of the conspiracy, so long as the commission of that substantive crime was reasonably foreseeable to those other individuals.").

[3] *United States v. Burnley*, No. 6:17-cr-013, Jury Instructions, ECF No. 122, at 21 (W.D. Va. Nov. 7, 2018) (Moon, J.).

[4] Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2016), available at https://www.govinfo.gov/content/pkg/USCOURTS-ca4-16-04226/pdf/USCOURTS-ca4-16-04226-0.pdf; *see also Sines v. Kessler*, 324 F. Supp. 3d 765, 801-04 (W.D. Va. 2018) (Moon, J.).

The First Amendment does not provide a defense to conspiracy to engage in unlawful conduct.[5] If you find that the Defendants engaged in the violations of law I will instruct you on at the close of evidence, including a conspiracy as alleged by Plaintiffs, you may not find that the Defendants' actions were protected by the First Amendment.[6] The violations of law at issue in this case are not protected by the First Amendment. The fact that an agreement to engage in illegal conduct necessarily takes the form of words also does not confer upon it, or upon the underlying conduct, protection under the First Amendment.[7]

---

[5] *Rice v. Paladin Enters., Inc.*, 128 F.3d 233, 243 (4th Cir. 1997); *United States v. Fleschner*, 98 F.3d 155, 158-59 (4th Cir. 1996); *see also United States v. Spock*, 416 F.2d 165 (1st Cir. 1969); *New York v. Ferber*, 458 U.S. 747 (1982).

[6] *Sines v. Kessler*, 324 F. Supp. 3d 765, 802 (W.D. Va. 2018) *see also United States v. Amawi*, 69 F.3d 457, 482 (6th Cir. 2012) ("Forming an agreement to engage in criminal activities-in contrast with simply talking about religious or political beliefs- is not protected speech.").

[7] *Brown v. Hartlage*, 456 U.S. 45, 55 (1982).