PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047

TELEPHONE (202) 223-7300

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

WRITER'S DIRECT FACSIMILE

WRITER'S DIRECT E-MAIL ADDRESS

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

PARTNERS RESIDENT IN WASHINGTON

JUSTIN ANDERSON
J. STEVEN BAUGHMAN
CRAIG A. BENSON
JOSEPH J. BIAL
KAREN L. DUNN
KENNETH A. GALLO
ROBERTO J. GONZALEZ
WILLIAM A. ISAACSON

MARK F. MENDELSOHN
JANE B. O'BRIEN
JESSICA E. PHILLIPS
JEANNIE S. RHEE
CHARLES F. "RICK" RULE
KANNON K. SHANMUGAM
JULIA TARVER MASON WOOD

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*
EDWARD T. ACKERMAN*
JACOB A. ADLERSTEIN*
ALLAN J. ARFFA*
JONATHAN H. ASHTOR*
ROBERT A. ATKINS*
SCOTT A. BARSHAY*
PAUL M. BASTA*
LYNN B. BAYARD*
BRUCE BIRENBOIM*
H. CHRISTOPHER BOEHNING*
BRIAN BOLIN*
ANGELO BONVINO*
ANDRE G. BOUCHARD*
ROBERT A. BRITTON*
DAVID W. BROWN*
WALTER F. BROWN*
SUSANNA M. BUERGEL*
JESSICA S. CAREY*
DAVID CARMONA*
GEOFFREY R. CHEPIGA*
ELLEN N. CHING*
WILLIAM A. CLAREMAN*
LEWIS R. CLAYTON*
YAHONNES CLEARY*
JAY COHEN*
KELLEY A. CORNISH*
CHRISTOPHER J. CUMMINGS*
THOMAS V. DE LA BASTIDE III*
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM*
ALICE BELISLE EATON*
ANDREW J. EHRLICH*
GREGORY A. EZRING*
ROSS A. FIELDSTON*
ANDREW C. FINCH*
BRAD J. FINKELSTEIN*
BRIAN P. FINNEGAN*
ROBERTO FINZI
PETER E. FISCH*
ANDREW J. FOLEY*
HARRIS B. FREIDUS*
VICTORIA S. FORRESTER*
CHRISTOPHER D. FREY*
MANUEL S. FREY
ANDREW L. GAINES*
MICHAEL E. GERTZMAN*
ADAM M. GIVERTZ*
SALVATORE GOGLIORMELLA*
NEIL GOLDMAN*
MATTHEW B. GOLDSTEIN*
CATHERINE L. GOODALL*
CHARLES H. GOOGE, JR.*
ANDREW G. GORDON*
BRIAN S. GRIEVE*
UDI GROFMAN*
NICHOLAS P. GROOMBRIDGE*
BRUCE A. GUTENPLAN*
MELINDA HAAG
ALAN S. HALPERIN*
CLAUDIA HAMMERMAN*
BRIAN S. HERMANN*
JOSHUA HILL JR.*
NICHELE HIRSHMAN*
JARRETT R. HOFFMAN*
ROBERT HOLO*
DAVID S. HUNTINGTON*
AMRAN HUSSEIN*
LORETTA A. IPPOLITO*
JAREN JANGHORBANI*
BRIAN M. JANSON*
JEFF C. JOHNSON*
BRAD S. KARP*
PATRICK N. KARSNITZ*
JOHN C. KENNEDY**
BRIAN KIM*
KYLE J. KIMPLER*
ALEXIA D. KORBERG*
ALAN W. KORNBERG

DANIEL J. KRAMER*
BRIAN KRAUSE*
CAITH KUSHNER*
DAVID K. LAKHDHIR
GREGORY F. LAUFER*
BRIAN C. LAVIN*
XIAOYU GREG LIU*
RANDY LUSKEY*
LORETTA E. LYNCH*
JEFFREY D. MARELL*
MARCO V. MASOTTI*
DAVID W. MAYO*
ELIZABETH R. MCCOLM*
JEAN M. MCLOUGHLIN*
ALVARO MEMBRILLERA*
CLAUDINE MEREDITH-GOUJON*
WILLIAM B. MICHAEL*
JUDIE NG SHORTELL*
CATHERINE NYARADY*
BRAD R. OKUN*
LINDSAY B. PARKS*
ANDREW M. PARLEN
DANIELLE C. PENHALL*
CHARLES J. PESANT*
AUSTIN S. POLLET*
VALERIE E. RADWANER*
JEFFREY J. RECHER*
CARL L. REISNER
LORIN L. REISNER*
WALTER G. RICCIARDI*
RICHARD A. ROSEN
ANDREW N. ROSENBERG*
JUSTIN ROSENBERG*
JACQUELINE P. RUBIN*
RAPHAEL M. RUSSO*
ELIZABETH M. SACKSTEDER*
JEFFREY D. SAFERSTEIN*
JEFFREY B. SAMUELS*
KENNETH M. SCHNEIDER*
ROBERT B. SCHUMER*
JOHN M. SCOTT*
BRIAN SCRIVANI*
KYLE T. SEIFRIED*
AUDRA J. SOLOWAY*
CULLEN L. SINCLAIR*
SCOTT M. SONTAG*
SARAH STASNY*
TARUN M. STEWART*
ERIC ALAN STONE*
AIDAN SYNNOTT*
BRETTE TANNENBAUM*
RICHARD C. TARLOWE*
DAVID TARR*
MONICA K. THURMOND*
DANIEL J. TOAL*
LAURA C. TURANO*
CONRAD VAN LOGGERENBERG*
KRISHNA VEERARAGHAVAN*
JEREMY M. VEIT*
LIZA M. VELAZQUEZ*
MICHAEL VOGEL*
RAMY J. WAHBEH*
JOHN WEBER*
LAWRENCE G. WEE*
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA*
STEVEN J. WILLIAMS*
LAWRENCE I. WITDORCHIC*
AUSTIN WITT*
MARK B. WLAZLO*
ADAM WOLLSTEIN*
JENNIFER H. WU*
BETTY YAP*
JORDAN E. YARETT*
KAYE N. YOSHINO*
TONG YU*
TRACEY A. ZACCONE*
TAURIE M. ZEITZER*
T. ROBERT ZOCHOWSKI, JR.*

*NOT ADMITTED TO THE DC BAR

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 2 6 2021

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

October 26, 2021

**BY HAND**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

Re:  *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM)
     (JCH)

Dear Judge Moon:

Plaintiffs respectfully submit this letter in support of their *Batson* challenge to Defendants' peremptory strike of Prospective Juror 197—a Black man who is otherwise eligible (and entitled) to serve on the jury in this trial. For the reasons explained below, the Court should deny Defendants' racially discriminatory strike and seat Juror 197. Any other result would be reversible error.

## I.   Defendants' Peremptory Strike Was Racially Discriminatory

To begin, Defendants' peremptory strike was racially discriminatory. Despite conceding that Juror 197's answers in *voir dire* "were too perfect," the only race-neutral explanation Defendants could offer, according to Mr. Kolenich, is that "in the opinion of

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

*some* of the defendants," he "had an openly anti-defendant attitude evidence from the looks on his face." Tr. 180.  Mr. Spencer then stated, "I would like to see case law on what you just said, but putting aside, the look on someone's face has no implication in my mind for what it was. His answers were too perfect. And you can't just go by the exact words that someone uses. You have to look beneath them and look at messaging they're giving and the general sentiment. And that is what I went by." *Id.* Mr. Spencer also said "We don't need to express to you our entire thinking. We can make decisions." *Id.*

But "nebulous expressions of discomfort" do not survive a *Batson* objection. *Coombs v. Diguglielmo*, 616 F.3d 255, 264 (3d Cir. 2010) (remanding for *Batson* hearing where prosecutor based strike on "the way he was looking at me"). Especially not so when Defendants have admitted that they are unable to muster any other explanation other than the bald assertion that their peremptory strike of Juror 197 their peremptory strike of Juror 197 "was not a *strictly* race-based decision." Tr. 180 (emphasis).

It is no surprise that, despite have numerous defendants and counsel present, not one was able to offer a plausible race-neutral explanation. Juror 197 is a model juror: impartial, open-minded, and fair. During *voir dire*, he assured the Court that he had no preconceived notions or opinions about this case. Tr. 135-36. He confirmed that he would judge the case "fairly and impartially" and "apply the law as instructed the Court." Tr. 136. He stated that he had "no bias or prejudice against either the plaintiffs or the defendants in the case." *Id.* He acknowledged that "*any* group" including white nationalists with "legal written permission from any state or government body" had the right to "hold public demonstrations." *Id.* And, in response to Defendants' question whether white people could be "victims of racism," he stated that "everyone can be a victim of racism, *no matter the color*." *Id.* at 137 (emphasis added).

Furthermore, as Plaintiffs have explained, Juror 197's statements during *voir dire* indicate that he would be comparatively more impartial and even-handed than other jurors who have already been seated. Unlike Jurors 164, 168, and 177 (all of whom expressed personal views on issues related to this case and were not stricken by Defendants), Juror 197 made clear that he "didn't have any opinions" on this case "because everyone sees situations in their own eyes their own way." Tr. 137.  Under governing Supreme Court and Fourth Circuit law, this comparative analysis is *highly* probative, and all but dispositive. *See United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011) (Supreme Court precedent requires "a court engage in comparative juror analysis," and a strong showing of similarity is sufficient to show pretext).

In support of their position, Defendants offer pretext. Defendants claim (with no explanation or support) that Juror 197 "had an openly anti-defendant attitude evident from the looks on his face while he was answering questions." Tr. 180.  Defendants' assessment of Juror 197's "attitude" and "face" is not a legitimate basis to strike him from the jury because such explanations are a pretext for intentional racial discrimination. *Batson v. Kentucky*, 476 U.S. 79, 98 (1986) ("the prosecutor must give a 'clear and reasonably

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

specific' explanation of his 'legitimate reasons' for exercising the challenges."); *Coombs v. Diguglielmo*, 616 F.3d 255, 264 (3d Cir. 2010) ("courts should not allow nebulous expressions of discomfort to justify striking a juror" and remanding for *Batson* hearing where prosecutor based strike on "the way he was looking at me"); *Harris v. Hardy*, 680 F.3d 942, 965 (7th Cir. 2012) ("Demeanor-based explanations for a strike are particularly susceptible to serving as pretexts for discrimination"); *see Madison v. Comm'r, Ala. Dep't of Corr.*, 761 F.3d 1240, 1249 (11th Cir. 2014) (remanding for a new *Batson* hearing where "prosecutor stated no reasons for his peremptory strike of black jurors").

## II.     Plaintiffs Do Not Need Establish a "Pattern" of Discriminatory Strikes Under *Batson*

Contrary to Defendants' assertion, it is not necessary for Plaintiffs to show a pattern of racially discriminatory strikes to prevail on their *Batson* challenge. The Fourth Circuit has held that, under *Batson*, "a showing of a pattern of racial strikes is not essential." *Ruffin v. Sielaff*, No. 85-7064, 1986 U.S. App. LEXIS 37795, at *3 (4th Cir. Sept. 16, 1986); *see also United States v. Barnette*, 644 F.3d 192, 210 (4th Cir. 2011) (a party can raise a *Batson* objection because of the "strike of even a single venireperson"). As *Batson* explained, requiring "that several must suffer discrimination before one could object would be inconsistent with the promise of equal protection to all." 476 U.S.  at 95-96; *Foster v. Chatman*, 578 U.S. 488, 499 (2016) ("Constitution forbids striking even a single prospective juror for a discriminatory purpose").

Virtually every court of appeals to have considered the issue has held that "the exclusion of a single juror could, in circumstances tending to show racial motivation, be sufficient." *Cousin v. Bennett*, 511 F.3d 334, 339 (2d Cir. 2008); *United States v. Mahan*, 190 F.3d 416, 424 (6th Cir. 1999) ("there is simply no requirement that [a party] establish the existence of a pattern of discrimination"); *United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir. 1994) (same); *Holloway v. Horn*, 355 F.3d 707, 728 (3d Cir. 2004) (a "*Batson* objection need not always be based on a 'pattern' of strikes"); *United States v. Chalan*, 812 F.2d 1302, 1314 (10th Cir. 1987).

## III.     Seating Additional Black Jurors Cannot Remedy A *Batson* Violation

Under governing Fourth Circuit and Supreme Court precedent, the fact that additional Black jurors may sit on the panel does not cure the constitutional violation of intentional discrimination. As the Fourth Circuit has held, "striking only one black prospective juror for a discriminatory reason violates . . . equal protection rights, even when other black jurors are seated and even when valid reasons are articulated for challenges to other black prospective jurors." *United States v. Lane*, 866 F.2d 103, 105 (4th Cir. 1989). The reason for this is simple: "[D]enying a person participation in jury service on account of his race unconstitutionally discriminates against *the excluded juror*." *Georgia v. McCollum*, 505 U.S. 42, 48-49 (1992). *Batson* acts as a safeguard for individual jurors' constitutional rights—and here, it protects Juror 197's *individual* constitutional

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

right to not be "excluded from making a significant contribution to governance on account of his race." *Johnson v. California*, 545 U.S. 162, 171-72 (2005).

Applying these bedrock principles, courts have repeatedly recognized that the "Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Foster v. Chatman*, 578 U.S. 488, 499 (2016). As the Third Circuit explained:

> Nor is it relevant that the prosecutor appears to have offered race-neutral explanations for all but one peremptory challenge. "[A] prosecutor's purposeful discrimination in excluding even a single juror on account of race cannot be tolerated as consistent with the guarantee of equal protection under the law." *Holloway*, 355 F.3d at 720 (citing *Harrison v. Ryan*, 909 F.2d 84, 88 (3d Cir.1990)). Although we are not suggesting that the district court should only consider the prosecutor's strike of Juror No. 1 on remand, we do note that if Juror No. 1, and only Juror No. 1, was struck because of his race, then the *Batson* challenge should have been sustained.

*Coombs v. Diguglielmo*, 616 F.3d 255, 264-65 (3d Cir. 2010). Likewise here. Defendants racially discriminatory strike cannot be cured by the fact that other Black jurors have been seated.

Consistent with this, the Fourth Circuit has held that "*Batson* objections [must] be raised *and ruled on* as early as possible." *Morning v. Zapata Protein (USA), Inc.*, 128 F.3d 213, 215-16 (4th Cir. 1997) (*citation omitted*) (*emphasis added*); *United States v. Joe*, 928 F.2d 99, 102-03 (4th Cir. 1991) ("We caution that the favored method for a district court to use in evaluating a *Batson* challenge is initially to determine whether the defendant has shown a prima facie violation when the issue is *first* raised." (emphasis added)). Nor is there any good reason to wait. As just explained, the final composition of the jury cannot cure Defendants' race-based strike of Juror 197.

* * *

For all of these reasons, the Court should deny Defendants' peremptory strike and seat Juror 197.

Very truly yours,

Karen L. Dunn

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*