KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    (212) 763-0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

November 2, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

       *Re:*    *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

      Plaintiffs respectfully submit this letter in response to the Court's request that Plaintiffs' counsel be prepared to address when Defendant Christopher Cantwell "was provided notice of the deposition of [Samantha] Froelich." We provide that factual background below and explain why Ms. Froelich's deposition should be admitted as evidence against all Defendants, including Mr. Cantwell. At the very least, the testimony should be admissible against his co-Defendants with an appropriate limiting instruction. *See* Ex. A.

**<u>Relevant Factual & Procedural Background</u>**

      As the Court is aware, Mr. Cantwell was represented by counsel, James Kolenich, from the start of this case until Mr. Kolenich withdrew as Cantwell's attorney on October 28, 2019. *See* ECF No. 583. Prior to Mr. Kolenich's withdrawal, Plaintiffs served Mr. Kolenich as counsel of record to Cantwell with all documents to which he was entitled, including deposition notices, throughout 2018 and 2019. Following Mr. Kolenich's withdrawal on October 28, 2019, Cantwell proceeded *pro se*. Cantwell initially communicated with Plaintiffs' counsel via his email address. Over the next three months, Plaintiffs served Cantwell *pro se* at his email address with numerous additional court filings, deposition notices, disclosures, and documents.

      Cantwell was arrested on January 23, 2020, and was subsequently convicted and sentenced to 41 months' incarceration in March 2021. *See* Judgment, ECF No. 132, *United States v. Christopher Cantwell*, No. 20-cr-00006 (D.N.H. Mar. 5, 2021). On February 14, 2020, Cantwell filed a three-page letter to the Court that contained notice that he should be served at his place of incarceration. *See* ECF No. 664 at 2; *see* ECF No. 945 at 3-4. Due to an administrative oversight,

KAPLAN HECKER & FINK LLP

Plaintiffs' counsel (along with Defendants and their counsel) mistakenly continued to serve Cantwell at his previously identified email account until March 2021. Every document erroneously served to Cantwell's email address was simultaneously served to every other Defendant in the case. *See* ECF No. 945.

On February 18, 2020, Plaintiffs served Cantwell, at the email address at which Plaintiffs had previously been serving Cantwell, with notice of Froelich's deposition, along with all other defense counsel. *See* Ex. B.

Ms. Froelich's deposition took place on March 9, 2020. Although Mr. Cantwell was not present, every other Defendant had an opportunity to attend the deposition. Two defense counsel appeared at the deposition: Mr. Kolenich, Mr. Cantwell's prior counsel, who at the time represented Defendants Jason Kessler, Nathan Damigo, Identity Evropa, Matthew Parrott, and Traditionalist Worker Party, and David Campbell, representing Defendant James Fields. *See* Ex. C. While Ms. Froelich testified at length about various Defendants—including Identity Evropa, Elliott Kline, Kessler, and Damigo, she was not asked about and did not testify about Mr. Cantwell, or even mention his name.

In March 2021, Plaintiffs became aware of the administrative error with respect to service and promptly informed Mr. Cantwell and the Court. Since that time, as the Court is aware, Plaintiffs have properly served Mr. Cantwell at his registered service address via U.S. mail. Furthermore, to navigate the logistical difficulties caused by Mr. Cantwell's multiple moves between correctional facilities, Plaintiffs have done everything in their power to ensure that Mr. Cantwell receives proper notice of all filings and court proceedings.[1] Significantly, Mr. Cantwell did not seek an opportunity to re-open the deposition of Ms. Froelich or any other deponent in the case, including the depositions of all other Defendants, which by that time had already taken place, and to which Plaintiffs would have agreed, even though he spoke to Plaintiffs' counsel regularly about various issues in the case.

On April 12, 2021, Cantwell moved for sanctions against Plaintiffs based on the administrative oversight regarding email service. See ECF No. 939. On May 14, 2021, the Court denied Cantwell's motion to sanction Plaintiffs for "inadvertently" sending "some motions and discovery papers to his personal email address," finding that he had "not suffered any prejudice because of Plaintiffs' mistake." ECF No. 951 at 2; *see also* ECF No. 945 at 2-5. Mr. Cantwell has since filed numerous additional motions raising issues resulting from his access to documents and resources as a result of his confinement. *See, e.g.*, ECF Nos. 1160, 1162, 1255, 1262, 1298.

On September 20, 2021, Mr. Cantwell objected to Plaintiffs' witness list; in particular, he objected to the testimony of 47 witnesses, both live witnesses and deposition designations (including Ms. Froelich). See ECF No. 1097. On October 4, 2021, Plaintiffs filed their deposition designations, including the deposition designations of Ms. Froelich, *see* ECF No. 1151; objections to those designations were due on October 12, 2021, *see* ECF No. 991. On October 18, 2021, Mr.

---

[1] Among other things, in October 2021, Plaintiffs served Mr. Cantwell multiple times (twice via mail and once in person) with copies of the transcripts of all depositions that they seek to introduce at trial, including the deposition transcript of Ms. Froelich.

KAPLAN HECKER & FINK LLP

Cantwell filed a blanket objection to all deposition designations on the same ground. *See* ECF No. 1256. Two days later, on October 20, the Court held argument on Mr. Cantwell's objections. *See* ECF No. 1273. During that hearing, the Court indicated that, out of the 47 witnesses whom Mr. Cantwell had sought to preclude, the Court was only concerned with three witnesses on Plaintiffs' list (not including Ms. Froelich). *See id.* at 12-13. Plaintiffs then agreed to withdraw those witnesses. *See id.* at 21.[2]

On October 23, 2021, Plaintiffs wrote a letter asking the Court to hold a separate trial of their claims against Mr. Cantwell to resolve his many seriatim motions with complaints about access to documents arising out of his incarceration. *See* ECF Nos. 1305, 1306. At trial on October 25, 2021, Mr. Cantwell represented that he did not want the claims against him to be severed. As a result, the Court declined to sever Mr. Cantwell from this case. *See* ECF No. 1371.

## Ms. Froelich's Deposition Testimony Is Admissible Against All Defendants, Including Mr. Cantwell

Mr. Cantwell objects to the admission of testimony from Ms. Froelich's March 9, 2020 deposition on the ground that he did not receive proper notice of her deposition while he was in prison. That objection should be overruled. Even assuming Mr. Cantwell did not receive adequate notice, his interests were sufficiently represented at Ms. Froelich's deposition by his co-Defendants.

Under Federal Rule of Civil Procedure 32(a), "all or part of a deposition may be used against a party" if (among other things) "the party was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A). But that rule is not absolute. As the Seventh Circuit explained more than half a century ago:

> Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule. In such case the purpose of Rule 26(d)—to ensure that the deposition is taken under adversarial circumstances—is substantially satisfied.

*Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) (citations omitted).

Other courts are in accord. *See* Moore's Federal Practice § 32.02 (3d ed. 2004) (citing cases). For example, in *In re: 3m Combat Arms Earplug Prods. Liability Litigation*, the district court held that, even though the plaintiff was absent from and lacked notice of the deposition, the

---

[2] Plaintiffs understood their withdrawal of these three contested witnesses to have resolved any lingering issues with respect to Mr. Cantwell's objections to Plaintiffs' witness list. Based on that understanding, I represented to the Court yesterday that the issue of Mr. Cantwell's objections to Plaintiffs' deposition designations had been decided. I apologize for not having accessible and explaining all of the complicated procedural background set forth in this letter.

KAPLAN HECKER & FINK LLP

4

deposition testimony was admissible at trial under Rule 32 because co-plaintiff's counsel was present at the deposition and "had the same motivation to develop a cross-examination." No. 3:19-md-2885, 2021 U.S. Dist. LEXIS 125753, at *9 (N.D. Fla. 2021); *see also Geller v. Von Hagens*, No. 8:10-cv-01688, 2012 WL 13109663, at *3 (M.D. Fla. June 12, 2012) (similar).

Consistent with that established precedent, the Court should admit Ms. Froelich's deposition testimony against all Defendants. Although Mr. Cantwell was not present at Ms. Froelich's deposition, his interests were more than adequately represented by his co-Defendants—six of whom attended the deposition through counsel. As noted above, Mr. Campbell appeared on behalf of Defendant Fields, and Mr. Kolenich appeared on behalf of Defendants Kessler, Damigo, Identity Evropa, Parrott, and TWP. Ex. C. Notably, Mr. Kolenich cross-examined Ms. Froelich, thereby subjecting her testimony to the same adversarial testing that Mr. Cantwell belatedly seeks. *See* Ex. D. Thus, Mr. Cantwell was adequately represented at Ms. Froelich's deposition by co-Defendants who had a "common interest" and had "like motives to develop testimony concerning the facts at issue." *AAMCO Transmissions, Inc. v. Marino*, Nos. 88-5522, 88-6197, 1991 U.S. Dist. LEXIS 10168, at *4 (E.D. Pa. July 22, 1991); *see id.* at *5 (rejecting objection to deposition testimony where defendants did not "specifically identify any area where their interests would have warranted a departure from the questions put to deponent"). Indeed, Mr. Cantwell himself has characterized his "defense in this case" as "the same or similar to the defense raised by my co-defendants." ECF No. 1302.

Furthermore, Mr. Cantwell fails to articulate any concrete, independent interest he would have had in participating in Ms. Froelich's deposition. Because Mr. Cantwell's name did not come up once during the deposition, there is simply "no basis upon which it can be assumed that the cross-examination" of Ms. Froelich "would have been any different had [Mr. Cantwell] had the opportunity to participate therein." *Ikerd*, 435 F.2d at 206. Ms. Froelich's testimony focuses nearly entirely on the alt-right movement in general as well as certain white nationalists in particular (including co-Defendants Elliott Kline, Kessler, Damigo, and Identity Evropa). Any interest that Mr. Cantwell would have had in cross-examining Ms. Froelich with respect to those issues was shared and sufficiently protected by the defense counsel who actually represented those parties and attended and participated in Ms. Froelich's deposition. Again, Mr. Cantwell could have sought to re-open Ms. Froelich's deposition at any time. He did not do so.

### **Even If Ms. Froelich's Deposition Testimony Is Excluded with Respect to Mr. Cantwell, Her Testimony Is Admissible Against All Other Defendants**

Even if the Court were to sustain Mr. Cantwell's objection and exclude Ms. Froelich's deposition testimony as against Mr. Cantwell, her testimony remains admissible against his co-Defendants—none of whom have objected to its introduction at trial. Indeed, it is well-settled in the Fourth Circuit that "[t]he mere fact that evidence may be inadmissible against a defendant does not preclude its use against a codefendant if it is otherwise admissible against him." *United States v. Peterson*, 524 F.2d 167, 182 (4th Cir. 1987). Where evidence is admissible against some defendants and not others, the appropriate remedy for such a situation is a curative jury instruction, not wholesale exclusion of the testimony. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another

KAPLAN HECKER & FINK LLP                                                                    5

purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

Here, aside from Mr. Cantwell, who lodged a blanket objection to all of Plaintiffs' deposition designations, no Defendants objected to the admissibility of Ms. Froelich's deposition testimony by the Court's October 12, 2021 deadline. Accordingly, the proper remedy if one is warranted at all would not be the wholesale exclusion of Ms. Froelich's deposition testimony with respect to all Defendants—a result that would be unduly harsh and prejudicial to Plaintiffs. Instead, as this Court itself has already acknowledged (and as the Federal Rules of Evidence contemplate), Ms. Froelich's deposition testimony may be presented at trial against Mr. Cantwell's co-Defendants so long as the Court issues a curative jury instruction making clear that her testimony should not be considered against Mr. Cantwell. *See* ECF No. 1338 at 4-5 (concluding that depositions that are inadmissible against Mr. Cantwell may be admissible against his co-Defendants with a limiting instruction); *cf. United States v. Taylor*, No. 3:17-cr-29-004, 2017 WL 4533128, at *2 (E.D. Va. Oct. 10, 2017) (denying criminal defendant's motion for severance because "the best, and most practical, solution to the risk of prejudice" is "a limiting instruction that the jury shall not consider certain evidence against her").

Should the Court determine that a curative jury instruction is appropriate, Plaintiffs respectfully request that the Court give the proposed instruction set forth in Exhibit A.

                                        * * *

For the foregoing reasons, the Court should overrule Mr. Cantwell's objection and admit Ms. Froelich's deposition testimony as evidence against all Defendants (including Mr. Cantwell). In the alternative, the Court should admit Ms. Froelich's testimony against Mr. Cantwell's co-Defendants and issue Plaintiff's proposed curative instruction.


                                        Respectfully submitted,


                                        Roberta A. Kaplan
                                        *Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

 J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

KAPLAN HECKER & FINK LLP

I hereby certify that on November 2, 2021, I also served the following in-person and by electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

_____
Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

Counsel for Plaintiffs