# Cooley

Alan Levine
T: +1 212 479 6260
alevine@cooley.com

Via ECF

November 2, 2021

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

Re:   *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

    Plaintiffs submit this letter to address whether Plaintiffs can play for the jury designated portions from two video depositions of Dillon Hopper that took place on July 7, 2020 (the "2020 Deposition") and August 13, 2019 (the "2019 Deposition"). Mr. Hopper resides in Indiana and is not a party to this litigation, but he is the authorized representative of Defendant Vanguard America. He has been observing some of the trial remotely via ZoomGov.com. As explained below, it is black letter law that these depositions are admissible regardless of Mr. Hopper's availability to testify or his remote attendance at trial.

    Rule 32(a)(3) of the Federal Rules of Civil Procedure provides that an "adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." A party may use at trial the deposition taken of another party through its representative because "the deposition is in substance and effect that of the corporation or other organization which is a party." Fed. R. Civ. P. 32, advisory committee note to 1970 Amendment.

    Pursuant to this rule, courts routinely permit a party to admit the deposition of a corporate representative like Mr. Hopper into evidence, regardless of whether the deponent is present at trial or available to testify. *See, e.g.*, *MF Global Holdings Ltd., v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 574 (S.D.N.Y. 2017) (denying motion to preclude the admission of depositions of defendant's representatives pursuant to Rule 32(a)(3)); *Norfolk S. Ry. Co. v. Balt. & Annapolis R.R. Co.*, 2016 WL 11606622, at *4 (D.S.C. 2016) ("Rule 32(a)(3) permits an adverse party to use [Rule 30(b)(6)] deposition testimony during trial."); *SanDisk Corp. v. Kingston Tech. Co.*, 863 F. Supp. 2d 815, 817 (W.D. Wis. 2012) ("[U]nder Rule 32(a)(3) an adverse party may use their deposition testimony for any purpose, regardless of their availability."). Judge Dillon of this District recently observed that this is true even if the person was not deposed as part of a formal Rule 30(b)(6) deposition. As she explained:

# Cooley

The Honorable Norman K. Moon
November 2, 2021
Page Two

> The court finds nothing improper in [plaintiff's] use of, or this court's reliance on, Sizemore's deposition with regard to the pending motion. As [plaintiff] correctly notes, Federal Rule of Civil Procedure 32(a)(3) allows an adverse party to "use for any purpose the deposition of a party or anyone who, when deposed was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Clearly, as the President of both Landowners, Sizemore falls within the category of an "officer, director, or managing agent" of both Landowners, and they do not argue to the contrary. Thus, it is abundantly clear that [plaintiff] may use his deposition "for any purpose," including to support its motion to exclude and at trial. Fed. R. Civ. P. 32(a)(3).

*Mountain Valley Pipeline, LLC v. 1.23 Acres of Land owned by Eagle's Nest Ministries, Inc.,* 2019 WL 8920215, at *6 (W.D. Va. 2019).

The scope of who qualifies as an "officer, director, managing agent, or designee" under Rule 32(a)(3) includes all persons who have substantial and relevant management responsibilities or act as a party's "representatives." *MF Global Holdings Ltd.*, 232 F. Supp. 3d at 574 ("The Court does not . . . read Rule 32(a)(3) to be so narrow as to apply only to the equivalent of an officer or director of a corporation"). *See also Mountain Valley Pipeline*, 2019 WL 8920215 at *6 (party's "President" fell within the meaning of "officer, director, or managing agent" under Rule 32); *see also Crimm v. Missouri Pac. R.R. Co.*, 750 F.2d 703, 708–09 (8th Cir. 1984) (defendant's employee with management responsibilities had "sufficient power and discretion to be classified a 'managing agent'" within scope of Rule 32).

Plaintiffs noticed the 2020 Deposition as a Rule 30(b)(6) deposition of Vanguard America. As a result, Vanguard America was required to designate a person to testify at the deposition on its behalf. That person was Mr. Hopper. Accordingly, Plaintiffs deposed Mr. Hopper as Vanguard America's Rule 30(b)(6) designee. During the deposition, Mr. Hopper confirmed on the record that he was testifying as a "representative of Vanguard America." Hopper Tr. (July 7, 2020) at 9:21–24. The 2020 Deposition is therefore clearly admissible regardless of Mr. Hopper's availability to testify under the plain language of Rule 32(a)(3) because Mr. Hopper was testifying as Vanguard America's "designee under Rule 30(b)(6)" and he confirmed this on the record.[1] *See, e.g.*, *Norfolk S. Ry. Co.*, 2016 WL 11606622 at *4; *SanDisk Corp.*, 863 F. Supp. 2d at 817.

The same holds true for the 2019 Deposition. On July 2, 2019, Judge Hoppe held a hearing with Plaintiffs' counsel and "Dillon Hopper, Defendant Vanguard America's authorized representative in this litigation," which concerned Vanguard America's outstanding discovery obligations. ECF No. 517. On July 3, 2019, the Court ordered Mr. Hopper to sit for a deposition

---

[1] Pursuant to the Court's October 27, 2021 Order (ECF No. 1338), on October 29, 2021 Plaintiffs submitted a limiting instruction for the 2020 Deposition with respect to Defendant Christopher Cantwell. ECF No. 1369.

# Cooley

The Honorable Norman K. Moon
November 2, 2021
Page Three

to address, among other things, Vanguard America's conduct in pretrial discovery (the "July 3 Order"). *Id*. Pursuant to the Court's Order, Plaintiffs deposed Mr. Hopper as Vanguard America's authorized representative. During that deposition, Mr. Hopper confirmed on the record that he was acting as the current head of Vanguard America at that time. *See* Hopper Tr. (Aug. 13, 2019) at 34:5–22.[2] The Court also has repeatedly recognized Mr. Hopper is Vanguard America's officer or managing agent. *See* ECF No. 936 at 12 ("Hopper, acting in his capacity as Vanguard's officer or managing agent, disobeyed numerous court orders to provide or permit discovery of relevant materials within Vanguard's control"); ECF No. 738 at 2 n.2 ("Mr. Hopper is not a defendant to this action. He is participating in the litigation solely in his capacity as Defendant Vanguard America's officer or managing agent.").

The 2019 Deposition is therefore admissible for two reasons. First, Mr. Hopper testified when he was Vanguard America's "officer, director, or managing agent" for purposes of Rule 32(a)(3). Because he testified at his deposition that he was the "head" of Vanguard America and the Court has held that Mr. Hopper is participating in this action as Defendant Vanguard America's officer or managing agent, his testimony can be admitted under Rule 32(a)(3) as Vanguard America's "officer, director, or managing agent." *See Mountain Valley Pipeline*, 2019 WL 8920215 at *6; *MF Global Holdings Ltd.*, 232 F. Supp. 3d at 574; *Crimm*, 750 F.2d at 708–09. Moreover, Mr. Hopper further satisfied Rule 32(a)(3) because he testified as a corporate "designee" under the Court's July 3 Order requiring the deposition to take place of "Dillon Hopper, Defendant Vanguard America's *authorized representative* in this litigation." ECF No. 517 (emphasis added). Thus, the 2019 Deposition is admissible "for any purpose" regardless of Mr. Hopper's availability as a witness.

Sincerely,

*/s/ Alan Levine*
Alan Levine

---

[2] Mr. Hopper was unsure whether Vanguard America had been dissolved as a legal entity under state law, but confirmed he was the head of Vanguard America. Hopper Tr. (Aug. 13, 2019) at 34:14–22.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

      I further hereby certify that on November 2, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

      I further hereby certify that on November 2, 2021, I also served the foregoing upon following *pro se* defendant:

Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

                                                                  */s/ Alan Levine*
                                                                  Alan Levine (*pro hac vice*)