From Christopher Cantwell, Pro Se Defendant 3:17-cv-0072
Sines vs. Kessler.
Case 3:17-cv-00072-NKM-JCH Document 1411 Filed 11/09/21 Page 1 of 6 Pageid#: 24794
FILED IN OPEN COURT
DATE: 11/9/21
DEPUTY CLERK

Dear Judge Moon,

I write to you on this 8th night of November in anticipation of a controversy which I expect will require a ruling from you.

Today I was made to understand that some of my codefendants consented to a request by Plaintiffs' counsel to "streamline the trial" by keeping Plaintiffs' case open while the Defense present their cases in chief. I assure you that I am sensitive to the time issues presented by Plaintiffs' lengthy presentation and the occasionally time consuming process of cross examining those claims. However, I fear I must object to the proposed shortcut.

As your honor has doubtlessly observed, the Plaintiffs have yet to prove their allegations, even if they are granted the benefit of every doubt. Particularly with regard to myself and Defendant Spencer, the Plaintiffs have yet to prove we had any role in planning the rally at all.

Per the proposed integrated pretrial order, ECF 1258, page 15, it would appear that even if the Plaintiffs successfully prove every allegation regarding me, their conspiracy claims will fail. There exists not even the allegation that I entered any unlawful agreement, or that any such agreement, if established, was racially motivated.

This is obviously not a mere oversight. Those allegations are explicit against all others save for the Defaulted Defendants. The Plaintiffs know I did not conspire for racial violence.

Your honor noted when denying my motion to dismiss for failure to state a claim, that though I was "lower in the pecking order" I was more connected to "overt acts of violence". The acts in question occured entirely on the evening of August 11th at UVA. I was maced first thing in the morning on August 12th, and couldn't have acted as alleged in the complaint had I desired to. As of 10/18 in ECF 1258, the plaintiffs seem to have forgotten all about those falsehoods.

At the time Your Honor denied the motion to dismiss for failure to state a claim, my Albemarle County criminal matter, and my civil litigation with Goad and Gorcenski, were still ongoing. This is no longer the case. The allegations I pleaded guilty to were that when I pepper sprayed a white male adult combatantant, Goad and Gorcenski were "affected" by my "overspray".

Goad and Gorcenski are not party to this suit, and have signed a mutual release of all claims with me. The people I am shown fighting on photo and video are not party to this suit, and I have spent the duration of this trial trying to figure out how I can identify them to the jury because they are notorious violent criminals. Notably, they are all white.

These being the facts, it seems to me the best way to streamline the trial is to dismiss the Plaintiffs' claims against Mr. Spencer and I. This will obviously have to wait until the Plaintiffs rest their case, but there is no need for Mr. Spencer and I to occupy the Court's time and that of the jury, by calling witnesses, submitting exhibits, quarreling with Plaintiffs' counsel, and putting on closing arguments, if the case can be disposed of pursuant to Rule 50.

In addition to the anticipated failure of the Plaintiffs to meet their burden of proof, I would, at the close of Plaintiffs' case, ask the court to reconsider my once untimely dispositive motions. In light of the facts that will have emerged by that time, and upon occasion of the Rule 50 motion, they may now be appropriate.

ECF 1066 sought a determination that animus against Antifa is not a form of class based invidiously discriminatory animus prohibited by 42 USC 1985(3). Though the motion may have been untimely, an openly communist terrorist group is clearly not entitled to the race and religion protections afforded to Jews and blacks just because they pay lip service to civil rights jargon. Throughout the course of this trial,

the evidence and testimony have shown that while the Defendants hold diverse opinions about race, we are singularly united with about half the jury pool and most right thinking people in our intolerance for Antifa's brand of political violence.

This being an entirely normal, popular, and decent view of things, plaintiffs ought not be able to hide behind the absurd claim that communist terrorists are a protected class, especially not while they insist against all evidence that they have nothing to do with such terrorism.

ECF 1077 sought a determination that acts incapable of causing bodily harm are not badges and incidents of slavery under 1985. To the extent Cantwell's pepper spray misdemeanors factor into plaintiffs' case, the Rule 50 motion seems a fine occasion to revisit the issue.

ECF 1090 moved the Court to hold that Plaintiffs' claims arose ex turpi causa and are thus barred in pari delicto. Especially given today's demonstration during my cross examination of Plaintiff Blair, that the black Antifa flag and multiple red communist led fists

decorated the background of Plaintiffs' exhibit 0291, and the well documented fact that Plaintiffs Willis and Romero were in the company of violent criminals Thomas Massey, Thomas Keenan, Lindsay Moers, Mike Longo Jr., Paul Minton, and loud and proud Antifa agitator and conspirator Emily Gorcenski, it is clearly not the role of this Court to provide relief to Plaintiffs who are the authors of their own misfortune.

The August 11th torch march was a secret which Emily Gorcenski specifically took credit for. ~~Plaint~~ See ECF 1217-2 Page ~~#~~ 2 of 53, Pageid # 20395. Plaintiffs Willis and Romero incredibly claim ignorance of this fact, and pretend not to know Gorcenski. But Willis betrayed his secret by correcting his use of she/her pronouns to the gender neutral singular "they" when speaking of Gorcenski, who is transgender.

Gorcenski openly and unapologetically endorses Antifa. See CCEX028.mp4, ECF 1217-2 page 16 of 53 pageid 20409, pageid 20411, pageid 20412, and 20413. Gorcenski is conscious of his criminal acts, see pageid 20414, 20415, 20419, and 20431. Gorcenski frequently endorses political violence, see pageid 20399, 20400, 20404, 20405, 20406

-5-

20423, 20424, 20428, 20397.

Plaintiff Wispelwey is an associate of Borzenski, per the "Heaphy Report" CCEX012.pdf, and their Twitter interactions CCEX054.pdf.

CCEX052 { Wispelwey wrote in Slate magazine that "Battalions of Antifa" came to his aid with their "community defense tools". Wispelwey tweets his endorsement of the "Diversity of Tactics" - a euphemism for political violence - and says "Jesus is Antifa".

As a matter of law, Plaintiffs who travel in the company of violent criminals are not entitled to relief from this court for injuries arising from the predictable outcomes of such a course.

For the foregoing reasons, the Court should deny the Plaintiffs' motion to keep their case open as Defendants present their cases in chief, and, barring some yet unpredictable change in trajectory, grant the Rule 50 motion to dismiss upon its presentment, once Plaintiffs rest.

Respectfully Submitted,
Christopher Cantwell
11-8-2021

-6-