KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    (212) 763-0883
DIRECT EMAIL  rkaplan@kaplanhecker.com

November 11, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

> *Re:*    *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

We write to clarify the record with respect to certain statements made about Plaintiff Seth Wispelwey's testimony during yesterday's proceedings. In particular, the Court made evidentiary rulings and statements suggesting that Reverend Wispelwey's earlier testimony yesterday about "antifa" served as a proper foundation for the understanding of Defendant Nathan Damigo (who testified subsequent to Reverend Wispelwey) concerning what "antifa" is, how it can be identified, and whether it is a violent organization. The Court's statements—if left uncorrected—will likely confuse the jury and prejudice Plaintiffs. As Reverend Wispelwey testified, in August 2017, he understood the term "antifa" to be "a catchall for counter-protestors." Reverend Wispelwey's testimony about "antifa" thus cannot serve as the foundation for Mr. Damigo's separate understanding of that term, which was definitely very different from a "catchall for counter protestors" as a whole. We therefore respectfully request that the Court issue the proposed curative instruction attached as Exhibit A.

**<u>Reverend Wispelwey's Testimony</u>**

Reverend Wispelwey testified that he was not a member of any organization called "antifa." On direct examination, he testified that at the relevant time, he had not heard of the term "antifa," Nov. 10 Trial Tr. 67:25-68:2, and had not been "in contact with anyone [he] understood to be a member of Antifa," *id.* at 67:22-24. He testified that, when he used the term "antifa" in an exhibit, he understood it to be "a catchall for counter-protestors who [he] didn't know, who didn't seem to have affiliations" and that were not "branded like the Unite the Right attendees." *Id.* at 68:12-16.

KAPLAN HECKER & FINK LLP                                                          2

During cross-examination, Reverend Wispelwey testified that he does not "know anyone who identifies as Antifa," *id.* at 102:7-12, that at the time of Unite the Right, "Antifa was just a catchall term for counter-protestors," *id.* at 116:22-23, and that he does not "know what Antifa does," *id.* at 128:24. Reverend Wispelwey testified that when he had made previous statements about "antifa," he had been "working with [his] limited understanding of the meaning of the word 'Antifa.'" *Id.* at 124:9-12.

Later during the proceedings, Defendant Nathan Damigo testified that he "noticed a lot of very identifiable symbols with organizations that would typically be considered Antifa." *Id.* at 232:2-4. Plaintiffs' counsel objected to that testimony on the ground that Mr. Damigo lacked the requisite foundation to testify "about something being typically considered Antifa." *Id.* at 232:5-7. In overruling that objection, the Court stated the following:

> **Well, the minister said he talked about Antifa being there. He apparently recognized them.**

*Id.* at 232:11-12 (emphasis added). A few moments later, Defendant Christopher Cantwell asked Mr. Damigo, "Is race your only difference with Antifa?" *Id.* at 242:25. Plaintiffs' counsel again objected for lack of foundation. *Id.* at 243:1. The following colloquy ensued:

> THE COURT: Well, [Mr. Damigo] knows what his difference with Antifa is.
>
> MS. PHILLIPS: Well, how does he know what Antifa's beliefs are?
>
> **THE COURT: He was sitting here today and heard the Reverend talk about Antifa. He was here all day, wasn't he?**
>
> MS. PHILLIPS: Objection, I don't believe Reverend Wispelwey testified at all about Antifa beliefs. In fact, Reverend Wispelwey testified he was not Antifa.
>
> **THE COURT: Well, he testified that he was not Antifa, but it's certainly the antithesis of these defendants.**

*Id.* at 243:1-12 (emphases added). The Court's statements are inconsistent with Reverend Wispelwey's testimony. Although Reverend Wispelwey did testify that he saw "antifa" during Unite the Right, he also clarified on no fewer than three separate occasions that he understood "antifa" to be a catch-all term for counter-protestors (not as a term to describe members of a violent organization). *Id.* at 68:12-16, 116:22-23, 124:9-12. And Reverend Wispelwey did not testify that he was able to visibly recognize or identify members of "antifa" at Unite the Right by their appearance, *id.* at 232:11-12; nor did he testify that "antifa" was "the antithesis of these defendants," *id.* at 243:11-12. In fact, Reverend Wispelwey clearly testified that he does not even "know what Antifa does." *Id.* at 128:24.

### The Court Should Issue A Curative Instruction Regarding Reverend Wispelwey's Testimony

Plaintiffs are concerned that the Court's comments about Reverend Wispelwey's testimony will prejudice their case and confuse the jury. We therefore request that the Court issue the curative instructive proposed by Plaintiffs. *See, e.g.*, *United States v. Gordon*, 754 F. App'x 171, 178 (4th

KAPLAN HECKER & FINK LLP                                                            3

Cir. 2018) ("A key factor in determining whether curative instructions are sufficient is the temporal proximity of the instructions to the point at which the jury is exposed to inadmissible evidence.")

* * *

For the foregoing reasons, the Court should issue Plaintiffs' proposed curative instruction. *See* Ex. A.

Respectfully submitted,

Roberta A. Kaplan
*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP                                                    4

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com
Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com


David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com


Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com


J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com



*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP                                                    5

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

KAPLAN HECKER & FINK LLP

6

I hereby certify that on November 11, 2021, I also served the following by electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby certify that on November 11, 2021, I will serve the following by hand:

Christopher Cantwell
Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

_____
Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*