**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   (212) 763-0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

November 16, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

     Re: *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

  We understand that Christopher Cantwell seeks to re-call Plaintiffs Natalie Romero and Devin Willis to testify once again during the Defendants' case-in-chief. Mr. Cantwell has already cross-examined Ms. Romero and Mr. Willis collectively for hours when they initially took the stand two weeks ago. He should not be given another opportunity to question Plaintiffs on topics that he could have explored and in some circumstances *did* explore during their prior examinations using documents or videos that had been produced in discovery and marked either by Plaintiffs or Mr. Cantwell himself as exhibits for trial (at least one of which was shown by Plaintiffs in their opening). To avoid wasting the jury's time and to protect Plaintiffs from the obvious burdens and risk of potential harassment, this Court should preclude Mr. Cantwell's from re-calling Plaintiffs Romero and Willis to the stand.

**I.**  **Relevant Background**

  Plaintiffs Natalie Romero and Devin Willis have already spent hours on the witness stand. More specifically, after a direct examination of two hours, Ms. Romero was then cross-examined by Defendants for approximately fifty minutes, with Mr. Cantwell taking up forty of those fifty minutes. During that cross-examination, Mr. Cantwell asked Ms. Romero about a range of topics, including (among other things):

- What she witnessed and heard during the August 11 torchlight march;
- Who was present with her on August 11;
- Whether she saw anyone carrying weapons on August 11 or August 12;
- Whether she noticed anyone wearing all black or red bandanas;

KAPLAN HECKER & FINK LLP

2

- Whether she saw anyone wearing helmets or goggles;
- Whether she observed anyone carrying flagpoles or signs;
- Her feelings on confederate monuments, fascism, and socialism;
- What she witnessed and experienced on August 12; and
- The injuries she suffered during Unite the Right.

Other Defendants cross-examined Ms. Romero on additional topics, including, for example, whether she observed Defendants Kessler, Damigo, Schoep, Parrott, and Heimbach at Unite the Right, and why she participated in the counter-protesting events on August 12 after her experience at the torchlight march the night before.

Similarly, after a direct examination of one hour and fifty minutes, Mr. Willis was cross-examined by Defendants for *almost five hours.* Mr. Cantwell's cross-examination of Mr. Willis lasted one hour and forty-three minutes—just a few minutes shy of Mr. Willis's entire direct examination. During that lengthy cross-examination, Mr. Cantwell probed Mr. Willis on innumerable issues, including (among other things):

- Who accompanied him to the Thomas Jefferson statue on August 11;
- The names of the white friends who made a circle around him during the torchlight march;
- What he witnessed during the torchlight march on August 11, including whether he saw people carrying weapons and how many tiki torches he saw;
- The injuries he sustained during the torchlight march, including details about an incident during which Mr. Willis was pepper-sprayed;
- Whether he recognized various individuals in certain pictures and videos depicting events during Unite the Right, including whether certain individuals were carrying weapons;
- Whether and where he saw fighting during the August 11 torchlight march;
- Whether he was familiar with websites called Unicorn Riot or Itsgoingdown.org; and
- What he did on August 12.

Mr. Cantwell questioned Mr. Willis at length about a clip of one of the videos (CCX133) that he intends to show Mr. Willis after re-calling him to the stand. Other Defendants cross-examined Mr. Willis on additional topics, including whether he was associated with Black Lives Matter, where he thought the police were racist, whether he wore a mask during Unite the Right, whether Thomas Jefferson was a white supremacist, whether he saw certain Defendants, and whether he was able to identify the logos of various white supremacist groups.

Despite these lengthy and comprehensive cross-examinations, Mr. Cantwell now seeks to re-call Ms. Romero and Mr. Willis to testify (again) during the Defendants' case. During a phone call yesterday evening, Mr. Cantwell explained to Plaintiffs' counsel that the reason he wants Ms. Romero and Mr. Willis to be re-called to the stand now is because Mr. Cantwell wants to ask them about the following exhibits:

<u>Ms. Romero</u>

- *PX193* – A video which, according to Mr. Cantwell, shows Ms. Romero wearing a black bandana and holding a green whistle on August 12.

KAPLAN HECKER & FINK LLP

3

- *PX3207* – A video depicting Ms. Romero on August 12 walking with counter-protestors before James Fields's homicidal car attack.

Mr. Willis

- *CCX140a and 140b* – Two photographs purportedly showing an individual near the Thomas Jefferson statue who appears to be carrying a firearm on the night of August 11.

- *CCX133* – A video of the torchlight march on August 11, which (according to Mr. Cantwell) depicts Mr. Willis "standing off to the side having not been pepper sprayed." As noted above, Mr. Cantwell showed Mr. Willis a clip of this video during his original cross-examination.

- *CCX137* – Another video of the torchlight march on August 11, which depicts a fight taking place near the Thomas Jefferson statue.

All of the exhibits that Mr. Cantwell wishes to discuss with Ms. Romero and Mr. Willis were available or known to him when he conducted his initial cross-examinations, and could have been shown to the witnesses at that time. Indeed, the two videos Mr. Cantwell seeks to use with Ms. Romero (PX193, 3207) were both produced by Plaintiffs in discovery, marked as trial exhibits, and portions of PX3207 were shown by Plaintiffs during opening arguments.[1] Likewise, the four photographs and videos that Mr. Cantwell would now like to use with Mr. Willis are all marked with a prefix of "CC" which means that they are Mr. Cantwell's own exhibits.

## II. The Court Should Preclude Mr. Cantwell from Re-Calling Plaintiffs to the Stand

Under Federal Rule of Evidence 611, this Court has the authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to "avoid wasting time" and "protect witnesses from harassment." Fed. R. Evid. 611(a). Consistent with that authority, the Court should preclude Mr. Cantwell from re-calling witnesses to testify about (1) topics within the scope of their initial cross-examination, *Cont. Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 462 F. App'x 266, 277-78 (4th Cir. 2012), and (2) evidence, including photos and videos, that was "available at the time of the original cross-examination," *United States v. Somers*, 496 F.2d 723, 734 (3d Cir. 1974). Because Mr. Cantwell "offers no explanation for failing to question the[se] witnesses more fully during cross-examination," and because he could have explored these exhibits with Ms. Romero and Mr. Willis during their initial cross-examinations, this Court should "deny[] his request to recall" these Plaintiffs to the stand. *See United States v. Razzoli*, 548 F. App'x 733, 735 (2d Cir. 2013).

As explained above, Mr. Cantwell intends to ask Ms. Romero about two topics: first, whether she was wearing a black bandana and was holding a green whistle, and second, whether

---

[1] PX193 was produced to Mr. Cantwell via e-mail on February 5, 2020. Although Mr. Cantwell was incarcerated at the time, he did not inform the parties of his new service address until February 14, 2020. *See* ECF 664. PX3207 was produced to Mr. Cantwell in November 2018, while Mr. Cantwell was still represented by counsel. In any event, Mr. Cantwell was subsequently given access to these trial exhibits via thumb-drive before his cross-examinations of Ms. Romero and Mr. Willis.

KAPLAN HECKER & FINK LLP

4

Ms. Romero heard the alleged "Antifascista" chant in a video taken by her co-Plaintiff Sines. Mr. Cantwell could have asked Ms. Romero about these topics during his initial cross-examination. *Kataleuna GmbH Catalysts*, 462 F. App'x at 277-78. In fact, Mr. Cantwell did ask Ms. Romero questions about closely related topics. For instance, he asked Ms. Romero whether she saw anyone wearing a red bandana, Oct. 29 Trial Tr. 123, 130-31, and whether "on August 12th, [she was] amongst a group of counter-protestors initially outside of what used to be Lee Park," *id.* at 126. Mr. Cantwell then proceeded to ask Ms. Romero multiple questions about her experience during the August 12 rally, including where she went and the injuries she sustained. *See id.* at 122, 127-31. The two videos that Mr. Cantwell intends to show Ms. Romero during this second round of cross-examination—PX193 and PX3207—were "available [to him] at the time of the original cross-examination" and are thus not an appropriate basis to re-call her as a witness. *See Somers*, 496 F.2d at 734.

Mr. Cantwell should not be allowed to recall Mr. Willis to the stand for similar reasons. As noted above, Mr. Cantwell wants to ask Mr. Willis about three topics: first, whether he saw an individual who appears to be carrying a firearm on August 11; second, whether Mr. Willis was actually pepper-sprayed during the night of the torchlight march; and third, whether Mr. Willis witnessed fighting at the foot of the Thomas Jefferson statue that same night. Again, Mr. Cantwell could have explored these topics with Mr. Willis during his initial cross-examination, and in fact did. For example, Mr. Cantwell showed Mr. Willis video footage of August 11th and asked him (repeatedly) whether he saw anyone carrying firearms. *See* Nov. 1 Trial Tr. 105, 152, 155-56. Mr. Cantwell also asked Mr. Willis about the injuries he sustained on August 11, including multiple questions about an incident when Mr. Willis was pepper-sprayed. *See id.* at 106, 108, 144, 146. In addition, Mr. Cantwell asked Mr. Willis several questions about the fighting he witnessed on August 11. *See, e.g. id.* at 143, 148. As noted above, the four exhibits that Mr. Cantwell intends to discuss with Mr. Willis—namely, CCX 140a, 140b, 133, and 137—are all Mr. Cantwell's own exhibits, were available to Mr. Cantwell before trial, and could have been shown to Mr. Willis during his cross-examination. *See Somers*, 496 F.2d at 734. In fact, as explained, Mr. Cantwell has *already* questioned Mr. Willis about one of these videos (CCX133).

Needless to say, re-calling Ms. Romero and Mr. Willis to the stand at this time would be an incredibly difficult and potentially traumatic experience for both of them. Ms. Romero and Mr. Willis calmly and cogently testified at the beginning of this trial about the most horrific experience of their lives for a collective total of 9 hours and 22 minutes. They each withstood hours of adversarial cross-examination by Defendants.[2] And they fully and completely answered the questions of Mr. Cantwell and the other Defendants on numerous topics. As a result, it would obviously be profoundly unfair and prejudicial to subject these Plaintiffs to yet another round of cross-examination simply because Mr. Cantwell would now like a second bite at the apple.

\* \* \*

For the foregoing reasons, the Court should not permit Mr. Cantwell to re-call Ms. Romero and Mr. Willis at this time. Nevertheless, Plaintiffs are willing to discuss with Mr. Cantwell the

---

[2] The length of the cross examination of Mr. Willis, in particular, was 2.5 times longer than his direct examination.

KAPLAN HECKER & FINK LLP

5

possibility of entering into stipulations to address at least some of the questions he has raised about the above-mentioned exhibits.

Respectfully submitted,

*[signature]*

Roberta A. Kaplan
*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

6

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

KAPLAN HECKER & FINK LLP

8

I hereby certify that on November 16, 2021, I also served the following by electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby certify that on November 16, 2021, I will serve the following by hand:

Christopher Cantwell
Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

_____
Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*