

Alan Levine  
T: +1 212 479 6260  
alevine@cooley.com

Via ECF

November 16, 2021

The Honorable Norman K. Moon  
United States District Court  
Western District of Virginia  
255 West Main Street  
Charlottesville, VA 22902

Re:   *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

Plaintiffs respectfully request an order precluding Defendants Michael Hill, Michael Tubbs, and the League of the South (the "LOS Defendants") from introducing unauthenticated portions of Defense Exhibit 72 ("Exhibit 72") and any related testimony by Richard Hamblen.

### I.   Unauthenticated Portions of Exhibit 72 are Inadmissible.

Throughout this trial, the Court has repeatedly and correctly declined to admit portions of video exhibits that could not be properly authenticated by a witness with firsthand knowledge.[1] As recently as yesterday, counsel for the LOS Defendants conceded that video exhibits are inadmissible without proper foundation from a competent witness, and Plaintiffs agreed such exhibits should not be admitted.  *See* Nov. 15 Trial Tr. 129:11-18 ("Your Honor, we won't object if the plaintiffs don't object to us introducing pictures and videos without the proper foundation"; Plaintiffs' counsel declining to move admission in absence of proper authentication of video).  *See also, e.g.*, Nov. 3 Trial Tr. 31:2-5 ("if he's going to say anything about the person depicted in the film, he's going to have to have a foundation for his knowledge."); Nov. 3 Trial Tr. 134:21-25 ("A witness may only testify concerning contents of a video based on personal knowledge of the matter, such as first having the witness identify themselves in the witness -- in the video, and further eliciting a response that the video fairly represents the situation depicted."); Nov. 5 Trial Tr. 51:15-17 (sustaining an objection to a video exhibit offered by Mr. Cantwell because "[i]t's not authenticated.  You've got to put it in through some witness who can authenticate that's what happened."); Nov. 9 Trial Tr. 46:7-24 (sustaining an objection where the witness testified that she

---

[1] Authenticity is a prerequisite to admissibility.  Fed. R. Evid. 901; *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018).  Under Rule 901, the proponent must show that the "piece of evidence is in fact what it purports to be."  *United States v. Cortez*, U.S. Dist. LEXIS 30555, at *13–14 (E.D. Va. Feb. 27, 2017).  To make such a showing, a party may authenticate the evidence with testimony from a witness with personal knowledge.  Fed. R. Evid. 901(b).



The Honorable Norman K. Moon
November 16, 2021
Page Two

saw Defendant Fields' car "pulling away," but Mr. Cantwell sought to admit a video clip through her which did not show the car "pulling away").

Hamblen cannot authenticate significant portions of Exhibit 72. Hamblen appears briefly in the very beginning of the video (the first 20 seconds) marching behind Michael Tubbs. As the video continues, Hamblen is visible until around the 0:20 mark, at which point he disappears from the video until the 5:43 mark. Between those two specific points, all the recorded events in Exhibit 72 were occurring *behind* Hamblen or otherwise outside his field of vision. Plainly, Hamblen lacks personal knowledge of that section of the video and cannot authenticate it because he could not have possibly seen the events depicted. Any portions of Exhibit 72 that Hamblen could not have witnessed are therefore inadmissible. *See United States v. Ivery*, 2017 WL 728309, at *7 (S.D. W. Va. Feb. 24, 2017) ("The admission of a video recording requires a showing of authenticity and accuracy because a video recording cannot be entirely self-authenticating.").

**II.     Exhibit 72 and Any Related Testimony are Inadmissible Under Rules 402 and 403.**

The portions of Exhibit 72 that Hamblen cannot authenticate must be excluded. But there is an additional, independent basis to exclude the portion of Exhibit 72 that occurred prior to the beating of DeAndre Harris (the "Garage Attack"). The Court should exclude that portion of the video because it is irrelevant to the issues of this case, and the risk of unfair prejudice and jury confusion substantially outweighs any probative value.

To be relevant, evidence must have the "tendency to make the existence of a[] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Chalifa v. Mayor and City Council of Baltimore*, 986 F.2d 1412 (4th Cir. 1993) (table affirmance). The proponent of evidence bears the burden of establishing its relevance. *See United States v. Shah*, 125 F. Supp. 3d 570, 574 (E.D.N.C. 2015).

Plaintiffs have offered evidence of the Garage Attack, PX-2368, PX-1920, and related testimony, to show that the attack was an overt act of Defendants' conspiracy to commit racially motivated violence. To that end, witness testimony has established that members of Defendants Traditionalist Worker Party ("TWP"), the League of the South, and Vanguard America were present at and responsible for the attack. *See* Nov. 2 Trial Tr. 142:6-143:14; Nov. 9 Trial Tr. 158:7-21. The Court has already instructed the jury that anyone else's conduct prior to the Garage Attack, including Harris's, is irrelevant to this case. When questioned by the Court, Heimbach admitted that he was not present when Harris was beaten. The Court then explained to the jury:

> And as far as that's concerned, anything that might have happened, whether somebody was charged with an offense and acquitted, or charged and even convicted, has nothing to do with your decision in this case.

# Cooley

The Honorable Norman K. Moon
November 16, 2021
Page Three

Nov. 2 Trial Tr. 141:17-20.  The Court's prior ruling, alone, should be sufficient to prevent the LOS Defendants from introducing that portion of Exhibit 72 or any related testimony on these ancillary issues.

In addition, the Court has already found it implausible and therefore improper for Defendants to argue that the TWP, LOS, and Vanguard members involved in the Garage Attack acted in self-defense.  On direct examination, Heimbach, despite lacking firsthand knowledge, testified that the Garage Attack followed Harris's "unprovoked assault on an old man."  *Id.* at 134:12-13.  At sidebar, the Court gave the following remarks to counsel concerning Harris's actions prior to the Garage Attack:

> The guy is lying on the ground being beaten with a stick.  That doesn't make it -- even if he ran over somebody with a car, that doesn't justify somebody hitting him.

*Id.* at 139:3-6.  Because there is no plausible self-defense argument, any evidence showing what took place prior to the Garage Attack is irrelevant to this case.

Moreover, even if it were otherwise admissible (which it is not), that portion of the video and related testimony should be precluded, under Rule 403 because any probative value of such evidence is substantially outweighed by the risk of unfair prejudice to the Plaintiffs and the potential for jury confusion.  *See* Fed. R. Evid. 403.  Courts routinely exclude otherwise admissible evidence when there is "an undue tendency to suggest a decision on an improper basis," Fed. R. Civ. P. 403 (advisory committee notes); *Sines v. Kessler*, 2021 WL 1431296, at *4 (W.D. Va. Apr. 15, 2021); or when its introduction risks derailing the case into mini-trials on collateral issues. *United States v. Myers*, 589 F.3d 117, 124 (4th Cir. 2009); *United States v. Rubio*, 87 F.3d 1309 (4th Cir. 1996) (table affirmance).

Here, admitting the portions of Exhibit 72 that Hamblen could not have witnessed – *i.e.*, the events before the Garage Attack – would be unfairly prejudicial to Plaintiffs because the jury might believe the events occurred as Hamblen would describe them (without having actually seen them) and could cause the jury to improperly accept the veracity of such evidence.  The LOS Defendants cannot offer evidence from an incompetent witness, especially evidence that may be misunderstood as truth.  *See United States v. Breeden*, 2004 U.S. Dist. LEXIS 18774, at *5 (W.D. Va. Sep. 17, 2004) (citing *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994)) ("The prejudice inquiry asks whether 'the jury would be likely to consider the [evidence] for the truth of what was stated with significant resultant prejudice.'").  If Hamblen is the sponsoring witness for Exhibit 72, it would be impossible to sufficiently cure the unfairly prejudicial effects of its admission.


The Honorable Norman K. Moon
November 16, 2021
Page Four

Moreover, allowing the LOS Defendants to use Exhibit 72 and Hamblen, an individual who did not witness the Garage Attack[2] or much of the contents of the video itself, to testify about the events leading up to the Garage Attack and the conduct of Harris or other third parties, would result in mini-trials concerning the guilt or innocence of Harris and those other individuals. Mini-trials on a collateral issue such as Harris's allegedly criminal conduct runs the risk of confusing the jury on the issues relevant to this case. Rule 403 requires the exclusion of evidence under such circumstances. *See* Nov. 2 Trial Tr. 141:21-22 ("THE COURT: . . . You decide this case based on the facts that you hear and see in this case and not -- and generally, it's not going to be admissible what might have happened in some other case"); *see also United States v. Wellons*, 32 F.3d 117, 120 n.3 (4th Cir. 1994) (finding evidence concerning a collateral matter was properly excluded because it was likely to "misdirect the jury's focus from the issues properly before it.").

### III. If Necessary, Evidence of Harris's Acquittal is Admissible as Rebuttal Evidence.

If the Court admits all of Exhibit 72 and allows Hamblen, an incompetent witness, to testify that the attack on Harris was an act of self-defense, essentially allowing a mini-trial on this issue, the Court should also permit Plaintiffs to offer evidence of Harris's acquittal for the limited purpose of rebutting an improper inference of guilt or criminal conduct by Harris. *See United States v. Bailey,* 319 F.3d 514, 518 (D.C. Cir. 2003) (noting that if "jury inference is plausible, evidence to rebut that inference is relevant."). Courts routinely admit in a civil action evidence of a person's acquittal in a criminal action concerning similar facts for the limited purpose of rebutting testimony that the person engaged in criminal conduct. *See Kentucky ex rel. Chandler v. Louis Trauth Dairy*, 1998 U.S. App. LEXIS 7743, at *12–13 (6th Cir. Apr. 16, 1998); *see also Branning v. Wayne Cty*., 2018 U.S. Dist. LEXIS 73606, at *17 (M.D. Pa. May 1, 2018) ("the Court notes that should Plaintiff 'open the door' by falsely suggesting, either expressly or by reasonable implication, that the resolution of the criminal matter resulted in a conviction, Defendants shall be able to introduce evidence of the acquittal for rebuttal or impeachment purposes."); *Zibolis-Sekella v. Ruehrwein*, 2013 WL 5574575, at *2 (D.N.H. Oct. 8, 2013) ("If a party or witness opens the door by testifying that Ruehrwein broke laws or acted criminally, the evidence that he was not prosecuted on charges arising from the accident likely will be allowed to rebut such testimony."). Here, Defendants Heimbach and Parrott have already opened the door by suggesting Harris engaged in criminal conduct. *See, e.g.*, Nov. 2 Trial Tr. 132:8-14 (Heimbach); Nov. 9 Trial Tr. 160:13-18 (Parrott). Admission of Exhibit 72 and any related testimony would further open that door. If the Court admits this evidence, which it should not, evidence of Harris's acquittal is admissible to rebut such testimony.

---

[2] *Cf.* Nov. 3 Trial Tr. 75:1-10 (striking the testimony of Heimbach, who lacks firsthand knowledge of the Garage Attack, concerning whether the attack was racially motivated).



The Honorable Norman K. Moon
November 16, 2021
Page Five

Sincerely,

*/s/ Alan Levine*

Alan Levine

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: +1 212 479 6000  f: +1 212 479 6275  cooley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Justin Saunders Gravatt
David L. Hauck
David L. Campbell
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
jgravatt@dhdglaw.com
dhauck@dhdglaw.com
dcampbell@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

W. Edward ReBrook
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants National Socialist Movement, Nationalist Front, Jeff Schoep, Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Joshua Smith Esq.
Smith LLC
807 Crane Ave.
Pittsburgh, PA 15216
joshsmith2020@gmail.com

*Counsel for Matthew Heimbach, Matthew Parrott and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

      I further hereby certify that on November 16, 2021, I also served the foregoing upon following *pro se* defendants, via electronic mail, as follows:

Richard Spencer
richardbspencer@gmail.com
richardbspencer@icloud.com

Robert Ray
azzmador@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Elliott Kline
eli.f mosley@gmail.com
deplorabletruth@gmail.com
eli.r kline@gmail.com

      I further hereby certify that on November 16, 2021, I also served the foregoing upon following *pro se* defendant, via U.S. mail, as follows:

Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

                                      */s/ Alan Levine*
                                      Alan Levine (*pro hac vice*)