# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*,<br><br>                *Plaintiffs*,<br><br>        v.<br><br>JASON KESSLER, *et al.*,<br><br>                *Defendants.* | CASE NO. 3:17-cv-00072<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is further to the several orders of the Magistrate Judge pertaining to imposition of certain sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, specifically the imposition as sanctions of certain facts deemed established as to Defendants Elliott Kline and Robert Azzmador Ray. *See* Dkt. 910, 1106. In the first such opinion, the Magistrate Judge granted in part and denied in part Plaintiffs' third motion for sanctions as to Defendant Elliott Kline, including that certain facts be deemed established against Kline for purposes of this action. Dkt. 910 at 1, 39–42. In the second opinion, the Magistrate Judge granted in part and denied in part Plaintiffs' second motion for sanctions as to Defendant Robert Azzmador Ray, including that certain facts be deemed established against Ray for purposes of this action. Dkt. 1106 at 1, 15–16.

As this Court stated to the parties in its anticipated preliminary jury instruction on the issue of sanctions, "[t]he Court intends to permit Plaintiffs to present as affirmative evidence at the close of their case-in-chief the facts that were deemed established pursuant to the Orders of Judge Hoppe with respect to Defendant Elliott Kline and Robert Azzmador Ray." Dkt. 1346

1

at 20 n.1. On November 15, 2021, the Court also provided to the parties the Court's anticipated

instruction to the jury concerning those facts deemed established.

The Court has considered these two orders and opinions of the Magistrate Judge, as well

as Defendant Christopher Cantwell's opposition, Dkts. 1120.

Rule 37(b)(2) authorizes a district court to impose evidentiary sanctions when a party

"fails to obey an order to provide or permit discovery." Any sanction must be "just," and it must

be "specifically related to the particular 'claim' which was at issue in the order to provide

discovery." *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707

(1982). The Fourth Circuit in *Southern States Rack and Fixture, Inc. v. Sherwin Williams Co.*,

318 F.3d 592, 597 (4th Cir. 2003), directed that in making this determination, a district court is to

consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that

noncompliance caused the adversary (3) the need for deterrence for the particular sort of non-

compliance, and (4) whether less drastic sanctions would be effective.

The Court has considered the thorough, well-reasoned decisions of the Magistrate Judge

concerning Plaintiffs' requested evidentiary sanctions against Robert Ray and Elliott Kline. See

Dkts. 910, 1106. Even were the Court taking up the issue in the first instance on a de novo

standard, the Court would agree with the Magistrate Judge and impose the same evidentiary

sanctions specifically concerning that certain facts be deemed established as against Ray and

Kline.

Considering **(1)** Kline and Ray's lengthy and well-documented non-compliance with

Court orders, which have resulted in the Court's finding Kline and Ray in civil contempt (and

indeed, they remain in contempt of Court to this day), *see* Dkt. 910 at 9–25 (detailing history as

to Kline); Dkt. 1106 at 7–10 (same, as to Ray), which more than amply demonstrate bad faith;

2

**(2)** the prejudice and delay their non-compliance caused Plaintiffs and their ability to efficiently

move this case forward, which violations "resulted in significant procedural and substantive

prejudice" to Plaintiffs and hindered their ability to bring a case against Kline and Ray, *see*

Dkt. 910 at 35, Dkt. 1106 at 12; **(3)** the manifest need to deter such disregard of Court orders,

discovery orders, and depositions, *see Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 303

(4th Cir. 2011) ("stalling and ignoring the direct orders of the court with impunity" is

"misconduct" that "must obviously be deterred" (citing *Mut. Fed. Sav. & Loan Ass'n v. Richards*

*& Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)); and **(4)** the fact that any lesser measures were

inadequate to secure compliance by Kline or Ray, *see* Dkt. 910 at 9–25 (detailing history as to

Kline); Dkt. 1106 at 7–10 (same, as to Ray), the Court finds that the *Southern States* factors are

met as to the evidentiary sanctions provided below. Further, the Court finds that the requested

sanctions imposed in terms of facts deemed established  as a sanction are both "just" and are

specifically related to the particular claims at issue, and, significantly, are no more expansive

than necessary as against these parties.[1]

      The Court therefore finds it appropriate, as noted in this Court's preliminary instructions,

that it will read to the jury certain facts as deemed established, drawn from those set forth in the

Magistrate Judge's Orders in Dkt. 910 and 1106, and subsequently modified by the Plaintiffs in

their filing at Dkt. 1310. The Court's instruction to the jury on the issue of the facts deemed

established as against Defendants Kline and Ray follows this Order and is incorporated

herewith.[2]

---

    [1] The Court notes that it denied a much later request for additional evidentiary sanctions as against Defendants Kline and Ray. *See* Dkt. 1285.

    [2] The Court will separately address the permissive adverse inference instructions in the Court's final instructions. *See* Dkt. 1346 at 20 n.1.

The Court also notes that it has given a limiting instruction with respect to the sanctions in the Court's preliminary jury instructions, *see* Dkt. 1366 at 24 (Oct. 28, 2021 Tr.), will do so again upon reading the instruction regarding the facts deemed established to the jury, and again in the Court's final jury instructions. That limiting instruction is in line with the objection raised by Cantwell in his objections, though the Court has modified the language.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to the parties.

Entered this 16th day of November, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

## Modified Instruction to the Jury re: Sanctions

In a federal civil action like this case, parties are entitled to the disclosure of all relevant, non-privileged evidence the other side possesses or controls, including relevant documents and electronically stored information.  This pre-trial process is known as "discovery."

During the discovery process in this case, I found that Defendants Elliott Kline, Robert "Azzmador" Ray, Vanguard America, Nationalist Socialist Movement, and Matthew Heimbach failed to comply with their discovery obligations, and as a result I will issue appropriate sanctions against each of them.

One of those sanctions specifically concerns Defendants Elliott Kline and Robert "Azzmador" Ray.

On account of Defendant Elliott Kline's failure to comply with his discovery obligations in this case, I have imposed as a sanction that the following facts are to be deemed established as true against Defendant Elliott Kline for purposes of this case:

1.  Defendant Kline was one of the leaders of Identity Evropa from April 2017 through at least August 2017.

2.  Defendant Kline entered into an agreement with one or more coconspirators to engage in racially motivated violence in Charlottesville,

Virginia on August 11 and 12, 2017. Whether such coconspirator or coconspirators are, or are not, a Defendant or Defendants, is a question for the jury.

3. Defendant Kline was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia.

4. It was reasonably foreseeable to Defendant Kline and intended by him that coconspirators would commit acts of racially-motivated violence and intimidation at the events in Charlottesville on August 11 and 12, 2017. Whether such coconspirator or coconspirators are, or are not, a Defendant or Defendants, is a question for the jury.

5. After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Kline ratified the racially-motivated violence at the event.

On account of Defendant Robert Azzmador Ray's failure to comply with his discovery obligations in this case, I have imposed as a sanction that the following facts are to be deemed established as true against Defendant Robert Ray for purposes of this case:

1. Defendant Ray was a writer for *The Daily Stormer* from at least July 2016 through at least March 2020.

2. Defendant Ray entered into an agreement with one or more coconspirators to commit racially motivated violence in Charlottesville, Virginia on August 11 and 12, 2017. Whether such coconspirator or coconspirators are, or are not, a Defendant or Defendants, is a question for the jury.

3. Defendant Ray was motivated by animus against racial minorities, Jewish people, and their supporters when conspiring to engage in acts of intimidation and violence on August 11 and 12, 2017, in Charlottesville, Virginia.

4. It was reasonably foreseeable to Defendant Ray and intended by him that the coconspirators would commit acts of racially motivated violence and intimidation at the events in Charlottesville, Virginia on August 11 and 12, 2017. Whether such coconspirator or coconspirators are, or are not, a Defendant or Defendants, is a question for the jury.

5. After the Unite the Right event in Charlottesville, Virginia on August 11 and 12, 2017, Defendant Ray ratified the racially motivated violence that occurred at Unite the Right.

The Court will instruct you at a later time with respect the particular nature of other sanctions imposed as against Defendants Elliott Kline, Robert "Azzmador" Ray, Vanguard America, Nationalist Socialist Movement, and Matthew Heimbach.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party. The facts deemed established, which I just listed, are admitted only as to Defendants Elliott Kline and Robert "Azzmador" Ray, respectively. Thus, taking those facts as true for this case against Elliott Kline and Robert "Azzmador" Ray does not relieve Plaintiffs of their burden to prove by a preponderance of the evidence the conduct committed by the other Defendants in the case.

8