**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | |
| Plaintiffs, | |
| v. | Civil Action No. 3:17-cv-00072 |
| **JASON KESSLER, ET AL.,** | |
| Defendants. | |

**DEFENDANTS LEAGUE OF THE SOUTH, MICHAEL HILL & MICHAEL TUBBS'S**
**RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants League of the South, Michael Hill, and Michael Tubbs, by and through

Counsel, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, at the conclusion of the

presentation of all the evidence in this case, move this court for judgment as a matter of law and

to dismiss the following claims with prejudice:

## I.        Standard of Review

Rule 50 of the Federal Rules of Civil Procedure states

"[i]f a party has been fully heard on an issue during a jury trial and the court finds that a
reasonable jury would not have a legally sufficient evidentiary basis to find for the party
on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense
that, under the controlling law, can be maintained or defeated only with a favorable
finding on that issue."

The court must review all of the evidence in the record, not just the evidence favorable to

the nonmoving party. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149-51 (2000);

1

however, "it must disregard all evidence favorable to the moving party that the jury is not

required to believe." Id. at 151.

Thus, "the court should give credence to the evidence favoring the nonmovant as well as

that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to

the extent that that evidence comes from disinterested witnesses.'" Id. (quoting 9A C. Wright &

A. Miller, Federal Practice and Procedure § 2529, at 300 (2d ed. 1995)).

I.      **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against Michael Hill**

Defendant Hill asserts that Plaintiffs have failed to provide sufficient evidence that Hill

was part of a 1985(3) conspiracy with any of his co-defendants to commit racially motivated

violence on August 11 or 12, 2017. Plaintiffs' evidence has shown that Hill attended the Unite

the Right rally in Charlottesville for reasons other than as part of a conspiracy to commit racially

motivated violence. Plaintiffs' evidence that Hill had some contact with other defendants leading

up to the Rally is insufficient to prove a conspiracy. It is not surprising that Hill and other

defendants communicated in advance of a large, pre-planned political rally. Plaintiffs have failed

to prove that the content of Hill's communication with some of his co-defendants constituted an

agreement to commit racially motivated violence. Asking the jury to draw that inference would

be speculative and unreasonable. Allowing a jury to reach the speculative conclusion that Hills'

actions and speech relating to the Rally were part of a 1985(3) conspiracy would have a chilling

effect on actions and speech that are protected by the First Amendment. See *NAACP v.

Patterson*, 357 U.S. 449 (1958).

Plaintiffs' evidence has shown that Hill was part of a group of protestors who pushed

through a human barricade which blocked a public roadway. There is insufficient evidence that

the act of pushing through the human barricade or any other action by Hill on August 11 or 12, 2017 was racially motivated or in furtherance of a conspiracy to commit racially motivated violence.  All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have also failed to provide evidence in support of the claim that Plaintiffs Elizabeth Sines, Devon Willis, April Muniz, and Seth Wispelwey's alleged injuries were caused by an overt act in furtherance of a Section 1985(3) conspiracy to commit racially motivated violence. Plaintiffs presented no medical evidence to confirm that the above-named Plaintiffs' alleged emotional injuries were caused by an overt act in furtherance of a conspiracy to commit racially motivated violence on August 11 or 12, 2017. Plaintiffs Sines, Willis, Muniz, and Wispelwey's claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence to establish that the Fields car attack was an overt act in furtherance of a conspiracy to commit racially motivated violence. The car attack occurred two hours after the Unite the Right rally had been declared an unlawful assembly. Fields was alone when he perpetrated the car attack and Plaintiffs have failed to show any communication, before the car attack, with other codefendants sufficient to establish that the car attack was an overt act in furtherance of a conspiracy. Plaintiffs claims based on the Fields car attack should be dismissed.

Plaintiffs have failed to provide sufficient evidence that Fields conspired with any defendant to commit racially motivated violence. Fields' actions on August 12, 2017 are insufficient to establish he was part of a 1985(3) conspiracy with Hill. Fields wearing a white shirt and khakis and holding a Vanguard shield are insufficient to establish he was part of a conspiracy to commit racially motivated violence with any of his co-defendants. No reasonable juror could find those actions are sufficient to establish a meeting of the minds with any of his

3

co-defendants to commit racially motivated violence. Allowing a jury to reach the speculative conclusion that Fields' mere attendance and participation in a Rally constitute an agreement to commit racially motivated violence would have a chilling effect on actions and speech that are protected by the First Amendment. All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence to establish that the Fields car attack was a reasonably foreseeable result of any conspiracy that Hill could have been a part of to commit racially motivated violence on August 11 or August 12, 2017. Plaintiffs have presented evidence that some individuals posted violent jokes on Discord, but Plaintiffs have failed to connect Hill to those violent posts and failed to show that Hill had any knowledge of violent posts on Discord. Plaintiffs' evidence has shown that the streets around Emancipation Park on August 12, 2017 were closed to vehicular traffic. Hill could not have reasonably foreseen that Fields would drive his car, on streets Hill believed were closed to traffic, into protesters two hours after the conclusion of the Rally. Allowing a jury to reach the speculative conclusion that the Fields' car attack was a reasonably foreseeable result of a 1985(3) conspiracy would have a chilling effect on actions and speech that are protected by the First Amendment. All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence that Hill was part of any conspiracy to commit racially motivated violence at the Torch March. Hill did not attend the Torch March and had no role in its planning or execution. He sent two people to observe the March, which is insufficient to establish that he conspired to commit racially motivated violence at the Torch March. Allowing a jury to reach the speculative conclusion that Hills' actions and speech relating to the Torch March were part of a 1985(3) conspiracy would have a chilling effect on

4

actions and speech that are protected by the First Amendment. For that reason, all Plaintiffs'

claims arising from the Torch March should be dismissed.

**II.     Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against Michael Tubbs**

Same as above.

**III.    Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against League of the South**

Same as above.

**IV.    Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against Michael Hill**

Plaintiffs have failed to provide sufficient evidence that Hill was part of a Section

1985(3) conspiracy to commit racially motivated violence for the reasons stated above. For that

reason, Plaintiffs' Section 1986 claims should be dismissed. However, even if the evidence is

sufficient on that issue, Plaintiffs have failed to present any evidence tending to show that Hill

could have prevented the Torch March or the Fields car attack.

Hill did not attend the Torch March and had no ability to prevent the hundreds of

marchers from participating in the March. No evidence was presented that Hill knew in advance

whether the Torch March was approved by the police or the University of Virginia. As for the

car attack, Hill did not know Fields and never spoke to Fields. Hill was never in a position to

prevent Fields from perpetrating the car attack. Plaintiffs Section 1986 claims against Hill should

be dismissed.

**V.     Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against Michael Tubbs**

Same as above, except in addition to the arguments above, Plaintiffs have failed to

present any evidence that Tubbs even had advance notice of the Torch March. The uncontested

evidence at trial is that Tubbs only learned of the Torch March after it had already occurred.

Therefore, for the reasons stated above, and because there is no evidence that Tubbs had

advanced notice of the Torch March, Tubbs could not have prevented the Torch March.

Plaintiffs' Section 1986 claims against Tubbs should be dismissed.

**VI.** **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against League of the South**

Same as above.

**VII.** **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against Michael Hill**

Same as above.

**VIII.** **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against Michael Tubbs**

Same as above.

**IX.** **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against League of the South**

Same as above.

Wherefore, for the reasons stated above, Defendants League of the South, Michael Hill,

and Michael Tubbs move this court for judgment as a matter of law and to dismiss all claims

against them.

Respectfully submitted,

/s/  Bryan J. Jones_____

6

Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,*
*Michael Tubbs, and League of the South*

## CERTIFICATE OF SERVICE

I certify the above was served on November 16, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley: eli.f.mosley@gmail.com & deplorabletruth@gmail.com
Matthew Heimbach: matthew.w.heimbach@gmail.com
Christopher Cantwell—in person
Vanguard America c/o Dillon Hopper: dillon_hopper@protonmail.com
Robert Azzmador Ray: azzmador@gmail.com
Richard Spencer: richardbspencer@gmail.com

/s/  Bryan J. Jones_____
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,*
*Michael Tubbs, and League of the South*