IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELIZABETH SINES ET AL. | : | Case No. 3:17-CV-72 |
| Plaintiff | : | Judge MOON |
| | : | |
| -v- | | |
| JASON KESSLER ET AL. | : | |
| | : | |
| Defendants | | |

### DEFENDENT JEFF SCHOEP'S RULE 50 MOTION FOR JUDGEMENT AS MATTER OF LAW

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Defendant Jeff Schoep, by and through counsel, respectfully move this court for judgment as a matter of law and to dismiss all claims against him with prejudice.

Under Rule 50, judgment as a matter of law is proper when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Although the Court views the evidence in the light most favorable to the non-moving party without weighing the evidence or assessing credibility, the Court may draw only reasonable inferences from the evidence in favor of the non-moving party. A reasonable inference cannot rest on speculation, and it cannot contradict the undisputed facts of a case.[1] Nor may the party avoid judgment

---

[1] *See First Union Nat'l Bank v. Benha*m, 423 F.3d 855, 863 (8th Cir. 2005) (quoting *Fought v. Hayes Wheels Int'l, Inc.*, 101 F.3d 1275, 1277 (8th Cir. 1996)) ("A reasonable inference is one which may be drawn from the evidence without resort to speculation.") (internal quotation marks and citations omitted); *Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 830 (8th Cir. 1996). ("Although we must give Sip-Top the benefit of all

where its proof rests on a "mere scintilla of evidence."[2]

Plaintiffs have failed to provide sufficient evidence that Defendant Schoep was part of a 42 U.S. Code § 1985(3) conspiracy with any of his co-defendants to commit racially motivated violence on August 11 or 12, 2017. Plaintiffs assert since Defendant Schoep was invited to come to Unite the Right and invited other members of his former organization to attend, then somehow he was part of a conspiracy. There is no evidence that Defendant Schoep was part of any conspiracy. According to the Plaintiffs', most of the planning for an alleged conspiracy took place using Discord, an online platform in which Defendant Schoep was never involved. All witnesses which Plaintiffs' called upon regarding the planning of UTR and Discord testified that Defendant Jeff Schoep was never part of any Discord server or channel. Plaintiffs' own expert witness, Pete Simi, who testified to combing extensively through the Discord evidence, confirmed this when he testified he had not seen Defendant Schoep in Discord. In fact, the only correspondence between Defendant Schoep and the organizers/planners of the Unite the Right was an invitation to attend and brief discussion of what not to wear if they chose to attended. To Defendant Schoep's knowledge the only purpose of UTR was to legally protest the removal of Confederate statues. Defendant Schoep was invited to UTR as an attendee, nothing more. No evidence has been shown that Defendant Schoep or anyone from the National Socialist Movement engaged in racially motivated violence. The only perceivable violence done by Defendant Schoep was an act of self-defense and the other individual was white, therefore negating any racial animus.

Defendant Schoep was not at the Torch March on August 11, 2017 and was

---

reasonable inferences, we may not accord a party the benefit of unreasonable inferences or those at war with the undisputed facts.") (internal quotation marks and citation omitted).

[2] See *SEC v. Adler,* 137 F.3d 1325, 1340 (11th Cir. 1998); *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 219 (5th Cir. 2001).

out of town on August 12, 2017 when the car attack by Defendant Fields took place. He never had any communications with Defendant Fields.

Plaintiffs have failed to provide sufficient evidence that Schoep was part of a Section 1985(3) conspiracy to commit racially motivated violence for the reasons stated above. For that reason, Plaintiffs' Section 1986 claims should be dismissed.

Wherefore, for the reasons stated above, Defendant Schoep, moves this court to dismiss all claims against him with prejudice.

Respectfully submitted November 17, 2021

/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV, Esq. (VBA #84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
(571) 215-9006 (phone)
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

## CERTIFICATE OF SERVICE

I certify the above was served on November 17, 2021 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley: eli.f.mosley@gmail.com & deplorabletruth@gmail.com
Matthew Heimbach: matthew.w.heimbach@gmail.com
Vanguard America c/o Dillon Hopper: dillon_hopper@protonmail.com
Robert Azzmador Ray: azzmador@gmail.com
Richard Spencer: richardbspencer@gmail.com

/s/ W. Edward ReBrook, IV
W. Edward ReBrook, IV, Esq. (VBA #84719)
The ReBrook Law Office
6013 Clerkenwell Court
Burke, Virginia 22015
(571) 215-9006 (phone)
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*