# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    (212) 763-0883
DIRECT EMAIL  rkaplan@kaplanhecker.com

November 17, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

Re:    *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

As a supplement to our letter of yesterday's date, ECF No. 1432, and subsequent discussion with the Court, we write regarding follow-up discussions we have had with Defendant Christopher Cantwell concerning Mr. Cantwell's request to recall Plaintiffs Natalie Romero and Devin Willis to the stand. More specifically, Mr. Bloch spoke yesterday evening with Mr. Cantwell regarding the specific exhibits Mr. Cantwell seeks to introduce through Ms. Romero and Mr. Willis. Plaintiffs are willing to stipulate to additional portions of one of the videos that Mr. Cantwell seeks to introduce (CCEX123), since Mr. Willis and/or Ms. Romero would be able to lay the proper foundation for those portions of that video if called to testify. Plaintiffs are also willing to confer with Mr. Cantwell to determine whether a portion of another video (CCEX137A) can be authenticated and, if so, whether a stipulation can be reached. With respect to the other exhibits, however, because neither Mr. Willis nor Ms. Romero have personal knowledge sufficient to lay the requisite evidentiary foundation, any additional questioning of them would constitute harassment, undue burden, and needless delay.

Mr. Cantwell seeks to question Ms. Romero and Mr. Willis regarding the following exhibits, each of which was available to him – and, in some cases, actually used by Mr. Cantwell – when he previously cross-examined Mr. Willis and Ms. Romero at length, as described in our prior letter:

- *CCEX123* – This exhibit is a video of the events on August 11, a clip of which Plaintiffs played in their opening statement and previously entered through Mr. Willis as PX-3474. *See, e.g.*, Trial Tr. 168-70, Oct. 29, 2021. Mr. Cantwell seeks to introduce a slightly longer clip. While Mr. Cantwell was certainly aware of this exhibit and chose

Matter Documents\4893-1150-6692.v2-11/17/21

KAPLAN HECKER & FINK LLP

2

not to question Ms. Romero or Mr. Willis about it, Plaintiffs will agree to stipulate to the authenticity of a longer version of the video where Mr. Willis and Ms. Romero were percipient witnesses. Specifically, the clip that Plaintiffs previously entered into evidence was 27:56 to 28:00 of CCEX123. Plaintiffs will now agree to stipulate to the authenticity of 27:22 to 28:25 of that same video, which is the only portion of the video that Mr. Willis and Ms. Romero could authenticate.

- *CCEX133* – This exhibit is a video of the events on August 11, a portion of which Mr. Cantwell himself already entered into evidence during Mr. Willis's testimony and about which Mr. Cantwell has already questioned Mr. Willis at great length. *See, e.g.*, Trial Tr. 133-34, Nov. 1, 2021. Mr. Cantwell seeks to introduce through Mr. Willis or Ms. Romero additional footage from the same video, which he never sought to introduce through these witnesses when they first took the stand, despite having had access to the video at the time. In any event, neither Mr. Willis nor Ms. Romero have personal knowledge of the additional footage Mr. Cantwell seeks from this video, and they therefore have no probative testimony to offer.

- *CCEX137A* – This exhibit is a video of a portion of the events on August 11. As with the other exhibits on the list, Mr. Cantwell was clearly aware of this video at the time that Ms. Romero and Mr. Willis testified, given that it appears on his own exhibit list. Nevertheless, while Mr. Cantwell did not provide Plaintiffs with exact timestamps for which he seeks admission, Plaintiffs' counsel is willing to confer with Mr. Cantwell to determine whether the portion of the video he seeks to introduce can be authenticated and, if so, whether a stipulation can be reached.

- *CCEX140A* and *CCEX140B* – These exhibits are two versions of the same photograph purportedly showing an individual named Hannah Zoller who Mr. Cantwell alleges was carrying a firearm on the night of August 11. While Mr. Willis and Ms. Romero do appear in the background of this photograph, the photograph was not taken from either Mr. Willis or Ms. Romero's perspective.  In fact, Mr. Willis and Ms. Romero are both completely behind the persons who are the focus of the photograph, with their backs abutting the Thomas Jefferson statute.  The photograph, by contrast, was taken several feet in front of the person Mr. Cantwell believes is Hannah Zoller, a view that Ms. Romero and Mr. Willis could not possibly have seen.  Thus, they cannot authenticate the accuracy of the photographs with regard to the highlighted individual, Ms. Zoller, which is the sole purpose of the testimony Mr. Cantwell seeks.  In addition, Mr. Cantwell has had this photograph in his possession for a substantial period of time and used it in his filings as long as two years ago, as well as since then. *See, e.g.*, Answer ¶ 416, Nov. 15, 2019, ECF No. 590; Mot. for Extension of Time to Obj. to Mot. for Sanctions Against Kline, Jan. 6, 2020, ECF 614. Mr. Cantwell also questioned Ms. Romero about Ms. Zoller, the alleged subject of the photographs. *See* Trial Tr. 102, Oct. 29, 2021. Thus, Mr. Cantwell appears to have made a tactical choice not to question Mr. Willis or Ms. Romero regarding this photograph when he had the opportunity to do so, and such questioning was well within the scope of his examination at the time. There is no basis to allow him to do so now.

KAPLAN HECKER & FINK LLP                                              3

- *CCEX142* and *CCEX150* – These exhibits are two screenshots allegedly showing individuals named Tom Massey and Tom Keenan near the Thomas Jefferson statue on the night of August 11. The screenshots were taken from the VICE documentary *Charlottesville: Race and Terror*, which aired on August 14, 2017, and which featured Mr. Cantwell and was on Plaintiffs' exhibit list. Mr. Cantwell has obviously been aware of this documentary for years. Indeed, Mr. Cantwell has already questioned Ms. Romero and Mr. Willis about Mr. Massey and Mr. Keenan, and they testified that they do not know who those individuals are. *See* Trial Tr. 102, Oct. 29, 2021; Trial Tr. 131-32, Nov. 1, 2021. Neither Mr. Willis nor Ms. Romero are pictured in or close to the area depicted in the screenshots and they are not able to authenticate them.

None of the above-described exhibits, which are all Mr. Cantwell's own exhibits, provides sufficient grounds for re-calling Ms. Romero and Mr. Willis to the stand at this time. Mr. Cantwell was aware of each of these exhibits well before Ms. Romero and Mr. Willis testified, if not years before. *See United States v. Somers*, 496 F.2d 723, 734 (3d Cir. 1974) (denying recall where "the documents upon which the requested examination would have been based were available at the time of the original cross-examination"). Indeed, Mr. Cantwell has already questioned Ms. Romero and Mr. Willis regarding the subject matter of these exhibits, actually using some of the exhibits themselves. *See Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 462 F. App'x 266, 277-78 (4th Cir. 2012) (improper to recall witnesses to testify regarding topics within the scope of their initial cross-examination). Under these circumstances—where Ms. Romero and Mr. Willis have already been cross-examined for hours, including by Mr. Cantwell (who crossed Mr. Willis for nearly two hours), on numerous topics, including the events of August 11, and simply cannot offer any additional authentication testimony—any additional questioning would lack a proper purpose, cause further delay of the trial, and be cumulative, harassing, and have little to no probative value.

*      *      *

For the above reasons as well as those stated in our letter yesterday, the Court should not permit Mr. Cantwell to re-call Ms. Romero and Mr. Willis. Plaintiffs will agree to stipulate to the authenticity of exhibit CCEX123 and to confer with Mr. Cantwell regarding exhibit CCEX137A, as outlined above.

Respectfully submitted,

Roberta A. Kaplan
*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com

Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP                                                                                 5

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

KAPLAN HECKER & FINK LLP                                                                6

I hereby certify that on November 17, 2021, I also served the following by electronic mail:

Richard Spencer                              Robert "Azzmador" Ray
richardbspencer@icloud.com                   azzmador@gmail.com
richardbspencer@gmail.com


Vanguard America                             Elliott Kline a/k/a Eli Mosley
c/o Dillon Hopper                            eli.f.mosley@gmail.com
dillon_hopper@protonmail.com                 deplorabletruth@gmail.com
                                             eli.r.kline@gmail.com


I hereby certify that on November 17, 2021, I will serve the following by hand:

Christopher Cantwell
Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960


Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*