# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JASON KESSLER, *et al.*, <br><br> *Defendants*. | CASE NO. 3:17-cv-00072 <br><br> NOTICE <br><br> JUDGE NORMAN K. MOON |

**ANTICIPATED FINAL JURY INSTRUCTIONS**

**(GENERAL INSTRUCTIONS)**

# Final Jury Instruction # 1

## General Instructions

Members of the jury:

Now that you have heard all of the evidence in the case, it becomes my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision. You will follow and apply these rules of law after you have heard the final arguments of the lawyers for the parties.

It is your duty as jurors to follow the law as stated in my instructions and to apply the rules of law, so given, to the facts as you find them from the evidence in this case, and solely the evidence presented to you.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by me in these instructions, you are governed by the instructions I am about to give you. You must follow all of the rules as I explain them to you. You may not follow some and ignore others.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to

2

be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. You must not base your verdict on prejudice, sympathy, guesswork or speculation, but on the evidence and on the rules of law I have given you.

      Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## Final Jury Instruction # 2

## Role of the Jury & Evidence

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The evidence in the case includes the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all depositions read or played into the record, regardless of who may have introduced them; and all facts which may have been admitted or stipulated.

Remember that statements, objections, or arguments made by the lawyers are not evidence in the case, and you may not consider any question which contained any statement of fact as evidence of that fact, unless it was agreed to by the witness. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Also, during the course of the trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should have responded to the questions of counsel. Do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

# Final Jury Instruction # 3
## Jury as Judges of the Facts, Credibility, and Weight of Evidence

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

# Final Jury Instruction # 4

## Direct & Circumstantial Evidence

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you may feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It only requires that you weigh all of the evidence in reaching your verdict.

## Final Jury Instruction # 5

## Credibility

It is your job to decide if a party with the burden of proof on an issue has proven that issue by a preponderance of the evidence. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision you should consider:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness have any relationship with either the plaintiff or the defense?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which the witness testified?

8

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses or other evidence in the case?

These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## Final Jury Instruction # 6

## Impeachment

The testimony of a witness may be discredited or "impeached" by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

# Final Jury Instruction # 6-A

## Testimony of Government Officials

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the state, law enforcement officers, and ordinary civilians. The testimony of a government employee, or a law enforcement officer, is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary civilian witness.

## Final Jury Instruction # 7

## Burden of Proof

As I explained to you at the beginning of the trial, unless otherwise instructed, Plaintiffs bear the burden of proving their claims against each Defendant by what is called a "preponderance of the evidence." This burden applies to all of Plaintiffs' claims except their claims for intentional infliction of emotional distress, which will be discussed later.  In the same vein, each Defendant has the burden to prove any affirmative defenses that they may advance by a preponderance of the evidence.

The term "preponderance of the evidence" means evidence which, as a whole, shows that the fact sought to be proven is more probable than not.  In other words, a preponderance of the evidence means such evidence that persuades you that a fact is more likely true than not true.  In your mind, you may think of this as 51%—more likely than not.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that is applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, all exhibits

received in evidence, regardless of who may have produced them, and all depositions read into the record, regardless of who may have introduced them.

If you conclude that a party who has the burden of proof on an issue establishes his or her position by a preponderance of the evidence, you must decide that issue for the party.

## Final Jury Instruction # 8

## Expert Opinions

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, expertise, training, or education, may testify and state his or her opinion concerning such matters. During the trial, you heard from four expert witnesses, including Dr. Deborah Lipstadt, who was qualified as an expert on antisemitism, including the history, rhetoric, language, and symbols of antisemitism; Dr. Peter Simi, who was qualified as an expert in the white supremacist movement and the culture of the white supremacist movement; Ms. Sharon Reavis, who was qualified as an expert in the fields of rehabilitation counseling and life care planning; and Dr. Nadia Webb, who was qualified as an expert in the fields of neuropsychology and medical psychology.

You should consider each expert opinion received in this case and give it such weighs as you might think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound,

or that the opinion is outweighed by other evidence, then you may disregard the opinion.

# Final Jury Instruction # 9

## Matters Stricken by the Court

You must not consider any matter that was stricken by the Court. It is not evidence and should be disregarded.

# Final Jury Instruction # 10

## Deposition Testimony

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

During trial, you heard the deposition testimony of various witnesses. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it the same way as if the witness was testifying in court.

Some of the deposition testimony that you heard was a video recording of the deposition. Other deposition testimony that you heard may have been read out loud by an attorney. If the deposition testimony was read out loud, you should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

# Final Jury Instruction # 10-A

## Invocation of the Fifth Amendment Privilege by Defendant

Any person who becomes a witness, including a party, is required to answer all proper questions unless the Court rules that the witness may decline to testify or answer. Under the United States Constitution, a person has the right to refuse to answer questions that may tend to incriminate him or her in criminal activity. You may have heard of this as someone invoking their "Fifth Amendment" privilege.

During the trial, you may have heard a Defendant decline to testify or answer certain questions on the grounds of their Fifth Amendment privilege against self-incrimination. You may decide whether to infer that the withheld testimony or answer would have been unfavorable to that Defendant.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

# Final Jury Instruction # 11

## Invocation of Fifth Amendment Privilege by Non-Party Witness

As I just noted, under the Fifth Amendment of the United States Constitution, a person has the right to refuse to answer questions that may tend to incriminate him in criminal activity. During this case, you heard deposition testimony from certain non-party witnesses, including Benjamin Daley and Vasillios Pistolis, who refused to testify or answer questions by exercising their Fifth Amendment privilege against self-incrimination.

With respect to each witness's refusal to testify, you may, but are not required to, infer that their testimony would have been unfavorable to a Defendant associated with that witness if you find that the witness is sufficiently associated with that Defendant so as to justify the adverse inference. Where the witness is sufficiently associated with a party to justify an adverse inference depends upon all the circumstances of the case. For example, a witness who is a past or present employee, officer or agent of a party may be, but is not necessarily, sufficiently associated with that party to justify an adverse inference. Likewise, a coconspirator may be sufficiently associated with a party to permit the drawing of an adverse inference to the party if the coconspirator refuses to testify.

If, however, you find that the witness is not sufficiently associated with the party, you are instructed that you are not to attach any significance to that witness's refusal to testify. In other words, you should not make any assumption or speculate why the witness chose to exercise his constitutional privilege. In addition, if the witness is not sufficiently associated with either of the parties, you are not to infer anything adverse or unfavorable to either party in the case because the witness refused to testify.