# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is further to the several orders of the Magistrate Judge pertaining to imposition of certain sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, specifically the imposition of a permissive adverse inference jury instruction as to Defendants Elliott Kline, Robert "Azzmador" Ray, Matthew Heimbach, Nationalist Socialist Movement, and Vanguard America. *See* Dkts. 910, 933, 936, 982, 1295. As this Court stated to the parties in its anticipated preliminary jury instruction on the issue of sanctions, "[t]he Court further intends to give the jury in its closing instructions the permissive adverse inference instruction with respect to Defendants Ray, Kline, Nationalist Socialist Movement, Vanguard America, and Matthew Heimbach." Dkt. 1346 at 20 n.1. The Court has considered these orders and opinions of the Magistrate Judge, and notes Defendant Cantwell's untimely opposition to the Magistrate Judge's Order at Dkt. 982, *see* Dkt. 1357.

Rule 37(b)(2) authorizes a district court to impose evidentiary sanctions when a party "fails to obey an order to provide or permit discovery." Any sanction must be "just," and it must be "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707

(1982). The Fourth Circuit in *Southern States Rack and Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), directed that in making this determination, a district court is to consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary (3) the need for deterrence for the particular sort of non-compliance, and (4) whether less drastic sanctions would be effective.

The Court has considered the thorough, well-reasoned decisions of the Magistrate Judge concerning Plaintiffs' requested permissive adverse-inference instruction under Rule 37(b)(2) as a sanction against Defendants Kline, Ray, Vanguard America, and Nationalist Socialist Movement. *See* Dkts. 910, 933, 936, 982. Even were the Court taking up the issue in the first instance on a de novo standard, the Court would agree with the Magistrate Judge and impose this same evidentiary sanction.

Considering **(1)** these Defendants' documented non-compliance with Court discovery orders, which included the Court's finding Kline and Ray in civil contempt (and indeed, they remain in contempt of Court to this day), *see* Dkt. 910 at 9–25 (detailing history as to Kline); Dkt. 1106 at 7–10 (same, as to Ray); *see also* Dkt. 936 at 21–24 (explaining need for adverse inference instruction as to Vanguard America on account of failures to turn over evidence); Dkt. 982 at 17–27 (same, as to Nationalist Socialist Movement); **(2)** the prejudice and delay their non-compliance caused Plaintiffs and their ability to efficiently move this case forward, which violations resulted in significant procedural and substantive prejudice to Plaintiffs and hindered their ability to bring a case against these Defendants, *see, e.g.*, Dkt. 910 at 35 (Kline), Dkt. 936 at 13–14 (Vanguard America); Dkt. 982 at 25-26 (Nationalist Socialist Movement); Dkt. 1106 at 12 (Ray); **(3)** the manifest need to deter such disregard of Court orders, discovery orders, and depositions, *see Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 303 (4th Cir. 2011)

2

("stalling and ignoring the direct orders of the court with impunity" is "misconduct" that "must obviously be deterred." (citing *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)); and **(4)** the fact that any lesser measures were inadequate to secure compliance by these Defendants, *see* Dkt. 910 at 9–25 (detailing history as to Kline); Dkt. 936 at 23–24 (Vanguard America); Dkt. 982 at 26 (Nationalist Socialist Movement); Dkt. 1106 at 7–10 (Ray).

Some sanctions, including a permissive adverse inference, require the Court to find that the disobedient party acted willfully or in bad faith. *Sampson v. City of Cambridge*, 251 F.R.D. 172, 181 (D. Md. 2008) (citing *Hodge v. Wal-Mart Stores, Inc*., 360 F.3d 446, 450 (4th Cir. 2004)); cf. Fed. R. Civ. P. 37(e)(2) (permitting an adverse inference where electronically stored information that should have been preserved for litigation was "lost because a party failed to take reasonable steps to preserve it and it cannot be restored or replaced through additional discovery," but "only upon finding that the party acted with intent to deprive another party of the information's use in the litigation"). The Court agrees with Judge Hoppe's assessment of why a permissive adverse inference is the appropriate sanction against these Defendants. *See* Dkt. 910, 936, 982, 1106.

Therefore, the Court finds that the *Southern States* factors are met as to the specific evidentiary sanctions of Defendants Kline, Ray, Vanguard America, and Nationalist Socialist Movement, and that the Defendants' discovery violations support a sanction in the form of a permissive adverse inference.

In addition, Rule 37(e), provides the legal framework for evaluating claims that a party failed to preserve electronically stored information ("ESI") for another's use in litigation. *See Jenkins v. Woody*, No. 3:15-cv-355, 2017 WL 362475, at *12, *14 (E.D. Va. Jan. 21, 2017).

Magistrate Judge Hoppe's adverse inference order pertaining to Defendant Heimbach was entered under Rule 37(e), and again the Court would agree with Judge Hoppe's analysis even were its review *de novo*. *See* Dkt. 1295.

Under Rule 37(e), a movant must satisfy four threshold requirements before a court decides if any spoliation sanction is appropriate: (1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 104 (E.D. Va. 2018); Fed. R. Civ. P. 37(e). "[W]hether ESI should have been preserved . . . under Rule 37(e) turns chiefly on two questions underlying the duty to preserve: 1) whether the party should have reasonably anticipated litigation, and 2) whether the party reasonably should have known that the evidence at issue might be relevant to such litigation." *Johns v. Gwinn*, 503 F. Supp. 3d 452, 462 (W.D. Va. 2020) (citing *Steves & Sons*, 327 F.R.D. at 105).

If the movant makes the threshold showing under Rule 37(e), the "court must then consider whether the movant has established one of two options that would permit imposing sanctions." *Knight v. Boehringer Ingelheim Pharma., Inc.*, 323 F. Supp. 3d 837, 845 (S.D. W. Va. 2018); *see* Fed. R. Civ. P. 37(e)(1)-(2). "First 'upon finding prejudice to another party from loss of the information, [the court] may order measures no greater than necessary to cure the prejudice.'" *Thompson v. Clarke*, No. 7:11-cv-111, 2019 WL 4039634, at *3 (W.D. Va. Aug. 27, 2019) (quoting Fed. R. Civ. P. 37(e)(1)). "Second, and 'only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation,' the court may presume that the lost information was unfavorable to the party who lost it, instruct the jury that it

may or must so presume, or dismiss the action or enter a default judgment." *Id.* (quoting Fed. R. Civ. P. 37(e)(2)).

  With respect to Heimbach's discovery non-compliance, applying the four threshold requirements under Rule 37(e), the Court notes that (1) Heimbach's duty to preserve potentially relevant ESI arose, at the latest, on October 12, 2017, when he knew he was named as a Defendant in this lawsuit; (2) the ESI on Heimbach's two cell phones and three social media accounts was rendered "lost and irreplaceable" through Heimbach's actions or actions of others over which he had a reasonable degree of control; (3) Heimbach failed to take reasonable steps to preserve the ESI because he could have backed up his phones (or stored them in a more secure manner) and not deleted his social media accounts; and (4) the ESI cannot be restored or replaced through other discovery methods. *See* Dkt. 1295 at 18–23. Furthermore, the Court holds that a permissive adverse inference is an appropriate sanction for Heimbach's non-compliance because Heimbach took essentially no steps to preserve the ESI stored in his cell phones or social media accounts, despite being well aware of his discovery obligations. *See Sampson*, 251 F.R.D. at 181 (citing *Hodge*, 360 F.3d at 450); Dkt. 1295 at 23–25 (stating Judge Hoppe's reasoning for same finding).

  The Court therefore has found it appropriate, as initially noted in this Court's preliminary instructions, to give the jury the Plaintiffs' requested permissive adverse inference instruction as to Defendants Elliott Kline, Robert "Azzmador" Ray, Matthew Heimbach, Nationalist Socialist Movement, and Vanguard America, as set forth in the Magistrate Judge's Orders in Dkts. 910, 933, 936, 982, 1295. The Court's instruction to the jury on the issue follows this Order and is incorporated herewith.

The Court also notes that it has given a limiting instruction with respect to the sanctions in the Court's preliminary jury instructions, *see* Dkt. 1366 at 24 (Oct. 28, 2021 Tr.), and has done so again upon reading the permissive adverse inference instruction to the jury in the Court's final jury instructions.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Order to the parties.

Entered this 19th day of November, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

**Final Jury Instruction**

**Evidentiary Sanctions against Defendants Elliott Kline, Robert Ray, Matthew Heimbach, Vanguard America, and Nationalist Socialist Movement**

**– Permissive Adverse Inference**

During the discovery process in this case, the Court found that Defendants Elliott Kline, Robert "Azzmador" Ray, Matthew Heimbach, Vanguard America, and Nationalist Socialist Movement, failed to comply with their discovery obligations, specifically in that they intentionally withheld or destroyed documents and electronically stored information they were required to produce to Plaintiffs.

On account of Defendant Elliott Kline, Robert "Azzmador" Ray, Matthew Heimbach, Vanguard America, and Nationalist Socialist Movement's failures to abide by their discovery obligations in this case, I have imposed as a sanction that you are permitted, but not required, to infer that they intentionally withheld or destroyed documents and electronically stored information because they were aware that such documents and electronically stored information contained evidence that they each conspired to plan racially-motivated violence at Unite the Right.

You are cautioned, however, that each party is entitled to have the case decided solely on the evidence that applies to that party. Sanctions against these parties have no bearing on other parties.