# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    (212) 763-0883
DIRECT EMAIL   mbloch@kaplanhecker.com

November 21, 2021

**BY ECF**

The Honorable Norman K. Moon
United States District Court
Western District of Virginia
255 West Main Street
Charlottesville, VA 22902

           Re:    *Sines et al. v. Kessler et al.*, No. 3:17-cv-00072 (NKM) (JCH)

Dear Judge Moon:

    We write concerning the jury note of Friday, November 19, 2021 requesting a transcript of Defendant Matthew Parrott's testimony. *See* Nov. 19, 2021 Trial Tr. at 33:4-5. As set forth below, Plaintiffs request that in responding to that note, the Court inform the jury that they may request that portions of testimony be read back to them. Failing to provide the jury with this information in response to a clear request for testimony that the jury has deemed important to its deliberations would leave the jury with the misimpression that the Court will not entertain requests to read back critical testimony or view important evidence. That would undermine the jury's deliberative process.

    On Friday, the jury wrote a note expressing a clear preference for testimony from Defendant Matthew Parrott: "Can we have a transcript of Matthew Parrott's testimony?" Nov. 19, 2021 Trial Tr. at 33:4-5. The Court indicated that it is inclined to respond to the jury's note with the following statement:

> As you were instructed at the beginning of the trial, transcripts of testimony are not available. You must rely upon the collective memory of the jury.

*Id.* at 37:2-5. The proposed response would leave the jury with the misimpression that the Court would not consider reading back portions of a witness' testimony upon specific request, thus impeding the jury's deliberations. To the extent the Court is disinclined to provide the transcript (which may be the most efficient means of providing the jury with the testimony it seeks), nothing in the Court's preliminary instructions precludes the jury from requesting or the Court from reading back certain portions of witness testimony. In fact, the Court expressed a willingness to

**KAPLAN HECKER & FINK LLP**

read portions of Mr. Parrott's testimony should the jury return and "ask a specific question," but that "I just don't want to encourage them to think they can keep coming back." *Id.* at 34:13; 36:5-6; 37:6-7. In light of the Court's preliminary instruction, the proposed response would leave the jury unaware of its ability to make such a request.

In responding to the jury note, the Court should make clear that the jury may ask specific questions about Mr. Parrott's testimony and have those portions of testimony read back to them. To that end, Plaintiffs respectfully request that the Court incorporate the following underlined sentence into the Court's response to the jury note requesting Mr. Parrott's testimony:

> As you were instructed at the beginning of the trial, transcripts of testimony are not available. You must rely upon the collective memory of the jury. **However, if you have a specific question about a particular witness's testimony (or any portion of it), you may send the Court a note requesting that testimony, and the Court will consider reading back the requested testimony to the jury.**

That clarification is warranted for several reasons.

*First*, courts (including the Fourth Circuit) have demonstrated a preference for honoring a jury's request for evidence during deliberation, including readbacks of testimony. *See United States v. White*, 23 F.3d 404, at *1 (4th Cir. 1994) ("The trial court certainly has the discretion to rule on specific requests for read-backs. … As a matter of judicial economy, the better practice in many cases may well be to settle juror disputes over testimony by having disputed portions reread."); *United States v. Young*, 140 F.3d 453, 456 (2d Cir. 1998) ("We have expressed a preference for honoring a jury's request for readbacks when made by a deliberating jury"); *cf. United States v. Grant*, 52 F.3d 448, 449 (2d Cir. 1995) ("During deliberations the jury often asks to see or hear repetition of evidence previously introduced or instructions previously given. … Physical evidence is routinely sent into the jury room for inspection by jurors outside the presence of the court. Transcripts are often sent into the jury room to be read there by jurors. Recorded conversations are sent in with a tape player, films with a projector, as well as recorded or transcribed court instructions."). At minimum, that preference weighs heavily in favor of informing the jury that they have the option of requesting a readback of specific portions of witness testimony.

*Second*, courts have included clarifying language (like the language proposed by Plaintiffs) when faced with broad requests for testimony or transcripts—instead of categorically rejecting a jury's request for additional evidence. *See, e.g.*, *Taylor v. McKee*, No. 06-cv-10175, 2007 WL 4171260, at *11 (E.D. Mich. Nov. 20, 2007) ("In response to the jury's request for the trial transcript, the trial court did not foreclose any use of transcripts. The court instead denied the request for the entire transcript. The court specifically left open the possibility that if, after deliberating and relying on their collective memories, the jurors felt they required specific portions of the trial transcript, that issue could be revisited."). The Court should take the same approach and clarify to the jury that they may ask the Court for a readback of specific testimony.

*Third*, absent Plaintiffs' requested clarification, the jury will be left with the misimpression that they must rely *exclusively* on their "memory" and that requests for evidence or testimony may be categorically denied. That would needlessly jeopardize the jury's deliberative process and may

KAPLAN HECKER & FINK LLP

3

rise to the level of reversible error. *See Fondren v. Lecureux*, 36 F.3d 1097, at *8 (6th Cir. 1994) ("The trial judge's statements to the jury foreclosed the possibility of the testimony in question being reread. In response to the jury's request as to the reading back of testimony, the judge stated, 'It will not be possible for the court to give you answers to the rest of the question. You will have to do your very best to recall it as you received the testimony.' *He said nothing about the possibility of granting the request later, should the testimony still be required*." (emphasis added)). In fact, the Fourth Circuit has suggested that a "blanket prohibition" on requests for readbacks of testimony could constitute reversible error. *See United States v. White*, 23 F.3d 404, at *2 (4th Cir. 1994) ("Because a blanket prohibition forecloses this means of resolving juror questions, we will assume that the trial court's ruling was error."); *see also United States v. Criollo*, 962 F.2d 241, 244 (2d Cir. 1992) ("We have no way of determining whether the jury wanted to request a readback, but was chilled from doing so by the court's prohibition against readbacks …. We hold that the district court erred in announcing before jury deliberations began a prohibition against readbacks of testimony.").

*Finally*, the Court expressed a concern that the jury may "keep coming back" with specific requests. Nov. 19, 2021 Trial Tr. at 37:6-7. As a threshold matter, there is no reason to believe that such requests will become a common occurrence during the jury's deliberations. But even if the jury were to return with additional requests, it would be error for the Court to do anything to discourage the jury from seeking information they need to engage fully and completely in the deliberative process. *Cf. White*, 23 F.3d 404, at *2 n.2 (4th Cir. 1994) (assuming error in District Court's refusal to provide readbacks in part because the "trial court's explanation of the reason for the ruling focused only on the possibility that the jury might request that *too much* be read back" (emphasis added)).

***

For these reasons, Plaintiffs respectfully request the Court include the above-mentioned language in response to the jury's note. Doing so will ensure that the jury understands that it has the option to request a readback of particular witness testimony and facilitate the jury's ongoing deliberative process.

Respectfully submitted,

Michael L. Bloch
*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

4

Of Counsel:

Roberta A. Kaplan (*pro hac vice*)
Michael L. Bloch (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
Jonathan Kay (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mbloch@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com
jkay@kaplanhecker.com


Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656 Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*) Joshua M. Siegel (VSB 73416) COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004 Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Giovanni Sanchez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
gsanchez@paulweiss.com


Alan Levine (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com

 J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com



*Counsel for Plaintiffs*

KAPLAN HECKER & FINK LLP

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2021, I served the following via electronic mail:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

KAPLAN HECKER & FINK LLP

6

I hereby certify that on November 21, 2021, I also served the following by electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

I hereby certify that on November 22, 2021, I will serve the following by hand or mail:

Christopher Cantwell
Christopher Cantwell 00991-509
Central Virginia Regional Jail
13021 James Madison Hwy
Orange, VA 22960

Michael L. Bloch (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*