Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1              UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF VIRGINIA
2                 CHARLOTTESVILLE DIVISION

3  ****************************************************************

4  ELIZABETH SINES, ET AL.,    CIVIL CASE NO.:  3:17CV72
                               NOVEMBER 23, 2021, 12:11 PM
5                              JURY TRIAL, DAY 22
          Plaintiffs,
6  vs.

7                              Before:
                               HONORABLE NORMAN K. MOON
8                              UNITED STATES DISTRICT JUDGE
   JASON KESSLER, ET AL.,      WESTERN DISTRICT OF VIRGINIA
9
          Defendants.
10
   ****************************************************************
11
   APPEARANCES:
12

13 For the Plaintiffs:        ALAN LEVINE, ESQUIRE
                              COOLEY LLP
14                            1114 Avenue of the Americas, 46th
                              Floor
15                            New York, NY  10036
                              212.479.6260
16
                              DAVID E. MILLS, ESQUIRE
17                            COOLEY LLP
                              1299 Pennsylvania Avenue, NW,
18                            Suite  700
                              Washington, DC  20004
19                            202.842.7800

20

21

22 Court Reporter:  Lisa M. Blair, RPR, RMR, CRR, FOCR
                    255 West Main Street, Suite 304
23                  Charlottesville, Virginia  22902
                    434.296.9284
24
   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY;
25 TRANSCRIPT PRODUCED BY COMPUTER.

2

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

```
 1   APPEARANCES CONTINUED:

 2   For the Plaintiffs:          MICHAEL L. BLOCH, ESQUIRE
                                  EMILY C. COLE, ESQUIRE
 3                                ROBERTA A. KAPLAN, ESQUIRE
                                  Kaplan Hecker & Fink LLP
 4                                350 Fifth Avenue, Suite 7110
                                  New York, NY  10118
 5                                212.763.0883

 6                                KAREN L. DUNN, ESQUIRE
                                  WILLIAM A. ISAACSON, ESQUIRE
 7                                JESSICA E. PHILLIPS, ESQUIRE
                                  Paul, Weiss, Rifkind, Wharton &
 8                                Garrison LLP
                                  2001 K Street, NW
 9                                Washington, DC  20006
                                  202.223.7300
10

11   For the Defendants:         DAVID L. CAMPBELL, ESQUIRE
                                  Duane, Hauck, Davis, Gravatt &
12                                Campbell, P.C.
                                  100 West Franklin Street, Suite 100
13                                Richmond, VA  23220
                                  804.644.7400
14
                                  CHRISTOPHER CANTWELL, PRO SE
15                                #00991-509
                                  USP Marion
16                                4500 Prison Road, PO Box 2000
                                  Marion, IL  62959
17
                                  JAMES E. KOLENICH, ESQUIRE
18                                Kolenich Law Office
                                  9435 Waterstone Blvd., Suite 140
19                                Cincinnati, OH  45249
                                  513.444.2150
20

21                                WILLIAM E. REBROOK, IV, ESQUIRE
                                  (Appearing via Zoom)
22                                The ReBrook Law Office
                                  6013 Clerkenwell Court
23                                Burke, VA  22015
                                  571.215.9006
24

25
```

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1    APPEARANCES CONTINUED:

2    For the Defendants:         JOSHUA SMITH, ESQUIRE
                                 Smith LLC
3                                807 Crane Avenue
                                 Pittsburgh, PA  15216
4                                917.567.3168

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  (Proceedings commenced, 12:11 p.m.)

2          THE COURT:  They have a question.

3          Since we're back on the record, I have to remind

4  everyone that under Standing Order 2020-12 and 2013-8 the

5  Court's prohibition against recording and broadcasting court

6  proceedings remains in force.  Attorneys, parties, or their

7  staff, and any members of the public or press accessing this

8  proceeding today may not record or broadcast it.  That means no

9  photography; no using of any video, audio, or recording device;

10 no rebroadcasting, livestreaming, or otherwise disseminating

11 any live or recorded video or audio of this proceeding.

12          As I said, I have a -- we have a note from the jury.

13 This is the question, and I've prepared an answer.  I'll read

14 the question and then tell you what my answer -- proposed

15 answer would be, and you may comment.

16          "Under punitive damages for Claim 3, can we separate

17 out the amount that is awarded to individual plaintiffs?"

18 Number 275.

19          And in that -- remember, in that Claim 3 there is

20 only -- they have a thing for compensatory damages.  And then

21 do you award punitive damages?  And there's only one -- it's a

22 lump sum indication.

23          I proposed this answer.  "No, but only those

24 plaintiffs who are awarded compensatory damages will share in

25 any punitive damages award."

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1        MS. DUNN:  Your Honor, can we read the question one
2  more time, please?
3        THE COURT:  Yes.  I wouldn't read too much into the
4  questions.
5        MS. KAPLAN:  I don't know why you'd say that, Your
6  Honor.
7        THE COURT:  "Under punitive damages for Claim 3, can
8  we separate out the amount that is awarded to individual
9  plaintiffs?"
10        MS. DUNN:  All right.
11        THE COURT:  Did you get the answer?  Do you want me
12  to read the answer?
13        MS. DUNN:  Yes, please.
14        THE COURT:  "No" is the answer, "but only those
15  plaintiffs who are awarded compensatory damages will share in
16  any punitive damages award."
17        MS. DUNN:  Thank you, Your Honor.
18        MS. KAPLAN:  We agree that's correct.
19        THE COURT:  Before you all leave -- take that to the
20  jury -- all right.
21        All right.  The Court received this morning a letter
22  from Mr. Cantwell stating that it has come to his attention
23  that the jury in this case had asked several questions of the
24  Court since deliberations have begun, and going forward he
25  requested the marshals bring him to the courtroom before any

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  further issues are addressed.  This is the first such note or

2  letter the Court has received from Mr. Cantwell to this effect,

3  and the Court intends to accommodate that request that he be

4  brought to the courtroom if the jury asks any further

5  questions.

6        The Court notes that at the end of the day on

7  November 18 before jury deliberations the Court told the

8  parties, quote, "I would like to have someone here all the

9  time," end quote, so there wouldn't be a problem trying to find

10  somebody on both sides if there was a jury question, and that a

11  lot of questions are sort of innocuous sometimes.  It doesn't

12  require everyone to be here.

13        Mr. Spencer asked the Court, "Would you like all

14  defendants to remain in the courthouse from 9 to 5?"  And I

15  responded, "I wouldn't mind if you all agree on somebody to be

16  a spokesperson for them.  That's okay."  Several defendants

17  indicated assent.

18        On the morning of November 19 the Court asked the

19  defendants, "Do you all have somebody in the event of

20  questions?"  And Mr. Kolenich responded that they did.

21  Mr. Cantwell was in the courtroom in both of those instances

22  and didn't say anything to the contrary.  And defendants have

23  had one or more representatives on hand for every juror

24  question received to date.

25        Anyway, Mr. Cantwell, that's why the Court did what

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  it did and didn't have you brought up each time.  I don't think

2  the Court entered any order that would be to your disadvantage

3  that wasn't agreed to.  Even though all the defendants don't

4  agree on everything, I think on anything that the Court

5  instructed the jury, it would not have been to your

6  disadvantage.

7        MR. CANTWELL:  Thank you, Judge.

8        THE COURT:  Could I see Mr. Kolenich and Ms. Kaplan?

9  Everybody else can leave.

10        (Recess, 12:18 p.m. to 2:17 p.m.)

11        THE COURT:  Okay.  Well, I have a note from the jury

12  which I consider that they -- the jury considers it has arrived

13  at a verdict in the case, and I have instructed the jury to

14  complete the form and notify us to be brought.

15        This is the note:  "We have unanimously decided on

16  Claims 3, 4, 5 and 6.  After reviewing the final jury

17  instructions and discussing claims 1 and 2 at length, we are

18  deadlocked.  We do not believe this will change."

19        Anything before I call the jury?

20        MR. SMITH:  Your Honor, that sounds to me like --

21  Josh Smith -- that sounds to me like a jury that has seriously

22  considered the case, and anything the Court tells it is not

23  going to result in further progress.

24        THE COURT:  I intend to --

25        MS. DUNN:  Your Honor --

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1        THE COURT:  Yes.

2        MS. DUNN:  Your Honor, we would like an opportunity

3  to discuss briefly.

4        THE COURT:  What I propose to do is call the jury,

5  publish what they have done, send the jury back to the jury

6  room, and hear any argument.

7        Do you mean you want to talk about something right

8  now?

9        MS. DUNN:  We just want one minute to discuss.

10        THE COURT:  All right.

11        MS. DUNN:  Can we understand your proposal?

12        THE COURT:  I was going to call the jury, have it

13  report, because they consider they have reached their verdict,

14  and then ask the jury to retire to the jury room, take up any

15  motions you all might have before the jury is discharged or see

16  what other proceeding we might have.

17        MS. DUNN:  Your Honor, let us just discuss for a

18  minute, if you would.  Court's indulgence.

19        THE COURT:  Yes.

20        MS. DUNN:  Thank you.

21        (Pause.)

22        MS. DUNN:  Plaintiffs request that the jury receive

23  an *Allen* charge on Counts 1 and 2.

24        THE COURT:  All right.  I will say this:  On the

25  instruction that I sent them, you will recall they said they

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  could not reach -- they indicated they had reached a unanimous

2  verdict on 1, 2, and 3.  And I sent the note back and I told

3  them you should deliberate in an effort -- I can't quote it --

4  on all three, on all the counts.  And normally I would tell the

5  jury -- I'm not deciding -- but I would tell the jury if they

6  report -- to go back and deliberate.  And if, after further

7  deliberations, they still do not feel they can reach a verdict,

8  to report back.  I wouldn't make them stay.  And it seems to me

9  they have taken that step already.

10        MS. DUNN:  Your Honor, two things in response.  The

11  first is we don't believe the jury has received the *Allen*

12  charge that is standard.

13        THE COURT:  Well, I don't know.  The Fourth Circuit

14  is not on board with a lot of the more --

15        MS. DUNN:  We understand that, Your Honor.

16        But the second thing is that we would also ask the

17  jury to be encouraged, with regard to Counts 1 and 2, as Your

18  Honor has said, to make findings defendant by defendant.  And

19  so we would ask, as to Counts 1 and 2, to have the jury charged

20  in that fashion.

21        THE COURT:  Okay.  We will call the jury back.

22        MS. DUNN:  Your Honor, we have a proposed charge that

23  we can get.

24        THE COURT:  We have one.  I don't know whether I have

25  it in here or not.

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1          MS. DUNN:  And we would ask that it be included to

2     encourage the jury, in case this is what is holding them up, to

3     consider defendant by defendant.

4          THE COURT:  Well, that's what the instruction calls

5     for.

6          MR. KOLENICH:  Your Honor, we think the instructions

7     already instruct them on that.  Furthermore, the general

8     instructions contain what amounts to an *Allen* charge when you

9     first gave the instruction.

10         MS. DUNN:  We understand, Your Honor.  But the power

11    of the Court in this moment to say these things is part of why

12    the charge is given.  And we think that in this case in

13    particular, because this jury is charged with going defendant

14    by defendant, we would ask for that language to be included.

15         THE COURT:  All right.

16         MS. DUNN:  And if Your Honor would like any proposed

17    language, we can submit that.

18         THE COURT:  We've worked on a charge already, and I

19    think in accordance with Fourth Circuit law -- well, call the

20    jury.

21    **(Jury in, 2:23 p.m.)**

22         THE COURT:  All right.  Members of the jury, have you

23    arrived at a verdict?

24         MALE JUROR:  We have.

25         THE COURT:  Who is your foreperson?  Where is the

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1   foreperson?

2          Would you hand the verdict form to the marshal?

3          (Pause.)

4          All right.  I'll ask the clerk to publish the

5   verdict.

6          THE CLERK:  Ladies and gentlemen, is this your

7   verdict?

8          Civil Action Number 3:17-cv-72, Elizabeth Sines and

9   others versus Jason Kessler and others:  First claim, 42 U.S.C.

10  Section 1985(3), no verdict.

11         Second claim, 42 U.S.C. Section 1986, no verdict.

12         Third claim, civil conspiracy, did the plaintiffs

13  prove by a preponderance of the evidence each element of the

14  Virginia state law civil conspiracy claim?  Yes.

15         If you answered yes to the first part of this

16  question, please indicate which of the following defendants you

17  find by a preponderance of the evidence were members of that

18  conspiracy.  All defendants.

19         Your Honor, would you like me to name every

20  defendant?

21         THE COURT:  I do not think it necessary for her to

22  read the names.  Does anyone wish those names to be read?

23  You've got the form.  They're all listed.

24         MR. SMITH:  No, Your Honor.

25         THE CLERK:  Potential damages for first three claims:

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  For each plaintiff you found for on Claim 3, please state the

2  total compensatory damages that will fully and fairly

3  compensate the plaintiffs for the injuries sustained for the

4  conspiracy:  Natalie Romero, $1; April Muñiz, $1; Thomas Baker,

5  $1; Elizabeth Sines, 0; Marissa Blair, $1; Marcus Martin, $1;

6  Chelsea Alvarado, $1; Seth Wispelwey, 0; Devin Willis, $1.

7           If you found for plaintiffs as to Claim 3, do you

8  find punitive damages should be awarded against at least one

9  defendant?  Yes.

10          You answered yes to the first part of this question.

11 Please state the following lines the punitive damages, if any,

12 you are assessing against each defendant:  Jason Kessler,

13 $500,000; Richard Spencer, $500,000; Christopher Cantwell,

14 $500,000; James Alex Fields, $500,000; Robert Azzmador Ray,

15 $500,000; Nathan Damigo, $500,000; Elliot Kline, $500,000;

16 Matthew Heimbach, $500,000; Matthew Parrott, $500,000; Michael

17 Hill, $500,000; Michael Tubbs, $500,000; Jeff Schoep, $500,000;

18 Vanguard America, $1 million; League of the South, $1 million;

19 Identity Evropa, $1 million; Traditionalist Worker Party, $1

20 million; National Socialist Movement, $1 million.

21          Fourth claim:  Racial, religious, or ethnic

22 harassment or violence.  Plaintiffs Natalie Romero and Devin

23 Willis brought a claim under Virginia code -- under Virginia

24 racial, religious, or ethnic harassment or violence statute.

25 Please indicate any and all defendants against whom you find

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  the plaintiff proved their claim:  Jason Kessler, Richard

2  Spencer, Elliot Kline, Robert Azzmador Ray, and Christopher

3  Cantwell.

4          For each plaintiff who you found for as to Claim 4,

5  please state the total compensatory damages that will fully and

6  fairly compensate plaintiff for the resulting injuries:

7  Natalie Romero, $250,000, Devin Willis, $250,000.

8          If you found for at least one plaintiff as to Claim

9  4, do you find that punitive damages should be awarded against

10  at least one defendant?  Yes.

11          If you answered yes to the first part of this

12  question, please state the following lines the total punitive

13  damages you are assessing against any such defendant:  Jason

14  Kessler, $200,000; Richard Spencer, $200,000; Elliot Kline,

15  $200,000; Robert Azzmador Ray, $200,000; Christopher Cantwell,

16  $200,000.

17          Plaintiffs Natalie Romero, April Muñiz, Seth

18  Wispelwey, Elizabeth Sines, Marissa Blair, Marcus Martin, Devin

19  Willis also bring a claim under Virginia Code Section 8.01-42.1

20  against defendants James Alex Fields, Jr.  Please indicate

21  whether you find that the plaintiff proved their Virginia Code

22  Section 8.01-42.1 claim against James Alex Fields, Jr.  Yes.

23          If you found liability against James Alex Fields, Jr.

24  as to Claim 4, please state the total compensatory damages that

25  will fully and fairly compensate the plaintiff for the

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  resulting injuries:  Natalie Romero, 0; April Muñiz, 0; Seth

2  Wispelwey, 0; Elizabeth Sines, 0; Marissa Blair, 0; Marcus

3  Martin, 0; Devin Willis, 0.

4          If you found for at least one plaintiff in question

5  8, do you find that punitive damages should be awarded?  No.

6          Fifth claim, assault or battery.  Plaintiff Natalie

7  Romero, April Muñiz, Thomas Baker, Elizabeth Sines, Marissa

8  Blair, and Marcus Martin bring a claim for assault or battery

9  against Defendant James Alex Fields, Jr.  Did those plaintiffs

10  prove by a preponderance of the evidence each element of their

11  claim for assault and battery?  Yes.

12          For any plaintiff who you found for as to Claim 5,

13  please state the total compensatory damages that will fully and

14  fairly compensate the plaintiff for the resulting injuries:

15  Natalie Romero, $217,715; April Muñiz, $108,000; Thomas Baker,

16  $318,575; Elizabeth Sines, 0; Marissa Blair, $2,000; Marcus

17  Martin, $156,987.

18          If you found for at least one plaintiff as to Claim

19  5, do you find that punitive damages should be awarded?  Yes.

20  If you answered yes to the first part of this question, please

21  state on the following line the total punitive damages you are

22  assessing against Defendant James Alex Fields for these claims:

23  $6 million.

24          Claim 6, intentional infliction of emotional

25  distress.  Plaintiffs Natalie Romero, April Muñiz, Thomas

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  Baker, Elizabeth Sines, Marissa Blair, and Marcus Martin bring

2  a claim for intentional infliction of emotional distress

3  against Defendant James Alex Fields, Jr.  Did the plaintiffs

4  prove by clear and convincing evidence each element of their

5  claim for intentional infliction of emotional distress?  Yes.

6         For each plaintiff who you found for as to Claim 6,

7  please state the total compensatory damages that will fully and

8  fairly compensate the plaintiff for the resulting injuries:

9  Natalie Romero, $155,715; April Muñiz, $50,000; Thomas Baker,

10  $246,757; Elizabeth Sines, $50,000; Marissa Blair, $100,000;

11  Marcus Martin, $98,987.

12         If you found for at least one plaintiff as to claim

13  6, do you find that punitive damages should be awarded?  Yes.

14         If you answered yes as to the first part of this

15  question, please state on the following line the total punitive

16  damages you are assessing against Defendant James Alex Fields,

17  Jr. for these claims:  $6 million.

18         Signed, foreperson, on November 23rd, 2021.

19         Do you and each of you agree upon this verdict, so

20  say you all?

21         ALL JURORS:  Yes.

22         THE COURT:  All right.  Members of the jury, I'm

23  going to ask you -- I have your note -- is there any juror that

24  thinks that further deliberations would result in you being

25  able to reach a verdict with regard to the first two counts, 1

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  and 2?

2           Do you think -- do you understand that I'm asking you

3  if you should further deliberate, do you believe that you could

4  possibly reach a verdict as to Counts 1 and 2, even considering

5  just one defendant at a time?  If you do, raise your hand.

6           No one raises their hand, and so I respect the

7  verdict of the jury.

8           I am going to ask you -- I have to ask you to go back

9  to the jury room.  It won't take long.  Go back to the jury

10 room and we'll call you back and discharge you, but you may go

11 back to the jury room.

12 **(Jury out, 2:38 p.m.)**

13           MS. KAPLAN:  Your Honor, can I raise something right

14 now?

15           THE COURT:  Do you all have anything you want to say?

16           MS. KAPLAN:  Just one thing, Your Honor, unless my

17 colleagues tell me otherwise.  There have been entries of

18 default entered for the following seven defendants, Your Honor:

19 Andrew Anglin; Moonbase Holdings, LLC; East Coast Knights of

20 the KKK; Fraternal Order of the Alt-Knights; Augustus Sol

21 Invictus; Loyal White Knights of the KKK; and the Nationalist

22 Front.  We will be filing the necessary motions for default

23 judgment, Your Honor, in the next several days.  We just wanted

24 you to be aware of that.

25           THE COURT:  Okay.  Anything else?

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1        At this point I do not propose to give the *Allen*

2    charge.

3        MS. KAPLAN:  We understand.

4        THE COURT:  I would have told the jury -- I was going

5    to tell the jury that if they got back there and thought they

6    could not --

7        MS. KAPLAN:  I think that's it.  Right?

8        MS. DUNN:  Yes.

9        MS. KAPLAN:  We're okay.

10       THE COURT:  Anything from this side?

11       MR. CAMPBELL:  Yes, Your Honor.  I would just move at

12   the appropriate time for the Court to reduce the punitive

13   damage awards under Virginia Code 8.01-38.1 to the $350,000 cap

14   per plaintiff.

15       THE COURT:  I'm sorry, I just didn't hear.

16       MR. CAMPBELL:  Your Honor, at the appropriate time --

17   be it now or post-trial motion -- we would just move the Court

18   to reduce the punitive damages awards for each plaintiff in

19   accordance with Virginia Code 8.01-38.1 to the $350,000 cap.

20       MR. SMITH:  Your Honor, we'll also be making a

21   similar motion with regard to --

22       THE COURT:  Well, I think the verdict form -- I think

23   we need to copy -- give everybody a copy of the verdict form,

24   and you all can file any written motions.

25       MS. KAPLAN:  We'd like -- obviously, Your Honor, like

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  an opportunity to respond to that.

2          THE COURT:  All right.

3          MR. SMITH:  Well, I didn't finish yet.  I just wanted

4  to say we'll be making the necessary motions to have the

5  punitive damages reduced in light of the Supreme Court's

6  decision in *State Farm v. Campbell.*

7          MS. KAPLAN:  We're happy to deal with that as well,

8  Your Honor.

9          THE COURT:  Okay.  Well, the Court will entertain any

10  written motions.

11          MS. KAPLAN:  One more question, Your Honor.  We'd

12  request permission, Your Honor, subject to pseudonymity,

13  without revealing any names, to speak to the jurors afterwards,

14  particularly about counts --

15          THE COURT:  I have a statement I'm going to read to

16  the jury about that.

17          MS. KAPLAN:  Thank you, Your Honor.

18          THE COURT:  Just for the benefit of the sketch

19  artist, one of the jurors has expressed concern.  I am going to

20  tell the jury that you will not be -- are not sketching the

21  jurors.

22          Do you understand?

23          MALE SPEAKER:  Understood, Your Honor.

24          THE COURT:  Did she hear me?

25          THE CLERK:  He said yes.

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1        THE COURT:  All right.  Call the jury back.

2        Before the jury comes back, I do want to thank all

3    the attorneys in the case.  It's been a very civil proceeding.

4    I mean, it had the potential of being not so civil, but I have

5    not been in any case of any consequence in which I felt the

6    attorneys behaved more professionally, and particularly given

7    the number on either side and the conflicts there are.  I know

8    it's a credit to the legal profession and I personally

9    appreciate it very much, because there's nothing worse than

10   trying a case where the lawyers are at each other's heels all

11   the time.  It's been a long, hard case, and it was made better

12   by the professionalism of the attorneys.  And I think -- and

13   also those who represented themselves acquitted themselves well

14   also.  So I think it was -- all in all, no one could have asked

15   for a trial to go any better -- a trial with all the potential

16   problems this one had.  So I feel pretty good about it myself.

17       MR. CAMPBELL:  Thank you, Your Honor.

18       MS. DUNN:  Thank you, Your Honor.  We appreciate it.

19       MS. KAPLAN:  Your Honor, there's very little that

20   matters more to me.  So we very much appreciate that.

21       THE COURT:  Thank you.

22   **(Jury in, 2:45 p.m.)**

23       THE COURT:  All right.  You may be seated.  Members

24   of the jury, I personally want to thank you for the hard work

25   you've put in these last four weeks and the dedication you've

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1  shown to doing your duty.  I think there aren't any jurors in
2  the history of the Western District of Virginia who have
3  endured a case as long as you have.  And so not only do I thank
4  you, but your community owes you a debt of gratitude too.
5  You've done yeomen-like work, and everyone should appreciate
6  the hard work and effort you put in in trying to decide this
7  case.  It was really a tremendous effort you put out, and we
8  really do appreciate it.  I wish you from here on good health.
9  And again, just personally I thank you for the consideration
10 you gave to this case.

11        I'm going to read this instruction to you.  I want to
12 remind you and the parties of the Court's efforts to preserve
13 your anonymity during and after the deliberation process.  The
14 Court has ordered that only relevant court staff, the parties,
15 and their counsel be provided your names and identifying
16 information.  The parties and their counsel have been ordered
17 not to disclose your names or identifying information to any
18 other person without prior authorization of the Court.  This
19 order applies both during and after trial.  Although the
20 parties and their counsel are prohibited from revealing your
21 identifying information, you may disclose that you were a juror
22 in this case to others, including to members of the media, if
23 you so desire.  A list of media contacts will be made available
24 to you at the request of the outlets covering this case.  But
25 you should not feel under any obligation to talk to the media

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1 or anyone else about the case.  If you wish, you may refuse all

2 requests for interviews or comments.

3          Regardless, if you do wish to give an interview or

4 comment, you may only disclose your own information.  You may

5 not reveal the personally identifying information of your

6 fellow jury members, nor may you give any information with

7 respect to the vote of any other juror.

8          And also you may have noticed there is a sketch

9 artist in the courtroom, but the artist is under -- came in

10 under an agreement that they would not sketch the jury.

11          So that should not identify you in any respect.  But

12 again, I'm going to excuse you at this time and thank you again

13 very much.  You may be excused.  And we'll recess court.

14 **(Jury out, 2:48 p.m.)**

15          Anything else?

16          MS. DUNN:  No, Your Honor, thank you very much.

17 We're very grateful.

18          MR. SMITH:  I thought you wanted to --

19          THE COURT:  I didn't hear what you said.

20          MR. SMITH:  I thought opposing counsel was interested

21 in relitigating the *State Farm v. Campbell* precedent in Supreme

22 Court.  I got a feeling that she wanted -- she had a glint in

23 her eye.  But I don't know.  Maybe not.

24          MS. DUNN:  Thank you, Your Honor.

25          MS. KAPLAN:  Thank you, Your Honor.

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1           THE COURT:  Thank you all.

2           MR. SMITH:  Thank you, Judge.

3  (Proceedings concluded, 2:49 p.m.)

Sines, et al. v. Kessler, et al., 3:17CV72, 11/23/2021

1                        C E R T I F I C A T E

2          I, Lisa M. Blair, RMR/CRR, Official Court Reporter for

3    the United States District Court for the Western District of

4    Virginia, appointed pursuant to the provisions of Title 28,

5    United States Code, Section 753, do hereby certify that the

6    foregoing is a correct transcript of the proceedings reported

7    by me using the stenotype reporting method in conjunction

8    with computer-aided transcription, and that same is a

9    true and correct transcript to the best of my ability and

10   understanding.

11         I further certify that the transcript fees and format

12   comply with those prescribed by the Court and the Judicial

13   Conference of the United States.

14         /s/ Lisa M. Blair                Date: November 23, 2021

15

16

17

18

19

20

21

22

23

24

25