IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES et al., ) | |
|     Plaintiffs, ) | Civil Action No. 3:17-cv-00072 |
| ) | |
| v. ) | MEMORANDUM OPINION & ORDER |
| ) | |
| JASON KESSLER et al., ) | By:   Joel C. Hoppe |
|     Defendants. ) |        United States Magistrate Judge |

This matter is before the Court on Plaintiffs' omnibus petition to recover their reasonable expenses and attorney's fees from certain Defendants under Rule 37 of the Federal Rules of Civil Procedure. *See* Pls.' Omnibus R. 37 Fee Pet., ECF No. 929. This request follows the Court's orders granting Plaintiffs' motions to compel discovery from Defendant Robert "Azzmador" Ray, ECF No. 728; *see* ECF No. 673, Defendant National Socialist Movement ("NSM"), ECF No. 774; *see* ECF No. 674; and Defendant Jeff Schoep, ECF No. 741; *see* ECF No. 689; and Plaintiffs' motions to compel the depositions of Defendant Elliott Kline, ECF No. 792; *see* ECF No. 815, and Defendant Ray, ECF No. 814; *see* ECF No. 803. No Defendant filed an opposition brief within the fourteen (14) days allowed by the pretrial order, ECF No. 101. Accordingly, the Court considers Plaintiffs' omnibus fee petition to be unopposed by Defendants Ray, Kline, NSM, and Schoep (together, "the Compelled Defendants"). *Id.*

Plaintiffs seek $53,540.25 in attorney's fees and out-of-pocket expenses.[1] *See* Pls.' Omnibus R. 37 Fee Pet. 6, 18. For the reasons explained below, I find that Plaintiffs are entitled to recover **$31,445.00** in reasonable attorney's fees incurred in moving to compel discovery from

---

[1] More specifically, Plaintiffs request $50,625.00 in attorney's fees for work performed by three attorneys and two paralegals, and $2,915.25 to cover out-of-pocket expenses for TSG Reporting related to the two depositions in July 2020.

1

Defendants Ray, NSM, and Schoep, and **$3,170.00** in reasonable attorney's fees caused by Kline's failure to attend his properly noticed deposition on July 2, 2020, and Ray's failure to attend his properly noticed deposition on July 13, 2020. The total fee award of **$34,615.00** shall be apportioned against each Compelled Defendant as follows:

| | |
|---|---|
| **Robert "Azzmador" Ray:** | **$8,242.50**[2] |
| **National Socialist Movement:** | **$15,610.00** |
| **Jeff Schoep:** | **$8,537.50** |
| **Elliott Kline:** | **$2,225.00**[3] |
| **Total Fee Award:** | **$34,615.00** |

This amount reflects minor reductions in the hourly rates sought by Plaintiffs' attorneys, but no reduction in the hourly rate sought by their paralegals, *see* Mem. Op. of May 26, 2020, at 8–12, and modest reductions in the number of hours claimed "to account for [some] excessively vague entries" and to exclude "noncompenable clerical tasks that should not have been included in their fee petition," *id.* at 20. *See id.* at 16–20. Plaintiffs' request for $2,915.25 in out-of-pocket expenses related to Kline's and Ray's depositions will be denied. *See id.* at 22–23.

I. The Legal Framework

---

[2] Ray shall pay this amount in addition to any fees that have been, or may still be, awarded against him under Rule 37, as well as any fines or fees assessed by the Honorable Norman K. Moon, presiding District Judge.

[3] Kline shall pay this amount in addition to any fees previously awarded under Rule 37(b)(2)(C), as well as "any fines or fees that [Judge Moon] . . . assessed, or may yet assess, in connection with Kline's contempt proceedings," Order of May 26, 2020, at 1 n.*, ECF No. 739. *See, e.g.*, Mem. Op. of May 26, 2020, at 1, 27–28 (ordering Kline to pay $12,528.88 in Plaintiffs' reasonable attorney's fees caused by Kline's failure to obey multiple discovery orders between March 2018 and June 2019) (Hoppe, J.), ECF No. 738; Order Finding Elliott Kline in Civil Contempt 13 ("This Court will impose upon Kline a fine of $200 per day of non-compliance, which will be payable to Plaintiffs" beginning on December 2, 2019, at 5:00 p.m. EST) (Moon, J.), ECF No. 599; Order Finding Elliott Kline Remains in Civil Contempt 2 (ordering Kline to immediately "pay $600 to Plaintiffs, . . . which sum reflects three days of the remedial fines Kline has incurred to date as a result of his non-compliance") (Moon, J.), ECF No. 610; Order of Jan. 8, 2020, at 5 ("Taking into account the $600 payment Kline has already made, Kline has incurred and owes remedial fines of $5,200.00, which are payable to Plaintiffs.") (Moon, J.), ECF No. 634.

"When a litigant files suit in a court in the United States, he or she will typically pay the costs associated with hiring an attorney. This is the 'American Rule' and it governs litigation in federal courts 'absent explicit congressional authorization' to the contrary." *Wilkins v. Gaddy*, 734 F.3d 344, 349 (4th Cir. 2013) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 814–15 (1994)). Rule 37 "partially abrogate[s] the American Rule," *id.*, by shifting fees where a party or its officer fails in specific ways to cooperate in discovery. *See, e.g.*, Fed. R. Civ. P. 37(a), (b), (d). Two such failures are relevant to Plaintiffs' omnibus fee petition. *See generally* Pls.' Omnibus R. 37 Fee Pet. 3–6 (summarizing motions and orders granting the same); Order of May 18, 2020, at 4 (granting Plaintiffs' motion to compel discovery from Ray and directing them to file a fee petition under Rule 37(a)(5)(A)), ECF No. 728; Mem. Op. & Order of June 23, 2020, at 11 (granting Plaintiffs' motion to compel discovery from NSM and directing them to file a fee petition under Rule 37(a)(5)(A)), ECF No. 774; Mem. Op. & Order of May 27, 2020, at 6 (granting Plaintiffs' motion to compel discovery from Schoep and directing them to file a fee petition under Rule 37(a)(5)(A)), ECF No. 741; Fourth Disc. Order to Def. Kline 1 (granting Plaintiffs' request to be reimbursed for their reasonable fees and expenses caused by Kline's failure to attend his properly noticed deposition on July 2, 2020) (citing Fed. R. Civ. P. 37(d)), ECF No. 815; Order to Def. Ray 1 (granting Plaintiffs' request to be reimbursed for their reasonable fees and expenses caused by Ray's failure to attend his properly noticed deposition on July 13, 2020) (citing Fed. R. Civ. P. 37(d)), ECF No. 814.

First, if a party from whom discovery is sought under Rule 33 or Rule 34 fails to respond, and the court grants the requesting party's motion to compel such response, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses

3

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Second, if an individual party "fails, after being served with proper notice, to appear for that person's deposition," Fed. R. Civ. P. 37(d)(1)(A)(i), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(d)(3). Both subsections further contain "safe harbor[]" clauses, Mem. Op. of May 26, 2020, at 23, that prohibit these otherwise mandatory awards if the failure "was substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii), (d)(3).

The party seeking fees under Rule 37 always "bears the [initial] burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 7185199, at *3 (E.D. Va. Dec. 16, 2014) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008)). If the movant makes this showing, the burden shifts to the "disobedient party to avoid expenses by showing that his failure [was] justified or that special circumstances make an award of expenses unjust." *Porter v. Johnson*, Civ. No. 04-2121, 2008 WL 2566749, at *1 (D.D.C. June 25, 2008) (quoting Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment). This "ensures that the disobeying party, rather than the innocent party, bears those costs." *In re Boston Sci. Corp.*, MDL No. 2326, 2015 WL 6043795, at *2 (S.D. W. Va. Oct. 15, 2015).

### III. Discussion

A.   *Lodestar Figure*

A fee award under "Rule 37 is calculated using the lodestar method, in which the court multiples a reasonable hourly rate by a reasonable number of hours expended," *Smith v. Dist. of Columbia*, 249 F. Supp. 3d 106, 110 (D.D.C. 2017), in making a successful motion to compel discovery or in dealing with a person's failure to appear for a properly noticed deposition, *see* Fed. R. Civ. P. 37(a)(5), (d)(3). *See also Broccoli v. Echostar Comm'ns Corp.*, 229 F.R.D. 506, 512 (D. Md. 2005). The court's decision about "what constitutes a 'reasonable' number of hours and rate," *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009), is guided by twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)). The attorneys' experience and ability, "the time and labor expended, the novelty and difficulty of the questions raised, [and] the skill required to properly perform the legal services rendered" are the "most relevant" factors in determining a reasonable fee award for a discovery violation. *Victor Stanley, Inc. v. SCH Enter.*, No. RDB-06-2662, 2019 WL 3841932, at *2 (D. Md. Aug. 14, 2019) (quotation marks omitted); *see also Flame S.A.*, 2014 WL 7185199, at *3. When the applicant carries its "burden of showing that the claimed rate and number of hours are reasonable, the resulting [lodestar amount] is presumed to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citing 42 U.S.C. § 1988); *see McAfee v. Boczar*, 738 F.3d 81, 88–89 (4th Cir. 2013) ("The Supreme Court has indulged a 'strong presumption' that the lodestar number represents a reasonable attorney's fee." (quoting

5

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010))); *Davis v. Uhh Wee, We Care Inc.*, Civ. No. ELH-17-494, 2019 WL 3457609, at *10 (D. Md. July 31, 2019) (awarding fees under Rule 37(b)(2)(C)); *Scott v. Clarke*, No. 3:12cv36, 2014 WL 1463755, at *5–6 (W.D. Va. Apr. 15, 2014) (Moon, J.) (awarding fees under Rule 37(a)(5)(A)).

Here, Plaintiffs seek **$50,625.00** in attorney's fees for **181.1** hours expended on the five discovery motions by one partner-level attorney, two senior-level associate attorneys, and two paralegals:

| Name | Total Hours Claimed | Hourly Rate Claimed | Total Fee Claimed |
| --- | --- | --- | --- |
| Jessica Phillips, Esq. | 25.30 | $450 | $11,385.00 |
| Yotam Barkai, Esq. | 82.90 | $275 | $22,797.50 |
| Katherine Cheng, Esq. | 52.30 | $275 | $14,382.50 |
| Josh Hasler | 19.60 | $100 | $1,960.00 |
| Stephanie Spear | 1.0 | $100 | $100.00 |
| **Total** | **181.1** | - | **$50,625.00** |

*See* Pls.' Omnibus R. 37 Fee Pet. 6, 11, 14; Phillips Decl. Ex. A, at 2–3 (Ray), ECF No. 929-2; *id.* Ex. B, at 2–5 (NSM), ECF No. 929-3; *id.* Ex. C, at 2–3 (Schoep), ECF No. 929-4; *id.* Ex. D (Kline deposition), at 2, ECF No. 929-5; *id.* Ex. E, at 2 (Ray deposition), ECF No. 929-6. Ms. Phillips, Plaintiffs' lead counsel on the motions, attests that the time claimed in the attached Exhibits reflects an accurate contemporaneous accounting of the hours that each timekeeper devoted to the motions, "including researching and drafting the briefs in support . . . [and] compiling exhibits demonstrating [the] Compelled Defendants' defiance of Court orders and refusal to participate in discovery," Pls.' Omnibus R. 37 Fee Pet. 6; *see* Phillips Decl. ¶¶ 10–17, ECF No. 929-1, and that her law firm "typically bill[s] to clients for this type of work," Phillips

6

Decl. ¶ 20. *See Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). Broken down by motion, Plaintiffs seek the following attorney's fees from each Compelled Defendant:

| Phillips Decl. Ex. | Motion | Defendant | Total Hours Claimed | Total Fee Claimed |
|---|---|---|---|---|
| A | Motion to Compel (Mar. 2020), ECF No. 673 | Ray | 42.5 | $11,757.50 |
| B | Motion to Compel (Mar. 2020), ECF No. 674 | NSM | 79.1 | $22,382.50 |
| C | Motion to Compel (Mar. 2020), ECF No. 689 | Schoep | 40.9 | $11,457.50 |
| D | Motion to Compel Deposition (July 2020), ECF No. 792 | Kline | 10.4 | $2,860.00 |
| E | Motion to Compel Deposition (July 2020), ECF No. 803 | Ray | 8.2 | $2,167.50 |
| Total | | | 181.1 | $50,625.00 |

*See* Pls.' Omnibus R. 37 Fee Pet. 3–5, 7.

   1.   *Hourly Rates*

Plaintiffs seek recompense at $450.00 per hour for partner Jessica Phillips, Esq.; $275.00 per hour for senior-level associates Yotam Barkai, Esq., and Katherine Cheng, Esq.; and $100.00 per hour for paralegals Josh Hasler and Stephanie Spear. *See* Pls.' Omnibus R. 37 Fee Pet. 11; Phillips Decl. ¶ 21. They bear the burden "to show that the requested hourly rates are consistent with the prevailing market rates" for this type of work "in the relevant community." *McAfee*, 738 F.3d at 91 (quotation marks omitted). "The relevant market . . . is ordinarily the community" where the district court sits. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). Prevailing hourly rates can "be established through affidavits reciting the fees of counsel with similar qualifications, information concerning fee awards in similar cases, and/or specific

evidence of counsel's billing practice." *Freeman v. Potter*, No. 7:04cv276, 2006 WL 2631722, at *4 (W.D. Va. Sept. 13, 2006) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)); *see Depaoli v. Vacation Sales Assocs.*, 489 F.3d 615, 622–23 (4th Cir. 2007). The court may also rely on its "own familiarity with the rates prevailing in the district." *Rogers v. Summit Receivables*, No. 3:17cv69, 2018 WL 1161144, at *4 (W.D. Va. Mar. 5, 2018) (quoting *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005)); *see Davis*, 2019 WL 3457609, at *10–11 (citing *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000)); *Scott*, 2014 WL 1463755, at *5–6.

The legal market in central Virginia provides the benchmark for establishing reasonable hourly rates in this case, even though the five individuals seeking fees all worked in New York City or Washington, D.C., for a prestigious law firm during the relevant time. Pls.' Omnibus R. 37 Fee Pet. 10–12; *see* Mem. Op. of May 26, 2020, at 11 (citing *Scott*, 2014 WL 1463755, at *5–6). Ms. Phillips submitted a declaration describing her and her associates' exceptional qualifications and notable legal experience. Phillips Decl. ¶¶ 3–9. Nevertheless, "this information alone 'is insufficient to establish that the rates sought are commensurate with the prevailing market rates' for attorneys with 'similar skill and . . . experience' handling discovery disputes in this judicial district." Mem. Op. of May 26, 2020, at 11 (quoting *Two Men & A Truck Int'l, Inc. v. A Mover, Inc.*, 128 F. Supp. 3d 919, 927 (E.D. Va. 2015)). Moreover, Plaintiffs sought lower hourly rates in their prior Rule 37 fee petition—$400 for partners and $225 for less experienced associate attorneys—and I found those "proposed rates [were] reasonable" for work performed in 2019 "considering their attorneys' qualifications, the skill and professionalism required to represent [Plaintiffs'] interests while dealing with the unique and complicated discovery challenges in this case," and Judge Moon's fee awards for similar work in a comparable civil-

8

rights case. Mem. Op. of May 26, 2020, at 11–12. Plaintiffs do not explain why they increased by $50 their proposed hourly rates—i.e., $450 for Ms. Phillips and $275 for Mr. Barkai and Ms. Cheng—for performing essentially the same work in early-to-mid 2020. *See generally* Pls.' Omnibus R. 37 Fee Pet. 10–12 & n. 2. "Plaintiffs' requested rate of $100 per hour" for Mr. Hasler's and Ms. Spear's paralegal services, Phillips Decl. ¶ 21, "is in line with prevailing rates for similar work in this judicial district and the surrounding area," Mem. Op. of May 26, 2020, at 12 (awarding the same) (collecting cases). Accordingly, consistent with my prior decision in this case, I will use the hourly rates that I previously found were reasonable for compensable work:

- Phillips            $400.00
- Barkai & Cheng      $225.00
- Hasler & Spear      $100.00

*See* Mem. Op. of May 26, 2020, at 11–12.

    2.    *Hours Claimed*

Next, Plaintiffs must "document[] the appropriate hours," *Project Vote*, 887 F. Supp. 2d at 709 (citing *Hensley*, 461 U.S. at 437), their legal team spent "making the motion[s]" to compel Ray, NSM, and Schoep to provide discovery, Fed. R. Civ. P. 37(a)(5)(A). Similarly, they must adequately document their reasonable attorney's fees caused by Ray and Kline's failures to appear for their properly noticed depositions, Fed. R. Civ. P. 37(d)(3). This requires "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity" so the court can "weigh the hours claimed and exclude hours that were not reasonably expended." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) (cleaned up). Plaintiffs' counsel also "should make a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434. *See Lopez v. XTEL Contr. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) ("The party seeking fees 'must

9

show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Travis v. Prime Lending*, No. 3:07cv65, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (Moon, J.))).[4]

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. It may do so "by identifying and disallowing specific hours that are not adequately documented, . . . by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved," *Guidry*, 442 F. Supp. 2d at 294, or by some reasoned combination of the two, *see Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016) ("There is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors."). *See also Fox v. Vice*, 563 U.S. 826, 838 (2011) (noting that "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time," insofar as the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection"). Here, Plaintiffs' records are straightforward enough to set out a line-by-line summary deleting each unsupported or otherwise noncompensable hour claimed.

---

[4] I acknowledge Plaintiffs' efforts to limit the number of hours billed on each discovery motion, including by excluding time their attorneys spent preparing for Kline and Ray's depositions, time spent meeting and conferring with Schoep's counsel before filing the motion to compel, and all work performed by attorneys or paralegals not identified in Ms. Phillips's declaration. *See* Phillips Decl. ¶¶ 17–19. Nonetheless, the Court has an independent obligation to review Plaintiffs' billing records to ensure that its "payment order under Rule 37[] extends only to such 'reasonable' expenses, including attorney's fees," as are allowed by the relevant subsection. Mem. Op. of May 26, 2020, at 19 (citing Fed. R. Civ. P. 37(b)(2)); *see* Fed. R. Civ. P. 37(a)(5)(A) (authorizing court orders directing the disobedient party, its attorney, or both "to pay the movant's reasonable expenses incurred in making the motion" to compel); Fed. R. Civ. P. 37(d)(3) (authorizing court orders directing the party who failed to appear for his properly noticed deposition, his attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure" to appear).

    *a.*  *Noncompensable Hours – Clerical Tasks*

On each motion, Plaintiffs' attorneys and paralegals occasionally billed for "purely clerical tasks" like organizing exhibits, formatting documents, filing and serving papers, and corresponding with the court. *LaMonaca v. Tread Corp.*, 157 F. Supp. 3d 507, 521 (W.D. Va. 2016); *see* Phillips Decl. Ex A (Barkai entry of Mar. 11 (1.3 hours); Cheng entry of Mar. 11 (0.8 hour); and Hasler entries of Feb. 28, Mar. 6, and Mar. 9–11 (6.8 hours)); *id.* Ex. B (Barkai entry of Mar. 11 (1.3 hours); Cheng entry of Feb. 26 (0.5 hour); and Hasler entries of Mar. 9 and Mar. 11 (4.9 hours)); *id.* Ex. C (Barkai entries of Mar. 26–27 (1.3 hours); Cheng entry of June 11 (0.8 hour); and Hasler entry of Apr. 6 (0.5 hour)); *id.* Ex. D (Cheng entry of July 21 (0.4 hour); Spear entry of July 2 (0.5 hour)); *id.* Ex. E (Spear entry of July 13 (0.5 hour)). These tasks "should not be compensated at all" under a fee-shifting scheme because they "are ordinarily part of a law office's overhead" costs. *Two Men & A Truck*, 128 F. Supp. 3d at 929. Accordingly, I will exclude from each billing record the hours spent on purely clerical tasks.

    *b.*  *Unreasonably Vague Entries – "Attention to" Motions*

Plaintiffs may recover their reasonable fees for legal tasks that are traditionally performed by an attorney and for which the attorney would customarily charge a client. *Two Men & A Truck*, 128 F. Supp. 3d at 929. Such tasks include conducting factual or appropriate legal research, drafting or editing briefs, reviewing discovery, and checking legal citations. *See, e.g.*, *id.* (cite checking, reviewing discovery); *Denton v. PennyMac Loan Servs., LLC*, 252 F. Supp. 3d 504, 526 (E.D. Va. 2017) (research, drafting, and editing); *Certain v. Potter*, 330 F. Supp. 2d 576, 582–83 (M.D.N.C. 2004) (appropriate legal research). Thus, Plaintiffs' billing records must "provide some guidance in identifying" the time spent on compensable tasks. *Denton*, 252 F. Supp. 3d at 523 (quoting *Buffington v. Balt. Cnty.*, 913 F.2d 113, 128 (4th Cir. 1990)). Vague

11

descriptions are inadequate when the court cannot determine whether the time claimed is reasonable. *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 675 (E.D. Va. 2015). Here, Plaintiffs' billing records contain numerous entries documenting attorney hours spent giving "[a]ttention to" the discovery motion or dispute. *See* Phillips Decl. Ex A (Barkai entries of Mar. 5–10, Mar. 20, and Apr. 14; and Phillips entries of Feb. 18, Mar. 1, Mar. 9, and Mar. 11); *id.* Ex. B (Barkai entries of Feb. 24–25, Feb. 27, Mar. 2, Mar. 6, and Mar. 28; Phillips entries of Feb. 4, Feb. 13, Feb. 28, and Mar. 11); *id.* Ex. C (Barkai entries of Apr. 2, Apr. 8, and April 15; and Phillips entry of Apr. 8); *id.* Ex. E (Barkai entry of July 14). As I explained in my prior Memorandum Opinion, the "Attention to" entries are unreasonably vague because they "'provide no insight as to the particular tasks performed'" and do not "'indicate the specific reasons for such time spent.'" Mem. Op. of May 26, 2020, at 18 (quoting *Stultz v. Virginia*, No. 7:13cv589, 2019 WL 4741315, at *6 (W.D. Va. Aug. 15, 2019)). Moreover, Plaintiffs still do not explain why their attorneys billed for time spent "giving 'attention to' this work on top" of the hours that they "already billed for 'drafting,' 'revising,' 'reviewing,' and 'finalizing'" the same motions, *id. See, e.g.*, Phillips Decl. Ex. A (Barkai entry of Mar. 7 (review motion); Phillips entries of Feb. 26, Feb. 28–29, Mar. 3, Mar. 8, and Mar. 10 (edit, review, and finalize motion); *id.* Ex. B (Barkai entries for reviewing materials and drafting and revising motion); Phillips entries for reviewing, editing, and finalizing motion); *id.* Ex. C. (Barkai entries for drafting and revising motion; Phillips entries for reviewing materials and editing motion); *id.* Ex. E (Barkai entry of July 19 (draft motion)).

      Payment orders under Rules 37(a) and 37(d) extend only to such "reasonable" attorney's fees as were "incurred in making the motion" to compel a party to provide discovery, Fed. R. Civ. P. 37(a)(5)(A), or "caused by the failure" to attend a properly noticed deposition, Fed. R.

Civ. P. 37(d)(3), respectively. "Without more information about how Plaintiffs' legal team . . . gave 'attention to'" each Defendant's pertinent discovery failure, Mem. Op. of May 26, 2020, at 19, "it is nearly 'impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the total amount of time expended' thereon," *id.* (quoting *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (cleaned up)). *See Zhang v. GC Servs., LP*, 537 F. Supp. 2d 805, 814–15 (E.D. Va. 2008) (excluding entries that did "not adequately describe the work performed or the effort involved," and therefore provided "no basis on which" the court could "identify whether such time entries [were] 'reasonable'"); *cf. Stultz*, 2019 WL 4741315, at *6 ("The vague and confusing descriptions weigh in favor of reducing the fee request because the Court cannot determine what the attorneys were billing for."). Accordingly, to the extent that I can isolate them from other compensable tasks, I will exclude the hours that Mr. Barkai and Ms. Phillips "spent giving 'attention to' each motion," Mem. Op. of May 26, 2020, at 19–20. *E.g.*, *compare* Phillips Decl. Ex. B (Barkai entries of Feb. 17, Feb. 24, Mar. 1, and Mar. 6 (hours spent giving "[a]ttention to" motion or materials)), *with id.* (Barkai entries of Feb. 18, Feb. 28, Mar. 4, and Mar. 5 (hours spent giving "[a]ttention to" motion and performing other specific tasks).

    c.  Other *Johnson* Factors

  The above analysis considers the time and labor expended having to deal with each Defendant's pertinent discovery failure or failures (first *Johnson* factor); the skill required to properly perform the legal services rendered (third factor); the customary fees for like work (fifth factor); and the experience, reputation, and ability of the attorneys and paralegals seeking reimbursement (ninth factor). Additionally, although the issues related to each Defendant's failures "were not particularly novel, they also were not routine." Mem. Op. of May 26, 2020, at

20 (quoting *Victor Stanley*, 2019 WL 3841932, at *4). Defendants "flaunted their discovery obligations under the Federal Rules," *Victor Stanley*, 2019 WL 3841932, at *4, and forced Plaintiffs to "expend[] considerable effort and resources" trying to obtain discovery to which they were clearly entitled, *see* Mem. Op. of May 26, 2020, at 21. Defendant Schoep also opposed Plaintiffs' motion to compel before providing the requested discovery. Accordingly, the second *Johnson* factor (novelty and complexity) supports a finding that "Plaintiffs' attorneys did not spend an unreasonable or excessive number of hours working on their motions" even though the underlying issues were straightforward and mostly uncontested. *Id.*

      3.     *Adjusted Lodestar Figure*

Plaintiffs bear the burden of documenting the appropriate hourly rates for their attorneys and support staff and the number of hours expended on the discovery motions considering the facts and circumstances of this case. While Plaintiffs' counsel excluded from their fee request some hours that were excessive, redundant, or otherwise unnecessary, their billing records do not fully justify the 181.1 total hours and $50,625.00 originally claimed—despite achieving excellent results for their clients. *See* Mem. Op. of May 26, 2020, at 22 (finding the same). Rather, after modestly reducing the attorneys' hourly rates and excluding the hours billed for purely clerical tasks and for time spent giving "attention to" the motions, the Court finds that Plaintiffs' legal team reasonably expended **141.3** hours overall and that **$34,615.00** is a reasonable fee for their work. The Court's lodestar figure breaks down accordingly:

| Phillips Decl. Ex. | Motion (Defendant) | Name | Original Hours Claimed | Hours Excluded | Hours Allowed | Hours Allowed x Hourly Fee Allowed |
|---|---|---|---|---|---|---|
| A | Motion to Compel (Ray) | Barkai | 5.8 | 5.4 | 0.4 | $90.00 |
| | | Cheng | 22.7 | 0.8 | 21.9 | $4,927.50 |
| | | Phillips | 7.2 | 1.5 | 5.7 | $2,280.00 |

14

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   |   | Hasler | 6.8 | 6.8 | 0.0 | $0.00 |
|   |   | (Total) | 42.5 | 14.5 | 28.0 | $7,297.50 |
| B | Motion to Compel (NSM) | Barkai | 56.7 | 6.8 | 49.9 | $11,227.50 |
|   |   | Cheng | 4.6 | 0.5 | 4.1 | $922.50 |
|   |   | Phillips | 10.7 | 2.6 | 8.1 | $3,240.00 |
|   |   | Hasler | 7.1 | 4.9 | 2.2 | $220.00 |
|   |   | (Total) | 79.1 | 14.8 | 64.3 | $15,610.00 |
| C | Motion to Compel (Schoep) | Barkai | 12.7 | 2.8 | 9.9 | $2,227.50 |
|   |   | Cheng | 15.6 | 0.8 | 14.8 | $3,330.00 |
|   |   | Phillips | 6.9 | 0.5 | 6.4 | $2,560.00 |
|   |   | Hasler | 5.7 | 1.5 | 4.2 | $420.00 |
|   |   | (Total) | 40.9 | 5.6 | 35.3 | $8,537.50 |
| D | Motion to Compel Deposition (Kline) | Barkai | 0.00 | - | - | - |
|   |   | Cheng | 9.4 | .4 | 9.0 | $2,025.00 |
|   |   | Phillips | 0.5 | - | 0.5 | $200.00 |
|   |   | Spear | 0.5 | 0.5 | 0.0 | $0.00 |
|   |   | (Total) | 10.4 | 0.9 | 9.5 | $2,225.00 |
| E | Motion to Compel Deposition (Ray) | Barkai | 7.7 | 3.5 | 4.2 | $945.00 |
|   |   | Cheng | 0.0 | - | - | - |
|   |   | Phillips | 0.0 | - | - | - |
|   |   | Spear | 0.5 | 0.5 | 0.0 | $0.00 |
|   |   | (Total) | 8.2 | 4.0 | 4.2 | $945.00 |
| Totals |   |   |   |   | 141.3 | $34,615.00 |

B.  *Deposition Expenses*

Rule 37(d) requires a party who fails to attend his properly noticed deposition to "pay the reasonable expenses . . . caused by the failure," Fed. R. Civ. 37(d)(3), including fees owed to court reporters or videographers who would have provided necessary services for the deposition, *Power Home Solar, LLC v. Sigora Solar*, 339 F.R.D. 64, 69 (W.D. Va. 2021), if those expenses

"would normally be charged to a fee-paying client," Mem. Op. of May 26, 2020, at 22 (citing *Spell*, 852 F.2d at 771). Plaintiffs' billing records list a total of $2,915.25 in costs payable to TSG Reporting for court reporting, transcript services, and videography services for Kline's July 2 deposition and Ray's July 13 deposition. *See* Phillips Decl. Ex. D ($1,312.25); *id.* Ex. E ($1,603.00). They did not produce any invoices or bills from TSG Reporting. *See* Pls.' Omnibus R. 37 Fee Pet. 14. "[T]he law is clear that no litigation costs should be awarded in the absence of adequate documentation," *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995), and that courts should not rely on the movant's "'unverified [c]hart' to determine whether [such] expenses should be reimbursed under Rule 37," Mem. Op. of May 26, 2020, at 23 (quoting *Haught v. Louis Berkman, LLC*, No. 5:03cv109, 2006 WL 344917, at *4 (N.D. W. Va. Feb. 13, 2006)). *Cf. Trimper*, 58 F.2d at 77 (district court properly denied reimbursement request where movant's "only record of the[] expenses . . . was an unverified 'Chart of Expenses,' with no receipts or bills attached"). Accordingly, Plaintiffs' request for $2,915.25 in deposition-related expenses will be denied. *See* Mem. Op. of May 26, 2020, at 22–23 (denying Plaintiffs' request for travel expenses in part because they did not produce the receipts necessary to verify amount sought) (citing *Haught*, 2006 WL 344917, at *4).

C.   *Rule 37's Safe Harbors*

Having determined that an award of **$34,615.00** reflects Plaintiffs' reasonable expenses incurred or caused by Ray's, NSM's, Schoep's and Kline's pertinent discovery failures, I must order each Defendant, the attorney advising that Defendant, or both to pay the appropriate share of Plaintiffs' expenses unless the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (d)(3). The court has "broad discretion to determine" whether either provision applies in a specific case. *Cf. S. States Rack & Fixture,*

16

*Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (explaining that the district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless" under Rule 37(c)(1), and that the imposition of sanctions "should be guided by . . . factors" including the evidence's importance and "the nondisclosing party's explanation for its failure"). None of the Compelled Defendants have responded to Plaintiffs' omnibus fee petition. Accordingly, they "gave up [their] chance to mitigate [their] share of the bill," Mem. Op. of May 26, 2020, at 25 (awarding fees under Rule 37(b)(2)(C)). *See Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (awarding fees under Rule 37(a)(5)(A)). The pertinent discovery failures that forced Plaintiffs to file their motions to compel were "not only totally unjustified[] but did not represent the first failure" by Compelled Defendants to "discharge [their] obligations" as parties to this case, *Bosworth v. Record Data of Md.*, 102 F.R.D. 518, 521 (D. Md. 1984). *See, e.g.*, Order of May 18, 2020, at 2–3 (discussing Ray's prior discovery failures); Mem. Op. of May 26, 2020, at 20–21 (discussing Kline's prior discovery failures); Mem. Op. & Order of May 27, 2020, at 2–6 (discussing Schoep's prior discovery failures); Mem. Op. & Order of June 23, 2020, at 10–11 (discussing NSM's prior discovery failures). Thus, "there is no reason not to impose, and every reason to impose, the sanctions" sought in Plaintiffs' omnibus attorney's fee petition. *Bosworth*, 102 F.R.D. at 521 (finding "every reason" to make plaintiff pay attorney's fees under Rule 37, and "no reason not to" impose monetary sanctions, where plaintiff's "totally unjustified" failure to attend her deposition was just the latest example of her "repeated[]" failures to comply with discovery obligations).

## IV. Conclusion

For the foregoing reasons, I find that Plaintiffs are entitled to recover **$31,445.00** in reasonable attorney's fees incurred in moving to compel discovery from Defendants Ray,

National Socialist Movement, and Schoep, *see* Fed. R. Civ. P. 37(a)(5)(A), and **$3,170.00** in reasonable attorney's fees caused by Kline's and Ray's failures to attend their properly noticed depositions in July 2020, *see* Fed. R. Civ. P. 37(d)(3). Plaintiffs are not entitled to out-of-pocket expenses related to the depositions. The total fee award of **$34,615.00** shall be apportioned against each Compelled Defendant as follows:

| | |
|---|---|
| **Robert "Azzmador" Ray:** | $8,242.50 |
| **National Socialist Movement:** | $15,610.00 |
| **Jeff Schoep:** | $8,537.50 |
| **Elliott Kline:** | $2,225.00 |
| **Total Fee Award:** | $34,615.00 |

It is so ORDERED.

The Clerk of Court shall send a certified copy of this Memorandum Opinion & Order to all counsel and pro se parties at their addresses of record.

ENTERED: December 1, 2021

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge