In The United States District Court
For The Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants
Civil Action 3:17-cv-00072

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
12/22/2021
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

Defendant's Motion to Extend Post Trial Deadlines by 60 Days, and Provide Documents.

Comes now, the Defendant, Christopher Cantwell, and he moves this Court to extend all post trial deadlines by 60 days. In support, he states as follows,

1.) Per his sworn declaration dated December 21st 2021, Cantwell was moved from the Central Virginia Regional Jail on December 20th, and placed into a restrictive quarantine at USP Marion.

2.) During that move, Cantwell was, once again, stripped of all his papers, for the 5th time this year.

3.) Cantwell has previously notified this Court, on 12-9-2021 and 12-16-2021, and 12-18-2021, of Plaintiffs' failure to include him in post trial correspondence most notably their having falsely told the Court that the parties had met and conferred about the post trial schedule.

4.) In those same above referenced communications, Cantwell has informed the Court of continuing troubles at the CVRJ.

5.) Unaware of this post trial schedule, Cantwell submitted a post trial motion for Judgment as a Matter of Law and/or a New Trial, and/or Remittitur, dated 11-29-2021.

6.) Responding to an "inquiry" not delivered to Cantwell, the Court granted Plaintiffs until February 7th, in line with the aforementioned schedule, to respond to Cantwell's motion.

7.) Through this, Plaintiffs have gained an unfair advantage over Cantwell by excluding him from post trial correspondence, and thereby gaining extra time to respond while Cantwell operated under a false deadline.

8.) Accordingly, Cantwell moved that Plaintiffs' unserved filings be ~~stricken~~ stricken from the record, and his motion be treated as unopposed.

9.) Should the Court deny the motion referenced above, Cantwell proposes the following alternative.

10.) Postpone all post trial deadlines by 60 days.

11.) Make available to Cantwell a full trial transcript, the operative Complaint, and all filings after October 4th 2021.

-2-

(2.) Order USP Marion to allow Cantwell to possess these documents in his cell, and not to delay delivery thereof. The Court had "denied as moot" Cantwell's pretrial motions regarding conditions at USP Marion, but alas the saga yet continues. Prison staff have actively interfered in Cantwell's trial preparations, and if this interference continues he'll have no opportunity to fairly participate in post trial matters.

(3.) The playing field, it should be noted, cannot be "leveled" at this juncture. This, like the motion to sever, is a band aid on a bullet wound. Plaintiffs' misconduct and accompanying government interference have irreparably damaged Cantwell's defense and the reputation of these proceedings. However, these measures will at least allow Cantwell to fully articulate his positions to the Court.

Respectfully Submitted,
Christopher Cantwell
12-21-2021

C Cant

In The United States District Court
For The Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs, vs
Kessler et al, Defendants
Civil Action 3:17-CV-00072

December 21st 2021 Sworn Declaration of Christopher Cantwell Regarding Transport and Quarantine.

I, Christopher Cantwell do aver under penalty of perjury on this 21st day of December 2021, that the following is true and correct.

1.) My name is Christopher Cantwell, and I am an indigent, incarcerated, pro se Defendant in the above styled case.

2.) I have recently sent this Court other sworn declarations dated 12-16-21 and 12-9-21, and 12-15-21, regarding conditions at the Central Virginia Regional Jail and the failure of Plaintiffs' counsel to include me in post trial correspondence. These were sent by postal mail.

3.) In the pre-dawn hours of December 20th, 2021, I was awakened by CVRJ staff and instructed to pack my things because I was being moved.

4.) Later that day I arrived at the United States Penitentiary in Marion, IL.

5.) I was not allowed to take anything with me during transport. Not even my legal papers.

6.) I asked the UVRJ staff to call a friend of mine who is a Virginia resident, and let her pick up my papers. They indicated they would do so.

7.) USP Marion has not approved my contact with this Virginia resident, I have no way of communicating with her, and "3rd Party Contact" is against the rules here.

8.) I have been placed in a 2 week quarantine at USP Marion. I was told I would not be able to access my property until after that quarantine.

9.) The legal papers I had collected at USP Marion before being transported for trial are in my property.

10.) I do not have access to ~~the there~~ typewriters or shaving razors or other common amenities of a correctional facility while in quarantine.

11.) I have no reason to believe the many issues I notified the Court about before trial have been resolved at USP Marion.

—2—

12.) On December 21st Case Manager Simpkin said he should be able to get me some of my property, to include legal papers, before the end of quarantine.

13.) No mail was delivered to me at mail call on December 21st at USP Marion.

Having so averred, I sayeth no more under oath.

Respectfully submitted,
Christopher Cantwell
12-21-2021

-3-