In The United States District Court
For The Western District of Virginia
Charlottesville Division
Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants
Civil Action 3:17-cv-00072

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/05/2022
JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

1-5-22 Sworn Declaration of Christopher Cantwell Regarding Conditions at USP Marion's CMU.

I, Christopher Cantwell, do aver under penalty of perjury that the following is true and correct,

1.) My name is Christopher Cantwell and I am an indigent, incarcerated, pro se Defendant in the above styled case.

2.) Since the end of this trial, I have received no correspondence from the Plaintiffs as of 11am on January 5th.

3.) The commissary at USP Marion is out of stock on white out, typing paper, typewriter ink cassettes, and typing wheels. The typing wheels have been out of stock for the entirety of my stay here, and the typewriters do not work without them.

4.) The typewritten documents I have produced since being placed here were made using a typing wheel I borrowed from inmate William White.

-1-

5.) William White is currently segregated from CMU population awaiting transport to another facility.

6.) My 14 day quarantine began on December 20th and ended on January 4th.

7.) As of 11am on January 5th I still have not been allowed to access my property and legal papers.

8.) Even when I gain access to my property, CMU will restrict my access to legal documents.

9.) On September 23rd I began an Administrative Remedy process at USP Marion complaining that I was being denied access to legal documents, most notably Plaintiffs' Second Amended Complaint.

10.) On September 28th Case Manager Simpkins responded "You will be allowed to view any and all of your documents that are sent in an [sic] cleared. However you will not be able to maintain possession of these items within the unit due to the nature of their content." -Form BP-8

11.) On September 28th I filled out a form BP-9 to escalate the matter.

-2-

12.) Plaintiffs purported to have sent me a copy of the Second Amended Complaint in early September, to the best of my recollection.

13.) The first time I was allowed to view this document was in the presence of case manager Simpkins on October 4th for a period of less than 2 hours.

14.) Shortly after viewing the document, I was ordered to pack up all my property, including those legal papers I was previously allowed to possess in preparation to be moved for trial, which happened on October 5th.

15.) The Form BP-9 is ~~stamped~~ Stamped as having been received by the Admin Remedy Clerk on 10-6-21.

16.) Warden Sproul replied to my BP-9 with a functionally identical response to that of Mr. Simpkins. The Administrative Remedy Number is 1096954-F1, and the reply was dated 11-8-2021. It stated that I have 20 days to appeal the decision to the Regional Director in Kansas, with form BP-230(13).

17.) I was given this response on January ~~3rd~~, but not the form BP-230(13)

-3-

18.) While still in quarantine I filed a motion seeking a 60 day extension of post trial deadlines, provision of documents, and that the Court order USP Marion to cease interference with this litigation.

19.) On ~~Jan~~ January 4th I received Document 1513, an oral order from the Court announcing intention to extend all post trial deadlines by 30 days.

20.) As I went to make copies of the Administrative Remedy forms on January 5th, I discovered the copier had only one sheet of paper in it, a familiar experience.

Respectfully Submitted
January 5th 2022
Christopher Cantwell

*C Cantwell*

-4-

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Administrative Remedy**
**Part B – Response**

**Administrative Remedy Number:** 1096954-F1

This is in response to your Administrative Remedy receipted October 6, 2021, wherein you claim your legal mail has been intercepted by CMU staff and kept from you. You are requesting to have access to all your legal papers to keep in your cell along with copies of all exhibits due to you being the defendant in this case.

A review of the issue reveals you were informed by CMU staff that you will be allowed to view any and all of your documents that have been sent in and cleared by the CTU. However, due to the nature and content of these documents, you will not be allowed to maintain possession of them in your cell or within the Unit.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

11/8/21
Date

D. Sproul, Warden