In the United States District Court For
The Western District of Virginia
Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 26 2022

JULIA C. DUDLEY CLERK
BY:
DEPUTY CLERK

Sines, et al, Plaintiffs vs
Kessler, et al, Defendants
Civil Action 3:17-cv-00072

Defendant's Motion to Extend All Post
Trial Deadlines By 12 Months

Comes now, the Defendant, Christopher
Cantwell, and he moves this Court
to extend all post trial deadlines by
12 months, in support he states
as follows,

1.) Cantwell previously moved the Court to
extend post trial deadlines by 60 days,
and to provide documents, including a
trial transcript.

2.) The Court extended deadlines by 30
days and denied all other requests
without prejudice.

3.) Cantwell Cannot effectively prepare
a post trial motion without access
to the records of this case.

4.) Cantwell's release date is December 19th
2022, and will be released to a halfway
house or home confinement months prior
to that date.

5.) While in custody of USP Marion's
Communications Unit, Cantwell's legal
mail is being intercepted, kept secret

~1~

from him in some cases for over a
month. Some seem to dissapear permanently.

6.) Once Cantwell (if) is made aware of the
documents' existence, select documents
are deemed "sensitive" and kept from
his possession. These documents Cantwell
can only view under the supervision of
Case Manager Simpkins, who is only
available for ~~brief~~ brief periods
a few times a week, on a good week,
as detailed in Cantwell's 1-25-2022
sworn declaration.

7.) Cantwell is traversing the administrative
Remedy Process to stop the Bureau
of Prisons from unlawfully interfering in
this litigation, and the Regional Director
has extended the deadline to reply to
Cantwell's most recent appeal.

8.) Cantwell has repeatedly asked the Court
to intervene to stop the B.O.P. from
obstructing his trial preparation and
post trial work, to no avail.

9.) This litigation was premised on allegations
of a racially motivated violent conspiracy.

10.) That conspiracy was not proven by a
preponderance of the evidence.

11.) Despite the failure to prove their claims,
Plaintiffs were awarded $25,000,000

-2-

12.) The Plaintiffs' case at trial bore little
resemblance to the parade of lies that
got them into the courtroom.

13.) It appears the Plaintiffs improperly
decieved the Court and the public to
drag the targets of their enmity though
an abuse of legal process, then succeeded
in convincing a jury to hold Defendants
liable for their political views and
First Amendment protected speech and
assembly.

14.) That likelihood must be properly
addressed, and the circumstances of
Cantwell's incarceration are preventing
that from being possible.

15.) It is not sufficient that Cantwell's
co-defendants and their attorneys do
not suffer these hindrances. Defendants
are not similarly situated, are not
coordinating their defenses, are in
some cases adverse to one another,
and as evidenced at trial had radically
different approaches to questioning
witnesses, presenting evidence, and
arguing.

16.) After Cantwell's release, he can find
and obtain his own documents and
produce his own documents using
a computer.

17.) USP Marion's CMU is even blocking Cantwell from contacting Plaintiffs' Cowsel.

18.) Current deadlines are imminent.

For these reasons the court should extend all post trial deadlines by 12 months.

Respectfully submitted,
Christopher Cantwell
1-25-2022