CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 02 2022

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

Mr. Richard Spencer
P.O. Box 1676
Whitefish, MT  59937

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs,* |  |
| v. | ORDER |
| JASON KESSLER, *et al.*, |  |
| *Defendants.* | JUDGE NORMAN K. MOON |

The Court is assessing the feasibility of conducting the trial scheduled in this case between October 25 and November 19, 2021, at the federal courthouse in Charlottesville. The parties shall forthwith contact the Clerk's Office, Scheduling Clerk at (434) 847-5722 to arrange a videoconference on the subject.

It is so **ORDERED**.

Entered this __26th__ day of May, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
255 WEST MAIN STREET
ROOM 304
CHARLOTTESVILLE, VIRGINIA 22902

OFFICIAL BUSINESS

RICHMOND
VA 230
27 MAY 21
PM 7 L

B18180.10

$0.51⁹
US POSTAGE
FIRST-CLASS
062S00112632234
22902.

stamps

22902515058 6

SPENCER
591 DFE 1 1Z2C00001/27/22
RETURN TO SENDER
BOX CLOSED
UNABLE TO FORWARD
RETURN TO SENDER
BC: 22902505879 *1917-05621-27-45

Mr. Richard Spencer
P.O. Box 1676
Whitefish, MT  59937

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
| Defendants. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on two motions and one discovery objection, stated twice,

filed by pro se Defendant Christopher Cantwell. Def.'s Obj'n to Notice of Dep., ECF No. 930;

Def.'s Mot. to Sanction Pls., ECF No. 939; Def.'s Mot. to File by Fax, ECF No. 942; Def's Mot.

to Stay Deposition, ECF No. 950. The issues have been fully briefed, *see* ECF Nos. 930, 931,

932, 939, 940, 943, 945, 946, 947, 950, and can be resolved without an oral hearing, Fed. R. Civ.

P. 78(b); W.D. Va. Civ. R. 11(b); Pretrial Order 3–4, ECF No. 101.

Cantwell's objection to Plaintiffs' notice of deposition, ECF Nos. 930, 950, is

**OVERRULED.** The Court previously granted Plaintiffs leave to depose Cantwell, who is

incarcerated, because they had not yet had the opportunity to depose him by oral questions and

they are entitled to do so under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Order

of Sept. 11, 2020, ECF No. 869; Fed. R. Civ. P. 30(a)(2)(B). Plaintiffs may proceed with the

scheduled deposition on June 7, 2021. ECF Nos. 932, 932-1, 934. The Court expects Cantwell to

appear and participate in good faith as required by the Federal Rules of Civil Procedure. *See*

Order of July 23, 2020, at 1, ECF No. 814; Fed. R. Civ. P. 37(d).

Cantwell's motion to "submit motions, responses, and other necessary correspondence in

this case by faxing documents to the Clerk," ECF No. 942, is **DENIED.** W.D. Va. Admin. P. for

Filing, Signing & Verifying Pleadings & Papers by Elec. Means § C.6 ("Unrepresented



$0.51
US POSTAGE
FIRST-CLASS
062S001126323A
22902
stamps

B18180.04

RICHMOND VA 230

25 MAY 2021PM 5 L

591 DFE 1 122C0001/27/22
SPENCER  RETURN TO SENDER
          BOX CLOSED
          UNABLE TO FORWARD
          RETURN TO SENDER
BC: 22902505879      *1850-02208-25-38

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
255 WEST MAIN STREET
ROOM 304
CHARLOTTESVILLE, VIRGINIA 22902

OFFICIAL BUSINESS

Mr. Richard Spencer
P.O. Box 1676
Whitefish, MT  59937

# NOTICE OF HEARING

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Western District of Virginia

**Notice of Electronic Filing**

The following transaction was entered on 5/27/2021 at 6:55 PM EDT and filed on 5/27/2021

**Case Name:** Sines et al v. Kessler et al
**Case Number:** 3:17-cv-00072-NKM-JCH
**Filer:**
**Document Number:** 955(No document attached)

**Docket Text:**
NOTICE of Videoconference Hearing: (CR) (No Interpreter requested) (Click on this link for guidance for participation via Zoom and Click on this link for instructions on how to listen to public hearings) Status Conference set for June 4, 2021 at 2:00 PM via Zoom before Senior Judge Norman K. Moon. (Notice and Zoom dial-in information emailed and mailed to Pro Se Parties)(ca)

## \*\* See next page for ZOOM Dial-In Information. \*\*

# ZOOM DIAL-IN INFORMATION

**Topic:  Sines v. Kessler - Status Conference (3:17CV72) before Judge Moon**
**Time:  Jun 4, 2021 at 2:00 PM Eastern Time (US and Canada)**

**Join ZoomGov Meeting**
https://www.zoomgov.com/j/1605885392
Meeting ID: 160 588 5392
Passcode: 638910

**Other Ways to Join:**

**One tap mobile**
+16692545252,,1605885392#,,,,*638910# US (San Jose)
+16468287666,,1605885392#,,,,*638910# US (New York)

**Dial by your location**
        +1 669 254 5252 US (San Jose)
        +1 646 828 7666 US (New York)
        +1 551 285 1373 US
        +1 669 216 1590 US (San Jose)
        833 568 8864 US Toll-free
Meeting ID: 160 588 5392
Passcode: 638910
Find your local number: https://www.zoomgov.com/u/ae9fV781k

**Join by SIP**
1605885392@sip.zoomgov.com

**Join by H.323**
161.199.138.10 (US West)
161.199.136.10 (US East)
Meeting ID: 160 588 5392
Passcode: 638910

$0.510
US POSTAGE
FIRST-CLASS
062S0011263234
22902

B18180.15

RICHMOND VA 230

2 JUN 2021 PM 5 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
255 WEST MAIN STREET
ROOM 304
CHARLOTTESVILLE, VIRGINIA 22902

OFFICIAL BUSINESS

SPENCER    RETURN TO SENDER    591 DFE 1    122C0001/27/22
BOX CLOSED
UNABLE TO FORWARD
BC: 229025Q5879    RETURN TO SENDER    *1850-06417-02-44

FWD
229902>503 85

Mr. Richard Spencer
P.O. Box 1676
Whitefish, MT 59937

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| ELIZABETH SINES et al., | ) | Civil Action No. 3:17-cv-00072 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON KESSLER et al., | ) | |
| Defendants. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiffs' motion to strike as untimely filed Defendant

Richard Spencer's motion for summary judgment. Pls.' Mot. to Strike, ECF No. 896; *see* Def.

Spencer's Mot. for Summ. J., ECF No. 895 (Oct. 19, 2020). Spencer, who is representing himself

in this case, concedes that he filed the motion two months after the August 7, 2020 dispositive-

motions deadline and did not seek the Court's leave before doing so. Def. Spencer's Resp. in

Opp'n 1, 4, ECF No. 906. Nonetheless, he asks the Court to resolve his motion on the merits

because, in his view, his "tardiness has not done serious or irreparable harm to the [litigation]

process." *Id.* at 2; *see id.* at 4. Plaintiffs oppose Spencer's request. Pls.' Reply Br., ECF No. 908.

The original deadline to file dispositive motions in this case was April 24, 2019. *See*

Pretrial Order, ECF No. 101; Order of June 15, 2018, ECF No. 329. In late November 2019, I

granted the parties' joint request that they have until August 7, 2020, to file motions for summary

judgment. *See* Order of Nov. 27, 2019, ECF No. 597. In June 2020, I allowed Spencer's attorney

to withdraw his representation and gave Spencer permission to electronically file documents in

this matter using CM/ECF while he was representing himself. Order of June 22, 2020, at 2, ECF

No. 773. I also warned Spencer that "[u]nless and until new counsel enters an appearance on

[his] behalf, he is solely responsible for conducing his defense in accordance with all rules, court

1

orders, and deadlines in this case"[1] and that neither the October 2020 "trial date nor any deadline [would] be continued" because Spencer's attorney had withdrawn. *Id.* Spencer attended his deposition by Plaintiffs' counsel on July 1, 2020, and he stayed "in regular contact" with them afterwards. Pls.' Mot. to Strike 3. He did not file a motion for summary judgment, or seek an extension of time to do so, on or before August 7, 2020.

The presiding District Judge held a status conference with the parties several weeks later. *See generally* Tr. of Sept. 14, 2020 Show Cause Hr'g & Status Conf., ECF No. 881. During a discussion about scheduling hearings on the timely filed motions for summary judgment, another pro se Defendant asked if the Court would grant a "continuance" so he could file a motion for summary judgment. *Id.* at 22. Spencer interjected that he, too, was "now in a position" to file a motion for summary judgment and asked if the Court would "give [them] a reasonable deadline" to do so. *Id.* at 22–23. Plaintiffs' counsel objected. *Id.* The presiding District Judge responded that any party who "wish[ed] to make a motion to file a summary judgment late" should "take those [requests] up with" me, as pretrial scheduling matters were "still in [my] hands." *Id.* at 23–24 ("[T]hose matters have been referred to Judge Hoppe, and you'll take those up with Judge Hoppe. And if he allows it, then he'll give you the time."). He also canceled the October 2020 trial and reset the matter for a four-week jury trial tentatively scheduled to begin on April 26, 2021. *See* Order of Sept. 15, 2020, at 1, ECF No. 874.

On September 15, 2020, I issued an order granting Plaintiffs' motion to suspend the deadlines for submitting witness lists and other documents to be used in connection with trial.

---

[1] This was not the first time I'd warned Spencer that he must comply with the court's orders and deadlines even though he is "not an attorney by trade." Tr. of Apr. 19, 2018 Disc. Hr'g 5–6, ECF No. 308. After Spencer missed a discovery deadline in April 2018, I explained that if he may miss a court-ordered deadline, then he needed to confer with Plaintiffs' counsel and file a motion asking the Court to extend the deadline for good cause. *Id.* at 6. He could not "just not make a deadline." *Id.* Spencer apologized, indicated that he understood, and "promise[d] to do better in the future." *Id.*

*See* Order of Sept. 15, 2020, at 1. Knowing that Spencer had voiced interest in belatedly filing a

dispositive motion, however, I made clear that the suspension did "not apply to deadlines that

ha[d] already passed or to motions that [were] currently pending." *Id.* Rather, I instructed that

"[a]ny party seeking to extend an expired deadline shall, within fourteen (14) days of this Order,

file a motion showing the party failed to act because of excusable neglect and there is good cause

to extend the time previously allowed." *Id.* (citing *Agnew v. United Leasing Corp.*, 680 F. App'x

149, 155 (4th Cir. 2017); Fed. R. Civ. P. 6(b)(1)(B)). The Clerk's Office sent the Order to

Spencer on the same date, and the docket does not indicate that he failed to receive it. *See* Mem.

Op. & Order of Mar. 24, 2021, at 15 n.4, ECF No. 933.

Spencer had until September 29, 2020, to ask the Court to extend any expired deadline.

*See* Order of Sept. 15, 2020, at 1. He filed his motion for summary judgment, which spans 129

pages with supporting exhibits, on October 19, 2020. Spencer did not acknowledge that his

motion was late, let alone explain why he had missed the original deadline or try to present cause

why the Court should extend the time previously allowed. After Plaintiffs moved to strike,

Spencer apologized for the "tardy" filing and asked the Court to give Plaintiffs all "the time they

require" to respond to his motion. Def. Spencer's Resp. in Opp'n 2, 4. He also blamed his former

attorney for not preparing a motion for summary judgment before the August 7, 2020 deadline,

*see id.* at 2–3, and claimed that he "misapprehended" the presiding District Judge's instructions

that Spencer should "move for a new deadline" if he still wanted to file a motion for summary

judgment, *id.* at 3. Plaintiffs responded that Spencer has not shown either excusable neglect for

missing the original deadline or good cause why the Court should accept his dispositive motion

filed without permission more than two months late. Pls.' Reply Br. 2–6.

3

Spencer has known at least since June 20, 2020, that he had until August 7, 2020, to file his own motion for summary judgment. *See* Order of June 22, 2020, at 2. He understood that he must file a motion for extension of time, on or before August 7, if he felt like he needed more time to file that dispositive motion. *See* Tr. of Apr. 19, 2018 Disc. Hr'g 5–6. He could not "just not make [the] deadline." *Id.* at 6. Spencer did not ask the Court to extend his deadline. Then, several weeks later, he mentioned to the presiding District Judge that he wanted to file a motion for summary judgment even though he knew that deadline had expired. The presiding District Judge clearly said Spencer should file a motion asking my permission to file out of time. Tr. of Sept. 14, 2020 Show Cause Hr'g & Status Conf. at 23–24. And, *if* I allowed the extension, *then* I would "give [Spencer] the times within which [he] must file any motion" for summary judgment. *Id.* at 2. On September 15, I gave all parties fourteen days to file motions to extend any expired deadline and explained that such an extension could be granted only "for good cause if the moving party can show that the delay was because of excusable neglect." *See* Order of Sept. 15, 2020, at 2 (quotation marks omitted); *Agnew*, 680 F. App'x at 155; Fed. R. Civ. P. 6(b)(1)(B).

Spencer "did not avail himself of that off-ramp." Order Finding Def. Elliott Kline in Civil Contempt 1, ECF No. 599. He chose to file his dispositive motion on his own terms, in flagrant violation of this Court's orders and deadlines. Those orders "were more than mere suggestions," and the Court will not tolerate Spencer's failure to take "seriously the deadlines [it] imposed," *Willis v. Cleveland Cty., N.C.*, No. 1:18cv292, 2020 WL 1061680, at *3 (W.D.N.C. Mar. 4, 2020), to move the case forward. *See generally* Mem. Op. of Aug. 9, 2019, at 2–3, 29–32, ECF No. 539. Accordingly, Plaintiffs' motion to strike, ECF No. 896, is **GRANTED**, and Defendant Richard Spencer's motion for summary judgment, ECF No. 895, is **STRICKEN** from the docket as untimely filed. *See Zornes v. Specialty Indus., Inc.*, No. 97-2337, 1998 WL 886997, at *1

(Dec. 21, 1998); *Willis*, 2020 WL 1061680, at *3; *Battle v. Burwell*, No. PWG-14-2250, 2017 WL 1246344, at *2 (D. Md. Apr. 5, 2017).

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTER: May 19, 2021

Joel C. Hoppe
United States Magistrate Judge

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
255 WEST MAIN STREET
ROOM 304
CHARLOTTESVILLE, VIRGINIA 22902

OFFICIAL BUSINESS

RICHMOND VA 230

21 MAY 2021PM 2 L

$0.71⁰
US POSTAGE
FIRST-CLASS
0625001126234
22902
B18181.16
stamps

SPENCER
591 DFE 1   122C00001/27/22
RETURN TO SENDER
BOX CLOSED
UNABLE TO FORWARD
RETURN TO SENDER
*1550-037735-21-38
BC:  22902505879

FWD

MISSOULA MT 598

04 MAY 2021 PM 1 L