UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, et. al

                Plaintiffs,

v.

JASON KESSLER, et. al          Civil Action No. 3:17-cv-00072-NKM

                Defendants.

## DEFENDANT JEFF SCHOEP'S MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO FRCP RULE 59

COMES NOW Defendant Jeff Schoep, by and through counsel, pursuant to Fed. R. Civ. P. 59(e), moves this honorable Court to alter or amend its judgment granting punitive damages, *see* ECF 1478, due to the manifest injustice which would result from the implementation of such order as written. Upholding the judgement of punitive damages at a ratio of 500,000 to 1 would be in violation of the Constitution's Due Process Clause and the Supreme Court's holding in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408. The Supreme Court held that "few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process. See, e.g., 517 U.S., at 581. Single-digit multipliers

are more likely to comport with due process, while still achieving the State's deterrence and retribution goals," *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003). It was concluded "that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *State Farm Mut. Automobile Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003). "If a punitive damages award is unconstitutionally excessive, it is [the court's] obligation to order a remittitur or award a new trial." *EEOC v. Fed. Express Corp.,* 513 F.3d 360, 376 (4th Cir. 2008). Accordingly, the defendant asks this Court to alter or amend the judgment under Rule 59(e) and reduce the award of punitive damages to an amount that this Court believes is constitutional.

The judgement of punitive damages award was not based on an "application of law" but rather a "decisionmaker's caprice" in violation of the Due Process Clause of both the Fifth and Fourteenth Amendment. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 587 (1996). *Gore* and its progeny share the concern that punitive damages retain some reasonable relationship to actual harm. See, e.g., *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408, 416 (2003) (due process prohibits "the imposition of grossly excessive or arbitrary punishments"); *BMW of North America Inc. v. Gore,* 517 U.S. 559, 574–75 (1996) ("the $2 million award against BMW is grossly excessive"). These cases identify three factors or guideposts that a court must consider in determining whether punitive damages are proportional: "the degree of the defendant's reprehensibility or culpability; the relationship between the penalty and

2

the harm to the victim caused by the defendant's actions; and the sanctions imposed in other cases for comparable misconduct." *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 435 (2001) (internal citations omitted) (collecting cases). In assessing a defendant's reprehensibility, courts consider whether: "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Campbell,* 538 U.S. at 419. The first three factors support the defendant in this case: there was no physical or economic harm to the plaintiffs due to the actions of the defendant; for the same reason, the health or safety of the plaintiffs was not involved in any way; and the plaintiffs, were not directly financially vulnerable. The fourth factor supports the plaintiffs in that the defendant was found to have some engagement in a civil conspiracy, but supports the defendant in that there was no evidence of conspiratorial behavior continuing after the plaintiffs sued him. The fifth factor supports the plaintiffs in that the jury found the defendant to be willful, but supports the defendant in that this was only a finding of knowledge of an event, which then by default Defendant Schoep was found to be part of a civil conspiracy, and not one of "malice, trickery, or deceit."

"The second and perhaps most commonly cited indicium of an unreasonable or excessive punitive damages award is its ratio to the actual harm inflicted on the plaintiff." *Gore,* 517 U.S. at 580. In this case, the plaintiffs did not prove any actual

harm directly caused by Defendant Schoep at all. But a charitable estimate of Plaintiffs Romero, Muniz, Baker, Blair, Martin, Alvarado and Willis', actual harm caused by a civil conspiracy was $1. The punishment ratios in this case, using these estimates of actual harm, would be 500,000 to 1 which is well above the single-, double-, or, rarely, triple-digit multiples that the courts have approved. Cf. *Gore,* 517 U.S. at 580–83 (discussing such ratios); S*tate Farm,* 538 U.S at 424–25 (same). For Plaintiffs Sines and Wispelwey actual harm caused was found to be zero. Research has revealed no case where a federal court has awarded punitive damages when no nominal, actual, or equitable relief was granted. Virginia law requires that "a finding of compensatory damages is a prerequisite to an award of exemplary damages." *Zedd v. Jenkins,* 194 Va. 704, 706-07 (Va. 1953).

Twice, the Supreme Court has held that a defendant can be punished only for the acts that are the subject of the lawsuit. In *Campbell*, a Utah jury and the Utah Supreme Court punished State Farm for its nationwide policies in general, not its conduct against the particular plaintiff in that case, *Campbell*. *See* 538 U.S. at 422–23. The Court held that this was unconstitutional in a passage worth quoting:

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis, but we have no doubt the Utah Supreme Court did that here. Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct; for in the usual case nonparties are not bound by the judgment some other plaintiff obtains. *Id.*

The Court made the same point in *Phillip Morris USA v. Williams*, 549 U.S. 346, 353 (2007), where it held that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." If a defendant cannot be punished for its own dissimilar acts and if a plaintiff cannot collect punitive damages imposed for harm done to other, different plaintiffs, then, a fortiori, a defendant cannot be punished for the acts of other potential defendants not before the court. But that is what happened in this case: the plaintiffs' evidence did not relate to the harm caused by this defendant, but rather to the harm caused by other defendants as a class. Punishing this defendant for the harm that other defendants and others who are not defendants in this case caused is as unconstitutional as was punishing the defendant in *State Farm* for the harm that it caused to those who were not plaintiffs in that case. This award violates the Due Process Clause as it bears no reasonable relationship to the actual damages caused by Defendant Schoep.  The court is not permitted to fine excessively merely because the defendant was a white nationalist.

Consideration of the particular facts and circumstances of the case at bar must be given in order to determine the proper amount of punitive damages to award. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). In *Ulbrich v. Groth, 310 Conn.* 375 (2013), the Connecticut Supreme Court directed courts to consider the factors discussed by the U.S. Supreme Court in *Exxon Shipping* in determining whether the amount awarded was a proper exercise of its discretion. Id. at 454; see also *NRT New England, LLC v. Longo,* 2019 WL 2306677, at *14 (Conn. Super.  Ct. Apr. 17, 2019) (considering *Ulbrich* factors in

awarding punitive damages). Among the factors to be consider are "the degrees of relative blameworthiness", i.e. whether the defendant's conduct was reckless, intentional or malicious; whether the defendant's action was taken or omitted in order to augment profit; whether the wrongdoing was hard to detect; whether the injury and compensatory damages were small, providing a low incentive to bring the action; and whether the award will deter the defendant and others from similar conduct without financially destroying the defendant. *Ulbrich*, 310 Conn. at 454 citing *Exxon Shipping,* 554 U.S. at 493-494. Neither *Ulbrich*, nor *Exxon Shipping* direct that any one factor be dispositive. Rather, *Ulbrich* directs that the foregoing factors be weighed in the Court's determination. *Murillo v. A Better Way Wholesale Autos., Inc*., 2019 WL 3081062, at *8 (Conn. Super. Ct. Jul. 15, 2019). Here, consideration of these factors do not support a large award. There was no evidence presented at trial that the specific conduct of Defendant Schoep was for malicious purposes specifically designed to harm Plaintiffs. Ultimately, Plaintiffs could not prove any damages against Defendant Schoep and, thus, this factor does not weigh in favor of a large award.

It has long been the rule that punitive damages must be reasonable, given their purpose to punish what has occurred and to deter its repetition. *Vasbinder,* 976 F.2d at 121. "Accordingly, an award should not be so high as to result in financial ruin of the defendant." *Id.* "As the name implies, punitive damages are intended to punish and deter; they are not intended to be an economic death sentence. Over-deterrence in the form of punitive damages is inconsistent with the concept of reform as opposed to cessation of conduct." *In re Exxon Valdez,* 236 F. Supp. 2d 1043, 1065 (D. Alaska

6

2002), vacated and remanded on other grounds (Aug. 18, 2003) (finding $5,000.00 award of punitive damages against captain of Exxon Valdez sufficient for deterrence purposes given his financial condition). Thus, while the nature of a defendant's conduct is germane to the award, even outrageous conduct will not support an oppressive or patently excessive award. *Id.*

"The court may intervene and set aside a verdict when the amount of the award is so excessive that it shocks the judicial conscience or it appears that it is the result of passion and prejudice.*" Brink's Inc. v. City of New York*, 546 F. Supp. 403, 413 (S.D.N.Y. 1982) During trial proceedings this court deemed testimony of Defendant Schoep's renunciation of white supremacy "could be relevant on the issue of punitive damages". Trial Tr 188:8-9, Nov. 12, 2021. It was made expressly clear that testimony regarding the defendant's change of beliefs and current work was admissible under limited circumstances "for the sole and limited purpose of determining the proper amount of punitive damage, if any." Trial Tr. 17:18-20, Nov. 15, 2021. Even so, Plaintiffs' counsel was relentless in their efforts to strike any mention of Defendant Schoep's renunciation of white supremacist beliefs or the "genuine efforts to remediate the relevant *conduct*"[1] from the record. Plaintiffs' counsel intentional suppression of such testimony severely prejudiced the defendant. Had Plaintiffs' counsel allowed testimony of the defendant's current work[2] to be heard, the jury would have been better equipped to "determine the proper amount of punitive damage, if any, only against Defendant Schoep." Trial Tr. 17:19-21, Nov. 15,

---

[1] ECF 1429 at 2 ¶ 3
[2] *See* Exhibit A

7

2021. ("because punitive damages are to teach a person a lesson so they won't do it again." Trial Tr. 188:9-11, Nov. 12, 2021.) This prejudice is evidenced by the blanket judgement of $500,000 punitive damages award against all individual defendants.

In conclusion, the defendant asks this Court to alter or amend the judgment under Rule 59(e) and reduce the award of punitive damages to an amount that this Court believes is constitutional.

Dated: March 3, 2022

        Respectfully Submitted,

        /s/ W. Edward ReBrook, IV
        W. Edward ReBrook, IV (VSB 84719)
        The ReBrook Law Office
        6013 Clerkenwell Court
        Burke, VA 22015
        Mobile: 571.215.9006
        Email: Edward@ReBrookLaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrot, Traditionalist Worker Party and Matthew Heimbach*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to:

Roberta A. Kaplan (pro hac vice)
Gabrielle E. Tenzer (pro hac vice)
Alexandra K. Conlon (pro hac vice)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
aconlon@kaplanhecker.com

Karen L. Dunn (pro hac vice)
Jessica Phillips (pro hac vice)
William A. Isaacson (pro hac vice)
Arpine S. Lawyer (pro hac vice)
Matteo Godi (pro hac vice)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
mgodi@paulweiss.com

Makiko Hiromi (pro hac vice)
Nicholas A. Butto (pro hac vice)
PAUL, WEISS, RIFKIND,
WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhiromi@paulweiss.com
nbutto@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656

Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahil@cooley.com

David E. Mills (pro hac vice)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (pro hac vice)
Samantha A Strauss (pro hac vice)
Alexandra Eber (pro hac vice)
Daniel Philip Roy, III (pro hac vice)
Allegra Flamm (pro hac vice)
Gemma Seidita (pro hac vice)
Khary Anderson (pro hac vice)
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com
droy@cooley.com
aflamm@cooley.com
gseidita@cooley.com
kjanderson@cooley.com

Alan Levine (pro hac vice)
Philip Bowman (pro hac vice)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600

Fax: (540) 983-7711
brottenborn@woodsrogers.com
*Counsel for Plaintiffs*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com
*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com

jgravatt@dhdglaw.com
*Counsel for Defendant James A. Fields, Jr.*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com
*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com
*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party and Matthew Heimbach*

I hereby certify that on March 3, 2022, I also served the following via mail and/or electronic mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion,
4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com