**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

| | |
|---|---|
| **ELIZABETH SINES, ET AL.,** | |
| Plaintiffs, | |
| v. | Civil Action No. 3:17-cv-00072 |
| **JASON KESSLER, ET AL.,** | |
| Defendants. | |

## DEFENDANTS LEAGUE OF THE SOUTH, MICHAEL HILL & MICHAEL TUBBS' RULE 59 MOTIONS TO ALTER OR AMEND THE JUDGMENT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL ON THE ISSUE OF PUNITIVE DAMAGES AND MOTION FOR REMITTITUR

Defendants League of the South, Michael Hill, and Michael Tubbs, by and through Counsel, pursuant to Rule 59(a) and Rule 59(e) of the Federal Rules of Civil Procedure, move this court to alter or amend the judgment, or in the alternative, to order a new trial on the issue of punitive damages. Defendants also move for remittitur of the punitive damages award for Claim III.

## I.      Standard of Review

Rule 59(a) relief is available where the jury's punitive damages award is excessive. Defender Industries, Inc. v. Northwestern Mut. Life Ins. Co., 938 F.2d 502 (4th Cir. 1991) ("In reviewing an award of punitive damages, the role of the District Court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered").

Rule 59(e) relief is available in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or prevent manifest injustice." Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir.

2006). In this case, whether the punitive damages award should be amended or set aside as

excessive is a matter of Virginia state law. Gasperini v. Center for Humanities, 518 U.S. 415,

438 (1996).

a.   **Virginia law requires actual damages before punitive damages can be awarded. Nominal damages are not actual or compensatory damages.**

In Virginia, "[t]he general rule is that a plaintiff cannot maintain an action to recover

mere punitive or exemplary damages, and that a finding of compensatory damages is a

prerequisite to an award of exemplary damages." Zedd v. Jenkins, 194 Va. 704, 74 S.E.2d 791

(1953); see also Gay v. American Motorists Ins. Co., 714 F.2d 13 (4th Cir. 1983)

("compensatory damages are a necessary predicate in Virginia in such cases for an award of

punitive damages").

Under Virginia state law, there is an exception to this general rule in defamation cases.

Syed v. ZH Technologies, Inc., 280 Va. 58, 74-75, 694 S.E.2d 625 (2010) (holding that "an

award of compensatory damages ... is an indispensable predicate for an award of punitive

damages, except in actions for libel and slander..."). In federal civil rights causes of action,

involving claims of the infringement of constitutional rights, federal courts have also allowed

punitive damages even when a jury only awards nominal damages on a federal constitutional

claim.

In this case, the jury awarded nominal damages against the defendants on a Virginia state

conspiracy claim. Nominal damages are not actual or compensatory damages. The Virginia

Supreme Court defines nominal as "existing in name only." Llewellyn v. White, 831 S.E.2d 494

(2019). The Virginia Supreme Court further defined the difference between nominal and

compensatory damages in <u>Kerns v. Wells Fargo Bank, N.A.</u>, 296 Va. 146, 818 S.E.2d 779

(2018):

> "'Actual or compensatory damages' are 'synonymous' terms. <u>News Leader Co. v. Kocen</u>, 173 Va. 95, 108, 3 S.E.2d 385 (1939) (citation omitted). 'Compensatory damages are often referred to as 'actual' damages to distinguish them from punitive or nominal damages,' and 'compensatory damages include all damages other than nominal or punitive damages.' 1 Charles E. Friend & Kent Sinclair, Friend's Virginia Pleading and Practice § 23.03[1][a], at 23-10 (3d ed. 2017).

Because the general rule in Virginia is that actual damages are a prerequisite to punitive

damages, the jury's punitive damages verdict on Claim III is a clear error of law. To correct a

clear error of law, Defendants move this court to vacate the punitive damages verdict on Claim

III. In the alternative, Defendants move this court for remitter of the punitive damages verdict on

Claim III or to award a new trial on the issue of punitive damages.

### b.   Virginia law requires a reasonable ratio between compensatory damages and punitive damages

Assuming for the sake of argument that a jury can award punitive damages for Claim III,

even if no actual damages are awarded, the jury's punitive damages award was excessive. The

Fourth Circuit held that, "Virginia contemplates punitive damages awards which are proportional

to the award of compensatory damages given in a particular case." <u>Johnson v. Hugo's Skateway</u>,

974 F.2d 1408, 1418 (4th Cir. 1992). Here, the jury's punitive damages award on Claim III was

not proportional to their nominal damages award. On Claim III, the jury awarded $1 in nominal

damages to each of the Plaintiffs, except two Plaintiffs were awarded $0. But the jury awarded

the Plaintiffs $350,000 in punitive damages against Michael Tubbs and Michael Hill and

$1,000,000 in punitive damages against the League of the South. The ratio between the nominal

damages awarded the Plaintiffs and the punitive damages is not reasonable. Therefore,

Defendants move this court for remitter of the punitive damages verdict on Claim III or to award a new trial on the issue of punitive damages.

   c.   **Va. Code § 8.01-38.1 limits the total amount of punitive damages against all Defendants to $350.000**

The jury's punitive damages verdict for Claim III is a clear error of law. Va. Code § 8.01-38.1 limits the total amount of punitive damages against all defendants to $350,000:

> In any action … the total amount awarded for punitive damages against all defendants found to be liable shall be determined by the trier of fact. In no event shall the total amount awarded for punitive damages exceed $350,000. The jury shall not be advised of the limitation prescribed by this section. However, if a jury returns a verdict for punitive damages in excess of the maximum amount specified in this section, the judge shall reduce the award and enter judgment for such damages in the maximum amount provided by this section.

The plain language of the statute holds that Plaintiffs can only recover a total of $350.000 in punitive damages combined from all defendants on Claim III of their complaint.

In Stamathis v. Flying J, Inc., 389 F.3d 429 (4th Cir. 2004) a jury awarded punitive damages against defendant Flying J in the amount of $450,000 and against defendant David Hansen in the amount of $5,000. The district court reduced the punitive damages awarded against David Hansen to $0 and against Flying J, Inc. to $350,000, based on Va. Code § 8.01-38.1. See also Burnett v. Norfolk Acad., (Va. Cir. 2010), Norfolk Circuit Court Case No. CL 09-6707 (finding that "Virginia Code § 8.01-38.1 caps the total punitive damage award against all defendants at $350,000").

The total punitive damages verdict for Claim III against all defendants is limited by statute to $350,000. To correct a clear error of law, Defendants move this court to correct the jury verdict on Claim III to reduce the total punitive damages against all Defendants from $11,000,000 to $350.000.

**d.     The punitive damages verdict in this case violates Defendants' Due Process rights because it is excessive.**

"If a punitive damages award is unconstitutionally excessive, it is [the court's] obligation to order a remittitur or award a new trial." EEOC v. Fed. Express Corp., 513 F.3d 360, 376 (4th Cir. 2008). Punitive damages in an amount more than four times the compensatory damage amount is near the line of violating the Constitution, though there is no bright line mathematical rule. State Farm Mutual v. Campbell, 538 U.S. 408, 425 (2003).

In BMW of North America, Inc. v. Gore, 517 U.S. 599 (1995), the U.S. Supreme Court described the three factors courts should use to determine whether a punitive damages award is constitutional:

i.     How reprehensible was the defendants' conduct?

ii.    What is the relationship between the actual damage and the punitive awards?

iii.   What is the difference between the punitive award and the relevant civil penalties?

Here, the three BMW factors weigh in favor of finding that the Claim III punitive damages verdict is unconstitutionally excessive. As to the first factor, the Defendants engaged in speech and action that is largely protected by the First Amendment. None of their actions physically harmed any of the Plaintiffs.

As to the second factor. the jury found that moving Defendants caused only nominal damages. The punitive damage awards against moving Defendants is larger than the nominal damage awards by a factor of 500,000:1 and 1,000,000:1. As to the final factor, it is unclear based on the jury's verdict that moving Defendants could be liable for civil penalties. Therefore, the punitive damages award against moving Defendants is unconstitutionally excessive. To correct a clear error of law, Defendants move this court to vacate the punitive damages verdict

on Claim III. In the alternative, Defendants move this court for remitter of the punitive damages

verdict on Claim III or to award a new trial on the issue of punitive damages.

**e.** **The punitive damages verdict in this case in so excessive as to infringe upon Defendants' First Amendment rights.**

Courts carefully review punitive damages awards to determine whether they infringe on

or chill First Amendment rights. In <u>The Gazette v. Harris</u>, 229 Va. 1, 51 (Va. 1985), the Virginia

Supreme Court held:

> "Where a punitive award is substantially in excess of what ordinarily might be expected
> as punishment for the particular conduct, the reviewing court has a duty to annul the
> award unless the circumstances are so egregious as to constitute a sufficient punishment
> for the wrongful activity. See id. at 200, 18 S.E.2d at 280. We hold that the amount of
> this award, including the interest factor, constitutes a forbidden intrusion on the exercise
> of free expression and that it is substantially in excess of adequate punishment for
> defendant's conduct."

Here, the First Amendment provides substantial protection to the Defendants. Imposing punitive

damages would infringe on and chill their First Amendment Rights where the jury found the

moving Defendants were not responsible for any actual damages. The jury's punitive damage

verdict is unconstitutional because it infringes on the Defendants' First Amendment rights. To

correct a clear error of law, Defendants move this court to vacate the punitive damages verdict

on Claim III. In the alternative, Defendants move this court for remitter of the punitive damages

verdict on Claim III or to award a new trial on the issue of punitive damages.

**II.     Conclusion**

Wherefore, for the reasons stated above, Defendants League of the South, Michael Hill,

and Michael Tubbs move this court to alter or amend the judgment, or in the alternative, to order

a new trial on the issue of punitive damages. Defendants also move for remittitur of the punitive

damages award for Claim III.

Respectfully submitted,

/s/  Bryan J. Jones
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,*
*Michael Tubbs, and League of the South*

## CERTIFICATE OF SERVICE

I certify the above was served on March 9, 2022 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley: eli.f.mosley@gmail.com & deplorabletruth@gmail.com
Matthew Heimbach: matthew.w.heimbach@gmail.com
Christopher Cantwell—mail
Vanguard America c/o Dillon Hopper: dillon_hopper@protonmail.com
Robert Azzmador Ray: azzmador@gmail.com
Richard Spencer: richardbspencer@gmail.com

/s/  Bryan J. Jones
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,*
*Michael Tubbs, and League of the South*