IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, ET AL., <br><br> Defendants. | Civil Action No. 3:17-cv-00072 |

**DEFENDANTS LEAGUE OF THE SOUTH, MICHAEL HILL & MICHAEL TUBBS'S RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants League of the South, Michael Hill, and Michael Tubbs, by and through Counsel, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, move this court for judgment as a matter of law and to dismiss the following claims with prejudice:

**I.      Standard of Review—Rule 50(b)**

Judgment as a matter of law should not be granted unless "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2nd Cir. 1998). The court must review all the evidence in the record, not just the evidence favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149-51 (2000).

**I.      Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against Michael Hill**

1

Defendant Hill asserts that Plaintiffs failed to provide sufficient evidence that Hill was part of a 1985(3) conspiracy with any of his co-defendants to commit racially motivated violence on August 11 or 12, 2017. Plaintiffs' evidence has shown that Hill attended the Unite the Right rally in Charlottesville for reasons other than as part of a conspiracy to commit racially motivated violence. Plaintiffs' evidence that Hill had some contact with other defendants leading up to the Rally is insufficient to prove a conspiracy. It is not surprising that Hill and other defendants communicated in advance of a large, planned political rally. Plaintiffs have failed to prove that the content of Hill's communication with some of his co-defendants constituted an agreement to commit racially motivated violence. Asking a jury to draw that inference would be speculative and unreasonable. Allowing a jury to reach the speculative conclusion that Hills' actions and speech relating to the Rally were part of a 1985(3) conspiracy would have a chilling effect on actions and speech that are protected by the First Amendment. See *NAACP v. Patterson*, 357 U.S. 449 (1958).

Plaintiffs' evidence has shown that Hill was part of a group of protestors who pushed through a human barricade which blocked a public roadway. There is insufficient evidence that the act of pushing through the human barricade or any other action by Hill on August 11 or 12, 2017 was racially motivated or in furtherance of a conspiracy to commit racially motivated violence.  All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have also failed to provide evidence in support of the claim that Plaintiffs Elizabeth Sines, Devon Willis, April Muniz, and Seth Wispelwey's alleged injuries were caused by an overt act in furtherance of a Section 1985(3) conspiracy to commit racially motivated violence. Plaintiffs presented no medical evidence to confirm that the above-named Plaintiffs' alleged emotional injuries were caused by an overt act in furtherance of a conspiracy to commit

racially motivated violence on August 11 or 12, 2017. Plaintiffs Sines, Willis, Muniz, and Wispelwey's claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence to establish that the Fields car attack was an overt act in furtherance of a conspiracy to commit racially motivated violence. The car attack occurred two hours after the Unite the Right rally had been declared an unlawful assembly. Fields was alone when he perpetrated the car attack and Plaintiffs have failed to show any communication, before the car attack, with other codefendants sufficient to establish that the car attack was an overt act in furtherance of a conspiracy. Plaintiffs' claims based on the Fields car attack should be dismissed.

Plaintiffs have failed to provide sufficient evidence that Fields conspired with any defendant to commit racially motivated violence. Fields' actions on August 12, 2017 are insufficient to establish he was part of a 1985(3) conspiracy with Hill. Fields wearing a white shirt and khakis and holding a Vanguard shield are insufficient to establish he was part of a conspiracy to commit racially motivated violence with any of his co-defendants. No reasonable juror could find those actions are sufficient to establish a meeting of the minds with any of his co-defendants to commit racially motivated violence. Allowing a jury to reach the speculative conclusion that Fields' mere attendance and participation in a Rally constitute an agreement to commit racially motivated violence would have a chilling effect on actions and speech that are protected by the First Amendment. All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence to establish that the Fields car attack was a reasonably foreseeable result of any conspiracy that Hill could have been a part of to commit racially motivated violence on August 11 or August 12, 2017. Plaintiffs have presented

evidence that some individuals posted violent jokes and memes on Discord, but Plaintiffs have failed to connect Hill to those violent posts and failed to show that Hill had any knowledge of violent posts on Discord. Plaintiffs' evidence has shown that the streets around Emancipation Park on August 12, 2017 were closed to vehicular traffic. Hill could not have reasonably foreseen that Fields would drive his car, on streets Hill believed were closed to traffic, into protesters two hours after the conclusion of the Rally. Allowing a jury to reach the speculative conclusion that the Fields' car attack was a reasonably foreseeable to Hill would have a chilling effect on actions and speech that are protected by the First Amendment. All Plaintiffs' 1985(3) claims against Hill should be dismissed.

Plaintiffs have failed to provide sufficient evidence that Hill was part of any conspiracy to commit racially motivated violence at the Torch March. Hill did not attend the Torch March and had no role in its planning or execution. He sent two people to observe the March, which is insufficient to establish that he conspired to commit racially motivated violence at the Torch March. Allowing a jury to reach the speculative conclusion that Hills' actions and speech relating to the Torch March were part of a 1985(3) conspiracy would have a chilling effect on actions and speech that are protected by the First Amendment. For that reason, all Plaintiffs' claims arising from the Torch March should be dismissed.

II. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against Michael Tubbs**

Same as above.

III. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1985(3) claims against League of the South**

Same as above.

IV. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against Michael Hill**

Plaintiffs have failed to provide sufficient evidence that Hill was part of a Section 1985(3) conspiracy to commit racially motivated violence for the reasons stated above. For that reason, Plaintiffs' Section 1986 claims should be dismissed. However, even if the evidence is sufficient on that issue, Plaintiffs have failed to present any evidence tending to show that Hill could have prevented the Torch March or the Fields car attack.

Hill did not attend the Torch March and had no ability to prevent the hundreds of marchers from participating in the March. No evidence was presented that Hill knew in advance whether the Torch March was approved by the police or the University of Virginia. As for the car attack, Hill did not know Fields and never spoke to Fields. Hill was never in a position to prevent Fields from perpetrating the car attack. Plaintiffs Section 1986 claims against Hill should be dismissed.

V. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against Michael Tubbs**

Same as above, except in addition to the arguments above, Plaintiffs have failed to present any evidence that Tubbs even had advance notice of the Torch March. The uncontested evidence at trial is that Tubbs only learned of the Torch March after it had already occurred. Therefore, for the reasons stated above, and because there is no evidence that Tubbs had advanced notice of the Torch March, Tubbs could not have prevented the Torch March. Plaintiffs' Section 1986 claims against Tubbs should be dismissed.

VI. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Section 1986 claims against League of the South**

Same as above.

VII. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against Michael Hill**

Same as above.

VIII. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against Michael Tubbs**

Same as above.

IX. **Plaintiffs Elizabeth Sines, Thomas Baker, Devon Willis, Chelsea Alvarado, April Muniz, Seth Wispelwey, Marissa Blair, Marcus Martin, and Natalie Romero's Civil Conspiracy claims against League of the South**

Same as above.

X. **Conclusion**

Wherefore, for the reasons stated above, Defendants League of the South, Michael Hill, and Michael Tubbs renew their motion for judgment as a matter of law and move this court to dismiss all claims against them.

Respectfully submitted,

/s/  Bryan J. Jones
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

**CERTIFICATE OF SERVICE**

I certify the above was served on March 9, 2022 on all ECF participants and that parties requiring service by other means were served as follows:

Elliott Kline a/k/a Eli Mosley: eli.f.mosley@gmail.com & deplorabletruth@gmail.com
Matthew Heimbach: matthew.w.heimbach@gmail.com
Christopher Cantwell—mail
Vanguard America c/o Dillon Hopper: dillon_hopper@protonmail.com
Robert Azzmador Ray: azzmador@gmail.com
Richard Spencer: richardbspencer@gmail.com

/s/  Bryan J. Jones
Bryan J. Jones (VSB #87675)
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P): (434) 260-7899
(F): (434) 381-4397
(E): bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill,
Michael Tubbs, and League of the South*