UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE

Plaintiffs,

v.

Civil Action No.: 3:17CV00072

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a ELI MOSELEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

Defendants.

## MEMORANDUM IN SUPPORT OF FIELDS' MOTION FOR REMITTITUR

COMES NOW Defendant JAMES ALEX FIELDS, by and through Counsel, files this, his memorandum in support of his Motion for Remittitur pursuant to Federal Rule of Civil Procedure 59(a) and (e), and in support thereof, states as follows:

## I. RELEVANT FACTS

At trial of this matter, the Jury returned the following verdicts as to Fields:

- Count III – Civil Conspiracy

    - | Plaintiff | Compensatory Award | Punitive Award |
      |---|---|---|
      | Natalie Romero | $1.00 | $500,000 |
      | April Muniz | $1.00 | $500,000 |
      | Thomas Baker | $1.00 | $500,000 |
      | Elizabeth Sines | $0.00 | $500,000 |
      | Marissa Blair | $1.00 | $500,000 |
      | Marcus Martin | $1.00 | $500,000 |
      | Chelsea Alvarado | $1.00 | $500,000 |
      | Seth Wispelwey | $0.00 | $500,000 |
      | Devin Willis | $1.00 | $500,000 |

- Count V – Assault or Battery

    - | Plaintiff | Compensatory Award |
      |---|---|
      | Natalie Romero | $217,715 |
      | April Muniz | $108,000 |
      | Thomas Baker | $318,575 |
      | Elizabeth Sines | $0.00 |
      | Marissa Blair | $2,000 |
      | Marcus Martin | $156,987 |

    - Punitive Damage award against Fields $6,000,000

- Count VI – Intentional Infliction of Emotional Distress

2

- Plaintiff      Compensatory Award
  - Natalie Romero   $155,715
  - April Muniz   $50,000
  - Thomas Baker   $246,757
  - Elizabeth Sines   $50,000
  - Marissa Blair   $100,000
  - Marcus Martin   $98,987
- Punitive Damage award against Fields, $6,000,000

*See* Document 1478. In sum, Plaintiff were awarded $16,500,000 in punitive damages against Fields. Of that amount, $4,500,000 in punitive damages was awarded compared to $7 in compensatory damages – a ratio of approximately 1:642,857.

For the reasons stated below, the punitive damages awards violated Fields' Due Process and must be reduced to comply with Virginia Law codified at Virginia Code §8.01-38.1.

## II. APPLICABLE CASE LAW

**a.    Federal Rule of Civil Procedure provides relief where the jury award of punitive damages is excessive and evinces a clear error of low.**

Rule 59(a) provides relief where the jury awards excessive punitive damages. "In reviewing an award of punitive damages, the role of the District Court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered." *Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co.*, 938 F.2d 502, 506 (4th Cir. 1991).

3

**b.      Punitive damages awarded must bear some proportionality or relation to compensatory damages**.

The United States Supreme Court, the Fourth Circuit, and the Supreme Court of Virginia have held that punitive damages must be proportional or bear some relation to the compensatory damages in order to comport with the Due Process Clause.

The United States Supreme Court opined "few awards exceeding a single-digit ration between punitive and compensatory damages will satisfy due process." *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 410 (2003).  In that case, the Court determined "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *Id*. at 425.

The Fourth Circuit held, "Virginia contemplates punitive damages awards which are proportional to the award of compensatory damages given in a particular case." *Johnson v. Hugo's Skateway*, 974 F. 25 1408, 1418 (4th Cir. 1992).

The Supreme Court of Virginia similarly stated, in reviewing awards of allegedly excessive punitive damages, courts should consider "reasonableness between the damages sustained and the amount of the award and the measurement of punishment required, whether the award will amount to a double recovery, the proportionality between the compensatory and punitive damages, and the ability of the defendant to pay." *Poulston v. Rock*, 251 Va. 254, 263 (Supr. Ct. of Va. 1996)(internal citations omitted).

Admittedly, the Supreme Court of Virginia has held there is no bright line rule and that the ratio of punitive damages to compensatory damages can exceed a 1:10 ratio where Defendant's acts are particularly egregious. *See Coalson v. Canchola*, 287 Va. 242 (2014).  In

4

*Canchola*, the Supreme Court of Virginia permitted a punitive damages award that was nearly 18 times the compensatory award – a 1:18 ratio. *Id.* at 251.

However, "if a punitive damages award is unconstitutionally excessive, it is [the court's] obligation to order a remittitur or award a new trial." *EEOC v. Fed. Express Corp*. 513 F. 3d 360, 376 (4th Cir. 2008).

      **b.**    **In order to recover for punitive damages, Virginia law requires Plaintiff recover actual or compensatory damages**.

Other than for defamation, Virginia law requires that a plaintiff recover for compensatory damages in order to recover punitive damages. "The general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages, and that a finding of compensatory damages is a prerequisite to an award of exemplary damages." *Zedd v. Jenkins*, 194 Va. 704, 706 – 707 (Supr. Ct. of Va. 1953).

More recently, the 4th Circuit cited *Zedd* in affirming the District Court's ruling opining, "it is well settled that a finding of compensatory damages is a prerequisite for an award of punitive liability." *Roche v. Lincoln Prop. Co.,* 175 Fed. Appx. 597, 606 (4th Cir. 2006).

      **c.**    **Punitive damages awarded may not exceed the cap under Virginia Law.**

**Virginia Code §8.01-358.1 states**:

> In any action…the total amount awarded for punitive damages against all defendants found to be liable shall be determined by the trier of fact. In no event shall the total amount awarded for punitive damages exceed $350,000. The jury shall not be advised of the limitation prescribed by this section. However, if a jury returns a verdict for punitive damages in excess of the maximum amount specified in this section, the judge shall reduce the award and enter judgment for such damages in the maximum amount provided by this section.

5

## II. ARGUMENT

**a.     Punitive damages awarded in Count III – Civil Conspiracy should be stricken or reduced to $100 or less for each Plaintiff awarded compensatory damages and stricken for each Plaintiff awarded no compensatory damages.**

As outlined above, punitive damages must bear a relation to the compensatory damages. If the verdict is clearly excessive, the Court must set it aside.  At the outer limit of constitutionality under Virginia Law, one hundred times the compensatory damages strains credulity.  In truth, a one-dollar compensatory award is a nominal award and should not support punitive damages at all.  Where Plaintiffs were awarded no compensatory damages, the derivative punitive damage awards must be struck as a matter of law because they lack the requisite underlying tort.

**b.     Punitive damages awarded against all Defendants shall be reduced to $350,000 pursuant to Virginia Code §8.01-385.1.**

Under well settled Virginia law, punitive damages claims are capped at $350,000 by statute. *See Stamathis v. Flying J, Inc.,* 389 F.3d 429 (4th Cir. 2004); *Mondul v. Biomet, Inc.*, 2019 U.S. Dist. LEXIS 106965 *7 – 8. (W.D. Va. 2019)(Virginia law provides that in no event shall the total amount awarded for punitive damages exceed $350,000.)

The jury awards for all Defendants for all counts may not exceed $350,000.  Pursuant to statute, the Court shall reduce the total punitive damages awards to Virginia's statutory cap. State statutory caps such as this are substantive law that apply in Federal Courts such as this.

## IV.  CONCLUSION

Wherefore, Fields asks this Court to issue an Order pursuant to Rule 59(a) and (e) of the Federal Rules of Civil Procedure striking or reducing the punitive damages awarded against

Fields on the Virginia Civil Conspiracy Count to no more than $100 for Plaintiffs Natalie Romero, April Muniz, Thomas Backer, Marissa Blair, Marcus Martin, Chelsea Alvarado, and Devin Willis; for an Order striking the punitive damages award on the Virginia Civil Conspiracy Count as to Elizabeth Sines and Seth Wispelwey; and for an Order reducing all punitive damages awarded against Fields and all Defendants to the $350,000 Virginia statutory punitive damages cap and for all other relief deemed appropriate.

Respectfully submitted,

JAMES ALEX FIELDS, JR.

By Counsel

/s/ David L. Campbell, Esquire
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dhauck@dhdgclaw.com
dcampbell@dhdgclaw.com
*Counsel for Defendant James A. Fields, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that on 9th day of March, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send Notification of Electronic Filing (NEF) to the following:

Robert T. Cahill, Esquire
Cooley, LLP
11951 Freedom Drive, 14th Floor
Reston, Virginia 20190-5656
*Counsel for Plaintiff*

Roberta A. Kaplan, Esquire
Julie E. Fink, Esquire
Christopher B. Greene
Kaplan & Company, LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Karen L. Dunn, Esquire
William A. Isaacson, Esquire
Boies Schiller Flexner LLP
1401 New York Ave, NW
Washington, DC 20005

Philip M. Bowman, Esquire
Boies Schiller Flexner LLP
575 Lexington Avenue
New York, New York 10022

Alan Levine, Esquire
Cooley LLP
1114 Avenue of the Americas, 46th Floor
New York, New York 10036

David E. Mills, Esquire
Cooley LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004

Kenneth D. Bynum, Esquire
BYNUM & JENKINS, PLLC
1010 Cameron Street
Alexandria, VA 22314

Pleasant S. Brodnax, III, Esquire
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Bryan Jones, Esquire
106 W. South St., Suite 211
Charlottesville, VA 22902
*Counsel for Defendants Michael Hill, Michael Tubbs, and Leagues of the South*

Elmer Woodard, Esquire
5661 US Hwy 29
Blairs, VA 24527

and

James E. Kolenich, Esquire
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
*Counsel for Defendants Schoepp, Nationalist Front, National Socialist Movement, Matthew Parrott, Matthew Heimbach, Robert Ray, Traditionalist Worker Party, Elliot Kline, Jason Kessler, Vanguard America, Nathan Damigo, Identity Europa, Inc., and Christopher Cantwell*

   I further certify that on March 9, 2022, I also served the following non-ECF participants, via electronic mail as follows:

Christopher Cantwell
Christopher.cantwell@gmail.com

Robert Azzmador Ray
azzmador@gmail.com

Elliott Kline
Eli.f.mosley@gmail.com

Vanguard America c/o Dillon Hopper
Dillon_hopper@protonmail.com

Matthew Heimbach
Matthew.w.heimbach@gmail.com

9

Richard Spencer
richardbspencer@gmail.com

/s/ David L. Campbell, Esquire
David L. Hauck, Esquire (VSB# 20565)
David L. Campbell, Esquire (VSB #75960)
DUANE, HAUCK, GRAVATT & CAMPBELL
100 West Franklin Street
Richmond, Virginia 23220
Telephone: 804-644-7400
Facsimile: 804-303-8911
dhauck@dhdgclaw.com
dcampbell@dhdgclaw.com
*Counsel for Defendant James A. Fields, Jr.*