UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,<br><br>Defendants. | Civil Action No. 3:17-cv-00072-NKM |

**DECLARATION OF YOTAM BARKAI**

I, Yotam Barkai, on this 9th day of March, 2022, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Senior Associate at the law firm of Kaplan Hecker & Fink LLP ("KHF"), one of the law firms representing Plaintiffs in this action.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs (the "Motion"). Except to the extent otherwise indicated, I have personal knowledge of the matters set forth in this declaration.

3. I am a member in good standing of the New York Bar. I am also admitted to practice before the U.S. Courts of Appeals for the District of Columbia, First, Second, Third, Fourth, and Fifth Circuits, and the U.S. District Courts for the Southern District of New York and Eastern District of New York. I have been admitted to appear *pro hac vice* before this Court on behalf of Plaintiffs in the above-captioned action.

**I.   KHF Attorneys and Case Managers and Their Qualifications**

4. I have represented Plaintiffs since the fall of 2017. I have worked closely with all of the attorneys and staff members at KHF who worked on this matter, including the other individuals for whom Plaintiffs are seeking reimbursement of fees in this Motion—Roberta A. Kaplan, Raymond P. Tolentino, Michael L. Bloch, Emily C. Cole, Alexandra K. Conlon, Jonathan R. Kay, Charlotte Karlsen, and Emma Buckland Young[1]—whose qualifications are described briefly below.

   a. Since its founding in 2017, KHF has quickly grown into one of the country's

---

[1] Ms. Cole's time entries run from the start of the case through June 3, 2021, and Mr. Tolentino's time entries run from June 4, 2021, through March 2, 2022. Similarly, Mr. Kay's time entries run from the start of the case through August 16, 2020, and my time entries run from August 17, 2020, to March 2, 2022. In addition, Ms. Buckland Young's time entries run from the start of the case through October 29, 2020, and Ms. Karlsen's time entries run from October 30, 2020, through November 2021. Accordingly, Plaintiffs are seeking fees for no more than five KHF attorneys and no more than one KHF case manager at any one time during the course of the litigation.

1

elite litigation boutiques, bringing together a high-stakes, cutting-edge litigation practice with a groundbreaking commitment to serving the public interest. By way of example, *Benchmark Litigation* continues to recognize KHF's track record of exceptional results, naming KHF one of the "Top Boutiques" in the country for 2022, after naming KHF "Boutique Firm of the Year" in 2020 and 2021. In 2019, *Benchmark Litigation* also recognized KHF as one of the "Top Boutiques" in the country, just two years after KHF's founding. *Chambers* has noted that KHF is "recognized for its excellence across an array of litigation-related matters" and is "respected by the market for its deep bench of heavy hitters."

        b.        Roberta A. Kaplan is the founding Partner of KHF. She started KHF after twenty-five years at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"). She is a renowned litigator with decades of experience in cutting-edge civil-rights and commercial litigation. She successfully argued before the United States Supreme Court on behalf of Edith Windsor in *United States v. Windsor*, the landmark case in which the Supreme Court ruled that a key provision of the Defense of Marriage Act violated the U.S. Constitution by barring legally married same-sex couples from enjoying the wide-ranging benefits of marriage. *United States v. Windsor*, 570 U.S. 744 (2013). Described by the *ABA Journal* as a "specialist in emerging law" whose cases "shape the legal structure within which Americans live, love, work, and hail cabs," Ms. Kaplan has been widely recognized for her impact and leadership in the legal profession, including with the New York State Bar Association's Gold Medal Award and a Lifetime Achievement Award from the *New York Law Journal*, who also named her their 2020 Attorney of the Year and one of The 100 Most Influential Lawyers in America. She has been honored as "Litigator of the Year" by *The American Lawyer*, "Lawyer of the Year" by *Above the Law*, and the "Most Innovative Lawyer of The Year" by *The Financial Times*. *Lawdragon 500* named Ms.

Kaplan a Leading Lawyer in America in addition to honoring her on their Legends list. *Benchmark Litigation* has also named her one of the Top 100 Trial Lawyers in the country and one of the Top 10 Female Litigators. Ms. Kaplan graduated from Columbia Law School in 1991. She clerked for the Honorable Mark K. Wolf of the U.S. District Court for the District of Massachusetts and the Honorable Judith S. Kaye, then Chief Judge of the New York Court of Appeals.

    c.  Raymond P. Tolentino, Partner at KHF,[2] is an experienced appellate and complex civil litigator with substantial experience representing clients in constitutional law and civil rights cases. Before joining KHF in April 2020, Mr. Tolentino worked at Akin Gump Strauss Hauer & Feld LLP as a member of the firm's Supreme Court and Appellate Group for more than two years and at Bancroft PLLC for about a year. He graduated *summa cum laude* from Georgetown University Law Center in 2012. Mr. Tolentino clerked for the Honorable Sonia Sotomayor of the Supreme Court of the United States, the Honorable Cornelia T.L. Pillard of the U.S. Court of Appeals for the D.C. Circuit, the Honorable M. Margaret McKeown of the U.S. Court of Appeals for the Ninth Circuit, and the Honorable Kiyo A. Matsumoto of the U.S. District Court for the Eastern District of New York.

    d.  Michael L. Bloch, formerly Counsel at KHF, is an experienced trial attorney who spent over seven years as a public defender at the Bronx Defenders before returning to private practice at KHF. At the Bronx Defenders, he represented hundreds of clients charged with criminal matters at all stages of litigation and tried more than a dozen cases to verdict as lead counsel or second chair, securing multiple acquittals. Mr. Bloch was a supervisor in the Criminal Defense Practice at Bronx Defenders, counseling a team of five to eight felony-certified attorneys on criminal matters from arrest through trial. Before working as a public defender, he worked for

---

[2] Mr. Tolentino held the position of Counsel at KHF before being elevated to Partner in December 2021.

three years as a litigation associate at Williams & Connolly LLP in Washington, D.C. Mr. Bloch graduated *cum laude* from Harvard Law School in 2005. He served as a law clerk to the Honorable Chief Judge Helen Ginger Berrigan on the U.S. District Court for the Eastern District of Louisiana and subsequently to the Honorable Diane P. Wood on the U.S. Court of Appeals for the Seventh Circuit.

e. I am a Senior Associate at KHF, with extensive litigation and trial experience during my eight years in practice. I have argued and won appeals in the U.S. Courts of Appeals for the First, Fourth, and Fifth Circuits. Before joining KHF in August 2020, I was an associate at Boies Schiller Flexner LLP ("BSF"), where I also worked on this matter starting in September 2017. I served as a law clerk for the Honorable Katherine B. Forrest of the U.S. District Court for the Southern District of New York and the Honorable Stephen F. Williams of the U.S. Court of Appeals for the D.C. Circuit. I graduated *magna cum laude* from New York University School of Law in 2013.

f. Emily C. Cole is a Senior Associate at KHF who plays a leading role in the firm's public-interest litigation. In that role, Ms. Cole has represented victims of fraud, employment discrimination, sexual harassment, and sexual assault. Before joining KHF, Ms. Cole worked as Deputy General Counsel and Compliance Counsel for Hillary Rodham Clinton's presidential campaign, from the preliminary stages of the primaries through Election Day. Ms. Cole holds a JD from Columbia Law School, where she graduated as a Harlan Fiske Stone Scholar.

g. Alexandra K. Conlon, Senior Associate, has been at KHF since August 2018. She is an experienced trial attorney, spending four years as a public defender at the Bronx Defenders before starting at KHF. At the Bronx Defenders, Ms. Conlon defended more than one thousand indigent defendants facing misdemeanor and felony charges. She served as the first chair

in numerous hearings and trials, trying over fifteen felony and misdemeanor cases to verdict and securing many acquittals. In 2018, Ms. Conlon was promoted to Training Team Litigation Supervisor at Bronx Defenders. In that position, she trained first-year attorneys on the basics of litigation and supervised their hearings and trials. Since joining KHF in August 2018, Ms. Conlon has focused on white-collar defense and civil litigation. In early 2019, she was part of a trial team that won a significant white-collar case on a Rule 29 motion in the U.S. District Court for the Northern District of California. Additionally, during her time at KHF, Ms. Conlon has devoted significant time to multiple amicus briefs on civil rights issues. Ms. Conlon graduated *magna cum laude* from Boston University School of Law in 2014.

  h. Jonathan R. Kay, formerly a Senior Associate at KHF, represented a diverse array of clients in the technology, start-up, telecommunications, and financial sectors. In addition to his civil matters, Mr. Kay maintained an active white-collar practice, advising individuals and entities as they navigated investigations before government and regulatory agencies. Mr. Kay joined KHF after clerking for the Honorable Deborah A. Batts of the United States District Court for the Southern District of New York. Mr. Kay holds a JD from Columbia Law School, where he was a James Kent Scholar (graduating with highest honors) and Articles Editor of the *Columbia Law Review*.

  i. Charlotte Karlsen was a case manager at KHF from October 2020 to January 2022. She performed paralegal services in this action throughout her tenure at KHF. Ms. Karlsen graduated *magna cum laude* and *Phi Beta Kappa* from Bates College in 2020.

  j. Emma Buckland Young was a case manager at KHF from June 2017 through October 2020. She performed paralegal services in this action from its inception. Ms. Buckland Young graduated *Phi Beta Kappa* from Emory University in 2017.

5. In addition to the attorneys and staff at KHF, including those listed above, we worked with attorneys and paralegals at BSF (who later moved to Paul, Weiss) and Cooley LLP to prosecute this case.

6. This declaration solely concerns those fees incurred by KHF attorneys and paralegals. Karen Dunn and Jessica Phillips of Paul, Weiss and Alan Levine of Cooley have separately executed declarations concerning the fees incurred by BSF/Paul, Weiss and Cooley, respectively.

**II. Plaintiffs' Reasonable and Efficient Approach to Litigating This Case**

7. KHF was a new law firm and had only been operating for a few weeks when the events known as "Unite the Right," which gave rise to this action, took place in August 2017. Nevertheless, KHF took on the case. Given its complexity and scope—including numerous plaintiffs, defendants, and novel legal claims—it quickly became clear that the litigation would require more resources than were available at the time at KHF, which had only opened its doors in July 2017. Accordingly, Ms. Kaplan asked first Ms. Dunn at BSF and later Mr. Levine at Cooley LLP, both experienced trial attorneys, to join Ms. Kaplan as counsel.

8. The three law firms made every effort throughout the case to litigate as efficiently as possible, to coordinate efforts, and to avoid duplication of work. To that end, responsibilities were allocated among the three firms and each firm's responsibilities were clearly delineated.

9. For example, each firm was assigned certain witnesses, including Plaintiffs, Defendants, experts, and third parties. Each firm was then primarily responsible for handling their assigned witnesses, including document collection and production, written discovery, depositions, trial preparation, and examination at trial.

10. Similarly, responsibility for motions was allocated to different firms in the interest of efficiency. Each firm was responsible for researching, writing, and editing the written submissions assigned to them, while also coordinating with the overall legal team.

11. The efforts of all three firms contributed to the successful prosecution of this case. Attorneys from all three firms played key roles in collecting and presenting evidence, litigating the case over a four-year period, and proving Plaintiffs' case at trial.

### III.  The Scope of Discovery in This Case

12. Discovery in this case was expansive and voluminous.

13. By way of example, Plaintiffs took 16 depositions of Defendants, for which Plaintiffs traveled to six different cities. Plaintiffs introduced approximately 770 exhibits at these depositions.

14. The parties to this action collectively served approximately 78 total sets of interrogatories, requests for production, and requests for admission. The parties filed a total of approximately 249 motions.

15. In addition, Plaintiffs served at least 92 subpoenas on approximately 60 non-parties.

    a. Among others, Plaintiffs pursued third-party discovery from social media companies, including Discord, Twitter, Gab, and Facebook, in order to obtain posts related to Unite the Right. Plaintiffs also pursued discovery directly from cellular phone providers, including AT&T, Verizon, Sprint, and T-Mobile, in order to show the extent of Defendants' communications with other Defendants and third parties leading up to and during the weekend of August 11 and 12, 2017.

    b. As an example of the efforts necessary to obtain third-party discovery in this case, Plaintiffs first subpoenaed Discord on January 2, 2018. But it was not until more than

7

ten months later, after an extensive series of meet-and-confers, that Discord finally began producing documents on November 20, 2018. That production was followed by 13 further productions, stretching from December 14, 2018, to November 5, 2020.

16.  Plaintiffs took 17 third-party depositions, traveling to four cities to do so.[3]

17.  Plaintiffs collected more than 1.5 million documents from approximately 62 custodians, including more than 356,000 images and over 6,000 audiovisual files.

## IV.  Plaintiffs' Requested Fees

18.  Exhibit A hereto reflects time entries and reasonable fees associated with KHF work performed on Plaintiffs' successful Virginia Code Section 8.01-42 and interrelated claims. Plaintiffs seek compensation for a total of $6,097,662.00 in KHF's fees for 23,613.9 hours of work performed at KHF over the more than four years of this litigation. This figure includes $62,060.00 in KHF's fees for work performed preparing Plaintiffs' Motion. This figure also includes a $67,735.65 deduction for fees previously sought by KHF in connection with one of Plaintiffs' previous motions for sanctions. *See* ECF 505 (Petition Regarding Recoverable Attorneys' Fees), ECF 739 (Order).

19.  KHF's hours and fees that are part of this Motion can be summarized as follows:

| Phase / Description | Date Range | KHF Hours | KHF Fees |
|---|---|---|---|
| Investigation and Drafting of the Complaint | 8/14/17 – 10/10/17 | 283.6 | $54,990.00 |
| Motion to Dismiss | 10/11/17 – 3/6/18 | 427.8 | $72,175.00 |
| Discovery (Fact & Expert) and Summary Judgment[4] | 3/7/18 – 8/23/21 | 16,886.2 | $4,374,483.00 |

---

[3] The majority of the depositions in this case took place via videoconference by Zoom due to the COVID-19 pandemic.
[4] Discovery work began during the prior Motion to Dismiss phase and continued during the subsequent Pretrial Disclosures and Motions phase.

| Phase / Description | Date Range | KHF Hours | KHF Fees |
|---|---|---|---|
| Pretrial Disclosures and Motions | 8/24/21-10/24/21 | 3,357.7 | $915,422.50 |
| Trial | 10/25/21 – 11/23/21 | 2,367.4 | $686,267.50 |
| Motion for Attorneys' Fees and Costs | 11/24/21 – 3/3/2022 | 291.2 | $62,060.00 |
| *Deduction for Fees Previously Sought* | | | -$67,735.65 |
| Total | | 23,613.9 | **$6,097,662** |

20. The entries in Exhibit A show the date legal services were performed, the type of work done, the amount of time expended, and the hourly rates applied. The exhibit reflects an accurate accounting, based on contemporaneous records, of the time Ms. Kaplan, Mr. Tolentino, Mr. Bloch, Ms. Cole, Ms. Conlon, Mr. Kay, Ms. Buckland Young, Ms. Karlsen, and I spent performing legal and paralegal services that were necessary to the case and this Motion.

21. As set forth more fully in Plaintiffs' Motion, the requested hourly rates for the work described in Exhibit A are reasonable for the Charlottesville, Virginia legal market. These rates represent a substantial discount of KHF's standard hourly rates, including the firm's discounted rates for public-interest litigation. The hourly rates used are as follows:

| Name | Role | Hourly Rate |
|---|---|---|
| Roberta Kaplan | Senior Partner | $450 |
| Michael Bloch | Counsel | $400 |
| Raymond Tolentino | Counsel[5] | $400 |
| Yotam Barkai | Associate | $225 |

---

[5] Mr. Tolentino held the position of Counsel at KHF for the relevant periods applicable to this Motion.

9

| Name | Role | Hourly Rate |
|---|---|---|
| Emily Cole | Associate | $225 |
| Alexandra Conlon | Associate | $225 |
| Jonathan Kay | Associate | $225 |
| Emma Buckland Young | Case Manager | $100 |
| Charlotte Karlsen | Case Manager | $100 |

22. Although dozens of other attorneys and staff members at KHF—specifically, 44 attorneys, three law clerks, ten summer associates, and 24 staff members, along with contract attorneys retained to conduct document review—performed many additional hours of legal services litigating this case throughout the past four years, their time has been excluded from the calculations in Exhibit A in the interest of adopting a conservative approach.

23. Exhibit A was created using entries for this litigation for the months of August 2017 through March 3, 2022 from KHF's invoicing system. Attorneys at KHF reviewed the time entries of the nine timekeepers listed above, removed any attorney hours for non-legal or administrative tasks, and also adjusted hours that exceeded what would typically be charged to a client for this kind of work (*e.g.*, duplicative or excessive hours). Attorneys at KHF also reviewed the descriptions in these time entries for privilege and applied minimal redactions to protect information subject to attorney-client privilege or the attorney work-product protection.

24. The resulting fees included in Exhibit A were necessarily incurred in connection with Plaintiffs' successful Virginia Code Section 8.01-42 and interrelated claims. They are the type of fees typically billed to clients for this type of work.

## V.     Plaintiffs' Requested Costs

25.     Exhibit B hereto reflects a summary table of reasonable costs relevant to Plaintiffs' Motion, pursuant to Federal Rule of Civil Procedure 54(d) and Virginia Code Section 8.01-42.1(B). Exhibit B was prepared by collecting paid invoices from the following printing, process service, and court-reporting vendors:[6]

   a.   A.P.S. Process Services, a legal process service provider. A.P.S. Process Services's invoices are attached hereto as Exhibit C and total $317.25. The invoices include charges for the service and attempted service of subpoenas on Thomas Ryan Rousseau, a representative of Defendant Vanguard America.

   b.   Capitol Process Services, Inc., a legal process service provider. Capitol Process Services's invoices are attached hereto as Exhibit D and total $6,670.25. The invoices include charges for the service and attempted service of the complaint and subpoenas on Defendant Richard Spencer, Defendant Matthew Heimbach, Defendant Traditionalist Worker Party, Defendant Vanguard America (c/o Dillon Ulysses Hopper), Defendant Moonbase Holdings, LLC (c/o Defendant Andrew Anglin), Defendant Augustus Sol Defendant Invictus, Defendant Fraternal Order of the Alt-Knights (c/o Kyle Sean Chapman), Defendant Loyal White Knights of the Ku Klux Klan, third party National Policy Institute, Inc., third party David

---

[6] Some of the invoices contain redactions of sensitive financial and other confidential or privileged information, including pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure and engagement or non-disclosure agreements between Plaintiffs and certain of the third-party vendors. Some of the invoices are addressed to Integrity First for America, a 501(c)(3) organization that has paid for certain disbursements incurred by Plaintiffs during the course of the litigation.

11

    Duke, third party Colton Merwin, third party Discord (c/o Ruth Chang), third party Hatreon (c/o Cody Wilson), Defendant East Coast Knights of the Ku Klux Klan, and Defendant Andrew Anglin.

c. Case Driven Technologies, a legal and trial printing support provider that provided on-site services during trial. Case Driven Technologies' invoices are attached hereto as Exhibit E and total $250,888.31. The invoices include charges for items printed throughout trial, including binders of exhibits, deposition and trial transcripts, witness materials, and courtesy copies for each Defendant and the Court.

d. Derecho Investigations, a legal process service provider. Derecho Investigations' invoice is attached hereto as Exhibit F and totals $250.00. Derecho served a subpoena on third party Vassilios Pistolis on July 1, 2020.

e. Epiq eDiscovery Solutions, Inc., a legal services provider. Epiq eDiscovery Solutions' invoices are attached hereto as Exhibit G and total $4,286.26. The invoices include charges for printing materials and binders in May 2019.

f. JLM Express Process Service LLC, a legal process service provider. JLM Express Process Service's invoice is attached hereto as Exhibit H and totals $100.00. JLM Express Process Service served a subpoena on third party Daniel Kleve in or around May 2020.

g. Legal Consultants for Everyone, LLC, a legal process service provider. Legal Consultants for Everyone's invoice is attached hereto as Exhibit I and

      totals $660.00. Legal Consultants for Everyone served a subpoena on third party Kyle Chapman on June 12, 2020.

h. Magna Legal Services, a litigation support firm. Magna Legal Services' invoices are attached hereto as Exhibit J and total $4,243.85. The invoices include charges for services, including videos, in connection with the depositions of Burt Colucci (a representative of Defendant National Socialist Movement) and third party Erica Alduino.

i. PM Legal, a legal process service provider. PM Legal's invoice is attached hereto as Exhibit K and totals $1,045.00. PM Legal served a subpoena on third party Benjamin Daley on August 17, 2021.

j. Serving by Irving Inc., a legal process service provider. Serving by Irving's invoices are attached hereto as Exhibit L and total $5,561.90. The invoices include charges for service and attempted service of subpoenas on third parties T-Mobile USA, Inc., Sprint Corporation, and Allison "Jack" Peirce in June, July, and September of 2020.

k. Thomas & Thomas, a legal process service provider. Thomas & Thomas's invoice is attached hereto at Exhibit M and totals $170.00. Thomas & Thomas served a subpoena on third party Daniel Kleve on May 4, 2020.

l. Torri's Legal Services, a legal process service provider. Torri's Legal Services' invoices are attached hereto as Exhibit N and total $714.34. The invoices include charges for the service and attempted service of subpoenas on third parties Bradley Dean Griffin and Mary Jane Willis.

m.      TransPerfect Legal Solutions, a legal printing provider. TransPerfect's invoices are attached hereto as Exhibit O and total $32,820.16. The invoices include charges for the printing and delivery of materials for witness preparation, meetings, and depositions.

n.      Trackers LLC, a legal process service provider. Trackers' invoices are attached hereto as Exhibit P and total $416.00. The invoices include charges for the service and attempted service of third parties John Hill, Tiger Fuel (c/o David Sutton), Palmer-Stuart Oil Co., and David Sutton.

o.      TSG Reporting Inc., a court reporting and deposition-support provider. TSG's invoices are attached hereto as Exhibit Q and total $184,751.54. The invoices include charges for deposition services, such as transcripts and videos, from the depositions or attempted depositions of Plaintiff Chelsea H. Alvarado, third party Robert (Ike) Baker, Plaintiff Thomas Baker, third party Wesley Bellamy, Plaintiff Marissa Blair, Defendant Christopher Cantwell, Patrick Michael Casey (representative of Defendant Identity Evropa), Burt Colucci (representative of Defendant National Socialist Movement), third party Benjamin Daley, Defendant Nathan Damigo (representative of Defendant Identity Evropa), third party Shane Patrick Duffy, third party Daniel Ferguson, third party Bradley Dean Griffin, Defendant James Michael Hill (representative of Defendant League of the South), Dillon Ulysses Hopper (representative of Defendant Vanguard America), Defendant Matthew Heimbach, third party Daniel Kleve, Defendant Elliott Kline, Plaintiff April Muniz, Defendant Matthew David

14

        Parrott (representative of Defendant Traditionalist Worker Party), third party Vasillios Pistolis, Defendant Robert "Azzmador" Ray, third party Wesley Bellamy, Defendant The Nationalist Front, Thomas Ryan Rousseau (representative of Defendant Vanguard America), Defendant Jeff Schoep, Defendant Richard Spencer, Plaintiff Elizabeth Sines, Defendant Michael Tubbs, Plaintiff Devin Willis, Plaintiff Seth Wispelwey, and third party Steven Young.

p. The United States District Court for the Western District of Virginia. The Court's invoice is attached hereto as Exhibit R and totals $48,388.85. The invoice includes charges for the trial transcript.

q. Veritext Legal Solutions, a court reporting company. Veritext Legal Solutions' invoices are attached hereto as Exhibit S and total $4,524.75. The invoices include charges for deposition services, including videos, from the deposition of Defendant Jason Kessler.

r. We Serve Law, LLC, a legal process service provider. We Serve Law's invoice is attached hereto at Exhibit T and totals $210.00. The invoice includes charges for serving third party Thomas Cullen.

26. Plaintiffs seek a total of $546,018.46 in reasonable costs and expenses pursuant to Federal Rule of Civil Procedure 54(d) and Virginia Code Section 8.01-42.1(B). *See* Exhibit B. These costs and expenses were necessarily incurred in connection with Plaintiffs' successful Virginia Code Section 8.01-42 and interrelated claims.

27. Exhibit U hereto reflects a summary table of costs Plaintiffs have incurred in connection with the retention of iDiscovery Solutions ("iDS"), the vendor engaged to image and

produce Defendants' electronically stored information after Defendants refused to comply with their discovery obligations. *See* ECF 379, 383. Exhibit U was prepared by collecting invoices and total amounts paid to iDS. iDS's invoices are attached hereto as Exhibit V.

28.     As set forth in Plaintiffs' Motion, Plaintiffs seek reimbursement of $1,266,420.84 in fees paid to iDS pursuant to this Court's Orders dated November 13 and 19, 2018 (ECF 379 and 383). *See* Exhibit U.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   March 9, 2022
               New York, New York

*[signature]*

Yotam Barkai