IN THE UNITED STAES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES ET AL.** | : | Case No. 3:17-CV-00072 |
| | : | |
| Plaintiffs, | : | (Judge MOON) |
| | : | (Magistrate Judge HOPPE) |
| v. | : | |
| | : | |
| **JASON KESSLER ET AL.** | : | **DEFENDANTS' SUPPLEMENTAL PLEADING IN SUPPORT OF ECF 1522** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Defendants Damigo, Identity Evropa, and Kessler ("Defendants") file the following supplemental authority in support of their post-trial motions filed at ECF 1522.

**I. Additional precedent as to remittitur of punitive damages**

a. Federal Law

The Ninth Circuit case referenced by defendants in their initial motion was Arizona v. Asarco LLC, 733 F.3d 882 (9th Cir. 2013). The plaintiff in Arizona suffered substantial harassment at her job. In ordering remittitur, the Ninth Circuit identified multiple federal cases dealing with constitutionally excessive punitive damages ratios. Id. at 891.

In addition to the problem with excessive ratios, the defendants observe that an employment law case is substantially different from this Charlottesville case. Specifically, whatever personal compunction the various plaintiffs felt necessitated their presence on August 11 or 12th 2017, it is hardly the same level of "requirement" as an employee who is required to attend her job. For that reason, the above federal precedent provides even more

1

reason to order remittitur below any legally mandated caps and consistent with federal due process limits on punitive damages ratios.

    b. <u>Virginia Law</u>

The state law case referenced by defendants in their initial motion was <u>Wilkins v. Peninsula Motor Cars, 59 Va. Cir. 329.</u> The case contains a useful review of Virginia law on punitive damages as well as approval of a punitive to compensatory/nominal ratio of 53 to 1. <u>Id. at 338.</u>

As other defendants have noted, Virginia law contains a cap on punitive damages at <u>Virginia Code § 8.01-38.1</u> of $350,000. Importantly, that cap is the total punitive damages available for the case, it is not available per claim or per party. <u>Al-Abood v. El-Shamari, 217 F. 3d 225, 236-238.  (4th Cir. 2000)</u>, *see also* <u>Foster v. Wintergreen Real Estate Co., 81 Va. Cir. 353, 363-364. (2010).</u>

Additionally, it appears that Virginia courts are permitted to divvy up the available punitive damages with different amounts awarded to various defendants in such manner as the Court finds reasonable provided the punitives awarded do not exceed the statutory cap. <u>Egan v. Butler 290 Va. 62, 68-70. (2015).</u>

                                                  Respectfully Submitted,

                                                  s/James E. Kolenich
                                                  James E. Kolenich
                                                  KOLENICH LAW OFFICE
                                                  9435 Waterstone Blvd. #140
                                                  Cincinnati, OH 45249
                                                  (513) 444-2150
                                                  JEK318@gmail.com

s/Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Trial Attorneys for Jason Kessler, Nathan Damigo, and Identity Evropa*

## CERTIFICATE OF SERVICE

I certify the above was served on MARCH 9, 2022 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*
Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*
Elliott Kline *eli.f.mosley@gmail.com*
*deplorabletruth@gmail.com*Matthew Heimbach
*matthew.w.heimbach@gmail.com*
Richardspencer@gmail.com
 Christopher Cantwell
*#00991-509*
*USP Marion*
*4500 Prison Rd.*
*PO Box 2000*
*Marion IL 62959*

Respectfully Submitted,

s/   James E. Kolenich