IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, et al., | |
| *Plaintiffs,* | No. 3:17-cv-00072-NKM |
| v. | JURY TRIAL DEMANDED |
| JASON KESSLER, et al., | |
| *Defendants.* | |

**DEFENDANTS DAVID MATTHEW PARROTT, MATTHEW HEIMBACH, AND TRADITIONALIST WORKER PARTY'S MOTION FOR REDUCTION OF PUNITIVE DAMAGES IN ACCORD WITH STATUTORY AND CONSTITUTIONAL LIMITATIONS**

**(Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e))**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants David Matthew Parrott ("David Matthew"), Matthew Heimbach ("Matthew"), and Traditionalist Worker Party ("TradWorker") respectfully move the Court for a reduction in the punitive damages awarded against each of them to an amount in accord with statutory limitations as prescribed by section 8.01-38.1 of the Virginia Code, as well as constitutional limitations as prescribed by the Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

I.  **THE PUNITIVE DAMAGES AWARDED BY THE JURY ARE CONTRARY TO VIRGINIA LAW.**

    A.    **Virginia law requires actual damages before punitive damages can be awarded. Nominal damages are not actual or compensatory damages.**

In Virginia, "[t]he general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages, and that a finding of compensatory damages is a prerequisite to an award of exemplary damages." *Zedd v. Jenkins*, 74 S.E.2d 791 (Va. 1953); *see also Roche v. Lincoln Prop. Co.*, 175 Fed. Appx. 597, 606 (4th Cir. 2006) ("[I]t is well settled that a finding of compensatory damages is a prerequisite for an award of punitive liability."); *Gay v. American Motorists Ins. Co.*, 714 F.2d 13, 16 (4th Cir. 1983) ("Compensatory damages are a necessary predicate in Virginia . . . for an award of punitive damages.").[1]

In this case, the jury awarded nominal damages against the defendants on a Virginia state conspiracy claim. **Nominal damages are not actual or compensatory damages.** The Virginia Supreme Court defines nominal as "existing in name only." *Llewellyn v. White*, 831 S.E.2d 494 (Va. 2019). It defined the difference between nominal and compensatory damages in *Kerns v. Wells Fargo Bank, N.A.*, 818 S.E.2d 779 (Va. 2018):

> "Actual or compensatory damages" are "synonymous" terms. *News Leader Co. v. Kocen*, 173 Va. 95, 108 (1939) (citation omitted). "Compensatory damages are often referred to as 'actual' damages to distinguish them from punitive or nominal damages," and "compensatory damages include all damages other than nominal or punitive damages."

*Id.* at 783 (quoting 1 Charles E. Friend & Kent Sinclair, Friend's Virginia Pleading and Practice § 23.03[1][a], at 23-10 (3d ed. 2017)). Because the general rule in Virginia is that actual damages are a prerequisite to punitive damages, the jury's punitive damages verdict on Claim III is a clear error of law and must be stricken from the judgment.

---

[1] Under Virginia law, there is an exception to this general rule in defamation cases. *See, e.g.*, *Syed v. ZH Technologies, Inc.*, 694 S.E.2d 625, 634 (Va. 2010) ("An award of compensatory damages . . . is an indispensable predicate for an award of punitive damages, except in actions for libel and slander.").

B.  **Virginia Law Limits Punitive Damages to $350,000** *in toto.*

The jury's punitive damages verdict for Claim III is also a clear error of law because section 8.01-38.1 of the Virginia Code limits the amount of punitive damages that may be awarded in an action — regardless of how many plaintiffs or defendants are in the action, and regardless of the number of state law claims the action contains — to no more than $350,000 *in toto*:

> In any action . . . the total amount awarded for punitive damages against all defendants found to be liable shall be determined by the trier of fact. In no event shall the total amount awarded for punitive damages exceed $350,000. The jury shall not be advised of the limitation prescribed by this section. However, if a jury returns a verdict for punitive damages in excess of the maximum amount specified in this section, the judge shall reduce the award and enter judgment for such damages in the maximum amount provided by this section.

*Id.* The plain language of the statute mandates that Plaintiffs can only recover, at maximum, a total of $350,000 in punitive damages **combined, from all defendants, inclusive of all state law claims** (*i.e.*, Claims III, IV, V, and VI).[2] *See, e.g.*, *E.I. du Pont de Nemours Co. v. Kolon Industries, Inc.*, Civil Action No. 3:09cv58 (E.D. Va. Nov. 22, 2011), at 4 ("The statute . . . has been interpreted by the [Fourth Circuit] to mean that the $350,000 punitive damage cap is to be the total amount of punitive damages awarded in any action."))[3]; *Stamathis v. Flying J, Inc.*, 389

---

[2]   This statutory maximum is still subject to as-applied constitutional scrutiny under the Due Process Clause. *See infra*.

[3]   Here, the court cited, and quoted directly from, *Al-Abood v. El-Shamari*, 217 F.3d 225 (4th Cir. 2000). In *Al-Abood*, the plaintiff contended that the punitive damages cap applied per defendant, whereas the defendant contended that the cap applied per lawsuit. The Fourth Circuit interpreted the statute by concluding that its plain language mandated "that the entirety of the punitive damages awarded in the action amount to no more than $350,000." *Al-Abood*, 217 F.3d at 237. The Fourth Circuit cited with approval the decision in *Huffman v. Beverly Calif. Corp.*, 42 Va. Cir. 205, 212 (Cir. Ct. Rockingham County 1997) (applying statutory cap to the action as a whole rather than per defendant).

F.3d 429 (4th Cir. 2004) (reducing punitive damages among multiple defendants to combined $350,000 statutory maximum).

Consequently, this Court must, as an initial matter, correct the jury verdict on Claims III, IV, V, and VI such that the total punitive damages is reduced from $24,000,000 to $350.000. Following the jury's same allocation of the punitive damages among the defendants (which would seem to be the most equitable approach), this amounts to punitive damages of $7,291.67 for Matthew and David Matthew, and $14,583.33 for TradWorker.

| Total Punitives | | | Defendant Punitive Totals | | % of Total | Total w/ Cap |
|---|---|---|---|---|---|---|
| | | | Kessler | $700,000.00 | 2.9% | $10,208.33 |
| | | | Spencer | $700,000.00 | 2.9% | $10,208.33 |
| Claim III | $11,000,000.00 | | Cantwell | $700,000.00 | 2.9% | $10,208.33 |
| Claim IV | $1,000,000.00 | | Fields | $12,500,000.00 | 52.1% | $182,291.67 |
| Claim V | $6,000,000.00 | | Azzmador | $700,000.00 | 2.9% | $10,208.33 |
| Claim VI | $6,000,000.00 | | Damigo | $500,000.00 | 2.1% | $7,291.67 |
| Total | $24,000,000.00 | | Kline | $700,000.00 | 2.9% | $10,208.33 |
| | | | Heimbach | $500,000.00 | 2.1% | $7,291.67 |
| Punitive Cap: | $350,000 | | Parrott | $500,000.00 | 2.1% | $7,291.67 |
| | | | Hill | $500,000.00 | 2.1% | $7,291.67 |
| | | | Tubbs | $500,000.00 | 2.1% | $7,291.67 |
| | | | Schoep | $500,000.00 | 2.1% | $7,291.67 |
| | | | League | $1,000,000.00 | 4.2% | $14,583.33 |
| | | | Vanguard | $1,000,000.00 | 4.2% | $14,583.33 |
| | | | NSM | $1,000,000.00 | 4.2% | $14,583.33 |
| | | | IE | $1,000,000.00 | 4.2% | $14,583.33 |
| | | | TWP | $1,000,000.00 | 4.2% | $14,583.33 |
| | | | Total | $24,000,000.00 | 100.0% | $350,000.00 |

II. **THE PUNITIVE DAMAGES AWARDED AGAINST MATTHEW, DAVID MATTHEW, AND TRADWORKER VIOLATE THE UNITED STATES CONSTITUTION.**

   A. **A punitive-to-compensatory damages ratio of 1,041:1 does not even come close to what courts have ever considered constitutionally permissible.**

Since *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), Courts appear to be all over the place in terms of allowable punitive-to-compensatory ratios —

when it comes to single or double-digit ratios, that is. Extremely rarely, a court will give its blessing to a low triple-digit ratio (*e.g.*, 100:1, 150:1). However, outside of three limited contexts[4], none of which are applicable here, there appears to be no reported case in which any court has affirmed any higher of a ratio than low triple-digits.

This case has a ***quadruple-digit ratio*** (and that is *after* all of the reductions required by Virginia law).

Moreover, there does not appear to be any reported case in which any plaintiff was awarded zero or $1 in compensatory damages and *any* amount of punitives.[5] Perhaps the reason we do not see cases like this is because judges fundamentally recognize that a $1 compensatory award is a nominal award and should really not support punitive damages at all.

**B.  The ability of the defendants to pay the punitive damage award is a relevant consideration.**

In *Poulston v. Rock*, 467 S.E.2d 479 (Va. 1996), the Virginia Supreme Court stated that, in reviewing awards of allegedly excessive punitive damages, courts should consider "reasonableness between the damages sustained and the amount of the award and the measurement of punishment required, whether the award will amount to a double recovery, the proportionality between the compensatory and punitive damages, *and the ability of the defendant to pay*." *Id.* at 485 (emphasis added).

---

[4]  These contexts are Title VII employment cases, Fair Credit Reporting Act cases, and § 1983 cases.

[5]  If there is, in fact, such a case, perhaps buried somewhere in the annals of our federal or state jurisprudence, descending into the depths of courthouse records rooms to dredge it out would only serve to confirm how exceedingly rare this situation is.

Matthew and David Matthew are working-class men with families. Matthew, who has no assets and is presently unemployed, is the sole caregiver for his two children; David Matthew, a truck driver, just became a father to twins after his wife's medically intensive high-risk pregnancy and premature delivery. (They are on state medical assistance.) $500,000 might as well read "infinity dollars" to them.[6]

In *In re Exxon Valdez*, 236 F. Supp. 2d 1043, 1065 (D. Alaska 2002),[7] the district court found a $5,000 award of punitive damages against **the captain of the Exxon Valdez** to be sufficient for deterrence purposes in light of his financial condition at the time. It is worth noting that, even at that time, the (former) captain of the Exxon Valdez was still in *way* better financial condition than Matthew, David Matthew, or Tradworker.

### C. The punitive damages awarded against Matthew, David Matthew, and Tradworker are so excessive as to infringe upon their First Amendment rights.

Courts carefully review punitive damages awards to determine whether they infringe on or chill First Amendment rights. In *Gazette, Inc. v. Harris*, 325 S.E.2d 713 (Va. 1985), the Virginia Supreme Court held:

> Where a punitive award is substantially in excess of what ordinarily might be expected as punishment for the particular conduct, the reviewing court has a duty to annul the award unless the circumstances are so egregious as to constitute a sufficient punishment for the wrongful activity. . . . We hold that the amount of this award, including the interest factor, constitutes a forbidden intrusion on the exercise of free expression and that it is substantially in excess of adequate punishment for defendant's conduct.

*Id.* at 746.

---

[6]    TradWorker has no assets.

[7]    The decision was subsequently vacated and remanded on other grounds.

Here, the First Amendment provides substantial protection to the Defendants. Imposing punitive damages would infringe on and chill their First Amendment rights (as well as significantly chilling the First Amendment rights of others) where the jury found that the moving Defendants were not responsible for any actual damages. The jury's punitive damage award infringes on the moving Defendants' First Amendment rights and is unconstitutional for this reason as well.

## CONCLUSION

For the foregoing reasons, this Court should issue an order striking or reducing the punitive damages awarded against Matthew, David Matthew, and Tradworker on Claim III of this action, and enter judgment against them for this modified amount.

Respectfully submitted,

*/s/ Joshua Smith*
Joshua Smith, Esq.
Pennsylvania Bar ID No. 207585
Smith LLC
807 Crane Avenue
Pittsburgh, Pennsylvania 15216
(917) 567-3168 (phone)
joshsmith2020@gmail.com

*Counsel for Defendants David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*

Dated: March 9, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the case, as well as all ECF-registered *pro se* parties.

I hereby further certify that on March 9, 2021, I served a copy of the foregoing on the following non-ECF *pro se* parties, via electronic mail, as follows:

| | |
|---|---|
| Richard Spencer | Robert "Azzmador" Ray |
| richardbspencer@icloud.com | azzmador@gmail.com |
| richardbspencer@gmail.com | |
| | Elliott Kline a/k/a Eli Mosley |
| Vanguard America | eli.f.mosley@gmail.com |
| c/o Dillon Hopper | deplorabletruth@gmail.com |
| dillon_hopper@protonmail.com | eli.r.kline@gmail.com |

I hereby further certify that on March 9, 2021, I served a copy of the foregoing on the following non-ECF *pro se* party, via first-class mail, as follows:

Christopher Cantwell (00991-509)
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

                                              */s/ Joshua Smith*
                                              Joshua Smith, Esq.
                                              Pennsylvania Bar ID No. 207585
                                              Smith LLC
                                              807 Crane Avenue
                                              Pittsburgh, Pennsylvania 15216
                                              (917) 567-3168 (phone)
                                              joshsmith2020@gmail.com

                                              *Counsel for Defendants David Matthew Parrott, Matthew Heimbach, and Traditionalist Worker Party*