# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:17-cv-00072 |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on two of Plaintiffs' petitions to recover their reasonable expenses and attorney's fees from Defendant Robert "Azzmador" Ray pursuant to Rule 37 of the Federal Rules of Civil Procedure, Dkts. 985, 1059, as well as the Report & Recommendation of United States Magistrate Judge Joel C. Hoppe, on those motions, Dkt. 1485 ("R&R"). Robert Ray did not file any objection to or otherwise respond to either of Plaintiffs' two petitions for fees. *See* R&R at 1. Neither Plaintiffs nor Ray filed any opposition or response to the R&R.

The Magistrate Judge recommended granting Plaintiffs' petitions in part in the R&R. *See* R&R at 2, 16–17. While Plaintiffs had sought "a total award of $25,960.75 in attorney's fees and out-of-pocket expenses," after scrutinizing Plaintiffs' petitions and supporting documentation, the Magistrate Judge recommended a "total award of $18,567.50." *Id.* at 2. This "reflect[ed] minor reductions in the hourly rates sought by Plaintiffs' attorneys, but no reduction in the hourly rate sought by their paralegals," and a "slight reduction in the number of hours claimed …." *Id.* The Magistrate Judge also recommended that Plaintiffs' request for $2,025.75 in out-of-pocket expenses for Ray's depositions be denied. *Id.*

Though advised of the right to object to the proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, *see* R&R at 17, no party has filed objections within the fourteen-day period.

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But where, as here, no objections to an R&R are filed, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. In that case, the Court need not provide any explanation for adopting the R&R. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

No objections to the R&R have been filed, and the Court can discern no clear error therein. Indeed, as the R&R demonstrates, the Magistrate Judge carefully considered all aspects of Plaintiffs' fee petitions, the law, and the supporting documentation. The Court will further note that the Magistrate Judge carefully excised those specific, non-compensable time entries from the remainder which were properly claimed and sufficiently described. R&R at 11–13. Accordingly, the Court **ORDERS** that:

1. The R&R is **ADOPTED** in its entirety, Dkt. 1485;
2. Plaintiffs' petitions to recover their reasonable expenses and attorney's fees from Defendant Robert "Azzmador" Ray are **GRANTED in part**, Dkt. 985, 1059, to the extent recommended in the R&R.
3. Plaintiffs are **AWARDED** a total of **$18,567.50** in reasonable attorney's fees from Defendant Robert "Azzmador" Ray.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

ENTERED this  30th   day of March, 2022.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE