**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA**

ELIZABETH SINES et al.

Plaintiffs

-v-

JASON KESSLER et al.

Defendants

Case No.  3:17-cv-00072

Judge Moon
Mag. Judge Hoppe

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO ECF 1522 MOTION FOR
ATTORNEYS' FEES AND COSTS**

_____

Now come defendants Jason Kessler, Nathan Damigo, and Identity Evropa

("Responding Defendants") and respectfully oppose the plaintiffs' motion for fees and

costs (ECF 1522). Plaintiffs' motion must be denied, or the requested amount reduced for

the reasons that follow.

**Law**

The plaintiffs are requesting fees pursuant to Virginia Code 8.01-42.1 and any

"interrelated claims". *ECF 1522 at p. 14*. Virginia law should be applied as attorney fees

motions are considered substantive rather than procedural.[1] The rule applies even though

_____

[1] 17A Moore's Federal Practice - Civil § 124.07[3][b] (2022) at footnote 20, collecting cases from federal Circuit courts holding attorney fee motions to be substantive.

1

this is not a diversity jurisdiction case.[2]  Federal law may also be used "to the extent it is a

...nonconflicting guide in interpreting reasonable fees under Virginia law." *Airlines Reporting*

*Corp. v. Sarrion Travel, Inc., 846 F. Supp. 2d 533, 537 (E.D. Va. 2012)(citing GE Supply, a Div. of*

*General Elec. Co. v. Thomas, 62 F.3d 1414, at \*7 (4th Cir. 1995).*

The Fourth Circuit has ruled on a case directly dealing with attorney fees under

Virginia Code 8.01-42.1, multiple defendants, and different results as to individual

defendants. In *Johnson v Hugo's Skateway*[3] the Court took issue with a plaintiff's fee

application that "seeks ...attorneys' fees for claims as to which [plaintiff] Johnson did not, in

fact, prevail against [defendant] Hugo's Skateway but as to which he did prevail against

[defendant] Wines". *Hugo's Skateway 949 F. 2d at 1352.* [4]

The *Hugo's Skateway* Court also observed that "the record reveals that counsel for

Johnson submitted billing sheets for the entire course of the litigation, ***making no distinction***

for actions pursued against Wines and those pursued against Hugo's Skateway......Here

Johnson is seeking reimbursement from Hugo's Skateway for prevailing on three out of four

claims against Wines though not against Hugo's." *Id. at 1352.* (emphasis added).

The *Hugo's Skateway* Court ruled that the District Court did not err in reducing the

requested fee award before it due to being "manifestly excessive". *Id. at 1352-1353.*

In Virginia, a prevailing party is required to establish "to a reasonable degree of

specificity" those costs and expenses associated with successful claims. *West Square LLC v.*

*Commun. Techs., 274 Va. 425, 435-436.(2007).* The prevailing party is specifically not

exempted from this obligation because all claims "were intimately intertwined and depended

---

[2] 19 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4520 (3d ed. 2016).

[3] 949 F. 2d 1338 (4th Cir. 1991).
[4] Bracketed text added

upon a common factual basis." *Ulloa v QSP Inc., 271 Va. 72, 83 (2006.)*

Furthermore, in Virginia a prevailing party has "the burden to specify attorneys' fees associated with a particular claim for which an award of attorneys' fees is allowed" *West Square LLC 274 Va. at 435.*

Additionally, "Awards of attorneys' fees under section 8.01-42.1 are upheld on appeal unless under all the facts and circumstances show that the award is clearly wrong. Because the exercise of discretion in awarding attorneys' fees typically is based upon first-hand knowledge of the case and the factors bearing on the reasonableness of a fee, it will not be disturbed except in cases of manifest abuse." (internal citations omitted) *Hugo's Skateway 949 F. 2d at 1352.*

Finally, the Court must make a finding that defendants can actually afford to pay a fee award in order to grant plaintiffs' motion as to fees or non-mandatory costs. *Clark v. Stanley Furniture Co., LLC, 2021 U.S. Dist. LEXIS 198260 \*25. (W.D. Va.).*

## Argument

The plaintiffs' motion suffers from the same defects as the prevailing parties in *Hugo's Skateway, West Square LLC, and Ulloa.* At no point in their motion do plaintiffs even attempt to make the necessary distinction between defendants who are liable on some but not all causes of action. Rather, plaintiffs have, improperly, "submitted billing sheets for the entire course of the litigation".[5]

*First,* plaintiffs do not identify and excise any hours expended on or expenses associated with claims that were dismissed.[6] *Second*, plaintiffs do not appear to have

---

[5] Plaintiffs do appear to have exercised the required "billing judgment" as they took a "conservative approach" to their motion. ECF 1522 at 11-12.

[6] Plaintiff Tyler Magill withdrew his claim on April 16, 2019 (ECF 468) and plaintiff Hannah Pearce was dismissed by the Court following defendants' motions to dismiss on July 9, 2018 (ECF 336).

3

specified which hours and which expenses were spent on which claims in this multi defendant action. Neither have plaintiffs specified what hours and expenses were associated with the claims of plaintiffs Sines and Wispelwey. Wispelwey was awarded no compensatory damages by the jury and Sines achieved a compensatory award only against defendant James Fields and not against any Responding Defendant.

Responding Defendant Jason Kessler was not sued in either count five or six on the jury verdict form and was found liable only on counts three and four. Responding Defendants Identity Evropa and Nathan Damigo were not sued in counts four, five, or six on the verdict form and were liable only on count three. The plaintiffs are required to make some reasonable showing of what hours and expenses are associated with which counts in order for the Court to make a proper legal analysis of the plaintiffs' motion. They have not yet done so.  Responding Defendants also ***cannot afford to pay*** the requested fees and costs.[7]

Finally, in the exercise of the Court's sound discretion as to the instant motion, Responding Defendants respectfully assert that the Court should consider the actual results of this trial rather than the overly optimistic one posited by the plaintiffs. It is true that this litigation was extraordinary in several respects and that plaintiffs are the prevailing parties. It is also true that the defense was extraordinarily undermanned and underfunded in facing tens of millions of dollars of high-end legal talent and their associated financial ability.

Yet, defendants were able to achieve a hung jury as to the federal claims and compensatory damages of either one dollar or zero dollars as to the state law conspiracy claim. The vast majority of plaintiffs "success" in this case was against defendant James Fields alone. Comparatively little was awarded against any Responding Defendant and much

---

[7] See attached affidavits of Patrick Casey, Nathan Damigo, and Jason Kessler.

of those awards are unlawfully in excess of applicable damages caps.[8] Responding Defendants respectfully request that the Court impose a reasonable reduction on the plaintiffs' requested fees and costs to account for the notable lack of success in many important regards that the plaintiffs' suffered in this case.

## CONCLUSION

Except as stated above, Responding Defendants do not object to the plaintiffs' total hours or hourly fees requested. No award whatsoever should be made against any Responding Defendant based on their inability to pay. In the alternative the Court should apply a reasonable and substantial reduction to any award against any Responding Defendant pursuant to the law and argument stated above.

Respectfully Submitted,

s/   James E. Kolenich
James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
JEK318@gmail.com

s/ Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

Trial Attorneys for Jason Kessler, Nathan Damigo, and Identity Evropa

---

[8] Virginia statute § 8.01-38.1 damages cap.

## CERTIFICATE OF SERVICE

I certify the above was served on APRIL 13, 2022 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*

Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*

Elliott Kline *eli.f.mosley@gmail.com deplorabletruth@gmail.com*

Christopher Cantwell
*#00991-509*
*USP Marion*
*4500 Prison Rd.*
*PO Box 2000*
*Marion IL 62959*

Respectfully Submitted,

s/    James E. Kolenich