In the United States District Court for the Western District of Virginia Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants
Civil Action 3:17-cv-00072

Defendants' motion for extension of time to respond to ECF 1553

Comes now the Defendant, Christopher Cantwell and he moves this Court for an additional 9 months to respond to Plaintiffs' "Bill of Costs" dated 3-9-2022 at ECF 1553, in support he states as follows.

1.) Cantwell has previously moved for a 12 month time extension for post trial motions. Plaintiffs objected. Magistrate granted a shorter extension, which Cantwell has appealed and awaits decision on. This is due to the well documented obstruction of Cantwell's efforts to litigate by the United States.

2.) Cantwell still awaits a decision on his 2021 IFP application as he is indigent and incarcerated and objectively incapable of financing Plaintiffs' lawfare.

3.) In Plaintiffs' Bill of Costs, they seek expenses of more than $1.8 million, of which >$1.2 million are classified as "other" and apparently purport to be supported by Exhibits B-V, a stack of paper roughly 2 inches thick, double sided. Cantwell has not seen Exhibit A, and presumes none exists.

4.) Plaintiffs purportedly incurred these expenses in their failed efforts to prove a racially motivated violent conspiracy under 1985(3) and 1986.

5.) Since Plaintiffs failed to prove this non-existent conspiracy, and since the Plaintiffs made no effort to prove the demonstrably false claims of their complaint, post trial motions currently are pending to set aside the jury's verdict regarding the other counts.

6.) Defendants cannot conceivably be held liable for plaintiffs' expenses incurred in pursuit of a calumny they failed to prove.

7.) Plaintiffs' counsel Roberta Kaplan has defrauded her #SueANazi donors to finance this calumny by parading around Jewish supremacist and Left Wing extremist media repeating her false claims knowing they could not be proven. All the while, Kaplan has stated that her intent was to spend eternity harassing Defendants to "Break the Back" of a political movement she disagrees with. Given her flagrant open dishonesty, and flaunted ulterior motives, each item in her supposed expenses ought to be scrutinized for its authenticity, propriety, and connection to Plaintiffs' claims.

-2-

8.) If any of Plaintiffs' claims are allowed to stand, the expenses incurred in pursuit of those claims must be separated from those Plaintiffs failed to prove.

9.) Plaintiffs have enjoyed the assistance of the United States as they have hindered Cantwell's efforts to litigate, and have communicated off the record therewith.

10.) Cantwell's release from USP Marion's Communications Management Unit is currently being processed and Cantwell should be in a halfway house or home confinement by August of 2022. Cantwell will be free from B.O.P custody entirely by December 19th 2022.

11.) ~~Because the Communications~~ The computer used for reviewing digital evidence is unavailable to Cantwell and has been for the entire time he has been back in the CMU after trial. Cantwell has begun the Administrative Remedy Process to remedy this most recent obstruction.

12.) Because the Plaintiffs must not be allowed to unjustly snatch $1.8 Million from their political opponents while said opponents are kneecapped by official corruption, without having proven their demonstrably false claims, the Bill of Costs should be stricken from the record

-3-

B.) Because Cantwell doubts it will be stricken from the record on that basis alone, and for the forgoing reasons, Cantwell requests 9 months to respond to Plaintiffs' Bill of costs at ECF 1553.

Respectfully Submitted
Christopher Cantwell
3-22-2022

*C Cantwell* (signature)

-4-