IN THE UNITED STAES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH SINES ET AL.** | : | Case No. 3:17-CV-00072 |
| Plaintiffs, | : | |
| | : | (Judge MOON) |
| v. | : | (Magistrate Judge HOPPE) |
| | : | |
| **JASON KESSLER ET AL.** | : | **DEFENDANTS' REPLY BRIEF AS TO PUNITIVE DAMAGES** |
| Defendants. | : | |

Defendants Jason Kessler, Nathan Damigo, and Identity Evropa ("moving Defendants"), through counsel, file the following reply to plaintiffs' *Opposition to Defendants' Motions Challenging the Punitive Damages award* ECF 1572.

Plaintiffs have submitted an academic treatise masquerading as a legal brief in support of their punitive damage argument. The issue is, however, not nearly as complex as plaintiffs make it out to be and their arguments must ultimately fail in the face of existing case law.

*First,* the plaintiffs have utterly ignored the well-known distinction between compensatory and punitive damages. "[F]or a plaintiff's losses is the function of compensatory ..... damages." <u>Doe v. Isaacs, 265 Va. 531, 539(2003).</u> It is well settled that "punitive damages are something in addition to full compensation, and something *not given as plaintiff's due*." <u>id. at 539.</u> "Exemplary damages are something in addition to full compensation, and something *not given as plaintiff's due*, but for the protection of the public...." <u>Zedd v. Jenkins 194 Va. 704, 707 (1953).</u> Accordingly, the plaintiffs' argument regarding "rights that are separate and distinct

1

under the governing law"[1] fails as the governing law of Virginia holds that punitive damages are "not the plaintiff's due."

*Second,* it is notable that plaintiffs' have cited not one single case from Virginia or the 4th Circuit that holds they are each entitled to their own individual punitive damages cap. The available case law is contrary to plaintiffs' position. The 4th Circuit held, in interpreting Virginia's punitive damages cap:

> "We find no ambiguity in the instant statute and conclude that its plain meaning dictates that the cap on punitive damage awards *applies to the action as a whole, and not to each defendant.* See Bray v. Brown, 258 Va. 618, 521 S.E.2d 526, 527-28 (Va. 1999) (stating that courts in Virginia apply the plain meaning of an unambiguous statute). Because the first sentence in the statute refers to "the total amount awarded for punitive damages against all defendants," the reference in the second sentence to "the total amount awarded for punitive damages," absent any further clarification, must refer to the "total amount" discussed in the previous sentence. Further, even without the "against all defendants" phrase, the statute refers to the "total amount awarded" "in any action." Giving this language its plain meaning, the statute mandates that the entirety of the punitive damages awarded in the action amount to no more than $ 350,000. Al-Abood v. Elshamari, 217 F.3d 225, 237 (4th Cir. 2000)

The *Al-Abood* Court did not misread Virginia law on the subject:

" After reviewing [the punitive damages cap]statute, the court concludes that *it applies to the entire lawsuit rather than to each individual defendant.* The first sentence describes "all defendants found to be liable," and the second sentence speaks to the "total amount awarded for punitive damages." Had the General Assembly intended for the punitive damage cap to apply to each defendant, it would have added or substituted the words

---
[1] ECF 1572 at p.17

2

"each defendant" in the two sentences." *Foster v. Wintergreen Real Estate Co., 81 Va. Cir. 353, 364 (Cir. Ct. 2010).*

While it is true that *Al-Abood* was not dealing with a multiple plaintiff case, *Foster* was. see *Foster 81 Va. Cir. 353 at Summary and passim* describing the Foster "plaintiffs" in the plural, yet ordering punitives to be reduced to $350,000 for the whole case if the jury exceeded that amount. *Foster at 364.* In any event, the above law regarding punitive damages not being "plaintiff's due" combined with the holding in state and federal courts that the Virginia punitive damages cap applies to the case "as a whole", and not per defendant, makes the conclusion urged by defendants unavoidably obvious.

*Third,* the plaintiffs' argument that the punitive cap should not apply to them because their case is special has been tried before in a similar fashion and failed in a Virginia Circuit court:

> "The provisions of § 8.01-38.1 of the Code of Virginia are clear and are explicit and have been repeatedly upheld by the Federal Courts and inferentially by the Supreme Court of Virginia. See, Wackenhut Applied Technologies v. Sygnetron, 979 F.2d 980 (4th Cir. 1992);  see also Etheridge v. Medical Ctr. Hosps., 237 Va. 87, 376 S.E.2d 525 (1989).
> 
> The Plaintiff's response to this motion is a broadside attack against the constitutionality of the Virginia statutory cap on punitive damages. It ranges from an allegation that the punitive damage cap violates the United States Constitution to the fact that the punitive damage cap violates the separation of powers doctrine, the equal protection clause of the United States and Virginia Constitutions, and the fact that the punitive damage cap should not be applied in this case because the Defendants allegedly used a fraudulent corporation in an unsuccessful attempt to shield themselves from liability.
> 
> Although the Plaintiff makes every argument that could be made to challenge the cap and cites a

3

number of non-Virginia authorities in support of his position, it is the position of this Court that the punitive damages cap set forth in § 8.01-38.1 is constitutional and valid, and it requires the Court to reduce the amount of total punitive damages awarded in this case to $ 350,000.00. Therefore, the punitive damage award will be so reduced." *Huffman v. Beverly Cal. Corp., 42 Va. Cir. 205, 211-12 (Cir. Ct. 1997*)

*Fourth,* the plaintiffs' argument regarding joint and several liability also misses the mark. Virginia law requires at least a nominal compensatory damage award as a prerequisite to any award of punitive damages. *Zedd v. Jenkins 194 Va. 704, 708 (1953).* No moving defendant was sued under Count V and therefore not even nominal damages were awarded against them as to Count V. Only Jason Kessler was sued under Count IV and therefore not even nominal damages were awarded against IE or Damigo on Count IV.

To be explicit, the plaintiffs' operative complaint specifically identifies which defendants are sued in each cause of action. The defendants have spent over four years litigating this case only as to the claims they were actually sued under. The plaintiffs themselves made the tactical decision to show no faith in their conspiracy claims and bring stand-alone non conspiracy claims as well. Plaintiffs cannot now be permitted to move the goal posts and have any damages awarded based in any part on claims a defendant was not even sued for.

The punitive to compensatory ratio calculation must therefore be made based only on claims where a defendant was actually found liable for compensatory damages.

In conclusion, the Court must reduce the punitive damage award to no more than $350,000 for the whole case and should reduce it lower than that based on the law and argument above and in defendants' previous briefs.

4

Respectfully Submitted,

s/James E. Kolenich
James E. Kolenich
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
JEK318@gmail.com

s/Elmer Woodard
Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

*Trial Attorneys for Jason Kessler, Nathan Damigo, and Identity Evropa*

## CERTIFICATE OF SERVICE

I certify the above was served on MAY 5, 2022 on all ECF participants and that parties requiring service by other means were served as follows:

Robert Ray
*azzmador@gmail.com*

Vanguard America c/o Dillon Hopper
*dillon_hopper@protonmail.com*

Elliott Kline *eli.f.mosley@gmail.com*
deplorabletruth@gmail.com

Christopher Cantwell
*#00991-509*

5

*USP Marion*
*4500 Prison Rd.*
*PO Box 2000*
*Marion IL 62959*

                Respectfully Submitted,

                s/ James E. Kolenich

6