In The United States District Court
For The Western District of Virginia
Charlottesville Division

Sines, et al, Plaintiffs vs.
Kessler, et al, Defendants
Civil Action 3:17-cv-00072

Sworn Declaration of Christopher Cantwell Dated 4-28-2022

I, Christopher Cantwell do aver under penalty of perjury that the following is true and correct, on this 28th day of April 2022.

1.) On 4-1-2022 at mail call I was given Plaintiffs' motion to withdraw as counsel for Makiko Hiromi dated 3-24-2022

2.) On 4-11-2022 I asked Mr. Simpkins about the two BP-8 forms I submitted to him last month regarding the discovery computer and the administrative block of Plaintiffs' counsel's phone number.

3.) Mr. Simpkins said the computer was fixed yesterday, and that he would bring my digital materials tomorrow. Dates relative to paragraph 2.

4.) Mr. Simpkins said he would get my written response regarding the contact for Plaintiffs' counsel the next day.

-1-

5.) At mail call on 4-12-2022 I was given an envelope from the Court postmarked 3-31-2022. Though it was marked "Mail to be opened in presence of inmate" it had been opened outside my presence, per habit. The envelope contained Document numbers 1558, 1559, 1563, and 1565.

6.) Also at mail call on 4-12-2022, I asked Mr. Simpkins about the BP-8 forms he yesterday said he would have responses to today. He once again said "tomorrow".

7.) When I saw Mr. Simpkins on 4-13-2022 he did not have the aforementioned BP-8 forms.

8.) When I saw Mr. Simpkins on 4-14-2022 he did not have the aforementioned BP-8 forms.

9.) At mail call on 4-14-2022 I was informed that the administrative blocks on my contacts with Plaintiffs' counsel had been removed.

10.) At mail call on 4-14-2022 I was given ECF 1567 which purports to grant a consent motion at 1566, which I have never seen or heard of. Per habit this was opened outside my presence contrary to the Court's instructions, and the date of the postmark is removed by ripping.

-2-

11.) At mail call on 4-27-2022 I was given ECF 1577, 1569, 1570, Plaintiffs' motion to exceed page limit dated 4-12-22, Plaintiffs' motion for Mr. Butto to withdraw as counsel, dated 4-15-22, and Plaintiffs' omnibus opposition dated 4-13-22.

12.) On 4-19-2022 Mr. Simpkins concluded he could not produce the records of the administrative remedy forms I gave him in the prior month. We agreed to memorialize for records and litigation purposes the substance of those forms by my submitting an electronic staff request (aka a cop-out) which has been included with this declaration.

Having so averred, I sayeth no more, under oath,

Respectfully submitted,
Christopher Cantwell
4-28-2022

— Chris Cantwell

- 3 -

TRULINCS 00991509 - CANTWELL, CHRISTOPHER - Unit: MAR-I-A

---

FROM: 00991509
TO: CMU
SUBJECT: ***Request to Staff*** CANTWELL, CHRISTOPHER, Reg# 00991509, MAR-I-A
DATE: 04/19/2022 01:03:19 PM

To: Simpkins
Inmate Work Assignment: None

Per a conversation we had moments ago, I write today to memorialize for records and litigation purposes, your loss of two BP-8 administrative remedy forms I gave to you last month.

As you recall, and as I have submitted to the Western District of Virginia in a sworn afidavit, I submitted two BP-8 Administrative Remedy forms to you last month during the COVID lockdown. Due to the lockdown, I was unable to make copies of those documents before giving them to you.

The issues raised were regarding the "Discovery Computer" and the administrative block placed on the phone numbers for Plaintiffs' Counsel in the Sines v. Kessler civil suit in which I am a pro se Defendant.

The discovery computer was removed from the unit prior to my return from Virginia on December 20th 2021. I was told at that time that the computer would be back "Some time in January". On the BP-8 form I gave you, in the section where it asks what I had already done to try to resolve the problem, I noted that, as the months went by, I made repeated verbal inquiries of you and other staff members as to the status of this computer. Each time I was told that it would be back "soon".

I gave you the BP-8 form in early March of 2022 after three months of such inquiries proved futile.

When I followed up with you on 4-11-22, you informed me that the computer had been fixed "yesterday" and that you would bring my digital materials and the completed BP-8 the following day. Thus far I have seen neither, as of 4-19-22.

In the BP-8 form where it asked what resolution I sought, in addition to the return of the discovery computer, I made some reference to the continued interference in my litigation, and the persistent conditions of the CMU which make it impossible for pro se Defendants to effectively deal with the Courts.

I thought it noteworthy that administrative procedure had dragged this problem out beyond the deadlines I faced in Court, and that it was only when the administrative procedure was about to notify higher authorities that the problem was solved.

As for the blockage of Plaintiffs' counsel's phone number, you'll recall that I gave you a double sided printout of two electronic staff requests (Cop Outs) I made to Ms. Hill regarding this problem, from January. At mail call on 4-14-22, Ms. Hill gave me that piece of paper back, and handwritten on that paper it was noted that the administrative blocks on those phone numbers had been removed. To this date, I have not received any electronic response to those requests. I have not received any electronic responses since I have returned from Virginia, and I received scarce few prior to leaving. I suspect this is in effort to reduce records to be produced in discovery, since the CMU knows I am planning litigation over the unlawful interference in my defense and media contacts.

As of today, you have not been able to produce the completed BP-8 form that I gave you with the printed Cop Outs.

In the sectioon of the BP-8 where it asks what I have done to try to solve the problem, I noted that I submitted two cop outs to Ms. Hill, and spent weeks asking politely about a resolution to the issue, each time being told some version of "soon". After weeks of having my time wasted, I put in the BP-8, and once again, the problem was unceremoniously resolved without explanation, at the last possible moment before higher authorities were notified through the administrative remedy procedure.

In the section of the BP-8 where it asked what resolution I sought, in addition to having the block removed, I asked that the CMU cease its unlawful and unjustified interference in my litigation, admit wrongdoing, and apologize.

Again, I think it worth noting, that the problem I sought to solve by making this phone call, was a time sensitive one. I needed a document before a deadline expired. The time has passed, and I have suffered in my ability to litigate as a result of this unjustified interference in my litigation.

Thanks in no small part to the CMU interfering in my litigation, I am now fighting a civil verdict which wrongly seeks to hold me liable for $800,000 in damages, and approximately $14,000,000 in attorneys fees and costs.