# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER,

                        Plaintiffs,

    v.

JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOTT KLINE a/k/a/ ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, MICHAEL "ENOCH" PEINOVICH, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE,

                        Defendants.

**Civil Action No. 3:17-cv-00072-NKM**

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION FOR ATTORNEYS' FEES AND COSTS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Fees and Costs Should Be Awarded Based on All of Plaintiffs' Interrelated Claims. ................................................................................................................................2

    II.    There Is No Reason to Reduce Plaintiffs' Award of Fees and Costs Based on Purported Differences Among Defendants. ...............................................................4

    III.    There Is No Reason to Reduce Plaintiffs' Fees or Costs Based on Plaintiffs' Degree of Success. ........................................................................................................7

    IV.    Defendants' Alleged Inability to Pay Is Irrelevant to This Analysis and Insufficiently Supported. ...................................................................................................8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                                      Page(s)

*Alexander v. Flowers*,
   658 S.E.2d 355 (Va. Ct. App. 2008) ............................................................................... 9

*Anderson v. Griffin*,
   397 F.3d 515 (7th Cir. 2005) ............................................................................................ 5

*Arthur v. Pet Dairy*,
   No. 11 Civ. 00042, 2013 WL 6228732 (W.D. Va. Dec. 2, 2013) ................................... 10

*Bradford v. HSBC Mortg. Corp.*,
   859 F. Supp. 2d 783 (E.D. Va. 2012) ............................................................................... 6

*Certain v. Potter*,
   330 F. Supp. 2d 576 (M.D.N.C. 2004) ............................................................................. 8

*Clark v. Milam*,
   891 F. Supp. 268 (S.D.W. Va. 1995) ............................................................................... 8

*Clark v. Stanley Furniture Co., LLC*,
   No. 20 Civ. 00063, 2021 WL 4787280 (W.D. Va. Oct. 14, 2021) ................................... 8

*Concord Boat Corp. v. Brunswick Corp.*,
   309 F.3d 494 (8th Cir. 2002) ............................................................................................ 5

*Cooper v. Dyke*,
   814 F.2d 941 (4th Cir. 1987) ............................................................................................ 3

*Coppedge v. Franklin Cnty. Bd. of Educ.*,
   345 F. Supp. 2d 567 (E.D.N.C. 2004) ............................................................................. 9

*Essex v. Randall*,
   No. 03 Civ. 03276, 2006 WL 83424 (D. Md. Jan. 11, 2006) ........................................... 5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ..................................................................................................... 2, 4

*In re Derailment Cases*,
   417 F.3d 840 (8th Cir. 2005) ............................................................................................ 5

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 27 F.4th 291 (4th Cir. 2022) ................................................................................ 7

*In re Paoli R.R. Yard PCB Litig.*,
   221 F.3d 449 (3d Cir. 2000) ............................................................................................. 5

*Johnson v. Ga. Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) .................................................................................... 1, 6, 7, 8

*Johnson v. Hugo's Skateway*,
   949 F.2d 1338 (4th Cir. 1991) ........................................................................................ 3, 4, 5

*Johnson v. Hugo's Skateway*,
   974 F.2d 1408 (4th Cir. 1992) ........................................................................................ 4, 5, 8

*Jones v. Southpeak Interactive Corp. of Del.*,
   777 F.3d 658 (4th Cir. 2015) .............................................................................................. 5, 6

*Lang v. Va. Beach Life Saving Serv., Inc.*,
   No. 12 Civ. 00574, 2013 WL 12095215 (E.D. Va. Aug. 23, 2013) ....................................... 10

*McKnight v. Cir. City Stores, Inc.*,
   14 F. App'x 147 (4th Cir. 2001) .............................................................................................. 3

*Nieves v. RReal Image, Inc.*,
   No. 19 Civ. 01333, 2021 WL 4219633 (E.D. Va. June 21, 2021) ............................................ 6

*Nieves v. RReal Image, Inc.*,
   No. 19 Civ. 01333, 2021 WL 4200000 (E.D. Va. Sept. 14, 2021) ........................................... 6

*Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys Inc.*,
   569 F.3d 1353 (Fed. Cir. 2009) .............................................................................................. 5

*Quesinberry v. Life Ins. Co. of N. Am.*,
   987 F.2d 1017 (4th Cir. 1993) ................................................................................................ 9

*Ulloa v. QSP, Inc.*,
   624 S.E.2d 43 (Va. 2006) ....................................................................................................... 4

*Univ. Support Servs., Inc. v. Galvin*,
   No. 126614, 1996 WL 1065541 (Va. Cir. Ct. May 20, 1996) ................................................. 7

*Walker v. Mod-U-Kraf Homes, LLC*,
   No. 12 Civ. 00470, 2015 WL 4400227 (W.D. Va. July 15, 2015) ......................................... 10

*West Square, L.L.C. v. Communication Technologies, Inc.*,
   649 S.E.2d 698 (Va. 2007) ..................................................................................................... 4

**Statutes**

42 U.S.C. § 1988(b) ..................................................................................................................... 9

Va. Code § 8.01-42.1 ............................................................................................................ 2, 6, 9

Va. Code § 16.1-278.19 ................................................................................................................ 9

**Rules**

Fed. R. Civ. P. 54(d) ................................................................................................................ 8

Fed. R. Evid. 408 .................................................................................................................... 6

W.D. Va. Local R. 83(e) .......................................................................................................... 6

## PRELIMINARY STATEMENT

Those Defendants who have opposed Plaintiffs' Motion for Attorneys' Fees and Costs (the "Motion") leave Plaintiffs' arguments largely unrebutted.[1] They do not dispute the reasonableness of Plaintiffs' requested hourly rates, the reasonableness of Plaintiffs' approach in culling timekeepers and billing entries, or even (with limited exceptions addressed below) the reasonableness of the overall number of hours Plaintiffs expended over more than four years in litigating this case to a successful trial. To the contrary, several Defendants openly concede that Plaintiffs "appear to have exercised the required 'billing judgment' as they took a 'conservative approach' to their motion." ECF 1570 at 3 n.5. Nor do Defendants address the vast majority of the applicable *Johnson* factors, a key part of the established legal standard for assessing the reasonableness of a fee award. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); ECF 1552 at 14–15. Instead, Defendants make up yet other purported factors and address those, even though they have not been articulated in *Johnson*. Focusing almost exclusively on Plaintiffs' request for fees, Defendants make hardly any mention at all of Plaintiffs' request for costs and expenses, including failing to dispute that, due to Defendants' intransigence in discovery, Plaintiffs are entitled to be reimbursed for the $1.26 million that they incurred for the third-party discovery vendor, iDS.

Rather than contend with the bulk of Plaintiffs' Motion, Defendants focus on four narrow and ultimately irrelevant arguments against Plaintiffs' requested award of fees and costs: (1) Plaintiffs' lack of success on certain claims; (2) purported differences among Defendants based on the jury's verdict; (3) Plaintiffs' supposed overall lack of success in the litigation; and

---

[1]  In addition to the defaulting Defendants, non-defaulting Defendants Elliott Kline, Jeff Schoep, Richard Spencer, Robert "Azzmador" Ray, Vanguard America, and National Socialist Movement have not opposed the Motion.

1

(4) Defendants' claimed inability to pay the requested award. Because these arguments run contrary to settled law, this Court should reject each of them and award Plaintiffs the full amount of their requested attorneys' fees and costs, or approximately $14.5 million.

## ARGUMENT

**I.       Fees and Costs Should Be Awarded Based on All of Plaintiffs' Interrelated Claims.**

In their oppositions, several Defendants appear to argue that Plaintiffs' fee request should be discounted either because (1) Plaintiffs are entitled to fees only on their Va. Code § 8.01-42.1 claim and no other cause of action, or (2) Plaintiffs did not prevail on *every* claim (as the jury did not reach a verdict on Counts I and II). *See, e.g.*, ECF 1570 at 3–5; ECF 1571 at 2; ECF 1573 at 2–3. Notably, Defendants do not appear to contest that, as a factual matter, Plaintiffs' claims were, in fact, interrelated with their Va. Code § 8.01-42.1 claim, as described in Plaintiffs' opening brief. *See* ECF 1552 at 17–18. That alone should end the inquiry.

As outlined in Plaintiffs' opening brief, both Virginia and federal law are crystal-clear that a prevailing party may seek attorneys' fees for time spent not only on the claim that directly entitles the party to fees—here, Va. Code § 8.01-42.1—but also on factually "interrelated" or "intertwined" claims. *See* ECF 1552 at 14, 16–17 (citing cases). In light of this principle and the undisputed interrelatedness of Plaintiffs' claims, Defendants are incorrect that Plaintiffs were required to "make some reasonable showing of what hours and expenses are associated with which counts," ECF 1570 at 4; *see also* ECF 1573 at 2–3. Indeed, one of the rationales of the interrelatedness doctrine is that, in many civil rights cases like this one, "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also* ECF 1552-30 (Declaration of David Dinielli) ¶¶ 23–29 (explaining why the

2

reasonableness of the total number of hours does not depend on the number of claims in a fact-driven impact case such as this one).

Defendants are also incorrect that Plaintiffs were required to "identify and excise" fees and costs associated with Plaintiffs Wispelwey and Sines because the jury awarded them no damages or damages only on certain claims, respectively. ECF 1570 at 3. Instead, the law is clear that "[w]hen claims are interrelated in this manner, the district court is *not* required to sort out the hours devoted to successful claims from those expended on fruitless efforts." *McKnight v. Cir. City Stores, Inc.*, 14 F. App'x 147, 153 (4th Cir. 2001) (emphasis added); *see also Cooper v. Dyke*, 814 F.2d 941, 950–51 (4th Cir. 1987) ("Full compensation for hours expended does not require plaintiff to prevail on every claim. . . . Moreover, the absence of more than nominal damages on [one] count does not diminish plaintiff's right to full compensation.").[2]

Tellingly, the court decisions that Defendants cite in support of their argument are distinguishable, and in fact support Plaintiffs' position. Defendants rely heavily on the vacated and superseded Fourth Circuit opinion in *Johnson v. Hugo's Skateway*. *See, e.g.*, ECF 1570 at 2 (citing 949 F.2d 1338, 1352 (4th Cir. 1991) ("*Hugo's Skateway I*")); ECF 1573 at 2 (same). On rehearing, the *en banc* Fourth Circuit vacated and remanded the fee award in that case due to concern that the award may have been improperly reduced because the plaintiff succeeded on only one of three factually interrelated counts "despite the fact that he received a sizable verdict and that all three counts arose from 'a common core of facts.'" *Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1419

---

[2] To the extent that Defendants are arguing that the same applies to the "dismissed" claims of Plaintiffs Pearce and Magill, Defendants are mistaken as well. ECF 1570 at 3–4 & n.6. Plaintiffs Pearce and Magill brought the same interrelated claims as their co-Plaintiffs. In any event, they exited from the case early in the litigation, such that Plaintiffs did not incur even close to the same discovery fees and expenses with respect to those two Plaintiffs. *See* ECF 468 (Plaintiff Magill withdrew April 16, 2019); ECF 336 (Plaintiff Pearce dismissed July 9, 2018).

(4th Cir. 1992) (en banc) ("*Hugo's Skateway II*") (quoting *Hensley*, 461 U.S. 424)). Defendants' reliance on *Hugo's Skateway I* is particularly perplexing since Plaintiffs cited *Hugo's Skateway II* in their opening brief. *See* ECF 1552 at 23.

Defendants also cite *West Square, L.L.C. v. Communication Technologies, Inc.*, 649 S.E.2d 698, 699 (Va. 2007), and *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006). *See, e.g.*, ECF 1570 at 2–3; ECF 1573 at 2. In both of these cases, the fees were awarded not under a Virginia statute, but rather under contractual provisions that clearly specified the terms of the fee awards. *See West Square*, 649 S.E.2d at 702 (quoting *Ulloa*, 624 S.E.2d at 49). Even if *West Square* were relevant, which it is not given this crucial distinction, that case supports Plaintiffs insofar as the court rejected an argument, similar to Defendants' argument here, that the plaintiff had improperly failed to "segregate its requested attorneys' fees and expenses." 649 S.E.2d at 700 (affirming fee grant).

## II. There Is No Reason to Reduce Plaintiffs' Award of Fees and Costs Based on Purported Differences Among Defendants.

Several Defendants also seem to argue that Plaintiffs' Motion should be rejected, or their fee award reduced, because Plaintiffs brought certain causes of action against some Defendants, but not others. *See, e.g.*, ECF 1570 at 3 (arguing that "[P]laintiffs [do not] even attempt to make the necessary distinction between defendants who are liable on some but not all causes of action"); ECF 1571 at 1 (contending that Plaintiffs "failed to properly and specifically move for attorneys' fees against [them]"). To the extent Defendants seek to raise arguments independent of their interrelatedness contentions addressed above—for example, that Plaintiffs are only entitled to assert fees or costs against certain Defendants or that Plaintiffs were required to apportion their fees and costs as against each specific Defendant—they fail to cite any valid authority in support.[3]

---

[3] In *Hugo's Skateway I*, 949 F.2d 1338, the plaintiff's fee request was reduced in the vacated opinion where, unlike here, the plaintiff neglected to exclude fees and costs expended in litigating against a defendant with whom he had settled his claims. *See Hugo's Skateway I*, 949

4

That is because there is none. The law is clear that where, as here, claims are interrelated, it is appropriate for the Court to hold Defendants jointly and severally liable for attorneys' fees. *See, e.g.*, *Essex v. Randall*, No. 03 Civ. 03276, 2006 WL 83424, at *6–7 (D. Md. Jan. 11, 2006); *see also Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 677 (4th Cir. 2015) (noting, in upholding joint and several liability for a fee award, "[w]e have never required a defendant's share of a fee award to equal his share of damages, nor have other circuits"). The same holds true for costs: the "default rule [is] that the losing parties are jointly and severally liable for costs." *Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys Inc.*, 569 F.3d 1353, 1357 (Fed. Cir. 2009); *see also Anderson v. Griffin*, 397 F.3d 515, 522–23 (7th Cir. 2005) (similar, collecting cases); *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) (similar); *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (similar, where plaintiffs sought different damages, but "were represented by the same counsel, had common theories of liability, and sought the same discovery"); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 454 (3d Cir. 2000), *as amended* (Sept. 15, 2000) (following joint-and-several liability default rule for cost allocation where costs are "intertwined with each other" and some litigants "appear unable to pay any portion of the costs award").

Finding Defendants jointly and severally liable for fees and costs is particularly appropriate here, where Defendants are also jointly and severally liable for damages given the jury's determination that there was an unlawful conspiracy. *See* ECF 1554 at 17–22; *see also Nieves v. RReal Image, Inc.*, No. 19 Civ. 1333, 2021 WL 4219633, at *2 (E.D. Va. June 21, 2021) ("The Court has already determined that joint and several liability is appropriate for Plaintiff's damages,

---

F.2d at 1352–53; *see also Hugo's Skateway II*, 974 F.2d at 1418–19. No analogous settlement was reached with any Defendant in this case.

and the undersigned sees no reason to find otherwise in allocating Plaintiff's attorney's fees and costs award."), *report and recommendation adopted*, No. 19 Civ. 1333, 2021 WL 4200000 (E.D. Va. Sept. 14, 2021). Should the Court decide otherwise, it retains discretion to apportion fees and costs as it sees fit. *See Jones*, 777 F.3d at 677 (concluding that, because "district courts have discretion over the proper allocation of a fee award among multiple defendants," courts "may select . . . [a] method" of allocation).

For similar reasons, failure to settle a claim provides no cause for reducing the lodestar amount here, as several Defendants suggest. *See* ECF 1575 at 3–4. First and foremost, it is obviously improper for Defendants to publicly disclose confidential settlement discussions. *See* Fed. R. Evid. 408; W.D. Va. Local R. 83(e). Moreover, contrary to Defendants' assertion, *see* ECF 1575 at 4, the existence of a proposed settlement is not a *Johnson* factor. *See Johnson*, 488 F.2d at 717–19 (5th Cir. 1974). Nor does an offer of judgment "preclude any attorneys fees." ECF 1575 at 4. Rather, because Va. Code § 8.01-42.1 "defines 'costs' to *exclude* attorney's fees, those fees are *not* considered costs under Rule 68," *Bradford v. HSBC Mortg. Corp.*, 859 F. Supp. 2d 783, 797 (E.D. Va. 2012), and post-offer of judgment attorneys' fees may be awarded even if any offer of judgment exceeded Plaintiffs' award at trial. In any event, that is clearly not the case here, where the jury's damages award far exceeds certain Defendants' purported $50,000 offer of judgment. Rather, all Defendants (except for Defendant Fields) are jointly and severally liable for $1,303,284 in compensatory damages, *see* ECF 1572 at 19, and the jury assessed millions of dollars in punitive damages against the Defendants, s*ee* ECF 1478 at 5.

**III. There Is No Reason to Reduce Plaintiffs' Fees or Costs Based on Plaintiffs' Degree of Success.**

Several Defendants' request for a discount based on a supposed lack of success in this litigation also lacks merit. *See, e.g.*, ECF 1570 at 4–5; ECF 1571 at 2; ECF 1575 at 1–2, 5; ECF 1578 at 1.

As Plaintiffs explained in their opening brief, their success in the litigation supports a request for fees as one of the twelve *Johnson* factors, 488 F.2d at 718 (considering "the results obtained"), and also as the final step of the lodestar framework, where the court awards a "percentage of the remaining amount, in consideration of 'the degree of success enjoyed by the plaintiff,'" *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 27 F.4th 291, 300 (4th Cir. 2022) (citation omitted). *See also* ECF 1552 at 21–23. Defendants' wooden comparisons of Plaintiffs' requested award to the specific amounts of damages awarded against different Defendants, *see* ECF 1570 at 4–5; ECF 1575 at 5, as well as their attempt to characterize the degree of Plaintiffs' success with a fraction or percentage, ECF 1575 at 2–3, find no support in the law.[4] *See, e.g.*, *Univ. Support Servs., Inc. v. Galvin*, No. 126614, 1996 WL 1065541, at *6 (Va. Cir. Ct. May 20, 1996) ("[I]n cases such as this one where the causes of action are interrelated, a mathematical approach comparing the number of issues in the case to the issues prevailed upon[] is not appropriate."); *see also* ECF 1552 at 22–23. Rather, the question is simply whether Plaintiffs' "litigation as a whole" resulted in an "overall success." *Certain v.*

---

[4] Defendants' arguments on this point are also disingenuous to the extent that they fail to acknowledge or misrepresent the size of the jury's actual awards in this case. *Compare* ECF 1575 at 5 (claiming awards of $7,000 against Parrott and Heimbach and $14,000 against TWP), *with* ECF 1478 at 5 (jury assessed $2 million in punitive damages against Defendants TWP, Parrott, and Heimbach); *see also* ECF 1572 at 19 (Defendants (except for Fields) are jointly and severally liable for $1,303,284 in compensatory damages). Moreover, while certain Defendants contend that the jury's award was "unlawful[]," ECF 1570 at 5, that issue is the subject of other pending motions that are likely to be denied. *See* ECF 1488, 1522, 1536, 1542–43, 1550–51, 1555–57.

*Potter*, 330 F. Supp. 2d 576, 587 (M.D.N.C. 2004); *see also Hugo's Skateway II*, 974 F.2d at 1419 (similar, where plaintiff received "sizable verdict" and prevailed on only one of three interrelated counts). It plainly did here, with Plaintiffs achieving a resounding overall victory, including a positive verdict on four of six claims, no loss on any claim, and $26 million in damages. *See, e.g.*, *Clark v. Milam*, 891 F. Supp. 268, 272 (S.D.W. Va. 1995).[5]

## IV. Defendants' Alleged Inability to Pay Is Irrelevant to This Analysis and Insufficiently Supported.

Finally, while several Defendants contend that Plaintiffs' request should be reduced or denied based on their purported inability to pay, *see, e.g.*, ECF 1570 at 4–5; ECF 1573 at 2; *see also* ECF 1575 at 5, Defendants fail to provide legal or factual support for this contention.

To the extent certain Defendants attempt to assert that their assets are "a relevant *Johnson* factor," ECF 1575 at 5, that proposition is plainly untrue and contradicted by even a cursory glance at the *Johnson* factors. *See Johnson*, 488 F.2d at 717–19 (listing factors). The one case that Defendants cite in support of the proposition that the Court should consider their ability to pay—*Clark v. Stanley Furniture Co., LLC*, No. 20 Civ. 00063, 2021 WL 4787280 (W.D. Va. Oct. 14, 2021)—is wholly inapposite. In *Clark*, the court considered the award of attorneys' fees in an Employment Retirement Income Security Act ("ERISA") case and applied the "*Quesinberry* factors," *id.* at *9, which "guide the district court's exercise of discretion in awarding attorneys' fees under ERISA" (though do not make mandatory the consideration of a party's ability to pay). *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993). Because Plaintiffs are not seeking attorneys' fees under ERISA, *Clark* and its analysis have no bearing here.

---

[5] As for costs, while most Defendants simply fail to address them at all, certain Defendants concede that Plaintiffs "are the prevailing parties," ECF 1570 at 4, which is the only prerequisite under Rule 54(d) of the Federal Rules of Civil Procedure for an award of costs.

8

Indeed, in contrast to the ERISA context, Plaintiffs have been unable to find any decisions applying Va. Code § 8.01-42.1—the statute pursuant to which Plaintiffs are seeking attorneys' fees—where the court has considered a party's ability to pay the fee award. This makes sense: unlike certain Virginia statutes that expressly require considering a party's ability to pay, the Virginia hate-crimes statute does not. *Compare* Va. Code § 8.01-42.1(B) (entitling a prevailing party, "in the discretion of the court[,] to an award of the cost of the litigation and reasonable attorney fees in an amount to be fixed by the court"), *with* Va. Code § 16.1-278.19 (in juvenile and domestic relations proceedings, "the court may award attorney fees and costs on behalf of any party as the court deems appropriate *based on the relative financial ability of the parties*" (emphasis added)); *see also Alexander v. a*, 658 S.E.2d 355, 360–61 (Va. Ct. App. 2008) (reversing and remanding attorneys' fee award where trial court did not consider financial abilities of parties pursuant to Va. Code § 16.1–278.19). Read against this broader statutory context, the Virginia legislature's choice not to include consideration of ability to pay in Va. Code § 8.01-42.1 is meaningful, and Defendants provide no reason to override it.[6]

Defendants' arguments here fail for a second and independent reason. Their threadbare assertions of financial incapacity are insufficient to overcome Plaintiffs' statutory entitlement to fees and costs. In circumstances where ability to pay is a factor, the law generally requires defendants to provide concrete evidence of their limited financial means and inability to pay. *See, e.g.*, *Walker v. Mod-U-Kraf Homes, LLC*, No. 12 Civ. 00470, 2015 WL 4400227, at *2 (W.D. Va.

---

[6] 42 U.S.C. § 1988(b), a federal comparator to Va. Code § 8.01-42.1(B), further confirms that Defendants' financial status is irrelevant to Plaintiffs' request for fees. Where parties seek attorneys' fees pursuant to Section 1988(b), courts generally do not disturb such awards based on the losing party's ability to pay. *See Coppedge v. Franklin Cnty. Bd. of Educ.*, 345 F. Supp. 2d 567, 570 (E.D.N.C. 2004) (noting that courts find the "ability, or inability, to pay attorney's fees is not a 'special circumstance'" warranting reduction of an award) (collecting cases).

9

July 17, 2015) (declining to take "'unusual step' of denying the defendant's bill of costs" where only evidence of plaintiff's inability to pay was "deposition testimony indicating that she earns $8.11 per hour"); *Arthur v. Pet Dairy*, No. 11 Civ. 00042, 2013 WL 6228732, at *2 (W.D. Va. Dec. 2, 2013) (in absence of "any affidavits or particular citations to the record that would indicate an extreme inability to pay," "mere allegations of hardship are insufficient"); *Lang v. Va. Beach Life Saving Serv., Inc.*, No. 12 Civ. 574, 2013 WL 12095215, at *10 (E.D. Va. Aug. 23, 2013) (in Title VII case, declining to "entertain a defendant's ability to pay" where there was "limited and conflicting evidence of Defendant's financial means"). But in this case, several Defendants merely suggest that they are unable to pay, without providing any form of affidavit or declaration in support. *See* ECF 1573 at 2; ECF 1575 at 5; ECF 1601 at 4. Three Defendants do provide conclusory, one-page declarations, *see* ECF 1570-1, 1570-2, 1570-3, but the simple "say-so" of those Defendants, without actual proof of their financial status, does not suffice under the law.[7]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and award Plaintiffs the attorneys' fees and costs requested.

Date: May 27, 2022

Respectfully submitted,

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor

---

[7] Defendants' declarations are not only unsupported by any evidence, but also incorporate unsupported legal conclusions and speculation. *See* ECF 1570-2 at 1 (Damigo claiming reliance on "money that is protected by law from garnishment or other collection activity to meet my financial obligations to my attorneys"); ECF 1570-3 at 1 (Kessler speculating as to his ability to raise money in future).

New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiffs*

Of Counsel:

Julie E. Fink (*pro hac vice*)
Gabrielle E. Tenzer (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Yotam Barkai (*pro hac vice*)
Alexandra K. Conlon (*pro hac vice*)
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
jfink@kaplanhecker.com
gtenzer@kaplanhecker.com
rtolentino@kaplanhecker.com
ybarkai@kaplanhecker.com
aconlon@kaplanhecker.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A. Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Gemma Seidita (*pro hac vice*)
Khary Anderson (*pro hac vice*)
COOLEY LLP

Karen L. Dunn (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Arpine S. Lawyer (*pro hac vice*)
Matteo Godi (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
mgodi@paulweiss.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
Amanda L. Liverzani (*pro hac vice*)
Daniel Philip Roy, III (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com
aliverzani@cooley.com
droy@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS PLC
10 South Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

11

1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com
gseidita@cooley.com
kjanderson@cooley.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, I served the following via the ECF system:

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
jek318@gmail.com

*Counsel for Defendants Jason Kessler, Nathan Damigo, and Identity Europa, Inc. (Identity Evropa)*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Parrott, Traditionalist Worker Party, and Matthew Heimbach*

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015
edward@rebrooklaw.com

*Counsel for Defendants Jeff Schoep, National Socialist Movement, Nationalist Front, Matthew Parrott, Traditionalist Worker Party, and Matthew Heimbach*

I hereby certify that on May 27, 2022, I also served the following by electronic mail and U.S. mail:

Richard Spencer
richardbspencer@icloud.com
richardbspencer@gmail.com

Vanguard America
c/o Dillon Hopper
dillon_hopper@protonmail.com

Christopher Cantwell
Christopher Cantwell 00991-509
USP Marion, 4500 Prison Rd.
P.O. Box 2000
Marion, IL 62959

Robert "Azzmador" Ray
azzmador@gmail.com

Elliott Kline a/k/a Eli Mosley
eli.f.mosley@gmail.com
deplorabletruth@gmail.com
eli.r.kline@gmail.com

_____
Roberta A. Kaplan (*pro hac vice*)
KAPLAN HECKER & FINK LLP

*Counsel for Plaintiffs*