IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

**AUG 16 2022**

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

Sines, et al, Plaintiffs vs.

Kessler, et al, Defendants

Civil Action 3:17-cv-00072

### SWORN DECLARATION OF CHRISTOPHER CANTWELL

### REGARDING CMU PROHIBITION OF MEDIA CONTACTS

I, Christopher Cantwell, do aver on this 26th day of July 2022,

that the following is true and correct, under penalty of perjury.

1.) The documents included with this declaration are true and accurate copies of my communications with Bureau of Prisons (BOP) officials regarding the issue described. The only differences between these and the originals are caused by deficiencies in the copy machine, specifically that some edges are cut off, and a black line appears across the copies that is not in the originals. These copies represent a complete record of the issue addressed to date.

2.) Prior to the August 20th 2021 settlement conference in this case, I had followed the Court's instructions by sending in a document describing what I perceived to be the strengths and weaknesses of this case. This time sensitive communication was withheld by the staff of USP Marion's Communications Management Unit, such that it was not delivered in time for the settlement conference.

3.) Following this revelation, I moved the Court to enjoin the CMU from obstructing my time sensitive communications with the Court. The Court granted me permission to file electronically, and denied the motion as moot.

-1-

4.) In addition to my motion to the court, I sent an electronic staff request (Cop-Out) to Intelligence Research Specialist Kathy Hill about the issue. In this request, I warned Ms. Hill that I would go to the media if the CMU continued to interfere in this litigation. The request was sent on 8-21-2022.

5.) By September 9th 2021, two of my media contacts were administratively blocked. Ian Freeman, and Jared Howe.

6.) I have other media contacts, with CNN, the Associated Press, the Huffington Post, the Washington Times, the New York Times, and countless bloggers and podcasters, which I have not added to my contacts here as a result of this issue. I have waited to resolve this problem before adding them, to avoid being accused of rule violations.

7.) While I was being transported for the trial and had free access to phones, I conducted interviews with CNN, the Associated Press, and several bloggers and podcasters, about this case, and about the conditions at USP Marion.

8.) On September 9th I put in a Cop Out to Ms. Hill asking the reason my contacts had been blocked.

9.) Early in the morning of September 14th, Ms. Hill responded in writing to an unrelated Cop Out I had submitted on September 10th.

10.) Knowing that Ms. Hill had by that time had ample opportunity to read and respond to my 9-9-2021 request and chosen not to, I asked Ms. Hill about the issue at mail call on 9-14-2021. At first she pretended she had no idea what I was talking about, and then, when I gave her Jared Howe's name, she told me the

-2-

contact was blocked because I knowingly allowed Mr. Howe to record
our call and publish it online.

11.) On September 15th I asked Ms. Hill if she would respond
to my request in writing. She refused, and said I would have
get a BP-8 from Mr. Simpkins if I wanted to dispute the issue.

12.) On September 16th 2021, I got the BP-8 from Mr. Simpkins,
filled it out, and returned it to him.

13.) Mr. Simpkins responded to the BP-8 on 9-22-21 by refusing
my requests to reinstate the contact and clarify the rules. He
told me verbally, something to the effect that "whenever somebody
takes your message and sends it to others, that is third party
contact" which is prohibited. I told Mr. Simpkins that this was
obviously incorrect, since page 57 of the Admission and Orientation
Handbook for the CMU (A&O HANDBOOK) states that inmates have
the right to correspond with the media, and this is the entire
purpose of media correspondence. Mr. Simpkins acknowledged that
I had a point, and said he would get back to me to explain how
I could correspond with media.

14.) On October 4th 2021, I was told by USP Mario nstaff to pack
my property and bring it to R&D (Receiving & Departures), which
I correctly assumed was in preparation to be moved for trial
in this case.

15.) Having not gotten a response from Mr. Simpkins by this point,
I submitted the BP-9 on October 4th 2021, to escalate the media
contact issue to the Warden.

16.) While I was still in Virginia for trial, the Warden responded
to the media contact BP-9 on November 18th 2021.  Among other

things, the response said "A review of this issue indicates you were attempting unauthorized communications with the public and third party communications through this individual, from the media. This is not allowed and was blocked by CTU."

17.) Weeks after I returned from Virginia, I was given Warden Sproul's response on January 3rd 2022 by Unit Manager Wallace. I mentioned to him at that time that the response stated I had 30 days to respond from November 8th, which was obviously at odds with my January 3rd receipt. He said I could hget an extension from Mr. Simpkins when I got the BP-10 form to appeal the issue to the Regional Office.

18.) I subsequently got the BP-10 from Mr. Simpkins and asked him about the extension. He told me just to write on the form that I was out on a writ when the response came in.

19.) On January 12th 2022, I filled out the BP-10 mentioning the date I received the BP-9 response because I was out on a writ. I cited First Amendment Case Law of Procunier v. Martinez and Turner v. Safely, as werll as the A&O Handbook to illustrate the impropriety of this obstruction.

20.) On January 21st, the Regional Office acknowledged receipt of my appeal and stated "WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT."

21.)      On January 24th, the Regional Office rejected my appeal as untimely. Notification of this rejection was stamped as received by USP Marion on February 4th 2022, and delivered to me subsequently.

22.) I obtained from Mr. Simpkins a form BP-11 to appeal this rejection to the Central Office, and explained the timeline of

events when I filled out the form on February 12th 2022. I subsequently mailed this form to the Central Office.

23.) The Central Office replied on March 18th, but the reply was not stamped as received by USP Marion until April 18th, and not delivered to me until May 3rd.

24.) The Central Office response stated "IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS NOT YOUR FAULT, THEN RE_SUBMIT TO THE LEVEL OF THE ORIGINAL REJECTION."(See Paragraph 18)

25.) On May 5th, Mr. Simpkins gave me the requested memo, and I sent the entire package back to the regional office the following day.

26.) Prior to June 24th, I sent a letter to the Regional Director asking why I had not heard back about my appeal of this issue.

27.) On July 8th, the Regional Office acknowledged receipt of my appeal on May 16th, and stated "WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT." It stated the response was due July 15, 2022.

28.) The subsequent response from the Regional Office was dated 6-13-2022, and stated "If you are dissatisfied with this response, you may appeal to the Office of General Counsel," ... "Your appeal must be received in the Office of General Counsel within 30 days from the date of this response" The response was stamped as received by USP Marion on July 6th 2022, and provided to me subsequent to that date.

29.) I explained the date discrepancy to Mr. Simpkins as I asked for the Central Office appeal form, to seek another memo like

suffice and initialed that sheet of paper. (The initial is not shown on the included paper because I had a;lready made copies by this point.)

30.) On July 11th 2022, I filled out the Central Office appeal form, and sent it to the Office of General Counsel.

31.) At some point prior to October 4th 2021, I was told that Ian Freeman was blocked because he has federal charges pending against him. This was relayed to me verbally by Ms. Hill, and like most things pertaining to Ms. Hill, there is no written record of it. Accordingly, my appeals process has only focused on Jared Howe.

Having so averred, I sayeth no more, under oath.

Respectfully Submitted,

Christopher Cantwell

7-26-2022

X _____

-6-

TRULINCS 00991509 - CANTWELL, CHRISTOPHER - Unit: MAR-I-A

--------------------------------------------------------------------------------------------------------

FROM: 00991509
TO: CMU
SUBJECT: ***Request to Staff*** CANTWELL, CHRISTOPHER, Reg# 00991509, MAR-I-A
DATE: ~~08/21/2021 03:32:56 PM~~

To: Hill
Inmate Work Assignment: None

On July 20th 2021 I received an order from the Western District of Virginia Federal Court, scheduling a settlement conference in the Sines v. Kessler civil suit in which I am a pro se defendant.

The order directed the parties to inform the Magistrate Judge in a document less than 50 pages of their perceived strengths and weaknesses in the case so the Judge could be informed prior to the conference of each sides' position.

I penned such a letter between August 1st and August 2nd, and from there promptly handed it to CMU staff to be sent out. I also made copies which were to be sent to Plaintiffs' counsel and the attorney of one of my co-defendants.

On August 11th I penned an unrelated letter to the Court.
On August 12th I penned yet another separate letter to the Court.
On Friday August 13th, I gave both letters in separate envelopes to CMU staff to be sent out.

Yesterday, Friday August 20th, I attended the settlement conference via Zoom call.

The Court had no idea what I was talking about with regard to any of these documents. Midway through the call, I was informed that they had received all three in the mail that very day.

That means the CMU withheld the first letter for no less than two weeks. This unit is obstructing my communications with a federal court during a highly time sensitive and politically charged legal process. There was absolutely no justification for the delay, and it costed me dearly during an important process.

If you expect me to think this was just a coincidence, you underestimate my intelligence. This is the CMU putting their thumbs on the scales of Justice for political reasons, and I will pursue every legal option at my disposal to see it exposed, halted, and punished.

Starting with informing the court of this misconduct in my next filing.

I am going to win at this trial, and you can expect I'll be speaking to reporters when that happens, given the media attention surrounding the case. If you don't want to see your name in the paper, then do not obstruct my time sensitive communications with a federal court.

P-16
contact block
(US)

Attachment A

## Administrative Remedy · Informal Resolution
## Marion, Illinois

Inmate's Name __Cantwell__  Reg. No. __00991-509__ Unit __I/A/14__ Date __09-16-2021__

NOTICE  You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor.  Please follow the three (3) steps listed below

1. State your specific complaint  My contact, Jared Howe, who had previously been approved, was suddenly rejected. After putting in a staff request to Ms. Hill, I was informed this happened because I knowingly allowed Mr. Howe to record and publish the recording of our phone call. Ms. Hill refused to state this in writing, and said I had to file a BP-8. I suspect the rejection of my other contact, Mr. Ian Freeman, who awaited approval for over a month before being rejected, is a related issue, since Freeman is a radio host.

2. State what efforts you have made to informally resolve your complaint  I sent an electronic Staff Request to Ms. Hill. She told me my only recourse was to file a BP-8, which I had to get from Case Manager Simpkins. I put in an electronic staff request to Simpkins explaining what had transpired thus far and requested this BP-8.

3. State what resolution you request  Please re-instate my communications with Jared Howe, and clarify the rules. Nothing in the A&O Handbook for CMU forbids recording calls. I am explicitly allowed to talk to media, and the A&O handbook says I have the right to know the rules. Plse see attachment for more.

Inmate's Signature: _(signature)_  Date. 9-16-2021

4. Correctional Counselor's Comments (Steps to Resolve)  The call that you are referencing was an example of unauthorized communication with the public and third party communication, in which neither are allowed.

Counselor's Signature: _(signature)_  Date: 9-22-21

Unit Manager's Review: _(signature)_  Date: 9-22-21

|  | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|
| Date | 9·16·21 | 9·16·21 | 9·22·21 | |
| Time | | | | |
| Counselor | NS | NS | NS | |

USP Marion
Received by Admin Remedy Clerk
Date: 10/12/21

C MU    A+ O   Handbook



3. You have the right to freedom of religious affiliation and voluntary religious worship.

3. You have the responsibility to recognize and respect the rights of others in this regard.

4. You have the right to health care, which includes nutritious meals, proper bedding and clothing, and a laundry schedule for cleanliness of the same, an opportunity to shower regularly, proper ventilation for warmth and fresh air, a regular exercise period, toilet articles and medical and dental treatment.

4. It is your responsibility not to waste food, to follow the laundry and shower schedule, maintain neat and clean living quarters, to keep your area free of contraband, and to seek medical and dental care as you may need it.

5. You have the right to visit and correspond with family members, and friends, and correspond with members of the news media in accordance with Bureau rules and institution guidelines.

5. It is your responsibility to conduct yourself properly during visits. You will not engage in inappropriate conduct during visits to include sexual Acts and introduction of contraband, and not to violate the law or Bureau guidelines through correspondence.

6. You have the right to unrestricted and confidential access to the courts by correspondence (on matters such as the legality of **RIGHTS**

your conviction, civil matters, pending criminal cases, and conditions of your imprisonment.)

6. You have the responsibility to present honestly and fairly your petitions, questions, and problems to the court. **RESPONSIBILITIES**

7. You have the right to legal counsel from an attorney of your choice by interviews and correspondence.

7. It is your responsibility to use the services of an attorney honestly and fairly.

8. You have the right to participate in the use of law library reference materials to assist

8. It is your responsibility to use these resources in keeping with the procedures and

_ENT OF JUSTICE        **REQUEST FOR ADMINISTRATIVE REMEDY**

_eau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Cantwell Christopher C   00991-509   I   Marion
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**

My contact, Jared Howe, was blocked for recording and publishing our phone call. Jared Howe is a member of the media, and the CMU Rules say I have the right to correspond w/ media. Simpkins says this is "third party contact" but by that definition, all media contact would be prohibited. Please reinstate my contact and clarify the rules.

10-4-21
DATE                  SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Received by USP Marion Admin Remedy Clerk
Date: 10/19/21

_____
DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: 1097454-F1

                                     CASE NUMBER: 1697459-F1

**Part C- RECEIPT**

Return to: KAM 1-7 AM
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Department of Justice
Federal Bureau of Prisons

**Administrative Remedy**
**Part B – Response**

**Administrative Remedy Number:** 1097454-F1

This is in response to your Administrative Remedy receipted on October 12, 2021, wherein you claim your contact was blocked for recording and publishing your phone calls.  You also claim you have the right to speak with the media. For relief, you seek reinstatement of contact Jared Howe, along with clarification of the rules.

A review of the issue reveals the CMU was established to house inmates who, due to their current offense of conviction, offense conduct, or other verified information, require increased monitoring of communication between inmates and persons in the community in order to protect the safety, security, and orderly operation of Bureau facilities, and to protect the public.

A review of this issue indicates you were attempting unauthorized communications with the public and third-party communications through this individual, from the media.  This is not allowed and the individual was blocked by the CTU.

Accordingly, your Request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____
11/8/21
Date

_____
D. Sproul, Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Cantwell, Christopher C    00991-509    I    Marion
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

Part A - REASON FOR APPEAL I was out on a writ when this was answered in November 2021. I only got it this January 3rd 2022

On Page 58 of the CMU A+O Handbook, the 5th enumerated inmate right includes correspondence with the news media. Warden Sproul acknowledges in his response that Jared Howe is media. Supreme court precedent including Turner v. Safely and Procunier v. Martinez affirm prisoner speech rights. But my media contact Jared Howe was blocked for "third party communications". All media contact would meet this definition, since the nature of media is to deliver a message to the masses. Please reinstate my contact and clarify the rules

1-12-2022
DATE

C Cantwell
SIGNATURE OF REQUESTER

Part B - RESPONSE

_____　　　_____
　　　DATE　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE _ _ _ _ _ _ _ _ _ _ CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　　_____
　　　DATE　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR　　　　　PRINTED ON RECYCLED PAPER　　　　　BP-230(13)
JUNE 2002

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 21, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MARION USP

TO  : CHRISTOPHER CANTWELL, 00991-509
      MARION USP     UNT: I    QTR: I03-013L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 1097454-F1
DATE RECEIVED  : OCTOBER 1, 2021
RESPONSE DUE   : OCTOBER 21, 2021
SUBJECT 1      : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2      : PHONE CALLS (EXCEPT LEGAL CALLS)

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JANUARY 21, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MARION USP

TO  : CHRISTOPHER CANTWELL, 00991-509
      MARION USP     UNT: I     QTR: I03-013L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 1097454-F1
DATE RECEIVED  : OCTOBER 1, 2021
RESPONSE DUE   : NOVEMBER 10, 2021
SUBJECT 1      : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2      : PHONE CALLS (EXCEPT LEGAL CALLS)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 24, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : CHRISTOPHER CANTWELL, 00991-509
      MARION USP    UNT: I    QTR: I03-013L
      P.O. BOX 2000
      MARION,  IL 62959


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1097454-R1      REGIONAL APPEAL
DATE RECEIVED   : JANUARY 21, 2022
SUBJECT 1       : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2       : PHONE CALLS (EXCEPT LEGAL CALLS)
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.



U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Cantwell, Christopher. C   C0991-509   I   Marion
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

~~My BP-10 was wrongly rejected as untimely # 1091451-R1~~

I submitted the BP-9 on 10-4-2021. Then I was transported out of the facility for court. I was returned to Marion on 12-20-2021, and only got the Warden's response on 1-3-2022. I said so when I filled out the BP-10 on 1-12-2022, and my appeal was received on 1-21-2022, at which point I got a notice of extension of time. Then, on February 10th I got the notice claiming I was untimely. Please reinstate my contact with Jared Howe and clarify the rules.

1-12-2022
DATE                            C Cantwell
                                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C - RECEIPT**

                                          CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER                          BP-231(13)
                                                             JUNE 2002

EXTENSION OF TIME FOR RESPONSE → ADMINISTRATIVE REMEDY

DATE: JULY 8, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : CHRISTOPHER CANTWELL, 00991-509
      MARION USP    UNT: I    QTR: I03-013L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 1097454-R2
DATE RECEIVED   : MAY 16, 2022
RESPONSE DUE    : JULY 15, 2022
SUBJECT 1       : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2       : PHONE CALLS (EXCEPT LEGAL CALLS)

```
CHRISTOPHER CANTWELL, 00991-509
MARION USP     UNT: I    QTR: I03-013L
P.O. BOX 2000
MARION,  IL 62959
```



**U.S. Department of Justice**
**Federal Bureau of Prisons**                              **Regional Administrative Remedy Appeal**
**North Central Regional Office**                                          **Part B - Response**

**Administrative Remedy Number:**   1097454-R2

This is in response to your Regional Administrative Remedy Appeal received in this office on
May 16, 2022, in which you claim that a contact was blocked, for third party communication.   For
relief, you request to reinstate your contact and clarify the rules.

We have reviewed your appeal and the Warden's response dated November 8, 2021.   Pursuant to
28 CFR § 540.10 – Purpose and Scope, 28 CFR § 540.12 – Controls and Procedures,
28 CFR § 540.15 – Restricted general correspondence, and Program Statement 5265.14,
Correspondence, "The Warden shall establish correspondence procedures for inmates at each
institution, as suggested in this rule."   "The Warden shall establish and exercise controls to protect
individuals, and the security, discipline, and good order of the institution.   The size, complexity, and
security level of the institution, the degree of sophistication of the inmates confined, and other
variables require flexibility in correspondence procedures.   All Wardens shall establish open general
correspondence procedures."   Additionally, Program Statement 5214.02, Communications
Management Units states, "Monitored telephone communication may be limited to immediate family
members only.   Telephone communications between inmates and persons in the community (except
properly placed, unmonitored legal calls) are ordinarily live-monitored by CTU staff."   As the
Warden's response indicates, the CTU has blocked the contact after it was determined that you were
attempting to communicate in an unauthorized manner with the public and third-party
communications utilizing the blocked individual.   There is no evidence that staff have acted outside
the scope of Bureau of Prisons' policy or federal law.

Based on the above, this response to your Regional Administrative Remedy Appeal denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel,
Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be
received in the Office of General Counsel within 30 days from the date of this response.


_06/13/2022_
Date

_Andre Matevousian, Regional Director_

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Cantwell, Christopher, C     00991-509     I     Marion
　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A - REASON FOR APPEAL**

~~ly contact was blocked be cause which would necessarily app~~
to Any media contact, Claiming it was "third party
communication". This amounts to a blanket prohibition on
me speaking to the media, which is contrary to B.O.P.
Policy and First Amendment case law. My request
that the rules be clarified have only doubled
down on this unlawful blanket prohibition on
media contact. This is wrong and illegal and
Should be reversed.

7-11-2022

DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　　_____
DATE　　　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN　　　　　　PRINTED ON RECYCLED PAPER　　　　　　BP-231(13)
　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd
P.O. Box 2000
Marion, IL 62959



⇔00991-509⇔
Clerk Us District Court
Western District Virginia
255 W MAIN ST
Room 304
Charlottesville, VA 22902
United States