IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 16 2022

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

Sines, et al, Plaintiffs vs.

Kessler, et al, Defendants

Civil Action 3:17-cv-00072

<u>JULY 26th 2022 LETTER FROM DEFENDANT CANTWELL TO THE COURT REGARDING GOVERNMENT INTERFERENCE IN THIS LITIGATION</u>

Dear Judge Moon,

I offer this letter, and the included declarations, and supporting documentation, in support of my motions for a new trial, and to extend post trial deadlines.

The Declaration dated July 25th, continues a running update I have been making regarding several ongoing issues. The CMU has refused to grant me meaningful access to vital legal documents such as the complaint and Plaintiffs' responses to interrogatories on the grounds that they are "sensitive" without further coherent explanation. Mr. Simpkins verbally implied their contents might inflame racial tensions on the unit, but other material I and others have received demonstrate that they are not preventing racially charged materials from entering the unit as a general matter. I have been attempting to work through the Administrative Remedy procedures since this issue first arose last year, but as I warned the Court in my motions to continue, the CMU specializes in wasting time and avoiding accountability. The declaration and supporting documentation demonstrate a pattern of dishonest conduct evidenced by inconsistent responses and transparent delaying tactics. Not only has their refusal to grant me meaningful access to these

-1-

documents sabotaged my trial preparation and capacity to participate in post trial processes, their refusal to provide a coherent explanation of why I cannot have these documents makes it impossible for me to know what will happen if I expend my extremely limited resources to have other documents delivered.

For example, I have submitted an IFP application, and asked the Court to provide me with a transcript. I have gotten no response to my IFP application, and my motion for a transcript was denied without prejudice. Suppose I were to find a way to purchase my own transcript, I have no way of knowing whether or not I would ever even receive it, or what access I might be granted to it upon receipt.

Though the Plaintiffs insist they repeatedly sent me their Exhibits list at this facility, the USP Marion Staff have yet to deliver one to me.

Without access to the record, I can hardly be expected to participate in this process.

You will notice that this letter and the accompanying declarations are easier to read than my handwriting in blue pen on yellow paper. This is because, after more than 13 months, at least four written requests, and two levels of Administrative Remedy escalation, USP Marion finally sold me a typing wheel, which they had insisted was impossible until I escalated the issue through the Administrative Remedy process.

I have been unable to obtain Certified Mail slips since April, and prior to this, USP Marion CMU staff made it difficult to track the certified mail I was able to send. Now they claim this federal facility cannot obtain free stuff from the post office.

Documents sent to me here from the Court, and from the Plaintiffs are routinely held back for weeks. Often until meaningful deadlines expire.

-2-

During a recent search of my housing unit, my legal papers were disturbed, and no fewer than 8 pages of handwritten notes were removed from my cell. When I asked Ms. Hill about this, she said anything taken from my cell would be inventoried and stored in my property, but upon inspection no such inventory was kept and no explanation of what happened to these documents has been provided. Given the volume of my legal papers, it is impossible for me to determine what other documents may be missing.

The treatment of litigants on this unit is unique to this unit as compared to other places within the BOP, but my experience within this unit, though perhaps more extreme, is not entirely unique. A number of my neighbors in the CMU are also pro se litigants, and some it appears are here for filing meritless lawsuits. One could imagine some excuse for the BOP to hinder prisoners from nuissance litigation, even if such obstruction were of questionable legality. But as this Court is aware, I am a Defendant, not a Plaintiff. I did not choose this litigation, and the verdict makes it plain to see that my defense in this case is far from meritless.

A grave injustice as taken place, and this court has an obligation to remedy it, or at least, not become party thereto.

In an attempt to cover up this injustice, and as evidence of consciousness of guilt, the Communications Management Unit has prohibited me from speaking to the media. This misconduct is described in detail in an accompanying declaration and supporting documentation. The prohibition runs contrary to the Admission and Orientation Hanbook, which states I have a right to correspond with the media, as well as Supreme Court Precedent in Turner

-3-

remedy appeals, and so all involved are on notice of these facts. But, they accurately concluded that they could deploy a variety of transparently dishonest delaying tactics to drag out this process beyond my release date, which I am told will imminently be delivered.

Of course, once I am released, seeking remedy from the Courts will be more difficult, and this is no doubt part of their calculations.

I do not, nor can I, claim that any one of these things were outcome determinative. In fact, my position remains that the verdict reflects my success in defending against Plaintiffs' transparently false allegation of a racially motivated violent conspiracy. The jury clearly did not find liability for such a thing, otherwise counts 1 and 2 would have held.

Cumulatively, however, and combined with Plaintiffs' decision to email me for fourteen months while they knew I could not check my email, especially given the bad faith evidenced by the inconsistent responses, it demonstrates a prejudice that consistutes a manifest injustice against my defense. More certainly, my post trial efforts have been rendered impossible by these circumstances.

Respectfully Submitted,

Christopher Cantwell

7-27-2022

x C Cantwell

-4-

Christopher Cantwell
Inmate #00991-509
USP Marion
4500 Prison Rd
P.O. Box 2000
Marion, IL 62959



⇔00991-509⇔
Clerk Us District Court
Western District Virginia
255 W MAIN ST
Room 304
Charlottesville, VA 22902
United States