CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/30/2022
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| ELIZABETH SINES, *et al.*, | CASE NO. 3:17-cv-00072 |
| *Plaintiffs*, | |
| v. | ORDER |
| JASON KESSLER, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

Before the Court are motions of Defendant Christopher Cantwell, proceeding *pro se*, seeking appeal and reconsideration of numerous orders of the Magistrate Judge scheduling post-trial briefing deadlines. *See* Dkts. 1546, 1602, 1609, 1612.

Following the jury trial in this case that concluded on November 23, 2021, Cantwell initially filed a "Motion to Extend All Post Trial Deadlines by 12 Months," in which he argued that a *twelve-month* delay in post-trial filings was appropriate largely due to the difficulties he faced making and responding to filings in this case, while he was incarcerated. Dkt. 1528. The Magistrate Judge had already afforded the parties additional time to file their post-trial motions and to complete briefing. Dkt. 1523. Nonetheless, the Magistrate Judge extended the deadline for the parties to file post-trial motions from February 7, 2022, until March 9, 2022. Dkt. 1531. In his first challenge to the Magistrate Judge's scheduling orders, Cantwell challenges that order setting the deadline for filing post-trial motions—arguing that he was being "deprived of the means to litigate" his case, that it was a "struggle to meet a deadline, [and] submit documents," and he claims that his ability to file his post-trial briefing and arguments have been hampered by a lack of access to the record and a transcript of the trial. Dkt. 1546 at 1–2.

Next, Cantwell takes exception with another order of the Magistrate Judge, which afforded all parties an additional period of time (until May 5, 2022), to reply to Plaintiffs' opposition briefs to Defendants' post-trial motions. Dkt. 1584. In that order, the Magistrate Judge further afforded Cantwell an additional period of time (until May 23, 2022) to respond to Plaintiffs' motion for attorneys' fees and bill of costs. *Id.* Cantwell challenges this scheduling order, again asserting that he was "being uniquely deprived of the means to defend himself in this case." Dkt. 1602 at 1. Cantwell vaguely challenges the unfairness of Plaintiffs' "dropping hundreds of pages of supposed billing records which Cantwell has no means to access the reasonableness of," except that he argues they didn't prove their case. *Id.* Cantwell also argues that the prison staff of his then facility of incarceration was committing "unlawful interference this litigation." *Id.* at 2. Therefore, Cantwell reiterated his request for a twelve-month extension of time for filing of post-trial motions and requested to get seven-and-a-half months' extension of time to respond to Plaintiffs' motion for attorneys' fees and bill of costs. *Id.*

On May 12, 2022, Cantwell filed another motion seeking another extension of eight months to file a reply brief to Plaintiffs' opposition brief. Dkt. 1597. The Magistrate Judge denied the motion, writing that Cantwell had already been granted an extension to file a reply, and that he had not shown good cause for yet another extension. Dkt. 1598.

Subsequently, on May 26, 2022, Cantwell filed another motion seeking a seven-month extension to file his reply brief. Dkt. 1604. The Magistrate Judge granted this motion in part, extending the time by which Cantwell could file his reply brief until June 10, 2022, but holding that no more extensions would be permitted. Dkt 1606. That extension until June 10, 2022, the Magistrate Judge explained, would "allow Cantwell more than three weeks from the date he alleges he receives the second of Plaintiffs' opposition briefs." *Id.* Cantwell challenges both of

those orders of the Magistrate Judge. *See* Dkt. 1598, 1606. Cantwell asserts that he was at the time denied "meaningful access to hundreds of pages of documents including the complaint" during his period of incarceration. Dkt. 1612 at 2. Cantwell asserts baldly that Plaintiffs' counsel had conspired with his prison officials to "keep other documents from him." *Id.* Cantwell therefore asks that the Magistrate Judge's order be overturned, and his requested seven-month extension be granted and—presumably referring to his facility of incarceration—he further argues that "the United States should be made to answer for its corrupt interference in this litigation." *Id.* In his other challenge, Cantwell argued that he "still lacks access to the record," and that his mail was being delayed on account of "unlawful interference." Dkt. 1609 at 1–2. Accordingly, Cantwell argues that these "token time extensions" are insufficient, and his request to postpone briefing for another five months was warranted—until he was released from custody. *Id.* at 2.

The Court has considered the Magistrate Judge's challenged orders setting the deadlines for post-trial briefing, *see* Dkts. 1523, 1531, 1567, 1584, 1598, 1606, as well as Cantwell's filings challenging those rulings. The Court discerns no error at all in the Magistrate Judge's rulings. Much less *clear error*. *See generally* Fed. R. Civ. P. 72(a) (magistrate judge's rulings generally only set aside of "clearly erroneous" or "contrary to law"). The Magistrate Judge demonstrated continued, careful attention to the requests of the parties (and many requests from Cantwell) and those challenged decisions were tailored to ensure that all parties (including Cantwell) were afforded a full and fair opportunity to brief their post-trial arguments and respond to the opposing parties' arguments. And they were.

Even on *de novo* review, the Court finds Cantwell was given more than a full and fair opportunity to develop his post-trial arguments and brief them and respond to the opposing

3

parties' arguments. Indeed, the deadline to file post-trial motions was set on March 9, 2022, which was about *three-and-a-half months* after the jury trial concluded. That was more than enough time for Cantwell to develop and raise his post-trial arguments. And Cantwell took full advantage of that time, filing numerous, lengthy, and substantial post-trial motions that were fully considered by the Court. *See* Dkts. 1488 (initial post-trial motion), 1536 (supplement); *see also* Dkt. 1557 (second supplement); Dkt. 1580 (third); Dkt 1610 (another). Notwithstanding Cantwell's claims of lack of access to record materials, he has raised a multitude of legal and evidentiary challenges—many more than any other Defendant in fact—and this Court has fully considered them. On account of the fulsome and detailed nature of the arguments Cantwell has raised in his briefing, the Court discerns no prejudice from his claims of lack of access to the record or delays in receipt of documents. At bottom, the Court can discern no reason why the Magistrate Judge would have been required to afford him additional time at all, much less the requested and substantial months-long delays Cantwell repeatedly sought.

Because Cantwell has shown no error in the Magistrate Judge's challenged orders, Cantwell's appeals of the Magistrate Judge's orders are **DENIED**. Dkts. 1546, 1602, 1609, 1612.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record and *pro se* litigants.

Entered this __30th__ day of December, 2022.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE