# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| ELIZABETH SINES, *et al.*,  Plaintiffs,  v.  JASON KESSLER, *et al.*,  Defendants. | CASE NO. 3:17-cv-00072  ORDER  JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' post-trial Motion for Attorney's Fees and Costs, Dkt. 1552, Plaintiffs' Bill of Costs, Dkt. 1553, as well as the Report & Recommendation of United States Magistrate Judge Joel C. Hoppe, on those motions, Dkt. 1655 ("R&R"). No party has filed any response or objection to the R&R.

The Magistrate Judge recommended granting Plaintiffs' post-trial Motion for Attorney's Fees in part and awarding part of the costs sought by Plaintiffs in their Bill of Costs. R&R at 1, 45. Plaintiffs had initially sought $12,726,103.35 in attorney's fees pursuant to Va. Code § 8.01-42.1(B), and $546,018.46 in other costs under Fed. R. Civ. P. 54(d). R&R at 1. However, after carefully analyzing the relevant governing law and precedent as well as Plaintiffs' supporting documentation, the Magistrate Judge recommended that Plaintiffs Romero, Muñiz, Wispelwey, Sines, Blair, Martin, and Willis should be awarded $3.18 million in reasonable attorney's fees necessary to litigate their successful claims in Count IV that Defendants Kessler, Spencer, Kline, Ray, Cantwell, and Fields subjected those Plaintiffs to acts of racially, religiously, or ethnically motivated harassment, intimidation, or violence, on August 11-12, 2017, in violation of Va. Code § 8.01-42.1(A). *See* R&R at 45; Va. Code § 8.01-42.1(B). The Magistrate Judge further

determined that the Court "may not award attorney's fees (as opposed to Rule 54 costs) against any Defendant not named as a party-defendant to Plaintiff's § 8.01-42.1 claims in Count IV, or to any Plaintiff who did not bring a substantive claim under Virginia Code § 8.01-42.1(A)."[*] R&R at 45.

The Magistrate Judge further recommended that Plaintiffs should be awarded $468,216.15 in costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. R&R at 45. And the Magistrate Judge determined that the Court may hold all Defendants jointly and severally liable for these costs under Fed. R. Civ. P. 54(d)(1). R&R at 45–46.

Though advised of the right to object to the proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, *see* R&R at 46, no party has filed objections within the fourteen-day period.

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But where, as here, no objections to an R&R are filed, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. In that case, the Court need not provide any explanation for adopting the R&R. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

No objections to the R&R have been filed, and the Court can discern no clear error therein. Indeed, as the R&R demonstrates, the Magistrate Judge carefully considered all aspects

---

[*] As the Magistrate Judge recognized, Plaintiffs Alvarado and Baker did not bring a claim under Va. Code § 8.01-42.1(A), and accordingly, any attorney's fees award should be made to Plaintiffs Romero, Willis, Muñiz, Wispelwey, Sines, Blair, Martin, and Willis. *See* R&R at 23 n. 7.

of Plaintiffs' fee petitions, the law, and the supporting documentation. The Court will further specifically note that the Magistrate Judge prudently determined the amount of the claimed attorney's fees and accompanying work that was associated with Plaintiffs' successful Va. Code § 8.01-42.1(A) claims against Defendants Kessler, Spencer, Kline, Ray, Cantwell, and Fields. R&R at 33; *see also id.* at 28–34. And the Magistrate Judge carefully determined that such percentage, which equated to $3.18 million in attorney's fees, was reasonable and necessary to successfully litigating their § 8.01-42.1(A) claims. R&R at 34–38. And the Court will note that the Magistrate Judge was no less exacting in his parsing of the categories of costs sought by Plaintiffs. R&R at 38–46.

Accordingly, the Court **ORDERS** that:

1. The R&R is **ADOPTED** in its entirety, Dkt. 1655;

2. Plaintiffs' post-trial Motion for Attorney's Fees and Costs, Dkt. 1552, and Bill of Costs, Dkt. 1553, are **GRANTED in part**, to the extent recommended in the R&R.

3. Plaintiffs Romero, Muñiz Wispelwey, Sines, Blair, Martin, and Willis are **AWARDED** a total of **$3.18 million** in reasonable attorney's fees from Defendants Kessler, Spencer, Kline, Ray, Cantwell, and Fields, who shall be jointly and severally liable for those attorney's fees.

4. Plaintiffs are **AWAREDED $468,216.15** in costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. All Defendants shall be jointly and severally liable for those costs.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to the parties and all counsel of record.

ENTERED this ___30th___ day of March, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE