UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELIZABETH SINES, SETH WISPELWEY,
MARISSA BLAIR, APRIL MUÑIZ,
MARCUS MARTIN, NATALIE ROMERO,
CHELSEA ALVARADO, JOHN DOE, and
THOMAS BAKER,

                    Plaintiffs,

v.

JASON KESSLER, et al.,

                    Defendants.

Civil Action No. 3:17-cv-00072-NKM

## MOTION FOR INDICATIVE RULING

In light of the pending appeals from this action in the United States Court of Appeals for the Fourth Circuit (Nos. 23-1112, 23-1119, 23-1122, 23-1123, 23-1125, 23-1154), Plaintiffs hereby move[1] for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure to clarify the effect of the Court's judgment entered on January 9, 2023 (ECF No. 1631) (the "Judgment") and the status of Counts I and II as to which this Court declared a mistrial.

## BACKGROUND

This Court presided over a 22-day trial relating to the events at Unite the Right on August 11–12, 2017, in Charlottesville, Virginia. At the conclusion of that trial, the jury returned a verdict finding that all individual and organizational Defendants who appeared at trial were liable for participating in a Virginia state-law civil conspiracy (Count III of the operative complaint); that Defendants Jason Kessler, Richard Spencer, Elliott Kline, Robert "Azzmador" Ray, and

---

[1] Counsel for Appellants Nathan Damigo, Michael Hill, Michael Tubbs, and League of the South have consented to the filing of this Motion.

1

Christopher Cantwell were liable for engaging in racial, religious, or ethnic harassment in violation of Virginia Code § 8.01-42.1 (Count IV); and that Defendant James Alex Fields, Jr. was liable for assault and battery (Count V) and intentional infliction of emotional distress (Count VI). The jury did not return a verdict on Defendants' liability for conspiracy to commit racially motivated violence in violation of 42 U.S.C. § 1985(3) (Count I) or failure to prevent that conspiracy from taking place in violation of 42 U.S.C. § 1986 (Count II). *See* ECF No. 1631-1.

On January 9, 2023, following post-trial motion practice, the Court entered the Judgment. ECF No. 1631. The Court "affirmed the jury verdict findings of Defendants' liability, and the nominal and compensatory damages awards." *Id.* at 3. The Court further found Defendants "jointly and severally liable for the nominal and compensatory damages awarded by the jury on Counts III, IV, and V." *Id.* The "Court granted in part certain Defendants' post-trial motions, only to the extent they sought a reduction of the punitive damages award." *Id.* The Court then entered judgment in favor of Plaintiffs on Counts III–VI, declared a mistrial on Counts I and II, and ordered that "this case is DISMISSED from the Court's active docket." *Id.*

Since then, the parties have appealed and cross-appealed from the Judgment to the Fourth Circuit. Briefing is already complete with respect to the appeals of Defendants Cantwell, Jeff Schoep, and Spencer, and still ongoing in other respects, including as to the appeals of Defendants Nathan Damigo, Michael Hill, Michael Tubbs, and League of the South, as well as Plaintiffs' cross-appeal. In an effort to facilitate the expedient resolution of those appeals and ensure that all claims have been finally resolved before this Court, Plaintiffs now request an indicative ruling from the Court.

**RELIEF REQUESTED**

Plaintiffs interpreted the Judgment as disposing of all claims by affirming the jury's verdict on Counts III–VI on the merits; effecting a dismissal of Counts I and II that contemplated no further proceedings on those counts, to which all parties acquiesced; and closing the case. *See* ECF No. 1631 at 4; *cf. Britt* v. *DeJoy*, 45 F.4th 790, 791, 796 (4th Cir. 2022) (en banc) (an order dismissing all claims without providing leave to amend is final and appealable); *Bing* v. *Brivo Sys., LLC*, 959 F.3d 605, 611–12 (4th Cir. 2020) (an order resolving all claims and closing the case indicates finality). Consistent with that understanding, the parties have treated the Judgment as finally resolving all claims against Defendants. *See* ECF Nos. 1633, 1634, 1635, 1639, 1640, 1648, 1649 (Plaintiffs and several Defendants appealing from the Judgment).

Out of an abundance of caution and because the Fourth Circuit has encouraged parties to seek clarification from the district court on the finality of orders where warranted by the circumstances, *see DeJoy*, 45 F. 4th at 791, 797–98, Plaintiffs wish to obtain the Court's confirmation that the Judgment was a final judgment that, among other things, dismissed Counts I and II. Because the Fourth Circuit currently has jurisdiction over this case, Plaintiffs seek a ruling indicating that this Court would enter an order clarifying the finality of the Judgment if the Fourth Circuit remanded the case for that limited purpose while otherwise retaining jurisdiction. *See* Fed. R. Civ. P. 62.1(c); Fed. R. App. P. 12.1.

In the alternative, if the Court did not previously enter final judgment on Counts I and II as to which it declared a mistrial, Plaintiffs seek an indicative ruling stating that this Court would be willing to enter an order finally dismissing Counts I and II, with prejudice, against all Defendants pursuant to Federal Rule of Civil Procedure 41(a)(2). *See Choice Hotels Int'l, Inc.* v. *Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993) (court may specify that a dismissal under

3

Rule 41(a)(2) is with prejudice). The "purpose" of Rule 41(a)(2) "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis* v. *USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Accordingly, in considering Plaintiffs' request for dismissal, "the district court must focus primarily on protecting the interests of the defendant." *Id.* As a corollary, voluntary dismissal "should not be denied absent plain legal prejudice to the defendant." *Ellett Bros.* v. *U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (citation omitted). Here, the voluntary dismissal of Counts I and II with prejudice under Rule 41(a)(2) will definitively preclude retrial, thereby sparing Defendants from the inconvenience and additional expense of continuing to litigate those claims. *Cf. Davis*, 819 F.2d at 1276 (recognizing that such expenditure of resources can give rise to prejudice to the defendant). And this Court's order of dismissal of Counts I and II would amount to a "complete adjudication on the merits" that would relieve Defendants from any potential liability not covered by the jury's verdict. *See Harrison* v. *Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir. 1991). Because under those circumstances there would be no prejudice to Defendants, Plaintiffs' request in the alternative for an indicative ruling stating that the Court would be willing to enter an order of dismissal should be granted. *See Schwarz* v. *Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("[N]o matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed.").

As another alternative, Plaintiffs ask the Court to issue an indicative ruling stating that it would be willing to enter final judgment as to Counts III–VI, and find that there is no just reason for delay of appeal on Counts III through VI, pursuant to Federal Rule of Civil Procedure 54(b). Because Plaintiffs are waiving their right to a retrial on Counts I and II, there are no claims left to adjudicate; the need for review cannot be mooted by any future developments; there is no

4

possibility that the reviewing court would be obliged to consider the same issue a second time; there are no live claims or counterclaims that could result in any set-off against the judgment; and considerations of judicial economy further support a Rule 54(b) certification given the pendency of six appeals, three of which are fully briefed. *See Kinsale Ins. Co.* v. *JDBC Holdings, Inc.*, 31 F.4th 870, 874 (4th Cir. 2022).

Therefore, to facilitate the efficient prosecution of the appeals and cross-appeal that are already pending before the Fourth Circuit, Plaintiffs respectfully request that this Court indicate pursuant to Rule 62.1 its willingness to enter an order (i) clarifying that its January 9, 2023 Judgment (ECF No. 1631) already finally dismissed Counts I and II against all Defendants; (ii) finally dismissing Counts I and II against all Defendants, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), as of the date of the Court's order; or (iii) directing entry of a final judgment as to Counts III–VI and certifying that there is no just reason for delay of appeal on Counts III through VI, pursuant to Federal Rule of Civil Procedure 54(b).  If this Court indicates that it would be willing to enter one of these orders requested by Plaintiffs, Plaintiffs will move for a remand for that limited purpose in the Fourth Circuit pursuant to Federal Rule of Appellate Procedure 12.1.  As contemplated by that rule, the Court of Appeals may grant such limited remand while retaining jurisdiction over the pending appeals and cross-appeal.

Dated:  June 20, 2023

Respectfully submitted,

| | /s/ Karen L. Dunn |
|---|---|
| Roberta A. Kaplan (*pro hac vice*) | Karen L. Dunn (*pro hac vice*) |
| Julie E. Fink (*pro hac vice*) | Jessica Phillips (*pro hac vice*) |
| Raymond Tolentino (*pro hac vice*) | William A. Isaacson (*pro hac vice*) |
| Gabrielle E. Tenzer (*pro hac vice*) | Arpine S. Lawyer (*pro hac vice*) |
| Alexandra K. Conlon (*pro hac vice*) | Matteo Godi (*pro hac vice*) |

KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
rtolentino@kaplanhecker.com
gtenzer@kaplanhecker.com
aconlon@kaplanhecker.com

Alan Levine (*pro hac vice*)
Philip Bowman (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6260
Fax: (212) 479-6275
alevine@cooley.com
pbowman@cooley.com

David E. Mills (*pro hac vice*)
Joshua M. Siegel (VSB 73416)
Caitlin B. Munley (*pro hac vice*)
Samantha A Strauss (*pro hac vice*)
Alexandra Eber (*pro hac vice*)
Khary J. Anderson (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Fax: (202) 842-7899
dmills@cooley.com
jsiegel@cooley.com
cmunley@cooley.com
sastrauss@cooley.com
aeber@cooley.com
kanderson@cooley.com

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420
kdunn@paulweiss.com
jphillips@paulweiss.com
wisaacson@paulweiss.com
alawyer@paulweiss.com
mgodi@paulweiss.com

Yotam Barkai (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
ybarkai@paulweiss.com

Robert T. Cahill (VSB 38562)
COOLEY LLP
11951 Freedom Drive, 14th Floor
Reston, VA 20190-5656
Telephone: (703) 456-8000
Fax: (703) 456-8100
rcahill@cooley.com

J. Benjamin Rottenborn (VSB 84796)
WOODS ROGERS VANDEVENTER
BLACK
10 South Jefferson St., Suite 1800
Roanoke, VA 24011
Telephone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, I served the following via ECF:

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Defendant James A. Fields, Jr.*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Defendants Matthew Heimbach, Matthew Parrott, and Traditionalist Worker Party*

Bryan Jones
106 W. South St., Suite 211
Charlottesville, VA 22902
bryan@bjoneslegal.com

*Counsel for Defendants Michael Hill, Michael Tubbs, and League of the South*

Elmer Woodard
5661 US Hwy 29
Blairs, VA 24527
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
JIM@TradLawyer.com

*Counsel for Defendants Nathan Damigo and Identity Europa, Inc. (Identity Evropa)*

William Edward ReBrook, IV
The ReBrook Law Office
6013 Clerkenwell Court
Burke, VA 22015

1420 Cardinal Road
Charleston, WV 25314
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Defendants Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

I further hereby certify that on June 20, 2023, I also served the following via electronic mail:

Christopher Cantwell
christopher.cantwell@gmail.com

I further hereby certify that on June 20, 2023, I also caused the following to be served by physical mail:

Jason Kessler
6256 Bullet Dr.
Crestview, FL 32536

1100 Wythe Street, Unit 1812
Alexandria, VA 22313

Vanguard America
c/o Dillon Hopper
383 Hazzard Street
Scottsburg, IN 47170

Richard Spencer
734 Clearwater Drive
Whitefish, MT 59937

Moonbase Holdings, LLC
c/o Andrew Anglin
6827 N. High Street, Ste. 121
Worthington, OH 43085

P.O. Box 208
Worthington, OH 43085

Robert "Azzmador" Ray
22345 Cherry Lane
Frankston, TX 75763

Elliott Kline a/k/a Eli Mosley
117 Mesa Drive
Reading, PA 19608

Jeff Schoep
PO Box 66335
Roseville, MI 48066

Augustus Sol Invictus
424 E. Central Blvd #156
Orlando, FL 32801

Fraternal Order of the Alt-Knights
c/o Kyle Sean Chapman
52 Lycett Circle
Daly City, CA 94015

Loyal White Knights of the Ku Klux Klan
c/o Chris and Amanda Barker
2364 US Highway 158 E
Yanceyville, NC 27379

East Coast Knights of the Ku Klux Klan
a/k/a East Coast Knights of the True Invisible Empire
26 South Pine St.
Red Lion, PA 17356

/s/ Karen L. Dunn
Karen L. Dunn
Paul, Weiss, Rifkind, Wharton & Garrison LLP

*Counsel for Plaintiffs*