# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

| | |
|---|---|
| ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, CHELSEA ALVARADO, JOHN DOE, and THOMAS BAKER, <br><br> Plaintiffs, <br><br> v. <br><br> JASON KESSLER, RICHARD SPENCER, CHRISTOPHER CANTWELL, JAMES ALEX FIELDS, JR., VANGUARD AMERICA, ANDREW ANGLIN, MOONBASE HOLDINGS, LLC, ROBERT "AZZMADOR" RAY, NATHAN DAMIGO, ELLIOT KLINE a/k/a ELI MOSLEY, IDENTITY EVROPA, MATTHEW HEIMBACH, MATTHEW PARROTT a/k/a DAVID MATTHEW PARROTT, TRADITIONALIST WORKER PARTY, MICHAEL HILL, MICHAEL TUBBS, LEAGUE OF THE SOUTH, JEFF SCHOEP, NATIONAL SOCIALIST MOVEMENT, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, FRATERNAL ORDER OF THE ALT-KNIGHTS, LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN, and EAST COAST KNIGHTS OF THE KU KLUX KLAN a/k/a EAST COAST KNIGHTS OF THE TRUE INVISIBLE EMPIRE, <br><br> Defendants. | **Civil Action No: 3:17-cv-00072-NKM** |

**MOTION TO SUBSTITUTE SORONYA HUDSON**
**FOR DECEASED PLAINTIFF MARISSA BLAIR**

Soronya Hudson, Plaintiff Marissa Blair's successor, moves to substitute for Ms. Blair pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. In support of this motion, Ms. Hudson states as follows:

1. Ms. Blair passed away on September 19, 2024. *See* Sept. 30, 2024 Letter, ECF 1689 at 1; Declaration of Soronya Hudson in Support of Motion to Substitute ("Hudson Decl.") ¶ 2. Ms. Blair died intestate and thus did not designate a personal representative or executor to manage her estate. *See* Hudson Decl. ¶ 3. Ms. Blair is survived by her mother (Ms. Hudson) and her three brothers. *Id.* Ms. Blair's father predeceased her. *Id.*

2. Federal Rule of Civil Procedure 25(a)(1) provides, in relevant part, as follows: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1).

3. Ms. Blair's claims in this case survive her death, as does her entitlement to damages under the Court's Amended Judgment, ECF 1691. *See* Va. Code Ann. § 8.01-25 ("Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive . . . the death of the person in whose favor the cause of action existed."); Va. Code Ann. § 8.01-21 ("When a party dies . . . after verdict, judgment may be entered as if it had not occurred.").

4. Ms. Hudson is the proper party for substitution because she is Ms. Blair's "successor"—that is, "the primary beneficiary of [Ms. Blair's] unprobated intestate estate which need not be probated." *Brooks v. Arthur*, No. 08 Civ. 28, 2011 WL 1212254, at *1 (W.D. Va. Mar. 30, 2011) (Moon, J.) (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010)); *accord, e.g.*, *Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 373 (1st Cir. 2024); *Sinito v.*

*U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993).

5.      Specifically, under Virginia's intestacy statutes, an estate passes by intestate succession to any surviving spouse; if there is no surviving spouse, then to any surviving children; and if there is no surviving spouse and no surviving children, then "to the decedent's parents, or to the surviving parent." Va. Code Ann. § 64.2-200(A)(1)-(3) (real estate); *see also* Va. Code Ann. § 64.2-201(A) (incorporating same priority for "surplus of [decedent's] personal estate" following payment of certain expenses and debts).

6.      Here, Ms. Blair died intestate; had no spouse and no children at the time of her passing; and has one "surviving parent"—Ms. Hudson. Va. Code Ann. § 64.2-200(A)(3); *see* Hudson Decl. ¶ 3. Thus, Ms. Hudson is the sole beneficiary of Ms. Blair's unprobated, intestate estate, which has been fully distributed to Ms. Hudson. *See id.* ¶¶ 3-4.

7.      As Ms. Blair's "successor," Ms. Hudson is the proper party for substitution under Rule 25(a)(1). *See, e.g.*, *Brooks*, 2011 WL 1212254, at *1. Ms. Hudson therefore respectfully moves to substitute for Ms. Blair as a Plaintiff in this case.

WHEREFORE, Ms. Hudson respectfully requests the entry of an Order as requested herein.

Dated: December 17, 2024                    Respectfully submitted,

                                            /s/ *Gabrielle E. Tenzer*
                                            Gabrielle E. Tenzer
                                            HECKER FINK LLP
                                            350 Fifth Avenue, 63rd Floor
                                            New York, New York 10118
                                            (212) 763-0883
                                            gtenzer@heckerfink.com

                                            *Counsel for Soronya Hudson and Plaintiffs*