**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1112

ELIZABETH SINES; SETH WISPELWEY; SORONYA HUDSON; APRIL MUNIZ; MARCUS MARTIN; JOHN DOE; NATALIE ROMERO; CHELSEA ALVARADO; THOMAS BAKER,

       Plaintiffs - Appellees,

and

TYLER MAGILL; HANNAH PEARCE,

       Plaintiffs,

    v.

RICHARD SPENCER,

       Defendant - Appellant,

and

JASON KESSLER; CHRISTOPHER CANTWELL; JAMES ALEX FIELDS, JR; VANGUARD AMERICA; ANDREW ANGLIN; MOONBASE HOLDINGS, LLC.; ROBERT AZZMADOR RAY; NATHAN DAMIGO; ELLIOTT KLINE, a/k/a Eli Mosely; IDENTITY EVROPA; MATTHEW HEIMBACH; DAVID MATTHEW PARROTT, a/k/a Matthew Parrott; TRADITIONALIST WORKER PARTY; MICHAEL HILL; MICHAEL TUBBS; LEAGUE OF THE SOUTH; JEFF SCHOEP; NATIONAL SOCIALIST MOVEMENT; NATIONALIST FRONT; AUGUSTUS SOL INVICTUS; FRATERNAL ORDER OF THE ALT-KNIGHTS; MICHAEL ENOCH PEINOVICH; LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN; EAST COAST KNIGHTS OF THE KU KLUX KLAN, a/k/a East Coast Knights of the True Invisible Empire,

       Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:17-cv-00072-NKM-JCH)

Submitted: January 31, 2025                                              Decided: March 27, 2025

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard Spencer, Appellant Pro Se. Yotam Barkai, New York, New York, Karen L. Dunn, Jessica E. Phillips, PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Washington, D.C.; Alan D. Levine, Senior Counsel, New York, New York, David E. Mills, Caitlin B. Munley, Robby Lee Ray Saldana, Joshua Michael Siegel, COOLEY LLP, Washington, D.C.; Gabrielle E. Tenzer, HECKER FINK LLP, New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Spencer appeals from the district court's judgment entered after a jury verdict following trial in the civil action brought against him for conspiracy to commit racially motivated violence, in violation of 42 U.S.C. § 1985(3); failure to prevent the conspiracy to commit racially motivated violence from taking place, in violation of 42 U.S.C. § 1986; Virginia state civil conspiracy; and racial, religious, or ethnic harassment, in violation of Va. Code Ann. § 8.01-42.1 (count IV). Spencer argues that the district court erred in denying his motion seeking a transfer in venue and in upholding the magistrate judge's order striking his summary judgment motion as untimely filed. He also challenges the sufficiency of the allegations against him in the second amended complaint and the sufficiency of the evidence supporting the jury's verdict on count IV. Upon review of the record and the parties' briefs, we find no reversible error.

Regarding a venue transfer, Spencer moved pursuant to 28 U.S.C. § 1404(a), (b) to transfer venue from the Charlottesville, Virginia, division of the district court to the division in Lynchburg, Virginia. The district court denied this motion, concluding that neither § 1404(a) nor § 1404(b) authorized the venue transfer sought. On appeal, Spencer presents no argument challenging these determinations. We therefore conclude that he has waived appellate review of the district court's transfer denial ruling. *See Just Puppies,*

*Inc. v. Brown*, 123 F.4th 652, 660 n.4 (4th Cir. 2024); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).*

Spencer challenges the district court's ruling upholding the magistrate judge's order striking his summary judgment motion as untimely filed. We conclude that the district court did not abuse its discretion in so ruling. *See United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018) (applying abuse of discretion standard to review of district court ruling striking pleading); *Turner v. United States*, 736 F.3d 274, 283 (4th Cir. 2013) (reviewing "a district court's decisions pertaining to the management of its own docket" for abuse of discretion).

Spencer also challenges the sufficiency of some of the allegations in the second amended complaint, arguing that several Plaintiffs could not properly allege a conspiracy violating § 1985(3), that the allegations in this complaint were otherwise insufficient to state a claim under § 1985(3), and that the allegations were insufficient to state claims for Virginia state conspiracy and harassment. Spencer raises this challenge for the first time on appeal. "Issues raised for the first time on appeal are generally not considered absent exceptional circumstances." *Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024). "This [c]ourt, however, has held that—in civil cases—we review forfeited arguments for

---

* The district court also assumed without deciding that venue would be proper in either Lynchburg or the Roanoke, Virginia, division but concluded that the factors guiding a decision whether to transfer a case under § 1404(a) supported keeping venue in Charlottesville. Because Spencer has not established reversible error in the district court's ruling that a venue transfer was not permitted by § 1404(a) or § 1404(b), we need not reach Spencer's arguments directed at this alternative conclusion.

4

'fundamental' error, an inquiry that is at least as searching as the plain error standard set out by the Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993)." *Id.* "Under *Olano*, an appellate court can use its discretion to correct an error not raised below if (1) there is an error; (2) that error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* We conclude that Spencer has not established fundamental error with respect to the sufficiency of the allegations on these counts.

Finally, Spencer argues that the evidence is insufficient to support the jury's finding of liability on count IV. "To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with [Fed. R. Civ. P.] 50," which "sets out two different stages for such a challenge." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012). First, under Rule 50(a), the party challenges "the sufficiency of the evidence before a case is submitted to the jury." *Id.* Rule 50(a) provides that a motion for judgment as a matter of law made before the case is submitted to the jury "*must* specify the judgment sought *and* the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2) (emphases added). Second, Rule 50(b)—entitled "Renewing the Motion After Trial; Alternative Motion for a New Trial," Fed. R. Civ. P. 50(b)—"sets forth the requirements for challenging the sufficiency of the evidence after the jury verdict and entry of judgment," *Belk, Inc.*, 679 F.3d at 155. This portion of Rule 50 provides for the filing of "a *renewed* motion for judgment as a matter of law" no later than 28 days after the entry of judgment. Fed. R. Civ. P 50(b) (emphasis added). A party that does not move for relief

5

"pursuant to Rule 50(b) forfeits [its] sufficiency of the evidence challenge on appeal." *Id.* at 160; *see Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006).

Spencer moved under Rule 50(a) for judgment as a matter of law in his favor before the case was submitted to the jury on the basis that the evidence was insufficient to show he conspired with anyone or sought to harm any of the Plaintiffs and because comments he made were constitutionally protected. When he moved, however, post-verdict, for judgment in his favor notwithstanding the verdict, he argued, among other matters, that the evidence was insufficient to support the verdict on count IV because no evidence was presented that he "directly harmed" the Plaintiffs or "expressly ordered someone else" to harm them. This is the sufficiency argument Spencer raises on appeal.

We conclude that Spencer's post-verdict motion did not comply with the demands of Rule 50(b) on this point. Because Spencer did not move for judgment as a matter of law under Rule 50(a) with respect to count IV based on the absence of evidence that he directly harmed the Plaintiffs or expressly ordered someone else to harm them, he was "not allowed" to seek relief under Rule 50(b) on this basis. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). In raising on Rule 50(b) an argument he was not allowed to raise, Spencer, we conclude, did not comply with the directive to "renew" his Rule 50(a) motion. And because Spencer failed to move "pursuant" to the requirements of Rule 50(b), he has "forfeit[ed] [his] sufficiency of the evidence challenge on appeal." *Belk, Inc.*, 679 F.3d at 160. We therefore reject it on this basis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*