**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1123

ELIZABETH SINES; SETH WISPELWEY; SORONYA HUDSON; APRIL MUNIZ; MARCUS MARTIN; JOHN DOE; NATALIE ROMERO; CHELSEA ALVARADO; THOMAS BAKER,

        Plaintiffs - Appellees,

and

TYLER MAGILL; HANNAH PEARCE,

        Plaintiffs,

    v.

JEFF SCHOEP,

        Defendant - Appellant,

and

JASON KESSLER; RICHARD SPENCER; CHRISTOPHER CANTWELL; JAMES ALEX FIELDS, JR.; VANGUARD AMERICA; ANDREW ANGLIN; MOONBASE HOLDINGS, LLC.; ROBERT AZZMADOR RAY; NATHAN DAMIGO; ELLIOTT KLINE, a/k/a Eli Mosely; IDENTITY EVROPA; MATTHEW HEIMBACH; DAVID MATTHEW PARROTT, a/k/a Matthew Parrott; TRADITIONALIST WORKER PARTY; MICHAEL HILL; MICHAEL TUBBS; LEAGUE OF THE SOUTH; NATIONAL SOCIALIST MOVEMENT; NATIONALIST FRONT; AUGUSTUS SOL INVICTUS; FRATERNAL ORDER OF THE ALT-KNIGHTS; MICHAEL ENOCH PEINOVICH; LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN; EAST COAST KNIGHTS OF THE KU KLUX KLAN, a/k/a East Coast Knights of the True Invisible Empire,

        Defendants.

No. 23-1125

ELIZABETH SINES; SETH WISPELWEY; SORONYA HUDSON; APRIL MUNIZ; MARCUS MARTIN; JOHN DOE; NATALIE ROMERO; CHELSEA ALVARADO; THOMAS BAKER,

    Plaintiffs - Appellees,

and

TYLER MAGILL; HANNAH PEARCE,

    Plaintiffs,

    v.

CHRISTOPHER CANTWELL,

    Defendant - Appellant,

and

JASON KESSLER; RICHARD SPENCER; JAMES ALEX FIELDS, JR.; VANGUARD AMERICA; ANDREW ANGLIN; MOONBASE HOLDINGS, LLC.; ROBERT AZZMADOR RAY; NATHAN DAMIGO; ELLIOTT KLINE, a/k/a Eli Mosely; IDENTITY EVROPA; MATTHEW HEIMBACH; DAVID MATTHEW PARROTT, a/k/a Matthew Parrott; TRADITIONALIST WORKER PARTY; MICHAEL HILL; MICHAEL TUBBS; LEAGUE OF THE SOUTH; JEFF SCHOEP; NATIONAL SOCIALIST MOVEMENT; NATIONALIST FRONT; AUGUSTUS SOL INVICTUS; FRATERNAL ORDER OF THE ALT-KNIGHTS; MICHAEL ENOCH PEINOVICH; LOYAL WHITE KNIGHTS OF THE KU KLUX KLAN; EAST COAST KNIGHTS OF THE KU KLUX KLAN, a/k/a East Coast Knights of the True Invisible Empire,

    Defendants.

Appeals from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:17-cv-00072-NKM-JCH)

Submitted: February 28, 2025

Decided: June 16, 2025

Before THACKER, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeff Schoep, Christopher Cantwell, Appellants Pro Se. Yotam Barkai, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York; Karen L. Dunn, Jessica E. Phillips, PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Washington, D.C.; Alan D. Levine, COOLEY, LLP, New York, New York; David E. Mills, Caitlin B. Munley, Robby Lee Ray Saldana, Joshua Michael Siegel, COOLEY LLP, Washington, D.C.; Gabrielle E. Tenzer, HECKER FINK LLP, New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jeff Schoep and Christopher Cantwell appeal from the district court's January 9, 2023, judgment entered after a jury verdict following trial in the civil action brought against them for conspiracy to commit racially motivated violence, in violation of 42 U.S.C. § 1985(3); failure to prevent the conspiracy to commit racially motivated violence from taking place, in violation of 42 U.S.C. § 1986; Virginia state civil conspiracy (count III); and racial, religious, or ethnic harassment, in violation of Va. Code Ann. § 8.01-42.1 (count IV).  In appeal No. 23-1123, Schoep argues that the district court erred in denying his motion to transfer venue.  He also challenges the sufficiency of certain allegations raised in the second amended complaint.  He further challenges the district court's determination that he is jointly and severally liable for damages the jury awarded.  In appeal No. 23-1125, Cantwell presents arguments challenging the magistrate judge's post-judgment recommendations issued with respect to attorneys' fees and costs.  He asserts that he should receive a new trial due to the violation of his due process rights resulting from the difficulty he had accessing material in the case.  He raises challenges to the Plaintiffs' designated experts, to the district court's limiting instruction, and to the sufficiency of the evidence supporting the jury's verdict on liability.  He also raises assorted other challenges to the verdict.  Finally, he challenges the award of punitive damages. Finding no error warranting reversal, we affirm.

Regarding a venue transfer, Schoep moved pursuant to 28 U.S.C. § 1404(a), (b) to transfer venue from the Charlottesville, Virginia, division of the district court to the division in Lynchburg, Virginia.  The district court denied this motion, concluding that

4

neither § 1404(a) nor § 1404(b) authorized the venue transfer sought. On appeal, Schoep presents no argument challenging these determinations. We therefore conclude that he has waived appellate review of the district court's transfer denial ruling. *See Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 n.4 (4th Cir. 2024); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).[1]

Schoep also challenges the sufficiency of some of the allegations in the second amended complaint and the district court's determination on joint-and-several liability for damages. Schoep raises these challenges for the first time on appeal. "Issues raised for the first time on appeal are generally not considered absent exceptional circumstances." *Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024). "This [c]ourt, however, has held that-in civil cases-we review forfeited arguments for 'fundamental' error, an inquiry that is at least as searching as the plain error standard set out by the Supreme Court in *United States v. Olano*, 507 U.S. 725 (1993)." *Id.* "Under *Olano*, an appellate court can use its discretion to correct an error not raised below if (1) there is an error; (2) that error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* We conclude that Schoep has not established fundamental error in these regards.

---

[1] The district court also assumed without deciding that venue would be proper in either Lynchburg or the Roanoke, Virginia, division but concluded that the factors guiding a decision whether to transfer a case under § 1404(a) supported keeping venue in Charlottesville. Because Schoep has not established reversible error in the district court's ruling that a venue transfer was not permitted by § 1404(a) or § 1404(b), we need not reach Schoep's arguments directed at this alternative conclusion.

Turning to appeal No. 23-1125, Cantwell challenges in his opening brief the magistrate judge's March 7, 2023, report recommending that the district court grant in part Plaintiffs' motion for attorneys' fees and costs and the judge's March 7 recommendation that the district court grant Plaintiffs' request for certain reimbursable expenses.[2] "Faced with [Cantwell's] presentation of the issues, our first obligation is to ascertain whether we possess jurisdiction" over this effort to appeal, an issue we assess de novo. *Wall Guy, Inc. v. FDIC*, 95 F.4th 862, 867 (4th Cir.) (internal quotation marks and brackets omitted), *cert. denied*, 145 S. Ct. 284 (2024). The jurisdiction of this court to review orders originating in the district courts is limited to final decisions, 28 U.S.C. § 1291, and certain, specified interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). These recommendations are not final orders of the district court or appealable interlocutory or collateral orders. We further discern no basis for concluding that Cantwell has evinced any timely intent to appeal the district court's March 30, 2023, order adopting the first March 7 recommendation or October 8, 2024, amended judgment referencing the March 7 recommendations and March 30 order. We thus conclude that, although we have

---

[2] The magistrate judge's ruling on expenses was styled as an "order" granting reimbursable expenses. The district court, however, had referred the Plaintiffs' bill of costs and motion for attorneys' fees and costs to the magistrate judge for reports and recommendations under 28 U.S.C. § 636(b)(1)(B). We thus conclude that the "order" was in fact a recommendation under § 636(b)(1)(B). *Solis v. Malkani*, 638 F.3d 269, 272 (4th Cir. 2011).

6

jurisdiction over this appeal as a whole, we lack jurisdiction to review these matters. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

Next, Cantwell challenges the district court's denial of his post-verdict motion for a new trial, arguing that his due process rights were violated because of difficulty he had accessing discovery, correspondence, and court filings in the proceeding below. "When a district court denies a motion for a new trial, we employ a deferential abuse-of-discretion standard, reversing the court's judgment only in exceptional circumstances." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (internal quotation marks omitted). "A court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (internal quotation marks omitted). "A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *Id.* (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in this regard. Despite his myriad pre-trial complaints in the district court about lack of access to materials, Cantwell declined the opportunity to be severed from his co-Defendants and proceeded to trial below, thereby waiving his contention that he was prejudiced by inability to access, and delays in accessing, materials before trial. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1317 (4th Cir. 1996). The court also concluded that, independent of any such waiver, Cantwell was equitably estopped from reraising due-process-based arguments following his decision to oppose severance, and Cantwell offers no argument on appeal explaining

how or why that conclusion was reversibly erroneous. We also reject as without merit Cantwell's cursory assertion of prejudice.

Regarding Plaintiffs' designated experts, Cantwell argues that Plaintiffs failed to timely disclose them; that testimony of one designated expert was improper based on its content; that the expert testimony admitted at trial improperly shifted the burden of proof; and that another of Plaintiffs' experts improperly relied on hearsay.

The district court denied Cantwell's motion in limine seeking exclusion of expert testimony from Plaintiffs' designated experts on the basis of untimely disclosure of the experts, concluding that any lateness in the disclosure was harmless. "District courts are accorded broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Hill v. Coggins*, 867 F.3d 499, 507 (4th Cir. 2017) (internal quotation marks omitted). In making this determination, a district court should be guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). The district court conducted that analysis and found Cantwell had not met his burden to establish harmlessness in the disclosure timing. As the district court noted, Cantwell had access to the list of Plaintiffs' designated experts for nearly six months before moving to exclude their testimony. He offers on appeal no specific argument suggesting an inability to cure any surprise that occurred here and had not suggested that

8

their testimony would be unimportant or that allowing it into evidence would be disruptive. We discern no abuse of discretion by the district court in this regard.

Cantwell also challenges based on its content the admission into evidence of testimony from one of Plaintiffs' designated experts, summarily arguing that it was improper and should have been excluded from trial. Cantwell, however, does not identify the reversible legal error present here. He also summarily suggests that the expert testimony admitted at trial shifted "the burden" of proof, but he does not explain how reversible error is present. We thus reject these challenges.

Cantwell further challenges the admission of testimony from another of Plaintiffs' experts, Peter Simi, arguing that it improperly relied on hearsay in the form of an article. The district court denied Cantwell's motion in limine seeking to exclude Simi's testimony on this basis and, at trial, Simi offered opinion testimony that relied in part on hearsay. Under Fed. R. Evid. 703, an expert like Simi may "testify to opinions based on inadmissible evidence, including hearsay, if experts in the field reasonably rely on such evidence in forming their opinions." *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013). Simi reference the article during his testimony, but Cantwell makes no argument that Simi deviated from the norms of his field in relying on the article or the information therein in forming his expert opinions. We thus discern no error warranting reversal here.

Cantwell raises a challenge relative to the district court's instruction limiting the jury's consideration of deposition testimony. In the district court, Cantwell argued for a new trial because some of the Plaintiffs' deposition designations were inadmissible against him and the district court's limiting instruction was insufficient to cure prejudice resulting

9

from their admission. The district court denied this request, and we discern no error warranting reversal in that ruling.

The district court instructed the jury that the parties were entitled to have the case decided "solely on the evidence that applies to that party," that some of the evidence in the case could not be considered against every Defendant, and that the jury could not consider the depositions at issue in connection with Cantwell because of his lack of notice and ability to be at the depositions. A jury is presumed to follow the district court's instructions, *Evans v. Michigan*, 568 U.S. 313, 328 (2013), and Cantwell's speculative and unexplained assertion on appeal that the jury could not "compartmentalize" the deposition testimony is insufficient to overcome this presumption. Cantwell's observation that the jury found him liable on counts III and IV, we conclude, "is not evidence that [the jury] ignored [the district court's] curative instruction." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 427 (4th Cir. 1996). Cantwell, further, does not proffer argument suggesting that or how the curative instruction the district court delivered—viewed as part of the whole of the instructions directing the jury that it had to evaluate liability as to each Defendant individually and that Plaintiffs bore the burden of proving each element of their claims against each Defendant in this case—failed to "adequately inform[] the jury of the controlling legal principles [regarding individual liability] without misleading or confusing the jury" to his prejudice, *Snoeyenbos v. Curtis*, 60 F.4th 723, 731 (4th Cir. 2023) (internal quotation marks omitted).

Cantwell also argues that the jury's liability findings against him cannot be sustained because the evidence is insufficient. "To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with [Fed. R. Civ. P.] 50,"

10

which "sets out two different stages for such a challenge." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012). First, under Rule 50(a), the party challenges "the sufficiency of the evidence before a case is submitted to the jury." *Id.* Rule 50(a) provides that a motion for judgment as a matter of law made at any time before the case is submitted to the jury "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Second, Rule 50(b)—entitled "Renewing the Motion After Trial; Alternative Motion for a New Trial," Fed. R. Civ. P. 50(b)—"sets forth the requirements for challenging the sufficiency of the evidence after the jury verdict and entry of judgment," *Belk, Inc.*, 679 F.3d at 155. This portion of Rule 50 permits a movant to file "a *renewed* motion for judgment as a matter of law" no later than 28 days after the entry of judgment. Fed. R. Civ. P 50(b) (emphasis added). A party that does not move for relief "pursuant to" Rule 50(b) "forfeits [his] sufficiency of the evidence challenge on appeal." *Id.* at 160; *see Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) (holding that a party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence"); *A Helping Hand, LLC v. Baltimore Cnty.*, 515 F.3d 356, 369-70 (4th Cir. 2008) (concluding that appellant's sufficiency challenge could not be entertained on appeal where appellant failed to move for judgment as a matter of law pursuant to Rule 50(b) and citing *Unitherm*).

Cantwell, we conclude, has forfeited his challenges to the sufficiency of the evidence based on his contention of self-defense; the contention that Plaintiffs gave incredible testimony during trial that was dishonest, evasive, and contradicted by other evidence; and the contention that he could not be held liable on count IV because he did

11

not racially harass or assault anyone and was not motivated by racial animus. Cantwell did not present these arguments when he moved for judgment as a matter of law in his favor under Fed. R. Civ. P. 50(a). He thus was "not allowed" to seek relief under Rule 50(b) on these bases. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Cantwell, we conclude, thus failed to move "pursuant" to the requirements of Rule 50(b) as to these challenges and, consequently, has "forfeit[ed]" them on appeal. *Belk, Inc.*, 679 F.3d at 160.

Cantwell, we conclude, preserved his sufficiency challenge based on the contention that Plaintiffs could not prevail on counts III and IV because they sought to harass and confront him by presenting this challenge in his Rule 50(a) motion and renewing it when he moved for judgment as a matter of law under Rule 50(b). We therefore review this contention de novo. *Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 784 (4th Cir. 2023). "When the loser of a jury trial challenges the verdict under [Rule] 50(b), the question is whether a jury, viewing the evidence in the light most favorable to the winning party, could have properly reached the conclusion reached by this jury." *Id.* (internal quotation marks omitted). Because the Plaintiffs prevailed against Cantwell on counts III and IV, "all disputed facts must be construed in [their] favor and [they] must be given the benefit of all reasonable inferences." *Id.* Upon review of the evidence adduced at trial construed in Plaintiffs' favor, we conclude it amply supports the jury's conclusion that Plaintiffs did not seek to harass or confront Cantwell as he suggests.

We also have reviewed Cantwell's assorted other challenges to the verdict and conclude they do not establish error warranting reversal.

Finally, Cantwell challenges the punitive damages awarded and apportioned by the district court, arguing that the ratio of punitive damages to compensatory damages awarded is unconstitutional, that he was improperly held liable on count V brought against a co-Defendant, that the ratio shows the jury punished Defendants due to their disagreement with their political views and speech, and that the award was improper because he demonstrated he could not pay it.

We reject these challenges because the punitive damages award and apportionment Cantwell challenges no longer exist. Following an appeal to this court taken by some of Cantwell's co-Defendants, *see Sines v. Hill*, 106 F.4th 341 (4th Cir. 2024), the district court issued the October 2024 amended judgment altering the punitive damages award. Cantwell makes no argument on appeal connecting his appellate challenges to the punitive damages award reflected in the amended judgment. He thus provides no basis for finding reversible error in the punitive damages award to which he is subject.

Accordingly, in appeal No. 23-1123, we affirm the district court's judgment. In appeal No. 23-1125, we deny Cantwell's motion to qualify for in forma pauperis status to obtain transcripts[3] and for time to obtain transcripts and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Cantwell has paid the filing fee for this appeal.